

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., | |
| Plaintiffs, | |
| v. | CASE NO. 1:20cv484 |
| WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, | **FILED UNDER SEAL PURSUANT TO LOCAL RULE 5** |
| Defendants. | |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER TEMPORARILY SEALING DOCUMENTS**

The Amazon Plaintiffs hereby submit the following memorandum in support of their Motion for a Protective Order Temporarily Sealing Documents.

**BACKGROUND**

Plaintiffs have filed a Verified Complaint and Application for *Ex Parte* Temporary Restraining Order ("TRO") and Order to Show Cause Why a Preliminary Injunction Should Not Be Granted ("TRO Application") against the named defendants in this action[1] (collectively, "Defendants") who engaged in an ongoing fraud and kickback scheme for the purpose of obtaining illicit personal financial gains from certain Amazon real property transactions in Virginia.

---

[1] WDC Holdings LLC dba Northstar Commercial Partners, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, Nova WPC LLC, White Peaks Capital LLC, Villanova Trust.

Plaintiffs seek *ex parte* temporary relief under seal to protect Plaintiffs' goodwill and vendor relationships at the affected sites from disruption by Defendants, and to prevent Defendants from spoliating, concealing, wasting, transferring, or otherwise disposing of evidence and assets central to this dispute.  Advance disclosure or notice of the requested relief would allow Defendants to evade the relief and obstruct the progress of this action.  Such actions would irreparably harm Amazon's interests in this case, which details the results of an internal investigation spurred by information and documents from two confidential informants, and concerns conduct that has been independently identified in grand jury subpoenas issued in this District.

These and other reasons for Plaintiffs' temporary seal request are set forth in detail in their TRO Application and Verified Complaint.  Notably, after an FBI raid at the home of one of the Defendants earlier this month, that Defendant sent an email on April 2 misrepresenting facts about the Defendants' misconduct against Amazon and alerting other Defendants to the FBI's questions in executing the search warrant.  Quotes from that email then appeared in the Denver Press in April 7 and 8 news coverage of the raid.  Then, on April 15, 2020, that Defendant joined other Defendants in writing to Amazon's landlord-developer in the Virginia real estate development sites at issue in this suit and challenging Defendants' for-cause removal from their roles in the Virginia Lease Transaction sites, as well as threatening legal claims against the investor.

These and other actions described in Plaintiffs' Verified Complaint and Application establish that Defendants have both the means and the will to evade the temporary injunctive relief Plaintiffs seek in this suit, and to obstruct and irreparably harm Amazon's interests in this case if they receive advance notice of the *ex parte* relief Amazon respectfully requests to secure important evidence and assets.  Accordingly, Plaintiffs respectfully request that this case and all documents filed therein be sealed pending the Court's decision on—and if granted the execution of—the

temporary restraining order sought in Plaintiffs' TRO Application.  This requested sealing order is narrowly tailored to minimize restriction of the public's right of access to information for a discrete time period, and Amazon will move promptly to unseal all or part of the case record upon execution of the requested TRO if it is granted.

## ARGUMENT

The public's access to judicial records is protected by both the common law and the First Amendment.  There is thus a presumption in favor of public access to certain judicial records that a litigant can overcome only with a compelling interest that outweighs the public's interest in access for the time period and materials covered by a sealing request.  *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).  Where it applies, this "'presumption of access [] can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'"  *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

"[T]he First Amendment guarantee of access has been extended only to particular judicial records and documents."  *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).  First Amendment rights of access have been recognized for documents filed in connection with a summary judgment motion in a civil case, *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988), and for documents filed in connection with plea hearings and sentencing hearings in a criminal case, *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).  But the Fourth Circuit, in an unpublished opinion, refused to extend the First Amendment right of access to documents filed with a motion to dismiss.  *In re Policy Mgmt. Sys. Corp.*, 1995 WL 541623, at *5 (4th Cir. Sept. 13, 1995).  Critically here, neither the Supreme Court nor the Fourth Circuit has

recognized a First Amendment right of access to an *ex parte* motion for a temporary restraining order.

The two-prong "experience and logic" test used to determine "whether a first amendment right of access is available is: 1) 'whether the place and process have historically been open to the press and general public', and 2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (quoting *Press–Enter. Co. v. Super. Ct. of Ca., Riverside Cty.*, 478 U.S. 1, 8–10 (1986)). Plaintiffs' *ex parte* TRO Application and related filings do not satisfy either prong of this test, suggesting that a First Amendment right to access is not available here.

When the First Amendment requires public access, a district court may only restrict access "on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Knight Publ'g Co.*, 743 F.2d 231, 234 (4th Cir. 1984) (quoting *Press-Enter. Co. v. Super. Ct. of Ca., Riverside Cty.*, 464 U.S. 501, 510 (1984)). To determine if compelling interests outweigh the public's interest in access, the Court must balance considerations such as "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight*, 743 F.2d at 235.

