IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



AMAZON.COM, INC. and AMAZON
DATA SERVICES, INC.,

    Plaintiffs,

v.

WDC HOLDINGS LLC dba NORTHSTAR
COMMERCIAL PARTNERS; BRIAN
WATSON; STERLING NCP FF, LLC;
MANASSAS NCP FF, LLC; NSIPI
ADMINISTRATIVE MANAGER; NOVA
WPC LLC; WHITE PEAKS CAPITAL LLC;
VILLANOVA TRUST; JOHN DOES 1-20,

    Defendants.

CASE NO. 1:20cv484

FILED UNDER SEAL PURSUANT TO
LOCAL RULE 5

## PLAINTIFFS' MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

The Amazon Plaintiffs have filed a Verified Complaint for injunctive and other relief pursuant to: (1) the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, alleging predicate acts of wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346; money laundering in violation of 18 U.S.C. § 1956; transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957; and violations of the Travel Act, 18 U.S.C. § 1952; (2) detinue pursuant to Va. Code § 8.01-114; (3) common law fraud; (4) tortious interference with contractual and/or business relations; (5) civil conspiracy; (6) breach of contract; (7) unjust enrichment; (8) conversion and/or constructive trust; and (9) *alter ego*/piercing the corporate veil. Before the Court is Plaintiffs' Application for an *Ex Parte* Temporary Restraining Order ("TRO") and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Application") and the

supporting Declaration of Lora E. MacDonald ("MacDonald Decl.").[1] pursuant to Federal Rules of Civil Procedure 64 and 65 and Title 8 of the Virginia Code.

Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint and Application, Plaintiffs respectfully move the Court to find as follows:

This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto.

There is good cause to believe that Defendants have engaged in, and are likely to continue to engage in, acts or practices that violate the RICO Act, 18 U.S.C. § 1961 *et seq.*, and that constitute common law fraud, tortious interference with contractual and/or business relationships, breach of contract, unjust enrichment, detinue and/or conversion. Accordingly, Plaintiffs are likely to prevail on the merits of this action. *See, e.g., Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008); *D'Addario v. Geller*, 264 F. Supp. 2d 367, 388 (E.D. Va. 2003); *Punnett v. Carter*, 621 F.2d 578, 582-583 (3d. Cir. 1980) (citation omitted).

There is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from ongoing violations of law and inequitable conduct by Defendants and those acting in concert with them, including but not limited to the spoliation of evidence and/or dissipation of assets relevant to this action, and tortious and other interference with Amazon's goodwill and business relationships in this District. *See, e.g., SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 386–87 (4th Cir. 2017) ("preliminary injunctions" can be used to ensure that "assets currently held by the defendant, but likely to become

---

[1] All exhibits (Ex.) referenced herein correspond to the numbered exhibits in and attached to the MacDonald Declaration.

unavailable before damages can be collected, will remain available following trial" by enjoining defendants from "disburs[ing] their assets before a final judgment can be rendered") (citation omitted); *F.T. Int'l, Ltd. v. Mason*, No. CIV.A. 00-5004, 2000 WL 1514881, at *2 (E.D. Pa. Oct. 11, 2000) ("[T]he prevention of unjust enrichment by means of fraud or misappropriation, even that affecting only private entities, is in the general public interest.").

There is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the destruction, sale, transfer, or other disposition or concealment by Defendants or those acting in concert with them of otherwise discoverable evidence and assets if Defendants receive advance notice of this action. *See, e.g.*, Order, *Microsoft Corp. v. John Does 1-2*, No. 1:17-cv-01224-TSE-MSN (Oct. 27, 2017); *Allen Corp. of Am. v. Zayas*, 2014 WL 6893868, at *4 (D. Md. Dec. 4, 2014) (recognizing "irreparable harm" where the defendant's "assets [a]re 'in danger of dissolution and depletion,'" and granting preliminary injunction because the defendant could "move or dissipate the allegedly stolen funds" and otherwise be "unable through legitimate means to generate income sufficient to pay a judgment" (quoting *United States ex rel. Taxpayers Against Fraud v. Singer Co.*, 889 F.2d 1327, 1330-32 (4th Cir. 1989)).

There is good cause to believe that Plaintiffs' request for *ex parte* relief is not the result of any lack of diligence on Plaintiffs' part, but instead based upon the nature of Defendants' unlawful conduct. Therefore, in accordance with Fed. R. Civ. P. 65(b) and 28 U.S.C. § 1651(a), good cause and the interests of justice require that this Order be Granted without prior notice to Defendants, and Plaintiffs are relieved of the duty to provide Defendants with prior notice of their Application.

There is good cause to believe that Defendants have specifically directed their activities to real property and ongoing business activities located in the Eastern District of Virginia, and have

engaged in illegal activity using the instrumentalities and accounts detailed in Plaintiffs' Verified Complaint and Application to perpetrate the illegal conduct alleged in this action.

There is good cause to permit notice of the instant Order, notice of the Preliminary Injunction hearing, and service of the Verified Complaint by any or all of the following means, given the exigency of the circumstances and the need for prompt relief. The following means of service are authorized by law, satisfy Due Process, and satisfy Fed. R. Civ. P. 4(f)(3) and are reasonably calculated to notify Defendants of the instant order, the Preliminary Injunction hearing, and of the pendency of this action: (1) transmission by e-mail, facsimile, mail and/or personal delivery to the contact locations for the named Defendants identified in the Verified Complaint; (2) personal delivery upon Defendants to the extent they may be found in the United States; and (3) personal delivery through the Hague Convention on Service Abroad or similar treaties upon Defendants to the extent any Defendant can be found in a foreign country that is a signatory to such treaties.

