

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

AMAZON.COM, INC. and AMAZON
DATA SERVICES, INC.,

        Plaintiffs,

v.

WDC HOLDINGS LLC dba NORTHSTAR
COMMERCIAL PARTNERS; BRIAN
WATSON; STERLING NCP FF, LLC;
MANASSAS NCP FF, LLC; NSIPI
ADMINISTRATIVE MANAGER; NOVA
WPC LLC; WHITE PEAKS CAPITAL LLC;
VILLANOVA TRUST; JOHN DOES 1-20,

        Defendants.

CASE NO. 1:20CV484

FILED UNDER SEAL PURSUANT TO
LOCAL RULE 5

## DECLARATION OF LORA E. MACDONALD IN SUPPORT OF PLAINTIFFS' MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

I, Lora E. MacDonald, hereby declare, under penalty of perjury, as follows:

1.    I am over the age of 18 years. I have personal knowledge of the facts set forth below, and if called upon to do so, I could and would competently testify thereto.

2.    I am an attorney licensed to practice law in the State of Maryland and in the District of Columbia. I am an attorney at the law firm of Gibson, Dunn & Crutcher, LLP ("Gibson Dunn"), and counsel for Amazon.com, Inc. and Amazon Data Services, Inc. (collectively "Plaintiffs" or "Amazon"). I make this declaration in support of Plaintiffs' Motion For *Ex Parte* Temporary Restraining Order And Order To Show Cause Re Preliminary Injunction. If called as a witness, I could and would testify to the same as stated herein.

## I.   BACKGROUND

3.      Amazon was alerted to the misconduct detailed in the Verified Complaint on or about December 2, 2019, when an individual formerly affiliated with Northstar Commercial Partners ("Northstar") ("Informant 1") emailed an Amazon executive asking whether Amazon "[w]ould . . . care to hear about a couple of [Amazon] employees who have taken kick backs in excess of $8,000,000, maybe as high as $50,000,000." On information and belief, in-house counsel for Amazon participated in multiple phone calls with Informant 1 between December 2019 and January 2020 to better understand this and other allegations. Informant 1 substantiated these allegations in January 2020 by providing to Amazon several documents, including a spreadsheet purporting to itemize payments made by Northstar to Villanova Trust.

4.      Following receipt of the allegations made by Informant 1, Amazon began an internal investigation that identified suspicious activity by two now-former Amazon real estate transaction managers ("TM"). For example, an internal information technology ("IT") examination of the Amazon-issued laptop of one TM indicated that the TM had copied approximately 375 documents onto a personal USB device the night before surrendering the laptop to IT. Many of these documents referenced confidential Amazon business transactions—including transactions relating to several Northstar-affiliated Amazon Virginia Lease Transaction sites.

5.      On information and belief, the examination of the TM's company laptop also identified a spreadsheet recovered from the laptop's Recycle Bin. The spreadsheet appears to be a rough calculation of the kickback payments the author was expecting to receive from transactions referred to as "Shaw Rd.," "Quail Ridge," "Manassas," "Lerner," "Route 50,"

and "DTC." The referenced fees on these transactions totaled $37.1 million, and the spreadsheet indicates that a total "Share" to its author was expected to be approximately $14.5 million. Several of these names relate to Northstar-affiliated Amazon Virginia Lease Transaction sites.

6.     The examination also identified additional indicia of impropriety. For example, on information and belief, Amazon identified an Outlook back-end AppData folder containing a Northstar spreadsheet that itemized purported Northstar costs on its Manassas Lease Transaction deals with Amazon. On the lower right-hand side of the spreadsheet, someone had calculated a "Leasing Fee" of $1,656,148, which approximates the $1.6 million Leasing "Commission" the author of the previously-referenced document had projected for the Manassas Lease Transaction deals.

7.     The information Amazon obtained from Informant 1 and the resulting internal investigation were further corroborated in early February 2020, when, on information and belief, IPI Partners ("IPI"), Northstar's primary equity investor in the Lease Transactions, informed Amazon that a second individual formerly affiliated with Northstar ("Informant 2") had approached IPI about potential misconduct by Brian Watson and others. This prompted related discussions between Amazon, IPI, and counsel for both parties.

