**EXHIBIT 4**

**Brownstein Hyatt Farber Schreck**

April 15, 2020

Michael A. Freimann
Attorney at Law
303.223.1195 tel
303.223.1111 fax
mfreimann@bhfs.com

**DELIVERED VIA EMAIL -  (MEPSTEIN@AKINGUMP.COM; LGILPIN@IPIPARTNERS.COM)
& CERTIFIED MAIL RETURN RECEIPT**

Marc N. Epstein
Akin Gump Strauss Hauer & Feld LLP
201 Main Street, Suite 1600
Fort Worth, TX 76102

IPI NSIPI Data Center Holdings, LLC
300 North LaSalle
Suite 1875
Chicago, IL 60654

RE:   IPI/Northstar

Dear Mr. Epstein:

My firm has been retained by Northstar Commercial Partners ("NCP") and Brian Watson ("Watson") to address the letter entitled "Notice of Cause Event and Election of Remedies against Brian Watson (the "Principal"), NSIPI Administrative Manager, LLC ("NSIPI Administrative Manager"), Sterling NCP FF, LLC, and Manassas NCP FF, LLC (together with Sterling NCP FF, LLC, the "Sponsor Members")" (referred to as the "Notice of Cause Event Letter") as well as a series of ancillary termination letters (collectively referred to as the "Letters") your clients, IPI NSIPI Data Center Holdings, LLC, Manassas NCP, LLC, Dulles NCP, LLC, Dulles NCP II, LLC, and Quail Ridge NCP, LLC, sent on or around April 2, 2020[1]. This correspondence will serve as my clients' consolidated response to all of the Letters. Please direct any future communications regarding the Letters, and your clients' attempt to terminate the Agreements, to my attention.

In short, the Notice of Cause Event Letter's attempt to remove NSIPI Administrative Manager as the Administrative Manager of the Company by reason of a Cause Event pursuant to Section

---

[1] Specifically, with these Letters, IPI states its intention to terminate the following agreements: Dulles NCP, LLC Property Management Agreement, Dulles NCP, LLC Development Agreement, Manassas NCP, LLC Development Agreement, Manassas NCP, LLC Property Management Agreement, Quail Ridge NCP, LLC Development Agreement, Quail Ridge NCP, LLC Property Management Agreement, Dulles NCP II, LLC Development Agreement, and Dulles NCP II, LLC Property Management Agreement (the above property management agreements are collectively referred to as "Property Management Agreements," the above development agreements are collectively referred to as "Development Agreements," and the Property Management Agreements, Development Agreements and the Operating Agreement are collectively referred to as "the Agreements").

Marc N. Epstein
April 15, 2020
Page 2

8.4(a)(iii) of the Amended and Restated Limited Liability Company Agreement of NSIPI Data Center Venture LLC ("Operating Agreement") is without merit and unjustified. And, it is a breach and violation of the Operating Agreement. Furthermore, the corresponding Election of Remedies and Redemption attempt are based on a premise that is at best (for your clients) premature and at worst lacking in factual or evidentiary support. Accordingly, the actions and elections detailed in the Notice of Cause Event Letter are in violation of the Operating Agreement and a breach by your clients. As such, NCP demands that you immediately rescind the actions and elections directed in the Notice of Cause Event Letter. Additionally, your clients must refund and pay my clients all associated costs, expenses, and damages resulting from this willful and grossly negligent breach of the agreement.

Additionally, your clients' attempt to terminate the ancillary and corresponding development and property management agreements are additional breaches which require immediate reparation and amends by your clients. Finally, my clients reserve their rights, claims and causes of action resulting from your clients' breaches, defamatory statements to lenders, vendors, contractors, and/or tenants, and any other remedies available under equity and the law.

The premise of your clients' actions is based on a faulty and incorrect reading and interpretation of a "Cause Event". The Operating Agreement defines this term, in part, to include: (a) a *conviction* of or *plea of guilty* or no contest to (i) a felony, or (ii) any crime involving fraud, material misrepresentation, material misappropriation of funds, or embezzlement; or (b) an act or omission arising from the gross negligence, willful misconduct or fraud which results in material damages (emphasis added).

As it relates to my clients, to be clear, none has been even charged with a crime, let alone convicted of any crime at all, and none has pled guilty to anything. Furthermore, my clients have not committed any acts or omissions that constitute gross negligence, willful misconduct or fraud. In your Notice of Cause Event Letter, you claim that "material damages include, but are not limited to, materially damaging the Company's relationship with Amazon and putting the existing Investments and potential future Investments at risk." At this time, we request that you provide any and all evidence in your possession to support the averment that there is both an act that rises to the level of gross negligence, willful misconduct or fraud as well as the resulting material damage to the your clients. Once again, the attempt to trigger a Cause Event prior to sharing this information, and without giving my clients an opportunity to discuss the veracity of whatever information or misinformation is out there (assuming anything exists), is both unprofessional and in violation of the Agreements. Finally, if you refuse to produce such evidence and supporting documentation, should any exist, we will have no choice but to conclude that there is no such evidence, and that your client's actions are without merit.

Additionally, your suggestion that a "Cause Event" has occurred is significantly undermined by a letter in which your clients state that their investigation is "ongoing". We hope and will assume that your clients have not made any rash conclusions about any alleged conduct prior to the completion of a thorough investigation.

Furthermore, the ability and justification to terminate the Development Agreements or Property Management Agreements for "cause" or default is based on a "house of cards" argument that is premised on the faulty proposition that a Cause Event has occurred. If your clients are unable to

Marc N. Epstein
April 15, 2020
Page 3

provide support or evidence to illustrate any gross negligence, willful misconduct or fraud as well as resulting material damage, the Letters that attempt to terminate any other ancillary agreement are without justification. And, the underlying, premature action itself is a breach of those respective agreements.

In addition to the inappropriate elections and actions detailed in the Notice of Cause Event Letter, my clients have been significantly harmed by your clients' default in not timely paying certain owed fees, costs and distributions. As such, it is hereby demanded that your clients immediately make these payments.

Furthermore, we have recently become aware that your clients have unilaterally determined it was appropriate to notify the lenders (as well as the tenant, banks, contractors and vendors) of both the termination of the Agreements as well as some type of transfer which was not a "Permitted Transfer". This action was also a breach of the agreements and unjustified. Specifically, this was a clear violation of Section *9.4 – Confidentiality* of the Operating Agreement. Also, per the correspondence from the lenders, this action put the respective companies in breach of the loan agreements. Accordingly, NCP reserves its rights to pursue all available legal actions, including those articulated in Section 9.4(f) of the Operating Agreement that may arise from this conduct.

Due to the sensitive nature of these issues, as well as the significant reputational and monetary damages my clients continue to suffer as a result of your clients' actions, NCP and Watson hereby demand that your clients immediately rescind their elections and actions in the Notice of Cause Event Letter as well as the corresponding termination letters, in writing, and agree to make my clients whole for all damages, costs, and expenses they have accrued and incurred. Please provide me with your clients' position no later than April 17th, at 5pm MST. If we do not hear from you by that time, we will assume you are not interested in amicably resolving this dispute and we will proceed accordingly.

I look forward to your response.

Sincerely,

Michael A. Freimann

cc: Stan Garnett
    Greg Brower
    Brian Watson