IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20 cv 484 <br><br> FILED UNDER SEAL PURSUANT TO LOCAL RULE 5 |

**ORDER GRANTING PLAINTIFFS' MOTION FOR AN *EX PARTE* TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

The Amazon Plaintiffs have filed a Verified Complaint for injunctive and other relief pursuant to: (1) the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, alleging predicate acts of wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346; money laundering in violation of 18 U.S.C. § 1956; transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957; and violations of the Travel Act, 18 U.S.C. § 1952; (2) detinue pursuant to Va. Code § 8.01-114; (3) common law fraud; (4) tortious interference with contractual and/or business relations; (5) civil conspiracy; (6) breach of contract; (7) unjust enrichment; (8) conversion and/or constructive trust; and (9) *alter ego*/piercing the corporate veil. Before the Court is Plaintiffs' Application for an *Ex Parte* Temporary Restraining Order ("TRO") and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Application") and the

supporting Declaration of Lora E. MacDonald ("MacDonald Decl."), pursuant to Federal Rules of Civil Procedure 64 and 65 and Title 8 of the Virginia Code.

Upon consideration of the Application, the pleadings, all supporting documents filed, and the arguments of counsel, the Court makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto.

Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint and Application, there is good cause to believe that Defendants have engaged in, and are likely to continue to engage in, acts or practices that violate the RICO Act, 18 U.S.C. § 1961 *et seq.*, and that constitute common law fraud, tortious interference with contractual and/or business relationships, breach of contract, unjust enrichment, detinue and/or conversion, and that Plaintiffs are therefore likely to prevail on the merits of this action.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint and Application, there is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from ongoing violations of law and inequitable conduct by Defendants and others acting in concert with them, including but not limited to the spoliation of evidence and/or dissipation of assets relevant to this action, and tortious and other interference with Amazon's goodwill and business relationships in this District.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint and Application, there is good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the destruction, sale, transfer, or other

disposition or concealment by Defendants or those acting in concert with them of otherwise discoverable evidence and assets if Defendants receive advance notice of this action.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint and Application, there is good cause to believe that Plaintiffs' request for *ex parte* relief is not the result of any lack of diligence on Plaintiffs' part, but instead based upon the nature of Defendants' unlawful conduct. Therefore, in accordance with Fed. R. Civ. P. 65(b) and 28 U.S.C. § 1651(a), good cause and the interests of justice require that this Order be Granted without prior notice to Defendants, and Plaintiffs are relieved of the duty to provide Defendants with prior notice of their Application.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint and Application, there is good cause to believe that Defendants have specifically directed their activities to real property and ongoing business activities located in the Eastern District of Virginia, and have engaged in illegal activity using the instrumentalities and accounts detailed in Plaintiffs' Verified Complaint and Application to perpetrate the illegal conduct alleged in this action.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint and Application, there is good cause to permit notice of the instant Order, notice of the Preliminary Injunction hearing, and service of the Verified Complaint by any or all of the following means, given the exigency of the circumstances and the need for prompt relief. The following means of service are authorized by law, satisfy Due Process, and satisfy Fed. R. Civ. P. 4(f)(3), and are reasonably calculated to notify Defendants of the instant order, the Preliminary Injunction hearing, and of the pendency of this action: (1) transmission by e-mail, facsimile, mail and/or personal delivery to the contact locations for the named Defendants identified in the Verified Complaint; (2) personal delivery upon Defendants to the extent they may be found in the United States; and

(3) personal delivery through the Hague Convention on Service Abroad or similar treaties upon Defendants to the extent any Defendant can be found in a foreign country that is a signatory to such treaties.

Accordingly, this Court finds that the requirements of applicable rules and law are satisfied, and that the requested *ex parte* TRO is reasonable and necessary to protect Plaintiffs' interests and those of the public.

