IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.. <br><br> Plaintiffs. <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484 <br><br><br> FILED UNDER SEAL PURSUANT TO LOCAL RULE 5 |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR A
PRELIMINARY INJUNCTION

On April 27, 2020, Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs" or

"Amazon") filed a Verified Complaint for injunctive and other relief pursuant to: (1) the Racketeer

Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, alleging predicate

acts of wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346; money laundering in violation of

18 U.S.C. § 1956; transactions in property derived from specified unlawful activity in violation of

18 U.S.C. § 1957; and violations of the Travel Act, 18 U.S.C. § 1952; (2) detinue pursuant to Va.

Code § 8.01-114; (3) common law fraud; (4) tortious interference with contractual and/or business

relations; (5) civil conspiracy; (6) breach of contract; (7) unjust enrichment; (8) conversion and/or

constructive trust; and (9) *alter ego*/piercing the corporate veil.  On April 28, 2020, the Court

granted Plaintiffs' Application for an *Ex Parte* Temporary Restraining Order ("TRO") and Order

to Show Cause Why a Preliminary Injunction Should Not Issue ("Application"). *See* Dkt. 16.

Pursuant to Federal Rules of Civil Procedure 64 and 65 and Title 8.01 of the Virginia Code, before the Court is Defendants' Brian Watson and WDC Holdings LLC dba Northstar Commercial Partners ("Northstar") Brief in Opposition to Plaintiffs' Motion for *Ex Parte* Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue; Plaintiffs' Reply In Support Of Their Motion For A Preliminary Injunction; the supporting Declarations of Lora E. MacDonald, D. Matt Doden, Luke Gilpin, Timothy Lorman; and the Letter of Jamie Hubbard, Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC.

Upon consideration of the pleadings, all supporting documents filed, and the arguments of counsel, the Court makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto.

Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that Defendants Watson, Northstar, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and Villanova Trust participated in a fraudulent kickback scheme relating to certain real property lease transactions that Plaintiffs executed in Northern Virginia.

Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that Defendants Watson, Northstar, White Peaks Capital, and NOVA WPC LLC participated in a direct purchase of certain real estate property located in Chantilly, Virginia on behalf of Plaintiffs on July 30, 2019. Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to further believe that this direct-purchase transaction

[PROPOSED] ORDER GRANTING
PRELIMINARY INJUNCTION

resulted in inflated sale price to the detriment of Plaintiffs.

Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that Defendants have engaged in, and are likely to continue to engage in, acts or practices that violate the RICO Act, 18 U.S.C. § 1961 *et seq.*, and that constitute common law fraud, tortious interference with contractual and/or business relationships, breach of contract, unjust enrichment, detinue and/or conversion, and that Plaintiffs are therefore likely to prevail on the merits of this action.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from ongoing violations of law and inequitable conduct by Defendants and others acting in concert with them, including but not limited to the spoliation of evidence and/or dissipation of assets relevant to this action, and tortious and other interference with Amazon's goodwill and business relationships in this District.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable damage to this Court's ability to grant effective final relief will result from the destruction, sale, transfer, or other disposition or concealment by Defendants or those acting in concert with them of otherwise discoverable evidence and assets.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe

[PROPOSED] ORDER GRANTING
PRELIMINARY INJUNCTION

that Defendants have specifically directed their activities to real property and ongoing business activities located in the Eastern District of Virginia, and have engaged in illegal activity using the instrumentalities and accounts detailed in Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, to perpetrate the illegal conduct alleged in this action.

Accordingly, this Court finds that the requirements of applicable rules and law are satisfied, and that the requested preliminary injunction is reasonable and necessary to protect Plaintiffs' interests and those of the public.

THEREFORE IT IS HEREBY ORDERED THAT:

1. Defendants[1] Sterling NCP FF LLC, Manassas NCP FF LLC, NSIPI Administrative Manager LLC, WDC Holdings LLC dba Northstar Commercial Partners, and Brian Watson promptly place in an escrow account maintained according to the terms attached to this order, $3,845,009.00 USD, which represents the entirety of IPI's May 7, 2020 payment to the Sterling and Manassas Accounts referenced herein,[2] and shall not withdraw or cause the withdrawal of the $3,845,009.00 from escrow unless and until this Court issues a subsequent Order permitting such withdrawal;

