

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484 <br><br> FILED UNDER SEAL PURSUANT TO LOCAL RULE 5 |

### DECLARATION OF LUKE GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

I, Luke Gilpin, hereby declare, under penalty of perjury, as follows:

1. I am over the age of 18 years. I have personal knowledge of the facts set forth below, and if called upon to do so, I could and would competently testify thereto.

2. I am a Vice President of IPI Partners ("IPI"), an SEC-registered investment adviser that manages a fund that makes real estate investments in technology and connectivity-related real assets. I have been employed by IPI for approximately 3 years. I make this declaration in support of Amazon.com, Inc. and Amazon Data Services, Inc.'s (collectively "Plaintiffs", "Amazon", or the "Company") Supplemental Memorandum in Support of Show Cause Order and Plaintiffs' Application for Preliminary Injunction in the above-referenced case.

DECLARATION OF L. GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

## I. IPI'S FORMER RELATIONSHIP WITH BRIAN WATSON AND NORTHSTAR

3. IPI enters into joint ventures (JVs) with various firms in order to combine resources on development projects. IPI often serves as a capital provider as part of its role in JVs and partners with firms that serve primarily as developers for real estate developments. IPI was introduced to Brian Watson and Northstar in January of 2018 via an introduction through third-party brokers who were helping Brian Watson source capital for a real estate development where Amazon was to be the sole tenant ("Shaw Road"). Together, IPI and Northstar formed a Joint Venture called NSIPI Data Center Venture, LLC, whose initial investment, via Dulles NCP, LLC, was Shaw Road.

4. An IPI affiliate, IPI NSIPI Data Center Holdings, LLC ("IPI NSIPI"), is the sole owner of NSIPI Data Center Venture, LLC, which is the sole owner of Dulles NCP, LLC, Quail Ridge NCP, LLC, Dulles NCP II, LLC, and Manassas NCP, LLC (the "Project Entities"), which have nine executed leases with Amazon for shell facilities developed and located on several real property sites in Virginia (the "Projects"). Northstar Commercial Partners Management, LLC and one of its affiliates (i.e. Northstar Healthcare Development, LLC, WDC Holdings, LLC, or NSIPI Administrative Manager, LLC) (collectively, "Northstar") at the direction of Brian Watson, was originally the developer, property manager, and asset manager for IPI and Amazon on each of the Projects. In addition, Sterling NCP FF, LLC, which I understand to be composed of Brian Watson and various of his investors, was a minority equity investor in Quail Ridge NCP, LLC, and Dulles NCP, LLC. Similarly, Manassas NCP FF, LLC, which I understand to be composed of Brian Watson and various of his investors, was a minority investor in Manassas NCP, LLC. Collectively, Sterling NCP FF, LLC and Manassas NCP FF, LLC owned approximately 8.4% of the equity interest of the Projects (via an interest in NSIPI Data Center Venture, LLC) until April 2, 2020.

DECLARATION OF L. GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

## II. NORTHSTAR'S AND BRIAN WATSON'S MISMANAGEMENT

5. In or about April 2018, Northstar advised IPI that Amazon had instructed them to include certain fees in the Projects. In particular, a now former Northstar employee, Kyle Ramstetter, who was primarily responsible for development of the Projects, acknowledged at the time that these fees were excessive, but represented that an Amazon employee had nonetheless instructed Northstar to include them. IPI relied on this representation that Amazon had approved the fees as confirmation that they were ok to charge.

6. After Brian Watson fired the Northstar employees primarily responsible for developing the Projects—Kyle Ramstetter and Will Camenson—in the Fall of 2019, I had to become much more substantively involved in managing the Projects, because Northstar was unable to do so. In undertaking that role, I became aware of numerous examples of Northstar and Brian Watson having failed, and failing to, appropriately manage and comply with project requirements. Their failures resulted in:

    a. Five credit agreement defaults or draw stops. While uncured, the lenders stopped providing funding. Absent IPI's immediate efforts to correct the defaults, the Projects would have stalled;

    b. Vendors, including the General Contractor, were not paid on time, and in some cases payments were months past due;

    c. Lack of financial reporting to lenders and Amazon;

    d. Unbalanced budgets, which took IPI months to stabilize; and

    e. Contracts that were improperly signed by Northstar without IPI's approval, including construction contracts and change orders totaling more than $50 million, which required IPI to expend significant resources to unwind and

DECLARATION OF L. GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE
ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

correct. IPI remedied these contracts as soon as we became aware of these issues.

