IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484 |

**PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS BRIAN WATSON AND WDC HOLDINGS LLC SHOULD NOT BE HELD IN CONTEMPT OF THE JUNE 5, 2020 PRELIMINARY INJUNCTION**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. respectfully move this Court for an Order to Show Cause why Defendants Brian Watson and WDC Holdings LLC ("Defendants") should not be held in contempt of the Court's June 5, 2020 Preliminary Injunction. In support of this Motion, Plaintiffs rely on the Memorandum of Law and the Declaration of Travis S. Andrews and accompanying exhibits, all filed concurrently herewith.

The record before the Court establishes all the requirements for the requested show cause order under controlling law. *See, e.g.*, *United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000); *United States v. Rylander*, 460 U.S. 752, 757 (1983). The pleadings filed in support of the Court's April 28, 2020 Temporary Restraining Order ("TRO"), *see* Dkt. 16, and the parties' submissions and negotiations before and

after the May 21, 2020 preliminary injunction hearing, *see* Dkt. 48, culminated in the Court's entry of the June 5, 2020 Preliminary Injunction ("PI") in Plaintiffs' favor. *See* Dkt. 57. Defendants have since knowingly failed to provide the relief the Court ordered, and have specifically violated Paragraphs 2, 5 and 7 of the PI, to Plaintiffs' continuing detriment.

Paragraph 2 requires Defendants to "promptly plac[e] in an escrow account maintained according to the terms attached to th[e] order funds totaling $21,250,000.00 USD, or (b) obtain[] and deposit[] in the Court's Registry a surety bond from a licensed bonding company for $21,250,000.00 USD, or (c) [use] a combination of both (a) and (b)" to secure "$21,250,000 USD . . . through the entry and execution of final judgment in this action." Dkt. 57 at 4–5. Defendants have not complied with any of these requirements. Dkt. 57 ¶ 2. It has been 60 days since the Court required judgment security in the TRO, *see* Dkt. 16, and nearly a month since the Court entered the PI requiring security via an escrow deposit, the bond Defendants proposed, or some combination of the two. Dkt. 57. Yet to this day Defendants have failed to provide security of any type in compliance with Paragraph 2, and have refused to explain their non-compliance despite Plaintiffs' good faith inquiries. Defendants' ongoing refusal to provide any of the judgment security this Court has repeatedly ordered has caused ongoing harm to Plaintiffs, and continues to threaten the Court's ability to grant effective relief in this action. *See* Dkt. 57 at 3.

Paragraph 5 of the PI requires Defendants to "immediately return any and all Amazon confidential or non-public proprietary information in their possession except as necessary for use in this case," and "[w]ithin seven (7) business days of the date on which this preliminary injunction order is entered," to "provide Plaintiffs with copies and/or a description of the information in Defendants' possession, custody, or control that Defendants consider to be Amazon confidential or otherwise non-public proprietary information necessary for Defendants to retain for purposes

2

of litigating and resolving this case." Dkt. 57 ¶ 5. As of the date of this filing, Defendants have not returned any documents to Amazon, nor have they provided the required confidentiality report that Paragraph 5 required them to submit on June 16. Defendants are well aware of their obligations under Paragraph 5 because they negotiated the terms of that provision after the PI hearing. On this record, their unexcused failure to comply with Paragraph 5 constitutes a knowing violation of the PI that has caused Plaintiffs continuing harm.

Paragraph 7 enjoins Defendants "from spoliating, concealing, wasting, transferring, or otherwise disposing of . . . assets used in, or obtained from, any activities . . . relating to Defendants' real property transactions with Amazon in Virginia since 2018." Dkt. 57 ¶ 7. Defendants acknowledged this portion of the PI when they urged the Court on May 21 to confine the order to a variation of this provision. *See* Andrews Decl. Ex. E at 53. The Court declined this suggestion, but did order the parties to "try and work" together on asset security and "update the Court." *Id*. at 58. Defendants violated all of these directives on June 19, when they closed the $1.85 million sale of a luxury Denver condominium that Defendant WDC Holdings owned and Defendant Watson personally occupied until this year. Defendants' disposition of this seven-figure asset without notifying Plaintiffs or the Court of the sale or of Defendants' plans for the proceeds evidences a knowing violation of the Court's orders on asset security that has caused continuing harm to Plaintiffs and justifies the expedited show cause proceedings they request.

For the reasons set forth above and in the accompanying memorandum and exhibits, Plaintiffs respectfully request that the Court enter an order: (i) requiring Defendants to respond to this motion on or before July 9, 2020; (ii) directing Plaintiffs to file their reply, if any, on or before July 14, 2020; and (iii) setting this motion for hearing on Friday, July 17, 2020. Plaintiffs further and respectfully request that, after permitting Defendants the foregoing or other opportunity to be

heard, the Court grant this motion and require Defendants to show cause by Friday, July 24, 2020, why they should not be held in contempt of the June 5 PI, subject to any expedited discovery Plaintiffs request to assess the sufficiency of Defendants' showing and address the extent of any contempt injury to Plaintiffs.

Dated:  July 2, 2020

Respectfully submitted,
*s/ Travis S. Andrews*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Travis S. Andrews (Va. State Bar No. 90520)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
tandrews@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will send then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address:

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

NSIPI Administrative Manager
1999 Broadway, Suite 3500
Denver, CO 80202

Sterling NCP FF, LLC
1999 Broadway, Suite 3500
Denver, CO 80202

Manassas NCP FF, LLC
1999 Broadway, Suite 3500
Denver, CO 80202

*s/ Travis S. Andrews*
Travis S. Andrews (Va. State Bar No. 90520)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
tandrews@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*