IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

AMAZON.COM, INC. and AMAZON
DATA SERVICES, INC.,

    Plaintiffs,

v.

WDC HOLDINGS LLC dba NORTHSTAR
COMMERCIAL PARTNERS; BRIAN
WATSON; STERLING NCP FF, LLC;
MANASSAS NCP FF, LLC; NSIPI
ADMINISTRATIVE MANAGER; NOVA
WPC LLC; WHITE PEAKS CAPITAL LLC;
VILLANOVA TRUST; JOHN DOES 1-20,

    Defendants.

CASE NO. 1:20-CV-484

### DECLARATION OF STANLEY L. GARNETT

I, Stanley L. Garnett, hereby declare, under penalty of perjury, as follows:

1. I am over the age of 18 years. I have personal knowledge of the facts set forth below, and if called upon to do so, I could and would competently testify thereto.

2. I am an attorney licensed to practice law in the State of Colorado. I am a shareholder at the law firm Brownstein Hyatt Farber Schreck, LLP in Denver, Colorado.

3. I am counsel of record for Brian Watson and WDC Holdings LLC ("WDC Holdings") (collectively with Mr. Watson the "Watson Defendants"). WDC Holdings is an entity wholly owned and controlled by Mr. Watson personally. I make this declaration in support of the Watson Defendants'

Response to Plaintiffs' Motion for Order to Show Cause Why Defendants Brian Watson and WDC Holdings LLC Should Not Be Held in Contempt of the June 5, 2020 Preliminary Injunction.

4. I participated in the Preliminary Injunction hearing on May 21, 2020 ("May 21 Hearing").

5. Once the Preliminary Injunction was issued, I worked with the Watson Defendants to accomplish good faith compliance with the conditions ordered by the Court in the Preliminary Injunction.

6. The Preliminary Injunction contains 8 paragraphs of conditions that the Watson Defendants must comply with. The Watson Defendants have complied with, or made good faith efforts to comply with, each condition as follows:

7. Paragraph 1: With regard to the payments referenced in Paragraph 1, these payments were seized by the United States Attorney upon receipt, on May 7, 2020. The Watson Defendants cannot comply with the terms of this condition in the Preliminary Injunction because they do not have access to or control over these funds which are primarily the returned funds of other investors in the Manassas project, not funds of the Watson Defendants.

8. Paragraph 2: This paragraph orders the Watson Defendants to place the proceeds of certain real estate transactions, totaling $21,250,000, into escrow. The Watson Defendants dispute that they have ever received this amount from the Plaintiffs. Moreover, as was explained at the May 21 Hearing, whatever funds the Watson Defendants received from the disputed real estate transactions were disbursed in the normal course of the Watson Defendants' commercial real estate business. This includes, among other things, paying salaries of Northstar's employees, paying obligations, paying fees, ext. And even outside the specific funds received from the disputed real estate transactions, the Watson Defendants simply do not have anywhere near $21,250,000 that can be placed into escrow.

However, as represented to the Court at the May 21 Hearing, the Watson Defendants worked in good faith to obtain a bond sufficient to satisfy this obligation. The Watson Defendants immediately

contacted Jennifer Clampert, a Surety Account executive at IMA in Denver. There was some delay in getting Ms. Clampert the relevant paperwork from this case due to the fact that this case remained sealed at the time. Once Watson obtained permission from the Court to provide the relevant documents to surety companies, Ms. Clampert then contacted three reputable surety companies—The Hartford, Zurich, and Philadelphia—in an effort to secure a bond for the Watson Defendants. *See* July 8, 2020 Letter from Jennifer Clampert documenting Mr. Watson's communications with IMA, attached hereto as **Exhibit A**. According to Ms. Clampert, after learning some specifics of the case, the first surety was unwilling to consider writing the bond. The other two sureties reviewed the case documents and financial statements for Mr. Watson and Northstar and both determined that 100% collateral in the form of cash or an irrevocable letter of credit ("ILOC") would be required. Of these two sureties, one declined to consider the bond further because the Watson Defendants do not have enough liquidity between them to secure the required collateral. Indeed, although Mr. Watson's financial statement shows $82,130,971 in "assets," the surety recognized that these assets are far too leveraged and/or illiquid to collateralize a bond for even a third of that amount. *See* Financial Statement, attached hereto as **Exhibit B**. The third surety suggested that perhaps there was enough value in Mr. Watson's real estate holdings to pledge to a bank to secure an ILOC as collateral. However, due to the fact that there are other investors involved in Mr. Watson's real estate ventures, he was unable to pledge those assets. Without 100% collateral—which the Watson Defendants do not have—Ms. Clampert was unable to continue pursuing this bond.

9. Paragraph 5: With regard to the obligation to turn over Amazon's "confidential information," I, together with our co-counsel at the Ifrah firm, worked with Amazon's counsel to define what Amazon considered confidential. We also obtained an agreement from Amazon's counsel that the information in the Watson Defendants' possession would be needed in the course of the litigation and that the best way to address these issues was through an agreed upon protective order, a copy of which is

attached as **Exhibit C**. Additionally, the Watson Defendants' counsel asked Plaintiffs' counsel to provide a list of confidential information, which Plaintiffs' counsel has not provided. Until Plaintiffs' counsel provides the Watson Defendants with a list of what Amazon considers to be its "confidential information," the Watson Defendants cannot take any further action with regards to Paragraph 5.

10. Paragraph 6: With regard to paragraph 6, the Watson Defendants have complied with this condition, regarding use of any of Amazon's confidential information.

11. Paragraph 7: The Watson Defendants have complied with paragraph 7, which enjoins them from "spoliating, concealing, wasting, transferring, or otherwise disposing of documents, records, communications, files, or other evidence or assets used in, or obtained from, any activities … relating to Defendants' real property transactions with Amazon in Virginia **since 2018**…." (emphasis added). In June of 2020, WDC Holdings sold a condominium at 1499 Blake Street #7A, Denver, CO 80202 ("Denver Condominium"). The Denver Condominium, however, was outside the scope of the Preliminary Injunction's paragraph 7. Indeed, WDC had purchased the Denver condominium in **October of 2017**, long before any proceeds were received from any Amazon-related transactions. *See* October 3, 2017 Settlement Statement, attached hereto as **Exhibit D**.

12. Paragraph 8: The Watson Defendants have complied with this condition, regarding Plaintiffs' real estate developments in this District.

I declare under penalty of perjury that the foregoing is true and correct.

Executed July 10, 2020.

_____
Stanley L. Garnett