IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484 <br><br> **FILED UNDER SEAL PURSUANT TO LOCAL RULE 5** |

## AGREED PROTECTIVE ORDER

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs" or "Amazon") and Defendants Brian Watson and WDC Holdings LLC dba Northstar Commercial Partners ("Watson-Northstar Defendants") anticipate that documents, testimony, and information containing or reflecting confidential information, proprietary information, trade secrets, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this litigation and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

**1.      PURPOSES AND LIMITATIONS**

(a)     Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this litigation and shall not be used directly or

indirectly for any other purpose whatsoever. Disclosure of Protected Material is prohibited except as expressly provided in this Order.

(b) The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth herein. If it comes to a Designating Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other parties that it is withdrawing or changing the designation.

## 2. **DEFINITIONS**

(a) "Designating Party" means the Producing Party that causes any Discovery Material to be designated as Protected Material, or, in the case of material produced by a non-party but designated as Protected Material by a Party, the Party that designates such material as Protected Material.

(b) "Discovery Material" means all items or information, or any part thereof, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

(c) "Outside Counsel" means those attorneys of the law firms of Gibson, Dunn & Crutcher LLP, Brownstein Hyatt Farber Schreck, LLP, IFRAH PLLC, and any other attorneys appearing as counsel of record in this action or who are retained to represent or advise a Party in this action, and who are not employees of a Party, and each of their

paralegals, support and office staff as well as any consultants or experts retained in this action.

(d) "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(e) "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this action.

(f) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," as provided for in this Order.

(g) "Receiving Party" means any Party that receives or has access to Discovery Material from a Producing Party.

## 3. COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(d).

## 4. SCOPE

(a) The protections conferred by this Order shall cover all Protected Material, including any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or other compilations thereof. Such protections shall also extend to any pleadings, testimony, conversations, or presentations by any Party or its counsel that might discuss, reflect or reveal Protected Material.

(b) Notwithstanding the provisions hereof, nothing in this Protective Order shall prevent or restrict a Producing Party's disclosure or use of its own Protected Material for any purpose.

(c) This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5. **DURATION**

During the pendency of this action and continuing after the termination thereof, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party and, if different, a Designating Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) **Basic Principles.** All Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b) **Secure Storage.** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c) **Limitations.** Nothing in this Order shall restrict in any way the use or disclosure of Protected Material by a Receiving Party (a) that is or has become publicly known through no fault of the Receiving Party; (b) that was previously produced, disclosed,

4

and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (c) with the consent of the Producing Party and, if different, the Designating Party; or (d) pursuant to Order of the Court.

7. **DESIGNATING PROTECTED MATERIAL**

(a) Any Producing Party may designate its own Discovery Material with either of the following designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY." In the case of Discovery Material produced by a non-party (including without limitation the Common Interest Party), a Party may make these designations, in writing, to the other Parties and the non-party, within thirty (30) days after the Discovery Materials are produced by the non-party.

(b) **Documents and Tangible Things.** Documents and tangible things that meet the requirements for the confidentiality designations listed in Paragraphs 8(a) and 9(a) may be so designated by placing the appropriate designation on every page of the written material prior to production or by labeling or otherwise communicating the appropriate designation where it is not practicable to place the appropriate designation on each page, such as in the case of electronic, native format documents.

(c) **Deposition and Testimony.** Counsel for Parties, the Common Interest Party, or testifying persons or entities may designate portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that such testimony, identified by page number and line number, is so designated within ten (10) days of receipt of the transcript of the testimony, unless a different time period is agreed to by counsel for the Parties. Until

such time as ten (10) days has passed from receipt of the transcript of the deposition or testimony, any transcript of deposition or other testimony shall be treated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY. Once the appropriate designations have been made or ten (10) days have passed since receipt of the transcript without designation, transcripts of depositions or testimony may be shared in accordance with the provisions of this Order, including by redacting any portions of the transcript that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY. Any designated Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except in a manner consistent with the Protective Order." Counsel for any Producing Party or Designating Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive Protected Material based on the designation of such Protected Material, other than the deponent, deponent's counsel, the court reporter, and videographer (if any). Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(d) **Written Discovery Responses And Court Documents.** If portions of written discovery responses (such as interrogatory answers or responses to requests for admission) or papers submitted to the Court (such as briefs or motions) contain or reference documents or information that are Protected Material, the first page of any such document shall indicate that it contains such Protected Material and is subject to this Order, and the pages of such written documents that contain or reference such Protected Material shall be so designated by placing the appropriate designation on such pages. To the extent any Protected Material is included in a court filing, such filings shall redact the Protected Material from the public version of the filing or be made under seal to protect the Protected Material from public disclosure in accordance with Section 11(e) of this Order. If a Producing Party designates any portion of written discovery responses or court papers as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY because such document contains or references its own Protected Material, such Producing Party shall provide the Receiving Party with a redacted version of the written discovery response or court paper which removes all HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

Discovery Material may be designated as "CONFIDENTIAL" if it contains or reflects:

(a) confidential, proprietary, financial, customer, client or commercial information, confidential trade secrets or nonpublic research or business development, including but not limited to all documents, references, and specifications concerning Amazon data centers;

7

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) non-public business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) any information kept confidential pursuant to law or regulation; or

(f) any other category of information hereinafter given Confidential status by the Court.

