# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>     Plaintiffs,<br><br>   v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20,<br><br>     Defendants. | CASE NO. 1:20-CV-484 |

## PLAINTIFFS' MOTION & MEMORANDUM IN SUPPORT THEREOF FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

In accordance with the Agreed Protective Order in this case (Dkt. 55), Plaintiffs Amazon.com, Inc. and Amazon Data Services respectfully seek leave to file under seal the following documents that are being filed concurrently with the Declaration of Travis S. Andrews in Support of Plaintiffs' Reply in Support of Plaintiffs' Motion for an Order to Show Cause Why Defendants WDC Holdings LLC dba Northstar Commercial Partners and Brian Watson Should Not Be Held in Contempt of the June 5, 2020 Preliminary Injunction:

   i.   Exhibit 2: Excerpts of a Deed of Lease, executed on January 13, 2020;

   ii.  Exhibit 3: Excerpts of a Purchase Agreement between Vadata, Inc. and NOVA WPC, LLC, executed on July 25, 2019;

   iii. Exhibit 4: Excerpts of a Deed of Lease for nine Virginia properties;

    iv.    Exhibit 5: Defendant WDC Holdings LLC dba Northstar Commercial Partners' Private Equity Professional and Management Liability Insurance Policy, effective October 27, 2019, through October 27, 2020;

    v.    Plaintiffs' unredacted Reply Brief in Support of their Motion for an Order to Show Cause Why Defendants Brian Watson and WDC Holdings LLC Should Not Be Held in Contempt of the June 5, 2020 Preliminary Injunction.

Pursuant to the Agreed Protective Order entered in this case, Plaintiffs have designated Exhibits 2 through 4 (*i.e.*, documents (i) through (iii) above) as "Confidential" and Defendants have designated Exhibit 5 (*i.e.*, document (iv) above) as "Confidential." The Agreed Protective Order requires discovery material designated by a party as "Confidential" to be filed under seal. Because Plaintiffs' Reply Brief quotes language from the Confidential Documents, Plaintiffs also request leave to file the unredacted brief under seal (*i.e.*, document (v) above).

Although "the common law and the First Amendment presume a public right of access to court documents," *Malon v. Franklin Financial Corp.*, No. 3:14CV671, 2014 WL 12768782, at *2 (E.D. Va. Dec. 4, 2014) (citing *Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)), "the Fourth Circuit has nonetheless stated that a district court 'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,'" *id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). In determining whether to grant a motion to seal, the district court must engage with three requirements articulated by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*: "[I]t must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000).

Plaintiffs' request to seal satisfies all three *Ashcraft* factors.  Regarding the first factor, the public will have adequate notice of Plaintiffs' request to seal, through the instant motion and notice of motion to seal as required by Local Civil Rule 5.  As to the second and third *Ashcraft* factors, sealing the Confidential Materials is appropriate, and no less drastic alternatives to sealing exist.  The Confidential Materials are not publicly available, and they contain sensitive business, financial, and proprietary information.  Plaintiffs therefore respectfully request that the Court grant this motion.  *See, e.g.*, *Mars, Inc. v. J.M. Smucker Co.*, No. 1:16-CV-01451-CMH-MSN, 2017 WL 11499735 (E.D. Va. Aug. 9, 2017) (granting motion to seal where "the information sought to be filed under seal may contain data and information that [were] designated as 'Confidential,' . . . under the Amended Protective Order governing th[e] case"); *Malon*, 2014 WL 12768782, at *3 (granting motion to seal where documents were marked "confidential" pursuant to a protective order).  Pursuant to Local Civil Rule 5(C) and the Agreed Protective Order (Dkt. 55), Plaintiffs respectfully request that the Court retain the sealed documents referenced above until ninety (90) days after entry of a final order, including any appeals.

Dated: July 15, 2020               Respectfully submitted,

                                              *s/ Travis S. Andrews*
                                              Elizabeth P. Papez (*pro hac vice*)
                                              Patrick F. Stokes (*pro hac vice*)
                                              Claudia M. Barrett (*pro hac vice*)
                                              Travis S. Andrews (Va. State Bar No. 90520)
                                              GIBSON, DUNN & CRUTCHER LLP
                                              1050 Connecticut Avenue, N.W.
                                              Washington, D.C. 20036-5306
                                              Telephone:  (202) 955-8500
                                              Facsimile:  (202) 467-0539
                                              epapez@gibsondunn.com
                                              pstokes@gibsondunn.com
                                              cbarrett@gibsondunn.com
                                              tandrews@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will send then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address:

| | |
|---|---|
| Jamie Hubbard<br>Stimson Stancil LaBranche Hubbard<br>1652 Downing Street<br>Denver, CO 80218<br>*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC* | NSIPI Administrative Manager<br>1999 Broadway, Suite 3500<br>Denver, CO 80202<br><br>Sterling NCP FF, LLC<br>1999 Broadway, Suite 3500<br>Denver, CO 80202 |
| Villanova Trust<br>c/o Christian Kirschner, Trustee<br>3924 Wallace Lane<br>Nashville, TN 37215 | Manassas NCP FF, LLC<br>1999 Broadway, Suite 3500<br>Denver, CO 80202 |

*s/ Travis S. Andrews*
Travis S. Andrews (Va. State Bar No. 90520)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
tandrews@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*