**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>   Plaintiffs, <br><br>   v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, <br><br>   Defendants. | CASE NO. 1:20-CV-484 |

**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
TO DEFENDANTS WDC HOLDINGS LLC AND BRIAN WATSON**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 26, and in accordance with the Court's orders on July 17, 2020, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. hereby propound the following First Requests for Production on Defendants WDC Holdings LLC and Brian Watson. Defendants shall produce the documents and electronically stored information described below for inspection and copying at the offices of Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue NW, Washington, DC 20036, or at such other location as may be mutually agreed upon by counsel, in the manner described by the Federal Rules of Civil Procedure and applicable Local Rules within 30 days of service, but no later than **August 20, 2020**. These Requests are without prejudice to Defendants' right to take additional discovery, including from third parties, concerning the claims and defenses at issue in the above-captioned action.

## DEFINITIONS

The following definitions and instructions shall apply to these Requests and are capitalized solely for convenience; the definitions shall apply regardless of capitalization:

1. The term "ACTION" shall mean the action pending in the United States District Court for the Eastern District of Virginia, captioned Amazon.com, Inc. and Amazon Data Services, Inc. v. WDC Holdings LLC dba Northstar Commercial Partners, et al., Civil Action No. 19-cv-01704-JSR, and all cases consolidated under that caption.

2. The term "BLAKE STREET CONDOMINIUM" shall mean the condominium located at 1499 Blake St. Apt. 7A, Denver CO 80202.

3. The term "BRIAN WATSON" shall mean Defendant Brian Watson in his individual capacity and in his capacity as a principal, owner, shareholder, member, beneficiary, or other stakeholder of any entity over which he has possession, custody, or control or in which he possesses or possessed any interest in any entity covered by these REQUESTS during the RELEVANT TIME PERIOD.

4. The term "COMMUNICATION" shall mean any conveyance or transmittal of information, whether electronic, oral, or written, and including, but not limited to, conversations, meetings, telephone calls, correspondence, letters, notes, memoranda, e-mails, text messages, instant messages, or any other media that may be used to exchange or transmit information.

5. The term "COMPLAINT" shall mean the Verified Complaint that Plaintiffs filed in this action on April 27, 2020 (Dkt. 1), and any amendments thereto.

6. The terms "DEFENDANTS," "YOU," "YOUR" shall mean WDC Holdings LLC dba Northstar Commercial Partners and BRIAN WATSON, **collectively**, and any agent, parent,

subsidiary, predecessor, affiliate, or successor entity of either of them, and any division, area, or department of any of the foregoing.

7. The terms "DOCUMENT" and "DOCUMENTS" shall mean each and every document and tangible thing within the meaning of the Federal Rules of Civil Procedure, including, without limitation, each and every written, typed, printed, computer-produced, photographic or other graphic matter of any kind, sound, mechanical, photographic, magnetic, electric or electronic recording or record of any kind, and any and all other means of preserving thought or expression or tangible thing from which information can be obtained, of whatever nature, whether an original or a copy, whether a draft or final version, however produced or reproduced and whether sent or received or neither. The term includes, but is not limited to, all COMMUNICATIONS (as defined herein), correspondence, memoranda, telegrams, telexes, facsimiles, transcripts, testimony, handwritten notes, calendars, books and diaries and entries therein, minutes of meetings, voice recordings, computer print-outs, computer files (including hard drives), e-mails (including PST files), computer disks, social media posts, texts, instant messages, photographs, tapes and records of all types, and any other writing, data form, compilation, other recording or mechanical reproduction from which information can be obtained or translated, if necessary, into a reasonably useable form.

8. The term "IDENTIFY," when used with respect to a PERSON, shall mean to give, to the extent known: (i) their full name; (ii) their present or last known residential and business addresses; (iii) their present or last known telephone number, and (iv) when referring to a natural PERSON, additionally, their present or last known place of employment and their responsibilities with that employer. Once a person has been identified in accordance with this paragraph, only the

name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. The term "IDENTIFY," when used with respect to DOCUMENTS, shall mean to give, to the extent known, the (i) type of DOCUMENTS, (ii) general subject matter, (iii) the date of the DOCUMENT, and (iv) author(s), addressee(s) and recipient(s).

