**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; JOHN DOES 1-20, <br><br> Defendants. | Case No. 1:20 Civ. 484 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CARLETON NELSON'S MOTIONS TO STAY DEADLINES FOR RESPONDING TO PLAINTIFFS' CORRECTED FIRST AMENDED COMPLAINT AND TO EXPEDITE BRIEFING**

Defendant Carleton Nelson respectfully moves under Local Civil Rule 7 to stay the current schedule for responding to Plaintiffs' Corrected First Amended Complaint (the "FAC"). Dkt. 121. Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon") have informed Mr. Nelson that they will move for leave to file a second amended complaint. Under well-established law, any such amendment would supersede the FAC and moot any pending motion to dismiss. The Court and the parties thus should not expend further resources on motions that will, in due course, be rendered moot. Counsel for Defendants WDC

Holdings LLC ("Northstar"), Brian Watson, and Casey Kirschner consent to this motion. Mr. Nelson requested Amazon's position on this motion, but Amazon did not provide it.

Mr. Nelson also respectfully requests under Local Rule 7(F)(1) that the Court expedite briefing on this current motion. Defendants' present deadline for responding to the FAC is September 11, 2020. Dkt. 121. Under the deadlines ordinarily contemplated by the Local Rules, Amazon's opposition to this motion to stay would not be due until September 15, after the deadline Mr. Nelson now seeks to stay. To permit resolution of this motion before Defendants' approaching deadline, Mr. Nelson requests that the Court order Amazon to file any opposition by September 3, 2020, and Mr. Nelson to file any reply on September 4, 2020. Mr. Nelson further requests that the Court extend the deadline for responding to the FAC by one week, or such time as the Court deems appropriate, so that the Court can resolve this motion to stay before Mr. Nelson and the other Defendants are forced to expend additional resources responding to a complaint that all now agree will not be the operative complaint in this case.

## BACKGROUND

On April 27, 2020, Amazon filed a Verified Complaint against Mr. Watson, Northstar, and six other defendants. Dkt. 1. Amazon's complaint frequently referred to two "former Amazon TMs," *id.* ¶9, but it named neither Mr. Nelson nor Mr. Kirschner as defendants. Amazon also moved to seal proceedings, Dkt. 6, and they remained sealed until June 11, 2020, Dkt. 61.

On July 31, 2020, following three months of litigation, Amazon filed a Verified First Amended Complaint in response to a motion to dismiss by Mr. Watson and Northstar. Dkt. 100. Four days later, Amazon moved to correct its Verified First Amended Complaint, noting that it had "inadvertently contained two tables of contents, omitted the statement concerning verification," wrongly certified service on "added defendants who had not yet been served a

2

summons," and contained other "typographical errors." Dkt. 113. The Court subsequently permitted Amazon to file the FAC. Dkt. 115.

Amazon's amended complaint named Mr. Nelson and Mr. Kirschner as defendants, referring to them collectively as the "TM Defendants." FAC ¶ 1. It alleged that "each of the TM Defendants executed" a "Confidentiality and Invention Assignment Agreement[]" as a "condition of their employment" with Amazon. *Id.* ¶ 63. Amazon quoted selectively from that agreement, *id.*, but did not attach a copy, despite attaching **forty-nine** other exhibits, Dkt. 107. Amazon relied on the agreement in its breach of contract claim against Mr. Nelson. Amazon also relied on the agreement, as well as the employment relationship governed by the agreement, in Amazon's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), which generically allege that the "various agreements between Amazon and the . . . Defendants" included broad "representations and assurances," FAC ¶ 161, and that "Defendants . . . owed a fiduciary duty to Amazon . . . through their employment relationship," *id.* ¶ 180.

