# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC., *et al.*, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00484 |
| | ) Hon. Liam O'Grady |
| | ) |
| WDC HOLDINGS LLC., *et al.*, | ) |
| | ) |
| *Defendants.* | ) |

## ORDER

Before the Court is Defendant Brian Watson's Motion for Stay Pending Appeal, Dkt. 75. The matter was fully briefed and the Court dispensed with oral argument because it would not aid in the decisional process.

## I. BACKGROUND

Amazon sued WDC Holdings, Brian Watson, and others on April 27, 2020 alleging that Defendants participated in an illegal kickback scheme wherein the Defendant real estate companies and professionals "exploited relationships" with Amazon and defrauded Amazon out of approximately $17 million. Dkt 1. Amazon's requested relief pursuant to: (1) the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 § 1961 *et seq.*, alleging predicate acts of wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346; money laundering in violation of 18 U.S.C. § 1956; transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957; and violations of the Travel Act, 18 U.S.C. § 1952; (2) detinue pursuant to Va. Code § 8.01-114; (3) common law fraud; (4) tortious interference with contractual and/or business

1

relations; (5) civil conspiracy; (6) breach of contract; (7) unjust enrichment; (8) conversion and/or constructive trust; and (9) *alter ego*/piercing the corporate veil.

On June 6, 2020, this Court granted a preliminary injunction to prevent "immediate and irreparable damage" to Amazon from the potential "destruction, sale, [and/or] transfer" of assets by the Defendants. On July 8, 2020, Defendants filed a motion for a stay of the preliminary injunction pending appeal.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62(c) permits the Court to stay a preliminary injunction pending appeal upon consideration of four factors: (1) whether the applicant for the stay has made a strong showing that he is likely to succeed on the merits of his appeal, (2) whether the applicant for the stay will be irreparably injured if the stay is not granted, (3) whether the stay will substantially injure other parties interested in the proceeding, and (4) whether public interest requires the stay to be granted. *MicroStrategy, Inc. v. Bus. Objects, S.A.*, 661 F. Supp. 2d 548, 558 (E.D. Va. 2009). The Supreme Court has held that a traditional stay analysis will first consider factors (1) and (2), before moving on to factors (3) and (4). *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Defendants are not required to establish a certainty of success on appeal but must show at least a likelihood of that success. *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020), as amended (Jan. 14, 2020). Further, a showing of the required likelihood of success does not require that the Court concede it was incorrect or change its mind in order to grant a stay. *Realvirt, LLC v. Lee*, 220 F. Supp. 3d 704, 706 (E.D. Va. 2016). Rather, the question is whether the "issues presented on appeal could be rationally resolved in favor of the party seeking the stay. *Id.* (quoting *United States v. Fourteen Various Firearms*, 897 F.Supp. 271, 273 (E.D. Va. 1995)).

Because the standard of review on appeal is deferential to the ruling Court, Defendants must show abuse of discretion amounting to "clear error in factual findings or mistake of law" to show a likelihood of success on their appeal. *Roe*, 947 F.3d at 219. The Court was empowered to grant the preliminary injunction based on an analysis of the same factors at play for the stay pending appeal, because Amazon satisfied its burden to show likelihood of success on the merits of the action and irreparable harm to Amazon without the preliminary injunction. Dkt. 57 at 3.

## III. DISCUSSION

### A. Defendants' Likelihood of Success on Appeal

Defendants claim that the deficiencies in the Court's judgment are "serious" and "material defects" but fail to show any actual abuse of discretion. Dkt. 75 at 5. Defendants' claim that the Court's ruling on the issue of RICO violations was improper because Amazon alleged only "a narrow scheme for a limited time with few victims and an inherent end-point." Dkt. 75 at 6. However, the case Defendants quote to make this point says that "[p]redicate acts which arise under a single scheme... may be a pattern for RICO purposes if they are continuous and related." *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989). This is exactly what Amazon alleged, and the Court has already ruled on it by granting the preliminary injunction, thereby agreeing with Amazon that Amazon is likely to succeed on appeal.

