**EXHIBIT 51**

*People v. Rodney C. Atherton.* **13PDJ037. November 7, 2013.**

The Presiding Disciplinary Judge approved the parties' conditional admission of misconduct and suspended Rodney C. Atherton (Attorney Registration Number 18702) for eighteen months, with four months to be served and the remainder stayed pending successful completion of a two-year period of probation, with conditions. The suspension takes effect November 15, 2013.

When Colorado law began to allow generous tax credits for conservation easements in the early 2000s, Atherton began to structure "transactions" whereby he created corporate entities to invest in other entities owning properties that could be donated for conservation easements. Atherton acted in multiple overlapping roles: he managed some of the entities he created, prepared legal documents to transfer properties, served on the board of directors for the charity that received the donated easements, recommended appraisers for the easements, prepared legal documents concerning the sale of some tax credits that resulted from the easement donations, and in some instances recommended—without adequate disclosure—that a client hire his father's company to prepare reports integral to the easement donation process. Because Atherton represented clients with conflicting interests and failed to disclose his personal and professional conflicts, many investors—some of whom were also Atherton's clients—suffered injury by having their tax credits disallowed.

In addition, Atherton structured a company managed by his brother but intentionally did not inform the company's investors, one of whom was also a client, that his brother had previously been accused of mismanaging a loan. Later, Atherton suspected his brother had stolen money from the company, investigated the matter, demanded his brother resign, and assumed a de facto manager role. Yet Atherton intentionally did not disclose to investors his suspicion that his brother had stolen money from the company.

Atherton violated Colo. RPC 1.7(a)-(b) (Version 2002) (limiting a lawyer's permission to represent a client where the representation is directly adverse to another client, or where the representation may be materially limited by the lawyer's responsibilities or interests); 1.8(a) and (f) (Version 2002) (restricting the circumstances in which a lawyer may enter into a business transaction with a client or knowingly acquire a pecuniary interest adverse to the client, and the circumstances in which a lawyer may accept fees for representing a client from one other than the client); 1.3 (Version 2002) (a lawyer shall exercise reasonable diligence and promptness); 1.4(a)-(b) (Version 2002) (a lawyer shall keep a client reasonably informed about the status of a matter, promptly comply with reasonable requests for information, and explain a matter so that a client can make informed decisions); and 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).