UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Amazon.com, Inc., *et al*. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> WDC Holdings LLC, *et al*. ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:20-cv-484 (LO/TCB) |

**OPPOSITION TO MOTION TO REQUIRE PLAINTIFFS
TO FILE AND SERVE A PARTIALLY UNREDACTED COPY
OF EXHIBIT 2 TO THE SECOND AMENDED COMPLAINT**

On behalf of the non-party author of Exhibit 2 to plaintiffs' Second Amended Complaint, the undersigned counsel submits this opposition to the "Motion and Memorandum of Law to Require Plaintiffs to File and Serve a Partially Unredacted Copy of Exhibit 2 to the Second Amended Complaint" (the "Motion").[1]

The Motion has several fatal flaws. First, the law cited in the Motion is wholly inapplicable to the situation at issue in this case. The cases cited purportedly in favor of disclosure all concern the withholding from the public of information available to the litigants and the courts. The justification for those decisions is that the judicial process in this country is to be open to observation by the public. *See, e.g.*, *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The reason for allowing the public access to court records is "so that the public can judge the product of the courts in a given case." *Id.*, citing *Columbus-*

---

[1] In having counsel submit this, the non-party author does not waive objections to the jurisdiction of this court over him/her.

*America Discovery Group v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir.2000).  In order to evaluate a court's decision, one must know the information on which that decision is based.

Nothing in those decisions says anything about requiring a party to provide certain information in its pleadings.  Nothing in those decisions says anything about the revelation of information that is not known to the Court or to the litigants, as sought by the Motion.  As things currently stand, the public has access to the same information as the Court, at least with regards to the information at issue in the Motion.  Indeed, the Motion seeks a result directly contrary to the case law on which it relies.  It seeks to have information revealed to the Court and litigants, but kept secret from the public under the protective order entered in this case.

The law that actually addresses this situation requires denial of the Motion.  The use of confidential informants, and the protection of their confidentiality is well recognized in civil litigation:  "Plaintiffs who rely on confidential sources are not always required to name those sources."  *Novak, Nieman, et al. v. Kasaks, et al.*, 216 F.3d 300, 313 (2d Cir. 2000).  In *Novak*, plaintiffs relied on confidential sources to make allegations necessary to meet the heightened pleading standards on the Private Securities Litigation Reform Act ("PLSRA").  In declining to require disclosure of confidential informants, the court observed that

> Imposing a general requirement of disclosure of confidential sources serves no legitimate pleading purpose while it could deter informants from providing critical information to investigators in meritorious cases or invite retaliation against them.

*Id*. at 314.  Rather, the court is to evaluate the pleading as a whole, considering both the information from confidential sources and other facts, to determine whether the pleading requirements are met.  Although it may be that the decision not to reveal certain information renders a complaint inadequate to meet the necessary pleading standard, that is a plaintiff's decision to make.

*Novak* "has been endorsed by the First, Third, Fifth, Seventh, Eighth, Ninth, and Tenth Circuits."  Ethan D. Wohl, Confidential Informants in Private Litigation: Balancing Interests in Anonymity and Disclosure, 12 Fordham J. Corp. & Fin. L. 551, 559-60 (2007) (available at: https://ir.lawnet.fordham.edu/jcfl/vol12/iss3/3), citing *In re Cabletron Sys., Inc.*, 311 F.3d 11, 28-30 (1st Cir. 2002), *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 146-47 (3d Cir. 2004), *ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 351-52 (5th Cir. 2002), *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 596 (7th Cir. 2006), *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 667-68 (8th Cir. 2001), *In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006, 1015 (9th Cir. 2005), and *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1101 (10th Cir. 2003).  The Fourth Circuit also endorsed and followed *Novak*.  *Teachers' Retirement System of La v. Hunter*, 477 F.3d 162, 174 (4th Cir. 2007).  The law simply does not authorize the relief sought by the Motion.

Moreover, the Motion in this case falls far short of even raising the justification for revealing confidential information that was rejected in *Novak* and its progeny.  The Motion does not establish that the confidential information is necessary to satisfy a pleading requirement for any of the claims for relief.  Rather, the information appears to be not relevant.  Movants assert that the identity of the author "may have … implications" for their motion to dismiss.  Motion at 4.  This assertion fails for at least two reasons.  First, it is well settled that a motion to dismiss is to be decided based only on the allegations included in the complaint and any exhibits attached to the complaint.  The identity of the author of Ex. 2 is not within that universe.  Simple application of the well accepted standard thus excludes the identity from consideration on a motion to dismiss.

Second, movant's claim that the author's identity is relevant because it could rebut Amazon's claim of an "enterprise" under the RICO act is not well founded. Movants do not explain how the allegations of an enterprise would be rebutted. They do note, however, that the enterprise included "thirteen defendants, including ten separate entities." Motion at 4. The identity of those thirteen alleged members of the enterprise is set out in the complaint. The entities appear to have been formed by and managed by the individual defendants or their business associates. Defendants thus have the information necessary to make any arguments that can be made as to how or why those entities and the individual defendants could not form an enterprise or engage in RICO acts as an enterprise.

Moreover, the issue is not one of identifying an otherwise unknown witness. Defendants know, or should know, who their employees were, who they hired as consultants, who their investors were, who their bankers were, and a whole litany of other people who would have had knowledge of the matters at issue in this case. The only thing they don't know is which one of the people in that universe wrote the email in question. Indeed, if defendants' counsel does not already know about the author, without obviously knowing that he/she is the author of the email, then disclosure of the author's name will be of no value to them. Movants have offered no reasons, and none are apparent, why the fact that someone chose to write an email would in any way affect an analysis of whether the enterprise allegations, or any other allegations in the complaint, meet the required pleading standard.

In any event, to the extent that the allegation of an enterprise, or any other allegation in the complaint, depends solely on Exhibit 2 to the Second Amended Complaint, or on the identity of the author of that exhibit, movants (and all other defendants) can follow the procedure

outlined in *Novak* and its progeny.  They can argue that the Court should not give weight to information from anonymous sources.

In addition to the legal reasons for denying the Motion, there are important practical ones as well.  The author of the email sent it in confidence to Amazon.  The email itself states, "This letter is being shared in confidence and do not want my name, company, or contact information disclosed to anyone other than your legal department at this point."  The author of the email sought anonymity, and seeks to remain anonymous, because he/she has reasonable concerns for both his/her personal safety, and for his/her current business activities.

In support of this assertion, the undersigned proffers the following facts, to which the author of the anonymous email would testify, through a declaration or otherwise, were there a mechanism for doing that which did not disclose his/her identity and thereby defeat the whole purpose of this submission.

The author worked closely with defendant Brian Watson for several years.  The author met with Mr. Watson regularly, roughly weekly, and talked with him more frequently than that.  The author spent time with Mr. Watson in offices, at meals, and at other locations.  Through his/her interactions, communications, and dealings with Mr. Watson, the author came to know Mr. Watson as a narcissistic sociopath.  Mr. Watson is very calculating, and extremely controlling.  He demonstrated deceitfulness, callousness, hostility, irresponsibility, and a lack of empathy.  The author observed that Mr. Watson would never admit that he did anything wrong, and would never take responsibility for anything that went wrong.  Instead, he would blame everyone else.  The author observed Mr. Watson act impulsively, rashly, and make snap judgments when he got upset.  For example, the author was aware that Mr. Watson hastily fired an employee when Mr. Watson thought the employee had disrespected Mr. Watson.

Another example of this can be seen in Exhibit 1 to the Second Amended Complaint, which is an email Mr. Watson sent after being visited by the FBI. An unredacted version is attached as an exhibit, under seal, to this opposition. In addition to being a rash and impulsive act in response to the FBI's visit, in that email Mr. Watson writes about using guns to end human life. Consistent with the author's previous observations, Mr. Watson blames others for causing this, such his ex-wife, ("Patricia – you finally got your wish, in having me end my life. Your greed, hate, and vindictive nature and actions have finally taken their toll. … Congratulations.") and the FBI agents ("Christopher and Raul – Your actions have real consequences on real people, even though you are 'just doing your job'."). Mr. Watson's calculating nature is shown by his decision to use a rifle rather than a hand gun, to try to control the way gun-control activists react. The author justifiably has concerns about what Mr. Watson might do to the author if the author's identity were known.

In addition, the author is aware of another of the defendants, Casey Kirschner, threatening people. Mr. Kirschner said words to the effect that "somebody who messes with my livelihood or family will have to pay" or "is going to pay." That attitude could easily be directed at the author.

The author also is aware more generally that actions Amazon, and perhaps others, might take in response to the email could result in people losing jobs or losing income. Some of those likely would be upset, and would want to blame the messenger (the author) for their loss. The author fears attempts at retribution from those as well.

Finally, disclosing the author's identity under the attorneys' eyes only protection of the protective order in this case would not provide adequate protection. More particularly, the lack of need for the author's identity, and the lack of a legal basis for requiring it, mean there is no

basis sufficient to justify the risk of broader disclosure even under an attorneys' eyes only protection, and the resultant potential for harm to the author.  Use of information about the author in motions or other papers filed with the court, such as that he/she held certain positions or was involved in certain meetings, could provide enough detail for defendants to figure out his/her identity.  No justification has been offered for exposing the author to that risk.

## CONCLUSION

For the foregoing reasons, the non-party author of Exhibit 2 to the Second Amended Complaint respectfully requests that the Court deny the Motion

Respectfully submitted,

Dated:  November 10, 2020

_____/s/_____
Kevin B. Bedell (Va. Bar No. 30314)
e-mail:  kbbedell@outlook.com
1309 Capulet Court
McLean, Virginia  22102
Tel:  (703) 963-6118

*Counsel for the non-party author of Ex. 2*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of November, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Travis Stuart Andrews (Va. Bar No. 90520)
>Luke Michael Sullivan (Va. Bar No. 92553)
>Elizabeth P. Papez
>Patrick F. Stokes
>Claudia M. Barrett
>GIBSON DUNN & CRUTCHER LLP
>tandrews@gibsondunn.com
>lsullivan@gibsondunn.com
>epapez@gibsondunn.com
>pstokes@gibsondunn.com
>cbarrett@gibsondunn.com
>*Counsel for Plaintiffs*
>
>Jeffrey R. Hamlin (Va. Bar No. 46932)
>George R. Calhoun
>James Trusty
>IFRAH PLLC
>jhamlin@ifrahlaw.com
>george@ifrahlaw.com
>jtrusty@ifrahlaw.com
>*Counsel for Defendants Brian Watson and WDC Holdings LLC, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager*
>
>Eric R. Nitz (Va. Bar No. 82471)
>Justin V. Shur (admitted *pro hac vice*)
>Caleb Hayes-Deats (admitted *pro hac vice*)
>MOLOLAMKEN LLP
>The Watergate, Suite 500
>600 New Hampshire Avenue, N.W.
>Washington, D.C. 20037
>(202) 556-2021 (telephone)
>(202) 536-2021 (facsimile)
>enitz@mololamken.com
>
>Jennifer E. Fischell (admitted *pro hac vice*)

Case 1:20-cv-00484-LO-TCB   Document 222-1   Filed 11/10/20   Page 9 of 9 PageID# 9052

MOLOLAMKEN LLP
430 Park Avenue
New York, New York 10022
(212) 607-8174 (telephone)
(212) 607-8161 (fax)
jfischell@mololamken.com
*Counsel for Defendants Carleton Nelson
and Cheshire Ventures LLC*

In addition, I will then send the document and notification of such filing (NEF) to the following party by United States Mail:

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
*Pro se*

_____/s/_____
Kevin B. Bedell (Va. Bar No. 30314)
e-mail:  kbbedell@outlook.com
1309 Capulet Court
McLean, Virginia  22102
Tel:   (703) 963-6118

*Counsel for the non-party author of Ex. 2*

-9-