**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-LO-TCB |

**PLAINTIFFS' RESPONSE TO DEFENDANTS CARLETON NELSON AND CHESHIRE VENTURES LLC'S MOTION TO REQUIRE PLAINTIFFS TO FILE AND SERVE A PARTIALLY UNREDACTED COPY OF EXHIBIT 2 TO THE SECOND AMENDED COMPLAINT**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. hereby respond to the motion that Carleton Nelson and Cheshire Venture ("Defendants") filed for an order requiring Plaintiffs to reveal the identity of Confidential Informant 1, an individual who reported some of Defendants' misconduct to Amazon in December 2019.  Dkt. 152-2.

Confidential Informant 1 has retained counsel who filed today a motion to intervene for the limited purpose of responding to Defendants' motion, including the substance of the safety concerns the informant raised with Amazon.  Dkts. 222, 222-1.  Amazon does not oppose the motion to intervene, and defers to Confidential Informant 1 and the Court on the merits of the

informant's concerns if the Court chooses to reach them, which Amazon respectfully submits it need not.

Defendants' core argument—that the informant's identity "may have significant implications for [their] pending motion to dismiss," Dkt. 205 at 4—does not withstand scrutiny. Defendants have already filed their motions to dismiss. Dkts. 175, 176, 182. And as informant's counsel correctly states, these motions must be decided "based only on the allegations included in the complaint and any exhibits attached to the complaint." Dkt. 222-1 at 3. The informant's identity "is not within that universe," and is thus "exclude[d] … from consideration on a motion to dismiss." *Id.*

Defendants were of course free to argue that the Court should not credit certain factual allegations absent this identifying information. But their motions do not make this argument, and for good reason. It is perfectly proper for a complaint to plead information from confidential sources. *See Teachers' Ret. Sys. Of Louisiana v. Hunter*, 477 F.3d 162, 174 (4th Cir. 2007); *Novak v. Kasaks*, 216 F.3d 300, 313–14 (2d Cir. 2000). The reason is that civil pleading standards require only "a short and plain statement" of facts sufficient to put the defendant on notice of the claims against him. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). Here, Amazon could have met this standard by pleading the facts that triggered its investigation with no attribution at all. Such allegations would be entitled to the presumption of truth that applies at the Rule 12 stage. *See, e.g.*, *Marsh v. Curran*, 362 F. Supp. 3d 320, 326 (E.D. Va. 2019). And even the complete absence of the initial reporting allegations would not affect the sufficiency of Amazon's complaint because it is supported by a host of other allegations that have nothing to do with the informant, and are grounded in evidence that far exceeds notice pleading standards. That

is apparent from this Court's injunction orders, which find the claims not only well pled, but "likely to succeed on the merits."  Dkts. 57, 99, 137.

On this record, Defendants' motion is at best a premature discovery request for information they want to use to make a "credibility determination[]" that is "inappropriate at the motion to dismiss stage."  *McCloud v. Funaiock*, No. 4:15CV5, 2015 WL 13439761, at *3 (E.D. Va. Aug. 17, 2015); *see also, e.g.*, *Moody v. City of Newport News, Va.*, 93 F. Supp. 3d 516, 528 (E.D. Va. 2015) ("question[s] of credibility and weight of the evidence . . . [are] not before a court considering a motion to dismiss") (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008)); *Latson v. Clarke*, 249 F. Supp. 3d 838, 860 (W.D. Va. 2017) ("credibility determinations . . . cannot be resolved on a motion to dismiss") *see also* Dkt. 222-1 at 3 (collecting cases). Defendants cite no contrary authority.  And their motion contradicts their refusal to engage any discovery issues with Plaintiffs, even on preliminary matters like finalizing the ESI protocol.

For the foregoing reasons, Amazon respectfully submits that Defendants' motion is unripe. If, however, the Court reaches the merits, counsel for Confidential Informant 1 has provided the Court with additional details about the informant's safety concerns that support the motion to intervene and the informant's objections to Defendants' motion.  When Amazon agreed to consider Defendants' request in the first instance, it relayed the request to the affected informant.  In response, the informant and his/her counsel told Amazon that revealing the informant's identity even to Defendants' attorneys would pose a serious risk to the informant's personal safety and security.  *See* Dkt. 205 at 3.  Based on this information, Amazon told Defendants that it could not volunteer the informant's identity, but would respond as appropriate to any motions addressing Defendants' demands and the informant's concerns.  The intervention and opposition motions that the informant filed today elaborate those concerns:

> Mr. Watson as a narcissistic sociopath. Mr. Watson is very calculating, and extremely controlling. He demonstrated deceitfulness, callousness, hostility, irresponsibility, and a lack of empathy. . . . The author observed Mr. Watson act impulsively, rashly, and make snap judgments when he got upset. . . . In addition to being a rash and impulsive act in response to the FBI's visit, in that email Mr. Watson writes about using guns to end human life. . . .
>
> The author justifiably has concerns about what Mr. Watson might do to the author if the author's identity were known.  In addition, the author is aware of another of the defendants, Casey Kirschner, threatening people. Mr. Kirschner said words to the effect that "somebody who messes with my livelihood or family will have to pay" or "is going to pay." That attitude could easily be directed at the author.

Dkt. 222-1 at 5–6.  Amazon is not in a position to validate these concerns on the merits, but believes they are reasonable, genuine, and asserted in good faith.  Accordingly, and because the informant's identity has no bearing on the sufficiency of Amazon's claims at this stage of the case, the disclosure Defendants request will serve only to threaten this informant and deter witness cooperation in contravention of settled law and Defendants' own objections to discovery and case transparency.  Indeed, Defendants have refused even to identify all counsel who represent them, and thus which "attorneys" would receive the informant's identity under the "Highly Confidential—Attorneys' Eyes Only" designation Defendants propose.  Dkt. 205.

If the Court concludes that Defendants' motion is ripe for adjudication, Amazon supports oral argument as counsel for Confidential Informant 1 has requested (Dkt. 222-3).  *See* E.D. Va. Local Civ. R. 7(E) ("The non-moving party also may arrange for a hearing.").  In such circumstances, Amazon's support for a hearing would override Defendants' waiver, Dkt. 206, because they failed to "arrange with" Amazon's counsel the "submission of the[ir] motion without oral argument," as Local Civil Rule 7(E) requires.[1]

---

[1]  Indeed, and for that reason, the pending "motion shall be deemed withdrawn" by November 30, 2020—i.e., the day following "thirty (30) days after the date on which the motion [was] filed"—unless the Court "otherwise order[s]."  E.D. Va. Local Civ. R. 7(E); *see also, e.g.*, *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12CV525, 2014 WL 12659869, at *1 & n.1 (E.D.

Dated: November 10, 2020        Respectfully submitted,

_s/ Travis S. Andrews_
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Travis S. Andrews (Va. State Bar No. 90520)
Luke M. Sullivan (Va. State Bar No. 92553)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
tandrews@gibsondunn.com
lsullivan@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

---

Va. Feb. 21, 2014) (motion subject to Court's withdrawal under Local Civil Rule 7(E) where movant fails to request oral argument or "arrange with opposing counsel for submission of the motion without oral argument") (quotation marks omitted).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2020, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system.  I will send then send the document and a notification

of such filing (NEF) to the following parties via U.S. mail to their last-known address, and via

email where noted:

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital
LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Finbrit Holdings LLC
Paracorp Inc.
1920 Thomes Ave., Ste. 610
Cheyenne, WY 82001

AllCore Development, LLC
c/o CT Corporation System
1908 Thomes Ave.
Cheyenne, WY 82001

Kevin Bedell
By email: kbbedell@outlook.com

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

*s/ Travis S. Andrews*
Travis S. Andrews (Va. State Bar No. 90520)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
tandrews@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon
Data Services, Inc.*