IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; JOHN DOES 1-20, <br><br> Defendants. | Case No. 1:20 Civ. 484 |

**REPLY IN SUPPORT OF MOTION TO REQUIRE PLAINTIFFS TO FILE
AND SERVE A PARTIALLY UNREDACTED COPY OF EXHIBIT 2 TO THE
SECOND AMENDED COMPLAINT AND TO EXPEDITE BRIEFING**

Amazon did not have to attach the email identified as Exhibit 2 to its Second Amended Complaint. But it did. And having done so—presumably for some perceived litigation advantage—Amazon must take the bad with the good. It cannot withhold non-privileged parts of that exhibit from the Court and from Defendant Carleton Nelson's counsel. The arguments of Amazon and the email's author lack merit. Amazon meekly claims that the author's identity is not a part of the allegations against Mr. Nelson. It is. ***Amazon*** attached the email to the complaint. Amazon claims the author's identity is irrelevant to Mr. Nelson's pending motion to dismiss. But in our adversarial system, Mr. Nelson decides what arguments to advance in

support of his motion, not Amazon.  The email's author proffers supposed safety concerns in support of confidentiality, which Amazon only half-heartedly endorses.  But those vague allegations—***none*** of which involve ***Mr. Nelson***—offer no basis for withholding the information from the Court and Mr. Nelson's counsel.  And neither the email's author nor Amazon gives any persuasive reason why the "Attorneys' Eyes Only" designation under the protective order fails to alleviate those safety concerns.

The specific and limited information at issue—a partially unredacted copy of Exhibit 2—may be relevant, indeed critical, to Mr. Nelson's pending motion to dismiss and soon-to-be-filed reply in support of that motion.  Having attached the email to its complaint, Amazon has no absolute right to unilaterally hide non-privileged information in that email from the Court and from Mr. Nelson.

## ARGUMENT

1.      Amazon cannot conceal from Mr. Nelson's counsel the identity of the author of the email attached as Exhibit 2 to Amazon's Second Amended Complaint.  As an exhibit to the complaint, the email is "part of the pleading for ***all*** purposes."  Fed. R. Civ. P. 10(c) (emphasis added).  Exhibit 2 is thus a judicial record to which the public—including Mr. Nelson—has a common-law and constitutional right of access.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016); *FTC v. AbbVie Prods. LLC*, 713 F.3d 54, 62-63 (11th Cir. 2013); *Courthouse News Serv. v. Schaefer*, 440 F. Supp. 3d 532, 557 (E.D. Va. 2020).  As the parties seeking to hide the information, Amazon and the email's author must carry the burden that their redactions to Exhibit 2 are appropriate.  *See Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *see also* E.D. Va. Local Civ. R. 5(B), (C).[1]

---

[1] The author argues that Mr. Nelson's motion "seeks a result directly contrary to the [judicial record] case law on which it relies" because the motion "seeks to have information revealed to

Neither Amazon nor the author even tries to carry that burden. Nor is it clear that Amazon even has standing to oppose Mr. Nelson's request. Amazon claims no independent confidentiality interest in Exhibit 2 and identifies no injury that Amazon will suffer from disclosure of an unredacted version of the email. Instead, both Amazon and the author claim that the author's identity "is not within th[e] universe" of "the allegations included in the complaint and any exhibits attached to the complaint." Dkt. 222-1 ("Author Opp.") at 3; Dkt. 226 ("Amazon Opp.") at 2. Nonsense. The author's identity **is part of** Exhibit 2 to the complaint. Dkt. 155-2; *see also* Dkt. 12-5; Dkt. 106-2. Amazon's unilateral decision to redact that information does not remove the name from the "universe" of "allegations" and "exhibits." It cannot change the fact that the name of the email's author is there, underneath the black ink that Amazon applied to the document to mask the author's identity. The author suggests that hiding this information from the Court somehow justifies withholding the name from Mr. Nelson. Author Opp. 2. But that does not cure the violation; it compounds it.

"[I]f a plaintiff 'attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim.'" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 182 (4th Cir. 2013); *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991). Amazon has

---

the Court and litigants, but kept secret from the public." Dkt. 222-1 ("Author Opp.") at 2. That argument is puzzling. For one thing, precedents permitting **public access** to Exhibit 2 necessarily support the more limited disclosure under the protective order that Mr. Nelson seeks. And, in any event, to the extent this Court concludes the precedents require public disclosure of the author's identity—and the law may so require, given the weakness of the author's supposed safety concerns, *see* pp. 5-7, *infra*—Mr. Nelson has no objection to public disclosure. Mr. Nelson has merely offered to receive the information subject to the protective order, and seeks that relief now, in an effort to compromise and to assuage the author's safety concerns, unfounded as they may be.

handicapped Mr. Nelson's ability to make—and the Court's ability to assess—such arguments by selectively redacting information from Exhibit 2. Amazon maintains that it "could . . . plead[ ] the facts that triggered its investigation with no attribution at all." Amazon Opp. 2. Perhaps. But that is not what Amazon did. In choosing to attach the email to its complaint, Amazon must now bear the consequences of that decision. The ***entire document*** (or, at least, the non-privileged part) is "part of the complaint" and must be made available to Mr. Nelson's counsel so that he can assess whether to argue that " 'the document negates the claim.' " *Goines*, 822 F.3d at 166.[2]

The author's identity may do just that. Amazon alleges that Mr. Nelson participated in a ***single*** "association-in-fact enterprise," which requires evidence of a single, "continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 948 (2009). But if the author of Exhibit 2 also participated in the alleged scheme, his or her cooperation with Amazon undermines the notion that the enterprise was a single cohesive unit acting with common purpose. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 375 (3d Cir. 2010). Amazon argues that the author's identity is not relevant to Mr. Nelson's motion to dismiss, explaining that the author's identity "would not affect the sufficiency of [its] complaint." Amazon Opp. 2. The author argues similarly. Author Opp. 4.[3] But in an adversarial system, that judgment is neither Amazon's nor the author's to exercise: Mr. Nelson and his counsel decide what arguments to advance in support of their motion, not Amazon. And, more fundamentally, Mr. Nelson has no obligation to show relevance here. Amazon attached the document to the complaint. The

---

[2] Indeed, if Amazon as plaintiff may selectively redact exhibits to a complaint, then *Goines* is a dead letter. Any savvy plaintiff attaching exhibits to a complaint will always redact information that "negates the claim."

[3] It is hard to see how the Court could even assess the merits of Amazon's argument on this point without knowing the identity of the author. Mr. Nelson's ability to respond is similarly hampered by the author's anonymity.

document is thus part of the pleading "for all purposes," and Mr. Nelson is entitled to all non-privileged information that it contains.[4]

Amazon's and the author's reliance on *Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000), is misplaced. Amazon Opp. 2-3; Author Opp. 2-3. The plaintiff in *Novak* did not attach selectively redacted materials to the complaint. The *Novak* plaintiff simply declined to identify an individual's identity within the complaint's allegations.[5] Amazon could have taken that approach here, but did not. Amazon's further attempt to cast this dispute as "a premature discovery request" is off-base. Amazon Opp. 3. The question is not whether the author's identity is presently discoverable under Rule 26. The question is whether Amazon can strategically inject a

---

[4] Amazon's suggestion (at 2) that "Defendants have already filed their motions to dismiss" also is beside the point. Mr. Nelson's counsel has been requesting this information since September 18, 2020—well before his motion to dismiss came due. *See* Dkt. 205-1 at 7-8.

[5] Like *Novak*, every single case cited by the author and by Amazon involves a purported omission from the complaint itself. None involves selectively redacted material from an exhibit to the complaint. And, in some of those cases, the court actually dismissed the complaint because it failed to plead sufficient information about the confidential source. *See Tchrs.' Ret. Sys. of La. v. Hunter*, 477 F.3d 162, 179-82 (4th Cir. 2007) (affirming dismissal of complaint that relied on conclusory references to statements from confidential sources); *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 596 (7th Cir. 2006) (rejecting "bright line rule" requiring the identity of anonymous sources referenced in a complaint), *vacated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *In re Daou Sys., Inc., Secs. Litig.*, 411 F.3d 1006, 1015 (9th Cir. 2005) (same); *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 146-47, 166 (3d Cir. 2004) (affirming dismissal of complaint that, among other things, failed to plead sufficient details about anonymous statements); *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1101 (10th Cir. 2003) (rejecting rule requiring disclosure of anonymous sources and adding that plaintiffs need not, and in this case did not, provide documentary evidence with the complaint); *In re Cabletron Sys., Inc.*, 311 F.3d 11, 20-21 (1st Cir. 2002) (same); *ABC Arbitrage Pls. Grp. v. Tchuruk*, 291 F.3d 336, 353-55 (5th Cir. 2002) (affirming dismissal of complaint for, among other reasons, failing to provide sufficient details about anonymous statements); *Fla. State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 667-68 (8th Cir. 2001) (noting that PLRA plaintiffs need not identify sources that are merely referenced in a complaint); *see also Confidential Informants in Private Litigation: Balancing Interests in Anonymity and Disclosure*, 12 Fordham J. Corp. & Fin. L. 551, 562 & n.70 (2007) (not speaking directly to the issue of redacting material attached to a complaint but finding "no reported examples" of a plaintiff "supplementing a complaint with materials supplied in camera and ex parte). That distinction is critical.

document into its complaint and then black out those parts of the document that Amazon does not like. On that point, the law is unambiguously clear: Amazon cannot. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("[W]e consider it improper for the district court to delegate its authority to [redact judicial documents]."). Indeed, neither Amazon nor the author can cite a single case involving the unilateral redaction of non-privileged material from an exhibit to the complaint.

2. The author's reliance on purported safety concerns gets the author nowhere. For starters, the author's concerns involve Brian Watson and Casey Kirschner—**not Mr. Nelson**. Author Opp. 5-6. Those concerns thus are no basis for withholding this information from Mr. Nelson's counsel, and—tellingly—the author cites not a single case to suggest otherwise.

In any event, designation of the information as Attorneys' Eyes Only under the protective order ameliorates any safety concern. The author's and Amazon's arguments that the protective order is inadequate are meritless. The author complains that the information might be used in "motions or other papers filed with the court." Author Opp. 7. But the Court has procedures for such filings—procedures that have already been used by the parties without incident. *See* Dkt. 180; Dkt. 55; E.D. Va. Local Civ. R. 5(C). The author further suggests that disclosure under the protective order "risk[s] . . . broader disclosure." Author Opp. 7. Amazon argues similarly that disclosure will "threaten this informant and deter witness cooperation." Amazon Opp. 4. These allegations—essentially, that counsel for Mr. Nelson will not abide by their obligations under the protective order and will intimidate witnesses—are outrageous, insulting, entirely without basis, and categorically false.[6]

---

[6] Amazon suggests defendants "have refused even to identify all counsel who represent them." Amazon Opp. 4. But Mr. Nelson's counsel have executed Exhibit A to the protective order, are all officers of the Court, and take their obligations under the protective order seriously.

6

The adequacy of the Attorneys' Eyes Only designation is underscored by the vague and speculative nature of the author's supposed safety concerns. Despite "work[ing] closely with defendant Brian Watson for several years," the author fails to cite even one instance of Mr. Watson acting violently toward others or directing hostility of any kind toward the author personally. Author Opp. 5. The few details the author does provide cry out to be struck as "scandalous matter." Fed. R. Civ. P. 12(f). Unless the author is Mr. Watson's treating psychiatrist, the author has no basis to diagnose Mr. Watson "as a narcissistic sociopath." Author Opp. 5; *see, e.g.*, *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1261-62 (11th Cir. 2004) (affirming finding that even a licensed counselor was unqualified to opine on "'an individual's mental capacity'"). The vague statement that the author attributes to Casey Kirschner is equally insufficient to support a credible safety concern. *Cf. United States v. Pesaturo*, 519 F. Supp. 2d 177, 186-87 (D. Mass. 2007) (requiring disclosure of informant's identity in part because the stated "safety concerns" were "more speculative than real"); *Utley v. Acevedo*, No. 15 Civ. 1086, 2016 WL 4417728, at *5 (E.D. Cal. Aug. 19, 2016) (noting that "a vague assertion based on safety and security concerns" was insufficient to withhold an informant's identity). And the author's fear of "retribution" by unspecified "people" who have "los[t] jobs or . . . income" as a result of Amazon's actions in response to the email, Author Opp. 6, is completely speculative and insufficient to justify non-disclosure in any event, *see United States ex rel. Wenzel v. Pfizer, Inc.*, 881 F. Supp. 2d 217, 221 (D. Mass. 2012) ("[A] relator's general fear of retaliation is insufficient to rebut the presumption of public access.").

    3.    The remaining arguments hardly merit discussion. The author claims to have sent the email "in confidence." Author Opp. 5. But the author sent the email voluntarily with no advance promises of confidentiality, identified him or herself by name, and made a ham-fisted

effort to squeeze "compensation or some sort of professional engagement" out of Amazon. *See* Dkt. 155-2 at 3. When Amazon filed the author's email with the Court—three times, Dkt. 12-5; Dkt. 106-2; Dkt. 155-2—it either did not ask the author's consent, obtained it, or proceeded over the author's objection. In any event, ***Amazon's*** actions put the author's identity at issue, not Mr. Nelson's. And even if Amazon agreed not to "volunteer the informant's identity," judicial disclosure obligations routinely cut through private confidentiality agreements. *See, e.g.*, *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 736-38 (S.D.N.Y 2018) (denying motion to seal references "to confidential matters contained in [a] Settlement Agreement" in part because the parties had already revealed details about the agreement in judicial documents); *Lown v. Salvation Army, Inc.*, No. 04 Civ. 1562, 2012 WL 4888534, at *3 (S.D.N.Y Oct. 12, 2012) (concluding that the parties' prior confidentiality agreements did not outweigh the public's right of access). The author further invokes "reasonable concerns for . . . his/her current business activities." Author Opp. 5. But the author cites no authority to support the assertion that such concerns merit complete confidentiality here, because no such authority exists. *See United States ex rel. Permision v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) (concluding that "a general apprehension that [plaintiff's] former employer might somehow interfere with his career prospects" could not justify sealing a complaint); *see also United States v. King Pharms., Inc.*, 806 F. Supp. 2d 833, 842 (D. Md. 2011) (same).

## CONCLUSION

Mr. Nelson asks that his counsel and the Court have information relevant to his pending motion to dismiss. Though there is no basis to shield the author's name from the public, Mr. Nelson is willing to meet Amazon and the author halfway for now and designate that information as "Attorneys' Eyes Only." The Court should grant that reasonable request.

Dated:  November 13, 2020

Respectfully submitted,

/s/
Eric R. Nitz (Va. Bar No. 82471)
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2021 (telephone)
(202) 536-2021 (facsimile)
enitz@mololamken.com


Justin V. Shur (admitted *pro hac vice*)
Caleb Hayes-Deats (admitted *pro hac vice*)
Kenneth E. Notter III (*pro hac vice* pending)
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jshur@mololamken.com
chayes-deats@mololamken.com

Jennifer E. Fischell (admitted *pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, New York  10022
(212) 607-8174 (telephone)
(212) 607-8161 (fax)
jfischell@mololamken.com

*Counsel for Defendants Carleton Nelson and Cheshire Ventures LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. On November 13, 2020, I will further cause the document and a notification of such filing (NEF) to be sent to the following parties by email or mail:

Travis Stuart Andrews (Va. Bar No. 90520)
Luke Michael Sullivan (Va. Bar No. 92553)
Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
GIBSON DUNN & CRUTCHER LLP
tandrews@gibsondunn.com
lsullivan@gibsondunn.com
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com

*Counsel for Plaintiffs*

Kevin Bedell
kbbedell@outlook.com

*Counsel for Author of Ex. 2*

Jeffrey R. Hamlin (Va. Bar No. 46932)
George R. Calhoun
James Trusty
IFRAH PLLC
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for Defendants Brian Watson and WDC Holdings LLC, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager*

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
casey.kirschner@gmail.com

*Pro se*

Dated: November 13, 2020

　　　　　　　/s/
Eric R. Nitz (Va. Bar No. 82471)
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2021 (telephone)
(202) 536-2021 (facsimile)
enitz@mololamken.com

*Counsel for Defendants Carleton Nelson and Cheshire Ventures LLC*