UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 1:20-cv-484 (LO/TCB) |
| | ) |
| WDC HOLDINGS LLC | ) |
| dba NORTHSTAR PARTNERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s ("Plaintiffs") Motion & Memorandum in Support Thereof for Leave to File under Seal Certain Documents in Support of Plaintiffs' Opposition to the Motion of Defendants Carleton Nelson and Casey Kirschner to Transfer Venue. (Dkt. 208.) Plaintiffs seek leave to file under seal an unredacted version of their Opposition to the Motion of Defendants Carleton Nelson and Casey Kirschner to Transfer Venue ("Opposition") and an unredacted version of the Declaration of Lora E. MacDonald in support thereof ("Declaration") and accompanying Exhibits 1-11 and 18. (Dkts. 211, 213.)

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

Upon consideration of Plaintiffs' filings, the Court makes the following findings.

First, Plaintiffs have provided public notice of their request to seal and interested parties have been given a reasonable opportunity to object. Plaintiffs filed their motion to seal and public notice on November 9, 2020. (*See* Dkts. 208, 209.) Because over seven days have elapsed since Plaintiffs filed the motion to seal and public notice, and no interested party has objected, the Court may treat this motion as uncontested under Local Civil Rule 5(C). *See* L. Civ. R. 5(C). Accordingly, Plaintiffs have satisfied this requirement under *Ashcraft* and the Local Civil Rules.

Second, this Court has considered less drastic alternatives. Plaintiffs submitted redacted versions of their Opposition and Declaration. (Dkts. 210, 212.) This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) "[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).

Finally, the Court finds reason to seal the Opposition, Declaration, and Exhibits. The Exhibits contain confidential information regarding Plaintiffs' business development and employee personnel records, along with sensitive financial and business information that would cause Plaintiffs competitive harm if disclosed to the public. The Opposition and Declaration discuss the confidential information in the Exhibits. Additionally, Plaintiffs have designated such information as confidential in the parties' protective order.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion to seal (Dkt. 208) is **GRANTED**. Docket numbers 211 and 213 shall remain permanently under seal.

ENTERED this 17th day of November, 2020.

                                                      /s/
                            THERESA CARROLL BUCHANAN
                            UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia