IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC., et al.<br><br>    Plaintiffs,<br><br>            v.<br><br>WDC HOLDINGS LLC and BRIAN WATSON,<br><br>    Defendants. | Case No. 1:20-CV-484 |

**DEFENDANTS BRIAN WATSON AND WDC HOLDINGS LLC'S
RESPONSE TO PLAINTIFFS' MOTION & MEMORANDUM IN SUPPORT THEREOF
<u>FOR LEAVE TO FILE DOCUMENTS UNDER SEAL</u>**

Pursuant to Local Civil Rule 5, Defendants Brian Watson ("Watson") and WDC Holdings LLC, d/b/a Northstar Commercial Partners ("Northstar") respectfully submit this response to Non-party Kevin Bedell's Motion to Seal Exhibit (Dkt. 223), wherein Mr. Bedell apparently requests leave to file under seal an e-mail attached as Exhibit 2 to his Motion to Intervene for Limited Purposes by Non-party Author of Ex. 2[1] (Dkt. 222-1). Watson and Northstar had previously designated the e-mail "Confidential" pursuant to the parties' Agreed Protective Order in this case.

The e-mail attached to Mr. Bedell's motion to seal is a piece of correspondence that Defendant Brian Watson sent to family members, friends, colleagues, and others who are not parties to this litigation concerning the federal investigation into his and Northstar's affairs. The

---

[1] "Exhibit 2" is a reference to the e-mail described more fully below, whereas "Ex. 2" is a reference to the second exhibit attached to Plaintiffs' Second Amended Complaint.

1

e-mail contains highly personal and sensitive information and was subject to sealing in previous filings with this Court.

The April 2 E-mail should be placed under sealed to prevent disclosure of highly personal and sensitive information. Redaction of the April 2 E-mail would prove an insufficient solution for protecting the information because, with personal and sensitive information redacted from the document, the remaining public version would be incomprehensible.

This Court "'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" *Wellness Grp., LLC v. King Bio, Inc.*, Civil No. 1:12-cv-00281-MR-DLH, 2014 WL 68803, at *1 (W.D.N.C. Jan. 8, 2014) (unpublished) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Before sealing a court document, the Court must "'(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives.'" *Id.* (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The foregoing requirements are met with respect to the April 2 E-mail. Mr. Bedell filed the motion to seal on November 10, 2020, *see* Dkt. 223. As such, the public has been on notice of the request to seal the document, and interested parties have had a reasonable opportunity to respond. To date, no one has objected to Mr. Bedell's request to file the April 2 E-mail under seal. For the reasons stated above, there are no less drastic alternatives to sealing that would further the public's right of access while protecting the personal and sensitive information contained in the e-mail.

The April 2 E-mail is not publicly available. Defendants properly designated it as "Confidential" pursuant to the Agreed Protective Order in this case. Accordingly, Defendants

concur with Mr. Bedell's request that the April 2 E-mail be filed under seal and request that the documents be maintained under seal until ninety days after entry of a final order in this case, including any appeals.

Dated: November 18, 2020

Respectfully submitted,

<u>/s/ Jeffrey R. Hamlin</u>
Jeffrey R. Hamlin (VSB No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for Defendants Brian Watson and WDC Holdings LLC*