IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC., *et al.*, <br><br> *Plaintiff,* <br><br> v. <br><br> WDC HOLDINGS LLC., *et al.*, <br><br> *Defendants.* | Case No. 1:20-cv-00484 <br> Hon. Liam O'Grady |

## ORDER

Before the Court are Defendants' respective Motions to Dismiss. Dkt. 174, Dkt. 176, Dkt. 179, as well as Defendants Casey Kirschner and Carleton Nelson's (referred to in this Order simply as "Defendants") Joint Motion to Transfer Venue, Dkt. 164. These matters were fully briefed and the Court dispensed with oral argument.

In their Motions to Dismiss, Defendants raise several arguments against Plaintiffs' case which are premature at this time. In determining whether to grant Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take Plaintiffs' factual assertions as the truth; Defendants' attacks on those factual assertions, even where are they possibly supported by the evidentiary record, must be saved until after the parties have completed discovery. As it stands, Plaintiffs' claims are adequately pled to survive the Motions to Dismiss. For this reason, Defendants' Motions to Dismiss are hereby **DENIED**.

1

Defendants Kirschner and Nelson's Joint Motion to Transfer Venue is also **DENIED**. For the reasons stated and as argued in Amazon's briefing, venue is proper in this Court, and the Defendants' actions will not be transferred to the Western District of Washington.

Defendants requested that this Court transfer this matter pursuant to Title 28 U.S.C. § 1404(a), which reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought* or to any district or division to which *all parties* have consented." (Emphasis added.) All parties have not consented to this transfer, and Defendants have not shown that this case might have been brought properly in Washington as it concerns their fellow defendants. To force Plaintiffs to litigate this matter in the Western District of Washington would be seriously inconvenient. No court in Washington would be able to establish personal jurisdiction over any of the other defendants in this case because all of the events giving rise to the dispute took place in Virginia.

Defendants argue that the Court should apply the holding from *Atlantic Marine*, in which the Supreme Court held that a forum selection clause may be enforced under § 1404. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59–60 (2013). However, *Atlantic Marine* concerned two parties who had both agreed to the forum selection clause. Both parties in this case acknowledge that the Fourth Circuit has never applied *Atlantic Marine* in the instant context, where the forum selection clause governs only some of the claims in an action. Dkt. 165 at 15, Dkt. 211 at 13. For this reason, the Court declines to apply the *Atlantic Marine* rule.

In the alternative, Defendants urge us to utilize the four-step test promulgated by the Third Circuit for determining when a forum selection clause may be overridden. Under this test, the Court should consider, in order: (1) the forum selection clause itself, (2) the private and public

2

interests relevant to non-contracting parties, (3) threshold issues related to severance, and (4) which choice would best serve the interest of efficiency and minimize prejudice to non-contracting parties' interests. *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 404 (3d Cir. 2017). Plaintiff also argues that this test is the most appropriate. Dkt. 211 at 14.

Although this four-step framework was developed by the Third and Fifth Circuits, the Fourth Circuit has applied it without drastic change. Courts within the Fourth Circuit have explained that, where one party is also a party to a forum selection clause but others are not, the Court may take one of three roads: (1) transfer the case in its entirety, (2) leave the case in the current court, or (3) sever the claims and enforce the forum selection clause at issue. *Waterman v. Thor Motor Coach, Inc.*, 2020 WL 1290595, at *5 (E.D. Va. Mar. 18, 2020). The Fourth Circuit applies the same steps that the Third Circuit applied: (1) the private interests of the parties who have signed a forum selection agreement, (2) the public and private interests relevant to the non-contracting parties, (3) whether severance of the claims governed by the forum selection agreement from the claims not governed by the agreement is appropriate, and (4) the interests of efficiency in avoiding duplicative litigation and any other private interests that may weigh against enforcing the forum selection clause. *Id.* at *5–*7.

The first step concerns the parties who agreed to the forum selection clause at issue. Plaintiffs and the relevant Defendants did agree to litigate any dispute arising under the Confidentiality, Noncompetition, and Invention Assignment Agreement (CNIAA) in King County, Washington. *See* Dkt. 162-9 at ¶ 7.3. However, Defendants' Motion ignores the competing forum selection clauses found in other relevant agreements. *See, e.g.,* Dkt. 160-8 (one of the purchase agreements governing the transactions at issue) at 4, requiring the parties to the purchase agreement to litigate any dispute arising from it in Virginia. Where conflicting forum selection

3

clauses are present within the same case, this Court has found that enforcing both would be unreasonable due to inefficiency that would necessarily result from splitting the case into multiple smaller actions. *Jones v. Custom Truck & Equip., LLC*, 2011 WL 250997, at *4 (E.D. Va. Jan. 25, 2011). In cases like this one where there are competing forum selection clauses, the Court should assess the facts to determine which of the agreements should be enforced. Since the events and actions that led to this action took place in Virginia, the first step assessment suggests that Virginia should remain the forum state.

Furthermore, the Fourth Circuit has held that courts should enforce forum selection clauses only when doing so would not be unreasonable. *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (4th Cir. 2018). Rather than instruct the Court that a change in venue is required, a mandatory forum selection clause merely reverses the responsibilities of the parties. A defendant who wants a change in venue would normally bear the burden of showing that his desired venue is proper, but where a valid forum selection clause exists the plaintiff bears the burden of showing why that clause should not be enforced. *Id.* at 471. A chosen forum may be found to be unreasonable if it is "seriously inconvenient." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16 (1972). Transfer in this case would be seriously inconvenient for Amazon.

Step two requires the Court to consider the public and private interests relevant to the non-contracting parties. *In re: Howmedica*, 867 at 404. This step also weighs in favor of this Court retaining venue. The defendants who were not employees of Plaintiffs did not sign any agreement requiring them to litigate disputes in Washington. These defendants clearly have an interest in litigating their case in Virginia, where the disputed events took place, rather than across the

4

country. The state of Virginia itself also has an interest in deciding cases that involve events and land within its own borders. *In re Rolls Royce Corp.*, 775 F.3d 671, fn. 30 (5th Cir. 2014).

Step one and step two both point to the same forum: Virginia. When these two factors point in the same direction, Court should follow that result. *In re: Howmedica*, 867 at 404; *Waterman*, 2020 WL 1290595 at *5. However, in the interest of providing the parties with a complete analysis, the Court will briefly address steps three and four as well.

Step three asks whether severance of the claims governed by the forum selection clause is warranted, or even feasible. *In re: Howmedica*, 867 at 404. In this case, severance would be inappropriate. The CNIAA provisions Defendants claim require litigation in Washington only relate to certain claims against them, and to none of the claims against certain of their co-defendants. Severance of the CNIAA claims to be tried in another court would merely result in a waste of the resources of Washington courts, because Defendants would still have to litigate the claims unrelated to the CNIAA provisions in the Eastern District of Virginia. In addition, severance is a "wholly unappealing alternative" when the defendant who would be severed is centrally involved in the litigation, as the relevant Defendants are here. *United States v. Douglas*, 626 F. Supp. 621, 625 (E.D. Va. 1985) Severing the claims would simply draw this matter out unnecessarily and waste the resources of both Courts and is not appropriate.

Step four concerns efficiency and other private interests. *In re: Howmedica*, 867 at 404. This step gives the Court discretion in choosing the most appropriate course of action. *Waterman*, 2020 WL 1290595, at *7. The Court is guided by two sets of interests: avoiding duplicative litigation and considering the non-contracting parties' private interests and how they may be prejudiced by transfer. *In re: Howmedica*, 867 at 405. As stated above, the same issues that Defendants would try in Washington would also have to be tried here in the Eastern District of

5

Virginia if those claims were severed; this is the very kind of duplicative litigation that courts strive to avoid. Furthermore, public interest supports retention of the matter in Virginia, which has an interest in resolving the conflicts that occur within its borders.

The four-step test established by the Third and Fifth Circuits and adopted by the Fourth Circuit supports the retention of venue in this matter in this Court. Transferring the matter as Defendants suggest would lead only to wasted time and resources, and would prejudice the other parties unnecessarily. For these reasons, Defendants' Motion to Transfer Venue is hereby **DENIED**.

It is **SO ORDERED**.

February 1, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge