**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v . <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484 <br><br> **WDC HOLDINGS LLC; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; AND NSIPI ADMINISTATIVE MANAGER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' VERIFIED SECOND AMENDED COMPLAINT** |

**WDC HOLDINGS LLC; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; AND NSIPI ADMINISTATIVE MANAGER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' VERIFIED SECOND AMENDED COMPLAINT**

Defendants WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar");

Brian Watson ("Mr. Watson"); Sterling NCP FF, LLC ("Sterling"); Manassas NCP FF, LLC

("Manassas"); and NSIPI Administrative Manager ("NSIPI") (collectively, "Defendants"), by

and through their counsel, Ifrah PLLC and Brownstein Hyatt Farber Schreck, LLP, hereby file

their Answer and Affirmative Defenses to Plaintiffs' Verified Second Amended Complaint (the

"Complaint"), and state as follows.

## PRELIMINARY STATEMENT[1]

1.        Defendants admit only that Defendants are sophisticated professionals operating

in commercial real estate. Defendants deny the remaining allegations in Paragraph 1 of the

Complaint.

2.        Defendants lack knowledge or information sufficient to confirm or deny

Plaintiffs' allegations concerning Amazon's alleged investigation and therefore deny the same.

Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3.        Defendants lack knowledge or information sufficient to confirm or deny

Plaintiffs' allegations concerning TM Defendants and therefore deny the same. Defendants deny

the remaining allegations in Paragraph 3 of the Complaint.

4.        Defendants deny Plaintiffs' definitions, "RICO Defendants," "RICO

Enterprise," "Lease Transaction," "Lease Transaction Enterprise," "Direct Purchases," and

"Direct Purchase Enterprise," to the extent the definitions imply that Defendants participated in a

---

[1] Defendants' Answer & Affirmative Defenses maintains the headers from the Complaint for convenience only. Defendants do not believe that the headings require a response and do not admit any implication contained in such headings.

racketeering or kickback scheme. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.        Denied.

6.        Denied.

7.        Denied.

8.        Defendants admit that the federal government has initiated an investigation into Defendants' business and that the FBI executed a warrant on Mr. Watson. Defendants deny any allegations to the extent Plaintiffs imply that the investigation is evidence of any wrongdoing by Defendants. Defendants admit that the Court issued an ex parte Temporary Restraining Order on April 28, 2020 and subsequently issued a Preliminary Injunction on June 5, 2020. Defendants deny any allegations to the extent Plaintiffs imply such orders are evidence of any wrongdoing by Defendants. Defendants lack knowledge or information sufficient to confirm or deny allegations concerning why Plaintiffs filed this action and therefore deny the same. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.        Defendants lack knowledge or information sufficient to confirm or deny allegations concerning the basis for Plaintiffs' Complaint or prior complaints and therefore deny the same. Defendants further lack knowledge or information sufficient to confirm or deny any allegations concerning Plaintiffs' alleged investigation and therefore deny the same. Defendants admit only that any public forfeiture filings speak for themselves. Defendants deny any remaining allegations in Paragraph 9 of the Complaint.

10.      Defendants admit only that the public forfeiture filings speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny allegations concerning

Plaintiffs' alleged investigation and therefore deny the same. Defendants deny any remaining allegations in Paragraph 10 of the Complaint.

11.     Defendants lack knowledge or information sufficient to confirm or deny any allegations concerning Plaintiffs' alleged investigation and therefore deny the same. Defendants deny any remaining allegations in Paragraph 11 of the Complaint.

12.     Defendants lack knowledge or information sufficient to confirm or deny Plaintiffs' allegations concerning the TM Defendants and therefore deny the same. Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

## PARTIES

13.     Defendants admit Plaintiff Amazon.com, Inc. is located in Seattle and employs many people. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 13 of the Complaint and therefore deny the same.

14.     Defendants admit Plaintiff Amazon Data Services, Inc. is a subsidiary of Amazon.com, Inc. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 14 of the Complaint and therefore deny the same.

15.     Defendants deny Northstar is located at 1999 N. Broadway, Suite 3500, Denver, CO 80202. Defendants admit the remaining allegations in Paragraph 15 of the Complaint.

16.     Admitted.

17.     Admitted.

18.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19.     Admitted.

20.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 20 of the Complaint and therefore deny the same.

21.     Admitted.

22.     Defendants admit only that Northstar formed and controlled Sterling NCP FF, LLC, Manassas NCP FF, LLC and NSIPI Administrative Manager. Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.     Denied.

24.     Defendants admit only that Villanova Trust is a trust formed and existing in the State of Tennessee. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 24 of the Complaint and therefore deny the same.

25.     Defendants lack knowledge or information sufficient to confirm Plaintiffs' allegations concerning the formation of Villanova Trust and therefore deny the same. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 26 of the Complaint and therefore deny the same.

27.     Defendants admit only that Villanova Trust received payments from Northstar pursuant to the parties' Independent Contractor Agreement. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 28 of the Complaint and therefore deny the same.

29.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 29 of the Complaint and therefore deny the same.

30.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 30 of the Complaint and therefore deny the same.

31.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 31 of the Complaint and therefore deny the same.

32.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 32 of the Complaint and therefore deny the same.

33.     Defendants admit only that the Delaware Secretary of State's records speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 33 of the Complaint and therefore deny the same.

34.     Defendants admit only that Kyle Ramstetter and Will Camenson are former employees of Northstar. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 34 of the Complaint and therefore deny the same.

35.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 35 of the Complaint and therefore deny the same.

36.     Defendants admit only that the Wyoming Secretary of State's records speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 36 and therefore deny the same.

37.     Defendants admit only that Mr. Atherton is an attorney doing business as Ergo Law at 6870 W. 52nd Avenue, Suite 203, Arvada, CO 80002. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 37 of the Complaint and therefore deny the same.

38.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 38 of the Complaint and therefore deny the same.

39.     Defendants admit only that the Wyoming Secretary of State's records speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 39 of the Complaint and therefore deny the same.

40.     Defendants admit only that Mr. Atherton is an attorney doing business as ErgoLaw at 6879 W. 52nd Avenue, Suite 203, Arvada, CO 80002. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 40 of the Complaint and therefore deny the same.

41.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 41 of the Complaint and therefore deny the same.

42.     Defendants admit only that the Wyoming Secretary of State's records speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 43 of the Complaint and therefore deny the same.

43.     Defendants admit only that Mr. Atherton is an attorney doing business as ErgoLaw at 6870 W. 52nd Avenue, Suite 203, Arvada, CO 80002. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 43 of the Complaint and therefore deny the same.

44.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 44 of the Complaint and therefore deny the same.

45.     Defendants deny any implication they were involved in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 45 of the Complaint and therefore deny the same.

## SUBJECT MATTER JURISDICTION AND VENUE

46.     Denied.

47.     Denied.

48.     Admitted.

49.     Denied.

50.     Denied.

## PERSONAL JURISDICTION

51.     Admitted.

52.     Defendants admit only that they have not challenged personal jurisdiction. Defendants deny the remaining allegations in Paragraph 52 of the Complaint and therefore deny the same.

## FACTUAL ALLEGATIONS

53.     Defendants deny any implication that Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 53 of the Complaint and therefore deny the same.

## I.     AMAZON REAL ESTATE INVESTMENTS

54.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 54 of the Complaint and therefore deny the same.

55.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 55 of the Complaint and therefore deny the same.

56.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 56 of the Complaint and therefore deny the same.

57.     Defendants admit that Amazon has invested in real property in Northern Virginia. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 57 of the Complaint and therefore deny the same.

58.     Admitted.

59.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 59 of the Complaint and therefore deny the same.

60.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 60 of the Complaint and therefore deny the same.

61.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 61 of the Complaint and therefore deny the same.

62.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 62 of the Complaint and therefore deny the same.

63.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 63 of the Complaint and therefore deny the same.

## II.     THE TM DEFENDANTS' PAY-TO-PLAY SCHEME

64.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 64 of the Complaint and therefore deny the same.

65.     Defendants admit only that Northstar is a real estate investment firm and that Mr. Watson is its Manager and CEO. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or

information sufficient to confirm or deny the remaining allegations in Paragraph 65 of the Complaint and therefore deny the same.

### A.      TM Defendant Recruits Casey Kirschner to Amazon

66.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 66 of the Complaint and therefore deny the same.

67.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 67 of the Complaint and therefore deny the same.

68.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 68 of the Complaint and therefore deny the same.

69.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 69 of the Complaint and therefore deny the same.

70.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 70 of the Complaint and therefore deny the same.

71.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 71 of the Complaint and therefore deny the same.

72.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 72 of the Complaint and therefore deny the same.

### B.      The TM Defendants Create a Pay-to-Play Scheme for Amazon Work

73.      Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 73 of the Complaint and therefore deny the same.

74.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 74 of the Complaint and therefore deny the same.

75.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information to confirm and deny the remaining allegations in Paragraph 75 of the Complaint and therefore deny the same.

76.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 76 of the Complaint and therefore deny the same.

77.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 77 of the Complaint and therefore deny the same.

78.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 78 of the Complaint and therefore deny the same.

79.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 79 of the Complaint and therefore deny the same.

80.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information

sufficient to confirm or deny the remaining allegations in Paragraph 80 of the Complaint and therefore deny the same.

81.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 81 of the Complaint and therefore deny the same.

82.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 82 of the Complaint and therefore deny the same.

83.    Defendants admit that Northstar, through its joint venture with IPI, and with the assistance and knowledge of Amazon, purchased and developed certain properties which were subsequently leased to Amazon. Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 83 of the Complaint and therefore deny the same.

84.    Defendants admit only that each property was subject to contracts and budgets. Defendants deny any allegations to the extent Plaintiffs imply Defendants engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 84 of the Complaint and therefore deny the same.

85.    Defendants admit only that the purchase of parcels of land, construction of buildings, and leasing of property to Amazon involved many parties. Defendants deny the remaining allegations in Paragraph 85 of the Complaint.

86.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information

sufficient to confirm or deny the remaining allegations in Paragraph 86 of the Complaint and therefore deny the same.

87.     Denied.

88.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in the first clause of Paragraph 88 of the Complaint and therefore deny the same. Defendants deny the remaining allegations in Paragraph 88 of the Complaint.

89.     Defendants admit that Northstar's then-COO, Tim Lorman, approached IPI. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 89 of the Complaint and therefore deny the same.

90.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 90 of the Complaint and therefore deny the same.

91.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 91 of the Complaint and therefore deny the same.

92.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 92 of the Complaint and therefore deny the same.

93.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information

sufficient to confirm or deny the remaining allegations in Paragraph 93 of the Complaint and therefore deny the same.

94.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 94 of the Complaint and therefore deny the same.

95.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme.  Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 95 of the Complaint and therefore deny the same.

96.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 96 of the Complaint and therefore deny the same.

97.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 97 of the Complaint and therefore deny the same.

98.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 98 of the Complaint and therefore deny the same.

99.     Defendants admit that Mr. Atherton is an attorney barred in Colorado who has faced disciplinary action. Mr. Atherton's disciplinary record speaks for itself. Defendants deny any remaining allegations in Paragraph 99 of the Complaint and therefore deny the same.

100.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 100 of the Complaint and therefore deny the same.

101.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 101 of the Complaint and therefore deny the same.

102.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 102 of the Complaint and therefore deny the same.

103.    Defendants admit that in late 2017 and early 2018 Northstar and IPI, through their joint venture entity, were awarded two contracts with Amazon. Defendants admit that in early 2018, Northstar and Christian Kirschner renegotiated their independent contractor agreement. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 103 of the Complaint and therefore deny the same.

104.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 104 of the Complaint and therefore deny the same.

105.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 105 of the Complaint and therefore deny the same.

106.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 106 of the Compliant and therefore deny the same.

107.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 107 of the Complaint and therefore deny the same.

108.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 108 of the Complaint and therefore deny the same.

**C.       Confidential Informant 1 Reports Defendants' Kickback Scheme**

109.     Defendants admit only that the email speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 109 of the Complaint and therefore deny the same.

110.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 110 of the Complaint and therefore deny the same.

111.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 111 of the Complaint and therefore deny the same.

112.     Defendants lack knowledge or information sufficient to confirm or deny Informant 1's allegations and therefore deny the same. Defendants deny the remaining allegations in Paragraph 112 of the Complaint.

113.     Defendants admit only that any filings in this case speak for themselves. Defendants admit only that Northstar's independent contractor agreement with Villanova Trust speaks for itself. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme and therefore deny the same. Defendants deny any remaining allegations in Paragraph 113 of the Complaint.

114.     Defendants admit only that any such financial records speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 114 of the Complaint and therefore deny the same.

115.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 115 of the Complaint and therefore deny the same.

116.     Defendants admit only that the financial records speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 116 of the Complaint and therefore deny the same.

117.     Defendants admit only that the federal forfeiture filings speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 117 of the Complaint and therefore deny the same.

118.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information

sufficient to confirm or deny the remaining allegations in Paragraph 118 of the Complaint and therefore deny the same.

119.     Defendants admit only that any such documents speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 119 of the Complaint and therefore deny the same.

120.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 120 of the Complaint and therefore deny the same.

121.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 121 of the Complaint and therefore deny the same.

**D.     The TM Defendants' Pay-To-Play Scheme Furthered the Unlawful RICO Enterprise**

122.     Defendants admit only that the initial complaint and First Amended Complaint speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 122 of the Complaint and therefore deny the same.

123.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 123 of the Complaint and therefore deny the same.

124.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 124 of the Complaint and therefore deny the same.

125.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 125 of the Complaint and therefore deny the same.

126.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 126 of the Complaint and therefore deny the same.

127.      Defendants admit only that the document speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 127 of the Complaint and therefore deny the same.

128.      Defendants admit only that the document speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 128 of the Complaint and therefore deny the same.

129.      Defendants admit only that the any documents and filings speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 129 of the Complaint and therefore deny the same.

130.      Denied.

131.      Defendants admit only that Plaintiffs' Code of Conduct speaks for itself. Defendants deny the remaining allegations in Paragraph 131 of the Complaint.

132.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 132 of the Complaint and therefore deny the same.

133.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 133 of the Complaint and therefore deny the same.

134.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 134 of the Complaint and therefore deny the same.

135.     Defendants admit only that Plaintiff's Code of Conduct, CNIAA Agreements, and the policy referenced in Paragraph 135 speak for themselves. Defendants deny any remaining allegations in Paragraph 135 of the Complaint.

136.     Defendants admit only that the policy referenced in Paragraph 136 speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 136 of the Complaint and therefore deny the same.

137.     Defendants admit only that the policy referenced in Paragraph 137 speaks for itself. Defendants deny the remaining allegations in Paragraph 137 of the Complaint.

138.     Defendants admit only that the policy referenced in Paragraph 138 speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 138 of the Complaint and therefore deny the same.

139.     Defendants admit only that the CNIAA Agreements speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 139 of the Complaint and therefore deny the same.

140.     Defendants admit only that the CNIAA Agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 140 of the Complaint.

141.     Defendants admit only that the CNIAA Agreement speaks for itself. Defendants deny any remaining allegations in Paragraph 141 of the Complaint.

142.     Defendants admit only that the CNIAA Agreement speaks for itself. Defendants deny any remaining allegations in Paragraph 142 of the Complaint.

143.     Defendants admit only that the CNIAA Agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 143 of the Complaint.

144.     Defendants admit only that the CNIAA Agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 144 of the Complaint.

145.     Defendants admit only that the CNIAA Agreement speaks for itself. Defendants deny any remaining allegations in Paragraph 145 of the Complaint.

146.     Defendants admit only that the CNIAA Agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 146 of the Complaint.

147.     Defendants admit only that the CNIAA Agreement speaks for itself. Defendants deny any remaining allegations in Paragraph 147 of the Complaint.

148.     Defendants admit only that the CNIAA Agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 148 of the Complaint.

149.     Defendants admit only that the CNIAA Agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 149 of the Complaint.

150.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants admit only that the CNIAA Agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 150 of the Complaint.

151.     Defendants admit only that the CNIAA Agreements, the policy referenced in Paragraph 151, and Code of Conduct speak for themselves. Defendants deny any remaining allegations in Paragraph 151 of the Complaint.

152.     Defendants admit only that the CNIAA Agreement speaks for itself. Defendants deny any remaining allegations in Paragraph 152 of the Complaint.

153.     Defendants admit only that the CNIAA Agreement speaks for itself. Defendants deny any remaining allegations in Paragraph 153 of the Complaint.

154.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 154 of the Complaint and therefore deny the same.

155.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 155 of the Complaint and therefore deny the same.

156.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 156 of the Complaint and therefore deny the same.

157.    Defendants admit only that the CNIAA Agreements speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 157 of the Complaint an therefore deny the same.

158.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 158 of the Complaint and therefore deny the same.

159.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 159 of the Complaint and therefore deny the same.

160.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants deny the remaining allegations in Paragraph 160 of the Complaint.

161.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 161 of the Complaint and therefore deny the same.

## III.     THE LEASE TRANSACTION CONDUCT

162.     Denied.

### A.     The TM Defendants Solicit Rigged Northstar Bids for Virginia Leases

163.     Defendants admit only that Northstar served as a primary developer-landlord for several properties at issue in this suit. Defendants deny the remaining allegations in Paragraph 163 of the Complaint.

164.     Defendants admit only that Mr. Watson knew Casey Kirschner through his friendship with Christian Kirschner and had met Casey Kirschner several times. Defendants deny the remaining allegations in Paragraph 164 of the Complaint.

165.     Defendants deny the allegations in Paragraph 165 of the Complaint.

166.      Defendants admit only that Mr. Watson communicated with each of the TM Defendants through text exchanges and met with Casey Kirschner a few times. Defendants deny the remaining allegations in Paragraph 166 of the Complaint.

167.     Admit only that Carleton Nelson and Casey Kirschner went on a fishing trip to the Florida Everglades and that Casey Kirschner also went on a hunting trip to New Zealand. Defendants deny any remaining allegations in Paragraph 167 of the Complaint.

168.    Defendants admit only that Christian Kirschner and Casey Kirschner attended Mr. Watson's wedding on September 28, 2019. Defendants deny the remaining allegations in Paragraph 168 of the Complaint.

169.    Defendants admit only that from February 2018 through January 2020, Amazon executed leases for commercial facilities with NSIPI Data Center Venture, LLC -affiliated entities, Dulles NCP, LLC, Quail Ridge NCP, LLC, Manassas NCP, LLC, and Dulles NCP II, LLC. Defendants deny the remaining allegations in Paragraph 169 of the Complaint.

170.    Admitted.

171.    Defendants admit only that IPI NSIPI Data Center Holdings, LLC was formed by IPI, a real estate investor, and that IPI is not named as a defendant in this suit. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 171 of the Complaint and therefore deny the same.

172.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme or mismanagement. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 172 of the Complaint and therefore deny the same.

173.    Denied.

174.    Denied.

175.    Defendants admit only that Northstar representatives met with Amazon representatives concerning development opportunities in or around mid-2017. Defendants deny the remaining allegations in Paragraph 175 of the Complaint.

176.     Defendants admit only that representatives of Northstar met with representatives of Amazon concerning development opportunities on or around August 24, 2017. Immediately following the presentation, the parties went to a business dinner. Defendants deny the remaining allegations in Paragraph 176 of the Complaint.

177.     Defendants admit only that the email exchanges speak for themselves. Defendants deny any remaining allegations in Paragraph 177 of the Complaint.

178.     Defendants admit only that the email records speak for themselves. Defendants deny any remaining allegations in Paragraph 178 of the Complaint.

179.     Denied.

180.     Admit only that Northstar had no prior business history with Plaintiffs. Defendants deny the remaining allegations in Paragraph 180 of the Complaint.

181.     Admit on or around September 20, 2017, Northstar responded to Plaintiffs' RFP. Defendants deny any allegations to the extent Plaintiffs imply Defendants engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 181 of the Complaint and therefore deny the same.

182.     Defendants admit only that Northstar's response to Plaintiffs' RFP speaks for itself. Defendants deny any remaining allegations in Paragraph 182 of the Complaint.

183.     Defendants admit only that Northstar's response to Plaintiffs' RFP speaks for itself. Defendants deny any remaining allegations in Paragraph 183 of the Complaint.

184.     Defendants admit only that the ROFO/ROFR Purchase Agreements and Northstar's response to Plaintiffs' RFP speak for themselves. Defendants deny any remaining allegations in Paragraph 184 of the Complaint.

185.     Defendants admit only that the PI record and lease agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 185 of the Complaint.

186.     Defendants admit only that Northstar's response to Plaintiffs' RFP speaks for itself. Defendants deny any remaining allegations in Paragraph 186 of the Complaint.

187.     Defendants deny any allegations to the extent Plaintiffs imply Defendant engaged in a racketeering or kickback scheme or misconduct. Defendants admit the remaining allegations in Paragraph 187 of the Complaint.

**B.      The TM Defendants Secure Approval of the Rigged Northstar Bids**

188.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 188 of the Complaint and therefore deny the same.

189.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 189 of the Complaint and therefore deny the same.

190.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 190 of the Complaint and therefore deny the same.

191.     Defendants admit only that Northstar and Villanova Trust's Independent Contractor Agreement speaks for itself. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge

or information sufficient to confirm or deny the remaining allegations in Paragraph 191 of the Complaint and therefore deny the same.

192.    Defendants are unable to admit or deny this allegation as Plaintiff's use of the term "[t]hese and other misrepresentations and omissions" is vague and ambiguous. Defendants deny the remaining allegations in Paragraph 192 of the Complaint.

193.    Denied.

194.    Defendants admit only that the lease agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 194 of the Complaint.

195.    Defendants admit only that the lease agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 195 of the Complaint.

196.    Defendants admit only that the lease agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 196 of the Complaint.

197.    Defendants admit only that the lease agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 197 of the Complaint.

198.    Defendants admit only that the leases speak for themselves. Defendants deny the remaining allegations in Paragraph 198 of the Complaint.

199.    Defendants admit only that the leases speak for themselves. Defendants deny the remaining allegations in Paragraph 199 of the Complaint.

200.    Defendants admit only that the lease speaks for itself and that Northstar did not provide Amazon with a copy of a separate agreement. Defendants deny the remaining allegations in Paragraph 200 of the Complaint.

201.    Defendants admit only that the ROFO/ROFR Agreement speaks for itself. Defendants deny any remaining allegations in Paragraph 201 of the Complaint.

202.     Defendants admit only that the ROFO/ROFR Agreement speaks for itself. Defendants deny the remaining allegations in Paragraph 202 of the Complaint.

203.     Defendants admit only that the ROFO/ROFR Agreement speaks for itself. Defendants deny the remaining allegations in Paragraph 203 of the Complaint.

204.     Admit only that the leases and ROFO/ROFR agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 204 of the Complaint.

205.     Admit only that the lease agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 205 of the Complaint.

206.     Defendants admit only that the lease agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 206 of the Complaint.

207.     Defendants admit only that the lease agreements speak for themselves. Defendants deny any remaining allegations in Paragraph 207 of the Complaint.

208.     Defendants admit only that the ROFO/ROFR Agreement speaks for itself. Defendants deny the remaining allegations in Paragraph 208 of the Complaint.

209.     Denied.

210.     Denied.

211.     Denied.

212.     Defendants admit only that the independent contractor agreement between Northstar and Villanova Trust speaks for itself. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 212 of the Complaint and therefore deny the same.

213.     Denied.

214.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 214 of the Complaint and therefore deny the same.

215.     Denied.

216.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 216 of the Complaint and therefore deny the same.

217.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 217 of the Complaint and therefore deny the same.

218.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 218 of the Complaint and therefore deny the same.

219.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 219 of the Complaint and therefore deny the same.

220.     Denied.

221.     Denied.

222.     Denied.

**C.     The Northstar and TM Defendants Conspire on Lease Execution**

223.     Denied.

224.     Denied.

225.     Admit only that Northstar approached IPI as its equity partner for the Amazon deals. Northstar lacks knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 225 of the Complaint and therefore deny the same.

226.     Admitted.

227.     Defendants admit that IPI, through its subsidiaries, wrongfully terminated Northstar's interest in NSIPI Data Center Venture, LLC, and purports to wholly own Dulles NCP, LLC, Quail Ridge NCP, LLC, Dulles II NCP, LLC, and Manassas NCP, LLC, which hold the executed leases with Amazon for the shell facilities developed and located on the Virginia real property sites at issue in this case.

228.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants admit only that Northstar reached out to IPI to be its partner in the Amazon deals. Defendants deny the remaining allegations in Paragraph 228 of the Complaint.

229.     Denied.

230.     Defendants admit that Sterling NCP FF, LLC, Quail Ridge NCP, LLC, Dulles NCP, LLC, Manassas NCP FF, LLC and Manassas NCP, LLC were created by Northstar and IPI with the knowledge of Plaintiffs to execute the data center deals with Amazon. Defendants admit Northstar Commercial Partners Management, LLC and certain related entities acted as the manager for these deals before they were terminated by IPI. Defendants deny the remaining allegations in Paragraph 230 of the Complaint and therefore deny the same.

231.     Defendants admit only that Sterling NCP FF, LLC and Manassas FF, LLC owned equity in Dulles NCP LLC, Quail Ridge NP, LLC, Manassas NCP LLC and Dulles NCP II, LLC. Defendants further admit that IPI purported to terminate the above entities from the JV

contracts and contend that such terminations were wrongful. Defendants deny the remaining allegations in Paragraph 231 of the Complaint.

232.    Defendants admit that the joint venture between Northstar and IPI created Dulles NCP LLC, Quail Ridge NP, LLC, Manassas NCP LLC and Dulles NCP II, LLC, all of which Northstar managed on behalf of the landlord for the leased sites. Defendants admit NSIPI Administrative Manager, LLC served as manager. Defendants deny the accuracy of the chart and all remaining allegations in Paragraph 232 of the Complaint.

233.    Defendants admit that the Deeds of Lease speak for themselves. Defendants deny the remaining allegations in Paragraph 233 of the Complaint.

234.    Defendants admit Northstar and IPI and their affiliated entities executed certain leases. Defendants deny any allegations to the extent Plaintiffs imply Defendants engaged in a racketeering or kickback scheme. Defendants deny the remaining allegations in Paragraph 234 of the Complaint and therefore deny the same.

235.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 235 of the Complaint and therefore deny the same.

236.    Defendants admit only that the leases and ROFO/ROFR Agreement speak for themselves and that Northstar and IPI created and managed the landlord entities. Defendants deny the remaining allegations in Paragraph 236 of the Complaint.

237.    Defendants admit only that Villanova Trust received certain payments pursuant to its independent contractor agreement with Northstar and that records of those payments speak for themselves. Defendants deny the remaining allegations in Paragraph 237 of the Complaint.

238.     Defendants admit only that Villanova Trust received certain payments pursuant to its independent contractor agreement with Northstar and that records of those payments speak for themselves. Defendants deny the remaining allegations in Paragraph 238 of the Complaint.

239.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 239 of the Complaint and therefore deny the same.

**D.      2020 Corroboration of the RICO Enterprise from Northstar COO Timothy Lorman and IPI Vice President Luke Gilpin**

240.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 240 of the Complaint and therefore deny the same.

241.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 241 of the Complaint and therefore deny the same.

242.     Admitted.

243.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 243 of the Complaint and therefore deny the same.

244.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 244 of the Complaint and therefore deny the same.

245.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme, violated the leases, or violated the law. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 245 of the Complaint and therefore deny the same.

246.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 246 of the Complaint and therefore deny the same.

247.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 247 of the Complaint and therefore deny the same.

248.     Defendants deny the independent contractor agreement between Northstar and Villanova Trust was a "kickback agreement". Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 248 of the Complaint and therefore deny the same.

249.     Defendants admit that the wire receipts speak for themselves. Defendants further admit that any such payments were made pursuant to the independent contractor agreement between Northstar and Villanova Trust. Defendants deny any remaining allegations in Paragraph 249 of the Complaint and therefore deny the same.

250.     Defendants admit only that the wire receipts speak for themselves. Defendants deny the remaining allegations in Paragraph 250 of the Complaint.

251.     Defendants admit only that the wire receipt speaks for itself. Defendants deny the remaining allegations in Paragraph 251 of the Complaint.

252.     Defendants admit that the wire receipt speaks for itself. Defendants deny the remaining allegations in Paragraph 252 of the Complaint.

253.     Defendants admit only that the spreadsheet speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 253 of the Complaint and therefore deny the same.

254.     Defendants admit only that the spreadsheet speaks for itself. Defendants deny the remaining allegations in Paragraph 254 of the Complaint.

255.     Defendants admit only that the spreadsheet speaks for itself. Defendants deny the remaining allegations in Paragraph 255 of the Complaint.

256.     Defendants admit only that the spreadsheet speaks for itself. Defendants deny the remaining allegations in Paragraph 256 of the Complaint.

257.     Defendants admit only that the spreadsheet speaks for itself. Defendants deny the remaining allegations in Paragraph 257 of the Complaint.

258.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants admit only that the recordings speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 258 of the Complaint and therefore deny the same.

259.     Defendants admit only that the recordings speak for themselves. Defendants deny the remaining allegations in Paragraph 259 of the Complaint.

260.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 260 of the Complaint and therefore deny the same.

261.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 261 of the Complaint and therefore deny the same.

262.     Defendants deny any allegations to the extent Plaintiffs imply Defendants engaged in a racketeering or kickback scheme or mismanagement. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 262 of the Complaint and therefore deny the same.

263.     Denied.

264.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 264 of the Complaint and therefore deny the same.

265.     Denied.

266.     Defendants admit only that the documents speak for themselves. Defendants deny the remaining allegations in Paragraph 266 of the Complaint.

267.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in mismanagement. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 267 of the Complaint and therefore deny the same.

268.     Denied.

269.     Denied.

270.     Denied.

271.     Denied.

**E.       Northstar's April 2, 2020 Termination from the Lease Transaction**

272.     Denied.

273.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 273 of the Complaint and therefore deny the same.

274.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 274 of the Complaint and therefore deny the same.

275.     Defendants admit only that the 2020 Lease Continuity Agreement speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 275 of the Complaint and therefore deny the same.

276.     Defendants admit only that IPI wrongfully terminated Northstar from the joint venture and related agreements in April 2020. Defendants deny the remaining allegations in Paragraph 276 of the Complaint.

277.     Defendants admit only that the letters dated April 2, 2020 speak for themselves. Defendants deny any remaining allegations in Paragraph 277 of the Complaint.

278.     Defendants admit only that such notices speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 278 of the Complaint and therefore deny the same.

279.     Admit only that the letters speak for themselves. Defendants deny the remaining allegations in Paragraph 279 of the Complaint.

280.     Denied.

**F.     June 2020 Federal Forfeiture Action and May 2020 Forfeiture Notices**

281.     Defendants admit only that the forfeiture actions and public notices speak for themselves. Defendants deny the remaining allegations in Paragraph 281 of the Complaint.

282.     Defendants admit only that the forfeiture action and related filings speak for themselves. Defendants deny the remaining allegations in Paragraph 282 of the Complaint.

283.     Denied.

284.     Defendants admit only that the forfeiture filings speak for themselves. Defendants deny the remaining allegations in Paragraph 284 of the Complaint.

285.     Defendants admit only that any such communication speaks for itself. Defendants deny any remaining allegations in Paragraph 285 of the Complaint.

286.     Defendants admit only that any such communication speaks for itself. Defendants deny any remaining allegations in Paragraph 286 of the Complaint.

287.     Defendants admit only that any such communication speaks for itself. Defendants deny any remaining allegations in Paragraph 287 of the Complaint.

288.     Defendants admit only that any such communication speaks for itself. Defendants deny any remaining allegations in Paragraph 288 of the Complaint.

289.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 289 of the Complaint and therefore deny the same.

290.     Defendants admit only that the financial records speak for themselves. Defendants deny the remaining allegations in Paragraph 290 of the Complaint.

291.     Defendants admit only that the financial records speak for themselves. Defendants deny the remaining allegations in Paragraph 291 of the Complaint.

292.     Defendants admit only that the public forfeiture notices speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 292 of the Complaint and therefore deny the same.

## IV.    THE DIRECT PURCHASE CONDUCT

293.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient

to confirm or deny Plaintiff's allegations concerning the direct purchase transactions and therefore deny the same. Defendants deny the remaining allegations in Paragraph 293 of the Complaint.

### A.    The White Peaks Transaction

294.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 294 of the Complaint and therefore deny the same.

295.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 295 of the Complaint and therefore deny the same.

296.    Defendants admit only that documents and records related to the sale speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 296 of the Complaint and therefore deny the same.

297.    Defendants admit only that the documents and records related to the sale speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 297 of the Complaint and therefore deny the same.

298.    Defendants admit only that the documents and records related to the sale speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 298 of the Complaint and therefore deny the same.

299.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 299 of the Complaint and therefore deny the same.

300.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 300 of the Complaint and therefore deny the same.

301.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 301 of the Complaint and therefore deny the same.

302.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 302 of the Complaint and therefore deny the same.

303.     Admit that Defendants received $5 million pursuant to a settlement agreement with Kyle Ramstetter and Will Camenson. Defendants deny any remaining allegations in Paragraph 303 of the Complaint.

304.     Defendants admit that on or around September 27, 2019, Brian Watson confronted Kyle Ramstetter and Will Camenson, separately, about their usurpation of a corporate opportunity. Defendants deny the remaining allegations in Paragraph 304 of the Complaint.

305.     Defendants admit only that the recording speaks for itself. Defendants deny the remaining allegations in Paragraph 305 of the Complaint.

306.     Defendants admit only that the recording speaks for itself. Defendants deny Mr. Watson should have reported or had an obligation to report the usurpation of a corporate opportunity by Northstar employees to Plaintiffs. Defendants deny any remaining allegations in Paragraph 306 of the Complaint.

307.     Defendants admit only that the recording speaks for itself. Defendants deny the remaining allegations in Paragraph 307 of the Complaint.

308.     Defendants admit only that the recording speaks for itself. Defendants deny the remaining allegations in Paragraph 308 of the Complaint.

309.     Defendants admit only that the agreement referenced in Paragraph 309 speaks for itself. Defendants deny the remaining allegations in Paragraph 309 of the Complaint.

310.     Defendants admit only that the agreement referenced in Paragraph 310 speaks for itself. Defendants deny any remaining allegations in Paragraph 310 of the Complaint.

311.     Defendants deny they should have reported or had an obligation to report the usurpation of a corporate opportunity by Northstar employees to Plaintiffs. Defendants deny any remaining allegations in Paragraph 311 of the Complaint.

312.     Defendants admit only that Mr. Watson spoke to Casey Kirschner on speakerphone in front of Mr. Lorman. Defendants deny the remaining allegations in Paragraph 312 of the Complaint.

313.     Denied.

**B.      Other Land Acquisitions in Northern Virginia**

314.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 314 of the Complaint and therefore deny the same.

315.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 315 of the Complaint and therefore deny the same.

316.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 316 of the Complaint and therefore deny the same.

317.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 317 of the Complaint and therefore deny the same.

318.     Defendants admit only that the email speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 318 of the Complaint and therefore deny the same.

319.     Defendants admit only that the email speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 319 of the Complaint and therefore deny the same.

320.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 320 of the Complaint and therefore deny the same.

321.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 321 of the Complaint and therefore deny the same.

322.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 322 of the Complaint and therefore deny the same.

323.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 323 of the Complaint and therefore deny the same.

324.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 324 of the Complaint and therefore deny the same.

325.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 325 of the Complaint and therefore deny the same.

326.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 326 of the Complaint and therefore deny the same.

## V.     THE RICO DEFENDANTS' ONGOING MISCONDUCT, DAMAGE, AND THREATS OF IRREPARABLE HARM

327.     Denied.

### A.     The Northstar Defendants

328.     Defendants admit only that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 328 of the Complaint.

329.     Defendants admit only that the email speaks for itself. Defendants deny the remaining allegations in Paragraph 329 of the Complaint.

330.     Denied.

331.     Defendants admit only that the email and record before the Court speak for themselves. Defendants deny the remaining allegations in Paragraph 331 of the Complaint.

332.     Defendants admit only that the case record and documents speak for themselves. Defendants deny the remaining allegations in Paragraph 332 of the Complaint.

333.     Defendants admit only that the case record speaks for itself. Defendants deny the remaining allegations in Paragraph 333 of the Complaint.

334.     Defendants admit only that in or around April 2020 several employees ceased working for Northstar. Defendants deny the remaining allegations in Paragraph 334 of the Complaint.

335.     Denied.

336.     Defendants admit only that on or around June 19, 2020, Northstar sold a condominium. Defendants deny any remaining allegations in Paragraph 336 of the Complaint.

337.     Defendants admit only that the documents concerning the sale of the condominium speak for themselves. Defendants deny the remaining allegations in Paragraph 337 of the Complaint.

338.     Defendants admit only that the documents included as Exhibit 62 speak for themselves. Defendants deny the remaining allegations in Paragraph 338 of the Complaint.

339.     Defendants admit only that Northstar's demand speaks for itself. Defendants deny Plaintiffs' interpretation of the demand. Defendants deny the remaining allegations in Paragraph 339 of the Complaint.

340.     Denied.

**B.**      **The TM Defendants and Defendants AllCore Development LLC, Cheshire Ventures LLC, and Finbrit Holdings LLC**

341.    Defendants admit only that any documents Plaintiffs received speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 341 of the Complaint and therefore deny the same.

342.    Defendants admit only that the documents and record before this Court speak for themselves. Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 342 of the Complaint and therefore deny the same.

343.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 343 of the Complaint and therefore deny the same.

344.    Defendants admit only that the emails and public registration documents speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 344 of the Complaint and therefore deny the same.

345.    Defendants admit only that the emails speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 345 of the Complaint and therefore deny the same.

346.     Defendants admit only that the email speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 346 of the Complaint and therefore deny the same.

347.     Denied.

348.     Defendants admit only that the CNIAA agreements speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 348 of the Complaint and therefore deny the same.

**C.     Villanova Trust**

349.     Denied.

350.     Defendants admit only that Christian Kirschner's counsel's representations speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 350 of the Complaint and therefore deny the same.

351.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 351 of the Complaint and therefore deny the same.

**D.     The White Peaks Defendants**

352.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 352 of the Complaint and therefore deny the same.

353.     Defendants admit only that counsel's representations speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 353 of the Complaint and therefore deny the same.

354.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 354 of the Complaint and therefore deny the same.

* * * * *

355.     Denied.

356.     Denied.

357.     The allegations in Paragraph 357 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 357 of the Complaint.

**COUNT I**
**RICO Enterprise**
**In Violation of RICO 18 U.S.C. § 1962(a), (b), (c), (d)**

358.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-357 as though fully set forth herein.

359.     The allegations in Paragraph 359 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 359 of the Complaint.

360.     Defendants deny any allegation to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants admit the remaining allegations in Paragraph 360 of the Complaint.

361.     Denied.

362.     Denied.

363.     Denied.

364.     Denied.

365.     Denied.

366.     Denied.

367.     Denied.

368.     Denied.

369.     Denied.

370.     Denied.

## Pattern of Racketeering Activity
## Multiple Instances of Wire Fraud in Violation of 18 U.S.C. § 1343

371.     Denied.

372.     Denied.

373.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 373 of the Complaint.

374.     Denied.

375.     Denied.

376.     Denied.

377.     Denied.

378.     Denied.

## Pattern of Racketeering Activity
## Honest Services Fraud in Violation of 18 U.S.C. § 1346

379.     Denied.

380.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 380 of the Complaint.

381.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 381 of the Complaint.

382.     Denied.

383.     Denied.

384.     Denied.

385.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 385 of the Complaint and therefore deny the same.

386.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 386 of the Complaint and therefore deny the same.

387.     Defendants deny that they owed fiduciary duties to Plaintiffs. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 387 of the Complaint and therefore deny the same.

388.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 388 of the Complaint and therefore deny the same.

389.     Denied.

390.     Denied.

391.     Denied.

**Pattern of Racketeering Activity**
**Money Laundering in Violation of 18 U.S.C. § 1956**

392.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 392 of the Complaint.

393.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 393 of the Complaint.

394.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 394 of the Complaint.

395.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 395 of the Complaint.

396.     Denied.

397.     Denied.

398.     Defendants lack knowledge or information sufficient to confirm or deny Plaintiffs' allegations concerning the direct purchase transactions and therefore deny the same. Defendants deny the remaining allegations in Paragraph 398 of the Complaint.

399.     Defendants admit only that Kyle Ramstetter and Will Camenson caused $5 million to be transferred to Northstar pursuant to the parties' settlement agreement. Defendants deny the remaining allegations in Paragraph 399 of the Complaint.

400.     Denied.

**Pattern of Racketeering Activity: Engaging in Monetary Transactions in Property**
**Derived from Specified Unlawful Activity in Violation of 18 U.S.C. § 1957**

401.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 401 of the Complaint.

402.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 402 of the Complaint.

403.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 403 of the Complaint.

404.     Denied.

405.     Denied.

406.     Denied.

407.     Denied.

408.     Defendants admit only that records of such payments speak for themselves. Defendants deny the remaining allegations in Paragraph 408 of the Complaint.

409.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 409 of the Complaint and therefore deny the same.

410.     Denied.

**Pattern of Racketeering Activity:**
**Violation of the Travel Act, 18 U.S.C. § 1952**

411.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 411 of the Complaint.

412.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 412 of the Complaint.

413.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 413 of the Complaint.

414.     Denied.

415.     Denied.

**Predicate Acts of Racketeering Activity Amount to a Pattern of Racketeering Activity under 18 U.S.C. § 1961(5)**

416.     Denied.

417.     Denied.

418.     Denied.

419.     Denied.

420.     Denied.

421.     Denied.

422.     Denied.

423.     Denied.

424.     Defendants admit certain Northstar-affiliated entities had ownership interests and/or management responsibilities through a joint venture with IPI, NSIPI Data Center Venture, LLC, for the properties at issue in this dispute. Defendants deny the remaining allegations in Paragraph 424 of the Complaint.

425.     Denied.

426.     Denied.

427.     Denied.

428.     Denied.

429.     Denied.

430.     Denied.

431.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 431 of the Complaint.

432.     Defendants admit only that the statute speaks for itself. Defendants deny the remaining allegations in Paragraph 432 of the Complaint.

433.     Denied.

## COUNT II
## Detinue Pursuant to Va. Code § 8.01-114

434.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-433 as though fully set forth herein.

435.     The allegations in Paragraph 435 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 435 of the Complaint.

436.     Defendants admit only that the case law speaks for itself. Defendants deny any remaining allegations in Paragraph 436 of the Complaint.

437.     Defendants admit only that the code speaks for itself. Defendants deny any remaining allegations in Paragraph 437 of the Complaint and therefore deny the same.

438.     Denied.

439.     Defendants admit only that the leases speak for themselves. Defendants deny the remaining allegations in Paragraph 439 of the Complaint.

440.     Defendants admit only that the leases speak for themselves. Defendants deny the remaining allegations in Paragraph 440 of the Complaint.

441.     Defendants admit only that the leases speak for themselves. Defendants deny the remaining allegations in Paragraph 441 of the Complaint.

442.     Denied.

443.     Denied.

444.     Defendants admit that they did not disclose any "so-called management services, broker and finder fees, and other 'professional fees and costs incurred in connection with lease negotiations.'"

445.     Denied.

446.     Denied.

447.     Denied.

448.     Denied.

449.     Denied.

450.     Denied.

451.     Denied.

452.     Defendants admit only that the records of the payments speak for themselves. Defendants deny the remaining allegations in Paragraph 452 of the Complaint.

453.     Denied.

454.     Denied.

455.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 455 of the Complaint and therefore deny the same.

456.     Defendants admit only that public records concerning the sale speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 456 and therefore deny the same.

457.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 457 of the Complaint and therefore deny the same.

458.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 458 of the Complaint and therefore deny the same.

459.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 459 of the Complaint and therefore deny the same.

460.    Defendants admit only that the case law speaks for itself. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 460 of the Complaint and therefore deny the same.

461.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 461 of the Complaint and therefore deny the same.

462.    Denied.

## COUNT III
## Fraud

463.    Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-462 as though fully set forth herein.

464.    The allegations in Paragraph 464 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 464 of the Complaint.

465.    Defendants admit only that the case law speaks for itself. Defendants deny any remaining allegations in Paragraph 465 of the Complaint.

466.    Defendants admit only that the case law speaks for itself. Defendants deny any remaining allegations in Paragraph 466 of the Complaint.

467.    Denied.

468.    Denied.

469.    Denied.

470.    Denied.

471.    Denied.

472.    Denied.

473.    Denied.

474.     Denied.

475.     Denied.

## COUNT IV
## Tortious Interference with Contractual and/or Business Relations

476.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-475 as though fully set forth herein.

477.     The allegations in Paragraph 477 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 477 of the Complaint.

478.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 478 of the Complaint.

479.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 479 of the Complaint.

480.     Admitted.

481.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants admit only that they were aware of the lease contracts between Amazon and the landlords.

482.     Denied.

483.     Denied.

## COUNT V
## <u>Civil Conspiracy</u>

484.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-483 as though fully set forth herein.

485.     The allegations in Paragraph 485 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 485 of the Complaint.

486.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 486 of the Complaint and therefore deny the same.

487.     Denied.

488.     Defendants admit only that the code speaks for itself. Defendants deny any remaining  allegations in Paragraph 488 of the Complaint.

489.     Defendants admit only that the code speaks for itself. Defendants deny any remaining allegations in Paragraph 489 of the Complaint.

490.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 490 of the Complaint.

## COUNT VI
## <u>Breach of Contract</u>

491.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-490 as though fully set forth herein.

492.     The allegations in Paragraph 492 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 492 of the Complaint.

493.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 493 of the Complaint.

494.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 494 of the Complaint.

495.     Defendants admit only that the documents speak for themselves. Defendants deny the remaining allegations in Paragraph 495 of the Complaint.

496.     Defendants admit only that the lease agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 496 of the Complaint.

497.     Defendants admit only that the lease agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 497 of the Complaint.

498.     Defendants admit only that the lease agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 498 of the Complaint.

499.     Denied.

500.     Defendants admit only that the CNIAA Agreement speaks for itself. Defendants deny the remaining allegations in Paragraph 500 of the Complaint.

501.     Defendants admit only that the CNIAA Agreement speaks for itself. Defendants deny the remaining allegations in Paragraph 501 of the Complaint.

502.     Defendants admit only that the agreements speak for themselves. Defendants deny the remaining allegations in Paragraph 502 of the Complaint.

503.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 503 of the Complaint and therefore deny the same.

504.     Denied.

505.     Denied.

## COUNT VII
## Unjust Enrichment and Constructive Trust

506.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-505 as though fully set forth herein.

507.     The allegations in Paragraph 507 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 507 of the Complaint.

508.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 508 of the Complaint.

509.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 509 of the Complaint.

510.     Denied.

511.     Denied.

512.     Defendants admit only that the contracts speak for themselves. Defendants deny the remaining allegations in Paragraph 512 of the Complaint.

513.     Defendants admit only that the independent contractor agreement between Northstar and Villanova Trust and the wire transfer records speak for themselves. Defendants lack knowledge or information sufficient to confirm or deny any allegations concerning what Villanova Trust did with its money and therefore deny the same. Defendants deny the remaining allegations in Paragraph 513 of the Complaint.

514.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 514 of the Complaint and therefore deny the same.

515.     Denied.

516.     Denied.

517.     Denied.

518.     Defendants admit only that Northstar received $5 million pursuant to a settlement agreement between Northstar and Mr. Watson and Kyle Ramstetter and Will Camenson. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 518 of the Complaint and therefore deny the same.

519.     Denied.

520.     Denied.

521.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 521 of the Complaint and therefore deny the same.

522.     Denied.

523.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 523 of the Complaint and therefore deny the same.

524.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 524 of the Complaint and therefore deny the same.

525.     Denied.

526.     Denied.

527.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 527 of the Complaint and therefore deny the same.

528.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 528 of the Complaint and therefore deny the same.

529.     Denied.

## COUNT VIII
## Conversion and Constructive Trust

530.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-529 as though fully set forth herein.

531.     The allegations in Paragraph 531 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 531 of the Complaint.

532.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 532 of the Complaint.

533.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 533 of the Complaint.

534.     Denied.

535.     Denied.

536.     Denied.

537.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 537 of the Complaint and therefore deny the same.

538.     Denied.

## COUNT IX
### *Alter Ego*/Piercing the Corporate Veil

539.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-538 as though fully set forth herein.

540.     The allegations in Paragraph 540 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 540 of the Complaint.

541.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 541 of the Complaint.

542.     Defendants admit only that the documents speak for themselves. Defendants otherwise lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 542 of the Complaint and therefore deny the same

543.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 543 of the Complaint and therefore deny the same.

544.     Denied.

## COUNT X
### Agency/Respondeat Superior

545.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-544 as though fully set forth herein.

546.     The allegations in Paragraph 546 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 546 of the Complaint.

547.     Denied.

548.     Denied.

549.    Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 549 of the Complaint.

550.    Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 550 of the Complaint.

551.    Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 551 of the Complaint.

552.    Denied.

553.    Defendants admit only that Northstar employed Kyle Ramstetter and Will Camenson for a period of time. Defendants deny the remaining allegations in paragraph 553 of the Complaint.

554.    Plaintiffs' use of the term "during the relevant time period" is vague and ambiguous. Defendants are unable to confirm or deny the allegations in Paragraph 554 of the Complaint and therefore deny the same.

555.    Plaintiffs' use of the term "during the relevant time period" is vague and ambiguous. Defendants are unable to confirm or deny the allegations in Paragraph 555 of the Complaint and therefore deny the same.

556.    Defendants admit that Northstar generally engaged in commerce. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 556 of the Complaint and therefore deny the same.

557.    Denied.

558.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 558 of the Complaint and therefore deny the same.

559.     Defendants admit only that Northstar was in a position of oversight over Ramstetter and Camenson to the extent their activities were performed on behalf of Northstar while they were Northstar employees. Defendants deny the remaining allegations in Paragraph 559 of the Complaint.

560.     Defendants admit only that the recording speaks for itself. Defendants deny the remaining allegations in Paragraph 560 of the Complaint.

561.     Defendants admit only that the recording speaks for itself. Defendants deny the remaining allegations in Paragraph 561 of the Complaint.

562.     Defendants admit only that the recording speaks for itself. Defendants deny the remaining allegations in Paragraph 562 of the Complaint.

563.     Denied.

564.     Defendants admit only that the recording speaks for itself. Defendants deny the remaining allegations in Paragraph 564 of the Complaint.

565.     Defendants admit only that the recording speaks for itself. Defendants deny the remaining allegations in Paragraph 565 of the Complaint.

566.     Defendants lack knowledge or information sufficient to confirm or deny Plaintiffs' allegations concerning the TM Defendants or White Peaks and therefore deny the same. Defendants deny the remaining allegations in Paragraph 566 of the Complaint.

567.     Denied.

568.     Denied.

## COUNT XI
## Robinson-Patman Act – Antitrust Violation

569.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-568 as though fully set forth herein.

570.     The allegations in Paragraph 570 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 570 of the Complaint.

571.     Defendants admit only that the case law speaks for itself. Defendants deny the remaining allegations in Paragraph 571 of the Complaint.

572.     Defendants admit only that the statute and case law speak for themselves. Defendants deny the remaining allegations in Paragraph 572 of the Complaint.

573.     Denied.

574.     Defendants admit only that they had no knowledge of and have no knowledge of any payments to the TM Defendants and therefore could not disclose such payments to Plaintiffs. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 574 of the Complaint and therefore deny the same.

575.     Denied.

576.     Defendants admit only that the law speaks for itself. Defendants deny the remaining allegations in Paragraph 576 of the Complaint.

577.     Denied.

578.     Denied.

579.     Denied.

## COUNT XII
## Preliminary Injunction – Fed. R. Civ. P. 64, 65 & Va. Code § 8.01-622

580.     Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-579 as though fully set forth herein.

581.     The allegations in Paragraph 581 are not directed at Defendants and therefore no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 581 of the Complaint.

582.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were engaged in a racketeering or kickback scheme. Defendants admit that as part of Northstar's normal course of business, Northstar engages in commerce.

583.     Denied.

584.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 584 of the Complaint and therefore deny the same. To the extent Paragraph 584 implies that Defendants were engaged in unlawful activities, Defendants deny those allegations.

585.     Defendants admit only that the Federal Rules of Civil Procedure speak for themselves. Defendants deny the remaining allegations in Paragraph 585 of the Complaint.

586.     Defendants admit only that the Federal Rules of Civil Procedure speak for themselves. Defendants deny the remaining allegations in Paragraph 586 of the Complaint.

587.     Defendants admit only that the code speaks for itself. Defendants deny the remaining allegations in Paragraph 587 of the Complaint.

588.     Defendants admit only that the code speaks for itself. Defendants deny the remaining allegations in Paragraph 588 of the Complaint.

589.     Defendants admit only that the code speaks for itself. Defendants deny the remaining allegations in Paragraph 589 of the Complaint.

590.     Denied.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to damages for any of the claims outlined in the Complaint, including the claimed damages outlined in Paragraphs 591-601.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.      Plaintiffs' claims are barred in whole or in part by the doctrines of release, estoppel, delay, laches and/or waiver.

2.      Plaintiffs' claims are barred in whole or in part by assumption.

3.      Plaintiffs' claims are barred in whole or in part by failure of consideration.

4.      Plaintiffs' claims are barred in whole or in part because Plaintiffs knew of the price differentials concerning the "Direct Purchase Transactions" transactions and thus cannot claim they were misled regarding the same.

5.      Plaintiffs' claims are barred in whole or in part by failure to join indispensable or necessary parties.

6.      Plaintiffs' claims are barred by the doctrine of novation.

7.      Plaintiffs' claims are barred by the doctrine of ratification.

8.      Plaintiffs' claims are barred by the doctrine of unjust enrichment.

9.      Plaintiffs' claims are barred in whole or in part due to failure of conditions.

10.     Plaintiffs' claims fail in whole or in part by Plaintiffs' failure to state a claim upon which relief may be granted.

11.     Plaintiffs' alleged damages were not caused by an alleged act or omission of Defendant.

12.     If Plaintiffs sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others

over whom Defendants are not responsible, and whose conduct Defendants had no duty or reason to anticipate or control.

13.     Plaintiffs' claims are barred in whole or in part by the economic loss rule.

14.     Defendants reserve the right, with leave court, to amend their Answer and assert any additional defenses, counterclaims, or cross-claims that may become available through the course of discovery or otherwise during the course of litigation.

## JURY DEMAND

Defendants demand a jury trial on all issues so triable.

Dated: February 19, 2021

Respectfully submitted,

_/s/ Jeffrey R. Hamlin_____
Jeffrey R. Hamlin (Va. Bar No. 46932)
George R. Calhoun (pro hac vice)
James Trusty (pro hac vice)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

Stanley L. Garnett (pro hac vice)
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Denver, Colorado 80202-4432
(303) 223-1100 – Tel.
(303) 223-1111 – Fax
sgarnett@bhfs.com

*Counsel for Defendants WDC Holdings Inc.; Brian Watson, Sterling NCP FF, LLC; Manassas NCP FF, LLC; and NSIPI Administrative Manager, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 19th day of February 2021, a true and correct copy of the foregoing WDC HOLDINGS LLC; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; AND NSIPI ADMINISTATIVE MANAGER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' VERIFIED SECOND AMENDED COMPLAINT was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.  The following were served via U.S. mail, postage prepaid:

Casey Kirschner
635 Alvarado Ln N
Plymouth, MN 55447

<u>s/ *Jeffrey R. Hamlin* _____</u>
Jeffrey R. Hamlin