# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-LO-TCB |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RULE 37 AND CIVIL CONTEMPT SANCTIONS

Before this Court is Plaintiffs' Motion for Rule 37 and Civil Contempt Sanctions. Dkt. __ Having reviewed the arguments and evidence submitted by the parties, the Court hereby orders that Plaintiffs' motion is GRANTED.

Specifically, it is hereby ORDERED that:

(1) Defendants are in willful civil contempt of the Court's orders of July 22, 2020 (Dkt. 95) and November 13, 2020 (Dkt. 231) by virtue of their willful and knowing failure to comply with the Court's discovery directives, including their failure to produce all documents responsive to Plaintiffs' requests and their improper withholding of documents over which all privileges were waived.

(2) In light of Defendants' contempt, all of the injunction defenses impacted by Defendants' discovery violations are overruled, and Defendants are precluded from relying on them. *See* Fed. R. Civ. P. 37(b)(2)(A). The defenses precluded by this Order include Defendants' assertion that they do not have enough liquidity or assets to satisfy the June 5, 2020 preliminary injunction's judgment security provision, or that they did not receive the amount of the required security in connection with the transactions at issue in this suit.

(3) Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i) & (ii), the following facts are deemed established and Defendants may not rely on any evidence to the contrary:

> (i) Defendants' received at least $21.25 million in proceeds from the Amazon transactions in suit;
>
> (ii) Defendants pose a substantial risk of asset dissipation; and
>
> (iii) Defendants are precluded from arguing or presenting evidence that they lack assets sufficient to post the judgment security the Court ordered on June 5, 2020 (Dkt. 57).

(4) The privilege claims that Defendants asserted in connection with their December 31, 2020 privilege and redaction log are waived. Defendants' failure to serve a privilege and redaction log in a timely manner, as required by Fed. R. Civ. P. 26 and the Court's July 22, 2020 order (Dkt. 95), and Defendants' subsequent service of a log containing 6,331 deficient entries more than a month after the production deadline in the Court's November 13, 2020 order (Dkt. 231), waived all privileges. Defendants shall produce to Plaintiffs complete and unredacted copies of all documents listed or otherwise covered by the privilege assertions in Defendants' December 2020 privilege and redaction log within three (3) business days of the entry of this order. *See* Dkts. 190, 230.

(5) An independent forensic expert shall image and conduct, at Defendants' expense, a forensic inspection of Defendants' electronic devices. Upon entry of this order, Plaintiffs and

Defendants shall meet and confer in good faith to draft a proposed forensic protocol for the Court's review and approval. Plaintiffs shall file the proposed protocol, together with the name and qualifications of a proposed neutral forensic expert (or an expert proposed by Plaintiffs and an expert proposed by Defendants if the parties cannot agree) within ten (10) business days of the entry of this Order. Upon the Court's entry of a forensic protocol, Defendants shall comply immediately with the terms of the protocol and produce their electronic devices and media for forensic imaging as provided in the protocol.

(6) Upon entry of this Order, the parties shall meet and confer in good faith to draft a proposal for the appointment of a special master to oversee Defendants' discovery responses and compliance with this Order, at Defendants' expense, including the forensic imaging and inspection of Defendants' electronic devices. Within fifteen (15) business days of this Order, Plaintiffs shall file with the Court a proposed order outlining the terms of appointment of a special master in conformance with Federal Rule of Civil Procedure 53(b).

(7) If Defendants have not complied with all aspects of this Order within three (3) business days after its entry or the deadline it imposes for certain actions prescribed herein, Defendants shall pay a coercive civil fine to the Clerk of Court. Defendants shall pay a daily fine, starting at $1,000 and doubling each day that Defendants fail to comply with the relevant terms of this Order.

(8) Nothing herein forecloses or otherwise limits the Court's authority to grant additional coercive relief, including increased fines and other measures, in the event that Defendants' civil contempt for the Court's prior orders is not fully purged by Defendants' compliance with the terms of this Order.

IT IS SO ORDERED.

_____                    _____
            Date                                                      Judge Liam O'Grady
                                                                  United States District Judge