# EXHIBIT 21



February 3, 2021

Stanley L. Garnett
Attorney at Law
303.223.1286 tel
303.223.1111 fax
sgarnett@bhfs.com

**VIA EMAIL (EPAPEZ@GIBSONDUNN.COM)**

Elizabeth P. Papez
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

RE:   No. 20-cv-484, Amazon.com, Inc. v. WDC Holdings LLC et al.

Dear Elizabeth,

I write in response to your correspondence of February 2, raising concerns about Brian Watson and Northstar's compliance with the Court's orders. Watson and Northstar have carefully and fully complied with all orders of both Judge O'Grady and Magistrate Buchanan, and they will continue to do so, but given your recent correspondence, it is helpful to review the record. In short, you continue to misunderstand the scope of the preliminary injunction, and the transparent disclosures we have been making regarding selling off assets to repay investors.

First, the operative order of Judge O'Grady, which was issued on June 5, 2020 (and its predecessor), applies only to the real estate transactions with Amazon, and not any other assets or properties. So there is no confusion, the actual language of the order states:

> Defendants are enjoined from spoliating, concealing, wasting, transferring, or otherwise disposing of documents, records, communications, files, or other evidence or assets used in, or obtained from, any activities (including but not limited to the activities described above) relating to Defendants' real property transactions with Amazon in Virginia since 2018, including but not limited to the August 7, 2019 wire transfer from Defendant WDC Holdings, LLC's Citywide Bank account ending in *1914 to Defendant Villanova Trust's First Tennessee Bank account ending in *8 for $321,028.44; the June 7, 2019 wire transfer from Defendant WDC Holdings, LCC's Citywide Bank account ending in *1914 to Defendant Villanova Trust's First Tennessee Bank account ending in *8 for $150,000.00; wire transfers from Defendant WDC Holdings, LLC's Citywide Bank account ending in *1914 to Defendant Villanova Trust credit account ending in *2908 and/or Wells Fargo account ending in number *0076, including an October 31, 2016 wire transfer for $4,000.00; and all payments within the scope of this paragraph from any Defendant to or from Defendant Manassas NCP FF, LLC's Citywide Bank account in Denver ending in *9662 and/or Defendant Sterling NCP FF, LLC's Citywide Bank account in Denver ending in *8557

Notably, this order does not limit in any respect Mr. Watson and Northstar's ability to conduct their business, which they have striven to do despite the devastating impact of this litigation. Northstar has barely been able to retain a core of a few employees, and has recently received an eviction notice from its office space which will make even barebones operations going forward very difficult.

Elizabeth Papez
February 3, 2021
Page 2

However, from the moment this order, or its predecessor, was issued, Watson and Northstar have worked hard to comply. They have complied fully with the non-monetary aspects of the order, but, as you know, they have not been able to post the $21 million bond amount for two simple reasons:

1. Northstar and Watson own very little that is not heavily leveraged or with interests held by various investors. The investors' interests are at the project venture level rather than in WDC Holdings. Watson and WDC only have residual interests that do not supersede those of the project creditors and they are on par with other investors.

2. No bonding company has been found to post the amount of the bond without 100% security, which is impossible because of reason #1.

When Watson and Northstar were ordered to answer Amazon's discovery on these issues by Magistrate Buchanan on November 24, 2020, Northstar and Watson were completely transparent, and with this latest production, have produced 914,590 pages of documents detailing every aspect of Watson and Northstar's business, carefully and fully answered interrogatories and provided documentation far beyond the original requests based on our continuing dialogue with your office.

Far from evidencing "dissipation of assets" this discovery has confirmed what has been asserted all along, that Northstar and Watson are cash poor, that their assets are heavily leveraged and that significant amounts are owed to investors and creditors. As demonstrated by the documents and discovery we have provided to you, any asset that has been liquidated has first required large payments to investors or lenders and only minor payments thereafter to Watson or Northstar. This process of liquidation has made it even more difficult for Northstar or Watson to access any amounts that could be used to post a $21 million bond and there is no prospect that the situation will improve in the near future.

Finally, with regard to confidentiality, as I noted in my correspondence with your office last week, the record regarding confidentiality is well established going back several months, at least to the hearing before Judge O'Grady on May 21. Watson and Northstar have abided by any confidentiality obligations that they have and Amazon has never identified with specificity any alleged confidential information in Watson or Northstar's possession, despite repeated requests.

Sincerely,

Stanley L. Garnett

Elizabeth Papez
February 3, 2021
Page 3


cc:  Claudia M. Barrett, Esq.
     Patrick F. Stokes, Esq.
     Lora E. McDonald, Esq.
     Luke M. Sullivan, Esq.
     James M. Trusty, Esq.
     George R. Calhoun, Esq.
     Caleb Hayes-Deats, Esq.
     Jennifer Fischell, Esq.
     Eric R. Nitz, Esq.
     Justin L. Cohen, Esq.
     Amanda K. Houseal, Esq.