**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484 |

**RESPONSE TO PLAINTIFFS' MOTION FOR RULE 37 AND
<u>CIVIL CONTEMPT SANCTIONS</u>**

Defendants WDC Holdings LLC dba Northstar Commercial Partners ("Northstar") and Brian Watson ("Mr. Watson") (collectively, "Defendants"), by and through their undersigned counsel, hereby file their response to Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (collectively, "Plaintiffs") Motion for Rule 37 and Civil Contempt Sanctions ("Motion") and state as follows.

**INTRODUCTION**

To date, Defendants have produced to Plaintiffs 179,417 documents totaling 915,763 pages in response to their Requests for Discovery and in compliance with this Court's July 22, 2020 and November 13, 2020 orders permitting "discovery for the narrow purpose of looking at where . . .

1

Defendants . . . couldn't comply with the preliminary injunction." Dkt. 286-1 at 11:25–12:2. The preliminary injunction has been fully briefed, decided by this Court, and is currently on appeal. At this point, given the narrow purpose of the discovery, there is no reasonable argument Plaintiffs can make which would support their claims of prejudice by Defendants' discovery responses.

In dereliction of the Court's intentionally narrow purpose for permitting this preliminary discovery, Plaintiffs have taken advantage of the Court's orders, using this "narrow" discovery as a club to demand essentially every piece of paper Northstar possesses not just now, but on an ongoing basis. Despite the overbreadth of Plaintiffs' current discovery efforts, pursuant to Defendants' obligations under Federal Rule of Civil Procedure 26(e)(1), they have thoroughly responded to each request, and have supplemented their discovery responses when new information became available or Plaintiffs raised an issue. Defendants have turned over bank records, emails, documents related to Northstar assets and investors, and everything related to the Amazon projects that are the subject of Plaintiffs' Second Amended Complaint, but it still is not enough for Plaintiffs.

This, of course, is all prior to the case even being at issue. Plaintiffs filed their Complaint against Defendants on April 27, 2020. Although several defendants have failed to file an answer, Plaintiffs have inexplicably failed to file for default against these defendants and failed to push this case forward. Indeed, rather than litigate the case and proceed on the merits, Plaintiffs have chosen to litigate by attrition, focusing their attention on Defendants' responses to early discovery that purportedly is not addressed to the actual merits of Plaintiffs' claims.

After receiving nearly one million pages of documents from Defendants, at Plaintiffs' own insistence, Plaintiffs still are not satisfied. Plaintiffs may not like the information they have received, but Defendants have exhausted all known repositories of documents which might contain documents responsive to Plaintiffs' requests, worked with third-party vendors to retrieve archived information,

spent hundreds of hours reviewing thousands of documents, and produced over 100,000 documents with no review at all, all in an effort to provide Plaintiffs with documents in a timely and efficient manner. Defendants have fully complied with this Court's orders and their obligations under the Federal Rules of Civil Procedure.

Plaintiffs now seek extraordinary relief from this Court, including preclusion of certain evidence, abolishing Defendants' attorney client and work product privileges, and appointing a Defendant-funded special master to "oversee [Defendants'] compliance," but have failed to show that they have been harmed as required for civil contempt. Considering the posture of the case, it is impossible for Plaintiffs to have been prejudiced by Defendants' supplemental productions. Defendants have complied with this Court's orders, adhered to their obligation to supplement their responses as additional information becomes known, and been receptive to all of Plaintiffs' concerns regarding Defendants' discovery responses. This is all before the issues have been joined and all parties have appeared in the case. The Court should deny Plaintiffs' Motion.

## RELEVANT BACKGROUND

Plaintiffs filed their Complaint against Defendants, amongst others, on April 27, 2020. On July 31, 2020, Plaintiffs filed an Amended Complaint, and on September 18, 2020, Defendants filed their Second Amended Complaint. Because NOVA WPC LLC, White Peaks Capital LLC, Villanova Trust, AllCore Development LLC, and Finbrit Holdings LLC have not responded to the pleadings, the case is not yet at issue. Plaintiffs have served no Initial Disclosures nor have Defendants had an opportunity to conduct any discovery of their own with regard to the merits of Plaintiff's claims against them. The preliminary injunction is in place and currently on appeal.

Below is a brief timeline of the discovery giving rise to this Motion:

1. Plaintiffs served their requests for discovery on Defendants on July 21, 2020. *See* S. Garnett Decl. ¶ 3.

2. Pursuant to this Court's Order dated July 22, 2020, Defendants served their responses in August 2020. *Id.* ¶ 4.

3. The parties conferred concerning Defendants' responses, and Defendants produced additional documents. *Id.* ¶ 19.

4. Plaintiffs filed a Motion to Compel Production of Documents and Interrogatory Responses on October 20, 2020.

5. The Court held a hearing on November 13, 2020, and ordered Defendants to complete their responses to Plaintiffs' First Requests for Production, overruling certain of Defendants' objections.

6. Following the hearing, Defendants contacted the third-party vendor responsible for archiving Northstar's email and document management systems to pull any additional potentially responsive documents. Defendants could not access these documents without the vendor's cooperation. *Id.* ¶¶ 5–6.

7. Defendants served additional documents and interrogatory responses on Plaintiffs on or around November 24, 2020 and November 25, 2020, respectively. This included 113,547 documents totaling over 454,900 pages. *Id.* ¶ 7.

8. On or around November 24, 2020, Defendants received over 70,000 potentially responsive documents from the third-party vendor and immediately began reviewing and preparing the documents for production. *Id.* ¶ 8.

9. On or around December 10, 2020, pursuant to their obligations under the Federal Rules of Civil Procedure to supplement discovery responses, Defendants sent Plaintiffs an additional 46,871 documents comprising of over 292,500 pages. *Id.* ¶ 9.

10. In response to Plaintiffs' concerns, on or around December 17, 2020, Defendants sent Plaintiffs 29,203 more documents, including those regarding the recent disposition of various Northstar/WDC assets such as settlement statements identifying the allocation of proceeds. *Id.* ¶ 10.

11. Defendants supplemented their responses on or around December 24, 2020 and December 30, 2020, producing an additional 1,071 and 699 documents, respectively. *Id.* ¶ 11.

12. Defendants produced a privilege log to Plaintiffs on or around December 31, 2020. *Id.* ¶ 12.

13. On or around January 8, 2021, after learning additional information, Defendants served a supplemental response to Plaintiffs' Interrogatory No. 2, identifying the disposition of several Northstar assets unaffiliated with the Amazon transactions. These assets were sold in the normal course of Northstar's business. *Id.* ¶ 13.

14. In late February 2021, the FBI returned to counsel for Defendants a cell phone and two laptops previously seized from Mr. Watson in April 2020. Upon receipt, counsel for Defendants immediately sent the items to a third party for forensic imaging and extracting. *Id.* ¶ 14.

15. Upon realizing the items were encrypted by passwords that Mr. Watson could not remember as they were seized almost a year prior, Defendants reached out to the U.S. Attorney to retrieve the passwords Mr. Watson had provided the FBI at the time of

  the seizure. *Id*. ¶ 15. All three items were forensically imaged and data was extracted. *Id*. ¶ 17.

 16. On or around May 6, 2021, Defendants produced to Plaintiffs responsive data from Mr. Watson's laptops and phone. *Id*. ¶ 18.

Defendants will continue to supplement their productions as additional information becomes known in accordance with their obligations under the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Civil contempt is a "severe remedy" and "principles of basic fairness requir[e] that those enjoined receive explicit notice of what conduct is outlawed before being held in civil contempt." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019) (internal citations omitted). Civil contempt is "improper [where] a party's attempt at compliance [is] reasonable." *Id.*; *accord Chesapeake Bank v. Berger*, 2014 WL 5500872, at *3 (E.D. Va. Oct. 30, 2014) ("A good faith attempt to comply, even if such attempt proves ineffective, is a defense to a civil contempt order."). Indeed, "civil contempt should not be resorted to where there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct." *Id*. "Civil contempt is conditional or contingent in nature, terminable if the contemnor purges himself of the contempt." *Carbon Fuel Co. v. United Mine Workers of Am.*, 517 F.2d 1348, 1349 (4th Cir. 1975).

To establish civil contempt, a party must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the contemnor had actual or constructive knowledge; (2) that the decree was in movant's 'favor;' (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) that [the] movant suffered harm as a result.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (internal quotations omitted).

Federal Rule of Civil Procedure 37 permits sanctions where a party "fail[s] to make disclosures or cooperate in discovery." Fed. R. Civ. P. 37. Specifically, with regard to discovery, only where a party "fails to obey an order or permit discovery . . . may [the court] issue further just orders" in the form of sanctions. *Id.*

"A party who has made a disclosure . . . or who has responded to an interrogatory, request for production, or request for admission [] must supplement or correct its response . . . in a timely manner" when a party learns of additional information that in some material respect makes the response incomplete or incorrect. Fed. R. Civ. P. 26(e)(1). In furtherance of a party's obligation to supplement its discovery responses under Fed. R. Civ. P. 26(e), where "a party fails to provide information" or "fails to admit what is requested" and that fact later proves a document to be genuine or a matter to be true, only then may the Court consider sanctions. Fed. R. Civ. P. 37(c).

## ARGUMENT

Defendants have complied with this Court's July 22, 2020 and November 13, 2020 orders, fully responding to Plaintiffs' interrogatories and requests for admission and producing 179,417 documents totaling 915,763 pages. Defendants served their discovery responses on Plaintiffs on or around November 24, 2020, and produced to Plaintiffs the lion's share of responsive documents that day. Following their initial production, when Defendants received additional tranches and/or repositories of documents from vendors, the FBI, and documents created as part of Defendants' normal course of business, Defendants supplemented their responses to Plaintiffs, producing approximately 70,000 additional documents in accordance with their obligations to this Court and under the Federal Rules of Civil Procedure. Defendants are hyper-aware of their discovery obligations and have meticulously complied with them, producing all known, non-privileged responsive documents. Still, Plaintiffs are not satisfied.

Plaintiffs' complaints concerning Defendants' responses are all over the board – they got too many documents; they did not receive the right documents; Plaintiffs pushed for more documents and now identify subsequent supplemental productions as "untimely;" and the documents "prove" their allegations (they do not), but somehow fail in substance, among others. Plaintiffs want to have their cake and eat it, too. They ask this Court to sanction Defendants for producing too many documents, yet at the same time, ask this Court to compel the production of more documents. They received documents they believe support their contentions, but ask that Defendants be precluded from defending their own position because they were "evasive." Indeed, rather than litigate the case on the merits, Plaintiffs continue their efforts to try to win this case by creating a war out of preliminary discovery. Defendants have complied with this Court's orders and Plaintiffs have failed to show they have been injured.

A.  **Defendants acted in good faith.**

Defendants have, in good faith, produced all known, non-privileged responsive documents to Plaintiffs. Defendants have supplemented, and will continue to supplement, their responses to interrogatories, requests for admission, and their document productions as Defendants learn of new information. In order to impose sanctions on Defendants, the Court must find that Defendants (i) acted in bad faith, (ii) Plaintiffs were prejudiced, (iii) the record demonstrates a need for deterrence of the particular non-compliance at issue, and (iv) the record shows that less drastic sanctions would not be appropriate. *Anderson v. Found. for Advancement, Educ, & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). The record, described in detail above, shows Defendants succeed on every element.

Plaintiffs, in blanket statements, accuse Defendants of "deliberately with[holding] responsive information about transaction proceeds and asset dispositions . . . and used false

assurances and filler material to obstruct enforcement action on these violations," making "belated productions" and "indefensible privilege claims," and blaming vendors and the FBI for supplemental productions. Mot. at 16–17.

To the contrary, Defendants have produced all responsive, non-privileged documents in their possession, custody, or control to Plaintiffs (as Plaintiffs themselves have repeatedly insisted upon). Defendants have supplemented their discovery responses, including their responses to interrogatories, and will continue to do so in compliance with their ongoing obligations pursuant to the Federal Rules of Civil Procedure and to address legitimate concerns raised by Plaintiffs. Defendants have not withheld any information to which Plaintiffs are entitled. If Plaintiffs did not receive certain information, it is because the information does not exist or is not within Defendants' possession, custody, or control. Defendants, in accordance with this Court's orders, produced all known documents in their immediate possession, custody, or control on or around November 24, 2020.

Following this Court's November 13, 2020 order compelling discovery responses, Defendants contacted the third-party vendor responsible for maintaining Northstar's archived emails and documents in an attempt to locate any additional relevant documents, and in an effort to meet the Court's deadline. *See* S. Garnett Decl. ¶ 5. Due to timing with the vendor, however, Defendants did not receive the documents until November 24, 2020. *Id.* ¶¶ 6, 8. Upon receipt, Defendants immediately processed the data, ran keyword searches based on Plaintiffs' requests, and produced additional responsive documents, without prompting by Plaintiffs, on or around December 10, 2020. *Id*. ¶ 9. These actions comply with Defendants' ongoing duty to supplement their discovery responses under Federal Rule of Civil Procedure 26(e).

Similarly, when the FBI and U.S. Attorney's Office released Mr. Watson's cell phone and laptops to Defendants' counsel's custody in February 2021, having seized them ten months prior in April 2020, Defendants immediately sent the devices to a third party vendor for forensic imaging and data extraction and notified Plaintiffs of their receipt. *Id*. ¶ 14. When the vendor notified Defendants that the devices were encrypted and Mr. Watson could not remember the passwords to unlock the devices, Defendants reached out to the U.S. Attorney to ask him for the passwords Mr. Watson gave the FBI at the time the devices were seized. *Id*. ¶ 15. Even then, two of the passwords had expired or were ineffective and Defendants had to work with another vendor to access at least one of the encrypted devices. *Id.* ¶ 16. Defendants produced responsive documents to Plaintiffs as soon as all relevant data was extracted. *Id.* ¶¶ 17, 18; A. Schneider Decl. ¶ 5. As evidence of Defendants' continued good faith, Plaintiffs, after working with Defendants, did not raise in their Motion several technical issues they once complained vociferously about concerning this production. A. Schneider Decl. ¶ 6. Defendants have been hyper-vigilant in their responses to Plaintiffs. Defendants' supplemental productions were not made in bad faith, but rather exemplify their good faith compliance with Federal Rule of Civil Procedure 26(e) and desire to provide Plaintiffs with the information to which they are entitled.

Further, in compliance with the language of Plaintiffs' discovery requests and this Court's orders, Defendants ran search terms identified in Plaintiffs' requests and produced *all* non-privileged documents responsive to such requests. To the extent any documents produced included "filler material," it is due to Defendants' strict compliance with Plaintiffs' requests.

1.   **Defendants withheld privileged documents in good faith.**

The parties seem to be at an impasse as to their interpretation of the Court's oral ruling on November 13, 2020. Plaintiffs assert Defendants are no longer entitled to privilege objections based

on certain representations made by the Court during the hearing. However, at the conclusion of the hearing, the Court stated: "If anything is the subject of a privilege log as to attorney-client privilege or work product, I'll have to look at that separately." At the time, Defendants had only withheld or redacted four documents on the basis of privilege. The Court, overruling most of Defendants' objections, clearly sustained Defendants' right to assert attorney-client and attorney work product privilege and certainly did not foreclose Defendants from asserting such privileges on documents that were not previously identified as responsive or supplemental productions of future-discovered documents. When Defendants withheld the production of approximately 6,300 documents on the basis of attorney-client or attorney work product privilege, they did so in good faith and provided Plaintiffs a privilege log. Through the normal meet and confer process, Defendants amended their log and produced to Plaintiffs additional documents mistakenly marked as privileged during their initial review.

Defendants have complied in good faith with Plaintiffs' discovery requests and this Court's orders. Defendants have produced all non-privileged responsive documents in their possession, custody, and control. And, for months, Defendants have supplemented their responses to Plaintiffs requests as new information became available, and will continue to do so pursuant to the Federal Rules of Civil Procedure. Defendants have responded in full to Plaintiffs' requests.

**B.      Defendants have failed to show prejudice.**

This case is in its infancy. It is not yet at issue and the parties have not exchanged initial disclosures. Plaintiffs cannot show prejudice at this stage. The Court ordered the extraordinary remedy of one-sided preliminary discovery limited to Defendants' ability to comply with the preliminary injunction, and Defendants have fully complied.

Defendants produced to Plaintiffs 113,547 documents totaling over 454,000 pages on or around November 24, 2021. *See* S. Garnett Decl. ¶ 7. As Defendants learned of additional repositories of documents that may contain additional responsive documents, Defendants immediately requested access to such repositories, processed the data, and produced additional responsive documents to Plaintiffs. This does not constitute an intentional or evasive "failure to produce documents . . . or producing them months [late]," Mot. at 17 (internal quotation marks omitted), but rather Defendants' ongoing compliance with their obligations under Federal Rule of Civil Procedure 26(e). Indeed, Defendants have painstakingly responded to each of Plaintiffs' requests, including responses to interrogatories and requests for admission, as well as the production of supporting documentation, addressing, among other things, their inability to comply with the Court's injunction. Plaintiffs have a wealth of Defendants' information in their hands, they simply do not like what they received. Just because Plaintiffs disagree with Defendants' responses and chose to engage in a one-sided letter writing campaign does not mean Plaintiffs have been prejudiced. Defendants have responded to each of Plaintiffs' requests in detail.

Having had complete discovery, Plaintiffs cannot show prejudice. Moreover, the discovery ordered by the Court was limited to compliance with the preliminary injunction. Plaintiffs have sought to take advantage of the Court's order by engaging in broad ranging discovery concerning every aspect of Defendants' business and their dealings with Amazon. But case in chief discovery has not even commenced. To the extent Amazon has any need for additional discovery, it certainly can obtain it through the normal discovery process, as can all of the parties.

**C.      There is no behavior to deter.**

Defendants fail to see how their strict compliance with this Court's orders and their ongoing obligation to supplement discovery responses pursuant to the Federal Rules of Civil Procedure

constitutes behavior worthy of deterrence. Again, Defendants produced their responses to Plaintiffs' requests for discovery on or around November 24, 2020, in compliance with this Court's orders. *See* S. Garnett Decl. ¶ 7. Defendants continued to supplement their responses to Plaintiffs' requests upon learning of additional potentially relevant documents. *Id*. ¶ 19. When Plaintiffs raised issues with Defendants' interrogatory response concerning the disposition of certain assets unrelated to the Amazon transactions, Defendants supplemented their response to that interrogatory and have continued to produce supplemental documents related to each disposition as they become available. *Id*. Defendants take their obligations to this Court seriously and have gone to great lengths to ensure they comply with its orders. There is no behavior to deter.

**D.     No sanctions are appropriate.**

For the reasons stated above, sanctions are not appropriate in this case, where Defendants have complied with this Court's orders by responding to Plaintiffs' requests for discovery, and supplemented their responses, as necessary, pursuant to Federal Rule of Civil Procedure 26(e). Indeed, civil contempt is a "severe remedy." *Taggart,* 139 S. Ct. at 1802. Civil contempt is "improper [where] a party's attempt at compliance [is] reasonable." *Id*.; *accord Chesapeake Bank,* 2014 WL 5500872 at *3 ("A good faith attempt to comply, even if such attempt proves ineffective, is a defense to a civil contempt order."). Indeed, "civil contempt should not be resorted to where there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct." *Id*.

Plaintiffs ask this Court for severe sanctions, including (i) foreclosure of Defendants' affirmative defenses to the permanent injunction; (ii) preclusion of Defendants' reliance on information they allegedly "failed to produce, or produced very late,"[1] Mot. at 21 (internal quotations

---

[1] Specifically, Defendants believe the Court should preclude Defendants from relying on any evidence contradicting the following alleged facts: (i) Defendants received at least $21.25 million in proceeds from the Amazon transactions in suit; (ii) Defendants pose a substantial risk of asset dissipation; and (iii) Defendants are able to post

13

omitted); (iii) overruling Defendants' privilege claims and ordering the immediate production of privileged documents; and (iv) ordering a third-party forensic examination of Mr. Watson's electronic devices *and* email accounts and appointing a special master to oversee Defendants' discovery responses, at Defendants' cost. Defendants have provided thorough, meticulous responses to Plaintiffs' requests for discovery in good faith and in compliance with this Court's orders. Further, as part of Defendants' ongoing obligation to supplement their discovery responses pursuant to the Federal Rules of Civil Procedure, Defendants continue to supplement their responses as new information becomes available. Defendants have provided Plaintiffs with a wealth of information, including tens of thousands of emails and copies of Defendants' books and records, all related to their inability to comply with the preliminary injunction. Defendants' position concerning their inability to comply has not changed—they cannot afford it—and their responses support it. Other than simply disagreeing with Defendants' responses, Plaintiffs have failed to identify how Defendants' responses have failed to substantively and substantially comply with this Court's orders and the Federal Rules of Civil Procedure. Plaintiffs' request for sanctions is not appropriate.

---

judgment security. They ask for these rulings not because Defendants have withheld evidence on these issues, but because the evidence does not support their preferred outcome.

## CONCLUSION

For the reasons above, Defendants respectfully request that the Court deny the relief requested in Plaintiffs' Motion.

Dated: June 18, 2021    By: /s/ Jeffrey R. Hamlin
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, DC 20006
202.524.4140 – Tel.
202 524.4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.

*Counsel for Defendants WDC Holding, LLC and Brian Watson*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2021, I will cause a true and correct copy of the foregoing document to be served by U.S. mail to the following party who is appearing in this case *pro se*:

>Casey Kirschner
>635 Alvarado Ln N
>Plymouth, MN 55447

By: <i>/s/ Jeffrey R. Hamlin</i><br>Jeffrey R. Hamlin (VSB 46932)