IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC., et al.<br><br>    Plaintiffs,<br><br>        v.<br><br>WDC HOLDINGS LLC and BRIAN WATSON,<br><br>    Defendants. | Case No. 1:20-CV-484 |

**DEFENDANTS BRIAN WATSON AND WDC HOLDINGS LLC'S
RESPONSE TO PLAINTIFFS' MOTION & MEMORANDUM IN SUPPORT THEREOF
<u>FOR LEAVE TO FILE DOCUMENTS UNDER SEAL</u>**

Pursuant to Local Civil Rule 5, Defendants Brian Watson ("Watson") and WDC Holdings LLC, d/b/a Northstar Commercial Partners ("Northstar") respectfully submit this response to Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (together, "Plaintiffs'") motion for leave to file under seal certain documents filed in support of Plaintiffs' Motion for Rule 37 and Civil Contempt Sanctions (Dkt. 282). These include (i) the unredacted version of their memorandum in support of Rule 37 and civil contempt sanctions (Dkt. 285); (ii) the unredacted version of the Declaration of Lora E. MacDonald ("MacDonald Declaration") in support of Plaintiffs' motion for Rule 37 and civil contempt sanctions (Dkt. 287); and (iii) Exhibits 7, 19, 20, 27, 28, 29, 33, and 34 to the MacDonald declaration (Dkt. 287-1 to 287-8).

Exhibit 10 is a copy of Northstar's Reconciliation Summary and Reconciliation Detail dated July 2, 2019, and a copy of Northstar's Citywide Bank statement dated June 30, 2019.

Exhibit 19 is a copy of Northstar's Citywide Bank statement dated June 30, 2018.

1

Exhibit 20 is a copy of Northstar's Citywide Bank statement dated July 31, 2018.

Exhibit 27 is a copy of an Aircraft Purchase and Sale Agreement between NCP Freedom, LLC, and Texcel Holdings, LLC, dated April 2, 2021.

Exhibit 28 is a copy of text exchanges sent among and between Brian Watson, Kyle Ramstetter, and Will Camenson during the time period from February 1, 2018 through October 2, 2019.

Exhibit 29 is a copy of text exchanges between Brian Watson and Casey Kirschner during the time period from August 27, 2017 through January 14, 2020.

Exhibit 33 is a redacted copy of an e-mail string regarding the Quail Ridge property sent among and between Kyle Ramstetter, commercial bankers, and an attorney during the time period from March–April 2019.

Exhibit 34 is a copy of a letter dated November 6, 2020, sent from Brian Watson on behalf of Stapleton Senior Living, LLC, to himself as a principal of PLW Capital I, LLC.

Local Civil Rule 5 provides that when a party requests leave to file a document under seal, the party designating the document for confidential treatment must respond to the motion with (i) a statement as to why sealing is necessary and why another procedure will not suffice; (ii) references to governing case law, an analysis of the appropriate standard to be applied to the specific filing, and a description of how that standard has been satisfied; and (iii) a statement as to the period of time the responding party seeks to have the document maintained under seal and how the matter is to be handled upon sealing. Each is addressed in turn below.

Defendants seek confidential treatment of Exhibits 7, 19, and 20 to the MacDonald Declaration because the documents contain sensitive business information—namely, the complete account number for Northstar's bank accounts with Citywide Bank, including accounts ending in

–914 and –066. Defendants' sensitive business information has been treated as confidential by the parties in this case. Specifically, Exhibit 7 includes Northstar's confidential Reconciliation Summary and Reconciliation Detail as of June 30, 2019, and the related Citywide Bank statement dated June 30, 2019, which contains images of deposit slips and cancelled checks bearing the complete account number for Northstar's bank accounts ending in –914 and –066. Exhibits 19 and 20 consist of Citywide Bank statements for June 30, 2019, and July 31, 2019, respectively, both of which include images of deposit slips and cancelled checks bearing the complete account number for Northstar's accounts ending in –914 and –066. Northstar's sensitive bank account information should be protected for as long as Northstar remains a going concern, and may be protected either by giving confidential treatment to Exhibits 7, 19, and 20 or by redacting all bank account numbers therein such that only the last three digits of each account number are made public.

Defendants no longer seek confidential treatment of Exhibits 27, 28, 29, 33, and 34.

This Court "'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" *Wellness Grp., LLC v. King Bio, Inc.*, Civil No. 1:12-cv-00281-MR-DLH, 2014 WL 68803, at *1 (W.D.N.C. Jan. 8, 2014) (unpublished) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Before sealing a court document, the Court must "'(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives.'" *Id.* (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The foregoing requirements are met with respect to Exhibits 7, 19, and 20. Amazon filed its motion to seal on June 2, 2021, *see* Dkt. 282. As such, the public has been on notice of the request to seal Exhibits 7, 19, and 20, and interested parties have had a reasonable opportunity to respond. To date, no party has objected to Amazon's request to file the documents under seal. Northstar's bank account information may be protected by redacting from Exhibit 7, 19, and 20, all but the three digits of Northstar's bank account numbers. In the absence of redaction, there is no alternative less drastic than sealing that would further the public's right of access while protecting the sensitive business and financial information described herein. Exhibits 7, 19, and 20 are not publicly available, and all of them contain sensitive business and financial information. Defendants designated all three documents as "Confidential" pursuant to the Agreed Protective Order in this case. As such, Defendants concur with Amazon's request for Exhibits 7, 19, and 20 to be filed under seal or, at a minimum, redacted to protect Northstar's bank account information and that such protection be maintained as long as Northstar is a going concern.

Dated: July 6, 2021                                       Respectfully submitted,

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VSB No. 46932)
George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com

*Counsel for Defendants Brian Watson and WDC Holdings LLC*