# EXHIBIT 1

```
                UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA


  AMAZON.COM AND AMAZON DATA       )
  SERVICES, INC.,                  )
                                   ) Civil Action
       Plaintiffs,                 ) No. 1:20-CV-484-LO-TCB
                                   )
       v.                          ) July 9, 2021
                                   ) 10:00 a.m.
  WDC HOLDINGS, et al.,            )
                                   )
       Defendants.                 )
                                   )
```

*TRANSCRIPT OF MOTION HEARING PROCEEDINGS
BEFORE THE HONORABLE THERESA C. BUCHANAN,
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE*

APPEARANCES:

For the Plaintiffs:     **Elizabeth Petrela Papez, Esq.**
                        Gibson Dunn & Crutcher LLP (DC)
                        1050 Connecticut Avenue, NW
                        Washington, DC 20036-5306
                        202-955-8500
                        Fax: 202-831-6055
                        Email: Epapez@gibsondunn.com

                        **Patrick Friel Stokes, Esq.**
                        Gibson Dunn & Crutcher LLP (DC)
                        1050 Connecticut Avenue, NW
                        Washington, DC 20036-5306
                        202-955-8500
                        Fax: 202-467-0539
                        Email: Pstokes@gibsondunn.com

                        **Claudia Maria Barrett, Esq.**
                        Gibson Dunn & Crutcher LLP (DC)
                        1050 Connecticut Avenue, NW
                        Washington, DC 20036-5306
                        202-955-8500
                        Email: Cbarrett@gibsondunn.com

*Scott L. Wallace, RDR, CRR, Official Court Reporter*

```
APPEARANCES:   (Cont.)

For the Plaintiffs:        Michael Robert Dziuban, Esq.
                           Gibson Dunn & Crutcher LLP (DC)
                           1050 Connecticut Ave NW
                           Suite 300
                           Washington, DC 20036-5306
                           202-955-8500
                           Fax: 202-530-4247
                           Email: Mdziuban@gibsondunn.com

For the Defendants:        Jeffrey Robin Hamlin, Esq.
                           Ifrah Law
                           1717 Pennsylvania Avenue, NW
                           Suite 650
                           Washington, DC 20006
                           202-524-4143
                           Fax: 202-524-4142
                           Email: Jhamlin@ifrahlaw.com

                           Stanley L. Garnett, Esq.
                           Brownstein Hyatt Farber Schreck, LLP
                           410 17th Street, Suite 2200
                           Denver, Colorado  80202
                           303-223-1364
                           Email: Sgarnett@bhfs.com


Court Reporter:            Scott L. Wallace, RDR, RMR, CRR
                           Official Court Reporter
                           United States District Court
                           401 Courthouse Square
                           Alexandria, VA 2231-5798
                           202-277-3739
                           Email: Scottwallace.edva@gmail.com


Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.
```

```
 1  would say we've gone a year, we've indulged them at every turn.
 2  The issue now is not trying to answer what they were ordered to
 3  answer in November, it's sanction them by way of preclusion and
 4  that --
 5          THE COURT:  Ms. Papez, I just have to tell you, that's
 6  just not the way this Court operates.
 7          I don't operate that way, and I don't think any other
 8  judge of this Court operates that way, that you sit back for six
 9  months and not bring another motion to compel, not bring it to
10  the attention of the Court, and then just ask for sanctions, so
11  that's not going to happen.
12          So, if you're telling me that you don't need anymore
13  documents, and I'm telling you that I'm not going to grant
14  sanctions, then what's the point of this?  Because if you show --
15  you've got the evidence here to show that money is missing, so
16  then you can go back before Judge O'Grady and, you know, file an
17  appropriate motion for him in terms of the TRO, but what is the
18  point now of this motion?  What is it that you are asking me to
19  do shy of sanctions, because I'm not going to grant that.
20          MS. PAPEZ:  Well, Your Honor, if you're not going to grant
21  the sanctions for failure to answer the discovery that the Court
22  already compelled in November, then, respectfully, if they
23  maintain that they have an answer to this, the Court should order
24  them to produce it.
25          THE COURT:  Well, that's what I'm asking you.  Okay.  All
```

```
 1              THE COURT:  Okay.  So I'm looking at your privilege log
 2   here, which is dozens and hundreds of pages.
 3              MR. GARNETT:  6300.
 4              THE COURT:  Okay.  So you had 6300 communications here?
 5              MR. GARNETT:  Yes.
 6              THE COURT:  And these were all communications with
 7   counsel?
 8              MR. GARNETT:  Yes.
 9              THE COURT:  So, how am I not seeing counsel on these
10   e-mails?  For instance, I'm looking at these and these are not
11   with counsel, most of them, that I can see.
12              MR. GARNETT:  Well, Your Honor --
13              THE COURT:  Maybe I'm missing something here.
14              MR. GARNETT:  We put together what we considered to be a
15   very detailed privilege log and served it in December with the
16   additional documents that were provided then.  We have never
17   heard from counsel what they believe the problem is with the
18   privilege log.  The issue is Mr. Watson and North Star involved a
19   number of law firms in Denver, as did other defendants in the
20   case, and there were communications with all of them that relate
21   to -- and again, the key issue in the case at this point is
22   simply --
23              THE COURT:  Who is BHFS?
24              MR. GARNETT:  BHFS is my law firm, Your Honor, Brownstein
25   Hyatt Farber Schreck.
```

1  review of the devices.
2       THE COURT: All right. I'm going to order that the
3  defendants completely answer Interrogatory Number 2, and you must
4  fully address all the deficiencies that counsel pointed out, and
5  especially on page 9 of their motion. You have to re-answer it,
6  identify them by Bates numbers, specifically as to each
7  transaction, explain where the money went.
8       You're going to have to account for this missing 18
9  million or additional 5 or whatever it is as well. He should
10 know where it went, and it's -- and if this predates April 2020,
11 then so be it. He's going to have to account for all this money
12 and where it went.
13      He's going to have to also completely re-answer
14 Interrogatories 3, 5 and 6 completely. Since you told me you
15 have not withheld anything pursuant to privilege objections from
16 the electronic devices, I'm going to order that you produce
17 directly from your third-party vendor the imaging of those
18 devices directly to counsel.
19      I'm going to make this subject to counsels' eyes only,
20 since it may have personal, private information in there, but the
21 defendant is free to run their own searches then on those
22 documents on those electronic devices.
23      As to the privilege log, Ms. Papez, I would like you to
24 pick out 20 documents that you think are representative of what
25 your concern is as to the privilege. I will then review those

1   in-camera.  So, if you can identify those, say, mid-week next
2   week, counsel, I'd like you to produce those specific 20
3   documents within five days after that, and I will review them
4   in-camera.  If they are not -- and I will need an explanation
5   from you as to why you believe those specific documents are
6   privileged.  Tell me who the players are and why it's privileged,
7   and if I find the privilege was improperly taken, then I will
8   relook at whether you can claim any privilege at all as to most
9   of these.
10          So, I'm going to grant a motion in part as to compel.  I'm
11  going to deny as to sanctions.  And I do -- I am going to order
12  that you produce everything to them within ten days from today.
13  That's re-answer the interrogatories, re-answer the request for
14  productions, and produce any documents within ten days.
15          After that, Ms. Papez, you can bring a motion before Judge
16  O'Grady as to what you think is appropriate, given that
17  there's -- if there's still, assuming, missing money.  All right.
18  The Court stands in recess.
19          (Proceedings adjourned at 10:31 a.m.)
20
21
22
23
24
25

## **C E R T I F I C A T E**

        I, Scott L. Wallace, RDR-CRR, certify that the foregoing transcript of proceedings was prepared from an FTR Gold audio recording of proceedings in the above-entitled matter and was produced to the best of my ability. Indiscernible indications in the transcript indicate that the audio captured was not clear enough to attest to its accuracy.

```
/s/ Scott L. Wallace                              7/12/21
-----------------------------                  ----------------
  Scott L. Wallace, RDR, CRR                       Date
     Official Court Reporter
```