# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIA PARTNERS, et al, <br><br> Defendants, | Case No. 1:20cv484 (LO/TCB) <br><br><br> **BRIEF IN SUPPORT OF 800 HOYT LLC'S MOTION TO INTERVENE** <br><br> FILED UNDER SEAL |

800 Hoyt LLC ("800 Hoyt"), files this Brief In Support of 800 Hoyt LLC'S Motion to Intervene, and, in so doing, respectfully states:

## Table of Contents

**I. INTRODUCTION** ........................................................................................................... 2
**II. BACKGROUND** ............................................................................................................. 3
   A.  *The Formation and Operation of 800 Hoyt* ................................................................ 3
   B.  *October 2020 Sale of the Property* ............................................................................ 3
   C.  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
   D.  *Release of Reserve Funds to 800 Hoyt* ..................................................................... 4
   E.  *Claim of Amazon.com* .............................................................................................. 5
   F.  *Claim of Mr. Watson* ................................................................................................ 6
**III. LEGAL STANDARD** .................................................................................................... 7
**IV. ARGUMENT** .................................................................................................................. 7
   B.  *The Intervening Action Substantially Relates* ......................................................... 9
   C.  *The Venue Clause* ■■■■■■■■■■■■■ ........................................................... 9
**V. PRAYER FOR RELIEF** .............................................................................................. 13

## I.    INTRODUCTION

800 Hoyt currently holds in excess of $200,000 (the "Interpleader Funds") that must be paid or distributed to parties entitled to take on behalf of Brian Watson ("Mr. Watson") and his related entities WDC Holding LLC d/b/a NorthStar Commercial Partners ("WDC"), and PLW Capital I, LLC ("PLW") (collectively the "Watson Defendants").  Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon") have made claim to these funds and specifically demanded 800 Hoyt not distribute these funds on the basis of the injunction pending in *Amazon.com, Inc. v. WDC Holdings LLC et al.,* United States District Court for the Eastern District of Virginia, Case Number 20cv484 (the "Amazon Lawsuit").  The Watson Defendants have made claims to these funds pursuant to contract.  800 Hoyt is a wholly disinterested stakeholder caught in the middle of opposing legal threats that are entirely dependent upon the proceedings in the Amazon Lawsuit.

Given these circumstances, 800 Hoyt seeks a timely intervention pursuant to Fed. R. Civ. P. 24 (b) to interplead the disputed Interpleader Funds into the Court's registry so that it may be removed entirely from the dispute between the parties.  A copy of the proposed Interpleader Complaint for this Court's review is filed concurrently herewith as *Ex. 1*.  As the competing claims of the Watson Defendants and Amazon overlap with the claims and defenses in the Amazon Lawsuit, 800 Hoyt believes an intervening action in the existing suit is the most judicially economical and prudent means to resolve all claims between the parties and for that reason requests this Court grant its motion to intervene.

## II.     BACKGROUND

*A.     The Formation and Operation of 800 Hoyt*

In 2014, 800 Hoyt was formed for the purpose of owning, developing, operating, managing, maintaining, leasing or selling the property located at 800 Hoyt Street, Broomfield, CO 80020 (the "Property"). 800 Hoyt has two Class A members: PLW and JM Capital VII, LLC ("JM Capital"). To 800 Hoyt's knowledge, PLW is a corporate entity fully owned and operated by Mr. Watson. Donald J. Marcotte ("Mr. Marcotte") and Mr. Watson were the Managers and Management Committee of 800 Hoyt until Mr. Watson's resignation. Through PLW the Watson Defendants are entitled to share in any distribution of 800 Hoyt assets.

*B.     October 2020 Sale of the Property*

On October 22, 2020, Hoyt Development LLC ("Hoyt Development"), as owner of the Property, entered into a Purchase and Sale Agreement for the sale of the Property to Lincoln Property Commercial, LLC. The closing date for the sale of the Property was December 8, 2020 (the "Lincoln Sale").

Pursuant to the terms of its operating agreement, Hoyt Development held $1,000,000.00 in reserve, and distributed the remaining income from the Lincoln Sale pursuant to its various existing loans, obligations, and as distributions to its members. 800 Hoyt is a member of Hoyt Development. 800 Hoyt received $4,375,640.21 in December 2020 as a member distribution for the sale of the Property. During December 2020 -January 2021, 800 Hoyt distributed this amount pursuant to its various existing loans, obligations, and as distributions to its members.

*C.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮*

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



D. *Release of Reserve Funds to 800 Hoyt*

On September 11, 2021, Hoyt Development released $750,000.00 of funds held in reserve and transmitted them to 800 Hoyt ("Reserve Funds").

After payment of the existing obligations, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and establishing a reserve, 800 Hoyt intends to distribute remaining funds ("the Available Cash") pursuant to § 5.01 of the Operating Agreement. As stated in the Operating Agreement, after discharge of obligations and reservation of funds for anticipated costs, the Available Cash will be distributed as follows:

> (i) First, all Available Cash will be distributed to the Members, pro rata according to their percentage of Interests, until such time as the Members have received a 10% non-compounded, annual rate of return on their Capital Contributions (the "Preferred Return");
>
> (ii) Second, all Available Cash will be distributed to the Members, pro rata according to their percentage of Interests, until such time as the Members have received a complete return of their Capital Contributions;
>
> (iii) Third, 70% of all Available Cash will be distributed to the Class B Members, pro rata according to their percentage of Class B Membership interests, until the Class B Members have received a 25% non-compounded, annual return on their Capital Contributions (the "Class B Preferred Return"), and 30% of all available cash will be distributed to Class A members.
>
> (iv) Fourth, 50% of all Available Cash will be distributed to the Class B Members, pro rata according to their percentage of Class B Membership Interest, and 50% will be paid to all Class A members for all remaining distributions.

See MacPhail Decl., Ex. 2 at § 5.01 (emphasis added).

PLW, as one of two Class A Members, will be due either 15% or 25% of Available Cash. PLW's share of the Available Cash distribution to members is estimated at less than $50,000.00.

E.   Claim of Amazon.com

On August 24, 2021, 800 Hoyt received a cease-and-desist letter (the "August 24, 2021 Letter") from Amazon related to future distributions of 800 Hoyt. MacPhail Decl., Ex. 4. In the August 24, 2021 Letter counsel for Amazon notified 800 Hoyt that a preliminary injunction had been issued against Mr. Watson and WDC and demanded that 800 Hoyt "immediately cease and desist from distributing any proceeds from the sale of [the Property] pending further notice or court action." Amazon has made a claim to all assets to be distributed to Mr. Watson, WDC, or any entity of which Mr. Watson is a member, including PLW.

On September 10, 2021, Magistrate Judge Buchanan granted Amazon's Motion for Sanctions against WDC and Mr. Watson in the Amazon Lawsuit (Dkt. 307) permitting Amazon additional rights to subpoena 800 Hoyt.

Based on communications with Amazon's counsel, 800 Hoyt believes Amazon does not object to 800 Hoyt's Motion to Intervene and the Interpleader Complaint.

F.   *Claim of Mr. Watson*

The Watson Defendants have made several claims to the funds yet-to-be distributed under the Operating Agreement ███████████████. An email string containing demands from August 2, 2021, August 12, 2021, August 30, 2021, and September 7, 2021 is attached to the MacPhail Decl. as *Ex. 5*.

In September 2021, 800 Hoyt disclosed to counsel of record in the Amazon Lawsuit for Mr. Watson that it had received a cease-and-desist demand from Amazon for all future payments to Mr. Watson or related entities.  On September 15, 2021, other counsel for Mr. Watson sent a demand letter (the "September 15, 2021 Letter") to counsel for 800 Hoyt requesting payment ███████████████████████████████ MacPhail Decl., *Ex. 6*.  The September 15, 2021 Letter stated: "I understand that Amazon wrote your client a threatening letter on August 24, 2021.  I have reviewed the letter as well as the injunction order referenced in the 8/21/21 correspondence.  After review of the materials, there is no reasonable basis for withholding ███████████████████████████████████████████████████ ██████."  Mr. Watson's other counsel has stated an objection to the Motion to Intervene on the basis of venue.  However, given the nature of the claims, 800 Hoyt believes the Motion to Intervene in the Amazon Lawsuit is the most efficient and direct means to resolve the outstanding dispute between Amazon and the Watson defendants regarding entitlement to the Interpleader funds.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 24 permits two types of intervention: intervention of right and permissive intervention. For permissive intervention under Fed. R. Civ. P. 24 (b)(1)(B), the court may permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." The Court's discretion to permit intervention is "wide." *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989). Further, "the Fourth Circuit favors liberal intervention, which these circumstances warrant to prevent inconsistent rulings and efficiently resolve the claims." *Liberty Mut. Fire Ins. Co. v. Lumber Liquidators, Inc.*, 314 F.R.D. 180, 187 (E.D. Va. 2016)

As a threshold for intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*. at (b)(3). To determine if an intervention is timely, the Fourth Circuit has outlined three factors for consideration: "(1) first, how far the underlying suit has progressed (2) second, the prejudice any resulting delay might cause the other parties; and (3) third, why the movant was tardy in filing its motion." *Alt v. U.S. E.P.A.,* 758 F.3d 588, 591 (4th Cir. 2014). Of these factors, prejudice to the other parties is the most important. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 323 F.R.D. 553, 557 (E.D. Va. 2018) (citing *Hill Phoenix, Inc. v. Systematic Refrigeration, Inc.*, 117 F. Supp. 2d 508, 514 (E.D. Va. 2000)).

### IV. ARGUMENT

The competing claims of Amazon and the Watson Defendants share almost all common questions of law and fact with the outcome of the Amazon Lawsuit and, as such, 800 Hoyt should be permitted to intervene into the existing suit.

### A. The Motion for Intervention is Timely

800 Hoyt's motion for intervention is timely. 800 Hoyt was informed of Amazon's claim on August 24, 2021. Then, on September 11, 2021, 800 Hoyt came into possession of the funds that may be distributed. There has been no delay in filing this action under the relevant factors. *See Alt*, 758 F.3d at 591.

First, the underlying suit between Amazon and the Watson Defendants has not yet progressed to the merits of the action. *Midland Nat'l Life Ins. Co. v. Wilkes*, No. 1:19-CV-772, 2020 WL 429206, at *3 (M.D.N.C. Jan. 28, 2020). The parties remain in discovery and Amazon was granted the right to subpoena 800 Hoyt on September 10, 2021 as part of its requests for sanctions against Watson Defendants (Dkt. 330).[2] 800 Hoyt's motion to intervene comes just as 800 Hoyt may be subpoenaed in connection with this suit. Second, the parties will not be prejudiced by the delay caused, if any, by the intervention. The interpleader action does not set back the timeline of the case nor require any adjustments to the already-pending proceeding. Instead, it merely seeks to make the Interpleader Funds – already in dispute and subject to discovery – subject to the jurisdiction of this Court. Indeed, any minor delay caused by reviewing the intervention and allowing responsive pleading to the interpleader complaint would be far outweighed by the filing of a separate interpleader action, which would require all the same parties to make similar claims and potentially readdress the pending issues of the Amazon Lawsuit, and would likely require a different court to interpret the preliminary injunction entered in this matter – an undesirable outcome. The intervening interpleader complaint would instead speed the resolution, distribution, and potential recovery of funds.

---

[2] 800 Hoyt is considering making a voluntary production of information to the parties, in order to facilitate expeditious resolution of this dispute.

8

There is no need to address tardiness – this motion to intervene is filed within one month of notice of the parties' competing claims and within days of the funds becoming payable. Any delay in the present matter was reasonably necessitated by the complexity of the situation and diligence required to examine the legal consequences of any steps forward.

   B. *The Intervening Action Substantially Relates to the Claims and Defenses of the Existing Action*

As 800 Hoyt has shown that its intervention is timely, the Court may exercise its discretion to determine if intervention is permissible. Again, the Court has wide discretion in these matters and may choose to allow intervention by any party who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1)(B). Here, the entire basis for competing claims to the Interpleader Funds is the existence of the Amazon Lawsuit and the pending outcome of various disputes among Amazon and the Watson Defendants. Therefore, the dispute over the relevant funds is completely encompassed within the same questions of law and fact that will be determined by the Amazon Lawsuit and should be permitted.

   C. *The Venue Clause of the* ▓▓▓▓▓▓▓▓▓ *Does Not Override the Right to Intervene*

On the basis of ▓▓▓▓▓▓▓▓▓ the Watson Defendants have stated an objection to the venue of any interpleader action not filed in ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ However, upon consideration of the potential inefficiencies implicated by litigating common issues in multiple jurisdictions, intervention in this matter, rather than the filing of a separate action in a different jurisdiction, is both appropriate and within the Court's discretion to approve. Indeed, as previously briefed before this Court (Dkt. 210), numerous concerns arise with venue where only some, not all, claims arise under a forum-selection clause.

9

First and foremost, venue is proper in this Court for the intervening action. As established in *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas,* 571 U.S. 49, 55, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013), "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." For this reason, the current intervening suit, which is subject to the original suit's venue selection, cannot be dependent upon a forum-selection clause.

By the Court's own decisions, venue is proper in the Eastern District of Virginia for the Amazon Lawsuit. (Dkt. 256). Therefore, a motion to intervene would not impair the propriety of that venue. *See e.g. Pennsylvania Nat. Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 224 (D. Md. 2010) ("supplemental jurisdiction is not precluded by § 1367(b) where the claims of a nondiverse, but not indispensable, defendant-intervenor are part of the same case or controversy, regardless of whether intervention is as of right pursuant to Rule 24(a)(2), or permissive pursuant to Rule 24(b)"). As venue is previously established, intervenor 800 Hoyt takes the Amazon Lawsuit as it is and cannot question venue. *See Beam Laser Sys., Inc. v. Cox Commc'ns, Inc.*, 117 F. Supp. 2d 515, 517 (E.D. Va. 2000). Accordingly, should the Watson Defendants object, their venue objection would relate to the transfer of venue as they have not previously objected to the venue of the original Amazon Lawsuit. *Safety Equip. Inst. v. Signature Lacrosse, LLC*, 438 F. Supp. 3d 685, 688 (E.D. Va. 2020) (claims regarding venue and jurisdiction must be raised in the first instance).

Failing dismissal of this action for lack of venue given the already-established venue, a motion to transfer venue would also be unavailing. As previously held by this Court, a motion to transfer venue of this action in its entirety under 28 U.S.C. § 1404 due to a forum-selection

clause that governs only some of the applicable claims should be denied. As discussed by this Court (Dkt. 256), an attempt to enforce a forum selection clause under §1404 pursuant to *Atl. Marine Const. Co.,* 571 U.S. at 55 would not prevail.

Instead, this Court should apply the same four-step test to determine if a forum-selection clause may be overridden as previously applied in this case. As such "the Court should consider, in order: (1) the forum selection clause itself, (2) the private and public interests relevant to non-contracting parties, (3) threshold issues related to severance, and (4) which choice would best serve the interest of efficiency and minimize prejudice to non-contracting parties' interests." (Dkt. 256) (*citing In re: Howmedica Osteonics Corp.,* 867 F.3d 390, 404 (3d Cir. 2017). From there, the Court may determine to: "(1) transfer the case in its entirety, (2) leave the case in the current court, or (3) sever the claims and enforce the forum selection clause at issue." (Dkt. 256) (*citing Waterman v. Thor Motor Coach, Inc.,* 2020 WL 1290595, at *5 (E.D. Va. Mar. 18, 2020)).

With respect to the first step, the forum selection clause in the ▇▇▇▇ requires the litigation be brought in a single venue, similar to the forum selection clause previously examined by the Court. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

This forum selection competes with the already extant clauses at hand in the Amazon Lawsuit. As before, enforcing both this forum selection clause and the others would cause significant delay and inefficiency should the action be split into multiple smaller actions. *Jones v. Custom Truck & Equip., LLC,* 2011 WL 250997, at *4 (E.D. Va. Jan. 25, 2011). Instead, when assessing the facts of the actual competing claims at hand, the Court should determine that

11

the actions and occurrences in dispute between Amazon and the Watson Defendants, including the meaning and scope of the Court's preliminary injunction order, took place primarily in Virginia, and therefore, Virginia should remain the forum state.

Additionally, the enforcement of the forum selection clause of one of the agreements under which Interpleader Funds should be paid would be seriously inconvenient and thus unreasonable, where the actual claims between the parties seeking the funds do not relate to the operation of those agreements. *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def Acquisition Program Admin.,* 884 F.3d 463,470 (4th Cir. 2018) (forum selection clauses should be enforced only where it would not be unreasonable to do so). The chosen forum in such a case would be ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *MIS Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 16 (1972) (A chosen forum may be found to be unreasonable if it is "seriously inconvenient."). As discussed previously, "Transfer in this case would be seriously inconvenient for Amazon." (Dkt. 256).

Moving to step two of the review, consideration of "the public and private interests relevant to the noncontracting parties," Amazon is a noncontracting party that did not agree to litigate in state court. *In re: Howmedica,* 867 at 404. This step also weighs in favor of this Court retaining venue. As such, Amazon clearly has an interest in litigating its case in Virginia, where the disputed events took place, rather than across the country ▉▉▉▉▉ For public interests, the Commonwealth of Virginia has an interest in deciding cases that involve events and land within its own borders. *In re Rolls Royce Corp.*, 775 F.3d 671, 678n. 30 (5th Cir. 2014).

In considering "step three" and the possible severance of claims, severance would be inappropriate given the already extant litigation between the parties that will resolve the proper taker of the Interpleader Funds. Severing the interpleader would require separate service and

response to claims made on the basis of the Amazon Lawsuit, but in a separate jurisdiction. Such additional costs and secondary litigation would waste the resources of both courts, as Amazon would likely seek to stay the suit or otherwise seek to enjoin the Watson Defendants from taking the Interpleader Funds during the pendency of the Amazon Lawsuit. To require separate lawsuits would draw out both actions and waste time and resources of both courts and the parties. Furthermore, under "step four," the efficiency of all actions suggests that the combination and intervening interpleader action is the most efficient course to avoid duplicative litigation. *In re: Howmedica,* 867 at 404, 405.

Accordingly, when considering whether or not to override the forum selection clause, the *In re: Howmedica,* factors clearly weigh in favor of allowing the intervention to move forward so as to permit the filing of this interpleader action.

## V. PRAYER FOR RELIEF

For the above stated reasons, 800 Hoyt respectfully requests that its Motion to Intervene in the existing Amazon Lawsuit be granted, and that its Complaint for Interpleader attached as *Ex. 1* be filed as a pleading in this action.

Dated: September 24, 2021

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/   Kathryn M. Skilton*

Kathryn M. Skilton
Virginia Bar Number 90176
kathryn.skilton@faegredrinker.com
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Phone: (515) 248-9000
Fax: (515) 248-9010

**ATTORNEYS FOR INTERVENOR
800 HOYT LLC**

## CERTIFICATE OF SERVICE

I, Kathryn Skilton, hereby certify that on the September 24, 2021, I caused the within **BRIEF IN SUPPORT OF 800 HOYT LLC'S MOTION TO INTERVENE**, to be electronically filed and served using the CM/ECF System, which will transmit a Notice of Electronic Filing to counsel of record.

Dated: September 24, 2021    /s/ *Kathryn Skilton*