IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC., et al.<br><br>　　Plaintiffs,<br><br>　　　　　　v.<br><br>WDC HOLDINGS LLC and BRIAN WATSON,<br><br>　　Defendants. | Case No. 1:20-CV-484 |

### DEFENDANTS BRIAN WATSON AND WDC HOLDINGS LLC'S RESPONSE TO PLAINTIFFS' MOTION & MEMORANDUM IN SUPPORT THEREOF FOR LEAVE TO FILE UNDER SEAL A DOCUMENT IN SUPPORT OF PLAINTIFFS' MOTION FOR SUPPLEMENTARY RELIEF

Pursuant to Local Civil Rule 5 and this Court's Order dated September 21, 2021 (Dkt. 332), Defendants Brian Watson ("Watson") and WDC Holdings LLC, d/b/a Northstar Commercial Partners ("Northstar") respectfully submit this response to Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (together, "Amazon's'") motion for leave to file under seal a document in support of Plaintiffs' Motion for Supplementary Relief (Dkt. 323). Amazon seeks to file under seal the unredacted version of its Reply in Support of Plaintiffs' Motion for Supplementary Relief Pursuant to Local Rule 37(D) and the Court's 2020 and 2021 Discovery Orders ("Reply") (Dkt. 325). Amazon does so because the unredacted Reply refers to and conveys the substance of a confidential offer of settlement relating to another case that involved Defendant WDC Holdings, LLC, and former Northstar employee Joshua Richards. *See Richards v. WDC Holdings, LLC*, No. 2019-cv-34472 (Colo. Dist. Ct. vacated May 3, 2021). *See* Dkt. 324 at 3, 12.

1

Defendants produced the offer of settlement to Amazon, having designated it for "Highly Confidential" treatment under the Agreed Protective Order (Dkt. 55).

Amazon's motion to seal the Reply derives from the confidential offer of settlement, which itself was the subject of Amazon's motion to seal filed on August 17, 2021 (Dkt. 306). That motion sought a seal order to protect information contained in three exhibits attached to the Declaration of Todd W. Shaw ("Shaw Declaration") in support of Amazon's motion for sanctions—Exhibits 10, 13, and 16 (Dkts. 311-1 thru 3). Exhibit 16 is the above-referenced offer of settlement giving rise to Amazon's instant motion to seal. For reasons set forth in their response dated September 10, 2021, Defendants supported Amazon's motion to seal, including with respect to Exhibit 16 (Dkt. 327).[1] By order dated September 10, 2021, this Court granted Amazon's motion and ordered that Exhibit 16—*i.e.*, the offer of settlement—and other documents at issue be permanently sealed (Dkt. 328). Because Amazon's instant motion derives from its August 17 motion to seal, Defendants hereby incorporate by reference as though fully set forth herein their prior response pertaining to Exhibit 16 (Dkt. 327).

Local Civil Rule 5 provides that when a party requests leave to file a document under seal, the party designating the document for confidential treatment must respond to the motion with (i) a statement as to why sealing is necessary and why another procedure will not suffice; (ii) references to governing case law, an analysis of the appropriate standard to be applied to the specific filing, and a description of how that standard has been satisfied; and (iii) a statement as to the period of

---

[1] In their response to Amazon's August 17 motion to seal, Defendants described Exhibit 16 of the Shaw Declaration as "an offer of settlement relating to an employment dispute. Defendants produced the document to Plaintiffs, having marked it 'Highly Confidential' under the protective order in this case." Dkt. 327 at 2.

time the responding party seeks to have the document maintained under seal and how the matter is to be handled upon sealing. Each is addressed in turn below.

Defendants seek confidential treatment of Amazon's unredacted Reply because it references the substance of Shaw Declaration, Exhibit 16, which contains confidential, highly sensitive information regarding an offer to settle an employment dispute. For that reason, the document and communications therein are protected by FRE 408 and the common-law settlement privilege.

Defendants' settlement communications should be protected indefinitely by sealing the unredacted version of Amazon's Reply and redacting from the public version all references to Exhibit 16 and/or the communications memorialized therein.

This Court "'has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.'" *Wellness Grp., LLC v. King Bio, Inc.*, Civil No. 1:12-cv-00281-MR-DLH, 2014 WL 68803, at *1 (W.D.N.C. Jan. 8, 2014) (unpublished) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Before sealing a court document, the Court must "'(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives.'" *Id.* (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The foregoing requirements are met with respect Amazon's unredacted Reply. Amazon filed its motion to seal the unredacted Reply on September 8, 2021. As such, the public has been on notice of the request to seal the Reply, and interested parties have had a reasonable opportunity to respond. To date, no party has objected to Amazon's request to file its Reply under seal. The

substance of Defendants' confidential settlement discussions will be protected from disclosure with a seal order. And there is no alternative less drastic than sealing the unredacted Reply that would further the public's right of access while protecting the settlement material described herein. Amazon's unredacted Reply is not publicly available and contains confidential settlement communications. Defendants designated the source document, *i.e.*, Shaw Decl. Ex. 16, "Highly Confidential – Attorney's Eyes Only" pursuant to the Agreed Protective Order in this case. As such, Defendants concur with Amazon's request for its unredacted Reply to be filed under seal.

Dated: September 27, 2021                                    Respectfully submitted,

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VSB No. 46932)
George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com

*Counsel for Defendants Brian Watson and WDC Holdings LLC*