UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WDC HOLDINGS LLC, et al.,<br><br>    Defendants. | Civil Action No. 1:20-cv-00484 |

**DEFENDANTS BRIAN WATSON AND WDC HOLDINGS LLC'S MOTION TO CLARIFY INJUNCTION**

Defendants Brian Watson ("Watson") and WDC Holdings LLC, d/b/a Northstar Commercial Partners ("Northstar"), respectfully move for clarification of the preliminary injunction issued by this Court on June 5, 2020 (Dkt. 57) (the "PI Order").

**BACKGROUND**

On June 5, 2020, this Court issued a preliminary injunction order requiring Defendants to adopt several measures. Of the eight ordered paragraphs, six specifically apply to WDC and Watson. Although Northstar and Watson believe that the PI Order was mistaken in general, one provision has led to disputes as to the Court's meaning. Specifically, ordered paragraph No. 7 provides that "Defendants are enjoined from spoliating, concealing, wasting, transferring, or otherwise disposing of documents, records, communications, files, or other evidence or assets used in, or obtained from, any activities . . . relating to Defendants' real property transactions with Amazon in Virginia since 2018 . . . ." Dkt. 57 at 6.

1

Defendants' business consists of buying, managing, and selling real property. Plaintiffs have read the disputed provision of the Court's PI Order as enjoining Defendants from liquidating *any* of their assets, not just assets related to the Amazon transactions. *See, e.g.*, Ex. 1 (Letter from Elizabeth P. Papez to Stanley L. Garnett (Feb. 2, 2021)). Such a broad interpretation would halt Defendants' entire business operations, causing them to default on or breach contracts with hundreds of unrelated third parties. Moreover, Plaintiffs have watched Defendants sell assets since June 2020 without asking this Court for clarification, despite alleging the PI Order is essentially an asset freeze.

In contrast, Watson and Northstar believe that this language means just what it says: that they are enjoined from certain actions with respect to property used in or obtained from transactions with Amazon. Thus, Watson and Northstar assert, as they have stated to Amazon repeatedly, that the preliminary injunction order "applies only to the real estate transactions with Amazon, and not any other assets or properties. . . . Notably, this order does not limit in any respect Mr. Watson and Northstar's ability to conduct their business, which they have striven to do despite the devastating impact of this litigation." Dkt. 284-21. Even in seeking sanctions against Watson and Northstar, Plaintiffs have not actually disputed that conclusion. But they nonetheless continue to assert that Watson and Northstar's liquidation of assets inherently violates the Court's injunction order. *E.g.*, Dkt. 284 at 8.

Moreover, Amazon has sought to prevent third parties from engaging in business transactions with Northstar or Watson, including by threatening lawsuits if they disbursed funds owed to Northstar or Watson. *See* Ex. 2 (Letter from Elizabeth P. Papez to Donald Marcotte (Aug. 24, 2021)). In that letter, Amazon states "we hereby request that [800 Hoyt LLC] immediately cease and desist distributing any proceeds from the sale of 800 Hoyt pending further notice or

2

court action.  Because 800 Hoyt was a Northstar asset subject to the preliminary injunction entered in the above-referenced action, distribution of the remaining proceeds from its liquidation would violate the terms of the injunction."  Amazon did not reveal under what theory it believed the 800 Hoyt Property to be a Northstar property subject to the Court's injunction.  Because Amazon's actions threaten Northstar's continued existence, at a minimum, Watson and Northstar now seek clarification of the PI Order.

## ARGUMENT

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend."  *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation and internal quotation omitted).  Clarification regarding language used in a court order is a permissible ground for such a motion.  *Id*.  Clarification is necessary here because Amazon has interpreted the Court's preliminary injunction in a way that is inconsistent with its plain terms and has asserted that the order is binding on third parties doing business with Defendants.

Watson and Northstar now ask this Court to clarify that the injunction order issued on June 5, 2020, enjoins only the use of assets linked to the Amazon transactions, not other assets that are unrelated to those transactions.  Defendants have explained to Plaintiffs that the assets they have liquidated since the Court entered its injunctive order are unrelated to the Amazon deals.  Dkt. 284-21.  Furthermore, proceeds that have been allocated to Watson and Northstar have been used for critical expenses, including employee payroll for Northstar's now-barebones operations, legal defense, and personal living expenses.  Watson and Northstar have made these payments in the normal course of business and litigation.  Defendants have no incentive to waste or dissipate assets.  They need every penny.

Despite having received access to essentially all of Defendants' documents, Plaintiffs have not alleged any waste on the part of Defendants. But if the injunction order is construed in a manner so broad as to bar Watson and Northstar from liquidating *any* assets—not just those related to the Amazon transactions—they very likely will be forced into bankruptcy. At the very least, third parties should not be prohibited from disposing of property and distributing any proceeds that might be due to Watson or Northstar.

Rather than permit Amazon to continue to use the PI Order as a club against third parties, the Court should clarify that the PI Order pertains only to the disposition of assets related to the Amazon transactions, an interpretation clearly supported by the plain language of the order. Dkt. 57 at 6 (enjoining Defendants from "disposing of . . . assets used in, or obtained from, activities . . . related to Defendants' real property transactions with Amazon in Virginia since 2018"). Had the Court intended to enjoin Defendants from liquidating any assets at all, it could have done so by omitting reference to the Amazon transactions in its Order. But the Court should not now read into the order the more expansive interpretation that Plaintiffs apparently advance but the plain language of the order does not support.

For these reasons, Defendants respectfully ask that the Court clarify that the PI Order enjoins only the "spoliating, concealing, [or] wasting" assets linked to the Amazon transactions and in any case does not prevent Northstar or Watson from conducting their non-Amazon related business or liquidating property to fund their continued operation, living expenses, and defense of this action.

Dated: September 29, 2021                                Respectfully submitted,

                                                         */s/ Jeffrey R. Hamlin*
                                                         Jeffrey R. Hamlin (VA Bar No. 46932)
                                                         George R. Calhoun (*pro hac vice*)

                                        IFRAH PLLC
                                        1717 Pennsylvania Ave. NW, Suite 650
                                        Washington, DC  20006
                                        202.524.4140 – Tel.
                                        202 524.4141 – Fax
                                        jhamlin@ifrahlaw.com
                                        george@ifrahlaw.com

                                        *Counsel for Defendants WDC Holding,*
                                        *LLC and Brian Watson*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, I will electronically file Defendants Brian Watson and WDC Holdings LLC's Motion to Clarify Injunction using the Court's CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

Dated: September 29, 2021                         */s/ Jeffrey R. Hamlin*