# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Elizabeth P. Papez
Direct: +1 202.955.8608
Fax: +1 202.530.9698
EPapez@gibsondunn.com

February 2, 2021

<u>VIA E-MAIL</u>

Stanley L. Garnett
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, CO. 80202
(303) 223-1286
Sgarnett@bhfs.com

George Calhoun
Ifrah Law
717 Pennsylvania Ave, N.W.
Washington, DC 20006
(202) 524 – 4147
george@ifrahlaw.com

   Re: No. 20-cv-484, *Amazon.com, Inc. v. WDC Holdings LLC et al.,* EDVA

Dear Stan:

   We write in response to your January 29, 2021 letter, which confirms your clients' ongoing violation of multiple court orders and withholds information your clients were required to produce months ago.  These deficiencies are highly prejudicial to Plaintiffs and the Court for the reasons reflected in the June 5, 2020 preliminary injunction and July and November 2020 discovery orders.

   On January 8, 2021, your clients exacerbated this prejudice by confirming that since April 2020, they have disposed of assets worth at least $82.5 million.  Their January 8 disclosure indicates that these dispositions generated $34.6 million in net proceeds after your clients paid mortgages and other obligations they prioritized over compliance with the June 5 order.  But the January 8 submission fails to account for at least $18,865,506 of these proceeds.  And it states that another $15.2 million has been used to pay "Other loans" or unidentified "Investors" without providing the transaction details the precipitating interrogatory and Court orders require.  In response to this information and to prevent further dispositions in violation of the Court's orders, our January 26 letter requested that your clients:

- ***Immediately cease and desist*** liquidating or otherwise dissipating any assets within Watson or WDC/Northstar's possession, custody, or control as defined in Federal Rule of Civil Procedure 26, including any of the proceeds from the executed dispositions addressed in [your] January 8 supplement[al] [interrogatory response]

**GIBSON DUNN**

and the proposed dispositions of the Churchill Drive and other assets addressed in our December 18, 2020 letter; and

- ***Immediately update and serve no later than 9 am EST on January 27, 2021***, an updated [version of the January 8] supplement[al] [response] that contains the required transaction details, including the identity of every transferee, including any law firm, that has received the proceeds from each of the sales, an accounting of all personal and business "expenses" referenced in the January 8 supplement, and the identities of all third parties that received any portion of the $82.5 million disclosed in the January 8 supplement or from other asset dispositions responsive to the interrogatory since January 8, 2021.

Your refusal to acknowledge the cease and desist request confirms impasse on that issue and the related asset and discovery misconduct in violation of the Court's June, July, and November orders. Your production commitment further confirms these violations. The information you describe—"underlying documentation regarding lenders, investors, and payments concerning various Northstar properties," as well as "the distribution of funds" responsive to Plaintiffs' July discovery requests—is information the Court ordered your clients to produce in full no later than November 24, 2020, and that you have an ongoing duty to supplement under the Federal Rules of Civil Procedure.

Reserving all rights, we look forward to your prompt production of this and all other information responsive to our July 2020 requests. Based on your letter and the time you have had to collect the relevant information, we trust you will produce this information immediately, and in all events no later than Friday, February 5, 2021. In addition to addressing the points above, we ask that you describe in detail any and all amounts that your client has placed into escrow or otherwise reserved in order to secure the $21.25 million addressed in Paragraph 2 of the June 5 preliminary injunction.

We urge you and your clients to comply immediately and in all respects with the Court's orders in accordance with all applicable law, including Federal Rules of Civil Procedure 26, 34, and 37.

Sincerely,

Elizabeth Papez

cc:    Patrick Stokes
       Claudia Barrett