# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Elizabeth P. Papez
Direct: +1 202.955.8608
Fax: +1 202.530.9698
EPapez@gibsondunn.com

August 24, 2021

VIA UPS NEXT DAY AIR

Donald Marcotte
Manager of 800 Hoyt, LLC
c/o JM Capital LLC
100 S. University, #9
Denver, CO 80209

  - and -

40 W. Littleton Blvd.
Suite 210-133
Littleton, CO 80120

  - and -

18435 W. Colfax Ave.
Golden, CO 80401

Re:   No. 20-cv-484, *Amazon.com, Inc. v. WDC Holdings LLC et al.,* EDVA

Dear Mr. Marcotte:

We represent the Amazon plaintiffs in the above-referenced matter against several defendants including Brian Watson and WDC Holdings LLC (the "Northstar Defendants"). On June 5, 2020, the United States District Court presiding over the action entered a preliminary injunction that, among other things, requires the Northstar Defendants to post $21.25 million in judgment security to the Court. A copy of the injunction, with which the Northstar Defendants have not complied, is attached to this letter.

We write because one of the assets the Northstar Defendants disclosed in connection with the injunction is a property known as 800 Hoyt. The Northstar Defendants disclosed that the property at 800 Hoyt was sold on December 8, 2020 for $24,075,000, that $9,827,201 of the sales proceeds were paid to lenders, and that approximately $13,952,251 remains pending distribution. We requested that the Northstar Defendants cease and desist from any distribution of these funds pending further notice or court order. They responded that Brian Watson is no longer the manager of 800 Hoyt, and that the Northstar Defendants do not control the undistributed funds.

Upon further inquiry, the Northstar Defendants represented to us that the distribution of these funds is vested in the manager of 800 Hoyt, LLC pursuant to the LLC's operating agreement. They also represented that you are the current manager of 800 Hoyt, that you succeeded Brian Watson in this role, and that you intend to exercise your authority and discretion under the operating agreement to distribute the remaining sale proceeds in the near future, possibly in September 2021. Based on these representations, we hereby request that you immediately cease and desist distributing any proceeds from the sale of 800 Hoyt pending further notice or court

**GIBSON DUNN**

action. Because 800 Hoyt was a Northstar asset subject to the preliminary injunction entered in the above-referenced action, distribution of the remaining proceeds from its liquidation would violate the terms of the injunction. The Amazon plaintiffs reserve all rights and remedies with respect to these funds. Please confirm in writing your receipt of this letter and compliance with the terms herein. If you have questions or wish to discuss this matter, please contact me, or if you are represented by counsel please direct your counsel to contact me, at epapez@gibsondunn.com.

Sincerely,

Elizabeth Papez


cc:   Stanley Garnett (sgarnett@bhfs.com)
      George Calhoun (george@ifrahlaw.com)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20,<br><br>Defendants. | CASE NO. 1:20-CV-484<br><br>FILED UNDER SEAL PURSUANT TO LOCAL RULE 5 |

### ORDER GRANTING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

On April 27, 2020, Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs" or "Amazon") filed a Verified Complaint for injunctive and other relief pursuant to: (1) the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et seq.*, alleging predicate acts of wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1346; money laundering in violation of 18 U.S.C. § 1956; transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957; and violations of the Travel Act, 18 U.S.C. § 1952; (2) detinue pursuant to Va. Code § 8.01-114; (3) common law fraud; (4) tortious interference with contractual and/or business relations; (5) civil conspiracy; (6) breach of contract; (7) unjust enrichment; (8) conversion and/or constructive trust; and (9) *alter ego*/piercing the corporate veil. On April 28, 2020, the Court granted Plaintiffs' Application for an *Ex Parte* Temporary Restraining Order ("TRO") and Order to Show Cause Why a Preliminary Injunction Should Not Issue ("Application"). *See* Dkt. 16.

Pursuant to Federal Rules of Civil Procedure 64 and 65 and Title 8.01 of the Virginia Code, before the Court is Defendants' Brian Watson and WDC Holdings LLC dba Northstar Commercial Partners Brief in Opposition to Plaintiffs' Motion for *Ex Parte* Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue and supporting declarations and exhibits; Plaintiffs' Reply In Support Of Their Motion For A Preliminary Injunction and the supporting Declarations of Lora E. MacDonald, D. Matt Doden, Luke Gilpin, and Timothy Lorman; and the Letters of Jamie Hubbard, Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC, and Christopher Flood, Counsel for the Trustee of Defendant Villanova Trust.

Upon consideration of the pleadings, all supporting documents filed, and the arguments of counsel, the Court makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto.

Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that Defendants Watson, Northstar, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and Villanova Trust participated in a fraudulent kickback scheme relating to certain real property lease transactions that Plaintiffs executed in Northern Virginia.

Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that Defendants Watson, Northstar, White Peaks Capital, and NOVA WPC LLC participated in a direct purchase of certain real estate property located in Chantilly, Virginia on behalf of Plaintiffs on July 30, 2019. Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and

arguments of counsel, there is good cause to further believe that this direct-purchase transaction resulted in an inflated sale price to the detriment of Plaintiffs.

Based upon the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that Defendants have engaged in, and are likely to continue to engage in, acts or practices that violate the RICO Act, 18 U.S.C. § 1961 *et seq.*, and that constitute common law fraud, tortious interference with contractual and/or business relationships, breach of contract, unjust enrichment, detinue and/or conversion, and that Plaintiffs are therefore likely to prevail on the merits of this action.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable harm will result from ongoing violations of law and inequitable conduct by Defendants and others acting in concert with them, including but not limited to the spoliation of evidence and/or dissipation of assets relevant to this action, and tortious and other interference with Amazon's goodwill and business relationships in this District.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, there is good cause to believe that, unless Defendants are restrained and enjoined by Order of this Court, immediate and irreparable damage to this Court's ability to grant effective final relief will result from the destruction, sale, transfer, or other disposition or concealment by Defendants or those acting in concert with them of otherwise discoverable evidence and assets.

Based on the allegations and evidence in and accompanying Plaintiffs' Verified Complaint,

Application, supporting documents filed, and arguments of counsel, there is good cause to believe that Defendants have specifically directed their activities to real property and ongoing business activities located in the Eastern District of Virginia, and have engaged in illegal activity using the instrumentalities and accounts detailed in Plaintiffs' Verified Complaint, Application, supporting documents filed, and arguments of counsel, to perpetrate the illegal conduct alleged in this action.

Accordingly, this Court finds that the requirements of applicable rules and law are satisfied, and that the requested preliminary injunction is reasonable and necessary to protect Plaintiffs' interests and those of the public.

THEREFORE IT IS HEREBY ORDERED THAT:

1. Defendants[1] Sterling NCP FF LLC, Manassas NCP FF LLC, NSIPI Administrative Manager LLC, WDC Holdings LLC dba Northstar Commercial Partners, and Brian Watson promptly place in an escrow account maintained according to the terms attached to this order, $3,845,009.00 USD, which represents the entirety of IPI's May 7, 2020 payment to the Sterling and Manassas Accounts referenced herein,[2] and shall not withdraw or cause the withdrawal of the $3,845,009.00 from escrow unless and until this Court issues a subsequent Order permitting such withdrawal;

2. Defendants Sterling NCP FF LLC, Manassas NCP FF LLC, NSIPI Administrative Manager LLC, WDC Holdings LLC dba Northstar Commercial Partners, and Brian Watson shall secure funds totaling $21,250,000.00 USD, representing the sum of certain Amazon real estate development fees to these Defendants in the amounts of $4,150,000, $8,500,000, and $3,600,000 for the Shaw Rd., Quail Ridge, and Manassas Lease Transactions, respectively, that were expressly designated for prohibited payments to a former Amazon employee and his affiliates, and the $5,000,000 these Defendants received from Defendants White Peaks Capital LLC and/or NOVA WPC LLC in October 2019 from proceeds on the White Peaks Defendants' July 30, 2019 sale of a Virginia real estate parcel to Amazon for approximately $116.4 million USD, by (a) promptly placing in an escrow account maintained according to the terms attached to this order funds totaling $21,250,000.00 USD, or (b) obtaining and depositing in the Court's Registry a surety bond from a licensed bonding company for $21,250,000.00 USD, or (c) a

---

[1] All references to "Defendants" herein encompass the named Defendants as well as their officers, directors, principals, agents, servants, employees, successors, assigns, and all other persons and entities acting in concert with them.

[2] The May 7 payment comprised $3,648,375.00 USD to Sterling NCP FF, LLC (Citywide Account ending *8557), and $196,634.00 to Manassas NCP FF, LLC (Citywide Account ending *9662).

[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION

             combination of both (a) and (b), such that the total amount of $21,250,000 USD is secured through the combination of a surety bond and escrow through the entry and execution of final judgment in this action. If an escrow account is used, Defendants shall not withdraw or cause the withdrawal of funds from the escrow account unless and until this Court issues a subsequent Order permitting such withdrawal;

3.     Defendants White Peaks Capital LLC and NOVA WPC LLC shall place in an escrow account maintained according to the terms attached to this order, assets totaling $12,730,000.00 USD, representing the $17,730,000 in proceeds they received on Amazon's purchase of the White Peaks land parcel in Dulles, Virginia for $116,400,000 on July 30, 2019, less the $5,000,000 the White Peaks and NOVA Defendants paid to Defendant(s) Brian Watson and/or WDC Holdings LLC dba Northstar Commercial Partners in October 2019, and shall not withdraw or cause the withdrawal of the $12,730,000.00 USD from the escrow account unless and until this Court issues a subsequent Order permitting such withdrawal;

4.     Defendant Villanova Trust shall place in an escrow account maintained according to the terms attached to this order, $5,112,983.84 USD, which represents nine separate payments the Trust received from Defendants Brian Watson and WDC/Northstar Commercial Partners pursuant to their 2018 Referral Agreement with the Trust, and paid for "brokerage" or other services enumerated in the Referral Agreement from March 7, 2018 through August 7, 2019, in amounts of $50,000, $382,500, $281,350, $1,447,614.50, $1,297,011.18, $122,319.24, $1,061,060.80, $150,000, and $321,028.44, each ascribed to one or more of the Sterling, Quail Ridge, Dulles and Manassas Amazon real estate development sites in this District, and shall not withdraw or cause the withdrawal of the $5,112,983.84 from the escrow account unless and until this Court issues a subsequent Order permitting such withdrawal.

IT IS FURTHER ORDERED THAT:

5.     Defendants immediately return any and all Amazon confidential or otherwise non-public proprietary information in their possession except as necessary for use in this case in accordance with the confidential treatment and other obligations prescribed herein. Within seven (7) business days of the date on which this preliminary injunction order is entered, Defendants shall provide Plaintiffs with copies and/or a description of the information in Defendants' possession, custody, or control that Defendants consider to be Amazon confidential or otherwise non-public proprietary information necessary for Defendants to retain for purposes of litigating and resolving this case. Defendants shall protect all such information, as well as any information that Defendants or Plaintiffs subsequently identify as Amazon confidential or otherwise non-public proprietary information, by designating all such information as confidential, filing it with the Court only in redacted form or under seal absent express advance consent from Plaintiffs, using it solely for purposes of litigating and resolving this case, and disclosing it only to persons or entities that are affiliated with this case and have expressly agreed in writing to

protect the information from disclosure on the terms set forth in this order. Defendants shall return all information covered by this paragraph to Amazon upon the entry of final judgment in this case following the exhaustion of any appeals;

6. Defendants are enjoined from disclosing, selling, transferring, publishing, or otherwise using any Amazon confidential or otherwise non-public proprietary information, except where Defendants deem the disclosure, publication, or use of such information necessary to litigate and Defendants protect the information from disclosure to any person or entity other than Amazon by filing the information with the Court in redacted or sealed form absent express advance consent from Plaintiffs, using it solely for purposes of litigating and resolving this case, and sharing it only with persons or entities that are affiliated with this case and have expressly agreed in writing to maintain its confidentiality on the terms set forth in this order;

7. Defendants are enjoined from spoliating, concealing, wasting, transferring, or otherwise disposing of documents, records, communications, files, or other evidence or assets used in, or obtained from, any activities (including but not limited to the activities described above) relating to Defendants' real property transactions with Amazon in Virginia since 2018, including but not limited to the August 7, 2019 wire transfer from Defendant WDC Holdings, LLC's Citywide Bank account ending in *1914 to Defendant Villanova Trust's First Tennessee Bank account ending in *8 for $321,028.44; the June 7, 2019 wire transfer from Defendant WDC Holdings, LCC's Citywide Bank account ending in *1914 to Defendant Villanova Trust's First Tennessee Bank account ending in *8 for $150,000.00; wire transfers from Defendant WDC Holdings, LLC's Citywide Bank account ending in *1914 to Defendant Villanova Trust credit account ending in *2908 and/or Wells Fargo account ending in number *0076, including an October 31, 2016 wire transfer for $4,000.00; and all payments within the scope of this paragraph from any Defendant to or from Defendant Manassas NCP FF, LLC's Citywide Bank account in Denver ending in *9662 and/or Defendant Sterling NCP FF, LLC's Citywide Bank account in Denver ending in *8557;

8. Defendants are enjoined from disrupting, through unauthorized access to premises, accounts, or other property, personnel, or deliveries associated with Plaintiffs' real estate developments in this District, ongoing business activities at such developments; provided, however, that for the avoidance of doubt, this provision shall not be construed to prohibit Defendants from pursuing legal claims, including through court actions, relating to Plaintiffs' real estate developments in this District, or to prohibit Defendants from engaging in authorized and ordinary course business transactions with personnel or facilities that may otherwise be associated with Plaintiffs' real estate developments in this District.

IT IS FURTHER ORDERED that Plaintiffs may identify and update the Defendant accounts identified in the Application and the Plaintiffs' Declarations as may be reasonably

Case 1:20-cv-00484-LO-TCB Document 343-2 Filed 09/29/21 Page 9 of 9 PageID# 11901
Case 1:20-cv-00484-LO-TCB Document 57 Filed 06/05/20 Page 7 of 7 PageID# 1311

necessary to address or reach additional instrumentalities associated with any conduct enjoined, or any assets escrowed or otherwise protected by, this Court either prior to, or within a reasonable time after, the execution of this Order.

IT IS SO ORDERED.

DATED: June 5, 2020

_____
Judge Liam O'Grady
United States District Judge

[PROPOSED] ORDER GRANTING
PRELIMINARY INJUNCTION