IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20,<br><br>  Defendants. | CASE NO. 1:20-CV-484-LO-TCB |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANTS BRIAN WATSON & WDC HOLDINGS IN CIVIL CONTEMPT**

This matter comes before the Court on Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (collectively "Amazon") Motion To Hold Defendants Brian Watson & WDC Holdings LLC (collectively "Defendants") In Civil Contempt. Dkt. __. Having reviewed the arguments and evidence submitted by the parties, the Court hereby orders that Plaintiffs' motion is GRANTED.

Specifically, it is hereby ORDERED that:

(1) Defendants are in willful civil contempt of the Court's Preliminary Injunction ("Injunction") (Dkt. 57) by virtue of their willful and knowing failure to comply with its requirements that Defendants (a) secure $ 21,250,000 through the entry and execution of final judgment in this action by: (i) promptly placing the funds in an escrow account; or (ii) obtaining

1

and depositing in the Court's Registry a surety bond from a licensed bonding company; or (iii) relying on a combination of bond and escrow options; and (b) refraining from transferring, or otherwise disposing of assets used in, or obtained from, any activities relating to Defendants' real property transactions with Amazon in Virginia since 2018.  Dkt. 57 ¶¶ 2, 7.  (2)  An independent receiver shall be appointed pursuant to 28 U.S.C. § 754 and Fed. R. Civ. P. 66, with the full power of an equity receiver and at Defendants' expense, for the purpose of preventing further irreparable harm to Plaintiffs and coercing Defendants' compliance with the Court's Injunction.  Upon entry of this Order, Plaintiffs shall draft a proposed order appointing a receiver for this Court's review and approval.  Plaintiffs shall file the proposed order, together with the name and qualifications of a proposed receiver, within five (5) business days of the entry of this Order.  Upon the Court's appointment of the receiver, Defendants shall comply immediately with the terms of the Order.

(3)  If Defendants have not complied with all aspects of this Order within five (5) business days after its entry or the deadline it imposes for certain actions prescribed herein, Defendants shall pay to the Clerk of Court a coercive civil fine constituting of a daily fine, starting at $1,000 and doubling each day that Defendants fail to comply with the relevant terms of this Order.

(4)  Nothing herein forecloses or otherwise limits the Court's authority to grant additional coercive relief, including increased fines and other measures, in the event that Defendants' civil contempt for the Court's prior orders is not fully purged by Defendants' compliance with the terms of this Order.

IT IS SO ORDERED.

DATE: _____   _____
                                                                        Judge Liam O'Grady
                                                                      United States District Judge