# EXHIBIT 1

```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA


  AMAZON.COM AND AMAZON DATA     )
  SERVICES, INC.,                )
                                 ) Civil Action
        Plaintiffs,              ) No. 1:20-CV-484-LO-TCB
                                 )
        v.                       ) September 10, 2021
                                 ) 10:00 a.m.
  WDC HOLDINGS, et al.,          )
                                 )
        Defendants.              )
                                 )
```

*TRANSCRIPT OF MOTION HEARING PROCEEDINGS
BEFORE THE HONORABLE THERESA C. BUCHANAN,
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE*

APPEARANCES:

  For the Plaintiffs:    **Elizabeth Petrela Papez, Esq.**
Gibson Dunn & Crutcher LLP (DC)
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
202-955-8500
Fax: 202-831-6055
Email: Epapez@gibsondunn.com

**Patrick Friel Stokes, Esq.**
Gibson Dunn & Crutcher LLP (DC)
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
202-955-8500
Fax: 202-467-0539
Email: Pstokes@gibsondunn.com

**Claudia Maria Barrett, Esq.**
Gibson Dunn & Crutcher LLP (DC)
1050 Connecticut Avenue, NW
Washington, DC 20036-5306
202-955-8500
Email: Cbarrett@gibsondunn.com

```
APPEARANCES:   (Cont.)



For the Defendants:        Jeffrey Robin Hamlin, Esq.
                           Ifrah Law
                           1717 Pennsylvania Avenue, NW
                           Suite 650
                           Washington, DC 20006
                           202-524-4143
                           Fax: 202-524-4142
                           Email: Jhamlin@ifrahlaw.com

                           Stanley L. Garnett, Esq.
                           Brownstein Hyatt Farber Schreck, LLP
                           410 17th Street, Suite 2200
                           Denver, Colorado  80202
                           303-223-1364
                           Email: Sgarnett@bhfs.com



Court Reporter:            Scott L. Wallace, RDR, RMR, CRR
                           Official Court Reporter
                           United States District Court
                           401 Courthouse Square
                           Alexandria, VA 2231-5798
                           202-277-3739
                           Email: Scottwallace.edva@gmail.com
```

Proceedings reported by machine shorthand, transcript produced by computer-aided transcription.

```
 1              MORNING SESSION, SEPTEMBER 10, 2021
 2   (3:56 p.m.)
 3        THE COURTROOM CLERK:  Amazon.com, Inc., et al. versus WDC
 4   Holdings, LLC, et al., case 20-cv-484.
 5        Counsel, please note your appearances for the record.
 6        MS. PAPEZ:  Good morning.  Elizabeth Papez, Gibson Dunn &
 7   Crutcher for the Amazon plaintiffs.  I'm here with my colleagues,
 8   Mr. Patrick Strokes and Ms. Claudia Barrett.
 9        THE COURT:  All right.  Good morning.
10        MS. PAPEZ:  Good morning, Your Honor.
11        THE COURT:  Good morning.
12        MR. GARNETT:  Stan Garnett from Brownstein Hyatt for the
13   defendants.  I'm here with Jeff Hamlin, who is here as well.
14        THE COURT:  All right.  Good morning.  This is on the
15   plaintiffs' motion, and I read all the pleadings, including the
16   reply.  Did you have anything that you wanted to add to that,
17   Ms. Papez?
18        MS. PAPEZ:  Thank you, Your Honor.  If I may, and subject
19   to the Court's questions and directions, we're here on our August
20   17th Rule 37 motion.  The record has changed since that filing.
21        THE COURT:  By the way, if you're vaccinated, you can take
22   your mask off you would like.
23        MS. PAPEZ:  I think you can hear me better.
24        THE COURT:  Yes.
25        MS. PAPEZ:  The record has changed since that filing.
```

```
 1              THE COURT:  Okay.
 2              MS. PAPEZ:  So, subject to the Court's direction, I
 3    thought I might just briefly address where we are today --
 4              THE COURT:  -- good --
 5              MS. PAPEZ:  -- and what we think might be the simplest
 6    path forward --
 7              THE COURT:  -- Okay --
 8              MS. PAPEZ:  -- consistent with Your Honor's July 9th
 9    order.  The biggest development since our filing is the August 31
10    4th Circuit decision affirming the injunction that gave rise to
11    these discovery proceedings.
12              THE COURT:  I'm aware of that.
13              MS. PAPEZ:  Right.  So we're going to go back to -- we're
14    going to go back to Judge O'Grady on that, as Your Honor
15    suggested on July 9.
16              The reason we are here this morning is because the
17    defendants are asserting that their responses to Your Honor's
18    orders are a defense to that enforcement.  Specifically, they
19    say, number 1, they have fully and completely answered Your
20    Honor's discovery orders and that those answers show they have no
21    money, so there's nothing to enforce.
22              And, number 2, they say the Court disagrees, they get more
23    opportunities to so-called supplement these responses, despite
24    the Court's discovery deadline, so to keep running us in this
25    circle as they're dissipating assets day-by-day frustrating the
```

```
 1   entire purpose.  So the simple question this morning, Your Honor,
 2   is whether the Court agrees that they have fully and completely
 3   answered this Court's discovery orders, including the July 9th
 4   order.  Our response respectfully is they have not.  We briefed
 5   that.  If the Court has --
 6           THE COURT:  I've read everything, and I've read their
 7   amended answers.
 8           MS. PAPEZ:  Okay.  So that's the number one question.  If
 9   the Court agrees with us, we're happy to take a Rule 37 order on
10   that simple point and continue on with the enforcement proceeding
11   or to pursue any of the other remedies that the Court may seem
12   are deemed just and proper.
13           MS. PAPEZ:  Thank you, Ms. Papez.  Do the defendants have
14   anything to add to their opposition?
15           MR. GARNETT:  Good morning, Your Honor.  I don't think we
16   have anything to add.  We have, I think, briefed the issues very
17   carefully, very thoroughly.  I'm happy to answer any questions
18   that the Court has.
19           THE COURT:  I don't have any questions.  Thank you.
20           MS. PAPEZ:  Thank you.
21           THE COURT:  Well, when we were here before on the motion
22   to compel, I thought I was perfectly clear, and I think the
23   record shows that I was, that I ordered the defendant to
24   re-answer -- defendants to re-answer in particular
25   Interrogatories 2, 3, 5 and 6, and to essentially show in detail
```

1  where every dollar went, what money came in, from where, and
2  where it went out to, to whom, and what dollar amounts, when,
3  with all back-up data.
4      And in looking at the re-answered interrogatories, it's
5  clear to me that the defendants failed to provide any of that
6  specificity.  They've only produced the 12/20 -- December 20,
7  2020 settlement statement that does not show where the money went
8  in the Hoyt sale.  Specifically, they failed to produce
9  responsive documents as to the Richards proceeding.  They failed
10 to show what payments were to the investors, which payments went
11 where under which contracts and so forth.
12     And, as I said before, the interrogatory answers just
13 don't provide the level of detail, especially with regard to
14 payments to Defendant Watson, as to what exactly happened to all
15 of this money.  There's a general answer that it went to pay
16 expenses and so forth and overhead, but there's no specificity
17 there, and certainly not the detail that I previously ordered.
18 The defendants have had plenty of opportunity to do this, not
19 only by my order but by the correspondence between counsel where
20 plaintiffs continually asked that these answers be supplemented
21 to be in compliance with my order.  And although some stuff was
22 supplemented, it's just nothing of substance there.
23     So, it's clear to me that, after these multiple choices by
24 the Court and by opposing counsel, the defendants have not
25 complied with their discovery obligations and have essentially

1  refused to comply with my directive as to what they needed to
2  produce and what they needed to answer.
3      So the plaintiffs' request for sanctions under Rule 37, I
4  believe, is appropriate, since the defendants have refused to
5  provide this discovery, and there is -- there is certainly
6  prejudice to the plaintiffs in terms of their ability to enforce
7  the injunction or, perhaps, even recoup the funds.
8      So, this Court now makes the specific finding that the
9  defendants have willfully failed to comply with their discovery
10 orders to this Court's prior orders and the discovery or
11 obligations -- and to this Court's prior orders, and this finding
12 of mine shall be admissible in any future motions regarding
13 injunctive relief filed by the plaintiffs.  So the plaintiffs'
14 motion is granted.  All right.  The Court stands in recess, 10:08
15 a.m.
16      (Proceedings adjourned at 4:06 p.m.)
17
18                    **C E R T I F I C A T E**
19          I, Scott L. Wallace, RDR-CRR, certify that
       the foregoing is a correct transcript from the record of
20     proceedings in the above-entitled matter.
21
         /s/ Scott L. Wallace   ^
22     ------------------------------         ----------------
         Scott L. Wallace, RDR, CRR                Date
23         Official Court Reporter
24
25