## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

|  |  |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-LO-TCB |

**PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION AND IMMEDIATE RELIEF ON PLAINTIFFS' MOTION TO HOLD DEFENDANTS BRIAN WATSON & WDC HOLDINGS LLC IN CIVIL CONTEMPT**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. respectfully move under Local Rule 7(F)(1) for the Court to expedite consideration of Plaintiffs' Motion to Hold Defendants Brian Watson and WDC Holdings LLC In Civil Contempt ("Civil Contempt Motion"). Specifically, Plaintiffs respectfully request that the Court:

(1) Rely upon the current Injunction and Rule 37 record to grant the immediate and limited relief the motion seeks to preserve the *status quo* until the Court hears the Civil Contempt Motion and Defendants' related Motion to Clarify the Injunction, Dkt. 343, specifically by prohibiting

Defendants from engaging in any business or personal transactions in excess of $10,000, and from initiating or settling any collateral asset litigation; and

(2)  Order expedited and consolidated briefing on both Plaintiffs' Civil Contempt Motion and Defendants' Motion to Clarify the Injunction next week, with oppositions due October 4 and replies due October 6, for a hearing next Friday, October 8, 2021.

The schedule for both motions ordinarily contemplated by the Local Rules would take nearly one month from today to run its course.  Defendants' opposition to Amazon's Civil Contempt Motion would not be due until Thursday, October 14, and Plaintiffs' response, if any, would not be due until Wednesday, October 20, so a hearing could not occur until Friday, October 22, at the earliest (the default schedule on Defendants' Motion to Clarify the Injunction would be a day earlier).  That schedule is not feasible given the relief sought in both motions.

In light of Defendants' position in their recent Motion to Clarify the Injunction that the Injunction allows them to continue dissipating assets, the immediate relief Plaintiffs seek is necessary to preserve the status quo and prevent further dissipation of assets at least until the parties appear for a hearing on their motion for contempt findings and sanctions for Defendants' ongoing defiance of the Court's preliminary injunction ("Injunction").  Moreover, Defendants' Motion to Clarify the Injunction relates solely to anti-dissipation issues that are entirely subsumed in—and foreclosed by—Amazon's broader contempt motion.  Accordingly, expedited consideration and coordinated briefing would be efficient for the parties and the Court.  And expedited briefing is further warranted for both motions because Defendants' filing states they require a clarifying order to avoid being "forced into bankruptcy."  Dkt. 343 at 4.

The expedited and consolidated briefing schedule Plaintiffs request herein would further all of these interests, as well as permit a hearing on the parties' motion before they respond to the

2

September 24 intervention motion and interpleader on property interests (presented controlled by the 800 Hoyt LLC) addressed in both motions.  Dkt. 334.  An ordinary briefing schedule on the parties' respective contempt and clarification motions would therefore unacceptably prejudice the Injunction, related party interests, and the third party interests addressed in the interpleader.

Accordingly, Plaintiffs respectfully request that the Court grant expedited the immediate and limited relief Plaintiffs seek and order the following briefing and hearing schedule on Plaintiffs' Civil Contempt Motion and Defendants' Motion to Clarify the Injunction:

| Briefs in Opposition | October 4, 2021 |
| Replies | October 6, 2021 |
| Hearing | October 8, 2021 |

Dated: September 30, 2021          Respectfully submitted,

*s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice application* pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, I will electronically file the foregoing with the Clerk

of Court using the CM/ECF system.  I will then send the document and a notification of such filing

(NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:


Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital*
*LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Allcore Development LLC
6870 W 52nd Avenue, Suite 203
Arvada, CO 80002

Finbrit Holdings LLC
6870 W 52nd Avenue, Suite 203
Arvada, Colorado 80002

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com


*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and*
*Amazon Data Services, Inc.*