# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-LO-TCB |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR EXPEDITED CONSIDERATION AND IMMEDIATE RELIEF ON
PLAINTIFFS' MOTION TO HOLD DEFENDANTS BRIAN WATSON &
WDC HOLDINGS LLC IN CIVIL CONTEMPT**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs") respectfully move under Local Rule 7(F)(1) for the Court to expedite consideration and grant immediate relief on their Motion To Hold Defendants Brian Watson & WDC Holdings LLC In Civil Contempt ("Contempt Motion"). Because Plaintiffs request immediate relief to preserve the *status quo* and prevent further dissipation of assets pending resolution of their Contempt Motion, which seeks appointment of a receiver, the Contempt Motion is time-sensitive, and expedited consideration is proper. Defendants have also filed a related Motion to Clarify the Injunction, which it is appropriate to consider alongside the Contempt Motion.

Accordingly, Plaintiffs' respectfully request expedited consideration of both motions next week, with oppositions due **October 4**, replies due **October 6**, and a hearing **October 8**. This foregoing expedited schedule is warranted to protect the Injunction and the important interests it serves, as well as Defendants' interest in prompt clarification of the anti-dissipation provision and the related interests of third parties, including the Hoyt LLC that moved to intervene in this case on September 24. Dkt. 334.

## BACKGROUND

The Contempt Motion is the culmination of more than a year of litigation in this Court and the Fourth Circuit regarding Defendants' ongoing defiance of the Court's June 2020 preliminary injunction ("Injunction") and related discovery orders. On August 31, 2021, the Fourth Circuit affirmed the Injunction. On September 10, 2021, this Court granted Rule 37 sanctions for Defendants' "willful" failure to comply with a series of discovery orders (entered over 12 months from July 2020 to July 2021) requiring them to substantiate their proffered justifications for defying the Injunction. On September 22, 2021, the appellate mandate issued. At that point, Plaintiffs expected that Defendants would post at least some of the required judgment security, particularly because they used the discovery period to liquidate over $140 million in assets they previously said were too "illiquid" or "encumbered" to secure a bond or fund an escrow. But they did not. They refused to post a penny, insisted that the Injunction allowed their ongoing asset dissipations, and filed a "Motion to Clarify" the Injunction's anti-dissipation provision, Dkt. 343, just hours after agreeing to coordinate with Plaintiffs on a briefing schedule for enforcement-related motions.

The Court found on September 10 that Defendants' "willful" discovery violations, which concealed the extent of their asset dissipations and frustrated Injunction enforcement, have already

"prejudiced" the important rights the Injunction protects.  Dkt. 330.  Those interests are further jeopardized with each passing day, particularly because Defendants' Motion to Clarify asserts that ongoing asset dissipations are permissible.  Dkt. 343.

## ARGUMENT

For the reasons above and set forth in Plaintiffs' Contempt Motion and related filings, immediate relief and expedited and consolidated consideration of the Contempt Motion and Defendants' related Motion to Clarify, Dkt. 343, is warranted.

Defendants' Motion to Clarify the Injunction explains that they believe the Injunction allows them to continue dissipating assets.  *See* Dkt. 343 at 4.  In light of this position, the immediate relief Plaintiffs seek is necessary to preserve the *status quo* at least until the parties appear for a hearing on Plaintiffs' Contempt Motion requesting sanctions for Defendants' ongoing defiance of the Court's preliminary injunction (which expressly prohibits the dissipation of assets) and Defendants' related Motion to Clarify the Injunction.  Accordingly, Plaintiffs request that the Court rely upon the current Injunction and Rule 37 record to grant certain immediate and limited relief, specifically by prohibiting Defendants from engaging in any business or personal transactions in excess of $10,000, and from initiating or settling any collateral asset litigation. Additional argument and authorities supporting this request are more fully set forth in Plaintiffs' Contempt Motion, Dkt. 347, at 24–27.

The ordinary schedule for hearing Plaintiffs' Contempt Motion and Defendants' Motion to Clarify the Injunction would take nearly one month from today to run its course.  Defendants' opposition to Plaintiffs' Contempt Motion would not be due until Thursday, October 14, and Plaintiffs' response, if any, would not be due until Wednesday, October 20, so a hearing could not

occur until Friday, October 22, at the earliest (the default schedule on Defendants' motion would be a day earlier). Such a lengthy schedule is not feasible given the relief sought in both motions.

Defendants' Motion to Clarify the Injunction relates solely to anti-dissipation issues that are entirely subsumed in—and foreclosed by—Plaintiffs' broader contempt motion. Accordingly, expedited consideration and coordinated briefing would be efficient for the parties and the Court. Expedited briefing is also warranted for both motions because Defendants' filing states that they believe the Injunction allows them to continue dissipating assets, and that they require a clarifying order to avoid being "forced into bankruptcy." Dkt. 343 at 4.

The expedited and consolidated briefing schedule that Plaintiffs request herein would further all of these interests, as well as permit a hearing on the parties' motion before they respond to the September 24 intervention motion and interpleader on property interests (presently controlled by the 800 Hoyt LLC) addressed in both motions. Dkt. 334. In contrast, an ordinary briefing schedule on the parties' respective motions would unacceptably prejudice the Injunction, related party interests, and third party interests such as those addressed in the intervention motion the parties have agreed should be fully briefed by October 18, 2021. *See, e.g.*, *ePlus Inc. v. Lawson Software, Inc.*, No. 09-CV-620, Dkt. 803 at 1 (E.D. Va. Sept. 19, 2011) (granting "Plaintiff's request for expedited briefing" on its "motion to show cause why [Defendant] should not be held in contempt of the Court's permanent injunction"); *see also, e.g.*, *AT&T Mobility LLC v Wireless Exclusive USA, LLC*, No. 08-CV-198, Dkt. 31 at 1 (granting "expedited briefing and consideration" of plaintiffs' motion regarding defendants "fail[ure] to comply with [an] order regarding plaintiffs' motion to preserve evidence"); *Townhouses of Highland Beach Condominium Ass'n, Inc. v. QBE Ins. Corp.*, No. 06-cv-81132, Dkt. 102 (similar).

Accordingly, Plaintiffs respectfully request that the Court grant the following schedule for considering both Plaintiffs' Civil Contempt Motion and Defendants' Motion to Clarify the Injunction:

| Briefs in Opposition | October 4, 2021 |
| --- | --- |
| Replies | October 6, 2021 |
| Hearing | October 8, 2021 |

## CONCLUSION

Plaintiffs respectfully request that the Court order the expedited and consolidated schedule above for considering Plaintiffs' Contempt Motion and Defendants' Related Motion to Clarify the Injunction and grant immediate relief to preserve the status quo pending consideration of both motions.

Dated: September 30, 2021     Respectfully submitted,

*s/ Michael R. Dzubian*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice* application pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

| | |
|---|---|
| Jamie Hubbard<br>Stimson Stancil LaBranche Hubbard<br>1652 Downing Street<br>Denver, CO 80218<br>*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*<br><br>Villanova Trust<br>c/o Christian Kirschner, Trustee<br>3924 Wallace Lane<br>Nashville, TN 37215 | Allcore Development LLC<br>6870 W 52nd Avenue, Suite 203<br>Arvada, CO 80002<br><br>Finbrit Holdings LLC<br>6870 W 52nd Avenue, Suite 203<br>Arvada, Colorado 80002<br><br>Casey Kirschner<br>635 N. Alvarado Lane<br>Plymouth, MN 55447<br>By email: casey.kirschner@gmail.com |

*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*