**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-LO-TCB |

**PLAINTIFFS' RESPONSE TO DEFENDANTS
<u>BRIAN WATSON & WDC HOLDINGS LLC'S MOTION TO CLARIFY INJUNCTION</u>**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

    I.    DEFENDANTS' MOTION IS FORECLOSED BY THEIR OWN MISCONDUCT ............................................................................................... 2

    II.    DEFENDANTS' MOTION IS ALSO FORECLOSED BY PARAGRAPH 7'S TEXT ............................................................................................................ 5

    III.    DEFENDANTS ARE IN CONTEMPT EVEN UNDER THEIR PROPOSED "CLARIFICATION" OF THE INJUNCTION ............................... 7

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") hereby respectfully respond to Defendants Brian Watson and WDC Holdings LLC's Motion to Clarify the Court's June 5, 2020 Preliminary Injunction. Dkt. 343 ("Mot."); Dkt. 57 ("Injunction").

## INTRODUCTION

The points in Defendants' motion are foreclosed by Amazon's pending motion to hold Defendants in contempt of the Injunction. Dkts. 353–354. Both motions should therefore be resolved at the contempt hearing currently noticed for October 8, 2021. Dkt. 347. Defendants' motion also fails on its own terms.

The motion asks this Court to "clarify" the anti-dissipation provision in Paragraph 7 of the Injunction, Mot. at 4, which is distinct from the judgment security provision in Paragraph 2 that Defendants unsuccessfully appealed, Dkt. 333, and defy to this day, Dkt. 354. Specifically, Defendants ask the Court to "clarify" that Paragraph 7 "enjoins only the 'spoliating, concealing, [or] wasting' [of] assets linked to the Amazon transactions [at issue in this suit]," and does "not prevent Northstar or Watson from conducting their non-Amazon related business *or* liquidating property to fund their continued operation, living expenses, and defense of this action." Mot. at 4 (first alteration in original).[1] The Court should deny this untimely request for at least three reasons.

*First*, the motion is too late. Its request to "clarify" the 16-month-old provision in issue is foreclosed by Defendants' failure to seek "clarification" (or a protective order) *before* they liquidated over $140 million of assets in the transactions the motion describes. Dkt. 330. When Amazon discovered these liquidations, it objected and asked Defendants to cease dissipation pending further discovery, reserving all enforcement rights. Defendants defied these requests and associated Court rulings rather than seek relief from the Court. The time for such relief has now passed.

---

[1] All emphasis in this brief is supplied unless otherwise noted.

1

*Second*, Defendants' clarification request is foreclosed by Paragraph 7's plain text, which they admit "enjoin[s] Defendants from '*disposing* of . . . assets *used in, or obtained from*, activities . . . *related to* [their] real property transactions with Amazon in Virginia since 2018." Mot. at 2, 4 (ellipses in original). This prohibition expressly encompasses more than just "the real estate transactions *with* Amazon," which is the facially indefensible reading Defendants admit they relied upon to justify dissipating assets while they willfully concealed how the assets "related to" the Amazon transactions that trigger Paragraph 7 as written. *Id.* at 2 (quoting Dkt. 284-21).

*Third*, the current record establishes that Defendants are in contempt of Paragraph 7 even as they read it: namely, as a prohibition on "'spoliating, concealing, [or] wasting' assets linked to the Amazon transactions" at issue in this suit. Mot. at 4. As detailed in Amazon's contempt papers, the record establishes that several assets Defendants liquidated after the Injunction was entered were "related to" the Amazon transactions. Dkt. 354. Specifically, after months of document and forensic work on Defendants' deficient discovery responses, Dkt. 330, Amazon has ███████████████████████████████████████████████████████████████

███████████████████████████████████████. *See id*. Accordingly, the "clarification" Defendants improperly seek would not, even if granted, change their Injunction contempt.

For all of these reasons, Defendants' clarification motion is untimely and meritless, and their decision to file it in the wake of the Court's September 10 sanctions order and the September 22 appellate mandate raises questions under Federal Rule of Civil Procedure 11(b) in addition to the Rule 37 and civil contempt authorities Amazon has already briefed, reserving all rights.

## I.     DEFENDANTS' MOTION IS FORECLOSED BY THEIR OWN MISCONDUCT

Defendants should have raised any questions about the scope of Paragraph 7 *before* they liquidated over $140 million in assets and used the proceeds to pay or otherwise benefit themselves while defying the judgment security provision in Paragraph 2, which was not stayed pending their

2

unsuccessful appeal. But they did not do so because they wanted to conceal these liquidations from Amazon and the Court. As the Court confirmed in its September 10 sanctions ruling, they did so in "willful[]" violation of the Court's discovery orders and the federal rules. Dkt. 330. This history alone precludes Defendants' request to "clarify" that these transactions fell outside the anti-dissipation provision in Paragraph 7. So their motion replaces this history with a false premise.

The pretext for the motion is that Amazon has "read the [above provision] as enjoining Defendants from liquidating *any* of their assets, not just assets related to the Amazon transactions." Mot. at 2 (emphasis in original). That is false. The February 2021 letter Defendants cite, *id.* at 2, Ex. 1, contains no such reading of Paragraph 7. The February letter followed Amazon's "January 26 letter" asking Defendants to "cease and desist" disposing of assets until they complied with the Court's orders to account for over $82 million in liquidations they executed without satisfying the judgment security provision in *Paragraph 2*. *Id.*, Ex. 1 (demanding the "required transaction details"). Because Defendants have not posted a penny of their security obligation to the Court, their compliance with Paragraph 7 cannot be divorced from their contempt of Paragraph 2. These undisputed facts, which Defendants' motion omits, are critical to understanding why their motion should be denied as untimely as well as meritless.

When the Injunction was entered last year, Defendants' disregard for the Court's Temporary Restraining Order, Dkt. 16, justified a total asset freeze. But out of respect for precisely the "business operations" and "third part[y]" interests Defendants now cite, Mot. at 2, the Court entered the more tailored remedies of judgment security (Paragraph 2) and anti-dissipation (Paragraph 7) "related to" the relevant Amazon transactions. Dkt. 57. Despite these and other accommodations, Defendants refused to post a penny of judgment security, allegedly because their 10-figure asset portfolio was not sufficiently "liquid." Dkts. 67–68, 84. But in July of last year,

3

Amazon discovered that Defendants had been liquidating assets and using the cash to pay themselves and their lawyers rather than post the required security. *See id.* Accordingly, Amazon moved for an order to show cause why Defendants should not be held in contempt. *See id.*

Defendants responded by appealing only Paragraph 2 of the Injunction, and insisting that the challenged liquidations were permissible. Dkts. 72, 137; 193-2 at 18:21–23. The Court held that "discovery is the answer," and ordered them to respond to requests for asset information that would allow Amazon and the Court to assess the availability of certain funds for judgment security under Paragraph 2, as well as the relationship between specific assets and the Amazon transactions under Paragraph 7. Dkts. 91 at 26:10–12, 27:1–8, 27:23–24; Dkts. 94–95. As usual, Defendants did not comply.[2] Their current motion ignores this record, including the fact that they responded to the February letter they inaccurately cite, Mot. at 2, by assuring Amazon that their actions were supported by the "914,590 pages of documents" they produced and would further explain in "supplemental" discovery responses, Dkt. 286-21 at 2; *see also* Dkt. 286 at 9–12. These promises were false, but they bought Defendants another six months to dissipate an additional $60 million in assets while Amazon and the Court waded through the discovery abuses that culminated in the July 2021 Rule 37 order and September 10 sanctions ruling. Dkts. 286; 291; 308; 330; 348.

This record confirms that Defendants' "clarification" motion is both pretextual and foreclosed by their own misconduct. Amazon has *never* taken the position that the Injunction prohibits Defendants from "liquidating *any* of their assets." Mot. at 2. Amazon drafted Paragraph 7 to do

---

[2] As detailed in Amazon's pending contempt motion and prior filings, Defendants refused to provide the required transaction details even after: (i) the Court's November 2020 Rule 37 order overruling their scope objections and compelling production, Dkt. 286-8; (ii) Amazon's December 2020 letter demanding this discovery on over $82 million in post-Injunction liquidations Defendants concealed from Amazon and the Court, Dkt. 286-8; and (iii) Amazon's follow-up correspondence in January and February 2021 asking Defendants to cease further dissipations until they accounted for their assets and liquidations as the Court ordered, Dkts. 286-13, 286-18.

exactly what Defendants' motion concedes: prohibit the pre-judgment disposition of assets "related to" the Amazon deals at issue in this suit. *Id*. Citing only a stale and self-serving letter, *id.* at 3 (citing Dkt. 284-21), Defendants' motion insists they "have explained to [Amazon] that the assets they have liquidated since the Court entered its injunctive order are unrelated to the Amazon deals." *Id*. But that is precisely what the Court's subsequent Rule 37 orders, including the September 10 sanctions ruling, hold they have *not* done. Dkts. 301-02; 330. There is thus nothing in Paragraph 7 to "clarify." Defendants admit it prohibits dissipation of assets "related to" the Amazon transactions. Mot. at 2. And the window for them to show that their $140 million in post-Injunction liquidations fell outside this prohibition has long passed, and is now affirmatively foreclosed by their own misconduct as detailed in Amazon's filings and the Court's Rule 37 orders. *See* Dkts. 68; 84; 95; 191; 215; 231; 284; 296; 301-02; 308; 324; 330; 348-54.

**II.      DEFENDANTS' MOTION IS ALSO FORECLOSED BY PARAGRAPH 7'S TEXT**

Even if Defendants' motion were timely and otherwise actionable, it would require denial under Paragraph 7's plain text. As noted, Defendants attack a straw man in asserting that Amazon reads Paragraph 7 as "bar[ring] Watson and Northstar from liquidating *any* assets—not just those related to the Amazon transactions." Mot. 2 (emphasis in original); *see* Part I *supra*. Amazon proposed this Paragraph—which the Court entered after extensive litigation and Defendants did not appeal—to enjoin dissipation only of the discrete class of assets it describes as "related to" the Amazon transactions in suit. Dkt. 57 ¶ 7. Defendants' motion concedes this in stating that the provision "enjoin[s] Defendants from '*disposing of* . . . assets *used in, or obtained from*, activities . . . *related to* [their] real property transactions with Amazon in Virginia since 2018.'" Mot. at 2, 4 (ellipses in original).

This text does not require "clarification." Nor is "clarification" what Defendants' motion actually seeks. Their position that Paragraph 7 should be read to extend "*only* to the real estate

5

transactions *with* Amazon," Mot. at 2, conflicts with the provision's express prohibition on "*disposing*" of "assets *used in, or obtained from, activities . . . related to*" Defendants' transactions with Amazon, Dkt. 57 ¶ 7.

Defendants' motion never fully quotes this language, which they did not seek to modify or clarify in the sixteen months preceding their current motion. Dkt. 57. The relevant provision states:

> 7. Defendants are enjoined from spoliating, concealing, wasting, transferring, **or otherwise disposing of** documents, records, communications, files, or other evidence or **assets used in, or obtained from, any activities (including but not limited to the activities described above) relating to Defendants' real property transactions with Amazon in Virginia since 2018** . . . .

*Id.* at 6. As noted, Defendants' motion seeks "clarification" that this language "enjoins *only* the 'spoliating, concealing, [or] wasting' [of] assets linked to the Amazon transactions," and "does not prevent Northstar or Watson from conducting their non-Amazon related business or liquidating property to fund their continued operation, living expenses, and defense of this action." Mot. at 4 (emphasis added; first alteration in original). This request disregards the express "*otherwise disposing of*" language in the anti-dissipation provision. Defendants' proposed "clarification" would write this language out of Paragraph 7, and thus effect precisely the "'alter[ation]'" they disclaim. Mot. at 3-4.

The same is true of Defendants' request to "clarify" that Paragraph 7 "in any case does not prevent Northstar or Watson from conducting their non-Amazon related business *or* liquidating property to fund their continued operation, living expenses, and defense of this action." *Id.* Paragraph 7 *does* prohibit dissipation (particularly for these self-serving purposes) of the assets it defines as "related to" Defendants' unjust gains from the Amazon transactions. Dkt. 57 ¶ 7. This specific and defined asset class is one that Defendants were uniquely well-positioned to identify,

6

and simply chose to conceal from Amazon and the Court in willful violation of the Court's discovery orders and the Injunction itself. Dkt. 330. Their current motion is the latest example of these abuses. It does not seek to "clarify" Paragraph 7. It seeks an improper, *post-hoc* modification of the Injunction's anti-dissipation provision in order to shore up Defendants' equally improper and untimely defense of their ongoing contempt of Paragraph's 2 security provision.

### III. DEFENDANTS ARE IN CONTEMPT EVEN UNDER THEIR PROPOSED "CLARIFICATION" OF THE INJUNCTION

Last but certainly not least, Defendants' motion should be denied because their deficient discovery responses establish that several of their asset liquidations violated Paragraph 7 even as they read it: namely, as a prohibition on "'spoliating, concealing, [or] wasting' assets linked to the Amazon transactions." Mot. at 4. The procedural history and record evidence supporting this conclusion is detailed in Amazon's pending contempt motion, so Amazon will not repeat it all here. *See* Dkts. 347-54. The highlights are as follows.

*First*, consistent with the Fourth Circuit's holding that a civil preliminary injunction can enjoin the dissipation of assets "related" (even if not directly "traceable") to a Defendants' inequitable conduct, *Amazon.com, Inc. v. WDC Holdings LLC*, 2021 WL 3878403, at *3, *8 (4th Cir. Aug. 31, 2021), Paragraph 7 expressly and properly proscribes Defendants from "disposing" of any assets "obtained from" or "relating to [their] real property transactions with Amazon." *Amazon.com, Inc. v. WDC Holdings LLC*, 2020 WL 4720086, at *4 (E.D. Va. June 5, 2020).

*Second*, even Defendants' deficient discovery responses admit that their post-Injunction liquidations include several properties—notably 800 Hoyt (for $24 million), 5805 Mark Dabling (for $17 million), Gateway Retail (for $5.9 million), and 5500 S. Quebec (for $575,000)—that

7

███████████████████████████████.³ Dkt. 310-3; Dkt. 350 ¶¶ 48–74; Exs. 32–48.  The current record also indicates that other assets, including the mansion Watson is currently attempting to sell for nearly $10 million, were ███ with funds ████████████████████████ ██████ that Defendants refused to identify in violation of this Court's discovery orders and the federal rules.  Dkts. 330; 347-54.

*Third*, there is no question that Defendants "concealed" these assets and liquidations from Amazon and the Court.  Mot. at 4.  Indeed, Defendants' unjustified refusal to account for the proceeds from their liquidation of the 800 Hoyt asset they ███████████████ ███ was the primary focus of the July 2021 Rule 37 order compelling production of the liquidation details that Defendants continue to conceal to this day, Dkt. 348, and prompted the September 10 sanctions order for their "willful" violation of this and other discovery obligations, Dkt. 330.

*Fourth*, Defendants do not—and cannot—rebut the current record that they "waste[d]" significant proceeds from these and other liquidations.  Mot. at 4.  Documents that Defendants improperly concealed this spring and were compelled to produce this summer from devices returned by the FBI establish that ███████████████████████████████████████████████ ██████████████████████████████████████.  Notably, the documents show that:

- ███████████████████████████████████████████
███████████████ Dkt. 348-7; and

- ███████████████████████████████████████████
███████████████ Dkt. 348-5.

---

³ These are the same Northstar accounts into which Defendants ████████████████ ████████████████, when the United States seized $3.85 million in Amazon-related equity payments directed to ████████.  Dkt. 350 ¶¶ 4, 66–67; Exs. 2, 43–44; *see also United States v. $196,634 Seized from Citywide Bank Account Ending in 9662 and $3,648,375 Seized from Citywide Bank Account Ending in 8557*, No. 1:21-cv-00561 (E.D. Va. 2021).

8

The assets that generated the ▮▮▮▮▮▮ were involved in the post-Injunction liquidations that Defendants completed for a total of over $140 million, Dkt. 348 at 17-19, but have failed adequately to address in an accounting or otherwise explain in accordance with the Court's orders; *see id.*; *see also* Dkts. 284; 296; 301-02; 308; 324; 330; 348-54. This failure is unsurprising, because there is no justification for Defendants' decision to use the proceeds from over $140 million in asset liquidations to benefit themselves rather than comply with the Injunction. And regardless, the time for justifications has passed. The record now establishes that Defendants are in contempt of Paragraph 7 even under their proposed "clarification" of the provision as "enjoin[ing] only the 'spoliating, concealing, [or] wasting' [of] assets linked to the Amazon transactions." Mot. at 4 (second alteration in original).

## CONCLUSION

For the reasons above and in Amazon's pending contempt motion and supporting papers, Defendants' Motion to Clarify the Injunction should be denied, and the Court should enter any and all sanctions beyond those ordered on September 10 for Defendants' contempt of both Paragraphs 2 and 7 of the Injunction.

Dated: October 4, 2021                             Respectfully submitted,

                                                              *s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice* pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will send then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Allcore Development LLC
6870 W 52nd Avenue, Suite 203
Arvada, CO 80002

Finbrit Holdings LLC
6870 W 52nd Avenue, Suite 203
Arvada, Colorado 80002

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*