IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20,<br><br>    Defendants. | CASE NO. 1:20-CV-484-LO-TCB |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR EXPEDITED CONSIDERATION AND IMMEDIATE RELIEF ON PLAINTIFFS' MOTION TO HOLD DEFENDANTS WATSON & WDC HOLDINGS LLC IN CIVIL CONTEMPT**

Plaintiffs' motion to hold Defendants in civil contempt of this Court's June 5, 2020 injunction is currently noticed for Friday, October 8, 2021, Dkts. 347–53. Last night, Defendants opposed this date on grounds that misrepresent the record, including their statements to Plaintiffs last week, and that if credited will further delay and obstruct enforcement of the Court's injunction. Dkt. 356. Plaintiffs are prepared to proceed with the contempt hearing on October 8, or any other date convenient for the Court. However, the grounds on which Plaintiffs sought expedited consideration and certain immediate relief, Dkts. 353–54, persist and will become more exigent each day. Plaintiffs thus respectfully request that the Court hear the contempt motion on October 8 or as soon thereafter as possible, and in the interim grant the requested or any other temporary relief as needed to preserve the *status quo*. Dkt. 353.

Plaintiffs sought expedited consideration and interim relief on their September 30 contempt motion because Defendants made clear on September 29 that they would use the time before the contempt hearing to continue dissipating assets and explore bankruptcy or other collateral proceedings that would allow them to continue violating this Court's orders. Dkts. 353–54. Defendants do not deny this. Nor do they deny that on September 29, they were the ones who broke from the parties' discussion of an agreed briefing schedule on injunction enforcement by moving to "clarify" that the injunction allowed $140 million in asset liquidations Plaintiffs challenge as evidence of Defendants' pervasive and ongoing contempt.[1]  On September 30, Plaintiffs responded by filing their contempt motion and scheduling papers. Dkts. 347–54.

Defendants misrepresent the record in stating that Plaintiffs gave no "indication" on September 29 or "the ensuing days" that they "intended to file a motion to expedite." Dkt. 356 at 2. On Friday October 1, 2021, Plaintiffs' counsel urged lead defense counsel, Mr. Stanley Garnett, to agree to expedited briefing this week of Plaintiffs' contempt motion and Defendants' related clarification motion so both could be heard before the parties respond next week to the intervention motion noticed for October 22. Mr. Garnett did not object, and said the schedule seemed reasonable. Accordingly, Plaintiffs responded to Defendants' clarification motion last night. In contrast, Defendants waited until last night to argue that it is "unfair" to require them to respond to the contempt motion in time for Friday's hearing. Dkt. 356 at 2. This claim rings hollow. The contempt hearing was set last week on a motion they knew was coming, and they forced Plaintiffs to file by defying the Injunction even after the appellate mandate issued. They have had plenty of time to respond, and simply wish to spend it on further asset dissipation and collateral proceedings to continue frustrating, rather than complying with, the injunction.

---

[1] On September 29, Defendants agreed to negotiate a coordinated briefing schedule for their respective injunction-related motions, and to reconvene on September 30 to discuss dates. Just three hours after the September 29 call, they broke this agreement by filing their motion.

Dated: October 5, 2021         Respectfully submitted,

<u>s/ Michael R. Dziuban</u>
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice* application pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Allcore Development LLC
6870 W 52nd Avenue, Suite 203
Arvada, CO 80002

Finbrit Holdings LLC
6870 W 52nd Avenue, Suite 203
Arvada, Colorado 80002

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*