UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WDC HOLDINGS LLC, et al.,<br><br>    Defendants. | Civil Action No. 1:20-cv-00484 |

**DEFENDANTS BRIAN WATSON AND WDC HOLDINGS LLC'S
MOTION FOR A RULE 16 CONFERENCE**

    Pursuant to Federal Rules of Civil Procedure 16 and 26(f), and Local Civil Rules 16 and 26, Defendants Brian Watson ("Watson") and WDC Holdings LLC, d/b/a Northstar Commercial Partners ("Northstar"), respectfully move the Court to set a scheduling conference no later than 30 days from the date of this motion.

    Local Civil Rule 16(b) states, "[A]s promptly as possible after a complaint . . . has been filed, the Court shall schedule an initial pretrial conference to be conducted in accordance with Fed. R. Civ. 16(b)." This litigation began on April 27, 2020, more than 17 months ago. *See* Dkt. 1. Plaintiffs filed their Second Amended Complaint on September 18, 2020, Dkt. 150; the Court resolved Defendants' dispositive motions on February 1, 2021, Dkt. 256; and Watson and Northstar's Amended Answer was filed on April 16, 2021, Dkt. 277, 280. Despite having been pending for over a year and half, Plaintiffs do not appear to have served all Defendants and have not sought to move forward with the case other than as to the injunction against Watson and Northstar. Normally, such a failure could lead to a Rule 41(b) dismissal for failure to prosecute.

1

Despite the Plaintiffs not attempting to move the case, it already has had far-reaching effects on Watson and Northstar. As Defendants have told the Court, this litigation has cast a pall over Defendants' operations, leading to significant financial hardship and workforce reduction. *See* Dkt. 314, 343.

Given that more than one year has passed since Plaintiffs filed their Second Amended Complaint and the Court has long since resolved Defendants' dispositive motions, Watson and Northstar submit that this case should proceed and discovery should commence expeditiously. There is no reason not to proceed with the case and the continued one-sided nature of the litigation

Watson and Northstar therefore request that this Court set this matter for a Rule 16 conference at its earliest convenience but in any case no later than 30 days from the date of this motion.

Dated: October 21, 2021                              Respectfully submitted,

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Ave. NW, Suite 650
Washington, DC  20006
202.524.4140 – Tel.
202 524.4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com

*Counsel for Defendants WDC Holdings LLC and Brian Watson*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, I will electronically file Defendants Brian Watson and WDC Holdings LLC's Motion for a Rule 16 Conference using the Court's CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

In addition, I will serve hard copy of the date-stamped motion, proposed order, and NEF on *pro se* Defendant Casey Kirschner by mailing the documents U.S. Mail First Class to 635 N. Alvarado Lane, Plymouth, MN 55447.

Dated: October 21, 2021 */s/ Jeffrey R. Hamlin*