## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |  |
|---|---|---|
| AMAZON.COM, INC., ET AL. | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-00484 |
| | ) | Hon. Liam O'Grady |
| WDC HOLDINGS LLC, ET AL. | ) | |
| | ) | |
| *Defendants*. | ) | |

### ORDER

This matter comes before the Court on Defendants' Motion for a Preliminary Injunction Clarification, Dkt. 343, and on Plaintiffs' Motion for Civil Contempt, Dkt. 347. These Motions are related, as both concern the interpretation and enforcement of the Court's Preliminary Injunction Order, Dkt. 57, which was issued on June 5, 2020, and which was upheld by the Fourth Circuit, Dkt. 319, on August 31, 2021. The Court addresses both of these Motions together.

### I. BACKGROUND

Plaintiffs initially filed this case and sought preliminary injunctive relief in April 2020. Dkt. 1. The action arises out of a fraud and kickback scheme, through which Plaintiffs allege Defendants and their co-conspirators obtained tens of millions of dollars in illicit proceeds on more than $500 million of Amazon development projects in this District. Dkt. 348 at 11. Defendant Brian Watson is the owner of Defendant WDC Holdings, a Colorado real estate development company operating as Northstar. Beginning in 2017, Watson cultivated a relationship with two Amazon real estate transaction managers— co-defendants Carleton Nelson

and Casey Kirschner, who, as detailed in prior pleadings and orders, steered transactions to Defendants in exchange for kickbacks. *Id.*

On June 5, 2020, this Court issued a Preliminary Injunction which ordered various security in Plaintiffs' favor. Dkt 57. Among the provisions in the Preliminary Injunction Order, Paragraph 2 and Paragraph 7 are now at issue in these Motions.

Paragraph 2 states, in relevant part:

> "Defendants... shall secure funds totaling $21,250,000.00 USD, representing the sum of certain Amazon real estate development fees to these Defendants... by (a) promptly placing in an escrow account maintained according to the terms of this order funds totaling $21,250,000.00 USD, or (b) obtaining and depositing in the Court's Registry a surety bond from a licensed bonding company for $21,250,000.00 USD, or (c) a combination of both (a) and (b), such that the total amount of $21,250,000 USD is secured through the combination of a surety bond and escrow through the entry and execution of final judgment in this action." Dkt. 57 at 4-5.

Defendants previously appealed Paragraph 2 of the Preliminary Injunction. On August 31, 2021, the Fourth Circuit upheld this part of the injunction, finding that "the district court did not abuse its discretion and acted within its authority in ordering preliminary relief in connection with Amazon's cognizable equitable claims." Dkt. 318 at 3.

Paragraph 7 states, in relevant part:

> "Defendants are enjoined from spoliating, concealing, wasting, transferring, or otherwise disposing of documents, records, communications, files, or other evidence or assets used in, or obtained from, any activities (including but not limited to the activities described above) relating to Defendants' real property transactions with Amazon in Virginia since 2018 ..." Dkt. 57 at 6.

In their Motion for Civil Contempt, Plaintiffs assert that Defendants have "not posted a single penny of judgment security in accordance with Paragraph 2 of the Injunction. And, over the past year, [Defendants] have transferred or dissipated more than $140 million in assets—

including assets linked to the Amazon deals—in violation of Paragraph 7 of the Injunction." Dkt. 347 at 3.

Defendants counter that they have successfully complied with all but one provision – Paragraph 2 – of the Preliminary Injunction Order. Defendants claim that they simply cannot afford to comply with Paragraph 2. Dkt. 374 at 1. Moreover, Defendants argue that they have in fact complied with Paragraph 7 – the anti-dissipation provision – of the Order. They say that Plaintiffs' reading of Paragraph 7 is overbroad. This impasse regarding the meaning of Paragraph 7 forms the basis for Defendants' Motion for Preliminary Injunction Clarification, Dkt. 343.

## II. LEGAL STANDARD

To establish civil contempt, each of the following elements must be shown by clear and convincing evidence:

> "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;
> (2) ... that the decree was in the movant's 'favor';
> (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and
> (4) ... that [the] movant suffered harm as a result."

*Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000). This *prima facie* evidence of contempt "shift[s] to [D]efendant[s]" the burden "to demonstrate that [they] made in good faith all reasonable efforts to comply with" the Injunction. *United States v. Ali*, 874 F.3d 825, 828 (4th Cir. 2017).

In turn, "[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011). *See* Dkt. 343 at 3.

## III. DISCUSSION

Regarding Plaintiffs' Motion for Civil Contempt, Dkt. 347, the Court does not hesitate to find that there was clearly (1) a valid Preliminary Injunction Order of which Defendants had actual knowledge and (2) that Preliminary Injunction Order was in Plaintiffs' favor. What's more, the Court does not hesitate to find that (4) the Plaintiffs have suffered harm as a result of Defendants' conduct. *See e.g.*, Dkt. 350-1 at 8 ("… There is certainly prejudice to the plaintiffs in terms of their ability to enforce the injunction or, perhaps, even recoup the funds."). The primary contention is over whether (3) Defendants violated the terms of the decree. *See Ashcraft*, 218 F.3d at 301.

In their Motion for a Preliminary Injunction Clarification, Dkt. 343, Defendants assert that they read the terms of Paragraph 7 of the Preliminary Injunction Order differently than do Plaintiffs, and therefore have a different understanding of whether the Order was violated.

Paragraphs 2 and 7 are distinct provisions. The Court finds that Defendants are in violation of both of these provisions. Regarding the reading of Paragraph 7 of the Preliminary Injunction Order, the Court holds that Plaintiffs' reading is correct and appropriate. Moreover, the Court finds that Defendants commingled Amazon transaction proceeds with general business funds, in violation of Paragraph 7. Defendants have mixed assets subject to the constructive trust with unrelated funds. *See* Dkt. 397 at 14-15; Shaw Declaration, Dkt. 350 ¶ 13, 50.

The Court therefore **DENIES Defendants' Motion for a Preliminary Injunction Clarification**, Dkt. 343. The Court upholds the Plaintiffs' correct reading of Paragraph 7 of the Preliminary Injunction Order: that Defendants are enjoined from "spoliating, concealing, wasting, transferring, or otherwise disposing of … assets used in, or obtained from, any activities … *relating to* Defendants' real property transactions with Amazon in Virginia since 2018 …"

4

Dkt. 57 at 6. This provision is broader than Defendants' assertion that the Preliminary Injunction Order enjoins Defendants from liquidating assets only from limited transactions "*with*" Amazon.

Additionally, Plaintiffs' Motion to Hold Defendants' in Civil Contempt, Dkt. 347, is **GRANTED**. The Court will issue a separate order containing the provisions of this Civil Contempt Order.

It is **SO ORDERED.**

October 2̲7̲, 2021
Alexandria, Virginia

Liam O'Grady
United States District Judge