IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br>    Defendants. | CASE NO. 1:20-CV-484-LO-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff <br><br>v. <br><br>BRIAN WATSON, WDC HOLDINGS, LLC, PLW CAPITAL I, LLC, BW HOLDINGS, LLC, AMAZON.COM, INC., and AMAZON DATA SERVICES, INC. <br><br>    Interpleader Defendants. | |

**PLAINTIFFS' RESPONSE TO MOTION BY DEFENDANTS BRIAN WATSON AND WDC HOLDINGS LLC FOR A RULE 16 CONFERENCE**

    Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. hereby respectfully respond to the motion for a Rule 16 scheduling conference that Defendants Brian Watson and WDC Holdings LLC ("Defendants") filed on October 21, 2021. Dkt. 400 ("Mot."). Plaintiffs look forward to progressing this case at the Court's convenience, and submit this response solely to address several misstatements in Defendants' motion.

*First*, the October 21 motion has been overtaken by the Court's October 27 contempt order, Dkt. 413, which speaks directly to the Rule 16(b) and 26(f) standards that govern the motion. Mot. at 1. Rule 16(b) provides that, "*unless the judge finds good cause for delay*," a scheduling order should issue "*as soon as practicable*" after a scheduling conference or receipt of the parties' Rule 26(f) report. Fed. R. Civ. P. 16(b)(2) (emphasis added). Defendants' "willful civil contempt" of the Court's June 2020 preliminary injunction and related rulings, Dkts. 413, 57, 95, 230–31, 302, 330, were alone good cause to defer a broader schedule. And the remedial provisions in the October 27 order provide further good cause for deferring a Rule 16 schedule, at least until a receiver is appointed and able to address information and assets relevant to the initial disclosure and discovery issues the schedule must reflect under Rule 26(f). *See* Fed. R. Civ. P. 23(f)(3)(A)–(E). Defendants have not even attempted to confer and report on such matters as the rules require, nor would it be proper or efficient for them to do so now that the Court has ordered receivership.

*Second*, Defendants' assertion that "Plaintiffs do not appear to have served all Defendants," Mot. at 1, is unsupported. Plaintiffs have properly summoned all named defendants in this action.[1] Two non-answering defendants have already received default orders. *See* Dkt. 406. Other non-

---

[1] *See* Shaw Decl. ¶¶ 4, 6–8, 11–14 & Exs. 2, 4–6, 9–12 (affidavits of service for WDC Holdings LLC, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, Villanova Trust, Casey Kirschner, Cheshire Ventures LLC, and Carleton Nelson); Dkts 391-1, 391-2 (affidavits of service for AllCore Development, LLC and Finbrit Holdings LLC); Shaw Decl. ¶¶ 3, 5, 9–10 & Exs. 1, 3, 7–8 (correspondence evidencing service on Brian Watson, White Peaks Capital LLC, and NOVA WPC LLC); *see also* Dkt. 19 (summons for WDC Holdings LLC, Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, NOVA WPC LLC, White Peaks Capital LLC, and Villanova Trust); Dkt. 112 (summons for AllCore Development, LLC, Carleton Nelson, Casey Kirschner, Cheshire Ventures LLC, Finbrit Holdings, LLC). Defendants "present[] no explanation whatsoever" for challenging the foregoing service record. *Benedict v. Hankook Tire Co. Ltd.*, 286 F. Supp. 3d 785, 799 (E.D. Va. 2018); *see also U.S. ex rel. Davis v. Prince*, No. 1:08-cv-1244, 2011 WL 2749188, at *3 (E.D. Va. July 13, 2011). In any event, all defendants have waived the right to object to service of process either by failing to raise the defense in their answers, or by failing to answer at all. Fed. R. Civ. P. 12(b), 12(h)(1).

answering defendants are cooperators who remain candidates for default. And certain answering defendants are engaged in collateral litigation with the government that could directly impact the "claims of privilege or of protection" a Rule 16 scheduling order must address in accordance with Federal Rule of Civil Procedure 23(f)(3)(D) and Federal Rule of Evidence 502. These considerations with respect to other defendants should continue to inform the schedule.

*Third*, Defendants' claim that Plaintiffs "have not sought to move forward with the case," Dkt. 400 at 1, is frivolous. Plaintiffs have successfully progressed the case through multiple rounds of motions practice and amended pleadings, as well as Defendants' interlocutory appeal. The injunction proceedings alone have developed the record far beyond what is typical for this stage of a civil action. *See supra* & Dkts. 349, 396, 400, 413. And the resulting "body of evidence including spreadsheets, wire transfer instructions, email exchanges, recorded conversations, and other materials implicating defendants in the alleged [fraud and kickback] scheme" here, *Amazon.com, Inc. v. WDC Holdings LLC*, 2020 WL 4353563, at *2 (E.D. Va. July 28, 2020), is on par with evidence other courts have found sufficient to sustain convictions on analogous federal fraud claims. *See, e.g.*, *United States v. Kail,* 2021 WL 3773613, at *1, *3–4, *7–9 (N.D. Cal. Aug. 25, 2021).[2] That said, Plaintiffs look forward to developing this evidence further, and

---

[2] The defendant in *Kail* was convicted of wire fraud because, due to his conduct, the victim company (Netflix) "made an unnecessary payment and suffered financial detriment by virtue of the kickbacks and commissions [he] received"; (b) his "scheme defrauded Netflix of money or property by enabling vendors to enjoy more favorable contracts with Netflix than they otherwise would have been able to attain"; and (c) "had [he] not been paid kickbacks by the third-party companies, Netflix would have paid less for said contracts—or would not have entered them at all." 2021 WL 3773613, at *3–4; *see also id*. *7–9. The evidence here is strikingly similar, and detailed in the preliminary injunction record in this action, *see* Dkt. 150 ¶¶ 2–5, 11, 81, 371–433; Dkts. 57, 212, 256, 333, as well as in related forfeiture actions. *See, e.g.*, *United States v. $196,634 Seized from Citywide Bank Account Ending in 9662 & $3,648,375 Seized from Citywide Bank Account Ending in 8557*, No. 1:21-cv-00561 (E.D. Va. 2021). Notably, the evidence here includes audio recordings in which: (i) one of the former Amazon manager defendants (Nelson) tells a
*(Cont'd on next page)*

litigating any crime-fraud or other privilege exceptions relevant to the transactions at issue, which appear to have employed legal structures that defense counsel are currently litigating in another action involving the parties here.[3]

*Fourth and finally*, Defendants' brazen suggestion that the current pace of litigation would "normally" implicate Rule 41(b) concerns, Dkt. 400 at 1–2, is too "skeletal" to be called an argument, *Jamison v. Kincaid*, No. 3:19-cv-19, 2020 WL 5414687, at *3 (E.D. Va. Sept. 9, 2020) (quotation marks omitted), and facially meritless in any event.  Rule 41(b) dismissals are reserved for situations in which there has been a "lengthy period during which Plaintiff has taken no action" or persistently "ignored deadlines set by the Court"[4] or "contravened multiple rules and court orders," *Attkisson v. Holder*, 925 F.3d 606, 626 (4th Cir. 2019).[5]  Defendants are the only parties who have engaged in such misconduct here.  *See* Dkts. 330, 413.

## CONCLUSION

Plaintiffs are eager to continue progressing this case in accordance with the Court's orders, including a Rule 16 schedule entered at the Court's convenience in the context of the foregoing receivership and other considerations that Defendants' motion fails to address.

---

former Northstar employee that the "first couple distributions [he and co-defendant Casey Kirschner] took" on the Northstar transactions came "through Casey's brother" at Northstar partner Villanova, which was "some sketchy a** sh**," Dkt. 212-13 at 8–9; and (ii) Nelson had "taken 960 total" and Kirschner "eight something" from "all Brian [Watson]'s fees," *id.* at 30.

[3] *See United States v. $4,543.79 in Funds Seized from Bank Account #153568031006, et al.*, No. 20-cv-1343, Dkts. 46 at 3–4, 50 at 4–5, 51 at 2–3 (E.D. Va. 2020).

[4] *Brown v. Astrue*, No. 3:11-cv-214, 2012 WL 604135, at *2 (E.D. Va. Feb. 8, 2012), *report and recommendation adopted,* No. 3:11-cv-214, 2012 WL 604040 (E.D. Va. Feb. 23, 2012) (no action); *Macon v. Geico Ins.*, No. 8:11-cv-00007, 2012 WL 1825227, at *2 (D.S.C. Feb. 28, 2012), *report and recommendation adopted*, No. 8:11-cv-00007, 2012 WL 1825236 (D.S.C. May 18, 2012), *aff'd*, 474 F. App'x 399 (4th Cir. 2012) (ignored deadlines).

[5] Rule 41(b) also turns on a four-factor inquiry Defendants do not address—and could not satisfy—here.  *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990).

Dated: November 4, 2021         Respectfully submitted,

                                         <u>s/ Michael R. Dziuban</u>
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice application* pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will send then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*