IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al, <br><br> Defendants. <br><br>——————————————— <br><br> 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, PLW CAPITAL I, LLC, BW HOLDINGS, LLC, AMAZON.COM, INC, and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants. | CASE NO. 1:20-cv-484-LO-TCB |

**DEFENDANTS' ANSWER TO INTERPLEADER 800 HOYT, LLC'S COMPLAINT**

Defendants WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Brian Watson ("Mr. Watson"), PLW Capital I, LLC ("PLW"), and BW Holdings, LLC ("BW Holdings")(collectively, "Defendants"), by and through their counsel, Brownstein Hyatt Farber Schreck, LLP. Hereby file their Answer to Interpleader 800 Hoyt, LLC's Complaint (the "Interpleader Complaint"), and state as follows:

1

## I. Introduction

1. Admit that the Interpleader Complaint purports to arise from competing claims related to an injunction entered in this case. Defendants deny the remaining allegations in Paragraph 1 of the Interpleader Complaint.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendants admit the interpleader action seeks to deposit certain funds with the Court so the Court may determine the party entitled to the funds. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 5 of the Interpleader Complaint and therefore deny the same.

6. The allegations in Paragraph 6 of the Interpleader Complaint call for a legal conclusion and therefore do not require a response. To the extent a response is required, Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 6 of the Interpleader Complaint and therefore deny the same.

## II. Parties, Jurisdiction & Venue

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendants admit that Mr. Watson and Amazon.com, Inc. are citizens of different states. The remaining allegations in Paragraph 16 of the Interpleader Complaint call for a legal conclusion and no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 16 of the Interpleader Complaint.

17. The allegations in Paragraph 17 of the Interpleader Complaint call for a legal conclusion and no response is required. To the extent a response is required, Defendants deny the remaining allegations in Paragraph 17 of the Interpleader Complaint.

### III.   Background

**A.   Formation and Operation of 800 Hoyt**

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 26 of the Interpleader Complaint and therefore deny the same.

27. Admitted.

28. Admitted.

    **B.**    **October 2020 Sale of the Property**

29.    Admitted.

30.    Admitted.

31.    Defendants admit Hoyt Development distributed income from the sale. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 31 of the Interpleader Complaint and therefore deny the same.

32.    Admitted.

33.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 33 of the Interpleader Complaint and therefore deny the same.

34.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 34 of the Interpleader Complaint and therefore deny the same.

    **C.**    **Settlement Agreement with Mr. Watson**

35.    Admitted.

36.    Admitted.

37.    Admitted.

38.    Admitted.

    **D.**    **Release of Reserve Funds to 800 Hoyt**

39.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 39 of the Interpleader Complaint and therefore deny the same.

40.    Defendants admit that 800 Hoyt owes Mr. Watson, WDC, or one of their related entities money pursuant to the Settlement Agreement. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 40 of the Interpleader Complaint and therefore deny the same.

41. Admitted.

42. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 42 of the Interpleader Complaint and therefore deny the same.

43. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 43 of the Interpleader Complaint and therefore deny the same.

44. Admitted.

45. Defendants admit they, or their related entities, are due funds from 800 Hoyt. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 45 of the Interpleader Complaint and therefore deny the dame.

46. Defendants lack knowledge or information sufficient to confirm or deny calculated amount and therefore deny the same. Defendants admit the remaining allegations in Paragraph 46 of the Interpleader Complaint.

47. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 47 of the Interpleader Complaint and therefore deny the same.

48. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 48 of the Interpleader Complaint and therefore deny the same.

49. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 49 of the Interpleader Complaint and therefore deny the same.

**E.   Claim of Amazon.com**

50. Admitted.

51. Defendants admit Plaintiffs sent 800 Hoyt a letter dated August 24, 2021 concerning future distributions. Defendants lack knowledge or information sufficient to confirm

or deny the remaining allegations in Paragraph 51 of the Interpleader Complaint and therefore deny the same.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

### F. Claim of Mr. Watson

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Admitted.

### IV. Claim for Interpleader

68. Defendants incorporate their responses to Paragraphs 1-67 of the Interpleader Complaint as if fully set forth herein.

69. Defendants admit that 800 Hoyt is a disinterested stakeholder with respect to the funds that are the subject of the competing claims of Amazon and the Defendants. Defendants deny any remaining allegations in Paragraph 69 of the Interpleader Complaint.

70. Defendants admit they, or their related entities, are due certain funds payable from 800 Hoyt pursuant to the Settlement Agreement and the Operating Agreement. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 70 of the Interpleader Complaint and therefore deny the same.

71. Admitted.

72. Denied.

73. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 73 of the Interpleader Complaint and therefore deny the same.

74. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 74 of the Interpleader Complaint and therefore deny the same.

75. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 75 of the Interpleader Complaint and therefore deny the same.

76. The allegations in Paragraph 76 of the Interpleader Complaint call for a legal conclusion and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 76 of the Interpleader Complaint and therefore deny the same.

77. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 77 of the Interpleader Complaint and therefore deny the same.

78. The allegations in Paragraph 78 of the Interpleader Complaint call for a legal conclusion and no response is required. To the extent a response is required, Defendants lack

knowledge or information sufficient to confirm or deny the allegations in Paragraph 76 of the Interpleader Complaint and therefore deny the same.

79. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 79 of the Interpleader Complaint and therefore deny the same.

80. Defendants admit 800 Hoyt conferred with their counsel. Defendants deny the remaining allegations in Paragraph 80 of the Interpleader Complaint.

### VI.  Prayer for Relief

Defendants deny 800 Hoyt is entitled to the relief it seeks, including the items sought in its Prayer for Relief.

Dated: November 12, 2021

By: *s/ Jeffrey R. Hamlin*
Stanley L. Garnett (pro hac vice)
Amanda K. Houseal (pro hac vice)
Brownstein Hyatt Farber Schreck, LLP
Telephone: 303.223.1100
Facsimile: 303.223.1111
sgarnett@bhfs.com
ahousel@bhfs.com

Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (pro hac vice)
James Trusty (pro hac vice)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006
Telephone: 202.524.4140
Facsimile:  202 524.4141
jhamlin@ifrahlaw.com
geroge@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for Defendants WDC Holdings, LLC, Brian Watson, PLW Capital I, LLC, and BW Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2021, I will email the foregoing document to the known attorney of record for each other party. For those parties for whom counsel is not known, a true and correct copy of the foregoing document shall be served by U.S. mail to their last known address.

Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218

Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC

Villanova Trust
c/o Christian Kirschner, Trustee 3924 Wallace Lane
Nashville, TN 37215

Allcore Development LLC
6870 W 52nd Avenue, Suite 203 Arvada, CO 80002

Finbrit Holdings LLC
6870 W 52nd Avenue, Suite 203 Arvada, Colorado 80002

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

By: _s/ Jeffrey R. Hamlin_