**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>       Plaintiffs, <br><br>       v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br>       Defendants. | CASE NO. 1:20-CV-484-LO-TCB |
| 800 HOYT LLC, <br><br>       Intervening Interpleader Plaintiff <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, PLW CAPITAL I, LLC, BW HOLDINGS, LLC, AMAZON.COM, INC., and AMAZON DATA SERVICES, INC. <br><br>       Interpleader Defendants. |  |

**AMAZON.COM, INC. AND AMAZON DATA SERVICES, INC.'S ANSWER TO**
**800 HOYT, LLC'S INTERPLEADER COMPLAINT OF INTERVENOR**

Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs" or "Amazon") hereby answer and respond to the Interpleader Complaint filed by 800 Hoyt LLC ("800 Hoyt" or "Intervenor").  Except as expressly admitted, Amazon denies all of the allegations contained in the Interpleader Complaint.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  The capitalized terms used herein shall be defined in the same manner as in the Interpleader Complaint.  Accordingly, Amazon states:

**Introductory Paragraph**

Intervening Plaintiff, 800 Hoyt LLC ("800 Hoyt"), files this Interpleader Complaint pursuant to 28 U.S.C. §1335 against Brian Watson, WDC Holding LLC d/b/a NorthStar Commercial Partners, PLW Capital I, LLC, BW Holdings LLC, Amazon.com, Inc., and Amazon Data Services, Inc., and, in so doing, respectfully states:

**Response**:  This introductory paragraph states 800 Hoyt's characterization of this action and legal conclusions to which no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.

**INTERVENOR'S COMPLAINT**

## I.   Introduction[1]

1.      This Interpleader Complaint in intervention arises from competing claims related to an injunction entered in this case.

---

[1]   Amazon's answer includes the headers from the Interpleader Complaint solely for ease of reference.  The headers do not contain allegations to which any response is required, and to the extent 800 Hoyt asserts otherwise, Amazon denies any factual allegations implicitly contained in the headers.

**Response**:  Paragraph 1 states 800 Hoyt's characterization of this action and asserts legal conclusions to which no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon admits that 800 Hoyt's Interpleader Complaint was filed after Defendants Brian Watson and WDC Holdings LLC ("Defendants") failed to comply with the preliminary injunction this Court entered on June 5, 2020 (the "Preliminary Injunction"), and challenged Amazon's claims to various funds, including funds they have received or believe they are entitled to receive from 800 Hoyt.

2.      800 Hoyt currently holds funds that to be paid or distributed to parties entitled to take on behalf of Brian Watson ("Mr. Watson") and his related entities WDC Holding LLC d/b/a NorthStar Commercial Partners ("WDC"), and BW Holdings, LLC ("BW Holdings") (collectively the "Watson Defendants").

**Response**:  Amazon admits that the Watson Defendants have claimed the right to receive payment of certain funds from 800 Hoyt.  Amazon lacks knowledge and information sufficient to admit or deny whether 800 Hoyt holds the funds in issue, or the basis for the Watson Defendants' claims to the funds.

3.      Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon") have made claim to these funds and specifically demanded 800 Hoyt not distribute the funds on the basis of the injunction pending in this case

**Response**:  Amazon admits that it asked 800 Hoyt to refrain from distributing certain funds to the Watson Defendants based on evidence that the funds were proceeds of an asset covered by the Court's June 5, 2020 Preliminary Injunction.

4.      Conversely, the Watson Defendants demand that 800 Hoyt immediately distribute the funds to them.

**Response**:   Amazon admits that the Watson Defendants have demanded immediate distribution of funds related to 800 Hoyt's role in the management and sale of certain real estate assets.

5.      800 Hoyt is a wholly disinterested stakeholder caught in the middle of opposing legal threats that are entirely dependent upon the proceedings in this lawsuit and seeks by this interpleader action to deposit those funds with the Court so that the Court can determine the party entitled to the funds

**Response**:   Amazon lacks knowledge or information sufficient to admit or deny whether "800 Hoyt is a wholly disinterested stakeholder," and on that basis denies that allegation.  Amazon admits the remaining allegations in Paragraph 5 with respect to the funds that 800 Hoyt has interpled in this action.

6.      800 Hoyt files this is interpleader action pursuant to 28 U.S.C § 1335 and Fed. R. Civ. P. 22 to resolve competing claims among potential claimants to the interpleader funds.

**Response**:   Paragraph 6 asserts legal conclusions to which no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.

**II. Parties, Jurisdiction and Venue**

7.      800 Hoyt is a limited liability company formed in Colorado and with a principal place of business in Broomfield, Colorado.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7, and on that basis denies them.

8.      Upon information and belief, Mr. Watson is a citizen of Colorado as he is a natural person residing in Englewood, Colorado

**Response**:  Amazon admits that Mr. Watson has represented that he is a citizen of Colorado with an address in Englewood, Colorado.

9.      Upon information and belief, WDC is a limited liability company formed in Colorado with a principal place of business in Denver, Colorado.

**Response**:  Amazon admits that WDC Holdings LLC has represented that it is a limited liability company formed in Colorado with its principal place of business in Denver, Colorado.

10.      Upon information and belief, PLW Capital I, LLC ("PLW") is a limited liability company formed in Colorado with a principal place of business in Denver, Colorado.

**Response**:   Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10, and on that basis denies them.

11.      Upon information and belief, ownership of PLW is jointly held by Mr. Watson and Patricia L. Watson with all interests split evenly.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 11, and on that basis denies them.

12.      Upon information and belief, BW Holdings is a limited liability company formed in Delaware with a principal place of business in Denver, Colorado.

**Response**:  Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12, and on that basis denies them.

13.     Upon information and belief, BW Holdings is solely owned and operated by Mr. Watson.

**Response**:  Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13, and on that basis denies them

14.     Upon information and belief, Amazon.com, Inc. is located in Seattle, Washington but maintains through its subsidiaries more than 10,000 employees and has extensive investments in the Commonwealth of Virginia

**Response**:  Amazon admits the allegations in Paragraph 14.

15.     Upon information and belief, Amazon Data Services, Inc. is a Delaware corporation and, among other things, operates many large Amazon facilities in the Commonwealth of Virginia.

**Response**: Amazon admits that Amazon Data Services, Inc. is a Delaware corporation registered to conduct business in the Commonwealth of Virginia.  The remaining allegations in Paragraph 15 that Amazon Data Services, Inc. "operates many large Amazon facilities" are unspecified and subjective characterizations that Amazon lacks knowledge or information sufficient to admit or deny, and on that basis denies them.

16.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1335 as Mr. Watson and Amazon.com, Inc. are citizens of different states as defined in 28 U.S.C. § 1332 and the Interpleader Funds in controversy exceed $500.00.

**Response**: To the extent Paragraph 16 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves

all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon admits that Amazon.com, Inc. and Brian Watson are citizens of different states and that the interpleader Funds in controversy exceed $500.  Otherwise, Amazon denies the allegations in Paragraph 16.

17.     Pursuant to Federal Rule of Civil Procedure 24, 800 Hoyt files this intervenor complaint in an existing suit pending between the Defendants that shares claims and defenses with the Intervenor Complaint.

**Response**:  Amazon admits that certain claims and defenses in the action between Amazon and the Watson Defendants share claims and defenses with the Interpleader  Complaint.

### III. Background

#### A. Formation and Operation of 800 Hoyt.

18.     In 2014, 800 Hoyt was formed for the purpose of owning, developing, operating, managing, maintaining, leasing, or selling the property located at 800 Hoyt Street, Broomfield, Colorado 80020 (the "Property").

**Response**:  Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18 and on that basis denies them.

19.     On or about June 4, 2015, the Members and Managers of 800 Hoyt entered into the Amended and Restated Operating Agreement. A true and correct copy of the Amended and Restated Operating Agreement is attached hereto as *Ex. A.*

**Response**:  To the extent Paragraph 19 purports to characterize the contents of Exhibit A, that document speaks for itself and no response is required.  To the extent Paragraph 19 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and

7

remedies in law and equity.  Amazon admits that Exhibit A is dated June 4, 2015, but otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 19 and on that basis denies them.

20.     On or about June 27, 2017, the members of 800 Hoyt entered into the First Amendment To Amended and Restated Operating Agreement. A true and correct copy of the First Amendment To Amended and Restated Operating Agreement is attached hereto as *Ex. B*

**Response**: To the extent Paragraph 20 purports to characterize the contents of Exhibit B, that document speaks for itself and no response is required.  To the extent Paragraph 20 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon admits that Exhibit B is dated June 27, 2017, but otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 20, and on that basis denies them.

21.     On or about September 19, 2017, the members of 800 Hoyt entered into the Second Amendment To Amended and Restated Operating Agreement. A true and correct copy of the Second Amendment To Amended and Restated Operating Agreement is attached hereto as *Ex. C.*

**Response**: To the extent Paragraph 21 purports to characterize the contents of Exhibit C, that document speaks for itself and no response is required.  To the extent Paragraph 21 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon admits that Exhibit C is dated September 19, 2017, but otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 21 and on that basis denies them.

22.     Combined, the Amended and Restated Operating Agreement, First Amendment To Amended and Restated Operating Agreement, and Second Amendment To Amended and Restated Operating Agreement form the Operating Agreement for 800 Hoyt ("Operating Agreement").

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 and on that basis denies them.

23.     Donald J. Marcotte ("Mr. Marcotte") and R. Brian Watson ("Mr. Watson") were the original Managers and Management Committee of 800 Hoyt.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 and on that basis denies them.

24.     Mr. Watson subsequently resigned as a Manager of 800 Hoyt.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 and on that basis denies them.

25.     PLW and JM Capital VII, LLC ("JM Capital") are the Class A Members of 800 Hoyt.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 and on that basis denies them.

26.     PLW invested only a nominal $50.00 in 800 Hoyt.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 and on that basis denies them.

27.     On or about July 9, 2019, BW Holdings executed a Subscription Agreement to become a Class B Member of 800 Hoyt. A true and correct copy of the July 9, 2019 Subscription Agreement is attached hereto as *Ex. D.*

**Response**: To the extent Paragraph 27 purports to characterize the contents of Exhibit D, that document speaks for itself and no response is required.  To the extent Paragraph 27 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon admits that Exhibit D is dated July 9, 2019, but otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 27, and on that basis denies them.

28.     Pursuant to the Subscription Agreement, BW Holdings subscribed for the purchase of 10 units of Class B membership at a purchase price of $25,000.00 per unit for a total purchase price and investment of $250,000.00. *See Ex. D.* BW Holdings paid this amount for such membership.

**Response**: To the extent Paragraph 28 purports to characterize the contents of Exhibit D, that document speaks for itself and no response is required.  To the extent Paragraph 28 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 28 and on that basis denies them.

**B.     October 2020 Sale of the Property**

29.     On or about October 22, 2020, Hoyt Development LLC ("Hoyt Development"), as owner of the Property, entered into a Purchase and Sale Agreement for the sale of the Property to Lincoln Property Commercial, LLC ("Lincoln").

**Response**: To the extent Paragraph 29 purports to characterize a particular document, that document speaks for itself and no response is required.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 29 and on that basis denies them.

30.     The closing date for the sale of the Property was December 8, 2020.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 and on that basis denies them.

31.     Pursuant to the terms of its operating agreement, Hoyt Development distributed the income from the sale pursuant to its various existing loans, obligations, and as distributions to its members, except for certain funds held as a reserve (the "Reserve Funds").

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 and on that basis denies them.

32.     800 Hoyt is a member of Hoyt Development and is due a minority share of member distributions.

**Response**:  To the extent Paragraph 32 purports to characterize a particular document, that document speaks for itself and no response is required.  To the extent Paragraph 32 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and

remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32 and on that basis denies them.

33.     The member distribution 800 Hoyt received in December 2020 for sale of the Property was $4,375,640.21.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 and on that basis denies them.

34.     During December 2020-January 2021, 800 Hoyt distributed pursuant to its various existing loans, obligations, and as distributions to its members, minus approximately $128,293.00 in funds held back for contingencies and amounts owed.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34 and on that basis denies them.

35.     On or about March 5, 2021, 800 Hoyt entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement") with Mr. Watson, NorthStar Commercial Partners Management, LLC ("NCPA"), and WDC to resolve outstanding claims among them. A true and correct copy of the Settlement Agreement is attached as *Ex. E.*

**Response**: To the extent Paragraph 35 purports to characterize the contents of the Settlement Agreement, that document speaks for itself and no response is required.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 35 and on that basis denies them.

36.     Pursuant to the Settlement Agreement, Mr. Watson and WDC are due $254,495.12 from 800 Hoyt as follows:

a. $52,000 towards the Debt Guarantee Fee to Mr. Watson within one business day of the Settlement Agreement;

b. $2,628.12 as a Reimbursement Amount to WDC within one business day of the Settlement Agreement;

c. $34,867.00 representing the remaining balance of the Debt Guarantee Fee to Mr. Watson within three days of receipt of the funds held in reserve by Hoyt Development; and,

d. $165,000.00 as a compromise in final settlement of the Disposition Fee to WDC within three days of receipt of the funds held in reserve by Hoyt Development.

**Response**: To the extent Paragraph 36 purports to characterize the Settlement Agreement, that document speaks for itself and no response is required.  To the extent Paragraph 36 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 36, and on that basis denies them.

37.     Of these amounts, Mr. Watson was paid $52,000.00 and WDC was paid $2,628.12 in March 2021.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 and on that basis denies them.

38.     Pursuant to the Settlement Agreement, 800 Hoyt holds $34,867.00 still payable to Mr. Watson and $165,000.00 still payable to WDC

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38 and on that basis denies them.

**D.     Release of Reserve Funds to 800 Hoyt**

39.     On or about September 11, 2021, the Reserve Funds were released.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39 and on that basis denies them.

40.     On or about September 11, 2021, 800 Hoyt received $748,266.39 of the Reserve Funds, of which $199,867.00 must be paid under the terms of the Settlement Agreement to satisfy the remaining amounts payable to Mr. Watson and WDC.

**Response**:   Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 and on that basis denies them.

41.     A certain portion of the Reserve Funds and cash on hand after paying any other obligations and establishing any necessary reserve may be subject to distribution ("the Available Cash").  *See* § 5.01 of 800 Hoyt's Operating Agreement.

**Response**: To the extent Paragraph 41 purports to characterize 800 Hoyt's Operating Agreement, that document speaks for itself and no response is required.  To the extent Paragraph 41 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 41 and on that basis denies them.

42.     Consistent with the Operating Agreement, after discharge of obligations and reservation of approximately $468,494.50 in funds held back for contingencies and amounts owed—the remaining Available Cash will be distributed as follows:

> (i) First, all Available Cash will be distributed to the Members, pro rata according to their percentage of Interests, until such time as the Members have received a 10% non-compounded, annual rate of return on their Capital Contributions (the "Preferred Return");
>
> (ii) Second, all Available Cash will be distributed to the Members, pro rata according to their percentage of Interests, until such time as the Members have received a complete return of their Capital Contributions;
>
> (iii) Third, 70% of all Available Cash will be distributed to the Class B Members, pro rata according to their percentage of Class B Membership interests, until the Class B Members have received a 25% non-compounded, annual return on their Capital Contributions (the "Class B Preferred Return"), and 30% of all available cash will be distributed to Class A members.
>
> (iv) Fourth, 50% of all Available Cash will be distributed to the Class B Members, pro rata according to their percentage of Class B Membership Interest, and 50% will be paid to all Class A members for all remaining distributions.

*See Ex. A* at § 5.01 (emphasis added).

**Response**: To the extent Paragraph 42 purports to characterize 800 Hoyt's Operating Agreement or other documents, those documents speak for themselves and no response is required. To the extent Paragraph 42 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 42 and on that basis denies them.

43.     800 Hoyt has not yet met the Preferred Return or complete return of Capital Contributions.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43 and on that basis denies them.

44.     BW Holdings, as a Class B Member, is due funds pro rata according to its percentage of interest under § 5.01 (i) of the Operating Agreement.

**Response**: To the extent Paragraph 44 purports to characterize 800 Hoyt's Operating Agreement, that document speaks for itself and no response is required. To the extent Paragraph

44 asserts legal conclusions, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 44 and on that basis denies them.

45.     As the Preferred Return will be met by the Available Cash from the Reserve Funds, BW Holdings is due funds pursuant to § 5.01 (i) and (ii) of the Operating Agreement

**Response**:  To the extent Paragraph 45 purports to characterize 800 Hoyt's Operating Agreement, that document speaks for itself and no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  To the extent Paragraph 45 asserts legal conclusions, no response is required.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 45 and on that basis denies them.

46.     BW Holdings' share of the forthcoming Available Cash distribution to members has been calculated as approximately $9,926.00

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46 and on that basis denies them.

47.     The complete return of Capital Contributions will not be met by the forthcoming Available Cash distribution to members.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47 and on that basis denies them.

48.     As 800 Hoyt will not meet complete return of Capital Contributions with the forthcoming Available Cash distribution to members, PLW will receive no distribution from the forthcoming distribution

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48 and on that basis denies them.

49.     No further funds are due to PLW at this time.

**Response**:  Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49 and on that basis denies them.

**E. Claim of Amazon.com**

50.     On April 27, 2020, Amazon filed this lawsuit, *Amazon.com, Inc. v. WDC Holdings LLC et al.,* United States District Court for the Eastern District of Virginia, Case Number 20cv484 (the "Amazon Lawsuit"), against WDC, Mr. Watson, and others

**Response**:  Amazon admits that it filed the lawsuit described in Paragraph 50, which is docketed as 1:20-cv-484 in the United States District Court for the Eastern District of Virginia, Alexandria Division.

51.     On August 24, 2021, 800 Hoyt received a cease-and-desist letter (the "August 24, 2021 Letter") from Amazon related to future distributions of 800 Hoyt.  A true and correct copy of the August 24, 2021 Letter is attached as *Ex. F.*

**Response**: To the extent Paragraph 51 purports to characterize the contents of Exhibit F, that document speaks for itself and no response is required.  Amazon admits that it sent a letter to 800 Hoyt on August 24, 2021, and that Exhibit F to the Interpleader Complaint contains a true and correct copy of that letter.

52.     In the August 24, 2021 Letter, counsel for Amazon notified 800 Hoyt that a preliminary injunction had been issued against Mr. Watson and WDC.

**Response**:  To the extent Paragraph 52 purports to characterize the contents of Exhibit F, that document speaks for itself and no response is required.  Amazon admits that the August 24, 2021 Letter references the Court's Preliminary Injunction against Mr. Watson and WDC.

53.     In the August 24, 2021 Letter, counsel for Amazon requested that 800 Hoyt "immediately cease and desist from distributing any proceeds from the sale of [the Property] pending further notice or court action."

**Response**:  To the extent Paragraph 53 purports to characterize the contents of Exhibit F, that document speaks for itself and no response is required.  Amazon admits that the August 24, 2021 Letter contains the text quoted in Paragraph 53 as well as other language, and no further response is required because the document speaks for itself.

54.     On September 10, 2021, Magistrate Judge Buchanan granted Amazon's Motion for Sanctions against WDC and Mr. Watson in the Amazon Lawsuit (Dkt. 307) permitting Amazon additional rights to subpoena 800 Hoyt.

**Response**:  Amazon admits that on September 10, 2021, the Court entered Docket Number 307 granting Amazon's Motion for Sanctions Against WDC and Mr. Watson.

55.     Amazon has made a claim to all assets to be distributed to Mr. Watson, WDC, or any entity of which Mr. Watson is a member, including PLW, and demanded that 800 Hoyt not distribute any of those funds.

**Response**:  Amazon admits that it has claims and rights to assets owned or controlled, directly or indirectly, by Mr. Watson and WDC as set forth in Amazon's Second Amended

Complaint and the Preliminary Injunction in this action, and as referenced in Amazon's August 24, 2021 letter to 800 Hoyt. Those documents speak for themselves, and the remaining allegations in Paragraph 55 constitute 800 Hoyt's characterizations of those documents to which no response is required. To the extent a response is required, Amazon admits that it has requested that 800 Hoyt cease and desist from distributing, directly or indirectly through other entities, funds to Mr. Watson or WDC relating to the management or sale of the 800 Hoyt property until Mr. Watson and WDC have complied with the Court's orders in and relating to the Preliminary Injunction.

**F.      Claim of Mr. Watson**

56.      On July 26, 2021, Mr. Watson contacted Mr. Marcotte via email regarding anticipated payment from the Reserve Funds to 800 Hoyt and providing invoices for payment.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56 and on that basis denies them.

57.      On August 2, 2021, Mr. Watson emailed Mr. Marcotte requesting acknowledgment of the receipt of invoices.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57 and on that basis denies them.

58.      On August 12, 2021, Mr. Watson emailed Mr. Marcotte requesting a schedule of funds payable to himself and related entities.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 58 and on that basis denies them.

59.     On August 30, 2021, Mr. Watson emailed Mr. Marcotte requesting an update on the status of release of funds.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59 and on that basis denies them.

60.     On September 7, 2021, Mr. Watson emailed Mr. Marcotte requesting payment under the terms of the Settlement Agreement and dispositions. A true and correct copy of the email string containing the July 26, 2021, August 2, 2021, the August 12, 2021, the August 30, 2021, and the September 7, 2021 emails to Mr. Marcotte is attached as *Ex. G*.

**Response**: To the extent Paragraph 60 purports to characterize the Settlement Agreement or emails attached as Exhibit G to the Interpleader Complaint, that document speaks for itself and no response is required.  To the extent that Paragraph 60 asserts legal conclusions concerning the Settlement Agreement, no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 60 and on that basis denies them.

61.     In September 2021, 800 Hoyt disclosed to counsel for Mr. Watson that it had received a cease-and-desist demand from Amazon for all future payments to Mr. Watson or related entities.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 61 and on that basis denies them.

62.     On September 15, 2021, Mr. Watson's other counsel sent a demand letter (the "September 15, 2021 Letter") to counsel for 800 Hoyt requesting payment under the Settlement

Agreement by September 17, 2021. A true and correct copy of the September 15, 2021 letter is attached as *Ex. H.*

      **Response**: To the extent Paragraph 62 purports to characterize the Settlement Agreement or September 15, 2021 Letter, those documents speak for themselves and no response is required. To the extent that Paragraph 62 asserts legal conclusions concerning the Settlement Agreement, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 62 and on that basis denies them.

      63.     The September 15, 2021 Letter stated: "I understand that Amazon wrote your client a threatening letter on August 24, 2021. I have reviewed the letter as well as the injunction order referenced in the 8/21/21 correspondence. After review of the materials, there is no reasonable basis for withholding the $165,000 payment to WD Holding LLC and the $34,867 payment to Brian Watson."

      **Response:** To the extent Paragraph 63 purports to characterize the September 15, 2021 Letter, that document speaks for itself and no response is required. Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 63 and on that basis denies them.

      64.     Mr. Watson made a claim to immediate payment of all assets to be distributed to Mr. Watson, WDC, or any entity of which Mr. Watson is a member, including PLW.

      **Response:** Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64 and on that basis denies them.

65.    WDC, through Mr. Watson, has made a claim to immediate payment of all assets to be distributed to it.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 65 and on that basis denies them.

66.    PLW, through Mr. Watson, has made a claim to immediate payment of all assets to be distributed to it.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 66 and on that basis denies them.

67.    BW Holdings, through Mr. Watson, has made a claim to immediate payment of all assets to be distributed to it.

**Response**:  Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 67 and on that basis denies them.

## IV.    Claim for Interpleader

68.    800 Hoyt incorporates the allegations above as if fully set forth herein

**Response**: Paragraph 68 asserts legal conclusions to which no response is required.  With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  To the extent Paragraph 68 purports to incorporate by reference the prior allegations in the Interpleader Complaint, Amazon hereby incorporates by reference its responses to each of the allegations in the Interpleader Complaint.

69.     800 Hoyt is a non-liable, disinterested stakeholder with respect to the funds that are the subject of the competing claims of Amazon and the Watson Defendants (the "Interpleader Funds").

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 69 and on that basis denies them.

70.     The Interpleader Funds are payable by 800 Hoyt to the Watson Defendants pursuant to the Settlement Agreement and/or potentially as distributions from Available Cash under the Operating Agreement, and specifically consist of the following:

a. $34,867.00 as balance of the remaining Debt Guarantee Fee payable to Mr. Watson pursuant to the Settlement Agreement;

b. $165,000.00 as Disposition Fee payable to WDC pursuant to the Settlement Agreement;

c. The $9,926.00 distribution share of Available Cash due and payable to BW Holdings; and

d. Any remaining funds due and payable to Mr. Watson, WDC, PLW, BW Holdings, or any entity owned or controlled by Mr. Watson.

**Response**: To the extent Paragraph 70 purports to characterize the Settlement Agreement or the Operating Agreement, those document speaks for themselves and no response is required. Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 70 and on that basis denies them.

71.     The competing claims between Amazon, Mr. Watson, WDC, and PLW (the "Interpleader Complaint Defendants") to the Interpleader Funds expose 800 Hoyt to the possibility of double or multiple liability by the competing nature of their claims.

**Response**: To the extent Paragraph 71 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.

72.   The competing claims from the Interpleader Complaint Defendants share common questions of law and fact with the claims and defenses in this lawsuit.

**Response**: To the extent Paragraph 72 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon admits that there are some questions of fact common to both the Interpleader Complaint and Amazon's Second Amended Complaint in this action.

73.   800 Hoyt stands ready, willing, and able to pay the Interpleader Funds, but the Interpleader Complaint Defendants' potential competing claims have created doubt and uncertainty as to who has the legal rights to the Interpleader Funds

**Response**: To the extent Paragraph 73 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 73 and on that basis denies them.

74.   800 Hoyt may be prejudiced if it conveys the Interpleader Funds to one or some of the Interpleader Complaint Defendants in the absence of clear guidance from the Court as to which of the Interpleader Complaint Defendants are entitled to the funds and in what amount.

**Response**: To the extent Paragraph 74 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 74 and on that basis denies them.

75.    800 Hoyt is willing to deposit the value of the Interpleader Funds into the registry of the Court.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 75 and on that basis denies them.

76.    Pursuant 28 U.S.C. § 1335, Federal Rule of Civil Procedure 22, and the equitable powers of this Court, 800 Hoyt requests that it be permitted to deposit the value of the Interpleader Funds into the Court's registry.

**Response**: To the extent Paragraph 76 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.

77.    Upon such deposit, 800 Hoyt requests to be fully discharged of all of its obligations with respect to the Operating Agreement, Settlement Agreement, and the Interpleader Funds with regard to Mr. Watson, WDC, and PLW, and requests that the Interpleader Complaint Defendants be enjoined from any action against 800 Hoyt and/or its agents relating to the Operating Agreement, Settlement Agreement, and the Interpleader Funds.

**Response**: To the extent Paragraph 77 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves

all objections, rights, defenses, counterclaims, and remedies in law and equity.  Amazon lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 77 and on that basis denies them.

78.     800 Hoyt requests reasonable costs and fees for bringing this action pursuant to *Sun Life Assur. Co. of Canada v. Bew*, 530 F. Supp. 2d 773, 775 (E.D. Va. 2007) (discussing that attorneys' fees and costs may be awarded to a stakeholder because the stakeholder "should not have to absorb attorneys' fees in avoiding the possibility of multiple litigation")*; see also Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Sprague*, 251 F. App'x 155, 156 (4th Cir. 2007) (holding "an interpleading plaintiff may be reimbursed for its costs at the district court's discretion").

**Response**: To the extent Paragraph 78 asserts legal conclusions, no response is required. With respect to legal conclusions that do not require a response in this answer, Amazon reserves all objections, rights, defenses, counterclaims, and remedies in law and equity.

79.     800 Hoyt has conferred with Counsel for Amazon, who does not oppose this action.

**Response**:  Amazon admits that 800 Hoyt conferred with counsel for Amazon and that Amazon did not object to 800 Hoyt moving to intervene in the case for purposes of filing the Interpleader Complaint.  Amazon denies non-opposition to any other aspect of "this action" referenced, but not specified, in Paragraph 79.

80.     800 Hoyt has conferred with Counsel for Mr. Watson, WDC, and PLW and they have not stated their opposition or support of this action but have stated objection to the venue and forum.

**Response**: Amazon lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 80 and on that basis denies them.

**VI.    Prayer for Relief**

800 Hoyt respectfully requests as relief an Order:

a.    Accepting deposit of the Interpleader Funds into its registry;

b.    Discharging 800 Hoyt from liability to each and every Interpleader Complaint Defendant with respect to the Operating Agreement, Settlement Agreement, and the Interpleader Funds;

c.    Dismissing 800 Hoyt from this suit;

d.    Requiring Interpleader Complaint Defendants to bring their claims regarding the Operating Agreement, Settlement Agreement, and the Interpleader Funds or be forever barred from asserting those claims;

e.    Entering judgment establishing Interpleader Complaint Defendants' respective legal rights to the Interpleader Funds;

f.    Awarding 800 Hoyt its reasonable attorneys' fees and costs related to this action; and,

g.    Awarding 800 Hoyt any further relief the Court deems just and proper.

**Response**: The Prayer for Relief states conclusions of law to which no response is required. Amazon admits that it did not oppose 800 Hoyt's request to seek the Court's permission to intervene and deposit the Interpleader Funds into the Court's registry, but lacks information or knowledge sufficient to admit or deny the factual grounds for the remaining requests for relief, and on that basis denies them.

* * *

27

Amazon denies all allegations in the Interpleader Complaint that have not been expressly admitted herein.

* * *

<strong><u>AFFIRMATIVE DEFENSES</u></strong>

Amazon asserts the following affirmative and other defenses.  In asserting these defenses, Amazon does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof upon the Intervenor or any of the Defendants in this action.  In addition, Amazon specifically and expressly reserves the right to amend these defenses, or to add additional defenses, based upon legal theories, facts, or circumstances or information that may or will be discovered, including further legal analysis of Intervenor's and Defendants' positions in this litigation.

1.      800 Hoyt's claims for the relief requested in the Interpleader Complaint are mooted, in whole or in part, by the Court's appointment of a Receiver for Defendants Brian Watson and WDC Holdings, Dkt. 433.

2.      800 Hoyt's claims for the relief requested in Part VI(b), (c), (d), and (f) of the Interpleader Complaint fail to state claims upon which relief may be granted because the Interpleader Complaint does not plead facts sufficient to discharge 800 Hoyt from liability to Amazon; dismiss 800 Hoyt from this action; establish the likelihood of success on the merits or actual or imminent threat of irreparable harm required to enjoin Amazon from bringing claims against 800 Hoyt; or establish grounds for shifting any attorneys' fees or costs to Amazon.

3.      800 Hoyt's claims for liability discharge, injunctive relief, and attorneys' fees are barred in whole or in part by the doctrines of estoppel and/or waiver.

4.       800 Hoyt's claims for liability discharge and claims are barred in whole or in part by the doctrine of unclean hands for its actions in connection with some of real estate transactions at issue in this suit.

5.       800 Hoyt's claims for liability discharge, injunctive relief, and attorneys' fees are barred in whole or in part by failure to join indispensable or necessary parties.

6.       800 Hoyt's claims for liability discharge, injunctive relief, attorneys' fees, or any other injury or damage were not proximately caused by any alleged act or omission of Amazon, but rather caused in whole or in part by acts or omission of others over whom Amazon is not responsible, and whose conduct Amazon had no duty or reason to anticipate or control.

* * *

## COUNTERCLAIM AGAINST 800 HOYT LLC

1.       This counterclaim is against Intervenor 800 Hoyt LLC.

2.       Under Virginia law, an injunction binds a non-party if the non-party has "actual notice or knowledge of the injunction, and the evidence [] shows that the non-party violated the terms of the injunction while acting as an agent of, or in concert with, one of more of the named defendants." *Powell v. Ward*, 425 S.E.2d 539, 541 (Va. Ct. App. 1993) (abrogated on other grounds in *Mills v. Mills*, 827 S.E.2d 391 (Va. Ct. App. 2019)).

3.       800 Hoyt LLC, by and through its management, has acted in concert with Brian Watson and WDC Holdings LLC to aid and abet Defendants' contempt of the Preliminary Injunction through ongoing violations of Paragraphs 2 and 7 of the Preliminary Injunction itself, (Dkt. 57), as well as the Court's related Rule 37 Orders (Dkts. 231, 301, 330), Contempt Order (Dkt. 413), and Receivership Order (Dkt. 433).

4.    Donald J. Marcotte, a principal of WDC Holdings until April 2020, and Brian Watson were the original Managers and Management Committee of 800 Hoyt LLC, which on information and belief developed and managed the investment property known as 800 Hoyt.

5.    On June 6, 2020, the Court entered the Preliminary Injunction, Paragraph 2 of which requires Defendants to post $21,250,000 in judgment security, and Paragraph 7 of which prohibits them from dissipating certain assets, including assets "obtained from" or "relating to" Defendants' business with Amazon.  Dkt. 57 ¶¶ 2, 7; *Amazon.com, Inc. v. WDC Holdings LLC,* 2020 WL 4353563, at *2 (E.D. Va. July 28, 2020).

6.    The investment property 800 Hoyt was one of several properties that Defendants financed with funds they commingled with Amazon deal proceeds in at least two accounts, and that was therefore subject to the anti-dissipation provisions in Paragraph 7 of the Preliminary Injunction.  E.g., Dkt. 348 at 11.

7.    800 Hoyt LLC had actual or constructive knowledge of the June 5, 2020 Preliminary Injunction through its management and affiliation with Brian Watson and WDC Holdings.

8.    800 Hoyt LLC also received actual notice of the Preliminary Injunction on August 24, 2021, when 800 Hoyt received a cease-and-desist letter from Amazon related to future distributions from the December 2020 sale of the investment property 800 Hoyt.

9.    Beginning in June 2020 and continuing to this day, Defendants refused to comply with the Preliminary Injunction on the grounds that their assets were not sufficiently liquid to post the judgment security Paragraph 2 requires.

10.     In July 2020, November 2020, and July 2021 the Court granted Rule 26 and 37 orders compelling Defendants to substantiate this defense to injunction compliance and account for their assets, which included their interests in the property managed by 800 Hoyt LLC.

11.     800 Hoyt LLC had actual knowledge that in October 2020, the 800 Hoyt property was sold for over $22 million in a transaction that closed in December 2020.

12.     During December 2020 and January 2021, 800 Hoyt LLC distributed proceeds from this sale to its members, including Defendants and their affiliates.

13.     On or about March 5, 2021, 800 Hoyt LLC entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement") with Defendants to resolve outstanding claims among them.

14.     Defendants acted in contempt of the Preliminary Injunction by, among other things, failing to object to, or otherwise notify Amazon or the Court of, the December 2020 sale of the 800 Hoyt property, and by concealing and/or dissipating the proceeds they received from the sale and their Settlement Agreement with 800 Hoyt LLC.

15.     After Amazon uncovered evidence of the sale through public records, Defendants admitted the liquidation of the 800 Hoyt property and several other assets totaling over $140 million, but refused to provide a full accounting of these dispositions in compliance with the Preliminary Injunction and the Court's related June and November 2020 discovery orders.

16.     In July 2021, the Court compelled Defendants to provide a complete accounting of the 800 Hoyt property sale, including the location or disposition of approximately $13 million in sale proceeds.  Dkt. 301.

17.     In September 2021, the Court sanctioned Defendants for failure to comply with the July order, Dkt. 330, and 800 Hoyt LLC thereafter moved to intervene in this action for purposes

of interpleading certain funds that Defendants claimed from their management and investment relationships with 800 Hoyt LLC.  Dkt. 334.

18.      In October 2021, the Court held Defendants in civil contempt of the Preliminary Injunction for, among other things, disposing of their interests in the 800 Hoyt property and 800 Hoyt LLC in violation of injunction Paragraphs 2 and 7.  Dkt. 413.

19.      In November 2021, the Court entered the initial contempt sanction of placing Defendants in receivership pursuant to an order that, among other things, requires:

> Defendants, and their officers, directors, partners, managers, agents, servants, employees, representatives, attorneys, and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, shall immediately deliver to the Receiver: (a) any and all Assets in the possession or under the control of any one or more of them; (b) all of Defendants' past records, including, without limitation, accounting records, disbursements, banking records, and any other books and records for the period from June 5, 2020 through the date of this Order; (c) all of Defendants' past records, including, without limitation, accounting records, disbursements, banking records, and any other books and records requested by Receiver for periods beyond the period prescribed in (c) above; (d) copies of all material contracts to which any Defendant is a party and all operating agreements for any limited liability company and organizational documents for any Subject Entity; and (e) copies of any complaint filed against, or written demand or claim issued to, any of the Defendants or any Subject Entity.

Dkt. 433 ¶ 4.

20.      On information and belief, Brian Watson resigned as a Manager of 800 Hoyt LLC after the Preliminary Injunction was entered, and following his resignation maintained direct and indirect legal and financial interests in the proceeds of any sale or disposition of the 800 Hoyt investment property, including through his interests in WDC Holdings LLC, PLW Capital LLC, and BW Holdings LLC, as well as in various fees associated with his management of the property through 800 Hoyt LLC and related entities.

21.      Donald J. Marcotte has been a Manager of 800 Hoyt LLC since the Preliminary Injunction was entered and at all times relevant to this counterclaim.

22.     By and through its Managers and association with WDC Holdings and Brian Watson, 800 Hoyt LLC had actual or constructive notice and knowledge that the investment property was maintained with funds commingled with the Amazon deal proceeds in WDC accounts and therefore subject to Paragraph 7 of the Preliminary Injunction (Dkt. 57).

23.     At all times relevant to this counterclaim, 800 Hoyt LLC, had actual or constructive knowledge of the Preliminary Injunction and the Court's Rule 37 Orders, Contempt Order, and Receivership Order.

24.     800 Hoyt LLC acted in concert with, and aided and abetted, Defendants' contempt of the Preliminary Injunction and related Court orders by making payments to, and otherwise facilitating the disposition of, Defendants' interests in the 800 Hoyt property and 800 Hoyt LLC in violation of Paragraph 7 of the Preliminary Injunction and the Court's related Rule 37 and Contempt Orders.

25.     800 Hoyt LLC also acted in concert with, and aided and abetted, Defendants' refusal to disclose the existence and disposition of their financial interests in the 800 Hoyt property and 800 Hoyt LLC in violation of the Preliminary Injunction and the Court's Rule 37 and Contempt Orders, which violations have prevented Amazon from securing those interests in compliance with the orders.

26.     800 Hoyt LLC further acted in concert with, and aided and abetted, Defendants' contempt of the Court's Preliminary Injunction and related orders by offering to interplead into the Court's registry only the "Interpleader Funds" defined in Paragraph 70 of the Interpleader Complaint, Dkt. 377 ¶ 70, and only on the condition that, "[u]pon such Upon such deposit, 800 Hoyt" will be "fully discharged of all of its obligations with respect to the Operating Agreement, Settlement Agreement, and the Interpleader Funds with regard to Mr. Watson, WDC, and PLW,"

and "the Interpleader Complaint Defendants be enjoined from any action against 800 Hoyt and/or its agents relating to the Operating Agreement, Settlement Agreement, and the Interpleader Funds," *id.* ¶ 77.  Defendants' contempt of the Preliminary Injunction, and 800 Hoyt LLC's aiding and abetting of this contempt, would not be purged by conditional interpleader described in Paragraphs 70 and 77 of the Interpleader Complaint.  800 Hoyt LLC's aiding and abetting would be purged only by posting to the Court's registry or the Receiver for posting as judgment security under Paragraph 2 of the Preliminary Injunction all of Defendants' financial interests in or related to the 800 Hoyt property, including any interests payable in the future to Defendants either directly or indirectly to them through other entities including but not limited to those listed in Exhibit A to the Receivership Order.

27.    800 Hoyt LLC has acted in concert with, and aided and abetted, Defendants' contempt of the Court's Preliminary Injunction and Receivership Order by failing to remit to the Receiver even the limited total of Interpleader Funds specified in Paragraph 70 of the Interpleader Complaint, and by otherwise failing to provide the Receiver with all assets and documentation required by the contempt sanctions set forth in the Receivership Order, including but not limited to the assets and information required by Paragraph 4.

28.    As relief for the foregoing conduct, Amazon respectfully requests an order:

a. Requiring 800 Hoyt LLC to show cause why it should not be held in contempt of the Court's Preliminary Injunction and related orders;

b. Requiring 800 Hoyt LLC immediately to remit to the Receiver the Interpleader Funds and all other assets and information required by the Receivership Order;

c. Denying 800 Hoyt LLC's request for attorneys' fees and costs in this action; and

d. Awarding all other relief the Court deems just and proper.

\* \* \*

Amazon expressly reserves the right to amend this Answer to add, delete, and/or modify defenses based upon legal theories, facts, and circumstances that may or will be divulged through discovery and/or further legal analysis of 800 Hoyt's position in this litigation.

Dated: December 2, 2021                Respectfully submitted,

                                       _s/ Michael R. Dziuban_____
                                       Elizabeth P. Papez (*pro hac vice*)
                                       Patrick F. Stokes (*pro hac vice*)
                                       Claudia M. Barrett (*pro hac vice*)
                                       Michael R. Dziuban (Va. State Bar No. 89136)
                                       GIBSON, DUNN & CRUTCHER LLP
                                       1050 Connecticut Avenue, N.W.
                                       Washington, D.C. 20036-5306
                                       Telephone:  (202) 955-8500
                                       Facsimile:  (202) 467-0539
                                       epapez@gibsondunn.com
                                       pstokes@gibsondunn.com
                                       cbarrett@gibsondunn.com
                                       mdziuban@gibsondunn.com

                                       Veronica S. Moyé (*pro hac vice application* pending)
                                       GIBSON, DUNN & CRUTCHER LLP
                                       2001 Ross Avenue, Suite 2100
                                       Dallas, TX 75201
                                       Telephone: (214) 698-3100
                                       Facsimile: (214) 571-2900

                                       *Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2021, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system.  I will send then send the document and a notification

of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email,

where noted:


Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital
LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com


*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon
Data Services, Inc.*