IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-LO-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; PLW CAPITAL I, LLC; BW HOLDINGS; LLC, <br><br> Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' RESPONSE IN SUPPORT OF EMERGENCY MOTION OF RECEIVER FOR CONFIRMATION OF SCOPE OF RECEIVERSHIP ORDER REGARDING WATSON TRUST ASSETS AND EMERGENCY MOTION FOR ESCALATING FINES**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") respectfully submit this response in support of the December 7, 2021 Emergency Motion by Mark A. Roberts, whom this Court appointed as Receiver of WDC Holdings LLC and Brian Watson ("Defendants"), Dkt. 433, for Confirmation of Scope of Receivership Order Regarding Watson Trust Assets, Dkt. 440. Based on the facts set forth in the Emergency Motion, *id.*, Amazon respectfully submits that Defendants have failed to "comply immediately with the terms of" the Court's October 27, 2021 Contempt Order, Dkt. 413, and the Receivership Order, Dkt. 433, and must therefore immediately "pay to the Clerk of Court a coercive civil fine constituting a daily fine, starting at $1,000 and doubling each day that Defendants fail to comply with the relevant terms of" those Orders, Dkt. 413.

The Receiver's motion sets forth in detail Defendants' continued contumacy. The Court's November 24 Receivership Order vests the Receiver with "the full power of an equity receiver," Dkt. 433 at ¶ C, including all the rights and powers of the Defendants, *id.* at ¶ 8. The Receivership Order further states that "[i]t is the intent of the Court that this Order apply to all Assets." *Id.* ¶ 13.

These terms plainly encompass the property at issue in the Receiver's Emergency Motion, which Amazon identified as an asset subject to the Court's June 5, 2020 Preliminary Injunction in enforcement papers dating back to July 2020. Dkt. 68 at 27. Defendants did not oppose or seek clarification of the Receivership Order after the Court entered it last month. If they had any concern about its scope, they could and should have raised it with the Court when the order was entered. They did not. Instead, they engaged in conduct in direct violation of its terms. This attempt to interfere with the Receiver's work requires immediate relief including, but not limited to, the relief requested in the Emergency Motion.

The Receivership Order applies to all of Defendants' Assets, which the Order defines to include all "property, real and personal, tangible and intangible, of ***whatever kind and description***," as well as Defendants' "rights" and "interest[s]" in "any entity," "including any rights of control, ownership, distribution, and participation." *Id.* ¶ 2 (emphasis added).  The Brian Watson Revocable Trust that owns the property at issue in the Emergency Motion is undeniably an Asset under the foregoing definition in the Receivership Order, and thus is subject to the Receiver's full power and jurisdiction.  *See generally Pandy v. Indep. Bank*, 372 P.3d 1047, 1049–50 (Co. 2016) ("the settlor of a revocable trust necessarily retains the functional equivalent of ownership of the trust assets," even "though legal title to the trust's assets may be held by the trust or a trustee," because "a debtor may not tie up his or her property in a trust in such a way as to allow the debtor to enjoy the property while preventing his or her creditors from reaching it"); Va. Code Ann. § 64.2-752(A) ("While a trust is revocable, rights of the beneficiaries are subject to the control of, and the duties of the trustee are owed exclusively to, the settlor."); *In re Salahi*, 2012 WL 1438213, at *3 (Bankr. E.D. Va. Apr. 25, 2012) ("For revocable trusts, the property of the trust is subject to claims of the settlor's creditors, at least during the lifetime of the settlor.") (citation omitted).

Further, the Receiver independently has all rights and powers of the Defendants, and thus also and necessarily has the right under the Receivership Order to exercise Defendant Watson's authorities as Trustee, and also directly to control the sale of the Churchill property, or to stop it altogether.  Defendants' arguments to the contrary are foreclosed by the plain language of the Receivership Order and settled trust law.  *See supra.*

Defendants' intentional disregard for these provisions and deliberate efforts to obstruct the Receiver's effort to preserve Assets, particularly through their unauthorized attempts to dispose of

the Churchill property and divert the proceeds to other creditors including their own counsel, violate the Court's Contempt Order, Dkt. 413, as well as the Receivership Order, Dkt. 433. When the Court issued the Contempt Order on October 27, it required Defendants to "comply immediately with the terms of the [Contempt and forthcoming Receivership] Order," and ordered Defendants to pay escalating fines if they failed to do so:

> If Defendants have not complied with all aspects of this Order within five (5) business days after its entry or the deadline it imposes for certain actions prescribed herein, Defendants shall pay to the Clerk of Court a coercive civil fine constituting of a daily fine, staring at $1,000 and doubling each day that Defendants fail to comply with the relevant terms of this Order.

Dkt. 413 ¶ 3.

Unbeknownst to Amazon, the Receiver, and the Court, Defendants were violating the Contempt Order even as it was written. They recorded the suspect liens addressed in the Receiver's Emergency Motion *after* the contempt and receivership requests had been submitted to the Court, with full knowledge of those requests because they and their Brownstein Hyatt counsel in this matter were served with those papers before Brownstein and Defendants recorded the challenged lien in the firm's favor. Further, they misdirected Amazon on the status of the property. Amazon discovered through public searches that the Churchill property was listed as "under contract" for sale in November. When Amazon inquired about the pending sale in connection with the contempt and receivership motion, Defendants' counsel Mr. Garnett represented that the sale had "fallen through" because the contempt motion had created concerns for the buyer. However, as the Receiver discovered through subsequent diligence, the sale had not fallen through. The property remained under contract for sale subject to an October 2021 lien to Mr. Garnett's law firm, and Defendants and their lawyers were actively working to complete (and indeed accelerate)

4

its closing so they could dispose of the proceeds in direct violation of both the Contempt Order and Receivership Order.

For these reasons alone, the record before the Court establishes Defendants' immediate liability for the fines the Court imposed in Paragraph 3 of the Contempt Order.[1]  In addition, the conduct detailed in the Receiver's Emergency Motion independently violates Paragraph 6 of the Receivership Order.  Paragraph 6(a) prohibits "Defendants and all persons acting on behalf of or in concert with" them  from "[s]elling, transferring, assigning, encumbering, disposing of, or otherwise impairing any Asset … without authorization from the Receiver, who, for the avoidance of doubt, shall authorize transactions that the Receiver deems consistent with the terms of the Injunction and this Order."  Dkt. 433 ¶ 6(a).  In keeping with these obligations, Paragraphs 6(c) and 6(d) of the Receivership Order expressly prohibit Defendants from "[i]nterfering with, obstructing, or preventing in any way, the Receiver's actions pursuant to this Order," and from "[i]nterfering in any other way with the Receiver, directly or indirectly," Dkt. 433 ¶ 6(c)–(d).  The conduct documented in the Emergency Motion and accompanying papers unambiguously violates the foregoing and other provisions of the Receivership Order, and thus further establishes Defendants' liability for the escalating fines the Court imposed in Paragraph 3 of the Contempt Order.

For the reasons above and in the Emergency Motion, Amazon respectfully submits that the Court should grant all relief the Receiver requests in the motion as well as confirm Defendants' immediate liability for the escalating fines imposed in the Contempt Order, without prejudice to any and all additional relief that may be necessary or appropriate for Defendants' ongoing violation

---

[1]  Plaintiffs request that any hearing the Court deems necessary or helpful to determining Defendants' liability for the fines prescribed by the Contempt Order be consolidated with the hearing on the Receiver's motion, currently noticed for December 8 at 9 a.m.  Dkt. 441 at 1–2.

of the Court's Contempt and Receivership Orders.  Amazon reserves all rights to such relief, and to any independent causes of action it has standing to pursue against Defendants and all those acting in concert with them, including for aiding and abetting Defendants' violation of the Court's Contempt order.  *See, e.g.*, *Powell v. Ward*, 425 S.E.2d 539, 541 (Va. Ct. App. 1993) (abrogated on other grounds in *Mills v. Mills*, 827 S.E.2d 391 (Va. Ct. App. 2019)) (civil injunction binds a non-party if the non-party has "actual notice or knowledge of the injunction, and the evidence [] shows that the non-party violated the terms of the injunction while acting as an agent of, or in concert with, one of more of the named defendants").

Dated:  December 7, 2021                Respectfully submitted,

/s/ Michael R. Dziuban
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice* application pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*