**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; and JOHN DOES 1-20,<br><br>    Defendant. | CASE NO. 1:20-cv-484-LO-TCB |
| 800 HOYT LLC,<br><br>    Intervening Interpleader Plaintiff,<br><br>v.<br><br>BRIAN WATSON, WDC HOLDINGS LLC, PLW CAPITAL I, LLC, BW HOLDINGS, LLC, AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>    Interpleader Defendants. | |

## DEFENDANTS' RESPONSE TO EMERGENCY MOTION OF RECEIVER FOR CONFIRMATION OF SCOPE OF RECEIVERSHIP REGARDING WATSON TRUST ASSETS

Defendants Brian Watson ("Mr. Watson") and WDC Holdings, LLC dba Northstar

Commercial Partners ("WDC Holdings") (collectively, "Defendants"), by and through their counsel, IFRAH PLLC and Brownstein Hyatt Farber Schreck, LLP, hereby submit their response to Mark A. Roberts's (the "Receiver's") Emergency Motion of Receiver for Confirmation of Scope of Receivership Regarding Watson Trust Assets ("Motion"), and in support thereof, state as follows.

1.    Defendants have made every effort to maintain transparency and cooperate with the Receiver since his appointment on November 23, 2021 (the "Receivership Order" or "Order"), providing the Receiver with extensive records relating to Defendants' assets, openly discussing their financial hardships with the Receiver, and notifying the Receiver of the pending sale of Mr. Watson's residence, which is owned by the Brian Watson Revocable Trust dated November 25, 2015 (the "Trust").

2.    This litigation has been personally and economically devastating to Defendants. Since this suit was filed in April 2020, WDC Holdings has seen its staff dwindle from more than forty employees to just one, and Mr. Watson's income has all but ceased. Defendants have worked hard to stay afloat and eliminate expenses over the past year and a half, in part to defend themselves against Plaintiffs' aggressive litigation tactics. As part of these efforts, Mr. Watson's personal residence, 8 Churchill Dr., Englewood, CO 80113 (the "Property") was placed on the market to sell in late 2020. Both Plaintiffs and the Court were aware that the Property was on the market prior to the motion for sanctions and appointment of the Receiver.

3.    The Trust purchased the Property in early 2020, before this litigation was filed and well before the injunction was issued, using funds unrelated to the allegations underlying Plaintiffs' complaint.  While Mr. Watson is the trustee of the Trust, the Property has never been owned by WDC Holdings or Mr. Watson personally. It is Defendants' position that the Trust,

and therefore its assets, are not subject to the Receivership Order as it is not identified in the Order or Exhibit A to the Order.

4.      Since the Property was placed on the market more than one year ago, the Trust has received only two reasonable offers at or near market value. The high-end real estate market in Denver is small and buyers interested in a home of 20,000 square feet are rare. The Trust does not anticipate any further interest in the Property. This is the last opportunity in the foreseeable future to sell the house and offload a heavy burden on the Trust, Defendants, and the receivership estate.

5.      The Property is currently under contract and the Receiver believes the "proposed purchase price appears reasonable . . . and is the product of an extensive and time-consuming marketing process for the [Property]." Motion ¶ 3. Indeed, Mr. Watson openly and proactively shared two recent appraisals of the Property with the Receiver, which were provided to the Trust this week by the buyer who secured the appraisals from the buyer's lender. The appraisals support the sale price as fair market value. This contract is an arm's-length transaction with an unrelated third party.

6.      Due to the impact this litigation has had on Defendants' income, Mr. Watson has been unable to pay the mortgage on the Property for several months. The holder of the First Deed of Trust on the Property for approximately $5.5 million has not sought foreclosure or default interest because the Trust has the Property under contract for sale. This courtesy could end at any time and neither the Trust nor Mr. Watson have the means to continue to pay the mortgage on the Property, opening up the Trust, Mr. Watson, and other parties, including the Receiver and receivership estate, to multiple liabilities.

7.      There are a total of four Deeds of Trust securing the Property. Each deed was

issued in good faith for bona fide debts owed to various creditors or service providers.

8.    Neither Mr. Watson nor any of his entities will receive any funds pursuant to the sale of the Property, as all funds exchanged at closing will be paid toward closing costs, commissions, prorations, and the four Deeds of Trust securing the Property.

9.    The buyer, not the Trust or Defendants, recently sought to move the closing date from December 9, 2021 to December 7, 2021, as the buyer had secured loan approval and financing sooner than anticipated.

10.    The Receiver, the Trust, and the Defendants all agree the Property is under contract for fair market value.

11.    The sale will benefit the receivership estate by clearing up several of Defendants' debts and resolving a significant debt obligation the Trust and Defendants cannot currently afford. Specifically, proceeds from the sale are intended to pre-pay the line of credit for WDC Holdings and payments due on the C Lazy U Ranch home for twelve months, both of which are identified as assets within the Receiver's control pursuant to the Order. This pre-payment will benefit the receivership estate and provide the parties with a proper amount of time to market the C Lazy U Ranch home, several payments for which are past due.

12.    The very filing of the Motion may jeopardize the closing by revealing details of the proposed sale. The loss of this buyer, who can walk away at any time prior to closing, would be catastrophic to the Trust, leaving the Trust and/or Mr. Watson on the hook for a mortgage and other debts neither can afford. Indeed, the public nature of this Motion has now identified the Property as a potentially distressed asset, which could greatly diminish its value on the open market and open the parties up to various liabilities, including foreclosure.

13.    The issue here is not whether the proposed sale is for fair market value, but rather

what should be done with the proceeds of the sale were it to occur.

14.     Upon information and belief, at the request of the Receiver, all holders of the deeds of trust are considering the Receiver's proposal to escrow the proceeds pending determination of the liens in order to permit the closing to occur. Brownstein Hyatt Farber Schreck, LLP ("Brownstein"), Defendants' law firm, has agreed to this proposal in principle.

15.     It is also Defendants' understanding that the Receiver, despite currently asking this Court for clarification concerning the scope of its Order, executed an amendment to the contract for sale without the Court's clarification or the Trust's or Defendants' knowledge or consent. By doing so, the Receiver has harmed the Trust and Defendants.

16.     The parties should proceed with the closing as it is most beneficial to the receivership estate.

WHEREFORE, Defendants request the Court deny the Receiver's Motion and enter an order (i) confirming that the Trust, and therefore its assets, are not subject to the Receivership Order; (ii) confirming the Receiver may not cancel the arm's-length transaction for the sale of the Property; and (iii) confirming the Trust and Brownstein are willing, in principle, to escrow any funds due to Brownstein upon the sale of the Property pending determination of the liens.

Dated: December 8, 2021

BROWNSTEIN HYATT FARBER
SCHRECK, LLP


By: /s/ Jeffrey R. Hamlin

Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006
Telephone: 202.524.4140
Facsimile: 202.524.4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: 303.223.1100
Facsimile: 303.233.1111
sgarnett@bhfs.com
ahouseal@bhfs.com

*Attorneys for Brian Watson and WDC
Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2021, I will email the foregoing document to the known attorney of record for each other party. For those parties for whom counsel is not known, a true and correct copy of the foregoing document shall be served by U.S. mail to their last known address.

Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and
Amazon Data Services, Inc.

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
Counsel for Defendants White Peaks Capital
LLC and NOVA WPC LLC

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Allcore Development LLC
6870 W 52nd Avenue, Suite 203 Arvada,
CO 80002

Finbrit Holdings LLC
6870 W 52nd Avenue, Suite 203 Arvada,
Colorado 80002

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

Aaron G. McCollough
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for Receiver

By: */s/ Jeffrey R. Hamlin*