# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br>    Defendants. | CASE NO. 1:20-CV-484-LO-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br>v. <br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS; LLC, <br><br>    Interpleader Defendants, <br><br>and <br><br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br>    Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

## RULE 26(f) JOINT PROPOSED DISCOVERY PLAN

Plaintiffs/Interpleader Defendants/Interpleader Counter-Plaintiffs, Amazon.com, Inc. and

Amazon Data Services, Inc. ("Amazon"), Defendants/Interpleader Defendants WDC Holdings

LLC and Brian Watson, Defendants Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and Interpleader Defendant BW Holdings, LLC (collectively, "Watson Defendants"), Defendant Casey Kirschner, and Defendants Carleton Nelson and Cheshire Ventures (collectively, the "Nelson Defendants") (Watson Defendants, Casey Kirschner, and Nelson Defendants collectively referred to as "Defendants"),[1] and Intervening Interpleader Plaintiff/Intervening Interpleader Counter-Defendant 800 Hoyt LLC ("Intervenor") by and through the undersigned counsel, respectfully submit the following Rule 26(f) Joint Proposed Discovery Plan in accordance with this Court's Scheduling Order dated November 12, 2021:

**1.    Rule 26(f) Conference**

Amazon, Defendants and Intervenor (collectively, the "Parties") held their Rule 26(f) conference on November 22, 2021 and November 30, 2021.  During the conference the Parties considered claims, defenses, possibilities of a prompt settlement or resolution of the case, arranged for disclosures as required by Rule 26(a)(1), and worked together to develop a discovery plan with a view to completing fact discovery by the Court-ordered deadline of April 8, 2021.

**2.    Settlement Potential**

The Parties have engaged in settlement discussions and remain amenable to continuing them but do not believe that a settlement is likely at this time.  The Parties may seek a settlement conference and/or engage in a private mediation at a later date.

**3.    Initial Disclosures**

The Parties agreed to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by December 3, 2021, and have done so as of the filing of this Discovery Plan, reserving all rights as to the adequacy of each Party's disclosures.

---

[1]    The Clerk of the Court entered the default of AllCore Development LLC and Finbrit Holdings on October 22, 2021 and NOVA WPC LLC, White Peaks Capital LLC, and Villanova Trust on December 8, 2021.

**4.      Expert Disclosures**

The Parties agree that all communications between the party's attorney and any expert, including draft reports and regardless of the form of communications, shall be protected from disclosure.

In the interests of ensuring that the Parties adhere to the schedules and deadlines set by the Court, the Parties have tentatively agreed to provide each other with the subject matter of expert testimony on which each party submit an expert opinion.

The Parties have been unable to reach an agreement on the scheduling of expert disclosures and respectfully submit their separate positions for the Court's consideration:

Amazon's Position:  The Court's scheduling order calls for fact discovery to close on April 8, 2022, but does not address dates for expert disclosures and discovery.  Pursuant to Local Civ. R. 26(D)(1), and in light of the information Amazon expects to receive through the end of fact discovery, Amazon submits that expert disclosures should be made promptly after the close of fact discovery to allow the Parties and their experts sufficient time to incorporate all facts relevant to their expert reports.  Accordingly, Amazon requests that the close of fact discovery be moved up to accommodate expert discovery and that the Court enter the following deadlines for such expert disclosures, with minor adjustments to the end of fact discovery:

| | |
|---|---|
| End of Fact Discovery | Mach 30, 2022 |
| Initial expert disclosures | April 13, 2022 |
| Rebuttal disclosures | April 22, 2022 |
| Expert depositions | Week of April 25, 2022 |

Watson Defendants' Position: Pursuant to the Court's Scheduling Order dated November 12, 2021 ("Scheduling Order"), the Parties shall complete discovery by April 8, 2022, the Final

Pretrial Conference is scheduled for April 15, 2022, and trial will be set for a day certain, within 4-8 weeks of the final pretrial conference. This case was filed on April 27, 2020, more than one and a half years ago, and the Watson Defendants are eager to proceed with this case. The Watson Defendants do not think a six-plus month delay of the final pretrial conference is appropriate. The Watson Defendants understand an expedited expert disclosure deadline schedule may be appropriate. The Watson Defendants propose the following dates to align with the Court's current Scheduling Order:

| | |
|---|---|
| Fact Discovery Cut-off: | March 11, 2022 |
| Expert Disclosures: | March 18, 2022 |
| Rebuttal Disclosures: | April 8, 2022 |

Nelson Defendants' Position: The Nelson Defendants agree with the Watson Defendants' position and urge the Court not to adopt the Plaintiff's schedule.

800 Hoyt's Position: 800 Hoyt will follow the schedule adopted by the Court and does not object to the schedule proposed by Amazon or Watson Defendants.

**5. Summary Judgment Briefing**

The Parties have also been unable to reach an agreement on the scheduling of summary judgment briefing and respectfully submit their separate positions for the Court's consideration:

Amazon's Position: Amazon submits that several issues in the case can be decided through summary judgment, and respectfully requests that the Court enter the following deadlines for such briefing and resolution, all to occur after expert discovery and any associated briefing, and in advance of trial because summary judgment may resolve or narrow issues that would affect trial scope and schedule.

| | |
|---|---|
| Summary judgment motions due | May 6, 2022 |

  Summary judgment responses due  May 20, 2022

  Summary judgment replies due  May 26, 2022

  <u>Watson Defendants' Position</u>: The Watson Defendants have concerns regarding the untimeliness of Amazon's proposed Summary Judgment Briefing Schedule, similar to those raised by Watson Defendants' in response to Amazon's proposed expert disclosures schedule. The Watson Defendants are eager to proceed with this case as set forth by this Court in the Scheduling Order. The Watson Defendants do not believe the claims asserted in the operative complaint are appropriate for summary judgment and certainly do not believe a three month briefing schedule or over six month delay of the pretrial conference are appropriate for a case that has been pending before this Court for over one and a half years. The Watson Defendants understand an expedited summary judgment briefing schedule may be appropriate as outlined below:

  Summary Judgment Motions Due:  April 15, 2022

  Summary Judgment Responses Due:  April 29, 2022

  Summary Judgement Replies Due:  May 6, 2022

  <u>Nelson Defendants' Position</u>: The Nelson Defendants agree with the Watson Defendants' position and urge the Court not to adopt the Plaintiff's schedule, as this case does not present issues that are likely to be resolved in summary judgment, especially given that the Plaintiffs have alleged criminal conduct and the Defendants deny such conduct.

  <u>800 Hoyt's Position</u>: 800 Hoyt will follow the schedule adopted by the Court and does not object to the schedule proposed by Amazon or Watson Defendants.

**6.** **Final Pretrial Hearing**

  The Court's scheduling order contemplates a final pretrial hearing of April 15, 2022. In light of Amazon's proposed changes to the schedule to accommodate expert discovery and

summary judgment briefing relevant to the pre-trial conference and issues for trial, the Parties discussed a joint proposal for modest adjustments to the pretrial hearing date, but were not able to reach an agreement and respectfully submit their separate positions for the Court's consideration:

Amazon's Position: In light of the proposed expert and summary judgment schedules above, Amazon respectfully requests a postponement of the pre-trial hearing until after the Court has decided summary judgment, or at least until May 27, 2022 to allow the parties to complete expert discovery and summary judgment briefing that will inform issues for trial.

Watson Defendants' Position: The Watson Defendants would like to proceed with the Final Pretrial Conference as scheduled for April 15, 2022. The Watsons Defendants are eager to proceed with this case and reach a resolution on the merits. As the Parties proceed with discovery, the Watson Defendants understand one or more Parties may need an extension of the discovery cut-off and the Watson Defendants are amenable to requesting an extension at that time, but the Watson Defendants do not believe an extension is appropriate at this time.

It is also the Watson Defendants' understanding that the Court will set the case for trial at the Final Pretrial Conference and that a trial date determines when summary judgement briefing is due. The Watson Defendants do not believe that the claims asserted in this case are appropriate for summary judgement, and they certainly do not think it is appropriate to postpone the final pretrial conference until after the summary judgment issues have been decided.

Nelson Defendants' Position: The Nelson Defendants agree with the Watson Defendants' position and believe the Final Pretrial Conference should remain on the date previously set by the Court.

800 Hoyt's Position: 800 Hoyt will follow the schedule adopted by the Court and does not object to the schedule proposed by Amazon or Watson Defendants.

**7.      Joinder of Parties**

At this time, the Parties do not anticipate joinder of additional parties. However, the Parties reserve the right to move the Court for leave to join additional parties should subsequent circumstances warrant it.

**8.      Amendment of Pleadings**

At this time, the Parties do not anticipate amendment of pleadings but reserve the right to move the Court for leave to amend should subsequent circumstances warrant it.

**9.      Preservation of Discoverable Information**

The Parties understand the importance of preserving discoverable information.  The Parties have each represented that they have taken reasonable steps to preserve all such information. The Parties reserve all rights related to each Party's preservation of discoverable information.

**10.     Electronically Stored Information**

The Parties agree to work in good faith to coordinate the form and manner of production of electronically stored information.  To that end, the Parties are in the process of negotiating an ESI protocol to govern ESI productions.

**11.     Protective Order and Non-Waiver of Attorney-Client Privilege and Work Product Protection**

The Parties believe this issue has been addressed by the protective order the Court entered in the case on June 4, 2020 (Dkt. 55), which governs the procedures for clawing back privileged information that was inadvertently produced.  Should additional protections be warranted in the future, the Parties agree to work together to present a revised stipulated order for the Court's consideration.

12. **Magistrate Judge**

The Parties have conferred and do not agree to try this matter in front of a United States Magistrate Judge at this time.

13. **Subjects of Discovery**

Amazon's Position: The Parties discussed the claims and defenses in the case. Plaintiffs' position is that its claims are set forth in the Second Amended Complaint. Plaintiffs asked Defendants' counsel to provide additional detail on the basis for their affirmative defenses, which are listed in their answers seriatim without any supporting factual allegations.

Watson Defendants' Position: The Watson Defendants discussed the claims and defenses asserted in this case. The Watson Defendants categorically deny Amazon's claims as set forth in their Answer to the operative complaint and deny that Amazon is entitled to any relief. The Watson Defendants expect discovery concerning Amazon's allegations, the Intervenor's allegations, affirmative defenses, and any counterclaims or crossclaims that may be asserted.

Nelson Defendants' Position: The Nelson Defendants discussed the claims and defenses asserted in this case. The Nelson Defendants categorically deny Amazon's claims as set forth in their Answer to the operative complaint and deny that Amazon is entitled to any relief. The Nelson Defendants expect to receive discovery concerning Amazon's allegations and their affirmative defenses.

800 Hoyt's Position: Intervening Interpleader Plaintiff 800 Hoyt LLC ("800 Hoyt") is an interpleader stakeholder in this matter and has set forth its claims in the Interpleader Complaint of Intervenor. 800 Hoyt expects discovery concerning the interpleader matter will concern the Interpleader Funds (as defined in the Interpleader Complaint of Intervenor) and the counterclaims, crossclaims, or defenses of interpleader defendants, if any.

**14.  Discovery Limitations**

The Parties do not propose any other discovery limitations that are not set forth in this proposed discovery plan or already provided for by the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's November 12, 2021 Order.  The Parties further agree that discovery need not be conducted in phases or be focused on particular issues.

**15.  Fact Depositions**

The Court's scheduling order limits non-party fact depositions to five per party, excluding any expert witnesses. The Parties believe that this limitation may prove difficult given the allegations in the Complaint and the involvement of many non-parties to the transaction at issue. Because there are several witnesses that most if not all of the Parties want to depose, however, the Parties intend to work together to coordinate depositions of non-parties, with the intent of remaining under the total limit set by the Court, but with the understanding that a Party may need to take more than five depositions of non-party fact witnesses. If that situation arises, the Parties will inform the Court and cooperate in moving for an enlargement of that limitation.  The Parties are in the process of negotiating a deposition protocol to govern how depositions will be scheduled and conducted.

**16.  Serving and Filing Pleadings**

Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies and procedures.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that service of notices of deposition, discovery requests and other such papers not required to be filed with the Clerk of Court will be accepted by electronic means ("e-mail"), and that service of notices of deposition, discovery requests and other such papers not required to be filed with the Clerk of Court is complete upon

and on the day of transmission up to and including 11:59 P.M. (in which case the three additional days provided by Fed R. Civ. P. 6(d) shall not apply; service is treated as if delivered by hand on the date of the e-mail transmission).  Any attachments to discovery, deposition notices or other papers not filed with the Clerk of Court shall either be e-mailed or sent via an electronic file share service simultaneously unless the Parties expressly agree to additional time.  If the attachments are too voluminous to send via e-mail or cannot be sent by an electronic file share service, they shall be sent via messenger or overnight delivery on the same day as the e-mail transmission.  In such case and notwithstanding the earlier receipt of the partial filing, service will not be effective until receipt of the attachments by the other party.  The Parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not effective if the party making service receives any type of communication that the document(s) being served was not received by the intended recipient.  In such a case, service must be made as soon as practicable after receipt of such communication, by messenger or overnight mail and shall be considered effective upon receipt by either method.

**17.    Disclosure or Discovery of Electronically Stored Information**

The Parties discussed discovery of electronically stored information ("ESI") and agreed that they will cooperate in the exchange of ESI in a reasonable manner to mitigate the burden and expense of production.  The Parties are in the process of negotiating an ESI Protocol to govern the production of ESI by all Parties to propose to the Court.

**18.    Claims of Privilege or Protection of Trial Preparation Materials**

If a privilege or privileges are asserted as to any information requested in discovery, the party asserting privilege shall specify the legal basis for such assertion and identify sufficient facts giving rise to any alleged claim of privilege.  The party asserting privilege shall identify any

information, document, or other material (collectively, "material") for which any privilege is asserted by means of production of a Privilege Log. For all material identified in the Privilege Log, the asserting party shall identify the date, author or generator, persons shown as having been or otherwise known as having been a recipient of the material, and any other information sufficient to establish the applicability of the privilege asserted. No party will be required to log any communications between a party and its counsel made in relation to this litigation if such documents were generated on or after December 2, 2019.

**19.    Preservation of Discoverable Information**

The Parties have addressed the matter of preservation of discoverable information, and the Parties have each represented that they are taking reasonable steps to preserve all such information.

**20.    Completion of Discovery**

The Parties understand that fact discovery must be completed by April 8, 2022, pursuant to this Court's Order dated November 12, 2021 order. Per Paragraphs 4 and 5 above, Amazon respectfully requests that fact discovery end on March 30, 2022, to accommodate expert discovery and summary judgment motions.

**21.    Receiver Issues**

The Parties agree to provide the Receiver with copies of all discovery they produce or receive in connection with this action at the same time each Party serves such discovery or, with respect to third-party productions or other discovery each Party receives, to provide it to the Receiver as promptly as possible after receipt.


Dated: December 8, 2021            Respectfully submitted,

                                   *s/ Michael R. Dziuban*

Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice application* pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*


/s/ Jeffrey R. Hamlin_____
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

/s/ Stanley L. Garnett_____
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202

Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com

*Counsel for WDC Holdings LLC dba Northstar Commercial Partners, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, BW Holdings, LLC*

/s/ Rachel Friedman
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
rfriedma@burr.com

/s/ J. Alex Little
J. Alex Little, IV (TN BPR No. #29858)
(pro hac vice)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
BURR & FORMAN LLP

*Counsel for Carleton Nelson and Cheshire Ventures LLC*

Mr. Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447

*Pro se*

*/s/ Kathryn M. Skilton*
Kathryn M. Skilton (VA Bar # 90176)
*kathryn.skilton@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LL**P**
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Phone: (515) 447-4732
Fax: (515) 248-9010

Michael R. MacPhail, *admitted Pro Hac Vice*
*michael.macphail@faegredrinker.com*
FAEGRE DRINKER BIDDLE & REATH LLP

13

1144 15th Street, Suite 3400
Denver, Colorado 80202
Phone: (303) 607-3692
Fax: (303) 607-3600

*Counsel for 800 Hoyt LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2021, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system. I will send then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*