IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC., et al | ) |
|     Plaintiffs, | ) |
| v. | ) CIVIL ACTION 1:20cv484 |
| WDC HOLDINGS, LLC, et al | ) |
|     Defendants | ) |

### **NOTICE OF GROUNDS FOR JUDICIAL DISQUALIFICATION**

On April 27, 2020 Judge Liam O'Grady was assigned the case of Amazon.com, Inc., et al v. WDC Holdings, LLC, et al (1:20cv484). Judge O'Grady has continued to handle this case since assigned.

On November 23, 2021, Judge O'Grady learned that his wife held approximately $22,000 of stock in Amazon, not in a mutual fund as he understood, but in a brokerage account. The difference means that he is not entitled to the safe haven exception to being required to disqualify himself from all Amazon cases, as it constitutes a financial interest in a party to the litigation. Judge O'Grady's wife sold all shares in Amazon.com on December 2, 2021.

Disqualification of judges to hear cases is governed by 28 U.S.C. § 455, which provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceedings, or any other interest that could be substantially affected by the outcome of the proceeding . . .

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for disqualification."

After reviewing all the facts and circumstances pertaining to these grounds for disqualification and his involvement in this litigation, Judge O'Grady has concluded that disqualification is not required and will continue to preside over this case for the following reasons: All interests that provide the grounds for disqualification have been divested; the financial interests held were not substantially affected by any actions taken by the Court and will not after divestiture be substantially affected by the outcome of this litigation; the Court has devoted substantial time to this litigation; and disqualification would substantially affect the progress of this case, and the public interest in the efficient administration of justice. *See* Guide to Judiciary Policy, Vol. 2(B) Ch. 2, § 220 No. 69, available at https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02-2019_final.pdf (last visited March 5, 2021). Should either party object to Judge O'Grady continuing to preside over this matter, they should file their objection and notice the same for a hearing.

The Clerk is directed to docket this Notice in this case.

_____
Liam O'Grady
United States District Judge

Alexandria Virginia
December 14, 2021