**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., | |
| Plaintiffs, | CASE NO. 1:20-cv-484-LO-TCB |
| v. | |
| WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; and JOHN DOES 1-20, | |
| Defendant. | |
| 800 HOYT LLC, | |
| Intervening Interpleader Plaintiff, | |
| v. | |
| BRIAN WATSON, WDC HOLDINGS LLC, PLW CAPITAL I, LLC, BW HOLDINGS, LLC, AMAZON.COM, INC. and AMAZON DATA SERVICES, INC. | |
| Interpleader Defendants. | |

**DEFENDANTS' JOINT OBJECTION TO NOTICE OF GROUNDS
FOR JUDICIAL DISQUALIFICATION**

Defendants Brian Watson ("Mr. Watson"), WDC Holdings, LLC dba Northstar

Commercial Partners ("Northstar"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI

Administrative Manager (the "Northstar Defendants"), by and through their counsel, IFRAH

PLLC and Brownstein Hyatt Farber Schreck, LLP, and Defendants Carleton Nelson and

Cheshire Ventures, LLC (the "Nelson Defendants") (collectively, "Defendants"), by and through

their counsel, Burr & Forman LLP, submit Defendants' Joint Objection to Notice of Grounds for

Judicial Disqualification ("Objection"), and in support thereof, state as follows.

## I.      INTRODUCTION

This is a case of undisclosed conflicts of interest that existed at the inception of the case

but were disclosed months later. From the very beginning, this litigation has been a David and

Goliath battle for Defendants, a Colorado individual and real estate developer and a former

lower-level employee of Plaintiffs, pitted against one of the world's largest companies, Amazon.

The Plaintiffs, funded by their nearly limitless resources, on the one hand, and the Northstar

Defendants, funded largely by a dwindling Directors and Officers insurance policy, along with

the Nelson Defendants, funded by Mr. Nelson himself, on the other hand.

This case was filed on April 27, 2020. Within one day, Plaintiffs obtained an *ex parte*

temporary restraining order, which was swiftly converted into a preliminary injunctive order

requiring the Northstar Defendants to post over $21 million in resources they simply did not

have (and which the newly appointed receiver will soon confirm) into the Court's registry.

This litigation has, obviously, not gone well for the Northstar Defendants during this

preliminary stage and the rulings of this Court have devastated their business. Northstar has gone

from over forty employees to just one, Mr. Watson was forced to sell his family home, and the

Northstar Defendants now have a receiver controlling every aspect of their daily financial

decisions.

The Northstar Defendants, however, have remained resolute in their determination to

fight this case on the merits and to clear their names, which they now expect to be able to do since the Court very recently permitted reciprocal discovery and a trial on the merits is on the horizon.

The Court's disclosure in its December 14, 2021 Notice of Grounds for Judicial Disqualification ("Notice") that the Courts' wife has held Amazon.com stock throughout this case and throughout the course of this Court's rulings that have destroyed the Defendants' company and livelihoods has fundamentally shaken the confidence of these Defendants in the Court's ability to hear and consider their positions impartially.

This case is in its early stages. The Rule 16 conference was held just last week and discovery has just begun. Hence, the Defendants object to Judge O'Grady's notice of his intent to continue presiding over this case this case, and respectfully request that he recuse from further involvement in this matter.

## II.     PROCEDURAL HISTORY

1.     As early as 2015, Hon. O'Grady submitted a Financial Disclosure Report to the required by the Ethics in Government Act of 1978 (5 U.S.C. app. §§ 101-111) that listed ownership of Amazon stock in "Brokerage Account #1." He signed it under penalty of civil and criminal sanctions and submitted it to the Committee on Financial Disclosure of the Administrative Office of the United States Courts ("AOC").

2.     For at least five years since 2015, the Financial Disclosure Report submitted by Hon. O'Grady listed that he or a family member owned Amazon stock in a brokerage account.

3.     The Administrative Office of the United States Courts does not make the Financial Disclosure Reports readily available to the public or litigants. To access them, an

individual must submit a written request for the report of a specific judge for a specific year, and even then the Committee on Financial Disclosure estimates that release of the requested Report could take months or years.

4.      On April 27, 2020, Plaintiffs filed their Complaint and a Motion for *Ex Parte* TRO and Order to Show Cause Why Permanent Injunction Should Not Issue. Consistent with Rule 7.1 of the Federal Rules of Civil Procedure, Amazon filed a disclosure statement noting that it issues stock to the public.

5.      The next day, the Court held a hearing during which the Judge O'Grady and counsel for Plaintiffs discussed the allegations in the complaint, the best way to serve the Defendants, and the dollar amount that should be put into escrow over the course of 30 minutes. The Court granted the extraordinary relief and set a permanent injunction hearing for May 7, 2020. Judge O'Grady did not inform Amazon of his disqualifying conflict at this time.

6.      Defendants were ultimately served and counsel for the Northstar Defendants learned of the TRO. At the request of the Northstar Defendants, the Court re-set the permanent injunction hearing for May 21, 2020.

7.      On May 21, 2020, the Court held the permanent injunction hearing by telephone before Judge O'Grady, who granted the injunction after discussion and argument on escrow and bond. Judge O'Grady did not inform the Northstar Defendants of his disqualifying conflict at this time.

8.      The Northstar Defendants moved to dismiss the complaint on June 26, 2020.

9.      By July 2, 2020, Plaintiffs filed a Motion to Show Cause because, as the Northstar Defendants repeatedly represented to this Court, they could not afford the $21.25 million escrow and were unable to obtain a surety bond.

10.     On July 6, 2020, the Court set Plaintiffs' Motion to Show Cause for a July 17, 2020 hearing, the same day the Northstar Defendants filed their Notice of Appeal.

11.     On July 17, 2020, the Court held a hearing on Plaintiffs' Motion to Show Cause before Judge O'Grady. The Court granted Plaintiffs' motion permitting Plaintiffs extensive preliminary discovery of the Northstar Defendants.

12.     On July 21, 2020, Plaintiffs served their discovery requests and on July 22, 2020, Judge O'Grady ordered the Northstar Defendants to respond to these requests.

13.     On July 31, 2020, Plaintiffs filed an Amended Complaint and on September 8, 2020, Plaintiffs filed a Second Amended Complaint.

14.     The Nelson Defendants filed a Motion to Transfer Case on September 21, 2020, which the Court denied without a hearing.

15.     The Defendants and Casey Kirschner filed Motions to Dismiss the Second Amended Complaint on October 9, 2020.

16.     On October 20, 2020, Plaintiffs filed a Motion to Compel concerning the Northstar Defendants' discovery responses.

17.     The Court held a hearing on Plaintiffs' Motion to Compel on November 13, 2020 before Judge Buchanan, who ordered the Northstar Defendants to respond to the requests.

18.     The Court denied Defendants' request to unseal one of Plaintiff's exhibits so the identify of "Informant 1" could be known. To this day, Defendants still do not know who accused them of participating in these alleged schemes.

19.     On February 1, 2021, Judge O'Grady denied each Defendant's Motion to Dismiss the Second Amended Complaint without a hearing.

20.     The Northstar Defendants answered the operative complaint on February 19,

2021, and the Nelson Defendants and Casey Kirschner answered the same on February 24, 2021.

21.     On June 6, 2021, Plaintiffs moved for sanctions against the Northstar Defendants concerning their discovery responses.

22.     On July 9, 2021, Magistrate Judge Buchanan held a hearing concerning Plaintiffs' Motion for Sanctions and granted it in part and denied it in part. The Northstar Defendants were ordered to supplement their discovery responses. By August 17, 2021, Plaintiffs again moved for sanctions against the Northstar Defendants.

23.     On September 10, 2021, the Court held a short hearing on Plaintiff's Motion for Sanctions and Magistrate Judge Buchanan granted the Motion.

24.     On September 28, 2021, the Wall Street Journal reported that "[m]ore than 130 federal judges have violated U.S. law and judicial ethics by overseeing court cases involving companies in which they or their family owned stock. The report noted that these judges presided over cases even when their Financial Disclosure Reports reflected disqualifying ownership of stock.

25.     On or around September 28, 2021, the Northstar Defendants requested Judge O'Grady's financial disclosures for at least 2020 and 2021. through the Committee on Financial Disclosure of the AOC. According to the Wall Street Journal report, "Judges are informed if anyone requests to see their disclosures." If Hon. O'Grady learned of this request, he did not inform the parties of this disqualifying conflict at this time.

26.     On September 29, 2021, the Northstar Defendants filed a Motion for Clarification concerning the Court's injunctive order.

27.     On September 30, 2021, Plaintiffs filed a Motion for Contempt against the Northstar Defendants for their inability to pay $21.25 million into escrow as ordered by the

Court.

28.     On October 27, 2021, without holding a hearing, Judge O'Grady granted Plaintiff's Motion for Contempt.

29.     Judge O'Grady appointed a receiver on November 23, 2021, the same day the Notice indicates he "learned that this wife held approximately $22,000 of stock in Amazon, not in a mutual fund as he understood, but in a brokerage account." Judge O'Grady did not inform the parties of this disqualifying conflict at this time.

30.     Pursuant to the Notice, Judge O'Grady and/or his wife waited 10 days to divest themselves of the stock.

31.     Judge O'Grady did not notify the parties of the conflict until December 14, 2021, an additional 12 days later. In the Notice, he indicated he was not going to recuse himself from the case, stating that he understood the Amazon stock issue to be "in a mutual fund."

32.     As of the date this Objection is filed, the Northstar Defendants still have not received Judge O'Grady's 2020 or 2021 financial disclosures from the AOC.

### III.     ARGUMENT

#### A.     Legal Standard

Judicial recusals are governed by a framework of interlocking statutes.[1] *United States v. Faulk*, 735 F. App'x 75, 76 (4th Cir. 2018) (unpublished). For present purposes, the most relevant statute states:

---

[1] Title 28 of the U.S. Code includes several bases for disqualification of a judge, justice or magistrate judge:  (i) disqualification to hear an appeal, *id.* § 47; disqualification due to personal bias or prejudice against one party or in favor of that party's opponent, *id.* § 144; and—most relevant to this case—(iii) disqualification in cases where a person who knows all the facts and circumstances might reasonably question the Court's impartiality, *id.* § 455.

> (a)     Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding[2] in which his impartiality might reasonably be questioned.
>
> (b)     He shall also disqualify himself in the following circumstances:
>
>  . . .
>
> > (4)     He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]

28 U.S.C. § 455(a)–(b). A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household. *Id.* § 455(c).[3] Disqualification arising under subsection (a) is waivable so long as the waiver is preceded by the Court's full disclosure on the record; but, disqualification arising under subsection(b) cannot be waived. *Id.*§ 455(e).

In deciding whether recusal is warranted, the Court must balance its duty to appear impartial against several practical considerations, including the availability of other judges, the cost in judicial resources of recusal and reassignment of the case to a different judge, and the interest of the parties and the public in a swift resolution of the dispute. *See Centripetal Networks, Inc. v. Cisco Sys., Inc.*, 492 F. Supp. 3d 615, 618 (E.D. Va. 2020) (quoting *Muchnick v. Thomson Corp. (In re Literary Works in Elec. Databases Copyright Litig.)*, 509 F.3d 136, 140 (2d Cir. 2007)).

---

[2] The term "proceeding" includes pretrial, trial, appellate review, or other stages of litigation. *Id.* § 455(d)(1).

[3] The term "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor or other active participant in the affairs of a party, but ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund. *Id.* § 455(d)(4)(i).

The test for recusal under § 455(a) is whether "a reasonable person, knowing the relevant facts, would expect that a justice, judge, or magistrate knew of circumstances creating an appearance of impartiality." *Id.* at 619 (quoting *C. Tel. Co. of Va. v. Sprint Commun. Co. of Va., Inc.*, No. 3:09-cv-720, 2011 WL 6178652, at *5 (E.D. Va. Dec. 12, 2011), *aff'd on other grounds*, 715 F.3d 501 (4th Cir. 2013). Scienter is not required for disqualification under § 455(a). Recusal to address the appearance of partiality "is required even when a judge lacks actual knowledge of the facts indicating his interest or bias in the case if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge." *Id.* (quoting *Liljeberg v. Health Servs. Acq. Corp.*, 486 U.S. 847 (1988)).

Subsection (b), by contrast, requires the judge's actual knowledge of the conflict giving rise to disqualification. *See id.* at 622 (citing *C. Tel. Co. of Va.*, 2011 WL 6178652, at *5 (collecting cases that impose "actual knowledge" requirement). A court may cure a § 455(b)(4) conflict by divesting itself of the financial interest in question. 28 U.S.C. §455(f). Indeed,

> If any justice, judge, or magistrate judge or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, or bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for disqualification.

28 U.S.C. § 455(f). The requirements for divestiture are met when (i) the district court has devoted substantial judicial time to the matter before appearance or discovery of the conflict; (ii) his financial interest cannot be substantially affected by the outcome of the case; and (iii) he

divested himself of the interest once he discovered it. *Id.* at 623 (quoting with approval *Chase Manhattan Bank v. Affiliated FM Inc. Co.*, 343 F.3d 120, 131 (2d Cir. 2003)).

    **B.    Recusal Is Warranted Under 28 U.S.C. § 455(a).**

    Recusal is required in this case because a reasonable person, knowing all the relevant facts, would conclude that the presiding judge knew that he had a disqualifying financial interest in Plaintiffs' business by virtue of his spouse's ownership of Amazon stock and, despite the conflict, heard the case. *See Centripetal Networks, Inc.*, 492 F. Supp. 3d at 619 (citing *Chase Manhattan Bank*, 343 F.3d at 128).

    The Court's financial disclosures from 2015, 2016, 2017 and 2019 show that the Court was aware that his spouse owned Amazon stock almost continuously from at least 2015 until December 2021, when she reportedly divested herself of the interest. *See generally* Exhibits A–H (Financial Disclosures for Calendar Years 2011–2017 and 2019). Indeed, Judge O'Grady reviewed and signed the disclosures reporting the interest. *Id.* Moreover, the disclosures show that, since at least 2015, she did not own Amazon stock as part of a mutual fund, as the Court reportedly believed, but actively bought and sold the stock through a private brokerage service. *Id.*

    The Court's financial disclosures show the presiding judge's spouse held a direct interest in Amazon well before Plaintiffs initiated this action in 2020 and the judge proceeded to hear the case, notwithstanding his spouse's financial interest as reported in financial disclosures that he signed. *See Centripetal Networks, Inc.*, 492 F. Supp. at 619. A reasonable observer familiar with the docket in this case would know that the judge decided a number of important, preliminary motions against Defendants without the benefit of oral argument. For example, in early 2020, the Court entertained three motions to dismiss the Verified Second Amended Complaint—one each

filed by Casey Kirschner; Watson, Northstar and three other LLC defendants; and Cheshire Ventures LLC and Carleton Nelson. *See* Dkts. 174, 176, and 179. The Court also entertained Cheshire Ventures LLC and Carleton Nelson's motion to transfer venue. *See* Dkt. 164. On February 1, 2021, the Court denied the four motions wholesale based on thin legal support set forth in the Court's six-page order. *See* Dkt. 256. No question, the Court's early rulings for Amazon have given Plaintiffs a decisive advantage in this case.

Finally, a reasonable person with knowledge of the Court's recent notice would know that Judge O'Grady did not disclose the conflict of interest promptly when he had reason to know of it, *cf. Centripetal Networks, Inc.*, 492 F. Supp. 3d at 620 ("After learning of his spouse's financial interest whjle preparing annual financial disclosures, the Court promptly notified counsel that he was unaware that his spouse had purchased shares of Cisco stock").

Based on the foregoing facts, a reasonable observer might well conclude that Judge O'Grady knew of his spouse's financial interest in Amazon when case was assigned to him, yet decided to take the case and issue a raft of decisions, nearly all of which favored Amazon. *See id.* at 620. Such facts call into question whether the Court is acting impartially and that, in turn, triggers the requirement for Judge O'Grady to disqualify himself from this case because it is one in which his impartiality might reasonably be questioned. *See id.* at 618 (quoting 28 U.S.C. § 455(a)).

The belated divestment of Amazon stock by the judge's spouse cannot cure the Court's conflict of interest or any decision it rendered while that conflict existed and before it was disclosed. *See* 28 U.S.C. § 455(f). Indeed, divestment, by itself, is no cure because it cannot make an apparently biased judge appear to be impartial in the eyes of the litigants and public in general.

Recusal is further warranted under section 455(a) because (i) this case is in the early stages of litigation, (ii) there are other judges in the Eastern District of Virginia who can hear the case; (iii) the expected costs associated with transferring the case to another judge are minimal; and (iv) transfer will not significantly delay disposition of the claims at issue, and may not delay it at all. *See*, *e.g.*, *Centripetal Networks, Inc.*, 492 F. Supp. 3d at 618.

In sum, recusal is required in this case because the presiding judge accepted the case despite an undisclosed conflict of interest, which he knew about or should have known about but failed to disclose until December 2021.[4] These facts give rise to a reasonable and serious question as to whether the Court is able to decide the issues in this case impartially.

\* \* \*

---

[4] Judge O'Grady may contend that the conflict of interest was first disclosed in December 2021 because it was not discovered until then. However, that argument confuses discovery with a mistake of fact, *i.e.*, the Court believed the conflict was not reportable because the Amazon stock was owned as part of a mutual fund or similar account.

Dated: December 21, 2021

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By  /s/ Jeffrey R. Hamlin
    Jeffrey R. Hamlin (VA Bar No. 46932)
    George R. Calhoun (*pro hac vice*)
    James Trusty (*pro hac vice*
    IFRAH PLLC
    1717 Pennsylvania Avenue NW
    Suite 650
    Washington, DC 20006
    Telephone: 202.524.4140
    Facsimile: 202.524.4141
    jhamlin@ifrahlaw.com
    george@ifrahlaw.com
    jtrusty@ifrahlaw.com

    Stanley L. Garnett (*pro hac vice*)
    Amanda K. Houseal (*pro hac vice*)
    410 17th Street, Suite 2200
    Denver, CO 80202
    Telephone: 303.223.1100
    Facsimile: 303.233.1111
    sgarnett@bhfs.com
    ahouseal@bhfs.com

    *Attorneys for Defendants Brian Watson,*
    *WDC Holdings LLC dba Northstar*
    *Commercial Partners, Sterling NCP FF,*
    *LLC, Manassas NCP FF, LLC, and NSIPI*
    *Administrative Manager*

    /s/ Rachel Ross Friedman
    Rachel Ross Friedman
    Burr & Forman LLP
    420 North 20th Street, Suite 3400
    Birmingham, AL 35203
    Telephone: (205) 458-5267
    Facsimile: (205) 458-5100
    rfriedman@burr.com

    /s/ Casey Kirschner
    Casey Kirschner
    635 N. Alvarado Lane
    Plymouth, MN 55447
    Casey.kirschner@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2021, I will email the foregoing document to the known attorney of record for each other party. For those parties for whom counsel is not known, a true and correct copy of the foregoing document shall be served by U.S. mail to their last known address.

Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and
Amazon Data Services, Inc.

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
Counsel for Defendants White Peaks Capital
LLC and NOVA WPC LLC

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
Nashville, TN 37215

Allcore Development LLC
6870 W 52nd Avenue, Suite 203 Arvada,
CO 80002

Finbrit Holdings LLC
6870 W 52nd Avenue, Suite 203 Arvada,
Colorado 80002

Aaron G. McCollough
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for Receiver

By: */s/ Jeffrey R. Hamlin*