**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., | Case No. 1:20cv484 |
| Plaintiffs, | **Hon. Rossie D. Alston, Jr.** |
| v. | **Hon. Theresa Buchanan** |
| WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al., | |
| Defendants, | **WATSON AND NELSON DEFENDANTS' BRIEF IN SUPPORT OF THEIR JOINT MOTION TO COMPEL COMPLIANCE WITH FED. R. CIV. P. 26(a)(1)(A)(iii)** |
| 800 HOYT LLC, | |
| Intervening Interpleader Plaintiff, | |
| v. | |
| BRIAN WATSON, WDC HOLDINGS LLC, BW HOLDINGS, LLC, AMAZON.COM, INC, and AMAZON DATA SERVICES, INC. | |
| Interpleader Defendants. | |

Defendants Brian Watson ("Mr. Watson"), WDC Holdings, LLC dba Northstar Commercial Partners ("Northstar"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager (collectively, the "Northstar Defendants"), and Defendants Carleton Nelson and Cheshire Ventures, LLC (the "Nelson Defendants") (collectively, "Defendants"), submit this brief in support of their motion to compel the Amazon Plaintiffs' compliance with Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiffs served their initial disclosures on December 3, 2021. In doing so, Plaintiffs provided only a generic, single-sentence statement of the types of damages they are seeking, with no effort to quantify them or attribute an amount to any particular defendant. Nor did Plaintiffs provide the required computations to support their damages claims. Further, despite an explicit requirement to do so, Plaintiffs failed to make available for inspection or copying the documents in their possession, custody, and control that support their claimed damages. Instead, Plaintiffs impermissibly sought to defer their obligations under Fed. R. Civ. P. 26(a)(1)(A)(iii) by claiming that they need fact and expert discovery before they can provide the required information.

For the following reasons, Defendants respectfully request that the Court grant their motion to compel and award them the costs and fees incurred in obtaining relief from the Court.

## INTRODUCTION

Plaintiffs filed this action on April 27, 2020, bringing a variety of claims against numerous defendants, including civil RICO claims, honest services fraud and a variety of other state law claims related to various real estate purchase and lease transactions involving Amazon entities during 2017 and 2018. Plaintiffs assert they have suffered extensive damages as a result of the alleged conduct.

The initial complaint and request for *ex parte* relief contained over 200 paragraphs that one of Plaintiffs' attorneys verified under penalty of perjury, stating that he "ha[s] personal knowledge of the facts set forth in [the complaint], and if called upon to do so, [he] could and would competently testify thereto." Doc. 1 at 57. This verification (or something like it) was made on numerous occasions over the next few months by more than one attorney at Plaintiffs' counsel's law firm—as the complaint expanded to over 600 paragraphs by the time Plaintiffs filed their Second Amended Complaint in September 2020. *See* Doc. 100 at 103; Doc. 150 at 130.

These verified complaints have included claims that Plaintiffs have suffered damages "in excess of" or "at least $50 million" as a result of the alleged actions of defendants, Doc. 1 ¶ 195; Doc. 150 ¶ 499, and that Plaintiffs have suffered "continuing harm including tens of millions of dollars in damages" or that they have "sustained at least tens of millions of dollars in damages" as a result of the alleged actions of the defendants, Doc. 1 ¶ 180; Doc. 150 ¶ 474. Similarly, Plaintiffs claimed that the defendants "artificially inflated the price" of the properties at issue by $17 or $18 million on one occasion and $10 million on another, and that Plaintiffs allegedly incurred extra costs and fees in connection with those transactions. Doc. 1 ¶¶ 10, 171, 187; Doc. 150 ¶ 7. Plaintiffs continued to make these assertions in the motions and briefs filed with the Court, reiterating these damages claims, *see* Doc. 219 at 25, 66; Doc. 10 at 21, 30 (asserting Amazon could trace millions in payments made to Defendants in connection with the Lease Transactions down to the penny). Plaintiffs also asserted, without ever providing documentary support, that they have suffered damages in the form of "overpriced leases" and costs for rescinding leases due to the conduct of Defendants, Doc. 219 p. 11 n.3. Yet despite making numerous assertions about damages to this Court, both under oath and in motions, Plaintiffs' Fed. R. Civ. P. 26(a)(1) disclosures to Defendants tell a different story—that Plaintiffs are unable to specify or compute the damages to which they claim they are entitled until they undertake more discovery. In other words, Plaintiffs obtained extraordinary injunctive relief based on representations that, after receiving extensive, one-sided discovery from the Watson Defendants and having two years to investigate and determine their damages, they cannot corroborate in their initial disclosures.

Plaintiffs' attempt to defer their obligation to provide Defendants even a basic computation of damages and the supporting documentation lacks legal authority. More importantly, given all of the prior representations Plaintiffs made to this Court regarding the amount of damages they

purport to have suffered, their feigned inability to tell Defendants how they computed those damages rings hollow. Plaintiffs did not have to file a verified complaint swearing to the various amount of damages they claim to have suffered, nor did Plaintiffs have to seek preliminary relief from the Court again relying in part on those same claims of damages. Having done so, however, Plaintiffs have an obligation to tell Defendants how they have calculated those damages, and provide the documentary support for them. Plaintiffs' intentional delay has prejudiced Defendants' ability to defend against Plaintiffs' claims.  The parties are now halfway through discovery and Plaintiffs' failure to provide basic disclosure requirements, including their refusal to provide the damages calculation, documents supporting their damages calculation, and refusal to even provide documents that support their claims have hindered Defendants' ability to conduct discovery into Plaintiffs' claims, alleged damages, and Defendants' defenses. Plaintiffs' have also raised objections to Defendants' attempts to discover the same information from written discovery served on Plaintiffs.  This deliberate withholding of information that Plaintiffs are required to provide has severely prejudiced Defendants' ability to prepare for depositions of Plaintiffs or retain experts regarding Plaintiffs' damages claims. Plaintiffs cannot claim specific amounts of damages in representations to the Court to obtain the relief they wanted in the form of an injunction while telling Defendants they are unable to provide a computation of how they were able to arrive at these amounts until they take discovery. Instead, the Court should order Plaintiffs to provide Defendants with the computation substantiating the amount of damages they claim and access to the evidence supporting those computations.

## **LEGAL STANDARDS**

Fed. R. Civ. P. 26(a)(1)(A)(iii) states that parties must provide "a computation of each category of damages claimed by the disclosing party—who must also make available for

inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). "As a general rule, early disclosure of damages computations and supporting materials is contemplated, indeed required, under Fed. R. Civ. P. 26(a)(1)(A)(iii)." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.*, No. CV 10-4948 JRT/AJB, 2013 WL 12147606, at *1 (D. Minn. Apr. 29, 2013), *aff'd sub nom. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co.*, No. CIV. 10-4948 JRT/JJG, 2014 WL 2865900 (D. Minn. June 24, 2014). While the "precise meaning of 'computation' is not defined within the rule," courts in this Circuit and elsewhere "interpret the requirement to include providing 'disclosure of evidentiary material upon which the category of damages is based, including materials bearing on the nature and extent of the injuries suffered.'" *Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-CV-01300-JMC, 2016 WL 3452734, at *1 (D. S.C. June 24, 2016) (quoting *Stemrich v. Zabiyaka*, No. 1:12-CV-1409, 2013 WL 4080310, at *1 (M.D. Pa. Aug. 13, 2013)).

Provision of a mere dollar amount is insufficient to satisfy this obligation.[1] *Id.*; *see also Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, No. 2:18-CV-320, 2020 WL 6817060, at *3 (E.D. Va. Nov. 3, 2020) (specifying that "a party's Rule 26(a)(1)(A)(iii) disclosure must state the types of damages that the party seeks, must contain a specific computation of each category, and must include documents to support the computations"). Even where a plaintiff credibly asserts it cannot identify exact amounts for each category—which has not been a problem Plaintiffs suffer from, as indicated by their previous court filings—a plaintiff is still required to disclose "the theory or basic method or formula by which [Plaintiffs] contend[ their] damages should or will be calculated." *Switch Commc'ns Grp. v. Ballard*, No. 2:11-CV-00285-KJD, 2011 WL 3957434, at *9 (D. Nev.

---

[1] To date, Plaintiffs have failed to provide even this basic information.

5

Sept. 7, 2011) (citing *24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008); *Heerden v. Bd. of Sup'rs of LSU*, No. CIV.A. 10-155-D-M2, 2011 WL 293758, at *8 (M.D. La. Jan. 27, 2011).

Nor is a party permitted to defer providing this computation simply because additional discovery or experts may provide further support for or clarification of the computation. *See Brown-Thomas v. Hynie*, No. 1:18-CV-02191-JMC, 2021 WL 651014, at *9 (D. S.C. Feb. 19, 2021) ("Plaintiffs may not decline to calculate their damages simply because they lack discovery"); *Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-CV-1180-J-32JBT, 2014 WL 12618688, at *1 (M.D. Fla. Aug. 22, 2014) (citing *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses. The fact that [plaintiff] may later supplement its interrogatory answers with an expert report does not permit it to refuse to respond with whatever discoverable information it now holds.")); *see also Marshall v. Univ. of Maryland Med. Ctr.*, No. CV TDC-17-2779, 2018 WL 3727947, at *5 (D. Md. Aug. 6, 2018) ("The fact that Marshall may need to supplement her calculations as discovery proceeds does not excuse her from responding appropriately to the requests in the first instance.") (citing Fed. R. Civ. P. 26(a)(1)(A)(iii)).

## ARGUMENT

### A. Plaintiffs violated Fed. R. Civ. P. 26(a)(1)(A)(iii)

Plaintiffs' initial disclosure under Fed. R. Civ. P. 26(a)(1)(A)(iii) provides:

> Pursuant to Rule 26(a)(1)(A)(iii), Amazon intends to seek compensatory damages, restitution, and disgorgement of all earnings, profits, compensation, and all other ill-gotten gains obtained by Defendants based on their illegal conduct, as well as pre- and post-judgment interest, attorneys' fees, and a permanent injunction. Amazon has yet to ascertain the extent to which it has been damaged as a result of Defendants' conduct, but Amazon expects discovery to reveal the extent of the damages suffered by

6

> Amazon. Some or all of Amazon's injuries are ongoing, and Amazon will supplement these disclosures to identify the amount of damages arising from Defendants' conduct as fact and expert discovery progress.

Ex. A to Declaration of A. Little. In this short paragraph, Plaintiffs did not provide either an amount of damages by category *or* a computation of those damages. Nor did Plaintiffs ever make available for inspection or copying any of the documents that support the damages they seek. Declaration of A. Little ¶ 7. This is the extent of Plaintiffs' damages disclosure to date.

Again, generalized claims that fact and expert discovery are needed prior to disclosing damages computations do not excuse Plaintiffs' violation of the Rule. *Brown-Thomas*, 2021 WL 651014, at *9; *Arrowpac Inc.*, 2014 WL 12618688, at *1; *Marshall*, 2018 WL 3727947, at *5. Plaintiffs must provide what information they have in their possession, custody, and control at the time of the disclosures. If Plaintiffs' previous representations to the Court regarding alleged harm are true, it would appear that they possess substantial information in this regard. In turn, Plaintiffs' failure to provide anything other than general references to categories or theories of damages with nothing more is a blatant violation of Fed. R. Civ. P. 26(a)(1)(A)(iii).

Further, presumably Plaintiffs relied on evidence to come up with the numerous references to the amount of harm they claimed to have suffered in their verified complaint and in the motions they have filed with the Court, particularly given that their counsel swore to those amounts under oath. Again, Plaintiffs were required to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii); *Lathon v. Wal-Mart Stores E., LP*, No. CIV.A. 3:09CV57, 2009 WL 1810006, at n.4 (E.D. Va. June 24, 2009). But Plaintiffs did not make available a single piece of evidence supporting their damages claims at the time of their initial

7


disclosure and have refused to do so through the present. This failure is an additional, separate violation of Fed. R. Civ. P. 26(a)(1)(A)(iii).

Plaintiffs are fully aware of the requirements imposed by Fed. R. Civ. P. 26(a)(1)(A)(iii), and the importance of making timely disclosures under the rule. In fact, Plaintiff Amazon Data Services recently filed its own motion seeking the very same disclosure from a recalcitrant plaintiff in litigation in another federal court. *See New Prime, Inc. v. Amazon Technologies, Inc.*, Case No. 6:19-cv-03236-MDH, 2020 WL 3633324 (W.D. Mo.) (Amazon's Motion to Compel) (Doc. 58). In *New Prime*, Amazon Data Services complained that the plaintiff "merely listed the categories of damages and associated recovery (e.g., attorneys' fees) potentially available," and that the plaintiff claimed it could not "compute or adequately estimate the extent of these damages at this time." *Id.* at 8. These are the very same deficiencies that mar Plaintiffs' initial disclosures in this case. On the basis of similar authority cited by Defendants here, Amazon Data Services went on to make the very same assertions Defendants do in this motion: (1) that disclosure of "more than a lump sum is required"; (2) that the computation requirement "contemplates some analysis"; (3) that is improper to list solely general categories of damages and assert specific figures are not ascertainable at that time; and (4) that appeals to the fact that discovery was ongoing and that an expert may be needed are not a basis to defer the necessary disclosure. *Id.* at 10-12; Doc. 75 (reply brief) at 12-13. In other words, Plaintiffs know what the rules require, but they have flouted them here. Apparently, Plaintiffs only believe the rules are important when they stand to benefit from their enforcement. The conduct about which Plaintiff Amazon Data Services complains in the *New Prime* case is the very same conduct that it is guilty of here. Like the plaintiff in New Prime, and for the same reasons that Amazon argued there, Plaintiffs' conduct violates Fed. R. Civ. P. 26(a)(1)(A)(iii).

### B. Plaintiffs should be required to provide the necessary disclosures immediately.

Defendants first raised this issue to Plaintiffs on December 28, 2021, via letter requesting Plaintiffs provide the required supplementation by January 4, 2022 and make available the supporting evidence for inspection and copying by January 7, 2022. Ex. B to Declaration of A. Little. On January 3, 2021, Plaintiffs responded that they disagreed that there were any deficiencies in Plaintiffs' disclosures but said they "could work to supplement the initial disclosures by or around January 21," with no specifics as to what that such a "supplement" would look like. Ex. C to Declaration of A. Little. Defendants informed Plaintiffs the next day that the non-specific commitment was not an acceptable resolution but, before seeking Court intervention, requested a meet-and-confer conference to talk through the matter. *Id.* Plaintiffs continued to assert their position that the disclosure was not deficient and was supported by the law, thus Defendants requested that Plaintiffs provide authority for their position—which they did not do. *Id.*; Declaration of A. Little ¶ 8. The parties engaged in a follow-up call on January 7, 2021, where again, the only commitment that Plaintiffs would make was to commit to "provide a supplement" on or about January 21, 2022, without any specifics as to what would be provided, and despite Defendants' request that they do so sooner given that they had provided no justification for further delay, and the short time frame provided for discovery in this action. *Id. ¶* 9. Then on the morning of January 18, 2022, Plaintiffs sent a follow up letter to the Nelson Defendants via email, holding fast to the position that their initial production was sufficient, and again only offering a "voluntary supplement" (as if it was not actually required) with no specifics or assurances as to what such a supplementation would contain. *Id.* ¶ 10.

Under Fed. R. Civ. P. 37(a)(1) the Court should require Plaintiffs to provide the required computation of each category of damages immediately and make available for inspection and

copying all documents in Plaintiffs' possession, custody, or control that support Plaintiffs' damages computations. In addition, because the supporting documents were required to be produced well before any responsive information might have been provided to Plaintiffs pursuant to a request under Rule 34, Plaintiffs should be required to identify with specificity which documents support their calculation, which documents are being withheld pursuant a claim of privilege, and be precluded from simply referencing a broad range of documents they may have provided in response to a request for production of documents. *See Agilysys, Inc. v. Hall*, No. 1:16-CV-3557-ELR-JFK, 2019 WL 3483173, at *15 (N.D. Ga. May 29, 2019) (noting timing of a large document dump that supposedly met the party's delinquent obligations under Rule 26(a)(2)(A)(iii) was sanctionable in and of itself).

### C. Defendants are entitled to an award of fees and costs.

Fed. R. Civ. P. 37(a)(5)(A) requires that the moving party be awarded expenses when a motion to compel discovery is granted or if a party produces the requested materials after such motion is filed unless the opposing party's nondisclosure[2] was "substantially justified" or other circumstances make the award unjust. *Baysden v. City of Jacksonville*, No. 7:11-CV-69-BO, 2011 WL 4597461, at *2 (E.D.N.C. Oct. 3, 2011) (quoting Fed. R. Civ. P. 37(a)(5)(A)).

Plaintiffs' failures were not substantially justified. And, as noted above, they fly in the face of Amazon's very own arguments in the *New Prime* case, where the plaintiff engaged in very similar behavior to that of Plaintiffs here. During the parties' attempts to resolve the matter, Plaintiffs have never offered any legitimate explanation for their failure to provide the damages disclosure other than their continued insistence that some unidentified "law" supports the limited

---

[2] Rule 37(a)(4) treats "evasive or incomplete disclosure[s] . . . as a failure to disclose" for purposes of subdivision (a). Fed. R. Civ. P. 37(a)(4). Thus, Plaintiffs' incomplete disclosure is treated the same as a nondisclosure for the purposes of the Rule.

disclosure they made. As shown above, however, the law does not support Plaintiffs' lack of disclosure. Thus, Plaintiffs have not provided a legitimate justification—much less a substantial one—for their delay.

Plaintiffs' continued assertion that they will make some as-yet-defined "voluntary supplementation" on a date of their choosing, without any specifics or assurances as to what the supplementation will contain, and without acknowledging their disclosure was deficient in the first instance, necessitated the filing of this motion. Defendants were not required to wait until Plaintiffs decided they would make their "supplementation" on or after January 21, 2022, in the hope that the supplementation would cure the deficiencies in Plaintiffs' initial disclosure. It would have been simple for Plaintiffs to tell Defendants exactly what they were going to be providing in this purported "supplementation," but they did not do so. Where a party informs the other side of delinquent disclosures or discovery and provides a reasonable deadline to remedy the situation, that party is not required to accept the non-disclosing party's timeline and may recover attorneys' fees for the costs incurred in seeking the disclosure. *See Loftin v. Nationwide Mut. Ins. Co.*, No. 7:09-CV-118-F, 2010 WL 4117404, at *3 (E.D.N.C. Oct. 18, 2010) (awarding attorneys' fees where "defendant's counsel wrote to plaintiff warning that, absent complete responses, it would file a motion to compel by a specified deadline"). This is particularly the case where there is only a three-month discovery period, and the disclosures were over a month late when Plaintiffs proposed this additional three-week delay.

Plaintiffs' delay in providing the required disclosures under Fed. R. Civ. P. 26(a)(1)(A)(iii) is not substantially justified and there are no other circumstances that would render an award of fees unjust. Accordingly, this Court should award Defendants their fees and costs in bringing the instant motion, including the efforts to confer with Plaintiffs before filing the motion. *See Loof v.*

11

*Upland Unified Sch. Dist.*, No. EDCV19245JGBKKX, 2019 WL 6054598, at *5 (C.D. Cal. Nov. 15, 2019) (awarding both costs of the motion as well as the costs for the time spent on the meet and confer communications).

## **CONCLUSION**

For the forgoing reasons, Defendants respectfully request that the Court grant their motion to compel Plaintiffs to provide complete disclosures under Fed. R Civ. P. 26(a)(1)(A)(iii) within three days of this Court's Order (rather than the normal eleven (11) days provided under Local Rule 37(C)), including identifying and making available to Defendants the specific evidence supporting Plaintiffs' damages claims against each Defendant and for the costs and fees incurred in bringing this motion.

Dated: January 19, 2022    **BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

*/s/ J. Alex Little*
J. Alex Little, IV (TN BPR No. #29858) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
*Attorneys for the Nelson Defendants*

        *and*

**IFRAH PLLC** and
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

By:   */s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
Ifrah PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: 202.524.4140
Facsimile: 202.524.4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: 303.223.1100
Facsimile: 303.233.1111
sgarnett@bhfs.com
ahouseal@bhfs.com
*Attorneys for the Watson Defendants*

13

**CERTIFICATE OF SERVICE**

I, Rachel Friedman, hereby certify that on the January 19, 2022, I caused the preceding document to be electronically filed and served using the CM/ECF System, which will transmit a Notice of Electronic Filing to counsel of record. Additionally, the document and notification of filing will be sent by U.S. Mail to the following last-known address of the following parties:

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

Villanova Trust
c/o Christian Kirschner, Trustee
3924 Wallace Lane
 Nashville, TN 37215

Allcore Development LLC
6870 W 52nd Avenue, Suite 203
Arvada, CO 80002

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com
*Pro se*

Finbrit Holdings LLC
6870 W 52nd Avenue, Suite 203
Arvada, Colorado 80002

|  |  |
|---|---|
| Dated: January 19, 2022 | */s/ Rachel Friedman* |
|  | Rachel Friedman |

14