# EXHIBIT B

**BURR·FORMAN** LLP
*results matter*

Alex Little
alex.little@burr.com
Direct Dial: (615) 724-3203
Direct Fax: (615) 724-3303

Burr & Forman LLP
222 Second Avenue South
Suite 2000
Nashville, TN  37201

*Office*  (615) 724-3200
*Fax*  (615) 724-3290

BURR.COM

December 28, 2021

**VIA EMAIL (epapez@gibsondunn.com)**

Elizabeth P. Papez
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington DC 20036

    Re:    No. 1:20-cv-004840-LO-TCB, Amazon v. WDC Holdings (E.D. Va.)

Dear Elizabeth:

    I write to raise the issue of the deficiencies in Plaintiffs' computation of damages included in the disclosure you provided pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii). Under the Rule, your clients must provide "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii); *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, No. 2:18-CV-320, 2020 WL 6817060, at *3 (E.D. Va. Nov. 3, 2020). Plaintiffs have not done this, neglecting to provide even an overall damages figure, much less the computation for each category of damages that is required. Instead, Plaintiffs claim they need discovery to determine the amount of damages they seek in this action. This is insufficient, and it must be corrected promptly.

    Rule 26(a) does not permit a plaintiff to defer its obligations to provide a computation of damages on the basis of a generic assertion that the plaintiff needs discovery. "As a general rule, early disclosure of damages computations and supporting materials is contemplated, indeed required, under Fed. R. Civ. P. 26(a)(1)(A)(iii)." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.*, No. CV 10-4948 JRT/AJB, 2013 WL 12147606, at *1 (D. Minn. Apr. 29, 2013), *aff'd sub nom. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Donaldson Co.*, No. CIV. 10-4948 JRT/JJG, 2014 WL 2865900 (D. Minn. June 24, 2014). Courts regularly reject attempts to forgo the initial disclosure on the basis of a claim that more discovery is needed. *See Marshall v. Univ. of Maryland Med. Ctr.*, No. CV TDC-17-2779, 2018 WL 3727947, at *5 (D. Md. Aug. 6, 2018) (noting the fact that a plaintiff "may need to supplement her calculations as discovery proceeds does not excuse her from responding appropriately to the requests in the first instance.") (citing Fed. R Civ. P. 26(a)(1)(A)(iii)); *Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-CV-1180-J-32JBT, 2014 WL 12618688, at *1 (M.D. Fla. Aug. 22, 2014) (citing *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("It is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses. The fact that

AL • DE • FL • GA • MS • NC • SC • TN

Elizabeth Papez
December 28, 2021
2 of 3

---

[plaintiff] may later supplement its interrogatory answers with an expert report does not permit it to refuse to respond with whatever discoverable information it now holds.")); *Rienzi & Sons, Inc. v. N. Puglisi & F. Industria Paste Alientari S.P.A.*, No. 08–CV–2540 (DLI)(JMA), 2011 WL 1239867, at *3 (E.D.N.Y. Mar. 30, 2011) (holding that Rule 26(a)(1)(A)(iii) required dilatory party to disclose category of damages "even if a definite figure was not available"); *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). In addition, whatever limitations Plaintiffs may claim hinder their ability to identify exact amounts for each category, they are still required to disclose "the theory or basic method or formula by which [Plaintiffs] contend[ their] damages should or will be calculated." *Switch Commc'ns Grp. v. Ballard*, No. 2:11-CV-00285-KJD, 2011 WL 3957434, at *9 (D. Nev. Sept. 7, 2011) (citing *24/7 Records, Inc. v. Sony Music Entertainment, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008); *Heerden v. Bd. of Sup'rs of LSU*, No. CIV.A. 10-155-D-M2, 2011 WL 293758, at *8 (M.D. La. Jan. 27, 2011); *see also Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-CV-01300-JMC, 2016 WL 3452734, at *1 (D. S.C. June 24, 2016) ("To this end, courts also require more than a mere dollar amount to satisfy the computation requirement.").

Aside from the legal inadequacy of the disclosure, the factual premise for Plaintiffs' assertion that they need additional discovery to make the required disclosure is belied by your clients' numerous assertions to the Court concerning the damages they claim to have suffered. Plaintiffs have represented to the Court on numerous occasions, including in each of the four verified complaints, that they have suffered damages "in excess of" or "at least $50 million" as a result of the alleged actions of Defendants in this action. Doc. 1 ¶ 195; Doc. 150 ¶ 499; Doc. 219 p. 66. On other occasions, Plaintiffs have asserted to the Court that they have suffered "continuing harm including tens of millions of dollars in damages" or that they have "sustained at least tens of millions of dollars in damages" as a result of the alleged actions of Defendants. Doc. 1 ¶ 180; Doc. 10 pp. 21, 30; Doc. 150 ¶ 474; Doc. 219 p. 25. Similarly, Plaintiffs have claimed that Defendants "artificially inflated the price" of the properties at issue by $17 or $18 million on one occasion and $10 million on another, and that Plaintiffs allegedly incurred extra costs and fees in connection with those transactions. Doc. 1 ¶¶ 10, 171, 187; Doc. 150 ¶ 7. On other occasions, Plaintiffs asserted they have suffered damages in the form of "overpriced leases" and costs for rescinding leases due to the conduct of Defendants. Doc. 219 p. 11 n.3. These are just some of the examples where Plaintiffs had no problem informing the Court as to the type or amount of damages they claim to have suffered. Yet none of these amounts or categories are listed in your clients' disclosures.

Presumably, since Plaintiffs have made these repeated representations to the Court, they had a good faith basis to do so. Accordingly, Defendants are entitled to know the various categories that make up these damages claims, against which Defendants each category applies, and the bases for the amounts claimed. Your clients also are required to "make available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii); *Lathon v. Wal-Mart Stores E., LP*, No. CIV.A. 3:09CV57, 2009 WL 1810006, at

n.4 (E.D. Va. June 24, 2009). To date, not only have Plaintiffs failed to do so, but they also have not even made an attempt to comply with this Rule.[1]

Because of these deficiencies, I request that Plaintiffs provide supplemental or corrected disclosures under Fed. R. Civ. P. 26(a)(1)(A)(iii) no later than January 4, 2022, and that Plaintiffs make available the documents underlying that disclosure available to my clients no later than January 7, 2022. Because a failure to comply with Fed R. Civ. P. 26(a) or 26(e) implicates Fed. R. Civ. P. 37(c)(1), I hope that Plaintiffs will provide the necessary information so as to avoid the need for Court intervention in this matter. If your clients do not intend to supplement or correct these disclosures by the requested date, please provide your availability during the week of January 3, 2022 for a call to discuss the matter as required by Local Rule 37(E).

Sincerely,

Alex Little

---

[1] Nor would the alleged privileged nature of any of these materials prevent their disclosure at this time, as the fact that the complaints were sworn and verified by counsel waives any possible privilege as to the basis of the factual assertions in the complaints, including those related to damages. *See, e.g.*, Doc. 150 at 130 (sworn statement of Luke Sullivan representing that he can and will "competently testify" to the "factual bases" of the assertions in the Second Amended Complaint). Moreover, if Mr. Sullivan or Mr. Andrews can testify as to these matters, then your client certainly can comply with its disclosure obligations.