**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>    Plaintiffs, <br><br>  v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br>  v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>    Interpleader Defendants, <br>  and <br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br>    Interpleader Defendants, Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' RESPONSE TO WATSON AND NELSON DEFENDANTS' JOINT**
**MOTION TO COMPEL COMPLIANCE WITH FED. R. CIV. P. 26(a)(1)(A)(iii)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ................................................................................................................... 1

BACKGROUND ..................................................................................................................... 3

ARGUMENT ........................................................................................................................... 5

    I.    DEFENDANTS' MOTION SHOULD BE DENIED AS MOOT AND
         MERITLESS ........................................................................................................... 5

        A.    The Motion Must Be Denied as Moot .................................................... 5

        B.    The Motion Identifies No Substantive Basis for Rule 37 Relief on
             Amazon's December 2021 Initial Damages Disclosures ........................................ 6

        C.    Amazon's Supplemental Disclosures Far Exceeds What Rule 26 Requires ........ 10

    II.    RULE 37 FORECLOSES DEFENDANTS' IMPROPER FEE REQUEST ................ 15

CONCLUSION ........................................................................................................................ 16

# TABLE OF AUTHORITIES

Page(s)

CASES

*Adams v. City of Kansas City, Mo.*,
  2022 WL 210385 (W.D. Mo. Jan. 24, 2022) ............................................................14

*Arrowpac Inc. v. Sea Star Line, LLC*,
  2014 WL 12618688 (M.D. Fla. Aug. 22, 2014) ........................................................8

*Beneficial Standard Life Ins. Co. v. Madariaga*,
  851 F.2d 271 (9th Cir. 1988) ....................................................................................12

*Bresler v. Wilmington Tr. Co.*,
  855 F.3d 178 (4th Cir. 2017) ...........................................................................2, 7, 14

*Brown-Thomas v. Hynie*,
  2021 WL 651014 (D.S.C. Feb. 19, 2021)..................................................................8

*United States ex rel. Bunk v. Birkart Globistics GmbH & Co.*,
  2014 WL 2967940 (E.D. Va. June 30, 2014) ............................................................7

*City and County of San Francisco v. Tutor-Saliba Corp.*,
  218 F.R.D. 219 (N.D. Cal. 2003)..............................................................................13

*Davis v. 7-Eleven Inc.*,
  2019 WL 8328944 (E.D. Va. Mar. 1, 2019) ..............................................................6

*Fleischerhauer v. Feltner*,
  879 F.3d 1290 (6th Cir. 1989) ..................................................................................12

*Frontline Med. Assocs. v. Coventry Health Care*,
  263 F.R.D. 567 (C.D. Cal. Nov. 6, 2009) ................................................................14

*Hamed v. Saul*,
  432 F. Supp. 3d 610 (E.D. Va. 2020) .......................................................................11

*Hertz v. Luzenac America, Inc.*,
  2006 WL 994431 (D. Colo. Apr. 13, 2006)..............................................................14

*Hunt v. Nuth*,
  57 F.3d 1327 (4th Cir. 1995) ....................................................................................11

*Jaguar Land Rover Ltd. v. Bentler Motors Ltd.*,
  2020 WL 6817060 (E.D. Va. Nov. 3, 2020)............................................................8, 9

iii

*JST Corp. v. Robert Bosch LLC*,
    2021 WL 5872365 (E.D. Mich. Nov. 19, 2021) ...................................................13

*Lathon v. Wal-Mart Stores E., LP*,
    2009 WL 1810006 (E.D. Va. June 24, 2009) ...........................................................8

*Lynn v. Monarch Recovery Mgmt., Inc.*,
    285 F.R.D. 350 (D. Md. 2012)....................................................................................6

*Malvina v. Dellauniversita*,
    840 F.3d 223 (5th Cir. 2016) .....................................................................................14

*Marshall v. University of Md. Med. Ctr.*,
    2018 WL 3727947 (D. Md. Aug. 6, 2018) ...............................................................8

*Nathan Bell v. Nusil Tech. LLC*,
    2020 WL 5371318 (E.D. Cal. Sept. 8, 2020)..........................................................13

*New Prime, Inc. v. Amazon Technologies, Inc.*,
    2020 WL 3633324 (W.D. Mo. Mar. 10, 2020)..........................................................9

*Online Res. Corp. v. Lawlor*,
    736 S.E. 2d 886 (Va. 2013).....................................................................................14

*Ryan v. PDC Energy, Inc.*,
    2017 WL 5153403 (N.D.W. Va. June 28, 2017) .....................................................6

*Starr v. Hall*,
    2011 WL 13233574 (S.D.W. Va. May 25, 2011)..................................................5, 6

*Tire Engineering & Distr., LLC v. Shandon Linglong Rubber Co.*,
    682 F.3d 292 (4th Cir. 2012) ...................................................................................12

*Vivint, Inc. v. NorthStar Alarm Servs. LLC*,
    2019 WL 1098986 (D. Utah Mar. 8, 2019) ............................................................14

## RULES

Fed. R. Civ. P. 26(a) .......................................................................1, 7, 10, 12, 14

Fed. R. Civ. P. 37............................................................................2, 4, 6, 8, 10, 15

L. Civ. R. 37.......................................................................................................15, 16

L. Civ. R. 7.......................................................................................................4, 14

## OTHER AUTHORITIES

8A Wright & Miller, Fed. Prac. & P. § 2053 .....................................................11, 12

Advisory Committee Note on Amendments to Federal Rules of Civil Procedure,
146 F.R.D 401 (1993) ...................................................................................................11, 12

Restatement (First) of Restitution, § 1, *cmt.* ...................................................................................12

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") hereby respond to the Motion To Compel Compliance With Fed. R. Civ. P. 26(a)(1)(A)(iii) filed by Defendants Brian Watson, WDC Holdings LLC, Carleton Nelson, and Cheshire Ventures LLC ("Defendants") on January 19, 2022, Dkt. 496 ("Motion"), as rescheduled last week, Dkt. 511.

## INTRODUCTION

Defendants' Motion is both meritless and moot. It asks the Court to compel Amazon to provide a discovery supplement that Amazon had already *volunteered* to provide *before* the Motion was filed, and that Amazon served last week as promised, thereby mooting the Motion's only purported request for discovery relief. Defendants have nonetheless refused to withdraw the Motion in a transparent and improper effort to extract fees from Amazon, and to use the Motion hearing to raise new objections they have not properly noticed or briefed as required by local and federal rules.

The Motion seeks an order compelling Amazon to "provide Defendants with computations for each category of damages Plaintiffs claim" along with supporting documents. Dkt. 496-1 at 1 (Proposed Order). But that is precisely the information that Amazon *volunteered* (even though Defendants cited no law requiring it) *before* Defendants filed the Motion. This undisputed fact obviated any basis for the filing and associated fee demand, so Defendants buried it. Neither the Motion nor Defendants' supporting brief properly discloses the voluntary agreement to supplement, which Amazon reiterated in a letter that also pre-dated the Motion. Ex. 1. Defendants attached only their self-serving correspondence in support of their Motion, and made only a passing reference to Amazon's voluntary agreement to supplement on page 9 of their brief and in their supporting declaration, Dkt. 498 ¶ 9, 498-3 at 6. These tactics reveal Defendants' Motion for what it is—an effort to mislead the Court into believing a motion was necessary to obtain discovery

relief Amazon had repeatedly and voluntarily agreed to provide, but Defendants improperly want to use as the basis for seeking Rule 37 fees and costs.

Although these tactics make the Motion particularly improper, it is meritless (and now moot) even without them.  When Defendants challenged the original disclosures addressed in the Motion, they failed to cite a single case from this district where a party sought—let alone won—Rule 37 relief based on similar alleged deficiencies at this stage of the discovery process.  That is unsurprising, because the purpose of the rule "is [to] allow litigants to adequately prepare their cases for trial and to avoid unfair surprise." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) (quotation marks omitted).  Here, the Motion admits that Defendants had extensive visibility into Amazon's damages claims even prior to its initial disclosures, and Defendants' objections cited no law requiring a supplement last month.  Ex. 1 at 8 n.10.  Nonetheless, Amazon agreed to provide one by January 21 in a good faith effort to avoid needless litigation.   Rather than wait two days to see that supplement—which Amazon provided as promised along with ensuing document productions—Defendants filed the January 19 Motion.  Defendants have thus already received the only substantive relief their unnecessary Motion seeks—namely, a supplemental disclosure that "provide[s] Defendants with computations for each category of damages Plaintiffs claim" along with supporting documents.  Dkt. 496-1 at 1 (Proposed Order).

Based on this record and controlling law, Defendants should have withdrawn their Motion on January 31, 2022.  *See* Dkt. 511.  But Defendants refused to do so unless Amazon agreed to make further disclosures the law does not require and pay thousands of dollars in unsubstantiated legal fees for Defendants' Motion, which was unnecessary when it was filed, and must now be denied as moot and otherwise meritless.

To the extent Defendants seek further supplemental disclosures, they must exhaust their conference obligations and file a new motion that justifies their requests with respect to the information Amazon has already provided.  They cannot use their reply brief or February 18 hearing date on the old Motion to raise new claims and fee requests that they have not discussed with Amazon or noticed for Court action on Amazon's supplemental disclosures and productions.  Doing so would deprive Amazon and the Court of fair notice of the issues in violation of local and federal motions and discovery rules, and needlessly burden the parties and Court with litigation on issues that are premature and should be resolved by agreement.

## BACKGROUND

Amazon served its initial disclosures on December 3, 2021.  On December 28, 2021, Defendants sent Amazon a letter claiming purported "deficiencies" in Amazon's damages disclosures and demanding that Amazon provide a supplemental "computation of each category of damages claimed" as well as "the documents or other evidentiary material . . . on which each computation is based."  Ex. 2.  In so doing, Defendants admitted that Amazon's pleadings and the preliminary injunction dispute provided them with extensive and specific information about Amazon's damages and unjust enrichment claims, but nonetheless demanded a more detailed disclosure representing all of this information as category-specific damages computations.  *Id.*

After conferring with Defendants and reviewing relevant law, Amazon disagreed with Defendants' assertions of "deficiency," but to progress the case nonetheless volunteered on January 3, 2022 to "supplement the initial disclosures by or around January 21," reserving all rights to "additional supplementation as fact discovery unfolds."  Ex. 3.  Amazon then confirmed this offer of voluntary supplementation during the parties' January 7 teleconference, again reserving the right to further supplement its disclosures in accordance with emerging discovery, including the review of at least 100,000 documents Defendant Nelson recently produced from a collection of

Amazon documents he retained (on contested and in Amazon's view unauthorized terms) after his 2019 termination from the company.  Then, in a letter sent on January 18, 2022, Amazon again reiterated its "offer of voluntary supplementation" and noted that its additional disclosures would be delivered by or around January 21.  Ex. 1 at 8.

Rather than wait two days to review the supplement they knew was coming, Defendants filed their Motion to compel the very same information.  Remarkably, the Motion accused Amazon of "deliberate with-holding of information," even though Amazon had already agreed to provide the very supplement the Motion sought.  Mot. 4.  Defendants ignored that good faith offer and filed their Motion on January 19, *one day after* Amazon had reiterated that it would supplement its damages disclosures and *two days before* the date Amazon said it would actually serve its supplement—because they wanted to mislead the Court into believing the Motion was the reason for the supplement, and thus a basis for an award of "fees and costs" under Rule 37.  Mot. 10.

As promised on January 3 (and despite Defendants' improper January 19 Motion) Amazon served its supplemental initial disclosures on January 21, 2022.  The supplement addressed the damages descriptions that Defendants criticized in their December 28 letter.  Ex. 4.  On January 24, 2022, after receiving assurances that Defendants' counsel would adhere to the Protective Order, Amazon produced several confidential documents supporting its supplemental initial disclosures, Ex. 5, and on January 25, 2022, Amazon produced even more documents in support of its damages estimates, *id.*  In total, Amazon has now provided Defendants with nearly 2,000 pages of supporting documents for supplemental initial damages disclosures that go far beyond anything required by the (inapposite) cases Defendants cite in their Motion.

Accordingly, Amazon requested that Defendants withdraw their Motion and, pursuant to Local Rule 7, offered to discuss any issues with the supplement in the hope of resolving them without burdening the Court.  Defendants rebuffed these offers and insisted on keeping the Motion

on the Court's docket, Dkt. 506, even after Amazon provided the only substantive relief it seeks. In continuing the Motion hearing date last week, the Court invited Defendants to consider whether to withdraw the motion after reviewing Amazon's supplemental productions. Dkt. 511. But Defendants have refused this offer, too. They admit that Amazon has provided both supplemental disclosures and supporting documents (the only substantive relief the Motion seeks). But on January 31 they raised new complaints about the supplement and refused to withdraw the Motion (which does not address these complaints) unless Amazon agreed to additional disclosures and thousands of dollars in unsubstantiated fee payments. Faced with these improper demands, Amazon had no choice but to file this response.

<strong>ARGUMENT</strong>

**I.    DEFENDANTS' MOTION SHOULD BE DENIED AS MOOT AND MERITLESS**

    **A.    The Motion Must Be Denied as Moot**

A motion to compel documents or similar discovery relief must be "denied as moot" once the other party "has served [the] responses and supplemental responses" that the motion sought to compel. *Starr v. Hall*, 2011 WL 13233574, at *1 (S.D.W. Va. May 25, 2011). Here, the only relief Defendants seek—supplemental damages disclosures—has already been provided. The Motion demands "computations for each category of damages Plaintiffs claim." Dkt. 496-1; *see also* Dkt. 497 at 4 (seeking "computation substantiating the amount of damages they claim"); Dkt. 496 (seeking "disclosures . . . identifying and making available to Defendants the specific evidence supporting Plaintiffs' damages claims"). That is precisely what Amazon's voluntary supplemental disclosure provides. Ex. 4. In that supplement, Amazon broke down its calculation of damages into two categories, damages on its legal claims, and unjust enrichment under its equitable theories. *Id.* at 2. Amazon described how it calculated each of these two forms of damages. *Id.* The supplement described the amounts that could be ascribed to each of the transactions for which Amazon

could estimate the extent of damages, while noting that additional information could result in mod-
ifications of these estimates based on future developments or further discovery.  *Id.*

Amazon has already voluntarily provided all the relief that the Motion seeks.  The Motion
is therefore moot.  *See e.g.*, *Starr*, 2011 WL 13233574 (motion to compel was moot after respond-
ent provided the "responses and supplemental responses" sought); *Lynn v. Monarch Recovery
Mgmt., Inc.*, 285 F.R.D. 350, 362 (D. Md. 2012)  (motion to compel was moot when information
sought was provided through stipulation); *Ryan v. PDC Energy, Inc.*, 2017 WL 5153403, at *1
(N.D.W. Va. June 28, 2017) (motion to compel was moot after supplemental responses); *Davis v.
7-Eleven Inc.*, 2019 WL 8323944, at *4 (E.D. Va. Mar. 1, 2019), *aff'd* 770 F. App'x 133 (4th Cir.
2019) (motion to compel was moot when available documents were sufficient to achieve objective
of pending motion).

### B.     The Motion Identifies No Substantive Basis for Rule 37 Relief on Amazon's December 2021 Initial Damages Disclosures

Even if the Motion were not fully mooted by Amazon's voluntary supplemental disclo-
sures, it provides no basis for Rule 37 relief on the original disclosures.  Those disclosures advised
Defendants that Amazon "intends to seek compensatory damages, restitution, and disgorgement
of all profits, compensation, and all other ill-gotten gains obtained by Defendants."  Dkt. 498-1 at
3.  The Motion concedes that Amazon's claims for these categories of relief are well documented
in Amazon's pleadings and the preliminary injunction record, Mot. 2–4, so Amazon's initial dis-
closures did not rehash them all.  The same is true with respect to the "supporting documentation"
the Motion cites.  Mot. 3.  Amazon's pleadings, particularly in support of the heavily litigated
preliminary injunction unanimously affirmed on appeal, attached verified copies of the bank state-
ments, wire transfers, and other documents supporting Amazon's claims.  *See, e.g.*, Dkts. 99, 318-
19.  Accordingly, Defendants already had those documents, and the Northstar Defendants specif-
ically were sanctioned by the Court for failing to produce allegedly contrary information pursuant

to the Court's July 2020, October 2020, and July and September 2021 discovery orders. *See, e.g.*, Dkt. 330 at 1.  Consistent with this history, the early stage of merits discovery, and recent damages mitigation efforts Amazon concluded in late December and disclosed to Defendants last month, Amazon's initial disclosures observed that it has "yet to ascertain the extent to which it has been damaged as a result of Defendants' conduct," but "expects discovery to reveal the extent of the damages suffered by Amazon." *Id.*  This standard and appropriate initial disclosure accords with Defendants' own prior pleadings. *See* Dkt. 75 at 7 (disputing measure of Northstar's unjust enrichment as a matter that would require discovery to identify and assess); Dkt. 82 at 2, 6 (same).  And the same is true of Amazon's initial disclosure that some of its injuries "are ongoing," and thus that it would "supplement these disclosures to identify the amount of damages . . . as fact and expert discovery progress."  Dkt. 498-1 at 3.

Given this record, Amazon's December 2021 initial disclosures were sufficient under Rule 26, the purpose of which is "to allow litigants to adequately prepare their cases for trial and to avoid unfair surprise." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017).  Amazon's complaint provides considerable detail regarding the theories and calculations of damages at play in the litigation, Dkt. 150 ¶¶ 474, 483, 489, 578, and the supporting documents provide an evidentiary basis for these estimates, *e.g.*, Dkts. 155-10, 156-1, 160-7, 163-4.  Where, as here, a party has made detailed allegations in its complaint (and in this case the preliminary injunction record affirmed on appeal), it is sufficient that the initial disclosures "make clear that [it] intended to claim [such] damages." *United States ex rel. Bunk v. Birkart Globistics GmbH & Co.*, 2014 WL 2967940, at *3 (E.D. Va. June 30, 2014).

It is likewise permissible, and indeed appropriate, for a party's initial disclosure to indicate that "damages would be the subject of expert testimony and that the categories of damages would be disclosed and quantified in the . . . expert disclosures." *Id.*  Here, Defendants had clear notice

from prior discussions and the initial disclosures themselves that expert testimony would play a vital role in the actual calculation of damages and that the calculation would be disclosed in the expert reports.  And here, as in *Bunk*, Defendants had notice from the complaint both of the categories and general amount of damages sought.  *See* Dkt. 150 ¶ 474 ("at least tens of millions of dollars in damages"); *id.* ¶ 483 (detailing the categories of damages and method of calculating damages within each category); *id.* ¶ 489; *id.* ¶ 579.

The Motion ignores these points and unjustifiably attacks Amazon's initial disclosures based on cases that are procedurally and substantively inapposite.  *See* Dkt. 497 at 5–6 (collecting cases).  All but two of the cases are from other courts, and each of the out-of-district cases involved deficient disclosures that remained inadequate at a much later stages of litigation or, in many instances, did not involve initial disclosures at all.  *See, e.g., Marshall v. University of Md. Med. Ctr.*, 2018 WL 3727947, at *2 (D. Md. Aug. 6, 2018) (addressing motion to compel responses to interrogatories); *Arrowpac Inc. v. Sea Star Line, LLC*, 2014 WL 12618688, at *1 (M.D. Fla. Aug. 22, 2014) (same); *Brown-Thomas v. Hynie*, 2021 WL 651014, at *9 (D.S.C. Feb. 19, 2021) (addressing motion to compel supplementation of damages calculation after exchange of documents, interrogatory responses, and requests for admission).  The two in-district authorities that Defendants cite are irrelevant.  Mot. 3, 7.  One, *Lathon v. Wal-Mart Stores E., LP*, mentioned initial disclosures only in passing before adjudicating a motion to exclude damages evidence filed *after discovery closed* and *after* the defendant served and *plaintiff failed adequately to respond to* interrogatories and production requests.  2009 WL 1810006, at *4 n.4 (E.D. Va. June 24, 2009).  The other, *Jaguar Land Rover Ltd. v. Bentley Motors Ltd.*, affirmatively undercuts Defendants' arguments because that case found disclosure of computation of damages untimely only where they were first served in an expert report *after fact discovery closed*, and even then declined to exclude the evidence under Rule 37 because the defendant had the ability to cure the challenged surprise

8

of the belated disclosure by conducting supplemental discovery.  2020 WL 6817060, at *5 (E.D. Va. Nov. 3, 2020).

The Motion's reliance on an Amazon motion to compel in a factually dissimilar trademark infringement case in Missouri, *New Prime, Inc. v. Amazon Technologies, Inc.*, 2020 WL 3633324 (W.D. Mo. Mar. 10, 2020), is equally unavailing.  The Motion asserts that this case demonstrates that Amazon "know[s] what the rules require," but has "flouted them here."  Mot. 8.  But this reference is entirely inapt.  In *New Prime*, Amazon's motion to compel supplemental damages disclosures focused on only those damages computations relevant to Amazon's alleged trademark infringement that were based "entirely on information in [New Prime's] own possession."  *See New Prime*, 2020 WL 3633324.  Here, in contrast, *Defendants* are the ones who possess the information about Amazon's damages (and Defendants' unjust enrichment) beyond what Amazon has already disclosed.  In addition to the information the Court sanctioned the Northstar Defendants for refusing to provide in injunction-related discovery and which is now being addressed by the Court's appointed Receiver, Dkts. 330, 433, the Nelson and Cheshire Defendants recently disclosed their (unauthorized) possession of tens of thousands of Amazon documents dating back to 2016 that Mr. Nelson retained after his 2019 termination.  Amazon cannot fully calculate the damages and other numbers Defendants demand without this and other information that remains subject to discovery.  Moreover, Amazon's filing in *New Prime* stands in stark contrast to Defendants' hasty filing in this case: in *New Prime* Amazon sought guidance from the Court only "after months of meet and conferring."  *Id*.  And even then, the Court responded that New Prime should supplement with any "readily available" damages calculations, such as those based on its actual profits, since such information was within its sole "possession, control, or custody."  *Id*.  Here, Defendants improperly filed the Motion after Amazon had already disclosed such damages estimates in multiple pleadings and exhibits, and then repeatedly volunteered to provide precisely the supplement

Defendants demanded summarizing this information, even though the requests that prompted it were not justified on the record and cases above.

For all of the foregoing reasons, the Motion presented no basis for Rule 37 relief on Amazon's December 2021 initial disclosures.

### C.     Amazon's Supplemental Disclosures Far Exceeds What Rule 26 Requires

The Motion should be denied for the reasons already discussed.  In addition, the Motion is undeniably improper now that Amazon has provided Defendants with supplemental disclosures and over 2,000 pages of supporting documents that far exceed the standards Defendants cite for adequate initial damages calculations. Mot. 2–9.  The supplemental disclosures detail—over five pages—the forms, basis, and support for the "compensatory damages as well as restitution and disgorgement of all earnings, profits, compensation and all other ill-gotten gains obtained by Defendants based on their illegal conduct" that Amazon seeks in the litigation. Ex. 4 at 2.  While this supplement sets out Amazon's "current computation" of these potential damages, the supplemental disclosures, like the initial disclosures, are subject to revision because "discovery is in its early stages" and, until discovery is complete and experts have had the opportunity to review the materials obtained in discovery, any estimate of damages is necessarily an approximation. *Id.*  Indeed, as Amazon's supplemental disclosures describe, ongoing events, including Amazon's recent renegotiation of some of the leases in dispute in the litigation, have impacted Amazon's calculations because those events have "mitigated, but not completely eliminated, these Lease Damages." *Id.* at 3.  Further, given the competing theories of liability and the complicated conspiracy between the Defendants, Amazon acknowledged that "discovery will clarify the extent to which these categories of harm may overlap with each other." *Id.* at 2.  This supplementation is not only permissible, but precisely what Rule 26 contemplates by imposing "'the functional equivalent of a stand-

ing Request for Production under Rule 34'" that "may often mandate later disclosure once additional information is obtained."  8A Wright & Miller, Fed. Prac. & P. § 2053 (quoting Advisory Committee Note on Amendments to Federal Rules of Civil Procedure, 146 F.R.D. 401, 631 (1993)).

The Motion is not addressed to any aspect of these supplemental disclosures.  Any argument that Defendants attempt to raise in reply or at the hearing about the supplements will be improper and the Court should refuse to consider them.  *See Hamed v. Saul*, 432 F. Supp. 3d 610, 613 (E.D. Va. 2020) ("[I]t is improper to consider arguments raised for the first time in a reply brief 'because it would be unfair to the [respondent] and would risk and improvident or ill-advised opinion on the legal issues raised.'" (quoting *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995)).  Moreover, even assuming the Court could consider such arguments, and assuming Defendants base them on the authorities in their January 31, 2022, correspondence, they are meritless.

Unlike the Motion and Proposed Order, Dkts. 497 at 9 and 496-1 (seeking a "computation of each category of damages"), Defendants' January 31 letter asserts that Defendants are entitled to "an analysis of damages as to *each claim*, not just a total of the damages sought" in each "category," and demands that Amazon "identify with specificity the damages sought from *each individual defendant*."  Ex. 6.[1]  These requests are far outside the scope of the current Motion, and legally unsupported in any event.  The very portion of Rule 26(a) quoted in the Motion references only a "computation of each category of damages claimed," Mot. 4 (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)), and Defendants' cited cases equate disclosure with providing "evidentiary material upon which the category of damages is based" (exactly what Amazon did in its complaint and

---

[1]  Nothing in Defendants' Motion actually demands this level of detail.  The Motion and proposed order seek only "computations for each category of damages Plaintiffs claim."  Dkts. 496, 496-1 at 1.

preliminary injunction record), Mot. 5 (citing various out-of-district precedents). Further, Defendants' request for damages attributable to individual defendants and damages separated by claim is particularly illogical here because the Defendants, as co-conspirators, have joint and several liability for the full measure of damages. *See Tire Engineering & Distr., LLC v. Shandon Linglong Rubber Co.*, 682 F.3d 292, 312 n.10 (4th Cir. 2012) (under Virginia civil conspiracy, defendants are "jointly and severally liable for the damages award"); *Stauffer v. Fredericksburg Ramada, Inc.*, 411 F. Supp. 1136, 1138 (E.D. Va. 1976) (under Virginia law "co-conspirators are jointly and severally liable for all damages resulting from the conspiracy"); *Fleischerhauer v. Feltner*, 879 F.3d 1290, 1301 (6th Cir. 1989) ("the nature of the RICO offense mandates joint and several liability" (collecting cases)); *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 272 (9th Cir. 1988) (same).

In addition, because the remedy of disgorgement allows Amazon to obtain Defendants' unjust gains arising from their fraud and other inequitable conduct, including gains from sources other than Amazon itself, *cf.* Restatement (First) of Restitution, § 1, *cmt. e*, it is not possible for Amazon to list the precise measure of unjust enrichment each Defendant obtained from all sources without first having the opportunity to review Defendants' documents, interrogatory responses, and depositions. That level of detail goes well beyond the scope of Rule 26(a)'s disclosure requirement, which applies "only with respect to materials available to the party seeking monetary relief, and where the materials necessary for the computation are not in this party's possession this disclosure requirement does not apply." 8A Wright & Miller, Fed. Prac. & P. § 2053; *see also* Advisory Committee Note, 146 F.R.D. at 631 ("a party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person").

The out-of-circuit cases Defendants cite in their latest correspondence fail to provide any contrary authority because they address considerably less detailed disclosures or arose much later

in proceedings, including *after* the close of fact discovery.  In *City and County of San Francisco v. Tutor-Saliba Corp.*, for example, the plaintiffs offered an undifferentiated sum of compensatory damages for a variety of claims, based on multiple contracts with a number of defendants, even though they asserted claims "each of them involving some defendants but not others."  218 F.R.D. 219, 221 (N.D. Cal. 2003).  And in *Nathan Bell v. Nusil Tech. LLC*, the plaintiff gave "no explanation as to why he [wa]s unable" to calculate his own lost wages and simply asserted "damages, including unpaid minimum and overtime wages, premium wages, liquidated damages, actual consequential and incidental losses and damages," which nevertheless conveniently amounted to "less than $75,000."  2020 WL 5371318, *2 (E.D. Cal. Sept. 8, 2020).  Here, by contrast, Amazon's claims allege that Defendants conspired together to inflict harm, and Amazon's supplemental disclosure describes the specific source of each form of damages or equitable relief in sufficient detail to alert each Defendant to the amount of damage assigned to each allegedly fraudulent transaction and to each known form of unjust enrichment. Ex. 4 at 2–3 (laying out, among others "$10,000,000 assignment fee attributable to the Blueridge transaction . . . approximately $17,700,000 difference between the NOVA WPA LLC $98.67 million purchase price and Amazon's subsequent $116.4 million purchase price attributable to the White Peaks transaction" and an as-yet unknown amount attributable to lease damages that is currently in flux given ongoing mitigation and discovery efforts).  These disclosures are more than sufficient to alert Defendants to information such as "whether the bulk of damages are attributable to one or two contracts, for example," *Tutor-Saliba Corp.*, 218 F.R.D. at 220–21, and are a far cry from the situation in *J.S.T. Corp. v. Robert Bosch LLC*, where the complete lack of any disclosed detail left the defendant unable to "begin to understand, let alone rebut, the alleged damages," 2021 WL 5872365 at *1 (E.D. Mich. Nov. 19, 2021).

Defendants' other cases are also inapt.  *Hertz v. Luzenac America, Inc.*, concerned incomplete disclosures after the completion of fact discovery and expert reports and faulted the defaulting party for failing to supplement initial disclosures "at appropriate intervals."  2006 WL 994431 (D. Colo. Apr. 13, 2006) *11.  The other authorities similarly critique incomplete disclosure *after the conclusion* of fact discovery.  *See, e.g.*, *Vivint, Inc. v. NorthStar Alarm Servs. LLC*, 2019 WL 1098986, at *1 (D. Utah Mar. 8, 2019) (inadequate disclosure at summary judgment); *Adams v. City of Kansas City, Mo.*, 2022 WL 210385, at *1 (W.D. Mo. Jan. 24, 2022) (inadequate disclosures 18 months after close of fact discovery and after months of unresolved conferencing regarding adequacy); *Frontline Med. Assocs. v. Coventry Health Care*, 263 F.R.D. 567 (C.D. Cal. Nov. 6, 2009) (disclosures inadequate following multiple rounds of supplementation).[2]

In sum, Amazon's supplemental disclosures provide a level of detail beyond what Rule 26(a) requires and are more than sufficient "to allow litigants to adequately prepare their cases for trial and to avoid unfair surprise."  *Bresler*, 855 F.3d at 190.  Any complaints Defendants may nonetheless have with the operative disclosures are not presented on the current Motion (which seeks the supplemental "computation of each category of damages" Amazon has already provided), have not been properly exhausted through the Local Rule 7 conference process, and cannot serve as the basis for any request for relief currently before the Court.

---

[2] *Frontline Medical Associates* is also off point because the Court required the plaintiff, at the initial disclosure stage, to make elections regarding which of the forms of alternative relief available it would pursue in the litigation.  263 F.R.D. at 569.  Amazon is not required to make any such election prior to judgment.  *See Malvina v. Dellauniversita*, 840 F.3d 223, 233 (5th Cir. 2016) (collecting authorities noting that election is a bar on double *recovery* rather than on alternate claims or damages theories); *Online Res. Corp. v. Lawlor*, 736 S.E. 2d 886, 899–900 (Va. 2013) (allowing recovery of unjust enrichment in addition to damages).

## II.      RULE 37 FORECLOSES DEFENDANTS' IMPROPER FEE REQUEST

Defendants argue that they are entitled to "costs and fees" under Rule 37(a)(5)(A). Mot.

10. That is incorrect.[3] The Court may award costs under that Rule only when the responding

party's "conduct *necessitated* the motion" to compel. Fed. R. Civ. P. 37(a)(5)(A). When, by

contrast, "the movant filed the motion *before* attempting in good faith to obtain the disclosure or

discovery without court action," "the court *must not* order this payment." *Id.* Here, at the time

Defendants' filed their motion, Amazon had already pledged to supplement their initial

disclosures, even though Amazon did not agree with Defendants' argument that the initial

disclosures were inadequate. Indeed, Defendants filed their motion to compel only two days

before the date that Amazon had previously committed to serve its supplemental disclosure. That

timeline suggests that Defendants tactically delayed their filing until shortly before Amazon had

prepared its supplement and then filed deliberately before that date in an attempt to justify their

request for "fees and costs" under Rule 37(a). But such tactics fall far short of the "good faith"

efforts to resolve disputes "without court action" that Rule 37 requires. Defendants' conduct also

conflicts with this Court's requirement that counsel "confer to decrease, *in every way possible the

filing of unnecessary discovery motions.*" L. Civ. R. 37(E). Filing a motion to compel a

supplemental response when the opposing party has *already* repeatedly and voluntarily committed

to provide the supplement, in this case with a prior commitment to serve the supplement 48 hours

after the filing, is hardly an attempt to avoid the filing of unnecessary motions. To the contrary, it

is precisely the type of "unnecessary discovery motion[]" and wasteful approach that would

---

[3] The Northstar Defendants' eagerness to seek costs as a sanction on their first motion to compel
is further undermined by their own pattern of "willfull[] fail[ure] to comply with [the] Court's
prior discovery orders . . . and their discovery obligations under Federal Rule of Civil Procedure
37." Dkt. 330 at 1.

properly subject *Defendants* "to appropriate remedies and sanctions, including the imposition of costs and counsel fees." L. Civ. R. 37(G).

## CONCLUSION

Defendants' Motion should be denied.

Dated: February 2, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 2, 2022, I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system.  I will then send the document and a notification of such filing

(NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

> Casey Kirschner
> 635 N. Alvarado Lane
> Plymouth, MN 55447
> By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*