# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20,<br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC,<br><br>    Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant,<br><br>    v.<br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS; LLC,<br><br>    Interpleader Defendants,<br><br>  and<br><br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC.,<br><br>    Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**AMAZON.COM, INC. AND AMAZON DATA SERVICES, INC.'S
<u>SUPPLEMENTED INITIAL DISCLOSURES</u>**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon"), by and through their undersigned attorneys, hereby supplement their initial disclosures in this action, as follows.

Pursuant to Rule 26(a)(1)(A)(iii), Amazon intends to seek compensatory damages as well as restitution and disgorgement of all earnings, profits, compensation, and all other ill-gotten gains obtained by Defendants based on their illegal conduct (collectively, referred to as "unjust enrichment"), as well as pre- and post-judgment interest, attorneys' fees, and a permanent injunction. Amazon sets forth below its current computation of each category of damages and unjust enrichment it may seek to recover. Amazon notes that discovery is in its early stages, and it will modify and/or supplement its damages disclosures in accordance with the Federal Rules of Civil Procedure. Amazon will further identify its final calculations of the amounts it seeks to recover as damages and unjust enrichment, and the basis for those calculations, in its damages expert disclosure(s), which will be made in accordance with the schedule set by the Court. Similarly, Amazon anticipates that discovery will clarify the extent to which these categories of harm may overlap with each other, so as to enable Amazon to identify and account for any such overlap prior to electing remedies.

- <u>Damages:</u> Amazon currently calculates its damages as at least approximately $27,700,000, which includes (a) the $10,000,000 assignment fee attributable to the Blueridge transaction (approximately $5,000,000 of this amount that was paid in kickbacks to Defendants Nelson and Kirschner may also be recovered as unjust enrichment, as noted below); and (b) the approximately $17,700,000 difference between the NOVA WPC LLC $98.67 million purchase price and Amazon's

subsequent $116.4 million purchase price attributable to the White Peaks transaction (the approximately $5,000,000 of this amount that was paid in kickbacks to Defendant Watson and the approximately $1,000,000 of this amount that was paid in kickbacks to Defendants Nelson and Kirschner may also be recovered as unjust enrichment, as noted below). Amazon notes that its initial calculation of damages included damages attributable to inflated rents and fees it had agreed to pay lessors that were controlled by certain of the Defendants at the time the leases were negotiated, including, without limitation, the leases (the "Leases") with Dulles NCP LLC, Quail Ridge NCP LLC, Manassas NCP LLC, and Dulles NCP II LLC (collectively the "Lease Damages"). Amazon has now been able negotiate amendments to the Leases, which has mitigated, but not completely eliminated, these Lease Damages.

- <u>Unjust enrichment:</u>  Amazon currently calculates its unjust enrichment recovery as at least approximately $75,063,163. This unjust enrichment amount includes payments and kickbacks that Defendants and their co-conspirators appear to have received as a result of the Blueridge and White Peaks transactions and the Leases, all of which Defendants and their co-conspirators fraudulently induced Amazon to enter. Amazon's current unjust enrichment calculation includes the following:

    o Approximately $5,000,000 in kickbacks paid to Defendants Nelson and Kirschner attributable to the Blueridge transaction, which were funded by the $10,000,000 assignment fee paid by Amazon to Blueridge and included above in Amazon's Damages computation;

    o Approximately $17,700,000, which is the difference between the NOVA WPC LLC purchase price and Amazon's subsequent purchase price attributable to the

        White Peaks transaction included in Amazon's computation of Damages above, and which funded approximately $5,000,000 in kickbacks to Defendant Watson and approximately $1,000,000 in kickbacks to Defendants Nelson and Kirschner;

- Kickbacks as set forth in the spreadsheet at SAC Ex. 10 (Dkt. 155-10), up to $37,100,000, which includes approximately $5,120,000 in kickbacks attributable to the Leases paid to Defendants Nelson and Kirschner by Defendants Watson and WDC Holdings via the Villanova Trust; and

- All fees received by the Watson and WDC Defendants from the Lessors, in an amount of at least $15,263,163, which includes approximately $5,120,000 in kickbacks attributable to the Leases paid to Defendants Nelson and Kirschner by Defendants Watson and WDC Holdings via the Villanova Trust.

Amazon reserves all rights to seek other relief, either in these categories or otherwise, that is based on information identified through discovery or that the Court deems necessary and proper. Amazon intends to seek treble damages on all claims for which it is entitled to recover them, and the above computations do not include trebling.

Amazon identifies below the documents on which the above computations are based.

<u>Damages</u>

- Dkt. 160-7 through 160-10 (White Peaks purchase agreements)
- ▮▮▮▮ email from ▮▮▮▮ to ▮▮▮▮ referring to ▮▮▮▮ ▮▮▮▮ (to be produced)
- May 6, 2019 draft of Blueridge purchase agreement sent by E. Hoy (to be produced)
- Dkt. 212-11 (Blueridge Assignment and Assumption Agreement)

Unjust Enrichment

- Dkt. 160-7 through 160-10 (White Peaks purchase agreements)
- ███████ email from ███████ to ███████ referring to ███████ ███████ (to be produced)
- May 6, 2019 draft of Blueridge purchase agreement sent by E. Hoy (to be produced)
- Dkt. 212-11 (Blueridge Assignment and Assumption Agreement)
- Finder's Fee Agreement between Blueridge and Finbrit Holdings, LLC dated May 15, 2019 (to be produced)
- Wire transfer from Blueridge to 2010 Irrevocable Trust dated December 24, 2019 (to be produced)
- Wire instructions for 2010 Irrevocable Trust identifying Rodney C. Atherton as Trustee of 2010 Irrevocable Trust at First Western Trust (to be produced)
- Dkt. 155-10 (SAC Ex. 10) (C. Kirschner Recycle Bin spreadsheet)
- Dkt 156-1 (SAC Ex. 11) (Villanova Trust payments spreadsheet)
- Dkt. 163-4 (K. Ramstetter / W. Camenson / WDC settlement agreement)
- Dkt. 42-2 (Transcript of conversation between B. Watson, K. Ramstetter, and W. Camenson)
- Documents supporting computation of fees paid by landlord entities or IPI to WDC (to be produced)
- Bank records produced by Receiver (to be produced)

Dated: January 21, 2022      By,

  *s/ Michael R. Dziuban*
  Elizabeth P. Papez (*pro hac vice*)
  Patrick F. Stokes (*pro hac vice*)

Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice application* pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2022, I will email or mail via U.S. mail the foregoing to the following parties:

Stanley L. Garnett
Justin L. Cohen
Amanda K. Houseal
Brownstein Hyatt Farber Schreck LLP
410 Seventeenth St., Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
jcohen@bhfs.com
ahouseal@bhfs.com
*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

George R. Calhoun
Jeffrey Hamlin
James M. Trusty
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W. Suite 650
Washington, DC 20006
george@ifrahlaw.com
jhamlin@ifrahlaw.com
jtrusty@ifrahlaw.com
*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

Alex Little
Rachel Friedman
Burr & Forman LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Alex.little@burr.com
rfriedman@burr.com
*Counsel for Carleton Nelson and Cheshire Ventures*

Casey Kirschner (via U.S. mail)
635 N. Alvarado Lane
Plymouth, MN 55447
Casey.kirschner@gmail.com
*Pro se*

Kathryn M. Skilton
Michael R. MacPhail
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
kathryn.skilton@faegredrinker.com
michael.macphail@faegredrinker.com
*Counsel for Intervenor 800 Hoyt, LLC*

Aaron G. McCollough
McGuireWoods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
*Counsel for the Receiver Mark Roberts*

*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

7

mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*