# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-LO-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br> Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**MEMORANDUM OF LAW IN SUPPORT OF BRIAN WATSON'S
<u>MOTION TO COMPEL DISCOVERY</u>**

Pursuant to Federal Rule of Civil Procedure 37, Defendant Brian Watson ("Mr. Watson"), by and through counsel, respectfully submits this memorandum of law in support of his Motion to Compel Discovery in compliance with Rules 26, 33, and 34.

## I.   INTRODUCTION

Despite having filed a verified complaint nearly two years ago and having had essentially unfettered access to the Watson Defendants' records, Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon" or "Plaintiffs") have failed to provide thorough discovery of its own documents and practices. Amazon offers no explanation for its discovery failures and in meet-and-confer calls with Defendants' counsel, Amazon has refused to provide firm dates by which it will comply with its disclosure and discovery obligations. What is clear from its limited productions to date, however, is that Amazon's claims, upon which this Court based its preliminary injunction and other punitive rulings, were false. For example, Amazon's belated initial disclosures show that it has not suffered compensable harm from any action of WDC Holdings, LLC ("WDC") in connection with the transactions at issue in this case (the "Lease Transactions"). Instead, its claimed damages are solely based on disgorgement or unjust enrichment, which are punitive and not compensatory. The Court should not countenance Amazon's efforts to withhold documents and other discovery.

## II.   BACKGROUND

In December 2021, the Parties conferred and agreed to a discovery plan calling for the termination of discovery in early April 2022. The parties have also agreed in principle to a Stipulation and [Proposed] Order Governing the Production of Electronically Stored Information ("ESI Protocol").

2

Mr. Watson has thus far served both interrogatories and requests for production on Plaintiffs. Mr. Watson served his First Set of Interrogatories to Plaintiffs on December 23, 2021 ("Interrogatories"). *See* Decl. of George R. Calhoun in Supp. of Mot. to Compel Discovery ("Calhoun Decl."), ¶ 3, Ex. A. Plaintiffs served their objections to Mr. Watson's Interrogatories on January 7, 2022, *see id.*, ¶ 6, Ex. D, and on January 24, 2022, Plaintiffs served their Responses to Brian Watson's First Set of Interrogatories to Plaintiffs ("Interrogatory Responses"), *see id.*, ¶ 9, Ex. H. Mr. Watson has also served three Sets of Requests for Production, on December 23, 2021; January 4, 2022; and January 14, 2022. *See id.*, ¶¶ 4, 5, 8, Exs. C, D, F. Amazon served on Mr. Watson its objections to his First Set of Requests for Production on January 7, 2022, and its objections to his Second Set of Requests for Production on January 20, 2022. *See id.*, ¶¶ 7, 9, Exs. E, G. Plaintiffs began to produce documents on January 24, 2022, and has thus far produced approximately 7,300 documents across five productions of documents, not including third-party subpoena documents. *See id.*, ¶ 11.

On January 20, 2022, counsel for Mr. Watson and Plaintiffs held a meet-and-confer to discuss Plaintiffs' objections to Mr. Watson's Requests for Production. *See* Calhoun Decl. ¶ 12. Amazon indicated that production of documents would begin on January 24, 2022, and would continue on a rolling basis. Plaintiffs would not commit to a firm date for the completion of its production. On January 28, 2022, counsel for Mr. Watson and Plaintiffs held a meet-and-confer to discuss shortcomings in Plaintiffs' interrogatory responses. *Id*. Counsel for Mr. Watson raised several of the deficiencies described below, and counsel for Plaintiffs committed to following up at some future date without specifying a timeline for remediating these issues. On February 10, 2022, counsel for Plaintiffs transmitted a letter responding to issues raised in the parties' January 28 meet-and-confer discussion. *Id.*, ¶ 13, Ex. J. In their letter, Plaintiffs purported to address issues

3

concerning seven of Mr. Watson's interrogatories but did not provide any additional information responsive to these interrogatories, identify specific responsive documents, or specify a date by which they would supply additional responsive information.

Discovery is scheduled to close on April 8, 2022. Depositions already are scheduled and set to begin shortly. But Amazon has not produced its documents and its delay is inexcusably threatening Defendants' ability to prepare their defense.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(b)(1) allows parties to litigation to obtain discovery as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In addition, counsel for a party submitting a discovery disclosure must certify that, to the best of his or her knowledge, "it is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A). Federal Rule of Civil Procedure 37(a) permits a party to move to compel a discovery response if another party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). "District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel." *Addax Energy SA v. M/V Yasa H. Mulla*, No. 2:17-cv-641, 2018 WL 10470917, at *3 (E.D. Va. Nov. 13, 2018) (quotation marks omitted). The Federal Rules of Civil Procedure further provide that "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

In light of these rules, Mr. Watson moves to compel Plaintiffs to submit discovery responses that comply with the Federal Rules of Civil Procedure, as their interrogatory responses and document productions are deficient under those rules.

### A. Plaintiffs' Responses to Mr. Watson's Request for Production Are Deficient Under Federal Rules of Civil Procedure 26 and 34.

Plaintiffs have nearly entirely failed to comply with their document production obligations. Despite having filed this case nearly two years ago, Plaintiffs are just now pulling and reviewing the potentially responsive documents. Plaintiffs' unpreparedness beggars belief in light of their insistence on expansive and invasive discovery from Defendants. When it comes to their own documents, Plaintiffs slow roll production and refuse to commit to a date when their productions will be complete.

Plaintiffs' productions thus far are deficient in at least three respects:

(1) The documents Plaintiffs have produced have improperly been scrubbed of metadata, in violation of the governing standards (and the Parties' express agreement); and,

(2) Several categories of documents appear to be missing entirely from Plaintiffs' productions and Plaintiffs have refused to commit to a date certain when responsive documents will be produced;

(3) The documents include unexplained redactions, and no privilege log has been produced.

On these grounds, Mr. Watson requests that this Court compel Plaintiffs to produce documents in a manner that complies with Rules 26 and 34, including specifying a date by which Plaintiffs must complete their production of documents.

First, the manner of Amazon's limited productions to date is deficient. Rule 34(b)(2)(E) addresses the manner in which documents should be produced, stating, "Unless otherwise stipulated or ordered by the court . . . (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request; [and] (ii) . . . [A] party must produce [electronically stored information] in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." On that issue, several courts have observed that when a party produces electronic documents as they are maintained in the normal course of business, metadata should be retained unless the party objects to the production of metadata or the parties agree not to produce metadata. *See, e.g.*, *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 652 (D. Kan. 2005) ("[W]hen a party is ordered to produce electronic documents as they are maintained in the ordinary course of business, the producing party should produce the electronic documents with their metadata intact, unless that party timely objects to production of metadata [or] the parties agree that the metadata should not be produced . . . ."); *Wilson v. Conair Corp.*, No. 1:14-cv-00894, 2015 WL 1994270 (E.D. Cal. 2015) ("When the potential relevance of metadata is not questioned then it is discoverable.").

Despite these requirements, Plaintiffs have produced documents in a manner that scrubs metadata from them, converting them into the equivalent of paper documents with no organization, without having objected to the production of metadata. *See, e.g.*, AMZ-CVL-006773. Multiple documents also appear to have been copied from a document production in a different matter, and they are stripped of metadata and renamed with the Bates numbers that were stamped in that matter. While multiple sets of Bates stamps do not independently raise questions, these materials are not the original documents that Amazon is required to produce. The Bates stamps on these

6

documents are such that Defendants cannot sort the materials in any logical way, and copying an already-produced document scrubs the file of any semblance of metadata.

The lack of metadata in Amazon's productions is not merely a technical shortcoming; rather, it prevents Defendants from gaining a clear understanding of what Amazon has produced short of reviewing every document individually, a clearly unreasonable burden for any litigant. Defendants have little custodial information, and many communications lack metadata such that Defendants cannot determine senders, recipients, and subject lines without looking at each piece of paper. And Amazon has further failed to produce native versions of many documents. It would be surprising if Amazon truly believed this to be a reasonable manner of producing documents in a suit seeking tens of millions of dollars in damages.

The lack of metadata has made impossible any summary review of Amazon's productions; however, Plaintiffs appear to have outright failed to produce documents concerning multiple requests for production. Absent documents include, but are not limited to, communications with IPI. *See* First Set of Requests for Production, Calhoun Decl. ¶ 4, Ex. B at 9. These communications are critical for Defendants to understand Plaintiffs' damages calculations: Materials concerning renegotiations on Northstar projects will enable Defendants to compare the Lease Transactions in question and establish what "market" price would be for Plaintiffs. In addition, Amazon appears not to have produced any communications with the receiver, documents that are both non-privileged and directly relevant to the present litigation. *See id.* at 10-11. And Plaintiffs have further failed to produce any documents related to their computation of damages, an obvious impediment to Defendants' ability to address those calculations. *See* Second Set of Requests for Production, Calhoun Decl. ¶ 5, Ex. C at 8.

Furthermore, several individual documents appear to be missing without any explanation, *e.g.*, AMZ-CVL-055573, and others are redacted despite the absence of any other explanation for the redactions. Other documents seem to have certain information redacted in white, such that the redaction cannot be detected. *E.g.*, AMZ-CVL-055574. In addition, Plaintiffs' disclosure documents have been produced as non-searchable PDFs.

Finally, Plaintiffs have not produced a privilege log. A party may withhold otherwise discoverable information by asserting that it is privileged or protected by the attorney work product doctrine. Fed. R. Civ. P. 26(b)(5)(A). However, to do so, the party must "expressly make the claim" and produce a privilege log documenting such claims. *Id.* In addition, counsel must certify that each discovery disclosure "is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A). Here, not only have Plaintiffs withheld entire classes of documents, they produced various documents in redacted form without any indications that would enable Mr. Watson to assess Plaintiffs' assertions. For example, the email that triggered the present litigation is redacted, AMZ-CVL-004087. This Court already has entered a protective order, so the only permissible redaction would be one for privilege.

The Court should order Plaintiffs to produce a complete privilege log and to produce all non-privileged documents in an appropriate format not later than February 24, 2022.

### B. Plaintiffs' Responses to Mr. Watson's Interrogatories Are Deficient Under Federal Rules of Civil Procedure 26, 33, and 37.

Federal Rule of Civil Procedure 33(a)(2) states that interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." That rule allows 30 days for interrogatory responses, noting that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(2)-(3). A responding party can additionally, or alternatively, "specify[] the records that must be reviewed, in sufficient detail to

enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

It is generally insufficient for answers to interrogatories to incorporate by reference information contained in other documents or to incorporate allegations of pleadings by reference. In *Smith v. U.S. Sprint*, 19 F.3d 12, 1994 WL 62338, *4 n.11 (4th Cir. Feb. 28, 1994), the Fourth Circuit wrote that the plaintiff's interrogatory responses "were . . . incomplete, referred [defendant] to [his] complaint, or contained objections that were not timely. Such responses constitute a failure to respond." *See also Stabilus, A Div. of Fichtel & Sachs Industries, Inc. v. Haynsworth, Baldwin, Johnson and Greaves, P.A.*, 144 F.R.D. 258, 263-64 (E.D. Pa. 1992) ("An answer should be complete in itself and should not refer to the pleadings. Plaintiff cannot avoid answering interrogatories by referring the defendant to the complaint, no matter how detailed. Thus, it is improper to answer an interrogatory by merely repeating the allegations of the complaint.") (internal citations omitted).

In this context, the majority of Plaintiffs' responses to the interrogatories seeking factual information consist solely of references to their Complaint, with or without paragraph number references. For example, Interrogatory No. 6 requests that Plaintiffs specifically identify all facts underlying the contention that Plaintiffs would have received "the same or comparable contractual obligations from WDC, or any other party, for a lower cost" if WDC Holdings had not paid certain referral fees described in the Complaint; in response, Plaintiffs have written, "The facts underlying this contention are set forth in Paragraphs 75, 84-88, 90-93, 116, 127-130, 211-213, 237-239, 247-

9

261, 270, [and] 291 of the Complaint, and Paragraph 20 of the Doden Decl." *Id.* at 9. Plaintiffs adopted the same approach in responses to Interrogatory Nos. 7 through 13. *Id.* at 10-18.[1]

In several respects, Plaintiffs have simply declined to respond to Mr. Watson's interrogatories. For example, Interrogatory No. 1 requests that Plaintiffs identify each person "who prepared, assisted, or provided information relating to [their] pleadings and discovery responses" in this case, including by describing "which specific fact, allegation, pleading, and/or discovery response the person prepared, assisted with, or provided information about." *Id.* at 2. Additional interrogatories seek information about the identities of certain people, including those who received alleged misrepresentations or omissions by Defendants (Interrogatory No. 2); the people who conducted or participated in the internal investigation described in the Complaint (Interrogatory No. 3); the employees, agents, or brokers responsible for investigating each of Plaintiffs' build-to-suit lease transaction sites and the people involved in the review and approval of each such proposal (Interrogatory No. 4); all individuals with knowledge relating to the assertion that Plaintiffs would have received contractual obligations for a lower cost but for the referral fees described in the Complaint (Interrogatory No. 5); and the employees who allegedly received kickbacks from Defendants and those with knowledge relating to this contention (Interrogatory No. 7). *Id.* at 3-9. Interrogatory Nos. 8 through 13 include similar requests for information about the identities of people with various types of knowledge relevant to Plaintiffs' allegations. *Id.* at 10-18.

In response to these interrogatories, Plaintiffs have identified exactly one Amazon employee with knowledge of the allegations underlying their Complaint: Vice President of Data

---

[1] Notably, Plaintiffs' Second Amended Complaint was verified by a former Gibson Dunn Associate. Defendants will seek to depose Mr. Sullivan and any other individuals who have submitted testimonial declarations in this case.

10

Center Planning, Delivery, and Operations Chris Vonderhaar. Plaintiffs' Initial Disclosures at 7; Interrogatory Responses at 2. Plaintiffs have not identified even one other current Amazon employee with any knowledge of any of the categories of information covered by Mr. Watson's interrogatories, as described above. It bears repeating: Plaintiffs submit that "[b]ased on information presently available to Amazon," only one current Amazon employee has any knowledge of any of the issues and allegations raised in the Complaint—and even he is identified in response to only the first interrogatory. As a factual matter, that could not possibly be accurate.

Finally, in response to ten of Mr. Watson's interrogatories, Plaintiffs have stated that they will produce business records to provide remaining information and will revise their interrogatory responses accordingly. *E.g., id.* at 5. But Plaintiffs have neither identified relevant business records or specific responsive documents nor specified a date by which they will produce relevant business records. This failure is further compounded by the fact that Plaintiffs have produced only a fraction of the documents responsive to Defendants' discovery.

These responses plainly do not satisfy Plaintiffs' obligations under the Federal Rules of Civil Procedure. Given that more than 30 days have passed since Mr. Watson transmitted to Plaintiffs his First Set of Interrogatories and Plaintiffs' responses are incomplete, Mr. Watson requests that this Court compel Plaintiffs to submit responses to Mr. Watson's interrogatories in a manner that complies with Rules 26 and 33.

### III.  CONCLUSION

Accordingly, Mr. Watson respectfully requests that this Court grant his Motion to Compel Discovery and order Plaintiffs to provide adequate responses to Mr. Watson's interrogatories and requests for production.

Dated: February 11, 2022							Respectfully submitted,

/s/ *Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah M. Regan-Smith (*pro hac vice*)
Neil S. Sandhu (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregansmith@bhfs.com
nsandhu@bhfs.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*