# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

AMAZON.COM, INC. and AMAZON DATA
SERVICES, INC.,

        Plaintiffs,

    v.

WDC HOLDINGS LLC dba NORTHSTAR
COMMERCIAL PARTNERS; BRIAN WATSON;
STERLING NCP FF, LLC; MANASSAS NCP FF, LLC;
NSIPI ADMINISTRATIVE MANAGER; NOVA WPC
LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA
TRUST; CASEY KIRSCHNER; ALLCORE
DEVELOPMENT LLC; FINBRIT HOLDINGS LLC;
CHESHIRE VENTURES LLC; CARLETON NELSON;
JOHN DOES 1-20,

        Defendants.

CASE NO. 1:20-CV-484-LO-TCB

800 HOYT LLC,

        Intervening Interpleader Plaintiff /
        Intervening Interpleader Counter-
        Defendant,

    v.

BRIAN WATSON; WDC HOLDINGS, LLC; BW
HOLDINGS, LLC,

        Interpleader Defendants,

    and

AMAZON.COM, INC., and AMAZON DATA
SERVICES, INC.,

        Interpleader Defendants / Interpleader
        Counter-Plaintiffs.

## REPLY IN SUPPORT OF BRIAN WATSON'S
## <u>MOTION TO COMPEL DISCOVERY</u>

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon" or "Plaintiffs") constitute two arms of one of the largest families of companies in the world. In a 12-count, 100-plus-page complaint relating to Amazon's development of a second headquarters, Plaintiffs seek "at least tens of millions of dollars in damages" from more than a dozen defendants. 2d Am. Compl. (Dkt. 150) ¶ 474. In support of its claims, Amazon has produced fewer than 10,000 of its own documents, a figure it attributes to its own curation of the documents and its "document retention" policy. Amazon has named exactly one present employee with knowledge of the allegations underlying its Complaint. Amazon has declined to supply any substantive response to numerous of Mr. Watson's Interrogatories, and it has followed a rolling production schedule that will not conclude until well after depositions are underway—indeed, depositions started last Thursday, February 17th. In response to Mr. Watson's Requests for Production, Amazon produced numerous documents in formats other than native—formats that are not text-searchable and that lack the metadata one would expect for records held in the normal course of business.

In summary, even while pursuing a large-scale case in relation to a massive, highly publicized development project, Amazon has sought to supply minimal discovery over an extended period and now suggests that Mr. Watson's request for compliant responses is grounds for sanctions. The Court should not countenance Amazon's discovery gamesmanship and should grant Mr. Watson's Motion to Compel.

## ARGUMENT

Plaintiffs' discovery responses broadly exhibit two critical deficiencies: They do not include documents responsive to several of Mr. Watson's Requests for Production, and they do not include meaningful answers to several of Mr. Watson's Interrogatories. In particular, despite meet-and-confer conferences held on January 20 (meet-and-confer on Watson's document

requests) and January 28 (meet-and-confer on Watson's interrogatories)[1] and despite Amazon's repeated promises to produce the requested discovery, Defendants still do not have the following as of today:

- Responses to interrogatories that do not merely incorporate allegations from the Second Amended Complaint, but identify specific business records or electronically stored information from which answers responsive to the interrogatories may be ascertained, Fed. R. Civ. P. 33(d);

- A privilege log identifying all responsive documents that Amazon is withholding on the basis of privilege or work product protection, *see* Fed. R. Civ. P. 26(b)(5)(A); *see also* Brian Watson's First Set of Requests for Production to Plaintiffs ("Watson's 1st RFPs"), Instruction Nos. 6–7 (requiring privilege log); Brian Watson's Second Set of Requests for Production to Plaintiffs ("Watson's 2d RFPs"), Instructions Nos. 6–7 (same); Brian Watson's Third Set of Requests for Production to Plaintiffs ("Watson's 3d RFPs"), Instruction Nos. 6–7 (same);

- A comprehensive production of documents relating to Amazon's procurement efforts, including Amazon's requests for proposals ("RFPs"), proposals submitted to Amazon by third-parties competing for those contracts, and transaction documents for the Lease Transactions in Virginia, the White Peaks Purchase, and the Blueridge Transaction, *see* Watson's 1st RFPs, Request Nos. 1, 7, and 8;

---

[1] Defendants raised issues concerning the lack of metadata in Plaintiffs' productions and of a privilege log and emphasized the need for timely discovery during these meetings and follow-up communications. Most of the issues raised herein were also discussed during a discovery conference on Wednesday, February 16, 2022, after Mr. Watson filed his Motion to Compel.

- The names of any and all Amazon personnel who were involved with reviewing, analyzing, and/or approving terms of contract to which Amazon agreed when it executed contracts for the Lease Transactions in Virginia, the White Peaks Purchase, and the Blueridge Transaction, *see* Watson's 1st RFPs, Request No. 4(c); Brian Watson's First Set of Interrogatories to Plaintiffs ("Watson's 1st Interrogs."), Interrog. No. 12.

- The names of any and all Amazon personnel who were involved with the internal investigation relating to the Lease Transactions in Virginia, the White Peaks Purchase, and the Blueridge Transaction, *see* Watson's 1st Interrogs., Interrog. No. 3; and

- A comprehensive production of documents and interrogatory responses detailing the damages Amazon allegedly sustained under each count that is set forth in the Second Amended Complaint, *see* Watson's 2d RFPs, RFP No. 4; Watson's 1st Interrogs., Interrog. Nos. 2, 5.  Amazon's discovery in response should include narrative answers and documents that address the impact of Amazon's recent purchases of properties involved in the Lease Transactions.

Mr. Watson's Motion to Compel identified certain categories of documents as examples of deficiencies in Amazon's productions, and additional gaps in the productions are apparent. Mr. Watson's Document Request No. 3 requests, "ALL DOCUMENTS AND COMMUNICATIONS RELATING TO YOUR internal policies and procedures for soliciting, reviewing, approving, and executing LEASE TRANSACTIONS and DIRECT PURCHASE TRANSACTIONS." Watson's 1st RFPs at 8. Amazon has not produced a complete set of internal policies and procedures on this matter. Mr. Watson's Document Request No. 4(c) also seeks communications about Amazon's

internal approval of the Lease Transactions and Direct Purchase Transactions. *Id.* at 9. Although Amazon seems to have supplied some documents generally describing its approval mechanisms, it seems not to have produced comprehensive documents concerning its approval of these transactions. The challenge of identifying gaps in Amazon's production is further exacerbated by the technical deficiencies described above.

Amazon also argues that its Interrogatory responses are sufficient, but consider a sample interrogatory response supplied by Amazon. Mr. Watson's Interrogatory No. 9 asks:

> Do YOU contend that Plaintiffs would have paid a lower purchase price for the White Peaks property if one or more DEFENDANTS had not allegedly given a share of the profits to Amazon employees as alleged in Paragraph 301 of the operative Complaint? If so, identify with specificity (a) all facts underlying this contention, (b) all PERSONS with knowledge RELATING TO this contention, and (c) all DOCUMENTS supporting this contention.

Watson's 1st Interrogs., Interrog. No. 9. Following one paragraph setting forth objections, Amazon supplies the following answer:

> Amazon contends that it would have paid a lower purchase price for the White Peaks property if one or more of the Defendants had not given a share of the profits to Amazon employees as alleged in Paragraph 301 of the Complaint. The facts supporting this contention are set forth in Paragraphs 294–313 of the Complaint.
>
> Based on the information presently available to Amazon, Amazon identifies the following persons and entities as having knowledge relating to this contention: White Peaks Capital LLC, NOVA WPC LLC, Brian Watson, Kyle Ramstetter, Will Camenson, Casey Kirschner, Carleton Nelson, Johnny Lim, and Timothy Lorman.
>
> Amazon will produce any non-privileged documents in its possession, custody, or control that support this contention, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d). Based on the information presently available to Amazon, White Peaks Capital LLC, NOVA WPC LLC, Brian Watson, Kyle Ramstetter, Will Camenson, Casey Kirschner, Carleton Nelson, Johnny Lim, and Timothy Lorman may have possession, custody, or control of, or access to, documents that support this contention.

Mr. Watson has requested information regarding Amazon's claim; Amazon has referred Mr. Watson to its Complaint. Mr. Watson has requested information regarding the individuals with knowledge related to this claim; Amazon has named nine Defendants and no one else. Mr. Watson has requested documents related to this claim; Amazon has stated that it will supply these documents but neither identifies them nor indicates when those documents will be produced. It is difficult to see how a four-paragraph response could contain less information.

Furthermore, Amazon's response could not possibly be true: Amazon repeatedly identifies various Defendants it alleges have knowledge of various claims, but it identifies only one Amazon employee with any knowledge of Plaintiffs' allegations, which could not be factually accurate. Amazon's Responses to Brian Watson's First Set of Interrogatories at 2 ("The persons, other than outside counsel at Gibson Dunn & Crutcher and in-house counsel at Amazon, who have provided information related to Amazon's pleading and discovery responses, as well as the subjects on which they have provided information, are identified in Amazon's initial disclosures served on December 3, 2021."); Plaintiffs' Initial Disclosures at 7 (identifying one Amazon employee in Plaintiffs' initial disclosures). Amazon responds by asserting that its initial disclosures are adequate, Response at 14, but the Motion to Compel identifies a different—and more specific— issue: Even accounting for references to the initial disclosures, Plaintiffs' responses to Mr. Watson's Interrogatories do not name individuals with knowledge of the matters underlying the Interrogatories.

As Mr. Watson has highlighted, this issue applies to every Interrogatory in which Mr. Watson has requested information about the individuals with knowledge of certain claims. *See, e.g.*, Watson's 1st Interrogs., Interrogs. 3 (requesting the identity of "each PERSON or PERSONS who participated in the substance of [Amazon's internal] investigation"); 4 (requesting the identity

of the "employee(s), broker(s), or agent(s) responsible for investigating each proposed data center project, including a description of his or her role in the process, and presenting the investigation to YOU," along with other people involved in the examination of project proposals); 6 (requesting the identities of all persons with knowledge relating to the claim that Amazon would have received the same or comparable service from WDC Holdings or another company for a lower cost but for the alleged referral fees); *see also* Interrogs. 7-13.

The Interrogatory response quoted above underscores a third defect exhibited throughout Plaintiffs' responses: Amazon has not identified any responsive documents beyond the materials it attached to its Complaint. It has repeatedly mentioned the possibility of supplementing its responses with such citations, but even those minimal indications have become less specific over time. *See* Decl. of George R. Calhoun (Dkt. 525-1), Ex. J at 1-2 ("[W]e agreed to take this portion of the request under advisement . . . .").

Amazon's response makes several suggestions. First, Amazon seems to suggest that it need not make complete productions because it is selecting the best documents on behalf of Defendants. That is not, however, Amazon's job.  The Federal Rules, not Amazon's discretion, provide the limits of appropriate discovery.  Second, Amazon implies that it need not supply all responsive documents because Defendants possess a larger quantity of relevant documents than does Amazon. That argument misses the mark entirely.  Amazon is responsible for producing the documents within its possession, custody or control and for providing complete responses to interrogatories. Defendants have gone to enormous lengths to provide discovery in this case and Amazon is not somehow relieved of its discovery obligations based on the volume of discovery Defendants have produced. Third, Amazon suggests that minimal Interrogatory responses are sufficient and commensurate with the needs of this case—a position that is entirely inconsistent with Amazon's

own demands to Defendants. Amazon is seeking tens of millions of dollars in damages. It is minimally obligated to provide discovery showing how it came to approve the transactions at issue, what it relied upon, who was involved, and how it calculated damages. It has provided almost nothing. Fourth, Amazon implies that, under the Federal Rules, it is sufficient for Amazon to promise supplemental productions and responses while depositions are underway, regardless of whether Amazon ultimately makes good on those promises at the end of fact discovery. Amazon's responses are already well overdue. Defendants met and conferred with Amazon in good faith to resolve those issues, but Amazon continues to slow roll productions. Amazon has no right to self-impose limitations on the discovery to which Defendants are entitled or time its own productions so that Defendants have minimal opportunity to make use of that discovery. That is especially so with a rapidly approaching discovery cutoff. Fifth, Amazon leans heavily on the suggestion that previous, unrelated discovery orders justify its own wholly deficient discovery responses thus far.[2] But there have been no rulings on Defendants' efforts to compel discovery from Amazon. Amazon's arguments have no merit, and it cannot evade its discovery obligations simply because it does not want to comply with them.

As a final note, Plaintiffs have implied that relevant documents are unavailable because Amazon destroyed them. In its response to the present Motion, Amazon writes that its productions are sufficient because Defendants have more relevant documents than Amazon—not relevant to the sufficiency of Amazon's own productions, however—and because "Amazon had no reason to suspend its normal business and document-retention policies on many of the relevant communications and transactions in suit before it began investigating the matter" in response to a

---

[2] In its Response, Amazon seems to suggest that "summary denial" of the Motion to Compel is appropriate because of prior orders of the Court regarding earlier discovery matters. Response at 2.But those orders are irrelevant to the present Motion.

late-2019 email. Response at 8.[3] Mr. Watson's 1st RFPs stated that if any requested document existed at one time but has been lost, discarded, or destroyed, Amazon should identify the document and identify individuals having knowledge of its destruction. Watson's 1st RFPs at 7 (Instruction No. 10). If Amazon cannot produce responsive documents as a result of its own document retention policy, it should say so clearly so that Defendants can take appropriate action in response.

**CONCLUSION**

Accordingly, Mr. Watson respectfully requests that this Court grant his Motion to Compel Discovery and order Plaintiffs to provide adequate responses to Mr. Watson's interrogatories and requests for production.

Dated: February 22, 2022                                Respectfully submitted,

                                                        */s/ Jeffrey R. Hamlin*
                                                        Jeffrey R. Hamlin (VA Bar No. 46932)
                                                        George R. Calhoun (*pro hac vice*)
                                                        James Trusty (*pro hac vice*)
                                                        IFRAH PLLC
                                                        1717 Pennsylvania Avenue NW, Suite 650
                                                        Washington, DC 20006
                                                        Telephone: (202) 524-4140
                                                        Facsimile: (202) 524-4141
                                                        jhamlin@ifrahlaw.com
                                                        george@ifrahlaw.com
                                                        jtrusty@ifrahlaw.com

                                                        Stanley L. Garnett (*pro hac vice*)
                                                        Amanda K. Houseal (*pro hac vice*)
                                                        Sara R. Bodner (*pro hac vice*)
                                                        Leah M. Regan-Smith (*pro hac vice*)
                                                        Neil S. Sandhu (*pro hac vice*)
                                                        Brownstein Hyatt Farber Schreck, LLP

---

[3] To be clear, Amazon has alleged that the scheme began in September 2017. Second Am. Compl. ¶ 369.

410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregansmith@bhfs.com
nsandhu@bhfs.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2022, I will electronically file the Reply in Support of Brian Watson's Motion to Compel Discovery using the Court's CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

In addition, I will serve a hard copy of the Reply and NEF on *pro se* Defendant Casey Kirchner by mailing it via email to casey.kirchner@gmail.com and via U.S. First-Class Mail to the following address:

Casey Kirchner
635 N. Alvarado Lane
Plymouth, MN 55447


Dated: February 22, 2022                                    */s/ Jeffrey R. Hamlin*