IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>      Plaintiffs,<br><br>  v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20,<br><br>      Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC,<br><br>      Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant,<br><br>  v.<br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS; LLC,<br><br>      Interpleader Defendants,<br><br>  and<br><br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC.,<br><br>      Interpleader Defendants, Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER PROHIBITING THE DEPOSITIONS OF ANDREW JASSY, PETER DESANTIS AND TERESA CARLSON**

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs") respectfully move the Court to grant a protective order precluding the depositions of Andrew Jassy, Peter DeSantis, and Teresa Carlson.

Defendants Carleton Nelson and Cheshire Ventures LLC ("Defendants") seek to depose Andrew Jassy, Peter DeSantis, and Teresa Carlson, three of Amazon's highest-ranking current and former executives, who have no unique personal knowledge of the transactions at issue in this litigation. These depositions are improper and should be precluded. Even under the permissive approach to discovery contemplated by the Federal Rules, the "broad rule allowing liberal discovery does not necessarily bestow upon a party the right to have his or her attorney depose a highly ranked corporate executive." *Performance Sales & Mktg. LLC v. Lowe's Cos., Inc.*, 2012 WL 4061680, at *3 (W.D.N.C. Sept. 14, 2012). Rather, as a safeguard against foreseeable abuses of the discovery process, a party seeking to depose a witness at the apex of an adversary's corporate structure—like Mr. Jassy, Mr. DeSantis, or Ms. Carlson—must satisfy particular requirements in order to show that the burdens imposed by the deposition are reasonable and proportional to the needs of the case. *See In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2018 WL 3934396, at *1, 4–5 (E.D. Va. Aug. 16, 2018); *see also, e.g., Performance Sales*, at *3 (relying on the "apex doctrine," which serves to "ensur[e] that the liberal rules of procedure for depositions are used only for their intended purpose and not as a litigation tactic to create undue leverage by harassing the opposition or inflating its discovery costs"). Defendants have not and cannot make such a showing. In particular, they have not shown that these three high-ranking executives have unique personal knowledge of the facts in this litigation or that they cannot obtain the information they seek through other means, including a deposition of Amazon pursuant to Federal Rule of Procedure 30(b)(6), which will require Amazon to

produce individuals with knowledge of the topics specified in the deposition notice.  Amazon has not objected to the Rule 30(b)(6) deposition, nor does it object to the majority of the Amazon executive and employee depositions that Defendants have noticed.

Plaintiffs have repeatedly asked Defendants to withdraw these notices but Defendants have refused, to no avail.  The parties are thus at impasse with respect to this issue, *see* L. Civ. R. 7(E), and Plaintiffs respectfully move the Court for a protective order prohibiting Defendants from compelling Andrew Jassy, Peter DeSantis, or Teresa Carlson to be deposed in this matter.

Dated:  March 1, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

>Casey Kirschner
>635 N. Alvarado Lane
>Plymouth, MN 55447
>By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*