IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; PLW CAPITAL I, LLC; BW HOLDINGS; LLC, <br><br> Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO WITHDRAW AND SUBSTITUTE VERIFICATIONS AND
<u>CERTAIN DECLARATIONS AND FOR PROTECTIVE ORDER</u>**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Plaintiffs" or "Amazon") hereby respectfully move to withdraw certain 2020 verifications, to withdraw and file a substitute for certain declarations, and for a protective order disallowing three depositions of Amazon's litigation counsel.

## Preliminary Statement

This motion seeks leave to withdraw certain attorney verifications and to withdraw and replace certain attorney declarations filed in this case. These submissions were signed by three current and former members of Amazon's outside counsel team. The attorneys who made these submissions did so on the basis of their review of documents and information received from or otherwise known to Amazon. However, the submissions mistakenly included form language stating that the attorneys who signed them did so based on "personal knowledge." Exs. 1-8. The pleadings that accompanied these submissions did not require verifications at all, or any attestations by individuals with "personal knowledge" of the facts described therein. Amazon and its counsel regret and voluntarily wish to address the erroneous "personal knowledge" language in the submissions, which was recently brought to the attention of Amazon's counsel when Defendants served notices seeking to depose the attorneys who signed the submissions at issue. To that end, Amazon respectfully seeks leave to withdraw the verifications accompanying its 2020 complaints and to withdraw and replace the declarations accompanying its 2020 complaints and April 2020 request for preliminary injunctive relief. Amazon also seeks leave to file a single, new substitute declaration from a company representative that contains the only attestations required for the 2020 pleadings that were supported by the withdrawn declarations, in the correct terms and the form attached to this motion. Ex. 9.[1]

---

[1] For the reasons set forth below, Amazon respectfully submits that no verifications were needed

Amazon further requests that the Court enter a protective order preventing Defendants from deposing the attorneys who signed the verifications and declarations at issue. Defendants maintain they need to depose these attorneys to obtain discovery into the underlying facts described in those pleadings. But as Amazon's counsel explained to Defendants in volunteering to correct the "personal knowledge" references in the 2020 submissions, the attorneys who verified the relevant 2020 pleadings were familiar with the facts pled based on their review of documents or information known or provided to Amazon, not through contemporaneous participation in the events at issue in this case. Accordingly, these attorneys do not possess knowledge that would satisfy the test for counsel depositions the Court addressed at the March 11 hearing. Dkt. 577. Amazon thus asked Defendants to withdraw their deposition notices and pursue the discovery they seek from other sources, including an appropriate subset of the 88 topics of Rule 30(b)(6) testimony they have requested. Defendants declined this offer, and insist they are entitled to probe the knowledge of Amazon's current and former litigation counsel for hours despite being told that those attorneys have no unique personal knowledge of the facts underlying this case.

Allowing such depositions would serve no legitimate purpose, because the noticed attorneys have no information that would satisfy the legal showing required for deposing a party's litigation counsel, namely: that the deponents have non-privileged information that is crucial to this case and cannot be obtained from any other source. Dkts. 550, 574, 577. Accordingly, the depositions would simply permit Defendants to burden and harass the noticed attorneys and Amazon with examinations that would end-run the law and this Court's March 11 ruling regarding

---

for the 2020 complaints filed in this action, and that the attestations in the attached form declaration are proper and legally sufficient substitutes for all of the 2020 declarations addressed herein. If the Court concludes otherwise, Amazon would be pleased to submit substitute verifications for the complaints and/or a different form of declaration(s) for the Court's consideration.

depositions of counsel. Dkt. 577. Amazon thus respectfully requests a protective order under the privilege law addressed below and in the Court's recent ruling. *Id.*

## Background

On March 11, 2022, the Court entered a protective order prohibiting Defendants from deposing one of Amazon's in-house counsel (Dennis Wallace). Dkt. 577. That order validated privilege objections to Mr. Wallace's deposition (and counsel depositions generally) that Amazon properly raised at the end of February. It was only after Amazon raised these objections that Defendants Brian Watson and WDC Holdings, LLC requested the depositions of the two former Gibson Dunn attorneys who submitted the 2020 verifications addressed in this filing.[2] And Defendants waited until after the protective order actually issued to request the deposition of the third (current) Gibson Dunn attorney, who signed the declarations addressed in this motion. In considering all of these deposition requests, Amazon reviewed the signed submissions at issue and advised defense counsel that the noticed attorneys only reviewed information about this case in their capacity as Amazon's outside counsel, and that as such they had no "personal knowledge" that would be a proper target for discovery.[3] Amazon then offered to withdraw the submissions that had mistakenly referenced these attorneys' personal knowledge of various facts, and offered to

---

[2] Defendants never challenged the sufficiency of Amazon's attorney verifications and declarations in contesting the relevant pleadings or Amazon's requests for preliminary relief that this Court granted in 2020, Dkts. 1, 10, 21, 41-46, 57, and the Fourth Circuit affirmed last year, Dkt. 318-319.

[3] The relevant submissions were filed in support of Amazon's September 18, 2020 Second Amended Complaint, Dkt. 150 at 130 and Dkt. 155 (refiled as Dkts. 156–63); Amazon's August 4, 2020 Corrected First Amended Complaint, Dkt. 100 at 104, and Dkt. 106 (refiled as Dkts. 107–111); and Amazon's Motion for Preliminary Injunction, Dkts. 12, 12-40, and 12-43, and Complaint, Dkt. 1 at 57. *See* Exs. 1–8. The declaration relating to the motion for preliminary relief, Dkt. 12, was devoted primarily to exhibit identification, and referenced personal knowledge only of the facts addressed in the declaration. *See id.* The preliminary injunction itself was supported by independent evidence including three declarations from other witnesses. Dkts. 43, 44, 46.

3

provide an appropriate substitute with corrected language to support its relevant pleadings.

I. **Amazon's Substitute Declaration Is Proper and Legally Sufficient**

The 2020 verifications and declarations at issue in this motion were submitted with Amazon's 2020 complaints and April 2020 request for preliminary relief. Exs. 1-8. Accordingly, it is necessary to look to the law governing those pleadings to determine what supporting statements they required in 2020, and what statements could properly be substituted now. The following three legal principles establish that the proposed declaration attached to this motion is proper and legally sufficient support for all of the 2020 pleadings that required attestations.

*First*, civil complaints do not require verification even when they accompany requests for *ex parte* emergency relief under Federal Rule of Civil Procedure 65(b), because that rule allows such relief on the basis of a "verified complaint *or* affidavit" addressing the "specific facts" required for relief. Fed. R. Civ. P. 65(b). *Second*, the federal statute that governs the form of "verifications" required by federal "rules" (which include Rule 65) states that affidavit requirements can be satisfied by declarations in which signers "declare (or certify, verify, or state) under penalty of perjury that the foregoing [information] is true and correct." 28 U.S.C. § 1746(2). *Third*, even where a verified complaint is necessary or otherwise filed, it does *not* require declarations from individuals with "personal knowledge" of the facts pled. *See, e.g.*, *United States v. 8 Gilcrease Lane Quincy Fla. 32351*, 587 F. Supp. 2d 133, 139 (D.D.C. 2008) (explaining that even "a declaration or certification that includes the disclaimer 'to the best of my knowledge information or belief' is sufficient" at the pleadings stage, because verified complaints "must only 'state sufficiently detailed facts to support a reasonable belief that the [plaintiff] will be able to meet its burden

4

of proof at trial'") (quotation marks and emphasis omitted).[4]

Under the foregoing law, Amazon was not required to file verifications for its 2020 complaints, and there was no need for the 2020 declarations to be submitted based on "personal knowledge." The wealth of direct evidence Amazon submitted via exhibits attached to a declaration signed under penalty of perjury amply supported the temporary relief Amazon obtained in April 2020. *See Gilcrease,* 587 F. Supp. 2d 133, 139 (applying 28 U.S.C. § 1746(2)).[5] And the May 2020 preliminary injunction the Fourth Circuit unanimously affirmed last year, Dkt. 319, was supported by even more direct evidence as well as three independent witness declarations, including one from Mr. Doden, Dkt. 44,[6] the Amazon representative the company now proffers as the substitute declarant on the statements addressed in this motion, *see* Ex. 9. Accordingly, the record supporting even the earliest order Amazon requested and received in 2020 exceeded what was legally required for preliminary relief, which can be based on complaints verified "on information and belief" and then supported with additional evidence. *See, e.g., JTH Tax, Inc. v. Aime*, 2016 WL 4182743, at *5 (E.D. Va. Aug. 3, 2016) (granting preliminary injunction based in part on facts pled upon "information and belief"); *Synthes USA, LLC v. Davis*, 2017 WL 5972705, at *1 n.2

---

[4] *See also, e.g., Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 370–71 (1966) (allowing derivative suit to proceed on the basis of a complaint that was "verified" under Fed. R. Civ. P. 23 "*not* on the basis of [the signer's] own knowledge and understanding, but in the faith that her son-in-law had correctly advised her either that the statements in the complaint were true or to the best of his knowledge he believed them to be true").

[5] *See also, e.g., V'Guara Inc. v. Dec*, 925 F. Supp. 2d 1120, 1123 (D. Nev. 2013) (granting TRO after noting that "the urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial," and that "the trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial" (quoting *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)).

[6] This declaration was later re-filed on the public docket and that public version is reproduced here as Ex. 10. *See* Dkt. 59.

(D.S.C. Dec. 1, 2017) (same, stating that the district court erred in concluding that "'admissible evidence is the deciding factor'" for preliminary relief).

Amazon thus proposes to withdraw the verifications for its 2020 complaints contained in Exhibits 1-3. The substitute declaration Amazon proffers as Exhibit 9 to this motion would replace the 2020 declarations contained in Exhibits 4-8 with a single declaration that provides all the required support for the pleadings those declarations supported without the unnecessary and mistaken declarations of personal knowledge that were not (and are not) required by the law above. When Amazon discussed these issues with Defendants, they refused to consent to Amazon's request to withdraw the 2020 submissions and substitute the new declaration because they claimed that doing so would impact the sufficiency of the original pleadings the submissions supported. Amazon thus respectfully requests leave to file the new declaration without prejudice to any arguments Defendants may wish to raise on the corrected record.

**II.     The *Shelton/Ford* Test Supports a Protective Order**

The information above confirms that there is no valid basis for deposing the attorneys who signed the 2020 statements at issue in this motion. In this district, a party seeking to depose opposing counsel must show that: "(1) no other means exist to obtain the information [requested]; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Ford Motor Co. v. Nat'l Indem. Co.*, 2013 WL 3831438, at *2 (E.D. Va. July 23, 2013) (quoting *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). The deposition requests here do not satisfy this test.

The presumption against deposing an adversary's counsel exists because such examinations can "provide a back-door method for attorneys to glean privileged information about an opponent's litigation strategy from the opposing attorney's awareness of various documents." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 70 (2d Cir. 2003); *see generally Navient Sols.,*

*LLC, v. Law Offices of Jeffrey Lohman, P.C.*, 2020 WL 6379233, at *5 (E.D. Va. Sept. 4, 2020) (disallowing deposition of opponent's litigation counsel); *Moody v. City of Newport New[s]*, 2016 WL 9000275, at *3 (E.D. Va. Jan. 20, 2016) (same). Defendants' requests to depose current and former members of Amazon's outside litigation team implicate all of these concerns. And the proposed deponents here do not possess any knowledge that is both "crucial" to this case and undiscoverable through "other means." *Ford*, 2013 WL 3831438, at *2.

Defendants have not made any contrary showing. Specifically, they have not identified any information the proposed deponents have that Defendants "attempted to obtain" from all "other sources and w[ere] unsuccessful in doing so." *Moody*, 2016 WL 9000275, at *2 (precluding attorney deposition on these grounds); *see also Asbury v. Litton Loan Servicing, LP*, 2009 WL 973095, at *2 (S.D. W. Va. Apr. 9, 2009) (same); *FTC v. Directv, Inc.*, 2016 WL 4154851, at *4 (N.D. Cal. Aug. 5, 2016) (finding it "more convenient" and "less burdensome" for an opponent to depose a party fact witness than counsel) (quotation marks omitted). Defendants have likewise failed to identify any such information that is "crucial" to this case. *See, e.g.*, *FMC Techs., Inc. v. Edwards*, 2007 WL 836709, at *5 (W.D. Wash. Mar. 15, 2007) (prohibiting attorney deposition that would be merely "helpful" to case preparation). Nor could Defendants identify such information given that (1) the 2020 statements that gave rise to the deposition requests concern pleadings that have been superseded by subsequent filings[7] or substantively developed through discovery and legal rulings that the requested depositions would not change,[8] and (2) the attorneys that

---

[7] *See, e.g., Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("an amended pleading supersedes the original pleading, rendering the original pleading of no effect").

[8] *See* Dkts. 57, 256, 319, 330, 413, 433; 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1339 (4th ed.) ("The law is well settled that any objection to a failure to comply with a verification requirement must be raised immediately or not at all."); *Walker v. Kelly*, 589 F.3d 127, 137 (4th Cir. 2009) (interlocutory rulings such as preliminary injunctions constitute

Defendants seek to depose have no knowledge of the facts underlying this case other than that obtained from information or documents possessed by Amazon, let alone knowledge that could not be obtained from other sources, including Amazon's forthcoming 30(b)(6) deposition.

For all of these reasons, a protective order is warranted. *See Navient*, 2020 WL 6379233, at *5 (granting protective order where party "failed to show that th[e] small universe of information [sought from counsel] is unavailable from other sources"); *Moody*, 2016 WL 9000275, at *2; (granting motion to quash where opposing party could obtain necessary information without "intrud[ing] into the unfavored realm of deposing opposing counsel").

## Conclusion

To further the interests of all relevant parties and witnesses, Amazon respectfully seeks leave to withdraw the 2020 submissions in Exhibits 1- 8 of this motion and to file the new declaration proffered at Exhibit 9 (or other attestations in such form as the Court may require), and respectfully requests an order disallowing the three counsel depositions Defendants have noticed.

---

law of the case, and cannot be revisited once subject to an appellate mandate); *Myers v. Colvin*, 2015 WL 3830972, at *16 (E.D. Va. June 18, 2015) (same).

Dated:  March 25, 2022	Respectfully submitted,

/s/ Michael R. Dziuban
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

:

        Casey Kirschner
        635 N. Alvarado Lane
        Plymouth, MN 55447
        By email: casey.kirschner@gmail.com

        *s/ Michael R. Dziuban*
        Michael R. Dziuban
        GIBSON, DUNN & CRUTCHER LLP
        1050 Connecticut Avenue, N.W.
        Washington, D.C. 20036-5306
        Telephone: (202) 955-8500
        Facsimile: (202) 467-0539
        mdziuban@gibsondunn.com

        *Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*