**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br>    Defendants. | CASE NO. 1:20-CV-484-LO-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br>v. <br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS; LLC, <br><br>    Interpleader Defendants, <br><br>and <br><br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br>    Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**AMAZON.COM, INC'S AND AMAZON DATA SERVICES, INC.'S
OBJECTIONS AND RESPONSES TO BRIAN WATSON'S
<u>FIRST SET OF INTERROGATORIES TO PLAINTIFFS</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs" or "Amazon") hereby object and respond to Defendant Brian Watson's First Set of Interrogatories to Plaintiffs ("Interrogatories"), as follows:

**GENERAL OBJECTIONS**

Amazon objects generally to the Interrogatories and Definitions on the grounds set forth below:

1. Amazon objects to the Interrogatories to the extent that they are inconsistent with, or impose obligations greater than or beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of Virginia, or any other schedule or ruling that may be entered by the Court.

2. Amazon objects to the Interrogatories to the extent that: (a) they seek information that is not relevant to the claims and defenses in this action; (b) they are not reasonably calculated to lead to the discovery of admissible evidence or are not proportional to the needs of the case; (c) they are unreasonably cumulative or duplicative; (d) they seek information that is obtainable from some other source that is more convenient, less burdensome, or less expensive; or (e) the burden or expense of the proposed discovery outweighs any likely benefit.

3. Amazon objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, compound and/or unduly burdensome.

4. Amazon objects to the Interrogatories to the extent that they purport to require the production of information that is publicly available, already in Watson's possession, or otherwise available from sources to which the Watson has access, including WDC Holdings LLC dba Northstar Commercial Partners.

5. Amazon objects to the Interrogatories to the extent that they seek trade secrets, proprietary information, confidential information, or commercially sensitive information of

Amazon and its respective current and former employees that is not relevant to, or necessary for, this action.

6. Amazon objects to each Interrogatory to the extent that it seeks information subject to an obligation of confidentiality to a third party.

7. Amazon objects to each Interrogatory to the extent that it is not reasonably limited in time or scope, including without limitation, not reasonably related to the timeframe and issues raised in this litigation. For example, many Interrogatories reference broad and vaguely-defined categories of information that are not reasonably tailored to the claims and defenses in this action. The lack of specificity in these Interrogatories, as framed, could be read as asking Amazon to give much broader responses than is reasonably necessary

8. Amazon objects to each Interrogatory to the extent that it seeks information not known or reasonably available to Amazon, or information that is not within Amazon's possession, custody, or control. Subject to these Objections, in responding to the Interrogatories, Amazon will search for information only in its possession, custody, or control as of the date of these Responses. Amazon's Responses shall not be construed as representations regarding the existence or nonexistence of specific information in its possession, custody, or control.

9. Amazon objects to the Interrogatories to the extent that they seek information exempt from discovery and protected from disclosure pursuant to any privilege, immunity or obligation of confidentiality, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and any privilege created by statute or common law. The absence of a specific objection on the grounds of privilege should not be interpreted as evidence that Amazon does not object to an interrogatory on the basis of an applicable privilege. Nothing contained in this response is intended to be nor should be considered a waiver of any attorney-client privilege, work product doctrine, the right of privacy, or any other applicable privilege or doctrine, and to the extent that any Interrogatory may be construed as calling for disclosure of information protected by such privileges or doctrines, a continuing objection to each and every

such Interrogatory is hereby imposed. Any inadvertent disclosure of any privileged information shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or Amazon's right to object to the use of any document inadvertently disclosed. Amazon reserves the right to demand that the parties in this action return any document inadvertently produced. Amazon has not previously waived any applicable privilege and specifically states that it does not intend to do so through the production of any documents or information in response to the Interrogatories. In the event of inadvertent disclosure of any information or inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery, the receiving parties will return the information and documents to Amazon and will be precluded from disclosing or relying upon such information or documents in any way.

      10. Amazon objects to the Interrogatories to the extent that they purport to require Amazon to search for and produce information that is not "reasonably accessible" as that term is used in Federal Rule of Civil Procedure 26(b). Amazon will not search document repositories that are not reasonably accessible, including any archived data that would be unduly burdensome to search or restore. Amazon objects to the Interrogatories to the extent that they purport to require Amazon to conduct anything beyond a reasonable and diligent search for readily accessible files, including electronically stored information ("ESI"), from readily accessible sources.

      11. Amazon objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous. By responding and objecting to the Interrogatories, Amazon does not admit the correctness of any such assertions.

      12. Amazon objects to the Interrogatories to the extent they purport to redefine terms that are commonly used or otherwise defined by the Federal Rules of Civil Procedure, the Local Rules, and normal English parlance or purport to alter normal rules of English grammar and the

meaning those rules convey. Unless otherwise noted, Amazon rejects any attempt to redefine words or alter general rules of grammatical construction and will use terms in their ordinary meaning in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court and will interpret and apply terms in their ordinary meaning.

13. To the extent that Watson disagrees with or does not understand any General or Specific Objection to an Interrogatory, Amazon is willing to meet and confer with Watson in a good-faith effort to address Watson's questions or concerns.

14. In making these objections, Amazon does not, in any way, waive or intend to waive, but rather intends to preserve and is preserving the following:

    a. All objections as to competency, relevancy, materiality, authenticity, and admissibility of any objections, responses and/or information provided in response to the Interrogatories;

    b. All rights to object on any ground to the use in evidence, at trial, at any hearing, or at any proceeding of any of these objections, responses, and/or information provided in response to the Interrogatories; and

    c. All rights to object on any ground at any time to a demand for any further response to these or any other Interrogatories.

15. Nothing contained in any response herein shall be deemed to be an admission, concession, or waiver by Amazon as to the validity of any claim, allegation, or defense that has been or may be asserted by Watson in this action, or to the relevance or admissibility of any documents or information produced in the litigation or provided in these responses.

16. All the General Objections contained herein are expressly incorporated into each of the responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:**

IDENTIFY each PERSON who prepared, assisted, or provided information RELATING TO YOUR pleadings and discovery responses in the present ACTION, including, but not limited to, the PERSON'S relationship to YOU and which specific fact, allegation, pleading, and/or discovery response the PERSON prepared, assisted with, or provided information about.

**Objections and Response to Interrogatory No. 1:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response. Amazon also objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 2:**

IDENTIFY in detail all misrepresentations, omissions, or "fraudulent aspects" YOU allege one or more of the DEFENDANTS made, and for each misrepresentation, omission, or "fraudulent aspect," IDENTIFY the substance of the misrepresentation, omission, or "fraudulent aspect," including all factual bases supporting YOUR contention that a misrepresentation, omission, or "fraudulent aspect" occurred, which PERSON made the misrepresentation or omission and on behalf of which DEFENDANT, which PERSON received the misrepresentation or omission, including the PERSON'S name, title, and place of employment, the date the

6

misrepresentation or omission was made or "fraudulent aspect" occurred, the actions YOU took based on the misrepresentation, omission or "fraudulent aspect," and the harm YOU allegedly suffered due to each misrepresentation, omission, or "fraudulent aspect."

**Objections and Response to Interrogatory No. 2:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response. Amazon also objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities. Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 3:**

Describe in detail the "internal investigation" YOU allege YOU conducted into the facts and allegations underlying this Complaint, including, but not limited to, IDENTIFYING the date the investigation began, the date the investigation concluded, the PERSON or PERSONS responsible for the investigation, each PERSON of PERSONS who participated in the substance of the investigation, including his or her specific role in the investigation, the DOCUMENTS, files, or databases searched during the investigation, the DOCUMENTS discovered during YOUR investigation which support YOUR allegations in this ACTION and which allegation each DOCUMENT supports, the identity of Informant 1 as defined in the operative complaint,

7

and the date and substance of each of YOUR COMMUNICATIONS with Informant 1, Luke Gilpin, and Tim Lorman.

**Objections and Response to Interrogatory No. 3:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response.  Amazon also objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities.  Amazon further objects to this Interrogatory to the extent that it requires Amazon to engage in unreasonable searches to identify responsive information.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 4:**

IDENTIFY each "build-to-suit lease transaction," as described in at least Paragraphs 54-63 of the operative complaint, YOU investigated, explored, or executed from January 1, 2017 through the present, including, but not limited to, IDENTIFYING the state, county, and or address of each proposed or actualized data center project, the investigation YOU or YOUR agents or brokers conducted into each state, county, or proposed data center project or property, the IDENTITY of your employees(s), broker(s), or agent(s) responsible for investigating each proposed data center project, including a description of his or her role in the process, and presenting the investigation to YOU, the detailed substance of the "multi-step process for selecting suitable land" for each proposed project or property, including each "step" of the

8

process and the PERSONS to whom each proposed data center project or property was presented to at each step, the "internal diligence [conducted] by [YOU]" for each proposed project or property, which specific projects or properties YOU sent out a request for proposal for, which specific data center projects or properties YOU did not send out a request for proposal for, the substance and/or contents of the requests for proposal YOU sent to prospective PERSONS for each proposed project or property, which PERSONS YOU submitted responses to each request for proposal, which PERSON YOU awarded the contract to following each request for proposal, and which "build-to-suit" leases and/or contracts YOU ultimately entered, and whether or not YOU submitted a request for proposal for the "build-to-suit" leases and/or contracts YOU ultimately entered.

**Objections and Response to Interrogatory No. 4:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response. Amazon also objects to this Interrogatory to the extent that it purports to call for the production of information that is not relevant to any party's claims or defenses, disproportionate to the needs of the case, and/or of such marginal relevance that its probative value is substantially outweighed by the burden imposed on Amazon in having to search for and provide such documents.  Amazon further objects to this Interrogatory on the grounds that it is overly burdensome and overly broad. Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 5:**

IDENTIFY each contract YOU allege one or more DEFENDANTS breached, including but not limited to, the title of the contract, the parties to the contract, the effective date of each contract, which, if any, DEFENDANTS breached the contract, the specific provision the DEFENDANT(S) breached, when each breach occurred, and the specific harm YOU suffered from each breach.

**Objections and Response to Interrogatory No. 5:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response. Amazon also objects to this Interrogatory to the extent that it purports to call for the production of information that is not relevant to any party's claims or defenses, disproportionate to the needs of the case, and/or of such marginal relevance that its probative value is substantially outweighed by the burden imposed on Amazon in having to search for and provide such documents. Amazon further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 6:**

Do you contend that YOU would have received the same or comparable contractual obligations from WDC Holdings, or any other party, for a lower cost if WDC Holdings had not paid the referral fees alleged in Paragraph 174 in relation to the leases at issue in the operative complaint? If so, IDENTIFY with specificity (a) all facts underlying this contention; (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Objections and Response to Interrogatory No. 6:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response.  Amazon also objects to this Interrogatory to the extent that it purports to require the production of information that is already in the possession, custody, or control of Watson, or available from sources to which Watson also has access.  Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities.   Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 7:**

Do YOU contend that Defendants paid or promised to pay referral fees or "kickbacks" to Amazon employees, or former employees? If so, IDENTIFY with specificity, (a) all facts underlying this contention, including, but not limited to, the substance of the alleged promise(s)

11

or "kickbacks," which DEFENDANT(S) YOU contend took which actions in relation to the alleged promise(s) or "kickbacks," which of YOUR employee(s) received such payment or promise and the date each payment or promise occurred, who made each payment or promise, and the amount of each payment or promise to pay; (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Objections and Response to Interrogatory No. 7:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response. Amazon also objects to this Interrogatory to the extent that it purports to require the production of information that is already in the possession, custody, or control of Watson, or available from sources to which Watson also has access. Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities. Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 8:**

Do YOU contend that one or more DEFENDANTS were involved in the White Peaks Purchase as identified in the operative Complaint? If so, IDENTIFY with specificity (a) all facts underlying this contention, including, but not limited to, which DEFENDANTS participated in the White Peaks Purchase, the action(s) each DEFENDANT took with regard to the White Peaks Purchase, and the approximate date each DEFENDANT'S actions took place; (b) all PERSONS

with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Objections and Response to Interrogatory No. 8:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response.  Amazon also objects to this Interrogatory to the extent that it purports to require the production of information that is already in the possession, custody, or control of Watson, or available from sources to which Watson also has access.  Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities.  Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 9:**

Do YOU contend that Plaintiffs would have paid a lower purchase price for the White Peaks property if one or more DEFENDANTS had not allegedly given a share of the profits to Amazon employees as alleged in Paragraph 301 of the operative Complaint? If so, identify with specificity (a) all facts underlying this contention (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Objections and Response to Interrogatory No. 9:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response.  Amazon also objects to this Interrogatory to the extent that it purports to

require the production of information that is already in the possession, custody, or control of Watson, or available from sources to which Watson also has access. Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities. Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 10:**

Do YOU contend that one or more DEFENDANTS violated a duty, be it legal, contractual, or ethical, to report the payments from WDC Holdings to Villanova Trust to Amazon or anyone else? If so, IDENTIFY with specificity, (a) all facts underlying this contention, including, but not limited to, IDENTIFYING which DEFENDANTS owed which PERSONS such a duty, why the DEFENDANT(S) owed such a duty, and the factual and/or legal bases supporting such a duty; (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Objections and Response to Interrogatory No. 10:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response. Amazon also objects to this Interrogatory to the extent that it purports to require the production of information that is already in the possession, custody, or control of Watson, or available from sources to which Watson also has access. Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from

disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities. Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 11:**

Do YOU contend that one or all NORTHSTAR DEFENDANTS had knowledge of the alleged payments from the Villanova Trust bank account to one or more entities associated with CARLETON NELSON, CASEY KIRSCHNER, or Rod Atherton? If so, IDENTIFY with specificity, (a) all facts underlying this contention, including, but not limited to, which NORTHSTAR DEFENDANTS had knowledge of these payments, the substance and or/extent of the NORTHSTAR DEFENDANTS' knowledge of such payments, the date(s) each NORTHSTAR DEFENDANT learned of such payments, (b) all PERSONS with knowledge RELATING TO this contention; and (c) all documents supporting this contention.

**Objections and Response to Interrogatory No. 11:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response. Amazon also objects to this Interrogatory to the extent that it purports to require the production of information that is already in the possession, custody, or control of Watson, or available from sources to which Watson also has access. Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information,

including but not limited to the confidential information of other persons or entities.  Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 12:**

Do YOU contend one or more DEFENDANTS "abused" or "exploited" YOUR internal "transactional spend approval" process? If so, IDENTIFY with specificity, (a) all facts underlying this contention, including, but not limited to, which DEFENDANT(S) abused or exploited the transactional spend approval process, the substance of each instance of abuse or exploitation, each DEFENDANT'S role in each instance of abuse or exploitation, when each instance of abuse or exploitation occurred, and evidence supporting why each DEFENDANT'S actions with regard to each instance constituted abuse or exploitation (for example, to the extent to allege "the TM Defendants' presentations on several of the Northstar sites represented that the proposed sites were 'below market,'" (Compl. ¶ 81), IDENTIFY evidence that supports that the proposed sites were not below market); (b) all PERSONS with knowledge RELATING TO this contention; and (c) all documents supporting this contention.

**Objections and Response to Interrogatory No. 12:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response.  Amazon also objects to this Interrogatory to the extent that it purports to require the production of information that is already in the possession, custody, or control of Watson, or available from sources to which Watson also has access.  Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from

16

disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities. Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

**Interrogatory No. 13:**

IDENTIFY with specificity YOUR involvement with IPI's termination of one or more of the NORTHSTAR DEFENDANTS from NSIPI DATA CENTER VENTURES, LLC and any related entity, including, but not limited to, IDENTIFYING all COMMUNICATIONS, contracts, and draft contracts by, between, or about YOU and IPI, RELATING TO the LEASE TRANSACTIONS from January 1, 2017 through the present and the PERSONS involved with and/or responsible for renegotiating the contract(s) between YOU and IPI concerning the LEASE TRANSACTIONS.

**Objections and Response to Interrogatory No. 13:**

Amazon refers to and incorporates by reference its General Objections as though fully set forth in this Response. Amazon also objects to this Interrogatory to the extent that it purports to require the production of information that is already in the possession, custody, or control of Watson, or available from sources to which Watson also has access. Amazon further objects to this Interrogatory to the extent that it calls for the production of information protected from disclosure by the attorney-client privilege, work product protection, or confidential information, including but not limited to the confidential information of other persons or entities. Amazon further objects to this Interrogatory as premature on the ground that discovery remains on-going.

Subject to and without waiving the foregoing objections, Amazon responds as follows: Amazon offers to meet and confer with Watson's counsel to reach a mutually agreeable resolution to the foregoing objections.

Dated: January 7, 2022

By: *s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2022, I served the following parties the foregoing Notice of Subpoena by email and by U.S. mail to their last-known address (where noted):

Stanley L. Garnett
Justin L. Cohen
Amanda K. Houseal
Brownstein Hyatt Farber Schreck LLP
410 Seventeenth St., Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
jcohen@bhfs.com
ahouseal@bhfs.com
*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

George R. Calhoun
Jeffrey Hamlin
James M. Trusty
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W. Suite 650
Washington, DC 20006
george@ifrahlaw.com
jhamlin@ifrahlaw.com
jtrusty@ifrahlaw.com
*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

Alex Little
Rachel Friedman
Burr & Forman LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Alex.little@burr.com
rfriedman@burr.com
*Counsel for Carleton Nelson and Cheshire Ventures*

Casey Kirschner (via U.S. mail)
635 N. Alvarado Lane
Plymouth, MN 55447
Casey.kirschner@gmail.com
*Pro se*

Kathryn M. Skilton
Michael R. MacPhail
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
kathryn.skilton@faegredrinker.com
michael.macphail@faegredrinker.com
*Counsel for Intervenor 800 Hoyt, LLC*

Aaron G. McCollough
McGuireWoods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
*Counsel for the Receiver Mark Roberts*

*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500

19

Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*