IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. AND AMAZON DATA SERVICES, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> WDC HOLDINGS LLC DBA NORTHSTAR COMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINSITRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPTIAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KRISCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; JOHN DOES 1-20, <br><br> *Defendant.* | Civil Action No. 1:20-cv-00484-LO-TCB |

**DEFENDANT'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Casey Kirschner, pro se, hereby submits the following initial disclosures. Defendant reserves the right to supplement and/or amend these disclosures after further discovery and/or investigation in accordance with the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Defendant makes these disclosures subject to and without waiving his right to protection from disclosure of any work product, including mental impressions, conclusions, opinions or legal theories of his attorneys or other representatives concerning the litigation. The following disclosures are made based on the information reasonably available to Defendant as of the date of this disclosure, and represents Defendant's good faith efforts to identify information pertaining to the allegations in the Complaint as required by Rule 26(a)(1).

In addition, this disclosure is based only on such information and documentation of which Defendant is presently aware. It is anticipated that further investigation, research and analysis will supply additional facts and documents, add meaning to known facts, all of which may in turn lead to substantial additions or changes to this disclosure. If Plaintiffs seek different or additional information, Defendant asks that Plaintiffs specify what they are requesting and Defendant will attempt to respond.

Defendant makes these disclosures without waiving any right or opportunity to assert or otherwise present, at any time in this lawsuit, information (including information contained in any documents) addressing facts and issues other than those identified above. Defendant reserves the right to supplement this disclosure upon the discovery of additional information or to the extent Plaintiffs assert, clarify, modify or otherwise develop additional theories in this lawsuit. Defendant further reserves all objections to the introduction of the documents and the testimony of witnesses identified below, at any hearing and at trial of this lawsuit.

## INITIAL DISCLOSURES

**(i)  the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information -- that**

**the disclosing party may use to support its claims or defense, unless the use would be solely for impeachment;**

| Name | Contact Information | Type of Information |
|---|---|---|
| Karen Davenport (former Director, AWS Global Real Estate and Development) | 10017 Circleview Dr Austin, TX 78733<br><br>512-373-5533 | Listed approver for AWS' internal capital appropriations requests ("CARs") for IAD 124, 125, 126, 127, 130, 131, 144, 156, 170; CAR process generally. |
| Eugene Choi (former Finance Director, AWS Infrastructure Global Expansion and Networking; current Senior Vice President Finance, ViacomCBS) | ℅ ViacomCBS 1515 Broadway 53rd Floor New York, NY 10036 USA | Listed approver for CARs for IAD 124, 125, 126, 127, 130, 131, 144, and 145; independent financial analyses and models prepared within CAR process. |
| Khozem Lokhandwala (Vice President, AWS Data Center Planning and Delivery) | Plaintiffs' counsel | Listed approver for CARs for IAD 124, 125, 126, 127, 130, 131, 144, 156, 170; independent financial analyses and models prepared within CAR process; responsible for 4 building strategy for IAD124 campus; responsible for presenting project financials in executive level CAR meetings; determined metrics to include in CAR executive summary document; December 13, 2019 decision to purchase the Blueridge property in calendar year 2019. |
| Chris Vonderhaar (Vice President, AWS Infrastructure Forecasting, Planning, and Amazon Corporate Systems) | Plaintiffs' counsel | Listed approver for CARs for IAD 130 and 131; CAR approval process generally; "decisionmakers" at AWS with respect to real estate transactions. |
| Peter DeSantis (Vice President, AWS Global Infrastructure) | Plaintiffs' counsel | Listed approver for CARs for IAD 124, 125, 126, 127, 130, 131, 144, 156, 170; independent financial analyses and models prepared within |

| | | |
|---|---|---|
| | | CAR process; presented projects directly to then-AWS CEO Andy Jassy for CAR approval. |
| Sean Boyle (Chief Financial Officer, AWS) | Plaintiffs' counsel | Listed approver for CARs for IAD 124, 125, 126, 127, 130, 131, 144, 156, 170; Amazon's spending & transaction policy. |
| Andy Jassy (Chief Executive Officer, Amazon) | Plaintiffs' counsel | Listed approver for CARs for IAD 124, 125, 126, 127, 130, 131, 144, 156, 170; Amazon's interpretation of Mr. Jassy's outside compensation from entities (Seattle Hockey Partners) doing business with Amazon; AWS revenue from each data center at issue in Amazon's complaint and generally. |
| Saleh Chowdhury (former Finance Manager, AWS; current Global Expansion Strategy Lead, Google) | | Listed approver for CAR for IAD 144; independent financial analyses and models prepared within CAR process. |
| Gavin Joughin (Head of Infrastructure Capacity Management, AWS) | Plaintiffs' counsel | Listed approver for CAR for IAD 144; independent financial analyses and models prepared within CAR process. |
| Elaine Feeney (former Vice President, AWS Infrastructure Global Expansion) | elaine.feeney@gmail.com | Listed approver for CAR for IAD 145; CAR approval processes. |
| Gretchen Stephenson (Finance Director, AWS Infrastructure) | Plaintiffs' counsel | Listed approver for CARs for IAD 156 and 170; independent financial analyses and models prepared within CAR process. |
| Joe Minarik (Head of Global Data Center Supply Solutions, AWS) | Plaintiffs' counsel | Listed approver for CAR for IAD 144; CAR approval processes; May 14, 2019 request to "pull in" land acquisitions "as soon as possible"; December 13, 2019 decision to purchase the Blueridge property in |

| | | |
|---|---|---|
| | | calendar year 2019; 2019 directive to infrastructure team to "solve for 10 times growth over next 10 years". |
| Brian Bobinski (former AWS Senior Financial Analyst, Infrastructure Global Expansion / current Amazon Senior Financial Analyst, Kids + Subscription) | Plaintiffs' counsel | Financial analyses and comparison for AWS real estate transactions including with NSIPI, the Blueridge Group LLC and White Peaks. |
| Shruti Shah (AWS Senior Finance Manager) | Plaintiffs' counsel | Financial analyses and comparison for AWS real estate transactions; email sent in February 2020 to AWS infrastructure team outlining the reasons why the IAD156 acquisition was a financial success for Amazon. |
| Reed Mayer (AWS Real Estate Development Manager) | Plaintiffs' counsel | Ongoing tracking and analysis of costs of real estate projects, including the NSIPI buildings; approval process for change orders to real estate projects; the discovery of IPI's attempt to pass through up to $30 million in additional fees to AWS in the NSIPI lease amendments to benefit IPI submitted to AWS legal by IPI in November 2019. |
| Keith Kline (AWS Managing Principal, Americas, Real Estate Acquisition and Development) | Plaintiffs' counsel | Tasks and responsibilities of the AWS infrastructure team; CAR approval process; Northstar; "guaranteed maximum price" budgets for leases entered into by AWS; Mr. Kline's decision to work with Oppidan over Northstar on a data center real estate development project in California. |
| Todd Meldahl (Principal, KBC Advisors) | KBC Advisors 5628 Airport Way S #238, Seattle, WA 98108 (206) 741-1030 | Amazon's undisclosed rebate agreement with Mr. Meldahl and his brokerage firm whereby Mr. Meldahl secretly kicked commission fees earned from land sellers back to |

|  |  | Amazon; Amazon's lack of formal "request for proposal" process; land valuation process; Mr. Meldahl's process for proposing sites to AWS. |
|---|---|---|
| Sarah Tyerman (AWS, Senior Corporate Counsel) | Plaintiffs' counsel | Legal review and approval process for AWS real estate transactions, including gifts of land to third parties (including in exchange for approval of federal permit requested by Amazon). |
| Marnina Cherkin (AWS, Senior Corporate Counsel) | Plaintiffs' counsel | Legal review and approval process for AWS real estate transactions, including IPI's proposed NSIPI lease amendments adding $30 million in fees to the NSIPI leases in November 2019 and Amazon's rejection of the same. |
| Dennis Wallace (AWS, Associate General Counsel) | Plaintiffs' counsel | Legal review and approval process for AWS real estate transactions, including gifts of land to third parties (including in exchange for approval of federal permit requested by Amazon); Mr. Wallace's public filings related to IAD156 with government officials, attaching Blueridge Group LLC's extensive work to rezone the property. |
| Kelly Struhs (former AWS Senior Corporate Counsel) | ℅ Office of the Metro Attorney<br>600 NE Grand Ave<br>Portland, OR 97232 | Legal review and approval process for AWS real estate transactions, including Amazon's purchase of the Blueridge and White Peaks sites. |
| *Blueridge* |  |  |
| Herb Glimcher (Managing Director, Glimcher LLC formerly known as Blueridge Group, LLC) | ℅ Glimcher Legacy LLC<br>250 West Street Suite 700<br>Columbus, Ohio 43215<br><br>614-563-8187<br>herb@glimchercompany.com | Mr. Glimcher's personal relationship with Chantilly Crushed Stone; Mr. Glimcher's pursuit of a build-to-suit transaction with Amazon; Blueridge Group LLC's extensive work to rezone IAD156 to data center use by right. |

| | | |
|---|---|---|
| Michael Glimcher (CEO, Donahue Schriber) | ℅ Donahue Scribner 200 E. Baker Street Suite 100 Costa Mesa, CA 92626 | Blueridge Group LLC's extensive work to rezone IAD156 to data center use by right. |
| Johnny Lim (Principal, JCL Consulting, LLC) | ℅ JCL Consulting, LLC 4460 Brookfield Corporate Dr, Suite K Chantilly, VA 20151 jlim@jclconsultingllc.com | Blueridge Group LLC's work to rezone the property from mineral rights to data center use by right; work with Amazon to vet potential land for data center use by right; use by Amazon of JCL Consulting as a pass through for payments. |
| Ed Hoy (COO, Chantilly Crushed Stone) | ℅ Chantilly Crushed Stone, Inc. 25000 Tanner Lane Chantilly, VA 20152 703-471-4461 edhoy@gudelskygroup.com | Sale of the Blueridge property to the Blueridge Group LLC; payments to brokers. including Kevin Goeller;  sale of IAD150 campus to Oppidan and IAD140 campus to COPT. |
| John Gudelsky (CEO, Chantilly Crushed Stone) | ℅ Chantilly Crushed Stone, Inc. 25000 Tanner Lane Chantilly, VA 20152 703-471-4461 | Sale of the Blueridge property to the Blueridge Group LLC; personal relationship with Herb Glimcher. |
| **White Peaks** | | |
| Chuck Kuhn (President & CEO, JK Moving Services) | ℅ JK Moving Services 44112 Mercure Cir, Sterling, VA 20166 (703) 260-4282 chuck.kuhn@jkmoving.com | IAD170 property; contractual agreements with White Peaks; CyrusOne and Coresite offers to purchase the White Peaks property, as represented by Mr. Ramstetter in recording filed by Amazon.  Call with Casey Kirschner in February 2020 confirming backup offers for IAD170; relationship with White Peaks during Mr. Ramstetter and Mr. Camenson's employment with Northstar; composition of White Peaks investment team. |
| Kevin Goeller (Broker, KLNB) | ℅ KLNB 8065 Leesburg Pike, Suite 700 Tysons, VA 22182 | Work as broker on behalf of Mr. Kuhn for IAD170; inability of Amazon to work with Mr. Goeller, as claimed by Mr. Ramstetter in |

| | | |
|---|---|---|
| | kgoeller@klnb.com<br>703-268-2700 | recording filed by Amazon as Ex. 106-9; land valuations, including Mr. Goeller's offer to sell AWS a parcel adjacent to IAD170 for $1.9 million per acre in August/September 2019; Mr. Goeller's claim to Mr. Hoy that Chantilly Crushed Stone should negotiate a price up to 40% more than the sale price to Amazon; involvement in the sale of the 60 acre St. John's property (adjacent to IAD156) to Microsoft for $1.4M per acre. |
| Kyle Ramstetter (Owner, Hand & Stone Spa Franchise Fort Collins; Managing Director, White Peaks Capital LLC) | 1275 Castle Pointe Dr, Castle Rock, CO 80104 | Purchase and sale of IAD170; representation of back up offers at $1.3 million for IAD170; "change orders" to the NSIPI lease projects; all conversations secretly recorded by Mr. Ramstetter and filed in this litigation by Amazon, including editing thereto in audio files; manipulation of "lease" budget for the IAD124 project; working relationship with Patricia Watson and claim to Ms. Watson that if she purchased a certain parcel of land in Ohio that he could guarantee AWS would work with Ms. Watson on a data center development project; Mr. Ramstetter's claim that White Peaks was his new employer and was a heavily capitalized development company out of Denver run by family friends. |
| Will Camenson (Managing Director, White Peaks Capital LLC) | | Purchase and sale of IAD170; representation to AWS that he was White Peaks' Director of Development; investment team with White Peaks. |
| Coresite | 1001 17th Street, Suite 500 Denver, CO 80202 | Offer to purchase IAD170 for $1.3 million per acre as represented by |

|  | 1-866-777-2673 | Mr. Ramstetter in recording filed by Amazon as Ex. 212-13. |
|---|---|---|
| CyrusOne | 2850 N. Harwood St. Suite 2200 Dallas, TX 75201<br><br>1-855-564-3198 | Offer to purchase IAD170 for $1.3 million per acre as represented by Mr. Ramstetter in recording filed by Amazon as Ex. 212-13. |
| **Northstar** |  |  |
| Tim Lorman (Executive Managing Director, DRGInvest) | 7895 W Trail North Drive Littleton, CO 80125 | Northstar's work on the NSIPI development projects; RMSF, LLC investors; relationship with IPI. |
| Patricia Watson (Cofounder, Ubuntu Partners LLC) | % Ubuntu Partners LLC 1750 Wewatta St. Suite 813 Denver, CO 80202<br><br>406-600-0432 | Legal review of contract between Villanova Trust and WDC Holdings; independent work with Mr. Ramstetter regarding purchase of land suitable for data center use in Ohio and elsewhere while Mr. Ramstetter was employed by Northstar to do the same; work with broker Will Turner and representation to Mr. Turner that Mr. Ramstetter worked with Ms. Watson and could guarantee project engagement with AWS. |
| Will Turner (Avison Young Real Estate in VA and OH) |  | Selling broker on multiple potential data center sites in Virginia and Ohio; disclosure to Mr. Kirschner in January 2019 that Ms. Watson was purchasing a site in Ohio (per direction from Mr. Ramstetter) that AWS previously had under contract and Mr. Ramstetter's claim that he could guarantee Ms. Watson an engagement with AWS on a data center project. |
| Josh Richards (Vice President, Originations at Pensam Capital) | % Pensam Capital 9123 E Mississippi Avenue Denver, CO 80247 | NSIPI development projects; relationship between Northstar and IPI; relationship with Ms. Watson related to real estate transactions. |

| Donald Marcotte (Founding Member, Strategic Storage Partners LLC) | ℅ Strategic Storage Partners 19590 E. Mainstreet, Suite 107 Parker, CO 80138 | NSIPI development projects; August 2017 meeting with AWS in Seattle to present development capabilities. |
|---|---|---|
| **IPI** | | |
| Luke Gilpin (Director, IPI Partners) | ℅ IPI Partners 300 N. LaSalle Street, Suite 1500 Chicago, IL 60654 | Proposed lease amendments to add/pass through approximately $30 million in additional IPI fees to Amazon budgets after substantial completion of the NSIPI buildings in November 2019 (two weeks prior to Amazon's receipt of December 2, 2019 email referenced in complaint); denial of the amendments and value of loss to IPI for expenses over the "guaranteed maximum price" budget agreed to with AWS; relationships with Mr. Ramstetter, Mr. Richards and Mr. Camenson; lease reformation process to remove Northstar from the Amazon projects and any claims by IPI that Amazon was responsible for any cost overages on NSIPI developments. |
| Matt A'Hearn (Partner, IPI Partners) | ℅ IPI Partners 300 N. LaSalle Street, Suite 1500 Chicago, IL 60654 | Proposed lease amendments to add/pass through approximately $30 million in additional IPI fees to Amazon budgets after substantial completion of the NSIPI buildings in November 2019 (two weeks prior to Amazon's receipt of December 2, 2019 email referenced in complaint); denial of the amendments and value of loss to IPI for expenses over the "guaranteed maximum price" budget agreed to with AWS; relationships with Mr. Ramstetter, Mr. Richards and Mr. Camenson; lease reformation process to remove Northstar from the Amazon projects and any claims by IPI that Amazon |

| | | was responsible for any cost overages on NSIPI developments. |
|---|---|---|
| Sean Ivery (Managing Partner, IPI Data Center Partners) | % IPI Partners<br>300 N. LaSalle Street, Suite 1500<br>Chicago, IL 60654 | Proposed lease amendments to add/pass through approximately $30 million in additional IPI fees to Amazon budgets after substantial completion of the NSIPI buildings in November 2019 (two weeks prior to Amazon's receipt of December 2, 2019 email referenced in complaint); denial of the amendments and value of loss to IPI for expenses over the "guaranteed maximum price" budget agreed to with AWS; relationships with Mr. Ramstetter, Mr. Richards and Mr. Camenson; lease reformation process to remove Northstar from the Amazon projects and any claims by IPI that Amazon was responsible for any cost overages on NSIPI developments. |
| | | |
| Christian Kirschner (Senior Director, Smith & Nephew) | | Villanova Trust |
| Rodney Atherton (Partner, AEGIS Law) | % AEGIS Law<br>6870 W. 52nd Ave. Ste. 203<br>Arvada, CO 80002<br><br>ratherton@aegisps.com<br>314-454-9100 | Allcore Development LLC. |
| Chuck Fiala (former Senior Vice President, COPT) | % Blackchamber Group<br><br>cjf@blackchambergroup.com | Merchant developers and standards of working with Amazon, including fees like leasing fees, management fees, etc. |
| Battista Orcino (VP, Leasing and Development, Duke Realty Corporation) | % Duke Realty Corporation<br>8711 River Crossing Blvd<br>Indianapolis, IN 46240<br><br>317-808-6000 | Duke's proposed yield rate exceeding 7% for a second AWS build-to-suit development project (Route 50 and LCPW site) conveyed to AWS in mid-2017. |

| Arun Banskota (former Vice President, Data Center Global Services and Energy) | ℅ Algonquin Power & Utilities Corporation 354 Davis Road Oakville, Ontario L6J 2X1 | CAR process; independent analysis of potential land for data center use; request and approval of early close on IAD156 land in 2019 to ensure spend of approved 2019 capital. |
|---|---|---|
| Kevin Quaid (Senior Program Manager, Security Engagement and Compliance, AWS) | Plaintiffs' counsel | Previously led data center due diligence regarding AWS site selection; risk and resiliency analysis in CAR process; directed by AWS leadership in Q12017 to complete a risk analysis to determine the risk related to one merchant developer (COPT) owning over 30% of the AWS data center portfolio in IAD, the results of which led to the directive to the infrastructure team to bring in new development partners to diversify AWS' developer pool and leverage proposed business terms to drive down COPT costs and yield rates. |
| Beth Galetti (SVP, People Experience and Technology Amazon) | Plaintiffs' counsel | Amazon human resources leader who can provide information on AWS' claim in its first amended verified complaint that Mr. Kirschner explained the reasoning for his resignation with human resources as (1) he had recently become "independently wealthy" and (2) was "protesting" Mr. Nelson's June 2019 termination. |
| Luke Sullivan (former attorney, Gibson Dunn & Crutcher LLP) | | Signed verified complaint filed in this action stating he could testify to facts therein. |
| Travis Andrews (former attorney, Gibson Dunn & Crutcher LLP) | | Signed verified complaint in this action stating he could testify to facts therein. |
| D. Matthew Doden (Corporate Compliance Counsel, Amazon) | Plaintiffs' counsel | Amazon's internal investigation and facts represented in Mr. Doden's signed affidavit. |

| Yousri Omar (Senior Corporate Counsel, Business Compliance and Ethics, Amazon) | Plaintiffs' counsel | Facts represented Mr. Omar and his conversations with former Northstar employees referenced in Mr. Doden's signed affidavit. |
|---|---|---|
| Ernest Popsecu (former Director, AWS Global Data Center Supply Solutions & Real Estate Development; current Director, Facebook Global Data Center Site Development) | ℅ Facebook<br>1 Hacker Way<br>Menlo Park, CA 94025 | Internal email by Mr. Popescu regarding Mr. Kirschner's resignation; management of Mr. Kirschner and his promotions; knowledge of Mr. Kirschner's work and assistance in closing over $300M in real estate transactions between December 2, 2019 and April 2, 2020. |

Defendant reserves the right to call as a witness any person or expert designated by Plaintiffs. Defendant reserves the right to call as a witness his own experts, which have not yet been identified. In accordance with Federal Rule of Civil Procedure 26(a)(1), Defendant eserves the right to identify additional witnesses as discovery reveals the same.

At this time, Defendant does not have enough information to determine which witnesses, if any, might be called to testify in this action. Defendant, however, reserves the right to use any person, entity, or both, identified by Plaintiffs in their disclosures or responses to discovery to support their defenses in this case. Moreover, Defendant has not completed its investigation and, therefore, Defendant reserves the right to supplement these disclosures as his investigation into this matter and discovery continues.

**(ii)   a copy - or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;**

RESPONSE:  Defendant's investigation in this matter is a continuing endeavor. Defendant will supplement this disclosure to the extent the discovery process yields more information subject

to disclosure. Defendant, however, reserves the right to use any document, tangible thing, or both, identified by any other party in its disclosures or produced in discovery to support their defenses in this case. At present, without waiving any objections as to admissibility, Defendant identifies the following documents or categories of documents which may be used to support his defenses:

1. All documents produced by Plaintiffs in this action.
2. Documents seized by the government pursuant to 2020 search warrants and returned to Mr. Kirschner, including certain documents from the Amazon work laptop Mr. Kirschner used between January 2020 and April 2020.. (Notably, Mr. Kirschner did not receive from the government documents from the Amazon work laptop Mr. Kirschner employed between his start date and January 2020 that Amazon references in its complaint and in Mr. Doden's verified affidavit.)
3. All documents identified or produced by any other party and/or non-parties implicated in this litigation, including but not limited to, telephone records, text messages, and emails.

At this preliminary stage of the lawsuit, Defendant is unable to identify with specificity other documents that might support its claim. Due to the nature of this lawsuit, Defendant anticipates that the vast majority of relevant documents are in Plaintiffs' possession and are currently unknown to Defendant At such time as discovery and investigation make clear, additional documents may be produced.

**(iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and**

**RESPONSE:** Mr. Kirschner presently does not assert damages. Mr. Kirschner reserves his right to amend this response.

**(iv)    for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment**.

**RESPONSE:** There is no insurance agreement.

CASEY KIRSCHNER

*/s/ Casey Kirschner*