## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., | |
| Plaintiffs, | |
| v. | |
| WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, | CASE NO. 1:20-CV-484-LO-TCB |
| Defendants. | |
| 800 HOYT LLC, | |
| Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, | |
| v. | |
| BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS; LLC, | |
| Interpleader Defendants, | |
| and | |
| AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., | |
| Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

## AMAZON.COM, INC'S AND AMAZON DATA SERVICES, INC.'S RESPONSES TO BRIAN WATSON'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs" or "Amazon") hereby serve their answers to Defendant Brian Watson's First Set of Interrogatories to Plaintiffs ("Interrogatories"). Amazon hereby incorporates all general and specific objections previously raised in Amazon's Objections and Responses to Brian Watson's First Set of Interrogatories to Plaintiffs as if fully set forth herein.

**PLAINTIFFS' ANSWERS TO INTERROGATORIES**

**Interrogatory No. 1:**

IDENTIFY each PERSON who prepared, assisted, or provided information RELATING TO YOUR pleadings and discovery responses in the present ACTION, including, but not limited to, the PERSON'S relationship to YOU and which specific fact, allegation, pleading, and/or discovery response the PERSON prepared, assisted with, or provided information about.

**Answer to Interrogatory No. 1:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 1 on the ground that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or other applicable privileges. Amazon also objects to this interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it asks Amazon to identify the "specific fact, allegation, pleading or discovery response." The pleadings and discovery responses in the present action were prepared by outside counsel at Gibson Dunn & Crutcher, and by in-house counsel at Amazon. The persons, other than outside counsel at Gibson Dunn & Crutcher and in-house counsel at Amazon, who have provided information related to Amazon's pleading and discovery responses, as well as the subjects on which they have provided information, are identified in Amazon's initial disclosures served on December 3, 2021.

**Interrogatory No. 2:**

IDENTIFY in detail all misrepresentations, omissions, or "fraudulent aspects" YOU allege one or more of the DEFENDANTS made, and for each misrepresentation, omission, or "fraudulent aspect," IDENTIFY the substance of the misrepresentation, omission, or "fraudulent aspect," including all factual bases supporting YOUR contention that a misrepresentation, omission, or "fraudulent aspect" occurred, which PERSON made the misrepresentation or omission and on behalf of which DEFENDANT, which PERSON received the misrepresentation or omission, including the PERSON'S name, title, and place of employment, the date the misrepresentation or omission was made or "fraudulent aspect" occurred, the actions YOU took based on the misrepresentation, omission or "fraudulent aspect," and the harm YOU allegedly suffered due to each misrepresentation, omission, or "fraudulent aspect."

**Answer to Interrogatory No. 2:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 2 on the ground that it is a premature contention interrogatory that should only be propounded after substantial discovery has occurred. Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery. Amazon further objects to Interrogatory No. 2 to the extent that it seeks disclosure of Amazon's damages prior to the deadlines set forth in the Scheduling Order governing this action. Amazon will identify the damages it has suffered as a result of Defendants' conduct in accordance with the deadlines set forth in the Scheduling Order.

Based on information presently available to Amazon, misrepresentations, omissions, or "fraudulent aspects" alleged are contained in Plaintiffs' Verified Second Amended Complaint, filed September 18, 2020, (Dkt. 150) (the "Complaint") and its exhibits, *see* Dkts. 150, 155–163-

9, and in other exhibits filed with the Court, Dkt. 212–212-18.  For specific detail regarding such

allegations in the Complaint, please see the following list:

- Northstar Defendants.  *See* Dkt. 150 ¶¶ 190–92, 204–12, 221–22, 224, 384–86, 467–75.
- Defendant Casey Kirschner.  *See id.* ¶¶ 73–91, 120, 188–90, 214–20, 224, 294–302, 346, 384–86, 467–75.
- Defendant Carleton Nelson.  *See id.* ¶¶ 73–91, 120, 188–90, 214–20, 224, 294–302, 345, 384–86, 467–75.
- Defendants AllCore Development LLC, Cheshire Ventures LLC, and Finbrit Holdings LLC. *See* Dkt. *id.* ¶¶ 95–108; 341–48.
- Defendant Villanova Trust.  *See id.* 150 ¶¶ 95–108, 174, 190, 349–51.
- White Peaks Defendants. *See id.* 150 ¶¶ 294–313, 352–54.

**Interrogatory No. 3:**

Describe in detail the "internal investigation" YOU allege YOU conducted into the facts

and allegations underlying this Complaint, including, but not limited to, IDENTIFYING the date

the investigation began, the date the investigation concluded, the PERSON or PERSONS

responsible for the investigation, each PERSON of PERSONS who participated in the substance

of the investigation, including his or her specific role in the investigation, the DOCUMENTS, files,

or databases searched during the investigation, the DOCUMENTS discovered during YOUR

investigation which support YOUR allegations in this ACTION and which allegation each

DOCUMENT supports, the identity of Informant 1 as defined in the operative complaint, and the

date and substance of each of YOUR COMMUNICATIONS with Informant 1, Luke Gilpin, and

Tim Lorman.

**Answer to Interrogatory No. 3:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 3

to the extent that it seeks information protected from disclosure by the attorney-client privilege,

work-product doctrine, and/or other privileges.  The non-privileged information responsive to

Interrogatory No. 3 is set forth in the Complaint (Dkt. 150) and the Declaration of D. Matthew

Doden (the "Doden Decl.") (Dkt. 59).  Amazon will produce business records to provide any remaining non-privileged information in its possession, custody, or control regarding the nine build-to-suit lease transactions sought by Interrogatory No. 3, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d).

**Interrogatory No. 4:**

IDENTIFY each "build-to-suit lease transaction," as described in at least Paragraphs 54–63 of the operative complaint, YOU investigated, explored, or executed from January 1, 2017 through the present, including, but not limited to, IDENTIFYING the state, county, and or address of each proposed or actualized data center project, the investigation YOU or YOUR agents or brokers conducted into each state, county, or proposed data center project or property, the IDENTITY of your employees(s), broker(s), or agent(s) responsible for investigating each proposed data center project, including a description of his or her role in the process, and presenting the investigation to YOU, the detailed substance of the "multi-step process for selecting suitable land" for each proposed project or property, including each "step" of the process and the PERSONS to whom each proposed data center project or property was presented to at each step, the "internal diligence [conducted] by [YOU]" for each proposed project or property, which specific projects or properties YOU sent out a request for proposal for, which specific data center projects or properties YOU did not send out a request for proposal for, the substance and/or contents of the requests for proposal YOU sent to prospective PERSONS for each proposed project or property, which PERSONS YOU submitted responses to each request for proposal, which PERSON YOU awarded the contract to following each request for proposal, and which "build-to-suit" leases and/or contracts YOU ultimately entered, and whether or not YOU submitted a request for proposal for the "build-to-suit" leases and/or contracts YOU ultimately entered.

**Answer to Interrogatory No. 4:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 4 as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this action nor likely to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "each 'build-to-suit lease transaction'" of the type described in Paragraphs 54–63 of the Complaint that Amazon "investigated, explored, or executed from January 1, 2017 through the present." Based on  its present knowledge, Amazon asserts claims based on Defendants' conduct with respect to at least nine build-to-suit lease transactions in Virginia involving properties referred to as "Dulles I & II," "Quail Ridge," and "Manassas." Amazon will produce business records to provide the remaining non-privileged information in its possession, custody, or control regarding these nine build-to-suit lease transactions sought by Interrogatory No. 4, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d). Amazon notes that Defendants also have possession, custody, or control of, or access to, documents that provide at least some of the information requested in Interrogatory No. 4.

**Interrogatory No. 5:**

IDENTIFY each contract YOU allege one or more DEFENDANTS breached, including but not limited to, the title of the contract, the parties to the contract, the effective date of each contract, which, if any, DEFENDANTS breached the contract, the specific provision the DEFENDANT(S) breached, when each breach occurred, and the specific harm YOU suffered from each breach.

**Answer to Interrogatory No. 5:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 5 on the ground that it is a premature contention interrogatory that should only be propounded after substantial discovery has occurred.  Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery. Amazon further objects to Interrogatory No. 5 to the extent that it seeks disclosure of Amazon's damages expert report prior to the deadlines set forth in the Scheduling Order governing this action. Amazon will identify the damages it has suffered as a result of Defendants' breaches of their contractual obligations in accordance with the deadlines set forth in the Scheduling Order.

Amazon contends that Defendant Brian Watson and entities that he owns and/or controls, including Defendants WDC Holdings LLC breached several provisions in lease agreements entered with Amazon from 2018 through 2020, including "Anti-Corruption" and "Code of Conduct" provisions as well as the warranties that there were "no management agreements, service, maintenance or other contracts … relating to the Project … other than those" that were "disclosed in writing" to Amazon and that they "dealt with no brokers, finders or the like in connection with this transaction" in those agreements, by engaging Villanova Trust as an undisclosed broker/finder and paying kickbacks and bribes to Defendants Casey Kirschner and Carleton Nelson. The facts supporting this contention are set forth in Paragraphs 182–187, 194–211 of the Complaint.

Amazon contends that Defendants Casey Kirschner and Carleton Nelson violated their legal, contractual, and/or ethical duties including under Amazon's Code of Conduct (to act "lawfully, ethically, and in the best interests of Amazon.com" and to "avoid" and "promptly notify

the Legal Department of" of any potential "conflict of interest") and under their CNIAA Agreements (not to use Amazon's "Confidential Information" for personal purposes) by using confidential Amazon information to engage in conduct entailing undisclosed conflicts of interest, bribery, and self-dealing. The facts supporting this contention are set forth in Paragraphs 131 to 157 of the Complaint.

Amazon will produce non-privileged documents in its possession, custody or control to provide the remaining information sought by Interrogatory No. 5, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d). Amazon notes that Defendants also have possession, custody, or control of, or access to, documents that provide at least some of the information requested in Interrogatory No. 5.

**Interrogatory No. 6:**

Do you contend that YOU would have received the same or comparable contractual obligations from WDC Holdings, or any other party, for a lower cost if WDC Holdings had not paid the referral fees alleged in Paragraph 174 in relation to the leases at issue in the operative complaint? If so, IDENTIFY with specificity (a) all facts underlying this contention; (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Answer to Interrogatory No. 6:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 6 on the ground that it is a premature contention interrogatory that should only be propounded after substantial discovery has occurred. Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery.

Amazon contends that it would have received the same or comparable contractual obligations from WDC Holdings, or any other party, for a lower cost if WDC Holdings had not paid the referral fees alleged in Paragraph 174 of the Complaint. The facts underlying this contention are set forth in Paragraphs 75, 84–88, 90–93, 116, 127–130, 211–213, 237–239, 247–261, 270, 291 of the Complaint, *see* Dkt. 150, and Paragraph 20 of the Doden Decl.  Dkt. 59.

 Based on the information presently available to Amazon, Amazon identifies the following persons as having knowledge related to this contention: Casey Kirschner, Carleton Nelson, and Brian Watson.

Amazon will produce any non-privileged documents in its possession, custody, or control that support this contention, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d). Amazon notes that Defendants also have possession, custody, or control of, or access to, documents that provide at least some of the information requested in Interrogatory No. 6.

**Interrogatory No. 7:**

Do YOU contend that Defendants paid or promised to pay referral fees or "kickbacks" to Amazon employees, or former employees? If so, IDENTIFY with specificity, (a) all facts underlying this contention, including, but not limited to, the substance of the alleged promise(s) or "kickbacks," which DEFENDANT(S) YOU contend took which actions in relation to the alleged promise(s) or "kickbacks," which of YOUR employee(s) received such payment or promise and the date each payment or promise occurred, who made each payment or promise, and the amount of each payment or promise to pay; (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Answer to Interrogatory No. 7:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 7 on the ground that it is a premature contention interrogatory that should only be propounded after substantial discovery has occurred. Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery.

Amazon contends that Brian Watson and WDC Holdings LLC agreed to pay Casey Kirshner and Carleton Nelson, two now former Amazon employees, kickbacks, and facilitated those payments through all or some of Defendants Villanova Trust, AllCore Development LLC, Finbrit Holdings LLC, Cheshire Ventures LLC, as well as through non-defendant trusts and accounts held or created by Kirschner and Nelson and/or their lawyer, Rodney Atherton.  The facts supporting this contention are set forth in paragraphs 1–6, 10–11, 75–91, 94–108, 112–119, 124–130, 162–239, 245–266, 282–292, 328–329, 341–346 of the Complaint.  *See* Dkt. 150.

Based on the information presently available to Amazon, Amazon identifies the following persons as having knowledge relating to this contention:  Brian Watson, Carleton Nelson, Casey Kirshner, Christian Kirschner, Rodney Atherton, Demetrius Von Lacey, Johnny Lim, Timothy Lorman, Kyle Ramstetter, and Will Camenson.

Amazon will produce any non-privileged documents in its possession, custody, or control that support this contention, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d).  Based on the information presently available to Amazon, Brian Watson, Carleton Nelson, Casey Kirschner, Christian Kirshner, Rodney Atherton, Demetrius Von Lacey, Johnny Lim, Timothy Lorman, Kyle Ramstetter, and

Will Camenson may have  possession, custody, or control of, or access to, documents that support this contention.

**Interrogatory No. 8:**

Do YOU contend that one or more DEFENDANTS were involved in the White Peaks Purchase as identified in the operative Complaint? If so, IDENTIFY with specificity (a) all facts underlying this contention, including, but not limited to, which DEFENDANTS participated in the White Peaks Purchase, the action(s) each DEFENDANT took with regard to the White Peaks Purchase, and the approximate date each DEFENDANT'S actions took place; (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Answer to Interrogatory No. 8:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 8 on the ground that it is a premature contention interrogatory that should only be propounded after substantial discovery has occurred. Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery.

Amazon contends that the following Defendants participated in the White Peaks Purchase: Casey Kirschner, Carleton Nelson, NOVA WPC LLC, and White Peaks Capital LLC.  Amazon further contends that the following Defendants received funds traceable to the White Peaks Purchase: Casey Kirschner, Carleton Nelson, Brian Watson and/or WDC Holdings LLC dba NorthStar Commercial Partners.  The facts underlying these contention are set forth in  paragraphs 7, 10–11, 34–35, 120, 258–262, 293–313, 352–354, 375, 398–399, 409, 454–456, 467, 468–474, 518–519 of the Complaint.  *See* Dkt. 150.

Based on the information presently available to Amazon, Amazon identifies the following persons and entities as having knowledge related to these contentions: White Peaks Capital LLC, NOVA WPC, LLC, Brian Watson, Kyle Ramstetter, Will Camenson, Casey Kirshner, Carleton Nelson, Timothy Lorman, Todd Meldahl, Johnny Lim, E2M Properties LLC, and Chuck Kuhn.

Amazon will produce any non-privileged documents in its possession, custody, or control that support this contention, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d).  Based on the information presently available to Amazon, White Peaks Capital LLC, NOVA WPC, LLC, Brian Watson, Kyle Ramstetter, Will Camenson, Casey Kirschner, Carleton Nelson, Timothy Lorman, Todd Meldahl, Johnny Lim, E2M Properties LLC, and Chuck Kuhn may have  possession, custody, or control of, or access to, documents that support this contention.

**Interrogatory No. 9:**

Do YOU contend that Plaintiffs would have paid a lower purchase price for the White Peaks property if one or more DEFENDANTS had not allegedly given a share of the profits to Amazon employees as alleged in Paragraph 301 of the operative Complaint? If so, identify with specificity (a) all facts underlying this contention (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Answer to Interrogatory No. 9:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 9 on the ground that it is a premature contention interrogatory that should only be propounded after substantial discovery has occurred. Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery.

Amazon contends that it would have paid a lower purchase price for the White Peaks property if one or more of the Defendants had not given a share of the profits to Amazon employees as alleged in Paragraph 301 of the Complaint. The facts supporting this contention are set forth in Paragraphs 294–313 of the Complaint.

Based on the information presently available to Amazon, Amazon identifies the following persons and entities as having knowledge relating to this contention: White Peaks Capital LLC, NOVA WPC LLC, Brian Watson, Kyle Ramstetter, Will Camenson, Casey Kirschner, Carleton Nelson, Johnny Lim, and Timothy Lorman.

Amazon will produce any non-privileged documents in its possession, custody, or control that support this contention, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d).  Based on the information presently available to Amazon, White Peaks Capital LLC, NOVA WPC LLC, Brian Watson, Kyle Ramstetter, Will Camenson, Casey Kirschner, Carleton Nelson, Johnny Lim, and Timothy Lorman may have possession, custody, or control of, or access to, documents that support this contention.

**<u>Interrogatory No. 10</u>:**

Do YOU contend that one or more DEFENDANTS violated a duty, be it legal, contractual, or ethical, to report the payments from WDC Holdings to Villanova Trust to Amazon or anyone else? If so, IDENTIFY with specificity, (a) all facts underlying this contention, including, but not limited to, IDENTIFYING which DEFENDANTS owed which PERSONS such a duty, why the DEFENDANT(S) owed such a duty, and the factual and/or legal bases supporting such a duty; (b) all PERSONS with knowledge RELATING TO this contention; and (c) all DOCUMENTS supporting this contention.

**Answer to Interrogatory No. 10:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 10 on the ground that it is a premature contention interrogatory that should only be propounded after substantial discovery has occurred. Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery. Amazon also objects to Interrogatory No. 10 to the extent that it seeks the same information sought in Interrogatory No. 5. Amazon incorporates its response to Interrogatory No 5 as if fully set forth herein.

Amazon contends that one or more Defendants violated legal, contractual, and/or ethical duties  to report to Amazon payments WDC Holdings made to Villanova Trust and payments Villanova Trust made to Casey Kirschner and Carleton Nelson.   The facts underlying this contention are set forth in paragraphs the Complaint (Dkt. 150), including at least Paragraphs 2, 5, 206, 207 and 209, as well as Paragraphs 23–25 and Exhibits 6, 10 and 25 to the MacDonald Decl. (Dkts. 155, 155-6, 155-10, 159-4).

Based on the information presently available to Amazon, Amazon identifies the following persons as having knowledge relating to this contention:  Brian Watson, Casey Kirshner, Carleton Nelson, Rodney Atherton, Demetrius Von Lacey, and Christian Kirschner.

Amazon will produce any documents in its possession, custody, or control that support this contention, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d).   Based on the information presently available to Amazon, Brian Watson, Casey Kirshner, Carleton Nelson, Rodney Atherton, Demetrius Von Lacey, and Christian Kirschner may have   possession, custody, or control of, or access to, documents supporting this contention.

**Interrogatory No. 11:**

Do YOU contend that one or all NORTHSTAR DEFENDANTS had knowledge of the alleged payments from the Villanova Trust bank account to one or more entities associated with CARLETON NELSON, CASEY KIRSCHNER, or Rod Atherton? If so, IDENTIFY with specificity, (a) all facts underlying this contention, including, but not limited to, which NORTHSTAR DEFENDANTS had knowledge of these payments, the substance and or/extent of the NORTHSTAR DEFENDANTS' knowledge of such payments, the date(s) each NORTHSTAR DEFENDANT learned of such payments, (b) all PERSONS with knowledge RELATING TO this contention; and (c) all documents supporting this contention.

**Answer to Interrogatory No. 11:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 11 on the ground that it is a premature contention interrogatory that should only be propounded after substantial discovery has occurred. Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery.

Amazon contends that one of more of the Northstar Defendants had knowledge of the payments from Villanova Trust to one or more entities associated with Casey Kirschner, Carleton Nelson, or Rodney Atherton. The facts that support this contention are set forth in Paragraphs 111–112, 115, 118–119, 129, 173–180, 190–191, 211–215, 329–332, 342, 349–351, and 514 of the Complaint.

Based on the information presently available to Amazon, Amazon identifies the following persons as having knowledge relating to this contention:  Brian Watson, Kyle Ramstetter, Will

Camenson, Casey Kirshner, Carleton Nelson, Christian Kirschner, Timothy Lorman, Rodney Atherton, and Demetrius Von Lacey.

Amazon will produce any non-privileged documents in its possession, custody, or control that support this contention, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d). Based on the information presently available to Amazon, Brian Watson, Kyle Ramstetter, Will Camenson, Casey Kirshner, Carleton Nelson, Christian Kirschner, Timothy Lorman, Rodney Atherton, and Demetrius Von Lacey may have possession, custody, or control of, or access to, documents supporting this contention.

**Interrogatory No. 12:**

Do YOU contend one or more DEFENDANTS "abused" or "exploited" YOUR internal "transactional spend approval" process? If so, IDENTIFY with specificity, (a) all facts underlying this contention, including, but not limited to, which DEFENDANT(S) abused or exploited the transactional spend approval process, the substance of each instance of abuse or exploitation, each DEFENDANT'S role in each instance of abuse or exploitation, when each instance of abuse or exploitation occurred, and evidence supporting why each DEFENDANT'S actions with regard to each instance constituted abuse or exploitation (for example, to the extent to allege "the TM Defendants' presentations on several of the Northstar sites represented that the proposed sites were 'below market,'" (Compl. ¶ 81), IDENTIFY evidence that supports that the proposed sites were not below market); (b) all PERSONS with knowledge RELATING TO this contention; and (c) all documents supporting this contention.

**Answer to Interrogatory No. 12:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 12 on the ground that it is a premature contention interrogatory that should only be propounded

after substantial discovery has occurred. Amazon provides an initial response below and reserves the right to modify and/or supplement its answer to this Interrogatory once more information becomes available in discovery.

Amazon contends that Defendants Casey Kirschner and Carleton Nelson abused and exploited Amazon's transactional spend approval process as a part of their scheme to defraud Amazon. The facts that support this contention are set forth in paragraphs 73–108 of the Complaint.

Based on the information presently available to Amazon, Amazon identifies the following persons as having knowledge relating to this contention: Chris Vonderhaar, Brian Watson, Casey Kirshner, Carleton Nelson, Rodney Atherton, and Demetrius Von Lacey.

Amazon will produce any non-privileged documents in its possession, custody, or control that support this contention, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d).  Based on the information presently available to Amazon, Brian Watson, Casey Kirshner, Carleton Nelson, Rodney Atherton, and Demetrius Von Lacey may have  possession, custody, or control of, or access to, documents that support this contention.

**Interrogatory No. 13:**

IDENTIFY with specificity YOUR involvement with IPI's termination of one or more of the NORTHSTAR DEFENDANTS from NSIPI DATA CENTER VENTURES, LLC and any related entity, including, but not limited to, IDENTIFYING all COMMUNICATIONS, contracts, and draft contracts by, between, or about YOU and IPI, RELATING TO the LEASE TRANSACTIONS from January 1, 2017 through the present and the PERSONS involved with

and/or responsible for renegotiating the contract(s) between YOU and IPI concerning the LEASE TRANSACTIONS.

**Answer to Interrogatory No. 13:**

Subject to and without waiving its prior objections, Amazon objects to Interrogatory No. 13 to the extent that it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, and/or other privileges.  The non-privileged information responsive to Interrogatory No. 13 is set forth in the Complaint and the Declaration of Luke Gilpin (Dkt. 46). Amazon will produce business records to provide any remaining non-privileged information in its possession, custody, or control regarding any involvement Amazon may have had with IPI's termination of one or more of the NORTHSTAR DEFENDANTS from NSIPI DATA CENTER VENTURES, LLC and any related entity, and will revise its response to this Interrogatory to specify those business records, in accordance with Fed. R. Civ. P. 33(d).

Dated: January 24, 2022

By: *s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100

Facsimile: (214) 571-2900
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, I served the following parties the foregoing Notice of Subpoena by email and by U.S. mail to their last-known address (where noted):

Stanley L. Garnett
Justin L. Cohen
Amanda K. Houseal
Brownstein Hyatt Farber Schreck LLP
410 Seventeenth St., Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
jcohen@bhfs.com
ahouseal@bhfs.com
*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

George R. Calhoun
Jeffrey Hamlin
James M. Trusty
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W. Suite 650
Washington, DC 20006
george@ifrahlaw.com
jhamlin@ifrahlaw.com
jtrusty@ifrahlaw.com
*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

Alex Little
Rachel Friedman
Burr & Forman LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Alex.little@burr.com
rfriedman@burr.com
*Counsel for Carleton Nelson and Cheshire Ventures*

Casey Kirschner (via U.S. mail)
635 N. Alvarado Lane
Plymouth, MN 55447
Casey.kirschner@gmail.com
*Pro se*

Kathryn M. Skilton
Michael R. MacPhail
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
kathryn.skilton@faegreddrinker.com
michael.macphail@faegredrinker.com
*Counsel for Intervenor 800 Hoyt, LLC*

Aaron G. McCollough
McGuireWoods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
*Counsel for the Receiver Mark Roberts*

*s/ Michael R. Dziuban*
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500

Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*