# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br> Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Interpleader Defendants, Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS AMAZON.COM, INC. AND AMAZON DATA SERVICES, INC.'S
MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") hereby move under Rule 15(a) for leave to file a Third Amended Complaint ("TAC").

This case arises from a fraud and kickback scheme that Defendants Carleton Nelson ("Nelson") and Casey Kirschner ("Kirschner") arranged to leverage their positions at Amazon into lucrative under-the-table payments from developers aiming to secure real estate deals with Amazon. *See Amazon.com, Inc. v. WDC Holdings LLC*, 2021 WL 3878403, at *1 (4th Cir. Aug. 31, 2021). Both this Court and the Fourth Circuit have concluded, based on the considerable documentary evidence of the conspiracy that Amazon was able to produce prior to discovery, that Amazon is likely to succeed on the merits. Dkts. 99, 318–319.

Since Amazon initiated this action, discovery and other developments in the case have brought to light a wealth of new evidence about the scope of the scheme. For example, Nelson recently produced documents revealing that Kirschner executed a signed statement admitting to the kickback scheme and admitting that an individual who had not been named as a defendant, Rodney Atherton ("Atherton"), a Colorado lawyer previously suspended for ethics violations, was a crucial part of that scheme. *See* Ex. 1. Nelson and Kirschner have also, in the last two weeks, waived the attorney-client privilege they had previously asserted over communications with Atherton and have begun to produce documents they had withheld. Nelson and Kirschner dropped their privilege assertions after Amazon advised them that it intended to file a motion asserting that communications with Atherton are not protected by privilege because of the crime-fraud exception. This very recent discovery, as well as additional recent discovery from other sources, has confirmed that Atherton was a knowing participant in the scheme; created at least three shell entities not currently named as Defendants that were used to funnel and to conceal the kickbacks Nelson and Kirschner received; and recruited a "straw man" Demetrius Von Lacey ("Von Lacey") to act

as a front for certain of the shell entities to conceal Nelson's and Kirschner's illicit conduct. Recent discovery has also revealed that Renrets LLC ("Renrets"), a single member entity nominally controlled by Nelson's father-in-law, James M. Sterner, was also used to funnel and to conceal kickbacks paid to Nelson. Amazon thus seeks to add all these newly discovered key participants in the fraud and kickback scheme—Atherton, Von Lacey, the three additional shell entities Atherton created and Renrets—as Defendants in its proposed TAC.

In its proposed TAC, Amazon also intends to streamline and simplify its allegations so that this matter is squarely focused on the key claims directly arising from Defendants' fraud and kickback scheme. Amazon intends to drop its claim under the Robinson-Patman Act, to eliminate its allegations under Virginia's pre-trial attachment statute, and to eliminate its allegations related to market prices for the real estate involved in the lease and direct purchase transactions that were a part of Defendants' scheme. Similarly, Amazon does not intend to name Brian Watson and WDC Holdings, LLC as Defendants to its breach of contract claim because Amazon has now achieved a settlement with a third-party, IPI, that mitigates the damages it would have suffered as a result of the lease agreements Amazon had previously entered with those Defendants and entities they controlled. Amazon also proposes to refine its allegations identifying which Defendants have direct liability under its fraud and tortious interference claims

The Court should grant Amazon's motion for leave to amend. Rule 15 permits a party to amend its pleadings with "the court's leave" and directs that "[t]he court should freely give leave." Fed. R. Civ. P. 15. "It is this Circuit's policy to liberally allow amendment in keeping with the spirit of [Rule] 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). "A Rule 15(a)(2) motion may only be denied where the Court finds one of the following circumstances present: 1) amendment would be prejudicial to the opposing party, 2) there has been bad faith on the part of

the moving party, or 3) amendment would be futile." *Akira Techs., Inc. v. Conceptant, Inc.*, 2018 WL 10467491, at *2 (E.D. Va. Apr. 12, 2018).  None are present here.  Amazon is seeking leave to file its TAC only after it has carefully reviewed and analyzed all of the newly-discovered material to ensure it could add the additional Defendants in good faith.  And the proposed TAC would not unduly prejudice the Defendants because Amazon does not propose to add new claims or to change the nature of the claims that will remain pending.  Instead, Amazon intends to streamline its allegations, which will lessen the discovery and related burdens on all parties.

Moreover, this request for amendment complies with the Scheduling Order in this case, which does not set a deadline for the parties to seek amendment and requires only that the party seeking amendment do so "as soon as possible after counsel or the party becomes aware of the grounds for the motion." Dkt. 455 ¶ 12(b).  Nevertheless, to the extent amendment may necessitate alteration of the scheduling order, there is good cause to amend and modify the case schedule.  *See* Fed. R. Civ. P. 16(b)(4); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (modification of scheduling order pursuant to amendment requires showing of good cause).

Accordingly, and for the good cause set forth herein, Plaintiffs respectfully request the Court grant them leave to amend and file the proposed Third Amended Complaint attached to this motion.

| | |
|---|---|
| Dated: April 1, 2022 | Respectfully submitted, |
| | */s/ Michael R. Dziuban* |
| Veronica S. Moyé (*pro hac vice*) | Elizabeth P. Papez (*pro hac vice*) |
| GIBSON, DUNN & CRUTCHER LLP | Patrick F. Stokes (*pro hac vice*) |
| 2001 Ross Avenue, Suite 2100 | Claudia M. Barrett (*pro hac vice*) |
| Dallas, TX 75201 | Michael R. Dziuban (Va. State Bar No. 89136) |
| Telephone: (214) 698-3100 | GIBSON, DUNN & CRUTCHER LLP |
| Facsimile: (214) 571-2900 | 1050 Connecticut Avenue, N.W. |
| vmoye@gibsondunn.com | Washington, D.C. 20036-5306 |
| | Telephone: (202) 955-8500 |
| | Facsimile: (202) 467-0539 |
| | epapez@gibsondunn.com |
| | pstokes@gibsondunn.com |
| | cbarrett@gibsondunn.com |
| | mdziuban@gibsondunn.com |

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

>Casey Kirschner
>635 N. Alvarado Lane
>Plymouth, MN 55447
>By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*