IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>     Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>     Interpleader Defendants, <br> and <br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>     Interpleader Defendants, <br>     Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF PLAINTIFFS' MOTION
<u>FOR LEAVE TO FILE THIRD AMENDED COMPLAINT</u>**

In accordance with the Agreed Protective Order in this case (Dkt. 55), Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. respectfully seek leave to file under seal the unredacted version of their (proposed) Third Amended Complaint, attached to Plaintiffs' Motion for Leave to File Third Amended Complaint ("Motion to Amend"); the unredacted version of Plaintiffs' Memorandum of Law in Support of their Motion to Amend ("Memorandum"); the unredacted version of the Declaration of Claudia M. Barrett in Support of Plaintiffs' Motion to Amend ("Barrett Declaration"); and the following exhibits being concurrently filed with the Barrett Declaration:

    i. Exhibit 1 is a highly-sensitive, non-public document involving a presentation in a related matter;

    ii. Exhibit 5 is a letter from Rodney Atherton to Casey Kirschner, among others;

    iii. Exhibit 10 is a messaging chain in which Casey Kirschner is included;

    iv. Exhibit 14 is a spreadsheet documenting financial figures in relation to several entities involved in this case;

    v. Exhibit 15 is another messaging chain in which Casey Kirschner is included.

Exhibit 1 contains and refers to material Plaintiffs have designated "Confidential" under the Protective Order and this Court has ordered sealed. *Compare, e.g.*, Ex. 1 at 52 (referencing Dkt. 571-6), *with* Dkt. 584 (sealing Dkt. 571-6). Defendant Casey Kirschner has designated Exhibits 5, 10, 14, and 15 as "Confidential" under the Protective Order. Under Local Civil Rule 5, Casey Kirschner "must file a response to [this] motion complying with [the] requirements" of Local Civil Rule 5(C)(2), (3), and (4), justifying the sealing of the materials he designated as "Confidential," along with a proposed order.

The unredacted versions of the Barrett Declaration and Memorandum contain references and descriptions of material drawn from Exhibits 1, 5, 10, 14, and 15. Plaintiffs' (proposed) Third Amended Complaint contains references and descriptions of material drawn from Exhibit 1 and material that a third party produced in discovery in this case and designated "Confidential" under the Protective Order.[1]  In addition, Plaintiffs' (proposed) Third Amended Complaint contains references and descriptions of material drawn from or filed with Plaintiffs' Verified Second Amended Complaint, Dkt. 150, that the Court has ordered sealed, Dkt. 168.

With respect to Exhibit 1 and the unredacted versions of the Barrett Declaration, the Memorandum, and Plaintiffs' (proposed) Third Amended Complaint, although "the common law and the First Amendment presume a public right of access to court documents," *Malon v. Franklin Financial Corp.*, 2014 WL 12768782, at *2 (E.D. Va. Dec. 4, 2014) (citing *Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)), "the Fourth Circuit has nonetheless stated that a district court 'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,'" *id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). In determining whether to grant a motion to seal, the district court must engage with three requirements articulated by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*: "[I]t must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3)

---

[1] In particular, Paragraph 238 of Plaintiffs' (proposed) Third Amended Complaint contains references and descriptions of a document that third party Will Camenson produced in discovery in this case, designated as "Confidential" under the Protective Order, and Bates stamped WC22_000297 to WC22_000303. Plaintiffs have no objection to this confidentiality designation, and have redacted references and descriptions of the document to comply with the Protective Order.

3

provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000).

Plaintiffs' request to seal Exhibit 1 and the unredacted versions of the Barrett Declaration, the Memorandum, and Plaintiffs' (proposed) Third Amended Complaint satisfies all three *Ashcraft* factors. Regarding the first factor, the public will have adequate notice of Plaintiffs' request to seal, through the accompanying motion and notice of motion to seal as required by Local Civil Rule 5. As to the second and third *Ashcraft* factors, sealing the Confidential Materials is appropriate, and no less drastic alternatives to sealing exist. The Confidential Materials are not publicly available, and they contain sensitive business, financial, and proprietary information, some of which this Court has already ordered sealed in accordance with Plaintiffs' confidentiality designations. *See* Dkt. 584 (ordering sealed material contained and referred to in Exhibit 1); Dkt. 168 (ordering sealed material contained and referred to in Plaintiffs' (proposed) Third Amended Complaint). Plaintiffs therefore respectfully request that the Court grant this motion. *See, e.g.*, *Mars, Inc. v. J.M. Smucker Co.*, 2017 WL 11499735 (E.D. Va. Aug. 9, 2017) (granting motion to seal where "the information sought to be filed under seal may contain data and information that [were] designated as 'Confidential,' . . . under the Amended Protective Order governing th[e] case"); *Malon*, 2014 WL 12768782, at *3 (granting motion to seal where documents were marked "confidential" pursuant to a protective order).

Pursuant to Local Civil Rule 5(C) and the Protective Order, Plaintiffs respectfully request that the Court retain Exhibit 1 and the unredacted versions of the Barrett Declaration, the Memorandum, and Plaintiffs' (proposed) Third Amended Complaint referenced above until ninety (90) days after entry of a final order, including any appeals.

Dated:  April 1, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

/s/ Michael R. Dziuban
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

        Casey Kirschner
        635 N. Alvarado Lane
        Plymouth, MN 55447
        By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc*