**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **AMAZON.COM, INC and AMAZON DATA SERVICES, INC.,** ) ) ) | **Case No. 1:20cv484** |
| Plaintiffs, ) ) | **Hon. Rossie D. Alston, Jr.** |
| ) | **Hon. Theresa Buchanan** |
| v. ) ) | |
| **WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al.,** ) ) ) ) | |
| Defendants, ) ) | **DEFENDANTS CARLETON NELSON'S AND CHESHIRE VENTURES, LLC'S** |
| ) | **RESPONSE IN OPPOSITION TO** |
| **800 HOYT LLC,** ) ) | **PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND TO** |
| Intervening Interpleader Plaintiff, ) ) | **WITHDRAW AND SUBSTITUTE VERIFICATIONS AND** |
| v. ) | **DECLARATIONS** |
| **BRIAN WATSON, WDC HOLDING LLC, PLW CAPITAL I, LLC.AMAZON.COM, INC, and AMAZON DATA SERVICES, INC.** ) ) ) ) ) | |
| Interpleader Defendants. ) ) | |

Defendants Carleton Nelson and Cheshire Ventures LLC, through undersigned counsel, file this response in opposition to Plaintiffs' motion to withdraw and substitute certain verifications and declarations and for a protective order precluding the depositions of the witnesses that submitted those verifications and declarations.

## I.     Introduction

Plaintiffs filed a verified complaint to initiate this case. (Doc. 1) At the same time, they sought an *ex parte* temporary restraining of extraordinary scope—specifically, they asked the Court to issue an approximately $16.25 million injunction and other related relief against certain defendants, which it did. (Docs. 9, 10) After obtaining the temporary restraining order (Doc. 16), Plaintiffs then sought a preliminary injunction (*see, e.g.*, Doc. 41), concerning an even greater amount of money against these same defendants. (Doc. 57) This injunction remains in place.

All of this preliminary relief was heavily contested. And, throughout the litigation about it, from beginning to end, Plaintiffs relied heavily on the original verified complaint (Doc. 1), as well as the declaration of Lora MacDonald (Doc. 12). In each of these sworn filings, the respective signatories set forth specific and definite factual assertions that stated, under penalty of perjury, that they had personal knowledge of, and that they could and *would* competently testify to, numerous factual assertions. Subsequently, Plaintiffs filed two more amended complaints and another declaration, in each case setting forth a myriad of facts to which attorneys Travis Andrews (Doc. 100), Luke Sullivan (Doc. 150) and Lora MacDonald (Doc. 106) again unequivocally stated, under penalty of perjury, that they had personal knowledge of, and to which they could and *would* competently testify to.

With depositions noticed for these witnesses, Plaintiffs now attempt to preclude them by, in essence, unringing the bell. In other words, after Plaintiffs obtained the relief they wanted by relying on these verifications and declarations, resisted an appeal of that relief, and now almost two years later, they seek to take the extreme step of retroactively withdrawing all of these verifications and declarations and "substitut[ing]" a declaration, by Mr. Doden, that is of a very

different character than the prior filings. And they do all of this without citation to any authority or standards by which the Court should evaluate their request.

As a preliminary matter, having previously used these filings to obtain relief from the Court, Plaintiffs should be judicially estopped from simply pretending these verifications and declarations do not exist. They have relied upon them, and judicial estoppel principles prevent them from taking a different approach now.

Nor can they blunt the impact of their prior decision to rely on lawyers to make substantive, factual assertions to the Court on disputed matters. Apparently presuming that their request to disavow these verifications and declarations will be granted, Plaintiffs seek a protective order to preclude the depositions of these witnesses because, they contend, allowing depositions would delve into information protected by the attorney-client privilege. Plaintiffs' motion, however, provides no reason to believe this is true. The circumstances here differ significantly from those surrounding typical attempts to depose litigation counsel. For example, here, the attorneys at issue injected their testimony into the case on a myriad of disputed facts and, relying on those testimonial assertions, significantly contributed to Plaintiffs obtaining relief. Further, Plaintiffs have relied on the facts from the verified complaints to respond to many of the Defendants' interrogatories in this case, *see, e.g.,* Doc. 607-14, as well as to support and oppose various other motions in the case, *see, e.g.,* Doc. 550 at 5; Doc. 517 at 7, 13, 16 ("Amazon's complaint provides considerable detail regarding the theories and calculations of damages at play in the litigation, Dkt. 150 ¶¶ 474, 483, 489, 578 . . . .").

Plaintiffs apparently believe that, if they withdraw the verifications and declarations, the problem will go away. But once the attorney client privilege has been waived, which it was by

3

submitting and using the verified complaints and declarations, it cannot be undone. Thus, Defendants are entitled to depose the attorneys about their assertions in these filings.

II. **Argument**

  A. **Plaintiffs should be judicially estopped from withdrawing the verifications and declarations in an effort to block the depositions of the declarants.**

Courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). In the Fourth Circuit, the factors applied can be summarized as follows: "(1) the party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage." *King v. Herbert J. Thomas Memorial Hosp.*, 159 F. 3d 192, 196 (4th Cir. 1998). A motion for temporary restraining order or preliminary injunction in the same case qualifies as a prior proceeding. *See Standard Commc'ns, Inc. v. NEC Corp. of Am.*, No. 1:17-CV-1024, 2018 WL 10426184, at *2 (E.D. Va. Feb. 14, 2018); *see also United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F. 3d 772, 779 (9th Cir. 2009); *Re-Ace, Inc. v. Wheeled Coach Indus., Inc.*, 317 F. Supp. 2d 84, 86 (D.P.R. 2004) ("The doctrine of judicial estoppel can be readily invoked within a case involving a preliminary injunction proceeding which resulted favorably to the party requesting such equitable remedy."); *Samson v. NAMA Holdings, LLC*, 637 F. 3d 915, 935 (9th Cir. 2011) ("The doctrine applies to positions taken in the same action or in different actions."). The Forth Circuit has explained that "[a]cting on the assumption that there is only one truth about a given set of circumstances, the courts apply judicial estoppel to prevent a party from benefiting itself by maintaining mutually inconsistent positions regarding a particular situation. As we have previously

4

observed, the doctrine is invoked to prevent a party from 'playing fast and loose with the courts,' from 'blowing hot and cold as the occasion demands,' or from attempting 'to mislead the [courts] to gain unfair advantage.'" *King*, 159 F. 3d at 196 (citations omitted).

This very Court has applied judicial estoppel where a party attempted to change its position later in the case from one that affected the Court's prior ruling on a preliminary injunction motion. *Standard Commc'ns, Inc.*, 2018 WL 10426184, at *2 ("The inconsistency of these positions cannot be attributed to inadvertence or mistake, but rather a hamfisted attempt to gain advantageous footing in this litigation").

With little-to-no explanation, Plaintiffs have asserted in their brief that their use of declarations was a simple "mistake." These were declarations that explicitly asserted, under penalty of perjury, that the declarants had personal knowledge of the facts in the verified complaints and declarations, and could testify to them if called upon to do so. While "mistake" can avoid application of judicial estoppel, *see King,* 159 F. 3d at 196, Plaintiffs provide no details on how this alleged "mistake" occurred, no supplemental declaration from those who swore to the statements to explain their mistake, and no plausible basis to conclude that a "mistake" had, in fact, occurred. On the contrary, the motion on this point relies entirely on the mere argument of the counsel submitting the motion. *See Adjabeng v. GlaxoSmithKline, LLC*, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014) (unsupported assertions in a brief are not evidence).

Plaintiffs also rely on their argument that, because they purportedly were not "required" to file such verifications or declarations asserting personal knowledge and the willingness and ability to testify under penalty of perjury, none of this is material. They are claiming, in essence, no harm, no foul.  This argument should be rejected for at least two reasons.

47657056 v1

*First*, to obtain an *ex parte* temporary restraining order, they were in fact required to submit either affidavits or a verified complaint from individuals with personal knowledge of the facts necessary to show irreparable harm should the injunction not issue.[1] *See Turner v. Clelland*, No. 1:15CV947, 2016 WL 1069665, at *3 (M.D.N.C. Mar. 16, 2016), *report and recommendation adopted*, No. 1:15CV947, 2016 WL 3512216 (M.D.N.C. June 22, 2016); *Miranda on behalf of M.M. v. Alexander*, No. CV 21-535-JWD-EWD, 2021 WL 4352328, at *5 (M.D. La. Sept. 24, 2021) (quoting 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2952 (3d ed. 2016)); *SoftwareONE, Inc. v. Rende*, No. 13-C-150, 2013 WL 1197200, at *1-*2 (E.D. Wis. Mar. 25, 2013).

*Second*, even if not required for an *ex parte* TRO, in the Fourth Circuit affidavits, declarations and verified complaints made on personal knowledge are given a special place in the evidentiary hierarchy when considering motions for preliminary injunction. *See G.G. ex rel. Grimm v. Glucester Cty. Sch. Bd.*, 882, F.3d 709, 725 (4th Cir. 2016); *Simone v. VSL Pharms., Inc.,* No. CV TDC-15-1356, 2016 WL 3466033, at *16 (D. Md. June 20, 2016) (noting though it can be considered on a motion for a preliminary injunction, traditionally inadmissible evidence such as hearsay, "carries less weight"); *T. v. Bowling*, No. 2:15-CV-09655, 2016 WL 4870284, at *13 (S.D. W. Va. Sept. 13, 2016) ("At the present preliminary injunction stage, the Court shall accord greater weight to Plaintiffs' evidence based on first-hand knowledge and experience."); *Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 862, 869 (S.D. W. Va. 2014) ("Moreover, the weight to be accorded affidavit testimony is within the discretion of the court, and

---

[1] While it is true that a lesser standard applies to preliminary injunctions or temporary restraining orders that are *not* granted on an *ex parte* basis, *see Aslanturk v. Hott*, 459 F. Supp. 3d 681, 697 (E.D. Va. 2020), *reconsideration denied*, No. 120CV00433RDAJFA, 2020 WL 5745799 (E.D. Va. June 30, 2020); *H.J. Meyers & Co. v. Euripides*, Action No. 2:96cv172 1996 U.S. Dist. LEXIS 17217, *7 (E.D. VA March 18, 1996); *Bank of Am. Inv. Servs., Inc. v. Byrd*, No. 2:09CV211, 2009 WL 10184606, at *7 (E.D. Va. June 15, 2009), that is not what Amazon sought in this case. Rather, Amazon convinced this Court to grant an *ex parte* TRO on the basis of these verified filings, that it is now seeking to back away from.

statements based on belief rather than personal knowledge may be discounted."). Plaintiffs were well aware of this fact, and highlighted as much to the Court in order to prevail on their motion for preliminary injunction. *See, e.g.,* Doc. 607-12 at 37, 39-40 (Housel Decl.). These requirements show not only that the decision to submit verified complaints and declarations asserting personal knowledge was a strategic decision by Plaintiffs made to gain a tactical advantage in this litigation, rather than a "mistake." Faced with consequences of that decision which they do not like, Plaintiffs now seek a way out. *See Standard Commc'ns, Inc.*, 2018 WL 10426184, at *2.

Accordingly, Plaintiffs should be judicially estopped from simply withdrawing the verifications and declarations as if they never existed. Such a move is a blatant attempt to avoid the deposition of the individuals who made the declarations and verifications about what they based those declarations and verifications on, and the resultant waiver of the attorney client and work product privilege that has resulted.

**B.    Defendants are entitled to depose the witnesses because Plaintiffs injected their testimony into the case and have heavily relied on it in these proceedings, thereby waiving any protections that might have existed.**

There is no legal support for the Plaintiffs' position. Although Plaintiffs cite numerous cases that they claim support their argument that a protective order should issue once the verifications and declarations are withdrawn, none of those cases involve the circumstance where litigation counsel actually provided sworn, testimonial affidavits and declarations that were used in the very same case to obtain relief. That is what happened here, and it makes this a very different case.

By having its counsel sign verified complaints and declarations containing the facts they claimed they could prove in this case, asserting that the attorneys can and will testify to those facts, and relying on those sworn facts throughout this litigation, Amazon has continually used (what

7

they now claim is) privileged information as a sword, and thus has waived privilege as to the matters about which they have sworn to in their declarations.[2] *See IDS Life Ins. Co. v. Sunamerica Inc.*, No. 95 C 1204 95 C 1212, 1995 WL 505497, at *1 (N.D. Ill. Aug. 21, 1995) ("When a witness makes a statement and verifies it in a complaint, regardless of who that witness is, he is going to have to give the basis for that statement if asked at a deposition. To that extent, he was waived any attorney/client or work product privilege by verifying the complaint which makes the assertions. He cannot make the statements and now claim a privilege when asked what the basis for the statement is."); *In re Powerhouse Licensing LLC*, 441 F. 3d 467, 473 (6th Cir. 2006) ("The decision to include [counsel's] affidavit represents a litigation strategy fraught with obvious risks. . . presumably, a conscious decision was made that the rewards outweigh the risk. In the end, perhaps they will. However, we find that certain statements contained in the affidavit represented opinions, based upon confidential communications between attorney and client, that go to the heart of the legal claims at issue. By including these communications in the affidavit, counsel for petitioners effectively waived the attorney-client privilege."); *Gov't Guar. Fund of Republic of Finland v. Hyatt Corp.*, 177 F.R.D. 336, 342-43 (D.V.I. Dec. 19, 1997) (holding that submission of affidavit from attorney waived privilege as to the subject of the matters asserted in the affidavit filing); *Leybold-Heraeus Tech. Inc. v. Midwest Instrument Co., Inc.*, 118 F.R.D. 609, 614 (E.D. Wis. 1987) (testimony by lawyer causes waiver of privilege for information needed to cross-examine him). *See also JJK Min. Co., LLC v. Swiger*, 292 F.R.D. 323, 336 (N.D. W. Va. 2013) ("[A]lthough attorneys' work-product is ordinarily protected, once a client decides to call the

---

[2] It is Plaintiffs' burden to demonstrate no waiver has occurred. *United States v. Jones*, 696 F. 2d 1069, 1072 (4th Cir. 1982). Their motion nowhere meets this bar.

attorneys as witnesses, the work-product protection must give way to full disclosure on any issue to which they will testify.").

Plaintiffs' voluntary and continual "use" of the written factual statements, verified and/or declared under penalty of perjury by their counsel, waives any privilege that may have existed. *See Jones*, 696 F. 2d at 1072. Moreover, having taken advantage of this testimonial material from its counsel, Plaintiffs waived the privilege for good and cannot regain it by attempting to withdraw the declarations and verifications. *Scalia v. Med. Staffing of Am., LLC*, No. 2:18CV226, 2020 WL 1811344, at *5 (E.D. Va. Apr. 8, 2020) (once a privilege is waived by selective disclosure, "it is waived for good."). Nor would any subsequent act strip the prior declarations and verified complaints of their role as evidence the parties are entitled to explore. *See Goodman v. Diggs*, 986 F.3d 493, 499 (4th Cir. 2021) (holding that filing of a subsequent complaint does not strip prior verified complaints of evidentiary value as affidavits).[3]

### III.    Conclusion

For the forgoing reasons, Defendants request that the Court deny Plaintiffs' request to withdraw and "substitute" verifications and declarations and deny Plaintiffs' request for a protective order precluding the depositions of individuals whom they elected to provide factual declarations in the case to support their requests for significant preliminary relief—which relief they ultimately obtained and which is still in place. Further, Defendants asks that the Court award them their costs and fees that were necessary to respond to Plaintiffs' attempt to avoid legitimate discovery.

---

[3] Plaintiffs appear to ignore the *Goodman* opinion, asserting that the filing of an amended pleading renders the prior verified complaints in this case of no effect. *See* Doc. 588 at n.7.

April 1, 2022  **BURR & FORMAN LLP**

*/s/ Rachel Friedman*

Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com


*/s/ J. Alex Little*
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice)*
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2022, a true and correct copy of the foregoing has been served upon the following via email:

Elizabeth P. Papez (pro hac vice)
Patrick F. Stokes (pro hac vice)
Claudia M. Barrett (pro hac vice)
Michael R. Dziuban
(Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com
Counsel for Plaintiffs
Amazon.com, Inc. and Amazon Data Services, Inc.

Veronica S. Moyé
(pro hac vice application pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Aaron G. McCollough
McGuireWoods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for the Receiver Mark Roberts

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
casey.kirschner@gmail.com
*Pro se*

Kathryn M. Skilton
Michael R. MacPhail
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
kathryn.skilton@faegreddrinker.com
michael.macphail@faegredrinker.com
Counsel for Intervenor 800 Hoyt, LLC

Stanley L. Garnett
Justin L. Cohen
Amanda K. Houseal
Brownstein Hyatt Farber Schreck LLP
410 Seventeenth St., Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
jcohen@bhfs.com
ahouseal@bhfs.com
Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC

George R. Calhoun
Jeffrey Hamlin
James M. Trusty
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W. Suite 650
Washington, DC 20006 george@ifrahlaw.com
jhamlin@ifrahlaw.com
jtrusty@ifrahlaw.com
Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC

Dated: April 1, 2022

*/s/ Rachel Friedman*
Rachel Friedman

47657056 v1