**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **AMAZON.COM, INC and AMAZON DATA SERVICES, INC.,** )<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>**WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al.,** )<br>)<br>Defendants,   )<br>_____   )<br>)<br>**800 HOYT LLC,**   )<br>)<br>Intervening Interpleader Plaintiff,   )<br>)<br>v.   )<br>)<br>**BRIAN WATSON, WDC HOLDING LLC, PLW CAPITAL I, LLC.AMAZON.COM, INC, and AMAZON DATA SERVICES, INC.**   )<br>)<br>Interpleader Defendants.   )<br>) | **Case No. 1:20cv484**<br><br>**Hon. Rossie D. Alston, Jr.**<br>**Hon. Theresa Buchanan**<br><br><br><br><br><br><br><br>**BRIEF IN SUPPORT OF DEFENDANT CARLETON NELSON'S EMERGENCY MOTION TO COMPEL THE DEPOSITION OF D. MATTHEW DODEN** |

### I.   Introduction

Amazon brought this action almost years ago. Since that time they have amended the complaint twice asserting extensive allegations regarding the conduct of numerous individuals Amazon alleges to have occurred with respect to the nine lease transactions and two purchase transactions at issue in this action. Now, just before the final pre-trial conference in this case, and shortly before the close of discovery, Amazon has moved to amend its complaint once again, adding

brand new defendants, who they have known of and whom they have alleged were involved in the conduct at issue well before they attempted to name them as defendants in the action. Nevertheless, in its motion to amend, Amazon has painted the picture that it lacked sufficient knowledge to bring claims against these additional defendants and that it was only after recent discovery that it was aware that it might have potential claims against the new parties it seeks to add, or the new claims it now asserts. However, there is an array of evidence that Amazon was aware of the conduct of these individuals and the facts that were supposedly unknown to Amazon, well before Amazon sought to amend its complaint once again, at this late date. A critical piece of that evidentiary puzzle is the testimony of D. Matthew Doden.

Mr. Doden, a member of Amazon.com's Business Conduct and Ethics Team participated in Amazon.com's internal investigation of the matters at issue in this action from its inception. *See* Doc. 589-10, Decl. of M. Doden ¶ 4 ("I was, and have remained, closely involved in the BCE Investigation."). He also appears to have been involved in many of the communications with third-parties during Amazon's investigation, *see* e.g., *id.* at ¶¶ 5, 9, been a key point of contact for receipt of documents from third-parties during Amazon's internal investigation, *see, e.g., id.* at ¶¶ 8-12, had a significant role in gathering internal Amazon documents, including the internal Amazon approval documents provided to the government in early 2020 and to the parties in this action during subsequent discovery, *see id.*, and appears, based on the communications provided to Defendants by Amazon in discovery, to have been a participant in many of the extensive communications and video-conferences between Amazon or Amazon's counsel and the U.S. Attorney's Office for the Eastern District of Virginia throughout 2020, including attending several presentations made to prosecutors in the U.S. Attorney's office by Amazon representatives. Smart Decl. ¶ 6. He also is the individual whom Amazon has chosen to offer up to execute a new

47683403 v1

declaration that purportedly will substitute for all the prior declarations signed by attorneys at Gibson Dunn, as well as his own prior declaration submitted in connection with the motion for preliminary injunction, which is the subject of another pending motion on Friday.

Mr. Doden's deposition was already properly noticed for April 7, 2022. Ex. A to Smart Decl. On April 4, 2022, Amazon informed Nelson that Mr. Doden and his Gibson Dunn counsel were now unavailable on April 7. Ex. B to Smart Decl. Nelson proposed three days this upcoming week for Mr. Doden to choose from, to accommodate the assertion that he was unavailable on the seventh, and to provide as much flexibility as possible, but still be able to obtain Mr. Doden's testimony in order to respond to Amazon's motion to amend the complaint by April 15. *Id.* However, Amazon refused, instead insisting that the deposition occur only sometime in the last two weeks of discovery, after both the opposition deadline and the scheduled hearing (April 22) for the motion to amend. *Id.* Late last night during a meet and confer call, Amazon confirmed that they will not make Mr. Doden available for a deposition next week, insisting that the deposition occur at a date after Nelson's response to the motion to amend is due, and the hearing on the motion occurs, in part because Amazon asserts it wants more time to prepare Mr. Doden. Smart Decl. ¶ 7.

This unilateral refusal to make Mr. Doden available in this manner despite a properly issued notice of deposition is highly improper, irrespective of the reason Nelson seeks to depose Mr. Doden, who even Amazon concedes possesses relevant and discoverable information. Further, even though unnecessary, Nelson provided Amazon with very specific reasons why he needed to proceed with the deposition prior to the response date to Amazon's currently pending motion to amend. Nevertheless, last night Amazon's counsel confirmed that they would not allow Mr. Doden to appear for a deposition next week.

Because this conduct is highly improper and without a reasonable basis, this Court should compel Amazon to produce Mr. Doden for his deposition on one of April 11, 13 or 14, 2022, as well as award Nelson his fees and costs for bringing the motion.

## II.    Standards

Rule 37(a)(1) allows a party to move for an order compelling disclosure or discovery. discovery responses. See Fed. R. Civ. P. 37(a)(3)(B) "Local Rule 37(A), entitled 'Motions to Compel,' provides that if a discovery request is 'not complied with, within time, and if not otherwise resolved, it is the responsibility of the party initiating discovery to place the matter before the Court by a proper motion pursuant to Fed. R. Civ. P. 37, to compel an answer, production, designation, or inspection.'" *Kolon Indus., Inc. v. E.I. Dupont De Nemours & Co.*, No. 3:11CV622, 2012 WL 12894840, at *4 (E.D. Va. Feb. 23, 2012). "The purpose of Local Rule 37 (A) is clearly to enable a party who has unsuccessfully participated in the meet and confer process, to actually compel [the discovery it seeks.]" *Id.*

## III.    Argument

### A.    Amazon cannot unilaterally dictate the timing that Nelson deposes its employees.

Federal Rule of Civil Procedure 26(b)(1) provides that the parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter of the pending claim. The information sought need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. Absent court order, the parties are free to engage in discovery in any sequence they choose. Fed. R. Civ. Pro. 26(d). Under Fed. R. Civ. P. 30(a)(1) states in pertinent part that a "party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Subsection (b)(1) provides in pertinent part that "A party who wants to depose a person by oral questions must give reasonable notice to

every other party. The notice must state the time and place of the deposition, and if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1); *see also Harris v. Jacobs Marsh, LLC*, No. 12CV356A, 2012 WL 4800981, at *3 (W.D.N.Y. Oct. 9, 2012) (granting defendant's motion to compel properly noticed deposition of plaintiff). Rule 30(h) of the Local Rules of Civil Procedure for the Eastern District of Virginia provides the default of eleven days for reasonable notice for the deposition.

While of course it is good practice to confer with opposing counsel in an attempt to find a mutually agreeable date for the deposition where that is possible, Rule 30 does not require it. *See Harris*, 2012 WL 4800981, at *3. Here Nelson did originally offer to discuss the timing of the deposition in conjunction with the notice to determine if an adjustment could be accommodated. Smart Decl. ¶ 4. And, when on April 4, 2022, Amazon informed Nelson that Mr. Doden and his Gibson and Dunn counsel were not available on April 7, Nelson agreed to move the deposition to the following week, offering three different days for Mr. Doden to choose from. Ex. A to Smart Decl. However, at that point Amazon refused those dates as well, offering a variety of reasons why it preferred the deposition to occur at a later date. *See id.* Nelson explained why it desired the deposition to go forward on one of those three alternative dates, *see id.*; however, Amazon rejected his reasons and eventually during a meet and confer call last night at 9:30 p.m., informed Nelson that Amazon would not permit Mr. Doden to sit for a deposition on any of those three dates, despite the deposition being duly noticed.

Again, the Federal Rules of Civil Procedure largely allow a party to proceed in discovery in the order it sees fit. *See* Fed. R. Civ. P. 26(d)(3) (permitting parties to use discovery methods in any sequence); *see also Convermat Corp. v. St. Paul Fire and Marine Ins. Co.*, No. 06-1045, 2007 WL 2743679, at *1 (E.D.N.Y. Sept. 18, 2007) (granting motion to compel that permitted defendant

5

to take a deposition at the time they chose in the discovery process); *Carman v. Bayer Corp.*, No. 08-148, 2009 WL 1919049, at *2 (N.D. W. Va. July 1, 2009) (granting motion to compel deposition of expert witness prior to deposition of fact witnesses because "[t]he rules and case law provide no sequence for discovery" and "[a]ny party may choose any sequence [of discovery] it chooses in the absence of a specific prohibition."); *Harris*, 2012 WL 4800981, at *3 (rejecting claim that defendant "unilaterally selected the date" as a basis to preclude a deposition even where plaintiff asserted that she was "between attorneys who would be actively involved in her case").

"Moreover, the rules generally do not place any initial burden on parties to justify their deposition and discovery requests." *In re Subpoena Issued to Dennis Friedman*, 350 F. 3d 65, 69 (2d Cir. 2003). Here Amazon agrees Mr. Doden can be deposed, it simply objects to the timing Nelson has selected. In *Carman* the district court granted a defendant's motion to compel the deposition of a witness that everyone agreed was a valid witness to depose, over the Plaintiff's objections to the proper timing for such a deposition. As stated by the Court in allowing the deposition to proceed, "[t]here is no doubt in this case that the deposition of [the witness] by Defendants can and should take place. The issue is simply one of timing. The rules and the case law provide no sequence for discovery. Any party may choose any sequence it chooses in the absence of a specific prohibition." *Carmen*, 2009 WL 1919049, at *2; *see also Navient Sols., LLC v. L. Offs. of Jeffrey Lohman, P.C.*, No. 119CV461LMBTCB, 2020 WL 6381256, at *2 (E.D. Va. June 16, 2020) (rejecting plaintiff's unilateral attempts to delay a properly noticed deposition and granting motion to compel).

Accordingly, objections that Amazon would prefer a different timing for Mr. Doden's deposition are no basis to decline to allow him to appear for a properly noticed deposition. For this

reason alone, the Court should compel Mr. Doden's appearance at one of the three dates offered to him, April 11, 13 or 14.

> **B.    Even if a reason was required to justify the deposition of Mr. Doden next week (which it is not), the need for his testimony concerning matters relevant to the pending motion to amend the complaint provides such a reason.**

As a leader of Amazon's internal investigation Mr. Doden would have critical knowledge about what Amazon knew regarding the subject matter of the allegations in the complaint and the parties Amazon seeks to now add, which are particularly relevant to Amazon's current attempt to amend the complaint by adding new parties and asserting new claims.

Because Amazon's motion to amend will undoubtedly disrupt the current case schedule, the potential impact of heightened good cause standard of Rule 16 must be satisfied before it turns to the more relaxed Rule 15 standard. *See Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020); *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 571-72 (E.D. Va. 2021) ("As is the case here, when a scheduling order does not impose a specific deadline to amend pleadings, Rule 16 nevertheless applies if granting leave to amend would interfere with the timeline set in the applicable scheduling order."). While not completely conceding this point in its brief, Amazon acknowledges it is a distinct possibility, and attempts to show there is good cause under Rule 16. *See* Doc. 616 at 25.

"[T]he 'touchstone' of that good cause requirement is 'diligence.'" *Id.* "'[I]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors – including the presence or absence of prejudice to the other party – generally will not be considered." As the Fourth Circuit explained in *Faulconer*, '[i]f the moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint, then the party cannot establish good cause under Rule 16." *Id.*; *see also Berwind Prop. Grp. Inc. v. Env't Mgmt. Grp.,*

7

*Inc.*, 233 F.R.D. 62, 67 (D. Mass. 2005) (precluding amendment where plaintiff was aware of the "identities and involvement of" the proposed new defendants "since the filing of their complaint" and noting that the "propriety of adding two new defendants did not just become obvious nor were plaintiffs prevented from naming [them] as individual defendants at the initial filing of the complaint.").

Aside from Rule 16's good cause standard, delay and facts that might demonstrate such delay are also relevant to the Rule 15 motion to amend standards. While it is true that under Rule 15 "delay alone" will not justify denial of a motion to amend, delay is still relevant and to be considered as part of the overall mix, particularly with respect to both the prejudice and bad faith prongs of Rule 15's test. *See Peters v. Bank of Am., N.A.*, No. 3:14-CV-513, 2015 WL 269424, at *3 (E.D. Va. Jan. 21, 2015) (noting delays is a consideration in connection with bad faith); *Elliott v. Food Lion, LLC*, No. 1:12-CV-1426, 2014 WL 1404562, at *3 (E.D. Va. Apr. 10, 2014) (noting delay in consideration of the prejudice analysis).

Accordingly, what Amazon knew with respect to the claims against new parties and the new claims and theories it seeks to assert, and when it knew that information are highly relevant considerations under either the good faith standard of Rule 16 or the more deferential standard of Rule 15. Thus, Mr. Doden's knowledge as a primary point person for Amazon's internal investigation is a critical witness for evaluating these lines of inquiry.

Accordingly, even if Nelson had to provide a specific reason for conducting the deposition of Mr. Doden next week—which he does not—he has done so, and the Court should compel Mr. Doden's deposition to take place next week.

### C. Nelson is entitled to an award of fees and costs.

As recently explained in *Fulton Bank, N.A. v. Monticello Woods Active Adult, LLC*,

> Federal Rule of Civil Procedure 37(a) governs the payment of attorneys' fees and expenses in discovery disputes. Specifically, Rule 37(a)(5)(A) provides that, if the court grants a motion to compel discovery, "the court must ... require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The award of expenses is mandatory unless one of Rule 37(a)(5)(A)'s three enumerated exceptions applies: "(1) the movant filed a motion to compel prior to attempting in good faith to obtain the discovery without court intervention; (2) the nondisclosure or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id.*

*Fulton Bank, N.A.*, No. 4:19-CV-13, 2020 WL 6306386, at *1 (E.D. Va. Jan. 7, 2020). Here, as demonstrated above, Nelson attempted in good faith to obtain the deposition prior to the deadline to respond to Amazon's motion to amend, Amazon's refusal to allow Mr. Doden's deposition until after the response deadline for the motion to amend the complaint is not substantially justified, nor are there any other circumstances that would make the award unjust. Accordingly, Nelson requests his fees and costs in bringing this motion.

### IV. Conclusion

For the forgoing reasons the Court should compel the deposition of D. Matthew Doden to occur on one of April 11, 13 or 14, and award Nelson his fees and costs for bringing this motion.

April 7, 2022         **BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

47683403 v1

*/s/ J. Alex Little*
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice)*
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson*

10

47683403 v1

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2022, a true and correct copy of the foregoing has been served upon the following via email:

Elizabeth P. Papez (pro hac vice)
Patrick F. Stokes (pro hac vice)
Claudia M. Barrett (pro hac vice)
Michael R. Dziuban
(Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com
Counsel for Plaintiffs
Amazon.com, Inc. and Amazon Data Services, Inc.

Veronica S. Moyé
(pro hac vice application pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Aaron G. McCollough
McGuireWoods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for the Receiver Mark Roberts

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
casey.kirschner@gmail.com
*Pro se*

Kathryn M. Skilton
Michael R. MacPhail
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
kathryn.skilton@faegreddrinker.com
michael.macphail@faegredrinker.com
Counsel for Intervenor 800 Hoyt, LLC

Stanley L. Garnett
Justin L. Cohen
Amanda K. Houseal
Brownstein Hyatt Farber Schreck LLP
410 Seventeenth St., Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
jcohen@bhfs.com
ahouseal@bhfs.com
Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC

George R. Calhoun
Jeffrey Hamlin
James M. Trusty
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W. Suite 650
Washington, DC 20006 george@ifrahlaw.com
jhamlin@ifrahlaw.com
jtrusty@ifrahlaw.com
Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC

Dated: April 7, 2022      */s/ Rachel Friedman*
                                           Rachel Friedman

47683403 v1