# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., | Case No. 1:20cv484 |
| Plaintiffs, | Hon. Rossie D. Alston, Jr.<br>Hon. Theresa Buchanan |
| v. | |
| WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al., | |
| Defendants, | **REPLY IN SUPPORT OF DEFENDANTS CARLETON NELSON'S AND CHESHIRE VENTURES LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELIED UPON TO PROVIDE DECLARATIONS AND VERIFICATIONS** |
| 800 HOYT LLC, | |
| Intervening Interpleader Plaintiff, | |
| v. | |
| BRIAN WATSON, WDC HOLDING LLC, PLW CAPITAL I, LLC.AMAZON.COM, INC, and AMAZON DATA SERVICES, INC. | |
| Interpleader Defendants. | |

Defendants Carlton Nelson and Cheshire Ventures, LLC submit this reply brief in support of their motion to compel production of documents relied upon to provide declarations and verifications. Given the short time left before the hearing, Nelson will keep this reply short and simply respond to a few key points asserted by Amazon that Nelson disputes, and distinguish the key cases on which Amazon relies.

47692668 v1

**Points in Reply**

- Amazon incorrectly asserts that the only way a waiver of privilege can occur is if the party injecting the communication or information provided to counsel is if the party is asserting the privilege asserts a claim or defense such as advice of counsel or legal malpractice. *See* Doc. 633 at 5-6 (citing *Navient Sols., LLC v. L. Offs. of Lohman*, No. 119CV461LMBTCB, 2020 WL 6379240, at *2 (E.D. Va. June 12, 2020)). While of course this is one way a party can waive privilege, it is not the only one. Amazon improperly injects the word "only" and "unless" into its discussion of the case, despite the fact that nowhere in the case does that limitation appear, and in fact the standard applied there was "agreed to by the parties." *Id.*

- Plaintiff also relies on cases holding "where a client and attorney discuss general information and some of that information makes its way into public filings, such as complaints and answers to interrogatories" the privilege is not waived. *See* Doc. 633 at 7 (citing *Pfizer Inc. v. Ranbaxy Lab'ys Ltd.*, No. CIV.A.03-209-JJF, 2004 WL 1376586, at *1 (D. Del. June 18, 2004)) However this case concerns the attorneys themselves verifying hundreds of paragraphs of extremely detailed facts, not just a few general facts that make it into a typical verified complaint or interrogatories which are not verified by counsel. For example, Nelson is not asserting that simply because Mr. Vonderhaar—the employee of Amazon who verified Amazon's interrogatories—may have spoken with Amazon's counsel about the responses before verifying them, such conduct would result in a waiver. That is standard practice though out the legal profession before a client verifies interrogatory responses. What is *not* standard practice is to elect to have one's litigation counsel verify extremely complex complaints, under penalty of perjury and swear that they could testify to the matters therein. Amazon has not sufficiently addressed this critical distinction. Rather, again and again, through argument of counsel, has simply asserted that

it was a "mistake" to do so, with no one willing to actually explain with evidence how such a purported mistake occurred, particularly when it created an evidentiary advantage for Amazon in the motions for preliminary relief.

- Amazon cites the opinion in *Bristol-Myers Co. v. Sigma Chem. Co.*, No. CIV.A. 87-549-JJF, 1988 WL 147409, at *4 (D. Del. Jan. 20, 1988), as if that opinion supports its position. It does not, and instead demonstrates why Amazon's extensive use of attorney verifications and declarations has resulted in a waiver. In the first instance Amazon asserts the case found no waiver in the context of an attorney affidavit provided in support of a preliminary injunction. This is wrong. Rather, the case concerned an affidavit by counsel to demonstrate a good faith basis under Rule 11 to initiate the patent action at issue. *Id.* The district court noted the submission of an affidavit for this "limited purpose" would not waive the privilege. *Id.* Here, numerous verification and declarations were submitted covering practically every factual aspect of the case, and for the purpose of obtaining extensive preliminary injunctive relief in excess of $20 million. Thus, *Bristol-Myers* accentuates the expansive nature of Amazon's deployment of its counsel in this case, versus the "limited purpose" in that case.

- In another case cited by Amazon, *Tax-Right, LLC v. SICPA Prod. Sec., LLC*, No. 3:12CV657, 2013 WL 3791487, at *4 (E.D. Va. July 18, 2013), the court noted that the factual affidavit submitted by counsel was not one detailing facts provided to him by his client, but rather, as the client asserted, "explanation of his understanding, as the inventor and one of skill in the art, of the claim terms in the '614 patent," namely his understanding that the word "order" could be interpreted differently. In *Tax-Right* there was no indication of extensive communication with the client that proved to be the foundation of the material in the affidavit that was submitted, unlike

3

here where Amazon acknowledges that the statements in the verified complaints and declarations were "learned from Amazon's investigation"—i.e. communicated to them by their client.

- Amazon's citation to *Lassiter v. City of Bremerton*, No. C05-5320RBL, 2006 WL 6654883, at *2 (W.D. Wash. July 13, 2006), is similarly misplaced. In that case the issue was whether identifying an attorney on a potential witness list alone waived the privilege. Where upon inquiry it was determined that the only conversations about which the attorney would be testifying was that with third parties, i.e. prosecutors, not anything concerning communications or information gathered from the client. Thus, the *Lassitar* case has no bearing on the circumstances presented here.

- In *Reid v. Neighborhood Assistance Corp. of Am.*, No. 11 C 8683, 2012 WL 5995752, at *5 (N.D. Ill. Nov. 30, 2012), which was decided under Illinois state privilege law, the issue was whether an inconsistency between a single interrogatory response and deposition testimony about non privileged matters in which the attorney was a percipient witness waived the privilege over the matters for which privilege was asserted at the deposition. It in no way resembles the circumstances at issue here.

- Finally, as to the assertions regarding work product by the selection of documents, Nelson is not asking for Amazon to reproduce the documents and materials it has already provided, or to do so in any particular order. Rather, if documents were withheld as privileged or on the basis of fact work product, but were relied upon to execute the various verifications and declarations, Nelson is entitled to those (with, as Nelson acknowledges opinion work product in those documents redacted). In short Amazon's discussion of the "selection of documents" work product line of cases does not apply to this circumstance.

**Conclusion**

For the reasons in their opening brief and those herein, Defendants respectfully request that the Court find that Plaintiffs have waived attorney client privilege and work product protection as to any documents reviewed and relied on by Messrs. Andrews, Sullivan and Doden, and Ms. MacDonald in verifying complaints or executing declarations under penalty of perjury, concerning the facts set forth in the documents at Docket Numbers 1, 12, 59, 100, 106, and 150. In addition, Defendants respectfully request that the Court find a subject matter waiver of all attorney client privilege and fact work product related to the subject matter of these materials in existence at the time of each submitted verified complaint or declaration.

April 7, 2022         **BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

*/s/ J. Alex Little*
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures LLC*

47692668 v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022, a true and correct copy of the foregoing has been served upon the following via email:

Elizabeth P. Papez (pro hac vice)
Patrick F. Stokes (pro hac vice)
Claudia M. Barrett (pro hac vice)
Michael R. Dziuban
(Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com
Counsel for Plaintiffs
Amazon.com, Inc. and Amazon Data Services, Inc.

Veronica S. Moyé
(pro hac vice application pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Aaron G. McCollough
McGuireWoods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for the Receiver Mark Roberts

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
casey.kirschner@gmail.com
*Pro se*

Kathryn M. Skilton
Michael R. MacPhail
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
kathryn.skilton@faegreddrinker.com
michael.macphail@faegredrinker.com
Counsel for Intervenor 800 Hoyt, LLC

Stanley L. Garnett
Justin L. Cohen
Amanda K. Houseal
Brownstein Hyatt Farber Schreck LLP
410 Seventeenth St., Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
jcohen@bhfs.com
ahouseal@bhfs.com
Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC

George R. Calhoun
Jeffrey Hamlin
James M. Trusty
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W. Suite 650
Washington, DC 20006 george@ifrahlaw.com
jhamlin@ifrahlaw.com
jtrusty@ifrahlaw.com
Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC

Dated: April 7, 2022                    */s/ Rachel Friedman*
                                             Rachel Friedman

47692668 v1