# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., | Case No. 1:20cv484 |
| Plaintiffs, | **Hon. Rossie D. Alston, Jr.**<br>**Hon. Theresa Buchanan** |
| v. | |
| WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al., | |
| Defendants, | **REPLY IN SUPPORT OF DEFENDANT CARLETON NELSON'S EMERGENCY MOTION TO COMPEL THE DEPOSITION OF D. MATTHEW DODEN** |
| 800 HOYT LLC, | |
| Intervening Interpleader Plaintiff, | |
| v. | |
| BRIAN WATSON, WDC HOLDING LLC, PLW CAPITAL I, LLC.AMAZON.COM, INC, and AMAZON DATA SERVICES, INC. | |
| Interpleader Defendants. | |

COMES NOW Defendant Carleton Nelson ("Nelson") through undersigned counsel, and files this reply in support of his motion to compel the deposition of D. Matthew Doden

Amazon's response does not cite a single authority that it can unilaterally refuse to allow one of its employees to sit for a deposition next week because it would prefer that the deposition occur at a later date. In fact, they do not cite a single case in the entire response, nor do they dispute any of the authority cited in Nelson's opening brief. For this reason alone the Court should grant

Nelson's motion. Moreover, it demonstrates the absence of a reasonable basis to take the position Amazon did.

Second, what Amazon does argue is a completely disingenuous, strawman fallacy. Amazon asserts that Nelson seeks to depose Mr. Doden about what Amazon has recently received in discovery. To be clear, as has been explained in great detail, one of the topics about which Nelson wishes to depose Mr. Doden is what he, as a key member of Amazon's internal investigation team knew from that early investigation, much even before this litigation commenced, much less before the discovery Amazon now cites to actually occurred. Nelson has no desire to ask Mr. Doden about what Amazon has received in recent discovery. Thus, Amazon's argument that we can ask counsel for Amazon what it believes Amazon learned in recent discovery is a red herring and has no bearing on the present motion.[1]

Third, Amazon's contention that its decision to elect to use Mr. Doden as a 30(b)(6) designee and the claim that they need extensive time to prepare him for his individual deposition. Mr. Doden has been noticed at this point for 11 days is no basis to move the deposition past the response deadline for the motion to amend. Nelson offered to take his deposition as late as April 14, giving Amazon another week to prepare Mr. Doden for his deposition, despite the fact that it would require obtaining an expedited transcript and putting Nelson in a more difficult position of incorporating that information into his response to the motion to amend on short notice, as compared to the originally scheduled day or one earlier next week. Amazon has had at least fifteen different attorneys from its litigation counsel Gibson Dunn participate in various aspects of this case, with at least eight taking or defending depositions. To claim that an additional *three weeks*

---

[1] This position is also puzzling in and of itself given the efforts being taken to remove prior litigation counsel from their roles as active factual representatives for Amazon in this case in the other motions set for hearing tomorrow.

are needed to prepare Mr. Doden for his individual deposition, with this many available attorneys, particularly where he has been put forward as ready and able to sign a brand new declaration essentially affirming many of the statements in other declarations as to what Amazon knew at the beginning of the case, defies credulity. As to privilege concerns, it seems pretty straightforward, particularly where Mr. Doden is himself an attorney who presumably understands the concept of privilege: while Nelson does not intend to use this deposition as a means to delve into legitimately privileged matters, if questions happen to stray into an area where Amazon and its counsel believes privileged information is at issue, Amazon has experienced, sophisticated counsel who are fully aware of objecting and instructing Mr. Doden not to answer. There does not appear to be any reasonable explanation as to why it would take weeks of preparation to be ready to take such actions.[2]

It is also noteworthy that Amazon buries in a footnote its acknowledgment that Amazon was well aware of Mr. Atherton and Von Lacey and their alleged participation in the conduct at issue. To be clear Amazon identified Mr. Atherton no less than twenty five times in the Second Amended Complaint, and discussed numerous alleged instances of conduct by Mr. Atherton in connection with the conduct at issue. *See* Doc. 150. Amazon attempts to downplay that knowledge by assertions of requiring admissible evidence before it files suit against Mr. Atherton. This is absolutely not the standard when considering good cause or undue delay on a motion to amend. It is also interesting that Amazon takes that position now, when it had no qualms filing a suit and obtaining a massive preliminary injunction in this case against Mr. Watson with what it now

---

[2] Nelson would also note that at this point counsel for Amazon has essentially requested that almost all of the remaining depositions take place after the motion to amend hearing, seeking to double slot depositions right up to the end of the discovery period. Nelson has no interest in once again clogging up depositions right to the end of the fact discovery period, and would prefer to use all of the time the Court has provided in this recent extension to conclude discovery in a much more reasonable fashion—which was part of the basis for agreeing to join in the request for an extension to begin with.

acknowledges in its motion to withdraw verifications and declarations would not meet such an evidentiary threshold. But that is an issue for another day.

Finally, as to Amazon's discussion of the government investigation, the point of highlighting Mr. Doden's involvement in many of the meetings and conferences with the FBI and the U.S. Attorney's Office (which in total, with or without Mr. Doden, number over eighty) is to show that Mr. Doden has a significant breadth of knowledge about what Amazon knew and when it knew it during that time frame. That is what is relevant to the instant motion.[3]

## Conclusion

For the reasons in Nelson's opening brief and those herein, Nelson requests that the Court compel the deposition of D. Matthew Doden, to occur on either of April 11, 13, or 14, and award Nelson his costs and fees in filing this motion.

April 7, 2022　　　　　　　　**BURR & FORMAN LLP**

　　　　　　　　　　　　　　　*/s/ Rachel Friedman*
　　　　　　　　　　　　　　　Rachel Friedman (VA Bar #93898)
　　　　　　　　　　　　　　　420 North 20th Street, Suite 3400
　　　　　　　　　　　　　　　Birmingham, AL  35203
　　　　　　　　　　　　　　　Telephone: (205) 251-3000
　　　　　　　　　　　　　　　Facsimile: (205) 458-5100
　　　　　　　　　　　　　　　rfriedma@burr.com

---

[3] As to Amazon's assertion that the government investigation and what Amazon may have told the government during those eighty-plus meetings is completely irrelevant to this case, such a proposition is baseless. What Amazon representatives told the government that they knew or claimed to know about the facts concerning the transactions at issue are highly relevant and discoverable, as would be the case for any statements made by a party to an action about the circumstances underlying the case to any third party. *See* FRE 801(d)(2). Further, the record is replete with *Amazon*'s *citation* to that investigation and the government's civil forfeiture efforts throughout this civil case, and it pointed to that investigation on numerous occasions to obtain relief in the preliminary injunction proceedings.

*/s/ J. Alex Little*
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice)*
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson*

47692769 v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022, a true and correct copy of the foregoing has been served upon the following via email:

Elizabeth P. Papez (pro hac vice)
Patrick F. Stokes (pro hac vice)
Claudia M. Barrett (pro hac vice)
Michael R. Dziuban
(Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com
Counsel for Plaintiffs
Amazon.com, Inc. and Amazon Data Services, Inc.

Veronica S. Moyé
(pro hac vice application pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Aaron G. McCollough
McGuireWoods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for the Receiver Mark Roberts

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
casey.kirschner@gmail.com
*Pro se*

Kathryn M. Skilton
Michael R. MacPhail
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
kathryn.skilton@faegreddrinker.com
michael.macphail@faegredrinker.com
Counsel for Intervenor 800 Hoyt, LLC

Stanley L. Garnett
Justin L. Cohen
Amanda K. Houseal
Brownstein Hyatt Farber Schreck LLP
410 Seventeenth St., Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
jcohen@bhfs.com
ahouseal@bhfs.com
Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC

George R. Calhoun
Jeffrey Hamlin
James M. Trusty
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W. Suite 650
Washington, DC 20006 george@ifrahlaw.com
jhamlin@ifrahlaw.com
jtrusty@ifrahlaw.com
Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC

Dated: April 7, 2022          */s/ Rachel Friedman*
                                Rachel Friedman