UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Amazon.com Inc. and Amazon Data Services, Inc.,<br><br>  Plaintiffs,<br><br> v.<br><br>WDC Holdings LLC dba Northstar Commercial Partners *et al.*,<br><br>  Defendants. | Case No. 1:20-CV-484-LO-TCB |
| 800 Hoyt LLC,<br><br>  Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant,<br><br> v.<br><br>Brian Watson *et al.*,<br><br>  Interpleader Defendants,<br><br> and<br><br>Amazon.com Inc. and Amazon Data Services, Inc.,<br><br>  Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**REPLY IN SUPPORT OF BRIAN WATSON'S MOTION TO COMPEL NON-PARTY
<u>IPI PARTNERS, LLC'S COMPLIANCE WITH RULE 45 SUBPOENA</u>**

  IPI Partners, LLC ("IPI") is not a disinterested bystander to this case and does not contest its central role in the events giving rise to the parties' dispute. Although IPI is not a party to the present litigation, IPI was Defendants' joint-venture partner and now is, effectively, their successor-in-interest with respect to the property transactions at the heart of this case—a case involving transactions so substantial that the purported kickbacks alone are alleged to be worth tens of millions of dollars. Couching its response to the present Motion to Compel in absolute

terms—citing production figures that, if anything, are extraordinarily low for cases of this size, *see* Opp. at 10—IPI suggests that the proper measure of its compliance with Watson's Subpoena is not relevance and proportionality but the hard number of documents and pages it has produced to date in response to the subpoena Watson issued on January 22, 2022 (the "Subpoena"). But under the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)"); *Castle v. Jallah*, 142 F.R.D. 618, 620 (E.D. Va. 1992) ("[T]he scope of discovery from a nonparty by means of a subpoena *duces tecum* under Rule 45 is coextensive with that of a motion for production from a party under Rule 34.").

  Here, the Court should not countenance the unilateral limitations that IPI has set for itself in responding to the Subpoena. Watson's Motion to Compel identifies three ways in which IPI's Subpoena responses are deficient—namely, IPI's unilaterally imposed end date is not a proper limitation in light of IPI's ongoing relationship with Amazon in connection with the transactions at issue here, IPI is improperly withholding responsive materials simply because they were also delivered at one time to at least one of the parties, and IPI has no grounds for withholding lease materials that are plainly relevant to Amazon's theory of damages in this case. In light of these deficiencies, Watson respectfully requests that this Court grant his Motion to Compel and require IPI to supply comprehensive materials in response to the Subpoena.[1]

---

[1] To the extent that IPI's opposition suggests that counsel for Watson did not engage in good-faith discussions regarding the scope of the Subpoena and IPI's responses thereto, the opposition and supporting declaration show that the parties discussed the limitations that IPI proposed on multiple occasions before the Motion to Compel was filed. As demonstrated in IPI's materials, counsel for Watson explained Watson's interest in the documents that IPI is now withholding and also agreed to certain limitations on IPI's response. *See* Opp. at 8-9; Decl. of Charles C. Connolly, Ex. B (Dkt.

I.  **LEGAL STANDARD**

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Rule 26 sets forth the courts' approach to discovery matters, including as to third-party subpoenas: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Requests for documents need not name specific documents, or even specific categories of documents; rather, the courts define "relevance" broadly. This Court recently wrote, "A request for discovery 'should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter of the action.'" *Deutsche Bank Nat'l Trust Co. v. Fegely*, No. 3:16-cv-00147, 2020 WL 201048 (E.D. Va. Jan. 13, 2020) (emphasis added) (quoting *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 251, 254 (N.D. Ill. 1978)).

Furthermore, documents relating to "claims or defenses raised in a given action" are relevant, and therefore discoverable, even if they are "not directly pertinent to the incident in suit." Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment. More specifically, courts routinely grant discovery of information related to damages. *See Nat'l Cmty. Reinvestment Coalition v. NovaStar Fin., Inc.*, No. 07-cv-00861, 2009 WL 10719757, at *2 (D.D.C. July 13, 2009) (compelling production of detailed information on damages allegedly sustained); *see also* 8 Wright *et al.*, Federal Practice & Procedure § 2008.4 (3d ed.) ("As a general matter, it is clear that discovery as to damages is proper.").

---

665-2) at 2. Counsel for IPI declined to adjust its position on any of the occasions the parties discussed the Subpoena.

In addition, the cost inherent to reviewing materials in preparation for responding to a subpoena does not justify withholding responsive material. "The mere fact that responding to a discovery request will require the objecting party 'to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object' to a relevant discovery request." *Deutsche Bank Nat'l Trust Co. v. Fegely*, No. 3:16-cv-00147, 2020 WL 201048, at *6 (E.D. Va. Jan. 13, 2020) (quoting *Burns v. Imagine Films Entm't, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996)).

## II.  ARGUMENT

First, IPI should not be permitted to withhold documents that include the parties—particularly Amazon—on the top-line message.[2] Watson has cited substantial precedent for the proposition that a responding party is not excused from producing responsive documents if the requesting party already possesses certain of them. *See* Memo. in Support of Mot. to Compel ("Memorandum") at 10; *see Rivers v. Asplundh Tree Expert Co.*, No. 5:08cv61, 2008 WL 5111300, at *4 (N.D. Fla. Dec. 3, 2008) ("[T]he fact that [a party's counsel] may already possess . . . some of the documents and information in [certain] discovery requests . . . does not excuse the [responding party's] failure to fully respond to the discovery requests."). In response, IPI quotes the Fourth Circuit's decision in *Va. Dep't of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir.

---

[2] Counsel for Watson and counsel for IPI discussed whether the Subpoena called for the production of documents possessed by IPI's law firm, Akin Gump, and Watson's counsel agreed that IPI need not produce documents for which the custodian is an Akin Gump attorney. Counsel for Watson understood those documents to be communications between IPI and its counsel, which would generally constitute privileged material and potentially add significant labor to the review process. Watson would like to clarify that the Subpoena does require production of communications between Akin Gump and parties other than IPI, including communications between Amazon and its counsel, as these would generally not be covered by attorney-client privilege. Counsel recognizes the inconsistency in its statements on this matter; however, having reserved rights with respect to the Subpoena, counsel for Watson now reasserts the request for such documents.

2019), which states that a "requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation." Opp. at 14.

First, as IPI notes in its Opposition, *see* Opp. at 7, counsel for Watson told counsel for IPI that Watson needed relevant emails on which an Amazon employee was included in the top-line message because Amazon had produced very little discovery to that point and may have destroyed much of the relevant evidence pursuant to its document-retention policy.

Watson has explained why certain materials are unavailable from other sources. As stated, Amazon has disclosed a document retention policy according to which most documents are destroyed within weeks or months after they are created. *See* Memorandum at 11. In other words, Amazon (the only party that ever possessed many of the documents IPI now seeks to withhold) destroys documents as a matter of policy.[3] Watson has noted this policy to IPI's counsel and described in the Motion to Compel the practical implications of Amazon's policy that have already emerged in this litigation. *See id.* at 11 n.2. Accordingly, with respect to a substantial portion of the documents as issue, Watson has "explain[ed] why it cannot obtain [certain] information . . . from one of the parties to the litigation."[4]

Beyond that, Watson is not in a position to identify the relevant records IPI possesses. When seeking categories of material—as opposed to specific documents—requesting parties naturally cannot describe certain responsive materials in specific detail, because the requesting

---

[3] If Amazon has, in fact, destroyed post-litigation communications with IPI, that would exacerbate or give rise to serious concerns of spoliation.

[4] IPI also suggests that Amazon has preserved documents and communications dated after this litigation began in April 2020. Given that courts allow the discovery of materials even when they are available from other sources, speculation as to whether certain documents are available—notwithstanding Amazon's practice of destroying emails within 30 days of their transmission—should not justify IPI's unilateral decision to withhold Amazon communications after that date.

5

party does not possess those documents. Without knowing what responsive material IPI has, Watson cannot determine which, if any, individual documents are available from Amazon.

IPI also suggests that the Subpoena imposes an undue burden on IPI because it could return "information unrelated to the Action." Opp. at 17. For example, IPI describes a category of documents that includes Northstar-related information that is unlikely to be significant in the context of this litigation. Opp. at 17. But IPI does not argue that the categories of documents it now seeks to withhold are unlikely to contain responsive material; instead, it states that it has already produced some responsive material and the documents it seeks to withhold are likely to contain non-responsive material. Counsel for IPI has it backwards: Courts do not require discovery to be so narrowly tailored as to avoid returning any non-responsive material. *E.g.*, *FTC ex rel. Yost v. Educare Ctr. Servs., Inc.*, 2020 WL 4334119, at *6 (W.D. Tex. Apr. 15, 2020) ("[E]ven the presence of some irrelevant information interspersed with the relevant information Plaintiff seeks does not render the request overbroad."). Accordingly, responding parties are not excused from producing responsive material because it is commingled with non-responsive material. Courts assess burden in the context of the "needs of the case." Fed. R. Civ. P. 26(b)(1). Here, the potential for the Subpoena requests to return some amount of non-responsive material does not justify the limitations that IPI has unilaterally set for its response and certainly does not justify IPI's refusal to turn over documents that are plainly discoverable.[5]

IPI also asserts that the Subpoena imposes an undue burden by seeking documents dated after April 2020, the month during which IPI worked with Amazon to terminate Northstar from

---

[5] If the Court were to determine that the Subpoena requests are overly broad, it should adopt the approach of several other courts in narrowing the requests rather than quashing the Subpoena. *See Stati v. Republic of Kazakhstan*, No. 14-civ-1638, 2020 WL 3259244, at *7 (D.D.C. June 5, 2020); *McDaniel v. Loyola Univ. Medical Ctr.*, No. 13-cv-6500, 2016 WL 11734768, at *4 (N.D. Ill. Feb. 9, 2016).

6

the joint venture. IPI states that "[t]he documents in IPI's possession after April 30, 2020, are irrelevant to the issues in the Action." Opp. at 23. Besides it being unclear how IPI could reach that conclusion without reviewing the documents, the parties disagree on this point. Watson has already explained why material post-dating that cutoff might be relevant. Memorandum at 9. IPI suggests that Watson's speculation is insufficient to justify further review of documents, but Watson does not bear the burden of predicting the substantive contents of documents that are responsive to the Subpoena. If that were the standard, much of discovery would be unworkable, as requesting parties would need to know what substantive discovery they needed before they could discover it. Nor is the responding party the arbiter of what materials are relevant. *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494, 517 n.12 (D. Md. 2009) ("The ultimate decision of what is relevant is not determined by a party's assessment filtered through its own perception of self-interest."). And to the extent IPI views documents dated after April 30, 2020, as wholly irrelevant, it is IPI—not Watson—who must specifically detail the reasons why. *See, e.g., V5 Technologies v. Switch, Ltd.*, 334 F.R.D. 306, 310 ("[T]he party opposing discovery bears the burden of showing the disputed discovery is not relevant, a burden that is met by specifically detailing the reasons why each request is irrelevant.").

In addition, this Court should compel IPI to produce materials concerning all Amazon leases; their relevance is plain in the context of Amazon's claims. IPI contends that lease materials not involving Northstar are not relevant to the present case and that producing them would result in "great cost" to IPI. Opp. at 20-23. Neither of these reasons justifies IPI's steadfast refusal to produce the requested lease materials.

First, as noted, the Federal Rules allow for discovery of "[a] variety of types of information not directly pertinent to the incident in suit" if it is "relevant to the claims or defenses raised in a

7

given action." Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment. In the Second Amended Complaint, Amazon asserts that it was defrauded into believing that the lease transactions in question were "competitive fair market deals," Second Am. Compl. ¶ 467, and that it suffered damages in light of "inflated and fraudulent transaction costs and non-competitive bidding," *id.* ¶ 483. It is undisputed that IPI does substantial business in this sector with Amazon concerning similar contracts. *See, e.g.*, Opp. at 3. Materials concerning the other leases that Amazon has signed would provide evidence of what Amazon believed to constitute a "fair market deal" and the product of competitive bidding from Amazon's perspective. In light of this connection between Amazon's claims (which are partially based on the leases at issue being more expensive than market rates) and the requested materials (which would demonstrate the terms of Amazon's other leases in the area), the requested lease documents are discoverable.

IPI also states in conclusory fashion that producing these materials would "require[] great cost to IPI." *Id.* at 22. As IPI has not described the volume of material at issue with respect to this request, it appears that producing these documents would not amount to a significant financial burden, considering the needs and scope of the litigation. Indeed, IPI should be able to readily identify and produce its leases and any sale or similar contracts with Amazon. Such contracts are not typically buried in warehouses or difficult to locate.

Having omitted any description of potential monetary cost, IPI contends that the courts' analysis of burden can include consideration of "privacy or confidentiality interests." *Id.* at 22 (quoting *Va. Dep't of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019). The Watson Defendants do not disagree, but confidentiality concerns already have been addressed by this Court. The materials IPI produces in response to the Subpoena are subject to the Protective Order entered by the Court on June 4, 2020. Dkt. 55. That Order allows non-parties to designate

8

discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY," *id.* at 2-3, and it restricts the use of designated material to "this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever," *id.* at 4. IPI now asserts that it should not need to produce relevant documents for reasons of confidentiality, notwithstanding the fact that counsel for Watson and IPI explicitly discussed the issue of confidentiality and agreed that the terms of the Protective Order apply to IPI's documents. *See* Decl. of Charles C. Connolly, Ex. B (Dkt. 665-2) at 2. IPI has cited no evidence, nor is there any, suggesting that Watson or his attorneys intend to violate the Court's Protective Order in this case.

IPI also asserts, without citation, that the Subpoena amounts to an attempt by Watson to "interfere with [IPI's] private and confidential business interests." Opp. at 23. Watson's request for discovery from IPI, without more, does not constitute improper interference in commerce.

Finally, if the Court denies the present Motion, there is no basis for awarding attorneys' fees to IPI. Rule 37, which authorizes motions to compel in closely analogous circumstances, states that costs are unavailable where a motion is denied but "was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). As IPI's opposition observes, the parties discussed the terms of the Subpoena, Watson agreed to certain limitations on IPI's production, and IPI imposed its own unilateral and internally inconsistent restrictions on the Subpoena. The circumstances "substantially justified" the present Motion.

### III. CONCLUSION

Accordingly, Mr. Watson respectfully requests that this Court grant his Motion to Compel Non-Party IPI Partners, LLC's Compliance with Rule 45 Subpoena and order IPI to produce documents according to the terms of the Subpoena.

Dated: April 21, 2022 Respectfully submitted,

/s/ *Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah M. Regan-Smith (*pro hac vice*)
Neil S. Sandhu (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregansmith@bhfs.com
nsandhu@bhfs.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 21, 2022, I will file the foregoing Reply in Support of Brian Watson's Motion to Compel Non-Party IPI Partners, LLC's Compliance with Rule 45 Subpoena using the Court's CM/ECF system, whjch will send a notification of electronic filing to all counsel of record.  I will also e-mail courtesy copies to all counsel and parties listed below and send hard copy via U.S. Mail to Mr. Kirschner at the street address shown below:

Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Aaron G. McCollough
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for Receiver

Charles F. Connolly
Allison Thornton
Stephanie Lindemuth
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street NW
Washington, D.C. 20006
cconnolly@akingump.com
athornton@akingump.com
slindemuth@akingump.com
Counsel for Non-Party IPI Partners, LLC

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

Jamie Hubbard
Stimson Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
hubbard@sslhlaw.com
Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC

Date: April 21, 2022

                                                  */s/ Jeffrey R. Hamlin*
                                                  Jeffrey R. Hamlin