# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br> Defendant. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, and BW HOLDINGS, LLC, <br><br> Interpleader Defendants <br><br> AMAZON.COM, INC. and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | WATSON DEFENDANTS' OBJECTION TO THE APRIL 8, 2022 ORDER PRECLUDING THE DEPOSITION OF LORA ELIZABETH MACDONALD AND GRANTING PLAINTIFFS' MOTION TO WITHDRAW AND SUBSTITUTE VERIFICATIONS AND CERTAIN DECLARATIONS (DKT. 648) |

Pursuant to Federal Rule of Civil Procedure 72(a), Defendants WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager ("Watson Defendants"), respectfully submit the following objection ("Objection") to part of U.S. Magistrate Judge Buchanan's April 8, 2022 Order (Dkt. 648) ("Order"), specifically the portions of that Order (i) granting a protective order precluding the deposition of Lora Elizabeth MacDonald

("Ms. MacDonald") on the basis that there is "no useful information" to be derived from her deposition because privilege was not waived by her averments of personal knowledge (Ex. A to Bodner Decl. at 10:9-11:15) and (ii) granting the request to withdraw and substitute verifications and certain declarations on the basis that there is no prejudice to the Watson Defendants because D. Matthew Doden ("Mr. Doden") will be able to provide the "same information" (*id.* at 10:9-11:15; 17:10-14). Federal Rule of Civil Procedure 72(a) allows a party to request that the Court modify or set aside any part of a magistrate judge's order on non-dispositive matters that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Sectek Inc. v. Diamond*, No. 115CV1631GBLMSN, 2016 WL 5897763, at *2 (E.D. Va. Oct. 6, 2016). In support of this Objection, the Watson Defendants submit the transcript of the hearing (because the Order granting the relief provided that the protective order and the ability to withdraw and substitute verifications and certain declarations were being granted for the reasons stated on the record), the Declaration of Sara R. Bodner and exhibits thereto, and all matters of record.

## Introduction

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon") seek to recover tens of millions of dollars from the Watson Defendants for an alleged "massive fraud and kickback scheme." Dkt. 150 ¶ 1. The Watson Defendants have vigorously defended against these claims and maintained their innocence since the very beginning. They have done this despite the deck being stacked against them, as Amazon encouraged the United States Attorney's Office for the Eastern District of Virginia (the "USAO") and Federal Bureau of Investigation ("FBI") to launch a criminal investigation and sought and obtained a highly punitive preliminary injunction that has upended Mr. Watson's life in particular, causing massive financial losses and reputational damage to Mr. Watson and his companies. During the course of the Watson

Defendants' efforts to obtain discovery, the Watson Defendants identified Ms. MacDonald as an individual who needed to be deposed based on her averments in numerous sworn declarations that she had "personal knowledge" of the facts contained in said declarations *and* based on the fact that Ms. MacDonald had extensive interactions with the USAO and FBI and at least some with Timothy Lorman, a former Northstar employee who provided a sworn declaration in support of Amazon's application for a preliminary injunction (Dkt. 43). The Watson Defendants also identified Travis Andrews ("Mr. Andrews") and Luke Sullivan ("Mr. Sullivan"), former Gibson Dunn attorneys who verified versions of the complaint, as additional individuals they needed to depose. It was only then that Amazon filed its Motion to Withdraw and Substitute Verifications and Certain Declarations and for Protective Order ("Motion"). Dkts. 587-88. In the Motion, Amazon sought four separate forms of relief: (1) to withdraw several previous verified complaints, which were verified by Mr. Andrews and Mr. Sullivan, Dkt. 589-1; Dkt. 589-2; Dkt. 589-3; (2) to withdraw five sworn declarations of Ms. MacDonald, Dkt. 589-4; Dkt 589-5; Dkt. 589-6; Dkt. 589-7; Dkt. 589-8; (3) to substitute a new declaration sworn by a different individual—Mr. Doden—who does not aver that the facts and allegations in the Second Amended Complaint (the current operative complaint) are true, but only that they were believed to be true at the time the complaint was filed, Dkt. 589-9; and (4) to obtain a protective order prohibiting the depositions of Mr. Andrews, Mr. Sullivan, and Ms. MacDonald. Dkt. 587.

      This Objection focuses on the protective order precluding the deposition of Ms. MacDonald, and Amazon's request to withdraw the verifications and certain declarations and substitute them with a new declaration from Mr. Doden stating that the facts addressed in a May 2020 declaration executed by Mr. Doden "represent information known by or available to Amazon when this action was filed on April 27, 2020." Dkt. 589-9 ¶ 2. When deciding to block Ms.

MacDonald's deposition, the Magistrate Judge concluded that "as a practical matter, there's no useful information to be derived from [her] deposition [] unless I found that the attorney-client privilege ha[s] been waived wholesale" and that there was "no waiver of the privilege." Ex. A to Bodner Decl. at 10:15–23; *see generally id.* at 10:9-11:15. But respectfully, when issuing its decision, the Court did not take into account Ms. MacDonald's role in communicating and meeting with third parties including the USAO, FBI, and Mr. Lorman. The substance of voluntary discussions and meetings with third parties certainly is not privileged, so it was clearly erroneous to preclude the Watson Defendants from inquiring into them. Separately, when allowing Amazon to withdraw the verifications and certain declarations and substitute them with the proposed declaration from Mr. Doden, the Court acknowledged that the attorney attestations of personal knowledge were "a big mistake," *id.* at 11:2, but that the withdrawal and substitution would cause "no prejudice" because "Mr. Doden is going to be able to provide the same information, " *id.* at 11:4–8. However, this is clearly erroneous, as Amazon's request was a thinly veiled attempt to amend its pleadings without comprehensive Rule 15 briefing, the Watson Defendants have and will continue to suffer significant prejudice, and the declaration Amazon proposed as a substitute is empty and insufficient to support or sustain the extraordinary relief previously ordered against Mr. Watson.

### **Procedural Background**

On February 28, 2022, the Watson Defendants informed all parties they intended to serve subpoenas on Mr. Andrews and Mr. Sullivan with deposition dates of March 17, 2022. Dkt. 607 ¶ 2. When Amazon's counsel informed counsel for the Watson Defendants that Mr. Sullivan and Mr. Andrews were not available on March 17, 2022, the parties met and conferred to find a mutually agreeable date. *Id.* When the Watson Defendants did not hear back, they noticed the

depositions of Mr. Andrews and Mr. Sullivan for March 28, 2022 and Ms. MacDonald for April 4, 2022. *Id.* Amazon's counsel requested a call for March 24, 2022, and informed counsel for the Watson and Nelson Defendants they intended to file the Motion. *Id.* Mr. Andrews and Mr. Sullivan did not appear for their depositions on March 28, 2022. *Id.* Ms. MacDonald did not appear for her deposition on April 4, 2022. *See* Bodner Decl. ¶ 3. Amazon filed the Motion on March 25, 2022. Dkts. 587-88. The Watson Defendants filed a Response on April 1, 2022. Dkt. 606. Amazon filed a Reply in support of its Motion on April 4, 2022. Dkt. 627. The Court held a hearing regarding the Motion on April 8, 2022. Following that hearing, the Court issued the Order which is the subject of this Objection. Dkt. 648. Pursuant to Fed. R. Civ. P. 72(a), the Watson Defendants hereby file their timely Objection respectfully requesting that the Court overrule the Magistrate Judge's decision and allow the deposition of Ms. MacDonald to proceed and not allow Amazon to withdraw the verifications and declarations and substitute them with the declaration of Mr. Doden until Amazon has complied with the requirements under Federal Rule of Civil Procedure 15.[1]

## Argument

**I.      Standard of Review.**

On an objection from a non-dispositive ruling of a U.S. Magistrate Judge, a party may request that the Court modify or set aside any part of a magistrate judge's order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). As further explained in *Sectek Inc. v. Diamond*, the clearly erroneous standard is "deferential and [] findings of fact should be affirmed unless review of the entire record leaves the reviewing court with the definite and firm conviction that a mistake has been committed." *Sectek Inc.*, 2016 WL 5897763, at *2 (internal quotation marks

---

[1] The Watson Defendants will be filing a separate motion addressing Amazon's recent motion seeking leave to file a third amended complaint.

and citation omitted). "A decision is considered contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (internal quotation marks and citations omitted).

A request for a protective order is governed by Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c). Under Rule 26(c), the Court may issue a protective order "to protect a party or person from embarrassment, oppression, or undue burden or expense." *Id.* A protective order pursuant to Rule 26(c) "should be sparingly used and cautiously granted." *Big Ernie's, Inc. v. United States*, No. 1:09-CV00122(LO/IDD), 2009 WL 3166839, at *1 (E.D. Va. Aug. 13, 2009) (quoting *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987)). As this Court has observed, "it is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Big Earnie's,* 2009 WL 3166839, at *1 (quoting *SEC v. Dowdell*, No. CIV.A.3:01CV00116, 2002 WL 1969664, at *3 (W.D. Va. Aug. 21, 2002)). For this reason, a party seeking a protective order precluding a deposition "bears the weighty burden of showing the existence of good cause." *Big Earnie's,* 2009 WL 3166839, at *1; *see also In re C. R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.,* No. MDL 2187, 2014 WL 12703776, at *3 (S.D.W. Va. June 30, 2014) (describing the burden to show good cause for a protective order precluding a deposition as "especially heavy").

With respect to the withdrawal of the verifications and certain declarations and substitution, Amazon pointed to no procedural rule giving it the right, without leave of the Court, to make such changes. But it is the Watson Defendants' belief that Amazon is effectively attempting to amend its pleadings, which would bring it under the purview of Federal Rule of Civil Procedure 15. Rule 15(a) allows for the amendment of pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Courts have explained however that "leave to amend may be denied for undue delay, dilatory motive on the part of the moving party, futility of amendment, and undue prejudice to the

nonmoving party." *Ononuju v. Virginia Hous. Dev. Auth.*, No. 2:20cv205, 2022 WL 799095, at *11 (E.D. Va. Mar. 15, 2022); *see also Smith v. Angelone*, 111 F.3d 1126, 1133–34 (4th Cir. 1997).

**II.     The Magistrate Judge's Conclusion About the Usefulness of Ms. MacDonald's Deposition Was Clearly Erroneous.**

The Watson Defendants respectfully suggest that the Magistrate Judge's issuance of a protective order precluding Ms. MacDonald's deposition was clearly erroneous. The Court suggested that given that Ms. MacDonald had not waived privilege by averring that she had "personal knowledge" (when, per Gibson Dunn, she did not have such knowledge)[2], there would be no "useful information" to be gained from her deposition. Ex. A to Bodner Decl. at 10:15–16. But this is simply not the case. As reflected in interrogatory responses and documents produced by Amazon to date, Ms. MacDonald had ███████████████████████████████████████████████████████████████████████████████████████. *See, e.g.,* Ex. B to Bodner Decl.; Ex. C to Bodner Decl. In fact, based on the documents produced by Amazon, the Watson Defendants believe that Ms. MacDonald either ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See, e.g.,* Ex. D to Bodner Decl.; Ex. E to Bodner Decl.; Ex. F. to Bodner Decl.; Ex. G to Bodner Decl. Amazon's interrogatory responses further confirm Ms. MacDonald's involvement in Amazon's

---

[2] Curiously, Amazon has not withdrawn Dkt. 42, in which Ms. MacDonald states that she has "personal knowledge of the facts set forth below, and if called upon to do so, [she] could and would competently testify thereto." Dkt. 42 ¶ 1. The Watson Defendants should therefore also be able to depose Ms. MacDonald about the contents of this sworn declaration. The Watson Defendants raised this to counsel for Amazon via phone call and email on Friday, April 15, 2022 and followed up again on Tuesday, April 20, 2022, but have not heard back as of this filing. However, this outstanding averment of personal knowledge is not the subject of this Objection.

relationship with the USAO and FBI. *See* Ex. B to Bodner Decl. More specifically, Ms. MacDonald attended three in-person meetings on February 20, 21 and 28, 2020 with representatives from the USAO and/or FBI. *Id.* at 3. According to Amazon's response, during these meetings representatives from Gibson Dunn presented Amazon's understanding of the alleged real estate kickback scheme(s), discussed issues related to certain documents, and discussed matters related to IPI Partners, LLC. *Id.* Ms. MacDonald also participated in WebEx meetings with representatives from the USAO and/or FBI on June 10 and September 30, 2020, regarding matters related to Amazon's internal review and real estate transaction-related processes. *Id.* at 4. Given these disclosures, it is indisputable that Amazon and the USAO and FBI have a cozy relationship—one that presumably started with Amazon providing these agencies with a roadmap of what it believed to be a potential criminal scheme (it was not) and led to the FBI knocking on Mr. Watson's door on April 2, 2020.

The information that Ms. MacDonald voluntarily shared with the USAO and FBI and her recollection of the in-person, videoconference, and telephone meetings is clearly non-privileged and relevant to the Watson Defendants' claims and defenses in this action.[3] *See* Fed. R. Civ. P. 26(b)(1) (permitting "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). To the extent Amazon suggests otherwise, it bears the burden of establishing that waiver did not occur. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982). Voluntary disclosure to a third-party, including to achieve a tactical objective, waives the attorney-client privilege. *See Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 277 (E.D. Va. 2004); *In re Subpoenas Duces Tecum*, 738 F.2d 1367, 1370 (D.C. Cir. 1984) ("A client cannot waive [the attorney-client privilege] in circumstances where disclosure might be beneficial while maintaining

---

[3] At this time, the Watson Defendants have no reason to believe that most, if not all, of these disclosures were anything but voluntary.

it in other circumstances where nondisclosure would be beneficial"); *Jones*, 696 F.2d at 1072–73. Amazon's production of its communications with the USAO and FBI, including certain presentations it made to those agencies, appears to be a concession that any privilege claims will not stand. *See, e.g.,* Ex. H to Bodner Decl. But these documents do not provide the full story, and the Watson Defendants should be provided an opportunity to ask Ms. MacDonald about the substance of the in-person, videoconference, and telephone meetings between Amazon and the USAO and FBI. This is particularly important here where Defendants have been precluded from deposing Amazon's in-house attorneys, including Dennis Wallace (Dkt. 577)[4], and discovery has revealed no individuals at Amazon, including those identified on Amazon's disclosures such as Chris Vonderhaar, or other third parties, such as former Northstar Director of Equity Danny Mulcahy who was characterized as "Informant 1" in the operative complaint, who have personal knowledge of the alleged kickback scheme. *See, e.g., A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 4:19CV120, 2020 WL 8639346, at *2 (E.D. Va. Sept. 21, 2020) (explaining that courts need to "weigh the need for the information versus the harm in producing it") (citation and quotation marks omitted).

Ms. MacDonald also communicated with Mr. Lorman, the former Chief Operating Officer of Northstar who submitted a declaration in support of Amazon's application for a preliminary injunction. *See* Dkt. 43. Documents produced by Mr. Lorman (but curiously, not Amazon) reveal that Ms. MacDonald likely spoke with Mr. Lorman via phone or videoconference on multiple occasions and that Ms. MacDonald sent a declaration drafted by Gibson Dunn to Mr. Lorman for his signature. *See, e.g.,* Ex. J to Bodner Decl.; Ex. K to Bodner Decl. Mr. Lorman confirmed

---

[4] The Watson Defendants note that Amazon made Mr. Wallace available to the USAO and/or FBI on multiple occasions. In fact, Mr. Wallace apparently gave a presentation to these parties. *See, e.g.,* Ex. I. to Bodner Decl.

during his deposition that he believed the declaration was drafted by attorneys from Gibson Dunn, with some edits provided by Mr. Lorman, and that he had only spoken with Patrick Stokes and Ms. MacDonald.  Ex. L to Bodner Decl. at 12:25-14:1; 120:5-121:15.  Notably, Mr. Lorman attested in the first paragraph of his declaration to having personal knowledge about the facts set forth in his declaration.  Dkt. 43 ¶ 1.  Yet Mr. Lorman's deposition as a whole revealed that he lacks personal knowledge of the scheme that Amazon alleges in its operative complaint.  *See generally* Ex. L to Bodner Decl.

Given the relevancy of this non-privileged information and the fact that "the Federal Rules of Civil Procedure create no special presumptions or exceptions for lawyers," the Magistrate Judge's decision to enter a protective order preventing the Watson Defendants from taking Ms. MacDonald's deposition was clearly erroneous.  *United States v. Philip Morris*, 209 F.R.D. 13, 19 (D.D.C. 2002).

### III. The Magistrate Judge's Conclusion About the Withdrawal and Substitution of the Verifications and Affidavits Was Clearly Erroneous.

The Watson Defendants further respectfully suggest that the Magistrate Judge's order allowing Amazon to withdraw the verifications and certain declarations and substitute them with the declaration of Mr. Doden without comprehensive Rule 15 briefing was clearly erroneous.  In its briefing, Amazon described the verifications and declarations containing language regarding personal knowledge as a "mistake" and characterized its request as seeking "limited procedural relief."  Dkt. 627 at 2. But this is an inaccurate, self-serving characterization.  Tellingly, Amazon and this Court have relied on those verifications and declarations for over two years to penalize the Watson Defendants.  For example, Amazon used Mr. Andrews' verification and a declaration of Ms. MacDonald to satisfy the requirements of Federal Rule of Civil Procedure 65(b)(1)(A) and obtain the *ex parte* TRO against the Watson Defendants.  When granting the *ex parte* TRO, the

Court specifically stated that all six of its findings in support of its order were "[b]ased upon the allegations and evidence accompanying Plaintiffs' Verified Complaint and Application." Dkt. 16 at 1-3. Amazon also used Mr. Andrews' verification and certain declarations of personal knowledge from Ms. MacDonald to obtain a preliminary injunction mandating that the Watson Defendants escrow a total of $25 million. Dkt. 57.

This is significant because when deciding whether a plaintiff has met its burden of establishing the threshold requirements for temporary or preliminary relief, testimony based on personal knowledge is afforded greater weight. *See, e.g., Aslanturk v. Hott*, 459 F. Supp. 3d 681, 696 n.4 (E.D. Va. 2020) (noting that "the fact that the affidavit is based on hearsay is a factor in determining the evidentiary weight of the affidavit") (internal quotation marks and citation omitted); *Bank of Am. Inv. Servs., Inc. v. Byrd*, No. 2:09CV211, 2009 WL 10184606, at *7 (E.D. Va. June 15, 2009); *see also Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 862, 869 (S.D. W. Va. 2014) ("[T]he weight to be accorded affidavit testimony is within the discretion of the court, and statements based on belief rather than personal knowledge may be discounted"). Given this, one can assume that the allegations in the complaints and declarations would not have been afforded such great weight had they been presented without an attestation of personal knowledge under penalty of perjury. In fact, one might fairly conclude that they would have been considered merely "lawyerly conclusion[s]" drawn from certain documents. *See Feldman's Med. Ctr. Pharmacy, Inc. v. Carefirst, Inc.*, 898 F. Supp. 2d 883, 902 n.23 (D. Md. 2012) (ignoring statement in a lawyer's affidavit because it appeared without personal knowledge)

Accordingly, Amazon is not seeking "limited procedural relief" but rather to amend its pleadings while circumventing the comprehensive briefing requirements associated with Rule 15 and failing to acknowledge the prejudice the Watson Defendants have and will continue to suffer

due to their "sloppy lawyering."  Ex. A to Bodner Decl. at 10:10; *see also Citrix Sys., Inc. v. Workspot, Inc.*, No. CV 18-588-LPS, 2020 WL 5884970, at *9 (D. Del. Sept. 25, 2020*)* (criticizing party for telling the court "in the blandest possible manner" that a declaration submitted in support of its opposition to a TRO motion was false and for failing to draw attention to the "gravity" of the revelation); *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 173 n.4 (3d Cir. 2013) (explaining that plaintiffs had a "heavy burden" to explain why a certain numerical figure contained in their verified original complaint was incorrect).  This should not stand.  Amazon and the Court seemingly believe that the substitute declaration of Mr. Doden (Dkt. 589-9) is sufficient.  Dkt. 627 at 2; Ex. A to Bodner Decl. at 11:4–10.  But the face of the substitute declaration makes clear that it is no way equivalent to the verifications and declarations that Amazon seeks to withdraw because in effect it avers only that Amazon believed its evidence and documentation to be true at the time it was submitted.  Therefore, allowing substitution of this empty declaration without full Rule 15 briefing rewards Amazon for its mistake and causes continued harm to the Watson Defendants, who are still subject to the preliminary injunction.[5]

## Conclusion

For the foregoing reasons, the Watson Defendants respectfully suggest that the Court should overrule the Magistrate Judge's decision and allow the deposition of Ms. MacDonald to proceed and not allow Amazon to withdraw the verifications and declarations and substitute them with the declaration of Mr. Doden until Amazon has complied with the requirements under Federal Rule of Civil Procedure 15.

---

[5] Mr. Watson and WDC Holdings LLC will soon file a motion to vacate this preliminary injunction and the associated contempt order.

Dated: April 21, 2022                              Respectfully submitted,

*/s/ Stanley L. Garnett*
Stanley L. Garnett (*pro hac vice*)

*/s/ Amanda K. Houseal*
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*