IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20,<br><br>Defendants. | CASE NO. 1:20-CV-484<br>**REDACTED** |

## WATSON DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Defendants WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Brian Watson ("Mr. Watson"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings, LLC (collectively, the "Watson Defendants"), by and through their undersigned counsel, hereby file their response to Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (collectively, "Plaintiffs" or "Amazon") Motion for Leave to File Third Amended Complaint ("Motion") and state as follows.

### I.   INTRODUCTION

Amazon has held all the cards in this case since February 2020, when Amazon's counsel used their connections to pitch its case against Defendants directly to the United States Attorney's Office for the Eastern District of Virginia (the "USAO") and the Federal Bureau of Investigation (the "FBI"), accusing defendants of participating in an alleged kickback scheme. With the USAO on

1

board, Amazon filed the present civil case two months later, misrepresenting to this Court the origin of the federal investigation and apparently lacking sufficient verifications or declarations of witnesses.[1] What Amazon did have, however, as early as one year before discovery started, and in one instance, before the case was filed, was reasonable knowledge of Rodney Atherton[2] ("Mr. Atherton"), Demetrius Von Lacey[3] ("Mr. Von Lacey"), the 2010 Irrevocable Trust[4], Sigma Regenerative Solutions LLC ("Sigma"), CTBSRM LLC[5] ("CTBSRM"), and Renrets LLC's[6] ("Renrets") (collectively, the "Proposed Defendants") involvement in the alleged kickback scheme. Indeed, Amazon's in-house counsel, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Now, over two years after the case was filed and on the eve of trial, Amazon seeks to add the Proposed Defendants as parties to this case in a Proposed Third Amended Complaint ("PTAC").

---

[1] Over the course of two years, Amazon's counsel, the USAO, and the FBI communicated freely and held over 75 meetings, during which it appears the USAO and the FBI provided Amazon with regular updates and details of their investigation, and Amazon's counsel kept the USAO up-to-date on the civil case.

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A.

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. B.

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A

[5] *See* Ex. B.

[6] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. C.

Amazon's PTAC anticipates the addition of six new defendants and asserts additional claims against the current and Proposed Defendants. This Motion, however, is just the latest example of Plaintiffs' dilatory litigation tactics. Simply put, Amazon is not ready to prosecute this case, which has been pending before the "Rocket Docket" for over two years.

Discovery in this case is almost over. If Amazon is permitted to amend its complaint now, the Proposed Defendants would need the opportunity to conduct their own discovery, including by potentially re-deposing two dozen witnesses, conducting additional written discovery, and reviewing the millions of pages of discovery that have already been exchanged and voluminous deposition transcripts. A re-do of discovery is a luxury only the Plaintiffs can afford. Both the current Defendants and the Proposed Defendants would be greatly prejudiced by this untimely third attempt to amend the operative complaint.

Amazon has failed, as established by the record and discovery in this case, to demonstrate that justice requires a fourth version of the complaint. Amazon's representation to this Court that it recently came into possession of "evidence newly provided" to support its PTAC is disingenuous. Dkt. 617 at p. 19. The operative question this Court must consider is not whether newly uncovered evidence supports Amazon's proposed amendment, but whether Amazon has had a reasonable basis to assert the proposed claims against the current and Proposed Defendants all along.

The Federal Rules of Civil Procedure require "the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Amazon's Motion does just the opposite. Plaintiffs and their counsel, through regular communications with the USAO, knew well before discovery began in this case the potential involvement of the Proposed Defendants they now seek to add as parties. Amazon has shown its hand—it is not ready to move forward with the case it expected the government to prosecute on its behalf. Plaintiffs' undue delay

3

in bringing this Motion is a bad-faith dilatory tactic and, if granted, will cause the Watson Defendants great prejudice in the form of extensions, attorneys' fees and costs associated with additional discovery, and the unnecessary prolonging of the preliminary injunction and associated receivership.

## II.  BACKGROUND

In April 2020, Amazon filed its Verified Complaint and Demand for Jury Trial, which named Mr. Watson and Northstar, among others, as Defendants two months after encouraging a federal investigation concerning the same set of allegations. Dkt. 1. Over the next six months, following regular communications with the USAO and the FBI and several public forfeiture filings identifying the Proposed Defendants' participation in the alleged kickback scheme (of which Plaintiffs were aware), Amazon filed two additional verified complaints. In these verified complaints, Amazon added allegations, defendants, and claims in light of "new facts" it uncovered in the course of litigation and the government's investigation.[7] These revisions culminated in the operative Second Amended Complaint, Dkt. 150. With the claims and defenses set, the parties prepped their cases.

In reliance on the Second Amended Complaint, the Court and the parties developed a Scheduling Order and a Joint Discovery Plan, in which Amazon represented to this Court that it did not anticipate amending the pleadings or joining additional parties. *See* Dkt. 449. On December 15, 2021, this Court entered a Scheduling Order with a discovery cutoff of March 18, 2022, expert disclosure deadlines in April 2022, summary judgment briefing beginning on April 27, 2022, and a requirement that any motion to amend the pleadings or to join a party be made as soon as possible after counsel or the party becomes aware of the grounds for the motion. *See* Dkt. 455. Since discovery began, the parties have collectively exchanged over one million pages of documents, taken

---

[7] Amazon has a history of failing to include parties it knew participated in the alleged kickback scheme. For example, Amazon did not include Carl Nelson and Casey Kirschner as Defendants to the original Verified Complaint, though it accused the Watson Defendants of participating in a kickback scheme with them.

two dozen depositions, and caused over 650 docket entries, all at great cost to the defendants, whose livelihoods were irreparably damaged by the very filing of this case, and whose life savings were seized by the FBI or subject to this Court's injunctions. Now, without explanation for its delay, Amazon seeks to upend two years of litigation by seeking leave to file a fourth amendment to its operative complaint at great prejudice to the Watson Defendants.

A. **Amazon Has Had Information Tying the Proposed Defendants to the Alleged Kickback Scheme for Months, if Not Years.**

According to Amazon's Motion, its proposed amendment accomplishes nine substantive tasks:

1. Adds Mr. Atherton, Mr. Von Lacey, the 2010 Irrevocable Trust, Sigma, CTBSRM, and Renrets as Defendants;
2. Drops its claims for pre-trial seizure of assets under Virginia's pre-trial attachment statute;
3. Drops its anti-trust claim for breach of the Robinson-Patman Act;
4. Asserts Fraud against Nelson, Kirschner, Watson, Northstar, and the White Peaks Defendants (previously asserted against all Defendants);
5. Asserts Tortious Interference against Watson, Northstar, and the White Peaks Defendants (previously asserted against all Defendants);
6. Asserts breach of contract against Nelson and Kirschner (previously asserted against all Defendants);
7. Removes separate claim for declaration of alter ego/veil piercing;
8. Removes separate claim for agency/respondeat superior; and
9. Removes its claim for preliminary injunctive relief (because such relief has already been granted).

Dkt. 617 at p. 16 (footnotes omitted). These proposed amendments are indefensible. Amazon has known the information it now seeks to add to its complaint <u>for months to years</u>, as outlined below.

1. **Rodney Atherton.**

Amazon was aware of Mr. Atherton's involvement in the alleged scheme since at least July 2020, when it extensively discussed Mr. Atherton in its Verified First Amended Complaint. Dkt. 100. Amazon further discussed Mr. Atherton's role in the alleged scheme in its Second Amended Verified Compliant, accusing Mr. Atherton of organizing limited liability companies to facilitate and

5

conceal Carl Nelson's and Casey Kirschner's alleged "illicit gains" and noting activities that indicated Mr. Atherton's alleged propensity for illegal schemes. Dkt. 150 at p. 23. Further, in their opposition to the Nelson Defendants' Motion to Transfer Venue, the Plaintiffs argued Mr. Atherton "organized Villanova and other entities used to carry out the scheme in [EDVA]." Dkt. 210 at p.15. Even in the present Motion, Amazon admits that it always believed that Mr. Atherton "further[ed this criminal] scheme." Dkt. 617 at p. 22.

Amazon has also possessed at least three pieces of evidence indicating Mr. Atherton's involvement in this alleged scheme. First, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[8] Second, in mid-March 2022, Amazon produced a waiver of attorney-client privilege between Christian Kirschner and Mr. Atherton, signed by Mr. Kirschner and his attorney on May 10, 2020.[9] Ex. E. Finally, Plaintiffs submitted an audio recording as part of the record in November 2020, which it now cites in its PTAC as evidence of Mr. Atherton's role in the scheme. *See* Dkt. 612 ¶ 201 (citing Dkt. 212-12).

Further, Amazon's initial disclosures, served on December 3, 2021, list Mr. Atherton as a person of interest, with information concerning "[r]elationships and financial transactions among Defendants Carleton Nelson, Casey Kirschner, Cheshire Ventures, Allcore Development, and

---

[8] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A. ▮▮▮▮

[9] While the Watson Defendants do not know when Plaintiffs received this document, and the only useful metadata apart from the custodian was scrubbed from the document, the parties received this as the last document in a production consisting solely of Mr. Stokes' and Ms. MacDonald's communications with the USAO. The Watson Defendants therefore reasonably conclude that Amazon's communications with the USAO and the FBI indicate Amazon knew of Mr. Atherton's alleged involvement much earlier than the documents prove. Per this Court's April 8, 2022 order, Defendants are currently unable to depose Ms. MacDonald concerning these non-privileged communications with the USAO and the FBI.

Finbrit Holdings; payment flows from Defendants Watson and Northstar through Villanova Trust to entities related to Carleton Nelson and Casey Kirschner." Ex. F.

2. **Demetrius Von Lacey.**

The documents exchanged in this case establish that Amazon knew of Mr. Von Lacey's potential involvement in the alleged kickback scheme as early as October 2020,  Ex. B. Furthermore, Amazon listed Mr. Von Lacey as a person who may have knowledge concerning this case in its initial disclosures. Ex. F (Von Lacey may have knowledge of "Defendant AllCore; Amazon White Peaks transaction and associated payment flows and relationships among named Defendants"). Finally, in its PTAC Amazon cites the audio recording it submitted into the record in November 2020 as evidence of Mr. Von Lacey's role in the alleged scheme. *See* Dkt. 612 ¶ 254 (citing Dkt. 212-12).

3. **2010 Irrevocable Trust.**

The 2010 Irrevocable Trust has also been known to Amazon for over a year.  Ex. A. And again, the PTAC relies on the same audio recording that Amazon asserted implicated Mr. Atherton and Mr. Von Lacey, as evidence of the 2010 Irrevocable Trust's role in the alleged scheme. *See* Dkt. 612 at ¶ 311(ii) n.14 (citing Dkt. 212-12).

4. **CTBSRM.**

As with the 2010 Irrevocable Trust, Amazon knew of CTBSRM's involvement in the alleged kickback scheme

███████████████████████████████████████████████████████

██████████████████████████████████ Ex. A. ¶¶ 34, 35.

5. **Renrets LLC.**

Amazon knew of Renrets' involvement in the alleged kickback scheme *before* the case was even filed. ████████████████████████████████████████████████████

██████ Ex. C. ████████████████████████████████████████████

████████████████████████████████████████████████████ *Id*.

6. **Sigma Regenerative Solutions LLC.**

The last Proposed Defendant is Sigma. Based on the extensive communications between Plaintiffs' counsel and the USAO, the Watson Defendants reasonably assume Plaintiffs knew of Sigma's alleged involvement for some time, as well.

B. **Amazon Admits it Knew of the Proposed Defendants' Involvement in the Alleged Kickback Scheme.**

The documentary evidence demonstrates that the allegations, claims, and defendants Amazon proposes to add in its PTAC are anything but new. Indeed, the "new" information in Amazon's PTAC is derived from documents dating between late 2020 and early 2021. To its credit, Amazon does not dispute this fact. *See* Dkt. 617 at p. 10 ("When it filed the SAC, Amazon was aware that Atherton had created a variety of shell entities that the conspirator used to further the scheme."). ████████████████████████████████████████ Ex. D at ███████████████████████. Instead, Amazon attempts to focus on recently discovered evidence that supposedly corroborates its knowledge from 2020. *See, e.g.,* Dkt. 617 at 11 ("These new documents add to evidence previously known to Amazon in which Nelson stated that 'Rod [Atherton]'s job is to make us invisible.'"); *id.* at 10 ("But discovery has greatly expanded Amazon's understanding of Atherton's role."). But, as explained below, the key is not whether new documents

also support Amazon's proposed claims, but whether Amazon had enough information to bring the proposed claims in the first place. The exhibits attached hereto confirm that Amazon has had reasonable knowledge of the Proposed Defendants' involvement in the alleged kickback scheme since at least late 2020, and therefore certainly could have asserted these claims before now.[10]

These facts demonstrate that the PTAC is nothing more than Amazon's attempt to delay this case and put pressure on the Defendants' already strained resources.  At the eleventh hour, Amazon seeks to amend its complaint for a fourth time to include allegations it has believed for over a year—the Proposed Defendants' role in the alleged kickback scheme. Such an amendment would cause great prejudice and burden on the existing defendants and the Court should deny Plaintiffs' belated request.

### III.    ARGUMENT

**A.    Amazon Failed to Show "Justice So Requires" an Amendment.**

Even if the scheduling order still permits amendment, Amazon fails to meet the standard required for leave under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a) "allow[s] for the amendment of pleadings when justice so requires; however, this privilege is not unfettered." *Hesham Ismail v. Dominion Energy, Inc.*, 2022 WL 990843, at *4 (E.D. Pa. April 1, 2022) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1982)). Courts in this district have held "leave to amend [should] be denied for undue delay, dilatory motive on the part of the moving party, futility of amendment, and undue

---

[10] [redacted] This question is at the core of the instant motion because, if Amazon was given a presentation, it has been in possession of this material for much longer than it is representing to the Court, and its motion is fundamentally weakened.

prejudice to the nonmoving party." *Ononuju v. Va. Hous. Dev. Auth.*, Civil Action No. 2:20c205, 2022 WL 799095, at *11 (E.D. Va. Mar. 15, 2022). Each of these factors weighs against Amazon, and therefore its Motion should be denied.

### 1. Amazon Unduly Delayed By Waiting to Attempt to Amend its Complaint.

Amazon has possessed the knowledge and information required to raise its proposed allegations for over a year. All delay in litigation is disfavored, especially given this Court's preference for prompt resolution, but the primary focus here is whether the Plaintiffs' delay is unjustified. *See Wilkins v. Wells Fargo Bank, N.A.*, 320 F.R.D. 125, 126, 128 (E.D. Va. 2017).

Delay is only justifiable where a movant seeks to introduce allegations, claims, or parties that the movant did not have just cause to raise earlier in the case. *Id.* at 126, 128 (plaintiffs had no reason to know of the proposed allegations until discovery, and therefore their delay in bringing them was excusable). Delay can also be justified when the movant seeks to amend based on information it learned during depositions.

In contrast, delay is not justified where the movant sits on the information without seeking leave to amend for months. In *Landry v. Selene Fin., LP*, the plaintiff sought leave to add an additional defendant, but the plaintiff knew of the defendant's involvement for over three years. No. 1:20-cv-1108 (LMB/JFA), 2021 WL 1895679, at *2 (E.D. Va. Jan. 11, 2021). Because the movant knew about the proposed defendant's alleged misconduct for several years, her delay in seeking to add the proposed defendant to the case was not justified. *Id.* This is true regardless of whether the amendment proposes new allegations, claims, or parties. *See Hesham Ismail v. Dominion Energy, Inc.*, Civil Action No. 19-1093, 2022 WL 990843, at *11 (E.D. Pa. April 1, 2022) ("Plaintiff cannot offer a reason why he now seeks to include several new theories of liability that were available to him during the numerous times he amended his complaint."). If the movant previously had reason to know of the allegations, claims, or defendants it now seeks to add, its delay cannot be justified.

10

Here, Amazon seeks to do exactly what courts in this circuit have forbidden—amend its complaint to include claims and defendants it could have added over a year ago. Described in detail above, Amazon had a reasonable basis to add the allegations, claims, and Proposed Defendants it now seeks to include since at least late 2020, if not sooner. Putting aside the evidence catalogued above, Amazon repeatedly supports its proposed allegations by citing to an audio recording, Dkt. 212-12, no fewer than fourteen times, which has been part of this Court's record since November 9, 2020. *See generally* Dkt. 612. This evidence confirms that Amazon has had a reasonable basis to bring its newly proposed allegations since late 2020 and should have brought its claims then. *See* Exs. A, B, C, D, E, F. Amazon, just like the plaintiff in *Landry*, seeks leave from this Court to add allegations, claims, and the Proposed Defendants in the form of a *fourth* complaint based on information it has known for years. Amazon has no explanation for its delay. Therefore, its delay is unjustified.

### 2. The Existing Defendants Would be Prejudiced by the Amended Complaint.

If Plaintiffs are granted leave to amend the complaint, adding new allegations, claims and the Proposed Defendants, the current Defendants in the case would be unduly prejudiced. A new amended complaint would spoil the immeasurable effort the Court and the parties have poured into preparing this case for trial. When considering whether an amended complaint will cause undue prejudice, courts look to the unique facts presented and "the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). Courts focus on whether the amendment would force parties to reengage in discovery, relitigate previous motions, defend against new theories, or surprise a defendant with new allegations or theories, all of which are implicated by the present Motion.

A movant may, however, avoid prejudice in two circumstances—neither of which is applicable here. First, prejudice may be avoided where the original claim necessarily implicated

the allegations, theories, or claims it now seeks to add via amendment. *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (no prejudice in a wrongful death action when plaintiff sought to add an allegation that she was the rightful administrator of the estate, because that was already inherently part of the nature of the action); *see also Antanous v. First Nat. Bank of Ariz.*, Civil Action No. 4:06cv104, 2007 WL 1378542, at * 5 (E.D. Va. May 1, 2007) (defendant could not claim to be surprised when plaintiff sought to add a claim for breach of contract because the initial complaint sought recission of a contract, which is merely a remedy for breach). Second, a movant may avoid prejudice where discovery does not need to be repeated because the amendment adds only a new theory, not new factual allegations. *See Laber*, 438 F.3d at 426, 428-429 (no prejudice when no discovery had been conducted, and the plaintiff seeks to add a legal theory that would require no additional discovery); *see also Ward Elecs. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987) (plaintiff's proposed amendment only added a new legal theory, discovery had only been going for one and a half months, no depositions had been taken, and no trial date had been set; because discovery would not need to be duplicated, defendants were not prejudiced).

In contrast, non-movants suffer undue prejudice where the amendment would require duplicating discovery efforts or surprises the non-movant with new facts in the shadow of trial. *See Davis*, 615 F.2d at 613 (undue prejudice found where an amendment "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant]"). These concerns are at their zenith when trial is looming and additional discovery would require the court to delay deadlines. Consequently, "[m]otions to amend that are filed near the time of trial are generally disfavored and require special scrutiny." *Bragg v. Kron*, 145 F.Supp.2d 737, 738 (W.D. Va.2001).

Importantly, the presence of an injunction amplifies concerns about prejudice. Amazon attempts to dismiss these concerns, arguing that the court in *RLI Insurance Co. v. Nexus Services, Inc.* allowed amendment and delay even though the defendant was under an injunction. No. 5:18-CV-00066, 2019 WL 1880148 (W.D. Va. April 26, 2019). But in *RLI Insurance*, the court had previously modified the injunction such that the defendant was not financially harmed by additional claims or extended deadlines. *Id.* at *5. Contrary to Amazon's assertion, *RLI Insurance* recognizes that, absent a modification of the injunction, additional claims that extend discovery prejudice those defendants who are forced to comply with an injunction.[11]

Amazon's PTAC adds new allegations, claims, and Proposed Defendants. To adequately defend themselves against the new allegations and claims, the parties would need to engage in additional written discovery and depositions and duplicate discovery already conducted, at great cost to the existing Defendants.[12] The PTAC will prolong the case via extended deadlines, which will likewise extend the injunction and receivership controlling the Watson Defendants' assets, adding hundreds of thousands of dollars in unnecessary costs that they cannot bear indefinitely. Moreover, the Court would have to delay trial in order to permit the parties to engage in

---

[11] The other cases Amazon cites to support a delay in the face of an injunction are inapposite. *Occupy Columbia v. Haley* never addressed the Rule 15 standard in the face of a motion to amend. 922 F. Supp. 2d 524 (D.S.C. 2013). Rather, the court simply recognized previous amendments had been filed after the preliminary injunction was entered. More importantly, the injunction in that case was against the government for policies that violated the First Amendment. It did not freeze the assets of a private party. Amazon also cites *Hancock Fabrics, Inv. v. Ruthven Associates, L.P.*, in which the plaintiff sought an injunction to prevent foreclosure. Civil Action No. 2:06cv466, 2007 WL 593573, at *2 (E.D. Va. Feb. 20, 2007). After the court granted the injunction, the plaintiff moved to amend to add a new claim, and the court granted leave. But the court in that case actually rescheduled the trial to ensure prejudice did not befall the defendant. *See id.* at *8.

[12] Amazon has repeatedly stated that it will fiercely protect any of its current or former employees from being deposed a second time, which prejudices not only the existing defendants, but the Proposed Defendants who have not had an opportunity to participate in discovery.

additional and repeat discovery to mitigate the inherent prejudice caused by the amendment. The Court should deny Plaintiffs' Motion as it would cause the existing defendants great undue prejudice.

Contrary to Amazon's assertions, its new allegations are very much a surprise to the Watson Defendants. Amazon submits that the defendants "should have recognized that the new matter included in the amendment would be at issue" because "the operative complaint already discussed Atherton's involvement" and because "Amazon's new allegations are, in large part, based on documents newly obtained from the defendants."[13] Dkt. 617 at 22 (emphasis omitted). The Watson Defendants do not deny that the operative complaint includes references to Mr. Atherton. But adding Mr. Atherton as a defendant significantly impacts the parties' discovery and litigation strategies, and it is disingenuous of Amazon to claim otherwise. For instance, while the Watson Defendants were aware of some of Amazon's prior allegations involving Mr. Atherton, the new amended complaint would require them to prepare a defense that anticipates Mr. Atherton as a party. Moreover, while Amazon's proposed allegations are based in large part on information it has had in its possession for over a year, the Watson Defendants only recently received relevant information from Plaintiffs during discovery. *See, e.g.*, Ex. A, B, C, D, E, F. With respect to Mr. Von Lacey, the 2010 Irrevocable Trust, Sigma, CTBSRM, and Renrets, until now the Watson Defendants have had no previous insight into Amazon's working theory of their involvement in the alleged scheme. Accordingly, the new allegations involving these entities are a surprise that the Watson Defendants could not have anticipated or planned for during discovery.

---

[13] If anything, the admission that Amazon has long had knowledge of Mr. Atherton's involvement cuts against Amazon's assertion that it could not have raised Mr. Atherton's involvement until now.

14

In conclusion, this case is on the eve of trial and discovery would be over but for the extension granted by this Court earlier this month. There is no rule, case, or statute that supports Amazon's dilatory and prejudicial attempt to amend its complaint on the eve of trial. Were this Court to grant the Motion, discovery would be extended, counterclaims would be raised, dispositive motions would need to be addressed, and trial would be delayed, which would greatly prejudice the existing defendants who do not have the deep pockets of the world's largest internet retailer. This litigation has cost the Watson Defendants approximately $5 million in legal fees, and additional delays would extend the injunction (and receivership) burdening the Watson Defendants to the tune of $25 million.[14]

The Watson Defendants have no choice but to participate in this litigation or risk default judgment. It has been a time-consuming, life-altering, and devastating process for each defendant and they have a right to a "just, speedy, and inexpensive determination of [this] action[.]" Fed. R. Civ. P. 1. Further, unjustified delay is not in the interest of justice.

## IV.   CONCLUSION

WHEREFORE, the Watson Defendants respectfully request that this Court DENY Plaintiffs' Motion for Leave to File Third Amended Complaint.

---

[14] Amazon attempts to obviate the concerns about the injunction by making a good-faith offer. Dkt. 617 p.24 ("Amazon has always been open to modifying the injunction if the Northstar Defendants are willing to post some form of security[, which it knows the Watson Defendants cannot secure].") But Amazon cites no authority to support the idea that a movant can obviate prejudice by vaguely gesturing at their willingness to give the other side a hand.

Dated: April 22, 2022                    Respectfully submitted,

/s/ *Stanley L. Garnett*
Stanley L. Garnett (*pro hac vice*)

/s/ *Amanda K. Houseal*
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com

/s/ *Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 22, 2022, I will electronically file the Watson Defendants' Response to Plaintiffs' Motion for Leave to File Third Amended Complaint and the Declaration of Sara R. Bodner using the Court's CM/ECF system, which will provide service to all counsel of record, and will separately email *pro se* parties, as follows:

| | |
|---|---|
| Elizabeth P. Papez<br>Patrick F. Stokes<br>Claudia M. Barrett<br>Michael R. Dziuban<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C. 20036-5306<br>epapez@gibsondunn.com<br>pstokes@gibsondunn.com<br>cbarrett@gibsondunn.com<br>mdziuban@gibsondunn.com | Charles F. Connolly<br>Allison Thornton<br>Stephanie Lindemuth<br>Akin Gump Strauss Hauer & Feld LLP<br>Robert S. Strauss Tower<br>2001 K Street NW<br>Washington, D.C. 20006<br>cconnolly@akingump.com<br>athornton@akingump.com<br>slindemuth@akingump.com<br>Counsel for Non-Party IPI Partners, LLC |
| Veronica S. Moye<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>vmoye@gibsondunn.com<br><br>Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. | Casey Kirschner*<br>635 N. Alvarado Lane<br>Plymouth, MN 55447<br>By email: casey.kirschner@gmail.com |
| Aaron G. McCollough<br>McGuireWoods LLP<br>77 West Wacker Drive, Suite 4100<br>Chicago, IL 60601<br>amccollough@mcguirewoods.com<br>Counsel for Receiver | Jamie Hubbard<br>Stimson Stancil LaBranche Hubbard<br>1652 Downing Street<br>Denver, CO 80218<br>hubbard@sslhlaw.com<br>Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC |

              */s/ Jeffrey R. Hamlin*
               Jeffrey R. Hamlin

\* I further certify that on April 22, 2022, I will mail the aforementioned materials via First-Class Mail to Mr. Kirschner at this address.