**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **AMAZON.COM, INC and AMAZON DATA SERVICES, INC.,** | ) ) ) | **Case No. 1:20cv484** |
| Plaintiffs, | ) ) | **Hon. Rossie D. Alston, Jr.** |
| v. | ) ) | **Hon. Theresa Buchanan** |
| **WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al.,** | ) ) ) ) | |
| Defendants, | ) ) | |
| | ) ) | **DEFENDANTS CARLETON NELSON'S AND CHESHIRE VENTURES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE COMPLAINT** |
| **800 HOYT LLC,** | ) ) | |
| Intervening Interpleader Plaintiff, | ) ) | |
| v. | ) ) | |
| **BRIAN WATSON, WDC HOLDING LLC, PLW CAPITAL I, LLC.AMAZON.COM, INC, and AMAZON DATA SERVICES, INC.** | ) ) ) ) ) | |
| Interpleader Defendants. | ) ) ) | |

<u>**TABLE OF CONTENTS**</u>

I.　　Introduction………..……………………………………………………………..1

II.　　Standards………..……………………………..………………………….…4

　　A.　　Good cause under Fed. R. Civ. P. 16……..…………………………….…...4

　　B.　　Rule 20………..…………………………………………..…………..6

　　C.　　Rule 15………..……………………………………………......7

　　D.　　Conditions imposed on the amending party…………………………………8

III.　　Argument……………………………………………….…….…....9

　　A.　　Amazon cannot demonstrate good cause to amend the complaint
　　　　to add new parties and a new breach of contract claim
　　　　against Defendant Nelson………………..…………………………………9

　　　　1.　　Breach of contract claim arising from the hard drive…….……….9

　　　　2.　　Amazon cannot demonstrate good cause to add new parties……….10

　　　　　　a.　　Rod Atherton……………………………………………..10

　　　　　　b.　　Demetrius Von Lacey………………………………….14

　　　　　　c.　　The four entities…………………………………………..15

　　B.　　Because adding new parties at this point in the case will delay
　　　　resolution, joinder should be denied under Rule 20……..…………....…16

　　C.　　Amazon's last minute effort to add parties and claims to the case
　　　　does not satisfy Rule 15's standards……………………………….………...19

　　　　1.　　New breach of contract claim………………………………….19

　　　　　　a.　　The proposed breach of contract claim is futile ……...…….19

　　　　　　b.　　Amazon delayed bringing this claim and has
　　　　　　　　done so now in bad faith and to the undue
　　　　　　　　prejudice of the Nelson Defendants …………………….21

　　　　2.　　The six additional defendants ………………………………....23

IV.　　Conclusion……………………………………………………..……23

Defendants Carleton Nelson and Cheshire Ventures LLC ("Nelson Defendants"), through undersigned counsel, file this response in opposition to Amazon's motion to file a ***fourth*** complaint at the very end of the discovery period, which would extend the proceedings to the prejudice of all Defendants, and especially the Nelson Defendants. In support of this opposition, the Nelson Defendants submit the arguments below, the Declaration of Adam R. Smart, the exhibits thereto, and all matters of record.

## I.      Introduction

In 2019, Amazon began an extensive investigation into the conduct of Defendants and others. The company alleged in its original complaint—and the two amended complaints since then—that this conduct was criminal in nature and gave rise to multiple theories of liability. In the two years that followed, Amazon filed three separate complaints, each loaded with hundreds of paragraphs of allegations that name multiple individuals and entities as participants in a grand scheme to harm Amazon. In support of its pleadings, and its attempt to obtain injunctive relief, Amazon also filed extensive motions and numerous declarations making the case—in great detail—for what it believed had occurred.

Discovery has not been kind to these accusations, which have been shown time and again to be baseless. So, instead of proceeding to trial on the merits, Amazon now seeks to defeat the Defendants through a war of attrition, dragging out the proceedings at great cost and expense, and preventing the Defendants from clearing their names at trial. Amazon's request to add parties and claims at the eleventh hour would needlessly and unfairly disrupt the proceedings. The Court should not allow it.

The Court should not allow it because Amazon knew every material fact it needed to add the proposed new parties and new claims long ago. Its prior pleadings name many of the

individuals and entities they seek to add to this action, and (as demonstrated below), the documents that Amazon itself provided in discovery, the public filings in a related (and now resolved) forfeiture case, as well as the testimony and declaration of Amazon's attorney prove that the company already had more than enough information to bring the claims it seeks. Amazon's bare assertion that it only recently learned of information sufficient to bring a claim should not be credited. It made—and continues to make—strategic decisions, not ones based on insufficient information.

To be clear, the Nelson Defendants dispute that Amazon has valid claims at all. Amazon itself appears to recognize this at least in part, as its fourth complaint drops several claims as to the Nelson Defendants.[1] And, to the extent Amazon seeks to remove baseless claims, the Nelson Defendants do not object. Nor would the Nelson Defendants object to an amended complaint that simply modifies the factual allegations to clarify the facts actually at issue in the action. But that is not what Amazon proposes here. Far from it. As demonstrated by the redline between the third and proposed fourth complaint, Smart Decl. Ex. B, Amazon's amendments are extensive. To even answer the amended factual allegations in hundreds of new paragraphs in the proposed fourth complaint, the Nelson Defendants will incur substantial costs.

The Nelson Defendants have fought Amazon's allegations from the start, and they should not have to repeat the answer-and-discovery process again. Despite the tremendous disparity in resources between them and Amazon, the Nelson Defendants already have expended significant resources and time defending the claims in the hope that they would soon be vindicated at trial. *See Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011) (noting

---

[1] In the proposed fourth complaint, Amazon has not removed several claims, including (as to the Nelson Defendants) its tortious interference claims and its Robinson Patman Act claims, as well as (as to Cheshire Ventures) its common law fraud and breach of contract claims.

"[t]he Eastern District of Virginia is known as the 'rocket docket' because civil actions quickly move to trial or are otherwise resolved."). Amazon now seeks to delay that day—without a valid reason.

Amazon represents to the Court that the amendment will streamline and expedite the resolution of claims. This is simply not true. By adding six new defendants and an additional breach of contract claim against Nelson arising from Amazon's own act of sending a hard drive to him after it terminated his employment, *see* Doc. 608-2 at ¶¶ 528-29, Amazon will needlessly delay this litigation (which is already in its third year) for months and months. And it will do so, in part, by bringing a contract claim against Nelson that it does not even allege is related to the other conduct in this case, and which amounts to a further breach *by Amazon* of its employment contract with Nelson. That is, although a state court in Washington already has ruled that Amazon breached its employment contract with Nelson by bringing its first breach of contract claim against Nelson in this action because the company ignored its own exclusive venue clause, *see* Ex. A to Smart Decl., the company apparently wishes to exacerbate its breach by bringing *another* contract claim here. This Court should not reward such behavior.

Amazon's new contract claim against Nelson is notable for another reason: Amazon does not even mention it to the Court in its motion, much less attempt to justify its inclusion in the proposed new complaint. Although Amazon affirmatively represents to this Court that "Amazon does not propose to add new claims or to change the nature of the claims that will remain pending," Doc. 616 at 8, this statement is plainly false. Paragraphs 528 and 529 of Count VI do just that.

Nor do any of Amazon's arguments for amending the complaint hold up to close inspection. Although the company repeatedly quotes language from cases concerning Rule 15 of the Federal Rules of Civil Procedure, it is Rule 16 that applies—because the amendment will

3

necessarily require a change to the current case management schedule. Rule 20 is also implicated. And, pursuant to it, a court can deny a motion to amend based solely on the delay in adding parties. Amazon does not even address this issue, which is sufficient grounds to deny the amendment to the extent it seeks to add new parties.

In sum, Amazon has offered these late amendments in bad faith and allowing them will unfairly prejudice the Nelson Defendants by requiring additional discovery that would otherwise be unnecessary. The proposed amendments will undoubtedly delay resolution of the case and result in increased costs to the Nelson Defendants—Defendants who do not have the unlimited resources that a plaintiff like Amazon has. Its motion should be denied.

## II.    Standards

Because Amazon's motion to amend will undoubtedly disrupt the current case schedule, Amazon must satisfy the heightened good cause standard of Rule 16 before it turns to the more relaxed Rule 15 standard. *See Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020); *Carlisle v. Allianz Life Ins. Co. of N. Am.*, 540 F. Supp. 3d 567, 571-72 (E.D. Va. 2021) Further, because Amazon seeks to add parties to the action, it must also satisfy the requirements of Rule 20 as to those aspects of its proposed amended complaint. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F. 3d 611, 618 (4th Cir. 2001).

### A.    Good cause under Fed. R. Civ. P. 16

Under Rule 16 of the Federal Rules of Civil Procedure, the district court was required to enter a scheduling order "limit[ing] the time to ... amend the pleadings." *Faulconer*, 808 F. App'x at 152 (Fed. R. Civ. P. 16(b)(1), (3)(A)). For whatever reason, that did not happen in this case. Nevertheless, "when a scheduling order does not impose a specific deadline to amend pleadings, Rule 16 nevertheless applies if granting leave to amend would interfere with the timeline set in the

4

applicable scheduling order." *Carlisle*, 540 F. Supp. 3d at 571-72; *Thorpe v. Mechanicsville Concrete, LLC*, No. 3:10-CV-797, 2011 WL 3820809, at *2 (E.D. Va. Aug. 29, 2011) (same).

"[T]he 'touchstone' of that good cause requirement is 'diligence.'" *Faulconer*, 808 F. App'x at 152. "'[I]f the movant has not been diligent in meeting the scheduling order's deadlines,' then other factors – including the presence or absence of prejudice to the other party – generally will not be considered." *Id.* As the Fourth Circuit explained in *Faulconer*, '[i]f the moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint, then the party cannot establish good cause under Rule 16." *Id.*; *see also Berwind Prop. Grp. Inc. v. Env't Mgmt. Grp., Inc.*, 233 F.R.D. 62, 67 (D. Mass. 2005) (precluding amendment where plaintiff was aware of the "identities and involvement of" the proposed new defendants "since the filing of their complaint" and noting that the "propriety of adding two new defendants did not just become obvious nor were plaintiffs prevented from naming [them] as individual defendants at the initial filing of the complaint."); *Curtis v. TransCor Am., LLC*, No. 10 C 4570, 2012 WL 1080116, at *3 (N.D. Ill. Mar. 29, 2012) (no good cause where plaintiff's theory of the case did not change and he had a significant portion of the evidence relevant to the amendment prior to the deadline).

That a plaintiff may have gathered additional information in discovery does not justify amendment to add a claim or party that could have been added earlier. *Flame Spray N. Am. Inc. v. Kerr Pumps Inc.*, No. 6:18-CV-02845-DCC, 2020 WL 6162528, at *2 (D.S.C. Oct. 21, 2020); *see also Beaudoin v. Accelerated Logistics, LLC*, No. CV CCB-17-2569, 2018 WL 6273666, at *3 (D. Md. Nov. 30, 2018) (noting that where the plaintiff already possessed the requisite factual predicate to bring new claims, that "additional facts that came to light during … depositions [which] may have colored these claims" does not justify amendment). A plaintiff "need not wait

47773087 v1

on evidentiary 'confirmation' before pleading a claim for which it has a reasonable, good-faith basis." *Beaudoin*, No. CV CCB-17-2569, 2018 WL 6273666, at *3; *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-00310-F, 2016 WL 9805217, at *2 (E.D.N.C. June 30, 2016). Relatedly, a party does not satisfy the good cause standard "where the basis on which [the plaintiff] would assert a [new] claim stems from the same allegations on which she asserted her other claims." *McMillan v. Cumberland Cty. Bd. of Educ.*, 734 F. App'x 836, 846 (4th Cir. 2018), *as amended* (Apr. 4, 2018).

Finally, arguments that a party engaged in "reasonable" conduct by delaying in naming a party or seeking to amend the complaint do not satisfy the good cause standard. *McDevitt v. Wellin*, No. 2:13-CV-3595-DCN, 2017 WL 2257420, at *3 (D.S.C. Feb. 1, 2017).

### B.      Rule 20

In the Fourth Circuit, where a party moves to amend the complaint to join additional parties, not only do the principles of Rule 15(a) apply, but the plaintiff also must meet the more specific joinder provisions of Rule 20(a). *Hinson*, 239 F. 3d at 618; *Aleman v. Chugach Support Servs., Inc.*, 485 F. 3d 206, 218 n.5 (4th Cir. 2007).

Rule 20(a)(2) provides that a party may be joined as a defendant if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In addition, and most relevant here, Rule 20 imposes an additional consideration: a court should not permit joinder if doing so "will result in prejudice, expense, or delay." *Ben'Israel v. Glob. Mgmt. Sols., Inc.*, No. CIV. WDQ-11-0257, 2014 WL 6490206, at *3 (D. Md. Nov. 18, 2014) (quoting *Aleman*, 485 F. 3d at 218 n.5). "The deadline for joining additional parties is set very early in the case so that all interested parties have a full and fair

47773087 v1

opportunity to participate in discovery." *Muse Apartments, LLC v. Travelers Cas.*, No. C12-2021RSL, 2014 WL 11997862, at *1 (W.D. Wash. Nov. 12, 2014). Adding a new party just at the close of discovery, after significant discovery has occurred, would deprive that new party of such an opportunity. Yet that is exactly what Amazon proposes.

**C.     Rule 15**

Under Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with the opposing party's written consent or the court's leave." While leave is to be freely given "when justice so requires," *id.*, "the Rule does not suggest that courts are to automatically grant such relief," *Jackson v. United Airlines, Inc.*, No. CIV 3:08CV182, 2009 WL 2147840, at *1-2 (E.D. Va. July 15, 2009). A court can deny leave to amend when the "amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F. 2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While "delay alone is not sufficient to deny leave to amend," combined with futility, bad faith or prejudice, it meets this threshold. *Id.* at 509-10; *Deasy v. Hill*, 833 F. 2d 38, 40 (4th Cir. 1987) (delay in filing coupled with undue prejudice the non-moving party). Further, "a motion to amend should be made as soon as the necessity for altering the pleading becomes apparent." *Deasy*, 833 F. 2d at 41.

A proposed amendment is futile when it "fails to satisfy the requirements of the federal rules," such as when the proposed amendment fails to state a claim of relief. *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F. 3d 370, 376 (4th Cir. 2008) (citations omitted); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

47773087 v1

**D.** **Conditions imposed on the amending party**

Further, even if the Court does allow leave to amend, the Court may impose conditions on that amendment, including imposing costs on the party seeking to amend to reduce the prejudice to the nonmoving parties. *See Wall v. Fruehauf Trailer Servs., Inc.*, 123 F. App'x 572, 577 (4th Cir. 2005) (approving imposition of costs on the nonmoving party of reopened deposition); *Hayden v. Feldman*, 159 F.R.D. 452, 454-55 (S.D.N.Y. 1995) ("Courts have balanced the interests of the party seeking the amendment and those of the party objecting to it by imposing conditions on the applicants leave to amend, such as the costs of any duplicative discovery necessitated by the amendment, the costs of the preparation of previously filed responsive pleading rendered moot by the amendment, the costs of any loss or expense occasioned by the applicant's failure to file adequate pleading in the first instance, and even the costs of all attorney's fees incurred to date in an action."); *Polycast Technologies Corp. v. Uniroyal, Inc.*, 728 F. Supp. 926, 939 (S.D.N.Y. 1989) ("The most common condition imposed on an amending party is costs." ); *Villegas v. El Paso Indep. Sch. Dist.*, No. 3:08-CV-234-KC, 2008 WL 11411363, at *4 (W.D. Tex. Oct. 7, 2008).

Here, there is one obvious substantial cost that Defendants will incur from the amendment. Amazon has substantially amended the complaint—asserting hundreds of new allegations with substantial detail in an over five-hundred paragraph complaint, right at the close of discovery (in what essentially would amount to the equivalent of hundreds of requests for admission).[2] Defendants will be forced to expend significant resources responding to the new allegations. There may be other costs that are unfairly incurred if the amendment is granted; however, this is the one cost that is *certain* to be incurred. As noted above, pursuant to their inherent power, district courts

---

[2] Of note, Amazon did not include a redline in its filing with the Court, despite doing so on other motions to amend it had filed. Amazon did provide one to Defendants shortly before filing its motion, however, and it shows the changes are quite substantial. *See* Smart Decl. Ex. B.

have awarded costs to the party having to respond to an entirely new complaint to help offset the prejudice of having done so to a previous extensive complaint only to have the allegations change significantly at a later date. *See Hayden*, 159 F.R.D. at 454-55.

## III.   Argument

### A.   Amazon cannot demonstrate good cause to amend the complaint to add new parties and a new breach of contract claim against Defendant Nelson.

Under Rule 16, diligence of the party moving to amend is the key inquiry. *Faulconer*, 808 F. App'x at 152. Here, Amazon was not diligent in moving to amend to add six new defendants and a new breach of contract claim against Nelson.

### 1.   Breach of contract claim arising from the hard drive

Amazon has asserted a new breach of contract claim arising out of Amazon's delivery of a hard drive to Nelson after he was terminated from Amazon. *See* 608-2 at ¶¶ 528-29; Smart Decl. Ex. C. That hard drive contains documents that Amazon required him to back up during his employment. Ex. C.  Amazon is well aware that Nelson did not take the hard drive with him when he left. *Id.* Rather it was left at his desk, consistent with any requirements of any Amazon policy they may point to, and Amazon for whatever reason, whether by negligence or failure to apply its own polices with respect to data, packed the hard drive up and sent it to Nelson. *Id.*

Nelson disclosed the existence of the hard drive to Amazon in this litigation in his initial disclosures on December 3, 2021. Smart Decl. Ex. D. Amazon asked about the circumstances of receiving the hard drive on December 13, 2021, already accusing Nelson of violating, among other things, his employment agreement, Smart Decl. Ex. E, to which Nelson's counsel provided a detailed disclosure summarizing the above, and even providing photos of the box in which it was sent from Amazon. Smart Decl. Ex. C. Nevertheless, Amazon insists on bringing a claim that

9

Nelson violated his employment contract because he did not provide the hard drive to Amazon when he was terminated, without any good faith basis for doing so.

It is indisputable that Amazon was aware that Nelson had the hard drive at issue no later than Nelson's initial disclosures on December 3, 2021. Smart Decl. Ex. D. It already began threatening to file suit against Nelson regarding the hard drive on December 13, 2021 and it had complete details about the matter no later than the December 31, 2021 letter from Nelson's counsel. Despite other instances of alleging violations by Nelson on the matter, Amazon took no action to bring a claim until this fourth complaint, three-and-a-half months after Amazon accused Nelson of committing various violations by possessing the hard drive. *See Faulconer*, 808 F. App'x at 152; *Curtis*, 2012 WL 1080116, at *3. In a jurisdiction such as this, where discovery is typically set on an extremely compressed schedule, waiting three-and-a-half months to move to add a claim is not diligent.

Here, Amazon made no effort to argue it was diligent in asserting this new claim because it does not discuss the new claim at all in its motion. This failure alone, as Amazon is the party bearing the burden to demonstrate its diligence, is sufficient to prevent Amazon form asserting this new claim in its proposed fourth complaint.

### 2. Amazon cannot demonstrate good cause to add new parties

Amazon must demonstrate good cause, i.e., diligence, with respect to each new party it seeks to add to the case. Amazon's basic argument is that it only learned of sufficient information late in discovery to add these new parties. However, this assertion is demonstrably untrue.

#### a. Rod Atherton

Amazon seeks to add Rod Atherton—an attorney for several of the defendants in this action and the organizer of several of the named entities—as a defendant. However, Amazon has

possessed more than sufficient information to assert a claim against Atherton if it wished to do so since well before discovery commenced. In addition, Amazon obtained significant additional information early in discovery to "bolster" what was already sufficient information. Nevertheless, Amazon waited the entire discovery period to seek and add Atherton as a Defendant. This is not diligence. Amazon argues that it was appropriate to wait until it received additional detailed information through discovery before it sought to name Atherton in the complaint. This is not the law. *Flame Spray N. Am. Inc.*, 2020 WL 6162528, at *2; *Beaudoin*, 2018 WL 6273666, at *3; *360 Mortg. Grp., LLC*, 2016 WL 9805217, at *2. Amazon had the information it needed to assert claim against Atherton if it so chose. Amazon simply failed to act.

For example, Atherton's name appears in the Second Amended Complaint twenty five times, significantly in connection with his role as a purported facilitator of the conduct Amazon has alleged, as well as the organizer and registered agent of many of the various entities already named as defendants in this action. Amazon goes into great detail of Atherton's purported role in connection with the alleged scheme they claim occurred. *See*, *e.g.,* Doc. 150 ¶¶ 6, 9, 24-25, 37-44, 94-106, 174, 219, 344. For example, in September 2020, Amazon alleged that:

> Amazon's continuing investigation as well as public government forfeiture filings have recently elucidated the RICO Defendants' use of wire transfers and *various co-defendant LLCs, as well as trust and other accounts controlled by attorney Atherton, to further, and conceal,* criminal acts as well as violations of civil law including fraud, market manipulation, and breach of fiduciary and contractual duties in violation of federal statutes, state law, and the RICO Defendants' contracts with Amazon.

Doc. 150 ¶ 9 (emphasis added). In another example, Amazon alleged:

> The TM Defendants concealed their communications evidencing their misuse of corporate information and opportunities and their receipt of prohibited personal benefits through the use of personal emails and chats, meetings and trips*, and assistance from third parties, including Mr. Atherton and a network of shell entities.*

Id. ¶ 94 (emphasis added).  And two more examples:

> On information and belief, the TM Defendants knowingly participated in this scheme and hired Mr. Atherton specifically to facilitate this scheme.

*Id.* ¶ 100.

> On information and belief, Mr. Atherton structured AllCore as a legitimate business when in reality AllCore was primarily, if not entirely, a mechanism through which the TM Defendants could collect illicit funds without detection.

*Id.*¶ 219.

The numerous references to Atherton in the previous complaints were not offhand references to an individual Amazon did not think was involved in the alleged conduct but rather Amazon painted him as an integral participant in the conduct it claims comprise the alleged RICO enterprise and fraudulent behavior. Notably, many of the allegations in the fourth complaint mirror what Amazon originally alleged with respect to Atherton, just with slightly more detail. The premise—that Atherton allegedly participated in and facilitated the scheme through various entities and accounts—did not change. *See, e.g.,* Doc. 608-2 at ¶ 22 (alleging "Atherton created trusts and LLC's to conceal the kickbacks paid to Nelson and Kirschner during the relevant period"); ¶ 38 (alleging "Nelson, Kirschner, Von Lacey, and Atherton conspired to have Atherton organize Villanova Trust, Cheshire, AllCore, Sigma, CTBSRM, Finbrit, and 2010 Irrevocable Trust, for the purpose of facilitating the kickback scheme and concealing their illicit gains."). A party does not satisfy the good cause standard "where the basis on which [the plaintiff] would assert a [new] claim stems from the same allegations on which she asserted her other claims." *McMillan*, 734 F. App'x at 846 (4th Cir. 2018), as amended (Apr. 4, 2018); *Beaudoin*, No. CV CCB-17-2569, 2018 WL 6273666, at *3 (a party "need not wait on evidentiary 'confirmation' before pleading a claim for which it has a reasonable, good-faith basis.").

Amazon possessed, and was aware of the civil forfeiture complaints[3] which discussed Atherton and the entities they allegedly controlled in great detail for over a year prior to seeking to amend the complaint. *See* Doc. 662 & 662-31, 32 (Doden Decl. ¶¶ 22-23, Exs. 31 & 32); Doc. 150 ¶¶ 10, 99. Amazon also had other sources of information available to it before initial disclosures were made on December 3, 2021 (where Amazon identified Atherton). For example, in November 2020, Amazon submitted an audio recording that it asserts discusses Atherton's role in the alleged scheme. Doc. 662 (Doden Decl. ¶ 21). In addition, another third-party voluntarily sent numerous documents to Amazon in October 2020, including communications with and documents created by Atherton, over which that individual had waived privilege in May 2020. *See* Doc. 662 (Doden Decl. n.1); Smart Decl. Ex. Ex. F,. Doden testified ██████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████[4] Smart Decl. Ex. G at 15 - 18.

Amazon also had over 75 conferences with the United States Attorney's Office and/or the FBI concerning this case since around January 2020, regularly sharing information. Smart Decl. ¶ 14. At his deposition, Mr. Doden acknowledged ████████████████████████ ██████████████ Ex. G at 32-33. When asked ████████████████████ ████████████████████████████████████████████████████████████ █████████████████████████ *Id.* at 34-39. Other conduct in this litigation demonstrates Amazon's belief that Atherton was integrally involved in the claims at

---

[3] At this time, the Government has returned the vast majority of the money it seized as part of these forfeiture actions.

[4] ████████████████████████████████████████████████████████ ███████████████████████████

issue. Well before Amazon sought to amend its complaint to add Atherton as a party, Amazon asserted to Nelson that it believed it would be able to vitiate Nelson's privilege claim through the crime fraud exception.[5] *See* Smart Decl. Ex. H.

Amazon also asserts that the Court should allow the amendment because no one should be surprised Amazon wants to name him as a party given the substantial conduct it identified in prior complaints. However, this argument begs the question why Amazon did not name him earlier as a party, and further shows it was not diligent.[6] *Thompson Bldg. Wrecking Co., Inc. v. Augusta, Georgia*, No. CV 108-019, 2008 WL 11350101, at *6 (S.D. Ga. Sept. 15, 2008) (noting "this concession begs the question of why the claims were not raised earlier if they were 'known' when the [prior] Amended Complaint was filed . . . .").

Because Amazon has not demonstrated that it acted with diligence in seeking to add Atherton as a party to this action, it should not be permitted to do so.

> b. *Demetrius Von Lacey*

Similarly, Amazon was not diligent with respect to its efforts to determine whether Von Lacey should be named as a party to this action. Amazon was aware of Von Lacey well before the initiation of discovery in this case. For example, Amazon named Von Lacey in its Rule 26(a)

---

[5] The Nelson Defendants dispute that Amazon would have been able to demonstrate such exception applied; however, because the Nelson Defendants decided to assert an advice of counsel defense, thereby waiving the privilege over the legal advice Atherton provided, that issue became moot.

[6] Although Amazon does not assert as much in its initial brief, given counsel's subsequent assertions at a recent hearing that Amazon waited to name Atherton as a party because of his status as an attorney, the Nelson Defendants want to address that claim.[6] Even assuming such a reason was true (though the Nelson Defendants doubt that), and assuming such a position was "reasonable," that cannot overcome the requirement to act with diligence. *See McDevitt*, 2017 WL 2257420, at *3 ("No matter how 'reasonable' the Counterclaim Plaintiffs' decision [to delay bringing the claim] may have been, it is abundantly clear that they could have brought the proposed counterclaims before the deadline and simply chose not to."); *Surratt v. Pinnacle Mining Co., LLC*, No. 5:15-CV-15444, 2016 WL 6404056, at *2 (S.D.W. Va. Oct. 26, 2016) ("[S]trategic decisions must typically be made within the deadlines set forth in the scheduling order to avoid prejudicing the opposing party or delaying the case."). Accordingly, the Court cannot rely on this purported reason to allow the addition of Atherton.

disclosures on December 3, 2021. Doc. 560-4 at 8. The audio recording Amazon submitted to the Court in November 2020 purports to identify Von Lacey that he was a "straw man." Docs. 662 (Doden Decl. ¶ 21). This is the exact basis of the allegations Amazon now seeks to add about Von Lacey. Doc. 608-2 ¶ 3. Even as early as October 2020, ████████████████████████████ ████████████████████████████████████████████████████████████████ ██████████████. Smart Decl. Ex. J. Amazon also acknowledges that it was aware of Von Lacey through communications with Nelson's prior counsel in August 2020, where it learned the government had seized funds tied to Von Lacey. Docs. 662 & 662-28 (Doden Decl. ¶ 20, Ex. 28). To the extent Amazon was unclear about Von Lacey's role, it could have noticed his deposition to inquire. They did not do so. Smart Decl. ¶ 15. Amazon has not demonstrated it was diligent in seeking to add Von Lacey as a defendant in this action.  Accordingly, its motion to amend in this respect should be denied.

    *c.*  *The four entities*

    Amazon also seeks to add as parties various entities of which it was aware well before it filed this motion. For example, Amazon acknowledges that it was aware of Renrets, LLC, the 2010 Irrevocable Trust, Sigma Regenerative Solutions, LLC and CTBSRM, Inc. by at least August 2020, when it was alerted that the government had seized assets of these entities (as well as Allcore Development, an entity that is already a defendant in the action). Docs. 662 & 662-28 (Doden Decl. ¶¶ 17, 20, Ex. 28). Although not naming them specifically, Amazon already alleged these entities' involvement in its last version of the complaint. See Doc. 150 ¶ 9 (noting the use of "trust and other accounts controlled by attorney Atherton, to further, and conceal, criminal acts as well as violations of civil law . . ."). Amazon was aware of their association with Atherton and Von Lacey, whom they already believed to be integrally involved in the alleged conduct at issue in this

action. Amazon learned extensive new information in March 2021, when prosecutors from the U.S. Attorney's Office, who were regularly sharing information with Amazon, sent a copy of a forfeiture complaint that was recently filed, describing in great detail alleged financial transfers involving 2010 Irrevocable Trust, CTBSRM, and Renrets, LLC, and Atherton's connection with those entities. *See* Doc. 662 & 662-31 (Doden Decl. ¶ 22, Ex. 31); Ex. I. Amazon learned of an additional forfeiture complaint around that same time, which further provided details concerning the 2010 Irrevocable Trust and CTBSRM. Doc. 662 & 662-32 (Doden Decl. ¶ 23, Ex. 32).

That Amazon may have obtained documentation *confirming* wire transfers of which it was *already aware* is not a basis to allow it to amend its complaint to add them as parties. *Beaudoin*, 2018 WL 6273666, at *3; *360 Mortg. Grp., LLC*, 2016 WL 9805217, at *2. Amazon has not shown it was diligent with respect to the four entities it seeks to add as parties, and the Court should deny Amazon's motion in that respect.

### B. Because adding new parties at this point in the case will delay resolution, joinder should be denied under Rule 20.

Here, Amazon seeks to add six new defendants in this action, two individuals and four entities. As discussed in detail above, Amazon has been well aware of their existence and purported role well before discovery commenced in this case. Nevertheless, Amazon waited until the last minute to add these parties, which will cause significant disruption and delay to the case. This disruption is the very reason Amazon is seeking to add the parties at this juncture—to avoid having the substance of their claims weighed by a fact finder now that Defendants have been able reveal the flaws in Amazon's claims through discovery.

Amazon fails to even mention or discuss Rule 20 in its motion, despite well established authority in the Fourth Circuit that a party must pass Rule 20's requirements to add parties pursuant to a motion to amend. Amazon does not do so because it cannot dispute that adding these parties

at this juncture will indeed significantly delay the case and prejudice Defendants, who have been litigating this case long before this motion was filed. Again under Rule 20, even where the "arising out of the same transaction, occurrence, or series of transactions or occurrences" test is met, the parties still should not be added if doing so "will result in prejudice, expense, or delay." *Ben'Israel*, 2014 WL 6490206, at *3 (quoting *Aleman*, 485 F. 3d at 218 n.5); *Meth v. Natus Med. Inc.*, No. 3:14-CV-173, 2014 WL 3544989, at *4 (E.D. Va. July 17, 2014).

This potential for significant disruption is why "[t]he deadline for joining additional parties is set very early in the case so that all interested parties have a full and fair opportunity to participate in discovery." *Muse Apartments, LLC*, 2014 WL 11997862, at *1. It is also why the deadline to amend the parties is one of the four required deadlines in a scheduling order under Fed. R. Civ. P 16(b)(3)(A). "Usually, a plaintiff will join defendants under Rule 20 in its initial complaint, 'rather than waiting to do so later.'" *Sykes v. Bayer Pharms. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (quoting *Rosmer v. Pfizer Inc.*, 272 F. 3d 243, 246 (4th Cir. 2001)). Adding a new party just at the close of discovery, after significant discovery has occurred (including 16 depositions prior to filing the motion here), would deprive that new party of such an opportunity. Further, if the discovery period would have to be extended to allow them to do so it would cause extensive disruption to the case. "[D]iscovery deadlines do not exist only to be extended." *Chavez v. Illinois State Police*, No. 94 C 5307, 1999 WL 515483, at *3 (N.D. Ill. July 15, 1999) (denying motion to amend to add a party where the moving party argued that discovery could be extended to allow for additional discovery to address newly added party) , *aff'd*, 251 F. 3d 612 (7th Cir. 2001).

Courts have no issue allowing joinder of new parties, even late in the case, where the new parties have been "extensively involved throughout the discovery process" because adding such a

17

party "will not cause unnecessary delay." *Cognate BioServices, Inc. v. Smith*, No. CIV. WDQ-13-1797, 2015 WL 1256499, at *6 (D. Md. Mar. 17, 2015). That is far from the circumstance here.

If the motion to amend is granted to add the new defendants here, each new defendant will have to served, be given at least 21 days to respond to the complaint after service (and 60 days if service is waived), may file motions to dismiss which will need to be ruled upon, and also will likely wish to serve discovery in the action as well as take depositions of those individuals they deem appropriate. *See Thompson Bldg. Wrecking Co., Inc.*, 2008 WL 11350101, at *6 ("[If the new defendant] is added, it would be as if the case would virtually start anew; [it] would want to file a motion to dismiss, participate in a 26(f) conference prior to the re-opening of discovery, and perhaps retake many depositions that have already been conducted. The prejudice of being drawn into such a complex case at the close of discovery cannot be ignored."); *Borom v. Town of Merrillville*, No. 2:07 CV 98, 2009 WL 1617080, at *2-3 (N.D. Ind. June 9, 2009) (noting allowing new parties to be joined would "undermine the court's case management," that the "new defendants would be at an almost two-year disadvantage in their defenses" even though "plaintiffs have enjoyed the period of time from which the original Complaint was filed in which to build their case," and the "the existing defendants are entitled to expect the case to move forward as scheduled.")..Here, where this case was filed over two years ago, and fact discovery is approaching its conclusion, there is no question adding these multiple parties at this time would significantly delay resolution of this case. Accordingly, the Court should deny the joinder of the six new proposed defendants at this late stage as their joinder under Rule 20 will result in "prejudice, expense, or delay."

47773087 v1

**C.** **Amazon's last minute effort to add parties and claims to the case does not satisfy Rule 15's standards.**

The Court need not reach an analysis under Rule 15 because Amazon has failed to show good cause under Rule 16, and because under Rule 20 it is clear that adding six new parties at this stage of the case will result in delay, increased expense and prejudice to the Defendants. Amazon, nevertheless cannot demonstrate it is entitled to amend the complaint to add new parties and claims under Rule 15. Again, while "delay alone is not sufficient to deny leave to amend" under Rule 15, combined with futility, bad faith or prejudice, it meets this threshold. *Johnson*, 785 F. 2d at 509; *Deasy*, 833 F. 2d at 40. The new breach of contract claim based on Amazon's own act of sending a hard drive to Nelson after he was terminated from employment, should be excluded from any amendment because it is futile. In addition, because Amazon unreasonably delayed in filing this motion, and the request to seek to add six new defendants and a new claim against Nelson is made in bad faith and will prejudice Nelson, the motion should be denied.

**1.** **New breach of contract claim**

As discussed thoroughly above, Amazon itself sent the hard drive they reference to Nelson *after* he was terminated. Amazon is well aware that Nelson did not take the hard drive with him when he left, rather it was left at his desk, consistent with the requirements of any Amazon policy they may cite.

*a.* *The proposed breach of contract claim is futile*

A proposed amendment is futile when it "fails to satisfy the requirements of the federal rules," such as when the proposed amendment fails to state a claim or the Court lacks jurisdiction. *U.S. ex rel. Wilson*, 525 F. 3d at 376; *Labgold v. Regenhardt*, 573 B.R. 645, 652 (E.D. Va. 2017).

Amazon has asserted that this Court has jurisdiction over all state law claims under 18 U.S.C. § 1367(a), because they "arise from, and constitute part of, the same case or controversy

19

that gives rise to Plaintiff's federal claims." *See* Doc. 608-2 at ¶ 56. Supplemental jurisdiction extends only to a "state law claim that stems from the same common nucleus of operative facts as a federal law claim." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Cir. 2001) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). A mere commonality of some facts is insufficient. *Id.*; *see also Shavitz v. Guilford Cnty. Bd. of Educ.*, 100 F. App'x 146, 150 (4th Cir. 2004) (noting "federal and state claims only hav[ing] some facts in common" is insufficient for supplemental jurisdiction).

Here, Amazon's only allegations concerning the hard drive are contained in paragraphs 528 and 529 of the proposed fourth complaint. Amazon alleges *no* facts that overlap with any of the federal claims. The only overlap is that Nelson is a defendant in both this new proposed breach of contract claim and the federal claims. That is patently insufficient to support supplemental jurisdiction. Accordingly, the amendment to add this new claim is futile.

This new breach of contract claim is also futile because the allegations do not satisfy the standards of Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a compliant must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court "accepts all well-pled facts as true" at the motion-to-dismiss stage, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F. 3d 250, 255 (4th Cir. 2009).

Other than elemental allegations, Amazon has alleged only that Nelson breached his employment agreement because he "retain[ed] after his termination from Amazon the hard drive that contains approximately 1.4 million pages of Amazon documents." Doc. 608-2 at ¶ 528.

Amazon does not allege any facts about how Nelson came into possession of the hard drive, nor does Amazon allege any particular use of the information on the hard drive by Nelson. Amazon then points to two sections of the CNIAA it asserts were breached: (1) one they contend required Nelson to disclose and deliver to the company the hard drive "during employment and at the termination thereof"; and (2) one that they assert precludes Nelson from using the information on the hard drive except for the business of Amazon. *Id.* ¶ 528. Amazon then makes a conclusory assertion that Nelson's retention of this hard drive caused it to suffer "pecuniary harm and damages" with no explanation whatsoever. This threadbare, conclusory pleading of a breach of contract claim is insufficient to withstand a motion to dismiss. *Sports Med Properties, LLC v. Talib*, No. 319CV00082FDWDSC, 2019 WL 3403372, at *3 (W.D.N.C. July 26, 2019) ("Talib has merely recited provisions from the contract and alleged that Sports Med violated these provisions, without providing any factual basis for these allegations. Claiming a party breached a contract through violation of a contractual provision without alleging facts showing how the contractual provision was violated is akin to merely reciting the elements of a breach of contract claim."). Accordingly, for this additional reason, addition of this new claim is futile.

> b.   *Amazon delayed bringing this claim and has done so now in bad faith and to the undue prejudice of the Nelson Defendants.*

As discussed thoroughly above, since December 13, 2021, Amazon has continually threatened to bring a claim against Nelson related to his possession of the hard drive. However, Amazon waited for over three months to do so.

In addition to this delay, it is important to recognize that in the pending Washington state court case concerning his employment contract, Nelson has already obtained a summary judgment ruling in his favor that Amazon breached Nelson's employment contract based on Amazon's complete disregard of the forum selection clause when it brought its initial breach of contract claim

against Nelson in this Court. Smart Decl. Ex. A. Despite this ruling, Amazon has chosen to double down, asserting a new breach of contract claim against Nelson under his employment contract, committing a second, identical breach. Amazon does so with no regard for the state court's prior ruling or the lack of connection to the substantive issues in this case. It should also be noted that Amazon has not even pointed out to this Court that it is adding a new claim against Nelson in its motion, much less attempt to justify it. To the contrary, Amazon represented that "Amazon does not propose to add new claims or to change the nature of the claims that will remain pending." Doc. 616 at 8. This is demonstrably false. Amazon's complete disregard of the Washington state court's ruling and its representation to this Court that it has not added any new claims demonstrates its bad faith in seeking to assert this new breach of contract claim against Nelson. Thus, the Court should preclude Amazon from amending its complaint to add the claim

Aside from delay and bad faith, adding this claim, unrelated to the substance of the other claims in the case, will unnecessarily expand discovery to matters such as the individuals at Amazon who processed the hard drive before returning it to Amazon, Amazon's safeguards when deciding what electronic equipment to send to former employees, and their actual implementation of those safeguards and policies. Much, if not all of that discovery is of matters in Seattle, Washington, the location of the already pending breach of contract action relating to his employment agreement, where Nelson has local counsel. Requiring Nelson to undertake such discovery in this action either will delay unnecessarily resolution of the already pending claims in this action, or necessitate Nelson to do so on an unfairly compressed schedule due to Amazon's decision to sit on this issue for months before filing its motion to amend.

47773087 v1

### 2.     The six additional defendants

The Court should also deny Amazon's motion to amend to add six new defendants because it unreasonably delayed in doing so, and adding them at this point of the litigation will prejudice the Nelson defendants by further delaying resolution of the case and will cause the Nelson defendants to incur additional, unnecessary costs. "[A]n amendment is not prejudicial if the plaintiff does not add new claims or parties." *Matter of Under the Bridge Watersports, LLC*, No. CV GLR-20-1111, 2022 WL 1027778, at *6 (D. Md. Apr. 6, 2022); *see also Thompson Bldg. Wrecking Co., Inc.*, 2008 WL 11350101, at *6 (noting that adding a new party to a case just at the close of discovery would be prejudicial as the case would "virtually start anew"). Here, Amazon is attempting to add six new defendants, who have yet to participate in discovery, and who certainly will seek to do so, including, in all likelihood to reopen depositions of several of the previous almost 20 deponents in this case. This late addition would result in significant disruption and the potential for unnecessary and increased costs, all of which would prejudice the Nelson defendants who unlike Amazon do not have endless resources to start discovery anew if they wished to do so. *See Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997) (prejudice exists to deny a motion to amend if the amendment is proposed late enough and requires the opponent to engage in new preparation or results in added expense and the burden of a more complicated trial); *Matter of Under the Bridge Watersports, LLC*, 2022 WL 1027778 at *6**.** Because the Nelson defendants will be prejudiced by the addition of the six new defendants at this late date following Amazon's delay, the Court should deny Amazon's motion to amend.

## III.     Conclusion

For the forgoing reasons, the Nelson Defendants request that the Court deny Amazon's motion to amend to the extent it seeks to add six new defendants and assert a new breach of contract

47773087 v1

claim against Nelson arising from the hard drive it sent to him after his termination. In addition, given the extensive nature of Amazon's proposed fourth complaint, the Nelson Defendants requests that the Court impose costs for Defendants' time to respond to the completely reworked complaint.

April 22, 2022

**BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

*/s/ J. Alex Little*
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, a true and correct copy of the foregoing has been

served upon the following via email:

Elizabeth P. Papez (pro hac vice)
Patrick F. Stokes (pro hac vice)
Claudia M. Barrett (pro hac vice)
Michael R. Dziuban
(Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com
Counsel for Plaintiffs
Amazon.com, Inc. and Amazon Data Services,
Inc.

Veronica S. Moyé
(pro hac vice application pending)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and
Amazon Data Services, Inc.

Aaron G. McCollough
McGuireWoods
77 West Wacker Dr., Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for the Receiver Mark Roberts

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
casey.kirschner@gmail.com
*Pro se*

Kathryn M. Skilton
Michael R. MacPhail
Faegre Drinker Biddle & Reath LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
kathryn.skilton@faegredrinker.com
michael.macphail@faegredrinker.com
Counsel for Intervenor 800 Hoyt, LLC

Stanley L. Garnett
Justin L. Cohen
Amanda K. Houseal
Brownstein Hyatt Farber Schreck LLP
410 Seventeenth St., Suite 2200
Denver, CO 80202-4432
sgarnett@bhfs.com
jcohen@bhfs.com
ahouseal@bhfs.com
Counsel for Defendants Brian Watson, WDC
Holdings, LLC, NSIPI Administrative Manager,
Sterling NCP FF, LLC, Manassas NCP FF, LLC

George R. Calhoun
Jeffrey Hamlin
James M. Trusty
Ifrah Law, PLLC
1717 Pennsylvania Ave, N.W. Suite 650
Washington, DC 20006 george@ifrahlaw.com
jhamlin@ifrahlaw.com
jtrusty@ifrahlaw.com
Counsel for Defendants Brian Watson, WDC
Holdings, LLC, NSIPI Administrative Manager,
Sterling NCP FF, LLC, Manassas NCP FF, LLC

Dated: April 22, 2022

/s/ Rachel Friedman
Rachel Friedman