IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br> Defendant. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, and BW HOLDINGS, LLC, <br><br> Interpleader Defendants <br><br> AMAZON.COM, INC. and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**WATSON DEFENDANTS' MOTION IN SUPPORT OF**
**MOTION TO VACATE PRELIMINARY INJUNCTION**

Defendants WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager ("Watson Defendants"), respectfully file their Motion to Vacate Preliminary Injunction.

Preliminary injunctions are an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, (2008)). A plaintiff seeking a preliminary injunction bears a heavy burden to prove: (1) a clear showing that it will likely succeed on the merits; (2) a clear showing that it is likely to be irreparably harmed absent preliminary relief; (3) that the balance of equities tips in the plaintiff's favor; (4) and that a preliminary injunction is in the public interest. *Winter* 555 U.S. at 20; *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010). Each of these four factors must be "satisfied as articulated." *Real Truth*, 575 F.3d at 347.

Because a preliminary injunction is an equitable remedy it can be modified or vacated at any time based on general equitable principles. *Centennial Broad., LLC v. Burns*, 433 F. Supp. 2d 730, 733-34 (W.D. Va. 2006). Here, Plaintiffs were granted an extraordinary preliminary injunction requiring, among other things, that the Watson Defendants to escrow approximately $25 million. However, recent discovery developments show that this injunction is no longer equitable or supported by adequate evidence such that Plaintiffs can no longer satisfy the *Winter* standard.

The Watson Defendants' arguments and support for their request are fully detailed in their Memorandum Brief, Declaration of R. Brian Watson, Declaration of Leah M. Regan-Smith, and the exhibits thereto, which are being filed in conjunction with this Motion to Vacate Preliminary Injunction.

The Watson Defendants respectfully request the Court grant the Motion to Vacate the Preliminary Injunction.

| | |
|---|---|
| Dated: April 25, 2022 | Respectfully submitted,<br><br>  *s/ Stanley L. Garnett*  <br>Stanley L. Garnett (*pro hac vice*)<br>Amanda K. Houseal (*pro hac vice*)<br>Leah M. Regan-Smith (*pro hac vice*)<br>Brownstein Hyatt Farber Schreck, LLP<br>410 17th Street, Suite 2200<br>Denver, CO 80202<br>Telephone: (303) 223-1100<br>Facsimile: (303) 223-1111<br>sgarnett@bhfs.com<br>ahouseal@bhfs.com<br>lregansmith@bhfs.com<br><br>*Jeffrey R. Hamlin*  <br>Jeffrey R. Hamlin (VA Bar No. 46932)<br>George R. Calhoun (*pro hac vice*)<br>James Trusty (*pro hac vice*)<br>IFRAH PLLC<br>1717 Pennsylvania Avenue NW, Suite 650<br>Washington, DC 20006<br>Telephone: (202) 524-4140<br>Facsimile: (202) 524-4141<br>jhamlin@ifrahlaw.com<br>george@ifrahlaw.com<br>jtrusty@ifrahlaw.com<br><br>*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC* |