IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM INC. and AMAZON DATA SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; JOHN DOES 1-20,<br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |

**WATSON DEFENDANTS' VERIFIED RESPONSE TO THE RECEIVER'S
SECOND QUARTERLY REPORT (QUARTER ENDING MARCH 31, 2022)**

Defendants WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Brian Watson ("Mr. Watson"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings, LLC (collectively, the "Watson Defendants"), by and through their undersigned counsel, hereby file their Verified Response to the Receiver's Second Quarterly Report and state as follows.

The Watson Defendants write this short response to the Receiver's Second Quarterly Report (the "Report") to provide context on several points included in the report. The Watson Defendants offer the following clarifications and explanations in response to the Receiver's Report:

1

1. WDC's payment of Mr. Watson's personal credit card was not a "personal benefit" to Mr. Watson, but was simply a payment of business expenses by WDC Holdings that Mr. Watson had to charge to his private card due to spending limits on the company card. *See* Dkt. 702 ¶ 14. The $75,000.00 of Mr. Watson's personal credit card paid by WDC was reimbursement for the retainer for legal counsel in this case, and not for personal expenses

2. Although Mr. Watson did purchase a home for $6.6 million in February of 2020, s*ee id.* ¶ 15, this was two months before this case was even filed. Further, the house was sold in December 2021 for $8.5 million, resulting in a net gain of almost $2 million, which provided a considerable benefit to Mr. Watson's estate. Mr. Watson did not receive any proceeds from this sale.

3. Many of the large expenses noted by the receiver were a result of projects and expenses which had been put into motion years before the injunction was ordered and would have cost more to terminate than to complete. For example, though Mr. Watson spent over $5.6 million building his residence at the C Lazy U Ranch, *see id.*, he was nearly halfway through construction at the start of this litigation. Mr. Watson spent significant money to complete the construction, but has now listed the residence due to this Court action, and it should sell for a much larger sum than he paid to build, furnish, and maintain it.

4. Expenses such as education for Mr. Watson's children are required by his divorce agreement, and are not voluntary. Similarly, Mr. Watson does not "elect" to spend $3,000 a month on spousal maintenance, but is required to do so as per the terms of his prenuptial agreement. *See id.* ¶18.

5. Mr. Watson has loaned WDC Holdings millions of dollars of his personal money through its inception 22 years ago, and is currently owed just over $1.5 million by

WDC Holdings. Thus, the $90,000 dispersed to Mr. Watson from WDC is not a personal benefit to Mr. Watson, but simply the repayment of a loan that has accrued to a large amount. *See* Dkt. 2-39 pg. 7, 9.

6.  Although the Report notes that Mr. Watson received nearly $3 million over this period, *see id.* at 14, much of this was immediately paid to creditors and never actually received by Mr. Watson. For example, the report shows that Mr. Watson and WDC earned approximately $2.3 million from sale of interests in various assets, however almost all of this money was paid upon closing directly to creditors, and was never dispersed to Mr. Watson personally where he could use it for other expenses and/or matters. Accordingly Mr. Watson did not have access to funds to place into escrow in accordance with the preliminary injunction.

Dated: May 2, 2022   Respectfully submitted,

/s/ Stanley L. Garnett
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com

/s/ Jeffrey R. Hamlin
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140

Facsimile: (202) 524-4141 jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

## CERTIFICATE OF SERVICE

       I hereby certify that on May 2, 2022, I will electronically file the Watson Defendants' Response to the Receiver's Second Quarterly Report (Quarter Ending March 31, 2022) using the Court's CM/ECF system, which will provide service to all counsel of record. In addition, I will send a copy via US Mail to *pro se* defendant Casey Kirschner, and will send courtesy copies via e-mail to all persons listed below at the e-mail addresses shown:

Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moyé
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

Alex Little
Rachel Friedman
Burr & Forman LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Alex.little@burr.com
rfriedman@burr.com

*Counsel for Carleton Nelson and Cheshire Ventures*

Casey Kirschner, *pro se*
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

Aaron G. McCollough
McGuireWoods LLP 77 West
Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com

*Counsel for Receiver*

                By: */s/ Jeffrey R. Hamlin*

## VERIFICATION

I, Brian Watson, affirmatively state, under penalty of perjury, that I have reviewed the Watson Defendants' Response to Receiver's Second Quarterly Report (Quarter Ending March 31, 2022) and verify that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

Dated 29th day of April, 2022.

_____
Brian Watson