IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br> Interpleader Defendants, <br> and <br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br> Interpleader Defendants, <br> Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE
TO FILE DOCUMENT UNDER SEAL**

In accordance with the Agreed Protective Order in this case (Dkt. 55), Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. respectfully seek leave to file under seal the unredacted version of their Third Amended Complaint.

Although "the common law and the First Amendment presume a public right of access to court documents," *Malon v. Franklin Financial Corp.*, 2014 WL 12768782, at *2 (E.D. Va. Dec. 4, 2014) (citing *Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)), "the Fourth Circuit has nonetheless stated that a district court 'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,'" *id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).  In determining whether to grant a motion to seal, the district court must engage with three requirements articulated by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*: "[I]t must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000).

Plaintiffs' request to seal the unredacted version of their Third Amended Complaint satisfies all three *Ashcraft* factors.  Regarding the first factor, the public will have adequate notice of Plaintiffs' request to seal, through the accompanying motion and notice of motion to seal as required by Local Civil Rule 5.  As to the second and third *Ashcraft* factors, sealing is appropriate, and no less drastic alternatives exist.  The unredacted version of the Third Amended Complaint is not publicly available, and it contains or reflects sensitive business, financial, and proprietary information that has been designated "Confidential" under the Protective Order.  Dkt. 55. Moreover, this Court has already sealed a nearly identical copy of the Third Amended Complaint.

*See* Dkt. 652 (sealing Dkt. 612).  Finally, the Third Amended Complaint contains references and descriptions of material drawn from or filed with Plaintiffs' Second Amended Complaint, Dkt. 150, that the Court has ordered sealed, Dkt. 168.  Plaintiffs therefore respectfully request that the Court grant this motion.  *See, e.g.*, *Mars, Inc. v. J.M. Smucker Co.*, 2017 WL 11499735 (E.D. Va. Aug. 9, 2017) (granting motion to seal where "the information sought to be filed under seal may contain data and information that [were] designated as 'Confidential,' . . . under the Amended Protective Order governing th[e] case"); *Malon*, 2014 WL 12768782, at *3 (granting motion to seal where documents were marked "confidential" pursuant to a protective order).

Dated:  May 6, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

/s/ *Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda J. Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

>Casey Kirschner
>635 N. Alvarado Lane
>Plymouth, MN 55447
>By email: casey.kirschner@gmail.com

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc*