IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, BW HOLDINGS, LLC, <br><br> Interpleader Defendants, <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Interpleader Defendants, Interpleader Counter-Plaintiffs. | |

**RESPONSE OF RECEIVER REGARDING WATSON DEFENDANTS'
MOTION TO VACATE PRELIMINARY INJUNCTION**

Mark A. Roberts (the "Receiver"), as receiver of WDC Holdings LLC dba Northstar Commercial Partners LLC ("WDC"), R. Brian Watson ("Mr. Watson" and together with WDC, "Defendants"), and Defendants' respective assets, by and through undersigned counsel, hereby submits this *Response of Receiver Regarding Watson Defendants' Motion to Vacate Preliminary Injunction* (the "Response"), and in support thereof respectfully states as follows:

## I. BACKGROUND

1. On October 27, 2021, the Court entered its *Order Granting Plaintiffs' Motion to Hold Defendants Brian Watson & WDC Holdings in Civil Contempt* [Dkt. 413] (the "Contempt Order"). The Contempt Order provided that the Court would separately enter an order appointing a receiver pursuant to 28 U.S.C. § 754 and Fed. R. Civ. P. 66, with the full power of an equity receiver and at Defendants' expense, for the purpose of preventing further irreparable harm to Plaintiffs and coercing Defendants' compliance with the Court's Injunction. Dkt. 413 ¶ 2.

2. On November 23, 2021, the Court entered its *Order Appointing Receiver and Ordering Turnover of Property to the Receiver* [Dkt. 433] (the "Receivership Order"), appointing Mark A. Roberts as Receiver of Defendants and their assets.

3. On April 25, 2022, Defendants filed their *Motion to Vacate Preliminary Injunction* [Dkt. 695] and their *Memorandum in Support of Motion to Vacate Preliminary Injunction* [Dkt. 696] (the "Motion"). In their Motion, Defendants request that this Court "vacate in its entirety the preliminary injunction against the Watson Defendants, vacate the finding that the Watson Defendants are in contempt of the preliminary injunction order, remove the appointment of the receiver, and allow the Watson Defendants to recover the entirety of the injunction bond." Motion, pp. 20-21.

## II. RESPONSE

4. The Receiver takes no position regarding whether the Court should vacate the Injunction or the Contempt Order.

5. To the extent the Injunction is to remain in place, however, in whole or in part, the Receiver reiterates his recommendation set forth in the Receiver's recently filed Second Quarterly Report, Dkt. 702 ¶ 26, that the receivership remain ongoing to provide the Receiver further opportunity to pursue value from potentially forthcoming transactions for purposes of the Receivership Order, while also managing Defendants' expenses to avoid dissipation of such assets that are subject to the Injunction. Continuation of the receivership would also provide the Receiver an opportunity to pursue potential causes of action based on liens granted by Mr. Watson in violation of the Injunction immediately prior to entry of the Contempt Order, including to Mr. Watson's counsel in this action and to FirsTier Bank, a lender. *See id.* ¶ 21-22. Further, given the meaningful outstanding liabilities owed by Defendants to other third-party creditors, *see id.* ¶ 11, collection of which is presently stayed by operation of the Receivership Order, continuation of the receivership avoids a rush to levy on assets that the Contempt Order and Receivership Order contemplate should be used for purposes of the receivership proceeding, including to provide judgment security pursuant to the Injunction.

6. As to Defendants' request in the Motion regarding termination of the receivership, the Receiver observes that Defendants are seeking to conclude this receivership process midstream, before the Receiver has concluded his work. Since his appointment, the Receiver has sought at all times to carry out the provisions of the Receivership Order—including avoidance of irreparable harm to Plaintiffs and coercing Defendants' compliance with the Injunction—which has led to a contentious relationship with Defendants regarding the payment of personal expenses

and treatment of historical liabilities. *See id.* ¶¶ 17-20 (describing disputes and claims threatened against the Receiver). Fulfilling the Receiver's obligations under the Receivership Order has also resulted in the incurrence of professional fees, which remain unpaid at present. *Id.* ¶ 25 (describing professional fees incurred through March 31, 2022).

7. Accordingly, should the Court grant any material modification to the receivership proceeding, the Receiver requests that the Court reaffirm the limitation of liability provisions set forth in the Receivership Order and under applicable law to ensure the Receiver is not subject to vexatious litigation as a result of performing his duties under the Receivership Order, clarify that the indemnities and other Receiver protections under the Receivership Order survive such modification, and provide specific treatment for the unpaid fees and expenses of the Receiver and his professionals, who have worked in good faith to carry out the requirements of the Receivership Order.

Dated: May 9, 2022

Respectfully submitted,

 /s/  *Aaron G. McCollough*
Aaron G. McCollough (VSB 72146)
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Tel.: (312) 849-8256
Fax: (312) 698-4522
amccollough@mcguirewoods.com

*Attorney for the Receiver*

## Certificate of Service

I HEREBY CERTIFY that, on May 9, 2022, I caused the RESPONSE OF RECEIVER REGARDING WATSON DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTION to be electronically filed and served using the CM/ECF System, which will transmit a Notice of Electronic Filing to counsel of record. Additionally, the document and notification of filing will be sent by U.S. Mail to the following last-known address of the following parties:

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com


　　　　　　　　　　　　　　　　　　　　  /s/ *Aaron G. McCollough*
　　　　　　　　　　　　　　　　　　　　Aaron G. McCollough