IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS; LLC, <br><br>    Interpleader Defendants, <br> and <br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br>    Interpleader Defendants, Interpleader Counter-Plaintiffs. | |

**ORDER**

This matter comes before the Court on Defendants Carleton Nelson and Cheshire Ventures' ("Defendants") Motion to File Documents Under Seal. Dkt. 729. Defendants request to file under seal the unredacted version of their Brief in Support of Their Motion to Compel Discovery Relating to Damages ("Supporting Brief"), Dkt. 725, and Exhibits A–M to the Declaration of Adam R. Smart in Support of the Motion to Compel, Dkt. 728-1–728-13.

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Upon consideration of Defendants' motion and the response to the motion that Plaintiffs submitted in accordance with Local Civil Rule 5(C), the Court makes the following findings.

First, Defendants have provided public notice of their request to seal and interested parties have been given a reasonable opportunity to object. Defendants filed their motion to seal and public notice on May 2, 2022. (*See* Dkts. 724, 729). Because over seven days have elapsed since Defendants filed the motion to seal and public notice, and no interested party has objected, the Court may treat this motion as uncontested under Local Civil Rule 5(C). *See* L. Civ. R. 5(C). In addition, Plaintiffs submitted a response in accordance with Local Civil Rule 5(C), noting they did not oppose the motion. Accordingly, this requirement is satisfied under *Ashcraft* and the Local Civil Rules.

Second, this Court has considered less drastic alternatives. Exhibits A–M contain or reflect material that has been designated as confidential or highly confidential under the Protective Order.

2

Moreover, Exhibits A–J contain, reflect, or directly relate in subject matter to material that this Court has already sealed. Dkt. 582 (sealing Dkt. 563-4). Finally, the unredacted version of the Supporting Brief contains, describes, and refers to these materials. This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) ("[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).

Accordingly, it is hereby

**ORDERED** that the Motion to File Documents Under Seal (Dkt. 729) is **GRANTED**, and that the unredacted version of Defendants' Brief in Support of Their Motion to Compel Discovery Relating to Damages, Dkt. 725, and Exhibits A–M to the Declaration of Adam R. Smart in Support of the Motion to Compel, Dkt. 728-1–728-13, shall remain permanently under seal..

ENTERED this 24th day of May, 2022.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia