IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br> Defendant. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, and BW HOLDINGS, LLC, <br><br> Interpleader Defendants <br><br> AMAZON.COM, INC. and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**ORDER**

This matter comes before the Court on Defendants WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager's (collectively, the "Watson Defendants") Reply in Support of Motion to Vacate Injunction (Dkt. 798). The Watson Defendants request to file under seal (i) Exhibit A to the Reply in Support

of Motion to Vacate Injunction: excerpts from the deposition of Karen Davenport; (ii) Exhibit B to the Reply in Support of Motion to Vacate Injunction: excerpts from the deposition of Carleton Nelson. (Dkts. 802-1, 802-2.)

District courts have authority to seal court documents "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Procedurally, a district court may seal court filings if it (1) "provide[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.* Upon consideration of the Watson Defendants' filings, the Court makes the following findings.

First, the Watson Defendants have provided public notice of their request to seal and interested parties have been given a reasonable opportunity to object. The Watson Defendants filed their motion to seal and public notice on May 27, 2022. (*See* Dkts. 798, 799.) Because over seven days have elapsed since the Watson Defendants filed the motion to seal and public notice, and no interested party has objected, the Court may treat this motion as uncontested under Local Civil Rule 5(C). *See* L. Civ. R. 5(C). Accordingly, the Watson Defendants have satisfied this requirement under *Ashcraft* and the Local Civil Rules.

Second, this Court has considered less drastic alternatives. Exhibits A and B have been designated as confidential and highly confidential respectively by Plaintiffs pursuant to the Agreed Protective Order. Accordingly, Exhibits A and B are sealed only to the extent required by the Agreed Protective Order. This selective protection of information constitutes the least drastic measure of sealing confidential material. *See Adams v. Object Innovation, Inc.*, No.

2

3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) ("[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).

Accordingly, it is hereby

**ORDERED** that the Watson Defendants' motion to seal (Dkt. 798) is **GRANTED**. Docket numbers 802-1, 802-2 shall remain permanently under seal.

ENTERED this 7th day of June, 2022.

_____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia