IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20,<br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC,<br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant,<br><br>    v.<br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC,<br><br>    Interpleader Defendants,<br>    and<br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC.,<br>    Interpleader Defendants,<br>    Interpleader Counter-Plaintiffs. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
<u>MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOG</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 7

ARGUMENT ....................................................................................................................... 7

    I.    Plaintiffs' Discovery Requests Appropriately Seek Highly Relevant Documents ......... 7

    II.   The Court Should Compel Defendant to Produce Documents and a Privilege Log, and Deem Any Objections Waived ........................................................................ 9

CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

**CASES**

*ACMA USA, Inc. v. Surefil, LLC*,
   2008 WL 2714422 (E.D. Va. July 7, 2008) ..................................................................8

*BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*,
   2019 WL 8108060 (E.D. Va. July 3, 2019) ..................................................................6

*Bernath v. Extreme Seal Experience, LLC*,
   2017 WL 11506968 (E.D. Va. Apr. 28, 2017) ........................................................10, 11

*Brown v. Experian Info. Sols., Inc.*,
   2017 WL 11632852 (E.D. Va. Apr. 17, 2017) ..............................................................6

*Doe v. Old Dominion Univ.*,
   289 F. Supp. 3d 744 (E.D. Va. 2018) ..........................................................................6

*Humanscale Corp. v. CompX Int'l, Inc.*,
   2009 U.S. Dist. LEXIS 120197 (E.D. Va. Dec. 24, 2009) ...........................................7

*Montoya v. Daisey Fresh Cleaning Co.*,
   2020 WL 6920513 (E.D. Va. Apr. 22, 2020) ...............................................................8

*Mood v. City of Costa Mesa*,
   2017 WL 2125741 (C.D. Cal. May 16, 2017) .............................................................8

*Nasreen v. Capitol Petroleum Grp., LLC*,
   340 F.R.D. 489 (D.D.C. 2022) ..........................................................................6, 8, 10

*O'Brien v. Johnson & Johnson Med. Devices Co.*,
   2020 WL 5215384 (C.D. Cal. June 24, 2020) ............................................................10

*Sectek Inc. v. Diamond*,
   2016 WL 5897763 (E.D. Va. Oct. 6, 2016) ..................................................................9

*Shvartser v. Lekser*,
   270 F. Supp. 3d 96 (D.D.C. 2017) ...............................................................................9

*U.S. of Am. v. 188.7 Acres of Land*,
   2021 WL 6104800 (C.D. Cal. Oct. 8, 2021) ................................................................9

*Walt Disney Co. v. DeFabiis*,
   168 F.R.D. 281 (C.D. Cal. 1996) .................................................................................9

**RULES**

Fed. R. Civ. P. 26(b)(1) ..........................................................................................................6

Fed. R. Civ. P. 34 ........................................................................................................................... 8

Fed. R. Civ. P. 37(a) ..................................................................................................................... 6

Local Civ. R. 37(A) ...................................................................................................................... 6

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs") respectfully move under Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37(A) to compel Defendant Casey Kirschner to produce all documents responsive to Plaintiffs' Requests for Production as outlined below, as well as a privilege log of all responsive but allegedly privileged documents currently being withheld from production.

## INTRODUCTION

For the past five months, Defendant Casey Kirschner, one of two former Amazon employees who engaged in the elaborate fraud and kickback scheme at the center of this lawsuit, has hidden behind his quasi-*pro se* status to flout his discovery obligations. Throughout the discovery process, Amazon has sought to provide Mr. Kirschner with the maximum flexibility and consideration as, when this process began, Mr. Kirschner was genuinely *pro se*. Amazon has provided Mr. Kirschner with countless opportunities to cure the deficiencies of his productions and has routinely accepted delinquent discovery responses without seeking the Court's intervention.

In recent weeks, however, three things have become abundantly clear. *First*, Mr. Kirschner is no longer a *pro se* party, and has not been one for some time. *Second*, Mr. Kirschner continues to use his initial *pro se* status to ignore the requirement to submit timely responses to discovery requests. *Third*, Mr. Kirschner's recent deposition revealed that he intentionally withheld at least two highly relevant non-privileged documents without producing any type of log articulating a basis for such withholding. This raises serious questions about the integrity of Mr. Kirschner's productions to date, especially in light of representations he has made in previous correspondence regarding having produced all relevant documents responsive to the requests Plaintiffs assert here. Mr. Kirschner has failed to produce discoverable documents for several months and his counsel refuses to meet and confer with Amazon regarding a path forward; Plaintiffs' only recourse is to

1

seek an order from this Court compelling Mr. Kirschner's compliance with his discovery obligations.[1]

Amazon respectfully requests that the Court compel the production of (1) Mr. Kirschner's signed statement to the FBI and associated materials, including any documents created and sent to Mr. Kirschner's prior counsel by the U.S. Attorney's Office for the Eastern District of Virginia; (2) a photobook documenting Mr. Kirschner's Northstar-sponsored trip to New Zealand in March 2019; (3) any additional non-privileged documents in Mr. Kirschner's possession, custody or control (including prior counsel's files) that are responsive to Amazon's document requests; and (4) a privilege log of all responsive documents currently being withheld, including communications with Mr. Kirschner's co-defendants after April 1, 2020.

## BACKGROUND

On December 10, 2021, Amazon served Mr. Kirschner with its First Requests for Production ("RFPs"). Ex. 1. Pursuant to Local Civil Rule 37(A), Mr. Kirschner was required to lodge any objections to the requests no later than December 27, 2022. Mr. Kirschner missed this deadline and did not serve any objections until January 8, 2022, when he provided both objections and responses. Shortly thereafter, Mr. Kirschner made his first document production. After reviewing the production, Amazon issued a letter to Mr. Kirschner on February 9, 2022 identifying a number

---

[1] Under Local Rule 7(E), Amazon attempted to meet and confer with Mr. Kirschner at least nine times over the past month, yet Mr. Kirschner's counsel, J.D. Thomas, has refused to make himself available for a call. On the afternoon of this filing, Mr. Thomas acknowledged that the parties have communicated about this issue "about 10 times now" and conditionally represented that "the documents will be provided to you (absent an objection by the government)." Yet Mr. Thomas has not committed to a date when any production would be made, had not agreed to produce relevant documents (such as the photobook) that are irrelevant to the government, has not provided a log of withheld documents, and has not made himself available to speak about any of these discovery deficiencies by phone at this time. Ex. 2. Therefore, despite its good faith attempts to meet and confer with Mr. Thomas, Amazon's only recourse is to seek relief from the Court.

of deficiencies and raising concerns that the production was substantively incomplete. Ex. 3. Mr. Kirschner did not respond.

A month later, Amazon was contacted by Mr. Kirschner's criminal counsel, J.D. Thomas, who had by that point begun assisting Mr. Kirschner in responding to civil discovery requests. During a meet and confer on March 8, 2022, Mr. Thomas represented that he was working closely with his client to respond fully to Amazon's discovery requests, including the issues identified in Amazon's February 9, 2022 letter.[2] Despite Mr. Thomas's assurances during the meet and confer and subsequently over email, weeks passed without any response by Mr. Kirschner. This inaction prompted Amazon to send another letter on April 18, 2022, reiterating Mr. Kirschner's failure to cure his previous production deficiencies as well as his failure to provide Amazon with a log of any documents he was withholding on privilege or other grounds. Ex. 4.

Mr. Kirschner responded to Amazon's letter the next day, largely disclaiming having any additional documents in his possession responsive to a majority of Amazon's RFPs (specifically, RFPs 2–8, 10, 14–15, 20, and 24) and arguing that he had no obligation to produce documents that Amazon had been able to obtain from other parties. Mr. Kirschner further explained that his current counsel, Mr. Thomas, was "in the process of reviewing files from [Mr. Kirschner's] prior counsel for documents" responsive to Amazon's requests but provided no anticipated date of completion. Ex. 5. By April 22, 2022, Mr. Thomas, who had been assisting Mr. Kirschner with the civil case since at least January 2022, appeared on Mr. Kirschner's behalf pursuant to Local Civil

---

[2] Mr. Thomas surfaced in the civil case in January 2022 when he informed Amazon counsel that he would remain involved in the civil case to the extent it implicated Kirschner's interests in the criminal investigation. He has frequently participated in counsel discussions in the civil case since that time. As demonstrated by Ex. 9, Mr. Thomas appears to have been coordinating in the background with counsel for other parties before surfacing more fully in the civil case. *Id.*

3

Rule 83.1(M) when he ghostwrote Mr. Kirschner's Response in Opposition to Amazon's Motion for Leave to File its Third Amended Complaint.[3]  On April 28, 2022, Mr. Kirschner supplemented his production with an additional 91 documents, but did not confirm whether these additional documents represented all or only a subset of those documents being reviewed by Mr. Thomas.

Mr. Kirschner's deposition took place on May 10, 2022 in Nashville, TN at the law offices of Mr. Thomas, who represented Mr. Kirschner throughout the deposition.  During the deposition, Amazon learned for the first time that Mr. Kirschner had intentionally withheld at least two relevant, non-privileged documents in his possession.  Kirschner Dep. Tr. at 275:7–276:1; 298:13–19.  These included a "photobook" documenting a Northstar-sponsored trip to New Zealand taken by Mr. Kirschner, Kyle Ramstetter, and Brian Watson in March 2019, as well as a copy of a lengthy signed statement that Mr. Kirschner provided to the FBI regarding his participation in the underlying kickback scheme that is the central subject of this litigation (the "signed statement").  Both of these documents are within the scope of Amazon's RFPs Nos. 16 and 20, which were issued on December 10, 2021, respectively call for documents relating to all travel and entertainment (and specifically the March 2019 trip to New Zealand) and "[a]ll documents relating to any statements, submissions representations, or disclosures" made by Mr. Kirschner "to any government agency relating to the underlying subject matter of this Action."  Ex. 1.

---

[3]  Local Civil Rule 83.1(M) states: "[a]ny attorney who prepares any document that is to be filed in this Court by a person who is known by the attorney, or who is reasonably expected by the attorney, to be proceeding pro se, shall be considered to have entered an appearance in the proceeding in which such document is filed and shall be subject to all rules that govern attorneys who have formally appeared in the proceeding."  Mr. Kirschner's April 22, 2022 opposition to Amazon's motion for leave to amend contained a certification by Mr. Kirschner that John-David Thomas had "[p]repared, or assisted in the preparation" of Mr. Kirschner's opposition.  Dkt. 698.

Mr. Thomas offered no credible explanation for his client's failure to produce the documents and instead argued that Amazon should have known that Mr. Kirschner had the signed statement in his possession because Amazon was aware that a paragraph from an apparently longer statement had been excerpted in documents that federal prosecutors provided to other defendants and which were then produced to Amazon:[4]

| | |
|---|---|
| MR. STOKES: | Apparently, your client, in fact, has the statement in his possession which clearly was discoverable and has not been produced, and is now questioning this document.  So we will need to leave this open so that we can consider whether we need to resume the deposition once we receive a copy of this statement. |
| MR. THOMAS: | Okay. Well, we obviously disagree with that because we had multiple back and forth with your colleagues, most notable, Claudia, who raised numerous issues with claimed deficiencies with this production.  And nowhere in there was anything about a statement.  You obviously knew about it because you had Mr. Nelson's first proffer which you're looking at right there.  So you could have raised it there, and you didn't. |

Kirschner Dep. Tr. at 278:4–20.  Additionally, Mr. Thomas for the first time suggested that the signed statement *might* be protected by a non-disclosure agreement with the Department of Justice:

| | |
|---|---|
| MR. THOMAS: | And I will also tell you right now, we do have a copy of the statement.  It's unclear to us from a prior [non-disclosure agreement] that was signed from the government, related to documents that were provided by the government included in that statement, whether it's |

---

[4] Mr. Kirschner's excerpted statement was included in a "reverse proffer" that prosecutors had shared with Mr. Nelson and his counsel, which they produced to Amazon in the ordinary course of discovery.  Mr. Thomas claimed that, based on Mr. Nelson's production of a document containing the excerpt, Amazon should have realized prosecutors had shared with Mr. Kirschner and his prior counsel a copy of his full written statement in pre-indictment discovery.  Putting aside that pre-indictment document discovery is highly unusual in criminal investigations, Mr. Thomas's claim that Amazon had the onus of intuiting what documents Mr. Kirschner might have in his possession, let alone received from the government, clearly turns the discovery rules on their head.

5

> something we can turn over based on that [non-disclosure agreement].

Kirschner Dep. Tr. at 278:21–279:1.

In the weeks following Mr. Kirschner's deposition, the parties have engaged in a number of letter and email exchanges in which Amazon has attempted to secure Mr. Kirschner's voluntary compliance with his discovery obligations. Exs. 2, 7–8. Mr. Thomas has made assurances that his client will at some point produce the documents at issue—unless so prevented by the Department of Justice, in the case of the signed statement—but has refused to commit to any specific timeline. Indeed, in a recent exchange, Mr. Thomas pointed to the Court's order granting Amazon leave to file its Third Amended Complaint as a reason to continue delaying the production. Ex. 2. To Amazon's knowledge, Mr. Thomas has taken no affirmative steps to determine the nature or scope of a purported non-disclosure agreement[5] between Mr. Kirschner and the Department of Justice. Nor has he been willing to produce the non-disclosure agreement to Amazon. Instead, Mr. Thomas has stated that he plans to consult with Mr. Kirschner's previous criminal counsel and has rebuffed or completely ignored Amazon's nine separate requests to meet and confer on the issue and establish a timeline for its resolution. Ex. 2. Likewise, Mr. Thomas has provided no good reason for the months' long delay in producing responsive materials from prior counsel's files or the weeks' long delay in producing the New Zealand photobook.

---

[5] Mr. Thomas has refused to produce the purported non-disclosure agreement, or discuss its terms, which calls into question the scope of any such agreement. Even if Mr. Thomas is correct that there is some form of non-disclosure agreement between Mr. Kirschner and the government that implicates discovery in this case, Mr. Thomas has failed to produce it or explain how such an agreement could override a lawful civil discovery demand.

**LEGAL STANDARD**

A party is entitled "to discover any material that is relevant to any party's claim or defense, is nonprivileged, and is proportional to the needs of the case." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 2019 WL 8108060, at *2 (E.D. Va. July 3, 2019) (citing Fed. R. Civ. P. 26(b)(1)). "The Federal Rules contemplate the broadest discovery possible in the search of the truth." *Doe v. Old Dominion Univ.*, 289 F. Supp. 3d 744, 749 (E.D. Va. 2018) (quotation marks omitted); *see Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 493 (D.D.C. 2022) ("[r]esponses to requests for production must be complete, explicit, and responsive") (quotation marks omitted)

A party may "move for an order compelling disclosure of discovery," Fed. R. Civ. P. 37(a)(1), "[a]fter a discovery request is objected to, or not complied with, within time, and if not otherwise resolved," Local Civ. R. 37(A). The burden rests on the party resisting discovery "to prove why the requested evidence is not discoverable." *BASF*, 2019 WL 8108060, at *2.

**ARGUMENT**

**I.     Plaintiffs' Discovery Requests Appropriately Seek Highly Relevant Documents**

Plaintiffs requests require Mr. Kirschner to produce documents that are "relevant to [Plaintiffs' claim[s]" and well within the bounds of permissible discovery. *BASF*, 2019 WL 8108060, at *2. Mr. Kirschner has not asserted that his failure to produce the documents is justified because the documents are irrelevant or unduly burdensome to produce. Because he has not raised such an objection, it is waived. *See Brown v. Experian Info. Sols., Inc.*, 2017 WL 11632852, at *1 (E.D. Va. Apr. 17, 2017) (failure to raise specific objections in a timely manner results in waiver).

Even setting aside Mr. Kirschner's waiver, Amazon's requests are reasonable and relevant. A party may seek discovery of "any nonprivileged information that is relevant to a claim or defense in the matter." *Humanscale Corp. v. CompX Int'l, Inc.*, 2009 WL 5091648, at *1 (E.D. Va. Dec.

24, 2009).  Plaintiffs seek highly relevant documents including Mr. Kirschner's signed statement to the FBI, which is just one example of a nonprivileged document known to be in Mr. Kirschner's possession that Mr. Kirschner should have produced in response to Amazon's RFPs but has instead withheld.[6]

The importance of the signed statement to the factual issues in this case cannot be overstated.  Indeed, the second paragraph of Plaintiffs' Third Amended Complaint quotes an excerpt of the statement, which was included in a reverse proffer made by federal prosecutors and produced by Carleton Nelson and Cheshire Ventures as part of discovery.  This five-sentence excerpt includes powerful admissions by Mr. Kirschner regarding his direct involvement in the scheme and also describes the role played by a number of co-conspirators and shell entities in facilitating and concealing the illicit proceeds obtained through Amazon transactions, stating:

> I accepted money from Northstar associated with deals I worked on with Amazon. Carl Nelson and I formed Allcore through Rod Atherton.  Northstar paid kickbacks, which were paid to the Villanova Trust. The Villanova Trust was formed by my brother, Christian Kirschner. Brian Watson of Northstar paid the Villanova Trust associated with the Amazon development deals in Northern Virginia.  The Villanova Trust transferred 66% of the funds from Northstar to the 2010 Irrevocable Trust, which Rod Atherton set up. Rod Atherton then transferred the funds to me and Carl Nelson.

The remainder of the signed statement, which Mr. Kirschner testified is three to four pages long, will likely further illuminate a number of factual issues that the parties continue to dispute, including whether payments to various trusts and entities controlled by Mr. Kirschner and Mr. Nelson constituted illegal kickbacks or, as Defendant asserts, lawful investments in a future real estate development company sanctioned by his attorney, Rodney Atherton.  In addition, the signed

---

[6] Amazon RFP No. 20 requests "[a]ll documents relating to any statements, submissions, representations, or disclosures" made by Mr. Kirschner "to any government agency relating to the underlying subject matter of this Action."

statement is likely to be probative of Mr. Kirschner's intent to participate in the RICO enterprise, as well as his impressions of Mr. Watson's knowledge of payments to Mr. Kirschner and Mr. Nelson that derived from Amazon transactions.

The other documents Amazon seeks through this motion, while perhaps not as explosive as Mr. Kirschner's signed statement, nonetheless fall well within the broad confines of discoverable information to which Amazon is entitled pursuant to Federal Rule of Civil Procedure 26(b)(1). Plaintiffs' requests for production are a valid exercise of party discovery.

**II.     The Court Should Compel Defendant to Produce Documents and a Privilege Log, and Deem Any Objections Waived**

The Federal Rules require parties who receive requests for production to "complete[ly]" respond, in a timely manner, to such requests. *See Nasreen*, 340 F.R.D. at 493 (citing *Mood v. City of Costa Mesa*, 2017 WL 2125741, at *2 (C.D. Cal. May 16, 2017)). When the responding party fails to do so, "the propounding party may move the court for an order compelling a response." *Id.* When, as here, the thirty-day period set for a response to a request for production has long passed, an order compelling production is appropriate. *See, e.g.*, *Montoya v. Daisey Fresh Cleaning Co.*, 2020 WL 6930513, at *1–2 (E.D. Va. Apr. 22, 2020) (ordering production when party failed to produce documents approximately sixty days after requests for production issued); *ACMA USA, Inc. v. Surefil, LLC*, 2008 WL 2714422, at *2 (E.D. Va. July 7, 2008) (similar).

Mr. Kirschner's unsupported assertion that some or all of these documents may be subject to a nondisclosure agreement does not excuse his failure to produce them. "[O]nly privilege, not confidentiality, is a valid objection under Fed. R. Civ. P. 26(b)," and Mr. Kirschner has not asserted, nor could he credibly assert, privilege over statements made to federal prosecutors. *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996); *see also U.S. of Am. v. 188.7 Acres*

9

*of Land*, 2021 WL 6104800, at *2 (C.D. Cal. Oct. 8, 2021) (collecting cases holding that "[c]onfidentiality agreements will not stand as a barrier to discovery between two parties in litigation" (quoting *Shvartser v. Lekser*, 270 F. Supp. 3d 96, 98–99 (D.D.C. 2017)). The Court should compel Mr. Kirschner to produce all documents responsive to Amazon's requests for production.

Amazon also requests the Court to issue an order compelling Mr. Kirschner to produce a privilege log documenting any responsive communications that he is currently withholding dating from at least April 2, 2020 to the present. Although Defendant has waived privilege for all documents pre-dating April 1, 2020, and thus presumably has not withheld documents on privilege grounds, he has failed for months to produce a log of any privileged documents post-dating this time period despite numerous requests from Amazon[7]. This failure has prejudiced Amazon's efforts to determine what has relevant information has been withheld from it and on what, if any, grounds. Mr. Kirschner has offered little to no reason for his failure to produce a privilege log beyond vague references to "delays" in receiving his previous counsel's files and "issues with eDiscovery vendors." Ex 8. These excuses do not justify Mr. Kirschner's failure to produce an adequate privilege log in a timely manner, and his continued failure to do so opens him up to the possibility of a privilege waiver. *See, e.g.*, *Sectek Inc. v. Diamond*, 2016 WL 5897763, at *3 (E.D. Va. Oct. 6, 2016) ("Because SecTek failed to file a privilege log in a timely manner, the Court finds that SecTek's privilege claim . . . is waived.").

In addition, this Court should hold that Mr. Kirschner has waived any objections to Amazon's discovery requests. "There are consequences for failure to adhere to applicable discovery

---

[7] Of course, if Mr. Kirschner is withholding responsive documents pre-dating April 1, 2020 on privilege grounds, he must log those.

rules," and courts—in addition to compelling a response—regularly impose additional consequences for the unjustified delay. *Nasreen*, 340 F.R.D. at 494.  These include deeming waived any non-privilege-related objections to the propounding party's discovery requests. *See id.* at 497–500.  Courts impose these sanctions even on *pro se* parties or parties that were previously *pro se*. As several courts have held, *pro se* litigants, "just like other parties, must comply with discovery rules and court orders." *Id.* at 496 (quotation marks omitted) (collecting cases); *see, e.g.*, *O'Brien v. Johnson & Johnson Med. Devices Co.*, 2020 WL 5215384, at *2 (C.D. Cal. June 24, 2020) (same).  Weeks' long—and especially months' long—delays are inexcusable, and justify the Court deeming waived any objection to the discovery requests at issue, even when the delaying party is *pro se*. *See Nasreen*, 340 F.R.D. at 498 (120-day delay by recently *pro se* plaintiff "clearly" supported waiver); *O'Brien*, 2020 WL 5215384, at *2 (two-month delay by *pro se* plaintiff justified waiver).

Courts in this district similarly hold that objections are waived when a party—even a *pro se* party—fails to comply with discovery rules.  In *Bernath v. Extreme Seal Experience, LLC*, for example, the defendants served interrogatories and requests for production on a *pro se* plaintiff, who failed to respond, object, or seek an extension of time within which to do so.  2017 WL 11506968, at *1 (E.D. Va. Apr. 28, 2017).  Weeks after the plaintiff's deadline for objecting had passed, he "reserv[ed] all objections" and indicated that he planned to retain counsel. *Id.* Finally, approximately six weeks after the deadline had passed, the defendants filed a motion to compel, *see id.*, which this Court granted.  Although the Court noted that it "grants certain leniency to *pro se* litigants," it held that it could not tolerate the "significant delay" that the *pro se* plaintiff had created by his months' long delay. *Id.* at *2.  Because it had been "almost three months" since the defendants had served their discovery requests, this Court ordered the plaintiff to produce a full

response within ten days and "deemed" him "to have waived any objections to [the] discovery request" at issue. *Id.*

The Court should do the same here. It is now five months past Mr. Kirschner's deadline to respond to Amazon's requests for production, yet Mr. Kirschner has failed to respond completely to Amazon's discovery requests and—as Amazon recently learned—is still withholding plainly responsive documents. Mr. Kirschner's delay is significantly longer than the delays that have prompted this Court and others to grant motions to compel production of documents in other cases. And Mr. Kirschner's quasi-*pro se* status does not justify his months' long delay; even if Mr. Kirschner was genuinely *pro se*, his delay is far longer than any that could be justified by the "leniency" that this Court grants *pro se* parties in discovery disputes. *Bernath*, 2017 WL 11506968, at *2. The Court should therefore grant Amazon's motion to compel and further hold that Mr. Kirschner waived any objections to Amazon's requests for production, including Mr. Thomas's recent suggestion that a non-disclosure agreement prevents him from producing his signed statement in full.

## CONCLUSION

For the forgoing reasons, the court should grant this motion and issue an order compelling production.

| | |
|---|---|
| Dated: June 10, 2021 | Respectfully submitted, |
| | */s/ Michael R. Dziuban* |
| Veronica S. Moyé (*pro hac vice*) | Elizabeth P. Papez (*pro hac vice*) |
| GIBSON, DUNN & CRUTCHER LLP | Patrick F. Stokes (*pro hac vice*) |
| 2001 Ross Avenue, Suite 2100 | Jason J. Mendro (*pro hac vice*) |
| Dallas, TX 75201 | Claudia M. Barrett (*pro hac vice*) |
| Telephone: (214) 698-3100 | David W. Casazza (*pro hac vice*) |
| Facsimile: (214) 571-2900 | Amanda Sterling (*pro hac vice*) |
| vmoye@gibsondunn.com | Michael R. Dziuban (Va. State Bar No. 89136) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036-5306 |
| | Telephone: (202) 955-8500 |
| | Facsimile: (202) 467-0539 |
| | epapez@gibsondunn.com |
| | pstokes@gibsondunn.com |
| | jmendro@gibsondunn.com |
| | cbarrett@gibsondunn.com |
| | dcasazza@gibsondunn.com |
| | asterling@gibsondunn.com |
| | mdziuban@gibsondunn.com |

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.,
Fort Collins, CO 80525

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*