**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,

Plaintiffs,

v.

WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al.,

Defendant.

CASE NO. 1:20-CV-484-RDA-TCB

800 HOYT LLC,

Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant,

v.

BRIAN WATSON, WDC HOLDINGS, LLC, and BW HOLDINGS, LLC,

Interpleader Defendants

AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.

Interpleader Defendants / Interpleader Counter-Plaintiffs.

**WATSON DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE MULTIPLE SUMMARY JUDGMENT MOTIONS**

Defendants WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager (collectively, the "Watson Defendants"), intend to file a motion for partial summary judgment with respect to Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (collectively, "Plaintiffs") claims for relief against the Watson

Defendants specifically relating to or involving the White Peaks Transaction, as defined or discussed in Paragraphs 218-243, 270-286, 367, 392, and 394 and Counts I, II, III, IV, V, VII, and VIII in the Third Amended Complaint (Dkt. 765). However, the Watson Defendants seek to reserve the right to file a potential additional (partial or otherwise) motion for summary judgment depending on what the remainder of discovery in this case reveals.

**RELEVANT FACTS**

Plaintiffs began an investigation into the conduct of the Watson Defendants and other defendants in late 2019. Since then, Plaintiffs have filed four separate complaints, each with hundreds of paragraphs of allegations that identify numerous individuals and entities as participants in an allegedly far-reaching kickback scheme. Plaintiffs have also obtained a highly punitive preliminary injunction requiring the Watson Defendants to escrow tens of millions of dollars. The Watson Defendants were unable to comply with that requirement because they did not (and still do not) have such funds. Thereafter, the Watson Defendants were found to be in contempt, and the Court appointed a receiver to take control of all of Mr. Watson's personal and business assets. The receiver's reports have thus far confirmed that the Watson Defendants do not have nearly enough funds to comply with the escrow requirement.

Plaintiffs filed their most recent complaint on May 6, 2022, after representing to the Court that the amendment would streamline and expedite the resolution of claims. The Third Amended Complaint adds six new defendants and new claims, and still includes over five hundred allegations and spans over one hundred pages. Plaintiffs' White Peaks-related allegations with respect to the Watson Defendants have changed over time, with the Plaintiffs most recently introducing a respondeat superior theory of liability. Plaintiffs have not yet served all of the new defendants.

To date, nearly all discovery among the original parties has been completed, including the depositions of 25 individuals or entities and the production of millions of pages of documents.

## ARGUMENT

Pursuant to Local Civil Rule 56(C), a party shall not file separate motions for summary judgment addressing separate grounds "unless permitted by leave of Court." Here, grounds exist for this Court to grant the Watson Defendants' leave to file multiple summary judgment motions because a grant of partial judgment now with respect to the White Peaks Transaction as it applies to the Watson Defendants will simplify and streamline this case.

### I. SUMMARY JUDGMENT IS UNIQUELY APPROPRIATE FOR THE WHITE PEAKS-RELATED ALLEGATIONS.

First, the White Peaks Transaction is distinct from the numerous "Lease Transactions," as defined by Plaintiffs in Paragraph 92 of the Third Amended Complaint. The Lease Transactions were nine build-to-suit data center leases entered into by Plaintiffs and the Watson Defendants. Plaintiffs discuss the Lease Transactions over at least 18 pages in their Third Amended Complaint. The White Peaks Transaction, on the other hand, is one transaction with wholly different facts, including that it involved a direct land sale to Amazon. The White Peaks Transaction is described in less than 10 pages of the Third Amended Complaint. There are no parallels or similarities between the Lease Transactions and the White Peaks Transaction as they relate to the Watson Defendants.

Importantly and curiously, Plaintiffs are doubling down on their incredulous claims connecting the Watson Defendants to the White Peaks Transaction despite significant documentary evidence and sworn deposition testimony to the contrary. Specifically, Plaintiffs boldly mischaracterize the approximately $5 million payment that the Watson Defendants accepted as part of a settlement following a confidential mediation with former Colorado Supreme

Court Chief Justice Nancy Rice regarding the usurpation of a corporate opportunity as a "kickback." Moreover, Plaintiffs assert that the Watson Defendants are liable under a theory of respondeat superior for that usurpation merely because one of the former employees used a Northstar email address to engage in correspondence regarding the White Peaks Transaction. Yet deponent after deponent, including some of the alleged main actors involved in the White Peaks Transaction, have confirmed that the Watson Defendants had no involvement whatsoever in the White Peaks Transaction. This is consistent with the position the Watson Defendants have asserted since the very beginning of this case—Plaintiffs have misunderstood or deliberately mischaracterized the Watson Defendants' involvement in the White Peaks Transaction.

## II. THIS UNUSUAL, COMPLEX CASE IS PARTICULARLY WELL-SITUATED FOR THE PRESENTATION OF MULTIPLE SUMMARY JUDGMENT MOTIONS.

Second, this is a sprawling, complicated case, as evidenced by the fact that Plaintiffs amended their complaint for the third time and it still contains 562 paragraphs. Because of this latest amendment, which included the addition of new defendants, there is no trial date. The Watson Defendants objected to that amendment on the basis of undue delay and prejudice, among other grounds. With that amendment granted, the Watson Defendants anticipate a trial occurring no sooner than early 2023, and likely later than that. This is devastating for the Watson Defendants, who are eager to get to trial on the merits, clear their names and restore their reputations, and have finite resources to defend themselves. They have been fighting an uphill battle ever since the Court ordered the preliminary injunction. Plaintiffs, on the other hand, appear to be in no rush, instead hoping to wear the Watson Defendants and the other defendants down by attrition. It is not a stretch to suggest that the Watson Defendants feel as if they are David fighting Goliath every hour of every day.

In short, if any case needs to be simplified or streamlined, it is this one. The Watson Defendants firmly believe that filing a summary judgment motion on the White Peaks-related allegations presents one avenue to do just that. As this case proceeds, it will be a real challenge to decipher, digest, and litigate Plaintiffs' various allegations to identify and resolve dispositive issues. Therefore, it will benefit the Watson Defendants, the other defendants in this matter, and the interests of justice to permit this independent issue, for which there is a developed discovery record, to be resolved now, rather than later. Simply put, the Watson Defendants have waited long enough, and all parties would benefit from this case being winnowed down as much as possible, as early as possible.

To preserve the Watson Defendants' ability to consider summary judgment on the numerous other claims asserted in Plaintiffs' Third Amended Complaint, the Watson Defendants request that the Court permit the Watson Defendants to file an additional summary judgment motion in the future, should it be necessary.

## CONCLUSION

For the foregoing reasons, the Watson Defendants respectfully request that they be permitted to file in the future an additional motion for summary judgment on other dispositive issues, in addition to the one they plan to file with respect to Plaintiffs' claims for relief against the Watson Defendants relating to or involving the White Peaks Transaction.

Dated: June 14, 2022

Respectfully submitted,

/s/ *Stanley L. Garnett*
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com

/s/ *Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2022, I will electronically file the foregoing using the Court's CM/ECF system, which will provide service to all counsel of record, and will separately email *pro se* parties, as follows:

Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moye
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Julie S. Palmer
M. Scott Fisher, Jr.
Angela R. MacFarlane
Harman, Claytor, Corrigan & Wellman, PC
P.O. Box 70280
Richmond, VA 23255
jpalmer@hccw.com
sfisher@hccw.com
amacfarlane@hccw.co
Counsel for Rodney Atherton

Casey Kirschner*
635 N. Alvarado Lane
Plymouth, MN 55447
casey.kirschner@gmail.com

Alex Little
Rachel Friedman
Burr & Forman LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Alex.little@burr.com
rfriedman@burr.com
Counsel for Carleton Nelson and Cheshire Ventures

Lindsay R. McKasson
Jared J. Roberts
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
lindsay@binnall.com
jared@binnall.com
Counsel for Renrets, LLC

Aaron G. McCollough
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for Receiver

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin

* I further certify that I will mail the aforementioned materials via First-Class Mail to Mr. Kirschner at this address.