# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br> Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br> Interpleader Defendants, <br> Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOG**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") respectfully submit this reply to Defendant Casey Kirschner's Response (Dkt. __ "Opp.") to Amazon's motion to compel production of documents and privilege log, Dkt. 822.

I.      **Amazon's Motion Is Ripe And Meritorious.**

Amazon served Mr. Kirschner with its initial Requests for Production ("RFPs") on December 10, 2021. In response, Mr. Kirschner produced some documents, but he failed to produce or even disclose the existence of key responsive documents, including a signed statement he provided to federal prosecutors admitting his involvement in the fraud. Mr. Kirschner only disclosed that he possessed this document when he sat for a deposition on May 10, 2022, *five months* after the RFPs were served. Mr. Kirschner does not dispute that the document is discoverable. Opp. 4. In his deposition Mr. Kirschner claimed for the first time that he could not produce this previously undisclosed document due to a purported agreement he concluded with federal prosecutors.

Over a period of more than a month following his deposition, Amazon and Mr. Kirschner's counsel exchanged a score of e-mails in which Amazon sought to confer about Mr. Kirschner's failure to fulfill his discovery obligations. Dkt. 823-2. Mr. Kirschner's counsel repeatedly declined to engage, insisting that he did not "see what we need to meet and confer about," and refusing even to explain which documents or how many documents Mr. Kirschner continued to withhold. Dkt. 823-2 at 3, 4. Instead Mr. Kirschner's counsel refused to speak with Amazon until Mr. Kirschner had the opportunity to "work with the government to arrive at a solution" yet made no effort to confer with federal prosecutors until Amazon moved to compel. Dkt. 823-2 at 9. Despite Amazon's frequent outreach following Mr. Kirschner's deposition, Mr. Kirschner's response brief (at 4–5) confirms that when the motion was filed, Mr. Kirschner's counsel had yet to have a con-

versation with the federal prosecutors who he claims must have approve any disclosure—a conversation that Mr. Kirschner and his *counsel should have initiated months ago* when they first realized the documents were responsive.

Throughout these discussions, Mr. Kirschner refused to describe or identify the letter agreement that purportedly restricted his ability to produce responsive documents. Mr. Kirschner and his counsel first identified the document the letter in his Opposition to this motion. As recently as May 24, Mr. Kirschner's counsel led Amazon to believe that it did not have the document, stating that "we will not provide Amazon with the NDA or any other documents Mr. Kirschner received from the government until we can assess what is covered by the NDA." Dkt. 823-2 at 9. Similarly, Mr. Kirschner's Opposition details the alleged difficulties he has had with his eDiscovery vendor and the problems caused by the volume of discovery ("substantial") still withheld—both issues that could have been productively addressed in a meet and confer with Amazon. Opp. 8. This statement is the first indication Amazon has received that anything more than a handful of documents have been withheld. Mr. Kirschner's Opposition also raises, for the first time, the unsubstantiated assertion that the photobook described in his deposition, which memorializes his travel with his coconspirators, is no longer in his possession. Opp. 2 n.1. Each of these issues could have been addressed through the meet and confer process that Mr. Kirschner's counsel refused to engage in.

Mr. Kirschner also argues that the motion is moot. Opp. 5. Not so. The late-breaking disclosures made only recently, including in Mr. Kirschner's Opposition, simply confirm Mr. Kirschner's failure to comply with his discovery obligations. Now, less than three hours before this filing was due, and seemingly in response to this motion, Mr. Kirschner's counsel represented

3

that Mr. Kirschner would produce some of the information Amazon requested in December, including reverse proffers provided to Mr. Kirschner's counsel, the FBI statement, any draft plea offers provided to Mr. Kirschner, and general correspondence sent to Mr. Kirschner by federal prosecutors. Ex. 2. Amazon has not yet received these documents, does not know when they will be produced, has not had ample time to determine whether such a production would moot this motion, and does not know whether Mr. Kirschner will provide an adequate log of other responsive information he continues to withhold, if any. While Amazon is unable to conclude therefore that this motion will become moot, it is willing to hold it in abeyance for two weeks, to allow further efforts to meet and confer with Mr. Kirschner.

## II. The Amended Letter Agreement With U.S. Attorney's Office Does Not Excuse Mr. Kirschner's Discovery Violations

The letter Mr. Kirschner first raised at his deposition, and identified to Amazon for the first time in his response brief, provides no basis for his failure to produce key responsive documents.

The letter Mr. Kirschner identifies as a nondisclosure agreement does not in fact bar him from producing the documents that Amazon seeks. *See* Ex. 1. As a preliminary matter, the letter agreement applies solely to the non-disclosure of "pre-indictment discovery" including "certain data, documents, and other materials collected by law enforcement," *received by* Mr. Kirschner from federal prosecutors, not documents he *provided to* them. *See* Ex. 1. Mr. Kirschner fails to explain how his own statements *to* law enforcement, not to mention the other unrelated documents he acknowledges he may possess and yet declines to identify, could be governed by this agreement.

More importantly, the letter also concedes that any restrictions laid out therein may be "supplemented, superseded, or modified by an order issued by a District Court Judge or Magistrate Judge of the United States District Court for the Eastern District of Virginia." Ex. 1 at 2. The letter thus contemplates precisely the type of motion that Amazon has filed, inviting this Court to

4

direct Mr. Kirschner to comply with his discovery obligations by disclosing the documents he received from federal prosecutors. Mr. Kirschner, therefore, runs no risk of breaching the letter's terms by disclosing documents in response to an order of this Court.[1]

But even if this letter were considered an NDA (and it is not), "an NDA cannot be used to shield information from discovery." *Micron Tech. Inc. v. Factory Mut. Ins. Co.*, 2022 WL 1687156, at *2 (N.D. Cal. May 26, 2022) (collecting authorities); *see also* Dkt. 822 at 9–10. Even when documents are in fact subject to an NDA, "the confidentiality of those documents is protected not by denying access to them, but by entering a protective order to cover them." *Shvartser v. Lekser*, 270 F. Supp. 3d 96, 98 (D.D.C. 2017) (quoting *Promotional Mktg. Insights, Inc. v. Affiliated Computer Servs., Inc.*, 2012 WL 3292888, at *1 (D. Minn. Aug. 13, 2012)). Thus, even if the Court were to construe the letter as an NDA, whatever protections it required would be satisfied through the protective order entered in this case, not through withholding discovery entirely.

### III. The Response Confirms That Mr. Kirschner Improperly Concealed His Withholding Of Responsive Discovery

Mr. Kirschner now concedes that he has withheld responsive documents that are "likely discoverable under F.R.C.P. 26," Opp. 4, and further concedes that documents held by his counsel, including prior criminal counsel, are subject to discovery, Opp. 7. Despite these concessions he continues to withhold these materials.

---

[1] Mr. Kirschner implies that, during a joint call with Amazon and the defendants in this case, federal prosecutors insinuated that breaches of the letter's terms would lead to his prosecution. This is a gross mischaracterization. During that call, federal prosecutors suggested that a stay of civil discovery may be appropriate in this case. They further noted that statements made in the course of civil discovery could play a role in the federal investigation and that any fraud or perjury could have consequences in the ongoing criminal investigation. Contrary to Mr. Kirschner's suggestion, they did not misconstrue agreements like the letter Mr. Kirschner identified as independent bases for federal prosecution.

Mr. Kirschner has compounded his failure to actually produce the responsive documents by, in two different respects, concealing from Amazon the very fact that he has knowingly withheld responsive discovery. First, Mr. Kirschner has yet to describe the documents in his possession that are responsive to Amazon's discovery requests and yet remain unproduced. He admits that he continues to withhold responsive documents and that "*some* of th[ose] documents" may implicate his agreement with prosecutors. Opp. 3 (emphasis added). But he has refused to identify the documents that are being withheld on the basis of that agreement, and he has no basis for withholding the other responsive documents that he concedes *do not* implicate that agreement.

Second, Mr. Kirschner has not produced a log identifying responsive documents generated after the criminal investigation began—during the period for which Mr. Kirschner has *not* waived privilege. Rather than listing and logging any privilege-based objections, his counsel blithely asserted that any such documents are protected as "communications with his counsel or covered by a joint defense privilege." Dkt. 823-2 at 3. But even if that were true, Mr. Kirschner is still obligated to log the documents so that Amazon can evaluate the legitimacy of both his privilege claims and his reliance on the purported agreement with federal prosecutors. *Clark v. Trans Union LLC*, 2017 WL 11504623, at *8 (E.D. Va. Mar. 1, 2017); *see also* Fed. R. Civ. P.26(a)(5)(A).

Mr. Kirschner should thus be ordered to produce any responsive documents—including those he claims are covered by his agreement with federal prosecutors—and to log his privilege objections to any documents generated *after* the close of his privilege waiver.

**IV.    Mr. Kirschner's Purported *Pro Se* Status Does Not Excuse His Failure To Produce**

Mr. Kirschner insists that his failure to comply with his discovery obligations should be excused (and that no defenses should be deemed waived) based on his *pro se* status. Opp. 6–8. At the same time that he asks to be treat as a *pro se* litigant, Mr. Kirschner faults Amazon for

6

attempting to confer with him regarding his deficient discovery responses. Opp. 7 n.5. This misrepresents the correspondence and confirms the improper advantage Mr. Kirschner is attempting to draw from his *pseudo pro se* status. Amazon repeatedly attempted to confer with Mr. Kirschner's *counsel* regarding these deficiencies and has not corresponded directly with Mr. Kirschner on these issues. *See generally* Dkt. 823-2. Mr. Kirschner cannot have it both ways— either he is a *pro se* party who must correspond directly with opposing counsel; or he is represented by counsel, in which case his counsel can have no excuse for their failure to confer in good faith.

The pattern of Mr. Kirschner's conduct over the past months suggest he is no longer a *pro se* party. At his deposition, Mr. Kirschner was represented by two attorneys and Amazon has corresponded extensively with Mr. Kirschner's counsel in connection with this motion. Dkt. 823-2. Mr. Kirschner also certified in his Opposition that his counsel "[p]repared, or assisted in the preparation of, this document." Opp. 12 (Certification). Amazon obtained Mr. Kirschner's Opposition via e-mail from Mr. Kirschner's counsel. Yet Mr. Kirschner insists that his lack of diligence in responding to discovery should be excused based on his *pro se* status.

This conduct throughout the discovery process, and in particular in the period leading up to and after his deposition, confirms that Mr. Kirschner is not long a *pro se* party entitled to deferential treatment. Under the Rules of this district, "[a]ny attorney who prepares any document that is to be filed in this Court by a person who is known by the attorney . . . to be proceeding *pro se*, shall be considered to have entered an appearance in the proceeding . . . ." L. Civ. R. 83.1(M)(1). Such assistance, even when disclosed as in Mr. Kirschner's certification, terminates a litigant's *pro se* status because "it [is] improper for lawyers to draft or assist in drafting . . . documents submitted to the Court on behalf of litigants designated as *pro se*." *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075, 1077 (E.D. Va. 1997). That is because "the

indulgence extended to the *pro so* party has the perverse effect of skewing the playing field rather than leveling it" when the *pro se* litigant is in fact assisted by counsel. *Id.* at 1078. In this situation, "the *pro se* [party] enjoys the benefit of the legal counsel while also being subjected to the less stringent standard reserved for those proceeding without counsel." *Id.* Throughout this process Mr. Kirschner has had the assistance of counsel. His failure to comply with his discovery obligations therefore cannot be excused, and the Court should deem any remaining objections to production (including those as-yet unidentified) waived.

## Conclusion

This Court should issue an order compelling him to produce all responsive, non-privileged documents that he is currently withholding—based on his purported agreement with federal prosecutors or otherwise—and to log any responsive documents that he claims are privileged.

Dated:  June 16, 2022                                  Respectfully submitted,

*/s/ Michael R. Dziuban*

| | |
|---|---|
| Veronica S. Moyé (*pro hac vice*) | Elizabeth P. Papez (*pro hac vice*) |
| GIBSON, DUNN & CRUTCHER LLP | Patrick F. Stokes (*pro hac vice*) |
| 2001 Ross Avenue, Suite 2100 | Jason J. Mendro (*pro hac vice*) |
| Dallas, TX 75201 | Claudia M. Barrett (*pro hac vice*) |
| Telephone:  (214) 698-3100 | David W. Casazza (*pro hac vice*) |
| Facsimile:  (214) 571-2900 | Amanda Sterling (*pro hac vice*) |
| vmoye@gibsondunn.com | Michael R. Dziuban (Va. State Bar No. 89136) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036-5306 |
| | Telephone:  (202) 955-8500 |
| | Facsimile:  (202) 467-0539 |
| | epapez@gibsondunn.com |
| | pstokes@gibsondunn.com |
| | jmendro@gibsondunn.com |
| | cbarrett@gibsondunn.com |
| | dcasazza@gibsondunn.com |
| | asterling@gibsondunn.com |
| | mdziuban@gibsondunn.com |

*Counsel for Amazon.com, Inc. and Amazon Data Services, Inc.*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

| | |
|---|---|
| CTBSRM, Inc.<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 | Casey Kirschner<br>635 N. Alvarado Lane<br>Plymouth, MN 55447<br>By email: casey.kirschner@gmail.com |
| Demetrius Von Lacey<br>2845 Des Moines Dr.,<br>Fort Collins, CO 80525 | 2010 Irrevocable Trust<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |
| | Sigma Regenerative Solutions, LLC<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*