# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS, LLC, <br><br> Defendants. |  <br><br> CASE NO. 1:20-CV-484-RDA-TCB |

## DEFENDANT CASEY KIRSCHNER'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND PRIVILEGE LOG

In the face of Defendant Casey Kirschner's repeated assurances that he will produce the documents sought by Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon"), Amazon has filed a Motion to Compel to resolve what amounts to a non-existent discovery dispute. Mr. Kirschner has consistently represented that he will produce all of the documents that Amazon has sought and exist in his files and that of his criminal counsel. As Mr. Kirchner and his criminal counsel have explained multiple times, however, Mr. Kirschner and his prior criminal counsel signed a non-disclosure agreement (the "NDA") with the U.S. Attorney's

Office. Despite being aware of the scope of the NDA,[1] Amazon has consistently demanded that Mr. Kirschner produce documents which may be covered by it. Amazon has done so while being aware of the untenable situation that Mr. Kirschner finds himself in as the result of a parallel criminal investigation involving the same facts. On January 24, 2022, all of the parties (including an Amazon representative) and their counsel participated in a telephone call requested by the prosecutors assigned to the criminal investigation to discuss civil discovery in this action. During that call, the government encouraged the parties agree to a stay of discovery in this action. The government went on to state that if discovery continued, that the individual defendants in this action would find themselves on incredibly perilous ground, that the United States would carefully review every shred of civil discovery, and that the government would investigate (and if necessary, indict) civil discovery violations as obstruction of justice or perjury regardless of whether there was an underlying crime committed against Amazon. Given the language of the NDA and these explicit warnings, Mr. Kirschner plainly cannot violate the terms of the NDA, and must be allowed to determine its true scope.[2] If the NDA prevents Mr. Kirschner from producing the documents sought by Amazon that are in the possession of his criminal counsel, then any resolution of that issue will necessarily involve the U.S. Attorney's Office. If it does not, then he will produce the documents Amazon seeks that are in the possession of his criminal counsel. Given the multiple

---

[1] Contrary to Amazon's assertion, Mr. Kirschner has produced documents that are in his personal possession that are not covered by the NDA, including the NDA itself, which was sent to Amazon on January 10, 2022. The only document other than documents provided to Mr. Kirchner and his criminal counsel by the government that is at issue in Amazon's motion to compel is a photobook of a hunting trip involving Mr. Kirschner and co-defendant Brian Watson that came up during the course of Mr. Kirchner's deposition. Mr. Kirchner has searched for the photobook, but cannot locate it and does not know when it was lost or destroyed.

[2] Notably, there is nothing preventing Amazon from asking the U.S. Attorney's Office about the scope of the NDA. Amazon has a copy of the NDA. Amazon presented these allegations to the U.S. Attorney's Office, and is represented by a former AUSA from that office. Amazon has also engaged in numerous conversations with that office, including formal correspondence, phone calls, and text messages with the assigned prosecutors. Indeed, Amazon could have resolved the central issue in this Motion simply by contacting the U.S. Attorney's Office itself. But rather than doing so, Amazon has demanded that Mr. Kirschner's criminal counsel respond on its timetable, and when that timetable wasn't met, filed this Motion.

4858-0972-9829

lawyers that have represented Mr. Kirschner during the pendency of the NDA, arriving at its scope and what may, or may not be covered, is not an easy process. Despite the fact that there is no discovery schedule in this action, and that discovery has been extended as a result of Amazon's recent amendment, Amazon has refused to let that process play out. Ultimately Amazon's Motion is much sound and fury about nothing. At best, it is premature. At worst, it is moot, a distraction, and a waste of time and resources of all the parties and this Court. The Court should deny Plaintiffs' Motion to Compel, or in the alternative, hold it in abeyance until Mr. Kirschner's criminal counsel is able to determine the scope of the NDA.

## RELEVANT FACTS

The relevant facts are simple and straightforward. Amazon seeks the production of certain documents provided to Mr. Kirschner by the government and his prior counsel. (Mem. in Supp. of Pls.' Mot. to Compel at 1.) Mr. Kirschner has agreed to produce all the documents Amazon seeks that exist and are in his, or his counsel's, possession. (*See id.*, Ex. 2.) His criminal counsel has explained to Amazon's counsel multiple times that some of the documents Amazon seeks may be covered the NDA, that the language of the NDA is unclear, and that Mr. Kirschner's current criminal counsel has been working to contact the various prior criminal counsel that represented Mr. Kirschner to understand the scope of the NDA, (*id.*), and expected to contact the U.S. Attorney's Office in this district which drafted the NDA, (*id.*).[3] Mr. Kirschner's counsel also informed Amazon that if the documents sought by Amazon were covered by the NDA, he would assist Amazon in contacting the U.S. Attorney's Office to discuss whether it would allow those documents to be produced. (*Id.*) In spite of Mr. Kirschner's unambiguous agreement to produce

---

[3] Mr. Kirschner's criminal counsel has now been able to speak with all the lawyers who represented him during the pendency of the NDA, and has exchanged emails with the prosecutors assigned to the criminal investigation to schedule a call to discuss the NDA.

4858-0972-9829

3

the documents sought by Amazon that exist and are in his, or his counsel's possession (unless he could not because of the NDA), and ongoing efforts of his criminal counsel to understand the scope of the NDA from multiple prior appointed and pro-bono counsel that have represented Mr. Kirschner, Amazon filed the instant Motion to Compel. (Docket Entry ("D.E.") 821.)

## ARGUMENT

### I. Amazon's Motion to Compel is premature and moot because Mr. Kirschner has agreed to produce the requested documents.

Mr. Kirschner does not disagree that the documents Amazon seeks are likely discoverable under F.R.C.P 26.[4] In fact, as Amazon's own exhibit to the Motion to Compel illustrates, Mr. Kirschner has expressly agreed to produce these documents. (*See* Mem. in Supp. of Pls.' Mot. to Compel, Ex. 2.) As Mr. Kirschner's criminal counsel has explained to Amazon's counsel multiple times, the majority of the documents that have been exchanged between the U.S. Attorney's Office and Mr. Kirschner's various criminal counsel are not in Mr. Kirschner's direct possession, custody, or control. Rather they exist in the files of his criminal counsel only. Mr. Kirschner's prior criminal counsel (and Mr. Kirschner) signed an NDA with the U.S. Attorney's Office, which by its plain language appears to cover all documents sent by the government to Mr. Kirschner and his criminal counsel. Since that time, Mr. Kirschner's criminal counsel has changed twice, and Mr. Kirschner's current criminal counsel has had to contact prior counsel to understand the scope and background of the NDA. As Mr. Kirschner's criminal counsel informed Amazon's counsel via email on June 15, 2022, he had finally been able to speak with all of the lawyers who represented Mr. Kirschner during the pendency of the NDA. Based on these conversations, he further informed Amazon's counsel that he believed it was necessary to speak with the prosecutors assigned to the criminal investigation, has been in contact with those prosecutors, and is in the process of scheduling a call

---

[4] Mr. Kirschner does not agree that any of these documents are relevant or admissible.
4858-0972-9829

4

with them. In sum, the issue at the core of Amazon's Motion is in the process of being resolved. Absent being prohibited by the NDA, Mr. Kirschner intends to produce all the documents sought by Amazon that exist and are in his, or his criminal counsel's, possession. If the government informs Mr. Kirschner that the NDA prohibits him from doing so, Mr. Kirschner's criminal counsel has informed Amazon's counsel that he will assist in arranging a conversation between Amazon's counsel and the U.S. Attorney's Office to discuss whether the government will agree to allow Mr. Kirschner to produce the documents Amazon seeks.

The only other issue raised in Amazon's Motion is the production of a privilege log. This issue is also moot, and at best, a red herring. Mr. Kirschner has not asserted privilege over any documents he has produced. In fact, he has waived privilege on his communications with Defendant Rodney Atherton, a lawyer who represented him in the transactions at issue in Amazon's complaint. As such, there are no documents being withheld to log. To the extent that such documents are produced, Mr. Kirschner has informed counsel for Amazon that he intends to log all privilege documents consistent with the privilege logs that have been provided by the other defendants in this action.

Accordingly, there is no discovery dispute for the Court to resolve at this point, and Amazon's Motion to Compel is moot and premature, and should be denied. *United States v. Nelson*, 530 F. Supp. 2d 719, 724 (D. Md. 2008) (in a criminal case, denying motions to compel as "premature or moot" where the discovery disputes were either resolved or in the process of being resolved); *see also Turner v. Clelland*, No. 1:15CV947, 2016 WL 6997500, at *2 (M.D.N.C. Nov. 30, 2016) (Mag. J. Auld), *report and recommendation adopted sub nom. Turner, Jr. v. Clelland*, No. 1:15CV947, 2017 WL 913630 (M.D.N.C. Mar. 7, 2017) (denying motion to compel as moot where party responded to movant's discovery requests). Yet despite Mr. Kirschner's

assurances that he will produce these documents (*see* Mem. in Supp. of Pls.' Mot. to Compel, Ex. 2), Amazon has filed this baseless Motion with the Court and consequently, wasted the Court's time and resources.

## II. As a *pro se* party, Mr. Kirschner is entitled to leniency in responding to discovery requests.

Amazon attempts to make much ado about Mr. Kirschner's "quasi-*pro se* status." (Mem. in Supp. of Pls.' Mot. to Compel at 1, 12). As this Court knows (because it appointed counsel for him), the government is conducting a criminal investigation into the same allegations in this action. Amazon is aware of this because it brought those allegations to the U.S. Attorney's Office in this district, and their counsel has communicated frequently with that office about the scope of the government's investigation. Amazon, and its counsel, also attended the January 24, 2022 call with the government during which a prosecutor specifically informed the individual defendants that in the government's view, they were on very perilous ground in continuing with civil discovery, that the government intended to review every shred of civil discovery, and that the government would pursue and indict conduct in civil discovery that it viewed as illegal, regardless of whether any crimes were committed against Amazon. In any parallel civil/criminal matter, like this, criminal counsel would obviously have to be involved in certain aspects of civil discovery, including a party's deposition. Given the specific threat of criminal prosecution for his conduct in civil discovery in this action, however, criminal counsel has been forced to be even more involved. To do otherwise would be improper. *See Folkes v. Nelsen*, 273 (4th Cir. 2022) ("The Sixth Amendment guarantees not just a right to counsel, but to the *effective* assistance of that counsel in all criminal prosecutions.") (emphasis added). This Court has recognized the impossible situation that defendants experience when facing similar parallel civil and criminal actions:

> If they testify [in the civil action], they waive their Fifth Amendment privileges and the testimony may be used against them as evidence in a criminal prosecution. But if they invoke their Fifth Amendment right against self-incrimination, they risk fatally undermining their interests in the civil matter. Their Fifth Amendment privilege cannot fill an evidentiary void left by their silence. Moreover, the fact-finder in the civil matter may draw an adverse inference from their refusal to testify.

*In re Phillips, Beckwith & Hall*, 896 F. Supp. 553, 557 (E.D. Va. 1995). Of course despite spending pages specifically criticizing steps Mr. Kirschner's criminal counsel has been forced to take to protect his interests, Amazon's Motion fails to inform the Court of the specific admonitions from the government that have necessitated his criminal counsel's involvement.[5]

Prior to the January 24, 2022 call with the AUSAs assigned to the parallel criminal investigation, Mr. Kirschner's criminal counsel had no involvement in his civil discovery responses or objections. Due to his *pro se* status, Mr. Kirschner did not understand that the documents that existed only in the possession of his criminal counsel were construed under the Federal Rules of Civil Procedure as being in his possession, custody, and control. Since his deposition, Mr. Kirschner has worked with his criminal counsel to determine the extent of what was in his current (and prior) criminal counsel's possession, and what he could produce with respect to the NDA. Mr. Kirschner's criminal counsel has faced additional delays in accessing the files that were maintained by his prior counsel. The initial files provided to his current criminal

---

[5] Amazon also contends that Mr. Kirschner's criminal counsel "refuses to meet and confer with Amazon regarding a path forward." (*See* Mem. in Supp. of Pls.' Mot. to Compel at 1.) This is a blatant mischaracterization. Mr. Kirschner and his criminal counsel have consistently told Amazon that Mr. Kirschner will produce the documents that Amazon has requested that exist and are in his or his counsel's possession, absent being told he cannot do so by the government. (*See id.*, Ex. 2.). As such, there is *no dispute*, and a meet and confer is unnecessary. Indeed, the only issues Amazon's counsel could identify that they wanted to discuss was why it was taking longer than Amazon wanted for Mr. Kirchner's criminal counsel to perform necessary diligence on the NDA—information that Amazon is not entitled to. Given Mr. Kirschner's status as a criminal target, it would be wholly inappropriate for Mr. Kirschner to personally engage in unnecessary meet-and-confer calls with Amazon's counsel.

4858-0972-9829

counsel were incomplete. Mr. Kirschner's criminal counsel experienced further delays because their eDiscovery vendor was unable to assist because that vendor is contractually precluded from performing any services in any matter opposing Amazon. Finally, the volume of documents provided by prior counsel is substantial, and current criminal counsel's review remains ongoing.

As a *pro se* party, Mr. Kirschner is entitled to some leniency: "*[P]ro se* litigants often face an uphill battle, given that they must familiarize themselves quickly with concepts that their opponents have often had years, or decades, to master. Consequently, the Court treats *pro se* parties with a certain leniency." *Haas v. City of Richmond*, Civil Action No. 3:17-cv-260, 2018 WL 3826776, at *6 (E.D. Va. Aug. 10, 2018), *aff'd*, 745 F. App'x 503 (4th Cir. 2018).[6] The Court should afford similar leniency to Mr. Kirschner in these circumstances, particularly where he has made a good faith effort to respond to Amazon's substantial and voluminous requests, provided substantive testimony in a deposition, and has informed Amazon that *he will produce* the very documents that are the subject of this Motion.

### III. Mr. Kirschner has not waived his discovery objections because no discovery violations have occurred.

Any claimed waiver of Mr. Kirschner's discovery objections is inappropriate and unsupported. "[C]ourts tend to implement this harsh consequence only after repeated discovery violations." *SD3, LLC v. Black & Decker (U.S.), Inc.*, Civil Action No. 1:14-cv-00191 (CMH/IDD), 2016 WL 4722001, at *4 (E.D. Va. July 29, 2016). Such a consequence is completely unwarranted here. No discovery violations have occurred. Mr. Kirschner has already produced

---

[6] *See also Lamarr v. Jackson*, Civil Action No. 3:14-CV-32, 2015 WL 2401390, at *1 (N.D.W. Va. May 20, 2015) (". . . Plaintiff is entitled to leniency as a *pro se* litigant."); *Hemphill v. ARAMARK, Inc.*, Civil Action No. ELH-12-1584, 2013 WL 55665, at *2 (D. Md. Jan. 2, 2013) ("[P]ro se litigants deserve a degree of leniency in navigating a complicated legal system for which they possess no professional expertise.") (citation and quotation marks omitted).
4858-0972-9829

8

documents to Amazon (including the NDA itself), waived privilege over certain other relevant documents, responded to Amazon's interrogatories, and provided substantive testimony in a deposition set by Amazon. The cases Amazon cites are inapplicable and involve *pro se* parties that have not responded to *any* discovery. *See Nasreen v. Capitol Petroleum Grp., LLC*, 340 F.R.D. 489, 491-92 (D.D.C. 2022) (Mag. J. Harvey) (granting motion to compel in part after the plaintiff failed to respond to any of the defendants' 18 interrogatories and 26 requests for production); *Montoya v. Daisy Fresh Cleaning Co., Civil Action No.* 1:19-cv-1264 (RDA/TCB), 2020 WL 6930513, at *1-2 (E.D. Va. Apr. 22, 2020) (Mag. J. Buchanan) (granting motion to compel after the defendant failed to respond to any of the plaintiffs' interrogatories, requests for production, and requests for admissions before the close of discovery); *ACMA USA, Inc. v. Surefil, LLC*, Civil No. 3:08cv071, 2008 WL 2714422, at *2 (E.D. Va. July 7, 2008) (Mag. J. Lauck) (granting motion to compel in part after the defendant failed to respond to any of the plaintiff's first set of interrogatories or second set of requests for production of documents). Mr. Kirschner *has* responded to all of Amazon's discovery requests and *will continue to do so*. The Court should not impose a waiver of his discovery objections.

IV. **Mr. Kirschner respectfully requests a telephonic or videoconference hearing.**

Mr. Kirschner lacks the funds to travel to Virginia to attend any hearing on this Motion. Should the Court deem a hearing necessary, Mr. Kirschner respectfully requests that he be allowed to appear remotely. Because Amazon has chosen to direct much of its Motion at Mr. Kirschner's criminal counsel's specific conduct, should the Court deem it necessary, Mr. Kirschner's criminal counsel will appear in person for the hearing currently set by Amazon, but respectfully requests that (1) should the Court allow Mr. Kirschner to appear remotely, that it also allow his criminal counsel to do so, and (2) if the Court believes Mr. Kirschner's criminal counsel in person

attendance is necessary that it provide him with sufficient notice of its intent to conduct an in-person hearing so that he may finalize his travel plans for the currently set June 17, 2022 hearing.

## CONCLUSION

Based on the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel, or, in the alterative, hold it in abeyance until Mr. Kirschner's criminal counsel is able to speak with the prosecutors assigned to the criminal investigation.

Dated: June 15, 2022

Respectfully submitted,
Casey Kirschner

*/s/ Casey Kirschner*

☐

# CERTIFICATION

I declare under penalty of perjury that:

John-David H. Thomas (Virginia Bar No. 68714)
Waller Lansden Dortch & Davis, LLP
11 Union Street, Suite 2700
Nashville, TN 37219
(615) 850-8682

Prepared, or assisted in the preparation of, this document.

Casey Kirschner

*/s/ Casey Kirschner*

Executed on:
☐ 6-15-22

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2022 the foregoing was sent to the Court via overnight delivery and to foregoing via email:

| | |
|---|---|
| Amanda Jenkins Sterling | Stanley L. Garnett |
| David William Casazza | Amanda Kristine Houseal |
| Patrick F. Stokes | Leah Mae Regan-Smith |
| Claudia M. Barrett | Neil Singh Sandhu |
| Michael R. Dziuban | Sara Reid Bodner |
| GIBSON, DUNN & CRUTCHER LLP | Brownstein Hyatt Farber Schreck LLP |
| 1050 Connecticut Avenue, N.W. | 410 Seventeenth St., Suite 2200 |
| Washington, D.C. 20036-5306 | Denver, CO 80202-4432 |
| asterling@gibsondunn.com | sgarnett@bhfs.com |
| dcasazza@gibsondunn.com | ahouseal@bhfs.com |
| pstokes@gibsondunn.com | lregansmith@bhfs.com |
| cbarrett@gibsondunn.com | nsandhu@bhfs.com |
| mdziuban@gibsondunn.com | sbodner@bhfs.com |
| | |
| Veronica S. Moye | George R. Calhoun |
| GIBSON, DUNN & CRUTCHER LLP | Jeffrey Robin Hamlin |
| 2001 Ross Avenue, Suite 2100 | James M. Trusty |
| Dallas, TX 75201 | Ifrah Law, PLLC |
| vmoye@gibsondunn.com | 1717 Pennsylvania Ave, N.W. Suite 650 |
| *Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.* | Washington, DC 20006 |
| | george@ifrahlaw.com |
| | jhamlin@ifrahlaw.com |
| Aaron G. McCollough | jtrusty@ifrahlaw.com |

McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
*Counsel for Receiver*

Charles F. Connolly
Allison Thornton
Stephanie Lindemuth
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street NW
Washington, D.C. 20006
cconnolly@akingump.com
athornton@akingump.com
slindemuth@akingump.com
*Counsel for Non-Party IPI Partners, LLC*

Alex Little
Emily Harper Mack
Burr & Forman LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
Alex.little@burr.com
emack@burr.com

Burr & Forman LLP
50 North Laura Street
Suite 3000
Jacksonville, FL 32202
asmart@burr.com

Rachel Ross Friedman
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
rfriedman@burr.com
*Counsel for Carleton Nelson and Cheshire Ventures*

*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

Jamie Hubbard Stimson
Stancil LaBranche Hubbard
1652 Downing Street
Denver, CO 80218
hubbard@sslhlaw.com
*Counsel for Defendants White Peaks Capital LLC and NOVA WPC LLC*

Julie Smith Palmer
Harman Claytor Corrigan & Willman
Po Box 70280
Richmond, VA 23255
jpalmer@hccw.com
*Counsel for Defendant Rodney Atherton*

Jared Joseph Roberts
Lindsay McKasson
Binnall Law Group, PLLC
717 King Street Suite 200
Alexandria, VA 22314
jared@binnall.com
lindsay@binnall.com
*Counsel for Renrets LLC*

Casey Kirschner

4858-0972-9829