# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

|  |  |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., )<br><br>Plaintiffs, )<br><br>v. )<br><br>WDC HOLDINGS, LLC, *et al.*, )<br><br>Defendants. ) | Civil Action No. 1:20-cv-484 (RDA/TCB) |

## **ORDER**

This matter comes before the Court on Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s ("Plaintiffs" or "Amazon") Motion to Compel Production of Documents and Privilege Log (Dkt. 821), *pro se* Defendant Casey Kirschner's ("Defendant") Response in Opposition to Plaintiffs' Motion to Compel (Dkt. 833), Defendant's Supplemental Response in Opposition to Plaintiffs' Motion to Compel (Dkt. 834), and Plaintiffs' Reply in Support of Motion to Compel Production of Documents and Privilege Log (Dkt. 831). Finding oral argument unnecessary, the undersigned issues this Order granting Plaintiff's Motion.

### I. B<span style="font-variant:small-caps">ackground</span>

Amazon served Defendant Kirschner with its first set of Requests for Production ("RFPs") on December 10, 2021. Defendant served his objections to the RFPs on January 8, 2022, after his December 27, 2021 deadline. Defendant made his first document production shortly thereafter, and Amazon responded with a deficiency letter on February 9, 2022. Defendant did not respond. Amazon served Defendant with a second set of RFPs on February 16, 2022. Amazon sent a second deficiency letter on April 18, 2022, restating Defendant's production deficiencies and his failure

1

to provide a privilege log of withheld documents. (Dkt. 822-4.) Defendant Kirschner responded to the letter and later supplemented his production with ninety-one (91) documents.

During Defendant's deposition on May 10, 2022, Amazon learned that Defendant intentionally withheld two documents: (1) a "photobook" from Kirschner, Watson, and Ramstetter's Northstar-sponsored trip to New Zealand in March 2019 and (2) a copy of Defendant's signed statement to the FBI regarding the underlying allegations in this case. These documents are responsive to Amazon's RFP Nos. 16 and 20 and are not covered by the NDA. (*See* dkts. 833 at n.1, 834 at 2.) Amazon sent an additional deficiency letter on May 16, 2022 and Defendant's counsel Mr. Thomas responded on May 20, 2022 citing concerns with the scope of the NDA. While Defendant is proceeding *pro se* in this matter, his criminal counsel, John-David H. Thomas, has been in contact with Amazon with respect to Defendant's civil discovery obligations, represented Defendant in his deposition, and recently filed Defendant's Responses to this motion. (*See* dkt. 822 at 7, 823-6, 833, 834.) After Defendant failed to cure the cited deficiencies, Amazon filed the instant motion.

## II. LEGAL STANDARD

A party is entitled "to discover any material that is relevant to any party's claim or defense, is nonprivileged, and is proportional to the needs of the case." *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 2019 WL 8108060, at *2 (E.D. Va. July 3, 2019) (citing Fed. R. Civ. P. 26(b)(1)). "The Federal Rules contemplate the broadest discovery possible in the search of the truth." *Doe v. Old Dominion Univ.*, 289 F. Supp. 3d 744, 749 (E.D. Va. 2018) (internal quotations omitted). A party may "move for an order compelling disclosure of discovery," Fed. R. Civ. P. 37(a)(1), "[a]fter a discovery request is objected to, or not complied with, within time, and if not otherwise resolved," Local Civ. R. 37(A). The burden rests on the objecting party

"to establish why the challenged discovery should not be permitted." *Doe*, 289 F. Supp. 3d at 749.

III. ANALYSIS

Because over five months have elapsed and Defendant's production is incomplete, Amazon requests that the Court issue an order pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37(A) compelling Defendant (1) to produce all documents responsive to Amazon's Requests for Production and (2) to provide a privilege log of all responsive but privileged documents for the period post-dating April 1, 2020. Plaintiffs also request that the Court (3) deem as waived Defendant's objections to the RFPs.

(1) Request for Production

Defendant does not dispute that Amazon requests discoverable information but instead claims that the withheld documents may be covered by his NDA with the U.S. Attorney's Office. On June 16, 2022, a prosecutor from U.S. Attorney's Office advised Defendant that the NDA does not cover: "(1) reverse proffers from the Government provided to Mr. Kirschner's counsel; (2) a statement written by an FBI agent and signed by Mr. Kirschner, (3) draft plea offers provided to Mr. Kirschner, and (4) general correspondence sent by the U.S. Attorney's Office during the pendency of the NDA." (Dkt. 834 at 2.) Defendant intends to produce but has yet to produce these documents. Defendant has been unable to locate the requested photobook documenting his Northstar-sponsored trip to New Zealand in March 2019, and he does not know when it was lost or destroyed. The undersigned finds reason to compel the document responsive to Amazon's requests for production to which the U.S. Attorney's Office has not objected.

(2) Privilege Log

Amazon also contends that Defendant has failed to timely produce without justification a privilege log for any withheld documents post-dating April 2020. Defendant argues that because

3

he waived privilege on his communications with prior counsel Rodney Atherton, there are no withheld documents to log. Amazon replies and requests that he produce a log of "his privilege objections to any documents generated *after* the close of his privilege waiver." (Dkt. 831 at 6.) Accordingly, the undersigned finds reason to compel a privilege log post-dating April 1, 2020 and the close of Defendant's privilege waiver.

(3) Objections Deemed Waived

Defendant filed his objections to Amazon's RFPs past the deadline and has failed to completely respond to the requests to date. Defendant's purported *pro se* status does not protect him from his failure to produce relevant and non-privileged documents for over five months. *See Bernath v. Extreme Seal Experience,* LLC, 2017 WL 11506968 (E.D. Va. Apr. 28, 2017). Therefore, the undersigned finds reason to deem his objections to the RFPs waived.

IV. CONCLUSION

Upon consideration of the pleadings and noting that Defendant Casey Kirschner's discovery responses are more than five (5) months overdue, it is hereby

**ORDERED** that Plaintiffs' Motion (Dkt. 821) is **GRANTED**; it is further

**ORDERED** that Defendant Kirschner is **DIRECTED** to produce all documents responsive to Amazon's requests for production that the U.S. Attorney's Office has not objected to within ten (10) days of the entry of this Order; it is further

**ORDERED** that Defendant Kirschner is **DIRECTED** to provide the relevant contact information to Amazon to coordinate with the U.S. Attorney's Office any documents that are not covered by the NDA within ten (10) days of the entry of this Order; it is further

**ORDERED** that Defendant Kirschner is **DIRECTED** to produce a privilege log of all responsive documents currently being withheld, including communications with codefendants

after April 1, 2020 and after the close of Defendant's privilege waiver within ten (10) days of the entry of this Order; it is further

**ORDERED** that all objections to Amazon's requests for production are **DEEMED WAIVED**; and it is further

**ORDERED** that Defendant Kirschner's criminal counsel, John-David H. Thomas either enter an appearance or stop ghostwriting Defendant's *pro se* pleadings, which must include a Ghostwriting Certification pursuant to Local Civil Rule 83.1 (M). *See* L. Civ. R. 83.1 (M).

And finally, Defendant Kirschner is hereby **WARNED** that failure to comply with this Order within ten (10) days may result in sanctions, including default judgment, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A).

ENTERED this 21st day of June, 2022.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia