# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br> Defendants, <br><br>———————————————— <br><br> 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDING LLC, PLW CAPITAL I, LLC.AMAZON.COM, INC, and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants. | Case No. 1:20cv484 <br><br> **Hon. Rossie D. Alston, Jr.** <br> **Hon. Theresa Buchanan** <br><br><br><br><br><br> **DEFENDANTS' MOTION TO SET A PRETRIAL CONFERENCE FOR THE PURPOSE OF SETTING A TRIAL DATE** |

      COME NOW all appearing Defendants—Carleton Nelson, Cheshire Ventures, LLC, Brian Watson, WDC Holdings LLC dba Northstar Commercial Partners, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC, Casey Kirschner, Rodney Atherton and Renrets, LLC ("Defendants"), through undersigned counsel, and file this motion to set a pretrial conference to set a trial date. Previously, such a conference was to be held on April 13, 2022 (*See* Docket 632). However, the Court held the conference in brief abeyance until the Court ruled on Plaintiff's motion to file its third amended complaint so that the Court and the parties

would have a better sense of when discovery and dispositive motions would conclude when choosing a trial date.

Now that the motion to amend has been decided—allowing Amazon to amend its complaint—the parties have submitted a new proposed schedule for all other remaining deadlines taking into account this amendment. (Docket 836). However, Amazon has refused to specify a date for said pretrial conference for setting a trial date unless it is at the end of the entire schedule, contrary to all previous understanding of when such a conference would be set, and in a transparent effort to delay further the ultimate resolution of the claims it has levied against the Defendants in this case filed over two years ago. Defendants are entitled to their day in court. Discovery has shown many of Amazon's claims to be fundamentally flawed and Defendants are entitled to have a factfinder finally test the proof Amazon claims it has, instead of continually living under the specter of litigation with no apparent end in sight.

During discussions to submit proposed schedule to the Court following Amazon's third amendment of its complaint, Defendants requested that Amazon agree to move forward with a pretrial conference to set a trial date at this time, as had been discussed at each of the recent hearings in this case. However, Amazon unequivocally refused. Amazon made clear it would not agree to set a pretrial conference to select a trial date until, at earliest, the hearing on motions for summary judgment in December. Given the extensive allegations in the complaint (over 500 paragraphs), the number of parties and counsel involved, and the fact that the participating parties and counsel are located across the country, waiting until that late to select a trial date assures that it will be extremely difficult, if not impossible, to find a trial date that works with the Court's and the various parties' calendars with any promptness following that hearing. Knowing this, Amazon's refusal to set a trial date now to help alleviate these all but certain scheduling issues is

a blatant effort to avoid setting a trial date anytime near the conclusion of fact and expert discovery in this case. This is not surprising given Amazon has opposed all efforts to set a settlement conference in this case, as well as refusing any requests that Amazon make a demand of any of the Defendants to settle the claims against them. Amazon has shown no desire to resolve this case—a case *it* brought claiming extensive harm—either through settlement or by reaching a disposition through trial. Instead, Amazon, a party with practically unlimited resources, apparently desires to press the significant disparity in resources between the parties by continuing the litigation indefinitely, in an apparent hope that the defending parties will simply run out of resources, rather than allow those parties to reach a trial where they can defend the claims against them on the merits.

Further, Amazon assured the Court in its recent request to amend its complaint that allowing the amendment would not result in any significant delay of the case. Of course, having been granted leave to amend, Amazon now wants to delay setting a trial date as long as possible. The Court should not countenance this. Defendants respectfully request the Court set a pretrial conference to set a trial date that the parties can work towards, as the Court has continually told all parties it intended to do even after Amazon filed its motion to amend.

In support of this motion, Defendants submit their supporting brief, the declaration of Adam R. Smart, and exhibits thereto.

WHEREFORE Defendants request that the Court set a pretrial conference within the next thirty (30) days, at the Court's convenience, for the purpose of setting a trial date in this action.

//

June 26, 2022  **BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

*/s/ J. Alex Little*
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures, LLC*

| | |
|---|---|
| Stanley L. Garnett | */s/ Jeffrey Hamlin* |
| Justin L. Cohen | George R. Calhoun |
| Amanda K. Houseal | Jeffrey Hamlin |
| Brownstein Hyatt Farber Schreck LLP | James M. Trusty |
| 410 Seventeenth St., Suite 2200 | Ifrah Law, PLLC |
| Denver, CO 80202-4432 | 1717 Pennsylvania Ave, N.W. Suite 650 |
| sgarnett@bhfs.com | Washington, DC 20006 |
| jcohen@bhfs.com | george@ifrahlaw.com |
| ahouseal@bhfs.com | jhamlin@ifrahlaw.com |
| | jtrusty@ifrahlaw.com |

*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

4

48161613 v1

<u>*/s/ Lindsay McKasson*</u>
Lindsay McKasson
Jared Roberts
Binnall Law Group
717 King Street, Suite 200
Alexandria, VA 22314
lindsay@binnall.com

*Counsel for Renrets, LLC*

<u>*/s/ Casey Kirschner*</u>
Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
Casey.kirschner@gmail.com

*Pro se*

<u>*/s/ Julie S. Palmer*</u>
Julie S. Palmer
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
Tel: (804) 762-8027
Fax: (804) 747-6085
jpalmer@hccw.com

*Counsel for Rodney Atherton*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2022, a true and correct copy of the foregoing has been served through this Court's ECF system on all parties appearing in the action, and via email on:

> Casey Kirschner
> 635 N. Alvarado Lane
> Plymouth, MN 55447
> casey.kirschner@gmail.com
> *Pro se*

Dated: June 26, 2022              */s/ Rachel Friedman*
                                              Rachel Friedman