# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., | Case No. 1:20cv484 |
| Plaintiffs, | Hon. Rossie D. Alston, Jr. |
| v. | Hon. Theresa Buchanan |
| WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al., | |
| Defendants, | **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO SET A PRETRIAL CONFERENCE FOR THE PURPOSE OF SETTING A TRIAL DATE** |
| 800 HOYT LLC, | |
| Intervening Interpleader Plaintiff, | |
| v. | |
| BRIAN WATSON, WDC HOLDING LLC, PLW CAPITAL I, LLC, AMAZON.COM, INC, and AMAZON DATA SERVICES, INC. | |
| Interpleader Defendants. | |

After filing this lawsuit over two years ago—claiming such great injury and harm that Amazon sought and obtained extensive preliminary relief years ago—Amazon has made minimal effort to move this case towards a conclusion. Apparently happy with the status quo of an oppressive restraining order against the Watson Defendants, and continually depleting the resources of the other Defendants who wish to put Amazon to its proof on the wide ranging allegations they have brought against the Defendants, Amazon is once again seeking to delay resolution of this case by refusing to agree to request a trial date at this time to ensure timely

resolution of the claims. The parties have agreed to all the other deadlines in this case as demonstrated by the joint proposed schedule submitted two days ago, thus there is sufficient information for the Court to set a trial date at this time, and no valid reason to wait to do so as Amazon wishes, which will, in all likelihood delay even further the resolution of this case.

## NATURE OF THE ACTION

In February 2020, Amazon and WDC Holding's former joint venture partner, IPI, "worked together to convince the Department of Justice to investigate [defendant Brian] Watson" and others (including Casey Kirschner and Carleton Nelson). *See* Exhibit A to Smart Declaration, *W.D.C. Holdings, LLC, et al. v. IPI Partners, LLC, et al.*, C.A. No. 2020-1026 (Del. Chancery), June 22, 2022 Order, at 37. Neither Amazon nor IPI contacted any of the individuals it accused of a crime to hear their side of the story before meeting with prosecutors. *Id.* at 23. Amazon and IPI subsequently renegotiated the leases for the data centers at issue in this litigation, together terminating Northstar from the IPI/Northstar joint venture in a maneuver whereby "IPI Partners stood to gain approximately $70 million." *Id.* at 24.

Amazon also filed this lawsuit in April of 2020, in the same district where it was meeting with prosecutors to encourage the criminal prosecution of Watson, Nelson, Kirschner and others. Notably, Amazon was able to expend significant time and resources to meet or confer with federal prosecutors over 75 times—a large portion occurring after filing its civil lawsuit—proffering multiple presentations to the Department of Justice containing hundreds of pages of allegations. *See* Docket 688 ¶ 14; Docket 563-1 (June 10, 2020 presentation). Amazon chose, however, not to move its civil litigation forward during that same time period once it obtained a preliminary injunction against the Watson Defendants, despite choosing to pursue their claims in the Eastern District of Virginia which is known for expeditiously reaching the conclusion of cases. *See*

*Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 996 (E.D. Va. 2011) (noting "[t]he Eastern District of Virginia is known as the 'rocket docket' because civil actions quickly move to trial or are otherwise resolved."). Ultimately, the Watson defendants were forced to lobby for the Defendants; day in court by requesting that the Court finally move the case into merits discovery in October 2021, a year and a half after the case was filed, because Amazon made no efforts to do so. *See* Docket 400.

      Since then, Amazon has slowly provided documents to the defendants over the course of nearly 30 document productions. On the eve of the initial pre-trial conference to finally select a date, Amazon moved to amend its complaint for the third time—adding defendants to the matter Amazon admits it was aware of for years and whom it alleged had participated in the activities it frames as felony crimes. Amazon assured the court that the amendments would not unreasonably delay Defendants' day in court.

      And yet, Amazon now suggests that the parties not even schedule a trial date until after the parties' summary judgment motions are decided, the hearing on which is set for almost six months from now in the parties' proposed schedule. Defendants have spent years living under the shadow of Amazon's sensational allegations, receiverships, civil forfeiture actions now abandoned by the government, and Amazon's incredible pressure campaign on prosecutors to seek criminal charges. Also at issue are actions brought against Amazon by Nelson in Washington state court and against IPI by Watson in Delaware, which are both currently stayed until the conclusion of this litigation. (Indeed, Nelson won a summary judgment motion against Amazon for breach of contract but must wait to determine damages until the conclusion of this case.) Defendants, as they have on numerous occasions, respectfully request their day in court. *See, e.g.,* Ex. D to Smart Decl. at 4-5 (MR. GARNETT: "We've put up with – we've endured this case for two years and I don't want to be

3

disrespectful, but it's been a very, very difficult time –" THE COURT: "I'm sure it has been." MR. GARNETT: "– for Mr. Watson. And we want to get to trial." THE COURT: "Okay. I appreciate that. Anyone else?" MR. SMART: "Your Honor, I won't belabor what [Mr. Garnett said] – Mr. Nelson is in the same position to get to trial.").

## CURRENT DISPUTE

During the meet and confer process of attempting to negotiate a joint schedule for the remaining case deadlines, Amazon, again the Plaintiff in this action has stated that it has no desire to set a trial date at this time and that it unequivocally would not consent to seeking a pretrial conference to do so at this time. However, given the extensive nature of the claims, numerous parties involved in the case, and amount of time the case has been pending, it is imperative to set a trial date so that the parties can plan for and work towards that date, and in fairness to the Defendants who have requested on numerous occasions to move this case forward, provide some certainty as to when this case will finally reach a factfinder and tis a resolution.

In fact, numerous other proceedings have been stayed pending resolution of this case, including a lawsuit between the Watson Defendants and Amazon's current landlord in the leases, IPI Partners, concerning IPI and Amazon's coordinated removal of the Watson Defendants from the leases. *See W.D.C. Holdings, LLC, et al. v. IPI Partners, LLC, et al.*, C.A. No. 2020-1026 (Del. Chancery). The Delaware Court just a few days ago denied IPI's motion to dismiss the action, but has indicated it will stay the case until the present case reaches a resolution. *See* Exhibit A to Smart Declaration, June 22, 2022 Order, at 37. Similarly, Mr. Nelson brought a lawsuit against Amazon in Washington state court asserting that Amazon violated the explicit forum selection clause in the CNIAA agreement it had with Mr. Nelson by bringing claims against him in this Court. See *Nelson v. Amazon.com, Inc., et al.*, No. 20-15535-7 (King County Wa. Superior Court). Mr. Nelson has

already prevailed on a motion for summary judgment on that very issue. *See* Docket No. 687-1 (Order on Nelson's Motion for Summary Judgment in Washington State Case) ("Plaintiff's motion for partial summary judgment is GRANTED solely as to Plaintiff's contractual claim that Amazon is liable for breaching the forum selection clause in the parties' Confidentiality, Noncompetition and Invention Assignment Agreement ("CNIAA") by filing a claim against Plaintiff in the Eastern District of Virginia (EDVA) for alleged breach of the CNIAA related to the parties' pending litigation there. *Damages on this claim are not yet ripe for decision, and are not fully determinable until conclusion of the EDVA litigation*.") (emphasis added). However, that case is now stayed until this case is resolved,[1] in part because damages that flow to Mr. Nelson as a result of Amazon's breach are a function of this case, and cannot be determined until this case is resolved. *Id.*

The original schedule set by the Court in this case as it was modified through the course of discovery, always contemplated having a hearing to set a trial date well before the hearing on any motions for summary judgment filed by the parties. *See* Docket 622 (keeping pretrial conference for April 14, 2022 while other discovery dates moved past that date). In fact, at each hearing in the past three months this Court has continually maintained that such a conference should indeed happen to move this case towards resolution, with the exchange of exhibits and other trial preparation was to occur after the close of discovery. Not once did Amazon lodge an objection to such a procedure.

For example, at the April 1, 2022 hearing, counsel for Amazon and the Court had the following discussion regarding adjustments to the case schedule:

> THE COURT: And is your agreement keeping the final pretrial on for April 14th?

---

[1] To be clear that case was also filed in 2020, and the stay was entered in 2021, meaning that case has been stayed for over a year already.

> MR. STOKES: Your Honor, we would request moving that to May 12th. I'd be happy to submit something from the parties so the Court has collectively, from the parties, agreed upon dates.[2]
>
> THE COURT: Okay. Submit that to me, but what I would like to do is keep the final pretrial on for April 14th. You can—you can exchange your exhibits when you have finished the discovery and set your other deadlines from there, but I would like to keep the final pretrial conference on for April 14th.

April 1, 2022 Hearing Transcript at 4-5 (Exhibit B to Smart Decl.). Amazon then told the Court that it was likely going to move to amend the complaint, and that doing so might require at least some extension of the discovery deadlines. *Id.* at 5-6. Nevertheless, the Court still wanted the parties to keep the April 14th pretrial date to pick a trial date:

> THE COURT: Okay. Well, we'll sort that out later then, I guess. Okay. So submit to me your agreed dates but keep that April 14th date on.
>
> MR. STOKES: Okay. We will. And just to be clear, Your Honor. So the Rule 26 filing discovery requirements around that pretrial—that final pretrial conference –
>
> THE COURT: You can delay your pretrial submissions and exchange of exhibits until after the close of discovery. Give yourselves another week or 10 days to do that –
>
> MR. STOKES: Okay.
>
> THE COURT: -- and then another five days for objections. *But just keep that April 14th date on to just pick a trial date.*
>
> MR. STOKES: Okay. Thank you, Your Honor.
>
> THE COURT: Okay. Thank you.

April 1, 2022 Hearing Transcript at 6:5-25 (Exhibit B to Smart Decl.) (emphasis added).

---

[2] Note that this hearing was on Amazon's failure to seek entry of default judgment as to certain other parties, and many of the counsel for Defendants were not present at this hearing and had no knowledge in advance that the matter would be discussed at the hearing. *See* Ex. B at 3. It should also be noted that none of the Defendants had agreed to move back the final pretrial conference, and that was solely a request by Amazon—which the Court declined even after knowing Amazon intended to seek to amend the Complaint. *Id.* at 6.

Then, at the following April 8, 2022 hearing the Court again noted:

> What I'm try trying to do is to get you to pick a trial date. And that's really -- if you've not been to a final pretrial conference in this court, that's just about all he's going to do is ask you what date and figure that out. And he may set some dates for pretrial motions . . . .

April 8, 2022 Hearing Transcript at 23:3-10 (Ex. C to Smart Decl.). The Court continued:

> THE COURT: I'm just wondering if it makes sense to have the final pretrial after the motion for leave to amend.
>
> MR. STOKES: Your Honor, I would suggest that does make sense, because I think that would, from Amazon's perspective –
>
> THE COURT: Let's do that. I don't know whether I'm going to grant it or not [the motion to amend], but we'll push it [the pretrial conference] back a bit.

April 8, 2022 Hearing Transcript at 30:15-24.

The Court further emphasized that it was only moving the final pretrial conference to select a trial date back a few weeks, to allow the motion to amend to be resolved so the parties would have a better sense of the time frame such a trial would need to occur, reiterating that it fully intended to have a hearing setting a trial date shortly after that motion was decided, whatever the outcome, with the exchange of exhibits and the like to occur at a later date:

> THE COURT: . . . And I will inform Judge Alston that we'll push back the final pretrial until after the motion for leave to amend. And I think that may make the most sense.
>
> . . .
>
> THE COURT: That might be a good idea. All right. So if you would get me an agreed schedule for everything as soon as possible, and *I'll let Judge Alston know that I'm going to bump it back a few weeks, [t]he final pretrial*.
>
> MR. STOKES: The final pretrial. Yes, Your Honor. We will talk and come back to the Court. We will talk to defense counsel and come back on what we think is --

>THE COURT: And I'm still fine with doing the pretrial submissions after the final pretrial conference.
>
>MR. STOKES: Sure.
>
>THE COURT: *We're just pushing it to allow the leave to amend.*

April 8, 2022 Hearing Transcript at 31:15-32:11. As can be seen, the Court was clear about the limited time it was pushing back the final pretrial, and Amazon had no objection to this plan.

Finally, at the hearing on Amazon's motion to amend the complaint on May 6, 2022, one of the main thrusts of Defendants' opposition was the fact that they have been living this case for many years and the discrepancy in resources between the parties and continual delays weigh much more heavily on Defendants than on Amazon, the Plaintiff, and that any further delay will disproportionately impact Defendants. May 6, 2022 Hearing Transcript at 4-5 (Exhibit D to Smart Declaration). Accordingly, undersigned counsel made a specific request that even though the Court had already indicated it was granting the motion to amend, that the Court agree to still move forward with a pretrial conference at which a trial date could be set, to provide some comfort to Defendants that this is not simply one more attempt to drag this matter out indefinitely. Consistent with its prior comments at other hearings the Court agreed:

>MR. SMART: . . . In the interest of moving on, now that we've had this, I think the last time we tabled having the conference to set a trial date.
>
>THE COURT: Yeah, I'm going to talk—we're not going to have it on the date scheduled, so I'm going to –
>
>MR. SMART: I just thought it might make sense to go ahead and try to set one once we have our discussions --
>
>THE COURT: Right.
>
>MR. SMART: —to have that.
>
>THE COURT: Right. And I'm not sure what day of the week he is doing them on. What is it set for now?

   MR. STOKES: Wednesdays.

May 6, 2022 Hearing Transcript at 9-10 (Exhibit D to Smart Declaration).

  Amazon did not object to this request at the hearing, nor this procedure at any other hearing where the matter was discussed. It was only now, upon submission of the proposed schedule that Amazon has stated that it wishes to avoid setting a trial date until after all other matters in the case have been concluded, even summary judgment. Even in the original schedule in this case, the final pretrial was set to occur before expert discovery was completed and before any dispositive motions were filed. *See* Docket 422 (setting for April 15, 2022); Docket 455 (setting the remaining original schedule). Of course as noted above, the Court maintained this pretrial conference date as all other discovery deadlines moved back—in other words it has long been contemplated the conference would occur with discovery and motion practice remaining.

  Further, previously when seeking to amend its complaint, Amazon represented to the Court that "[t]he amendments Amazon proposes to the complaint will not result in significant setbacks." Docket 719 at 17. Amazon also represented that the amendments will not "require 'significant new preparation' or impose 'added expense and the burden of a more complicated and lengthy trial' on the existing Defendants," Docket 616 at 21 of 27, and that "permitting amendment will have minimal impact on the discovery that h]as already taken place and that continues to take place," *id.* at 23 of 27. Amazon went on to state, "[m]oreover, the amendments Amazon proposes would streamline the litigation and allow for a quicker and more comprehensive resolution of the claims. Allowing the amendment may ultimately lessen the amount of time the Northstar Defendants are subject to the preliminary injunction and receivership." *Id.* at 24 of 27. The Court agreed with Amazon at the hearing stating "the overarching issue is, to me, judicial economy, and it only makes sense to allow the amendment. I know that you all don't want to extend the discovery period, and

9

I don't think we really have to extend it by much. I think you've really done the vast majority of this. And I think that the extension of discovery, and there should be one, and you've already asked for one, by the way, regardless of this, it should be short." Ex. D to Smart Decl. at 6-7, 25 ("But try to make it as short as you can, because I agree this should not be dragging on much longer."). Now that Amazon obtained leave to amend by asserting it would not delay resolution, Amazon is now in no hurry to reach a resolution of the claims, all to the detriment of Defendants who wish to move the case forward and reach a resolution. *See Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) (case where Amazon successfully opposed amendment on the basis that it would delay case resolution, but then later sought a stay in the same action when it was suddenly in its interest to delay the case).

Now however, remarkably, Amazon has asserted that the Court should not even set a trial date, leaving the case on a continuing open ended path *over two years* after Amazon filed the case. One of its proffered reasons to Defendants for this refusal is that expert discovery and summary judgment motions are yet to occur. But again, that was always understood to be the case when the previous pretrial conference date was set, and is not a valid reason to delay setting a trial date now. Setting a trial date prior to filing or receiving a ruling on summary judgment is not a unique or novel concept, done regularly in both Federal and state courts across the country, including previously in this very case. In fact, the Local Rules of this Court expressly anticipate that a trial date will be set before motions for summary judgement are filed. *See* Local Rule 65(a) (requiring the motion to be filed and set for hearing "within a reasonable time before the date of trial"). To the extent dispositive motions further limit the issues for trial or result in entire claims being resolved, if appropriate, any time set for trial can simply be decreased as appropriate, again a common occurrence in complex litigation.

Amazon has attempted to justify its desire to avoid a pretrial conference to set a trial date by also asserting that even if there was no conference to set a trial date until December the Court could easily set a multi-week trial to commence within three to four weeks after that conference. Putting aside the difficulty in finding an open date for a multi-week trial on such short notice given the workload of the Federal Courts, as is well known to Amazon, this is a case with multiple parties and sets of attorneys spread across the country. The parties have had difficulty at times even scheduling a single deposition for weeks at a time because of logistical issues arising from the fact that the case involves these multiple parties and sets of attorneys. For example, on several occasions Amazon has given no more than a couple of dates in an entire month for a witness to be deposed, citing conflicts of either the witnesses or their attorneys. On other occasions, one party has offered one or two weeks in a month during which a deposition can be scheduled, with the other party requesting the deposition be set during another, completely different week. The difficulty in coordinating even one-day depositions demonstrates the need to confer *now* to ensure a time can be coordinated for a weeks-long trial block during the first part of next year. With the number of attorneys and parties involved, setting a trial date sufficiently in advance to allow all parties and counsel to coordinate their schedules in advance is nothing but reasonable and sensible in light of these considerations.

Amazon has also indicated that it believes having a short pretrial conference at this point to set a trial date and potentially other dates leading up to trial will be a waste of the Court's and the parties' resources. This argument rings hollow for several reasons. First, as shown above, at the recent hearings in this case the Court has continually noted its support for setting a trial date now and, if necessary, having a later pretrial conference for the other matters closer to the trial date. Far from being inefficient, a short conference now to set a trial date will help avoid significant

inefficiencies later in trying to find a trial date that works for the Court's schedule and all of the parties that does significantly delay resolution of the case. This is consistent with the purpose of the Federal Rules, which are intended to "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed R. Civ. P. 1. While it can hardly be contended that resolution of this action has been speedy at this point, that does not mean these admonitions should be ignored. Again, this case has been pending for over two years at this point—the time to set a targeted date for its resolution has come. Second, all Defendants are asking is that a hearing to set the trial be placed on a regularly scheduled motion calendar for the Court, not that a specially set hearing occur. Third, counsel for Amazon need only make a short trip from its offices in Washington, DC to attend, it is Defendants—the ones asking for the hearing—who would need to travel any significant distance for the conference, which they are willing to do given the importance of the matter.

During communications about the matter Amazon also obliquely referenced unidentified discovery disputes as a reason to defer setting a trial date. However, this reason provides no basis to refuse to set a trial date. The parties have put forth a fact discovery deadline of August 26, 2022, *see* Docket 836, which provides Amazon and the other parties who have issues with Amazon's compliance with its own discovery obligations more than sufficient time to bring whatever discovery matters need to be resolved to the Court's attention. Further, to the extent Amazon asserts that it may not have all of the discovery it needs from the new parties in time for trial, that argument is disingenuous. There is a discovery deadline—which Amazon agreed to—for it to obtain what it thinks it needs from those parties. It should also be noted that despite the third amended complaint being filed almost two months ago, and the new parties appearing in the case almost a month ago, Amazon has yet to serve either interrogatories or requests for production on

the new parties. Thus, for Amazon to now claim that a trial date should be deferred because it may need *more* time to complete discovery when it did not even take advantage of the time it already had is hardly compelling.[3]

Finally, it should be noted that Amazon has rejected all entreaties to set a settlement conference or mediation, indicating at this time it has no desire to do so. This is highly surprising from a plaintiff who is purportedly seeking millions of dollars in damages from Defendants. Defendants have all asked Amazon to make demands of them as to what it would take to settle its claims against each Defendant. However, to date Amazon has refused to make *any* demand of a Defendant to settle the case. Instead, Amazon has repeated the same assertion: that it will consider any "reasonable" offer. But, Amazon has refused to give any parameters or guidance to any of the Defendants as to what might be in the realm of this "reasonableness" requirement. This is particularly troublesome given the steep financial toll this litigation and the claims therein have taken on Defendants' finances before an ultimate conclusion has even been reached as to liability in the case—a fact Amazon is well aware of having subpoenaed almost all of Defendants' financial records in this case, and in the case of Mr. Watson, also having a receiver comb through his records in great detail. While Defendants all stand ready to attempt a settlement of the claims against them—and they believe it would be particularly constructive to do so in a settlement conference environment—Amazon, or at least its counsel, has made clear Amazon has no desire to try and settle the claims it brought against Defendants. Because Amazon has no desire to attempt to settle this matter, that is even more reason to set a trial date in this action so that Defendants can have confidence that they will be able to reach a conclusion of the litigation, and put Amazon to its

---

[3] Both of the new appearing Defendants have informed Amazon that they will coordinate with them to facilitate timely completion of discovery as to them—but of course, without discovery requests from Amazon there is nothing for them to do at this time.

proof—proof Amazon has purportedly been gathering for years—instead of continuing to suffer under its tremendous cost with no end in sight.

## CONCLUSION

For the foregoing reasons, Defendants jointly request that the Court set a pretrial conference in the next thirty (30) days at the Court's convenience, for the purpose of setting a trial date in this action.

June 26, 2022          **BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

*/s/ J. Alex Little*
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures, LLC*

| | |
|---|---|
| Stanley L. Garnett<br>Justin L. Cohen<br>Amanda K. Houseal<br>Brownstein Hyatt Farber Schreck LLP<br>410 Seventeenth St., Suite 2200<br>Denver, CO 80202-4432<br>sgarnett@bhfs.com<br>jcohen@bhfs.com<br>ahouseal@bhfs.com | */s/ Jeffrey Hamlin*<br>George R. Calhoun<br>Jeffrey Hamlin<br>James M. Trusty<br>Ifrah Law, PLLC<br>1717 Pennsylvania Ave, N.W. Suite 650<br>Washington, DC 20006<br>george@ifrahlaw.com<br>jhamlin@ifrahlaw.com<br>jtrusty@ifrahlaw.com |

*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

| | |
|---|---|
| */s/ Lindsay McKasson*<br>Lindsay McKasson<br>Jared Roberts<br>Binnall Law Group<br>717 King Street, Suite 200<br>Alexandria, VA 22314<br>lindsay@binnall.com<br><br>*Counsel for Renrets, LLC* | */s/ Casey Kirschner*<br>Casey Kirschner<br>635 N. Alvarado Lane<br>Plymouth, MN 55447<br>Casey.kirschner@gmail.com<br><br>*Pro se*<br><br>*/s/ Julie S. Palmer*<br>Julie S. Palmer<br>Harman, Claytor, Corrigan & Wellman<br>P.O. Box 70280<br>Richmond, VA 23255<br>Tel: (804) 762-8027<br>Fax: (804) 747-6085<br>jpalmer@hccw.com<br><br>*Counsel for Rodney Atherton* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2022, a true and correct copy of the foregoing has been served through this Court's ECF system on all parties appearing in the action, and via email on:

> Casey Kirschner
> 635 N. Alvarado Lane
> Plymouth, MN 55447
> casey.kirschner@gmail.com
> *Pro se*

Dated: June 26, 2022            */s/ Rachel Friedman*
                              Rachel Friedman