IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al. , <br><br> Defendants. | Civil Action No. 1:20-CV-484-RDA-TCB |

800 HOYT LLC,

      Intervening Interpleader Plaintiff,
      Intervening Interpleader Counter-
      Defendant,

v.

BRIAN WATSON; WDC HOLDINGS, LLC;
BW HOLDINGS, LLC;

      Interpleader Defendants,

v.

AMAZON.COM, INC. and AMAZON DATA
SERVICES, INC.,

      Interpleader Defendants, Interpleader
      Counter-Plaintiffs.

## WATSON DEFENDANTS' AMENDED ANSWER TO
## THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"),

Brian Watson ("Mr. Watson"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI

Administrative Manager (collectively, "Defendants" or "Watson Defendants")), by and through

their counsel, IFRAH PLLC and Brownstein Hyatt Farber Schreck, LLP, hereby file Watson

Defendants' Amended Answer to Third Amended Complaint and Demand for Jury Trial

("Answer"), and state as follows.

## PRELIMINARY STATEMENT

1.      Denied.

2.      Defendants lack knowledge or information sufficient to confirm or deny when

Plaintiffs may or may not have learned certain purported facts. Defendants deny Plaintiffs'

characterization of the document referenced in Paragraph 2 of the Third Amended Complaint.

Defendants deny the remaining allegations in Paragraph 2 of the Third Amended Complaint.

3.      Denied.

4.      Denied.

5.      Plaintiffs have failed to cite the documents they appear to be quoting. Defendants

therefore lack knowledge or information sufficient to confirm or deny the allegations in

Paragraph 5 of the Third Amended Complaint and therefore deny the same. Defendants deny any

remaining allegations in Paragraph 5 of the Third Amended Complaint.

6.      Denied.

7.      Defendants admit only that Plaintiffs have amended the complaint. Defendants

lack knowledge or information sufficient to confirm or deny why Plaintiffs brought this action or

what they intended their amendments to accomplish and therefore deny the same. Defendants

deny any remaining allegations in Paragraph 7 of the Third Amended Complaint.

## PARTIES

8.      Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 8 of the Third Amended Complaint and therefore deny the same.

9.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 9 of the Third Amended Complaint and therefore deny the same.

10.    Defendants admit only that WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar") is a "privately held, full-service real estate investment and asset management company headquartered in Denver Colorado, USA, specializing in the development, acquisition, and redevelopment of commercial real estate assets in the United States," and was previously located at 1999 N. Broadway, Suite 3500, Denver, CO 80202. Defendants also admit that Mr. Watson is the Founder and Chief Executive of Northstar and used to live at 8 Churchill Drive, Englewood, CO 80113. Defendants deny that Northstar operates out of Mr. Watson's home. To the extent Northstar is conducting any operations, those are being handled by the Receiver appointed by the Court. Defendants deny any remaining allegations in Paragraph 10 of the Third Amended Complaint.

11.    Defendants admit Sterling, Manassas, and NSIPI were created by Northstar in relation to the Virginia Lease transactions at issue in this suit. Defendants deny any remaining allegations in Paragraph 11 of the Third Amended Complaint.

12.    Admitted.

13.    Admitted.

14.    Denied.

15.    Defendants admit only that Mr. Watson had signatory authority over Northstar's and its related entities' assets. Defendants deny the remaining allegations in Paragraph 15 of the Third Amended Complaint.

16.    Defendants admit Casey Kirschner is a former Real Estate Transaction Manager

for Plaintiffs. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in paragraph 16 of the Third Amended Complaint and therefore deny the same.

17.     Defendants deny Plaintiffs' allegations to the extent they imply Defendants knew of or participated in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 17 of the Third Amended Complaint and therefore deny the same.

18.     Admitted.

19.     Defendants admit only Carleton Nelson Goes by "Carl" and "Carleton." Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 19 of the Third Amended Complaint and therefore deny the same.

20.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 20 of the Third Amended Complaint and therefore deny the same.

21.     Defendants admit Rodney Atherton is a Colorado-licensed attorney purporting to do business through the firm Ergo Law at 6870 W. 52nd Ave., Suite 203, Arvada, CO 80002. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 21 of the Third Amended Complaint and therefore deny the same.

22.      Defendants deny Plaintiffs' allegations to the extent they imply Defendants knew of or participated in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 21 of the Third Amended Complaint and therefore deny same.

23.     Admitted.

24.     Defendants lack knowledge or information sufficient to confirm or deny

Demetrius Von Lacey's address and therefore deny the same. Defendants deny the remaining allegations in Paragraph 24 of the Third Amended Complaint.

25.     Admitted.

26.     Defendants admit Christian Kirschner is Casey Kirschner's brother. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 26 of the Third Amended Complaint and therefore deny the same.

27.     Admitted.

28.     Admitted.

29.     Admitted.

30.     Admitted.

31.     Admitted.

32.     Admitted.

33.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 33 of the Third Amended Complaint and therefore deny the same.

34.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 34 of the Third Amended Complaint and therefore deny the same.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Defendants deny Plaintiffs' allegations to the extent they imply Defendants knew of or participated in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 38 of the Third Amended Complaint and therefore deny same.

39.     Defendants lack knowledge or information sufficient to confirm when Mr. Nelson was terminated and therefore deny the same. Defendants admit the remaining allegations in Paragraph 39 of the Third Amended Complaint.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Admitted.

44.     Defendants deny Plaintiffs' allegations to the extend they imply Defendants knew of or participated in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 44 of the Third Amended Complaint and therefore deny the same.

45.     Admitted.

46.     Admitted.

47.     Admitted.

48.     Defendants deny Plaintiffs' allegations to the extend they imply Defendants knew of or participated in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 48 of the Third Amended Complaint and therefore deny the same.

49.     Admitted.

50.     Defendants admit that Kyle Ramstetter and Will Camenson owned and/or controlled White Peaks and NOVA and that their actions concerning White Peaks and NOVA were taken outside the scope of their employment with Northstar and without the Watson Defendants' knowledge. Defendants lack knowledge or information sufficient to confirm or deny

the allegations in Paragraph 50 of the Third Amended Complaint and therefore deny the same.

Admitted.

51.    Admitted.

52.    Admitted.

53.    Admitted.

54.    Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 54 of the Third Amended Complaint and therefore deny the same.

**SUBJECT MATTER JURISDICTION AND VENUE**

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

**PERSONAL JURISDICTION**

60.    Admitted.

61.    Defendants admit only that they have not challenged personal jurisdiction over

Defendants WDC Holdings LLC, Watson, and NSIPI Administrative Manager. Defendants deny

the remaining allegations in Paragraph 61 of the Third Amended Complaint.

**<u>FACTUAL ALLEGATIONS</u>**

62.    Denied.

63.    Defendants deny Plaintiffs' characterization of the document quoted in Paragraph

63 of the Third Amended Complaint. Defendants admit that the partially quoted language in

Paragraph 63 of the Third Amended Complaint is contained in the document they cited.

Defendants deny the remaining allegations in Paragraph 63 of the Third Amended Complaint.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Defendants admit that Northstar made certain payments to Villanova Trust pursuant to a contractual agreement between Northstar and Villanova Trust. Defendants deny the remaining allegations in Paragraph 68 of the Third Amended Complaint.

69.     Denied.

70.     Denied.

71.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 71 of the Third Amended Complaint and therefore deny the same.

72.     Denied.

73.     Denied.

74.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 74 of the Third Amended Complaint and therefore deny the same.

75.     Defendants admit only that Mr. Nelson had responsibilities concerning real estate transactions in the Americas. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 75 of the Third Amended Complaint and therefore deny the same.

76.     Defendants admit only that Casey Kirschner reported to Mr. Nelson. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 76 of the Third Amended Complaint and therefore deny the same.

77.     Admitted.

78.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 78 of the Third Amended Complaint and therefore deny the same.

79.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 79 of the Third Amended Complaint and therefore deny the same.

80.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 80 of the Third Amended Complaint and therefore deny the same.

81.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 81 of the Third Amended Complaint and therefore deny the same.

82.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 82 of the Third Amended Complaint and therefore deny the same.

83.     Defendants admit Plaintiffs have a multi-step process for selecting suitable land for both lease and purchase transactions. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations and therefore deny the same.

84.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 84 of the Third Amended Complaint and therefore deny the same.

85.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 85 of the Third Amended Complaint and therefore deny the same.

86.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 86 of the Third Amended Complaint and therefore deny the same.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Admitted.

93.     Denied.

94.     Denied.

95.     Admitted.

96.     Defendants admit Northstar's relationship with Amazon began in or around September 2017. Defendants specifically deny Mr. Watson was a "longstanding, personal friend" of Casey Kirschner. Defendants deny the remaining allegations in Paragraph 96 of the Third Amended Complaint.

97.     Defendants admit that Christian Kirschner was formerly one of Mr. Watson's best friends. Defendants deny the remaining allegations in Paragraph 97 of the Third Amended Complaint.

98.     Denied.

99.     Defendants admit only that Mr. Watson, Kyle Ramstetter, Mr. Nelson, and Casey Kirschner went on a fishing trip and Mr. Watson, Mr. Watson's teenage son, Mr. Ramstetter, and Casey Kirschner went on a hunting trip. Defendants deny the remaining allegations in Paragraph 99 of the Third Amended Complaint.

100.    Defendants admit only that Mr. Watson, Mr. Ramstetter, Mr. Nelson, and Casey Kirschner went on a fishing trip and Casey Kirschner went on a hunting trip with Mr. Watson and others, that Christian and Casey Kirschner were groomsmen in Mr. Watson's wedding, and that Mr. Nelson was invited to, but did not attend, Mr. Watson's wedding. Defendants deny any remaining allegations in Paragraph 100 of the Third Amended Complaint.

101.    Defendants admit that Mr. Watson, on behalf of Northstar, met Casey Kirschner in Northern Virginia in Summer 2017. Defendants admit that Christian Kirschner was present for portions of that visit. Defendants deny the remaining allegations in Paragraph 101 of the Third Amended Complaint.

102.    Defendants admit only that Mr. Watson, on behalf of Northstar, communicated with Casey Kirschner and Christian Kirschner separately concerning the Summer 2017 trip to Virginia. Plaintiffs failed to cite the document(s) they quote. Defendants therefore lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 102 of the Third Amended Complaint and therefore deny the same.

103.    Defendants admit that Casey Kirschner referred to many people, including Mr. Watson, as "brother." Defendants further admit that the July 26, 2017 email speaks for itself. Defendants also admit that Mr. Watson and other members of the Northstar team presented their pitch to representatives of Amazon, including Mr. Nelson and Casey Kirschner, on or around August 24, 2017. Defendants deny any remaining allegations in Paragraph 103 of the Third Amended Complaint.

104.    Defendants admit only that Amazon sent Northstar a Request for Proposal ("RFP") on or around August 24, 2017. Defendants deny any remaining allegations in Paragraph 104 of the Third Amended Complaint.

105.    Denied.

106.    Defendants admit that Northstar responded to the RFP on or around September 20, 2017. Defendants deny the remaining allegations in Paragraph 106 of the Third Amended Complaint.

107.    Defendants admit only that Northstar's response to Amazon's RFP speaks for

itself. Defendants deny Plaintiffs' characterization of Northstar's response to Amazon's RFP.

Defendants deny any remaining allegations in Paragraph 107 of the Third Amended Complaint.

108.    Defendants admit only that Northstar's response to Amazon' s RFP speaks for

itself. Defendants deny Plaintiffs' characterization of Northstar's response to Amazon's RFP.

Defendants deny any remaining allegations in Paragraph 108 of the Third Amended Complaint.

109.    Plaintiffs failed to cite the document(s) they quote in Paragraph 109 of the Third

Amended Complaint. Defendants therefore lack knowledge or information sufficient to confirm

or deny the allegations in Paragraph 109 of the Third Amended Complaint and therefore deny

the same.

110.    Defendants deny that Mr. Watson had a personal relationship with Mr. Nelson or

Casey Kirschner or that Mr. Watson "promised to pay them kickbacks if selected to develop the

sites." Defendants lack knowledge or information sufficient to confirm or deny the remaining

allegations in Paragraph 110 of the Third Amended Complaint and therefore deny the same.

111.    Defendants admit that the Lease Transactions involved the purchase,

development, and lease of nine different buildings and/or properties. Defendants deny the

remaining allegations in Paragraph 111 of the Third Amended Complaint.

112.    Defendants admit that each Lease Transaction was subject to numerous contracts

and development budgets negotiated between and approved by Amazon, Northstar personnel,

IPI, and each party's outside counsel. Defendants deny the remaining allegations in Paragraph

112 of the Third Amended Complaint.

113.    Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 113 of the Third Amended Complaint and therefore deny the same.

114.    Plaintiffs failed to cite the document(s) they quote in Paragraph 114 of the Third

Amended Complaint. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 114 of the Third Amended Complaint.

115.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 115 of the Third Amended Complaint and therefore deny the same.

116.    Defendants deny Plaintiffs' characterization of Amazon's approval process with respect to the Lease Transactions with the Northstar Defendants but admit that Amazon approved the Lease Transactions with the Northstar Defendants. Defendants deny any remaining allegations in Paragraph 116 of the Third Amended Complaint.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Admitted.

121.    Defendants admit IPI formed IPI NSIPI Data Center Holdings, LLC and that IPI purported to have experience entering into joint ventures with other firms in order to combine resources on data center projects. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 121 of the Third Amended Complaint and therefore deny the same.

122.    Defendants admit only Northstar connected with IPI. Defendants deny the remaining allegations in Paragraph 122 of the Third Amended Complaint.

123.    Defendants admit that IPI was introduced to Watson by a third party referral partner of Northstar for the purpose of raising capital for the Amazon real estate development projects. Defendants deny any remaining allegations in Paragraph 123 of the Third Amended Complaint.

124.    Denied.

125.    Defendants admit IPI is not named as a Defendant in this case. Defendants deny the remaining allegations in Paragraph 125 of the Third Amended Complaint.

126.    Admitted.

127.    Defendants admit that IPI NSIPI purports to be the sole owner of NSIPI Data Center Venture, LLC. Defendants deny any remaining allegations in Paragraph 127 of the Third Amended Complaint.

128.    Denied.

129.    Defendants specifically deny Plaintiffs' mischaracterization of its Independent Contractor Agreement with Villanova Trust as the "2018 Kickback Agreement." Defendants deny the remaining allegations in Paragraph 129 of the Third Amended Complaint.

130.    Defendants admit that Sterling NCP FF, LLC and Manassas NCP FF, LLC owned approximately 8.4% of the equity interest in the Northstar built-to-suit projects until April 2, 2020. Defendants deny the remaining allegations in Paragraph 130 of the Third Amended Complaint.

131.    Defendants admit Northstar and IPI created Dulles NCP LLC, Quail Ridge NCP LLC, Manassas NCP LLC, and Dulles NCP II, LLC to manage the leased sites and that Northstar created and controlled a separate entity, NSIPI Administrative Manager, to handle the management role. Defendants admit that the chart reflects the relationship between Northstar and IPI. Defendants deny the remaining allegations in Paragraph 131 of the Third Amended Complaint.

132.    Admitted.

133.    Admitted.

134.     Defendants deny Plaintiffs' allegations in Paragraph 134 of the Third Amended Complaint to the extent Plaintiffs imply Defendants knew of or were involved in a kickback scheme. Defendants specifically deny the existence of a kickback scheme as alleged in Paragraph 134 of the Third Amended Complaint. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 134 of the Third Amended Complaint and therefore deny the same.

135.     Admitted.

136.     Denied.

137.     Defendants admit that Northstar made payments to Villanova Trust pursuant to the Independent Contractor Agreement between Northstar and Villanova Trust and that the payments referenced certain landlord LLCs. Defendants deny any remaining allegations in Paragraph 137 of the Third Amended Complaint.

138.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 138 of the Third Amended Complaint and therefore deny the same.

139.     Denied.

140.     Denied.

141.     Defendants admit that the language partially quoted in Paragraph 141 of the Third Amended Complaint is contained in the documents cited. Defendants deny Plaintiffs' characterization of the lease agreements and further deny any remaining allegations in Paragraph 141 of the Third Amended Complaint.

142.     Defendants admit that the language partially quoted in Paragraph 142 of the Third Amended Complaint is contained in the document cited. Defendants deny Plaintiffs' characterization of the lease agreements and further deny any remaining allegations in Paragraph

141 of the Third Amended Complaint.

143.    Defendants admit that the language partially quoted in Paragraph 143 of the Third Amended Complaint is contained in the document cited. Defendants admit that Northstar identified no "Broker" at the beginning of the Deed of Lease because it did not use a broker. Defendants deny Plaintiffs' characterization of the documents cited, including the mischaracterization of Northstar's Independent Contractor Agreement with Villanova Trust. Defendants deny the remaining allegations in Paragraph 143 of the Third Amended Complaint.

144.    Defendants admit that the language partially quoted in Paragraph 144 of the Third Amended Complaint is contained in the document cited. Defendants deny any remaining allegations in Paragraph 144 of the Third Amended Complaint.

145.    Defendants admit that the language partially quoted in Paragraph 145 of the Third Amended Complaint is  contained in the document cited. Defendants deny any remaining allegations in Paragraph 145 of the Third Amended Complaint.

146.    Denied.

147.    Defendants admit only that the Lease Agreements prohibit bribes. Defendants deny any remaining allegations in Paragraph 147 of the Third Amended Complaint.

148.    Defendants admit that the language partially quoted in Paragraph 148 of the Third Amended Complaint is contained in the document cited. Defendants deny any remaining allegations in Paragraph 148 of the Third Amended Complaint.

149.    Defendants admit that the language partially quoted in Paragraph 149 of the Third Amended Complaint is contained in the document cited. Defendants deny any remaining allegations in Paragraph 149 of the Third Amended Complaint.

150.    Defendants admit that the language partially quoted in Paragraph 150 of the Third

Amended Complaint is contained in the document cited. Defendants deny any remaining allegations in Paragraph 150 of the Third Amended Complaint.

151.   Denied.

152.   Defendants admit only that months after being awarded its first deal with Amazon, Northstar and Villanova Trust executed the Independent Contractor Agreement on or around January 8, 2018. Defendants deny Plaintiffs' mischaracterization of the Independent Contractor Agreement as the "2018 Kickback Agreement." Defendants admit that the language partially quoted in Paragraph 152 of the Third Amended Complaint is contained in the Independent Contractor Agreement. Defendants deny any remaining allegations in Paragraph 152 of the Third Amended Complaint.

153.   Defendants admit that Mr. Watson, on behalf of Northstar, signed the Independent Contractor Agreement between Northstar and Villanova Trust. Defendants deny Plaintiffs' mischaracterization of the Independent Contractor Agreement as the "2018 Kickback Agreement." Defendants lack knowledge or information sufficient to confirm or deny the allegations concerning what Villanova Trust did with its money and therefore deny the same. Defendants deny any remaining allegations in Paragraph 153 of the Third Amended Complaint.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Defendants lack knowledge or information to confirm or deny the allegations in Paragraph 157 of the Third Amended Complaint and therefore deny the same.

158.   Admitted.

159.   Admitted.

160.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 160 of the Third Amended Complaint and therefore deny the same.

161.    Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in Paragraph 161 of the Third Amended Complaint and therefore deny the same.

162.    Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in Paragraph 162 of the Third Amended Complaint and therefore deny the same.

163.    Defendants deny Plaintiffs' mischaracterization of the Independent Contractor Agreement between Northstar and Villanova Trust as the "2018 Kickback Agreement." Defendants further deny that any documents shared by Mr. Lorman with Mr. Gilpin are evidence of misconduct. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 163 of the Third Amended Complaint and therefore deny the same.

164.    Defendants deny any documents provided by Mr. Lorman to Mr. Gilpin are evidence of misconduct. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 164 of the Third Amended Complaint and therefore deny the same.

165.    Defendants deny Plaintiffs' mischaracterization of the Independent Contractor Agreement between Northstar and Villanova Trust as a kickback agreement. Defendants lack knowledge or information sufficient to confirm or deny which documents Mr. Lorman gave Mr. Gilpin and therefore deny the same. Defendants deny any remaining allegations in Paragraph 165 of the Third Amended Complaint.

166.    Defendants deny that the documents described in Paragraph 166 of the Third Amended Complaint are evidence of misconduct. Defendants lack knowledge or information sufficient to confirm or deny which documents Mr. Lorman gave Mr. Gilpin and therefore deny the same. Defendants deny any remaining allegations in Paragraph 166 of the Third Amended Complaint.

167.    Admitted.

168.    Admitted.

169.    Admitted.

170.    Defendants deny that the document described in Paragraph 170 of the Third Amended Complaint is evidence of misconduct.  Defendants lack knowledge or information sufficient to confirm or deny which documents Mr. Lorman gave Mr. Gilpin and therefore deny the same. Defendants deny any remaining allegations in Paragraph 170 of the Third Amended Complaint.

171.    Admitted.

172.    Admitted.

173.    Admitted.

174.    Admitted.

175.    Defendants deny that the recording described in Paragraph 170 of the Third Amended Complaint is evidence of misconduct. Defendants lack knowledge or information sufficient to confirm or deny what evidence Mr. Lorman gave Mr. Gilpin and therefore deny the same. Defendants deny any remaining allegations in Paragraph 175 of the Third Amended Complaint.

176.    Defendants deny Plaintiffs' characterization of the audio recordings provided by

Mr. Lorman to Mr. Gilpin. Defendants admit Mr. Watson, on behalf of Northstar, confronted

Kyle Ramstetter and Will Camenson, concerning their usurpation of a corporate opportunity.

Defendants deny any remaining allegations in Paragraph 176 of the Third Amended Complaint.

177.    Defendants deny any "potential misconduct" or actual misconduct by Mr. Watson

or Northstar. Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 177 of the Third Amended Complaint and therefore deny the same.

178.    Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 178 of the Third Amended Complaint and therefore deny the same.

179.    Defendants deny that any information, documents, or files Mr. Lorman

purportedly gave Mr. Gilpin evidenced any misconduct. Defendants lack knowledge or

information sufficient to confirm or deny the remaining allegations in Paragraph 179 of the Third

Amended Complaint and therefore deny the same.

180.    Denied.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Defendants admit only that the terms of each lease were heavily negotiated

between Northstar and Amazon, including by Amazon's internal and outside counsel, and

Amazon agreed to the terms of each lease, including the leasing fees for each lease. Defendants

further state the IPI, including IPI's internal and outside counsel, also approved the fees.

Defendants deny any remaining allegations in Paragraph 184 of the Third Amended Complaint.

185.    Plaintiffs failed to properly cite the document they quote in Paragraph 185 of the

Third Amended Complaint. Defendants deny Plaintiffs' characterization of the document they

purport to quote. Defendants lack information sufficient to confirm or deny the allegations in Paragraph 185 of the Third Amended Complaint and therefore deny the same.

186.    Denied.

187.    Defendants deny the existence and therefore discovery of any fraudulent scheme. Defendants admit that Plaintiffs and IPI conspired to wrongfully remove Northstar from the lease transactions. Defendants deny the remaining allegations in Paragraph 187 of the Third Amended Complaint.

188.    Defendants deny that IPI had the ability or right to remove the Watson/Northstar-affiliated entities from the joint venture and Landlord LLCs and properties. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 188 of the Third Amended Complaint and therefore deny the same.

189.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 189 of the Third Amended Complaint and therefore deny the same.

190.    Defendants deny Plaintiffs' characterization of the 2020 Lease Continuity Agreement. Defendants deny any remaining allegations in Paragraph 190 of the Third Amended Complaint.

191.    Defendants admit that IPI attempted to wrongfully terminate Northstar from the lease transactions and related contracts. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 191 of the Third Amended Complaint and therefore deny the same.

192.    Defendants admit IPI wrongfully terminated Northstar from the lease transactions and related contracts. Defendants deny the remaining allegations in Paragraph 192 of the Third Amended Complaint and therefore deny the same.

193.    Admitted.

194.    Defendants admit only that the termination letters referenced in Paragraph 194 of the Third Amended Complaint purported to remove Northstar-related persons and entities from the NSIPI Virginia development joint venture and its affiliated landlord LLCs. Defendants deny any remaining allegations in Paragraph 194 of the Third Amended Complaint.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Defendants admit Mr. Atherton is an attorney barred in Colorado who was previously suspended from the practice of law due to purported violations of the Colorado Rules of Professional Conduct. Defendants deny Plaintiffs' characterization of the documents they referenced in Paragraph 200 of the Third Amended Complaint. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 200 of the Third Amended Complaint and therefore deny the same.

201.    Defendants deny Plaintiffs' allegations in Paragraph 202 of the Third Amended Complaint to the extent they imply Defendants knew of or participated in a kickback scheme or "conspiracy". Defendants deny Plaintiffs' characterization of the documents cited in Paragraph 201 of the Third Amended Complaint. Defendants admit that the partially quoted language in Paragraph 201 of the Third Amended Complaint is contained in the documents cited by Plaintiffs. Defendants deny any remaining allegations in Paragraph 201 of the Third Amended Complaint.

202.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 202 of the Third Amended Complaint and therefore deny the same.

203.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 203 of the Third Amended Complaint and therefore deny the same.

204.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 204 of the Third Amended Complaint and therefore deny the same.

205.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 205 of the Third Amended Complaint and therefore deny the same.

206.    Defendants deny the existence of a kickback agreement or scheme. Defendants deny Plaintiffs' mischaracterization of Northstar's Independent Contractor Agreement with Villanova Trust as the "2018 Kickback Agreement." Defendants deny the authenticity of any "Recycle Bin spreadsheet." Plaintiffs failed to cite the document(s) they quote in Paragraph 206 of the Third Amended Complaint. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 206 of the Third Amended Complaint and therefore deny the same.

207.    Defendants deny Plaintiffs' characterization of the conversation they partially cite in Paragraph 207 of the Third Amended Complaint[1] Defendants admit that the partially quoted language in Paragraph 207 of the Third Amended Complaint is contained in the document cited. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 207 of the Third Amended Complaint and therefore deny the same.

208.    Defendants admit that the United States filed a forfeiture action in the United

---

[1] With respect to the recording of the conversation referenced here and elsewhere in the Third Amended Complaint, Defendants affirmatively state that this recording has not been authenticated as a true and accurate recording of that conversation.

States District Court for the Eastern District of Virginia. Defendants deny Plaintiffs' characterization of the document cited. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 208 of the Third Amended Complaint is contained in the document they cite. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 208 of the Third Amended Complaint and therefore deny the same.

209.    Denied.

210.    Defendants deny Plaintiffs' characterization of the document cited in Paragraph 210 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 210 of the Third Amended Complaint is contained in the document they cite. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 210 of the Third Amended Complaint and therefore deny the same.

211.    Defendants deny Plaintiffs' characterization of the document cite in Paragraph 211 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 211 of the Third Amended Complaint is contained in the document they cite. Defendants deny any remaining allegations in Paragraph 211 of the Third Amended Complaint.

212.    Defendants deny Plaintiffs' characterization of the document cited in Paragraph 212 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 212 of the Third Amended Complaint is contained in the document they cite. Defendants deny any remaining allegations in Paragraph 212 of the Third Amended Complaint.

213.    Defendants deny Plaintiffs' characterization of the document cited in Paragraph 213 of the Third Amended Complaint. Defendants admit that the language partially quoted by

Plaintiffs in Paragraph 213 of the Third Amended Complaint is contained in the document they cite. Defendants deny any remaining allegations in Paragraph 213 of the Third Amended Complaint.

214.    Defendants deny Plaintiffs' characterization of the document they referenced in Paragraph 214 of the Third Amended Complaint. Defendants admit that the document cited by Plaintiffs in Paragraph 214 of the Third Amended Complaint states Northstar had paid Villanova Trust $4,641,955.40. Defendants deny any remaining allegations in Paragraph 214 of the Third Amended Complaint.

215.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 215 of the Third Amended Complaint and therefore deny the same.

216.    Defendants deny the existence of a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny what documents Mr. Lorman shared with Plaintiffs and therefore deny the same. Plaintiffs fail to cite the document they appear to quote in Paragraph 216 of the Third Amended Complaint. Defendants lack knowledge or information sufficient to confirm or deny allegations concerning the quoted document and therefore deny the same. Defendants deny any remaining allegations in Paragraph 216 of the Third Amended Complaint.

217.    Plaintiffs failed to cite a document supporting their assertion that the "Northstar Defendants had received at least $10,026,899 in. . . fees." Defendants admit that they negotiated the lease transactions with Amazon, including Amazon's internal and outside counsel, agreed to certain terms, and earned certain fees pursuant to each lease transaction. Defendants deny Plaintiffs' characterization of the documents they cited in Paragraph 217 of the Third Amended Complaint. Defendants admit that Northstar wired funds to Villanova Trust pursuant to the

Independent Contractor Agreement between Northstar and Villanova Trust. Defendants deny any remaining allegations in Paragraph 217 of the Third Amended Complaint.

218.    Denied.

219.    Denied.

220.    Defendants admit that in 2019, unbeknownst to Northstar, without Northstar's authorization, and outside the scope of their Northstar employment, Kyle Ramstetter and Will Camenson, two then-Northstar employees created White Peaks Capital LLC and NOVA WPC LLC to facilitate the sale of land in Virginia. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 220 of the Third Amended Complaint and therefore deny the same.

221.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 221 of the Third Amended Complaint and therefore deny the same.

222.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 222 of the Third Amended Complaint and therefore deny the same.

223.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 223 of the Third Amended Complaint and therefore deny the same.

224.    Admitted.

225.    Defendants deny they had any involvement with the White Peaks Transaction. Defendants specifically deny that they received a "kickback" relating to the White Peaks Transaction. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 226 of the Third Amended Complaint and therefore deny the same.

226.    Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 226 of the Third Amended Complaint and therefore deny the same.

      i.      Defendants deny Plaintiffs' characterization of the document they cited. Defendants admit that the partially quoted language is in the document cited by Plaintiffs. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 226(i) of the Third Amended Complaint and therefore deny the same.

      ii.      Defendants deny Plaintiffs' characterization of the document they cited. Defendants admit that the partially quoted language is in the document cited by Plaintiffs. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 226(ii) of the Third Amended Complaint and therefore deny the same.

      iii.      Defendants deny Plaintiffs' characterization of the document they cited. Defendants admit that the partially quoted language is in the document cited by Plaintiffs. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 226(iii) of the Third Amended Complaint and therefore deny the same.

227.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 227 of the Third Amended Complaint and therefore deny the same.

228.      Defendants deny Plaintiffs' characterization of the document they cited in Paragraph 228 of the Third Amended Complaint. Defendants admit that the partially quoted language is in the document cited by Plaintiffs. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 228 of the Third Amended Complaint and therefore deny the same.

229.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 229 of the Third Amended Complaint and therefore deny the same.

230.     Defendants deny the existence of or their participation in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 230 of the Third Amended Complaint and therefore deny the same.

231.     Defendants admit that following a mediation presided over by the former Chief Justice of the Colorado Supreme Court, they received approximately $5 million dollars from Kyle Ramstetter, Will Camenson, and White Peaks LLC, as a settlement for Mr. Ramstetter's and Mr. Camenson's usurpation of a corporate Northstar opportunity. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 231 of the Third Amended Complaint and therefore deny the same.

232.     Defendants admit that Mr. Watson, on behalf of Northstar, confronted Mr. Ramstetter and Mr. Camenson about the White Peaks Transaction and their usurpation of a corporate opportunity on or around September 27, 2019. Defendants deny any remaining allegations in Paragraph 232 of the Third Amended Complaint.

233.     Defendants deny Plaintiffs' characterization of the document partially quoted in Paragraph 233 of the Third Amended Complaint. Defendants admit the remaining allegations in Paragraph 233 of the Third Amended Complaint.

234.     Defendants deny Plaintiffs' characterization of the document partially quoted in Paragraph 234 of the Third Amended Complaint. Defendants admit the language partially quoted by Plaintiffs is contained in the document they cite in Paragraph 234 of the Third Amended Complaint. Defendants deny they had an obligation to notify Plaintiffs of a deal Plaintiffs negotiated and entered into with Defendants' employees without Defendants' knowledge or

consent. Defendants deny any remaining allegations in Paragraph 234 of the Third Amended Complaint.

235.    Defendants deny Plaintiffs' characterization of the document partially quoted in Paragraph 235 of the Third Amended Complaint. Defendants also deny any misconduct with respect to any of the Amazon-related transaction with which Defendants were involved. Defendants admit the language partially quoted by Plaintiffs is contained in the document they cite in Paragraph 235 of the Third Amended Complaint. Defendants deny any remaining allegations in Paragraph 235 of the Third Amended Complaint.

236.    Defendants deny Plaintiffs' characterization of the documents partially quoted in Paragraph 236 of the Third Amended Complaint. Defendants admit the language partially quoted by Plaintiffs in Paragraph 236 of the Third Amended Complaint is contained in the document they cited. Defendants deny the remaining allegations in Paragraph 236 of the Third Amended Complaint.

237.    Defendants admit that Northstar terminated Kyle Ramstetter's and Will Camenson's employment for their usurpation of a corporate opportunity. Defendants also admit that as part of a settlement for their usurpation of a corporate Northstar opportunity, Mr. Ramstetter and Mr. Camenson paid Defendants approximately $5 million. Defendants deny the remaining allegations in Paragraph 237 of the Third Amended Complaint.

238.    Defendants specifically deny the existence of a kickback scheme associated with the Lease Transactions. Defendants deny the remaining allegations in Paragraph 238 of the Third Amended Complaint.

i.    Defendants admit that the language partially quoted by Plaintiffs in Paragraph 238(i) of the Third Amended Complaint is contained in the document they cite.

Defendants deny the remaining allegations in Paragraph 238(i) of the Third Amended Complaint, including the veracity of the statement.

ii.     Defendants admit that the language partially quoted by Plaintiffs in Paragraph 238(ii) of the Third Amended Complaint is contained in the document they cite. Defendants deny the remaining allegations in Paragraph 238(ii) of the Third Amended Complaint, including the veracity of the statement.

iii.     Defendants admit that the language partially quoted by Plaintiffs in Paragraph 238(iii) of the Third Amended Complaint is contained in the document they cite. Defendants deny the remaining allegations in Paragraph 238(iii) of the Third Amended Complaint, including the veracity of the statement.

iv.     Defendants admit that the language partially quoted by Plaintiffs in Paragraph 238(iv) of the Third Amended Complaint is contained in the document they cite. Defendants deny the remaining allegations in Paragraph 238(iv) of the Third Amended Complaint, including the veracity of the statement.

v.     Defendants admit that the language partially quoted by Plaintiffs in Paragraph 238(v) of the Third Amended Complaint is contained in the document they cite. Defendants deny the remaining allegations in Paragraph 238(v) of the Third Amended Complaint, including the veracity of the statement.

239.     Defendants deny Plaintiffs' characterization of the document cited by Plaintiffs. Defendants admit that the language partially quoted by Plaintiffs is contained in the document they cite. Defendants deny any remaining allegations in Paragraph 239 of the Third Amended Complaint.

240.     Defendants admit that they received an approximately $5 million payment as part

of a settlement agreement. Defendants deny they had an obligation to notify Plaintiffs of a deal Plaintiffs negotiated and entered into with White Peaks LLC, Mr. Ramstetter, and Mr. Camenson, without Defendants' knowledge or consent. Defendants deny the existence of or participation in a fraud and kickback scheme. Defendants admit that Mr. Watson constructed a home in Grand County, Colorado. Defendants deny the remaining allegations in Paragraph 240 of the Third Amended Complaint.

241.    Denied.

242.    Denied.

243.    Admitted.

244.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 244 of the Third Amended Complaint and therefore deny the same.

245.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 245 of the Third Amended Complaint and therefore deny the same.

246.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 246 of the Third Amended Complaint and therefore deny the same.

247.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 247 of the Third Amended Complaint and therefore deny the same.

248.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 248 of the Third Amended Complaint and therefore deny the same.

249.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 249 of the Third Amended Complaint and therefore deny the same.

250.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 250 of the Third Amended Complaint and therefore deny the same.

251.    Admitted.

252.    Admitted.

253.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 253 of the Third Amended Complaint and therefore deny the same.

254.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 254 of the Third Amended Complaint and therefore deny the same.

255.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 255 of the Third Amended Complaint and therefore deny the same.

256.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 256 of the Third Amended Complaint and therefore deny the same.

257.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 257 of the Third Amended Complaint and therefore deny the same.

258.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 258 of the Third Amended Complaint and therefore deny the same.

259.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 259 of the Third Amended Complaint and therefore deny the same.

260.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 260 of the Third Amended Complaint and therefore deny the same.

261.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 261 of the Third Amended Complaint and therefore deny the same.

262.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 262 of the Third Amended Complaint and therefore deny the same.

263.    Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 263 of the Third Amended Complaint and therefore deny the same.

264.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 264 of the Third Amended Complaint and therefore deny the same.

265.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 265 of the Third Amended Complaint and therefore deny the same.

266.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 266 of the Third Amended Complaint and therefore deny the same.

267.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 267 of the Third Amended Complaint and therefore deny the same.

268.    Denied.

269.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 269 of the Third Amended Complaint and therefore deny the same.

270.    Denied.

271.    Defendants admit Northstar employed Mr. Ramstetter and Mr. Camenson. Defendants deny any implication that Mr. Ramstetter's and Mr. Camenson's involvement with the White Peaks Transaction was done at "Northstar's direction" or with Northstar's knowledge. Defendants deny any remaining allegations in Paragraph 271 of the Third Amended Complaint.

272.    Defendants admit Kyle Ramstetter was employed by Northstar. Defendants deny any remaining allegations in Paragraph 272 of the Third Amended Complaint.

273.    Defendants admit Will Camenson was employed by Northstar. Defendants deny any remaining allegations in Paragraph 273 of the Third Amended Complaint.

274.    Denied.

275.    Denied.

276.    Defendants deny Plaintiffs' characterization of the document they cited in Paragraph 276 of the Third Amended Complaint. Defendants admit Mr. Ramstetter appears to have sent an email concerning White Peaks from his Northstar email address, but deny Northstar knew or approved of Mr. Ramstetter's actions with regard to the White Peaks Transaction. Defendants deny any remaining allegations in Paragraph 276 of the Third Amended Complaint.

277.    Defendants admit Mr. Watson owns and formerly controlled Northstar and that he was in a position of control and oversight over Mr. Ramstetter and Mr. Camenson, however, the person directly in control of their activities should have been Mr. Timothy Lorman who acted as the Chief Operating Officer of Northstar at the time. Defendants deny any implication they executed control or oversight over Mr. Ramstetter and Mr. Camenson with regard to the White Peaks Transaction, which was executed by Mr. Ramstetter and Mr. Camenson outside the scope of their employment by Northstar and without Northstar's knowledge or approval. Defendants deny any remaining allegations in Paragraph 277 of the Third Amended Complaint.

278.    Defendants deny Plaintiffs' characterization of the document they cite in Paragraph 278 of the Third Amended Complaint. Defendants admit the language partially quoted by Plaintiffs in Paragraph 278 of the Third Amended Complaint is contained in the document they cite. Defendants admit that Mr. Ramstetter and Mr. Camenson were employees of Northstar when they usurped a corporate Northstar opportunity without its knowledge by executing the White Peaks Transaction outside the scope of their employment and without Northstar's knowledge, approval, or authorization. Defendants deny any remaining allegations in Paragraph 278 of the Third Amended Complaint.

279.    Defendants deny Plaintiffs' characterization of the document they cite in Paragraph 279 of the Third Amended Complaint. Defendants admit the language partially quoted

by Plaintiffs in Paragraph 279 of the Third Amended Complaint is contained in the document they cite. Defendants admit Northstar threatened to terminate Mr. Ramstetter and Mr. Camenson for acting outside and in violation of their terms of employment and usurping a corporate Northstar opportunity. Defendants deny any remaining allegations in Paragraph 279 of the Third Amended Complaint.

280.    Defendants deny Plaintiffs' characterization of the document they cite in Paragraph 280 of the Third Amended Complaint. Defendants admit the language partially quoted by Plaintiffs in Paragraph 280 of the Third Amended Complaint is contained in the document they cite. Defendants admit Mr. Watson contrasted Mr. Ramstetter and Mr. Camenson to an independent contractor, who was not a W-2 employee of Northstar. Defendants deny the remaining allegations in Paragraph 280 of the Third Amended Complaint.

281.    Denied.

282.    Defendants deny Plaintiffs' characterization of the document they cite in Paragraph 282 of the Third Amended Complaint. Defendants admit the language partially quoted by Plaintiffs in Paragraph 282 of the Third Amended Complaint is contained in the document they cite. Defendants deny any remaining allegations in Paragraph 282 of the Third Amended Complaint.

283.    Defendants deny Plaintiffs' characterization of the document they cite in Paragraph 283 of the Third Amended Complaint. Defendants admit the language partially quoted by Plaintiffs in Paragraph 283 of the Third Amended Complaint is contained in the document they cite. Defendants deny any remaining allegations in Paragraph 283 of the Third Amended Complaint.

284.    Defendants lack knowledge or information sufficient to confirm or deny Mr.

Ramstetter's or Mr. Camenson's knowledge and therefore deny the same. Defendants deny any knowledge Mr. Ramstetter or Mr. Camenson had concerning the White Peaks Transaction is attributable to Northstar. Defendants deny any remaining allegations in Paragraph 284 of the Third Amended Complaint.

285.    Denied.

286.    Denied.

287.    Defendants deny Plaintiffs' allegations in Paragraph 287 of the Third Amended Complaint to the extent they imply Defendants knew of or participated in an "unlawful enterprise." Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 287 of the Third Amended Complaint and therefore deny the same.

288.    Defendants deny the veracity of the alleged statement to the extent it applies to Defendants. Plaintiffs did not cite the document they appear to quote in Paragraph 288 of the Third Amended Complaint. Defendants therefore lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 288 of the Third Amended Complaint and therefore deny the same.

289.    Defendants deny Plaintiffs' characterization of money as "illicit funds" and lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 289 of the Third Amended Complaint and therefore deny the same.

290.    Plaintiffs failed to cite the document they appear to quote in Paragraph 290 of the Third Amended Complaint. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 290 of the Third Amended Complaint and therefore deny the same.

291.     Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a scheme to provide Mr. Nelson and Casey Kirschner with Northstar funds for their personal benefit. Defendants deny that Nelson and Kirschner used or accessed Northstar funds. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 291 of the Third Amended Complaint and therefore deny the same.

292.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a conspiracy of any kind. Defendants deny that money paid to the 2010 irrevocable Trust was from Northstar. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 292 of the Third Amended Complaint and therefore deny the same.

293.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a scheme. Plaintiffs failed to cite the document(s) they appear to quote. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 293 of the Third Amended Complaint and therefore deny the same.

294.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a conspiracy or unlawful enterprise. Plaintiffs failed to cite the document(s) they appear to quote. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 293 of the Third Amended Complaint and therefore deny the same.

295.     Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in a scheme. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 295 of the Third Amended Complaint and therefore deny the same.

296.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 296 of the Third Amended Complaint and therefore deny the same.

297.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 297 of the Third Amended Complaint and therefore deny the same.

298.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme. Plaintiffs failed to cite the document(s) they appear to reference. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 298 of the Third Amended Complaint and therefore deny the same.

299.    Denied.

300.    Denied.

301.    Denied.

302.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 302 of the Third Amended Complaint and therefore deny the same.

303.    Admitted.

304.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 304 of the Third Amended Complaint and therefore deny the same.

305.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 305 of the Third Amended Complaint and therefore deny the same.

306.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme . Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 306 of the Third Amended Complaint and therefore deny the same.

307.    Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 307 of the Third Amended Complaint and therefore deny the same.

308.   Defendants deny Plaintiffs' characterization of the document they partially quoted in Paragraph 308 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 308 of the Third Amended Complaint is contained in the document they cited. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 308 of the Third Amended Complaint and therefore deny the same.

309.   Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 309 of the Third Amended Complaint and therefore deny the same.

i.     Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 309(i) of the Third Amended Complaint and therefore deny the same.

ii.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 309(ii) of the Third Amended Complaint and therefore deny the same.

iii.   Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 309(iii) of the Third Amended Complaint and therefore deny the same.

iv.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 309(iv) of the Third Amended Complaint and therefore deny the same.

v.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 309(v) of the Third Amended Complaint and therefore deny the same.

vi.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 309(vi) of the Third Amended Complaint and therefore deny the same.

vii.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 309(vii) of the Third Amended Complaint and therefore deny the same.

viii.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 309(viii) of the Third Amended Complaint and therefore deny the same.

310.      Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 310 of the Third Amended Complaint and therefore deny the same.

311.      Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme . Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 311 of the Third Amended Complaint and therefore deny the same.

i.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 311(i) of the Third Amended Complaint and therefore deny the same.

ii.       Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 311(ii) of the Third Amended Complaint and therefore deny the same.

iii.      Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 311(iii) of the Third Amended Complaint and therefore deny the same.

312.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 312 of the Third Amended Complaint and therefore deny the same.

313.    Defendants deny that Mr. Watson or Northstar were involved in a fraudulent scheme. Plaintiffs failed to cite the document they appear to quote in Paragraph 313 of the Third Amended Complaint. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 313 of the Third Amended Complaint and therefore deny the same.

314.    Defendants lack knowledge and information sufficient to confirm or deny the allegations in Paragraph 314 of the Third Amended Complaint and therefore deny the same.

315.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or paid kickbacks to anyone, including Mr. Nelson and/or Casey Kirschner. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 315 of the Third Amended Complaint and therefore deny the same.

316.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or paid kickbacks to anyone, including Mr. Nelson and/or Casey Kirschner. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 316 of the

Third Amended Complaint and therefore deny the same.

317.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme or any other unlawful conduct. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 317 of the Third Amended Complaint and therefore deny the same.

318.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme. Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 318 of the Third Amended Complaint and therefore deny the same.

319.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 319 of the Third Amended Complaint and therefore deny the same.

320.    Defendants admit that the signature block pictured in Paragraph 320 of the Third Amended Complaint is contained in the documents cited by Plaintiffs. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 320 of the Third Amended Complaint and therefore deny the same.

321.    Defendants deny Plaintiffs' characterization of the document they cited in Paragraph 321 of the Third Amended Complaint. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 321 of the Third Amended Complaint and therefore deny the same.

322.    Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 322 of the Third Amended Complaint and therefore deny the same.

323.    Defendants deny Plaintiffs' characterization of the document(s) they cited in

Paragraph 323 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 323 of the Third Amended Complaint is contained in the documents they cite. Defendants deny any remaining allegations in Paragraph 323 of the Third Amended Complaint.

324.    Defendants deny Plaintiffs' characterization of the document they cited in Paragraph 324 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 324 of the Third Amended Complaint is contained in the document they cite. Defendants deny any remaining allegations in Paragraph 324 of the Third Amended Complaint.

325.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 325 of the Third Amended Complaint and therefore deny the same.

326.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 326 of the Third Amended Complaint and therefore deny the same.

327.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 327 of the Third Amended Complaint and therefore deny the same.

328.    Defendants deny Plaintiffs' characterization of the document they cited in Paragraph 328 of the Third Amended Complaint. Defendants admit the language partially quoted in Paragraph 328 of the Third Amended Complaint is contained in the document cited by Plaintiff. Defendants deny any remaining allegations in Paragraph 328 of the Third Amended Complaint.

329.    Defendants admit the language partially quoted in Paragraph 329 of the Third Amended Complaint is contained in the document cited by Plaintiff. Defendants deny any remaining allegations in Paragraph 329 of the Third Amended Complaint.

330.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 330 of the Third Amended Complaint and therefore deny the same.

331.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 331 of the Third Amended Complaint and therefore deny the same.

332.    Defendants deny Plaintiffs' characterization of the CNIAA Agreements. Defendants deny any remaining allegations in Paragraph 332 of the Third Amended Complaint and therefore deny the same.

333.    Defendants admit the language partially quoted in Paragraph 329 of the Third Amended Complaint is contained in the document cited by Plaintiff. Defendants deny any remaining allegations in Paragraph 333 of the Third Amended Complaint.

334.    Defendants admit the language partially quoted in Paragraph 329 of the Third Amended Complaint is contained in the document cited by Plaintiff. Defendants deny any remaining allegations in Paragraph 334 of the Third Amended Complaint.

335.    Defendants admit the language partially quoted in Paragraph 329 of the Third Amended Complaint is contained in the documents cited by Plaintiff. Defendants deny any remaining allegations in Paragraph 335 of the Third Amended Complaint.

336.    Defendants deny Plaintiffs' characterization of the documents referenced in Paragraph 336 of the Third Amended Complaint. Defendants admit the CNIAA Agreements address "Confidential Information." Defendants deny any remaining allegations in Paragraph 336 of the Third Amended Complaint.

337.    Defendants deny Plaintiffs' characterization of the documents referenced in Paragraph 337 of the Third Amended Complaint. Defendants admit the documents address non-competition provisions. Defendants deny any remaining allegations in Paragraph 337 of the

- 44 -

Third Amended Complaint.

338.    Defendants admit that the language partially quoted in Paragraph 338 of the Third Amended Complaint is contained in the documents cited by Plaintiffs. Defendants deny any remaining allegations in Paragraph 338 of the Third Amended Complaint.

339.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme of any kind. Defendants deny Plaintiffs' characterization of the documents referenced in Paragraph 339 of the Third Amended Complaint. Defendants deny any remaining allegations in Paragraph 339 of the Third Amended Complaint.

340.    Defendants deny any allegations to the extent Plaintiffs imply Defendants were involved in bribery or a kickback scheme of any kind. Defendants deny Plaintiffs' characterization of the documents referenced in Paragraph 340 of the Third Amended Complaint. Defendants deny any remaining allegations in Paragraph 340 of the Third Amended Complaint.

341.    Defendants deny Plaintiffs' characterization of the documents referenced in Paragraph 341 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 341 of the Third Amended Complaint is contained in the document cited by Plaintiffs. Defendants deny any remaining allegations in Paragraph 341 of the Third Amended Complaint.

342.    Defendants deny Plaintiffs' characterization of the documents referenced in Paragraph 342 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 342 of the Third Amended Complaint is contained in the document cited by Plaintiffs. Defendants deny any remaining allegations in Paragraph 342 of the Third Amended Complaint.

343.    Defendants lack knowledge or information sufficient to confirm or deny the

allegations in Paragraph 343 of the Third Amended Complaint and therefore deny the same.

344.    Defendants deny any allegations to the extent Plaintiffs imply Defendants solicited or knowingly received confidential information of any kind. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 344 of the Third Amended Complaint and therefore deny the same.

345.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 345 of the Third Amended Complaint and therefore deny the same.

346.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 346 of the Third Amended Complaint and therefore deny the same.

347.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme involving anyone, including Mr. Nelson or Casey Kirschner. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 347 of the Third Amended Complaint and therefore deny the same.

348.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme involving anyone, including Mr. Nelson or Casey Kirschner. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 348 of the Third Amended Complaint and therefore deny the same.

349.    Denied.

350.    Denied.

351.    Defendants deny any allegations to the extent Plaintiffs imply Defendants knew of or were engaged in a kickback scheme of any kind. Defendants lack knowledge or information

sufficient to confirm or deny the remaining allegations in Paragraph 351 of the Third Amended Complaint and therefore deny the same.

352.    Denied.

353.    Defendants deny the veracity of Informant 1's December 2019 "report." Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 353 of the Third Amended Complaint and therefore deny the same.

354.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 354 of the Third Amended Complaint and therefore deny the same.

355.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 355 of the Third Amended Complaint and therefore deny the same.

356.    Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 356 of the Third Amended Complaint and therefore deny the same.

357.    Defendants deny the authenticity and/or veracity of the referenced "spreadsheet." Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 357 of the Third Amended Complaint and therefore deny the same.

358.    Defendants deny the authenticity and/or veracity of the referenced "spreadsheet." Plaintiffs also cite a declaration they have admitted is untrue and have withdrawn. Defendants lack knowledge or information sufficient to confirm or deny the remaining allegations in Paragraph 358 of the Third Amended Complaint and therefore deny the same.

359.    Defendants deny the authenticity and/or veracity of the referenced "spreadsheet." Defendants lack knowledge or information sufficient to confirm or deny the allegations in Paragraph 359 of the Third Amended Complaint and therefore deny the same.

360.    Denied.

361.    Defendants admit Mr. Watson sent the email cited by Plaintiffs in Paragraph 361 of the Third Amended Complaint. Defendants deny Plaintiffs' characterization of the email. Defendants deny any remaining allegations in Paragraph 361 of the Third Amended Complaint.

362.    Denied.

363.    Denied.

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

368.    Denied.

369.    Defendants deny Plaintiffs' characterization of the documents they cite in Paragraph 369 of the Third Amended Complaint. Defendants in good faith sold a condominium on or around June 19, 2020. Defendants deny any remaining allegations in Paragraph 369 of the Third Amended Complaint.

370.    Defendants deny Plaintiffs' characterization of the document they cite in Paragraph 370 of the Third Amended Complaint. Defendants deny any remaining allegations in Paragraph 370 of the Third Amended Complaint.

371.    Defendants admit only that Mr. Watson in good faith sold his interest in a Colorado property for approximately $100,000. Defendants deny any remaining allegations in Paragraph 371 of the Third Amended Complaint.

372.    Defendants admit that they demanded payments concerning the lease transactions to which Northstar was rightfully entitled. Defendants deny any remaining allegations in Paragraph 372 of the Third Amended Complaint.

373.    Defendants deny Plaintiffs' characterization of the documents they cited in Paragraph 373 of the Third Amended Complaint. Defendants admit that Mr. Watson's and Northstar's assets have been placed under the control of a court-appointed receiver. Defendants deny the remaining allegations in Paragraph 373 of the Third Amended Complaint.

374.    Denied.

375.    Denied

## COUNT I

376.    Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-375 as though fully set forth herein.

377.     Defendants admit Plaintiffs purport to bring this count against all defendants. Defendants deny any remaining allegations in Paragraph 377 of the Third Amended Complaint.

378.    Defendants deny Plaintiffs' characterization of the statute. Defendants admit person is defined in the statute they quote. Defendants deny any remaining allegations in Paragraph 378 of the Third Amended Complaint.

379.    Denied.

380.    Denied.

381.    Denied.

382.    Denied.

383.    Denied.

384.    Denied.

385.    Denied.

386.    Denied.

387.    Denied.

388.   Denied.

389.   Denied.

390.   Denied.

391.   Denied.

392.   Denied.

393.   Denied.

394.   Denied.

395.   Denied.

396.   Denied.

397.   Admitted.

398.   Admitted.

399.   Denied.

400.   Denied.

401.   Denied.

402.   Denied.

403.   Denied.

404.   Denied.

405.   Denied.

406.   Denied.

407.   Denied.

408.   Denied.

409.   Admitted.

410.   Admitted.

411.   Admitted.

412.   Admitted.

413.   Denied.

414.   Denied.

415.   Denied.

416.   Denied.

417.   Denied.

418.   Admitted.

419.   Admitted.

420.   Admitted.

421.   Denied.

422.   Denied.

423.   Denied.

424.   Denied.

425.   Denied.

426.   Denied.

427.   Denied.

428.   Admitted.

429.   Admitted.

430.   Denied.

431.   Denied.

432.   Denied.

433.   Denied.

434.   Denied.

435.   Denied.

436.   Denied.

437.   Denied.

438.   Denied.

439.   Defendants deny IPI properly terminated them from the joint venture and related contracts. Defendants admit the remaining allegations in Paragraph 439 of the Third Amended Complaint.

440.   Denied.

441.   Denied.

442.   Denied.

443.   Denied.

444.   Denied.

445.   Denied.

446.   Denied.

447.   Denied.

448.   Denied.

449.   Denied.

450.   Denied.

451.   Denied.

## COUNT II

452.   Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-451 as though fully set forth herein.

453.    Defendants admit only that Plaintiffs purport to bring this count against all defendants. Defendants deny any remaining allegations in Paragraph 453 of the Third Amended Complaint.

454.    Defendants deny Plaintiffs' characterization of the case cited in Paragraph 454 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 454 of the Third Amended Complaint is contained in the case they cite. Defendants deny any remaining allegations in Paragraph 454 of the Third Amended Complaint.

455.    Defendants deny Plaintiffs' characterization of the cases cited in paragraph 455 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 455 of the Third Amended Complaint is contained in the cases they cite. Defendants deny any remaining allegations in Paragraph 455 of the Third Amended Complaint.

456.    Denied.

457.    Denied.

458.    Denied.

459.    Denied.

460.    Denied.

461.    Denied.

462.    Denied.

463.    Denied.

464.    Denied.

465.    Denied.

**COUNT III**

466.    Defendants incorporate their answers to the allegations as set forth in Paragraphs

1-465 as though fully set forth herein.

467.     Defendants admit Plaintiffs purport to bring this count against Mr. Nelson, Casey Kirschner, Mr. Watson, Northstar, and the White Peaks Defendants. Defendants deny any remaining allegations in Paragraph 467 of the Third Amended Complaint.

468.     Defendants deny Plaintiffs' characterization of the cases cited in Paragraph 468 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 468 of the Third Amended Complaint is contained in the cases they cite. Defendants deny any remaining allegations in Paragraph 468 of the Third Amended Complaint.

469.     Defendants deny Plaintiffs' characterization of the cases cited in Paragraph 469 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 469 of the Third Amended Complaint is contained in the cases they cite. Defendants deny any remaining allegations in Paragraph 469 of the Third Amended Complaint.

470.     Denied.

471.     Denied.

472.     Denied.

473.     Denied.

474.     Denied.

475.     Denied.

476.     Denied.

477.     Denied.

478.     Denied.

479.     Denied.

480.     Denied.

481.    Denied.

482.    Denied.

483.    Denied.

484.    Denied.

485.    Denied.

486.    Denied.

487.    Denied.

488.    Denied.

489.    Denied.

490.    Denied.

491.    Denied.

492.    Denied.

493.    Denied.

494.    Denied.

495.    Denied.

496.    Denied.

497.    Denied.

498.    Denied.

499.    Denied.

500.    Denied.

501.    Denied.

## COUNT IV

502.    Defendants incorporate their answers to the allegations as set forth in Paragraphs

1-501 as though fully set forth herein.

503.    Defendants admit only that Plaintiffs purport to bring this count against Mr.

Watson, Northstar, and the White Peaks Defendants. Defendants deny any remaining allegations

in Paragraph 503 of the Third Amended Complaint.

504.    Defendants deny Plaintiffs' characterization of the case cited in Paragraph 504 of

the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs

in Paragraph 504 of the Third Amended Complaint is contained in the case they cite. Defendants

deny any remaining allegations in Paragraph 504 of the Third Amended Complaint.

505.    Denied.

506.    Denied.

507.    Denied.

508.    Denied.

509.    Denied.

510.    Denied.

**COUNT V**

511.    Defendants incorporate their answers to the allegations as set forth in Paragraphs

1-510 as though fully set forth herein.

512.    Defendants admit only that Plaintiffs purport to bring this count against all

defendants. Defendants deny any remaining allegations in Paragraph 512 of the Third Amended

Complaint.

513.    Defendants deny Plaintiffs' characterization of the case and code cited in

Paragraph 513 of the Third Amended Complaint. Defendants admit that the language partially

quoted by Plaintiffs in Paragraph 513 of the Third Amended Complaint is contained in the case

and code they cite. Defendants deny any remaining allegations in Paragraph 454 of the Third Amended Complaint.

514.    Defendants deny Plaintiffs' characterization of the case cited in Paragraph 514 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 514 of the Third Amended Complaint is contained in the case they cite. Defendants deny any remaining allegations in Paragraph 514 of the Third Amended Complaint.

515.    Denied.

516.    Denied.

517.    Denied.

518.    Denied.

519.    Denied.

**COUNT VI**

520.    Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-519 as though fully set forth herein.

521.    Defendants admit only that Plaintiffs purport to bring this claim against Mr. Nelson and Mr. Kirschner. Defendants deny any remaining allegations in Paragraph 521 of the Third Amended Complaint.

522.    Defendants deny Plaintiffs' characterization of the case cited in Paragraph 522 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 522 of the Third Amended Complaint is contained in the case they cite. Defendants deny any remaining allegations in Paragraph 522 of the Third Amended Complaint.

523.    Defendants deny Plaintiffs' characterization of the case cited in Paragraph 523 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs

in Paragraph 523 of the Third Amended Complaint is contained in the case they cite. Defendants

deny any remaining allegations in Paragraph 523 of the Third Amended ComplaintAdmitted.

524.   Denied.

525.   Denied.

526.   Denied.

527.   Denied.

528.   Denied.

529.   Denied.

## COUNT VII

530.   Defendants incorporate their answers to the allegations as set forth in Paragraphs

1-529 as though fully set forth herein.

531.   Defendants admit only that Plaintiffs purport to bring this count against all

Defendants. Defendants deny any remaining allegations in Paragraph 531 of the Third Amended

Complaint.

532.   Defendants deny Plaintiffs' characterization of the cases cited in Paragraph 532 of

the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs

in Paragraph 532 of the Third Amended Complaint is contained in the case they cite. Defendants

deny any remaining allegations in Paragraph 532 of the Third Amended Complaint.

533.   Denied.

534.   Denied.

535.   Denied.

536.   Denied.

537.   Denied.

538.    Denied.

539.    Denied.

540.    Denied.

541.    Denied.

542.    Denied.

543.    Denied.

544.    Denied.

545.    Denied.

546.    Denied.

547.    Denied.

548.    Denied.

549.    Denied.

550.    Denied.

551.    Denied.

## COUNT VIII

552.    Defendants incorporate their answers to the allegations as set forth in Paragraphs 1-551 as though fully set forth herein.

553.    Defendants admit only that Plaintiffs purport to bring this count against all Defendants. Defendants deny any remaining allegations in Paragraph 553 of the Third Amended Complaint. .

554.    Defendants deny Plaintiffs' characterization of the cases cited in Paragraph 554 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 554 of the Third Amended Complaint is contained in the cases they cite.

Defendants deny any remaining allegations in Paragraph 554 of the Third Amended Complaint.

555.    Defendants deny Plaintiffs' characterization of the cases cited in Paragraph 555 of the Third Amended Complaint. Defendants admit that the language partially quoted by Plaintiffs in Paragraph 555 of the Third Amended Complaint is contained in the cases they cite. Defendants deny any remaining allegations in Paragraph 555 of the Third Amended Complaint.

556.    Denied.

557.    Denied.

558.    Denied.

559.    Denied.

560.    Denied.

561.    Denied.

562.    Denied.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to damages for any of the claims outlined in the Third Amended Complaint.

## WATSON DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses, reserving the right to assert additional defenses when and where they become appropriate.

1.    Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands, release, estoppel, delay, laches, ratification, assumption, and/or waiver.

2.    Plaintiffs' claims are barred in whole or in part due to failure to join indispensable or necessary parties.

3.    Plaintiffs' claims are barred by the doctrine of unjust enrichment.

4.      Plaintiffs' claims are barred in whole or in part due to failure of conditions.

5.      Plaintiffs' claims fail in whole or in part by Plaintiffs' failure to state a claim upon which relief may be granted.

6.      Plaintiffs' alleged damages were not caused by an alleged act or omission of Defendants.

7.      If Plaintiffs sustained any injury or incurred any loss or damages as alleged in the Third Amended Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Defendants are not responsible, and whose conduct Defendants had no duty or reason to anticipate or control.

8.      Plaintiffs' claims are barred in whole or in part by the economic loss rule.

9.      Plaintiffs' claims are barred in whole or in part by the statute of limitations.

10.      Plaintiffs' claims are barred in whole or in part by the parol evidence rule.

11.      Plaintiffs' claims are barred in whole or in part by the statute of frauds.

12.      Plaintiffs' claims are barred because at all times relevant to the matters alleged in the Complaint, Defendants acted in good faith and in a reasonable manner.

13.      Plaintiffs' claims are barred because Plaintiffs have suffered no injuries or damages as a result of the alleged wrongdoing.

14.      Plaintiffs' claims are barred in whole or in part because of the doctrine of Novation.

15.      Plaintiffs' claims are barred in whole or in part by failure of consideration

16.      Plaintiffs' claims are barred in whole or in part because Plaintiffs knew of the price differentials concerning the "Direct Purchase Transactions" transactions and thus cannot claim they were misled regarding the same.

17.     Plaintiffs' claims are barred in whole or in part because Plaintiffs knew of the yield rates and developer fees concerning the "Lease Transactions" transactions and thus cannot claim they were misled regarding the same.

18.     Plaintiffs' claims are barred in whole or in part because of advice of counsel.

19.     Plaintiffs' RICO claim is barred because Plaintiffs failed to allege sufficient factual allegations to state a claim that the Defendants were part of an "enterprise" as required to in order to sufficiently plead a civil RICO claim.

20.     Plaintiffs' claims are barred in whole or in part because any damages were caused by Plaintiffs' own actions.

21.     Plaintiffs' claims are barred in whole or in part because of the doctrine of Novation.

22.     Plaintiffs' claims are barred in whole or in part because the conduct of the Defendants that Plaintiff complained of in the Third Amended Complaint was lawful and with legal justification.

23.     Plaintiffs failed to mitigate its alleged damages, and as such, Plaintiffs' recovery in this matter, if any, must be offset due to its failure to mitigate.

24.     Plaintiffs' unjust enrichment claim lacks merit as it is based on a valid, express, and legally enforceable contract between Defendants and Plaintiffs.

25.     Plaintiffs' claims are barred, in whole or in part, by any matters that will be set forth in Defendants' forthcoming counterclaims.

26.     Defendants reserve the right, with leave from the Court as necessary, to amend their Answer and assert any additional defenses, counterclaims, or cross-claims that may become available during the course of litigation.

Defendants are reviewing claims against Plaintiffs and others but have chosen not to file them at this time in this case. Should Defendants decide to pursue their counterclaims, they will first seek leave of Court.

Dated: June 27, 2022                                    Respectfully submitted,

By: */s/ Jeffrey R. Hamlin*
      Jeffrey R. Hamlin (Va.Bar No. 46932)
      George R. Calhoun (*pro hac vice*)
      James Trusty (*pro hac vice*)
      IFRAH PLLC
      1717 Pennsylvania Avenue, NW
      Suite 650
      Washington, DC 2006-2004
      Tel.: (202) 524-4140
      Fax: (202) 524-4141
      jhamlin@ifrahlaw.com
      george@ifrahlaw.com
      jrtusty@ifrahlaw.com

      Stanley L. Garnett (*pro hac vice*)
      Amanda K. Houseal (*pro hac vice*)
      Sara R. Bodner (*pro hac vice*)
      Leah Regan-Smith (*pro hac vice*)
      Brownstein Hyatt Farber Schreck, LLP
      410 17th Street, Suite 2200
      Denver, CO 80202-4432
      Tel.: (303) 223-1100
      Fax: (303) 223- 1111
      sgarnett@bhfs.com
      ahouseal@bhfs.com
      sbodner@bhfs.com
      lregansmith@bhfs.com

      *Attorneys for Defendants WDC Holdings LLC d/b/a Northstar Commercial Partners, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of June, 2022, I will cause a true and correct copy of the foregoing Watson Defendants' Amended Answer to Third Amended Complaint and Demand for Jury Trial to be filed with the Clerk of Court using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record. In addition, I will cause a hard copy to be sent via U.S. Mail First Class to Casey Kirschner, 635 N. Alvarado Lane, Plymouth, MN 55447.

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VSB No. 46932)