IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br> Defendant. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, and BW HOLDINGS, LLC, <br><br> Interpleader Defendants <br><br> AMAZON.COM, INC. and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**WATSON DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR COURT-HOSTED SETTLEMENT CONFERENCE OR PRIVATE MEDIATION**

Defendants WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager (collectively, the "Watson Defendants"), seek an order from the Court compelling a court-hosted settlement conference or private mediation. None of the other defendants object to this motion. Plaintiffs do object.

**RELEVANT FACTS**

As the Watson Defendants have noted in other filings, Plaintiffs began an investigation into the conduct of the Watson Defendants and other defendants in late 2019. Since then, Plaintiffs have filed four separate complaints, each with hundreds of paragraphs of allegations that identify numerous individuals and entities as participants in an allegedly far-reaching kickback scheme. Plaintiffs have also obtained an oppressive preliminary injunction requiring the Watson Defendants to escrow $25 million dollars. The Watson Defendants were unable to comply with that requirement because they did not (and still do not) have such funds. Thereafter, the Watson Defendants were found to be in contempt, and the Court appointed a receiver to take control of all of Mr. Watson's personal and business assets. The receiver continues to have control of such assets and has, in his two reports, verified the Watson Defendants' bleak financial condition.

Counsel for the Watson Defendants made a settlement offer to Plaintiffs on March 14, 2022. Plaintiffs did not acknowledge that offer until May 6, 2022, when counsel for Plaintiffs represented to the Court on the record that the settlement discussions were "absurd" from their perspective. Then, on May 11, 2022, counsel for Plaintiffs sent an email to the Watson Defendants rejecting their settlement offer. The Watson Defendants withdrew their previous offer on May 14, 2022, in part because the offer was made before they knew that Plaintiffs had submitted false affidavits and verifications in support of the preliminary injunction. Nevertheless, the Watson Defendants reiterated their desire and willingness to engage in settlement discussions. During the June 9, 2022 meet and confer regarding the Watson Defendants' desire to seek a court-hosted settlement conference or private mediation, counsel for Plaintiffs demanded that the Watson Defendants make another offer, despite never having provided a counteroffer or demand. Counsel for the Watson Defendants explained that they would not bid against themselves and they

disagreed with Plaintiffs' suggestion that the Watson Defendants' previous offer was not sensible or realistic. A few days later, Plaintiffs stated that they opposed the Watson Defendants' request to seek a settlement conference or private mediation.

At this time, Mr. Watson's personal life and professional endeavors have been significantly harmed as a result of the reputational, business, and emotional damage associated with Plaintiffs' lawsuit, the preliminary injunction, and the receiver's control over his personal and business assets.

## ARGUMENT

Pursuant to Local Civil Rule 83.6(A), litigants in all civil actions may request mediation, and settlement conferences as a form of mediation are authorized. Furthermore, Paragraph 8 of the Rule 16(B) Scheduling Order (Dkt. 455) indicates that if counsel believes that a settlement conference with the Court would be of assistance in resolving this dispute, they may do so by contacting this Court's chambers. Here, grounds exist for this Court to grant the Watson Defendants' motion compelling a court-hosted settlement conference or private mediation. The Watson Defendants are filing the instant motion and memorandum in support rather than contacting this Court's chambers because Plaintiffs have not consented to a court-hosted settlement conference or private mediation.

First, this is a case that would greatly benefit from a settlement conference or mediation. Plaintiffs' most recent complaint, which is their fourth complaint in two years, contains 562 paragraphs and spans over 100 pages. Yet when it comes down to it, this is essentially a business dispute between Plaintiffs, two former executives implicating their employment agreements, and a real estate developer with whom Plaintiffs entered build-to-suit data center leases. Plaintiffs have argued that they overpaid for the data center leases that they entered into with the Watson Defendants. Plaintiffs however have thus far been unwilling to substantively engage with the

Watson Defendants on these points, despite discovery, including sworn testimony, confirming the Watson Defendants' explanations and proving Plaintiffs' theories are, at worst, deliberately misleading, and at best, based on fundamental misunderstandings.  For example, discovery has failed to reveal any evidence of a kickback scheme and confirmed that the Watson Defendants delivered data centers to Plaintiffs at below market or market rates and that these rates were rigorously analyzed and approved by Plaintiffs.  Accordingly, the Watson Defendants are confident that a neutral party would help the parties see the forest through the trees and find common ground.

Second, principles of justice and fairness support the Watson Defendants' request.  Over two years after the filing of Plaintiffs' initial complaint, discovery is not yet completed and there is no trial date set.  To the Watson Defendants, this soul-crushing litigation is never-ending, largely because Amazon does not want it to end.  Although, for a Goliath like Plaintiffs, time is not of the essence, for the Watson Defendants it is a different story.  They are bleeding resources and have only a shell of a company and one employee left, when they had 40 employees at the beginning of Plaintiffs' lawsuit and commercial real estate assets and investments in 17 states throughout America.  Moreover, Mr. Watson's personal life has been irreparably damaged.  Mr. Watson and his businesses have had their reputations tarnished, and his personal and corporate credit ratings have been decimated through this process.  Every passing day amplifies the destructive impact to Mr. Watson and his family.  The Watson Defendants would like to put this chapter behind them as soon as possible, evaluate their options for redress, and start to restore their personal and professional lives and endeavors, if that is ever possible.  At this time, the Watson Defendants estimate that the receivership has cost them approximately $100 million in damages and that the

actions of Plaintiffs and their counsel have caused loss of business, reputational, and emotional damages, among other damages, in excess of $1.5 billion.

Given their desire to move forward and the pace of this litigation, the Watson Defendants made a good faith settlement offer to Plaintiffs. The offer was structured to propose settlement using the only assets available to the Watson Defendants given the ongoing injunction and receivership: proceeds from what Mr. Watson anticipates receiving from pending litigation involving IPI Partners, LLC and related entities. This is a case in which Mr. Watson recently received a favorable ruling. *See* Exhibits A and B to the Bodner Decl. Yet Plaintiffs never responded until telling this Court months later that the proposal was "absurd." Before the Watson Defendants made that opening offer and since Plaintiffs rejected it, the Watson Defendants have repeatedly asked Plaintiffs for a demand—any kind of demand. Plaintiffs have not made a demand and seem uncertain of their goals in this litigation. Nor can they show what damages, if any, they have incurred. Rather, it seems that Plaintiffs are fixated on making an example of the Watson Defendants and the other defendants in this case, for reasons the Watson Defendants simply cannot comprehend given that they did not participate in a kickback scheme of any kind. The Watson Defendants are therefore stuck, and forced to pursue this avenue—a court-hosted settlement conference or private mediation—with the hope that it will provide a forum for the parties to engage in good faith settlement discussions. If not, the Watson Defendants look forward to finally having their day in court to defend themselves against Plaintiffs, and to seeking redress for what the Watson Defendants have unfairly suffered.

## CONCLUSION

For the foregoing reasons, the Watson Defendants respectfully request that the Court order a court-hosted settlement conference or private mediation.

Dated: June 27, 2022            Respectfully submitted,

/s/ Stanley L. Garnett
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com

/s/ Jeffrey R. Hamlin
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for Defendants WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I will electronically file the foregoing using the Court's CM/ECF system, which will provide service to all counsel of record, and will separately email *pro se* parties, as follows:

Elizabeth P. Papez
Patrick F. Stokes
Claudia M. Barrett
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W. Washington, D.C. 20036-5306
epapez@gibsondunn.com
pstokes@gibsondunn.com
cbarrett@gibsondunn.com
mdziuban@gibsondunn.com

Veronica S. Moye
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
vmoye@gibsondunn.com
Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.

Aaron G. McCollough
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
Counsel for Receiver

Casey Kirschner*
635 N. Alvarado Lane
Plymouth, MN 55447
casey.kirschner@gmail.com

Alex Little
Rachel Friedman
Burr & Forman LLP
222 Second Ave. South, Suite 2000 Nashville, TN 37201
Alex.little@burr.com
rfriedman@burr.com
Counsel for Carleton Nelson and Cheshire Ventures

Lindsay R. McKasson
Jared J. Roberts
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
lindsay@binnall.com
jared@binnall.com
Counsel for Renrets, LLC

Julie S. Palmer
M. Scott Fisher, Jr.
Angela R. MacFarlane
Harman, Claytor, Corrigan & Wellman, PC
P.O. Box 70280
Richmond, VA 23255
jpalmer@hccw.com
sfisher@hccw.com
amacfarlane@hccw.co
Counsel for Rodney Atherton

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin

\* I further certify that I will send the aforementioned materials via First-Class Mail to Mr. Kirschner at the address shown.