**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>          Plaintiffs, <br><br>     v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br>          Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>          Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br>     v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>          Interpleader Defendants, <br>     and <br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>          Interpleader Defendants, <br>          Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SET A PRETRIAL
CONFERENCE FOR THE PURPOSE OF SETTING A TRIAL DATE**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...................................................................................................................1

BACKGROUND .....................................................................................................................1

ARGUMENT ...........................................................................................................................3

    I.    The Court Should Set A Trial Date At The Summary Judgment Hearing. ....................3

    II.   The Defendants' Arguments For Rushing To Set A Trial Schedule Are Unpersuasive. ..................................................................................................................6

CONCLUSION.........................................................................................................................9

## TABLE OF AUTHORITIES

Page

**CASES**

*United States v. Janati*,
 374 F.3d 263 (4th Cir. 2004) ...................................................................................................7

*United States v. Latney's Funeral Home, Inc.*,
 938 F. Supp. 2d 73 (D.D.C. 2013) ...........................................................................................5

*United States v. Moussaoiu*,
 2003 WL 402249 (E.D. Va. Feb. 12, 2003) ............................................................................7

**RULES**

Local Civ. R. 16 ................................................................................................................................7

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") respectfully submit this opposition to the Defendants' Motion to Set a Pretrial Conference for the Purpose of Setting a Trial Date, *see* Dkts. 838–839.

## INTRODUCTION

Defendants seek a pretrial conference within the next thirty days solely to set a trial date for this case, claiming that Amazon is delaying the case. The record shows otherwise. Over the past two months, Amazon has repeatedly sought to set a case schedule through numerous proposals repeatedly ignored by the Defendants. The Defendants, on the other hand, have delayed discovery by refusing to produce responsive documents, obstructing depositions, and repeatedly failing to provide Amazon with topics for a Rule 30(b)(6) deposition that has yet to be scheduled. With all the discovery and scheduling disputes in this litigation, the most efficient course is to set a trial date a reasonable time after fact and expert discovery is complete and the parties have completed summary judgment briefing. To do otherwise would be inefficient and could severely prejudice Amazon by allowing the Defendants to run out the clock on their deadlines to produce essential evidence. Accordingly, Amazon respectfully requests that the Court deny the Defendants' motion and instead sets a trial date at the summary judgment hearing currently scheduled for December 7, 2022.

## BACKGROUND

Amazon filed this lawsuit in April 2020 after discovering that the Defendants had engaged in a massive fraud and kickback scheme targeting more than $500 million of the company's real-estate development projects. *See* Dkt. 1. In late 2021, the District Court entered an order scheduling a final pretrial conference for April 15, 2022 and stating that "[t]he trial of this case [would] be set for a day certain, within 4–8 weeks" of that date. Dkt. 422. For logistical reasons, the final pretrial conference was later moved from April 15 to April 13. *See* Dkt. 632.

In early April 2022, Amazon filed a motion seeking leave to amend its complaint. *See* Dkt. 608. Because an amended complaint could shift the timeline of the case, the Court canceled the April 13 pretrial conference and informed the parties that a trial date would not be set until after it ruled on Amazon's motion. *See* Dkt. 840-3 at 30–32. Defense counsel did not object, and counsel for the Watson Defendants expressly agreed that moving the pretrial conference was "wise" and "ma[de] sense" under the circumstances. *Id.* at 31–32. The Court granted Amazon's motion for leave to amend on May 6, and in light of that ruling, it ordered the parties to confer and jointly propose a new schedule that would extend the remaining case deadlines, including the date for the final pretrial conference. *See* Dkt. 840-4 at 7, 9–10, 25.

In response to the Court's instructions, Amazon immediately contacted the Defendants to begin the discussion on scheduling, and within a week it proposed new dates for each of the remaining deadlines in the case. *See* Ex. 1 at 6–7, 14–15. In its proposal, Amazon recommended that the final pretrial conference be held approximately three weeks after the summary judgment hearing. *See id.* at 7. The Defendants did not meaningfully respond.

After nearly three weeks of waiting, Amazon contacted the Defendants again on June 1 and offered a slightly revised schedule for their review, which again recommended that the final pretrial conference be scheduled approximately three weeks after the summary judgment hearing. *See* Ex. 2 at 5. Another two weeks passed without the Defendants responding to Amazon's proposal. *See id.* at 3. On June 14, Amazon reminded the Defendants about the need to agree on a proposed schedule and offered to draft a joint motion to file with the Court. *See id.* Counsel for the Watson Defendants finally agreed to the proposed dates, but the other Defendants remained silent. *See id.* Two days later, Amazon sent the Defendants another email asking for their position on the proposed schedule, but once again, it received no response in return. *See* Ex. 3 at 1.

On June 21—more than six weeks after the Court had directed the parties to come together on a new schedule, during which time Amazon repeatedly asked the Defendants for a response as to the proposed dates—Magistrate Judge Buchanan's chambers called the parties and asked them to file a proposal by the end of the week. *See* Ex. 2 at 2. Amazon quickly reached out to Defendants and asked them to state their position on proposed dates as soon as possible. *See id.* Defendants finally began to engage and requested certain revisions. *See id.* at 1. Within a short amount of time, the parties were able to agree on everything but the date of the final pretrial conference, which Amazon proposed should occur on the same day as the summary judgment hearing, while Defendants proposed July 13, 2022. *See id.*

The parties submitted a joint motion with proposals for each of the other deadlines on June 24, *see* Dkt. 836, which the Court granted on June 27, *see* Dkt. 842. In their joint motion, the parties indicated that they did not agree "as to the date or timing of the final pre-trial conference" and would "provide separate submissions with respect thereto." Dkt. 836 at 2. Two days later, the Defendants filed the motion now before the Court. *See* Dkts. 838–839.

## ARGUMENT

The Court should set a trial date at its summary judgment hearing, after the parties have had a fair opportunity to develop the evidentiary record and assess the likely scope of trial. The Defendants' insistence on bifurcating the pretrial conference just to hasten trial scheduling is premature, inefficient, and could prejudice Amazon.

### I.    The Court Should Set A Trial Date At The Summary Judgment Hearing.

There are at least three reasons why the Court should set a trial date at the summary judgment hearing rather than within the next thirty days, as the Defendants propose.

*First*, Amazon added six new defendants to this case less than two months ago, and the majority of them have yet to become actively involved in the litigation. *See* Dkt. 764. Two of the

3

new defendants—Demetrius Von Lacey and Sigma Regenerative Solutions LLC—appear to be evading service.[1] *See* Dkts. 796–797. Another two—CTBSRM, Inc. and the 2010 Irrevocable Trust—have yet to file appearances. *See* Dkts. 804–805, 810, 830. And only one—Renrets LLC—has filed a responsive pleading. *See* Dkts. 818, 852; *see also* Dkt. 812 (order granting Atherton an extension to July 8, 2022). Accordingly, it is unclear at this point how most of the new Defendants intend to proceed (including whether any of them will file motions to dismiss that require briefing and hearings), what kind of discovery they intend to pursue, and when they might be ready and available to try the case. By waiting until the summary judgment hearing, this Court can avoid those uncertainties and ensure that the trial date it sets is feasible for *all* of the Defendants in this case.

*Second*, discovery remains ongoing among all of the parties and will likely continue for some time. The new defendants, Watson, Northstar, and Amazon have yet to be deposed, and written discovery is not complete. Moreover, although the current schedule imposes an August 26, 2022 discovery deadline, an extension may well be necessary for various reasons, including that nobody knows the type and scope of discovery the new Defendants will seek and that some of the original Defendants have continuously failed to meet their discovery obligations in a timely manner.

For instance, both Nelson and Kirschner improperly withheld responsive information about Atherton's role in the fraud and kickback scheme, requiring counsel to go back and forth for *months* before the documents were eventually produced. *See* Dkt. 719 at 16–17. Nelson, through counsel, further obstructed the Cheshire Ventures deposition, which has necessitated Nelson and

---

[1] Having made several attempts to serve these new Defendants through traditional methods of service, Amazon is preparing to seek leave of Court to serve these Defendants by alternative means.

4

Amazon to negotiate a new deposition date in July. *See generally* Ex. 4. And just last month, Amazon was forced to file a motion to compel Kirschner to produce a privilege log and certain highly-relevant documents, including a copy of his signed statement to the FBI and a photobook documenting his Northstar-sponsored trip to New Zealand. *See* Dkts. 821–822. This Court granted that motion and ordered Kirschner to produce within 10 days or face the possibility of sanctions, Dkt. 835, and yet he *still* had not produced all responsive documents by his deadline. *See* Ex. 5. Depending on what those materials show, the parties may need to reopen Kirschner's deposition for further questioning, *see* Ex. 6, which could yet again significantly impede the parties' ability to complete discovery in a timely fashion.

Given that the new Defendants have yet to begin the discovery process, and taking into account the original Defendants' repeated delays, there remains substantial uncertainty about when the record in this case will be complete.[2] Scheduling trial before then creates a significant risk that either the Defendants could run out the clock without producing key evidence—severely prejudicing Amazon—or that the Court and parties will be needlessly burdened by rescheduling the trial in the future. Those risk are far less likely to be realized if the Court waits to set a trial date until the summary judgment hearing, when it is certain that discovery will be complete.

*Third*, both Amazon and certain Defendants have indicated that they intend to move for summary judgment. In a case with as many counts and parties as this one, doing so could streamline the claims, defenses, and issues that will ultimately go to a jury. *See United States v. Latney's Funeral Home, Inc.*, 938 F. Supp. 2d 73, 75 (D.D.C. 2013) ("The principal purpose of summary

---

[2] Indeed, on July 1, 2022—*after* the Defendants filed this motion—Nelson asked Amazon to continue the depositions of Keith Klein and Chris Vonderhaar (two depositions taken in March), and asked for a date to depose Joe Minarik, another Amazon witness whose deposition Nelson removed from the calendar in April pending the Amazon 30(b)(6) deposition, which, as noted herein, has not yet occurred. *See* Ex. 4 at 1–3.

5

judgment is to streamline litigation by disposing of factually unsupported claims or defenses and determining whether there is a genuine need for trial."). As a result, the briefs the parties are planning to submit may provide important insight into the scope of evidence they are likely to present, and in turn, the amount of time the Court may want to schedule for trial. It thus makes sense to allow the parties to file that briefing before proceeding with a final pretrial conference.

## II. The Defendants' Arguments For Rushing To Set A Trial Schedule Are Unpersuasive.

Rather than acknowledging the uncertainty over when the case will be ready for trial, the Defendants urge the Court to convene a premature pretrial conference. They press four primary arguments, each of which is unconvincing.

*First*, Defendants emphasize that the Court was ready to hold a pretrial conference before Amazon filed its third amended complaint, so there is no reason to wait before setting a trial date now. *See* Dkt. 839 at 5. But the fact that this Court was planning to hold a pretrial conference in mid-April, when discovery, including expert disclosures, was almost complete and summary judgment was just around the corner, does not mean that the Court should hold a pretrial conference now, before discovery closes and expert disclosures are made. Indeed, the Court recognized at the time that Amazon moved to amend its complaint that the schedule in this case was likely to change and that it would be unwise to set a trial date before the parties had a better sense of when that trial would realistically occur. Accordingly, the Court canceled the mid-April pretrial conference, and after granting Amazon's motion to amend, it instructed the parties to confer and decide on a new date that was appropriate in light of the case's current status. As explained above, holding a pretrial conference within the next thirty days would be inappropriate given that some Defendants have not yet been served, entered an appearance, or filed a responsive pleading, and given the fact that discovery is still underway and likely will be for some time. Attempting to select a date for trial

6

under these circumstances would be mere guesswork—unlike the situation the parties and Court faced in April.

*Second*, Defendants fault Amazon for recommending that the pretrial conference be held on the same day as the summary judgment hearing because "[s]etting a trial date prior to filing or receiving a ruling on summary judgment is not a unique or novel concept, done regularly in both Federal and state courts across the country." Dkt. 839 at 10. But the Defendants cite *no* legal authority that *requires* the Court to set a trial date in advance of the summary judgment proceedings—not a federal rule, a local rule, or a single case. Instead, the law makes clear that district courts have wide discretion in managing their dockets, including the manner in which they set a date for trial. *See* Local Civ. R. 16(B) (providing that the district court shall enter an order fixing the trial date "whenever practicable"); *United States v. Janati*, 374 F.3d 263, 273–74 (4th Cir. 2004) ("The scope of the district court's discretion to manage trials before it is and must be particularly broad. Accordingly, we have held, among other things, that district courts have wide-ranging control over management of their dockets, the courtroom procedures, and the admission of evidence."); *United States v. Moussaoiu*, 2003 WL 402249, at *1 (E.D. Va. Feb. 12, 2003) (vacating previously-scheduled trial date and declining to "commit to new dates" until it was practicable to do so). And scheduling the pretrial conference on the same day as the summary judgment hearing would be efficient in this case because it would eliminate an unnecessary hearing and enable the Court and the parties to set a trial date that reflects the realities of the case after the proceedings are more developed.[3]

---

[3] The Defendants have repeatedly complained about the costs of this litigation, even in this motion. *See* Dkt. 838 at 3 (complaining about "run[ning] out of resources"). Yet adding another hearing as Defendants request would increase their costs, requiring them to travel for an additional court proceeding that can be avoided if the Court were to conduct the pretrial conference and summary judgment hearing on the same day.

7

*Third*, Defendants argue that the Court should set a trial date as soon as possible because it will be logistically difficult for the Court and the parties to find a multi-week period in which everybody is available. *See* Dkt. 839 at 11. To support that proposition, Defendants point out that the parties have struggled at times in the past to coordinate the scheduling of depositions due to their varying obligations. *See id.* But this argument counsels in favor of scheduling trial when the case is more developed and there is more certainty that the trial will actually proceed as scheduled. The Court, parties, and their counsel should not engage in a difficult and potentially wasteful scheduling exercise while there remains a meaningful risk that the case will not be ready for a jury.

*Finally*, Defendants argue they will be prejudiced unless a trial date is selected as soon as possible. *See id.* at 3, 4, 8. The Court should reject this claim given that Defendants have repeatedly delayed these proceedings by failing to comply with their discovery obligations and refusing to cooperate with Amazon's efforts to advance the litigation. As explained above, the Defendants withheld responsive information from Amazon numerous times, and they waited *six weeks* to meaningfully respond to Amazon's proposals about how to amend the case schedule in light of the third amended complaint, engaging only *after* the Judge's chambers called the parties to inquire about the joint motion they had been directed to file. Moreover, Defendants sought various extensions to respond to the third amended complaint, even though it did not assert any new claims against them. *See* Dkts. 813, 840-4 at 8–9.[4] And most of them reserved the right to assert counterclaims and crossclaims, raise new affirmative defenses, or file Rule 12 motions without specifying any date by which they intend to do so. *See* Dkt. 815 at 62; Dkt. 817 at 48; Dkt. 819 at 131;

---

[4] Defendant Kirschner did not seek an extension of time but simply filed his answer late, without offering any justification for doing so. *See* Dkt. 817. Given his *pro se* status, Amazon did not move to strike the answer as untimely, but his unexplained delay undermines his current position about the pace at which this litigation should proceed.

8

Dkt. 820 at 115; Dkt. 843 at 62–63. Thus, although Defendants now claim that they want to go to trial as soon as possible, their recent actions suggest otherwise and do not warrant rushed scheduling of trial.

## CONCLUSION

For the reasons discussed above, setting a trial date at this time would be premature and inefficient. Instead, the parties should focus on integrating the new Defendants into the case, finalizing their responsive pleadings (if necessary), and finishing discovery. Once those steps are complete and the parties appear before the Court for a hearing on their motions for summary judgment, the Court can select a realistic date for trial without the need for a separate hearing. Accordingly, Amazon respectfully requests that this Court deny the Defendants' motion to schedule a pretrial conference within the next thirty days for the purpose of setting a trial date.

Dated:  July 5, 2022                                               Respectfully submitted,

*/s/ Michael R. Dziuban*

| | |
|---|---|
| Veronica S. Moyé (*pro hac vice*) | Elizabeth P. Papez (*pro hac vice*) |
| GIBSON, DUNN & CRUTCHER LLP | Patrick F. Stokes (*pro hac vice*) |
| 2001 Ross Avenue, Suite 2100 | Jason J. Mendro (*pro hac vice*) |
| Dallas, TX 75201 | Claudia M. Barrett (*pro hac vice*) |
| Telephone:  (214) 698-3100 | David W. Casazza (*pro hac vice*) |
| Facsimile:  (214) 571-2900 | Amanda Sterling (*pro hac vice*) |
| vmoye@gibsondunn.com | Michael R. Dziuban (Va. State Bar No. 89136) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036-5306 |
| | Telephone:  (202) 955-8500 |
| | Facsimile:  (202) 467-0539 |
| | epapez@gibsondunn.com |
| | pstokes@gibsondunn.com |
| | jmendro@gibsondunn.com |
| | cbarrett@gibsondunn.com |
| | dcasazza@gibsondunn.com |
| | asterling@gibsondunn.com |
| | mdziuban@gibsondunn.com |

*Counsel for Amazon.com, Inc. and Amazon Data Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.,
Fort Collins, CO 80525

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*