IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AMAZON.COM, INC. AND
AMAZON DATA SERVICES, INC,

    Plaintiff,

v.                                                                    Case No. 1:20-CV-484-RDA-TCB

WDC HOLDINGS LLC D/B/A NORTHSTAR
COMMERCIAL PARTNERS, BRIAN WATSON,
STERLING NCP FF, LLC, MANASSAS NCP FF,
LLC, NSIPI ADMINISTRATIVE MANAGER, NOVA
WPC LLC, WHITE PEAKS CAPITAL LLC,
VILLANOVA TRUST, CARLETON NELSON,
CASEY KIRSCHNER, ALLCORE
DEVELOPMENT LLC, FINBRIT HOLDINGS LLC,
CHESHIRE VENTURES LLC, 2010 IRREVOCABLE
TRUST, SIGMA
REGENERATIVE SOLUTIONS LLC, CTBSRM INC,
RODNEY ATHERTON, DEMETRIUS VON LACEY,
RENRETS LLC,

    Defendants.

800 HOYT LLC,

Intervening Interpleader
Plaintiff, Intervening
Interpleader Counter-Defendant,

v.

BRIAN WATSON, WDC HOLDINGS, LLC,
BW HOLDINGS, LLC,

Interpleader Defendants,

And

AMAZON.COM, INC. and AMAZON DATA
SERVICES, INC.,
Interpleader Defendants,
Interpleader Counter-Plaintiffs.

## ANSWER TO THIRD AMENDED COMPLAINT

COMES NOW Defendant Rodney Atherton, by counsel, and for his Answer to the Third Amended Complaint filed against him herein states as follows:

## PRELIMINARY STATEMENT

1.      He denies the allegations contained in paragraph 1 of the Third Amended Complaint.

2.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Third Amended Complaint; therefore, he denies those allegations.

3.      He denies the allegations contained in paragraph 3 of the Third Amended Complaint.

4.      He denies the allegations contained in paragraph 4 of the Third Amended Complaint.

5.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 5 of the Third Amended Complaint that "Along the way, Nelson admitted in audio recordings that he was participating in "sketchy a[*]s sh[*]t," while bragging about how "clean" the scheme looked from the outside and how Amazon employees were "idiot[s]" for approving the fraudulent transactions that he and Kirschner promoted;" therefore, he denies those allegations.  He denies the remaining allegations contained in paragraph 5 of the Third Amended Complaint.

6.      He denies the allegations contained in paragraph 6 of the Third Amended Complaint.

7.      He denies the allegations contained in paragraph 7 of the Third Amended Complaint.

8.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Third Amended Complaint; therefore, he denies those allegations.

9.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Third Amended Complaint; therefore, he denies those allegations.

10.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Third Amended Complaint; therefore, he denies those allegations.

11.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Third Amended Complaint; therefore, he denies those allegations.

12.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Third Amended Complaint; therefore, he denies those allegations.

13.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Third Amended Complaint; therefore, he denies those allegations.

14.      He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Third Amended Complaint; therefore, he denies those allegations.

15.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Third Amended Complaint; therefore, he denies those allegations.

16.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Third Amended Complaint; therefore, he denies those allegations.

17.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Third Amended Complaint; therefore, he denies those allegations.

18.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Third Amended Complaint; therefore, he denies those allegations.

19.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Third Amended Complaint; therefore, he denies those allegations.

20.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Third Amended Complaint; therefore, he denies those allegations.

21.     He denies the allegation in paragraph 21 of the Third Amended Complaint that he is doing business through the firm Ergo Law. He admits the remaining allegations contained in paragraph 21 of the Third Amended Complaint.

22.     He denies the allegations contained in paragraph 22 of the Third Amended Complaint.

23.     He admits the allegations contained in paragraph 23 of the Third Amended

Complaint.

24.     He denies the allegations contained in paragraph 24 of the Third Amended

Complaint that "Defendant Demetrius Von Lacey ("Von Lacey") is the individual paid to sign

documents for Nelson and Kirschner's shell entities. Upon information and belief, he admits the

remaining allegations contained in paragraph 24.

25.     He is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 25 of the Third Amended Complaint;

therefore, he denies those allegations.

26.     He denies the allegations contained in paragraph 26 of the Third Amended

Complaint that "Villanova Trust was formed by Atherton for the purpose of funneling money

from Northstar to Nelson and Kirschner." He admits the remaining allegations of the paragraph

26.

27.     He is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 27 of the Third Amended Complaint;

therefore, he denies those allegations.

28.     He admits the allegations contained in paragraph 28 of the Third Amended

Complaint.

29.     He admits the allegation in paragraph 29 of the Third Amended Complaint that he

formed Villanova Trust. He denies the remaining allegations contained in paragraph 29 of the

Third Amended Complaint.

30.     He admits the allegations contained in paragraph 30 of the Third Amended

Complaint.

31.     He denies the allegations contained in paragraph 31 of the Third Amended Complaint.

32.     He admits the allegations contained in paragraph 32 of the Third Amended Complaint.

33.     He denies the allegations contained in paragraph 33 of the Third Amended Complaint.

34.     He denies the allegations contained in paragraph 34 of the Third Amended Complaint.

35.     He admits the allegations contained in paragraph 35 of the Third Amended Complaint.

36.     He denies the allegations contained in paragraph 36 of the Third Amended Complaint.

37.     He admits the allegations contained in paragraph 37 of the Third Amended Complaint.

38.     He denies the allegations contained in paragraph 38 of the Third Amended Complaint.

39.     He admits the allegations contained in paragraph 39 of the Third Amended Complaint.

40.     He admits the allegations contained in paragraph 40 of the Third Amended Complaint.

41.     He admits the allegations contained in paragraph 41 of the Third Amended Complaint.

42.    He denies the allegations contained in paragraph 42 of the Third Amended Complaint.

43.    He admits the allegations contained in paragraph 43 of the Third Amended Complaint.

44.    He denies the allegations contained in paragraph 44 of the Third Amended Complaint.

45.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Third Amended Complaint; therefore, he denies those allegations.

46.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 46 of the Third Amended Complaint; therefore, he denies those allegations.

47.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Third Amended Complaint; therefore, he denies those allegations.

48.    He denies the allegations contained in paragraph 48 of the Third Amended Complaint.

49.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Third Amended Complaint; therefore, he denies those allegations.

50.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Third Amended Complaint; therefore, he denies those allegations.

51.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Third Amended Complaint; therefore, he denies those allegations.

52.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 52 of the Third Amended Complaint; therefore, he denies those allegations.

53.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Third Amended Complaint; therefore, he denies those allegations.

54.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Third Amended Complaint; therefore, he denies those allegations.

## SUBJECT MATTER JURISDICTION AND VENUE

55.     He avers that the paragraph 55 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, he avers that he is not challenging subject matter jurisdiction.

56.     He avers that the paragraph 56 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, he avers that he is not challenging subject matter jurisdiction.

57.     He avers that the paragraph 57 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, he avers that he is not challenging subject matter jurisdiction.

58.     He avers that the paragraph 58 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, he avers that he is not challenging venue in this case.

59.     He avers that the paragraph 59 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, he avers that he is not challenging venue in this case.

## PERSONAL JURISDICTION

60.     He avers that the paragraph 60 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, he avers that he is not challenging personal jurisdiction in this case.

61.     He avers that the paragraph 61 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, he avers that he is not challenging personal jurisdiction in this case. He denies the factual allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

62.     He denies the allegations contained in paragraph 62 of the Third Amended Complaint.

## I.     A CONFIDENTIAL INFORMANT REPORTED DEFENDANTS' FRAUDULENT SCHEME TO AMAZON

63.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Third Amended Complaint; therefore, he denies those allegations.

64.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Third Amended Complaint; therefore, he denies those allegations.

65.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Third Amended Complaint; therefore, he denies those allegations.

66.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Third Amended Complaint; therefore, he denies those allegations.

67.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Third Amended Complaint; therefore, he denies those allegations.

68.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Third Amended Complaint; therefore, he denies those allegations.

69.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Third Amended Complaint; therefore, he denies those allegations.

70.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Third Amended Complaint; therefore, he denies those allegations.

71.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Third Amended Complaint; therefore, he denies those allegations.

72.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Third Amended Complaint; therefore, he denies those allegations.

## II.    NELSON AND KIRSCHNER WERE TRUSTED TO PLAY CRUCIAL ROLES WITH RESPECT TO AMAZON'S REAL ESTATE INVESTMENTS

73.     He denies the allegations contained in paragraph 73 of the Third Amended Complaint that there was a "fraudulent scheme." He is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 73; therefore, he denies those allegations.

74.     He is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 74 of the Third Amended Complaint; therefore, he denies those allegations.

75.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 75 of the Third Amended Complaint; therefore, he denies those allegations.

76.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Third Amended Complaint; therefore, he denies those allegations.

77.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 77 of the Third Amended Complaint; therefore, he denies those allegations.

78.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 78 of the Third Amended Complaint; therefore, he denies those allegations.

79.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Third Amended Complaint; therefore, he denies those allegations.

80.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 80 of the Third Amended Complaint; therefore, he denies those allegations.

81.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of the Third Amended Complaint; therefore, he denies those allegations.

82.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 82 of the Third Amended Complaint; therefore, he denies those allegations.

83.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 83 of the Third Amended Complaint; therefore, he denies those allegations.

84.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 84 of the Third Amended Complaint; therefore, he denies those allegations.

85.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 85 of the Third Amended Complaint; therefore, he denies those allegations.

86.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 86 of the Third Amended Complaint; therefore, he denies those allegations.

## III.     NELSON AND KIRSCHNER EXPLOITED THEIR ROLES TO CREATE A PAY-TO-PLAY SCHEME WITH THEIR FRIEND WATSON

87.     He denies the allegations contained in paragraph 87 of the Third Amended Complaint.

88.     He denies the allegation contained in paragraph 88 of the Third Amended Complaint that Nelson and Kirschner personally profited from kickbacks received from the Northstar Defendants. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 88 of the Third Amended Complaint, including the allegations in footnote number one; therefore, he denies the remaining allegations.

89.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 89 of the Third Amended Complaint; therefore, he denies those allegations.

90.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Third Amended Complaint; therefore, he denies those allegations.

91.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 91 of the Third Amended Complaint; therefore, he denies those allegations.

## IV.    THE FRAUDULENT LEASE TRANSACTIONS

92.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 92 of the Third Amended Complaint; therefore, he denies those allegations.

93.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 93 of the Third Amended Complaint; therefore, he denies those allegations.

94.    He denies the allegation contained in paragraph 94 of the Third Amended Complaint that Villanova Trust was established by Atherton to channel the payments back to Nelson and Kirschner. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 94 of the Third Amended Complaint; therefore, he denies those allegations.

### A.  Nelson and Kirschner Solicit Rigged Northstar Bids for Virginia Leases

95.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Third Amended Complaint; therefore, he denies those allegations.

96.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 96 of the Third Amended Complaint; therefore, he denies those allegations.

97.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Third Amended Complaint; therefore, he denies those allegations.

98.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 98 of the Third Amended Complaint; therefore, he denies those allegations.

99.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 99 of the Third Amended Complaint; therefore, he denies those allegations.

100.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 100 of the Third Amended Complaint; therefore, he denies those allegations.

101.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 101 of the Third Amended Complaint; therefore, he denies those allegations.

102.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Third Amended Complaint; therefore, he denies those allegations.

103.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Third Amended Complaint; therefore, he denies those allegations.

104.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of the Third Amended Complaint; therefore, he denies those allegations.

105.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 105 of the Third Amended Complaint; therefore, he denies those allegations.

106.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of the Third Amended Complaint; therefore, he denies those allegations.

107.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of the Third Amended Complaint; therefore, he denies those allegations.

108.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the Third Amended Complaint; therefore, he denies those allegations.

**B.  Nelson and Kirschner Secure Approval of the Rigged Northstar Bids**

109.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 109 of the Third Amended Complaint; therefore, he denies those allegations.

110.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 110 of the Third Amended Complaint; therefore, he denies those allegations.

111.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 111 of the Third Amended Complaint; therefore, he denies those allegations.

112.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Third Amended Complaint; therefore, he denies those allegations.

113.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Third Amended Complaint; therefore, he denies those allegations.

114.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 114 of the Third Amended Complaint; therefore, he denies those allegations.

115.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 115 of the Third Amended Complaint; therefore, he denies those allegations.

116.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 116 of the Third Amended Complaint; therefore, he denies those allegations.

117.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 117 of the Third Amended Complaint; therefore, he denies those allegations.

### C.  Nelson, Kirschner, and the Northstar Defendants Conspire on Lease Performance

118.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 118 of the Third Amended Complaint; therefore, he denies those allegations.

119.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 119 of the Third Amended Complaint; therefore, he denies those allegations.

120.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 120 of the Third Amended Complaint; therefore, he denies those allegations.

121.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 121 of the Third Amended Complaint; therefore, he denies those allegations.

122.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 122 of the Third Amended Complaint; therefore, he denies those allegations.

123.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Third Amended Complaint; therefore, he denies those allegations.

124.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 124 of the Third Amended Complaint; therefore, he denies those allegations.

125.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 125 of the Third Amended Complaint; therefore, he denies those allegations.

126.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 126 of the Third Amended Complaint; therefore, he denies those allegations.

127.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 127 of the Third Amended Complaint; therefore, he denies those allegations.

128.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 128 of the Third Amended Complaint; therefore, he denies those allegations.

129.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 129 of the Third Amended Complaint; therefore, he denies those allegations.

130.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 130 of the Third Amended Complaint; therefore, he denies those allegations.

131.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 131 of the Third Amended Complaint, including the allegations in footnote numbers two through five; therefore, he denies those allegations.

132.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 132 of the Third Amended Complaint; therefore, he denies those allegations.

133.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 133 of the Third Amended Complaint; therefore, he denies those allegations.

134.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 134 of the Third Amended Complaint; therefore, he denies those allegations.

135.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 135 of the Third Amended Complaint; therefore, he denies those allegations.

136.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Third Amended Complaint; therefore, he denies those allegations.

137.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 137 of the Third Amended Complaint; therefore, he denies those allegations.

138.    He denies the allegations contained in paragraph 138 of the Third Amended Complaint.

139.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 139 of the Third Amended Complaint; therefore, he denies those allegations.

140.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 140 of the Third Amended Complaint; therefore, he denies those allegations.

141.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 141 of the Third Amended Complaint, including the allegations in footnote number six; therefore, he denies those allegations.

142.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 142 of the Third Amended Complaint; therefore, he denies those allegations.

143.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 143 of the Third Amended Complaint; therefore, he denies those allegations.

144.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 144 of the Third Amended Complaint; therefore, he denies those allegations.

145.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 145 of the Third Amended Complaint; therefore, he denies those allegations.

146.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 146 of the Third Amended Complaint; therefore, he denies those allegations.

147.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 147 of the Third Amended Complaint; therefore, he denies those allegations.

148.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 148 of the Third Amended Complaint; therefore, he denies those allegations.

149.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 149 of the Third Amended Complaint; therefore, he denies those allegations.

150.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 150 of the Third Amended Complaint; therefore, he denies those allegations.

151.    He denies the allegations contained in paragraph 151 of the Third Amended Complaint.

152.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 152 of the Third Amended Complaint; therefore, he denies those allegations.

153.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Third Amended Complaint; therefore, he denies those allegations.

154.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 154 of the Third Amended Complaint; therefore, he denies those allegations.

155.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 155 of the Third Amended Complaint; therefore, he denies those allegations.

156.     He denies the allegations contained in paragraph 156 of the Third Amended Complaint.

**D.  Northstar's COO Reported the Fraudulent Lease Transaction Conduct and Northstar was Terminated from the Lease Transaction as a Result**

157.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Third Amended Complaint, including the allegations in footnote number seven; therefore, he denies those allegations.

158.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the Third Amended Complaint; therefore, he denies those allegations.

159.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 159 of the Third Amended Complaint; therefore, he denies those allegations.

160.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 160 of the Third Amended Complaint; therefore, he denies those allegations.

161.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 161 of the Third Amended Complaint; therefore, he denies those allegations.

162.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 162 of the Third Amended Complaint; therefore, he denies those allegations.

163.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 163 of the Third Amended Complaint; therefore, he denies those allegations.

164.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 164 of the Third Amended Complaint; therefore, he denies those allegations.

165.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 165 of the Third Amended Complaint; therefore, he denies those allegations.

166.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 166 of the Third Amended Complaint; therefore, he denies those allegations.

167.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 167 of the Third Amended Complaint; therefore, he denies those allegations.

168.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 168 of the Third Amended Complaint; therefore, he denies those allegations.

169.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 169 of the Third Amended Complaint; therefore, he denies those allegations.

170.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 170 of the Third Amended Complaint; therefore, he denies those allegations.

171.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 171 of the Third Amended Complaint; therefore, he denies those allegations.

172.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 172 of the Third Amended Complaint; therefore, he denies those allegations.

173.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 173 of the Third Amended Complaint; therefore, he denies those allegations.

174.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 174 of the Third Amended Complaint; therefore, he denies those allegations.

175.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 175 of the Third Amended Complaint; therefore, he denies those allegations.

176.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 176 of the Third Amended Complaint; therefore, he denies those allegations.

177.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 177 of the Third Amended Complaint; therefore, he denies those allegations.

178.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 178 of the Third Amended Complaint; therefore, he denies those allegations.

179.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 179 of the Third Amended Complaint; therefore, he denies those allegations.

180.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 180 of the Third Amended Complaint; therefore, he denies those allegations.

181.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 181 of the Third Amended Complaint; therefore, he denies those allegations.

182.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 182 of the Third Amended Complaint; therefore, he denies those allegations.

183.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 183 of the Third Amended Complaint; therefore, he denies those allegations.

184.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 184 of the Third Amended Complaint; therefore, he denies those allegations.

185.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 185 of the Third Amended Complaint; therefore, he denies those allegations.

186.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 186 of the Third Amended Complaint; therefore, he denies those allegations.

### E.  Amazon and IPI Amend the Tainted Lease Transactions to Mitigate Damages From Northstar's Fraud

187.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 187 of the Third Amended Complaint; therefore, he denies those allegations.

188.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 188 of the Third Amended Complaint; therefore, he denies those allegations.

189.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 189 of the Third Amended Complaint; therefore, he denies those allegations.

190.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 190 of the Third Amended Complaint; therefore, he denies those allegations.

191.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 191 of the Third Amended Complaint; therefore, he denies those allegations.

192.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 192 of the Third Amended Complaint; therefore, he denies those allegations.

193.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 193 of the Third Amended Complaint; therefore, he denies those allegations.

194.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 194 of the Third Amended Complaint; therefore, he denies those allegations.

195.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 195 of the Third Amended Complaint; therefore, he denies those allegations.

196.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 196 of the Third Amended Complaint; therefore, he denies those allegations.

**F.  Defendants Obtained Millions of Dollars as a Result of the Fraudulent Lease Transaction Conduct**

197.    He denies the allegations contained in paragraph 197 of the Third Amended Complaint that "kickbacks benchmarked to various transaction fees and funneled through multiple shell entities, disguised lump payouts on Amazon transactions." He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining

allegations contained in paragraph 197 of the Third Amended Complaint; therefore, he denies those allegations.

198.    He denies the allegations contained in paragraph 198 of the Third Amended Complaint.

199.    He denies the allegations contained in paragraph 199 of the Third Amended Complaint.

200.    He admits the allegation contained in paragraph 200 of the Third Amended Complaint that he is an attorney barred in Colorado who was previously suspended from the practice of law from November 15, 2013 to February 25, 2014. He avers that the order adjudicating his disciplinary matter is a document that speaks for itself, and he denies any characterization of that document that is inconsistent with its terms. He admits that certain bank accounts held in his name have been the subject of forfeiture actions related to the government's investigation of the allegations in Amazon's Third Amended Complaint, but he denies that such forfeiture actions are warranted.

201.    He denies the allegation contained in paragraph 201 of the Third Amended Complaint that there was a conspiracy and that that his "job" was to "make [them] invisible" and "to keep these guys safe." He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Nelson made the statements contained in paragraph 201 of the Third Amended Complaint; therefore, he denies those allegations. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in footnote nine; therefore, he denies those allegations.

202.    He denies the allegations contained in paragraph 202 of Third Amended Complaint as phrased.

203.     He denies the allegations contained in paragraph 203 of the Third Amended Complaint.

204.     He admits the allegations contained in paragraph 204 of the Third Amended Complaint that he formed Cheshire Ventures and Finbrit in Wyoming in June 2019 and September 2019, respectively, and Sigma in Colorado in June 2019. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 204 of the Third Amended Complaint.

205.     He admits the allegations contained in paragraph 205 of the Third Amended Complaint.

206.     He denies the allegation contained in paragraph 206 of the Third Amended Complaint that he "expected to obtain tens of millions as a result of the fraudulent lease transaction conduct, including approximately $5,120,000 in kickbacks attributable to the Leases paid by Defendants Watson and WDC Holdings via the Villanova Trust." He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 206 of the Third Amended Complaint; therefore, he denies those allegations.

207.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 207 of the Third Amended Complaint; therefore, he denies those allegations.

208.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 208 of the Third Amended Complaint; therefore, he denies those allegations.

209.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 209 of the Third Amended Complaint; therefore, he denies those allegations.

210.    He admits the allegations contained in paragraph 210 of the Third Amended Complaint that the Villanova Trust made deposits to 2010 Trust and the 2010 Trust made deposits to Allcore. He denies the remaining allegations contained in paragraph 210 of the Third Amended Complaint.

211.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 211 of the Third Amended Complaint; therefore, he denies those allegations.

212.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 212 of the Third Amended Complaint; therefore, he denies those allegations.

213.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 213 of the Third Amended Complaint; therefore, he denies those allegations.

214.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 214 of the Third Amended Complaint; therefore, he denies those allegations.

215.    In response to paragraph 215 of the Third Amended Complaint, he admits that deposits were made from Villanova Trust to 2010 Trust and that deposits were made from 2010 Trust to Allcore. He denies the remaining allegations contained in paragraph 215 of the Third Amended Complaint.

216.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 216 of the Third Amended Complaint; therefore, he denies those allegations.

217.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 217 of the Third Amended Complaint; therefore, he denies those allegations.

## V.     THE FRAUDULENT DIRECT PURCHASES

218.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 218 of the Third Amended Complaint; therefore, he denies those allegations.

219.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 219 of the Third Amended Complaint; therefore, he denies those allegations.

### A.  The White Peaks Transaction

220.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 220 of the Third Amended Complaint; therefore, he denies those allegations.

221.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 221 of the Third Amended Complaint; therefore, he denies those allegations.

222.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 222 of the Third Amended Complaint; therefore, he denies those allegations.

223.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 223 of the Third Amended Complaint; therefore, he denies those allegations.

224.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 224 of the Third Amended Complaint; therefore, he denies those allegations.

225.    He denies the allegation in paragraph 225 of the Third Amended Complaint that "As described below, a portion of those funds were used to pay kickbacks to Nelson, Kirschner, and Watson." He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 225 of the Third Amended Complaint; therefore, he denies those allegations.

226.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 226 of the Third Amended Complaint, including all sub-parts and footnotes ten and eleven; therefore, he denies those allegations.

227.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 227 of the Third Amended Complaint; therefore, he denies those allegations.

228.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 228 of the Third Amended Complaint; therefore, he denies those allegations.

229.    He denies the allegations in paragraph 229 of the Third Amended Complaint.

230.    In response to paragraph 230 of the Third Amended Complaint, he admits that Kirschner borrowed funds from CTBSRM for construction of a residence. He denies the remaining allegations contained in paragraph 230 of the Third Amended Complaint.

231.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 231 of the Third Amended Complaint; therefore, he denies those allegations.

232.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 232 of the Third Amended Complaint; therefore, he denies those allegations.

233.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 233 of the Third Amended Complaint; therefore, he denies those allegations.

234.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 234 of the Third Amended Complaint; therefore, he denies those allegations.

235.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 235 of the Third Amended Complaint; therefore, he denies those allegations.

236.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 236 of the Third Amended Complaint; therefore, he denies those allegations.

237.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 237 of the Third Amended Complaint; therefore, he denies those allegations.

238.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 238 of the Third Amended Complaint, including all sub-parts; therefore, he denies those allegations.

239.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 239 of the Third Amended Complaint; therefore, he denies those allegations.

240.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 240 of the Third Amended Complaint; therefore, he denies those allegations.

241.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 241 of the Third Amended Complaint; therefore, he denies those allegations.

242.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 242 of the Third Amended Complaint; therefore, he denies those allegations.

243.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 243 of the Third Amended Complaint; therefore, he denies those allegations.

### B.  The Blueridge Transaction

244.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 244 of the Third Amended Complaint; therefore, he denies those allegations.

245.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 245 of the Third Amended Complaint; therefore, he denies those allegations.

246.    He denies the allegation in paragraph 246 of the Third Amended Complaint that "The Blueridge Group partnered with Nelson, who was working under a consultancy agreement between the Blueridge Group and Finbrit." He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 246 of the Third Amended Complaint; therefore, he denies those allegations.

247.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 247 of the Third Amended Complaint that the allegations in paragraph 247 were "unbeknownst to Amazon;" therefore, he denies those allegations.  He avers that the Finder's Fee Agreement speaks for itself, and he denies any characterization of that document that is inconsistent with its terms.

248.    He denies the allegation in paragraph 248 of the Third Amended Complaint that the Finger's Fee Agreement was negotiated for Nelson and Kirschner by Atherton. He admits the remaining allegation in paragraph 248 of the Third Amended Complaint.

249.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 249 of the Third Amended Complaint; therefore, he denies those allegations.

250. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 250 of the Third Amended Complaint; therefore, he denies those allegations.

251. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 251 of the Third Amended Complaint; therefore, he denies those allegations.

252. He admits the allegations contained in paragraph 252 of the Third Amended Complaint that Nelson's email address is "Cheshireventures@outlook.com." He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 252 of the Third Amended Complaint; therefore, he denies those allegations.

253. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 253 of the Third Amended Complaint; therefore, he denies those allegations.

254. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 254 of the Third Amended Complaint; therefore, he denies those allegations.

255. He denies the allegation in paragraph 255 of the Third Amended Complaint that "Atherton aided Nelson (and thereby Kirschner, who benefitted through his receipt of half of the proceeds provided to Finbrit through the corrupt arrangement to avoid detection by Amazon of his illicit role in connection with the Blueridge Transaction." He avers that the cited emails speak for themselves, and he denies any characterization of those documents that are inconsistent with its terms.

256.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 256 of the Third Amended Complaint; therefore, he denies those allegations.

257.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 257 of the Third Amended Complaint; therefore, he denies those allegations.

258.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 258 of the Third Amended Complaint; therefore, he denies those allegations.

259.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 259 of the Third Amended Complaint; therefore, he denies those allegations.

260.     In response to paragraph 260 of the Third Amended Complaint, he avers that the referenced email speaks for itself, and he denies any characterization of that email that is inconsistent with its terms.

261.     In response to paragraph 261 of the Third Amended Complaint, he avers that the referenced email speaks for itself, and he denies any characterization of that email that is inconsistent with its terms.

262.     He denies the allegation in paragraph 262 of the Third Amended Complaint that the $20,000 "Thank You Bonus" to Lim was in return for his concealed assistance to Nelson, Kirschner, Atherton and Von Lacey on the Blueridge Transaction. He admits the allegation in paragraph 262 that Defendant Allcore issued a $20,000 "Thank you bonus."

263.    He admits the allegations contained in paragraph 263 of the Third Amended Complaint.

264.    He denies the allegation in paragraph 264 of the Third Amended Complaint.

265.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 265 of the Third Amended Complaint that "the value of any services or improvements that the Blueridge Group might have provided with respect to the Blueridge Property between the time it signed the purchase agreement and the time it assigned it to Amazon did not total anywhere near $10 million"; therefore, he denies those allegations. He admits the allegation in paragraph 265 that there was a fee payable to Blueridge Group of 50%. He denies the allegation in paragraph 265 that the fee was a hidden kickback payment for the benefit of Nelson and Kirchner.

266.    He denies the allegation in paragraph 266 of the Third Amended Complaint that the 2010 Irrevocable Trust was set up by Atherton to funnel kickbacks to Nelson, Kirschner, and Atherton. He denies the remaining allegation in paragraph 266.

267.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 267 of the Third Amended Complaint that "Between on or about December 30, 2019 and on or about March 20, 2020, Nelson received approximately $1.1 million in proceeds from the Blueridge transaction via accounts controlled by Atherton, Sigma, Cheshire Ventures, and Renrets. Between on or about December 31, 2019, and March 18, 2020, Kirschner received approximately $500,000 in proceeds from the Blueridge transaction via accounts controlled by Atherton, Sigma, and Kirschner and Kirschner spent $600,000 of the proceeds on the construction of a lake house in Plymouth, Minnesota;" therefore, he denies those allegations.  He admits the allegation in paragraph 267 of the Third

Amended Complaint that "on or about December 27, 2019, Atherton caused funds in the amount of approximately $3.6 million to be transferred from the 2010 Irrevocable Trust to an account controlled by Atherton and Von Lacey and held in the name of CTBSRM." He denies the remaining allegations contained in paragraph 267.

### C. Defendants Obtained Tens of Millions of Illicit Gains as a Result of the Fraudulent Purchase Transaction Conduct

268.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 268 of the Third Amended Complaint; therefore, he denies those allegations.

269.    He denies the allegations contained in paragraph 269 of the Third Amended Complaint.

270.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 270 of the Third Amended Complaint; therefore, he denies those allegations.

### D. The Northstar Defendants are Liable Under the Doctrine of Respondent Superior for the Acts of Their Employees, Kyle Ramstetter and Will Camenson, in the Direct Purchase Portion of the Kick Scheme.

271.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 271 of the Third Amended Complaint; therefore, he denies those allegations.

272.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 272 of the Third Amended Complaint; therefore, he denies those allegations.

273.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 273 of the Third Amended Complaint; therefore, he denies those allegations.

274.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 274 of the Third Amended Complaint; therefore, he denies those allegations.

275.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 275 of the Third Amended Complaint; therefore, he denies those allegations.

276.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 276 of the Third Amended Complaint; therefore, he denies those allegations.

277.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 277 of the Third Amended Complaint; therefore, he denies those allegations.

278.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 278 of the Third Amended Complaint; therefore, he denies those allegations.

279.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 279 of the Third Amended Complaint; therefore, he denies those allegations.

280.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 280 of the Third Amended Complaint; therefore, he denies those allegations.

281.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 281 of the Third Amended Complaint; therefore, he denies those allegations.

282.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 282 of the Third Amended Complaint; therefore, he denies those allegations.

283.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 283 of the Third Amended Complaint; therefore, he denies those allegations.

284.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 284 of the Third Amended Complaint; therefore, he denies those allegations.

285.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 285 of the Third Amended Complaint; therefore, he denies those allegations.

286.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 286 of the Third Amended Complaint; therefore, he denies those allegations.

## VI.    DEFENDANTS USED A COMPLEX WEB OF TRUSTS AND ENTITIES TO CONCEAL THEIR ILLICIT GAINS AND AVOID PAYMENT OF TAXES

287.    He denies the allegations contained in paragraph 287 of the Third Amended Complaint.

288.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 288 of the Third Amended Complaint; therefore, he denies those allegations.

### E.  Atherton

289.    He denies the allegations contained in paragraph 289 of the Third Amended Complaint.

290.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 290 of the Third Amended Complaint; therefore, he denies those allegations.

291.    He denies the allegations contained in paragraph 291 of the Third Amended Complaint.

292.    He denies the allegation contained in paragraph 292 of the Third Amended Complaint that "Atherton was a willing and knowing participant in the conspiracy who sought to shield and recharacterize his role behind the veil of legitimate legal services." He admits the remaining allegations in paragraph 292 of the Third Amended Complaint.

293.    He denies the allegation contained in paragraph 293 of the Third Amended Complaint that "Atherton was enthusiastic about becoming involved in this scheme." In response to the remaining allegations in paragraph 293, he avers that the referenced writing speaks for itself, and he denies any characterization of that document that is inconsistent with its terms.

294.    He denies the allegations contained in paragraph 294 of the Third Amended Complaint.

### F.  Von Lacey

295.    He denies the allegations contained in paragraph 295 of the Third Amended Complaint.

296.    He admits the allegation contained in paragraph 296 of the Third Amended Complaint that he described Von Lacey to Christian as a "quality guy." He denies the remaining allegations in paragraph 296 of the Third Amended Complaint.

297.    He admits the allegation contained in paragraph 297 of the Third Amended Complaint.

### G.  Villanova Trust

298.    He denies the allegations contained in paragraph 298 of the Third Amended Complaint.

299.    He denies the allegations contained in paragraph 299 of the Third Amended Complaint.

300.    He denies the allegations contained in paragraph 300 of the Third Amended Complaint.

301.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 301 of the Third Amended Complaint; therefore, he denies those allegations.

302.    He denies the allegations contained in paragraph 302 of the Third Amended Complaint.

303.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 303 of the Third Amended Complaint; therefore, he denies those allegations.

**H.  AllCore**

304.    He admits the allegation contained in paragraph 304 of the Third Amended Complaint that he formed Defendant Allcore in March 2018. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 304 of the Third Amended Complaint.

305.    He denies the allegations contained in paragraph 305 of the Third Amended Complaint.

306.    He denies the allegations contained in paragraph 306 of the Third Amended Complaint.

307.    He denies the allegations contained in paragraph 307 of the Third Amended Complaint.

308.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 308 of the Third Amended Complaint that "In a July 2019 conversation, Nelson told Ramstetter that the loans "aren't recorded, they're totally, I mean it's literally, Rod [Atherton] will say like 'yeah so you're not paying the notes. So who's going to complain? The trust? … Well I am the trust. What's going to happen?;" therefore, he denies those allegations.  He denies the remaining allegations contained in paragraph 308 of the Third Amended Complaint.

## I.   The Flow of Illicit Funds to Defendants

309.     He denies the allegations contained in paragraph 309 of the Third Amended Complaint.

      i.    He denies the allegations contained in subpart (i) of paragraph 309 of the Third Amended Complaint. He avers that the messages referenced in footnote twelve speak for themselves, and he denies any characterization of that document that is inconsistent with its terms.

      ii.    He denies the allegations contained in subpart (ii) of paragraph 309 of the Third Amended Complaint.

      iii.    He denies the allegations contained in subpart (iii) of paragraph 309 of the Third Amended Complaint.

      iv.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in subpart (iv) of paragraph 309 of the Third Amended Complaint as well as the allegations in footnote thirteen; therefore, he denies those allegations.

      v.    He admits the allegations contained in subpart (v) of paragraph 309 of the Third Amended Complaint.

      vi.    He admits the allegations contained in subpart (vi) of paragraph 309 of the Third Amended Complaint as to CTBSRM, Sigma Regenerative Solutions LLC and Atherton. He denies the allegations as to Ergo Law LLC and Allcore Development LLC.

      vii.    He denies the allegations contained in subpart (vii) of paragraph 309 of the Third Amended Complaint.

     viii.    He admits the allegations contained in (viii) of paragraph 309 of the Third Amended Complaint as to Allcore Development and Ergo Law. He denies the allegation as to Sigma Regenerative Solutions LLC.

310.    He denies the allegations contained in paragraph 310 of the Third Amended Complaint.

311.    He denies the introductory allegations contained in paragraph 311 of the Third Amended Complaint.

     i.    In response to subpart (i) of paragraph 311, he avers that the referenced Promissory Note Agreement speaks for itself, and he denies any characterization of that document that is inconsistent with its terms.

     ii.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in subpart (ii) of paragraph 311 of the Third Amended Complaint as well as the allegations in footnote fourteen; therefore, he denies those allegations.

     iii.    In response to subpart (iii) of paragraph 311, he avers that the referenced discovery response speaks for itself, and he denies any characterization of that document that is inconsistent with its terms.

312.    He denies the allegations contained in paragraph 312 of the Third Amended Complaint.

313.    In response to paragraph 313, he avers that the referenced text message exchange speaks for itself, and he denies any characterization of that document that is inconsistent with its terms.

314.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 314 of the Third Amended Complaint; therefore, he denies those allegations.

315.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 315 of the Third Amended Complaint; therefore, he denies those allegations.

316.    He denies the allegations contained in paragraph 316 of the Third Amended Complaint as well as the allegations in footnote fifteen.

### J.    Nelson and Kirschner Intended to Continue their Pay-to-play Scheme After Departing from Amazon

317.    He denies the allegations contained in paragraph 317 of the Third Amended Complaint.

318.    He denies the allegations contained in paragraph 318 of the Third Amended Complaint.

319.    In response to paragraph 319 of the Third Amended Complaint, he avers that the public registration documents for the referenced entities speak for themselves and he denies any characterization of those documents that is inconsistent with their terms. He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 319 of the Third Amended Complaint; therefore, he denies those allegations and calls for strict proof thereof.

320.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 320 of the Third Amended Complaint that Nelson was terminated from Amazon in June 2019; therefore, he denies those allegations.  He

avers that the referenced email speaks for itself, and he denies any characterization of that email that is inconsistent with its terms.

321.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 321 of the Third Amended Complaint; therefore, he denies those allegations.

322.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 322 of the Third Amended Complaint; therefore, he denies those allegations.

323.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 323 of the Third Amended Complaint; therefore, he denies those allegations.

## VII.   NELSON AND KIRSCHNER'S CONDUCT VIOLATED THEIR DUTIES TO AMAZON

324.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 324 of the Third Amended Complaint; therefore, he denies those allegations.

325.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 325 of the Third Amended Complaint; therefore, he denies those allegations.

326.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 326 of the Third Amended Complaint; therefore, he denies those allegations.

327.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 327 of the Third Amended Complaint; therefore, he denies those allegations.

328.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 328 of the Third Amended Complaint; therefore, he denies those allegations.

329.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 329 of the Third Amended Complaint; therefore, he denies those allegations.

330.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 330 of the Third Amended Complaint; therefore, he denies those allegations.

331.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 331 of the Third Amended Complaint; therefore, he denies those allegations.

332.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 332 of the Third Amended Complaint; therefore, he denies those allegations.

333.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 333 of the Third Amended Complaint; therefore, he denies those allegations.

334.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 334 of the Third Amended Complaint; therefore, he denies those allegations.

335.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 335 of the Third Amended Complaint; therefore, he denies those allegations.

336.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 336 of the Third Amended Complaint; therefore, he denies those allegations.

337.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 337 of the Third Amended Complaint; therefore, he denies those allegations.

338.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 338 of the Third Amended Complaint, including any and all allegations in the chart; therefore, he denies those allegations.

339.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 339 of the Third Amended Complaint; therefore, he denies those allegations.

340.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 340 of the Third Amended Complaint; therefore, he denies those allegations.

341.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 341 of the Third Amended Complaint; therefore, he denies those allegations.

342.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 342 of the Third Amended Complaint; therefore, he denies those allegations.

343.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 343 of the Third Amended Complaint; therefore, he denies those allegations.

344.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 344 of the Third Amended Complaint; therefore, he denies those allegations.

345.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 345 of the Third Amended Complaint; therefore, he denies those allegations.

346.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 346 of the Third Amended Complaint; therefore, he denies those allegations.

347.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 347 of the Third Amended Complaint; therefore, he denies those allegations.

348.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 348 of the Third Amended Complaint; therefore, he denies those allegations.

349.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 349 of the Third Amended Complaint; therefore, he denies those allegations.

350.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 350 of the Third Amended Complaint; therefore, he denies those allegations.

**VIII.   THE DEFENDANTS' EFFORTS TO CONCEAL THEIR ILLICIT SCHEME**

351.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 351 of the Third Amended Complaint; therefore, he denies those allegations.

352.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 352 of the Third Amended Complaint; therefore, he denies those allegations.

353.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 353 of the Third Amended Complaint; therefore, he denies those allegations.

354.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 354 of the Third Amended Complaint; therefore, he denies those allegations.

355.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 355 of the Third Amended Complaint; therefore, he denies those allegations.

356.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 356 of the Third Amended Complaint; therefore, he denies those allegations.

357.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 357 of the Third Amended Complaint; therefore, he denies those allegations.

358.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 358 of the Third Amended Complaint; therefore, he denies those allegations.

359.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 359 of the Third Amended Complaint; therefore, he denies those allegations.

360.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 360 of the Third Amended Complaint; therefore, he denies those allegations.

361.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 361 of the Third Amended Complaint; therefore, he denies those allegations.

362.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 362 of the Third Amended Complaint; therefore, he denies those allegations.

363.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 363 of the Third Amended Complaint; therefore, he denies those allegations.

364.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 364 of the Third Amended Complaint; therefore, he denies those allegations.

365.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 365 of the Third Amended Complaint; therefore, he denies those allegations.

366.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 366 of the Third Amended Complaint; therefore, he denies those allegations.

367.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 367 of the Third Amended Complaint; therefore, he denies those allegations.

368.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 368 of the Third Amended Complaint; therefore, he denies those allegations.

369.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 369 of the Third Amended Complaint; therefore, he denies those allegations.

370.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 370 of the Third Amended Complaint; therefore, he denies those allegations.

371.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 371 of the Third Amended Complaint; therefore, he denies those allegations.

372.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 372 of the Third Amended Complaint; therefore, he denies those allegations.

373.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 373 of the Third Amended Complaint; therefore, he denies those allegations.

374.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 374 of the Third Amended Complaint; therefore, he denies those allegations.

375.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 375 of the Third Amended Complaint; therefore, he denies those allegations.

**COUNT I**
**RICO Enterprise – In Violation of RICO 18 U.S.C. §§ 1962(a), (b), (c), (d)**

376.    He hereby incorporates by reference the preceding paragraphs as if they were set forth fully herein.

377.    He avers that paragraph 377 of the Third Amended Complaint does not require a response. To the extent a response is required, he denies the allegations in paragraph 377.

378.    He avers that the paragraph 378 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, he is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 378 of the Third Amended Complaint; therefore, he denies those allegations.

379.    He denies the allegations contained in paragraph 379 of the Third Amended Complaint.

380.    He denies the allegations contained in paragraph 380 of the Third Amended Complaint.

381.    He denies the allegations contained in paragraph 381 of the Third Amended Complaint.

382.    He denies the allegations contained in paragraph 382 of the Third Amended Complaint.

383.    He denies the allegations contained in paragraph 383 of the Third Amended Complaint.

384.    He denies the allegations contained in paragraph 384 of the Third Amended Complaint.

385.    He denies the allegations contained in paragraph 385 of the Third Amended Complaint.

386.    He denies the allegations contained in paragraph 386 of the Third Amended Complaint.

387.    He denies the allegations contained in paragraph 387 of the Third Amended Complaint.

388.    He denies the allegations contained in paragraph 388 of the Third Amended Complaint.

**Pattern of Racketeering Activity**

389.    He denies the allegations contained in paragraph 389 of the Third Amended Complaint.

**Multiple Instances of Wire Fraud in Violation of 18 U.S.C. § 1343**

390.    He denies the allegations contained in paragraph 390 of the Third Amended Complaint.

391.    He denies the allegations contained in paragraph 391 of the Third Amended Complaint.

392.    He denies the allegations contained in paragraph 392 of the Third Amended Complaint.

393.    He denies the allegations contained in paragraph 393 of the Third Amended Complaint.

394.    He denies the allegations contained in paragraph 394 of the Third Amended Complaint.

395.    He denies the allegations contained in paragraph 395 of the Third Amended Complaint.

**Honest Services Fraud in Violation of 18 U.S.C. §§ 1343, 1346**

396.    He denies the allegations contained in paragraph 396 of the Third Amended Complaint.

397.    He denies the allegations contained in paragraph 397 of the Third Amended Complaint.

398.    He denies the allegations contained in paragraph 398 of the Third Amended Complaint.

399.    He denies the allegations contained in paragraph 399 of the Third Amended Complaint.

400.    He denies the allegations contained in paragraph 400 of the Third Amended Complaint.

401.    He denies the allegations contained in paragraph 401 of the Third Amended Complaint.

402.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 402 of the Third Amended Complaint; therefore, he denies those allegations.

403.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 403 of the Third Amended Complaint; therefore, he denies those allegations.

404.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 404 of the Third Amended Complaint; therefore, he denies those allegations.

405.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 405 of the Third Amended Complaint; therefore, he denies those allegations.

406.    He denies the allegations contained in paragraph 406 of the Third Amended Complaint.

407.    He denies the allegations contained in paragraph 407 of the Third Amended Complaint.

408.    He denies the allegations contained in paragraph 408 of the Third Amended Complaint.

## Money Laundering in Violation of 18 U.S.C. § 1956

409.    He avers that the paragraph 409 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

410.    He avers that the paragraph 410 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

411.    He avers that the paragraph 411 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

412.    He avers that the paragraph 412 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

413.    He denies the allegations contained in paragraph 413 of the Third Amended Complaint.

414.    He denies the allegations contained in paragraph 414 of the Third Amended Complaint.

415.     He denies the allegations contained in paragraph 415 of the Third Amended Complaint.

416.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 416 of the Third Amended Complaint; therefore, he denies those allegations.

417.     He denies the allegations contained in paragraph 417 of the Third Amended Complaint.

### Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity in Violation of 18 U.S.C. § 1957

418.     He avers that the paragraph 418 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

419.     He avers that the paragraph 419 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

420.     He avers that the paragraph 420 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

421.     He denies the allegations contained in paragraph 421 of the Third Amended Complaint.

422.     He denies the allegations contained in paragraph 422 of the Third Amended Complaint.

423.     He denies the allegations contained in paragraph 423 of the Third Amended Complaint.

424.     He denies the allegations contained in paragraph 424 of the Third Amended Complaint.

425.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 425 of the Third Amended Complaint; therefore, he denies those allegations.

426.    He denies the allegations contained in paragraph 426 of the Third Amended Complaint.

427.    He denies the allegations contained in paragraph 427 of the Third Amended Complaint.

**Violation of the Travel Act, 18 U.S.C. § 1952**

428.    He avers that the paragraph 428 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

429.    He avers that the paragraph 429 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

430.    He denies the allegations contained in paragraph 430 of the Third Amended Complaint.

431.    He denies the allegations contained in paragraph 431 of the Third Amended Complaint.

432.    He denies the allegations contained in paragraph 432 of the Third Amended Complaint.

**Predicate Acts of Racketeering Activity Amount to a Pattern of Racketeering Activity under 18 U.S.C. § 1961 (5)**

433.    He denies the allegations contained in paragraph 433 of the Third Amended Complaint.

434.    He denies the allegations contained in paragraph 434 of the Third Amended Complaint.

435.     He denies the allegations contained in paragraph 435 of the Third Amended Complaint.

436.     He denies the allegations contained in paragraph 436 of the Third Amended Complaint.

437.     He denies the allegations contained in paragraph 437 of the Third Amended Complaint.

438.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 438 of the Third Amended Complaint; therefore, he denies those allegations.

439.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 439 of the Third Amended Complaint; therefore, he denies those allegations.

440.     He denies the allegations contained in paragraph 440 of the Third Amended Complaint.

441.     He denies the allegations contained in paragraph 441 of the Third Amended Complaint.

442.     He denies the allegations contained in paragraph 442 of the Third Amended Complaint.

443.     He denies the allegations contained in paragraph 443 of the Third Amended Complaint.

444.     He denies the allegations contained in paragraph 444 of the Third Amended Complaint.

445.    He denies the allegations contained in paragraph 445 of the Third Amended Complaint.

446.    He denies the allegations contained in paragraph 446 of the Third Amended Complaint.

447.    He denies the allegations contained in paragraph 447 of the Third Amended Complaint.

448.    He denies the allegations contained in paragraph 448 of the Third Amended Complaint.

449.    He denies the allegations contained in paragraph 449 of the Third Amended Complaint.

450.    He denies the allegations contained in paragraph 450 of the Third Amended Complaint.

451.    He denies the allegations contained in paragraph 451 of the Third Amended Complaint.

**COUNT II**
**Detinue Pursuant to Va. Code § 8.01-114**

452.    He hereby incorporates by reference the preceding paragraphs as if they were set forth fully herein.

453.    He avers that paragraph 453 of the Third Amended Complaint does not require a response. To the extent a response is required, he denies the allegations in paragraph 453.

454.    He avers that the paragraph 454 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations in paragraph 454 are denied.

455.     He avers that the paragraph 455 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations in paragraph 455 are denied.

456.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 456 of the Third Amended Complaint; therefore, he denies those allegations.

457.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 457 of the Third Amended Complaint; therefore, he denies those allegations.

458.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 458 of the Third Amended Complaint; therefore, he denies those allegations.

459.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 459 of the Third Amended Complaint; therefore, he denies those allegations.

460.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 460 of the Third Amended Complaint; therefore, he denies those allegations.

461.     He denies the allegations contained in paragraph 461 of the Third Amended Complaint.

462.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 462 of the Third Amended Complaint; therefore, he denies those allegations.

463.    He denies the allegations contained in paragraph 463 of the Third Amended Complaint.

464.    He denies the allegations contained in paragraph 464 of the Third Amended Complaint.

465.    He denies the allegations contained in paragraph 465 of the Third Amended Complaint.

## COUNT III
### Fraud

466.    He hereby incorporates by reference the preceding paragraphs as if they were set forth fully herein.

467.    He avers that paragraph 467 of the Third Amended Complaint does not require a response. To the extent a response is required, the allegations in paragraph 467 are denied.

468.    He avers that the paragraph 468 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations in paragraph 468 are denied.

469.    He avers that the paragraph 469 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations in paragraph 468 are denied.

470.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 470 of the Third Amended Complaint; therefore, he denies those allegations.

471.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 471 of the Third Amended Complaint; therefore, he denies those allegations.

472.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 472 of the Third Amended Complaint; therefore, he denies those allegations.

473.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 473 of the Third Amended Complaint; therefore, he denies those allegations.

474.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 474 of the Third Amended Complaint; therefore, he denies those allegations.

475.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 475 of the Third Amended Complaint; therefore, he denies those allegations.

476.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 476 of the Third Amended Complaint; therefore, he denies those allegations.

477.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 477 of the Third Amended Complaint; therefore, he denies those allegations.

478.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 478 of the Third Amended Complaint; therefore, he denies those allegations.

479.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 479 of the Third Amended Complaint; therefore, he denies those allegations.

480.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 480 of the Third Amended Complaint; therefore, he denies those allegations.

481.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 481 of the Third Amended Complaint; therefore, he denies those allegations.

482.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 482 of the Third Amended Complaint; therefore, he denies those allegations.

483.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 483 of the Third Amended Complaint; therefore, he denies those allegations.

484.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 484 of the Third Amended Complaint; therefore, he denies those allegations.

485.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 485 of the Third Amended Complaint; therefore, he denies those allegations.

486.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 486 of the Third Amended Complaint; therefore, he denies those allegations.

487.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 487 of the Third Amended Complaint; therefore, he denies those allegations.

488.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 488 of the Third Amended Complaint; therefore, he denies those allegations.

489.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 489 of the Third Amended Complaint; therefore, he denies those allegations.

490.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 490 of the Third Amended Complaint; therefore, he denies those allegations.

491.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 491 of the Third Amended Complaint; therefore, he denies those allegations.

492.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 492 of the Third Amended Complaint; therefore, he denies those allegations.

493.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 493 of the Third Amended Complaint; therefore, he denies those allegations.

494.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 494 of the Third Amended Complaint; therefore, he denies those allegations.

495.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 495 of the Third Amended Complaint; therefore, he denies those allegations.

496.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 496 of the Third Amended Complaint; therefore, he denies those allegations.

497.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 497 of the Third Amended Complaint; therefore, he denies those allegations.

498.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 498 of the Third Amended Complaint; therefore, he denies those allegations.

499.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 499 of the Third Amended Complaint; therefore, he denies those allegations.

500.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 500 of the Third Amended Complaint; therefore, he denies those allegations.

501.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 501 of the Third Amended Complaint; therefore, he denies those allegations.

## COUNT IV
## Tortious Interference with Contractual and/or Business Relations

502.     He hereby incorporates by reference the preceding paragraphs as if they were set forth fully herein.

503.     He avers that paragraph 503 of the Third Amended Complaint does not require a response. To the extent a response is required, he denies the allegations in paragraph 503.

504.     He avers that the paragraph 504 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

505.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 505 of the Third Amended Complaint; therefore, he denies those allegations.

506.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 506 of the Third Amended Complaint; therefore, he denies those allegations.

507.     He denies the allegations contained in paragraph 507 of the Third Amended Complaint.

508.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 508 of the Third Amended Complaint; therefore, he denies those allegations.

509.     He denies the allegations contained in paragraph 509 of the Third Amended Complaint.

510.     He denies the allegations contained in paragraph 510 of the Third Amended Complaint.

**COUNT V**
**Civil Conspiracy**

511.     He hereby incorporates by reference the preceding paragraphs as if they were set forth fully herein.

512.     He avers that paragraph 512 of the Third Amended Complaint does not require a response. To the extent a response is required, he denies the allegations in paragraph 512.

513.     He avers that the paragraph 513 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

514.     He avers that the paragraph 514 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

515.     He denies the allegations contained in paragraph 515 of the Third Amended Complaint.

516.     He denies the allegations contained in paragraph 516 of the Third Amended Complaint.

517.     He denies the allegations contained in paragraph 517 of the Third Amended Complaint.

518.    He denies the allegations contained in paragraph 518 of the Third Amended

Complaint.

519.    He denies the allegations contained in paragraph 519 of the Third Amended

Complaint.

## COUNT VI
## Breach of Contract

520.    He hereby incorporates by reference the preceding paragraphs as if they were set

forth fully herein.

521.    He avers that paragraph 521 of the Third Amended Complaint does not require a

response. To the extent a response is required, he denies the allegations in paragraph 521.

522.    He avers that the paragraph 522 of the Complaint states legal conclusions, thereby

requiring no response. To the extent a response is required, the allegations are denied.

523.    He avers that the paragraph 523 of the Complaint states legal conclusions, thereby

requiring no response. To the extent a response is required, the allegations are denied.

524.    He is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 524 of the Third Amended Complaint;

therefore, he denies those allegations.

525.    He is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 525 of the Third Amended Complaint;

therefore, he denies those allegations.

526.    He is without knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 526 of the Third Amended Complaint;

therefore, he denies those allegations, including the allegations in the chart included therein.

527.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 527 of the Third Amended Complaint; therefore, he denies those allegations, including the allegations in the chart included therein.

528.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 528 of the Third Amended Complaint; therefore, he denies those allegations, including the allegations in the chart included therein.

529.   He is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 529 of the Third Amended Complaint; therefore, he denies those allegations, including the allegations in the chart included therein.

**COUNT VII**
**<u>Unjust Enrichment and Constructive Trust</u>**

530.   He hereby incorporates by reference the preceding paragraphs as if they were set forth fully herein.

531.   He avers that paragraph 531 of the Third Amended Complaint does not require a response. To the extent a response is required, he denies the allegations in paragraph 531.

532.   He avers that the paragraph 532 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

533.   He avers that the paragraph 533 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

534.   He denies the allegations contained in paragraph 534 of the Third Amended Complaint.

535.   He denies the allegations contained in paragraph 535 of the Third Amended Complaint.

536.     He avers that the contracts cited in paragraph 536 of the Third Amended Complaint speak for themselves, and he denies any characterization of that document that is inconsistent with its terms. He denies the remaining allegations in paragraph 536.

537.     He denies the allegations contained in paragraph 537 of the Third Amended Complaint.

538.     He denies the allegations contained in paragraph 538 of the Third Amended Complaint that the Defendants received benefits "in unjustified payments or kickbacks because they had actual knowledge that Plaintiffs did not tend to for them to receive the benefits, as shown by the fact that they intentionally obtained – and intentionally concealed – the benefits through their knowingly illegal and fraudulent Lease Transaction portion of the RICO Enterprise." He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 538 of the Third Amended Complaint; therefore, he denies those allegations.

539.     He denies the allegations contained in paragraph 539 of the Third Amended Complaint.

540.     He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 540 of the Third Amended Complaint; therefore, he denies those allegations.

541.     He denies the allegations contained in paragraph 541 of the Third Amended Complaint.

542.     He denies the allegations contained in paragraph 542 of the Third Amended Complaint.

543.    He denies the allegations contained in paragraph 543 of the Third Amended Complaint.

544.    He denies the allegations contained in paragraph 544 of the Third Amended Complaint.

545.    He denies the allegations contained in paragraph 545 of the Third Amended Complaint.

546.    He denies the allegations contained in paragraph 546 of the Third Amended Complaint.

547.    He denies the allegations contained in paragraph 547 of the Third Amended Complaint.

548.    He denies the allegations contained in paragraph 548 of the Third Amended Complaint.

549.    He denies the allegations contained in paragraph 549 of the Third Amended Complaint.

550.    He is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 540 of the Third Amended Complaint; therefore, he denies those allegations. He denies the allegation of any misconduct by Defendant Atherton.

551.    He denies the allegations contained in paragraph 551 of the Third Amended Complaint.

**COUNT VIII**
**Conversion and Constructive Trust**

552.    He hereby incorporates by reference the preceding paragraphs as if they were set forth fully herein.

553.    He avers that paragraph 553 of the Third Amended Complaint does not require a response. To the extent a response is required, he denies the allegations in paragraph 531.

554.    He avers that the paragraph 554 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

555.    He avers that the paragraph 555 of the Complaint states legal conclusions, thereby requiring no response. To the extent a response is required, the allegations are denied.

556.    He denies the allegations contained in paragraph 556 of the Third Amended Complaint.

557.    He denies the allegations contained in paragraph 557 of the Third Amended Complaint.

558.    He denies the allegations contained in paragraph 558 of the Third Amended Complaint.

559.    He denies the allegations contained in paragraph 559 of the Third Amended Complaint.

560.    He denies the allegations contained in paragraph 560 of the Third Amended Complaint.

561.    He denies the allegations contained in paragraph 561 of the Third Amended Complaint.

562.    He denies the allegations contained in paragraph 562 of the Third Amended Complaint.

## PLAINTIFFS' PRAYER FOR RELIEF

563.    He denies that Plaintiffs are entitled to damages or recovery for any of the claims outlined in the Third Amended Complaint, including claimed damages outlined in the wherefore paragraph, the subparts of the wherefore paragraph and paragraphs 563 through 574.

## DEFENSES

564.    He denies the allegations contained in all unnumbered paragraphs of the Complaint.

565.    He denies all allegations not specifically admitted herein.

566.    He denies that he is indebted to the plaintiff in the amount claimed or in any amount, for the reasons stated or for any reason.

567.    He denies that Plaintiffs are entitled to damages or recovery for any of the claims outlined in the Third Amended Complaint.

568.    He avers that Plaintiffs' alleged damages were not caused by an alleged act or omission of this Defendant.

569.    He avers that Plaintiffs' injuries and damages, if any, were the result of another or others over whom it had no control and for whom it is not responsible at law.

570.    He denies that Plaintiffs were damaged in the amount and to the extent alleged.

571.    He avers that Plaintiffs' claims are barred in whole or in part by the doctrines of release, estoppel, delay, laches and/or waiver.

572.    He avers that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands for its action in connection with some of the real estate transactions at issue in this suit by engaging in the very conduct they allege are illicit or improper.

573.    He avers that Plaintiffs' claims are barred in whole or in part by assumption.

78

574.    He avers that Plaintiffs' claims are barred in whole or in part by failure of consideration.

575.    He avers that Plaintiffs' claims are barred in whole or in part because Plaintiffs knew of the price differentials concerning the "Direct Purchase Transactions" and thus cannot claim they were misled regarding the same.

576.    He avers that Plaintiffs' claims are barred in whole or in part by failure to join indispensable or necessary parties.

577.    He avers that Plaintiffs' claims are barred by the doctrine of novation.

578.    He avers that Plaintiffs' claims are barred by the doctrine of ratification.

579.    He avers that Plaintiffs' claims are barred by the doctrine of unjust enrichment.

580.    He avers that Plaintiffs' claims are barred in whole or in part due to failure of conditions.

581.    To the extent demonstrated by the evidence, he will rely on the defense of statute of limitations.

582.    He avers that Plaintiffs' claims fail in whole or in part by Plaintiffs' failure to state a claim upon which relief may be granted.

583.    He avers that Plaintiffs' claims are barred in whole or in part by the economic loss rule.

584.    He reserves the right to rely upon any and all other properly provable defenses to this action and to amend this Answer at any time he be so advised.

WHEREFORE, Defendant Rodney Atherton, by counsel, prays that this action be dismissed and that he be awarded his costs incurred herein.

**TRIAL BY JURY IS DEMANDED.**

**RODNEY ATHERTON**

By Counsel

/s/ Julie S. Palmer

Julie S. Palmer
VSB No. 65800
Angela MacFarlane
VSB No. 87776
Attorneys for Rodney Atherton
Harman, Claytor, Corrigan & Wellman, P.C.
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jpalmer@hccw.com
amacfarlane@hccw.com

## C E R T I F I C A T E

I hereby certify that on the 8th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Stanley L. Garnett, Esq.
> Amanda K. Houseal, Esq.
> Sara R. Bodner, Esq.
> Leah M. Regan-Smith, Esq.
> Brownstein Hyatt Farber Schreck, LLP
> 410 17th Street, Suite 2200
> Denver, CO 80202
> sgarnett@bhfs.com
> ahouseal@bhfs.com
> sbodner@bhfs.com
> lregansmith@bhfs.com
>
> Jeffrey R. Hamlin, Esq.
> George R. Calhoun, Esq.
> James Trusty, Esq.
> IFRAH PLLC
> 1717 Pennsylvania Ave, NW, Suite 650
> Washington, DC 20006
> jhamlin@ifrahlaw.com
> george@ifrahlaw.com
> jtrusty@ifrahlaw.com
>
> *Counsel for WDC Holdings, LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative manager, and BW Holdings, LLC*
>
> Elizabeth P. Papez, Esq.
> Patrick F. Stokes, Esq.
> Claudia M. Barrett, Esq.
> Michael R. Dziuban, Esq.
> Gibson, Dunn & Crutcher LLP
> 1050 Connecticut Ave., NW
> Washington, DC 20036-5306
> epapez@gibsondunn.com
> pstokes@gibsondunn.com
> cbarrett@gibsondunn.com
> mdziuban@gibsondunn.com
>
> Veronica S. Moye, Esq.
> Gibson, Dunn & Crutcher LLP
> 2001 Ross Avenue, Suite 2100

Dallas, TX 75201
vmoye@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

Aaron G. McCollough
McGuire Woods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
amccollough@mcguirewoods.com
*Counsel for Receiver*

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55477
casey.kirschner@gmail.com
*Pro se*

Alex Little, Esq.
Adam Ryan Smart, Esq.
Rachel Friedman, Esq.
Burr & Forman LLP
222 Second Ave. South, Suite 2000
Nashville, TN 37201
alex.little@burr.com
asmart@burr.com
rfriedman@burr.com
*Counsel for Carleton Nelson and Cheshire Ventures*

and I hereby certify that I have mailed by United States Postal Service the document to the following:

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
*Pro se*

/s/ Julie S. Palmer