# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br> Defendants, <br><br>―――――――――――――――――― <br><br> 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDING LLC, PLW CAPITAL I, LLC, AMAZON.COM, INC, and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants. | Case No. 1:20cv484 <br><br> **Hon. Rossie D. Alston, Jr.** <br> **Hon. Theresa Buchanan** <br><br><br><br> **NOTICE OF JOINDER IN THE WATSON DEFENDANTS' MOTION TO SET A SETTLEMENT CONFERENCE** |

  Defendants Carleton Nelson and Cheshire Ventures, LLC (the "Nelson Defendants"), hereby file this notice that they join in the motion filed by the Watson Defendants to set a settlement conference in the case (Docket 844).

  This case has been pending for over two years at this point. Given the tremendous expense it takes to defend against the extensive allegations Amazon has leveled against the Nelson Defendants, and the obvious disparity in resources between an individual such as Mr. Nelson and one of the wealthiest companies on the planet, the Nelson Defendants have on several occasions

2

approached Amazon asking what it wants out of this litigation that it instituted, and whether there was a path to settle the claims in the action. To that end, Mr. Nelson requested that Amazon—as is typical of almost any plaintiff seeking monetary relief in a case—make a demand to settle the claims against him. However, Amazon has refused to do so. Instead, Amazon claims that it stands ready to discuss any "reasonable" offer that Mr. Nelson makes to settle the case—a difficult proposition when Amazon refuses to give any guidance about what it believes is reasonable, and when Mr. Nelson's available resources come nowhere near the tremendous amounts of money that Amazon has claimed it is seeking collectively from all the Defendants in its complaint—tremendous at least to Mr. Nelson, but not to Amazon (a company whose revenue in the first quarter of 2022 was over $116 billion[1]).

Further, the longer this case drags on, the more it depletes Mr. Nelson's available resources to defend himself against the claims Amazon has levied against him. Amazon is well aware of this fact, having subpoenaed almost any financial record related to Mr. Nelson and having taken his deposition and inquired as to those matters. By refusing to engage in any sort of formal settlement discussions, and now seeking to delay the trial date presumably into late next year or even further into the future, it appears that Amazon's primary goal is not to get to a resolution of its claims. Rather, it appears Amazon's primary goal is to bankrupt and financially ruin any Defendant who dares stand up to Amazon and push back against Amazon's efforts—whether that be Amazon's attempts to encourage the government to bring criminal charges against the Defendants (which has not happened over two-and-a-half years after search warrants were executed); Amazon's work to convince the government to seize Defendants' funds through civil forfeiture (which have mostly

---

[1] *See* *https://www.cnbc.com/2022/04/28/amazon-amzn-q1-2022-earnings.html*.

been returned to the Defendants at this point)²; Amazon's coordination with Northstar's prior business partner, IPI, to kick Northstar out of the lease transactions; Amazon's efforts to have a receiver appointed over substantially all of Mr. Watson's assets, which in the end appears to have done little more than deplete what there was to fund the costs of the receivership; or simply the Defendants defending themselves in the face of the wide ranging allegations made by Amazon in this case.

Amazon has also cited as a basis for declining to engage in settlement discussions Mr. Nelson's refusal to admit to the conduct Amazon has alleged against him. That a party to a civil lawsuit must admit allegations against it before a plaintiff will engage in settlement negotiations is a novel concept. Apparently, Amazon believes itself a prosecutor seeking a plea agreement where a criminal defendant must admit to conduct, rather than a civil litigant, where a refusal to admit liability is practically standard in civil settlement agreements.³ Even the federal government was willing to settle its forfeiture claims related to the allegations in this case without any concession on the part of Mr. Nelson or any other defendant or person whose money they seized, returning the vast majority of the funds the government seized in those proceedings. *See* Case 1:20-cv-01343-RDA-IDD (E.D. Va.) (Doc. 58) ("This settlement does not constitute an admission by Claimants that they engaged in any unlawful activity.").

---

² It appears from discovery in this case that Amazon's counsel provided bank account information to the government for the purpose of enabling it to more easily locate funds to seize through forfeiture.

³ While Amazon taking the position of a prosecutor seeking a plea agreement (that there must be an admission of guilt or responsibility) is not necessarily surprising given that Amazon has maintained a close relationship with the prosecutors assigned to investigate Nelson and other parties in connection with the allegations made by Amazon— having met or had conferences with the government over 70 times since early 2020 in an effort to convince them to prosecute the defendants in this case, and given that one of Amazon's lead counsel in this case is a former supervising prosecutor in that office. *See* https://www.politico.com/news/2021/12/21/amazon-federal-law-enforcement-525794.

Finally, Defendants have been able to uncover significant evidence to undermine the allegations and theories Amazon has made and relied on in this case, causing Amazon to withdraw sworn declarations and to amend its complaint for a third time, wherein Amazon dropped several claims and engaged in significant changes to the allegations from the first three iterations of the complaint. While Amazon initially presented this case as an expansive multilevel coordinated fraud case, the evidence has not borne that out. From the beginning of the case Amazon painted Brian Watson as the ringleader of the purported "scheme" at issue in the case, even obtaining a $20 million preliminary injunction against him. Now, in their most recent version of the complaint they apparently have determined that Mr. Watson was at best an ancillary player in the purported "scheme" Amazon still claims occurred (but no longer under any verifications under oath as it once did). Never mind that Amazon has essentially destroyed his businesses and financial life based on the original allegations they no longer stand behind. Rather it appears that Amazon rushed into court (and to federal prosecutors) without fully understanding the facts and evidence, or taking the time to fully investigate.[4] In reality, this case is much more akin to typical business and contract disputes between commercial parties or between employees and their employer, no matter the dressing Amazon places on it. That the facts and issues are hotly contested is no reason to forgo setting a settlement conference. That is often the case in complex litigation, and yet such cases regularly settle.

Further, while in its most recent complaint Amazon continues to make extensive claims for damages, Amazon has admitted that in reality it did not actually incur these purported damages in connection with the nine lease transactions—either because Amazon never actually made the

---

[4] Amazon's own internal leadership principles emphasize behaving in this manner: "Bias for Action – Speed matters in business. Many decisions and actions are reversible and do not need extensive study. We value calculated risk taking." *See https://www.amazon.jobs/en/principles*.

payments it cites in the complaint or it purports to have entered into a settlement agreement with the remaining landlord (IPI) arising from the same transactions (which is somewhat ironic when Amazon will not even make a demand to settle of the Defendants with whom it is actually in litigation).[5] All of this makes the present action a prime candidate for a settlement conference with a neutral third party at this time to see if a resolution can be had, rather than continue to waste both the parties and the Court's resources for a case that has been slowly—particularly for the Eastern District of Virginia—plodding through this Court.

A further reason to proceed with a settlement conference at this time is that Mr. Nelson has already prevailed on summary judgment against Amazon in Washington State Court on a claim that Amazon breached the very non-compete agreement that Amazon uses as a center point of its allegations in this case against Mr. Nelson because Amazon brought its claims against Mr. Nelson in this Court in direct contravention of the explicit forum selection clause in that contract.[6] *See* Docket No. 687-1 (Order on Nelson's Motion for Summary Judgment in Washington State Case). The Washington State Court withheld a damages determination against Amazon pending the outcome of this case. *See id.* ("Plaintiff's motion for partial summary judgment is GRANTED solely as to Plaintiff's contractual claim that Amazon is liable for breaching the forum selection clause in the parties' Confidentiality, Noncompetition and Invention Assignment Agreement ("CNIAA") by filing a claim against Plaintiff in the Eastern District of Virginia (EDVA) for alleged breach of the CNIAA related to the parties' pending litigation there. *Damages on this claim*

---

[5] At this point, it is highly likely that Amazon has incurred more in attorneys' fees than it asserts in actual monetary damages from the transactions at issue in this case.

[6] Much like Mr. Watson currently has pending in Delaware state court a case against Amazon's current landlord in the lease transactions, IPI, concerning none other than IPI's actions to improperly kick Northstar out of the leases at issue in this case, which recent deposition testimony by IPI officers confirmed was done in coordination with Amazon. That case recently moved past IPI's motion to dismiss but apparently is also being stayed pending resolution of this action.

*are not yet ripe for decision, and are not fully determinable until conclusion of the EDVA litigation.*") (emphasis added). Given that liability has already been determined against Amazon in that case, a resolution with Amazon now could potentially wrap up those claims as well, something that absent a mediation or settlement conference would not be possible and would drag these disputes out even longer.

If Amazon is sincere that it stands ready to have good faith settlement discussions with Defendants, it should sit down with a neutral third party who can evaluate the claims see if there is indeed a basis to resolve the claims at issue in this action. Mr. Nelson is ready to listen to and consider the suggestions of such a neutral third party for his part, and respectfully joins the Watson Defendants' motion to set a settlement conference.

|  |  |
|---|---|
| July 11, 2022 | **BURR & FORMAN LLP** |
|  | */s/ Rachel Friedman* |
|  | Rachel Friedman (VA Bar #93898) |
|  | 420 North 20th Street, Suite 3400 |
|  | Birmingham, AL  35203 |
|  | Telephone: (205) 251-3000 |
|  | Facsimile: (205) 458-5100 |
|  | rfriedma@burr.com |
|  |  |
|  | */s/ J. Alex Little* |
|  | J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*) |
|  | Emily H. Mack (TN Bar No. 31217) (*pro hac vice*) |
|  | 222 2nd Ave. S., Suite 2000 |
|  | Nashville, TN 37201 |
|  | Telephone: (615) 724-3200 |
|  | alex.little@burr.com |
|  | emack@burr.com |
|  |  |
|  | Adam R. Smart (FL Bar No 1032572) (*pro hac vice)* |
|  | 50 North Laura Street, Suite 3000 |
|  | Jacksonville, Florida 32202 |
|  | Telephone: (904) 232-7200 |
|  | asmart@burr.com |
|  |  |
|  | *Attorneys for Carleton Nelson and Cheshire Ventures, LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2022, a true and correct copy of the foregoing has been served through this Court's ECF system on all parties appearing in the action, and via email on:

> Casey Kirschner
> 635 N. Alvarado Lane
> Plymouth, MN 55447
> casey.kirschner@gmail.com
> *Pro se*

Dated: July 11, 2022        */s/ Rachel Friedman*
                                          Rachel Friedman