IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>     Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br>     Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>     Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>     Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>    Interpleader Defendants, <br>    Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR COURT-HOSTED
<u>SETTLEMENT CONFERENCE OR PRIVATE MEDIATION</u>**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................. i

INTRODUCTION ............................................................................................................................. 1

BACKGROUND .............................................................................................................................. 1

ARGUMENT .................................................................................................................................. 4

CONCLUSION ................................................................................................................................ 8

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Amazon.com, Inc. v. WDC Holdings LLC*,
   2021 WL 3878403 (4th Cir. Aug. 31, 2021).................................................................................7

*Kothe v. Smith*,
   771 F.2d 667 (2d Cir. 1985)..........................................................................................................4

*Saurikit, LLC v. cydia.com*,
   2012 WL 1344392 (E.D. Va. Apr. 17, 2012) ...............................................................................4

*United States v. U.S. Dist. Ct. for N. Mariana Islands*,
   694 F.3d 1051 (9th Cir. 2012), *as amended* (Oct. 16, 2012) ......................................................4

**RULES**

Fed. R. Civ. P. 16(a) .........................................................................................................................6

Fed. R. Civ. P. 16(c)(1).....................................................................................................................4

Local Rule 83.6(G) ...........................................................................................................................4

**TREATISES**

Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1525.1 (3d ed.) ......................................................4

62A Am. Jur. 2d Pretrial Conference § 32........................................................................................4

i

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") respectfully submit this opposition to the Watson Defendants'[1] Motion for a Court-Hosted Settlement Conference or Private Mediation, *see* Dkts. 844–845.[2]

## INTRODUCTION

On multiple occasions, Magistrate Judge Buchanan made clear that the Court was "not going to order" a settlement conference "unless the parties believe that it would be helpful." Dkt. 840-4 at 10–11; *see also* Dkt. 840-3 at 33.  For reasons to which the Court has already alluded in public statements to the parties, a court-hosted settlement conference would not be productive at this time: the parties are ***not*** in agreement that such a conference would be helpful, they have engaged in private settlement discussions that have only served to reveal the gulf between their positions, the Watson Defendants have not made any concrete proposals about what a second settlement discussion would look like at this stage, and there is no rule, statute, or case requiring a court-ordered settlement conference under these circumstances.  Accordingly, the Court should deny this Motion.

## BACKGROUND

Contrary to the Watson Defendants' contention, this case is much more than a simple "business dispute."  Dkt. 845 ("Watson Br.") 3.  Rather, it involves a wide-ranging, years-long racketeering enterprise in which the Watson Defendants conspired with two former Amazon transaction

---

[1] Unless otherwise noted, references in this filing to "Defendants" or "Watson Defendants" include Brian Watson, WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager.

[2] The Watson Defendants ask for either a court-hosted settlement conference or a private mediation.  But they do not distinguish between the two, or suggest a preference for one or the other, in their argument.  Accordingly, we use the phrase "settlement conference" to refer collectively to both types of alternative dispute resolution.

managers—Casey Kirschner and Carleton Nelson—to obtain lucrative Amazon development contracts in exchange for kickback payments. *See, e.g.*, Dkts. 10–12, 41–46, 57, 68–69, 84–85, 100, 150, 191, 210–218, 231, 256, 285–86, 291, 308, 330. Both this Court and the Fourth Circuit found Amazon's claims likely to succeed on the merits prior to discovery. *See* Dkt. 99 at 10–11 (District Court opinion finding that Amazon "well-satisfied" its burden of showing it was likely to succeed on claims involving Defendants' participation in "at least nine different commercial lease deals . . . a direct 'flip' purchase [White Peaks], and at least four different Project Entities"); Dkt. 318 (Fourth Circuit opinion affirming these findings). And discovery has only strengthened Amazon's claims. *See* Dkt. 786 at 25 (discussing the "compelling post-injunction evidence" obtained through discovery that "corroborate[s]" this Court's and the Fourth Circuit's findings).[3]

Despite the voluminous record evidence showing Defendants' fraud, Amazon has at all times been, and remains, open to settlement discussions. Indeed, Amazon has already participated in one settlement discussion that Watson initiated in March of this year. But far from bringing the parties closer to a resolution, Watson's settlement offer only highlighted how far apart they remain in their understanding of this case. Specifically, Watson proposed (in a non-confidential discussion) that Amazon somehow convince IPI—a third-party real estate investment firm that the Watson Defendants have sued in Delaware state court—to pay *Watson* $75 million, from which he would then pay Amazon $2.97 million to settle Amazon's claims against him.[4]

---

[3] The facts of Defendants' conspiracy are set out in greater detail in Amazon's complaint and prior submissions, *see* Dkt. 765; *see also, e.g.*, Dkts. 10, 12, 41, 43, 46, 59, 150, as well as related court orders and opinions. Dkts. 99, 318.

[4] Watson also stated that as part of the agreement, he would release any potential counterclaims against Amazon. Notably, Watson has repeatedly threatened to bring counterclaims in this action, but he has never specified what those claims would be or taken any action to assert them—even after the Court indicated that it would allow him to do so in response to Amazon's third amended complaint. *See* Dkt. 840-4 at 8.

2

While that settlement offer was pending, the parties discussed the topic of settlement twice before the district court. In both instances, Defendants raised the issue without specifying the terms of Watson's offer. Amazon made clear that the parties were not on the same page about how to resolve the case, s*ee* Dkt. 840-3 at 33 (Amazon counsel stating that the parties were "clearly ships passing in the night"); Dkt. 840-4 at 11 (Amazon counsel noting that the private settlement discussions were "absurd from our perspective"), and Judge Buchanan stated that she would not order a settlement conference until the parties were closer to a point of consensus. Indeed, the Court reiterated its doubt about setting a settlement conference before the Parties felt it would be useful. *See* Dkts. 840-3 at 33, 840-4 at 10–11.

Amazon rejected the Watson Defendant's March 14 settlement offer. *See* Ex. 1. Amazon's counsel relayed that "the offer to have Amazon somehow require IPI to pay [Watson] $75 million dollars in exchange for $2 million to Amazon is not realistic and does not reflect a real attempt to find common ground for settlement." *Id*. Nevertheless, Amazon's counsel emphasized that "Amazon remains open to further discussions, if [Watson] is willing to make an offer that is grounded in the reality of the case." *Id*. Watson withdrew his March 14 settlement offer three days after Amazon rejected it. *See* Watson Br. 2.

Since then, the Watson Defendants have conveyed a continued interest in settling the case, but they have not asked Amazon to participate in another private settlement discussion, and they have not made any new settlement offers. Instead, they notified Amazon in early June that they intended to file the present motion for a court-hosted settlement conference and requested Amazon's position on the motion. The parties met and conferred on June 9. During that call, Amazon requested basic information about the motion and proposed settlement conference. For example, Amazon asked about the scope of the suggested conference (half day, full day, or more), whether

the Watson Defendants would request that the conference be conducted by a private mediator or the Court, whether other defendants would participate, and whether the parties would submit position statements prior to the conference to assist the Court or mediator in brokering an agreed resolution. But the Watson Defendants would not provide answers to any of these questions.

As detailed below, the current motion does not address these issues, or otherwise indicate that a conference would be productive before the Watson Defendants make a serious settlement offer to Amazon.

## ARGUMENT

This Court possesses the authority to compel participation in a settlement conference. *See* Fed. R. Civ. P. 16(c)(1); Local Rule 83.6(G); *United States v. U.S. Dist. Ct. for N. Mariana Islands*, 694 F.3d 1051, 1058 (9th Cir. 2012), *as amended* (Oct. 16, 2012) (discussing the district courts' "inherent power" to manage its docket, including by ordering a settlement conference). But this authority is not limitless. *See, e.g.*, *Kothe v. Smith*, 771 F.2d 667, 669 (2d Cir. 1985) ("Rule 16 of the Fed.R.Civ.P. was not designed as a means for clubbing the parties—or one of them—into an involuntary compromise."). Indeed, it "should be invoked with *great care* so that it does not become unduly burdensome or coercive." Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1525.1 (3d ed.) (emphasis added). And where, as here, the parties have not agreed to a settlement conference, the moving party must "show[] why a mandatory settlement conference is necessary." *Saurikit, LLC v. cydia.com*, 2012 WL 1344392, at *3 (E.D. Va. Apr. 17, 2012); *see also* 62A Am. Jur. 2d Pretrial Conference § 32 ("[A] court should order settlement conferences only when it is a practical necessity in performing the judicial function of deciding cases."). For at least three reasons, the Watson Defendants have failed to carry this burden.

*First*, a settlement conference would not be productive at this time. The parties have significant disagreements about the facts of the case as well as what would constitute a sensible settlement offer. *Compare* Watson Mot. to Vacate PI, Dkt. 696 (arguing there is a "dearth of evidence against the Watson Defendants") *with* Amazon Resp. to Mot. to Vacate PI, Dkt. 786 (noting that the record includes, among other things, "a signed confession from one of Defendants' co-conspirators, inculpatory audio recordings, [and] new bank and business records"). As Amazon's counsel stated to the Court during the April 8 hearing, the parties are "clearly ships passing in the night" when it comes to settlement negotiations, with Defendants "ma[king] arguments that there's no evidence of fraud" and Amazon "talking about the mountains of evidence of fraud and showing documents." Dkt. 840-3 at 33. Because the Watson Defendants have not made any new settlement offers since that hearing, that statement describes the state of play as accurately today as it did three months ago. Indeed, the Watson Defendants' motion simply reiterates their (unfounded) view that discovery has confirmed their "explanations" and proved that Amazon's theories are "at worst, deliberately misleading, and at best, based on fundamental misunderstandings." Watson Br. 3–4; *see also id.* at 5 (stating that Amazon cannot "show what damages, if any, they have incurred" and that the Watson Defendants "did not participate in a kickback scheme of any kind").

Moreover, Amazon *still* lacks adequate information about what exactly the Watson Defendants seek to discuss in any potential conference. At the meet and confer on this Motion, the Watson Defendants failed to provide *any* concrete information about the parameters of their proposed settlement conference. And the memorandum in support of this Motion failed to cure that problem. It provides no specific information beyond simply requesting "a court-hosted settlement conference or private mediation." Watson Br. 3. Amazon continues to be ready and willing to discuss reasonable settlement offers with Defendants, and can do so without involving the Court.

5

But Watson offers no reason to expect a Court-ordered discussion at this stage would bear any more fruit than the parties' previous discussions.

*Second*, a settlement conference is not required by any of the Court's orders, rules, or statements. Both the Local and Federal Rules on court-ordered settlement conferences are written in discretionary terms. *See* Fed. R. Civ. P. 16(a) ("the court *may* order the attorneys to appear for one or more pretrial conferences for such purposes as . . . facilitating settlement" (emphasis added)); Local R. 83.6 (the Court "*may*" require the parties to "attend a settlement conference" (emphasis added)). And Amazon agrees whole-heartedly with Judge Buchanan's view that a court-hosted settlement conference would only be appropriate if "the parties believe that it would be helpful." Dkt. 840-4 at 11. This critical precondition is clearly not met here, as it is Amazon's position that further private discussions are needed before any court-hosted or formal settlement conference could be productive.

*Finally*, Defendants are wrong in arguing that "principles of justice and fairness" support their Motion. Watson Br. 4. The Watson Defendants spend the bulk of their brief discussing the costs that their fraud, and its attendant consequences, have imposed on their business and personal lives. But the Watson Defendants have no one to blame but themselves for any difficulties they face as a result of this case.

Specifically, the Watson Defendants' claims that "the receivership has cost them approximately $100 million in damages and that the actions of Plaintiffs and their counsel have caused loss of business, reputational, and emotional damages, among other damages, in excess of $1.5 billion" are entirely unsubstantiated and irreconcilable with the record in this case. As the Watson Defendants are well aware, this Court appointed a receiver only after the Watson Defendants repeatedly violated the Court's rulings and disposed of more than $140 million in assets without

posting a penny of the judgment security required by the preliminary injunction. *See* Dkts. 413, 433. The Watson Defendants can free themselves of the receivership at any time by simply complying with the Court's preliminary injunction, but they refuse to do so and have instead repeatedly sought to *capitalize* on their noncompliance in this litigation. First, they argued that Amazon should be denied the opportunity to file a third amended complaint because doing so would "extend the injunction and receivership controlling [their] assets, adding hundreds of thousands of dollars in unnecessary costs that they cannot bear indefinitely." Dkt. 681 at 13. And now they argue that the receivership and any associated costs provide a basis to strongarm Amazon into a settlement conference that it opposes. Watson Br. 4–5. This Court rejected the Watson Defendants' argument the first time around, and it should do so again here.

The Watson Defendants' claim that Amazon has somehow caused *them* damages fares no better. As this Court and the Fourth Circuit have already concluded, Amazon has submitted "hundreds of pages of supporting evidence" in support of its allegations. *Amazon.com, Inc. v. WDC Holdings LLC*, 2021 WL 3878403, at *3 (4th Cir. Aug. 31, 2021) (Dkt. 318). Their vague assertion that Amazon has caused them damages is nothing more than their latest attempt to push a no-fraud narrative that is irreconcilable with the record but that is essential to their motion to vacate the preliminary injunction now pending and their separate litigation against IPI in Delaware court. *See* Watson Br. 5 (referring to IPI litigation).

In short, the Watson Defendants' invocation of "justice and fairness" is not grounded in the realities of this case and offers no basis to order a settlement conference before the parties are ready, willing, and able to find common ground.[5]

---

[5] The Nelson Defendants filed a motion today seeking to join the Watson Defendants' motion. *See* Dkt. 866. Although their brief is heavy on rhetoric and inaccuracies, it does not provide any legitimate basis for the Court to force the parties into a settlement conference. Rather,

7

## CONCLUSION

Amazon respectfully requests that the Court deny the Watson Defendants' motion.

Dated:  July 11, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Amazon.com, Inc. and Amazon Data Services, Inc.*

---

the Nelson Defendants use this "Notice of Joinder" to spin conspiracy theories about Amazon's motives and its coordination with the government, assert (without support) that it is a fraud victim's duty to propose a settlement that is favorable to the fraud defendants, and mischaracterize everything from the evidence against the Defendants to the status of related litigations.  The misrepresentations do not stop there.  But if anything, the allegations in the Nelson Defendants' brief only provide additional evidence of how far apart the parties are, and thus how unproductive a court-ordered settlement conference would be at this time.

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

| | |
|---|---|
| CTBSRM, Inc.<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 | Casey Kirschner<br>635 N. Alvarado Lane<br>Plymouth, MN 55447<br>By email: casey.kirschner@gmail.com |
| Demetrius Von Lacey<br>2845 Des Moines Dr.,<br>Fort Collins, CO 80525 | 2010 Irrevocable Trust<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |
| | Sigma Regenerative Solutions, LLC<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

9