# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, *et al.*, <br><br> Defendants, <br><br>――――――――――――――――― <br><br> 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br><br> v. <br><br> BRIAN WATSON, *et al.*, <br><br> Interpleader Defendants. | Case No. 1:20cv484 <br><br> Hon. Rossie D. Alston, Jr. <br> Hon. Theresa Buchanan <br><br><br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO SET A PRETRIAL CONFERENCE TO SET A TRIAL DATE** |

The sole issue for the Court is whether it should conduct a pretrial conference to set a trial date. This is something the Court has indicated on numerous occasions should occur promptly—even in the face of Amazon's recent motion to amend—and something all Defendants, including those newly appearing, request. The only party opposed to setting a trial date the parties can work towards is Amazon. Its primary opposition is premised on a claim that the new *agreed* case deadlines submitted to and adopted by the Court just two weeks ago are not real deadlines, but rather will need to be again extended for various unconvincing reasons.

All Defendants are requesting is to have a conference with the Court in the next thirty days to set a trial date a reasonable amount of time after the summary judgment hearing in this case, likely sometime in the March to April, 2023 time frame, depending on the Court's availability. Defendants wish to do so to ensure that there is actually a place in the Court's schedule to have a trial with reasonable promptness and so that all counsel can block that off in their calendars.

Again, it was Amazon that proposed the August 26, 2022 discovery cut off and remaining schedule to Defendants, to which Defendants agreed, and the Court just adopted two weeks ago. The question for the Court is this—if all of the reasons Amazon asserts will purportedly require another extension of the discovery schedule and all other deadlines, and should therefore delay setting a trial date, why did Amazon represent to the Court and agree to a proposed Order setting a fact discovery cut off of August 26, 2022 less than two weeks ago. The two possible answers are (1) none of the reasons Amazon asserts actually justify an extension of discovery, but Amazon proffers them in a disingenuous effort to avoid the possibility of having to place actual evidence before the factfinder any time soon; or (2) Amazon never thought it could complete discovery by August 26 but inexplicably proposed and then agreed to a complete schedule for the rest of the case premised on that August 26 fact discovery cut off, and joined in a motion to set that schedule. Neither would be in good faith and the Court should proceed with a pretrial conference to set a trial date in light of the schedule Amazon proposed, agreed to, and asked the Court to enter.

I. **This Court has repeatedly stated that setting a trial date was the best course of action for this case, even after Amazon filed its most recent motion to amend.**

Instead of discussing the Court's actual comments and words on the matter, which were set out by Defendants in their motion, Amazon claims that the Court was not interested in setting a pretrial conference once Amazon filed its third amended complaint. Doc. 854 at 9. Without reiterating the entire discussion from the various hearings that were set forth in Defendants'

opening motion, the Court's comments at the April 8 hearing run directly contrary to Amazon's characterization:

> THE COURT: . . . And I will inform Judge Alston that we'll push back the final pretrial until after the motion for leave to amend. And I think that may make the most sense.
>
> . . .
>
> THE COURT: That might be a good idea. All right. So if you would get me an agreed schedule for everything as soon as possible, and *I'll let Judge Alston know that I'm going to bump it back a few weeks, [t]he final pretrial*.
>
> . . .
>
> THE COURT: We're just pushing it to allow the leave to amend.

April 8, 2022 Hearing Transcript at 31:15-32:11 (emphasis added).

Further, the reason undersigned counsel asked at the May 6, 2022 hearing if the parties could proceed to a final pretrial conference for the purposes of setting a trial date, *see* May 6, 2022 Hearing Transcript at 9-10, was because it seemed quite clear that once the motion was granted Amazon would seek to use that amendment to push back any hope of setting a trial date and resolving this action (which has been pending since April 2020) with any promptness whatsoever. Of course, now that concern has come to fruition.

II. **Amazon acknowledges it will be difficult to set a trial date that can accommodate the Court's and all the parties' schedules.**

Amazon does not dispute that it will be very difficult, if not impossible to carve out sufficient time in the Court's schedule for a trial in the first part of next year if a trial date is not set soon. It is quite apparent that Amazon's objective is to wait until December 2022 (if even then) and hope there is no trial set until well into 2023 or even later, leaving Defendants subject to the unproven allegations and disruption this case has caused them with no ability to require Amazon to come forward with its proof. These pending allegations have real world consequences for all of

the Defendants, particularly Mr. Watson who has been subject to a preliminary injunction for years, and Mr. Nelson who in attempting to find work after this case was filed has had numerous people tell him directly that so long as this case remains pending they are unable to work with him. This is a win for Amazon without ever having to actually prove its case before a factfinder. Of course delaying this action has absolutely no effect on Amazon. Amazon has continued the transactions at issue with IPI, reaping billions of dollars in profits from AWS's operation of data centers. Further, the amount of money Amazon claims to have been harmed in this case (although Defendants strongly dispute those amounts) is a mere drop in the bucket considering the $116 billion in revenue Amazon reported of the first quarter of 2022. *See* https://www.cnbc.com/2022/04/28/amazon-amzn-q1-2022-earnings.html.

In an attempt to impose these real world consequences on Defendants for the foreseeable future—before ever proving a single allegation—Amazon invites the Court to refrain from setting a trial date primarily because it no longer wants to stand behind the recently entered agreed schedule. Such a proposition is disrespectful to both the Court and the Defendants who agreed to a schedule that Amazon is already asserting it now wants to throw out the window for purported reasons it was well aware of when it submitted the schedule to the Court.

**III.   Amazon's blame of Defendants about the time it took to submit a schedule are both irrelevant to the motion and also frivolous as Amazon ignores the critical context that new defendants were added to the case and needed to be consulted.**

Amazon also complains about several purported delays by Defendants in this action, such as the time it took to agree to the most recent proposed schedule entered by the Court two weeks ago, the scheduling of the 30(b)(6) of Amazon, and the scheduling of Mr. Watson's deposition. First off, none of these issues matter to the issue before the Court—whether pretrial conference to

set a trial date should be held at this time. The parties agreed to a discovery cutoff, August 26, 2022, which the Court imposed, and by which time all of these depositions will be complete.

As to the 30(b)(6) deposition and the proposed schedule, Amazon demanded that all Defendants weigh in on both, insisting that all defendants agree to a joint 30(b)(6) of Amazon with consolidated topics. It was impossible to provide a unified response on either of these matters before Mr. Atherton's or Renrets' counsel appeared in the case and were at least given some modicum of time to evaluate the case to determine what would be acceptable from both their and their client's perspective. The existing Defendants had to wait until they could get an informed answer from both new sets of counsel before they could fully respond to either a proposed schedule or a final answer on a consolidated 30(b)(6) deposition. In fact, Amazon admits it sent a proposed schedule, including a demand that *all* Defendants, including the new ones, agree to a consolidated 30(b)(6) of Amazon before it ever served any of the new Defendants. *See* Doc. 855-1 at 7 (May 12, 2022 email) ("As we have always stated, we think Amazon should sit for a consolidated Rule 30(b)(6) deposition, and that all the defendants—including the new defendants—should coordinate on topics and timing."); Doc. 782 (summonses issued on May 16, 2022). Thus, while Amazon's claims that it has been trying to get a new schedule since shortly after it filed its third amended complaint may technically be true—it was a fruitless exercise at that point.[1]

Of course, during that time Defendants were not sitting on their hands. Rather, each had to draft answers to the extensive new allegations by Amazon. Further, each of the Watson and Nelson defendants took depositions of third-party witnesses during this time. Amazon took no discovery.

---

[1] Amazon also acknowledges that on a phone call in May, undersigned told Amazon that other than the proposed pretrial date Amazon moved to the end of the schedule (and which is now the subject of this motion), the proposed schedule generally seemed workable, but we would need everyone to weigh in. *See* Doc. 855-3 at 4 ("On May 12, we sent a proposal to start discussions about the schedule, as Judge Buchanan requested, but did not receive any responses about our proposal, other than Adam told me on a call that he had some concerns about the pretrial date."). Apparently, in Amazon's view this was not a "meaningful" response. *See* Doc. 854 at 5.

48256468 v1

In fact, Mr. Watson offered to sit for his deposition in June so that the parties could make further use of the time following the motion to amend while the new Defendants and their counsel proceeded to get familiar with the case. However, Amazon declined to proceed with his deposition at that time, refusing to set it until much later (it is now set for mid-August).

Thus, while Amazon may state that it was trying to get a new schedule entered shortly after the Court granted the motion, practically that was not possible, and once the new defendants were sufficiently up to speed, and comfortable with the process of a consolidated 30(b)(6) deposition (which Amazon has agreed will occur over two days of seven hours each in the month of August), Defendants, as a group, worked together with Amazon to submit the schedule the Court recently adopted.

### IV. Amazon's reference to discovery disputes, resolved or potential, is meaningless in the face of its agreement to set the case schedule.

Amazon also points to discovery disputes that have either been resolved by the parties or by motion, or that are currently before the Court, as purported reason to assert that its own proposed, and adopted, discovery deadline of August 26, 2022 will most likely have to be moved. Putting aside that any extension of the discovery deadline would have to be approved by the Court, *Amazon was aware of all of these matters when it agreed to and filed the joint motion setting the current case schedule.* If Amazon had legitimate concerns about completing all fact discovery prior to August 26, 2022, it is inexplicable that it would propose, much less agree to an August 26 cut off for fact discovery. Instead, Amazon could have proposed an alternative schedule to the Court. That it did not do so is quite telling.

In any event, Amazon has not provided any clear explanation why previously resolved discovery matters it was aware of at the time it agreed to eth schedule, some as far back as in March, have any bearing on the new schedule. Nor has it explained why the dispute regarding the

30(b)(6) deposition of Cheshire Ventures means the case schedule will need to be moved. Cheshire Ventures offered to resolve the dispute on very favorable terms to Amazon, and to which Amazon agreed to all except one—the proper scope of questioning at the continued deposition. Amazon has now filed a motion set for this Friday. Cheshire Ventures will separately respond to that motion and disputes much of what Amazon has represented to the Court therein, most particularly its attempt to paint Mr. Nelson as evasive and unwilling to answer essentially any questions posed by Amazon. Mr. Nelson answered a wide variety of questions by Amazon, under oath, over the course of ten plus hours over two days. Nevertheless, the only salient point for the present motion is that Cheshire Ventures agreed to resume its deposition in July, pending resolution of the dispute over the proper scope of questioning (whether by agreement or Court order). Meaning that whatever the outcome of that dispute, it too will be resolved well before the discovery cut off.

Amazon has not pointed to a single actual existing discovery dispute presently in the case that should have any bearing on the August 26 deadline. Amazon itself has failed to produce numerous responsive documents to Mr. Nelson, but he does not see the resolution of those disputes as having any bearing on the August 26 deadline, and took those disputes into account when he agreed to it. For example, Mr. Nelson is currently consulting with Amazon regarding, *inter alia*, Amazon's failure to provide many of its internal policies and internal FAQs governing those polices, despite Amazon's reliance on such policies to support its claims against Mr. Nelson and Mr. Kircshner, including Amazon's "Outside Activities Policy" and "Global Travel and Gift Policy" and explanatory FAQs that demonstrate how Amazon interprets and applies those policies. If Amazon refuses to produce these responsive polices and internal guidance in a timely manner, or to resolve the other disputes Mr. Nelson has with respect to Amazon's deficient document

productions,[2] Mr. Nelson will bring the matter to the Court's attention so that the dispute can be resolved before the discovery cut off—as it expects Amazon would do as well after agreeing to the August 26 fact discovery cut off.

To the extent Amazon postulates there will be other disputes that may arise, those are merely speculative. Further, if Amazon did have concerns about needing time to resolve theoretical disputes at Mr. Watson's deposition, it provides no reasonable explanation why it declined Mr. Watson's invitation to proceed with his deposition in June—rather than pushing it back close to the discovery cut off. As to theoretical future discovery disputes with the new Defendants, that is again speculation. In the joint schedule both Mr. Atherton and Renrets "agree[d with Amazon] to work together to ensure prompt written discovery so that depositions can be completed by August 26 on a full record," *see* Doc. 836, even before Amazon actually served discovery on them, which it has only done since the Court entered the recent case schedule. Further, if Amazon was so concerned about having time to resolve some theoretical dispute one way to ensure as much time as possible to do so would have been to go ahead and serve written discovery on the new Defendants shortly after they were served or appeared in the case. However Amazon did not do so.[3]

---

[2] To the extent Amazon has implied that Defendants are attempting to run the clock out on the discovery period to avoid producing documents and the like, it should be noted that of the documents produced in this case Mr. Watson and Mr. Nelson have produced over 100,000 documents each, while Amazon has produced less than 10,000 in total in response to all Defendants' discovery requests.

[3] Further, both Renrets and Mr. Atherton have now answered the complaint rendering moot Amazon's claim that it is worried about briefing on a motion to dismiss. As to defendants CTBSRM, Inc. and 2010 Irrevocable Trust, who have not appeared in the case after being served (according to Amazon on May 18, meaning their answers were due June 8, Amazon has options to address its claims against them without discovery—by seeking entry of default as it has against all of the other non-appearing defendants.
   Finally, whatever may be the case as to the remaining two unserved defendants—Demetrius Von Lacey and Sigma Regenerative Solutions—if they are in fact evading service (a fact of which the other Defendants are only relying on what Amazon states in its opposition motion), it seems unlikely that their needs for discovery should be taken into account. Further, Defendants want to make very clear to the Court that in a case where Amazon has been pursuing claims against the other Defendants to the tune of tens of millions of dollars, as to Mr. Lacey and Sigma Regenerative Solutions, whose bank account information Amazon has had in its possession since at least February of

## CONCLUSION

Amazon's efforts to avoid setting a trial date are just a continuation of its desire to drag this case out as long as possible because it has essentially no impact on Amazon, but tremendous real world consequences on the Defendants. Civil lawsuits are not intended to punish defendants merely by their existence. Rather, they are designed to resolve disputes between parties—which is what Defendants wish to do. The Court should reject Amazon's invitation to ignore its agreement and joint motion filed just two weeks ago to set a discovery deadline of August 26 and other case related deadlines, now that Amazon apparently thinks better of it if that schedule would require setting a trial date in the first part of next year. Accordingly, the Court should set a final pretrial conference within the next thirty (30) days to set a trial date (notably the Watson Defendants' motion to set a settlement conference or mediation, in which the Nelson Defendants have joined, is before Judge Alston next week on July 20, which would be a good opportunity to also meet with the Court to set a trial date).

July 11, 2022    **BURR & FORMAN LLP**

/s/ Rachel Friedman
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

---

this year, that account shows deposits and payments for the entire life of the account of approximately 0.3% of the damages Amazon has alleged in its complaint (putting aside which of these deposits or payments had anything to do with any other parties to the case) —*again, well less than 1% of the damages Amazon has set forth in its complaint and 26(a) disclosures*. Which begs the question why Mr. Lacey and Sigma were added this late in the case in first instance. Amazon was apparently already aware that it was not able to locate Mr. Lacey given Mr. Stokes' comments at the May 6, 2022 hearing on the motion to amend that Amazon believed Mr. Lacey was already ducking service. Once again Amazon claims it may in the future file something with the Court seeking to serve Mr. Lacey and Sigma by alternative means (a prospect they foreshadowed at the May 6 hearing), but apparently seem in no hurry to do so having yet to file anything, even with a hearing already in place this Friday.

/s/ J. Alex Little
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures, LLC*

| | |
|---|---|
| Stanley L. Garnett<br>Justin L. Cohen<br>Amanda K. Houseal<br>Brownstein Hyatt Farber Schreck LLP<br>410 Seventeenth St., Suite 2200<br>Denver, CO 80202-4432<br>sgarnett@bhfs.com<br>jcohen@bhfs.com<br>ahouseal@bhfs.com | /s/ Jeffrey Hamlin<br>George R. Calhoun<br>Jeffrey Hamlin<br>James M. Trusty<br>Ifrah Law, PLLC<br>1717 Pennsylvania Ave, N.W. Suite 650<br>Washington, DC 20006<br>george@ifrahlaw.com<br>jhamlin@ifrahlaw.com<br>jtrusty@ifrahlaw.com |

*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

| | |
|---|---|
| /s/ Lindsay McKasson<br>Lindsay McKasson<br>Jared Roberts<br>Binnall Law Group<br>717 King Street, Suite 200<br>Alexandria, VA 22314<br>lindsay@binnall.com<br><br>*Counsel for Renrets, LLC* | /s/ Casey Kirschner<br>Casey Kirschner<br>635 N. Alvarado Lane<br>Plymouth, MN 55447<br>Casey.kirschner@gmail.com<br><br>*Pro se*<br><br>/s/ Julie S. Palmer<br>Julie S. Palmer<br>Harman, Claytor, Corrigan & Wellman<br>P.O. Box 70280<br>Richmond, VA 23255 |

10

48256468 v1

Tel: (804) 762-8027  
Fax: (804) 747-6085  
jpalmer@hccw.com  

*Counsel for Rodney Atherton*

### CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, a true and correct copy of the foregoing has been served through this Court's ECF system on all parties appearing in the action, and via email on:

> Casey Kirschner  
> 635 N. Alvarado Lane  
> Plymouth, MN 55447  
> casey.kirschner@gmail.com  
> *Pro se*

Dated: July 11, 2022                    */s/ Rachel Friedman*
                                              Rachel Friedman

11

48256468 v1