IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>　　Plaintiffs, <br><br>　　v. <br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br>　　Defendant. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>　　Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br>v. <br><br>BRIAN WATSON, WDC HOLDINGS, LLC, and BW HOLDINGS, LLC, <br><br>　　Interpleader Defendants <br><br>AMAZON.COM, INC. and AMAZON DATA SERVICES, INC. <br><br>　　Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**WATSON DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
<u>COURT-HOSTED SETTLEMENT CONFERENCE OR PRIVATE MEDIATION</u>**

　　Defendants WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager (collectively, the "Watson Defendants") hereby

respectfully file this Reply in Support of their Motion for Court-Hosted Settlement Conference or Private Mediation (the "Motion") (Dkts. 844-845).

## INTRODUCTION

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (collectively, "Plaintiffs'" or "Amazon's") insinuation that the Watson Defendants are seeking a settlement conference or private mediation to "club[]," "coerc[e]," or "strongarm" Plaintiffs is perplexing. Dkt. 867 at 4, 7. As the Nelson Defendants highlight in their Notice of Joinder, Amazon's revenue in the first quarter of 2022 was over $116 billion. Dkt. 866 at 2. Mr. Watson, on the other hand, has hardly any funds left, and those funds he does have are subject to an oppressive receivership. His company Northstar, which he spent his life building, is now comprised only of him and one other employee, and is unable to generate real estate deals. Simply put, no one would pick Mr. Watson to win the arm-wrestling contest, much less club or coerce anyone. Indeed, there has been clubbing in this case, but none has come from him. Yet that has not stopped the Watson Defendants from vigorously fighting against Amazon's baseless claims, while also trying to use all of the procedures available to them to expedite resolution. Surely no one can fault Mr. Watson for being eager to piece his life back together as soon as possible.

## ARGUMENT

The Watson Defendants seek a court-hosted settlement conference or private mediation pursuant to Local Civil Rule 83.6(A) and Paragraph 8 of the Rule 16(B) Scheduling Order (Dkt. 455). They have already expounded on the numerous, significant reasons why a settlement conference or private mediation would be beneficial to the parties, as well as why one is necessary given the unique circumstances of this case. Plaintiffs' Response does not suggest otherwise, but

instead feigns shock and outrage at the Watson Defendants' attempts to end their nightmare by any available means. A few points though, addressed below, merit additional discussion.

First, the Watson Defendants do not dispute that the parties have significant disagreements about the facts of the case, including what the long-awaited discovery period has revealed. But Plaintiffs ignore one of the fundamental benefits of a settlement conference or mediation—a third-party digesting and analyzing the complexities of the case, identifying areas of common ground, and providing neutral opinions regarding the strengths and weaknesses of each party's position. It is hard to see how Amazon, which is surely experienced with such processes, could deny that this would be helpful in a case that has dragged on for over two years, has over 800 docket entries (many of which are filled with mud-slinging), and has no foreseeable trial date. But even if they do deny the benefits, Amazon would be hard-pressed to explain why they should have the right to deny the numerous defendants this opportunity when, by virtue of the Motion, the Watson Defendants and the other defendants by joining or not objecting, have indicated a willingness and desire to find common ground. The Watson Defendants' failure to provide specific details regarding the contours of a settlement conference or mediation does not reflect how far apart the parties are. Rather, it indicates the Watson Defendants' willingness to work with Amazon to develop a mutually agreeable proposal.

Second, Plaintiffs claim that they have "at all times been, and remain[], open to settlement discussions." Dkt. 867 at 2. This representation is hard to believe. The word "discussions" means the action or process of talking about something—in other words, a conversation or debate. To date, Plaintiffs have entirely foreclosed the possibility of any such discussions. More specifically, the Watson Defendants and the Nelson Defendants, as explained in their Notice of Joinder, have **repeatedly** asked Plaintiffs to make a demand. Yet Plaintiffs have refused. The Watson

- 4 -

Defendants have no reason to believe that Amazon will engage in the "private discussions" they assert are needed before a settlement conference or mediation would be productive when their conduct to date indicates the contrary. *Id.* at 6. Amazon either stonewalls the Watson Defendants through blanket silence, or openly mocks their settlement offer (a good-faith offer made with the expectation of confidentiality) while providing no contours whatsoever as to what they might be willing to accept. As the Watson Defendants previously explained, it is customary for a civil plaintiff to make a demand, or at least respond to a settlement offer with a counteroffer. This has not happened here.

Finally, similar to what transpired in the briefing involving the Watson Defendants' request to file more than one summary judgment motion, Amazon spends a significant portion of its Response litigating the very issues that are ripe for mediation. The Watson Defendants do not wish to litigate here the merits of Amazon's fraud claims (or, for that matter, the strength of the Watson Defendants' potential claims against Amazon or Gibson Dunn), but reiterate again that discovery has dramatically undermined Amazon's claims. This may be why Amazon repeatedly relies on this Court and the Fourth Circuit's conclusions—conclusions reached before any discovery was taken—that Amazon has "hundreds of pages of supporting evidence." *Id.* at 7. That may have been the case years ago (respectfully, it was not), but it is certainly not the case now following the sworn testimony of 25 witnesses and the production of millions of pages of documents.

## **CONCLUSION**

For the foregoing reasons and the reasons previously expressed in the Motion, the Watson Defendants respectfully request that the Court order a court-hosted settlement conference or private mediation.

Dated: July 14, 2022

Respectfully submitted,

*/s/ Stanley L. Garnett*
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 14, 2022, I will file the foregoing reply with the Clerk of Court using the Court's CM/ECF system, which will send a notification of electronic filing to all counsel of record. In addition, I will send a date-stamped copy of the reply via U.S. Mail First Class to the following:

> Casey Kirschner
> 635 N. Alvarado Lane
> Plymouth, MN 55447
> Casey.kirschner@gmail.com

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VSB. 46932)