IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>         Plaintiffs, <br><br>    v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br>         Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br>    v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>    Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>    Interpleader Defendants, <br>    Interpleader Counter-Plaintiffs. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER OF PUBLICATION AND FOR ALTERNATIVE SERVICE ON DEFENDANTS <u>DEMETRIUS VON LACEY AND SIGMA REGENERATIVE SOLUTIONS, LLC</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... iii

INTRODUCTION ........................................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................................... 2

LEGAL STANDARD ................................................................................................................... 6

ARGUMENT ................................................................................................................................. 6

    I.    Amazon Is Entitled to Effect Service on Von Lacey and Sigma by Serving Process on the Secretary of the Commonwealth, Who Is Their Statutory Agent for This Purpose ............................................................................................................... 6

    II.    Additional Methods of Service Are Appropriate in Order to Maximize the Likelihood Von Lacey and Sigma Receive Actual Notice of This Action ..................... 8

    III.    Amazon Is Entitled to an Order of Publication to Effect Service on Von Lacey and Sigma Because Von Lacey Cannot Be Found and Has No Known Place of Abode ............................................................................................................................... 9

CONCLUSION ............................................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**

*D'Addario v. Geller*,
   264 F. Supp. 2d 367 (E.D. Va. 2003) ................................................................................. 7

*ePlus Tech., Inc. v. Aboud*,
   313 F.3d 166 (4th Cir. 2002) ............................................................................................... 7

*Evolution Strategies, LLC v. Unlimited Mktg. Enters. Inc.*,
   2019 WL 5955379 (E.D. Va. Sept. 27, 2019)..................................................................... 7

*Ind. Lumbermens Mut. Ins. Co. v. Timber Treatment Techs. LLC*,
   2017 WL 7691870 (E.D. Va. Oct. 25, 2017)...................................................................... 9

*McDonald v. Robinson*,
   2020 WL 10456846 (E.D. Va. Sept. 4, 2020)..................................................................... 7

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950)............................................................................................................ 8

*Navient Sols., LLC v. Krohn & Moss, Ltd.*,
   2018 WL 6790654 (E.D. Va. July 26, 2018)................................................................. 9, 11

*Snider Int'l Corp. v. Town of Forest Heights*,
   739 F.3d 140 (4th Cir. 2014) ............................................................................................... 8

**Statutes**

Va. Code § 8.01-296 ................................................................................................................. 6, 9

Va. Code § 8.01-316 ............................................................................................................ 6, 9, 10

Va. Code § 8.01-317 ................................................................................................................... 10

Va. Code § 8.01-329 ........................................................................................................ 6, 7, 8, 9

**Rules**

Fed. R. Civ. P. 4.......................................................................................................................... 6

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs") respectfully move, consistent with Federal Rule of Civil Procedure 4(e) and applicable provisions of Virginia law, for an order to allow Amazon to effect service on new defendants Demetrius Von Lacey and Sigma Regenerative Solutions, LLC by alternative means. Amazon further requests that the Court permit Amazon to take additional steps to serve these new defendants, in order to maximize the likelihood that they receive actual notice.

## INTRODUCTION

At the May 6, 2022 hearing, the Court granted Amazon's motion for leave to file a Third Amended Complaint and directed the parties to work together to agree on a proposed revised case schedule. Dkt. 840-4, at 25–26. The parties agreed to do so and noted their expectation that Amazon might have difficulty serving new defendant Demetrius Von Lacey, which presented risk of delays. *See id.* Amazon anticipated that Von Lacey might evade service because discovery revealed him to be a professional "straw man" whom other defendants used to conceal their scheme and launder the proceeds. *See* Dkt. 616, at 2, 8–9. Moreover, as Amazon's counsel also noted at the hearing, Von Lacey had been evading service of third-party subpoenas in this litigation even before Amazon sought to add him as a defendant. Dkt. 840-4, at 25. The Court directed Amazon to attempt service via traditional methods in the first instance, but noted that alternative methods of service may be available if traditional means proved unsuccessful. *Id.* at 25–26.

The last two months have demonstrated that Amazon's concerns were well-founded. Amazon has spent that time attempting without success to locate Von Lacey and to serve both him and Defendant Sigma Regenerative Solutions, LLC ("Sigma"). Von Lacey and Atherton organized Sigma to facilitate their kickback scheme, and Von Lacey is Sigma's registered agent and the only person whom Amazon believes may be authorized to accept service of process on Sigma's behalf. The difficulties Amazon has encountered in trying to find Von Lacey have complicated

1

its efforts to negotiate a proposed case schedule with counsel for the other Defendants, *see* Dkt. 854, at 3–4, and threatens to delay resolution of at least certain claims in this litigation. Given that Amazon's diligent efforts to effect personal service on Von Lacey have been unsuccessful, Amazon seeks leave to serve Von Lacey and Sigma through the alternative means of service described below.

## FACTUAL BACKGROUND

On May 6, 2022, the Court granted Amazon leave to file a Third Amended Complaint that added several new parties, including Defendants Von Lacey and Sigma. *See* Dkts. 756, 764. The Clerk signed and issued summonses for Von Lacey, Sigma, and four other new defendants on May 16. *See* Dkt. 782. Amazon successfully served the four other new defendants that same week,[1] Dkts. 796, 797, and immediately undertook efforts to serve Von Lacey and Sigma as well.

Amazon first attempted to reach Von Lacey by contacting an attorney whom Amazon understood to have represented Von Lacey at some point in the related criminal investigation. *See* Ex. 1; *see also* Dkt. 840-4, at 26. Amazon had previously contacted the attorney earlier in January 2022 when attempting to serve Von Lacey with a third-party subpoena. Ex. 2. At that time, the attorney responded that he was not representing Von Lacey in this matter and could not accept service on his behalf. Ex. 3. Amazon nevertheless emailed the attorney to advise that Von Lacey has been named as a defendant in this litigation and to inquire whether the attorney could waive service of summons on Von Lacey's behalf. Ex. 1. The attorney never responded to that email, nor has he otherwise engaged with Amazon's counsel in this litigation beyond the single message in January refusing service. *See* Ex. 3.

---

[1] Amazon has been attempting to serve the summonses for both Von Lacey and Sigma on Von Lacey, because Von Lacey organized and served as the registered agent for Sigma and Amazon is aware of no other individual who is authorized to accept service on Sigma's behalf.

2

On May 18, 2022, a professional process server retained by counsel for Amazon attempted to serve Von Lacey at 2845 Des Moines Drive, Fort Collins, Colorado, 80525, which Amazon identified based on a search report prepared using LexisNexis Accurint.[2]  Ex. 4; *see also* Exs. 5–6.  The process server reported that the residence appeared unoccupied.  The process server further noted that property records indicate that the residence has been sold twice since Von Lacey appeared in its chain of title and that Von Lacey is no longer the owner.  Exs. 5–6.

Amazon subsequently attempted to serve Von Lacey at another address listed in the Accurint report, which indicated that between 1998 and March of 2022, Von Lacey may have resided at 1324 West Sandusky Street, Apartment M3, Findlay, Ohio 45840.  Ex. 4.  The professional process server attempted service on Von Lacey at the Findlay address on May 26, 2022, but did not find Von Lacey there.  Exs. 7–8.  The process server spoke to the property manager, who advised that there are no records of Von Lacey living there at any point in the three years for which she had records.  Exs. 7–8.  The process server left contact information with the property manager and requested that she call if she obtained any information about Von Lacey.  Exs. 7–8.  The property manager called the next day to advise that she had been unable to find further information about Von Lacey.  Exs. 7–8.

The process server made further attempts to locate Von Lacey's current residence by conducting a skip trace.  The only potential current residential address that the search identified was a home located at 7967 Ralston Court, Frederick, Colorado 80530.  Sterling Decl. ¶ 7.  The process server attempted service on Von Lacey at that address on June 2, 2022.  Ex. 14, at 1.  He reported that Von Lacey was not there, but that he spoke with a man who purported to be the owner of the

---

[2]  Amazon had previously attempted to find Von Lacey at this address and elsewhere on multiple occasions in late 2021 and early 2022 when attempting to serve him with a third-party subpoena, but was unsuccessful each time.  Exs. 9–13.

3

house and who said that he was a friend of Von Lacey's. *Id.* The purported owner represented that he did not know where Von Lacey is currently residing, but he provided what he said was Von Lacey's phone number (970-402-7142). *Id.* Property records suggest that the man may have been Damon Jones, who is currently the residence's owner of record. *Id.*

Amazon proceeded to conduct public domain searches using the phone number the process server obtained at the Frederick, Colorado address. The phone number is associated with a company called TTT Leasing, LLC, an Oklahoma limited liability company that is registered to do business in Colorado. Ex. 15. An August 2021 statement filed with the Colorado Secretary of State indicates that the company is currently operative in good standing, and that Von Lacey is its registered agent. *Id.* The address on file with the Colorado Secretary of State is 6770 West 52nd Avenue, Suite A, Arvada, Colorado 80002. *Id.*

Although the West 52nd Avenue address is not a residential address, Amazon sent a professional process server to attempt to find and serve Von Lacey at that address on June 7, 2022. Ex. 14, at 1. The process server was unable to find Von Lacey there, but spoke with an individual on site who confirmed that Von Lacey currently works there and provided insight as to when he normally reports to work, on days when he works in the office. *Id.* The process server returned to the location at least five more times in an effort to find Von Lacey and to look for his vehicles, which were listed in the Accurint report.[3] *Id.* at 1–2; *see also* Ex. 4. The process server reported that there was no sign of Von Lacey on any of those occasions. Ex. 14, at 1–2.

As Amazon has attempted to find Von Lacey, it has encountered reasons to believe that he may be evading service or otherwise is attempting to disguise his location. For example, in a

---

[3] The process server attempted service at Von Lacey's work on June 7, 8, 9, 10, 15, 16, and 22 at different times of day, and would remain for half-hour periods while watching for Von Lacey's vehicle. *Id.*

███████ produced by Defendant Carleton Nelson, ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████. Dkt. 619-1, at 30.  It further appears that Von Lacey has not regularly shown up to work at TTT Leasing, LLC since a process server first visited and inquired about his whereabouts, which suggests that he has gone underground to avoid service.  Ex. 14.

Additionally, although the businesses that Amazon previously publicly identified as affiliated with Von Lacey have all submitted multiple filings with governmental authorities, none of those filings has ever listed an address where Von Lacey can actually be found.  *See, e.g.*, Exs. 16–18; *see also* Ex. 19.  The filings made by those businesses—including those for which Von Lacey is the principal officer or agent—instead have all listed only Atherton's office address.  *See, e.g.*, Exs. 16–18.  Those businesses have now been dissolved or designated delinquent for failure to file documents that they are required to file annually with state authorities.  *See* Exs. 20–22.

Based on the diligent investigation described above and outlined in greater depth in the attached Declaration of Amanda Sterling, Amazon believes that Von Lacey is not a resident of the Commonwealth of Virginia.  Sterling Decl. ¶ 10.  None of the addresses or other background information that Amazon has gathered suggest that Von Lacey has ever lived in Virginia, notwithstanding his participation in the kickback scheme that Defendants perpetrated as to real estate deals in Virginia.  *See* Ex. 23.  To date, Amazon has been unable to ascertain any post office address currently used by Von Lacey, nor has it identified any residence that does not have subsequent owners listed in the chain of title.  In short, Amazon has no useful information about Von Lacey's location or current whereabouts aside from knowledge of his current place of business, where thus far he has not been found.  *See* Ex. 14.  Amazon accordingly has been and remains unable to locate

Von Lacey to effect personal service of the summons and complaint on him in the manner prescribed under Rule 4(e)(2) of the Federal Rules.

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(e) permits service of summonses in this case by any method authorized under Virginia law. *See* Fed. R. Civ. P. 4(e)(1) (providing, in relevant part, that service can be effected by methods that "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located"). Section 8.01-296 of the Virginia Code in turn provides that a natural person can be served with summons by personal delivery in the first instance or by substituted service at the person's "usual place of abode." Va. Code § 8.01-296. Where personal or substituted service cannot be effected, a plaintiff may attempt constructive service on a natural person or nonresident business by order of publication consistent with requirements prescribed by Virginia's service-of-process laws. *Id.* §§ 8.01-296(3), 8.01-316(A). Virginia's long-arm statute also provides that a plaintiff can serve process on a nonresident of Virginia by serving the Secretary of the Commonwealth, who is deemed the nonresident's statutory agent for such limited purpose. *Id.* § 8.01-329(A)–(B).

## ARGUMENT

**I.   Amazon Is Entitled to Effect Service on Von Lacey and Sigma by Serving Process on the Secretary of the Commonwealth, Who Is Their Statutory Agent for This Purpose**

Amazon requests that it be permitted to effect service on Von Lacey and Sigma by serving the Secretary of the Commonwealth, who is their statutory agent for purposes of service of process and who must then send the process by certified mail to the defendant. Va. Code § 8.01-329(A)–(B). This method of substituted service is available when Virginia's long-arm statute authorizes the exercise of personal jurisdiction. *See id.* § 8.01-329(A). The long-arm statute, in turn "provides for personal jurisdiction to the extent that federal due process permits," such that "essentially

6

only one inquiry is required" to determine whether the Court has jurisdiction (and substituted service may be used). *Evolution Strategies, LLC v. Unlimited Mktg. Enters. Inc.*, 2019 WL 5955379, at *2 (E.D. Va. Sept. 27, 2019), *report and recommendation adopted*, 2019 WL 5902116 (E.D. Va. Nov. 12, 2019); *see also ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). Here, as in other cases involving out-of-state RICO defendants, the Court has specific personal jurisdiction over Von Lacey, Sigma, and the other defendants based on their participation in a scheme designed to defraud Amazon in connection with real estate transactions in Virginia. *Aboud*, 313 F.3d at 177 n.10 (holding that due process permitted exercise of personal jurisdiction over Canadian defendant who "intended to defraud Virginia corporations of substantial amounts of valuable property"); *see also, e.g.*, *McDonald v. Robinson*, 2020 WL 10456846, at *4 (E.D. Va. Sept. 4, 2020) (holding that court had jurisdiction over group of "out-of-state persons or entities" who "directed tortious conduct toward [plaintiff] in Virginia"), *report and recommendation adopted*, 2021 WL 3009002 (E.D. Va. July 15, 2021); *D'Addario v. Geller*, 264 F. Supp. 2d 367, 379 (E.D. Va. 2003) (confirming that long-arm statute and constitutional due process permit exercise of jurisdiction over out-of-state RICO defendants).

To justify this method of substituted service, Amazon must submit an affidavit "stating either (i) that the person to be served is a nonresident or (ii) that, after exercising due diligence, [Amazon] has been unable to locate the person to be served." Va. Code § 8.01-329(B). Although only one of these two alternatives is required, Amazon's submission satisfies both. The information Amazon has gathered from the team of process servers effectively confirms that Von Lacey is living in Colorado and has no discernible ties to any residence in Virginia. Sterling Decl. ¶¶ 6, 10; *see also* Ex. 14. And even if the Court were to entertain doubts as to Von Lacey's current state of residence, Amazon has still justified substituted service based on the extensive diligence that it

7

has undertaken, without success, to locate Von Lacey in order to effect personal service. Sterling Decl. ¶¶ 3–10; Va. Code § 8.01-329(B). The affidavit also must state "the last known address of the person to be served," *see* Va. Code § 8.01-329(B), which the Sterling Declaration does with respect to both Von Lacey's personal and businesses addresses, *see* Sterling Decl. ¶¶ 5, 7–8. Service on Von Lacey and Sigma therefore can be effected in accordance with the requirements of Section 8.01-329(C), which prescribes the manner in which process can be served on the Secretary in his capacity as the statutory agent of nonresident defendants. *See* Va. Code § 8.01-329(C).

## II. Additional Methods of Service Are Appropriate in Order to Maximize the Likelihood Von Lacey and Sigma Receive Actual Notice of This Action

Although Amazon believes that Von Lacey already has actual knowledge of this litigation and has been evading service of process, it proposes that additional measures be undertaken out of an abundance of caution. Amazon respectfully requests that it be permitted to attempt service on Von Lacey and Sigma through the following specific measures, all of which appear to Amazon to be "reasonably calculated to confer actual notice" on Von Lacey. *See, e.g.*, *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 146 (4th Cir. 2014) (approving form of notice that "was reasonably calculated to confer actual notice upon" the subject, while also expressly disclaiming that actual notice is required); *see also Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 319 (1950).

*First*, Amazon proposes that notice be sent by mail to every address that Amazon identified above as potentially associated with Von Lacey from the last three years, inclusive of both residential and personal addresses.

*Second*, Amazon proposes that its counsel attempt to call Von Lacey at the telephone number that the process server obtained from a current resident of Von Lacey's former residence (970-402-7142), as well as at additional numbers identified on pages 10–11 of Exhibit 4.

8

*Third*, Amazon proposes that its counsel attempt to reach Von Lacey at the email addresses identified on pages 10–11 of Exhibit 4.

### III. Amazon Is Entitled to an Order of Publication to Effect Service on Von Lacey and Sigma Because Von Lacey Cannot Be Found and Has No Known Place of Abode

Finally, Amazon requests an order of publication to effect service on Von Lacey and Sigma as a backstop method of alternative service. Virginia law authorizes service by order of publication when other methods are unavailable or unsuccessful, provided the party attempting service provides an affidavit attesting to certain facts. *See* Va. Code §§ 8.01-296(2)(c), 8.01-316(A)(1). Neither personal service nor the substitute methods prescribed by Section 8.01-296 are possible where the party seeking to effect service cannot determine the current location or "usual place of abode" of the person to be served.[4] *Id.* § 8.01-296(1), (2)(a)–(b). As Amazon has detailed above and in the Sterling Declaration, all of Amazon's potential leads as to Von Lacey's present whereabouts or residence have fallen through, rendering it impossible to serve him by personal delivery or by substituted service at his current abode in the manner prescribed by Section 8.01-296. Service by publication accordingly is appropriate and has been authorized under similar circumstances in other cases, including in decisions by this Court. *See, e.g.*, *Navient Sols., LLC v. Krohn & Moss, Ltd.*, 2018 WL 6790654, at *3 (E.D. Va. July 26, 2018); *Ind. Lumbermens Mut. Ins. Co. v. Timber Treatment Techs. LLC*, 2017 WL 7691870, at *2 (E.D. Va. Oct. 25, 2017).

To obtain an order of publication, Amazon must submit an affidavit stating grounds for constructive service, for example, "[t]hat the party to be served is . . . a nonresident individual" or

---

[4] Given that Amazon could effect service on Von Lacey and Sigma via substituted service on the Secretary of the Commonwealth, Amazon respectfully submits that an order of publication would not be strictly required in order for service on those defendants to be considered valid. *See* Va. Code § 8.01-329(A)–(B); *see also infra* Section I. Amazon nevertheless is seeking an order of publication at its own expense as a simultaneous measure to ensure that service is valid and to foreclose any challenges by Von Lacey or Sigma as to this issue in the future.

9

"[t]hat diligence has been used without effect to ascertain the location of the party to be served." Va. Code § 8.01-316(A)(1)(a)–(b). Amazon's submission satisfies these requirements, as does its supporting documentation detailing its diligent efforts and indicating that Von Lacey is a resident of Colorado. Sterling Decl. ¶¶ 3–10. Amazon has been unable to locate and serve Von Lacey by personal service or otherwise at a current abode, notwithstanding the extensive investigation it has undertaken in order to find him. *Id.* These facts justify service by publication and the order Amazon requests here. Va. Code § 8.01-316(A)(1).

Virginia law provides that an order of publication must be published weekly for at least four consecutive weeks in a newspaper to be prescribed by the court or, if no such newspaper exists, as directed by the clerk. *Id.* § 8.01-317. Amazon respectfully requests that the Court require publication at Amazon's expense in *The Denver Post*, which has the broadest circulation of any daily newspaper in Colorado, where Von Lacey currently works and likely resides. Amazon further requests, consistent with the requirements of the Virginia Code, that the Court require that the order of publication be posted at the front door of the Eastern District of Virginia courthouse and mailed to each of the addresses identified above in the unlikely event that Von Lacey is still receiving mail at any of those addresses. *See id.* As to contents, the order must "give the abbreviated style of the suit, state briefly its object, and require the defendants . . . against whom it is entered to appear and protect their interests on or before the date stated in the order," which must be at least 50 days after the order is entered. *Id*.

Given the likelihood that Von Lacey has actual notice of this litigation and the risk of prejudice to Amazon and other parties who are actively litigating this case on a tight schedule, Amazon requests that Von Lacey and Sigma be required to appear exactly 50 days from the date the order is entered. These specifications are appropriate under the circumstances and consistent

10

with those that have been ordered in similar cases in which publication has been authorized. *See, e.g.*, *Navient Sols.*, 2018 WL 6790654, at *3 (noting prior entry of order of publication with materially identical specifications).

## CONCLUSION

Because Amazon has been unable to locate or serve Von Lacey or Sigma after several weeks of extensive efforts, and because neither defendant appears to be a resident of the Commonwealth of Virginia, Amazon respectfully requests that the Court issue the order of publication and authorize the additional measures outlined above in order to effect service on these two defendants.

Dated:  July 15, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Rodney Atherton
12863 West 87th Ave.
Arvada, CO 80005
By email: jpalmer@hccw.com

Demetrius Von Lacey
2845 Des Moines Dr.,
Fort Collins, CO 80525

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Renrets LLC
PO Box 8156
Columbus, OH 43201

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*