IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>    Interpleader Defendants, <br><br>  and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>    Interpleader Defendants, <br>    Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR A
<u>PROTECTIVE ORDER PROHIBITING  RULE 30(b)(6) DEPOSITION</u>**

1

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs") respectfully move for a protective order on Defendants' August 3, 2022 notice for Rule 30(b)(6) deposition testimony next week (August 10 and 11) on ***130 topics*** they promised in June but shared just three weeks ago. These topics are subject to significant and ongoing scope negotiations as required by Rule 30 as amended. Defendants have nevertheless refused to respond to Plaintiffs' repeated requests to withdraw the current notice and work in good faith to conclude required negotiations on the topics and identify mutually acceptable alternative dates for the deposition. Accordingly, Plaintiffs respectfully request a protective order directing Defendants to withdraw the notices for testimony next week, and to comply with their obligation to complete topic negotiations and identify alternative deposition dates in accordance with federal and local rules.

## RELEVANT BACKGROUND

Plaintiffs repeatedly asked for the Rule 30(b)(6) topics at issue months ago in order to avoid precisely the timing problem Defendants have now needlessly created. Plaintiffs and certain Defendants first negotiated an agreement in May 2022 about Amazon's Rule 30(b)(6) deposition: Amazon's corporate representative(s) would sit for a deposition for one day or two if necessary, and the Defendants who had appeared in the case at that time would provide a single, consolidated list of topics for the deposition. Ex. 1. Those Defendants advised on May 17, 2022 that they would be in a position to provide their list of topics the following week, with the deposition to occur in late June. *Id*. These Defendants eventually agreed to coordinate with other Defendants on a consolidated list of topics for deposition later in the summer. *See* Ex. 2.

On July 8, 2022, the parties agreed on new deposition dates in "mid to late August" contingent on Defendants' provision in mid-July of a consolidated list of topics that would permit

"sufficient time to meet and confer and for Amazon to prepare the necessary witnesses." Ex. 3, at 4–5.

Plaintiffs did not receive the topics on the expected schedule, and sent multiple emails to Defendants reiterating the need for "sufficient time to meet and confer on the topics and then to identify and prepare the appropriate witnesses," *id*. at 2–4, and also advising that "one of Amazon's primary witnesses for this deposition is unavailable from August 15-30, so any further delay on the topics will jeopardize Amazon's ability to produce a witness before August 26," *id.* at 2.

The following week, Defendants counsel served **130 topics**, many of which are facially objectionable on scope, burden, relevance, privilege, and other grounds. Ex. 4; *see also* Ex. 3. They then delayed sending the Rule 30(b)(6) notice for these 130 topics until August 3, the day after Plaintiffs sent their extensive written objections. Ex. 5. On August 4, the parties conferred for more than five hours and progressed scope and other compromises on approximately 71 topics, but agreed further discussions would be necessary.[1] Ex. 6, at 1–8. Because the timing and scope of Defendants' noticed topics precludes testimony next week, Plaintiffs asked Defendants to withdraw the current notice so the parties could complete their required negotiations and agree on mutually acceptable alternative dates in September. *Id.* at 8–9. That schedule would account for the time necessary to finalize topics and prepare appropriate designees, given constraints on the availability of Plaintiffs' witnesses in August. *Id.* Plaintiffs' counsel asked Defendants for their position by noon today in the hope of avoiding a motion for relief on the notices for next week they have unreasonably refused to withdraw. *Id.* Defendants have to date refused to withdraw the notice, forcing Plaintiffs to file this motion. *Id.* at 1–8.

---

[1] Counsel for certain Defendants did not attend the entire call, which impeded the parties' efforts to make progress in resolving Plaintiffs' objections to the consolidated topics.

3

**ARGUMENT**

"Rescheduling depositions is generally a matter of common professional courtesy." *Moses Enters., LLC v. Lexington Ins. Co.*, No. 3:19-CV-00477, 2021 WL 329210, at *5 (S.D.W. Va. Feb. 1, 2021), *aff'd* 2021 WL 5415334 (S.D.W. Va. Apr. 13, 2021).  However, when opposing counsel refuses to reschedule a deposition, the proper procedure is to seek a protective order under Rule 26(c).  *Inspirations Nev. LLC v. Med Pro Billing, Inc.*, No. 20-CV-60268, 2020 WL 6581602, at *2 (S.D. Fla. Nov. 10, 2020); *Robinson v. Quicken Loans, Inc.*, No. 3:12-cv-00981, 2013 WL 1776100, at *3 (S.D.W. Va. Apr. 25, 2013).  A motion for a protective order is timely if made prior to the date set for producing the discovery.  *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991).

Rule 26(c) provides authority for a district court to issue protective orders upon the motion of a party or person from whom discovery is sought, if good cause is shown.  *Brittain*, 136 F.R.D. at 412; *see generally* 8 Wright & Miller, Federal Practice and Procedure § 2035, at 264 (1970).  It "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).  And it allows the court to take steps to prevent "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Specifically, one protection the court may order is to specify terms, including the "time and place," of a deposition.  Fed. R. Civ. P. 26(c)(1)(B); *see also Bldg. Erection Servs. Co. v. Am. Bldgs. Co.*, No. CIV.A. 09-2104-CM-DJ, 2010 WL 135213, at *1 (D. Kan. Jan. 13, 2010) ("The court has great discretion in entering a protective order under Fed. R. Civ. P. 26(c) specifying the date and time of a deposition."); 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2111 (3d ed.).

A protective order is appropriate here. As discussed above, Defendants were unreasonably delayed in providing topics for Amazon's 30(b)(6) deposition, despite Plaintiffs' counsel's repeated requests for those topics and warnings that such delays could prevent it from producing a prepared witness in mid-August. As Plaintiffs' counsel predicted, it is now simply impossible for Plaintiffs' counsel to prepare Amazon's 30(b)(6) witness to testify on Defendants' **_130 noticed topics_** by next week, August 10 and 11. To be sure, Plaintiffs do not seek to absolute protection from the 30(b)(6) deposition. Rather, they only seek to preclude the deposition from taking place in a matter of days, given that the parties have not yet even begun to negotiate more than one-third of the topics and because substantial progress remains to be made on many of the dozens of topics that the parties discussed during their meet and confer this week. *See* Ex. 6, at 1–9.

Plaintiffs have shown that good cause exists for such relief. Moreover, the relief requested—ordering that Defendants' withdraw their notice and meet and confer to find a date that works for all parties—is well within this Court's authority. *See HP Tuners, LLC v. Sykes-Bonnett*, No. C17-5760 BHS, 2019 WL 9828399, at *1 (W.D. Wash. Apr. 11, 2019) (granting protective order and directing the parties to meet and confer to find an alternative date for the deposition and in so doing); *Seabrook Med. Sys. Inc. v. Baxter Healthcare*, 164 F.R.D. 232, 233 (S.D. Ohio 1995) (holding that to ensure professional courtesy and convenience, the plaintiff was entitled to a protective order against the taking of a third–party deposition that was scheduled without any consultation with plaintiff's counsel).

Moreover, protective orders are proper where, as here, a party demands witness testimony in violation of the Federal Rules. The topics Defendants belatedly served after months of delay are improper on relevance, burden, proportionality and privilege grounds that the parties are obliged to address in conferences under Rule 30. *See, e.g.*, Ex. 4, at 7–21 (Topics 13, 15, 24, 49,

51, 54, 72, 75, 85, 91, 95, 100). The parties have agreed that additional time is required to negotiate these topics, and as Plaintiffs have explained, more time will be needed for proper witness preparation and the presentation of any unresolved questions to the Court.

## CONCLUSION

Plaintiffs respectfully request that this Court issue a protective order directing Defendants to withdraw the Rule 30(b)(6) notice (with noticed dates next week), continue to confer with Plaintiffs in good faith to narrow the topics, and cooperate with Plaintiffs to find mutually acceptable alternative dates for the deposition in late August or September.

Dated:  August 5, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.,
Fort Collins, CO 80525

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*