IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>    Interpleader Defendants, <br><br>    and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>    Interpleader Defendants, <br>    Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR A
PROTECTIVE ORDER PROHIBITING RULE 30(b)(6) DEPOSITION**

1

Amazon does not seek to "evade" Rule 30(b)(6) testimony. Opp. 1. It has repeatedly committed to providing such testimony, and is eager to the finalize topics on which it will designate and prepare its corporate witnesses. But Defendants made it impossible to do that in time for depositions this week, because they demand testimony on *130 topics* they noticed on August 3 for examinations on August 10 and 11. Amazon's motion for a protective order, Dkt. 901, is solely about *rescheduling* these depositions until the parties complete the conferral process required by Rule 30 as amended. *See* Fed. R. Civ. P. 30(b)(6). Typically, "[r]escheduling depositions is . . . a matter of common professional courtesy." *Moses Enters., LLC v. Lexington Ins. Co.*, No. 3:19-CV-00477, 2021 WL 329210, at *5 (S.D.W. Va. Feb. 1, 2021), *aff'd*, 2021 WL 5415334 (S.D.W. Va. Apr. 13, 2021). Here, however, Defendants refused to withdraw the notices for August 10 and 11 even though the parties agreed—after a five-hour conference on approximately 70 topics on August 4—that additional discussions would be necessary. For the reasons discussed below and in Amazon's motion, *see* Dkt. 901, Amazon respectfully requests that the Court grant protective relief on the outstanding notices, order Defendants to agree on a reasonable subset of topics Amazon could prepare for testimony later this month, and order Defendants to resolve (by agreement or otherwise) Amazon's objections to any remaining topics in time to allow Amazon to designate and prepare a witness for additional testimony on a mutually agreed date in September.

## ARGUMENT

A protective order is appropriate here because Defendants demanded testimony on an excessive number of topics and also unreasonably delayed in notifying Amazon of what those topics are, despite Amazon's repeated requests for notice of the topics and warnings that delay would impede it from being able to prepare and testify in mid-August. *See* Dkt. 901; Dkt. 902-3. Defendants noticed the August 10 and 11 depositions on August 3—less than 24 hours after

2

receiving Amazon's timely objections to the *130* topics—which Amazon promptly asked to discuss as Rule 30 and Local Rule 7 require. Dkt. 902-6, at 8–9, 14–15. As of the filing of this motion on August 5, the parties were (and still remain) in ongoing negotiations about the scope of Defendants' 130 noticed topics and potential alternative deposition dates. *See id.* at 1–9. Indeed, during a telephone conference on August 4 that lasted more than five hours, Defendants agreed to narrow various portions of approximately 70 topics on which Amazon offered to prepare corporate designees. *Id.* The parties agreed that these modifications, as well as the remaining 60 facially objectionable topics, would require further discussion. *Id.* The conferral process has been productive. This week Defendants withdrew some of their objectionable topics, and narrowed others. To facilitate resolution of these and other objections on over 60 topics, Amazon agreed to find mutually acceptable new dates for testimony on the revised topics, and asked Defendants to withdraw the current notices and propose a subset of topics on which Amazon could potentially identify and prepare a witness for testimony this month. *Id.* at 8–9. Defendants refused to do either of these things, needlessly forcing Amazon to seek a protective order on the August 10 and 11 dates that were no longer feasible due to Defendants' sweeping demands and unexcused delay. *See* Dkt. 901.

Defendants' response is replete with misrepresentations. Defendants complain about the "sheer scope" of Amazon's objections. Opp. 2. But this is simply a function of the "sheer scope" of Defendants' ***130 noticed topics***. Dkt. 902-4. Far from "playing the game of asserting as many objections as possible," Opp. 8, Amazon has been attempting to narrow Defendants' improper and unwieldy set of topics to issues that are actually relevant to the claims and defenses in this case, and on which it is possible to prepare a corporate designees to provide informed testimony. Defendants' topics have needlessly complicated and subverted this process. Even the topics that

3

are not facially irrelevant or otherwise entirely improper are extremely burdensome, and request corporate testimony on the details of voluminous discovery responses and broad swaths of Amazon's business involving countless transactions that are not at issue in this suit. *See, e.g.*, Dkt. 902-4 (topics 4, 19, 45–47, 51, 54, 55, 105). Preparing a designee for even a fraction of such testimony would *not* be a matter of "minor inconveniences to an employee for a day." Opp. 9. It would require extensive time and preparation even on a reasonable number of proper topics. These logistical constraints are especially challenging here because, as Amazon repeatedly advised Defendants, the proposed designee who is traveling in the latter part of August is a high-level executive who has extensive obligations relating to multiple areas of Amazon's business. Dkt. 902-4, at 17–18.

Defendants' assertion that Amazon has refused to agree to alternate dates for this testimony, Opp. 3, is another red herring. Amazon proposed dates in September, and repeatedly told Defendants it would be amenable to dates later this month if they would agree on a reasonable set of topics. But instead of doing that, they forced motions practice by refusing to withdraw the notices for August 10 and 11 even though those dates were plainly not feasible. Dkt. 902-4. Defendants stress that it was Amazon that offered August 10 and 11 in the first place. Opp. 6. But they neglect to mention that Amazon did so only on the condition, expressly grounded in the latest amendments to Rule 30, that Defendants serve by mid-July a reasonable and consolidated list of topics, Dkt. 902-4, at 2–5, that would leave "sufficient time to meet and confer and for Amazon to prepare the necessary witnesses." Dkt. 902-3, at 4–5.[1]

---

[1] After Defendants served their 130 topics, Amazon timely objected, conferred within 24 hours on approximately 70 topics, and did *not* "ignore[]" Defendants' "offers" to meet and confer on the 50 additional topics to which Amazon objected as entirely improper for Rule 30(b) testimony. Opp. 7. As Defendants admit, Amazon offered to have a call about these topics. Opp. 8 (citing Dkt. 909-1). It is *Defendants* who declined this call and demanded that negotiations on those topics be

Rule 30 was amended in 2015 and again in 2020 to focus on "proportionality," and to require parties to confer "to clarify and focus the matters for examination" as necessary to "enable the [testifying] organization to designate and to prepare an appropriate witness or witnesses." Fed. R. Civ. P. 30, Cmts.  These amendments were adopted to "avoid later disagreements" on "overlong or ambiguously worded lists of matters for examination and inadequately prepared witnesses." *Id*.  These amendments foreclose Defendants' complaints about the conferral process, which simply reflect frustration about the time it takes to confer and narrow the 130 objectionable topics they chose to serve.[2]  That is a problem of their own making.[3]

Nonetheless, Amazon remains committed to solving it by identifying an agreed subset of topics on which it could designate and prepare a witness this month, and providing dates in September for additional testimony after the parties have agreed upon or otherwise resolved additional topics subject to outstanding objections.  Accordingly, Amazon respectfully requests that the Court grant protective relief on the outstanding notices, order Defendants to agree on a reasonable subset of topics for testimony later this month,  and order them to resolve (by agreement

---

conducted in writing. Dkt. 909-1, at 1–2.  Defendants have now withdrawn or narrowed some of those topics, but the remainder are still objectionable on grounds Amazon has offered to discuss.

[2] Defendants' brief fails to mention that the 150 topics they purportedly "narrowed" to 130 actually contained more than three dozen identical requests.  *See, e.g.,* Dkt. 909-2 (Topic 40), with Dkt. 909-3 (Topic 24).  Accordingly, Defendants' current "consolidated" list of topics actually includes *more* topics than the original (objectionable) set.  Defendants' suggestion that Amazon should have anticipated all of these topics based on the prior 150 directed at an earlier complaint, Opp. 4–5, is unsupported and illogical.  Defendants promised Amazon in June that they would provide a narrower and consolidated set of topics addressed to the current (Third Amended) complaint.  They could and should have done that by mid-July as agreed so the parties could resolve objections and identify a final list of topics for which Amazon could designate and specifically prepare corporate witnesses.

[3] The remainder of Defendants' arguments, Opp. 1-2, have nothing to do with Rule 30 or the deposition dates and topics in Amazon's motion.  The reprise objections to the Court's rulings on deposition notices for individual testimony the Court found improper.  Dkt. 577.

or otherwise) Amazon's objections to remaining topics in time to allow Amazon to designate and prepare a witness for additional testimony on a mutually agreed date in September. *See HP Tuners, LLC v. Sykes-Bonnett*, 2019 WL 9828399, at *1 (W.D. Wash. Apr. 11, 2019) (granting protective order in similar circumstance); *Seabrook Med. Sys. Inc. v. Baxter Healthcare*, 164 F.R.D. 232, 233 (S.D. Ohio 1995) (same).

## CONCLUSION

For the reasons discussed below and in Amazon's motion, the Court should grant this motion.

Dated: August 11, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.,
Fort Collins, CO 80525

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*