**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., | |
| Plaintiffs, | |
| v. | CASE NO. 1:20-CV-484-LO-TCB |
| WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al., | **PUBLIC VERSION** |
| Defendants. | |
| 800 HOYT LLC, | |
| Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, | |
| v. | |
| BRIAN WATSON, WDC HOLDINGS, LLC, and BW HOLDINGS, LLC, | |
| Interpleader Defendants, | |
| and | |
| AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., | |
| Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**MEMORANDUM OF LAW IN SUPPORT OF BRIAN WATSON'S MOTION**
**TO REMOVE "ATTORNEYS' EYES ONLY" DESIGNATION**

Defendant Brian Watson ("Movant"), by and through counsel, hereby moves for an order

removing the "Attorneys' Eyes Only" designation on the document produced by Non-Party IPI

Partners, LLC ("IPI"), Bates-stamped IPI_EDVA_0038930 to IPI_EDVA_0038939, and

designated by IPI as "Highly Confidential—Outside Attorneys' Eyes Only" pursuant to the

Protective Order entered by the Court (the "Agreed Protective Order"). ECF 55, attached as Exhibit

A to Declaration of Jeffrey R. Hamlin ("Hamlin Decl.").  In the alternative, Movant requests that the Court permit defense counsel to disclose the document to him as allowed under Section 9(d) of the Agreed Protective Order, as defense counsel reasonably believes such disclosure is "necessary to adequately advise" their client.

## I.   <u>BACKGROUND</u>

### A.   **Case Background and Protective Order**

IPI's role in the above-captioned case is well-documented.  *See, e.g.*, ECF 650.  Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon") allege in this case that certain former Amazon employees received kickbacks in exchange for directing commercial lease transactions to certain property developers, including Mr. Watson and his company, Northstar Commercial Partners ("Northstar").  *Id.* at 1; Third Am. Compl. ¶¶ 1-2.  As Amazon has explained in its Third Amended Complaint, Mr. Watson, Northstar, and the other relevant Defendants did not enter into these transactions alone; rather, Northstar engaged IPI as an equity partner in the development of a joint venture (NSIPI Data Center Venture, LLC) to execute certain lease transactions.  *Id.* ¶¶ 120-131.  For two years, IPI had regular communication with Northstar and was involved in the day-to-day activities concerning the data centers.

In 2019, following a whistleblower complaint, Amazon began to investigate allegations of impropriety on the part of Defendants, including Northstar.  *Id.* ¶ 63.  Late that year and in 2020, Amazon and IPI worked closely together to terminate Mr. Watson and Northstar from the joint venture just prior to filing this lawsuit: According to Amazon, on February 19, 2020, "Amazon and IPI agreed to amend the leases and management contracts at the Northstar-affiliated Virginia Lease Transaction sites" to facilitate the termination of Northstar's role, which IPI effected on April 2, 2020.  *Id.* ¶ 188.  Following Northstar's termination, an IPI affiliate is now the sole owner

of NSIPI Data Center Venture, LLC and several downstream limited-liability companies that hold the leases at issue in this case. *Id.* ¶ 196.  Amazon and IPI subsequently renegotiated the leases at issue in this case, and IPI has assumed many of the responsibilities previously assigned to Northstar as it continues to serve as a partner to Amazon.  *Id.*

The Court entered the Agreed Protective Order in this case on June 4, 2020.  In relevant part, the Agreed Protective Order permits parties and non-parties to disclose or produce "Protected Material" under the designations "Confidential" and "Highly Confidential—Outside Attorneys' Eyes Only."  Hamlin Decl., Ex. A at 5.  Documents that are designated as "Highly Confidential— Outside Attorneys' Eyes Only" may be disclosed only to outside counsel, with certain exceptions. *Id.* at 10-11.  However, if counsel for a receiving party "reasonably believes" that disclosure of the material "is necessary to adequately advise their client," counsel can seek the consent of the designating party or the Court's permission to disclose the material accordingly.  *Id.* at 12.  In addition, if a receiving party objects to any designation, it can "seek a hearing before this Court with respect to the propriety of the designation" after providing written notice of its objections to the producing party.  *Id.* at 12-13.

### B.     Document Productions, Depositions, and Confidentiality Designations

On January 21, 2022, pursuant to Federal Rule of Civil Procedure 45, Mr. Watson served IPI with a subpoena for documents that sought the production of various categories of documents. *See* Hamlin Decl., Ex. B at 7.  In relevant part, the subpoena sought all documents and communications relating to Defendants in this case.  *Id.*  Beginning in March 2022, IPI has made a series of document productions in response to the subpoena, which include several documents that IPI has designated as "Highly Confidential—Outside Attorneys' Eyes Only" pursuant to the Agreed Protective Order.

During the course of this litigation, Defendants have taken the depositions of two representatives of IPI: Luke Gilpin (on June 2, 2022) and Matt A'Hearn (on June 9, 2022).  During the course of these depositions, Defendants introduced as exhibits eight documents that Amazon, IPI, or both had designated as "Highly Confidential—Outside Attorneys' Eyes Only."  One such document—Bates-stamped IPI_EDVA_0038930 to IPI_EDVA_0038939 and introduced as an exhibit in the deposition of Matt A'Hearn—is titled ███████████████████████ Hamlin Decl., Ex. C.  ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████

   ██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

In accordance with the Agreed Protective Order, defense counsel asked questions regarding the ███████████████ and the other AEO-designated documents outside the presence of

Defendants.   Subsequently, defense counsel corresponded with counsel for Amazon and IPI regarding the possibility of either (1) redesignating the documents as "Confidential" under the Agreed Protective Order, which would permit counsel to disclose the materials to Defendants, or (2) consenting to the disclosure of the documents to Mr. Watson for the reason that defense counsel "reasonably believe[d]" that disclosure of the documents was "necessary to adequately advise their client concerning the merits of the case" pursuant to Section 9(d) of the Agreed Protective Order. Counsel for Amazon and IPI agreed to redesignate all but the ████████████████ as "Confidential."

Pursuant to Sections 9(d) and 10(b) of the Agreed Protective Order, on July 19, 2022, defense counsel wrote to IPI's counsel seeking consent to disclose the ████████████████ and, in the alternative, objecting to the designation of the document as "Highly Confidential— Outside Attorneys' Eyes Only."   As discussed in further detail below, defense counsel set forth the Agreed Protective Order's criteria for a document to be designated as "Highly Confidential— Outside Attorneys' Eyes Only" and asserted that the ██████████████ does not contain material that qualifies for that designation in this litigation.   *Id*.   Following additional correspondence and a meet-and-confer session, IPI declined to redesignate the ████████████ ████████ or to consent to the disclosure of the document to Mr. Watson.

Accordingly, pursuant to Sections 9(d) and 10(b) of the Agreed Protective Order, Mr. Watson now moves for an order removing the "Attorneys' Eyes Only" designation from the ████████████████ or, in the alternative, permitting defense counsel to disclose the document to him.

## II.   ARGUMENT

### A.   The ███████████████ Does Not Qualify for Designation as "Highly Confidential—Outside Attorneys' Eyes Only."

As noted above, the Agreed Protective Order makes available two types of confidentiality designations for "Protected Material."  Under Section 8 of the Agreed Protective Order, discovery material can be designated as "Confidential" if it contains or reflects, in relevant part, "(a) confidential, proprietary, financial, customer, client or commercial information, confidential trade secrets or nonpublic research or business development . . . , [or] (c) non-public business plans, product development information, or marketing plans . . . ."  Hamlin Decl., Ex. A at 7-8.

Separately, under Section 9(a) of the Agreed Protective Order, discovery material can be designated as "Highly Confidential—Outside Attorneys' Eyes Only":

> if it contains or reflects information that is extremely confidential and/or sensitive in nature, if the Producing Party reasonably believes in good faith that the disclosure of such Discovery Material is likely to cause or create a risk of economic harm or competitive disadvantage to the Producing Party or a third-party, **and** if the Producing Party reasonably believes in good faith that disclosure, even for the purposes permitted with respect to materials designated "Confidential," will not provide adequate protection to the interests of the Producing Party.

*Id.* at 10 (emphasis added).

Section 10(b) of the Agreed Protective Order permits a party receiving designated material to object to such designations.  *Id.* at 12-13.[1]  Furthermore, "[t]he burden of proving that Discovery Material is properly designated shall at all times remain with the Designating Party."  *Id.* at 13.

In this instance, the ███████████████ is not properly designated as "Highly Confidential—Outside Attorneys' Eyes Only."  The criteria for designating a document as "Highly

---

[1] This provision requires written notice of, and the basis for, any such objections, which defense counsel provided on July 19, 2022.

Confidential—Outside Attorneys' Eyes Only" are conjunctive;[2] accordingly, Defendant need not

show that the ████████████████ does not contain or reflect information that is "extremely

confidential and/or sensitive in nature."  Nevertheless, the ████████████████ seems not

to contain such information. ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████

Redesignation of the ████████████████ as "Confidential," rather than "Highly

Confidential—Outside Attorneys' Eyes Only," is also unlikely to "cause or create a risk of

economic harm or competitive disadvantage" to IPI or any other party.  As stated, neither Mr.

Watson nor Northstar are competitors to IPI (or, indeed, any other company at present), and the

disclosure of materials drafted more than two years ago would not result in competitive risk to IPI.

Finally, to the extent IPI believes that redesignating the ████████████████ as

"Confidential" "will not provide adequate protection" to IPI's interests," Movant objects to the

reasonableness of that belief.  The Agreed Protective Order permits disclosure of "Confidential"

documents only to a select set of individuals.  Hamlin Decl., Ex. A at 8-9.  Furthermore, Section

1(a) of the Agreed Protective Order generally states, "Protected Material designated under the

terms of this Protective Order shall be used by a Receiving Party solely for this litigation and shall

---

[2] By comparison, the list of materials that can be designated as "Confidential" is disjunctive.
Hamlin Decl., Ex. A at 8 (using the word "or").

not be used directly or indirectly for any other purpose whatsoever.  Disclosure of Protected Material is prohibited except as expressly provided in this Order."  *Id.* at 1-2.

Movant does not seek the outright disclosure of the ███████████████  Instead, the present Motion seeks only the redesignation of the ███████████████ from "Highly Confidential—Outside Attorneys' Eyes Only" to "Confidential."  The document does not meet the criteria to be designated as "Highly Confidential—Outside Attorneys' Eyes Only," and designating it as "Confidential" would be sufficient to protect IPI's interests while appropriately enabling defense counsel to disclose it to Mr. Watson.

**B.    Disclosure of the ███████████████ Is Necessary for Counsel to Adequately Advise Mr. Watson.**

In the alternative, Movant requests an order permitting defense counsel to disclose the ███████████████ to Mr. Watson pursuant to Section 9(d) of the Agreed Protective Order. That section permits disclosure of material designated as "Highly Confidential—Outside Attorneys' Eyes Only" where counsel for the receiving party "reasonably believes" that such disclosure "is necessary to adequately advise their client."

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion to

Remove "Attorneys' Eyes Only" Designation and permit defense counsel to disclose the ███████

████████ with Mr. Watson.


Dated: August 12, 2022                    Respectfully submitted,

                                          */s/ Jeffrey R. Hamlin*
                                          Jeffrey R. Hamlin (VA Bar No. 46932)
                                          George R. Calhoun (*pro hac vice*)
                                          James Trusty (*pro hac vice*)
                                          IFRAH PLLC
                                          1717 Pennsylvania Avenue NW, Suite 650
                                          Washington, DC 20006
                                          Telephone: (202) 524-4140
                                          Facsimile: (202) 524-4141
                                          jhamlin@ifrahlaw.com
                                          george@ifrahlaw.com
                                          jtrusty@ifrahlaw.com

                                          Stanley L. Garnett (*pro hac vice*)
                                          Amanda K. Houseal (*pro hac vice*)
                                          Sara R. Bodner (*pro hac vice*)
                                          Leah M. Regan-Smith (*pro hac vice*)
                                          Neil S. Sandhu (*pro hac vice*)
                                          Brownstein Hyatt Farber Schreck, LLP
                                          410 17th Street, Suite 2200
                                          Denver, CO 80202
                                          Telephone: (303) 223-1100
                                          Facsimile: (303) 223-1111
                                          sgarnett@bhfs.com
                                          ahouseal@bhfs.com
                                          sbodner@bhfs.com
                                          lregansmith@bhfs.com
                                          nsandhu@bhfs.com


                                          *Counsel for WDC Holdings LLC, Brian*
                                          *Watson, Sterling NCP FF, LLC, Manassas*
                                          *NCP FF, LLC, NSIPI Administrative Manager,*
                                          *and BW Holdings LLC*