IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC,<br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC,<br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant,<br><br>    v.<br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC,<br><br>    Interpleader Defendants,<br><br>    and<br><br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC.,<br>    Interpleader Defendants,<br>    Interpleader Counter-Plaintiffs. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
<u>FOR A PROTECTIVE ORDER</u>**

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ...................................................................................................................... 1

RELEVANT BACKGROUND ................................................................................................. 4

LEGAL STANDARD ................................................................................................................ 7

ARGUMENT .............................................................................................................................. 7

    I.    THE ADDITIONAL DEPOSITION NOTICE SEEKS INFORMATION THAT HAS NO PROPORTIONAL RELEVANCE TO THE NEEDS OF THE CASE. ......... 7

    II.    ANY DISCOVERABLE INFORMATION NELSON SEEKS FROM THE ADDITIONAL DEPOSITION IS DUPLICATIVE OF INFORMATION AMAZON HAS ALREADY AGREED TO PROVIDE IN ITS RULE 30(b)(6) DEPOSITION. ............................................................................................................... 9

CONCLUSION ........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Brink's Co. v. Chubb European Grp. Ltd.*,
   2021 WL 5083335 (E.D. Va. Feb. 24, 2021) ............................................................................ 9

*Caraustar Indus., Inc. v. N. Ga. Converting, Inc.*,
   2006 WL 8456292 (W.D.N.C. Mar. 22, 2006) ...................................................................... 12

*Doe v. 1031 S. Wooster Ltd.*,
   2022 WL 121038 (S.D. Fla. Jan. 13, 2022) ........................................................................... 12

*Doe v. Trump*,
   329 F.R.D. 262 (W.D. Wash. 2018) ...................................................................................... 12

*Folwell v. Hernandez*,
   210 F.R.D. 169 (M.D.N.C. 2002) .................................................................................... 9, 10

*Garrison Prop. & Cas. Ins. Co. v. Rickborn*,
   2016 WL 9649869 (D.S.C. Oct. 11, 2016) ........................................................................... 11

*Hilton Hotels Corp. v. Dunnet*,
   2002 WL 1482543 (W.D. Tenn. Mar. 15, 2002) ................................................................... 12

*In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*,
   2013 WL 1722998 (S.D.W. Va. Apr. 22, 2013) .................................................................... 10

*In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg.
   Sales Pracs. & Prods. Liab. Litig.*, 2018 WL 3934396 (E.D. Va. Aug. 16, 2018) ................. 13

*Nicholas v. Wyndham Int'l, Inc.*,
   373 F.3d 537 (4th Cir. 2004) ................................................................................................ 10

*Novartis Pharma. Corp. v. Abbott Labs.*,
   203 F.R.D. 159 (D. Del. 2001) ............................................................................................. 10

*Performance Sales & Mktg. LLC v. Lowe's Cos. Inc.*,
   2012 WL 4061680 (W.D.N.C. Sept. 14, 2012) ..................................................................... 13

*RLI Ins. Co. v. Nexus Servs., Inc.*,
   2020 WL 2311668 (W.D. Va. May 8, 2020) ........................................................................ 13

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984) .................................................................................................................. 7

*Va. Dept. of Corrections v. Jordan*,
   921 F.3d 180 (4th Cir. 2019) ................................................................................................ 10

**Rules**

Federal Rule of Civil Procedure 26 ....................................................................................... passim

Fed. R. Civ. P. 30............................................................................................................... 2, 10

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs" or "Amazon") respectfully move the Court for a protective order precluding Defendant Carleton Nelson ("Nelson," and, together with the other defendants, "Defendants") from deposing Amazon's Senior Vice President of Human Resources, Beth Galetti, or what Defendants have termed a substitute Human Resources employee.

### INTRODUCTION

Amazon respectfully seeks a protective order precluding Defendants from deposing an Amazon human resources representative in violation of Federal Rule of Civil Procedure 26(b). Nelson confirmed this week that the purpose of his deposition notice to senior executive Ms. Beth Galetti is not to seek information that this apex deponent knows about Defendants' alleged breach of Amazon's contracts and policies. Rather, it is to obtain company testimony from that witness or "a lower level HR employee" about the compliance and employment histories of some unspecified number of Amazon personnel unrelated to this suit. Ex. 1, at 3–4. To the extent any such information is discoverable in this case, it is duplicative of testimony Amazon has already agreed to provide on the nearly 100 Rule 30(b)(6) topics its designees will cover in mid-September, and of individual testimony from several senior Amazon witnesses who have been or will soon be deposed in this case.[1] Amazon raised objections to requests for materially identical testimony in connection with the Rule 30(b)(6) issues the Court directed the parties to resolve on August 12.

---

[1] These employees are Keith Klein, Managing Principal, Amazon Web Services Americas Real Estate Acquisition and Development (deposed March 22 and July 22, 2022); Eugene Choi, previously Finance Director, AWS Infrastructure Global Expansion Networking (deposed March 10); Karen Davenport, Director of Global Real Estate and Development, Amazon Web Services (deposed March 7); Joe Minarik, Head of Global Data Center Supply Solutions (to be deposed on September 9); Chris Vonderhaar, Vice President of Data Center Planning, Delivery and Operations, Amazon Web Services (deposed March 23). In addition, Defendants previously deposed Matthew Doden, Senior Corporate Counsel, Compliance (deposed April 19), who testified as Amazon's corporate representative regarding Plaintiffs' motion to amend the pleadings.

Defendants agreed to dispense with their Rule 30(b)(6) request for the objectionable testimony so Amazon would not pursue those issues in the protective order motion it filed concerning the Rule 30(b)(6) topics. They then waited until this week, after Amazon notified the Court that the motion was mooted by party agreement and the Court advised it would be short-staffed, to insist on precisely the same objectionable testimony under Rule 30(b)(1). The Court has broad discretion to address such discovery abuses, and a protective order is the minimum relief necessary here for two reasons.

*First*, the information Nelson seeks in the challenged notice is not discoverable under Rule 26(b). That rule permits discovery only of "nonprivileged matter that is relevant to any party's claim or defense *and* proportional to the needs of the case" based on, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). Nelson's request violates these requirements in seeking testimony about countless unspecified—and in certain respects privileged or confidential—company files about: (i) "officers and employees of AWS leaving Amazon's employment to go to work for data center developers" or "similar companies" with no relation to this case; or (ii) instances in which Amazon personnel "have engaged in 'outside activities' during their time at Amazon" that "were *not* unknown to Amazon," among other issues. Ex. 1, at 3–4 (emphasis added). The burden of providing such information has no proportional relevance to this case, which concerns whether *Defendants* violated their contract and policy commitments by receiving kickbacks they now *admit* they took through channels that were *not* known to Amazon, but instead deliberately concealed from it. *See, e.g.*, Dkts. 616 & 764.

*Second*, a protective order is necessary because the only discoverable information Nelson seeks from the HR notice is company information already covered by Amazon's Rule 30(b)(6) topics, so allowing the challenged testimony would give Defendants the equivalent of a *third* day of corporate testimony beyond the two days and nearly 100 topics scheduled for mid-September. Nelson admits that the challenged notice seeks corporate testimony from the noticed apex witness or "a different HR officer" for the purpose of obtaining company information from an individual whose "job responsibilities and knowledge would encompass the subject matters [the Nelson Defendants] wish to inquire about." Ex 2. Amazon has already agreed to provide Rule 30(b)(6) testimony and supplemental written discovery on an array of topics relating to the contracts and policies at issue in this case. *See* Ex. 1, at 4–6. In addition, Amazon advised Nelson that if there are particular enforcement scenarios he would like to explore with a company witness, Amazon would assess the requests and take reasonable steps to prepare its Rule 30(b)(6) designees to address them. *See id.* at 2–3. In response, Nelson offered only vague allusions to some unspecified number of Amazon employees who had outside activities or job transitions that are unrelated to this case, and facially irrelevant to whether Defendants breached Amazon contracts and policies by using company positions and information to obtain the hidden kickbacks they now admit they took on company deals.

For any or all of the reasons above, the Court should issue a protective order under Rule 26(c)(1) precluding the challenged deposition testimony, which seeks information that is not discoverable under Rule 26 or entirely duplicative of testimony Amazon has already agreed to provide under Rule 30(b)(6).

**RELEVANT BACKGROUND**

This motion relates to the deposition notice that Nelson served on Amazon on August 11, 2022 for testimony from Ms. Galetti or another human resources representative. During the parties' discussion of topics covered by Defendants' Rule 30(b)(6) deposition of Amazon's corporate designees. *See* Ex. 2. Defendants initially requested testimony on 130 Rule 30(b)(6) topics, to which Amazon timely objected. *See generally* Dkt. 901, at 2–3. On August 5, having resolved the objections to approximately half of the noticed topics, Defendants refused to withdraw their August 3 notice for testimony on August 10 and 11, forcing Amazon to file the protective order motion the Court addressed on August 12. *See* Dkt. 921. Only then did Defendants agree to the dates Amazon had originally offered in mid-September, *see* Dkt. 902-6, at 14–15, and resume good-faith negotiations on the remaining disputed topics. Consistent with the Court's August 12 directives, the parties resolved all but three topics by August 19. Amazon accordingly prepared a protective order motion for filing on August 22 on those three topics in accordance with the Court's instructions, Dkt. 936, only to have Defendants moot the motion at the last minute by narrowing or withdrawing the topics in issue after Amazon incurred the burden and expense of preparing a filing, *id*. at n.1; Dkt. 937. The parties accordingly have reached agreement on all 130 of the noticed topics, and Amazon has agreed to provide a corporate designee or other discovery in response to nearly 100 of those topics.

Having resolved all disputes as to the Rule 30(b)(6) topics, Amazon asked Nelson to withdraw the notice for testimony from an individual human resources executive—Ms. Galetti, who reports directly to Amazon's CEO—on the contracts and employment policies at issue in this suit, all of which are covered by the following agreed versions of the Rule 30(b)(6) topics or related and agreed supplemental written discovery:

4

| Topic # | Topic Text | Agreed Scope / Disposition (Subject to Written Objections) |
|---|---|---|
| 59 | Any internal investigations by YOU involving Nelson or Kirschner. | Amazon will prepare a witness to testify about which internal investigations Amazon has conducted involving Carl Nelson or Casey Kirschner and, to the extent not privileged, the conclusions Amazon reached following those investigations. |
| 60 | All employment and non-disclosure agreements between YOU and Nelson or YOU and Kirschner, including how the provisions therein relate to the conduct at issue in this case. | Amazon will respond to this contention topic by supplementing its response to Nelson's Interrogatory No. 9. |
| 61 | The alleged violations of said agreements by Nelson and Kirschner. | Amazon will respond to this contention topic by supplementing its response to Nelson's Interrogatory No. 9. |
| 62 | The actions Nelson and Kirschner each took, while employed by Amazon in connection with the Subject Transactions during their respective employment that were in violation of any contract between Amazon and Nelson or Kirschner, and the specific provisions that were violated. | Amazon will respond to this contention topic by supplementing its response to Nelson's Interrogatory No. 9. |
| 63 | The actions Nelson and Kirschner each took, when no longer employed at Amazon, in connection with the Subject Transactions or otherwise, that were in violation of any contract between YOU and Nelson or Kirschner, and the specific provisions that were violated. | Amazon will respond to this contention topic by supplementing its response to Nelson's Interrogatory No. 9. |
| 64 | The definition of a "product or service that competes or is intended to compete with any product or service sold, offered, or otherwise provided by Amazon" as set forth in YOUR Confidentiality, Noncompetition, and Invention Assignment Agreement. | Amazon will prepare a witness to testify about Amazon's Confidentiality, Noncompetition, and Invention Assignment Agreement (the "CNIAA"), including as that agreement applies to the use of Amazon's confidential information. |
| 67 | Any of YOUR policies in effect from May, 2012 to April 2020, as well as the Amazon Glossary that contains definitions of key terms, related to the following subjects: a. Outside employment; b. Ownership (in full or in part) by any Amazon employee of a corporation or entity other than Amazon.com or one of its subsidiaries; c. Seeking investments; d. Conflicts of interest; e. Spending and Transaction; f. Code of Business Conduct and Ethics; and g. Gifts. | Amazon will prepare a witness to testify about the Amazon policies, if any, in effect from January 2017 to the present related to outside employment, ownership (in full or in part) by any Amazon employees of a corporation or entity other than Amazon.com or one of its subsidiaries, seeking investments, conflicts of interest, spending and transaction, or gifts, and the departments or groups responsible for enforcing those policies. |

| Topic # | Topic Text | Agreed Scope / Disposition (Subject to Written Objections) |
|---|---|---|
| 68 | YOUR outside activity group, including the purpose of said group, the individuals who have comprised that group since January 1, 2017, any policies or general guidance such group has been provided or that has been made available to it since January 1, 2017. | Amazon will prepare a witness to testify about the purpose and membership of Amazon's Outside Activity Group between January 1, 2017 and the present, and whether there have been any written policies or guidance given to the group to guide its decision-making which would be applicable during that time period. |
| 69 | YOUR policies, and enforcement of YOUR policies, regarding relationships between Amazon or AWS vendors and Amazon or AWS personnel. | Amazon will prepare a witness to testify about Amazon's policies regarding relationships between Amazon vendors and Amazon personnel and enforcement of those policies, as a general matter. |
| 70 | The specific written Amazon policies that YOU assert that Nelson and/or Kirschner violated, the content of the relevant FAQs discussing those policies, and the content of any training that either Nelson or Kirschner received related to the portion of such policies you assert that Nelson or Kirschner violated. | Amazon will prepare a witness to testify about the specific written Amazon policies that Amazon has previously identified to Defendants as relevant to this case and its enforcement of those policies as a general matter, and the content of any training that either Nelson or Kirschner received related to those policies. |
| 72 | YOUR knowledge of each specific misrepresentation or omission Nelson or Casey Kirschner made about "market price," "market comparables," or "acquisition terms" with respect to the "parcels and contracts in issue" in the Subject Transactions. | Defendants will identify any alleged statements or presentations to which they believe Nelson was not a party, and Amazon will prepare a witness to testify about the company's understanding of Nelson's role (if any) in those alleged statements or presentations. |

Amazon objected to Nelson's insistence on deposing Ms. Galetti on topics duplicative of those listed above, particularly given her seniority and lack of personal knowledge of the conduct giving rise to this litigation. But rather than engage substantively with the objections that the testimony would be duplicative and irrelevant to the factual issues in dispute in this case, Nelson responded that he would consider deposing "an alternative HR witness" who is knowledgeable about the agreements and policies that govern Amazon employees, in addition to Amazon's Rule 30(b)(6) designees. Ex. 3; *see also* Ex. 2. In other words, Nelson offered to substitute his request for an admittedly objectionable apex deposition with the deposition of another person "most knowledgeable" about the corporate matters that, if discoverable at all, would amount to *another*

Rule 30(b)(6) deposition. *See* Exs. 2 & 3. Nelson did not identify another person by name, though he has had ample opportunities to identify witnesses throughout the course of discovery.

Amazon objected to this unreasonable request and conferred with Nelson's counsel on multiple occasions over the week that followed, and into this week, in an effort to resolve the dispute by agreement. *See* Ex. 1, at 12–13. In response, Nelson cited inapposite case law and reiterated his insistence on deposing someone "familiar with Amazon's non-compete agreements, particularly the one Mr. Nelson signed, as well as . . . portions of the Amazon Code of Conduct and Outside Activity Policy," *id.* at 10–12, all of which are already covered by the parties' agreed Rule 30(b)(6) topics for Amazon corporate testimony in September, *see supra* pp. 5–6. The parties continued to confer until August 25, as documented in email exchanges that further confirm the challenged notice seeks substantive information that, if it is discoverable at all, will be fully addressed by the Rule 30(b)(6) testimony in mid-September. Ex. 1.

## LEGAL STANDARD

"Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Under Rule 26(b) of the Federal Rules of Civil Procedure, "the court must limit the frequency or extent of discovery . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). And Rule 26 authorizes courts to issue a broad range of protective orders to relieve "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

## ARGUMENT

I.     **THE ADDITIONAL DEPOSITION NOTICE SEEKS INFORMATION THAT HAS NO PROPORTIONAL RELEVANCE TO THE NEEDS OF THE CASE.**

7

A protective order on Defendants' notice for testimony from an Amazon human resources representative is appropriate because the notice violates Federal Rule of Civil Procedure 26(b). As Nelson confirmed this week, the purpose of the notice is to obtain company testimony about what defense counsel "believe[] Amazon would contend were serious violations of the contract provisions / policies on their face (but apparently did not enforce for whatever reason)" against some unspecified subset of hundreds of thousands of Amazon employees who have no relationship to this case whatsoever. Ex. 1, at 3–4. Such testimony is incompatible with the limitations imposed by Rule 26(b). Rule 26(b)(1) permits discovery only of "nonprivileged matter that is relevant to any party's claim or defense *and* proportional to the needs of the case" given, among other things, "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). Nelson's broad demands do not fit within those limitations. Testimony about countless unspecified instances in which Amazon employees with no relation to this case had outside activities or job changes that did not result in disciplinary action is both irrelevant and disproportionately burdensome to provide on the claims here, which involve policy and contract breaches by former employees who abused company positions and information to take admittedly hidden kickbacks on company deals. *See* Ex. 1, at 3–4 (demanding information about: (i) "officers and employees of AWS leaving Amazon's employment to go to work for data center developers" or "similar companies" with no relation to this case; or (ii) instances in which Amazon personnel "have engaged in 'outside activities' during their time at Amazon" that "were *not* unknown to Amazon," among other issues). The burden of providing such information has no proportional relevance to this case, which concerns whether *Defendants* violated their contract and policy commitments by receiving kickbacks they now *admit* they took through channels that were *not* "known" to Amazon, but

8

instead deliberately concealed from it. Amazon is therefore entitled to a protective order *regardless* of which individual or corporate designee Nelson proposes to depose. *See Brink's Co. v. Chubb European Grp. Ltd.*, 2021 WL 5083335, at *4 (E.D. Va. Feb. 24, 2021) (limitations imposed by Rule 26(b)(1) exist to protect parties from needless and disproportionate discovery).

    II.    **ANY DISCOVERABLE INFORMATION NELSON SEEKS FROM THE ADDITIONAL DEPOSITION IS DUPLICATIVE OF INFORMATION AMAZON HAS ALREADY AGREED TO PROVIDE IN ITS RULE 30(b)(6) DEPOSITION.**

Rule 26 also does not permit Nelson to take repeated bites of the same apple. That is critical, because any discoverable information Nelson seeks from the current notice is already entirely covered by the parties' agreed Rule 30(b)(6) topics. Rule 26 empowers the Court to bar a deposition that would be "unreasonably cumulative or duplicative," including because "the party seeking discovery has had ample opportunity to obtain the information" through other discovery—written, or oral—available in the litigation. Fed. R. Civ. P. 26(b)(2). Defendants have already obtained voluminous document discovery, including multiple rounds of interrogatory responses that Amazon just agreed to supplement on the very topics at issue in this motion. *Supra* pp. 5–6. In addition, Defendants have already deposed multiple Amazon witnesses on the contract and policy topics at issue here. And they just agreed to the terms of two full days of Rule 30(b)(6) testimony on nearly 100 topics, several of which cover all of the contracts and policies they now improperly want to explore in connection with unspecified employee files unrelated to this case by deposing an admitted apex witness or "lower level" HR representative with no personal knowledge of this matter. *See* Dkt. 937; *supra* pp. 5–6.

In these circumstances, the Rule 30(b)(6) testimony is not only "[t]he preferred approach" for obtaining the contract and policy testimony Nelson seeks from Amazon. *Folwell v. Hernandez*, 210 F.R.D. 169, 173 (M.D.N.C. 2002). It was the agreed approach until Nelson decided to end-

9

run the Court-ordered process for deciding the scope of Amazon corporate testimony by using the HR deposition notice at issue here to insist on precisely the irrelevant and unduly burdensome company testimony he abandoned under Rule 30(b)(6). A Rule 30(a)(1) deposition targeting a specific director or corporate officer who lacks personal knowledge of the dispute is not necessary or appropriate where, as here, the only discoverable information the deponent would address is company information already covered by Rule 30(b)(6) topics. Indeed, the Advisory Committee Notes to Rule 30 expressly state that "a court's decision whether to issue a protective order may take account of the availability and use made of the procedures provided in" Rule 30(b)(6). Fed. R. Civ. P. 30(b)(6) advisory committee's note to 1970 amendment. In keeping with these principles, courts in the Fourth Circuit have prohibited parties from using different tools of discovery to force a "deponent [to] likely just repeat th[e] same information in . . . testimonial form." *Va. Dept. of Corrections v. Jordan*, 921 F.3d 180, 194 (4th Cir. 2019) (affirming refusal to allow deposition where document discovery provided relevant information); *see also Nicholas v. Wyndham Int'l, Inc.*, 373 F.3d 537, 543 (4th Cir. 2004) (affirming protective order barring deposition duplicative of party depositions that had already taken place).

That is precisely what Nelson improperly seeks to do here. *See Folwell*, 210 F.R.D. at 173; *see also In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2013 WL 1722998, at *2–3 (S.D.W. Va. Apr. 22, 2013) (barring Rule 30(b)(6) testimony duplicative of testimony already offered in individual depositions); *see also Novartis Pharma. Corp. v. Abbott Labs.*, 203 F.R.D. 159, 163 (D. Del. 2001) (noting that party was not entitled to corporate deposition on subjects already addressed in individual deposition); *see also Jordan*, 921 F.3d at 193–94. He seeks to have an HR witness repeat company information Amazon has already provided in written discovery and individual testimony, and has expressly agreed to provide again in two full days of Rule

30(b)(6) testimony.  Nelson's insistence on deposing Ms. Galetti or another HR officer is particularly unjustified for these reasons, and because he effectively admits she is an apex witness who he ***does not contend has any personal knowledge of contract or information specific to this case***. *See* Ex. 1, at 3–4, 10–12.  He admits his notice seeks only corporate information that she or some other company HR representative could address on specified subjects the parties already negotiated for Rule 30(b)(6) topics.[2]  *See id.* at 10 (demanding deponent "familiar with Amazon's non-compete agreements" and "portions of the Amazon Code of Conduct and Outside Activity Policy" that Amazon has raised in this case).  Nelson thus admits that he noticed an individual apex deposition in order to obtain company testimony Amazon identified as objectionable, and Nelson abandoned, in the parties' recent, Court-ordered Rule 30(b)(6) negotiations.  *See supra* pp. 5–6.

Nelson has identified no authority that supports this improper demand.  The cases he cited in the parties' conference, Ex. 1 at 10–12, at best stand for generic principles that Amazon does not dispute, and that undermine Nelson's position on the record here.  For example, *In re Outsidewall Tire Litigation* simply notes, in the course of a dispute over the location of a deposition, that a corporate official may be deposed under either Rule 30(b)(6) *or* Rule 30(a)(1)—it says nothing about whether duplicative depositions under *both* provisions are proper.  267 F.R.D. 466, 472 n.11

---

[2] To the extent Nelson seeks to depose Ms. Galetti or another HR representative on the same subject matter as the Rule 30(b)(6) topics they withdrew—that is, topics seeking Amazon's contentions and legal positions—the testimony they seek is irrelevant, and the deposition would be unduly burdensome.  The meaning of the policies is a question of law for the Court, and Nelson is not seeking deposition testimony that could be helpful regarding the application of the law to the facts of this case.  *See Garrison Prop. & Cas. Ins. Co. v. Rickborn*, 2016 WL 9649869, at *2 (D.S.C. Oct. 11, 2016) (granting protective order precluding deposition seeking testimony on claims handling and insurance company's knowledge of facts underlying claim, because the "case involves only the interpretation of an insurance policy," which is "a question of law for the Court to decide").  Notwithstanding Nelson's arguments to the contrary, *see* Ex. 1 at 10–12, the fact that Amazon has asserted breach-of-contract claims does not entitle him to take a deposition that will be duplicative and cumulative of the Rule 30(b)(6) topics that Defendants themselves just negotiated.

(E.D. Va. 2010). And *Doe v. 1031 South Wooster Ltd.* allowed the deposition of the owner of a hotel because the witness *personally* set the conditions that allegedly led to the human trafficking at issue in the lawsuit. 2022 WL 121038, at *1 (S.D. Fla. Jan. 13, 2022). Similarly, *Caraustar Industries, Inc. v. North Georgia Converting, Inc.* involved repeat depositions of the sole proprietor of the corporate defendant—an individual with undisputed *personal* knowledge of the alleged misdeeds of the company. 2006 WL 8456292, at *1 (W.D.N.C. Mar. 22, 2006).

Nelson does not allege that any Amazon HR representative has personal knowledge of facts at issue in this litigation, much less any knowledge that would justify the burden of deposing such a representative about countless employee files and activities unrelated to this case. Nelson's own authorities confirm this. In *Doe v. Trump*, the court permitted a Rule 30(b)(6) deposition to proceed even though the deponent had already been deposed in his personal capacity because, as corporate designee, the deponent would *not* be "limited to his or her own personal knowledge," and would instead need to offer any information known to the company. 329 F.R.D. 262, 273–74 (W.D. Wash. 2018). *Hilton Hotels Corp. v. Dunnet* involved the same situation—an effort to obtain information from a corporate designee who had already been deposed in his individual capacity. 2002 WL 1482543, at *2 (W.D. Tenn. Mar. 15, 2002). These situations are the opposite of the one in issue here. Amazon has already agreed to two full days of Rule 30(b)(6) testimony from corporate designees who have also provided individual testimony. Nelson nonetheless seeks to use an individual HR deposition to obtain a third full day of corporate testimony above and beyond the Rule 30(b)(6) limits from a company witness with no personal knowledge of this action. The decisions in *Trump* and *Dunnet* support Amazon's argument that, in light of the *broader*

12

information Amazon has agreed to present in its Rule 30(b)(6) depositions, Nelson cannot justify a Rule 30(a)(1) deposition of any HR officer on the same subjects.[3]

## CONCLUSION

Amazon respectfully requests that this Court issue a protective order to preclude Defendant Nelson from seeking the testimony of Beth Galetti or a substitute Human Resources employee.

---

[3] Nelson's current notice is directed to an admitted apex witness (Beth Galetti), but he fails to confront "the rebuttable presumption that the deposition of a high-ranking corporate executive either violates Rule 26(b)(2)(C)'s proportionality standard" or justifies a protective order to avoid "'annoyance' or 'undue burden' within the meaning of Rule 26(c)(1)." *Performance Sales & Mktg. LLC v. Lowe's Cos. Inc.*, 2012 WL 4061680, at *4 (W.D.N.C. Sept. 14, 2012); *see also In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg. Sales Pracs. & Prods. Liab. Litig.*, 2018 WL 3934396, at *1, 4–5 (E.D. Va. Aug. 16, 2018) (similar). Ms. Galetti is the head of human resources for all of Amazon's hundreds of thousands of employees. She is a senior vice president and is one of only a few executives who reports directly to Amazon's CEO. *See* Harry McCracken, *Meet the woman behind Amazon's explosive growth*, Fast Company (Apr. 11, 2019) https://www.fastcompany.com/90325624/yes-amazon-has-an-hr-chief-meet-beth-galetti. Nelson's offer this week to accept a different HR employee mitigates this apex issue, but does not change any of the other, independent reasons for granting a protective order. *See supra* pp. 7–12. Indeed, it simply confirms Nelson's improper use of the notice to seek deposition testimony from a witness who he now admits does *not* have "unique or special knowledge of the issues in this case," and would be pressed to testify about information that, to the extent it is discoverable at all, could be obtained through "other less burdensome means." *RLI Ins. Co. v. Nexus Servs., Inc.*, 2020 WL 2311668, at *3 (W.D. Va. May 8, 2020).

Dated: August 26, 2022                              Respectfully submitted,

/s/ *Michael R. Dziuban*

Veronica S. Moyé (*pro hac vice*)                   Elizabeth P. Papez (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP                         Patrick F. Stokes (*pro hac vice*)
2001 Ross Avenue, Suite 2100                        Jason J. Mendro (*pro hac vice*)
Dallas, TX 75201                                    Claudia M. Barrett (*pro hac vice*)
Telephone: (214) 698-3100                           David W. Casazza (*pro hac vice*)
Facsimile: (214) 571-2900                           Amanda Sterling (*pro hac vice*)
vmoye@gibsondunn.com                                Michael R. Dziuban (Va. State Bar No. 89136)
                                                    GIBSON, DUNN & CRUTCHER LLP
                                                    1050 Connecticut Avenue, N.W.
                                                    Washington, D.C. 20036-5306
                                                    Telephone: (202) 955-8500
                                                    Facsimile: (202) 467-0539
                                                    epapez@gibsondunn.com
                                                    pstokes@gibsondunn.com
                                                    jmendro@gibsondunn.com
                                                    cbarrett@gibsondunn.com
                                                    dcasazza@gibsondunn.com
                                                    asterling@gibsondunn.com
                                                    mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

| | |
|---|---|
| CTBSRM, Inc.<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002<br><br>Demetrius Von Lacey<br>2845 Des Moines Dr.,<br>Fort Collins, CO 80525 | Casey Kirschner<br>635 N. Alvarado Lane<br>Plymouth, MN 55447<br>By email: casey.kirschner@gmail.com<br><br>2010 Irrevocable Trust<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002<br><br>Sigma Regenerative Solutions, LLC<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

15