**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-484-RDA-TCB |
| WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; *et al.*, | |
| Defendants. | |
| 800 HOYT LLC, | |
| Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, | |
| v. | |
| BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, | |
| Interpleader Defendants, | |
| and | |
| AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., | |
| Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**THE WATSON DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY TO
MOTION TO VACATE PRELIMINARY INJUNCTION AND
<u>MEMORANDUM IN SUPPORT THEREOF</u>**

Pursuant to Local Civil Rule 7(F)(1), Defendants WDC Holdings LLC d/b/a Northstar

Commercial Partners ("Northstar"), Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF,

LLC, and NSIPI Administrative Manager (together, the "Watson Defendants"), by and through

counsel, respectfully move this Court for an Order granting them permission to supplement the

briefing on their Motion to Vacate Preliminary Injunction (Dkt. 695) with the Watson Defendants'

Sur-reply to Motion to Vacate Preliminary Injunction and Exhibit A thereto, both of which are included in the document attached hereto as Attachment 1. Exhibit A to the Sur-reply is a two-page letter that Brian Watson, Founder and CEO of WDC Holdings LLC d/b/a Northstar Commercial Partners, sent to the Receiver concerning the Receiver's mismanagement of the Watson Defendants' assets. In support their motion to leave the Watson Defendants state as follows.

1.      On April 25, 2022, the Watson Defendants filed their motion to vacate[1] the Court's order granting Amazon.com, Inc. and Amazon Data Services, Inc.'s (together, "Amazon's") motion for a preliminary injunction.[2]

2.      Under Local Rule 7(F)(1), Amazon's opposition to the motion was due to be filed no later than Monday, May 9, 2022, and the Watson Defendants' reply thereto no later than Monday, May 16, 2022. The Watson Defendants filed a Notice of Hearing setting June 1, 2022, as the date for oral argument before Judge Alston (Dkt. 709), and the Court calendared the argument for that date.

3.      On May 3, 2022, Amazon and the Watson Defendants filed a joint motion requesting that the Court set a brief schedule on the motion (Dkt. 732), which the Court granted by order dated May 5, 2022 (Dkt. 749).

4.      Consistent with the Court's May 5, 2022, order, the parties completed briefing on the Watson Defendants' Motion to Vacate Preliminary Injunction by May 27, 2022.

5.      On May 9, 2022, Receiver Mark A. Roberts filed the Response of the Receiver Regarding Watson Defendants' Motion to Vacate Preliminary Injunction (Dkt. 768). Although the

---

[1]  *See* Dkt. 695.
[2]  *See* Dkt. 57.

Receiver did not take a position on the Watson Defendants' request for the Court to vacate the preliminary injunction, *see* Dkt. 768 ¶ 4, the Receiver recommended that, if part or all of the preliminary injunction were to remain in place

> the receivership remain ongoing to provide the Receiver further opportunity to pursue value from potentially forthcoming transactions for purposes of the Receivership Order, while also managing Defendants' expenses to avoid dissipation of such assets that are subject to the Injunction[, and to] provide the Receiver an opportunity to pursue potential causes of action based on liens granted by Mr. Watson in violation of the Injunction[.]

*Id.* ¶ 5.

6.     The hearing on the motion did not take place as scheduled on June 1, 2022, and the motion remains pending, as it has not been referred to Magistrate Judge Buchanan or decided on the papers.

7.     On or about August 22, 2022, the U.S. Securities and Exchange Commission filed charges against Northstar and Brian Watson in federal district court in Denver, Colorado. The SEC's complaint alleges that Northstar and Mr. Watson violated certain provisions of the Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder. *See Sec. & Exch. Comm'n v. Watson*, No. 1:22-cv-02147 (D. Colo. filed Aug. 22, 2022); *SEC Charges Denver Real Estate Developer with Securities Fraud*, Litig. Release No. 25480 (Aug. 23, 2022) *available at* *https://www.sec.gov/litigation/litreleases/2022/lr25480.htm*.

8.     SEC's action against Northstar and Mr. Watson have increased the strain on Defendants' already-strained finances.

9.     Two days later, on August 24, 2022, a motion to intervene was filed in this case by a commercial real estate loan securitization trust known as Wilmington Trust, National Association, as Trustee for the Registered Holders of the Bancorp Commercial Manager 2019-

CRE6 Trust, Commercial Mortgage Pass-Through Certificates. Dkt. 941. The trust holds a loan secured by property in Texas that is owned by an entity that Mr. Watson controls. The trustee seeks leave to intervene, in part, because the Receiver has damaged the estate by failing to address concerns related to the property in Texas, apparently ignoring the trustee's notices and allowing the property to go into default despite the trustee's and the Watson Defendants' best efforts.

10.     This Court has broad discretion to allow the Watson Defendants to supplement their briefing on the Motion to Vacate Preliminary Injunction so they may further demonstrate, in light of the recent events described in paragraphs 8–9, above, that the Receiver's handling of their assets continues to prejudice them unfairly. *See* Local Rule 7(F)(1); *Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348. 374 (E.D. Va. 2009) (granting request for leave to file supplemental brief on issue the Court raised at a hearing); *Trustees of Columbia Univ. in City of New York v. NortonLifeLock, Inc.*, Civil Action No. 3:13-cv-808, 2021 WL 8895279, at *2 (E.D. Va. Sept. 29, 2021) (slip op.) (granting leave to file sur-reply in response to reply that introduced new evidence concerning a pending motion for sanction).

11.     An order granting the Watson Defendants' leave to file the Sur-reply to their Motion for Preliminary Injunction will not unfairly prejudice the other parties in this case, each of whom may seek leave to respond should they wish to do so. Moreover, an order granting leave will not adversely impact the Court's schedule or the docket in this case. To the contrary, it will aid the Court's disposition of the Watson Defendant's Motion to Vacate Preliminary Injunction by showing how the injunction has harmed and continues to harm the Watson Defendants.

12.     For the reasons stated above, the Watson Defendants request leave to file the Sur-reply to Motion to Vacate Preliminary Injunction, attached hereto as Attachment A.

Dated: August 26, 2022

Respectfully submitted,

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah M. Regan-Smith (*pro hac vice*)
Neil S. Sandhu (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregansmith@bhfs.com
nsandhu@bhfs.com

*Counsel for WDC Holdings LLC, Brian*
*Watson, Sterling NCP FF, LLC, Manassas*
*NCP FF, LLC, NSIPI Administrative Manager,*
*and BW Holdings LLC*