# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., | ) )  Case No. 1:20cv484 |
| Plaintiffs, | ) )  Hon. Rossie D. Alston, Jr. |
| v. | )  Hon. Theresa Buchanan )  |
| WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al., | ) ) ) ) |
| Defendants, | ) )  RESPONSE IN OPPOSITION TO |
| | )  AMAZON'S MOTION FOR )  PROTECTIVE ORDER |
| 800 HOYT LLC, | ) ) |
| Intervening Interpleader Plaintiff, | ) ) |
| v. | ) ) |
| BRIAN WATSON, WDC HOLDING LLC, et al. | ) ) ) |
| Interpleader Defendants. | ) ) ) |

    This motion represents the <u>fifth</u> time that Amazon seeks to block the deposition of its own employee in a case it brought through the filing of a 600-paragraph complaint with multiple claims. One of the claims involves standard-fare accusations that the Defendant, Carl Nelson, violated his employment contract. In turn, as is standard in employment cases, Mr. Nelson sought to depose an employee working within the Human Resources Department, specifically Beth Galetti, the current head of Amazon human resources ("HR"). Mr. Galetti succeeded Tony Galbato, the individual who signed both versions of the non-compete agreements at issue in this case (the 2012 version signed by Mr. Nelson, and the 2015 version signed by Mr. Kirschner), and presumably has been

the signatory on the non-compete agreements with Amazon employees since she succeeded Mr. Galbato. She is extremely familiar with Amazon's understanding of both versions of the non-compete agreements at issue in this case, as well as the various employment polices Plaintiffs have regularly cited as integral to not only Amazon's breach of employment contract claim against Mr. Nelson (Count VI), but its other claims as well. In other words, she has extremely relevant knowledge about Amazon's practices involving the very employment policies and procedures that Amazon itself is bringing suit about.

There is no valid basis to preclude her deposition, especially in a case where the defendant needs her testimony to defendant Amazon's own claims involving the employment agreement. In myriad other cases, Amazon regularly submits declarations by its HR employees in support of its claims related to enforcement of the very same non-compete agreements at issue in this action. *See, e.g., Amazon v. Moyer*, 2:19-cv-1176-RSM (W.D. Wash.) (Doc. 30) (a case where Amazon sought to enforce the version of the non-compete agreement signed by Mr. Kirschner). That Mr. Nelson wishes to depose someone from Amazon's HR department about the non-compete agreements and the Amazon employment policies should come as no surprise—it is standard operating procedure in employment related cases to conduct such discovery.

The Court should not allow Amazon to block a basic aspect of discovery.

**A.    Amazon's Burden**

Given the extremely high burden Amazon faces when it seeks to block a properly noticed deposition in its entirety, Amazon gives short shrift to that standard in its brief, only citing the general rules governing discovery and protective orders.

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir.

2003). This includes depositions; Rule 30(a)(1) clearly states that "[a] party may, by oral questions, depose any person, including a party, without leave of court...."

On the contrary, "it is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Big Ernie's, Inc.*, 2009 WL 3166839, at *1 (quoting *S.E.C. v. Dowdell*, No. CIV.A.3:01CV00116, 2002 WL 1969664, at *4 (W.D. Va. Aug. 21, 2002)); *Givens v. Smith*, No. 5:12CV145 STAMP, 2014 WL 1393181, at *8 (N.D. W. Va. Apr. 9, 2014) (collecting cases). This is because "motions that seek to preclude the taking of a deposition are regarded with disfavor." *W.W. McDonald Land, Co. v. EQT Prod. Co.*, No. 2:11-CV-0418, 2013 WL 2151233, at *2 (S.D.W. Va. May 16, 2013). In this context, protective order pursuant to Rule 26(c), "should be sparingly used and cautiously granted." *Big Ernie's, Inc. v. United States*, No. 1:09-CV00122(LO/IDD), 2009 WL 3166839, at *1 (E.D. Va. Aug. 13, 2009) (quoting *Medlin v. Andrew,* 113 F.R.D. 650, 652 (M.D.N.C. 1987)).

Amazon does not identify any extraordinary circumstances to support its motion. Instead, it makes two decidedly non-extraordinary arguments:

*First*: A purported lack of "proportionality" for a single fact deposition. But this assertion is easy to rebut. In this case, Amazon claims it is entitled to over $50 million dollars in damages from Mr. Nelson and seeks to place extremely broad restrictions on his ability to work in the future. And the Company's own actions demonstrate the wide scope of discovery.  In the last week of discovery, it has sent deposition notices to Mr. Nelson's wife and *two* young lawyers who work with Mr. Atherton (in an apparent attempt to dig into the legal research and assignments those associates did for him connected with his legal advice to Mr. Nelson and others). Smart Decl. ¶ 4.

*Second*: Amazon claims that Ms. Galetti's testimony would be duplicative of the testimony Amazon agreed to provide in its 30(b)(6) deposition after Mr. Nelson noticed Ms. Galetti's

3

30(b)(1) deposition. But this is simply not true; Mr. Nelson seeks different testimony from Ms. Galetti than it seeks (or Amazon has agreed to provide) through the 30(b)(6). Nor is the alleged duplicity a valid reason to preclude a 30(b)(1) deposition.[1] That a limited subset of information about the polices and non-compete agreement might be covered at the forthcoming 30(b)(6) deposition by a hand-picked designee (and presumably non-HR employee) whose knowledge will be limited solely to what they are told through counsel's preparation of the witness, does not justify barring an individual deposition *in its entirety*.

Courts have routinely declined to bar a deposition in its entirety based on these non-extraordinary arguments, and this Court should do the same. Amazon deserves no special treatment here.

**B.     Even if a basic proportionality argument could satisfy the extraordinary circumstances test to preclude an entire deposition, that test is not met here.**

As stated above, a basic proportionality argument does not meet the extraordinary circumstances typically required to bar a deposition in its entirety. *Big Ernie's, Inc.*, 2009 WL 3166839, at *1; *Givens*, 2014 WL 1393181, at *8. As explained in *S.E.C. v. Dowdell*, 2002 WL 1969664 (W.D. Va. Aug. 21, 2002), "in the few cases in which a protective order has been granted, it clearly appeared that the information sought was wholly irrelevant and could have no possible bearing on the issue." *Id.* at *3. As shown in more detail below, the discovery of an HR officer is

---

[1] Amazon also implies Ms. Galetti may lack knowledge of the contracts at issue in this case. First, this is untrue. As the successor to Tony Galbato, the individual who signed both versions of the non-compete agreements at issue in this case (the 2012 version signed by Mr. Nelson, and the 2015 version signed by Mr. Kirschner), Ms. Galetti presumably has been the signatory on the non-compete agreements with Amazon 'employees since she succeeded Mr. Galbato. In her role as head of Amazon HR she also would necessarily be extremely familiar with Amazon's understanding of both versions of the non-compete agreements at issue in this case, as well as the various employment polices Amazon attempts to enforce against Defendants. Second, notwithstanding dubious nature of an assertion that Amazon's head of HR is not actually familiar with the terms of its standard non-compete agreements or its internal code of employee conduct, Mr. Nelson is "entitled to test [her] lack of knowledge." *Scotch Whiskey Ass'n v. Majestic Distilling Co.*, No. HAR-88-808, 1988 WL 1091943, at *6 (D. Md. Nov. 30, 1988) (citing *Less v. Taber Instrument Corp.*, 53 F.R.D. 645, 647 (W.D.N.Y. 1971)).

48940418 v1

certainly relevant to issues in the case where Amazon bases several of its claims on alleged breaches of non-compete agreements and internal Amazon employee policies.

In any event, even if the proportionality argument could prevail, Amazon makes only general claims that the discovery sought—the deposition of a single HR officer, is not proportional to the needs of the case. It does not cite a single case in support of its argument, and it only cites two of the several factors to be considered in the proportionality analysis. Amazon ignores "the importance of the issues at stake in the action," "the amount in controversy," "the parties' relative access to relevant information," and "the parties' resources" in its argument. *See* Fed. R. Civ. P. 26(b)(1). It is obvious why.

Amazon is seeking over $50 million dollars from Mr. Nelson and the other defendants. As one of the largest companies in the world its resources are essentially unlimited. It is the only party with access to the information being sought in the deposition.

And as to the importance of the issues at stake in the action, again Amazon is seeking an immense amount of money from the individual defendants. Amazon also seeks to impose expansive restrictions on their ability to work in the future through injunctive relief, and perhaps most importantly has asserted RICO claims against defendants and is coordinating with the U.S. Attorney's Office in the hope that the Defendants will be indicted for the very conduct at issue in the action. In fact, on September 30, 2020, Amazon gave a presentation to the U.S. Attorney's Office on the very policies and language Mr. Nelson is in part seeking this deposition to discuss, demonstrating the significance of the issue. *See* Smart Decl. Ex. A.

However, Amazon contends with all of these factors at play, with no actual explanation to why it is burdensome for an HR officer to be deposed in a case <u>it filed</u> in which it is bringing

claims under its non-compete agreements and internal Amazon employee polices, the Court should bar the deposition as "unduly burdensome."

Further, the Court should reject Amazon's burdensomeness argument out of hand. All Amazon has done is made general assertion that the single deposition would be burdensome without any support or evidence. This is flatly insufficient. *See Douty v. Rubenstein*, No. CIV.A. 2:13-32832, 2015 WL 4163093, at *6 (S.D.W. Va. July 9, 2015) (to prevail upon an objection of burdensomeness, "the objecting party must demonstrate how the request is burdensome by submitting affidavits or other evidence revealing the nature of the burden."); *Futreal v. Ringle*, No. 7:18-CV-00029-FL, 2019 WL 137587, at *10 (E.D.N.C. Jan. 8, 2019) (same).

Amazon attempts to distract from these obvious shortcomings in its argument by asserting that the deposition should be precluded due to an alleged admission by Mr. Nelson to some of the conduct alleged in the complaint—i.e. that he has purportedly admitted he took "kickbacks" or as Amazon defines that term in its complaint, "bribes." Amazon's erroneous factual assertion is the subject of a separate motion to strike.[2] However, at core, Amazon is arguing that Mr. Nelson should not have discovery because it believes his defense of the case lacks merit. This is antithetical to the concept of discovery, which allows a party to build its case prior to an actual determination by a factfinder. *See Givens v. Smith*, No. 5:12CV145 STAMP, 2014 WL 1393181, at *8 (N.D.W. Va. Apr. 9, 2014) ("However, Defendant cites no case law, nor has the Court found any, allowing one party to refuse to be deposed because he believes the other party's case is weak."). Accordingly,

---

[2] Amazon's *only* citation is to *its own allegations* in its third amended complaint, which allegations have been strenuously denied by Mr. Nelson, and Amazon's related motion for leave to file such complaint, which Mr. Nelson opposed. A party's unsworn allegations, unless admitted, are not evidence and provide no support for Amazon's assertions. *See United States v. White*, 366 F. 3d 291, 300 (4th Cir. 2004).

aside from the fallacious nature of Amazon's assertion, it would have no bearing on Mr. Nelson's ability to take this relevant discovery.

**C.     Amazon is not entitled to use the existence of a 30(b)(6) deposition to bar an individual deposition.**

    **1.     An individual deposition is just one of many tools a party may properly employ to take discovery and an opposing party may not select the one it prefers.**

Rule 30(b)(6) expressly notes that it "does not preclude a deposition by any other procedure allowed by [the] rules." *See In re Outsidewall Tire Litig.,* 267 F.R.D. 466, 472 (E.D. Va. 2010) ("It is well settled that the Rule 30(b)(6) deposition mechanism was implemented to supplement the Rule 30(a)(1) deposition of the officer or managing agent of a corporate party, and not to replace it."); *Doe v. 1031 S. Wooster Ltd.*, No. 21-80873-CIV, 2022 WL 121038, at *3 (S.D. Fla. Jan. 13, 2022) ("A party may use both types of discovery when attempting to elicit information about a corporation."); *Doe v. Trump*, 329 F.R.D. 262, 274 (W.D. Wash. 2018) ("Thus, Plaintiffs are entitled to seek both types of discovery from Defendants, and the court does not consider these forms of discovery 'duplicative' even if they address similar or overlapping subject matters.").

An individual deposition and a 30(b)(6) deposition serve different purposes and the existence of one does not preclude the other even when it may involve employees or representatives who have some overlapping knowledge. *See Prasad v. George Washington Univ.*, 325 F.R.D. 1, 5-6 (D.D.C. 2018); *Martin v. Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8-9 (E.D.N.C. 2016). This would be the case even if an HR employee with such knowledge was one of the designees of Amazon at the upcoming 30(b)(6). *See Caraustar Indus., Inc. v. N. Georgia Converting, Inc.*, No. 3:04CV187-H, 2006 WL 8456292, at *2 (W.D.N.C. Mar. 22, 2006); *Hilton Hotels Corp. v. Dunnet*, No. 00-2852, 2002 WL 1482543, at *2 (W.D. Tenn. Mar. 15, 2002). Of course, there is no indication there will even be such a designee from Amazon. Rather it appears

7

it be a hand-picked designee with no innate HR knowledge, who will have limited ability to discuss anything beyond what counsel has prepared them to discuss, severely limiting follow-up questioning of that witness, a key interest and feature of an individual deposition. In distinguishing a party's ability to notice an individual officer or employee apart from the 30(b)(6) designee one court explained: "'[T]he opposing party may feel that a particular person in the corporation has better knowledge or, for some other reason, may wish to depose a particular person in the corporation.' Rule 30(b)(1) permits this." *Wood v. TRG Constr., Inc.*, No. CV WGC-07-1172, 2007 WL 9782598, at *3 (D. Md. Sept. 27, 2007) (citing *Folwell v. Hernandez*, 210 F.R.D. 169, 172 (M.D.N.C. 2002)). Amazon cannot block the deposition simply because it would prefer someone not from the HR department to testify about matters concerning the non-compete agreement and internal employee policies.

The cases Amazon cites do not change this outcome. *In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:10-CV-01224, 2013 WL 1722998, at *1 (S.D.W. Va. Apr. 22, 2013), actually supports allowing the deposition to proceed. That case involved multiple 30(b)(6) depositions of the same person and a situation where the court allowed a party to designate certain testimony as that of the corporation to avoid a deposition.  Here Mr. Nelson is not seeking a 30(b)(6) deposition, but rather the personal deposition of an HR employee, Ms. Galetti, and not from anyone who has testified previously. *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180 (4th Cir. 2019) concerned whether inmates[3] could take a 30(b)(6) deposition in the face of document productions that provided all the information they needed. Again, Mr. Nelson is seeking Ms. Galetti's individual deposition, and further, it is indisputable that Amazon's document production

---

[3] As the Court is aware there are typically more significant restrictions on inmates ability to take depositions in civil cases.

48940418 v1

has provided all of the necessary information. Finally, in *Nicholas v. Wyndham Int'l, Inc.*, 373 F. 3d 537 (4th Cir. 2004), the Court found it was not an abuse of discretion to bar a 30(b)(6) deposition where the two people to be designated had already been deposed and the topics related to the documents already produced. Here, neither Ms. Galetti, nor any HR representative has been deposed and the documents produced do not provide the information sought.

Accordingly, the Court should decline Amazon's attempt to tightly control the method and ability of Mr. Nelson to access discoverable information concerning defense to claims Amazon has asserted against him based on the non-compete agreement and the alleged breach of internal Amazon employee polices.

### 2. The information Mr. Nelson seeks via the individual deposition will not be provided at the 30(b)(6).

Even if the Court were to take a step-by-step look into the overlap of the information Amazon has agreed to provide at the 30(b)(6), they are not congruent. Amazon has not agreed to prepare a witness to address all of the matters Mr. Nelson wishes to inquire of Ms. Galetti. For example, Amazon's prior application of its relevant policies and its non-compete agreements is highly relevant to an understanding of the meaning of its terms. Amazon has refused to prepare a witness on such topics, and has indicated that it does not intend to prepare a witness on Amazon's understanding of the meaning of the terms of the relevant polices and non-compete or testimony that would bear on that understanding.[4] *See* Doc. 954 at n.2.

---

[4] Amazon also cites to other "senior Amazon witnesses" Mr. Nelson has already deposed in this case to assert this deposition would be duplicative. The testimony of those witnesses shows exactly why this deposition is needed. As to Mr. Doden, the topics at issue in that deposition had to do with what Amazon knew about Mr. Atherton's involvement in the conduct at issue—nothing to do with Amazon's internal employee policies or the non-compete agreements at issue. As to the other "senior executives" there is no indication they have *any* expertise about the topics relating to the non-compete and internal Amazon polices.[4] Mr. Klein did not even know the name of the non-compete agreement or whether it was one or more than one document. *See* Ex. C to Smart Decl. at 91. When asked about the code of conduct, Mr. Klein, had no idea if he had ever signed one and after stating he did annual trainings, he admitted he had no recollection of what the code of conduct requires as to conflicts of interest, and that he would go to others at Amazon if he had questions. *See id.* at 91-92. As to Mr. Vonderhaar, whose title is Vice President of Data Center

9

While the ultimate determination of the meaning of the terms of the various polices and contract are ultimately a question for the factfinder, Amazon's understanding of them and its past application of those policies and contracts are highly relevant to making that determination—particularly whereas here some of the relevant terms are exceedingly broad and ambiguous, e.g. "best interests of Amazon"[5], "competitive with or otherwise deleterious to the interests of [Amazon]", and "substantially the same as a product or service provided or offered by [Amazon] to a Target Market." Doc. 765 ¶¶ 86, 324, 328, 526. The *Garrison Prop & Cas. Ins. Co. v. Rickborn*, 2016 WL 9649869 (D.S.C. Oct. 11, 2016) decision cited by Amazon actually supports allowing the deposition. In that case the plaintiff acknowledged that if the contract itself was ambiguous he lost, meaning there was no need to engage in any discovery concerning the meaning of terms in the agreement beyond their face. Here that is not the situation. Rather Amazon seeks to enforce extremely ambiguous terms, the meaning of which is hotly contested. Amazon also now contends that the code of conduct, containing this "best interests of Amazon" language—a document which is an internal policy document that Amazon regularly, and unilaterally updates, and which it does not execute— is a contract with its employees. *See* Ex. A (referencing the code of conduct); Ex. B to Smart Decl. (RFA Response 1 – refusing to admit the Code of conduct is not

---

Planning, he expressly stated that the Code of Conduct is "assembled and reviewed through our HR team and our senior executives . . ."—affirming the need to depose an HR employee in this case. *See* Ex. D to Smart Decl. at 337-38. He also noted that while he was familiar with Amazon's code of conduct generally, in many instances we was "not aware of the specifics." *See, e.g., id.* at 50-51 (noting he is "not aware of the specifics" of Amazon's code of conduct as it relates to gifts so he could not testify about what was in place in 2018), 56-57 (noting he was not aware of any Amazon employee who was disciplined for violating Amazon's gift policy). When asked about various specific instances of enforcement of these policies, Mr. Vonderhaar in most instances knew nothing about them or was aware only vaguely through gossip at Amazon. *See id.* at 54-57. In short, minimal snippets of information from individuals who are not expected to know and do not know the details of the policies and employment agreements at issue in this case cannot substitute for testimony by an HR employee who is expected to have much greater discoverable knowledge.

[5] The NLRB has previously charged Amazon of having overly broad rules citing this very phrase in its polices as the basis for that charge. *See* https://www.seattletimes.com/business/amazon-nlrb-settle-workersrsquo-rights-complaint/

48940418 v1

a contract). Where Amazon has previously asserted that its internal policies are <u>not</u> contracts with its employees when seeking to avoid their application <u>against it</u>, *see, e.g., Missouri v. Amazon.com, Inc.*, No. CV 19-13525(RMB/JS), 2020 WL 401842, at *3 (D.N.J. Jan. 24, 2020), this is a further reason to allow the deposition of its HR officer.

In *DiPippa v. Edible Brands, LLC*, No. 3:20CV01434(MPS), 2021 WL 2201194, at *6-*7 (D. Conn. June 1, 2021) the court noted that the circumstances surrounding and reasons given for the terminations of other executives by the defendant may clarify the meaning of the terms "cause," "gross negligence[,]" and "material misconduct" in plaintiff's employment agreement. The Court reached this conclusion relying on *Bertrand v. Yale Univ.*, No. 3:15CV01128(WWE)(JGM), 2016 WL 2743489 (D. Conn. May 11, 2016), where the district court explained that because "[p]laintiff's employment agreement defines a termination for cause as involving ... [a] 'material violation[,]' " of certain rules but does not "define what behavior will be considered a 'material violation' ... information regarding similar violations committed by" other coaches and the University's "response to these violations[ ] is relevant to determine if plaintiff's behavior rose to the level of a 'material violation.'" *DiPippa*, 2021 WL 2201194, at *6-*7 (quoting *Bertrand*, 2016 WL 2743489, at *3).

Where the term "best interests of Amazon" and other terms like those identified above are not defined and leave significant room for interpretation and manipulation by Amazon, discovery concerning its previous application of those provisions is discoverable and highly relevant to Amazon's claims against Mr. Nelson. S*ee also Incomm Holdings, Inc. v. Great Am. Ins. Co.*, No. 1:15-CV-2671 -WSD, 2016 WL 1213232, at *3 (N.D. Ga. Mar. 23, 2016) (holding reasoning of a company in not pursuing a prior claim under an agreement are relevant to its understanding of the meaning of the terms of the agreement); *Del Monte Fresh Produce B.V. v. Ace Am. Ins. Co.*, No.

11

00-4792-CIV, 2002 WL 34702176, at *3 (S.D. Fla. Sept. 4, 2002) (noting "it is more than the terms themselves which may or may not be ambiguous. It is how they interrelate with one another, and how the company has interpreted those provisions and interrelationships in the past which calls for discovery."); *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 364–65 (S.D.N.Y. 2010) ("anything that might further the interpretation of that provision—including information on other contracts, SOWs, and manuals utilized by Trilegiant in other transactions—is relevant and subject to discovery"); *Elite Mitigation Servs., LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-CV-381-TKW/MJF, 2020 WL 6126886, at *4-*5 (N.D. Fla. Apr. 16, 2020) ("plaintiff must be allowed to explore the creation of the language and whether the intent of the drafter(s) is inconsistent with its application'); *Leichtnam v. Am. Zurich Ins. Co.*, No. 5:15-CV-05012-JLV, 2018 WL 4701353, at *6–7 (D.S.D. Sept. 30, 2018) (noting information relating to prior claims processing under the same policy at issue would be discoverable, as would testimony concerning the insurer's interpretation of its claims manual and other polices and protocols).

Because Amazon intends to rely on numerous ambiguous and vague provision in its non-compete agreements and internal employee polices to obtain relief against Mr. Nelson, he is entitled to broad discovery from Amazon that would reflect upon the meaning to be provided to those terms through the means he has chosen.[6]

---

[6] Amazon has spent significant time inquiring of Defendants Nelson, Kirschner and Watson's understanding of the policies and non-compete agreements at issue in this case at all of their depositions. *See, e.g.,* Doc. 876 at 30-39 (inquiring as to Mr. Nelson's understanding of the code of conduct and related provisions). When Amazon spends extensive time asking Defendants of their understanding and interpretation of these polices and agreements it should not be permitted to contend that evidence relating to the understanding of those tasked at Amazon with enforcing these policies are not discoverable.

**D.     Conclusion**

For the forgoing reasons the Court should deny Amazon's motion for a protective order and order that Mr. Nelson be allowed to proceed with the deposition of Ms. Galetti.[7]

September 1, 2022                              **BURR & FORMAN LLP**

/s/ Rachel Friedman
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedman@burr.com

/s/ J. Alex Little
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures LLC*

---

[7] In an attempt to avoid a dispute, Mr. Nelson offered *from the very beginning* to depose someone other than Ms. Galetti if they would generally have the same knowledge of the HR matters about which Mr. Nelson wished to depose Ms. Galetti. *See* Doc. 955-2. For inexplicable reasons Amazon contends that Mr. Nelson only did this as a belated attempt to salvage the deposition after a dispute arose. *See* Doc. 954 at 10. That Amazon apparently objects to this approach is surprising given it is the very approach Gibson Dunn and Amazon advocated just a few months ago case where Amazon asked the Court to require the plaintiff to seek the depositions of lower level employees first. *See Gordwin v. Amazon.com Inc*., No. CV-21-00888-PHX-SPL (D. Ariz.) (Doc. 53 at 6) ("Ms. Gordwin should pursue the depositions of lower-level employees first . . ."). It was because of Defendants awareness of Amazon's position in that case and the prior disputes here, that it offered from the outset to follow that approach if Amazon had objections to Ms. Galetti being deposed. But, here Amazon simply refuses to have anyone in the HR department deposed, rather than follow what has previously advocated was a reasonable and fair procedure in these circumstances. Given Amazon's refusal to even consider an alternative witness before filing this motion it seems incongruous to allow them to now avoid Ms. Galetti's deposition by proposing such a witness unless there are assurances that the witness will have sufficient knowledge to be an appropriate substitute for Ms. Galetti.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2022, a true and correct copy of the foregoing has been served upon the following via email:

> Casey Kirschner
> 635 N. Alvarado Lane
> Plymouth, MN 55447
> casey.kirschner@gmail.com
> *Pro se*

Dated: September 1, 2022                     */s/ Rachel Friedman*
                                             Rachel Friedman