**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al., <br><br> Defendants, <br><br> ──────────────────────────── <br><br> 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br><br> v. <br><br> BRIAN WATSON, et al. <br><br> Interpleader Defendants. | **Case No. 1:20cv484** <br><br> **Hon. Rossie D. Alston, Jr.** <br> **Hon. Theresa Buchanan** <br><br><br><br><br><br> **REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF AMAZON'S MOTION FOR PROTECTIVE ORDER AND SUPPORTING MEMORANDUM** |

The issue is straightforward: Should the Court strike Amazon's baseless claim that Mr. Nelson "admitted" to receiving a "kickback?" In his motion, Mr. Nelson argued that (1) the assertion was false and made in bad faith, and (2) given the context, it was an important enough accusation for the Court to strike it from the record. In response, Amazon does not identify a single instance where Mr. Nelson "admitted" to receiving a "kickback." This should resolve the issue, and the Court should grant the motion.

The facts are not in dispute. Although Amazon engages in a detailed interpretation of contested evidence, it cannot say that Mr. Nelson ever "admitted" to this claim. Rather, its response

(and the number of attached exhibits) demonstrates that the issue Amazon claims Mr. Nelson "admitted" is instead a hotly contested matter that will require the weighing of a variety of evidence. If Mr. Nelson had "admitted" to receiving a "kickback," it would not take the citation of statements by numerous other individuals,[1] a transcript of a recording whose authenticity has been a subject of dispute, or asking the Court to take inferences from other non-parties' assertion of the Fifth Amendment. This latter effort is particularly puzzling as it is unclear how an inference from a non-party, even if appropriate (which Mr. Nelson disputes), can be deemed to demonstrate an "admission" by a party. Amazon has now had three separate opportunities to depose Mr. Nelson, has his interrogatory answers, and his answer to Amazon's over 600-paragraph Third Amended Complaint, where Amazon repeatedly alleged Mr. Nelson received kickbacks. Amazon did not cite to an admission of Mr. Nelson taking a kickback, because there is none.

Rather, Amazon cites to various statements by Mr. Nelson about the loans that he took out as a part of the financial structure his attorney advised him to set up. Further, Amazon ignores completely that Mr. Nelson *did* make payments on the loan he took out,[2] *see* Doc. 876-1 at 203, and that Mr. Nelson was unable to pay the loans back because Amazon convinced the federal government to seize all of Mr. Nelson's bank accounts as a part of civil forfeiture, *see, e.g.,* Doc. 862-1 at 31, 45.[3] Yet, acknowledging a loan and a subsequent inability to pay that loan back due

---

[1] In reading Amazon's citations to Mr. Watson's testimony, once again Amazon has ignored the critical statement by Mr. Watson on this issue as it does not fit with Amazon's narrative. See Ex. 3 at page 175 ln. 10-17.

[2] Amazon has the bank records substantiating Mr. Nelson's payment on the loans. But, since that does not fit with Amazon's narrative it simply ignores them.

[3] The government ultimately gave much of that money back to Mr. Nelson (who has had to use the funds to cover the enormous costs of defending against Amazon's scorched earth tactics in this case). The government candidly admitted to Amazon that it was giving the money back because allowing Mr. Nelson to take discovery on the objective facts underlying the seizure might hurt the government's case. *See* Ex. 1 hereto. In contrast, the government has had no issue with Amazon regularly providing it with discovery Amazon has obtained in this case.

to seizure of assets and the subsequent tremendous legal costs to defend himself against Amazon's claims does not an admission of a kickback make.

It is precisely because Amazon paints its interpretations and arguments as "admissions" that the statements at issue must be stricken. Mr. Nelson disputes Amazon's interpretations and arguments and will put forth his defense before the factfinder when it is time. That, however, is not what this motion to strike is about. Rather, it is about Amazon playing fast and loose with the facts and making a claim that Mr. Nelson "admitted" something he has not. An admission has very serious consequences in legal proceedings. It is very different than merely asserting that there is evidence that supports an argument or conclusion a party wants the court to reach.  Because of the seriousness of the issue—the only cases Amazon cites regarding kickbacks are criminal cases and again, Amazon is in constant communication with the U.S. Attorney's office, sharing information with them from the discovery Amazon has obtained in this case—it is highly inappropriate to throw around claims that a party has "admitted" to receiving a "kickback" or the like when he has not done so. As we have seen repeatedly in this case, Amazon does not confine its arguments to the actual facts in the record.

Amazon will be free to put forth admissible evidence and make its arguments to the factfinder that Mr. Nelson purportedly received a "kickback" *as Amazon defines it*. Of course, that is part of the problem. Amazon repeats the term "kickback" over and over, and presumes that its understanding of the term is the only valid one. Amazon demeans Mr. Kirschner's testimony of his understanding of the word kickback as used in his own statement, apparently thinking only Amazon knows what Mr. Kirschner meant. Similarly, Northstar had referral fee arrangement with Christian Kirschner. And, in fact, because Christian Kirschner made the introduction between Northstar and Amazon, it is a completely legal arrangement under Colorado law—where Northstar

3

is headquartered. *See* Colo. Rev. Stat. § 12-10-304(1) (noting reasonable cause for referral fees include where "an actual introduction of business has been made" or where "a contractual referral fee relationship exists"). Of course, to impugn this legal arrangement, Amazon avoids using the term referral agreement unless it is coupled with the term "kickback." *See, e.g.*, Doc. 765 at ¶¶ 66-67. Amazon itself uses "referral fee" arrangements with its own sellers. *See* https://sellercentral.amazon.com/help/hub/reference/external/GTG4BAWSY39Z98Z3.   But, presumably, we will not see Amazon rebranding its own referral fee program as a "referral fee/kickback arrangement."

For these reasons and those asserted in Mr. Nelson's opening brief, Mr. Nelson respectfully requests the Court exercise its inherent authority to strike these highly inflammatory and untrue statements from the record.

September 6, 2022                    **BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedman@burr.com

*/s/ J. Alex Little*
J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com
Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com
*Attorneys for Carleton Nelson*

48953530 v2

## Certificate of Service

I hereby certify that on September 6, 2022, a true and correct copy of the foregoing has been served upon the following via email:

> Casey Kirschner
> 635 N. Alvarado Lane
> Plymouth, MN 55447
> casey.kirschner@gmail.com
> *Pro se*

Dated: September 6, 2022                    */s/ Rachel Friedman*
                                             Rachel Friedman

Message

| | |
|---|---|
| **From:** | Stokes, Patrick F. [/O=GIBSONDUNN/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=STOKES, PATRICK653] |
| **Sent:** | 2/14/2022 4:18:45 PM |
| **To:** | Hudson, Kevin (USAVAE) [Kevin.Hudson@usdoj.gov] |
| **CC:** | MacDonald, Lora Elizabeth [/o=GIBSONDUNN/ou=Exchange Administrative Group (FYDIBOHF23SPDLT)/cn=Recipients/cn=MacDonald, Lora Elizabeth] |
| **Subject:** | RE: Carleton Nelson |

Hi Kevin, thanks for your email. Would you have time for a quick call today between 3-5 ET?

Best,
Patrick

**Patrick Stokes**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.955.8504 • Mobile +1 202.321.3347 • Fax +1 202.530.4214
PStokes@gibsondunn.com • www.gibsondunn.com

---

**From:** Hudson, Kevin (USAVAE) <Kevin.Hudson@usdoj.gov>
**Sent:** Friday, February 11, 2022 1:13 PM
**To:** Stokes, Patrick F. <PStokes@gibsondunn.com>
**Subject:** Carleton Nelson

[WARNING: External Email]

Hi Patrick,
      Jamar Walker gave me your contact information. I'm the forfeiture AUSA working on the Carleton Nelson et al. case. I'm writing to let you know that in one of our civil forfeiture cases, 1:20-cv-1343, we have settled with the Nelsons, resulting in the forfeiture of $108,000 and the return of $525,000 to the Nelsons. The decision to enter into this settlement was driven by the status of the criminal case and the desire to avoid engaging in civil discovery, which usually has a negative impact on a criminal case that has not yet concluded (or at least gone to trial yet). Unfortunately, our stay of the civil forfeiture case elapsed and the magistrate judge seemed to indicate that he was unwilling to grant another one. If you have any questions or would like to discuss, I'm happy to do so.

Best regards,
Kevin

Kevin Hudson
Assistant U.S. Attorney
Chief, Asset Recovery Unit
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
(757) 591-4000

**EXHIBIT 1**