IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>    Plaintiffs, <br><br>    v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br>    v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>    Interpleader Defendants, <br><br>  and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>    Interpleader Defendants, <br>    Interpleader Counter-Plaintiffs. | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR A PROTECTIVE ORDER**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (together, "Amazon") respectfully submit this reply in support of their motion for a protective order precluding Defendants from deposing Amazon apex executive Beth Galetti or "a lower level HR" representative. Dkt. 954 at 1 ("Mot."); *see also* Dkt. 955-1 at 3–4. Defendant Nelson's opposition, Dkt. 968 ("Opp."), confirms the need for such relief.

## INTRODUCTION

Nelson seeks to justify his improper notice to "Beth Galetti, the current head of Amazon human resources ('HR')," as "standard in employment cases." Opp. 1. But there is nothing "standard" about the "accusations" against Nelson, or about his claimed "entitle[ment]" to depose Ms. Galetti. *Id*. at 1, 12. As Nelson concedes, Amazon seeks actual and treble damages from Nelson and his co-defendants for a fraud and kickback scheme detailed in "a 600-paragraph complaint" that alleges RICO violations for which the defendants could be "indicted" by the "U.S. Attorney's Office." *Id*. at 1, 5. Nelson does not assert that Ms. Galetti has personal knowledge of these facts, much less the kind of unique knowledge necessary to depose an apex witness under Federal Rules of Civil Procedure 26(b)(2)(C) and 26(c)(1). He admits as much in offering to depose an unidentified "lower level HR employee" instead. Dkt. 955-1 at 3–4. But that does not help, because Rule 30(b)(1) notices must be directed to specific individuals. And in any event, Nelson's opposition confirms he is seeking company testimony governed by Rule 30(b)(6). His brief defends his notice to Ms. Galetti on the ground that she "is extremely familiar with *Amazon's* understanding of" certain supposedly "ambiguous" agreements with Nelson signed by a different HR executive (Tony Galbato). Opp. 2, 10.[1] But "Amazon's understanding of" these documents as relevant to this case, *id*. at 2, is exactly what the company will cover in two days of testimony on nearly 100

---

[1] All emphasis in this brief is supplied unless otherwise noted.

Rule 30(b)(6) topics next week.

These topics include Nelson's contract[2] and its terms on "confidential information," as well as the policies addressed in Amazon's complaint and Nelson's opposition. Opp. 9–12; Dkt. 764; Dkt. 955-1 at 5–6; *see* Ex. 1 at 11. Nelson's own brief thus confirms that the challenged notice seeks precisely the kind of cumulative testimony Rule 26(b)(2)(C) prohibits. Nelson nonetheless insists this other testimony will "not address all of the matters he wishes to inquire of Ms. Galetti." Opp. 9. But Nelson's "wishes" for discovery *beyond* the agreed Rule 30(b)(6) topics and existing record violate Rule 26(b)(1) and this Court's prohibition on "fishing expedition[s] for irrelevant or cumulative information." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012). The Rule 30(b)(6) testimony Nelson says Amazon "refused to prepare," Opp. 9, is about "*legal* positions" unsuitable for *any* fact witness to address, Mot. 11 n.2. And the remaining testimony he seeks is about "Amazon's prior application of" its agreements to unspecified employees who have *no relation* to this case. Opp. 9; *see* Mot. 2; Dkt. 955-1 at 3–4. Probing Ms. Galetti's alleged "expertise" on these issues, Opp. 9 n.4; Mot. 2, would be enormously burdensome and irrelevant to the fraud and kickback claims at issue here.

Nelson's response—that he needs Ms. Galetti's testimony to litigate legal "terms" that are "ambiguous" or open to "manipulation by Amazon," Opp. 10–11—is baseless, *see* Mot. 8–13. Ms. Galetti's testimony would not change the application of these terms to the payments Nelson admits he took and hid from Amazon. Dkt. 977 at 3–5 (citing sources). These payments are documented in wire transfer and other financial records, *see, e.g.*, Dkt. 764 ¶¶ 210–211; *see also, e.g.*, Dkt. 662 ¶ 9; Dkts. 662-6, 662-17, 662-18, and recordings, including an audio file in which Nelson admits "the first couple of distributions [he and Casey Kirschner] took" came "through Casey's brother" at Villanova and that Nelson had at that point "taken 960 total" from "all Brian

---

[2] Confidentiality, Non-Competition, and Invention Assignment Agreement ("CNIAA").

[Watson's] fees," in a clear reference to the transactions addressed in this suit. Dkt. 212-13 at 8–9, 30; *see* Dkt. 977 at 3.  And the file also features Nelson boasting—in an effort to continue the scheme with a Northstar employee who controlled two Defendant LLCs and has now invoked the Fifth Amendment in his deposition in this case, *see* Dkt. 978-5—that "I don't actually need the money [because] I've put enough of the f[*]cking money I made on the Brian deals in the, you know, couple different investments and savings accounts," Dkt. 212-13 at 17.

The question in this case is whether these and related payments, which Nelson's co-defendants and circuit law call "kickbacks," Dkt. 977, violated legal obligations, which Ms. Galetti's testimony cannot change.  *See* Dkt. 764 at 34–38, 54–57.  For this and other reasons, this case is not a "standard" employment dispute.  Opp. 1.[3]  And Nelson's notice to Ms. Galetti is not remotely analogous to the notices he cites, including those to his wife and two lawyers.  Opp. 3.[4]  It is instead

---

[3] The two Amazon cases Nelson cites are easily distinguished.  Opp. 2, 11 (citing *Amazon v. Moyer*, 2:19-cv-1176-RSM (W.D. Wash.) and *Missouri v. Amazon.com, Inc.*, 2020 WL 401842, at *3 (D.N.J. Jan 24, 2020)).  *Moyer* involved an HR "declaration[]," Opp. 2, that supported a partial injunction against a former Amazon employee going to Google.  *Amazon v. Moyer*, 2:19-cv-1176-RSM (W.D. Wash.) (ECF No. 30).  And *Missouri* dismissed a *pro se* complaint by a former at-will employee who failed to state a claim on a "breach of contract" theory the employee himself had "repeated[ly] and explicit[ly] disavow[ed]," and the court found was not viable based on the "facts alleged in the Complaint."  2020 WL 401842, at *3–4.  In sharp contrast, Amazon's claims here are supported by "declarations" from compliance personnel and cooperators this Court and the Fourth Circuit credited in rejecting challenges to a preliminary injunction, Dkts. 99, 318, and are now supported by a complaint, Dkt. 764, filled with testimony and documents far beyond "unsworn allegations," Opp. 6 n.2.  Moreover, the testimony Nelson purports to seek has no bearing on the purely legal question of whether Amazon's employment agreements and policies permitted Nelson and Casey Kirschner to defraud Amazon as alleged in the complaint and supported by such evidence.  *See Garrison Prop. & Cas. Ins. Co. v. Rickborn*, 2016 WL 9649869, at *2 (D.S.C. Oct. 11, 2016).

[4] The notice to Nelson's wife issued only after Defendant Renrets LLC—which Nelson used to issue some of his sham loans—named Nelson's wife as a person with knowledge of the facts in its Rule 26 disclosures.  Ex. 2 at 3.  Amazon has offered to withdraw the notice given that Defendants retracted this disclosure and committed not to rely on testimony from Mrs. Nelson at trial.  Similarly, Amazon served deposition notices on the two attorneys only after Defendant Rodney Atherton identified them in supplemental disclosures based on their knowledge of the "advice of counsel" that Atherton allegedly rendered and that Nelson asserts as a defense.  Ex. 3 at 5–6; *see also* Ex. 4 at 3.

3

analogous to the notices the Court previously quashed because they were *not* addressed to Amazon "employees" with knowledge of this case, Opp. 1, but rather to apex witnesses or trial counsel for testimony about legal strategy or about executives' public interests in entities, which Nelson has improperly compared to the hidden kickbacks at the center of this fraud case. Dkt. 955-1 at 4. Amazon asked Nelson to withdraw the Galetti notice for all of these reasons, but he refused in favor of burdening the Court with more motions. The Court should therefore grant the protective order and any other relief it deems proper for this latest discovery abuse.

## ARGUMENT

The Court should grant a protective order because Nelson's notice to depose Ms. Galletti violates the apex doctrine and would burden Amazon with testimony that is irrelevant or already fully covered by other discovery and Amazon's Rule 30(b)(6) topics.

### I. THE NOTICED DEPOSITION VIOLATES RULE 26

Rule 26(b) states that the Court "*must limit*" discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," "the party seeking discovery has had ample opportunity to obtain the information," *or* "the proposed discovery is outside the scope permitted by Rule 26(b)(1)," *i.e.*, is not "relevant to any party's claim or defense *and* proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2)(C). Nelson's opposition confirms that his notice fails these standards. Opp. 2–3.

First, Nelson cites a series of cases, *id*. at 3, that pre-date the 2015 Amendments to Rule 26 that "[r]estor[ed] proportionality as an express component of the scope of discovery" and removed the provision allowing discovery of "any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment; *see also Johnson v. N.C. Dep't of Justice*, 2018 WL 5831997, at *9 (E.D.N.C. Nov. 7, 2018) (discussing narrowing function of 2015 amendment). Under the current version of Rule 26, a demand "*for a single deposition*,"

Opp. 3, *can* be disproportionate. The Court's prior rulings confirm this. *See* Dkt. 577. And the Galetti notice is disproportionate because it seeks to burden an apex witness with irrelevant testimony far beyond the scope of existing individual testimony and documents, as well as nearly 100 Rule 30(b)(6) topics. *See* Mot. 7–9, 13 n.3.

Second, Nelson says Amazon has provided "insufficient" evidence of its "burdensomeness argument" even under Rule 26 as amended. Opp. 6. Again he is wrong. There is a "rebuttable *presumption* that the deposition of a high-ranking corporate executive either violates Rule 26(b)(2)(C)'s proportionality standard" or justifies a protective order to avoid "'annoyance' or 'undue burden' within the meaning of Rule 26(c)(1)." *Performance Sales & Mktg. LLC v. Lowe's Cos. Inc.*, 2012 WL 4061680, at *4 (W.D.N.C. Sept. 14, 2012); *see also In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg. Sales Pracs. & Prods. Liab. Litig.*, 2018 WL 3934396, at *1, 4–5 (E.D. Va. Aug. 16, 2018) (similar). This presumption applies here because, as Nelson has not contested, Ms. Galetti is an "apex" witness. Dkt. 955-1 at 1–4. She is the head of human resources for all of Amazon, and one of a few executives who reports directly to Amazon's CEO.[5] Deposing Ms. Galetti would thus presumptively impose significant burdens on Amazon that Nelson can overcome only by showing that she "has unique or special knowledge of the issues in this case," *and* that this information *cannot* be obtained through "other less burdensome means." *RLI Ins. Co. v. Nexus Servs., Inc.*, 2020 WL 2311668, at *3 (W.D. Va. May 8, 2020).

Nelson does not even attempt to make these showings. His concession that he would accept another HR officer, Dkt. 955-1 at 1–4; Dkt. 955-2; Dkt. 955-3 at 1, fatally undermines his ability

---

[5] *See* Harry McCracken, *Meet the woman behind Amazon's explosive growth*, Fast Company (Apr. 11, 2019) https://www.fastcompany.com/90325624/yes-amazon-has-an-hr-chief-meet-beth-galetti.

5

to insist on deposing Ms. Galetti. *See, e.g.*, *Smithfield Bus. Park LLC v. SLR Int'l Corp.*, 2014 WL 547078, at *2–3 (E.D.N.C. Feb. 10, 2014) (denying motion to compel deposition of high-level corporate officer because moving party "failed to overcome its burden of demonstrating that [the witness]'s knowledge is special or unique and that the discovery he would provide through a deposition cannot be obtained from some other more convenient source"); *accord, e.g.*, *In re Lumber Liquidators*, 2018 WL 3934396, at *1, 4–5.

Because Nelson is barred from deposing Ms. Galetti by the apex doctrine, all that remains of his notice is an open-ended demand to depose some unspecified HR representative. But Amazon need not identify or prepare such witnesses under Rule 30(b)(1) on any topic Nelson "wishes" to explore. Opp. 9. *See generally* 8A Wright & Miller, Fed. Prac. & Proc. § 2110 (3d ed.). Amazon has complied with its disclosure obligation "to identify the people it may rely upon to prove its claims or defenses." *Id.* These individuals do *not* include Ms. Galetti, an apex witness who does *not* have "unique or special knowledge of the issues in this case," and whose relevant information can and will be obtained through "other less burdensome means" including Amazon's Rule 30(b)(6) designees.[6] *RLI Ins. Co.*, 2020 WL 2311668, at *3.

Nelson's offer to depose a different HR employee mitigates this apex issue, but does not change any of the other, independent reasons for granting a protective order. *See* Mot. 7–12. Most notably, it does not change the lack of support for Nelson's claim that testimony from an "HR employee" is required to probe "Amazon's *prior application* of its relevant policies and non-com-

---

[6] As noted, these facts conclusively distinguish Ms. Galetti's notice from the notices issued to Nelson's wife, who Defendant Renrets LLC named in its Rule 26 disclosures, and the two attorneys who helped prepare the "advice of counsel" Nelson asserts as an affirmative defense. Opp. 3; Exs. 2–4. Although these notices were properly issued, Amazon offered to withdraw them in exchange for other discovery. This measured approach stands in stark contrast to Nelson's improper and disproportionate approach to the notice here.

pete agreements" to employees unrelated to this suit. Opp. 9. Such information is neither proportional nor "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26 is not "a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Topline Sols., Inc. v. Sandler Sys., Inc.*, 2017 WL 1230817, at *5 (D. Md. Apr. 3, 2017). Nelson's own cases recognize as much. *See, e.g.*, Opp. 3 (citing *Big Ernie's, Inc. v. United States*, 2009 WL 3166839, at *1 (E.D. Va. Aug. 13, 2009), in which the court allowed the deposition of a decision-maker who had information potentially crucial to the case prior to the 2015 amendments to Rule 26). The allegations here are that Nelson and his co-defendants committed specific acts in violation of legal obligations to Amazon. Nelson's "wish[]" for information about Amazon's response to unspecified conduct by countless other employees unrelated to this case, Opp. 9–11, provides no basis for the challenged deposition notice. Rule 26 limits discovery to "the enumerated issues in the Amended Complaint," and the fact that a party alleges "specific instances of breach [does not] preserve[] a party's right to conduct discovery concerning similar unidentified breaches," much less of entirely unrelated acts. *Topline*, 2017 WL 1230817, at *6.

## II.     THE NOTICED TESTIMONY IS ALREADY COVERED BY RULE 30(B)(6)

Ms. Galetti's notice is particularly improper here because Nelson will receive all the relevant information he seeks through Rule 30(b)(6) testimony that complements the voluminous discovery he has already received. *See* Ex. 1 at 10–12. Nelson attempts to manufacture some separation between the Galetti notice and Amazon's nearly 100 Rule 30(b)(6) topics by reprising his vague allusions to "Amazon's prior application of its relevant policies." Opp. 9. But the Rule 30(b)(6) topics addressing these policies include Nelson's CNIAA, its provisions on "confidential information," and the enforcement of this contract and related Amazon policies "as a general matter," Ex. 1 at 11–12. Notably, the topics include:

- "the policies, if any, in effect from January 2017 to the present related to outside em-

7

ployment, ownership (in full or in part) by any Amazon employees of [any other] corporation … [and] seeking investments, conflicts of interest, spending and transaction, or gifts, [as well as] the department or groups responsible for enforcing these policies";

- "the purpose and membership of Amazon's Outside Activity Group … and whether there have been any written policies or guidance given to the group";

- "Amazon's policies regarding relationships between Amazon vendors and Amazon personnel and enforcement of those policies, as a general matter"; and

- "the specific written policies that Amazon has previously identified … as relevant to this case and its enforcement of those policies as a general matter."

*Id.* Nelson's opposition does not mention these topics, nor has he denied that Amazon offered to consider preparing its company designees to address the specific examples of policy enforcement Nelson says has in mind, but has refused to share. Dkt. 955-1 at 2; *see also* Ex. 5. In light of the extensive discovery already available to Nelson, including the upcoming Rule 30(b)(6) depositions, he cannot justify a Rule 30(a)(1) deposition of Ms. Galetti. *See Boyce v. Bennett*, 2015 WL 12621036, at *2 (E.D. Va. May 21, 2015) (denying new discovery demands "after months of discovery already conducted" because the "it does not appear likely or reasonably calculated that the [new demands]" will produce relevant or novel information); *In re Lumber Liquidators*, 2018 WL 3934396, at *5 (foreclosing depositions on grounds that they "would not provide any significant benefit" given existing discovery and prior discovery opportunities and because the burdens of such depositions "would far outweigh any minor benefit").

Nelson nonetheless insists that he is "entitled" to pursue both Rule 30(b)(6) testimony and 30(b)(1) testimony. Opp. 12. To the extent these different pathways produce *non*-cumulative information, Amazon agrees and has produced for individual testimony multiple executives who have personal knowledge of the facts of this case. Ms. Galetti does not. She is therefore *unlike* the other individuals Amazon has produced for deposition, and *unlike* the deponents in Nelson's cases, all of whom had personal knowledge relevant to the dispute. *See Caraustar Indus., Inc. v.*

8

*N. Ga. Converting, Inc.*, 2006 WL 8456292, at *1–2 (W.D.N.C. Mar. 22, 2006) (permitting depositions of the sole proprietor of the corporate defendant—an individual with undisputed personal knowledge of the alleged misdeeds of the company); *Wood v. TRG Constr., Inc.*, 2007 WL 9782598, at *2 (D. Md. Sept. 27, 2007) (corporate officer "likely to have knowledge or information relevant to the case" could be deposed where alternative Rule 30(b)(6) designee was the named defendant in the sexual harassment lawsuit).

Nelson's other authorities present the opposite of the fact pattern here. They allowed Rule 30(b)(6) depositions over objections that the corporate testimony would duplicate individual depositions that had already occurred. *See Prasad v. Washington*, 325 F.R.D. 1, 5 (D.D.C. 2018); *Martin v Bimbo Foods Bakeries Distribution, LLC*, 313 F.R.D. 1, 8–9 (E.D.N.C. 2016); *Hilton Hotels Corp. v. Dunnet*, 2002 WL 1482543, at *2 (W.D. Tenn. Mar. 15, 2002). They did so only *after* individual depositions because the Rule 30(b)(6) testimony would bind the company on specified topics and because, unlike an individual deposition, the company would have an obligation to prepare witnesses on the topics noticed for the Rule 30(b)(6) deposition. *Martin*, 313 F.R.D. at 8–9; *Prasad*, 325 F.R.D. at 5–6. Here, Amazon has agreed to nearly 100 Rule 30(b)(6) topics, including several that cover precisely the contracts and policies Nelson identifies in his brief. Opp. 2. Nelson's request for testimony on "Amazon's understanding of" these agreements, *id*., is fully covered by these Rule 30(b)(6) topics, and his request for the equivalent of a third day of corporate testimony from an individual apex witness should be denied.

## CONCLUSION

Amazon respectfully requests that this Court issue a protective order precluding Defendants from deposing Beth Galetti or another individual HR witness, and for any other relief the Court deems just and proper for Nelson's continued insistence on improper discovery.

9

Dated:  September 6, 2022                                Respectfully submitted,

                                                         */s/ Michael R. Dziuban*

| | |
|---|---|
| Veronica S. Moyé (*pro hac vice*) | Elizabeth P. Papez (*pro hac vice*) |
| GIBSON, DUNN & CRUTCHER LLP | Patrick F. Stokes (*pro hac vice*) |
| 2001 Ross Avenue, Suite 2100 | Jason J. Mendro (*pro hac vice*) |
| Dallas, TX 75201 | Claudia M. Barrett (*pro hac vice*) |
| Telephone:  (214) 698-3100 | David W. Casazza (*pro hac vice*) |
| Facsimile:  (214) 571-2900 | Amanda Sterling (*pro hac vice*) |
| vmoye@gibsondunn.com | Michael R. Dziuban (Va. State Bar No. 89136) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036-5306 |
| | Telephone:  (202) 955-8500 |
| | Facsimile:  (202) 467-0539 |
| | epapez@gibsondunn.com |
| | pstokes@gibsondunn.com |
| | jmendro@gibsondunn.com |
| | cbarrett@gibsondunn.com |
| | dcasazza@gibsondunn.com |
| | asterling@gibsondunn.com |
| | mdziuban@gibsondunn.com |

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.,
Fort Collins, CO 80525

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

11