IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC,<br><br>　　　　Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC,<br><br>　　　　Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant,<br><br>　　v.<br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC,<br><br>　　　　Interpleader Defendants,<br>　　and<br><br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC.,<br>　　　　Interpleader Defendants,<br>　　　　Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF REVISED
<u>PRIVILEGE LOG AND DOCUMENTS SUBJECT TO PRIVILEGE WAIVER</u>**

1

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Plaintiffs" or "Amazon") respectfully move under Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37(A) for an order compelling the Watson Defendants[1] to produce relevant documents and serve a revised privilege log that details all documents they continue to withhold notwithstanding the Court's July 2021 production order, Dkt. 304, and the subject matter waiver effected by the advice of counsel defense they raised for the first time just weeks before the close of fact discovery, Dkt. 843.

On June 27, 2022, the Watson Defendants supplemented their answer to Plaintiffs' Third Amended Complaint. Dkt. 843. For the first time since this litigation began in 2020, they asserted that "Plaintiffs' claims are barred in whole or in part because of advice of counsel." *Id.* at 62. The consequences of this defense are clear. "When a party raises an advice of counsel defense, . . . *all advice on the pertinent topic*," not just the specific communications disclosed or relied upon, "becomes fair game." *U.S. ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 391 (4th Cir. 2015) (Wynn, J., concurring) (citing 1 McCormick On Evid. § 93 (7th ed. 2013)) (emphasis added). Further, unless otherwise agreed, "[s]elective disclosure" of privileged material "for tactical purposes waives the privilege" as to "all other communications relating to the same subject matter." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982).

Amazon has tried for weeks to ascertain the subject matter of the Watson Defendants' newly-minted advice of counsel defense in order to obtain non-privileged deposition and document discovery essential to this case. But these efforts have been complicated by the fact that the claimed advice, which concerns central elements of the kickback scheme, was rendered in late 2019 and early 2020 by the firm (Brownstein Hyatt) that serves as the Watson Defendants' lead

---

[1] Unless otherwise noted, references to "Defendants" or "Watson Defendants" include Brian Watson, WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager.

trial counsel in this case. Specifically, sworn interrogatory responses the Brownstein attorneys served last week confirm the broad scope of the subject matter of the advice the Watson Defendants have placed in issue. *See* Ex. 1.

While Brownstein has agreed to make its lawyers with knowledge of the advice available for depositions in October, it has also undercut the ability of these depositions to serve their purposes under the rules. This is because neither Brownstein nor the Watson Defendants will commit to producing all documents covered by the defense and a revised privilege log with descriptions sufficient to assess how any remaining entries relate to the subject matter of the defense. This lack of cooperation is highly prejudicial to Amazon's right to explore the scope and base for the defense, because many of the current log entries from the involved attorneys are too vague for Amazon to tell whether they relate to the subject matter over which the Watson Defendants have now waived privilege. *See* Dkt. 286-11.

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 37(A), a party may "move for an order compelling disclosure of discovery," Fed. R. Civ. P. 37(a), "[a]fter a discovery request is objected to, or not complied with, within time, and if not otherwise resolved," Local Civ. R. 37(A). The disclosure of documents that have been improperly withheld on the basis of attorney-client privilege is a proper subject for a Rule 37 motion. *See*, *e.g.*, *Scalia v. Med. Staffing of Am., LLC*, 2020 WL 1811344, at *6 (E.D. Va. Apr. 8, 2020). In such cases, the party claiming privilege must show "not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived." *Jones*, 696 F.2d at 1072; *see also, e.g.*, *Rambus, Inc. v. Infineon Techs. A.G.*, 220 F.R.D. 264, 277 (E.D. Va. 2004) (noting that it is "the party asserting the privilege" that "has the burden of proving that the privilege applies"). The Court may also "use its authority under Federal Rule of Civil

3

Procedure 26(e)(1)(B) to order supplemental discovery disclosures and responses," including an order that the Watson Defendants "disclose all communications between them and any of their attorneys regarding the subject matter at issue." *Med. Staffing of Am.*, 2020 WL 1811344, at *6.

For the reasons explained here and in Plaintiffs' memorandum, Plaintiffs respectfully request that the Court grant this motion. Specifically, Plaintiffs request that the Court: compel the Watson Defendants to produce within 11 days all documents within their possession, custody or control related to their advice of counsel defense, as well as a revised privilege log with descriptions sufficient to assess the relationship between the withheld documents and the subject matter of the defense.

Dated: September 23, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.
Fort Collins, CO 80525

Casey Kirschner
635 N. Alvarado Lane
Plymouth, MN 55447
By email: casey.kirschner@gmail.com

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*