IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br> Interpleader Defendants, and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC. <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**MOTION OF THE RECEIVER FOR ENTRY OF ORDER APPROVING SALE OF
<u>INTEREST IN 1221 BROADWAY OFFICE CONDOMINIUM</u>**

1

Mark A. Roberts (the "Receiver"), as receiver of WDC Holdings LLC dba Northstar Commercial Partners LLC ("WDC"), R. Brian Watson ("Mr. Watson" and collectively with WDC, the "Watson Defendants"), and their respective assets, respectfully moves this Court for entry of an order approving the Receiver's proposed sale of a five percent (5%) tenant-in-common interest in an office condominium located at 1221 Broadway in Denver, Colorado, which is owned by an indirect subsidiary of the Watson Defendants, and in support thereof, states as follows:

## Background

1. On November 23, 2021, this Court appointed the Receiver pursuant to the *Order Appointing Receiver and Ordering Turnover of Property to the Receiver* [Dkt. 433] (the "Receivership Order"). After his appointment, the Receiver has been actively identifying, administering, and, where appropriate, seeking to realize value from the Assets (as defined in the Receivership Order) for purposes of fulfilling the Receiver's role under the Receivership Order.

2. NCP 1221 Broadway, LLC ("NCP 1221 Broadway") is a Colorado limited liability company that is wholly owned by PLW Capital I, LLC ("PLW Capital"). Mr. Watson and his ex-wife, Patricia Watson, are each 50% members in PLW Capital.

3. Mr. Watson is the sole manager of NCP 1221 Broadway. Pursuant to, *inter alia*, Paragraph 8 of the Receivership Order, the Receiver is exclusively vested with all of Mr. Watson's rights and powers to act on behalf of any other entity (including as an officer, director, manager, or equity holder). Accordingly, the Receiver is vested with Mr. Watson's rights as indirect half-owner and manager of NCP 1221 Broadway.

4. NCP 1221 Broadway's sole asset is a five percent (5%) tenant-in-common interest (together with related personal property, the "1221 Broadway Interest") in an office condominium (the "Property") located at 1221 Broadway, Denver, Colorado, 80203. Ever Beauty, LLC ("Ever

Beauty"), which is not affiliated with the Watson Defendants, owns the remaining ninety-five percent (95%) tenant-in-common interest in the Property. The respective ownership interests of NCP 1221 Broadway and Ever Beauty (together, the "Co-Owners") in the Property are delineated in that certain Limited Co-Ownership Agreement (the "TIC Agreement"), dated as of January 31, 2018.

5. To acquire the Property, the Co-Owners obtained a loan from Guaranty Bank and Trust Company in the amount of $11,115,000 (the "Loan") pursuant to a Loan Agreement (the "Loan Agreement") dated as of January 31, 2018. The Loan was subsequently transferred from the original lender to Independent Bank, the current lender (the "Lender"). The Loan is secured by a first lien on the Property in favor of the Lender, as evidenced by a deed of trust.

6. Mr. Watson individually guaranteed up to $5,557,500 of the Loan (the "Guaranty").

7. Under the terms of the Loan Agreement, the appointment of a receiver for Mr. Watson constitutes an event of default under the Loan. Pursuant to the Loan Agreement, an event of default generally entitles the Lender to exercise certain remedies, including, without limitation, accrual of default rate interest, acceleration of the indebtedness thereunder, and foreclosure of the Property. The Lender's exercise of such remedies would significantly reduce any value that might be recovered from the 1221 Broadway Interest.

8. In light of the Loan default and the economic conditions affecting the commercial real estate market, including rising interest rates, the Receiver concluded that a sale of the 1221 Broadway Interest would best maximize the value of such interest in accordance with the Receivership Order.

9. Given the unique relationship between the Co-Owners pursuant to the TIC Agreement and the nature of the property interest, however, no readily available market for the

1221 Broadway Interest reasonably exists, other than Ever Beauty (the existing 95% owner of the Property).

10. Accordingly, the Receiver engaged in substantial negotiations with Ever Beauty regarding a potential sale of the 1221 Broadway Interest. These negotiations primarily centered around the appropriate value of the 1221 Broadway Interest in light of the appraised value of the Property, the nature of the tenant-in-common interest, hypothetical costs associated with any disposition of the Property, the continuing Loan defaults, the prospective management rights of Mr. Watson under the TIC Agreement, and certain other negotiated items.

11. On or about September 19, 2022, the Receiver finalized and executed an agreement (the "Sale Agreement") to consummate the transaction for NCP 1221 Broadway to sell the 1221 Broadway Interest to Ever Beauty at a purchase price of $700,000 (the "Transaction"). *See* Decl. of Mark A. Roberts filed herewith. Of this purchase price, approximately $50,000 is attributable to certain management rights of Northstar Commercial Partners Management, LLC ("NCP Management"), which rights Ever Beauty has required be terminated as of closing. As a condition of closing the Transaction, Ever Beauty will cause the Lender to provide a release of Mr. Watson's personal liability under the Guaranty of the presently defaulted Loan, thereby avoiding material liability.

12. Upon consummation of the Transaction, the Receiver proposes to distribute the proceeds of the sale, after payment of $50,000 to NCP Management and net of reasonable fees incurred on behalf of NCP 1221 Broadway (not to exceed 10% of the proceeds), to PLW Capital, the sole member of NCP 1221 Broadway, subject to any appropriate reserves. PLW Capital, in turn, will distribute these net proceeds to its two 50% members, Mr. Watson (subject to the Receivership Order) and Patricia Watson, as required by its operating agreement.

13. The Receivership Order authorizes the Receiver:

> [T]o take any actions he deems necessary to the proper and lawful discharge of his responsibilities under this order and the conduct of Defendants, including the following:
>
> . . .
>
> i. Sell publicly traded securities and sell other Assets to generate cash available to fund the escrow account or secure a bond in compliance with the Injunction (or to pledge securities and other Assets to secure such bond), provided that any sales or pledge of Assets valued at more than $50,000 at the time of same other than publicly traded securities shall be completed only after notice to Defendants and Amazon and either: (i) consent of all such parties, or (ii) approval by this Court;

Receivership Order, ¶ 5.i.

14. Accordingly, under Paragraph 5.i of the Receivership Order, the Receiver may sell Assets with either consent of all relevant parties, including Mr. Watson, or upon approval of the Court.[1]

15. Notwithstanding the absence of any other available means of preserving or realizing the value of the 1221 Broadway Interest under the circumstances, Mr. Watson has refused to consent to the Transaction.

16. In light of Mr. Watson's refusal to consent, the Receiver included a closing condition in the Sale Agreement requiring approval of the Transaction by this Court prior to consummation of the Transaction. Under to the Sale Agreement, the closing of the Transaction (after satisfaction or waiver of all closing conditions, including this Court's approval) must occur within 60 days after the date upon which both parties have signed the Sale Agreement.

---

[1] Assets such as the 1221 Broadway Interest that are controlled by the Receiver but owned only indirectly through other entities, including through trusts or single purpose entities that are not themselves the subject of receivership, are not properties in the Receiver's "possession" for purposes of 28 U.S.C. § 2001. For that reason, subject to satisfaction of the separate requirements in the Receivership Order relating to asset sales, the Receiver does not seek approval under 28 U.S.C. § 2001.

**Relief Requested and Basis for Relief**

17. The Receiver has concluded that: (i) the purchase price appropriately reflects the value of the 1221 Broadway Interest, (ii) no other reasonably available means exist for preserving and/or realizing the value of the 1221 Broadway Interest under the circumstances, and (iii) the Transaction is in the best interests of the receivership. The Receiver has determined that the terms of the Transaction are reasonable and appropriate in light of the value of the Property, the continuing defaults under the Loan, and the benefits associated with obtaining a release of Mr. Watson's personal liability under the Guaranty. Consummation of the Transaction would thus further the Receiver's goal of preserving and realizing value from Assets in accordance with the Receivership Order.

18. Accordingly, by this motion, the Receiver respectfully requests that the Court enter an order (i) approving and confirming the Transaction, and (ii) authorizing the Receiver to cause proceeds of the Transaction, after payment of $50,000 to NCP Management and net of reasonable fees of NCP 1221 Broadway (not to exceed 10% of the proceeds), to be distributed from NCP 1221 Broadway to PLW Capital, and then from PLW Capital to its members, Patricia Watson and Mr. Watson (subject to the Receivership Order) as required by its operating agreement, subject to any appropriate reserves.

19. Counsel to the Receiver has been advised that the Plaintiffs and Patricia Watson do not oppose the relief sought in this motion. Counsel to the Receiver has conferred by telephone with counsel for the Watson Defendants in a good-faith effort to narrow the area of disagreement between the parties, but the parties were not able to reach agreement. The Receiver understands the Watson Defendants do not consent to the relief sought in the motion.

20. Through service of this motion on the parties set forth on the Certificate of Service

attached hereto, the Receiver has provided notice to Watson Defendants, Patricia Watson, and Plaintiffs.

## Waiver of Memorandum and Points of Authorities

21.     The Receiver respectfully requests that the Court treat this motion as a written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the Receiver relies or waive any requirement that this motion be accompanied by a separate brief as described in Local Rule 7(F).

WHEREFORE, the Receiver respectfully requests that the Court enter an Order substantially in the form filed herewith approving and confirming the Receiver's sale of the 1221 Broadway Interest and distribution of related proceeds on the terms set forth herein.

Dated: September 23, 2022

Respectfully submitted,

/s/ *Aaron G. McCollough*
Aaron G. McCollough (VSB 72146)
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Tel.: (312) 849-8256
Fax: (312) 698-4522
amccollough@mcguirewoods.com

Joseph S. Sheerin (VSB 47400)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
Tel.: (804) 775-1135
Fax: (804) 698-2076
*Attorneys for the Receiver*

**Certificate of Service**

I HEREBY CERTIFY that, on September 23, 2022, I caused the *Motion of the Receiver for Entry of Order Approving Sale of Interest in 1221 Broadway Office Condominium* to be electronically filed and served using the CM/ECF System, which will transmit a Notice of Electronic Filing to counsel of record. Additionally, the document and notification of filing will be sent via electronic mail where possible and as indicated below:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.
Fort Collins, CO 80525

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Patricia Watson
10718 Bluffside Drive
Lone Tree, Colorado 80124

      /s/ *Aaron G. McCollough*
      Aaron G. McCollough