**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

AMAZON.COM and AMAZON DATA
SERVICES, INC.,

                    Plaintiffs,

     v.

WDC HOLDINGS LLC dba NORTHSTAR  COMMERCIAL
PARTNERS, et al.
                 Defendants.

800 HOYT LLC,

               Intervening Interpleader
               Plaintiff / Intervening Interpleader
               Counter -
               Defendant,

     v.

BRIAN WATSON; WDC HOLDINGS LLC;
BW HOLDINGS, LLC,

               Interpleader Defendants,

   and

AMAZON.COM, et al.

               Interpleader Defendants /
               Interpleader Counter-Plaintiffs.

Civil Action No. 1:20-CV-484-RDA-TCB

**WATSON DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF REVISED PRIVILEGE LOG AND
DOCUMENTS SUBJECT TO PRIVILEGE WAIVER**

Defendants WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Brian

Watson ("Mr. Watson"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative

Manager, and BW Holdings, LLC (collectively, the "Watson Defendants"), by and through undersigned counsel, hereby file their Response to Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (together, "Amazon's" or "Plaintiffs'") Motion to Compel Production of Revised Privilege Log and Documents Subject to Privilege Waiver and states as follows:

## I.    INTRODUCTION

Amazon's motion to compel production of documents and revised privilege log is premature, moot, and a waste of the Court's time and the parties' time and resources. Plaintiffs have had the Watson Defendants' privilege log since July 2021 and have known of the Watson Defendants' advice of counsel defense since the Plaintiffs decided to amend their complaint for a third time, asserting additional facts which necessitated the Watson Defendants' apparently surprising advice of counsel defense. Since Plaintiffs raised their present concerns just days before the close of discovery, the Watson Defendants have been working in good faith to ensure that they have met their discovery obligations and have been in prompt and consistent communication with Amazon to work through potential privilege issues without the Court's involvement. Indeed, the Watson Defendants proposed a supplemental review of all privileged and potentially privileged documents, including those noted on the privilege log, to ensure the Plaintiffs have all documents to which they are entitled and a privilege log that meets their strict standards. The Plaintiffs did not object to this approach. However, rather than continue what had been amicable and fruitful communications regarding the timing and extent of the Watson Defendants' supplemental document review and subsequent revised privilege log, Amazon chose to file this unnecessary motion without first conferring with the Watson Defendants. The Watson Defendants served a revised privilege log and supplemental production of documents today in accordance with their

discovery obligations. Because the Watson Defendants are fulfilling their discovery obligations in a timely and reasonable manner which has been communicated with Amazon, Plaintiffs' Motion should be denied.

## II.   BACKGROUND

 In May 2022 Amazon filed its Third Amended Complaint, adding several new parties and significantly amending the allegations against the defendants. Dkt. 756. In its Answer to the Third Amended Complaint the Watson Defendants asserted the affirmative defense of advice of counsel. Dkt. 843. Counsel for the Watson Defendants made clear, through multiple telephone conferences and email communications with opposing counsel, that this affirmative defense is limited to the White Peaks claims—that is, the Watson Defendants assert that they were acting on advice of counsel when Northstar pursued legal action against Kyle Ramstetter and Will Camenson and eventually settled the matter for $5 million. (See Ex. A, E. Papez email). The attorneys who provided this advice are employed at the same firm as the Watson Defendants' current counsel, but had limited to no involvement in the Watson Defendants' dealings with Amazon or the instant litigation. Attorneys Lisa Hogan and Robert Kaufmann have submitted interrogatory responses and agreed to sit for deposition, and neither has asserted privilege regarding their work for Watson on the White Peaks transaction or any sufficiently related topics. (See Ex. B, Supp. Rog. Response).

 Additionally, in July of 2021, the Watson Defendants produced to Plaintiffs complete digital images of the Watson Defendants' electronics including work laptops and Mr. Watson's cellphone. (Ex. C S. Garnett email). In doing so, the Watson Defendants waived all privilege regarding

documents created prior to April 1, 2020. *Id*. The production of all documents previously identified as privileged mooted Amazon's concerns regarding the sufficiency of the Watson Defendants' privilege log with regard to emails dated prior to April 1, 2020, and in the 14 months since this production, Amazon failed to pursue and resolve its claims of alleged deficiencies with the Watson Defendants' privilege log until last week, well after the close of discovery.

On August 15, 2022,  just 11 days prior to the close of fact discovery, Plaintiff reached out to the Watson Defendants regarding depositions of Kaufmann and Hogan. (Ex. A). The Watson Defendants worked with Amazon to ensure that Amazon could conduct discovery on these issues despite the rapidly approaching deadline, agreeing to answer interrogatories and not object to depositions even though subpoenas were not served in accordance with L.R. 30(H) before the discovery cutoff. Dkt. 1042-1 at 1. Kaufmann and Hogan answered interrogatories served by Amazon on September 14, 2022 and submitted supplemental responses on September 22, 2022, addressing concerns Plaintiffs raised in a phone call. Amazon then asserted that the depositions of outside counsel would still be necessary, and the Watson Defendants agreed to make Mr. Kaufmann and Ms. Hogan available. *See* Dkt. 1042-6. Additionally, the Watson Defendants confirmed production of all pre-April 1, 2020 documents previously logged as privileged by July 2021, and informed Amazon that they are undertaking a supplemental review of documents and would provide an updated privilege log and production pending the results of that review, explaining that "once our supplemental review is complete, we will be in a better position to provide a response as to which post April 1, 2020 documents will be withheld as privileged and why." *Id.* On September 22, 2022 Amazon responded that they "look forward to progressing" and had "just a couple of quick follow-ups." *Id.* In this message, Amazon raised for the first time specific concerns regarding the Watson Defendants' privilege log and stated that they "cannot

agree" to the Watson Defendants' statement that they would serve an updated privilege log with any supplemental production. *Id.* Without waiting for a reply or further elaborating their expectations, Amazon abruptly filed this motion just one day after sending their last email.

Amazon did not attempt to contact Watson Defendants via phone or email, did not identify in their final email what solution would be acceptable, and did not inform Watson Defendants of its intent to seek relief from the Court.

Despite devoting significant time and resources responding to this unnecessary motion, the Watson Defendants continued to work on their supplemental review and served a supplemental production and updated privilege log on September 28, 2022. The Watson Defendants remain committed to addressing any remaining issues Plaintiffs may raise outside of Court, particularly now that discovery has been closed for over a month.

### III.   <u>LEGAL STANDARD</u>

FRCP 37(a) and Local Civil Rule 37(A) allow a party to file a motion to compel if "a discovery request is objected to, or not complied with, within time, and if not otherwise resolved." Local Civil Rule 37(A). The Local rules require that:

> Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy. The Court **will not consider** any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue.

Local Civil Rule 37(E) (emphasis added).

Similarly, FRCP 37 states that [t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). Further, the Court also requires a motion to compel to be filed before the fact discovery cutoff. *See GMS Indus. Supply, Inc. v. G&S Supply, LLC*, No. 2:19CV324, 2021 WL 8742083, at *1 (E.D. Va. May 14, 2021) ("The Court will not reach the merits of Plaintiff's motion because it is plainly untimely... Pursuant to that Order, any motion to compel discovery was required to be filed 'pursuant to an agreed briefing schedule that provides sufficient time for the Court to rule on the motion before the deadline for the completion of the discovery[.]").

## IV.   ARGUMENT

 Plaintiff's motion must be dismissed as untimely and because Plaintiffs failed to confer with the Watson Defendants or make a good faith effort to resolve this issue outside of Court and because the Watson Defendants have not opposed or otherwise failed to timely respond to Amazon's requests. In addition to these fatal procedural errors, Plaintiffs' motion fails because it is moot— Defendants have waived the privilege that Plaintiffs argue and provided Amazon with all of the Watson Defendants' documents from the relevant time period, had counsel answer interrogatories propounded by Amazon, and agreed to make its attorneys available for deposition.

*See* Dkts. 1042-6, 1042-1. To the extent that the Watson Defendants' advice of counsel defense required the disclosure of additional information, the Watson Defendants informed Plaintiffs they would complete a supplemental search and production of documents in order to ensure that they have met all applicable discovery obligations. Dkt. 1042-6. At the conclusion of this review, the Watson Defendants indicated they would update their privilege log as necessary. *Id.* The Watson Defendants have since completed their review and served a supplemental production of documents and an updated privilege log on Plaintiffs. If Plaintiffs still believe the production or privilege log

to be deficient those issues should be addressed by the parties outside of this Court. The Watson Defendants' approach was reasonable to avoid inefficiency and duplication of work and did not prejudice Plaintiffs because they already have the bulk of any relevant documents and the supplemental review has already been completed, well before the as-yet unscheduled depositions of Mr. Kauffman and Ms. Hogan.

The Watson Defendants made clear to Amazon that their supplemental production and review were imminently forthcoming and never objected to or indicated that they would not comply with Amazon's requests. The Watson Defendants are confused by Amazon's abrupt and unannounced decision to file the instant motion and believe it to be wholly unnecessary and a waste of valuable time and resources.

**A.      Amazon's Motion Must Be Denied Because It Is Procedurally Deficient.**

First and foremost, this motion, filed almost a week after the close of discovery, is untimely. Secondly, the motion must be denied because Plaintiffs have failed to confer with the Watson Defendants and have not included in the motion the required certificate of conferral or statement of good faith effort to resolve this issue outside of court. *See* Dkt. 1029. Because of this omission, the Court cannot consider the motion. Local Rule 37(E) ("The Court **will not consider** any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue.") (emphasis added). Further, Plaintiffs have not identified what discovery requests the Watson Defendants have failed to comply with as the Watson Defendants have thus far agreed to every request made by Amazon regarding privileged materials and are working to promptly ensure full compliance.

The requirements of FRCP 37 and Local Rule 37 are intended precisely for situations such as this, where the allegedly non-responsive party is, in fact, responsive and willing to work with the requesting party to solve discovery disputes without judicial intervention and no deadlock has been reached. As far as the Watson Defendants were aware, the parties had been working amicably and swiftly to address and resolve Amazon's concerns regarding privileged documents in light of the assertion of a limited advice of counsel defense. As the emails between counsel demonstrate, the parties were working together to resolve these issues right up until Amazon abruptly decided to cease communications and file this motion without warning. *See* Dkt. 1042-1, 1042-6.

**B.      All Discoverable Information Has Been Produced.**

However, even if this motion were not improperly filed under the local and federal rules, the issues and relief requested by Amazon are moot because the Watson Defendants have already provided a supplemental production and updated privilege log. All discoverable information has been produced.

However, even prior to completion of the supplemental review, it was clear that the Watson Defendants acted in good faith and complied with their discovery and disclosure obligations. The Watson Defendants already produced and waived privilege on all known documents created prior to April 1, 2020.[1] Because the advice of counsel defense only relates to advice given in that same time frame, Amazon has no basis to assert that the Watson Defendants are improperly withholding discoverable information. In order to ensure that the Watson Defendants are meeting their obligations and in response to concerns raised by Amazon just last week, Watson Defendants agreed to conduct a supplementary review and, if necessary, produce an additional production and

---

[1] During their supplemental review, the Watson Defendants identified several pre-April 1, 2020 documents that were not previously produced due to a technical error. Those documents were subsequently produced on September 28, 2022.

privilege log. Dkt. 1042-6. As communicated to Amazon the day before Plaintiffs filed this motion,

the Watson Defendants were in the process of finalizing this supplementary review and production.

*See id*. In fact, had counsel not been forced to turn away from that project in order to respond to

this motion, such a production and any necessary accompanying privilege log would have been

produced earlier this week. As it stands, the Watson Defendants served their supplemental

production and updated privilege log on September 28, 2022, rendering the issue moot.

**C.**     **The Watson Defendants Have Not Waived Additional Privilege Beyond the Scope of
Advice of Counsel as Articulated, and Are Taking Appropriate Steps to Ensure
Their Privilege Log Is Accurate and Complete.**

Amazon's claim that the Watson Defendants' privilege log is "entirely deficient under Rule 26"

is patently incorrect. *See* Dkt. 1043 at 9. First, in regard to documents predating April 1, 2020, the

Watson Defendants have no obligations under Rule 26(b)(5) because no such documents were

withheld as privileged. Second, the log is not outdated; the Watson Defendants have simply not

withheld additional documents on privilege grounds since December 2020 apart from those the

parties agreed not to log.[2] Lastly, to the extent the Watson Defendants were required to update

their log to include more specific information regarding documents withheld in light of the advice

of counsel defense, they have already done so.

Amazon has chosen to raise these issues in bad faith, in an untimely manner, and without first

attempting to resolve the problem with the Watson Defendants. Amazon has failed to pursue and

resolve its apparent issues and concerns regarding the Watson Defendants' privilege log since July

2021, and at that time the Watson Defendants agreed to waive privilege on all pre-April 1,

---

[2] "No party will be required to log any communications between a party and its counsel made in relation to this
litigation if such documents were generated on or after December 2, 2019." Docket 449.

2020 documents alleged to be improperly logged, resolving those concerns. (See Ex. C and Dkt. 304).

1. *The Watson Defendants Are Not Obligated to Provide an Updated Privilege Log for Documents Preceding April 1, 2020.*

The privilege log requirements of the Federal Rules of Civil Procedure only apply "when a party withholds information otherwise discoverable by claiming that the information is

privileged." Fed. R. Civ. P. 26(b)(5). When a party withholds such information, it must (1) expressly state the claim of privilege and (2) describe the nature of the information. As of July 2021, the Watson Defendants were not withholding as privileged any documents dated prior to April 1, 2020, and thus have no obligation to create, update, or modify any log including such documents. Production of the documents was sufficient, and Plaintiffs have not identified any rule or case imposing privilege log obligations where no privilege is asserted.[3]

2. *The Watson Defendants Advice of Counsel Defense Does Not Waive Privilege for Documents Created After April 1, 2020.*

The advice of counsel defense has no effect on privileged information created after April 1, 2020. The Watson Defendants are asserting that they relied on advice of counsel in deciding to pursue legal action against Will Camenson and Kyle Ramstetter when those two individuals went behind Northstar's back and usurped a corporate opportunity to complete the White Peaks transaction in

---

[3] Additionally, Plaintiffs' complaint that they cannot confirm what documents have been produced because the production is not bates stamped reflects a total lack of comprehension of this Court's orders and the history of this case. In July 2021, this Court ordered that Watson Defendants produce all privileged documents predating April 1, 2020. Dkt. 304. The Watson Defendants produced all such documents. Separately, the Court ordered the Watson Defendants to provide Amazon full forensic images (prepared by a third party) of Brian Watson's computers and phone. Dkt, 302; (Ex. C). Any documents that Amazon has obtained from those forensic images were created by Amazon, NOT Watson, and so could not possibly have been bates stamped by Watson. Because the information was extracted directly by Amazon, it is them, not Watson who has an obligation to bates stamp and produce them. Watson has bates stamped every document it has produced.

September 2019. *See* Dkt. 815 ¶¶ 231-232. Additionally, this advice extended to a review of the Villanova Trust agreement in the same time frame. (*See* Ex. B). This advice was for the purpose of advising Mr. Watson on a discrete issue that arose during the White Peaks settlement negotiations in fall 2019, prior to and separate from the litigation at issue. Even accepting Amazon's broad statement of issues covered by the advice of counsel, none of the subject matter or issues identified by Amazon extends past the start of the instant litigation in April

2020. Dkt. 1043 at 2. Waiving privilege in regard to a discrete issue limited by time, subject, and participant, simply does not amount to a wholesale waiver of privilege regarding trial strategy, advice, and preparation.

> 3. *The Watson Defendants Reviewed Their Privilege Log in Light of Their Advice of Counsel Defense.*

To the extent that the assertion of the advice of counsel defense necessitated additional detail in the privilege log in order to allow Amazon to assess whether documents remain privileged, the Watson Defendants reviewed and updated the log, serving it on Plaintiffs on September 28, 2022. Dkt. 1042-6 ("Once our supplemental review is complete, we will be in a better position to provide a response as to which post April 1, 2020 documents will be withheld as privileged and why."). This timeframe was communicated to Amazon's counsel the day before they filed this motion to compel. *Id.* While Amazon responded that they "cannot agree to that[,]" they did not provide an acceptable time frame or attempt to compromise or resolve the issue, and immediately filed this motion instead. *Id.*

The Watson Defendants simply do not have unlimited resources to respond to Amazon's interrogatories, complete a supplemental document review, prepare the witnesses for deposition,

and update a privilege log simultaneously. Filing a motion to compel does not change this reality, and it is unclear to the Watson Defendants why a motion for an order requiring production within 11 days was a better or more efficient solution than the Watson Defendant's statement that they would provide an updated privilege log and response following the completion of the supplemental document review within one week. Amazon failed to identify which of its requests the Watson Defendants objected to or refused to comply with. Plaintiffs are seemingly upset that the Watson Defendants could not comply with Plaintiffs' requests instantaneously. However, Amazon has also failed to provide any evidence or allegations that it was been prejudiced by the Watson Defendants' supplemental review approach, particularly since all pre-April 1, 2020 documents logged as privileged were produced to Amazon over one year ago.

## V.   <u>CONCLUSION</u>

For the above reasons, the Watson Defendants respectfully ask that this Court deny or refuse to consider the improperly filed Motion to Compel. Filing such a motion when the parties are cooperating and working toward a solution outside of the Court is unnecessary, wasteful and should not be entertained. Similarly, concerns regarding the scope of waiver of privilege were not appropriately raised and cannot be appropriately addressed at this time.

* * * * *

Dated: September 28, 2022

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Stanley L. Garnett*

_____

Stanley L. Garnett (pro hac vice)
Amanda K. Houseal (pro hac vice)
Sara R. Bodner (pro hac vice)
Leah Regan-Smith (pro hac vice)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100 Facsimile:
(303) 223-1111 sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregan-smith@bhfs.com

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (pro hac vice)
James Trusty (pro hac vice)
IFRAH PLLC
1717 Penn. Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140 Facsimile:
(202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

13