# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC,<br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC,<br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant,<br><br>  v.<br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC,<br><br>    Interpleader Defendants,<br>  and<br><br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC.,<br>    Interpleader Defendants,<br>    Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO
COMPEL PRODUCTION OF REVISED PRIVILEGE LOG AND
<u>DOCUMENTS SUBJECT TO PRIVILEGE WAIVER</u>**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") hereby respectfully reply to the Watson Defendants'[1] opposition, Dkt. 1046 ("Opp.") to Amazon's motion to compel outstanding document discovery and a revised privilege log, Dkt. 1029; *see also* Dkt. 1041 ("Mot.").

**INTRODUCTION**

Defendants' opposition confirms that Amazon's motion was necessary because Defendants still have not "fulfill[ed] their discovery obligations." Opp. 2–3. The obligations here concern the production of documents and testimony over which Defendants waived privilege by asserting an advice-of-counsel defense this summer. Defendants do not dispute that this defense waived privilege on "'all advice on the pertinent topic,'" and that their "[s]elective disclosure" of this advice "waive[d] the privilege" as to "all other communications relating to the same subject matter." Mot. 1 (citing authorities). They also do not dispute that since early August, Amazon has asked them to clarify the scope of their defense and produce related discovery. *Id.* at 3, Reply Ex. 5 at 7–8.[2] They instead suggest that Amazon has all the information it needs because Rob Kaufmann and Lisa Hogan—the two Brownstein partners whose advice Watson Defendants have placed in issue—have answered interrogatories that Amazon served on them after the Watson Defendants' depositions failed to address Amazon's questions about the advice-of-counsel assertion. Opp. 3–6. But their responses raised more questions than they answered. And both they and the Watson Defendants have placed artificial time and semantic limits on the subject matter of the advice in

---

[1] Unless otherwise noted, references to "Defendants" or "Watson Defendants" include Brian Watson, WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager.

[2] Exhibits attached to the declaration in support of this reply are referred to as "Reply Ex. __," while exhibits that were attached to the declaration in support of Amazon's motion are referred to as "Ex. __."

1

order to allow the Watson Defendants to withhold relevant documents as privileged. *See* Mot. 4–7. That is not how subject matter waiver works. *See, e.g.*, *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982); *see also* Mot. 2–6. And the parties' dispute on this issue crystallized last week when Ms. Hogan and Mr. Kaufmann served supplemental interrogatory responses that remained deficient, and Defendants refused to commit to serving an updated privilege log or documents. *See* Mot. 6–7.

The email and phone conferences that led to this impasse satisfy Local Rule 37, and confirm that Amazon's motion was in no way "premature" or "a waste of the Court's time." Opp. 2. It was only *after* Amazon filed the motion that Defendants produced thousands of pre-April 2020 documents and served a revised privilege log.[3] Opp. 2. And although Defendants claim that the these materials moot the parties' dispute, *id.* at 8, the production and revised privilege log in fact simply confirm that Defendants continue to rely on artificial time and semantic limits to withhold information covered by their advice-of-counsel waiver. *See* Mot. 8–16; Reply Ex. 1. For example, the revised log lists many documents and communications with Mr. Kaufmann, one of the attorneys who rendered the advice. Reply Ex. 1 at 1–10. Defendants disclosed Mr. Kaufmann and Ms. Hogan as possible trial witnesses, Reply Ex. 8, and agreed Amazon can depose them next month. Ex. 5 at 1. But Defendants continue to withhold documents that appear to address subjects covered by their counsel's advice "on the White Peaks transaction," Opp. 2, in which Kyle Ramstetter addressed Watson's role in the kickback scheme, and on "the Villanova Trust agreement" the Defendants used to facilitate those kickbacks, Opp. 10–11; *see, e.g.*, Reply Ex. 1 at 1–3, 8–10; *see also* Mot. 2–3, 10–14. If Defendants' position is that these defenses do not encompass advice on

---

[3] Defendants have provided scant detail of the production, its contents, whose documents it includes, and whether those documents were previously produced. Amazon is nevertheless endeavoring to review this voluminous production before the hearing on Monday in an effort to focus any discussion of the remaining deficiencies.

2

the kickback allegations, then they cannot claim advice of counsel on the propriety of those payments. If Defendants want to assert that their payments to the Villanova Trust were covered by advice of counsel, they must produce discovery on the underlying advice. They cannot have their cake and eat it too.

Defendants' opposition confirms that the dispute over this discovery is ripe for decision. Defendants continue to withhold the above and other documents on the ground that their advice-of-counsel defense "only relates to" a "time frame" (pre-April 1, 2020) for which they have already produced all privileged documents, Opp. 8, and "has no effect on privileged information created after April 1, 2020," *id*. at 10. But these self-serving statements do not satisfy Defendants' legal obligation to substantiate their privilege claims. *See generally RLI Ins. Co. v. Conseco, Inc*., 477 F. Supp. 2d 741, 750 (E.D. Va. 2007); Fed. R. Civ. P. 26(b)(5). As a matter of law, their advice-of-counsel defense and related selective disclosures waived privilege on all documents addressing the subject matter of that advice and those disclosures, *see* Mot. 7, 10–15, regardless of when the documents were "generated," Opp. 9 at n.2 (citing a logging protocol at Dkt. 449, which predated the Watson Defendants' advice-of-counsel defense and which also required that privilege assertions be substantiated using "sufficient facts"). Their opposition does not cite a single case to the contrary. And their own documents belie the claim that "none of the subject matter or issues" covered by their advice-of-counsel defense "extends past the start of the instant litigation in April 2020." Opp. 11. That advice necessarily addressed key aspects of Defendants' participation in the kickback scheme. Mot. 2, 10–15. And the Brownstein attorneys who gave the advice directed Watson to, among other things, make the recording that was later transcribed and filed with this Court without inculpatory references that were apparent in the original audio. Ex. 3 at 22; Dkt. 99 at 9 & n.6. For these and other reasons, the subject matter of the advice is broader in time and

3

scope than Defendants assert. And Defendants' efforts to limit the privilege waiver that accompanies their advice-of-counsel defense are artificial, squarely refuted by the record, and insufficient as a matter of law. *See* Mot. 7–15.

It is important to resolve these issues before Amazon deposes the counsel Defendants agreed to make available in October, and also to enable the Court to assess the scope and validity of Defendants' new advice-of-counsel claim. Amazon thus respectfully requests that the Court issue an order: (i) confirming that the combination of Defendants' advice-of-counsel defense and selective disclosure of attorney-client communications waived privilege over the subject matter of such advice and communications, regardless when the advice or communications were "generated"; and (ii) requiring Defendants to produce by Friday, October 7 any additional documents and a further revised log detailing why the withheld documents fall outside the scope of the foregoing privilege waivers.

**ARGUMENT**

**I.     AMAZON'S MOTION IS PROPER, TIMELY, AND RIPE FOR DECISION**

Amazon's motion is correct on the merits, so Defendants spend pages attacking it as "procedurally deficient."[4] Opp. 7. They start by claiming that the motion is both "premature" *and* "moot" because it sought to compel discovery Defendants were planning to provide, and have now provided. Opp. 2, 6. They are wrong on both counts. Amazon filed the motion after Defendants played weeks of word games about the scope of their advice-of-counsel defense and associated privilege waiver. The motion was not premature, because it prompted Defendants to produce thousands of documents, an unspecified number of which were previously withheld, Opp. 8 & n.1,

---

[4] Defendants' assertions about procedure are particularly ironic given that their opposition to Amazon's motion is itself procedurally deficient, having been filed more than six hours too late without any stated excuse or justification, *see* Dkt. 1048, which in and of itself could be grounds for granting Amazon's motion.

4

as well as a revised privilege log that shows they continue to withhold responsive documents based on a legally erroneous view of subject matter waiver. Reply Ex. 1. That log confirms the motion is not "moot." *Id.* And Defendants' contrary arguments, Opp. 8–10, are a sleight of hand. They say the motion is moot because they produced everything the law requires. But this argument begs the very question the motion presents: whether Defendants' advice-of-counsel waiver extends beyond the documents they have already produced predating April 1, 2020. *See id.* Defendants' gamesmanship on this question is the same tactic that prompted the Court's prior Rule 37 orders and discovery sanctions against Defendants.[5]

### A.   Amazon's Motion Is Procedurally Proper

In an effort to dodge the substance of Amazon's motion, Defendants argue that Amazon "failed to confer with [them] or make a good faith effort to resolve" the advice-of-counsel dispute "outside of Court" under Local Rule 37. Opp. 6–8. The record and both parties' filings belie this claim. Mot. 1, 4–7; Opp. 4–5. Amazon conferred telephonically and via email with Defendants for weeks of "extensive negotiation" before reaching the "impasse" documented in its motion and exhibits. *See* Mot. 1, 4–7 & Exs. 1, 5–6. These conferrals fully satisfy Local Rule 37(E), and accord with prior filings by both Amazon and Defendants in this case. *See, e.g.*, Dkt. 954 at 4–7 (discussing conferrals and citing correspondence); Dkt. 827 (defense motion simply noting that the parties had conferred); *see also, e.g.*, Dkts. 496, 603, 723.

---

[5] The July 2021 production of "complete digital images" Defendants cite, Opp. 3, is a good example. That production was not voluntary. Defendants avoided it for months by claiming they had produced all responsive information from devices returned by the FBI, and that any remaining information on the devices consisted of baby pictures and other irrelevant material. *See* Dkt. 326-3 at 20:18–20. But the Court correctly refused to take their word for it, and ordered them to produce the remaining images with no privilege as a sanction for their discovery delays. Dkt. 302. The resulting production contained a gold mine of documents that detail Defendants' role in the kickback scheme and directly contradict sworn statements Watson has made to this Court as recently as April of this year, as Amazon will address further with the Court in due course.

### B.  Amazon's Motion Is Timely

Defendants' argument that Amazon's motion is "untimely," Opp. 2–7, is also legally and factually unsupported. To start, Defendants did not raise their advice-of-counsel defense in their June 6 answer to Amazon's current complaint. *See* Opp. 3; Dkt. 815. They instead buried the defense, which they admit waives privilege over the subject matter of the claimed advice, *see* Opp. 3, in a single line of a supplemental answer they filed several weeks later. Dkt. 843. They then failed to amend their privilege log or produce any new documents covered by the waiver, even though Amazon expressly inquired about the scope of the new defense prior to Defendants' depositions in August. Mot. 3–4 & Ex. 5. In response to those inquiries, counsel obfuscated. Counsel stated, for example, that the new defense was "limited to the White Peaks Settlement." Dkt. 1046-2, at 2. But Defendants' own testimony and (incomplete) document productions showed otherwise. Mot. 2–4. Notably, several documents show that Brownstein's advice on the White Peaks mediation addressed Kyle Ramstetter's claim that Watson participated in the kickback scheme at issue in this case. *See, e.g.*, Exs. 2, 9. And other documents and deposition testimony reference advice (and communications with defendant Rodney Atherton) about Watson's efforts to rescind the Villanova Trust agreement that served as the primary conduit for the kickbacks on over $400 million of Amazon lease transactions. *See* Exs. 4, 7; *see also* Mot. 2–7.

Amazon timely asked Defendants about the scope and subject matter of this advice-of-counsel in the weeks after they raised the defense. Mot. 3–4 & n.2. But when Amazon asked Defendants specific questions under oath in their depositions, Defendants referred Amazon to defense counsel. *Id.* at 2 & Ex. 4. Amazon thus appropriately sought discovery directly from counsel after exhausting avenues by which it could obtain the same information from Defendants. Mot. 3–4 & Ex. 1. Defendants do not contest this history. They admit that on August 15, 2022, Amazon "reached out to the Watson Defendants regarding depositions of [Brownstein partners] Kaufmann

6

and Hogan." Opp. 4. That timing was prompt and entirely proper. Ex. 1 at 1; *see also* Mot. 3–5.

Notwithstanding this diligence, Defendants did not provide the advice-of-counsel discovery the law requires. In an effort to avoid deposing defense counsel, Amazon offered to serve written interrogatories on the defense. *See* Mot. 4. Defendants agreed, but on September 14 served responses that were admittedly deficient, and purported to answer the questions only on behalf of two Brownstein partners in their "individual" capacities rather than as members of the firm that rendered the advice. Ex. 3. Defendants then supplemented these responses and agreed to make witnesses available for the depositions Amazon noticed in August, but repeatedly dodged Amazon's requests to produce the documents and revised privilege log necessary for those depositions to be productive. Ex. 6. Amazon did "object" to this stonewalling, Opp. 2, and specifically to defense counsel's refusal to commit to serving a revised privilege log. Exs. 5–6. But Defendants continued to offer only a belated "supplemental review" of documents to determine "which post April 1, 2020 documents will be withheld as privileged and why." Ex. 6 at 2. This offer was facially insufficient to ensure timely production of documents and a revised log in time for mid-October deposition dates as the parties have discussed. *Id.* at 1–2. Accordingly, and having exhausted weeks of negotiations with defense counsel on these issues, Mot. 3–7, Amazon thus had no choice but to file this motion, the timing of which was dictated by Defendants' failure to produce materials they have an ongoing duty to provide under the Federal Rules and the Brownstein attorneys' failure to provide information required by requests they *agreed* to answer after the close of fact discovery. Ex. 1; Reply Ex. 5.

Defendants' opposition ignores this and other history in making the (illogical) argument that Amazon's motion is both incurably late and "premature." Opp. 2. In addition to agreeing to the discovery in issue, Defendants "reserve[d] the right to object to *or file motions regarding* any

7

improper interrogatories." Reply Ex. 5 (emphasis added). This reservation, like Amazon's motion, accords with Rule 26 and the many precedents recognizing that because the rule imposes an obligation to supplement discovery, a motion to compel such supplementation is timely even if filed outside of the discovery period. *See Covil Corp. ex rel. Protopapas v. U.S. Fid. & Guar. Co.*, 544 F. Supp. 3d 588, 597 (M.D.N.C. 2021) (citing Fed. R. Civ. P. 26(e)). That is precisely the case here. The timing of Amazon's motion is a direct result of Defendants' failure to provide agreed discovery on an important new defense. The Court should not reward such conduct under the authorities above. Moreover, Defendants' suggestion that the motion is untimely simply because it was not "filed before the fact discovery cutoff," *see* Opp. 6, is contrary to this Court's prior guidance to the parties regarding motions practice. Reply Ex. 6 (9/9/22 Hrg. Tr.); Reply Ex. 7 (7/15/22 Hrg. Tr.).

        **C.**    **Amazon's Motion Is Not Moot**

Defendants also miss the mark in arguing that Amazon's motion is moot because they have now made a belated production of pre-April 2020 documents and served an "updated" privilege log. Opp. 8–11. This argument is based entirely on the claim that their advice-of-counsel defense does not "relate" to any documents generated *after* April 2020. But that is exactly the dispute the motion asks the Court to decide. Amazon's motion expressly seeks the production of documents and privilege log entries *after* April 1, 2020. *See* Mot. 6–7, 9–10. And it does so under subject-matter waiver law that contradicts the arbitrary time limits Defendants continue to assert as a basis for avoiding discovery on their advice-of-counsel defense. *Id.*

Defendants' belated production thus confirms, rather than moots, the parties' disputes on these issues. Even Defendants' belated production on September 28 appears almost entirely limited to *pre*-April 2020 documents, and is accompanied by a privilege log that shows Defendants are still withholding information Amazon requested under the advice-of-counsel waiver from April

8

2020 forward. Accordingly, the productions do not resolve Amazon's motion, which seeks documents *post*-April 1, 2020, Mot. 6–7, 9–10, that Defendants are withholding based on artificial time limits that violate the law on subject-matter waiver, *see* Opp. 11–12. An order confirming that such waivers reach all documents on the subject matter of affirmatively disclosed legal advice, and requiring production of the same along with a further revised privilege log, are necessary for Amazon and the Court to assess the scope and validity of Defendants' advice-of-counsel defense.[6]

## II.  DEFENDANTS' FILINGS SHOW THAT THEIR VIEW OF SUBJECT-MATTER WAIVER IS ERRONEOUS AND THEIR DISCOVERY IS INCOMPLETE

Defendants recent production and privilege log—which were not served until after Defendants' deadline to oppose Amazon's motion had already passed—suffer from the same deficiencies addressed in the motion. *See* Reply Ex. 1. Defendants' opposition confirms this. It concedes that the production contains only documents generated before April 1, 2020. And it argues that the privilege log need not provide more information about documents that appear to address the subject matter of their counsel defense, because they say that defense is limited in time. Opp. 8–10.

These arguments fail because it is Defendants' burden to provide factual support for their privilege claims. *See RLI Ins. Co.*, 477 F. Supp. 2d at 750; *Sectek Inc. v. Diamond*, 2016 WL 5897763, at *3 (E.D. Va. Oct. 6, 2016); *see also, e.g.*, Fed. R. Civ. P. 26(b)(5). The substantiation must, at minimum, allow Amazon to determine whether the communications fall within the scope of the *subject-matter* waiver resulting from Defendants' advice-of-counsel defense to liability for

---

[6] The production and revised privilege log also are deficient in numerous other substantive and technical respects that Amazon is continuing to analyze. For example, Defendants appear to continue to assert privilege claims over a significant number of communications relating to the termination of their relationship with IPI, their former partner on Amazon lease transactions. Reply Ex. 1. However, Defendants appear to have also produced ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Reply Exs. 2–3. The productions also appear to include ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Reply Ex. 4. Amazon's review of the productions is ongoing.

9

their role in the kickback scheme described in Amazon's complaint. *See* Fed. R. Civ. P. 26(b)(5)(ii); *see also, e.g.*, *Jones*, 696 F.2d at 1072 (party claiming privilege must show "not only that an attorney-client relationship existed, but also that the particular communications at issue are privileged and that the privilege was not waived"); *RLI Ins. Co.*, 477 F. Supp. 2d at 750 (similar).

Defendants' prior privilege log did not provide this required information. *See* Mot. 10 n.4 (discussing documents described only as "[e]mail exchange with counsel re VA deals"). And the new log also fails to do so. It updates many previous deficient entries with the vague phrase "[e]mail exchange with counsel re legal advice concerning IPI termination letters." *See, e.g.*, Reply Ex. 1 at 3 (log entry for WDC0846032). But this description simply underscores the question whether the documents address subject matter covered by the advice-of-counsel waiver. The "termination letters" it cites refer to Northstar's termination from joint ventures on Amazon lease sites after Northstar's former partner, IPI, learned of the kickback scheme that Kyle Ramstetter and Will Camenson alleged during the White Peaks settlement on which Brownstein (Ms. Hogan and Mr. Kaufman) advised. *See* Dkt. 664 at 3; *see also* Mot. at 12–14; Ex. 3 at 24–25. Further, the "fees" that were used to pay the kickbacks came from Northstar's agreement with the Villanova Trust, which Mr. Kaufmann reviewed and attempted to renegotiate beginning in late 2019.[7] Ex. 3 at 13–

---

[7] Notably, Defendants themselves concede that these two events—the White Peaks advice and the advice rendered in connection with the Villanova Trust agreement renegotiations—are related. Opp. 3. They in fact suggest that the matters are so "sufficiently related" that the communications relating to the Villanova Trust fall within the scope of the advice-of-counsel privilege waiver relating to the White Peaks settlement. *See id.* But it is not for Defendants to unilaterally decide what information is "sufficiently related" to the subject matter of their waiver. *Scalia v. Med. Staffing of Am., LLC*, 2020 WL 1811344, at *4 (E.D. Va. Apr. 8, 2020) (emphasizing that the party asserting privilege "should not be permitted to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver of the attorney-client privilege and therefore the scope of discovery"). And if Defendants' privilege waiver extended to advice relating to the Villanova Trust renegotiations, which were undertaken in response to allegations about Defendants' kickback scheme, *see* Exs. 4, 7, it must also have extended to other communications Defendants had regarding the revelation of that scheme. *Accord Med. Staffing of Am., LLC*, 2020 WL 1811344, at *4.

10

16, 20–22; *see also* Exs. 4, 7.  The "IPI termination" correspondence in the revised privilege log thus appears directly related to the subject matter of Defendants' advice of counsel defense.  And Defendants still have not provided any law or facts that could satisfy their obligation to substantiate withholding these documents.  *See* Mot. 10–15.  Defendants' continued failure to comply with their obligation to properly support their privilege claims risks even broader waiver of privilege than they have already effected.  *See Rambus, Inc. v. Infineon Techs. A.G.*, 220 F.R.D. 264, 277 (E.D. Va. 2004); *see also, e.g.*, *Cappetta v. GC Servs. Ltd. P'ship*, 2008 WL 5377934, at *4 (E.D. Va. Dec. 24, 2008) ("Improper assertion of a privilege may result in a waiver of that privilege."); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 71 (M.D.N.C. 1986) ("[A]n improperly asserted privilege is the equivalent of no privilege at all.").

Nor does Defendants' document production cure the discovery deficiencies addressed in Amazon's motion.  Defendants' primary argument is that the discovery they have provided is sufficient because they have not waived privilege as to any documents post-dating April 1, 2020.  Opp. 10–11.  But as discussed in Amazon's motion, Mot. 10–14, the consequence of Defendants' assertion of an advice of counsel defense is a "broad" waiver of attorney-client privilege that covers "*all* communications on the same s*ubject matter*."  *Teal Bay Alls., Inc. v. Southbound One, Inc.*, 2014 WL 1630211, at *2 (D. Md. Apr. 21, 2014) (emphasis added).  This waiver is not subject to the arbitrary time limitation Defendants assert, nor are their self-serving statements about this time limit sufficient to substantiate their privilege claims.  *See* Fed. R. Civ. P. 26(b)(5)(ii); *Jones*, 696 F.2d at 1072; *RLI Ins. Co.*, 477 F. Supp. 2d at 750.

That is particularly true here because the time limit Defendants rely upon is contradicted by the record, including their revised privilege log.  That log makes clear that Defendants continued to communicate with their attorneys regarding the subject matter of their waiver after April 1, 2020.  These communication include legal advice about many of the properties at issue in this

11

lawsuit, such as Dulles, Reply Ex. 1 at 2, 8, 10, Manassas, *id.* at 10, Quail Ridge, *id.* at 2, 7–8, and Sterling, *id.* at 1–4, 7–10.  Other entries are vaguely worded, *e.g. id.* at 9 (entry for WDC0870520, referring to "legal advice concerning investor concerns"), but nevertheless appear to relate to the revelation of Defendants' kickback scheme.  Such communications would clearly "relat[e] to the same subject matter" as the legal advice Defendants have placed in issue on the White Peaks mediation and Villanova agreement, which means privilege has been waived regardless of when and from whom the advice was rendered.  *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 605 (E.D. Va. 2010); *see Jones*, 696 F.2d at 1072.

Further, now that Defendants have asserted an advice-of-counsel defense and selectively disclosed attorney-client privileged communications for tactical purposes in this case, including in depositions, communications from the same counsel would be discoverable under the "[s]elective disclosure" doctrine.  *Jones*, 696 F.2d at 1072; *see also United States v. (Under Seal)*, 852 F.2d 566 (4th Cir. 1988) (holding that "a selective disclosure for tactical purposes" in a bankruptcy proceeding "waive[d] the privilege as to all communications between the attorney and client relating to his bankruptcy proceedings").  The Watson Defendants purported to disclose the contents of their privileged communications with Brownstein, and particularly Mr. Kaufmann and Ms. Hogan, to support their narrative that they executed and attempted to revise the Villanova Trust agreement in good faith with the advice of counsel.  *See* Ex. 4 at 50:7–51:2; *see also id.* at 47:13–48:17, 51:3–51:7, 67:1–17, 297:21–304:23; Mot. 5, 14–15.  As a result, all of Defendants' communications with Mr. Kaufmann and Ms. Hogan have "become[] fair game" for discovery and must be produced.  *U.S. ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 391 (4th Cir. 2015) (Wynn, J., concurring) (citing 1 McCormick On Evid. § 93 (7th ed. 2013)); *ePlus Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 256 (E.D. Va. 2012) (holding that a party "waived the attorney-client privilege" "because it has allowed extensive, detailed questions" at a deposition "on that subject").

12

## CONCLUSION

For the reasons discussed above and in Amazon's motion, Amazon respectfully requests an order: (i) confirming that the combination of Defendants' advice-of-counsel defense and selective disclosure of attorney communications waived privilege over the subject matter of such advice and communications, regardless when the advice or communications were "generated"; and (ii) requiring Defendants to produce by Friday October 7 any additional documents and a further revised log detailing why the withheld documents fall outside the scope of the foregoing privilege waivers.

Dated:  September 30, 2022                      Respectfully submitted,

                                                                         /s/ Michael R. Dziuban

Veronica S. Moyé (*pro hac vice*)               Elizabeth P. Papez (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP           Patrick F. Stokes (*pro hac vice*)
2001 Ross Avenue, Suite 2100                    Jason J. Mendro (*pro hac vice*)
Dallas, TX 75201                                         Claudia M. Barrett (*pro hac vice*)
Telephone:  (214) 698-3100                        David W. Casazza (*pro hac vice*)
Facsimile:  (214) 571-2900                          Amanda Sterling (*pro hac vice*)
vmoye@gibsondunn.com                           Michael R. Dziuban (Va. State Bar No. 89136)
                                                                         GIBSON, DUNN & CRUTCHER LLP
                                                                         1050 Connecticut Avenue, N.W.
                                                                         Washington, D.C. 20036-5306
                                                                         Telephone:  (202) 955-8500
                                                                         Facsimile:  (202) 467-0539
                                                                         epapez@gibsondunn.com
                                                                         pstokes@gibsondunn.com
                                                                         jmendro@gibsondunn.com
                                                                         cbarrett@gibsondunn.com
                                                                         dcasazza@gibsondunn.com
                                                                         asterling@gibsondunn.com
                                                                         mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 30, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.
Fort Collins, CO 80525

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

      *s/ Michael R. Dziuban*
      Michael R. Dziuban
      GIBSON, DUNN & CRUTCHER LLP
      1050 Connecticut Avenue, N.W.
      Washington, D.C. 20036-5306
      Telephone: (202) 955-8500
      Facsimile: (202) 467-0539
      mdziuban@gibsondunn.com

      *Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*