IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM and AMAZON DATA SERVICES, INC., <br>     Plaintiffs, <br> v. <br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al. <br>     Defendants. | Civil Action No. 1:20-CV-484-RDA-TCB |
| 800 HOYT LLC, <br><br>     Intervening Interpleader Plaintiff / Intervening Interpleader Counter - Defendant, <br> v. <br> BRIAN WATSON; WDC HOLDINGS LLC; BW HOLDINGS, LLC, <br><br>     Interpleader Defendants, <br> and <br> AMAZON.COM, et al. <br><br>     Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**WATSON DEFENDANTS' RESPONSE TO MOTION OF THE RECEIVER FOR ENTRY OF ORDER APPROVING SALE OF INTEREST IN 1221 BROADWAY OFFICE CONDOMINIUM**

Defendants WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Brian Watson ("Mr. Watson"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings, LLC (collectively, the "Watson Defendants"), by and through undersigned counsel, hereby file their Response to Motion of the Receiver for Entry of Order

1

Approving Sale of Interest in 1221 Broadway Office Condominium ("Motion for Sale") and state as follows:

## INTRODUCTION

The Court should deny the Receiver's Motion for Sale because such a sale severely undervalues the asset, removes a vital income stream from the Watson Defendants, and is contrary to the Receiver's appointed purpose of ensuring compliance with the Injunction.

In 2018, Northstar Commercial Partners identified and put together the purchase of the 1221 Broadway asset, creating NCP 1221 Broadway, LLC ("NCP 1221 Broadway"), which purchased a 5% interest in the 1221 Broadway Office Condominium (the "Interest"). NCP 1221 Broadway is a Colorado limited liability company wholly owned by PLW Capital I, LLC ("PLW"), of which Mr. Watson is a 50% member and his ex-wife is the other 50% member.[1]

The 1221 Broadway property consists of a newer constructed three-story office condominium fully leased to one tenant. This is a Class AA office building located near The Denver Art Museum in Denver Colorado, a prime commercial real estate location. Upon its original purchase in January 2018, the property was fully leased to one tenant which had 13 years remaining on its lease term. Ex. B ¶ 6 (Decl. of B. Watson). The original purpose of the investment was to acquire the asset, make monthly distributions from excess rental income to its two equity investors, which it has done, and let the property appreciate over time as a long-term cash-flow investment. *Id.* ¶ 5.

---

[1] This Interest is under default per the loan agreement, due to the appointment of the Receiver, which the Receiver acknowledges in the Motion for Sale. *See* Dkt No. 1034 ¶ 7 (Motion for Sale). The Watson Defendants warned of this event prior to the appointment of a Receiver, and a similar event has also occurred with a default under the loan agreement for 77 Sugar Creek, a property located in Texas, already the subject of a Motion to Intervene in this case, *see* Dkt. 941 (Motion to Intervene) and a property in California, Vista Gardens. *See* Ex. A (Complaint).

The Motion for Sale proposes to sell the Interest to Ever Beauty, which owns the remaining 95% interest in the property. This sale is improper because it does not further the Receiver's purpose of compelling compliance with the escrow provisions of the Injunction, and, in fact makes it more difficult for the Watson Defendants to comply with it by taking away one of the final consistent monthly revenue streams keeping Northstar afloat.

## ARGUMENT

The sale of the Interest should not be approved because it will unnecessarily harm Mr. Watson and Northstar and does not further the Receiver's court mandated commission of escrowing over $25 million pursuant to the Injunction. *See* Dkt. 433 (Order Appointing Receiver). The Receiver is vested with authority to "sell other Assets to generate cash available *to fund the escrow account or secure a bond in compliance with the Injunction.*" *Id*. at (5)(i) (emphasis added). However, the Motion for Sale makes no mention of the use of funds to generate cash to satisfy the Injunction, and, in fact, the Receiver's most recent report makes clear that the debts and obligations of Northstar and Mr. Watson are such that funds from the sale would *not* be put toward satisfying the injunction. *See* Dkt. 898 at 4 (Receiver's Third Quarterly Report). Accordingly, the receiver has failed to show that the sale is authorized under the Order.

Additionally, the sale of the property will drastically reduce Northstar's income to the point that it is likely to be forced to let its last remaining employee go (when it had approximately 40 people at the beginning of Amazon's lawsuit) and go out of business permanently. Ex. B ¶ 4. This would foreclose the possibility that Northstar or Mr. Watson or his companies will ever be able to comply with the escrow provisions of the Injunction. There are only two assets that produce the vast majority of remaining consistent monthly income for Northstar, one of which is 1221

Broadway.[2] The gross monthly income for Northstar from asset and property management fees is approximately $23,192. Ex. B. ¶ 7. Of this, $8,109 comes from the 1221 Broadway Interest. *Id*. If this income is lost due to the sale of the Interest, it will reduce the gross monthly income to $15,083.00, which is a 35% reduction, and may leave the company without sufficient funds to pay ongoing expenses, including payroll for the last remaining employee. This will likely be the final "nail in the coffin" for Northstar, a company that was founded by Mr. Watson and that Mr. Watson successfully operated for over 22 years.

The recklessness of the proposed sale of a revenue generating asset is further underscored by the absurdly low price that the Receiver has accepted. When Northstar originally identified and set up the investment, the value of the Interest, various fees, the General Partner Promote to Mr. Watson, etc. was valued at over $5.71 million if the investment was held for the anticipated term. Ex. B. ¶ 7. Selling this dependable income stream for only $700,000.00 is far undervaluing an asset that is essential to the continued solvency of Mr. Watson and Northstar. Further, half of the net proceeds, after paying the Receiver's high estimated 10% of sales costs and providing $50,000 of the funds to Northstar, belong to Patricia Watson, the other 50% member in PLW. Sale of the asset for a far below market rate will make no appreciable difference in the debts and obligations owed by Northstar, specifically including the escrow provision of the injunction.

---

[2] The other source of income is 77 Sugar Creek in Houston, Texas. The lender on this property has recently intervened and filed a motion to foreclose on the property in response to the automatic default which occurred upon appointment of the Receiver and the Receiver's apparent refusal to take action to work with the lender on an acceptable solution. *See* Dkt. 1024 (Motion to Modify Receiver Order); Dkt. 942 (Memorandum, Motion to Intervene).

## CONCLUSION

WHEREFORE, the Watson Defendants request this Court to deny the Motion for Sale.

Dated: October __, 2022

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Stanley L. Garnett*
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah Regan-Smith (*pro hac vice*)
Rosa L. Baum (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregan-smith@bhfs.com
rbaum@bhfs.com

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (pro hac vice)
James Trusty (pro hac vice)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2022, I caused the foregoing document to be filed with the Court via the court's CM/ECF System, which will send a notification of electronic filing to all counsel of record.

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VSB 46932)