IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF THE BANCORP COMMERCIAL MORTGAGE 2019-CRE6 TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, <br><br> Intervenor-Interested Party. | |

**RESPONSE OF RECEIVER TO SUGAR CREEK LENDER'S
MOTION TO MODIFY RECEIVERSHIP ORDER**

Mark A. Roberts (the "Receiver"), as receiver of WDC Holdings LLC dba Northstar Commercial Partners LLC ("WDC"), R. Brian Watson ("Mr. Watson" and collectively with WDC, the "Watson Defendants"), and their respective assets, appointed pursuant to this Court's *Order Appointing Receiver and Ordering Turnover of Property to the Receiver* [Dkt. 433] (the "Receivership Order"), files this response (the "Response") to the motion [Dkt. 1024] (the "Lender Motion") of intervenor Wilmington Trust, National Association, as Trustee for the Registered Holders of the Bancorp Commercial Mortgage 2019-CRE6 Trust, Commercial Mortgage Pass-Through Certificates (the "Sugar Creek Lender"), and its supporting memorandum of law [Dkt. 1025] (the "Lender Supporting Memorandum"), seeking to modify the Receivership Order, and respectfully states as follows:

## Introduction

After finding the Watson Defendants to be in contempt for their repeated failure and refusal to comply with this Court's orders, the Court appointed the Receiver to assume exclusive control over and administer the Watson Defendants' assets. In its Receivership Order, the Court directed the Receiver—an experienced restructuring professional who, as an officer of the Court, is required to carry out the terms of the Receivership Order—to fulfill various roles on behalf of the Watson Defendants, including among other functions, serving as manager of a limited liability company that indirectly owns a suburban Houston office building located at 77 Sugar Creek Boulevard, Sugar Land, Texas (the "Sugar Creek Property").[1]

After his appointment, the Receiver determined that the Sugar Creek Property was worth substantially less than the premium purchase price paid by the Sugar Creek Owner in 2019 to

---

[1] The owner of the property, 77 Sugar Creek DE, LLC ("Sugar Creek Owner"), is identified on Exhibit A to the Receivership Order. The Receiver, acting through an entity controlled by Mr. Watson (and thus subject to the Receivership Order), serves as manager for 77 Sugar Creek, LLC ("Sugar Creek Parent"), which is the sole owner and managing member of Sugar Creek Owner.

2

acquire the Sugar Creek Property, and that other recent developments, including interest rate increases and the broader deterioration of the suburban office real property market, have only put further downward pressure on the value of the Sugar Creek Property.[2]  Furthermore, like many of Mr. Watson's real estate investments, in addition to the substantial secured debt borrowed to acquire the Sugar Creek Property, the Sugar Creek Property was acquired using over $8 million in equity raised from outside investors, and those outside investors are generally entitled to payment from proceeds of the Sugar Creek Property before Mr. Watson can recover anything on his own interests.  As a result, Mr. Watson's economic interests in the Sugar Creek Property are substantially underwater.  Further, Mr. Watson executed a personal guaranty in favor of the Sugar Creek Lender of certain obligations under the loan documents, thus potentially exposing Mr. Watson to substantial liabilities.

Despite these challenging circumstances, which were compounded by a loan default and an approaching loan maturity date, the Receiver—acting as manager of the applicable entity on behalf of Mr. Watson—sought in good faith to obtain value from the Sugar Creek Property while also seeking to preserve the outside investors' equity positions.[3]  Notwithstanding such efforts, however, the Receiver was unable to consummate a transaction that would satisfy the demands of the Sugar Creek Lender.

---

[2] Like many other office properties, the Sugar Creek Property lost tenants during the course of the COVID-19 pandemic as a result of remote work trends and changing corporate real estate uses.  Before the Receiver's appointment, occupancy in the Sugar Creek Property had decreased materially from the levels present at the time the building was acquired in 2019.  Due to these reductions in occupancy, the Sugar Creek Property's value—which is generally a product of the rental income it produces—remains well below its 2019 level.

[3] For example, in March 2022, the Receiver negotiated an agreement with one of the existing outside investors under which such investor would acquire Mr. Watson's management rights and other interests in Sugar Creek Parent and pursue its own restructuring of the loan.  This transaction was designed to allow the outside investors to retain their equity positions in Sugar Creek Parent, allow the Receiver to monetize Mr. Watson's management rights, and permit the lender to work out loan restructuring issues with the new manager.  However, the proposed purchaser has advised the Receiver that it would not consummate the proposed transaction.  The Receiver also sought out and obtained purchase proposals for the Sugar Creek Property.  However, none of these proposals were sufficient to satisfy the full amount of the Sugar Creek Lender's debt.

Accordingly, on September 23, 2022, after obtaining permission from the Court to intervene in this action, the Sugar Creek Lender filed the Lender Motion seeking relief from the Receivership Order to permit the Sugar Creek Lender to exercise all of its rights and remedies under the applicable loan documents. Prior to the filing of the Lender Motion, the Receiver made a proposal to the Sugar Creek Lender to resolve the relief requested therein by the Sugar Creek Lender, as well as certain related disputed issues, and has continued to provide information and documentation regarding such proposal in an effort to facilitate a global resolution. The parties have reached an agreement in principle regarding such resolution (subject to the Sugar Creek Lender's further diligence on certain factual issues), and the Receiver anticipates that the parties may submit a consent order prior to the scheduled hearing on the Lender Motion to reflect such resolution. Such consensual resolution, upon approval of the Court, would render the Lender Motion to be moot.

Given the controlling deadlines, the Receiver submits this Response to the relief sought in the Lender Motion, though the Receiver anticipates the Lender Motion may be superseded by the subsequent consent motion. In the event the Court ultimately considers the Lender Motion, the Receiver asks the Court to deny the Sugar Creek Lender's request to modify the Receivership Order due to the overbreadth of the relief requested therein and the significant disruptions that would result from such relief, as described below.

**Response**

In its Receivership Order, this Court approved a broad injunction to protect the receivership *res* from value-destructive creditor activity that would harm the parties in the above-captioned case.

> All persons, including employees, agents, creditors, banks, investors, or others, with notice of this Order, are enjoined from in any way disturbing the Assets and from prosecuting any actions or proceedings designed to collect their debts or which involve the Receiver or which affect the property of Defendants to the extent that the same would interfere with or disturb these receivership proceedings, without the permission of this Court; provided, however, that nothing herein shall preclude any party with standing from seeking relief from this Order on proper application and after notice and a hearing.  Any actions in violation of this Paragraph shall be null and void as acts in contravention of this Order.

Receivership Order, § 11.

The Lender Motion offers no evidence of the value of the Sugar Creek Property and includes no assertion that its requested relief will not impair the Assets or otherwise disrupt the receivership process.  Even if the Sugar Creek Lender fulfilled its burden to establish that cause exists to modify the Receivership Order, the Sugar Creek Lender has made no effort to tailor its requested relief to limit harm from such value-destructive creditor action on the limited receivership *res*.  Instead, the Sugar Creek Lender merely notes the existence of defaults and offers a proposed order providing broad, blanket relief to authorize the Sugar Creek Lender:

> to assert any and all remedies available to it under the controlling Loan Documents (as defined in the Memorandum of Law supporting the Motion) and applicable law against 77 Sugar Creek DE, LLC (the "Borrower"), Robert Brian Watson (the "Guarantor") and the collateral owned by Borrower …

Dkt. 1024-1, p. 2.

The Sugar Creek Lender's proposed order would not only authorize the Sugar Creek Lender to pursue foreclosure of its liens in the Sugar Creek Property, which in itself would be highly disruptive, but would also authorize the Sugar Creek Lender to pursue unspecified remedies

against Mr. Watson and the Sugar Creek Owner under the Guaranty and other loan documents, which would impose substantial burdens on the Receiver given the limited resources available to fund litigation defense and the unwarranted distractions that would result from litigation and any resultant judgment. The stay provision in the Receivership Order is intended to avoid just these types of disruptions.

Notably, the Sugar Creek Lender's proposed order goes well beyond disturbing the receivership *res* to broadly undermine this Court's Receivership Order more generally:

> the Lender, any subsidiary wholly-owned by the Lender or ***any entity authorized to act on behalf of the Lender***, including, but not limited to its Special Servicer, CWCapital Asset Management, LLC, are entitled to enforce all of the Lender's rights and remedies against the Collateral and/or against the Borrower or Guarantor, including, but not limited to, receivership and foreclosure and/or ***any other acts that the Lender may take*** to obtain possession and control of the Collateral and/or to enforce its rights and remedies under the Loan Documents and applicable law.

*Id*. (emphasis added).

Once again, the Sugar Creek Lender unnecessarily seeks to disturb the receivership *res* by allowing unnamed parties ("any entity authorized to act on behalf" of the Sugar Creek Lender) to exercise an undefined universe of rights and remedies ("any other acts that the Lender may take … to enforce its rights and remedies under the Loan Documents and applicable law"), including potentially authorizing the Sugar Creek Lender to place the Sugar Creek Owner into a separate receivership process or conceivably even commencing involuntary bankruptcy or separate receivership proceedings as to Mr. Watson himself, given his capacity as guarantor, thereby undermining the entire purpose of this Court's Receivership Order.

The Receiver anticipates that the Lender Motion may soon be rendered moot by a proposed consent order that resolves the relief requested in the Lender Motion along with other global issues involving the Sugar Creek Lender. In the event the Court considers the Lender Motion, the

Receiver requests the Court to deny the Sugar Creek Lender's request to modify the Receivership Order.

Dated: October 7, 2022 Respectfully submitted,

/s/ Aaron G. McCollough
Aaron G. McCollough (VSB 72146)
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Tel.: (312) 849-8256
Fax: (312) 698-4522
amccollough@mcguirewoods.com

-and-

Joseph S. Sheerin (VSB 47400)
McGuireWoods LLP
800 East Canal Street
Richmond, VA 23219-3916
Tel.: (804) 775-1135
Fax: (804) 698-2076
jsheerin@mcguirewoods.com

*Attorneys for the Receiver*

**Certificate of Service**

      I HEREBY CERTIFY that, on October 7, 2022, I caused the RESPONSE OF RECEIVER TO SUGAR CREEK LENDER'S MOTION TO MODIFY RECEIVERSHIP ORDER to be electronically filed and served using the CM/ECF System, which will transmit a Notice of Electronic Filing to counsel of record.

      /s/ *Aaron G. McCollough*
      Aaron G. McCollough