IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; CARLETON NELSON; JOHN DOES 1-20, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-TCB |

**REPLY TO RESPONSE TO MOTION TO MODIFY ORDER APPOINTING RECEIVER**

Wilmington Trust, National Association, as Trustee for the Registered Holders of the Bancorp Commercial Mortgage 2019-CRE6 Trust, Commercial Mortgage Pass-Through Certificates (the "<u>Lender</u>"), by and through CWCapital Asset Management LLC, solely in its capacity as Special Servicer, files this reply to the Response of Receiver to the Lender's Motion to Modify Receivership Order [Docket No. 1068] filed by the receiver appointed by this Court, Mark A. Roberts (the "Receiver").

**Preliminary Statement**

The Lender holds a loan secured by an office building in Sugar Land Texas and the rents that it generates (the "Collateral"). The borrower under the loan is 77 Sugar Creek DE, LLC (the "Borrower"), an entity formerly controlled by Defendant Brian Watson. Pursuant to the terms of

the Order Appointing Receiver and Ordering Turnover of Property to the Receiver entered on November 23, 2021 [Docket No. 433] (the "Receiver Order"), the Collateral is an asset subject to the Receiver's control.

The subject loan went into maturity default on July 9, 2022, meaning that all amounts due to the Lender, which as of September 9, 2022 totaled more than $23,709,139.72, are now due and payable. The Receiver presumably knew about the July 9, 2022 maturity of the loan based upon his review of the assets under his control. In any event, the Lender served a notice of default upon the Receiver on February 1, 2022 who has undisputedly had actual notice of the maturity of the loan since that time.

Despite the nearly 11 months that have transpired since his appointment and the over eight months since service of the Lender's notice of default, the Receiver has not achieved any resolution for the loan, be it through a sale, a negotiation of maturity extension or otherwise. Disturbingly, following the Lender's filing of its papers to seek intervention in this lawsuit, the Receiver has ceased to pay or otherwise turn over any of the net rental income generated by the office building's tenants to the Lender.

The Receiver appears to have concluded that there is little value in the Collateral for the receivership estate, which is apparent from a review of the Receiver's response, which notes that Defendant Watson's interest in the Collateral is "substantially underwater".[1] In view of this lack of apparent economic interest in the Collateral, the Receiver's opposition to the relief sought by the Lender is mystifying – delay for its own sake apparently.

The underlying loan is a non-recourse real estate loan, meaning that the Lender's primary source of recovery is the Collateral itself. The only thing sought by the Lender in this lawsuit is

---

[1] Response, p. 3.

56694389-v3

the ability to assert its contractual remedies under its loan documents. The Lender neither expects or seeks any other or further involvement in this litigation..

### Reply

The Response is incorrect or incomplete in several ways, addressed below.

1. **The parties have not reached a settlement in principle**. Though the Lender is reviewing a settlement proposal made by the Receiver in good faith, no "settlement in principle" has been reached. The terms of any such settlement have not yet been agreed to, even in principle. Given the nature of the Lender's structure (it is a commercial mortgage-backed securities ("CMBS") trust), any settlement terms are subject to an internal review process which can only begin when basic terms have been reached. None of this has occurred.

2. **The Lender's foreclosure of the Collateral will not be "value destructive"**. The Receiver's papers state that the Collateral is effectively "underwater."[2] Accordingly, there is no value to destroy for the receivership estate. Given the non-recourse nature of the underlying loan, the principal remedy available to the Lender is a Texas foreclosure against the office building collateral. The Texas process is a non-judicial foreclosure which takes place after 21 days' notice, making it hard to see how such a foreclosure on an "underwater" asset would be "highly disruptive" to the Receiver. The Receiver's fears that the Lender will imminently exercise remedies against Defendant Watson are similarly far-fetched and irrelevant. The loan is non-recourse and guarantor liability is only triggered up on the occurrence of certain "bad-boy" events, such as the filing of a bankruptcy case. At this time, the Lender is unaware of any events that would

---

[2] See supra, note 1 and accompanying text.

establish Watson's personal liability under his guaranty, such as a bankruptcy. Further, even if the Lender did have the legal ability to assert claims for liability on the loan against Defendant Watson, it would have to stand in line with other creditors such as Amazon, the Plaintiff in this lawsuit, and others currently suing Watson, such as the Securities and Exchange Commission,[3] rendering Watson an unattractive target for the Lender's recovery efforts.

3. **The Lender's Remedies are not Undefined.** The Response incorrectly seeks to create a sense that modifying the Receiver Order to allow the Lender to exercise remedies would create a chaotic disruption for the Receiver. Nothing could be further from the case. If the Lender is allowed to exercise remedies, that should be the last this Court will see of the matter. The remedies that the Lender has at hand are limited to those in its loan documents and consist primarily of foreclosure.[4] The Response also complains that certain "unnamed persons" may be involved in Lender remedies. The Lender is a CMBS securitization trust which has no employees. Rather, it must act through its loan servicers, who, in turn, must act with and through the Lender's counsel when exercising legal remedies. The parade of horribles hinted at by the Response is a phantom – nothing more.

## Conclusion

The Receiver has had ample time to resolve the loan at issue. The Receiver fails to offer a specific road map or specific timeline for any resolution. The loan matured three months ago and

---

[3] See United States Securities and Exchange Commission v. Watson, et al., Case No. 22-cv-2147 pending in the United States District Court for the District of Colorado.

[4] Given the speed of the foreclosure process, a receivership incident to foreclosure is generally not a practical remedy in Texas. The foreclosure can be accomplished in about 3 weeks which is before many courts could even get a receivership motion on their calendar.

4

56694389-v3

the more than $23 million presently owed to the Lender has not been repaid. Current rents are not being turned over to the Lender. The rights of secured creditors need to be respected and the Receiver's request for more directionless delay should be disregarded. The Lender's request for relief from the Receiver Order should be granted without delay.

Dated: October 13, 2022

/s/ *Michael W. Robinson*
Michael W. Robinson, Esq.
(VSB No. 26522)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons, VA 22182
Phone: (703) 760-1988
Fax: (703) 821-8949
mwrobinson@venable.com

and

Frederick W. H. Carter, Esq.
(VSB No. 80204)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 344-8191
Fax: (202) 344-8300
fwhcarter@venable.com

*Attorneys for Wilmington Trust, National Association, as Trustee for the Registered Holders of the Bancorp Commercial Mortgage 2019-CRE6 Trust, Commercial Mortgage Pass-Through Certificates, by and through CWCapital Asset Management LLC, solely in its capacity as Special Servicer*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy the document upon the following party via U.S. mail to their last-known address:

77 Sugar Creek DE, LLC
c/o The Corporation Trust Company,
 Registered Agent
1209 Orange Street
Wilmington, DE 19801

                                                                                                                             /s/ Michael W. Robinson
Michael W. Robinson, Esq.
(VSB No. 26522)
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Tysons, VA 22182
Phone: (703) 760-1988
Fax: (703) 821-8949
mwrobinson@venable.com

Frederick W. H. Carter, Esq.
(VSB No. 80204)
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 344-8191
Fax: (202) 344-8300
fwhcarter@venable.com

*Attorneys for Wilmington Trust, National Association, as Trustee for the Registered Holders of the Bancorp Commercial Mortgage 2019-CRE6 Trust, Commercial Mortgage Pass-Through Certificates, by and through CWCapital Asset Management LLC, solely in its capacity as Special Servicer*