IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDING LLC, BW HOLDINGS LLC, PLW CAPITAL I, LLC.AMAZON.COM, INC, and AMAZON DATA SERVICES, INC., <br><br> Interpleader Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 1:20-cv-484 (RDA/IDD)

## **ORDER**

This matter comes before the Court on Defendant Carleton Nelson's Objections to Magistrate Judge's Order Precluding the Deposition of Peter DeSantis (Dkt. 629), the Watson Defendants' Objection to Magistrate Judge's Order Precluding the Deposition of Lora MacDonald and Granting Plaintiffs' Motion to Withdraw and Substitute Verifications and Certain Declarations (Dkt. 677), Defendants' Motion to Vacate the Preliminary Injunction (Dkt. 695), and Defendants' Motion for Leave to File Sur-reply to Motion to Vacate Preliminary Injunction (Dkt. 957).

I. Objections to Magistrate Judge's Orders

The Court first addresses two sets of objections to Magistrate Judge Buchanan's Orders precluding two different depositions. Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's ruling on non-dispositive questions. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Fed. Election Comm'n v. The Christian Coal.*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). When a district judge reviews a magistrate's discovery order, usually a non-dispositive matter, the court applies the "clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A magistrate's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). "[A]ltering a magistrat[e] [judge's] non-dispositive orders [is] 'extremely difficult to justify.'" *Carlucci v. Han*, 292 F.R.D. 309, 312 (E.D. Va. 2013) (quoting 12 Charles Alan Wright & Arthur R. Miller *et al.*, Federal Practice & Procedure § 3069 (2d ed. 1997)). And "although an abuse-of-discretion attitude should apply to many discovery and related matters," this exacting standard "need not curtail the power of the district judge to make needed modifications in the magistrate judge's directives." 12 Wright & Miller § 3069 (2d ed. 1997).

During the relevant time period, Mr. Peter DeSantis was employed as Amazon Web Services' Vice President of Global Infrastructure. Defendant Carlton Nelson argues that

2

Magistrate Judge Buchanan misapplied the apex doctrine by holding that Mr. DeSantis must have "unique" knowledge of the issues in dispute before he may be deposed, *see* Dkt. 629 at 5-7; that even if the apex doctrine requires "unique" knowledge, Judge Buchanan's finding that DeSantis lacks such knowledge was clearly erroneous, *see id.* at 7–11; and that the apex doctrine should not apply because deposing lower-level executives and employees would be an inadequate substitute for Mr. DeSantis, and that Plaintiffs have stymied less burdensome alternatives, *see id.* at 11-14.

"The 'apex doctrine,' while never discussed by the Fourth Circuit, is an aid to ensure 'that the liberal rules of procedure for depositions are used only for their intended purpose and not as a litigation tactic to create undue leverage by harassing the opposition or inflating its discovery costs.'" *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-cv-525, 2014 WL 12544827, at *2 (E.D. Va. Jan. 9, 2014). The apex doctrine aims to protect "high level decision makers who have no particular direct knowledge of the facts pertaining to the lawsuit." *Wal–Mart Stores, Inc. v. Vidalakis*, No. 5:07–39, 2007 WL 4591569, at * 1 (W.D. Ark. Dec. 28, 2009). Under the apex doctrine, "a high-level executive may not be deposed unless the party seeking the deposition can show that '(1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted.'" *JTH Tax, Inc. v. Aime*, No. 2:16-cv-279, 2016 WL 9223926, at *5 (E.D. Va. Dec. 13, 2016) (citation omitted).

Having reviewed the record, this Court finds no clear error in Magistrate Judge Buchanan's Order.  First, the Court finds that Judge Buchanan properly interpreted the apex doctrine to require the potential deponent to have unique knowledge and overrules Defendant Nelson's objection to that effect.  Second, the Court finds that Judge Buchanan did not clearly err in finding that Mr. DeSantis lacked unique, personal knowledge relevant to the issues in this case of the sort that

might justify taking his deposition.  The Court also finds that Judge Buchanan appropriately found that Defendant Nelson has failed to exhaust other, less burdensome methods of obtaining the information he seeks.  Although deposing Mr. DeSantis would perhaps yield some relevant information, the Court concludes that such information is highly likely to be merely cumulative and duplicative of the information that other sources may also provide.  As a result, Defendant Nelson has failed to satisfy Rule 72(b)'s standard for altering Magistrate Judge Buchanan's Order precluding the deposition of Mr. DeSantis.

Turning to the Watson Defendants' objections to Magistrate Judge Buchanan's April 8, 2022 Order (Dkt. 648), Defendants challenge the portions of the Court's Order (1) prohibiting the deposition of Ms. Lara MacDonald, an attorney who serves as outside counsel for Plaintiffs, and (2) permitting Plaintiffs to withdraw certain verifications made by Gibson Dunn attorneys in 2020 and replace them with a declaration signed by Mr. Matthew Doden, in-house counsel at Amazon.  Dkt. 677 at 3-4, 7-12.  According to the Watson Defendants, Ms. MacDonald voluntarily shared information with the United States Attorney's Office and the Federal Bureau of Investigation, and her recollection of the in-person, videoconference, and telephone meetings is clearly non-privileged and relevant to the Watson Defendants' claims and defenses in this action.

It is well-settled that a party may not depose its adversary's litigation counsel unless: "(1) no other means exist to obtain the information" requested; "(2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Ford Motor Co. v. Nat'l Indem. Co.*, No. 3:12-cv-839, 2013 WL 3831438, at *2 (E.D. Va. July 23, 2013) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).  Here, other avenues exist to obtain the information Defendants seek from Ms. MacDonald, meaning that Defendants cannot satisfy the first *Ford* factor.  In particular, Defendants were not precluded from pursuing

4

this same information from Plaintiffs' 30(b) designees as well as other party and third-party witnesses. Although Defendants emphasize that the substance of voluntary discussions and meetings with third parties is not privileged, that argument glosses over the fact that the information sought remains available through "other means." *Ford*, 2013 WL 3831438, at *2. For example, Defendants may make inquiries to federal authorities about the investigation and status of the criminal case. Because Defendants apparently did not take those steps here before seeking to depose opposing litigation counsel, the Magistrate Judge properly concluded that they failed to meet the exhaustion requirement with respect to any non-privileged communications of opposing counsel. So even if the information Defendants seek through deposing Ms. MacDonald is "crucial to the preparation of their case," *Ford*, 2013 WL 3831438, at *2—and it is far from clear that her deposition would be "crucial"—Defendants have not satisfied the other elements necessary to justify the extraordinary step of deposing an adversary's outside litigation counsel. For these reasons, the Court finds no clear error in Judge Buchanan's April 8, 2022 Order precluding the deposition of Ms. MacDonald.

Neither does the Court find any clear error in the portion of the Magistrate Judge's April 8, 2022 Order permitting Plaintiffs to substitute certain verifications made in support of their preliminary injunction application in 2020 with a new declaration made by Amazon's in-house counsel. The crux of Defendants' objection is that Judge Buchanan erred insofar as she granted this relief without the benefit of "comprehensive briefing" under Federal Rule of Civil Procedure 15. Dkt. 677 at 10. According to Defendants, the relief the Magistrate Judge granted allowed Plaintiffs to amend one or more pleadings governed by Rule 15, which required full briefing.

Defendants' objection proceeds from a faulty premise: that the April 8, 2022 Order permitted Plaintiffs to amend their pleadings. While it is true that dropping factual allegations

5

from a pleading may require full briefing under Rule 15, *see West Run Student Hous. Assocs. LLC v. Huntington Nat. Bank*, 712 F.3d 165, 170-71 (3d Cir. 2013), that is not what Judge Buchanan's Order permitted. And to the extent Defendants complain they were deprived of an opportunity to be heard, that argument misses the mark; the Magistrate Judge allowed briefing and held a hearing before granting Plaintiffs leave to withdraw and permitting them to substitute certain attestations. It is therefore difficult to discern how there could be have been a violation of Rule 15's requirement that certain filings be made with "the court's leave" after full briefing. Fed. R. Civ. P. 15(a)(2). Finally, the issue of any purported Rule 15 violation is now moot given that on May 6, 2022, Judge Buchanan granted Plaintiffs' separate motion for leave to file a Third Amended Complaint, which supersedes the complaints implicated by the April 8, 2022 Order. *See* Dkt. 756. For these reasons, the Court finds no clear error in the Magistrate Judge's decision to permit Plaintiffs to withdraw and substitute certain attestations, and the April 8, 2022 Order is sustained on this ground under Rule 72.

## II. Defendants' Motion to Vacate the Preliminary Injunction

The Court next addresses Defendants' Motion to Vacate the Preliminary Injunction. Dkt. 695. As all parties to this litigation are aware, Plaintiffs in 2020 sued the Watson Defendants in this Court, seeking relief for an alleged "massive fraud and kickback scheme." Dkt. 150 ¶ 1. On April 8, 2020, this Court granted an *ex parte* Temporary Restraining Order against the Watson Defendants, and on June 5, 2020, entered a Preliminary Injunction against the Watson Defendants. In partial support of the preliminary injunction, Plaintiffs submitted the declarations of its outside litigation counsel, Ms. Lara MacDonald. The Watson Defendants took an interlocutory appeal of a portion of the preliminary injunction, and the Fourth Circuit affirmed this Court. *See*

*Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-1743, 2021 WL 3878403, at *1 (4th Cir. Aug. 31, 2021).

Citing two post-interlocutory appeal developments in the case, Defendants now argue that the injunction must be vacated. They first point to the portion of Judge Buchanan's April 8, 2022 Order allowing Plaintiffs to withdraw and replace the aforementioned declarations made in support of the 2020 preliminary injunction application. Defendants also argue that two recent depositions demonstrate the injunction cannot survive on the current record because "no one possesses personal knowledge of Brian Watson's involvement in the alleged fraud[]." Dkt. 696 at 2. On this basis, the Watson Defendants now ask the Court to vacate in its entirety the preliminary injunction, vacate the finding that the Watson Defendants are in contempt of the preliminary injunction order, remove the appointment of the receiver, and allow the Watson Defendants to recover the entirety of the injunction bond.

Having reviewed the facts presented and the injunction record as a whole, the Court does not find that dissolving the preliminary injunction is appropriate. Defendants seek to undo an operative injunction the Fourth Circuit has already affirmed on appeal, meaning that they bear the burden of proving equitable grounds for vacatur that satisfy Federal Rule of Civil Procedure 60(b). *Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, 404 F.3d 821, 826 (4th Cir. 2005). What is more, Defendants must satisfy the extraordinary test for revisiting issues covered by the Fourth Circuit's appellate mandate. *See Volvo Trademark Holding Akitebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007). The standard for injunction modification sets a high bar, and it "precludes the Court from considering old issues—whether or not they have been amplified by new 'facts' or refashioned arguments—that [were or] could have been presented before the injunction issued." *Centennial Broad., LLC v. Burns*, 433 F. Supp. 2d 730, 734-35 (W.D. Va. 2006). Defendants ask

the Court to do just that, yet the Court cannot permit re-litigation of old issues merely because a party wishes to see a different result.

Furthermore, Defendants place great significance on the withdrawals and substitutions the Court permitted in its April 8, 2022 Order, but these substitutions did not alter the basis upon which the injunction was granted in any material way.  This Court and the Fourth Circuit expressly based the injunction on extensive documentary evidence, which included "business files, wire records, voice recordings, and recent public and incriminating statements" in addition to three witness declarations Plaintiffs filed subsequent to the attestations Judge Buchanan permitted them to withdraw.

As for the two depositions Defendants cite in support of their argument that the preliminary injunction should be dissolved, due to Defendants' failure to satisfy the Rule 60(b) standard and the existence of the appellate mandate, Defendants are procedurally barred from relitigating these defenses as grounds for modifying the injunction this Court issued.  Even if they could be heard on this issue now, however, the deposition testimony Defendants cite fails to identify new information because neither Mr. Lorman's nor Mr. Doden's declarations purported to speak to Defendant Watson's subjective intent or knowledge of certain kickback payments.  *See* Dkt. 677 at 11-13.  The Court concludes that the depositions appear to be consistent with the original injunction record, and the injunction record as it stands continues to support each factor under *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 51 (2008).  For these reasons, the Court finds that Defendants have failed to demonstrate that the injunction should be vacated, and their Motion and the related relief it seeks is therefore denied.

Having considered Defendants' Motion for Leave to File a Sur-reply in support of the Motion to Vacate the Preliminary Injunction (Dkt. 957) and Plaintiffs' Opposition (Dkt. 1000), the

Court finds the briefing ordinarily permitted under the Local Rules is adequate to resolve the questions presented and does not find grounds for permitting further briefing on this issue. The Court will therefore deny the motion. Defendants are not precluded from raising the issues identified in their proposed sur-reply in further briefing.

For the reasons set forth above, it is hereby ORDERED that Defendant Nelson's Objections to Magistrate Judge's Order Precluding the Deposition of Peter DeSantis (Dkt. 629) are OVERRULED; and it is

FURTHER ORDERED that the Watson Defendants' Objections to Magistrate Judge's Order Precluding the Deposition of Lora MacDonald and Granting Plaintiffs' Motion to Withdraw and Substitute Verifications and Certain Declarations (Dkt. 677) are OVERRULED; and it is

FURTHER ORDERED that Defendants' Motion to Vacate the Preliminary Injunction (Dkt. 695) is DENIED; and it is

FURTHER ORDERED that Defendants' Motion for Leave to File Sur-reply to Motion to Vacate Preliminary Injunction (Dkt. 957) is DENIED; and it is

FURTHER ORDERED that, based on the unopposed Notice filed by Defendants Brian Watson and WDC Holdings, LLC, d/b/a Northstar Commercial Partners (Dkt. 1022), the Court's October 7, 2022 Order (Dkt. 1069) is AMENDED in part to reflect that the insurance policy referenced in that Order should read "AIC Policy No. AXX9300383-01"; and it is

FURTHER ORDERED that all other portions of the Court's October 7, 2022 Order (Dkt. 1069) remain in full force and effect.

It is SO ORDERED.

Alexandria, Virginia
October 14, 2022

/s/
Rossie D. Alston, Jr.
United States District Judge