**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| AMAZON.COM, INC., *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>WDC HOLDINGS LLC, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 1:20-cv-00484 |

## DEFENDANTS BRIAN WATSON AND WDC HOLDINGS, LLC'S MOTION TO AMEND THE COURT'S OCTOBER 14, 2022 ORDER

Defendants Brian Watson and WDC Holdings, LLC (collectively, "Defendants"), by and through undersigned counsel, hereby move this Court to amend its order dated October 14, 2022 (Dkt. 1075) to correct a new error with the policy number for Defendants' excess Director's and Officer's ("D&O") coverage. For the reasons explained below, Defendants request that the penultimate paragraph of the Order be amended to say that the insurance policy referenced in that paragraph should be "AIC Policy No. AAX9300383-01."

### Relevant Facts

When this Court appointed Mark. A. Roberts to be the Receiver of Defendants' assets, it issued an order (the "Receivership Order"). expressly authorizing Roberts to take possession of Defendants' "Assets," a term the order defined to include claims under an insurance policy. *See* Dkt. 433 ¶ 5. The Receivership Order gives the Receiver full authority to (i) initiate, defend, make, settle, and/or adjust all claims under Defendants' insurance policies, including its D&O policies, (ii) make all determinations and decisions with respect to those policies, and (iii) notify

1

insurers that any proceeds paid under the policies should be disbursed to the Receiver until further notice. *Id.* ¶ 5.j(e).

Notwithstanding these provisions of the Receivership Order, HCC—the carrier for Defendants' primary D&O coverage—signaled that it would not continue to disburse funds under Defendants' primary D&O policy absent a court order authorizing disbursement of funds to the Receiver and the Receiver's use of those funds to pay Defendants' attorney's fees and costs covered by the policy. On December 17, 2021, Defendants filed their Motion for Approval of Receivership Disbursement to Cover Legal Fees, *see* Dkt. 458, which the Court granted, *see* Dkt. 502 (the "Disbursement Order").

Sometime in or about September 2022, Defendants were close to exhausting coverage under the primary D&O policy, thereby triggering coverage under their excess D&O Policy, Arch Insurance Company ("AIC") Policy No. AAX9300383-01. As did HCC with respect to the primary policy, AIC indicated that it would not disburse proceeds under the excess D&O policy without a court order expressly authorizing AIC to disburse proceeds payable to Defendants under the excess policy and the Receiver's use of the funds to pay covered attorney's fees and costs. As does their primary D&O policy, Defendants' excess policy covers attorneys' fees and costs that Defendants and other insured parties have incurred to date and will continue to incur in connection with this case, grand-jury proceedings in this district, and an SEC enforcement action pending in the District of Colorado. *See* Dkt. 998 (requesting amendment of Disbursement Order to expressly include AIC Policy No. AAXQ300383-01 [sic]).[1]

---

[1] The Court granted Defendants' motion by order dated October 7, 2022. *See* Dkt. 1069. In granting the motion, the Court understandably repeated Defendants' mistake, referring to the excess D&O policy as "AIC Policy No. AAXQ300383-01."

After filing, the undersigned learned that the motion misstates the policy number for Defendants' excess D&O coverage. Indeed, the motion documents show that the fourth character of the policy number is "Q," where the policy itself shows a "9." In other words, the correct number for Defendants' excess D&O coverage is AAX9300383-01, not AAXQ300383-01 as the motion stated.

On September 21, 2022, counsel for Defendants filed a Notice explaining the discrepancy. *See* Dkt. 1022. But in seeking to correct the first error, the undersigned introduced a second. Specifically, the Notice states incorrectly that Defendants have excess D&O coverage under AIC Policy No. AXX9300383-01,[2] when their coverage is under Policy No. AAX9300383-01. This most recent error shows that the second character of the policy number is "X" when it should be "A."

With apologies, the undersigned requests on Defendants' behalf that the penultimate paragraph of the Court's Order dated October 14, 2022 (Dkt. 1075) and corresponding Minute Entry, be amended in part to state that the insurance policy referenced therein should read "AIC Policy No. AAX9300383-01."

Before filing the motion to amend the Disbursement Order, the undersigned contacted counsel for all other parties who have appeared in this case to ask whether their respective clients would consent to or oppose the relief requested, no attorney represented that his or her client would oppose the motion, and no party did oppose it. Because no party opposed amendment of the Court's Disbursement Order to expressly include Defendants' excess D&O policy, it stands to reason that no party acting in good faith could oppose correction of the resulting order (as amended on October 14, 2022), so it refers to the right policy.

Dated: October 20, 2022                    Respectfully submitted,

                                           */s/ Jeffrey R. Hamlin*
                                           Jeffrey R. Hamlin (VA Bar No. 46932)
                                           George R. Calhoun (*pro hac vice*)
                                           IFRAH PLLC
                                           1717 Pennsylvania Ave. NW, Suite 650
                                           Washington, DC  20006
                                           202.524.4140 – Tel.
                                           202 524.4141 – Fax
                                           jhamlin@ifrahlaw.com
                                           george@ifrahlaw.com

                                           *Counsel for Defendants WDC Holdings*
                                           *LLC and Brian Watson*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 20, 2022, I will electronically file the foregoing motion with the Clerk of Court using the Court's CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

Dated: October 20, 2022                               <u>*/s/ Jeffrey R. Hamlin*</u>
                                                                    Jeffrey R. Hamlin

5