# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **AMAZON.COM, INC and AMAZON DATA SERVICES, INC.,** | Case No. 1:20cv484 |
| Plaintiffs, | **Hon. Rossie D. Alston, Jr.** |
| v. | **Hon. Ivan D. Davis** |
| **WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al.,** | |
| Defendants, | **DECLARATION OF ADAM R. SMART IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL** |
| **800 HOYT LLC,** | |
| Intervening Interpleader Plaintiff, | |
| **v.** | |
| **BRIAN WATSON, et al.** | |
| Interpleader Defendants. | |

I, Adam R. Smart, pursuant to 28 U.S.C. § 1746 hereby declare, under penalty of perjury, as follows:

1. I am over the age of 18 years. I have personal knowledge of the facts set forth below, and if called upon to do so, I could and would competently testify thereto.

2. I am an attorney licensed to practice law in the State of Florida and admitted to appear in this case, *pro hac vice*, on behalf of Defendants Carleton Nelson and Cheshire Ventures, LLC. I am an attorney at the law firm of Burr & Forman, LLP.

3. I make this declaration in support of Carleton Nelson's motion to compel.

4. Attached hereto as Exhibit A is a true and correct copy of excerpts from the 30(b)(6) deposition of Amazon, by corporate representative Chris Vonderhaar, taken on September 14, 2022 in this action, filed under seal.

6. Attached hereto as Exhibit B is a true and correct copy of excerpts from the deposition of Richard Lee, taken on December 19, 2022 in this action, filed under seal.

7. Attached hereto as Exhibit C is a true and correct copy of excerpts from the report of Richard Lee, disclosed by Amazon in this action, filed under seal.

8. Attached hereto as Exhibit D is a true and correct copy of an excerpt of Amazon's response to Nelson's requests for admission in this action.

9. Attached hereto as Exhibit E is a true and correct copy email correspondence between me and counsel for Amazon during October and November 2022.

10. Attached hereto as Exhibit F is a true and correct copy email correspondence between counsel for Amazon and the U.S. Attorney's Office for the Eastern District of Virginia, dated February 20, 2022, produced by Amazon in this action.

11. Attached hereto as Exhibit G is a true and correct copy email correspondence between the U.S. Attorney's Office for the Eastern District of Virginia and counsel for Amazon, dated June 24, 2022, produced by Amazon in this action.

12. Attached hereto as Exhibit H is a true and correct copy of a spreadsheet produced by Amazon in discovery in this action that appears to be a list of the developers to whom it sent the requests for certifications at issue in this motion, filed under seal.

13. Attached hereto as Exhibit I is a true and correct copy of correspondence from Amazon to developer Steuart-Westfax A, LLC produced by Amazon in discovery in this action, filed under seal.

14. Attached hereto as Exhibit J is a true and correct copy of a certification produced by Scott Peterson in discovery in this action.

15. Attached hereto as Exhibit K is a true and correct copy email correspondence between counsel for Amazon and the U.S. Attorney's Office for the Eastern District of Virginia, dated April 1, 2020, produced by Amazon in this action.

15. Attached hereto as Exhibit L is a true and correct copy of an excerpt of Amazon's objections in response to Nelson's first requests for production in this action.

16. Attached hereto as Exhibit M is a true and correct copy of an excerpt of Nelson's first requests for production in this action.

17. The definition for "Lease Transactions" used in Nelson's requests for production was taken from the definition Amazon used in its own requests for production to Nelson.

18. During the parties' meet and confer call on Nelson's first set of requests for production to Amazon, Amazon told the Nelson defendants that there was nothing relevant outside anything directly relating to the nine lease transactions at issue in this case as it may pertain to requests for production 3 or 4. At the time neither the Nelson Defendants nor their attorneys, had any knowledge that Amazon had recently entered into a confidential settlement with IPI that relied in part on the yield and fee rates in Amazon's other data center lease transactions. Only later when Amazon supplemented its 26(a)(1) disclosures did the Nelson Defendants become aware of the settlement. Nor did the Nelson Defendants or their attorneys know about the new procurement policy that was implemented by Amazon in April 2020 that appears to be directly tied to the allegations in this case. Thus, the representation at the meet and confer conference induced the Nelson Defendants to agree to this proposed limitation on Requests for Production 3 and 4.

19. After learning of the settlement agreement and requesting Amazon provide additional information on the yields and fee sin its other leases, Amazon did provide some, but not complete information. Thus, Nelson was forced to subpoena a third party auditor of Amazon for data Amazon had in its possession but would not provide.

20. Attached hereto as Exhibit N is a true and correct copy of excerpts from the deposition of Keith Klein, taken on March 22, 2022 in this action, filed under seal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief

Executed on December 23, 2022

                                         */s/ Adam R. Smart*
                                         ADAM R. SMART

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2022, a true and correct copy of the foregoing has been served upon all parties of record via the ECF system and via email.

Dated: December 23, 2022               */s/ Rachel Friedman*
                                       Rachel Friedman