# EXHIBIT E

## Smart, Adam

| | |
|---|---|
| **From:** | Smart, Adam |
| **Sent:** | Tuesday, November 22, 2022 12:04 PM |
| **To:** | 'Barrett, Claudia M.' |
| **Cc:** | Little, Alex |
| **Subject:** | RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA |

Claudia,

Any update on this? Since the Court moved the other hearing to the 2nd of December we are shooting for that hearing date as well in the event we are unable to resolve this.

Thank you.

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Thursday, November 17, 2022 12:38 PM
**To:** Smart, Adam <asmart@burr.com>
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[EXTERNAL EMAIL]**

Adam, just FYI, this is still an open item, just trying to run it down. I'll get back to you as soon as I am able.

**Claudia M. Barrett**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

**From:** Smart, Adam <asmart@burr.com>
**Sent:** Friday, November 11, 2022 10:00 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com; Andrew.Solinger@wallerlaw.com
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[WARNING: External Email]**

Yes, 9:30 am works.

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Friday, November 11, 2022 7:35 PM
**To:** Smart, Adam <asmart@burr.com>

1

**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com; Andrew.Solinger@wallerlaw.com
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[EXTERNAL EMAIL]**

Adam,

The motion to compel I meant was the motion by the Watson defendants. Apologies for the confusion on that one point. We disagree, however, with the characterizations in the rest of your email. I can speak on Monday morning nonetheless – does 9:30am work for you?

**Claudia M. Barrett**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Smart, Adam <asmart@burr.com>
**Sent:** Thursday, November 10, 2022 3:54 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com; Andrew.Solinger@wallerlaw.com
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[WARNING: External Email]**

Claudia,

Given we were not told this new procurement policy was implemented despite many opportunities for Amazon to be transparent about it, I take exception with your claim that we "let this lie idle since January." It is impossible to let something lie idle when you don't know it exists. It appears that Amazon purposefully held this back from us given we have had numerous communications and disputes about Amazon's failure to produce relevant internal policies and Amazon made no effort to provide this information to us. In fact, it was only after WE provided a detailed list of polices WE could identify from Amazon's other productions that we got a supplementation from Amazon on its own relevant polices (not to include this one of course). This is backwards, as it should be Amazon—the party with the most knowledge of its own policies—that should have been identifying and producing those polices and related documents from the start. We should not be limited to receiving only those polices we are fortunate enough to have identified by pouring over Amazon's documents when that was Amazon's job to identify the responsive policies in response to discovery.

I also want to point out that we have never moved to compel IPI to produce anything in this case so I am not quite sure what your earlier reference to my clients doing so means. The only information regarding IPI we have moved to compel was in Amazon's hands and it was compelled by the Court.

That said, if there truly is no one on your team who is sufficiently knowledgeable about Amazon's new procurement policy aside from you to have a conversation about whether they should be produced I can wait until Monday.  If as I suspect Amazon is going to continue to refuse to provide what are blatantly relevant documents after that call, we can let the Court opine on Amazon's position that it can unilaterally continue to engage in discovery after the discovery cutoff by issuing third-party subpoenas and taking depositions without asking the Court for leave to do so, but then insist that no other parties obtain anything from Amazon—even documents that go directly to Amazon's theories of its case regarding purported violations of its policies.

Let me know your availability on Monday.

Sincerely,

Adam

---

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Thursday, November 10, 2022 9:21 AM
**To:** Smart, Adam <asmart@burr.com>
**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com; Andrew.Solinger@wallerlaw.com
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[EXTERNAL EMAIL]**

---

Adam,

I was unavailable after 10pm last night, and I'm the person most up to speed on the issues you raise below.  Given that you have let this lie idle since January and past the close of discovery, I hope you can accommodate my unavailability for the next two days and speak with me on Monday.

Thanks,
Claudia

**Claudia M. Barrett**
Of Counsel

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Smart, Adam <asmart@burr.com>
**Sent:** Wednesday, November 9, 2022 10:00 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com;

Andrew.Solinger@wallerlaw.com
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[WARNING: External Email]**

Claudia,

I understand your team's position, but disagree in many respects. As you just responded I can do the call now if you are available, I am standing by. If that does not work and you are not available tomorrow please make someone else on your team available. You raised this same "narrowing" argument previously in regards to other matters such as the fees and yields on other lease transactions. Just as then it holds no water here. I also am perplexed by your repetition of the phrase discovery is closed – you refused to withdraw a subpoena issued after discovery was closed despite my questioning why Amazon believed it could serve a third party subpoena at that time and you are still negotiating over a fact deposition to occur next week.

If your position is that the documents are not responsive and not relevant then it does not sound like a conference will change your view. But in order to comply with the local rules before seeking relief from the Court we request that you provide someone from your team tomorrow for a call if you are not available. You have many people on your team I am certain one of them can be available .

Thanks,

Adam

---

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Wednesday, November 9, 2022 9:46 PM
**To:** Smart, Adam <asmart@burr.com>
**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com; Andrew.Solinger@wallerlaw.com
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[EXTERNAL EMAIL]**

Adam,

As noted below, Alex Little and Mr. Watson's counsel, George Calhoun, both agreed to narrow the scope of the RFPs on which you now base this request. That was back in January. Now discovery is closed, and we do not see any basis for you to be requesting these documents. Further, Judge Buchanan previously found that materials from other transactions that have nothing to do with this case are irrelevant and, thus, denied your client's motion to compel IPI to produce documents related to such other transactions. Amazon has fulfilled its discovery obligations. That said, I am unavailable on Thursday and Friday but could speak on Monday if that would be helpful.

Thanks,
Claudia

**Claudia M. Barrett**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Smart, Adam <asmart@burr.com>
**Sent:** Tuesday, November 8, 2022 5:32 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com; Andrew.Solinger@wallerlaw.com
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[WARNING: External Email]**

Claudia,

Please let me know when your team would be available to meet and confer about this issue. We do not agree with your characterization so it looks like we will need to have a conferral on the matter so we can see if it can be resolved or not, as I doubt further back and forth emails will move the ball forward. I am generally available tomorrow and Thursday to discuss.

Thank you,

Adam

---

**From:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Sent:** Tuesday, November 1, 2022 9:19 AM
**To:** Smart, Adam <asmart@burr.com>
**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com; Andrew.Solinger@wallerlaw.com
**Subject:** RE: Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[EXTERNAL EMAIL]**

Adam,

Respectfully, there is no deficiency in Amazon's production. Both Nelson RFP 4 and Watson RFP 3 were narrowed during meet and confers in January of this year. On January 20, 2022, George agreed to limit Watson RFP 3 to the nine lease transactions at issue. On January 21, 2022, Alex agreed to the same limitations. We believe any responsive documents for those transactions were produced, including the Spending Transaction Policy. Thus, we do not see how the information you seek now is covered by these requests, and, as you noted in your October 19 email, discovery has closed and there is no basis to seek additional discovery that was not sought prior to the cut off without leave of court or consent from the other parties.

Thanks,
Claudia

**Claudia M. Barrett**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Tel +1 202.887.3642 • Fax +1 202.530.9619
CBarrett@gibsondunn.com • www.gibsondunn.com

---

**From:** Smart, Adam <asmart@burr.com>
**Sent:** Friday, October 28, 2022 6:19 PM
**To:** Barrett, Claudia M. <CBarrett@gibsondunn.com>
**Cc:** Papez, Elizabeth P. <EPapez@gibsondunn.com>; Stokes, Patrick F. <PStokes@gibsondunn.com>; Moyé, Veronica S. <VMoye@gibsondunn.com>; Mendro, Jason J. <JMendro@gibsondunn.com>; Barrett, Claudia M. <CBarrett@gibsondunn.com>; Dziuban, Michael R. <MDziuban@gibsondunn.com>; SGarnett@bhfs.com; Houseal, Amanda K. <ahouseal@bhfs.com>; Bodner, Sara R. <sbodner@bhfs.com>; Little, Alex <Alex.Little@burr.com>; JD.Thomas@wallerlaw.com; Andrew.Solinger@wallerlaw.com
**Subject:** Amazon Inc. v. WDC Holdings LLC, No. 1:20-cv-484-RDA

**[WARNING: External Email]**

Claudia,

We write to identify what appears to be a deficiency in Amazon's productions concerning Amazon's procurement policies and procedures with respect to outside developers involved in BTS Lease transactions with Amazon. I have included counsel for Mr. Watson and Mr. Kirschner because they too have concerns about the lack of production of the documents identified herein.

Specifically, it appears that Amazon sent to many of the developers with whom it worked a certification it required them to sign in or around April 2020, asserting there were new or recent "internal procurement requirements" that required the certification. The conduct purportedly identified in the certifications and purported "recent internal procurement requirements" hews closely to the very conduct for which Amazon is seeking to impose liability in this action on both our client as well as the Watson defendants and Mr. Kirschner. Both the Nelson and Watson Defendants have requested documents concerning Amazon's relevant policies in discovery. See Nelson RFP 4 ("All DOCUMENTS evidencing any procurement policies, processes or procedures applicable to LEASE TRANSACTIONS or land purchases made by you."); Watson Defendants RFP No. 3 ("ALL DOCUMENTS AND COMMUNICATIONS RELATING TO YOUR internal policies and procedures for soliciting, reviewing, approving and executing LEASE TRANSACTIONS and DIRECT PURCHASE TRANSACTIONS").  Nevertheless, Amazon has failed to produce the documents evidencing the "recent internal procurement requirements" or the communications and certifications discussing or reflecting the application of those "recent internal procurement requirements."

At this time it appears we have a copy of the email sent to only one developer, Steuart-Wesfax.  Further, we only have one certification, provided in response to a third party subpoena to Waterstone, not by Amazon.

Accordingly, we request that Amazon supplement its production by providing:

(1) A copy of the "internal procurement requirements" referenced in the attached email.
(2) Internal non-privileged Amazon communications or documents evidencing approval of the "recent internal procurement requirement" referenced in the attached email;
(3)The correspondence between Amazon and each of the developers identified below (along with their site codes for lease transactions to aid your search) concerning Amazon's "recent internal procurement requirements" and requests for certification (like that sent to Steuart), as well as the certifications or other communications received in response to the request (like that executed by Waterside), and any "follow-up" with those developers:

| | |
|---|---|
| IAD1/9/22 | Steuart-Wesfax / MPG |
| IAD10 | Altus Realty Partners |
| IAD108/109/124/125/126/127/130/131/144/145/175 | IPI/Stack |
| IAD11/24 | Cambridge Hanover / Leebar Management Company |
| IAD50/55/60/71/73/74/75/95/96/98/99/114-119/129/132/133/140/141/ | COPT |
| IAD12 | First Industrial Realty Trust |
| IAD51/56/120/121/122 | Prologis |
| IAD6/7/13/23/54/67/192 | DRT |
| IAD14/59 | Gateway Industrial Properties |
| IAD146/147 | Waterstone Properties Group; Sun Trust |
| IAD15/16 | Dulles Summit –DCT/SIP LLC |
| IAD150/151/152/169/179 | Oppidan (Sold to MetLife 2019) |
| IAD161/162 | SDC Ashburn LLC d/b/a SDC Capital Partners |
| IAD163/164/174 | EdgeCore |
| IAD177 | Sabey |
| IAD177 | Vertical Development |
| IAD29 | Kingstown G LP / Comar Management |
| IAD32 | Electric Building LLC |
| IAD52 | Gateway Industrial Properties |
| IAD57/58 | MCP 22745 & 22755 RelocaSon Drive, LLC |
| IAD90/91/92 | CBRE, Inc. |
| SEA19 | GI Partners |
| YUL64 | Broccolini |

and

(4) Documents evidencing any actions taken by Amazon in response to any communications or certifications received from any of the identified developers following the request for certification under the "recent internal procurement requirements."

We request that Amazon supplement its productions to provide the requested information.  If you have questions or wish to discuss the matter we can make ourselves available next week to do so. Given Mr. Atherton's deposition on Thursday, Wednesday would be a better day for that call. That will also give you time to consult with your client about the documents so that you can let us know if Amazon intends to supplement its production as requested or if we will need to confer on the matter to see if we can resolve it without seeking Court intervention.

Sincerely,

Adam


**Adam R. Smart**
*Counsel*



50 North Laura Street, Suite 3000
Jacksonville, Florida 32202

direct 904-232-7213
fax 904-212-2003
asmart@burr.com
Web

The information contained in this email is intended for the individual or entity above. If you are not the intended recipient, please do not read, copy, use, forward or disclose this communication to others; also, please notify the sender by replying to this message, and then delete this message from your system. Thank you.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at <https://www.gibsondunn.com/> for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at <https://www.gibsondunn.com/> for information regarding the firm and/or our privacy policy.