IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON, CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br> Interpleader Defendants, <br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' MOTION TO EXTEND CASE DEADLINES
AND BRIEFING LIMIT RELATING TO SUMMARY JUDGMENT**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon" or "Plaintiffs") hereby respectfully move this Court under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16(B) to modify certain case deadlines (Dkt. 1023) relating to summary judgment and for leave to file a single, consolidated response to Defendants' motions for summary judgment.[1] The relevant remaining case deadlines, with Amazon's requested extensions in bold, are listed below:

| Deadline | Current | Request |
| --- | --- | --- |
| Summary Judgment Motions | January 11, 2023 | January 11, 2023 |
| Summary Judgment Responses | January 25, 2023 | **February 8, 2023** |
| Summary Judgment Replies | February 1, 2023 | **February 15, 2023** |
| Summary Judgment Hearing | February 8, 2023 | **February 22, 2023** |
| Deadline to Notify re Mediation | March 1, 2023 | March 1, 2023 |
| Deadline to Start Mediation | March 15, 2023 | March 15, 2023 |
| Trial | May 1, 2023 | May 1, 2023 |

As shown in the chart, Amazon requests a two-week extension to the deadline to file summary judgment responses, and a corresponding two-week extension to the deadline to file summary judgment replies and to the date of the summary judgment hearing. There is good cause for the court to extend these deadlines given the likelihood that each Defendant will file a separate motion for summary judgment and because the current schedule provides only two weeks for the parties to prepare their responses.

Relatedly, Amazon also seeks leave of the Court to file a single, over-sized response to Defendants' motions for summary judgment of no more than fifty (50) pages. Because Defendants' motions for summary judgment are likely to raise similar issues of law and fact, a single,

---

[1] Amazon emailed Defendants on December 22, 2022 to obtain their position on these requests. The Watson Defendants consent to Amazon's request to file a single, over-sized response brief of up to fifty pages but do not consent to the requested extension of the briefing schedule. The other Defendants had not provided a position on these requests at the time of filing.

consolidated response would allow Amazon to avoid unnecessarily duplicating its arguments and thus make it more efficient for the Court to assess the parties' arguments and decide these motions.

On September 21, 2022, the parties to this action filed a joint motion to extend certain case deadlines. Dkt. 1020. This motion was necessitated by the serious illness of Defendants Rodney Atherton's wife, which not only required the postponement of Atherton's deposition, but also had cascading effects that led the parties to move to postpone other case deadlines. On the same day, the Court granted the joint motion, thus establishing the operative deadlines relating to summary judgment. Dkt. 1023. Then, at the pre-trial conference on October 20, 2020, the Court set a trial date of May 1, 2022, and also directed the parties to contact the Court no later than March 1, 2023 to set up a settlement conference and to begin that process no later than March 15, 2023. Dkt. 1078. Since the pre-trial conference, the parties have only requested minor modifications to the case schedule relating to fact and expert discovery, which the Court granted on December 6, 2022. Dkt. 1109.

Under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16(B), courts may modify a scheduling order upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4); E.D. Va. Loc. Civ. R. 16(B). In determining whether good cause has been established, courts consider four "discretion[ary]" factors: "[1] the danger of prejudice to the non-moving party, [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, and [4] whether the movant acted in good faith." *Roe v. Howard*, No. 1:16-cv-562, 2017 WL 3709088, at *1 (E.D. Va. June 30, 2017); *see also Lewis v. Jayco, Inc.*, No. 3:19-cv-578, 2019 WL 4126504, at *3 (E.D. Va. Aug. 29, 2019) (noting that "[t]he primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant"). For the reasons discussed below, Amazon has established good cause to extend the case deadlines in the manner described above.

*First*, there is no risk of prejudice to the non-moving parties.  Amazon seeks only a two-week extension of certain deadlines relating to summary judgment.  Moreover, Amazon is not the only party that will benefit from these extensions, as they will also give Defendants additional time to respond to Amazon's motion for summary judgment.  Amazon's filing of a consolidated brief will also aid Defendants and the Court in assessing Amazon's arguments; if the motion is denied, Defendants and the Court would be required to sort through multiple briefs that would undoubtedly contain duplicative arguments.  Further, as discussed below, these extensions will not affect other case deadlines.  So even if the completion of summary judgment briefing is delayed by two weeks, no party can argue that the resolution of this *litigation* will be delayed because of these extensions.

*Second*, the length of the delay is minimal and will not affect the overall progress of this litigation.  Granting this Motion would only delay completion of summary judgment briefing by two weeks.  Moreover, even with these extensions, summary judgment will still be fully briefed *and* argued before the Court's deadline to begin mediation and well before trial is scheduled to begin.  The proposed schedule will "permit[] a reasonable time for the Court to hear arguments and consider the merits" prior to trial.  Loc. R. Civ. 56(B).  Neither the mediation nor the trial deadlines will need to be modified due to the extensions requested in this motion, and thus the modifications will not "affect[] the progress of this case." *Russe v. United States*, No. 1:20-cv-92, 2022 WL 11965612, at *6 (W.D.N.C. Oct. 20, 2022).

*Third*, Amazon has provided valid reasons for requesting these extensions.  As the Court is aware, Amazon has alleged a "massive fraud and kickback scheme orchestrated" by numerous individuals and entities who are parties to this action.  Dkt. 764.  Each Defendants is likely to file its own motion for summary judgment on many, if not all, of the eight claims brought by Amazon.  Yet as it stands now, Amazon will have only two weeks to develop and file its response to these motions.  Given the complex nature of this case, a two-week extension of the deadline to file

4

summary judgment responses, as well as permission from the Court to file a single, consolidated response, will give Amazon sufficient time to fully respond to Defendants' motions. It will also aid the Court by allowing it to review a single response that was prepared with the benefit of two additional weeks.

*Finally*, Amazon has acted diligently and in good faith in making this request. Amazon has not waited to request an extension after a deadline has already passed. *See, e.g.*, *Stroud v. Tapp*, No. 1:20-cv-226, 2022 WL 2758539, at *1 (W.D.N.C. July 14, 2022) ("Discovery closed nearly six months ago, and the Plaintiff has failed to demonstrate good cause for reopening discovery at this late date."). It has also made sure to request an extension that does not require modifications to other case deadlines, and thus respects the wishes of all parties to have this matter proceed to trial as expeditiously as possible. In short, Movants "ha[ve] not sat on [their] hands" while deadlines have passed, *Weisheit v. Rosenberg & Assocs., LLC*, 2018 WL 1942196, at *3 (D. Md. Apr. 25, 2018), and have "acted diligently in filing" this request, *Jayco, Inc.*, 2019 WL 4126504, at *3.

**CONCLUSION**

For the aforementioned reasons, there is good cause to modify the scheduling order by extending the deadlines relating to summary judgment as described above. There is also good cause to grant Amazon leave to file a single, consolidated response to Defendants' motions for summary judgment of no more than fifty (50) pages. Accordingly, the Court should grant this Motion.

Dated: December 23, 2022

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.  
6870 W 52nd Ave., Ste. 203  
Arvada, CO 80002

Demetrius Von Lacey  
2845 Des Moines Dr.,  
Fort Collins, CO 80525

2010 Irrevocable Trust  
6870 W 52nd Ave., Ste. 203  
Arvada, CO 80002

Sigma Regenerative Solutions, LLC  
6870 W 52nd Ave., Ste. 203  
Arvada, CO 80002

*s/ Michael R. Dziuban*  
Michael R. Dziuban  
GIBSON, DUNN & CRUTCHER LLP  
1050 Connecticut Avenue, N.W.  
Washington, D.C. 20036-5306  
Telephone:  (202) 955-8500  
Facsimile:  (202) 467-0539  
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*