IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM and AMAZON DATA SERVICES, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al. <br><br> Defendants. | Civil Action No. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff / Intervening Interpleader Counter - Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS LLC; BW HOLDINGS, LLC, <br><br> Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, et al. <br><br> Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**WATSON DEFENDANTS' RESPONSE TO AMAZON'S MOTION TO EXTEND CASE DEADLINES AND BRIEFING LIMIT RELATING TO SUMMARY JUDGMENT**

Defendants Brian Watson ("Mr. Watson"), WDC Holdings LLC d/b/a Northstar Commercial Partners ("Northstar"), Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings, LLC (collectively, the "Watson Defendants"),

respectfully submit their Response to Amazon.com, Inc.'s and Amazon Data Services, Inc.'s (collectively, "Amazon") Motion to Extend Case Deadlines and Briefing Limit Relating to Summary Judgment ("Motion to Extend").

## I.     INTRODUCTION

The Watson Defendants do not oppose Amazon's request for leave to file a single, consolidated response to Defendants' motions for summary judgment. But the Watson Defendants do object to Amazon's proposed modification to the case deadlines relating to summary judgment. Contrary to Amazon's assertions, the modified deadlines would detrimentally impact the proceedings in this matter. Additionally, Amazon has not demonstrated good cause for requesting this extension. Thus, because of the potential effect on the proceedings and because Amazon's motion does not demonstrate that Amazon has acted diligently, the Court should deny Amazon's requested extension.

## II.    DISCUSSION

Courts determine good cause to modify the briefing schedule based on four factors: "[1] the danger of prejudice to the non-moving party, [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, and [4] whether the movant acted in good faith." *Roe v. Howard*, No. 1:16-cv-562, 2017 WL 3709088, at *1 (E.D. Va. June 30, 2017) (quoting *Guerrero v. Dean*, No. 1:09cv1313, 2012 WL 3068767, at *2 (E.D. Va. July 27, 2012)). The "primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Lewis v. Jayco, Inc.*, No. 3:19-cv-578, 2019 WL 4126504, at * 3 (E.D. Va. Aug. 29, 2019) (quoting *Weisheit, v. Rosenberg & Assocs., LLC*, No. JKB-17-0823, 2018 WL 1942196, at *3 (D. Md. Apr. 25, 2018)). And under Local Rule 7(I), "requests for an extension of time relating to motions . . . in general, will be looked upon with disfavor."

A. **Amazon's proposed modified case deadlines would impede the Court's ability to issue orders related to summary judgment with sufficient time before mediation and thus risk negatively impacting the proceedings in the present matter.**

The Watson Defendants disagree with Amazon's characterization of the potential impacts this delay would have on the present proceedings. In fact, during the October 20, 2022 pre-trial conference, the Court noted the importance of having orders on summary judgment in place as they can have a motivational effect on settlement or successful mediation. *See* Exhibit A at 15 (Transcript of Final Pretrial Conference.) The Watson Defendants have been requesting an order from the Court for a settlement conference since June 2022 and look forward to a meaningful mediation. As the Watson Defendants remain hopeful that this matter can be resolved prior to trial, the Watson Defendants wish to provide the Court sufficient time to consider the Summary Judgment briefing and arguments and issue an order on the subject. The Watson Defendants are hopeful that this will allow the parties to engage in meaningful mediation. Furthermore, counsel have planned accordingly based on the operative schedule. This two-week change not only interferes with counsels' other pending matters, it also compresses the time between summary judgment and trial. Thus, the Watson Defendants oppose Amazon's amended briefing schedule because they believe it would truncate the parties' ability to reach a resolution in the matter following summary judgment and prior to trial, thus prejudicing the parties.

B. **Amazon has not demonstrated good cause for the modification of the briefing schedule and thus ultimately does not meet the diligence required of a moving party.**

Amazon has not provided a valid reason for the modified briefing schedule. Throughout these proceedings and as memorialized at the October 20, 2022 pretrial conference, Amazon has agreed to the current timeframe and schedule for the summary judgment briefing. *See e.g.*, Exhibit A at 15. And, as admitted in the Motion to Extend, the Court and the parties set this specific operative schedule after already accounting for the delay caused by the illness of Rodney

Atherton's wife. *See* Dkt. 1122. There have been no substantive changes to the facts or circumstances of the case since the current schedule was agreed to by all parties. Perhaps because the circumstances have not, in fact, changed since the current schedule was agreed to, Amazon only presents a broad stroke outline of the litigation. It does not provide the Court any explanation as to why an extension is appropriate right now. The Watson Defendants' correspondence with Amazon has likewise resulted in no clarity on why Amazon believes an extension on these deadlines is appropriate. Rather Amazon focuses on the anticipated actions of the Defendants—actions that should come as no surprise—rather than its own efforts or new developments it deems require consideration. *Compare* Dkt. 1122 ("Each Defendant is likely to file its own motion for summary judgment on many, if not all, of the eight claims brought by Amazon."), *with Weisheit*, 2018 WL 1942196, at *4 (finding moving party had good reasons for seeking to amend her complaint after the deadline as the amendment contemplated a class action allegation which would "change[] the character of [the] lawsuit significantly.").

The present situation is akin to that of *Guerrero v. Deane*, where the court was unpersuaded by the defendant's assertions of good cause to file a memorandum following a motion in limine that the defendant choose to file prior to the issuance of a Court order because the defendant "knew the essence of the Court's ruling" on the motion at the point they filed the original motion. 2012 WL 3068767, at *3. In both *Guerrero* and here, nothing changed for the moving party. And to the Watson Defendants' knowledge, there have been no developments requiring additional consideration. As a parallel to *Guerrero*, Amazon's need for the modified schedule "is not readily apparent." *See id.* From the initiation of these proceedings, Amazon was aware of the breadth of its own claims and knew, or should have anticipated, that Defendants would each file a motion for

summary judgment. Amazon has not provided any reason why the initial schedule is now incompatible with these proceedings.

Finally, delay in the briefing schedule related to summary judgment is not appropriate here. While Amazon, yet again, touts the line that it has not sat on its hands, *see Weisheit*, 2018 WL 1942196, at *3, aside from requesting this extension before the deadline, its motion provides no explanation of what it has done to prove it acted diligently and yet still cannot comply with the agreed upon deadlines. *Cf. id.* (finding the moving party acted diligently where even though she missed the deadline for amending the complaint by 56 days, she spent months "seeking out, vetting, and collaborating with class counsel."). Amazon's recitation of the fact that this is a complex case with no discussion of its own efforts nor mention of considerations requiring additional consideration falls short of the caselaw requirement that it act diligently to receive this modification.

### IV.     CONCLUSION

Amazon has provided no valid reason to delay this case. Furthermore, Amazon glosses over the potential prejudice to parties should the Court not be given time to issue an order on summary judgment with sufficient time for the parties to meaningfully engage in mediation and seek to resolve this matter before trial. Thus, because Amazon has not satisfied the good cause standard for modification of the operative schedule, the Watson Defendants respectfully request the Court grant Amazon's request for leave to file a single, consolidated response to Defendants' motions for summary judgment but deny Amazon's proposed modifications to the case deadlines related to summary judgment.

Dated: December 30, 2022

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: */s/ Stanley L. Garnett*
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah Regan-Smith (*pro hac vice*)
Rosa L. Baum (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregan-smith@bhfs.com
rbaum@bhfs.com

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC*