IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al. <br><br> Defendants. | Civil Action No. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff / Intervening Interpleader Counter - Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS LLC; BW HOLDINGS, LLC, <br><br>    Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, et al. <br><br>    Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**WATSON DEFENDANTS' REPLY TO AMAZON'S RESPONSE IN SUPPORT OF MOTION TO SEAL**

Defendants Brian Watson, WDC Holdings LLC, Sterling NCP FF, LLC, Manassas NCP FF, LLC, and NSIPI Administrative Manager (collectively, the "Watson Defendants") respectfully submit the following Reply to Plaintiffs' Response to Defendants' motions to File Documents

1

Under Seal (the "Response") (Dkt. 1259) and Non-Party IPI Partners, LLC's ("IPI") Response to Various Motions to File Documents Under Seal (Dkt. 1257).

## INTRODUCTION

The Watson Defendants filed their motions to seal (the "Motions") (Dkts 1156, 1242) under the obligations of the June 2, 2020 Protective Order (Dkt. 55.). Aside from the requirements of the Protective Order, the Watson Defendants do not believe that Plaintiffs, Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon"), or IPI have identified a legitimate interest in keeping these documents confidential—certainly not one outweighing the public interest in access to information and open and transparent legal proceedings. Amazon has chosen to avail itself of this Court to make public allegations accusing the Watson Defendants of serious wrongdoing, yet even now, on the eve of trial, insists that a significant portion of highly relevant evidence must remain a secret from the public, a position contrary to both the First Amendment and the foundational principles of a public and transparent legal system. Now, despite a clear directive from this Court, Amazon fails to identify a specific interest in the confidentiality of any of the documents, instead relying on boilerplate language and the fact that the same or similar documents have previously been filed under seal. These explanations, while perhaps adequate in early stages of the case, are insufficient on summary judgment. IPI's Response suffers from similar defects—it not only relies on boilerplate language but also fails to consider less drastic remedies, such as redaction of specific numbers or names rather than blanket sealing.

## LEGAL STANDARD

"[T]he common law and the First Amendment presume a public right of access to court documents." *Malon v. Franklin Financial Corp.*, No 3:14CV671, 2014 WL 127682, at * 2 (E.D. Va. Dec. 4, 2014) (citing *Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).

"Motions to file documents under seal are disfavored and discouraged. . . designation of a document or other material as confidential during discovery is not, by itself, sufficient justification for allowing a document or other material to be filed under seal" and "[b]lanket sealing of entire briefs, documents, or other papers is rarely appropriate." E.D. Va. Local Rule 5(C). Accordingly, a court may order a document filed under seal only upon finding that "the public's right of access is outweighed by competing interests" and that there are no less drastic alternatives to sealing the documents. *Malon*, 2014 WL 127682 at * 2; *Ashcroft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## ARGUMENT

As noted, the Watson Defendants filed the motions at issue in light of the apparent obligation to do so pursuant to the Protective Order. But as the Local Rules require, and the Court's recent order reiterates, the parties applying the confidentiality marking in question are responsible for justifying the sealing or redaction of any alleged confidential material.

Here, Amazon and IPI have not provided a legitimate basis to seal documents they have unilaterally marked as confidential. Amazon and IPI's Response rely on two arguments to seal each of the documents: (1) that these or similar documents have previously been filed under seal and (2) boilerplate assertions such as "documents, such as this, reflect sensitive information relating to Amazon's real estate transactions, and have been designated by Amazon as 'Confidential' under the protective order." (*See e.g.*, Dkt. 1259 at 4 (Hamlin Ex. 10).) Neither of these explanations is sufficient to deprive the public of access to key documents at the summary judgment stage of this proceeding. (*See also* Dkt. 1257)[1]

---

[1] Additionally, IPI argues that these documents must remain sealed because of litigation regarding the same matters pending in Delaware (the Delaware litigation is stayed pending this case) (*see* Dkt. 1257 at 3-4.) However, IPI cites to no law or authority as to why that litigation should have

3

First, the fact that documents have previously been filed under seal is not determinative. A trial judge may order documents sealed only "if the public's right of access is outweighed by competing interests." *Malon*, 2014 WL 127682, at * 2. This weighing of interests is not static, but changes over time. Where Amazon may have had a compelling interest in keeping certain documents or information confidential over two years ago—although the Watson Defendants do not believe that such an interest existed in most instances—such an interest is significantly diminished today. For example, Hamlin Ex. 27 is a Deed of Lease for one of the Lease Transactions at issue. This Deed of Lease is not only several years old—it was executed in 2018—but is also no longer represents the current terms of the lease following the confidential settlement agreement with IPI. Accordingly, the simple fact that this document was filed under seal earlier in the litigation is not enough to show that it must remain under seal now. Amazon's Response does not explain what interest it has that will be harmed if the public is able to access an inactive lease from five years ago, nor can it.

Additionally, reliance on prior sealing disregards the fact that sealing a document at the summary judgment stage of proceedings requires a higher showing than sealing early on in the case. *See Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) ("[S]ummary judgment 'serves as a substitute for trial,' . . . once the documents [are] made part of a dispositive motion, they lo[se] status as being 'raw fruits of discovery.'") (quoting *Rushford v. New York Mag. Inc.*, 846 F.2d 349, 252-53 (4th Cir. 1988). The Protective Order under which confidentiality designations were made explicitly contemplates that confidentiality designations are unlikely to be upheld at the trial stage of proceedings, and the Local Rules similarly discourage

---

any impact on the First Amendment right of public access in this case and no support that its speculative fears are founded.

4

sealing of trial exhibits. *See* Dkt. 55 ¶ 11(f); E.D. Va. Local R. 5(H).

Second, as this Court made clear in its February 8, 2023 Order, generic boilerplate explanations are an insufficient basis to seal documents. (Dkt. 1256 at 2 ("Boilerplate statements lie 'the filings contain or refer to material that is not publicly available and contains or reflects sensitive confidential, business, financial, or proprietary information' are insufficient.")) That Amazon resorts to this language anyway demonstrates that there is no legitimate basis to seal many of these documents. A review of the documents shows that they simply do not contain proprietary or sensitive information. Rather, these documents reflect typical, day-to-day business practices that one would expect from either Amazon or any other similarly situated business. For example, Hamlin Ex. 5 is an email from Northstar to Amazon transmitting an RFP response written by Northstar. (*See* Dkt. 1163-2.) The exhibit does not even include the attachment; it is a three-sentence email stating that the document is attached, thanking the Amazon employee for their time, and stating that the author looks forward to working together. (*Id.*) Amazon writes that "the email reflects confidential, proprietary, or nonpublic commercial information relating to Amazon's business." In truth, the email contains almost no information of any kind; the mere fact that developers send Amazon RFP's for projects can hardly be considered confidential or non-public. Similarly, IPI has claimed that Hamlin Ex. 23 must remain under seal because it "contains material that is not publicly available and reflects sensitive business, financial, and proprietary information" (Dkt. 1257 at 4), but this exhibit is an email sent from IPI to outside parties that was not marked as confidential when sent. (*see* Dkt. 1171-3).

Another example is Hamlin Ex. 21, titled "Amazon Approvals." (Dkt. 171-1.) Amazon states that this document "reveals confidential and sensitive information relating to Amazon's internal real estate approval process," (Dkt. 1259 at 6-7); however, the document simply gives a

5

very brief and vague overview of each of the Lease Transactions and shows which individuals at Amazon approved the transaction. That Amazon entered into the Lease Transactions is not confidential or proprietary information—it is at the heart of this lawsuit and has been publicly written about and discussed for years. And neither is the fact Amazon requires approval from multiple departments for its projects—this would be expected by any business authorizing multi-million dollar spends. The documents do not even contain a discussion of the approval process but simply show that it happened. None of this information requires confidential treatment.

Indeed, these are just a few examples of many. Amazon and IPI's Responses demonstrate that there is no legitimate reason to keep the requested documents under seal—the relevant law and rules do not hold that any information regarding a company's business or operations must be withheld from the public in the context of a lawsuit simply because the company does not otherwise publish that information. If it did, all business disputes would be sealed and unavailable to the public. That is simply not how our legal system operates. Even a billion-dollar company like Amazon remains subject to the same rules and standards as any other party in a public court proceeding—they cannot avail themselves of the public court system while simultaneously hiding behind vague and unsupported claims of confidentiality.

## CONCLUSION

The issue of public access to the pertinent documents, records, and testimony in this case extends beyond those subject to the Watson Defendants' Motions to Seal. Trial in this matter is set to begin in 73 days and will involve the same evidence included in the summary judgment motions, the majority of which has been designated as confidential by Amazon or third parties. To the extent the Protective Order does not require the sealing of the material at issue, the Watson Defendants' do not believe Amazon or IPI have justified keeping those materials under seal.

| | |
|---|---|
| Dated: February 17, 2023 | */s/ Jeffrey R. Hamlin*<br>Jeffrey R. Hamlin (VA Bar No. 46932)<br>George R. Calhoun (*pro hac vice*)<br>James Trusty (*pro hac vice*)<br>IFRAH PLLC<br>1717 Pennsylvania Avenue NW, Suite 650<br>Washington, DC 20006<br>Telephone: (202) 524-4140<br>Facsimile: (202) 524-4141<br>jhamlin@ifrahlaw.com<br>george@ifrahlaw.com<br>jtrusty@ifrahlaw.com<br><br>Stanley L. Garnett (*pro hac vice*)<br>Amanda K. Houseal (*pro hac vice*)<br>Sara R. Bodner (*pro hac vice*)<br>Leah Regan-Smith (*pro hac vice*)<br>Rosa L. Baum (*pro hac vice*)<br>Brownstein Hyatt Farber Schreck, LLP<br>410 17th Street, Suite 2200<br>Denver, CO 80202<br>Telephone: (303) 223-1100<br>Facsimile: (303) 223-1111<br>sgarnett@bhfs.com<br>ahouseal@bhfs.com<br>sbodner@bhfs.com<br>lregan-smith@bhfs.com<br>rbaum@bhfs.com<br><br>*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager, and BW Holdings LLC* |