IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AMAZON.COM, INC. AND AMAZON
DATA SERVICES, INC,

  Plaintiffs,

v.                                                                 Case No. 1:20-CV-484-RDA-IDD

WDC HOLDINGS LLC D/B/A NORTHSTAR
COMMERCIAL PARTNERS, BRIAN
WATSON, STERLING NCP FF, LLC,
MANASSAS NCP FF, LLC, NSIPI
ADMINISTRATIVE MANAGER, NOVA
WPC LLC, WHITE PEAKS CAPITAL LLC,
VILLANOVA TRUST, CARLETON
NELSON, CASEY KIRSCHNER, ALLCORE
DEVELOPMENT LLC, FINBRIT
HOLDINGS LLC, CHESHIRE VENTURES
LLC, 2010 IRREVOCABLE TRUST, SIGMA
REGENERATIVE SOLUTIONS LLC,
CTBSRM INC, RODNEY ATHERTON,
DEMETRIUS VON LACEY, RENRETS
LLC,

  Defendants.

800 HOYT LLC,

Intervening Interpleader
Plaintiff, Intervening
Interpleader Counter-Defendant,

v.

BRIAN WATSON, WDC HOLDINGS, LLC,
BW HOLDINGS, LLC,

Interpleader Defendants,

And

AMAZON.COM, INC. and AMAZON DATA
SERVICES, INC.,
Interpleader Defendants,
Interpleader Counter-Plaintiffs.

1

### DEFENDANT RODNEY ATHERTON'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF UNRELATED LAWSUITS

Defendant Rodney Atherton, by counsel, states as follows in support of his Motion *in Limine* to exclude from the trial of this matter any reference, evidence, or argument concerning unrelated prior lawsuits against Mr. Atherton and his settlement of one such lawsuit.

### I.   FACTUAL BACKGROUND

Plaintiffs' Third Amended Complaint asserts that Mr. Atherton participated in a "kickback scheme orchestrated by two former Amazon employees, Carl Nelson and Casey Kirschner," in connection with Amazon real estate development projects in Virginia. *See Third Am. Compl.*, ¶ 1. Plaintiffs assert the following claims against Mr. Atherton: violation of RICO, 18 U.S.C. §§ 1962(a), (b), (c), and (d) (Count I), and state law claims for detinue (Count II), civil conspiracy (Count V), unjust enrichment (Count VII), and conversion (Count VIII).

Mr. Atherton is an attorney licensed in Colorado. As pertinent to this matter, he represented Casey Kirschner, Christian Kirschner (Casey's brother), and Carleton Nelson in forming a number of business entities for real estate development purposes. One entity organized by Mr. Atherton was Allcore Development, LLC ("Allcore"). Mr. Atherton served as General Counsel for Allcore.

In December 2019, Allcore paid a bonus to Mr. Atherton. Mr. Atherton anticipates that Plaintiffs will seek to introduce evidence at the trial of this matter that Mr. Atherton

<p style="text-align:center; color:red">R E D A C T E D</p>

<span style="color:red">R E D A C T E D</span>   Specifically, Plaintiffs have designated portions of the deposition testimony of Alex Moorhead, an attorney who previously worked as an associate in Mr. Atherton's law firm, to introduce into evidence at trial. Among other excerpts, Plaintiffs plan to present the following deposition testimony by Mr. Moorhead:

REDACTED

*Moorhead Dep.*, p. 108, ll. 5-14. Plaintiffs may also seek to elicit testimony from Mr. Atherton at trial about this unrelated lawsuit and settlement. Finally, Plaintiffs may seek to present evidence at trial that Mr. Atherton has been a defendant in other cases in the past, including several legal malpractice cases, and that some such cases were settled by Mr. Atherton or his insurance company. All such evidence should be excluded.

II.   ARGUMENT

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. *Fed. R. Evid.* 401. If the evidence is not relevant, it is inadmissible. *Fed. R. Evid.* 402. Even if evidence is relevant, the Court may exclude such evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid*. 403. Unfair prejudice occurs when "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence." *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006).

Evidence of Mr. Atherton's involvement in an unrelated civil suit which he settled REDACTED is irrelevant to the issues of liability and damages in this case. The

REDACTED settlement of an unrelated lawsuit does not tend to make more or less probable the fact of whether the REDACTED were appropriate; it will not assist the jury in deciding whether Amazon has proved any of its five claims against Mr. Atherton. But even if the evidence of this unrelated civil settlement or other lawsuits naming Mr. Atherton as a defendant were somehow relevant, the probative value of this evidence is far outweighed by the danger of unfair prejudice, misleading the jury, and wasting time. Admission of this evidence might improperly allow the jury to conclude that Mr. Atherton's involvement in a completely unrelated civil lawsuit makes it more likely that he is liable to Amazon in the instant case. In addition to being prejudicial, such an inference would run afoul of Rule 404(b), which provides that "evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Admission of evidence of prior lawsuits would also require evidence of the details of the unrelated lawsuit(s) to provide clarification to the jury and distinguish the circumstances of those cases from the circumstances of the instant case. Evidence of prior unrelated lawsuits would be collateral to the issues in this case, might well confuse or mislead the jury, and will take valuable time away from what is already a lengthy and complicated trial. For all these reasons, evidence of Mr. Atherton's status as a defendant in prior lawsuits, and his settlement of one such suit REDACTED should be excluded.

### III.   CONCLUSION

WHEREFORE, Defendant Rodney Atherton, by counsel, respectfully requests that the Court grant his Motion and enter an Order precluding the introduction of any evidence or argument related to unrelated civil lawsuits against Mr. Atherton in the past and Mr. Atherton's

settlement of one such suit     REDACTED     , and granting any further

relief the Court deems just and proper.     REDACTED

<div style="text-align:center">**RODNEY ATHERTON**

By Counsel</div>

/s/ Julie S. Palmer
Julie S. Palmer (VSB No. 65800)
Angela MacFarlane (VSB No. 87776)
Counsel for Rodney Atherton
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
jpalmer@hccw.com
amacfarlane@hccw.com

### C E R T I F I C A T E

I hereby certify that on 31st day of March, 2023, a true and correct copy of the foregoing has been served upon all parties of record via the ECF system and via email.

/s/ Julie S. Palmer
Julie S. Palmer