IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al, <br><br> Defendants, <br><br>———————————————— <br><br> 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br><br> v. <br><br> BRIAN WATSON, et al., <br><br> Interpleader Defendants. | Case No. 1:20cv484 <br><br> Hon. Rossie D. Alston, Jr. <br> Hon. Ivan D. Davis <br><br><br><br> **DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE AMAZON'S 30(b)(6) DESIGNEES FROM TESTIFYING ON MATTERS ON WHICH THEY LACK PERSONAL KNOWLEDGE** |

Defendants file this brief in support of their motion to preclude two of the witnesses listed on Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s (collectively, "Amazon")' witness list, D. Matthew Doden and Chris Vonderhaar, who were Amazon's 30(b)(6) designees, from testifying to any matters at trial for which they lack personal knowledge.

Federal Rule of Civil Procedure 30(b)(6) allows for deposition testimony from a corporate representative on topics outside the representative's personal knowledge but within the corporation's collective knowledge. *See First Data Merch. Servs. Corp. v. SecurityMetrics, Inc.*, No. CIV.A RDB-12-2568, 2014 WL 6871581, at *13 (D. Md. Dec. 3, 2014). "Thus, Rule 30(b)(6)

provides an implicit exception to Rule 602's personal knowledge requirement." *Liquid Cap. Exch., Inc. v. BDC Grp., Inc.*, No. 20-CV-89 CJW-MAR, 2022 WL 18583841, at *8 (N.D. Iowa Sept. 28, 2022). While FRE 602 generally limits a witness's trial testimony to matters within that witness's personal knowledge, there is an explicit exception: an *adverse* party may use another party's Rule 30(b)(6) deposition testimony for "any purpose." Fed. R. Civ. P. 32(a)(3); *Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907 (5th Cir. 2010) (citing *Brazos River*, 469 F.3d 416, 434 (5th Cir. 2006)); *Abbott Lab'ys v. Feinberg*, No. 18-cv-8468, 2020 WL 7706571, at *1-2 (S.D.N.Y. Oct. 15, 2020) ("Defendants may designate portions of [Plaintiff's Rule 30(b)(6) deponent's] 30(b)(6) deposition testimony."). The issue here though is not whether Defendants can offer portions of Amazon's 30(b)(6) deposition at trial against Amazon. Rather, it is whether Amazon, who designated the Rule 30(b)(6) corporate representatives, may call them at trial and elicit testimony on information outside the representatives' personal knowledge but within the corporation's collective knowledge.[1]

This Amazon cannot do. While the Fourth Circuit has not answered this question definitively, the Fifth Circuit (upon whom most cases addressing this question rely) has. As the Fifth Circuit explained in *Union Pump Co. v. Centrifugal Tech. Inc.*:

> Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an adverse party to use that deposition testimony during trial. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir.2006). However, a corporate representative may not testify to matters outside his own personal knowledge "to the extent that information [is] hearsay not falling within one of the authorized exceptions." *Id.* at 435; *see also Deutsche Shell Tanker Gesellschaft mbH v. Placid Refining Co.*, 993 F.2d 466, 473 n. 29 (5th Cir.1993) (corporate representative is not permitted to repeat "rank hearsay").

---

[1] Similarly, Amazon cannot offer portions of the 30(b)(6) witnesses' depositions affirmatively at trial. *See* Fed. R. Civ. P. 32(a)(3) (permitting only an "adverse party" to use another party's Rule 30(b)(6) deposition testimony for "any purpose").

*Union Pump Co. v. Centrifugal Tech. Inc.*, 404 F. App'x 899, 907-08 (5th Cir. 2010).[2]

Courts in this circuit, and others, have consistently held as much. *See Altria Client Servs. LLC v. R.J. Reynolds Vapor Co.*, No. 1:20CV472, 2023 WL 167411, at *22 (M.D.N.C. Jan. 12, 2023); *Mountain Valley Pipeline, LLC v. 1.23 Acres of Land owned by Eagle's Nest Ministries, Inc.*, No. 7:18-CV-00610, 2019 WL 8920215, at *6 (W.D. Va. July 12, 2019). *See also Indus. Eng'g & Dev., Inc. v. Static Control Components, Inc.*, No. 8:12-CV-691-T-24-MAP, 2014 WL 4983912, at *3 (M.D. Fla. Oct. 6, 2014) ("While Rule 30(b)(6) permits Newman's deposition testimony to be based on matters outside his personal knowledge, Rule 602 limits his trial testimony to matters that are within his personal knowledge."); *Stryker Corp. v. Ridgeway*, No. 1:13-CV-1066, 2016 WL 6585007, at *2 (W.D. Mich. Feb. 1, 2016) ("to the extent that [the corporate representative's] testimony is based not on her personal knowledge, but instead on hearsay not falling within one of the authorized exceptions, the testimony will be inadmissible at trial. To the extent that Stryker can establish that [the corporate representative's] testimony is based on personal knowledge and not on hearsay, or that an exception to the hearsay rule applies, the testimony will be admissible."); *Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3426043, at *5 (W.D. Ky. Aug. 8, 2017) (same); *TIG Ins. Co. v. Tyco Int'l Ltd.*, 919 F. Supp. 2d 439, 454 (M.D. Pa. 2013) ("Although Rule 30(b)(6) allows a corporate designee to testify to matters within the corporation's knowledge during deposition, at trial the designee may not testify to matters outside his own knowledge to the extent that information is

---

[2] While of course "[t]his court ... is not bound by the decisions of other district courts or even the decisions of appellate courts outside the Fourth Circuit", the "[d]ecisions of other district courts are, however, instructive, and the decisions of appellate courts outside the Fourth Circuit are highly persuasive in the absence of binding authority from the Fourth Circuit or the Supreme Court." *United States v. Holmes*, No. 3:10CR102, 2012 WL 2326003, at *3 (W.D.N.C. June 19, 2012).

hearsay not falling within one of the authorized exceptions."); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02-cv-9144, 2006 WL 988143, at *2, (S.D.N.Y. Apr. 13, 2006) ("[A]t trial, [plaintiff] may only offer testimony from [plaintiff's Rule 30(b)(6) designee] as a fact witness based on his personal knowledge and in compliance with Federal Rule of Evidence 701."); *McGriff Ins. Servs., Inc. v. Madigan*, No. 5:22-CV-5080, 2022 WL 16709050, at *2 (W.D. Ark. Nov. 4, 2022) ("Thus, if Mr. Adkin had testified live in court for Alliant, he would not have been allowed to testify to matters outside of his personal knowledge, even though the scope of his 30(b)(6) deposition was permissibly broader than that.").

This Court has precluded the use of an affidavit on summary judgment due to the very same personal knowledge requirement under FRE 602. *See Soutter v. Equifax Info. Servs. LLC*, 299 F.R.D. 126, 132 (E.D. Va. 2014); *see also Clifton v. Nationstar Mortg., LLC*, No. 3:12-CV-02074-MBS, 2015 WL 1549108, at *3 (D.S.C. Apr. 6, 2015) (striking portions of corporate representative's affidavit where he sought to offer conclusions and interpretations about what specific business records mean when he lacked personal knowledge). While not reaching the issue directly, the Fourth Circuit has at least questioned the propriety of an affidavit by a corporate representative when not based on personal knowledge. *See Sutton v. Roth, L.L.C.*, 361 F. App'x 543, 550 (4th Cir. 2010) ("We do note, however, that the affidavit is of questionable value because the affiant's 'personal knowledge' is based on a review of files rather than direct, personal knowledge of the underlying facts.").

Defendants' research has revealed one case in which this Court appears to have allowed such testimony, *Parker v. Freedom Mortg. Corp.*, No. 4:18-CV-140, 2020 WL 13605540, at *3 (E.D. Va. Oct. 22, 2020). Respectfully, considering all of the discussion above, the *Parker* case was wrongly decided. In *Parker,* this Court undertook no discussion of either FRE 602 or 802.  It

concluded that because other courts had purportedly allowed such testimony, citing *Univ. Healthsystem Consortium v. Unitedhealth Group, Inc.*, 68 F. Supp. 3d 917, 921 (N.D. Ill. 2014) (citing *Brazos River Authority)*, it would do so, irrespective of the witness's personal knowledge or lack thereof. As noted by the district court in *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 117CV598BKSCFH, 2022 WL 4333555, at *2–3 (N.D.N.Y. Sept. 19, 2022), the *Univ. Healthsystem Consortium* decision involved a Rule 30(b)(6) corporate representative's affidavit in support of a motion for summary judgment, not actual trial testimony. Further, as explained by a recent decision from a district court in this Circuit, the portion of the *Brazos River Authority* opinion on which the rulings in *Parker* and *Univ. Healthsystem Consortium* are premised concerned the corporation's "beliefs" and was ultimately limited by the *Brazos River Authority* court's explanation that the corporate witness nevertheless could not offer hearsay testimony that did not fall within one of the authorized exceptions. *See Mountain Valley Pipeline, LLC*, 2019 WL 8920215, at *6 (citing *Brazos River Authority,* 469 F.3d at 435). *Mountain Valley Pipeline* went on to cite *Union Pump Co.* (the Fifth Circuit's follow on case to *Brazos River Authority*) and several of the district court cases cited above, before ruling that any testimony by the corporate designee must still be based on personal knowledge as is required under FRE 602. *Id.*

Accordingly, Defendants respectfully request that this Court preclude Amazon's 30(b)(6) designees from testifying to any matters at trial for which they lack personal knowledge.

Dated:  March 31, 2023                             Respectfully submitted,

                                                      **BURR & FORMAN LLP**

                                                      */s/ Rachel Friedman*
                                                      Rachel Friedman (VA Bar #93898)
                                                      420 North 20th Street, Suite 3400
                                                      Birmingham, AL  35203
                                                      Telephone: (205) 251-3000
                                                      Facsimile: (205) 458-5100
                                                      rfriedma@burr.com

    J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
    Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
    222 2nd Ave. S., Suite 2000
    Nashville, TN 37201
    Telephone: (615) 724-3200
    alex.little@burr.com
    emack@burr.com

    */s/ Adam R. Smart*
    Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
    50 North Laura Street, Suite 3000
    Jacksonville, Florida 32202
    Telephone: (904) 232-7200
    asmart@burr.com

    *Attorneys for Carleton Nelson and Cheshire Ventures, LLC*

| | |
|---|---|
| Stanley L. Garnett | */s/ Jeff Hamlin* |
| Amanda K. Houseal | George R. Calhoun |
| Sara R. Bodner | Jeffrey Hamlin |
| Leah Regan-Smith | James M. Trusty |
| Rosa L. Baum | Ifrah Law, PLLC |
| Brownstein Hyatt Farber Schreck LLP | 1717 Pennsylvania Ave, N.W. Suite 650 |
| 410 Seventeenth St., Suite 2200 | Washington, DC 20006 |
| Denver, CO 80202-4432 | george@ifrahlaw.com |
| sgarnett@bhfs.com | jhamlin@ifrahlaw.com |
| ahouseal@bhfs.com | jtrusty@ifrahlaw.com |

*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC*

| | |
|---|---|
| s/ *John David Thomas* | */s/ Julie S. Palmer* |
| John-David H. Thomas | Julie S. Palmer |
| (Lead Attorney) (Va. Bar No. 68714) | Harman, Claytor, Corrigan & Wellman |
| Andrew F. Solinger (Pro Hac Vice) (Tenn. Bar No. 036943) | P.O. Box 70280 |
| | Richmond, VA 23255 |
| HOLLAND & KNIGHT, LLP | Tel: (804) 762-8027 |
| 511 Union St., Suite 2700 | Fax: (804) 747-6085 |
| Nashville, TN 37219 | jpalmer@hccw.com |
| Telephone: (615) 850-8596 | |
| Facsimile: (615) 244-6804 | *Counsel for Rodney Atherton* |
| JD.Thomas@hklaw.com | |
| Andrew.Solinger@hklaw.com | |

*Counsel for Casey Kirschner*