In this case, Plaintiffs' rights and interests in protecting their ability to obtain emergency *ex parte* temporary relief, and the important legal and business interests such relief would protect from irreparable harm, justify this *temporary* sealing motion over any competing public interest to

*immediate* access to the sensitive information Amazon pleads in support of its request for temporary relief. The filings Plaintiffs respectfully ask the Court to seal pending the consideration and execution of Plaintiffs' TRO Application and any ensuing order would allow Defendants to evade the requested relief by spoliating evidence and dissipating or transferring assets and evidence central to Amazon's rights in this action. Such actions would materially impede the claim in this case and irreparably harm Amazon's legal and business interests for the reasons detailed in the TRO Application and Verified Complaint.

As noted, Defendant Watson has already disclosed to other Defendants the subjects of an FBI search warrant served on his home, and he and other Defendants recently threatened Amazon's landlord-developer in the Virginia real estate projects at issue in this case with legal action over Defendants' removal. This conduct is detailed in Amazon's Verified Complaint and TRO Application, but is the result of a sensitive internal investigation that, if disclosed before execution of any temporary relief, would allow Defendants to evade such relief by destroying evidence and transferring assets. *See* Compl. ¶ 5; *id.* Ex. 4.

For all of these reasons as elaborated in Plaintiffs' Verified Complaint and TRO Application, Plaintiffs' interests in temporary sealing the docket in this case outweighs any public interest in immediate access to the case filings. A temporary seal order will protect Plaintiffs' interests and evidence, assets, witnesses, goodwill and business relationships from unlawful interference or disruption by Defendants, and minimize the likelihood of further harm from the illicit activities Plaintiffs plead in this suit, and that have been independently identified in grand jury subpoenas issued in this District. *See* Compl. ¶¶ 2, 75. These grounds for temporary sealing are particularly compelling here because they pertain to a request for a TRO relief that Plaintiffs seek to obtain *ex parte* precisely to avoid the foregoing harms. Conversely, there is no

overwhelming need for immediate public access to the Complaint, TRO Application, and supporting documents while Plaintiffs seek *ex parte* relief. Any public interest in accessing these documents can be fully vindicated by unsealing these papers after the Court has adjudicated, and Plaintiffs have executed any order resulting from, their requests for temporary relief. In these circumstances, any public interest in access to the docket is outweighed by Plaintiffs' interest in temporarily sealing this case for the short period required to address their TRO request to prevent Defendants from unlawfully and unjustly destroying evidence and/or dissipating assets.

If Plaintiffs' *ex parte* TRO Application is granted, Plaintiffs will send the Clerk of Court a Notice when the TRO has been executed, and will at that time serve the Complaint and provide Defendants with notice of the preliminary injunction hearing, prior to which Plaintiffs will move to unseal all or part of the record in this case. In the event Plaintiffs' TRO Application is denied, Plaintiffs respectfully request that this action remain under seal at least through the disposition of Plaintiffs' motion for preliminary injunctive relief so disclosure of such proceedings and associated evidence does not jeopardize evidence, witnesses or assets that may be part of Defendants' unlawful enterprise scheme but Plaintiffs' ongoing investigation has yet to uncover.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this case, and the following documents in particular, be temporarily sealed in accordance with Fed. R. Civ. P. 5.2(d) and (e) and Local Civil Rule 5, pending execution of the *ex parte* relief sought in the TRO Application or, if such relief is denied, at least pending disposition of Plaintiffs' motion for preliminary injunctive relief:

1. The instant Motion for Protective Order Sealing Documents and accompanying documents, including the Memorandum of Law in Support of This Motion;

2. Plaintiffs' Verified Complaint and all accompanying documents, including the Declaration of Lora E. MacDonald and all Exhibits attached thereto, the corporate disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, and the civil cover sheet;

3. Plaintiffs' Application for *Ex Parte* Temporary Restraining Order and Order to Show Cause re Preliminary Injunction and accompanying documents, including the Memorandum of Law in Support of said Application; and

4. All *Pro Hac Vice* Applications or appearances of Plaintiffs' counsel in this action.

Plaintiffs further respectfully request that the case and all docket materials be sealed pending disposition of their TRO Application and execution of any *ex parte* temporary relief granted, following which Plaintiffs will:  (i) file with the Clerk of Court a Notice that the temporary restraining order has been executed; (ii) move to unseal all or part of the case; and (iii) proceed with notice and service of filings including, but not limited to, Plaintiffs' request for preliminary injunctive relief.  In the event Plaintiffs' TRO Application is denied, Plaintiffs respectfully request that the case remain under seal at least pending disposition of Plaintiffs' request for preliminary injunctive relief.

Dated:  April 27, 2020

Respectfully submitted,

*T.S.Andrews*
_____

Elizabeth P. Papez (*pro hac vice* application pending)
Patrick F. Stokes (*pro hac vice* application pending)
Travis S. Andrews (Va. State Bar No. 90520)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
tandrews@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*