For the reasons above and in Plaintiffs' Verified Complaint and Application, Plaintiffs further respectfully move the Court to find that the requirements of applicable rules and law are satisfied, and that the requested *ex parte* TRO is reasonable and necessary to protect Plaintiffs' interests and those of the public, and thus to order that:

1. Defendants[2] Sterling NCP FF LLC, Manassas NCP FF LLC, NSIPI Administrative Manager LLC, WDC Holdings LLC dba Northstar Commercial Partners, and Brian Watson promptly place in an escrow account maintained at a bank, upon such conditions to be agreed upon by the parties or determined by the Court in the event

---

[2] All references to "Defendants" herein encompass the named Defendants as well as their officers, directors, principals, agents, servants, employees, successors, assigns, and all other persons and entities acting in concert with them.

        the parties cannot agree,[3] the entirety of the payment, anticipated in May 2020 pursuant to Exhibit 37,[4] to the Sterling and Manassas Accounts identified in Exhibits 39 and 40 to Plaintiffs' Application;

2. Defendants Sterling NCP FF LLC, Manassas NCP FF LLC, NSIPI Administrative Manager LLC, WDC Holdings LLC dba Northstar Commercial Partners, and Brian Watson promptly place in an escrow account maintained at a bank, upon such conditions to be agreed upon by the parties or determined by the Court in the event the parties cannot agree, funds totaling $16,250,000 USD,[5] see Ex. 41, including from the accounts referenced in Exhibits 38, 39 and 40 of Plaintiffs' Application;

3. Defendants White Peaks Capital and NOVA WPC LLC promptly place in an escrow account maintained at a bank, upon such conditions to be agreed upon by the parties or determined by the Court in the event the parties cannot agree, assets totaling $17,730,000 USD, including from the account referenced in Exhibit 35 in Plaintiffs' Application;

4. Defendant Villanova Trust promptly to place in an escrow account maintained at a bank, upon such conditions to be agreed upon by the parties or determined by the Court in the event the parties cannot agree, $5,112,983.84 USD,[6] see Exs. 23-25, including from the accounts referenced in Exhibits 7 and 20 in Plaintiffs' Application;

5. Defendants immediately return any and all Amazon confidential or otherwise non-public proprietary information in their possession;

6. Defendants are enjoined from disclosing, selling, transferring, publishing, or otherwise using any Amazon confidential or otherwise non-public proprietary information;

---

[3] *See, e.g., Hembach v. Quikpak Corp.*, No. CIV. A. 97-3900, 1998 WL 314671, at *2 (E.D. Pa. June 15, 1998) (ordering defendants "to maintain [the disputed] proceeds under escrow at a bank and upon such conditions to be agreed upon by the parties or determined by the court").

[4] Plaintiffs' Application estimates on information and belief that this payment would be made in May for between $3,000,000 and $5,000,000 USD pursuant to the April 2, 2020 Notice of Cause Event and Election of Remedies attached as Exhibit 37 to their Application.

[5] This total represents the sum of the Commission, Development, Sale and Land/Rebate fees for the Shaw Rd., Quail Ridge and Manassas lease development projects identified on the spreadsheet recovered from an Amazon laptop belonging to one of the former Amazon TMs who approved Defendants' work on the Virginia Lease Transactions. Ex. 41.

[6] This total represents the sum of the fees that documents from Plaintiffs' ongoing investigation indicate Defendants paid to Villanova Trust in 2018 ($4,641,955.40, *see* Exs. 23, 25) and 2019 ($471,028.44, *see* Ex. 24).

7. Defendants are enjoined from spoliating, concealing, wasting, transferring, or otherwise disposing of documents, records, communications, files, or other evidence or assets used in, or obtained from, the activities alleged in this action, including but not limited to the specific assets identified in confidential Exhibits 7, 20, 38, 39, 40 to Plaintiffs' Application; and

8. Defendants are enjoined from disrupting any ongoing business transactions or relationships related to Plaintiffs' real estate developments in this District and elsewhere.

9. Plaintiffs serve the Order requested herein, along with notice of the Preliminary Injunction hearing and their Verified Complaint, by any means authorized by law, including (1) transmission by e-mail, facsimile, mail and/or personal delivery to the contact information for the named Defendants identified in the Verified Complaint; (2) personal delivery upon Defendants to the extent they may be found in the United States; or (3) personal delivery through the Hague Convention on Service Abroad or similar treaties upon Defendants to the extent they may be found in a foreign country that is a signatory to such treaties;

10. Plaintiffs execute the Order requested herein on a coordinated basis at a specified time between 9 AM and 5 PM on a date on or before May 5, 2020;

11. Pursuant to Federal Rule of Civil Procedure 65(b), Defendants shall appear before this Court on _____ to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending a final ruling on the allegations and claims in Plaintiffs' Verified Complaint, as filed or subsequently amended, enjoining Defendants from the conduct temporarily restrained by this Order;

12. Plaintiffs shall update the Defendant accounts identified in the Application as reasonably necessary to address or reach additional instrumentalities associated with any conduct or assets enjoined or protected by the this Court either prior to, or within a reasonable time after the execution of, this Order; and

13. Defendants shall file with the Court and serve on Plaintiffs' counsel any answering affidavits, pleadings, motions, expert reports or declarations and/or legal memoranda no later than one (1) day prior to the hearing on Plaintiffs' request for a preliminary injunction.

Dated: April 27, 2020

Respectfully submitted,

*TJAndrews*

Elizabeth P. Papez (*pro hac vice* application pending)
Patrick F. Stokes (*pro hac vice* application pending)
Travis S. Andrews (Va. State Bar No. 90520)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
tandrews@gibsondunn.com
epapez@gibsondunn.com
pstokes@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*