8.     Communications between outside counsel for Amazon and IPI in February and March 2020 produced further evidence and information corroborating the misconduct that is the subject of this case. For example, outside counsel for Amazon learned of an outstanding $1.2 million fee dispute between Northstar and IPI. On information and belief, this dispute arose after Brian Watson told Informant 2 to request an Amazon employee to add a $1.2 million fee to an amended lease with Amazon. Due to the unusual nature of this

request, Informant 2 contacted an IPI employee, who told Informant 2 that he did not understand why Watson would charge such a fee, or why Amazon would approve it. Counsel for Amazon further understand that, on information and belief, Informant 2 contacted an Amazon employee about this fee, and that the Amazon employee rejected it.

9.      Further communications with outside counsel for IPI identified additional indicia of misconduct by Northstar and Brian Watson.  For example, outside counsel for IPI informed Gibson Dunn attorneys that a former Northstar employee who had reported to Watson had signed without authorization multiple change orders related to work done at Northstar-affiliated Virginia Lease Transaction properties.  Counsel for IPI also informed Gibson Dunn attorneys based, on information and belief, discussions with Informant 2 that multiple Northstar employees apparently oversaw Watson's personal finances, and that Watson may have commingled his own finances with Northstar's finances.  Further, outside counsel for IPI informed Gibson Dunn attorneys based on information provided by Informant 2 that after an acrimonious disagreement between Brian Watson and two former Northstar employees, detailed in ¶ 71 of the Verified Complaint, one of those employees (or an entity associated with that employee) had apparently deposited $5 million into Watson's personal bank account following a confidential settlement.

## II.     EVIDENCE UNDERSCORING THE NECESSITY OF *EX PARTE* RELIEF

10.      The evidence set forth below and described in greater detail in the Verified Complaint underscores the necessity of *ex parte* relief.

11.      Attached hereto as **Exhibit 1** is a true and correct copy of an April 7, 2020 article by Shelly Bradbury published on the website of The Denver Post, updated on April 8, 2020, entitled *FBI seizes computer, cell phone from home of Denver businessman*, available at

https://www.denverpost.com/2020/04/07/fbi-search-warrant-denver-businessman-brian-watson/.

12.     Attached hereto as **Exhibit 2** is a true and correct copy of an April 7, 2020 article by Thomas Gounley published on the website of BusinessDen, entitled *Real estate CEO, former GOP nominee, says he's being investigated by FBI*, available at https://businessden.com/2020/04/07/real-estate-ceo-former-gop-nominee-says-hes-being-investigated-by-fbi/.

13.     Attached hereto as **Exhibit 3** is a true and correct copy of an April 16, 2020 article by Shelly Bradbury published on the website of The Denver Post, entitled *Resignations follow revelations of FBI investigation into Denver CEO Brian Watson, lawsuit says*, available at https://www.denverpost.com/2020/04/16/fbi-investigation-northstar-brian-watson-resignations/https://www.denverpost.com/2020/04/07/fbi-search-warrant-denver-businessman-brian-watson/.

14.     Attached hereto as **Exhibit 4** is a true and correct copy of an April 15, 2020 letter sent by counsel for Brian Watson and Northstar to counsel for IPI in response to an April 2, 2020 notice sent by counsel for IPI notifying Brian Watson, NSIPI Administrative Manager, LLC, Sterling NCP FF, LLC, and Manassas NCP FF, LLC of a Cause Event for their termination and IPI's Election of Additional Remedies as controlling stakeholder in the joint venture overseeing the relevant Virginia Lease Transaction sites.

15.     Attached hereto as **Exhibit 5** is a true and correct redacted copy of a December 2, 2019 email that Informant 1 sent to an Amazon executive asking whether Amazon "[w]ould . . . care to hear about a couple of [Amazon] employees who have taken kick backs in excess of $8,000,000, maybe as high as $50,000,000."

16.     Attached hereto as **Exhibit 6** is a true and correct copy of the "About Us" page on Northstar's website, available at https://www.northstarcommercialpartners.com/about/.  The website page was downloaded on April 22, 2020.

17.     Attached hereto as **Exhibit 7** is a true and correct copy of an August 7, 2019 wire receipt provided, on information and belief, by Informant 2 to IPI in or around February 2020.  The wire receipt lists the "Originator Name" as "W D C HOLDINGS LLC" (aka Northstar), the "Beneficiary Bank" as "First Tennessee Bank," and the "Beneficiary" as "Villanova Trust" at "16 Compton Trace Nashville, TN." The wire receipt lists a total "Amount" of $321,028.44 and lists as "Beneficiary Info," "Manassas Leasing Fee."

18.     Attached hereto as **Exhibit 8** is a true and correct copy of an email exchange between a former Amazon TM and Brian Watson documenting facts that further support personal jurisdiction.

19.     Attached hereto as **Exhibit 9** is a true and correct redacted copy of a spreadsheet created by Amazon in or around February 2020 documenting details of the following nine Lease Transactions Amazon has executed with Northstar-affiliated landlords:

| Lease # | Landlord Entity | Date Executed |
|---|---|---|
| 1 | Dulles NCP LLC | February 27, 2018 |
| 2 | Dulles NCP LLC | February 27, 2018 |
| 3 | Quail Ridge NCP, LLC | April 6, 2018 |
| 4 | Quail Ridge NCP, LLC | April 6, 2018 |
| 5 | Quail Ridge NCP, LLC | April 6, 2018 |
| 6 | Quail Ridge NCP, LLC | April 6, 2018 |
| 7 | Manassas NCP LLC | November 1, 2018 |
| 8 | Manassas NCP LLC | November 1, 2018 |
| 9 | Dulles NCP II | January 13, 2020 |

20.     Attached hereto as **Exhibit 10** is a true and correct copy of an August 2017 email exchange between a former Amazon TM and Brian Watson in which the two individuals discuss plans to meet in Seattle, Washington on August 24, 2017.

21.     Attached hereto as **Exhibit 11** is a true and correct copy of an August 2017 email exchange between a former Amazon TM and Brian Watson's Executive Assistant, showing that the Executive Assistant made dinner reservations for the TM and Brian Watson for 6:30 p.m. PST, August 24, 2017, at Daniel's Broiler, a restaurant in Seattle, Washington.

22.     Attached hereto as **Exhibit 12** is a true and correct copy of a September 8, 2017 email sent by a former Amazon TM to Brian Watson attaching a Request For Proposal ("RFP") soliciting terms on which Northstar might partner with Amazon to expand Amazon's build-to-suit facilities in Northern Virginia.

23.     Attached hereto as **Exhibit 13** is a true and correct copy of Northstar's response to the September 8, 2017 RFP attached as **Exhibit 12**.

24.     Attached hereto as **Exhibit 14** is a true and correct redacted copy of the agreement for Lease #9, executed between Amazon and Northstar-affiliated landlord Dulles NCP II, LLC on January 13, 2020.  On information and belief, the agreements for Leases #1, 2, 3, 4 5, 6, 7, and 8—referenced herein and in the Verified Complaint—are substantially similar in relevant respects to **Exhibit 14**.

25.     Attached hereto as **Exhibit 15** is a true and correct copy of a January 2018 email exchange discussing the formation of Dulles NCP, LLC.

26.     Attached hereto as **Exhibit 16** is a true and correct copy of a public record indicating that Quail Ridge NCP, LLC was incorporated in Delaware on January 17, 2018.  The copy

was obtained from the website of the Delaware Department of State's Division of Corporations. https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx.

27.     Attached hereto as **Exhibit 17** is a true and correct copy of a public record indicating that Manassas NCP, LLC was incorporated in Delaware on May 16, 2018. The copy was obtained from the website of the Delaware Department of State's Division of Corporations, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx.

28.     Attached hereto as **Exhibit 18** is a true and correct copy of a public record indicating that Dulles NCP II, LLC was incorporated in Delaware on June 6, 2018. The copy was obtained from the website of the Delaware Department of State's Division of Corporations, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx.

29.     Attached hereto as **Exhibit 19** is a true and correct copy of the executed version of the January 8, 2018 referral agreement between Northstar and Villanova Trust provided by, on information and belief, Informant 2 to IPI in or around February 2020.

30.     Attached hereto as **Exhibit 20** is a true and correct copy of a June 7, 2019 wire receipt provided by, on information and belief, Informant 2 to IPI in or around February 2020. The wire receipt lists the "Originator Name" as "W D C HOLDINGS LLC," the "Beneficiary Bank" as "First Tennessee Bank," and the "Beneficiary" as "Villanova Trust" at "16 Compton Trace Nashville, TN." The wire receipt lists a total "Amount" of $150,000 and lists as "Beneficiary Info" "Dulles Final Leasing Payment."

31.     Attached hereto as **Exhibit 21** is a true and correct copy of a spreadsheet provided by, on information and belief, Informant 2 to IPI in or around February 2020. The spreadsheet includes a column titled "Referal [sic] - Villanova Owed" with four separate entries totaling $1,447,614.50. The first entry lists $250,000.00 as owed for a "Leasing Fee" associated with the "Dulles" "Project."

The second entry lists $225,642.60 as owed for a "Development Fee (20%)" also associated with the "Dulles" "Project." The third entry reflects $760,210.50 as owed for a "Leasing Fee (25%)" associated with the "Quail" "Project." The fourth entry reflects $211,761.40 as owed for a "Development Fee (20%)" also associated with the "Quail" "Project."

32.     Attached hereto as **Exhibit 22** is a true and correct copy of the unexecuted version of the January 8, 2018 referral agreement between Northstar and Villanova Trust provided by, on information and belief, Informant 1 to Amazon in January 2020.

33.     Attached hereto as **Exhibit 23** is a true and correct copy of a spreadsheet provided by, on information and belief, Informant 1 to Amazon in January 2020 showing seven separate entries of payments to "Villanova Trust." The first entry lists an "Amount" of 50,000.00 for "Referral Fee Sterling." The second entry lists an "Amount" of 382,500.00 for "Quail Ridge Lease Commission." The third entry lists an "Amount" of 281,350.00 for "Dulles Lease Commission." The fourth entry lists an "Amount" of 1,447,614.50 for "Quail and Dulles Paid in Full." The fifth entry lists an "Amount" of 1,297,011.18 for "Quail Development & Leasing fee." The sixth entry lists an "Amount" of 122,319.64 for "Manassas Development Fee." The seventh entry lists an "Amount" of 1,061,160.08 for "Dulles Leasing Fee/Manassas Leasing-Dev Fee."

34.     Attached hereto as **Exhibit 24** is a true and correct copy of a spreadsheet sent by, on information and belief, Informant 2 to IPI in or around February 2020 showing nine separate entries of payments to "Villanova Trust" that substantially corroborates **Exhibit 23**, the spreadsheet sent by Informant 1 to Amazon in January 2020. The amounts, dates, and descriptions of the first seven entries in **Exhibit 24** are identical to the amounts, dates, and descriptions of the seven payment entries in **Exhibit 23**. The eighth entry in **Exhibit 24** lists an "Amount" of 150,000.00 for "Final Dulles Leasing Fee." The ninth entry lists an "Amount" of 321,028.44 for "Manassas Leasing Fee." The

amounts and dates of the eighth and ninth entries are identical to the amounts and dates reflected in the wire payments of June 7, 2019, and August 7, 2019, respectively. *See* **Exhibit 20**; **Exhibit 7**.

35.     Attached hereto as **Exhibit 25** is a true and correct copy of a December 2018 email exchange provided, on information and belief, by Informant 1 to Amazon in or around January 2020, in which Brian Watson requests that an employee of Northstar provide "the template referral agreement" and itemized referral fees for Northstar's "top 10 referral partners," including fees paid to an individual associated with Villanova Trust. The Northstar employee informed Watson that "V illanova [sic] Trust" had received "$50,000." Watson then requested "the total amount of fees we have paid to Villanova, or ALL fees . . . . Leasing, sales, development, etc." A Northstar employee responded that Northstar had paid $4,641,955.40 to "Villanova."

36.     Attached hereto as **Exhibit 26** are true and correct copies of the following documents referenced in the Verified Complaint:

>   a.  Termination Notices by Dulles NCP LLC, Quail Ridge NCP LLC, Manassas NCP LLC, and Dulles NCP II LLC to Northstar Healthcare Development terminating their respective development agreements;
>
>   b.  Termination Notices by Dulles NCP LLC, Quail Ridge NCP LLC, Manassas NCP LLC, and Dulles NCP II LLC to Northstar Commercial Partners Management terminating their respective management agreements;
>
>   c.  Written Consent of the Board of Managers of Dulles NCP LLC, Dulles NCP II LLC, Quail Ridge NCP LLC, and Manassas NCP LLC to remove all Northstar officers; and
>
>   d.  Notices to Amazon of Change of Landlord by Dulles NCP LLC, Dulles NCP II LLC, Manassas NCP LLC, and Quail Ridge NCP LLC.

DECLARATION OF L. MACDONALD IN SUPPORT OF
PLAINTIFFS' MOTION FOR *EX PARTE* TRO
& ORDER TO SHOW CAUSE

37.     Attached hereto as **Exhibit 27** is a true and correct copy of an April 2, 2020 letter from IPI NSIPI Data Center Holdings, LLC ("IPI NSIPI") to Brian Watson, NSIPI Administrative Manager, LLC, Sterling NCP FF, LLC, and Manassas NCP FF, LLC. The letter states, among other things, that IPI NSIPI had "identified conduct of NSIPI Administrative Manager and the Principal," Brian Watson, "constituting gross negligence, willful misconduct, and/or fraud, which have resulted in, and continue to result in, material damages to the Company and its Subsidiaries, including the Principal's causing of the gross negligence, willful misconduct, and/or fraud of NSIPI Administrative Manager." The letter also states that "NSIPI Administrative Manager and its applicable affiliates are in breach of the Management and Services Agreements between the subsidiaries of the Company and NSIPI Administrative Manager (or such affiliates) as a result of its gross negligence, willful misconduct, and/or fraud thereunder, for which no cure period is available under the Management and Services Agreements." The letter states that "IPI NSIPI hereby immediately removes NSIPI Administrative Manager as the Administrative Manager of the Company" and "Elect[s] Additional Remedies."

38.     Attached hereto as **Exhibit 28** is a true and correct copy of an April 22, 2019 contract of sale between White Peaks Capital LLC and 41992 John Mosby Highway LLC for the purchase of 89.797 acres of land located in Loudoun County, Virginia at a price of $98,670,000.00.

39.     Attached hereto as **Exhibit 29** is a true and correct copy of an amendment to the contract of sale identified in **Exhibit 28** "amend[ing] and extend[ing]" the closing date "so that the Closing will occur on or before July 31, 2019."

40.     Attached hereto as **Exhibit 30** is a true and correct copy of an August 20, 2019 article by Michael Neibauer published on the *Washington Business Journal*'s website, updated on August 21, 2019, entitled, *How do you turn $20M into $100M in one year? It's not complicated, but*

—

*it involves Amazon.*, available at https://www.bizjournals.com/washington/news/2019/08/20/how-do-you-turn-20m-into-100m-in-one-year-its-not.html.

41. Attached hereto at **Exhibit 31** is a true and correct copy of a declaration by the undersigned describing relevant extracts from a recorded discussion between Brian Watson and two former Northstar employees regarding the transactions involving the 89.797 acres of land located in Loudoun County, Virginia referenced herein and in the Verified Complaint. On information and belief, the discussion occurred on September 27, 2019 on Northstar's premises in Denver, Colorado.

42. Attached hereto as **Exhibit 32** is a true and correct copy of the Purchase Agreement Amazon executed with NOVA WPC, LLC for the purchase of 89.797 acres of land located in Loudoun County, Virginia purchased by White Peaks Capital LLC from 41992 John Mosby Highway LLC. The Purchase Agreement reflects a purchase price of $116,389,000.00.

43. Attached hereto as **Exhibit 33** is a true and correct copy of a Special Warranty Deed executed between Amazon and NOVA WPC, LLC stating that NOVA WPC, LLC "does hereby grant, bargain, sell and convey in fee simple" a parcel of land "comprising 89.797 acres of land" to Amazon.

44. Attached hereto as **Exhibit 34** is a true and correct copy of a declaration by the undersigned describing relevant extracts from an email sent by Brian Watson on April 2, 2020 to more than thirty individuals, including business associates and law enforcement. On information and belief, this email is the same email referenced in the press reports attached as **Exhibit 1** and **Exhibit 2**. The undersigned received a copy of the email on the same day that it was sent by Watson.

45. Attached hereto as **Exhibit 35** is a true and correct copy of "Settlement Instructions" for White Peaks Capital LLC's purchase of land from 41992 John Mosby Highway LLC.

DECLARATION OF L. MACDONALD IN SUPPORT OF
PLAINTIFFS' MOTION FOR *EX PARTE* TRO
& ORDER TO SHOW CAUSE

The Instructions direct funds to be disbursed "by wire for placement in [a] qualified exchange escrow account."

46.     Attached hereto as **Exhibit 36** is a true and correct copy of Amazon's Code of Business Conduct and Ethics, which on information and belief is current as of the date of this declaration, and bears a last-revised date of last revised on January 15, 2019.

47.     Attached hereto as **Exhibit 37** is a true and correct copy of a Northstar spreadsheet itemizing purported Northstar costs on its Manassas Lease Transaction deals with Amazon. On the lower right-hand side of the spreadsheet is calculated a "Leasing Fee" of $1,656,148, which approximates the $1.6 million Leasing "Commission" author of **Exhibit 41** had projected for the Manassas Lease Transaction deals.

48.     Attached hereto as **Exhibit 41** is a true and correct copy of a spreadsheet recovered from the Recycle Bin of a laptop belonging to a former Amazon TM. The spreadsheet references transactions described "Shaw Rd.," "Quail Ridge," "Manassas," "Lerner," "Route 50," and "DTC." The referenced fees on these transactions total $37.1 million, and the spreadsheet indicates that a total "Share" to its author was expected to be approximately $14.5 million. Several of the names of the transactions referenced on the spreadsheet relate to Northstar-affiliated Amazon Virginia Lease Transaction sites.

## III.    EVIDENCE OF DEFENDANTS' ASSETS

49.     On information and belief, the exhibits set forth below likely identify, at least in part, the asset locations of Defendants Villanova Trust, Northstar, Manassas NCP FF, LLC, and Sterling NCP FF, LLC.

50.     Attached hereto as **Exhibits 20** and **7** are true and correct copies of wire receipts dated June 7, 2019, and August 7, 2019, respectively, which on information and belief reveal where

DECLARATION OF L. MACDONALD IN SUPPORT OF
PLAINTIFFS' MOTION FOR *EX PARTE* TRO
& ORDER TO SHOW CAUSE

Villanova Trust assets are likely located, at least in part. Each wire receipt lists the "Beneficiary" as "*********8 Villanova Trust . . . , Trustee 16 Compton Trace Nashville, TN," although this address may be outdated. As described in ¶¶ 17 and 38 of this Declaration, each wire receipt lists the "Beneficiary Bank" as "First Tennessee Bank."

51.     Attached hereto as **Exhibit 38** is a true and correct copy of wire transfer instructions dated October 31, 2016, which on information and belief reveal where Northstar assets are likely located, at least in part. On information and belief, Informant 1 provided this document to Amazon in January 2020. The instructions document a payment of $4,000 from "WDC Holdings LLC dba Northstar Commercial Partners" and lists a "Checking" "Account Number" of "*********4" (redaction added), an address of 1999 Broadway, Suite 770, Denver, Colorado, and a phone number of 303-893-9500. Furthermore, **Exhibits 20** and **7** indicate that payment was made from "W D C Holdings LLC," aka Northstar, from a bank account number whose last four digits are identical to those identified in **Exhibit 38** . **Exhibits 20** and **7** also list "Citywide Banks P.O. Box 128 Denver CO 80202" in their margins.

52.     Attached hereto as **Exhibit 39** is a true and correct redacted copy of "Wire Instructions," which on information and belief reveal bank account information for Manassas NCP FF, LLC. Counsel for Amazon received the instructions in April 2020 after Northstar's former CFO sent them to IPI. The instructions (redaction added) provide as follows:

> Citywide Banks
> 1801 Larimer, Suite 100
> Denver, CO 80202
> ABA/Routing: *********3
> Account Name: **Manassas NCP FF, LLC**
> Address: 1999 Broadway, Suite 770, Denver, CO 80202
> Account #: *********2
> Phone: 303-365-3808 Citywide Banks
> Fax: 303-365-3801 Citywide Banks
> RE: (*investor your name*)

DECLARATION OF L. MACDONALD IN SUPPORT OF
                                                       PLAINTIFFS' MOTION FOR *EX PARTE* TRO
                                                       & ORDER TO SHOW CAUSE

53.    Attached hereto as **Exhibit 40** is a true and correct redacted copy of wire transfer instructions, which on information and belief reveal bank account information for Sterling NCP FF, LLC. Counsel for Amazon received the instructions in April 2020 after Northstar's former CFO sent them to IPI. The instructions (redaction added) provide as follows:

> Citywide Banks
> 1801 Larimer, Suite 100
> Denver, CO 80202
> ABA/Routing: ********3
> Account Name: **Sterling NCP FF, LLC**
> Address: 1999 Broadway, Suite 770, Denver, CO 80202
> Account #: *********7
> Phone: 303-365-3808 Citywide Banks
> Fax: 303-365-3801 Citywide Banks
> RE: (*investor your name*)

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on April 27, 2020.

Lora E. MacDonald

DECLARATION OF L. MACDONALD IN SUPPORT OF
PLAINTIFFS' MOTION FOR *EX PARTE* TRO
& ORDER TO SHOW CAUSE