THEREFORE IT IS HEREBY ORDERED THAT:

1. Defendants[1] Sterling NCP FF LLC, Manassas NCP FF LLC, NSIPI Administrative Manager LLC, WDC Holdings LLC dba Northstar Commercial Partners, and Brian Watson promptly place in an escrow account maintained at a bank, upon such conditions to be agreed upon by the parties or determined by the Court in the event the parties cannot agree, the entirety of the payment, anticipated in May 2020 pursuant to Exhibit 37,[2] to the Sterling and Manassas Accounts identified in Exhibits 39 and 40 to Plaintiffs' Application;

2. Defendants Sterling NCP FF LLC, Manassas NCP FF LLC, NSIPI Administrative Manager LLC, WDC Holdings LLC dba Northstar Commercial Partners, and Brian Watson promptly place in an escrow account maintained at a bank, upon such conditions to be agreed upon by the parties or determined by the Court in the event the parties cannot agree, funds totaling $16,250,000 USD, *see* Ex. 41, including from the accounts referenced in Exhibits 38, 39 and 40 of Plaintiffs' Application;

3. Defendants White Peaks Capital and NOVA WPC LLC promptly place in an escrow account maintained at a bank, upon such conditions to be agreed upon by the parties or determined by the Court in the event the parties cannot agree, assets totaling $17,730,000 USD, including from the account referenced in Exhibit 35 in Plaintiffs' Application;

4. Defendant Villanova Trust promptly to place in an escrow account maintained at a bank, upon such conditions to be agreed upon by the parties or determined by the Court in the event the parties cannot agree, $5,112,983.84 USD, *see* Exs. 23-25,

---

[1] All references to "Defendants" herein encompass the named Defendants as well as their officers, directors, principals, agents, servants, employees, successors, assigns, and all other persons and entities acting in concert with them.

[2] Plaintiffs' Application estimates on information and belief that this payment would be made in May for between $3,000,000 and $5,000,000 USD pursuant to the April 2, 2020 Notice of Cause Event and Election of Remedies attached as Exhibit 37 to their Application.

including from the accounts referenced in Exhibits 7 and 20 in Plaintiffs' Application.

IT IS FURTHER ORDERED THAT:

5. Defendants immediately return any and all Amazon confidential or otherwise non-public proprietary information in their possession;

6. Defendants are enjoined from disclosing, selling, transferring, publishing, or otherwise using any Amazon confidential or otherwise non-public proprietary information;

7. Defendants are enjoined from spoliating, concealing, wasting, transferring, or otherwise disposing of documents, records, communications, files, or other evidence or assets used in, or obtained from, the activities alleged in this action, including but not limited to the specific assets identified in confidential Exhibits 7, 20, 38, 39, 40 to Plaintiffs' Application; and

8. Defendants are enjoined from disrupting any ongoing business transactions or relationships related to Plaintiffs' real estate developments in this District and elsewhere.

IT IS FURTHER ORDERED THAT Copies of this Order, notice of the Preliminary Injunction hearing, and service of the Verified Complaint may be served by any means authorized by law, including (1) transmission by e-mail, facsimile, mail and/or personal delivery to the contact information for the named Defendants identified in the Verified Complaint; (2) personal delivery upon Defendants to the extent they may be found in the United States; and (3) personal delivery through the Hague Convention on Service Abroad or similar treaties upon Defendants to the extent they may be found in a foreign country that is a signatory to such treaties;

IT IS FURTHER ORDERED, pursuant to Federal Rule of Civil Procedure 65(b), that Defendants shall appear before this Court on May 7, 2020 at 2:00 pm to show cause, if there is any, why this Court should not enter a Preliminary Injunction, pending a final ruling on the allegations and claims in Plaintiffs' Verified Complaint, as filed or subsequently amended, enjoining Defendants from the conduct temporarily restrained by this Order.

IT IS FURTHER ORDERED that Plaintiffs shall post bond in the amount of Two Million Dollars ($2,000,000.00) to be paid into the Court registry.

IT IS FURTHER ORDERED that Plaintiffs may identify and update the Defendant accounts identified in the Application and MacDonald Declaration as may be reasonably necessary to address or reach additional instrumentalities associated with any conduct enjoined, or any assets escrowed or otherwise protected by, this Court either prior to, or within a reasonable time after, the execution of this Order.

IT IS FURTHER ORDERED that Defendants shall file with the Court and serve on Plaintiffs' counsel any answering affidavits, pleadings, motions, expert reports or declarations and/or legal memoranda no later than two (2) days prior to the hearing on Plaintiffs' request for a preliminary injunction.

IT IS SO ORDERED.

DATED: April 28, 2020
5:05 pm

/s/
Liam O'Grady
United States District Judge