2. Defendants Sterling NCP FF LLC, Manassas NCP FF LLC, NSIPI Administrative Manager LLC, WDC Holdings LLC dba Northstar Commercial Partners, and Brian Watson promptly place in an escrow account maintained according to the terms attached to this order, funds totaling $21,250,000.00 USD, representing the fees that these Defendants received from Amazon in the amounts of $4,150,000, $8,500,000, and $3,600,000 for the Shaw Rd., Quail Ridge, and Manassas Lease Transactions, respectively, and the $5,000,000 these Defendants received from White Peaks Capital LLC and/or NOVA WPC LLC in October 2019, and shall not withdraw or cause the withdrawal of the $21,250,000.00 USD from the escrow account unless and until this Court issues a subsequent Order permitting such withdrawal;

3. Defendants White Peaks Capital LLC and NOVA WPC LLC shall place in an escrow account maintained according to the terms attached to this order, assets totaling $12,730,000.00 USD, representing the $17,730,000 in proceeds they received on Amazon's purchase of the White Peaks land parcel in Dulles, Virginia

---

[1] All references to "Defendants" herein encompass the named Defendants as well as their officers, directors, principals, agents, servants, employees, successors, assigns, and all other persons and entities acting in concert with them.

[2] The May 7 payment comprised $3,648,375.00 USD to Sterling NCP FF, LLC (Citywide Account ending *8557), and $196,634.00 to Manassas NCP FF, LLC (Citywide Account ending *9662 ).

[PROPOSED] ORDER GRANTING
PRELIMINARY INJUNCTION

for $116,400,000 on July 30, 2019, less the $5,000,000 the White Peaks and NOVA Defendants paid to Defendant(s) Brian Watson and/or WDC Holdings LLC dba Northstar Commercial Partners in October 2019, and shall not withdraw or cause the withdrawal of the $12,730,000.00 USD from the escrow account unless and until this Court issues a subsequent Order permitting such withdrawal;

4.   Defendant Villanova Trust shall place in an escrow account maintained according to the terms attached to this order, $5,112,983.84 USD, which represents nine separate payments the Trust received from Defendants Brian Watson and WDC/Northstar Commercial Partners pursuant to their 2018 Referral Agreement with the Trust, and paid for "brokerage" or other services enumerated in the Referral Agreement from March 7, 2018 through August 7, 2019, in amounts of $50,000, $382,500, $281,350, $1,447,614.50, $1,297,011.18, $122,319.24, $1,061,060.80, $150,000, and $321,028.44, each ascribed to one or more of the Sterling, Quail Ridge, Dulles and Manassas Amazon real estate development sites in this District, and shall not withdraw or cause the withdrawal of the $5,112,983.84 from the escrow account unless and until this Court issues a subsequent Order permitting such withdrawal.

IT IS FURTHER ORDERED THAT:

5.   Defendants immediately return any and all Amazon confidential or otherwise non-public proprietary information in their possession;

6.   Defendants are enjoined from disclosing, selling, transferring, publishing, or otherwise using any Amazon confidential or otherwise non-public proprietary information;

7.   Defendants are enjoined from spoliating, concealing, wasting, transferring, or otherwise disposing of documents, records, communications, files, or other evidence or assets used in, or obtained from, any activities (including but not limited to the activities described above) relating to Defendants' real property transactions with Amazon in Virginia since 2018, including but not limited to the specific assets identified in confidential Exhibits 7, 20, 38, 39, and 40 to Plaintiffs' Application; and

8.   Defendants are enjoined from disrupting, through unauthorized access to premises, accounts, or other property, personnel, or deliveries associated with Plaintiffs' real estate developments in this District, ongoing business activities at such developments; provided, however, that for the avoidance of doubt, this provision shall not be construed to prohibit Defendants from pursuing legal claims, including through court actions, relating to Plaintiffs' real estate developments in this District, or to prohibit Defendants from engaging in authorized and ordinary course business transactions with personnel or facilities that may otherwise be associated with Plaintiffs' real estate developments in this District.

IT IS FURTHER ORDERED that Plaintiffs may identify and update the Defendant

[PROPOSED] ORDER GRANTING
PRELIMINARY INJUNCTION

accounts identified in the Application and the Plaintiffs' Declarations as may be reasonably necessary to address or reach additional instrumentalities associated with any conduct enjoined, or any assets escrowed or otherwise protected by, this Court either prior to, or within a reasonable time after, the execution of this Order.

IT IS SO ORDERED.

DATED: _____          _____

Liam O'Grady
United States District Judge