7. In addition, while undertaking additional responsibilities because Northstar was not fulfilling its role as the developer and asset manager for the Project Entities, I discovered that Northstar had failed, and was failing, to meet many requirements on time and in some cases at all, including providing draw packages, operating reports, budgets, compliance packages, and operating expense details due to Amazon, IPI, and lenders. I took immediate steps, often involving significant time and resources, to remedy any missed requirements as soon as I became aware of these issues.

8. Northstar's and Brian Watson's mismanagement caused many timing and budget issues related to the Projects. For example:

   a. The Shaw Road and Manassas projects were not tracking to be completed on time per the original leases, which required iPI to take the lead on helping the JV obtain lease amendments from Amazon; and

   b. The Manassas and Quail Ridge projects were over budget, which IPI has had to correct by implementing additional cost savings.

9. To date, IPI has spent or committed to spending a substantial amount of time and resources correcting the issues caused by Northstar's and Brian Watson's mismanagement.

## III. ALLEGATIONS BY FORMER NORTHSTAR COO TIMOTHY LORMAN

10. I personally know and have interacted with Northstar's former Chief Operating Officer, Timothy Lorman, who I understand left Northstar in April 2020, numerous times in my capacity as a Vice President of IPI since I first met him in October 2019. Timothy Lorman was pleasant to work with, and is competent and trustworthy.

DECLARATION OF L. GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

11. On January 24, 2020, Timothy Lorman told me by telephone that he would like to travel from Denver, Colorado to meet with me in person in Chicago, Illinois, explaining that he wanted to have a conversation that should take place in person. I agreed to meet with him the following week.

12. I met with Timothy Lorman on January 28, 2020 in Chicago, Illinois. During the meeting, Timothy Lorman initially asked me if I was aware of any special agreement between Brian Watson and Casey Kirschner. During the January 28th meeting, Timothy Lorman told me he had identified what he suspected to be potential misconduct by Brian Watson, Kyle Ramstetter, and Will Camenson, and Casey Kirschner and his brother Christian Kirschner. Timothy Lorman expressed his view that this misconduct violated Northstar's agreements with IPI, might have violated the leases the entities signed with Amazon, and might have violated the law.

13. During the January 28, 2020 meeting, Timothy Lorman shared with me a handful of documents, including an "Independent Contractor Agreement" executed between Northstar and Villanova Trust on January 8, 2018. At this time, he did not provide copies of these documents for me to keep.

14. After the January 28, 2020 conversation with Timothy Lorman, I immediately informed IPI's outside counsel of the issues that Timothy Lorman had raised. In conjunction with outside counsel, IPI subsequently informed Amazon of these potential issues.

15. On or around February 14, 2020, Timothy Lorman shared the Independent Contractor Agreement and additional documents with me through a Dropbox, which included, among others, (1) a June 7, 2019 wire receipt listing a total "Amount" of $150,000, (2) an August 7, 2019 wire receipt listing a total "Amount" of $321,028.44, (3) a spreadsheet that includes a

DECLARATION OF L. GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

column titled "Referal [sic] - Villanova Owed" with four separate entries totaling $1,447,614.50, and (4) a spreadsheet showing what appear to be nine separate payments to "Villanova Trust."

16. On February 16, 2020, Timothy Lorman shared with me via a second Dropbox an audio file of a recorded discussion that occurred on or about September 27, 2019. The discussion appears to take place between Brian Watson and a number of now-former Northstar employees—primarily Kyle Ramstetter and Will Camenson—concerning, among other matters, the NOVA WPC, LLC purchase of land located in Loudoun County, Virginia. That audio file is attached as **Exhibit 1** to my declaration.

17. After receiving these Dropbox files from Timothy Lorman, I immediately shared them with IPI's outside counsel. It is my understanding that outside counsel subsequently shared these files with Amazon.

### IV. ADDITIONAL INFORMATION PROVIDED TO ME BY TIMOTHY LORMAN

18. I remained in contact with Timothy Lorman through the Spring of 2020, during which time we discussed operations and matters in the ordinary course of business, some personal matters, and his ongoing suspicions regarding potential misconduct by Brian Watson and Northstar relevant to our business relationship and work for Amazon in Virginia. I have set out below key information provided to me by Timothy Lorman as part of these conversations, which IPI's outside counsel also shared with Amazon in due course.

19. In the Fall of 2019, I discovered apparent misconduct by Kyle Ramstetter, who had signed, without authorization, multiple contracts and change orders related to the Projects. I discussed this with Timothy Lorman on multiple occasions in the Fall of 2019 and early 2020. This conduct by Kyle Ramstetter put Quail Ridge NCP, LLC and Manassas NCP, LLC in default under their respective credit agreements.

Case 1:20-cv-00484-RDA-TCB   Document 46   Filed 05/18/20   Page 7 of 9 PageID# 1210

DECLARATION OF L. GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

20.     On January 28, 2020 and in subsequent conversations, Timothy Lorman explained to me that he understood that multiple Northstar employees were involved in matters relating to Brian Watson's personal finances.

21.     On January 28, 2020 and in subsequent conversations, Timothy Lorman told me that in or around late September or early October 2019, Brian Watson made comments about reaching a settlement with Kyle Ramstetter and Will Camenson regarding the NOVA WPC, LLC purchase of land located in Loudoun County, Virginia. I previously knew that Brian Watson had terminated these employees from Northstar in late September 2019. Timothy Lorman also told me that he understood that around this same time (late September or early October 2019), Brian Watson received into a personal bank account a deposit of approximately $5 million from an unknown source that Timothy Lorman believed was part of a settlement with these former employees.

## V.    IPI'S TERMINATION OF ITS RELATIONSHIP WITH BRIAN WATSON AND NORTHSTAR

22.     The evidence provided to me by Timothy Lorman, in addition to the evidence that I identified of Northstar's mismanagement of the Projects, made clear to me and others at IPI that Brian Watson and Northstar had engaged in gross negligence, willful misconduct and fraud. As a result, continuing any sort of relationship with Brian Watson or Northstar had become untenable, and neither Brian Watson nor Northstar could any longer be considered a developer, property manager, or asset manager that IPI could work with.

23.     Therefore, on April 2, 2020, IPI executed a for-cause removal of Brian Watson, Northstar, and its affiliates from any and all roles on the Projects (developer, property manager, asset manager, and minority equity investor).

DECLARATION OF L. GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

24. In particular, on April 2, 2020, IPI removed Northstar and its affiliated entities for cause and notified the relevant vendors, lenders, and contractors and other third-parties affiliated with the Projects of this removal. Among other notifications, IPI, IPI NSIPI and the Project Entities sent various notices to Northstar and Amazon.

25. On April 2, 2020, IPI NSIPI sent a letter to Brian Watson, NSIPI Administrative Manager, LLC, Sterling NCP FF, LLC, and Manassas NCP FF, LLC notifying them that IPI NSIPI was, among other things, removing NSIPI Administrative Manager as the Administrative Manager of NSIPI Data Center Venture, LLC for cause.

26. In conjunction with the for-cause termination and removal process, outside counsel to IPI engaged a valuation expert to determine the fair market value of the equity redemption due to Sterling NCP FF, LLC and Manassas NCP FF, LLC pursuant to the April 2, 2020 Written Consent of the Board of Managers. Based on the valuation expert's report, IPI has determined that the equity payout is $3,648,375.00 for Sterling NCP FF, LLC, and $196,634.00 for Manassas NCP FF, LLC. These funds were wired to the respective bank accounts of Sterling NCP FF, LLC and Manassas NCP FF, LLC on May 7, 2020.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 18, 2020.

Luke Gilpin

DECLARATION OF L. GILPIN IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHOW CAUSE ORDER AND PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION

24. In particular, on April 2, 2020, IPI removed Northstar and its affiliated entities for cause and notified the relevant vendors, lenders, and contractors and other third-parties affiliated with the Projects of this removal. Among other notifications, IPI, IPI NSIPI and the Project Entities sent various notices to Northstar and Amazon.

25. On April 2, 2020, IPI NSIPI sent a letter to Brian Watson, NSIPI Administrative Manager, LLC, Sterling NCP FF, LLC, and Manassas NCP FF, LLC notifying them that IPI NSIPI was, among other things, removing NSIPI Administrative Manager as the Administrative Manager of NSIPI Data Center Venture, LLC for cause.

26. In conjunction with the for-cause termination and removal process, outside counsel to IPI engaged a valuation expert to determine the fair market value of the equity redemption due to Sterling NCP FF, LLC and Manassas NCP FF, LLC pursuant to the April 2, 2020 Written Consent of the Board of Managers. Based on the valuation expert's report, IPI has determined that the equity payout is $3,648,375.00 for Sterling NCP FF, LLC, and $196,634.00 for Manassas NCP FF, LLC. These funds were wired to the respective bank accounts of Sterling NCP FF, LLC and Manassas NCP FF, LLC on May 7, 2020.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 18, 2020.

*Luke M Gilpin*
Luke Gilpin