Such designation may be made by the Producing Party at the time of production or, if different, by the Designating Party within the time period specified in this Order.

Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i). The Parties;

(ii). Outside Counsel, provided that such individuals must sign the Consent to Agreed Protective Order, attached to this Order as Exhibit A, before they may be shown materials designated as "CONFIDENTIAL";

(iii). Experts and consultants for the purpose of assisting in the preparation of the action or for the purpose of testifying by deposition or at the trial of this matter, provided that such individuals must sign the Consent to Agreed Protective Order, attached to this Order as Exhibit A, before they may be shown materials designated as "CONFIDENTIAL";

8

  (iv). Outside photocopying, data processing, or graphic production services employed by the Parties or their counsel to assist in this litigation;

  (v). Any person (a) who authored or received the particular Protected Material; (b) who is substantively discussed in the Protected Material; (c) who has or had at any point in time access to the Protected Material outside of the context of this action; (d) who is a current employee of the Producing Party; (e) who is a former employee of the Producing Party, but only in the context of a deposition or testimony on the record, provided the former employee agrees to be bound by this Protective Order if requested by the Producing Party; or (f) for which there is a good faith basis to conclude that the individual has earlier received or seen such Protected Material;

  (vi). Court reporters, stenographers, and videographers retained to record testimony taken in this action;

  (vii). Court personnel whose functions require access to Protected Material; and

  (viii). Any other person as ordered by a court of competent jurisdiction or as agreed to in writing by the Parties.

 (a) All individuals who are provided with material designated as "CONFIDENTIAL" under the terms of the Order shall be informed by counsel of record of the provisions of this Order and shall agree to be bound by it.

9. **DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY"**

(a) Discovery Material may be designated as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature, if the Producing Party reasonably believes in good faith that the disclosure of such Discovery Material is likely to cause or create a risk of economic harm or competitive disadvantage to the Producing Party or a third-party, and if the Producing Party reasonably believes in good faith that disclosure, even for the purposes permitted with respect to materials designated "CONFIDENTIAL," will not provide adequate protection to the interests of the Producing Party. Such designation may be made by the Producing Party at the time of production or, if different, by the Designating Party within the time period specified in this Order.

(b) Discovery Material designated as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" may be disclosed only to the following:

    (i). Outside Counsel;

    (ii). Experts and consultants for the purpose of assisting in the preparation of the action or for the purpose of testifying by deposition or at the trial of this matter, provided that such individuals must sign the Consent to Agreed Protective Order, attached to this Order as Exhibit A, before they may be shown materials designated as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY";

(iii). Outside photocopying, data processing, or graphic production services employed by the Parties or their counsel to assist in this litigation;

(iv). Any person (a) who authored or received the particular Protected Material; (b) who is substantively discussed in the Protected Material; (c) who has or had at any point in time access to the Protected Material outside of the context of this action; (d) who is a current employee of the Producing Party, but only in the context of a deposition or testimony on the record; (e) who is a former employee of the Producing Party, but only in the context of a deposition or testimony on the record, provided the former employee agrees to be bound by this Protective Order if requested by the Producing Party; or (f) for which there is a good faith basis to conclude that the individual has earlier received or seen such Protected Material;

(v). Court reporters, stenographers, and videographers retained to record testimony taken in this action;

(vi). Court personnel whose functions require access to Protected Material; and

(vii). Any other person as ordered by a court of competent jurisdiction or as agreed to in writing by the Parties.

(c) All individuals who are provided with material designated as "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" under the terms of this

Order shall be informed by counsel of record of the provisions of this Order and shall agree to be bound by it.

(d) If counsel for the Receiving Party reasonably believes that disclosure of Protected Material designated as HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY is necessary to adequately advise their client concerning the merits of the case, the propriety of a particular proposed resolution, or otherwise, Outside Counsel for the Receiving Party seeking to disclose the material will notify the counsel for the Producing Party, and, if different, the Designating Party, of the specific material to be disclosed, the person to whom it would be disclosed, and the need for the disclosure. Such disclosure will only occur where the counsel for the Producing Party, and, if different, the Designating Party consents to or the Court permits such disclosure under the Protective Order upon application.

10. **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. Moreover, failure to challenge the designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY shall not in any way constitute an admission that such material contains any competitively sensitive information, trade secret information, or other protectable material.

(b) In the event that counsel for the Party receiving Protected Material objects to the CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY designation of any or all such items, said counsel shall provide the Producing

Party and, if different, the Designating Party written notice of, and the basis for, such objections. The Parties will use their best efforts to resolve such objections among themselves. Should the Receiving Party, the Producing Party and, if different, the Designating Party be unable to resolve the objections, the Receiving Party may seek a hearing before this Court with respect to the propriety of the designation. The Designating Party will cooperate in obtaining a prompt hearing with respect thereto. Pending a resolution, the discovery material in question shall continue to be treated as Protected Material as provided hereunder. The burden of proving that Discovery Material is properly designated shall at all times remain with the Designating Party.

### 11. MISCELLANEOUS

(a) If at any time Protected Material is subpoenaed by any court or arbitral, administrative, governmental, or legislative body, the Party to which the subpoena or other request is directed shall immediately give written notice thereof to each Producing Party that has produced such Discovery Material and to its counsel, to the extent such notice is not prohibited by law, statute, regulation or court order, and shall provide each such party with an opportunity to move for a protective order regarding the production of confidential materials.

(b) If a Party seeks Discovery Material from a non-party to this action, with respect to any Discovery Material produced by such non-party, the non-party may invoke the terms of this Order in writing to all Parties by designating Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY". Any such Protected Material produced by the non-party designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES

13

ONLY" shall be subject to the restrictions contained in this Order and shall only be disclosed or used in a manner consistent with this Order.

(c) In the event that any Producing Party inadvertently produces Discovery Material eligible for designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY without such designation, the Parties agree that the Producing Party may retroactively apply the correct designation. If a Producing Party makes a subsequent designation, the Receiving Party will treat the Protected Material according to the retroactive designation, including undertaking best efforts to retrieve all previously distributed copies from any recipients now ineligible to access the Protected Material.

(d) If any Discovery Material that is inadvertently produced by any Producing Party is subject to a claim of privilege or of protection from production (as attorney-client communication, attorney work product, trial preparation materials, or any other claim of privilege, protection, or immunity), the Producing Party making the claim may notify the Receiving Party of the claim and the basis for it and shall produce a privilege log with respect to the Inadvertently Disclosed Information. After being notified, the Receiving Party must promptly return, sequester, or destroy the Discovery Material and any copies it has; must not use or disclose the Discovery Material until the claim is resolved; must take reasonable steps to retrieve the Discovery Material if the Receiving Party disclosed it before being notified; and may promptly present the Discovery Material to the Court under seal for a determination of the claim. The Producing Party must preserve the Discovery Material until the claim is resolved. Additionally, if the Receiving Party reasonably believes that any Discovery Material is subject to a valid claim of privilege or of protection

14

from production (as attorney-client communication, attorney work product, trial preparation materials, or any other claim of privilege, protection, or immunity), it will notify the Producing Party promptly. Such inadvertent disclosure shall not constitute a waiver of any claim of privilege or of protection.

(e) Any Party wishing to file any pleadings or other papers that reference or contain Protected Material shall seek to file such pleadings or other papers under seal, subject to the Fourth Circuit's direction in *Virginia Department of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004), and *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), the Federal Rules of Civil Procedure, and the Local Rules of this Court, and shall provide a redacted copy of such pleading or other papers that reference or contain Protected Material consistent with Section 7(d) hereof. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Material itself, and not text that in no material way reveals the CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Material. If any Protected Material is to be referenced in arguments before the Court or before a jury, the Party referencing such materials shall take reasonable efforts to ensure that the Protected Material does not become part of the public record. The fact that Protected Material is admitted into evidence or considered by a jury shall not deprive the information of its confidential status.

15

(f) All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Protected Material introduced in evidence at trial, even if such material has previously been sealed or designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY. The Court also retains unfettered discretion whether or not to afford confidential treatment to any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Document or information contained in any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

(g) It is expressly contemplated and agreed that third parties who provide Discovery Material in this action may invoke all provisions of this Order as to that Discovery Material, and that the parties to this Order will treat all Discovery Material designated by such third parties as CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY in accordance with the terms of this Order. Any party seeking or receiving third party Discovery Material shall promptly disclose the existence of this Order to the producing third party.

(h) Ninety (90) days after the conclusion of this case, including any appeals, all documents designed as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," and all photocopies or electronic copies thereof, shall, if requested in writing, be returned to counsel for the Producing Party, or the Party possessing such Protected Materials shall, if requested, certify under oath that such material has been destroyed, provided that no party shall be obliged to return or certify destruction of any

documents, information, or materials (or any photocopies or electronic copies thereof) that were admitted into evidence at trial or properly became part of the public record in this action.

IT IS SO ORDERED.

Dated: June 4, 2020

Judge Liam O'Grady
United States District Judge

# EXHIBIT A:

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484 <br><br> **FILED UNDER SEAL PURSUANT TO LOCAL RULE 5** |

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" and "Highly Confidential—Outside Attorneys' Eyes Only." I agree that I will not disclose such "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" Discovery Material to anyone other than for purposes of this litigation, will disclose such "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" Discovery Material only as expressly permitted by the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand

that I am submitting myself to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Print Name

_____
Sign Name

_____
Date