10. The terms "INCLUDES" and "INCLUDING" shall mean "including but not limited to" or "including without limitation."

11. The term "LEASE TRANSACTION(S)" shall mean any commercial property lease or build-to-suit transaction that YOU bid, proposed, priced, solicited, diligenced, contracted or otherwise agreed to execute for Plaintiffs or their affiliates, agents, or business partners, including the nine Amazon Virginia commercial property leases YOU were involved with between February 27, 2018 and January 13, 2020, as identified in the COMPLAINT, (Dkt. 1, ¶ 41), and involving contract engagements with the following entities executed on or around the following dates:

| Lease # | Landlord Entity | Date Executed |
|---|---|---|
| 1 | Dulles NCP LLC | February 27, 2018 |
| 2 | Dulles NCP LLC | February 27, 2018 |
| 3 | Quail Ridge NCP, LLC | April 6, 2018 |
| 4 | Quail Ridge NCP, LLC | April 6, 2018 |
| 5 | Quail Ridge NCP, LLC | April 6, 2018 |
| 6 | Quail Ridge NCP, LLC | April 6, 2018 |
| 7 | Manassas NCP LLC | November 1, 2018 |
| 8 | Manassas NCP LLC | November 1, 2018 |
| 9 | Dulles NCP II | January 13, 2020 |

12. "PERSON" and "PERSONS" mean any natural person, corporation, partnership, association, trust, joint venture, firm, or other business enterprise or legal entity, and shall include each and every natural person or entity.

13. The terms "PLAINTIFFS" and "AMAZON" shall mean, **collectively**, "AMAZON.COM, INC." and "AMAZON DATA SERVICES, INC."

14. The term "RELATING TO" shall mean, directly or indirectly, in whole or in part, mentioning, describing, pertaining to, concerning, embodying, constituting, supporting, corroborating, proving, evidencing, showing, refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific request.

15. The term "WDC HOLDINGS" shall mean, **collectively**, WDC Holdings LLC dba Northstar Commercial Partners and any agent, parent, subsidiary, predecessor, successor or affiliate of WDC Holdings LLC, and any division, area, or department of the foregoing.

16. The term "WHITE PEAKS PURCHASE" shall mean the 2019 transaction in which Amazon purchased a Virginia property brokered by DEFENDANTS, as described in the COMPLAINT (Dkt. 1 & Exs. 2, 34).

17. "Any," "Each," and "All" shall each be deemed to include and encompass the words "any," "each" and "all."

18. "And" and "Or" shall each be deemed to include and encompass the words "and" and "or."

19. With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

20. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the Request or Interrogatory all responses that might otherwise be construed to be outside of their scope.

21. Terms not specifically defined shall be given their ordinary meaning. If YOU are unable to understand the meaning of any term, YOU should immediately seek clarification through YOUR counsel.

## INSTRUCTIONS

1. Any reference to an organization, including a corporation, includes its current and former officers, directors, employees, agents, and other representatives.

2. The Requests for Production call for the production of all DOCUMENTS listed below that are in YOUR possession, custody, or control or in the possession, custody, or control of any PERSON acting on YOUR behalf, including attorneys, agents, advisors, investigators, representatives, and employees, regardless of location.

3. DOCUMENTS are to be produced as they are kept in the usual course of business or are to be organized and labeled to correspond with the categories of these Requests. Any DOCUMENTS that must be removed from their original folders, binders, covered, or containers to be produced shall be identified in a manner so as to clearly specify where such DOCUMENTS originated and with a copy of any title or reference on the folders, binders, covers, or containers.

4. If YOU cannot fully respond to any Request after exercising diligence in order to do so, then YOU should respond to such Request to the fullest extent possible, and should indicate the reason(s) for failing to respond fully. Further, YOU should provide all available information RELATING TO the Request, state whatever information or knowledge YOU have about the unanswered portion of the Request, and IDENTIFY the PERSON or PERSONS who can more fully respond to the Request.

5. All objections to any information to be provided pursuant to these Requests must be made in a written response and served on undersigned counsel within the time designated for responding to these Requests, and any such objection shall state with specificity all grounds therefor.

6. If YOU claim that the attorney-client privilege or any other privilege, protection, or immunity is applicable to any DOCUMENT responsive to these Requests, then:

    a. IDENTIFY the DOCUMENT;

    b. State the kind of privilege or immunity YOU contend applies and the basis for the assertion of the privilege;

    c. State the date of the DOCUMENT; and

    d. IDENTIFY each and every PERSON who received the DOCUMENT.

7. If information is redacted from a DOCUMENT produced in response to a Request, IDENTIFY the redaction by stamping the word "REDACTED" on the DOCUMENT at each place where information has been redacted. For each redaction, provide the information in Instruction 6 above.

8. Requests shall not be deemed to call for identical copies of DOCUMENTS. A DOCUMENT with handwritten notes, editing marks, or any other mark that differentiates the DOCUMENT shall **not** be deemed identical to one without such modifications, additions, or deletions.

9. If any DOCUMENT requested herein was at one time in existence but has been lost, discarded, or destroyed, IDENTIFY the DOCUMENT and describe the circumstances under which the DOCUMENT was lost, discarded, or destroyed, including but not limited to the identity of the PERSON(S) having knowledge of the circumstances of its loss or destruction, and the date of its loss or destruction.

10. DOCUMENTS in electronic form, including e-mail, shall be produced in accordance with all applicable rules, party agreements, and Court orders, including the Protective Order entered on June 4, 2020 (Dkt. 55) and any ESI Protocol entered in this case.

11. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

12. These Requests are continuing in nature so as to require YOU to promptly amend or supplement YOUR responses if YOU obtain further or different information than that YOU have already provided.

13. The definitions and instructions used herein are chosen for clarification and the convenience of the Parties, and should not be construed as admissions.

14. Except where expressly stated, these Requests do not call for any DOCUMENTS that are publicly-available.

15. The relevant time period for these requests is April 2, 2020 through the present unless otherwise stated.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

DOCUMENTS sufficient to show all assets and financial interests within YOUR possession, custody, or control, including but not limited to the identity and location of all assets and financial interests listed in YOUR May 31, 2020 Statement of Personal Financial Information (Dkt. 82-3) and the "$1.3 billion referenced in assets under ownership or management" referenced on YOUR website, (Dkt. 12, Ex. 6; Dkt. 84 at 7 n.4), as well as the identity, location, and estimated value of any bank accounts, securities, real estate, investments of any kind, personal property, vehicles (including but not limited to automobiles, boats and private jets), equity or membership or ownership interests, trusts, attorney retainers or trust accounts, notes or other receivables, publication royalties, rental income, insurance policies, or any other assets in which YOU have an

interest, whether present, future, vested, conditional, contingent, partial, or otherwise, from April 1, 2020 through the present.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to show all liabilities, encumbrances, debts, liens, or other security interests or restrictions on any asset(s) or interest(s) within YOUR possession, custody or control, including but not limited to all liabilities listed in YOUR May 31, 2020 Statement of Personal Financial Information (Dkt. 82-2), whether present, future, vested, conditional, contingent, partial, or otherwise.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO any dispositions or transfers of funds or other assets YOU made, received, or planned to make or receive between April 2, 2020 and the present among YOURSELVES or with any other PERSON, including DOCUMENTS sufficient to show all activity on or through bank checking or savings accounts, money market accounts, brokerage accounts, certificates of deposit, or any other credit, debit, or financial accounts in which YOU have or had any interest, possession, control, or rights, whether active, inactive, or closed, from April 2, 2020 through the present.  This Request includes funds and assets transferred through intermediaries or other third parties, including but not limited to trusts, financial institutions, limited liability companies, corporations, partnerships, or individuals.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO YOUR efforts or ability to obtain or otherwise provide judgment security of any type or amount in this Action, including:  (a) YOUR efforts or ability to deposit funds or assets of any type or amount into escrow; (b) YOUR efforts or ability to secure a bond of any type or amount; (c) all COMMUNICATIONS WITH or RELATING TO potential

surety, insurance, or underwriting entities or agents, including The Hartford, Zurich, Philadelphia, and Jennifer Clampert and others at IMA Financial Group; (d) all COMMUNICATIONS RELATING TO any collateral or other assets YOU assessed, liquidated, offered to pledge, or otherwise considered in connection with any efforts to provide judgment security in this Action; and (e) all DOCUMENTS YOU provided in connection with any efforts to provide judgment security in this Action, including all final and draft financial or asset statements YOU reviewed, updated, shared, prepared, or otherwise referenced.

**REQUEST FOR PRODUCTION NO. 5:**

DOCUMENTS sufficient to show all fees, commissions, equity allocations, capital funding, investments, or other forms of remuneration, compensation, payments, or other financial benefits of any kind that YOU received or expected to receive from January 1, 2017 onward, either directly or indirectly, from PLAINTIFFS and/or their agents, affiliates, brokers, contract partners, or other designees or assigns, RELATING TO any real estate, lease, site, development, project, management contract, service contract, or other commercial activity, asset, contract, or business opportunity associated directly or indirectly with PLAINTIFFS, including the LEASE TRANSACTIONS and WHITE PEAKS PURCHASE, from January 1, 2017 through the present.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to show all disbursements, expenditures, investments, payments, or other dispositions YOU made, directly or directly, from January 1, 2017 through the present, in connection with any real estate, lease, site, development, project, management contract, service contract, or other commercial activity, asset, contract, or business opportunity RELATING TO PLAINTIFFS and/or their agents, affiliates, brokers, contract partners or other designees or

assigns, including but not limited to the LEASED TRANSACTIONS and WHITE PEAKS PURCHASE.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO, including all COMMUNICATIONS with or concerning, any of Villanova Trust, Christian Kirschner, Casey Kirschner, Carlton Nelson, Kyle Ramstetter, Will Camenson, White Peaks Capital LLC, NOVA WPC, LLC, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, Todd Meldahl, KBC Advisors, IPI Partners, NVC Development LLC, JK Moving and Storage, Chuck Kuhn, Kevin Goeller, Stephen Chiles, La Jolla Capital Partners, Patricia Watson, Cheshire Ventures, Allcore Acquisitions and Development, Donald Tennant, Axis Realty, Jennifer Clampert, and/or any of their principals, members, trustees, investors, agents, affiliates, brokers, contract partners, beneficiaries, or other designees or assigns, from January 1, 2017 through the present.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO any efforts by YOU to market, value, sell, shop, advertise, assess, compare, or otherwise obtain financial information, either directly or indirectly through brokers, intermediaries, agents, or affiliates including but not limited to "Donald Tennant" and "Axis Realty," concerning any properties, partnerships, ventures, developments, or other assets in which you possessed or have asserted that you possessed any interest, right, or claim, from January 1, 2017 through the present.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to identify all trusts, Limited Liability Companies, holding companies, partnerships, memberships, or other vehicles or entities in which you have or had any ownership, control, beneficiary, or other legal or financial interests from January 1, 2018 through

the present, including but not limited to the organizational or trust formation documents, assets, principals and beneficiaries of or relating to the "Brian Watson Revocable Trust" and "RBW Capital LLC."

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO the following properties and related assets from January 1, 2018 to the present, including all documents and communications referencing or otherwise concerning YOUR ownership, use, or other interests in the properties or any payments made or received, or to be made or received, in connection with the properties as well as any loans, mortgages, liens, encumbrances, or other interests therein, including the amount, disposition, and current location of all sale proceeds, rent payments, or other revenue or payment streams:

    (a)    1499 Blake Street, Unit 7A, Denver, Colorado;

    (b)    8 Churchill Drive, Englewood, Colorado;

    (c)    C Lazy U Ranch, Lot 8A, Granby, Colorado.

Your response to this REQUEST shall include all DOCUMENTS RELATING TO the $3,368,133 "construction loan" from Patricia Watson to WDC Holdings LLC that was recorded as secured by the BLAKE STREET CONDOMINIUM from November 16, 2018 to December 31, 2019, (Dkt. 69-4 at 59), including all terms of the loan and the date and terms of its repayment, as well as the amount, disposition, and transfer, deposit, or location of any and all proceeds from the sale of the BLAKE STREET CONDOMINIUM recorded on June 19, 2020, (Dkts. 68 at 15–17; 84 at 12), including where the proceeds were initially deposited, if the proceeds were subsequently transferred to another PERSON, and which PERSONS have custody, control, or possession of any or all of those proceeds.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO YOUR contractual or other financial arrangements or obligations with, concerning, or for the direct or indirect benefit, interest, or control of the following individuals, including but not limited to any divorce settlement(s), prenuptial agreement(s), direct or indirect asset transfers, and mortgage or other loans or gifts, however described or titled:

(a) Patricia Lee Watson (Uhrig)

(b) Tiffany Mai Watson

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS RELATING TO the seizure of any of YOUR assets, payments, funds, or other interests by the United States Attorney or any other governmental PERSON from April 2, 2020 through the present.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS RELATING TO the Declaration of Stanley L. Garnett YOU filed with the Court on July 10, 2020, (ECF No. 82-1), including DOCUMENTS sufficient to identify and locate all "investors" referenced in Paragraph 8 thereto.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO any changes to the form, content, programming, disclosures, or other content or features of YOUR website, located at https://www.northstarcommercialpartners.com/, or any other advertising, solicitations, investor communications, or other disclosures or statements regarding YOUR business operations from April 2, 2020 through the present, including but not limited to changes to YOUR leadership and management structure, investor disclosures, financial statements, or regulatory status.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS RELATING TO YOUR proposals, negotiations, contracts, or other rights or interests in the LEASED TRANSACTIONS, the WHITE PEAKS PURCHASE, or any other transaction or potential transaction RELATING TO PLAINTIFFS, including all DOCUMENTS and COMMUNICATIONS RELATING TO YOUR efforts to obtain fees or payments from IPI Partners or their affiliates on the LEASE TRANSACTIONS, and any statements, plans, or efforts to place a lien or other attachment or security interest on any of the properties or other assets involved in the LEASE TRANSACTIONS.

Dated:  July 21, 2020

By:
*s/ Luke M. Sullivan*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Travis S. Andrews (Va. State Bar No. 90520)
Luke M. Sullivan (Va. State Bar No. 92553)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
tandrews@gibsondunn.com
lsullivan@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2020, I will both email and mail by U.S. mail the foregoing document to the known attorney of record for each other party. For those parties for whom counsel is not known, a true and correct copy of the foregoing document shall be served by U.S. mail to their last known address on July 21, 2020:

Jeffrey R. Hamlin
George R. Calhoun
James Trusty
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006
jhamlin@ifrahlaw.com
geroge@ifrahlaw.com
jtrusty@ifrahlaw.com

Stanley L. Garnett
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Denver, CO 80202
sgarnett@bhfs.com

Gregory A. Brower
Brownstein Hyatt Farber Schreck, LLP
100 North City Parkway
Las Vegas, Nevada 89106
gbrower@bhfs.com

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

NSIPI Administrative Manager
1999 Broadway, Suite 3500
Denver, CO 80202

Sterling NCP FF, LLC
1999 Broadway, Suite 3500
Denver, CO 80202

Manassass NCP FF, LLC
1999 Broadway, Suite 3500
Denver, CO 80202

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

*s/ Luke M. Sullivan*
Luke M. Sullivan (Va. State Bar No. 92553)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
lsullivan@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*