On August 13, 2020, three days after Amazon served Mr. Nelson, Dkt. 119 at 2, Mr. Nelson's counsel requested a copy of the Confidentiality and Invention Assignment Agreement that, according to the FAC, Mr. Nelson had allegedly signed. Amazon provided a contract that had been electronically signed in ▓▓▓ by an employee named "▓▓▓▓▓▓." Declaration of Eric Nitz dated September 1, 2020 ("Nitz Decl.") Ex. A at 8. Amazon did not, however, provide any certificate typically associated with an e-signature, which would show factors such as email address to verify the signer's identity. *See, e.g.*, DocuSign Case Study, https://www.docusign.com/sites/default/files/casestudy_ds_courtcasewinner.pdf (last visited September 1, 2020). Mr. Nelson's counsel immediately reminded Amazon that it had sued

3

*Carleton* Nelson, ▮▮▮, and stated that they did not believe Carleton Nelson—the defendant in this case—was the signatory to the ▮▮ agreement. *Id.*

On August 13, 2020, Amazon acknowledged that "the ▮▮ agreement sent earlier today pertains to a different ▮▮▮▮▮ who is not involved in this case." Nitz Decl. Ex. A at 7. Amazon then provided a *different* agreement it had executed with Carleton Nelson in 2012. *Id.*[1] That agreement had a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that bear directly on the viability of Amazon's claims. *Id.* Ex. B. Thus, one of the world's most sophisticated companies, after conducting an "immediate and extensive internal investigation" lasting over eight months, FAC ¶ 58, apparently twice filed a verified complaint without having taken the basic step of reviewing Mr. Nelson's personnel file. Had it done so, Amazon no doubt would have found the correct employment agreement from 2012.[2] Instead, Amazon inexplicably relied upon a *different employee's* employment agreement as the basis for its claims against Mr. Nelson.

Acknowledging the FAC had relied on the wrong agreement, Amazon extraordinarily claimed that its mistake was immaterial. Amazon could proceed on the claims in the FAC, it said, because the allegations were "equally pled as to Mr. Nelson given that his 2012 agreement contains substantively the same covenants." Nitz Decl. Ex. A at 7. That assertion was demonstrably false. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Nitz Decl. Ex. A at 2-4. Furthermore, Mr. Nelson's 2012

---

[1] Amazon has designated the 2012 agreement as "Confidential" under the protective order. Mr. Nelson is thus moving to file this memorandum and certain exhibits to the Nitz Declaration under seal. Dkt. 55 § 11(e). Mr. Nelson does not believe the agreement requires confidentiality, however.

[2] Amazon's failure to identify the correct employment agreement is all the more bewildering given that the FAC in its caption clearly identifies "*Carleton* Nelson"—not ▮▮▮▮▮▮—as the defendant in this case. And Amazon purports to have reviewed Mr. Nelson's personnel file, because it alleges that it terminated him for misconduct. FAC ¶ 17.

agreement ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████. *Compare id.* Ex. B §§ 1, 3, *with* FAC

¶¶ 63, 161, 294.

Mr. Nelson's 2012 agreement contains additional provisions that pose fundamental obstacles to Amazon's claims. Nine of the FAC's thirteen claims against Mr. Nelson arise under Virginia law, FAC at 55-99, but ████████████████████████████████

██████████████████████████████████████████████, Nitz. Decl. Ex. B

§ 9. ██████████████████████████████████████████████

██████████████████████████████████████████████ *Id.*

Yet Amazon sued Mr. Nelson here, in Virginia.

Mr. Nelson's counsel called these provisions to Amazon's attention; noted that the correct agreement rendered portions of Amazon's verified complaint demonstrably false; and asserted that the provisions of the correct employment agreement present insurmountable obstacles to the viability of Amazon's claims. Counsel requested that Amazon dismiss the FAC as to Mr. Nelson or, at a minimum, correct its mistake and file a complaint that addressed the provisions in Mr. Nelson's 2012 employment agreement, including ███████████. Nitz Decl. Exs. A, C. Amazon initially refused. It characterized the claims against Mr. Nelson as "well pled," *id.* Ex. C, and maintained that it could proceed on its claims.

Finally, on August 21, 2020—nearly eight days after Amazon first learned of its mistake and *after* Mr. Watson moved to set a briefing schedule on motions to dismiss the FAC, Dkt. 119—Amazon for the first time notified Mr. Nelson's counsel that it intended to "correct" the FAC "to reference the supporting provisions in your client's 2012 contract," Nitz Decl. Ex. D.

After five days passed and Amazon still had not taken any action to amend the FAC to reference the correct contract, Mr. Nelson's counsel requested that Amazon inform the Court of Amazon's error and its intention to move to "correct" the FAC. Nitz Decl. Ex. E. They further requested that Amazon ask the Court to "vacate the schedule for responding to the FAC," given that Amazon's anticipated amendment to the complaint would moot any briefing concerning the FAC. *Id.*

On August 30, 2020, Amazon provided Mr. Nelson a "Draft Second Corrected Verified First Amended Complaint." Nitz Decl. Ex. F. That draft quoted from Mr. Nelson's 2012 agreement, making significant substantive changes to the allegations, and including a new four-page chart describing the provisions of Mr. Nelson's correct employment agreement. Nitz Decl. ¶9. But the draft complaint failed to make other necessary changes. For example, it continued to assert claims under Virginia law ███████████████████████████████████ ███████████. *Id.* And it continued to pursue claims in Virginia ███████████ ███████████████████████████████████. *Id.*

Responding to Mr. Nelson's request that it agree to vacate the briefing schedule, Amazon demurred. It claimed that vacating the briefing schedule "is unjustified and will needlessly disrupt the progress of this complex, multi-defendant case." Nitz Decl. Ex. F at 2. It then asserted that, if Mr. Nelson did not consent to its motion to correct the FAC, it would move to file a broader "Second Amended Complaint" containing allegations about Mr. Nelson's "mental state, and communications with family," among other topics. *Id.*

On August 31, Mr. Nelson's counsel informed Amazon by email that Mr. Nelson would not consent to the filing of the "Draft Second Corrected Verified First Amended Complaint" because it did not fully correct Amazon's mistake regarding Mr. Nelson's employment

6

agreement. Nitz Decl. Ex. G at 2. Mr. Nelson's counsel stated that it would move to stay the deadlines for responding to the FAC, which any amendment by Amazon would supersede, and asked whether Amazon would consent. *Id.*

On September 1, Amazon's counsel responded to the email from Mr. Nelson's counsel, but did not provide its position on the contemplated motion. Nitz Decl. Ex. G at 1. Instead, it professed to be "confused" about Mr. Nelson's position. *Id.* But Mr. Nelson's position was crystal clear. His counsel explained it would file a motion seeking "to adjourn the deadlines relating to the [FAC] that Amazon will soon supersede." *Id.* at 2. It further explained with respect to amendment that, in light of the 2012 agreement's ███████, "the most prudent and efficient course is for Amazon to dismiss Mr. Nelson from the Virginia action and refile in Washington." *Id.*

## ARGUMENT

The deadlines for responding to the FAC should be stayed because Amazon has stated that it will move to file another amended complaint. If that motion is granted, Amazon's amended complaint will supersede the FAC and moot any motion to dismiss that Defendants file. Neither the parties nor the Court should expend resources on motions that an amended complaint will render moot.

### I. THE DEADLINES FOR MOVING TO DISMISS THE FAC SHOULD BE STAYED

Moving forward with motions to dismiss the FAC would waste the parties' resources and the Court's. Under well-established law, Amazon's correction, which it has **delayed for weeks**, will supersede the FAC and deprive it of any "effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001); *see Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").

7

It is "well settled that . . . motions directed at superseded pleadings must be denied as moot." *Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015); *see also Fawzy*, 873 F.3d at 455 (dismissing appeal where district court "ruled on a mooted complaint, not the operative one"). It makes no sense to require Defendants to expend significant resources preparing, or the Court to devote resources to reviewing, motions to dismiss a complaint that may soon become a "'mere scrap of paper.'" Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1093 (4th ed. 2020). Avoiding that waste is all the more important here because the costs will fall on individual defendants, such as Mr. Nelson, who lack the extensive resources of Amazon—a multi-billion-dollar company with nearly unlimited litigation resources—and who bear no responsibility for the mistake that necessitates amendment. One motion to dismiss in this case has ***already*** been mooted by Amazon's amendment of its original complaint. The Court should not permit three more mooted motions to follow.

In opposing Mr. Nelson's request to stay the briefing schedule, Amazon appears to distinguish between a "correction" to the FAC and an "amended" complaint. The law, however, makes no such distinction. *See Yarberry v. Vilsack*, 460 F. App'x 736, 738 n.1 (10th Cir. 2012) (describing the distinction as "without legal significance"); *Ruschel v. Nestle Holdings, Inc.*, 89 F. App'x 518, 522 (6th Cir. 2004) (even correction of "typographical errors" constitutes amendment under Rule 15); *Super Pawn Jewelry & Loan, LLC v. Am. Env't Energy, Inc.*, No. 11 Civ. 8894, 2014 WL 4435454, at *2 (N.D. Ill. Sept. 9, 2014) (explaining that "corrected" complaints had been struck because the plaintiff was obliged to "file a proper motion seeking leave to file an amended complaint before" filing them); *Graham v. Consol. Coal Co.*, No. 13 Civ. 11, 2014 WL 1050420, at *1 n.1 (W.D. Va. Mar. 18, 2014) (describing the complaint as "Amended" despite the fact that plaintiffs referred to it as a "'Corrected Complaint'").

To the extent the "corrected" terminology is of any use at all, it is *"improper[]"* to use it when making "substantive changes," *Jackson v. NAACP*, 546 F. App'x 438, 441 (5th Cir. 2013) (emphasis added), including "substantive changes" as simple as those to a party's "state of residency," *Goins v. Speer*, No. 4:16 Civ. 48 (D), 2017 WL 3493607, at *1 n.2 (E.D.N.C. Aug. 14, 2017). The changes Amazon proposes here are significant substantive revisions to the allegations describing the foundational agreement between Amazon and Mr. Nelson that underlies Amazon's claims in this case. Whether Amazon seeks leave to file the "corrected" complaint that it shared with Mr. Nelson's counsel on August 30—which includes legally significant changes that span pages—or instead the broader "amended" complaint that it has threatened, it must move to amend under Rule 15. If the Court grants Amazon's motion, Amazon must serve the amended complaint, and Defendants will have fourteen days from the date of service to respond under Rule 15(a)(3). *See Estate of Cuffee v. Newhart*, No. 2:08 Civ. 329, 2009 WL 10731045, at *2 (E.D. Va. Apr. 3, 2009) (noting that Rule 15(a)(3) would apply to a "corrected amended complaint"). Thus, whether Amazon styles its motion as a motion to correct or a motion to amend, the effect will be the same. If the motion is granted, the FAC will be superseded and any pending motions concerning the FAC will be moot.[3]

## II. THE COURT SHOULD ORDER EXPEDITED BRIEFING AND EXTEND THE DEADLINES

The Court should also expedite briefing on this motion under Local Rule 7(F)(1), requiring Amazon to file any opposition by September 3, 2020, and Mr. Nelson to file any reply

---

[3] As Mr. Nelson explained to Amazon, Mr. Nelson intends to oppose Amazon's motion to amend. To be sure, Mr. Nelson agrees that the FAC contains allegations that are demonstrably false and that amendment is necessary to correct those falsehoods. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Mr. Nelson thus intends to oppose any motion to amend on those grounds and move to transfer venue to the Western District of Washington, severing the claims against him if necessary. Nitz Decl. Ex. G at 2.

9

no later than September 4, 2020. Under the briefing schedule ordinarily contemplated by the Local Rules, Amazon's opposition would be due on September 15, 2020—after Defendants' current deadline for responding to the FAC. Courts have previously cited approaching deadlines as a basis for granting expedited briefing. *See Defy Ventures, Inc. v. U.S. Small Bus. Admin.*, No. 20 Civ. 1736, 2020 WL 3546873, at *1 (D. Md. June 29, 2020) (court granted expedited briefing due to approaching deadline); *Jones v. M/A Mgmt. Corp.*, No. 3:17 Civ. 210 (RLM) (MGG), 2018 WL 10550320, at *1 (N.D. Ind. Mar. 20, 2018).

The need for expedited briefing on this motion results from Amazon's own delay. Amazon learned of the errors in the FAC no later than August 13, 2020. Nineteen days later, it still has not notified the Court of the falsity in its verified complaint or moved to correct it. Rather than taking prompt corrective action, Amazon has sought to pressure Mr. Nelson into consenting to an amendment that he regards as prejudicial ███████████████ ███████████████████████. Had Amazon moved to amend the FAC earlier, the parties could have negotiated a schedule for further proceedings, including proceedings on Amazon's anticipated motion to amend and Mr. Nelson's anticipated motion to transfer venue.

Additionally, to permit consideration of this motion in advance of the deadline for responding to the FAC, Mr. Nelson respectfully requests that the Court extend the deadline for responding to the FAC by one week, or such time as the Court deems appropriate. Mr. Nelson hopes to avoid wasting resources moving to dismiss a soon-to-be mooted complaint. He will be unable to do so, however, if he must begin preparing that motion in order to meet an impending deadline before he can even be heard.

## CONCLUSION

As set forth above, the Court should order expedited briefing, extend deadlines pending resolution of this motion, and stay the schedule for responding to the FAC, Dkt. 121.

Dated:  September 1, 2020

Respectfully submitted,

/s/
Eric R. Nitz (Va. Bar No. 82471)
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2021 (telephone)
(202) 536-2021 (facsimile)
enitz@mololamken.com

Justin V. Shur (*pro hac vice pending*)
Caleb Hayes-Deats (*pro hac vice pending*)
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jshur@mololamken.com
chayes-deats@mololamken.com

Jennifer E. Fischell (*pro hac vice pending*)
MOLOLAMKEN LLP
430 Park Avenue
New York, New York  10022
(212) 607-8174 (telephone)
(212) 607-8161 (fax)
jfischell@mololamken.com

*Counsel for Defendant Carleton Nelson*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. On September 1, 2020, I will further send the document and a notification of such filing (NEF) to the following parties by e-mail:

| | |
|---|---|
| Travis Stuart Andrews (Va. Bar No. 90520)<br>Luke Michael Sullivan (Va. Bar No. 92553)<br>Elizabeth P. Papez<br>Patrick F. Stokes<br>Claudia M. Barrett<br>GIBSON DUNN & CRUTCHER LLP<br>tandrews@gibsondunn.com<br>lsullivan@gibsondunn.com<br>epapez@gibsondunn.com<br>pstokes@gibsondunn.com<br>cbarrett@gibsondunn.com<br><br>*Counsel for Plaintiffs* | Jeffrey R. Hamlin (Va. Bar No. 46932)<br>George R. Calhoun<br>James Trusty<br>IFRAH PLLC<br>jhamlin@ifrahlaw.com<br>george@ifrahlaw.com<br>jtrusty@ifrahlaw.com<br><br>*Counsel for Defendants Brian Watson and WDC Holdings LLC*<br><br>Edward T. Kang<br>Brian Frey<br>ALSTON & BIRD LLP<br>edward.kang@alston.com<br>brian.frey@alston.com<br><br>*Counsel for Defendant Casey Kirschner* |
| Dated: September 1, 2020 | _____/s/_____<br>Eric R. Nitz (Va. Bar No. 82471)<br>MOLOLAMKEN LLP<br>The Watergate, Suite 500<br>600 New Hampshire Avenue, N.W.<br>Washington, D.C. 20037<br>(202) 556-2021 (telephone)<br>(202) 536-2021 (facsimile)<br>enitz@mololamken.com<br><br>*Counsel for Defendant Carleton Nelson* |