Defendants also claim that they are likely to succeed on appeal because the preliminary injunction violated the Supreme Court's holding in *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, specifically that a "District Court [has] no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). However, *Grupo Mexicano* applies to cases involving money

3

damages only, with no lien or equitable interest in play. *U.S. ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 495 (4th Cir. 1999). Amazon included a claim for a constructive trust, which is an equitable remedy. Dkt. 116 at 19. Therefore, this injunction is not precluded by *Grupo Mexicano* and its granting was not an abuse of discretion.

### B. Irreparable Injury to Defendants

Defendants' strongest argument is that it will suffer irreparable injury if it is not granted the stay pending appeal. They claim that the amount required to be placed in escrow is a "make or break proposition..." Dkt. 75 at 10. However, as Amazon correctly points out, "simply showing some 'possibility of irreparable injury,'... fails to satisfy the second factor." *Nken v. Holder*, 556 U.S. 418, 434–435 (2009) (quoting *Abassi v. INS*, 143 F.3d 513, 514 (C.A.9 1998). Defendants say that the "collateral impact of [the preliminary injunction] threatens the jobs of Northstar's employees." Dkt. 75 at 10. But a threat alone is not enough. Defendant has failed to allege more than a possibility or threat of such harm.

Amazon also alleges that Defendants control assets "of at least tens of millions of dollars." Dkt. 116 at 24. These assets include, but are not limited to, a private jet valued at $3 million; a golf course estate (including a 20,000-square foot house), purchased for over $6 million; and a 35-acre Colorado ranch (including a 6,300-square foot house) all owned by Defendant Mr. Watson. *Id.* Amazon also alleges Defendant WDC Holdings possesses control over significant assets itself. Defendants have responded only to say that those assets are largely encumbered by debt and are not liquid. Dkt. 118 at 8. The existence of these assets, however, raises a substantial question as to the actual injury Defendants will suffer, and Defendants have failed to answer that question.

## C. Substantial Injury to Other Parties

Defendants argue that a stay is proper in part because Amazon will not be harmed if the stay is granted because, as one of the largest companies in the world, Amazon has the ability to recover from any injury Defendants could inflict. Dkt. 75 at 10. Defendant misstates the law, apparently replacing the phrase "substantially injure" with "irreparably injure." Defendants want to claim as a defense that Amazon can recover from any harm, but that does not make that harm insubstantial.

If the stay is granted, Defendants will no longer be bound by the preliminary injunction to place funds in escrow as potential reward for Amazon; Amazon will thus risk any award being payable in the event of a favorable ruling. Defendant claims that a stay would make it more likely that Amazon would receive any award it is entitled to at the end of proceedings, because "an operating Northstar should be preferable to a defunct one." Dkt. 75 at 11. Defendants then suggest that, by requesting the funds in question be put in escrow, Amazon seeks to run them out of business. *Id.* This logic is difficult to follow; Defendants request a stay on the preliminary injunction, while simultaneously acknowledging the risk that they will be unable to provide the funds that would be secured by the preliminary injunction. They argue in favor of a stay, but the logic of their argument supports upholding the preliminary injunction.

Defendants will also no longer be required to "return any and all Amazon confidential or otherwise non-public proprietary information in their possession except as necessary for use in this case." Dkt. 57 at 4–5. Defendants' retention and potential release of such information, which would be possible under a stay of the injunction, would substantially injure Amazon.

### D. Public Interest

Defendants argue that granting a stay would be in the public's interest because "the public has an interest in ensuring that injunctions comply with the law and that all parties are provided a fair opportunity to litigate on the merits." Dkt. 75 at 11. Amazon argues that public interest is already being protected by the preliminary injunction. Dkt. 116 at 29–30. In short, parties claim that public interest is on their side. The court is inclined to agree with Defendants' concession that "[t]here is no overwhelming public interest involved" in this case. Dkt. 75 at 11.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Stay Pending Appeal, Dkt. 75, is hereby **DENIED**.

It is **SO ORDERED**.

September 4, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge