## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **AMAZON.COM, INC and AMAZON DATA SERVICES, INC.,** | ) ) ) | **Case No. 1:20cv484** |
| Plaintiffs, | ) ) | **Hon. Rossie D. Alston, Jr.** |
| v. | ) ) | **Hon. Ivan D. Davis** |
| **WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al.,** | ) ) ) ) | |
| Defendants, | ) ) | **DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO CRIMINAL INVESTIGATIONS AND RELATED PROCEEDINGS** |
| **800 HOYT LLC,** | ) ) ) | |
| Intervening Interpleader Plaintiff, | ) ) | |
| v. | ) ) | |
| **BRIAN WATSON, et al.,** | ) ) | |
| Interpleader Defendants. | ) ) ) | |

Defendants Carleton Nelson, Cheshire Ventures, LLC, Brian Watson, WDC Holdings LLC dba Northstar Commercial Partners, NSIPI Administrative Manager, Sterling NCP FF, LLC, Manassas NCP FF, LLC, Casey Kirschner, and Rodney Atherton ("Defendants"), through undersigned counsel, state as follows in support of their Motion *in Limine* to exclude from trial any reference, evidence, or argument concerning criminal investigations into the Defendants, and related proceedings.

## I.      INTRODUCTION

Amazon asked the federal government to investigate and charge the Defendants with crimes. More specifically, Amazon hired a former federal prosecutor who worked in this judicial district to lobby his colleagues for that investigation. And his former colleagues did what he asked; a criminal investigation was underway. Soon thereafter, Amazon filed this civil lawsuit. And, when it did so, it pointed to the investigation it started as evidence of the Defendant's guilt. But none of the Defendants have been charged, and the investigation remains ongoing. Left without the criminal charges the company sought, it now seeks to use the fact that there is an investigation to bolster the weakness of its civil case. Instead of relying on actual facts and evidence about what happened, it seeks to point to an investigation of the facts and evidence by a non-party (the U.S. Attorney's Office) as some sort of evidence in support of its case. But it is not. Evidence that a fireman is looking for smoke does not mean there is a fire.

The problem, of course, is that if you tell the jury that the firemen have showed up at the courthouse, they will assume there is a fire—somewhere. For both of these reasons, (1) because evidence about a criminal investigation is not relevant to any element of any claim in this action; and (2) because such evidence would be much more prejudicial than probative, this Court should exclude it.

## II.     FACTUAL BACKGROUND

On April 2, 2020, defendants Carleton Nelson, Brian Watson, and Casey Kirschner, and learned that they were under criminal investigation.  FBI agents arrived unannounced at each of their homes, informing them that they were the targets of a federal investigation in the Eastern District of Virginia.  The agents also served several grand jury subpoenas.  In the case of Mr. Watson, the FBI agents seized his phone and computers.  In the case of Mr. Nelson and Mr.

Kirschner, the agents served separate correspondence stating the Government's intent to seize funds allegedly traceable to criminal activity related to their work.  The Government eventually did seize certain funds from Mr. Nelson and Mr. Kirschner, but has since returned the majority of those funds.  Less than a month after the FBI visits, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Plaintiffs" or "Amazon") filed suit alleging a widespread kickback scheme relating to certain data center transactions in Northern Virginia.  Discovery has revealed that Amazon brought this matter to the Government's attention encouraged the Government to investigate it, and that Amazon and the Government have communicated extensively about the substance of Amazon's allegations throughout the duration of this action.

## III.    ARGUMENT

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  *See* Fed. R. Evid. 401.  If the evidence is not relevant, it is inadmissible.  *See* Fed. R. Evid. 402.  Even if evidence is relevant, the Court may exclude such evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Unfair prejudice occurs when "there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and the risk is disproportionate to the probative value of the offered evidence."  *United States v. Williams*, 445 F.3d 724, 730 (4th Cir. 2006).

Defendants anticipate that Plaintiffs will seek to make arguments, introduce documents, and elicit testimony about the ongoing criminal investigations into the Defendants and others, as well as the prior forfeiture proceedings, from numerous witnesses, including potentially the Defendants. Plaintiffs have already designated portions of depositions that refer to these matters.

And Plaintiffs have identified numerous potential exhibits that refer to, discuss, or relate to the criminal investigation. Throughout this case Plaintiffs have regularly referenced the criminal investigation and related matters to support its arguments, many times in lieu of any actual substantive evidence. Plaintiffs should be precluded from doing so because evidence of the criminal investigations into the Defendants and the related proceedings is irrelevant to the issues of liability and damages in this case. The mere fact that the Defendants are under criminal investigation or that any other individuals have been, does not make any of Plaintiffs' allegations more or less probable. The Defendants have not been charged—there have been no findings, no verdicts of guilt. The fact of the ongoing investigations and the ancillary proceedings related to those investigations, does not have any independent substantive value.

Even if this Court finds that the evidence is relevant, the probative value of the evidence is far outweighed by the danger of unfair prejudice and misleading the jury. *See Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, Nos. 00 C 5658, 00 C 7086, 2003 WL 2005233, at \*10 (N.D. Ill. Apr. 29, 2003) ("The probative value of an ongoing criminal investigation is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.") Evidence of the criminal investigation into the Defendants is highly inflammatory and will certainly lead to an inference of wrongdoing on the Defendants' part in the instant litigation. *See Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994) ("Prejudicial evidence is excluded to protect the jury from drawing improper inferences."). The practical effect of introducing evidence of the criminal investigation is that Amazon's allegations will be afforded undeserved credibility and weight. *See Roguz v. Walsh*, No. 09-1052 TLM, 2013 WL 1498126, at \*10 (D. Conn. Apr. 5, 2013) (excluding evidence related to defendant's arrest because of the danger of unfair prejudice, including that "[t]he jury could conclude that because [the defendant] was arrested, his conduct

was unreasonable"). There is a significant danger that the jury may reach its verdict based on its reaction to the fact that Defendants are under criminal investigation, and not on the relevant issues and strength of the evidence of liability and damages before it. This is exactly what Rule 403 is meant to guard against. *See Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) (Rule 403 concerns the "possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it"). In the criminal context, the Fourth Circuit has recognized the risk of convictions based on "association" in cases with related charges. *See United States v. Kostenko*, No. 5:16-CR-00221, 2017 WL 1395500, at *2 (S.D.W. Va. Apr. 17, 2017) ("The Fourth Circuit has recognized the risk of convictions based on 'association' in cases with many related charges—that a jury will see a pattern of behavior and convict for individual counts that were not properly proved.) A similar risk is present here.

The 403 dangers are exacerbated here because while a juror will equate criminal investigation with wrongdoing or guilt, no defendant has been indicted, charged, prosecuted or convicted. The Department of Justice is free to investigate any person they wish—these investigations are opaque and the Defendants do not have access to the motivations, findings, or conclusions of investigators, leaving them entirely unable to rebut or counter the prejudicial impact that this evidence is sure to have on the jurors.

Proposed exhibits on Plaintiffs' exhibit list warrant additional discussion. First, Plaintiffs have indicated that they expect to introduce Christian Kirschner's ("Christian") and Kyle Ramstetter's Plea Agreements and Statements of Facts. *See* Dkt. 1301-1 at P-0039; P-0040; P-0041; P-0042. The introduction of the Plea Agreements and Statements of Facts pose a significant danger of unfair prejudice to the Defendants for the same reasons stated above—they will excite the jury to make a decision based on the fact that Christian and Mr. Ramstetter, individuals whom

the Defendants were related to, socialized with, and/or worked with at previous points in time (Defendants no longer socialize or work with these individuals), have plead guilty to crimes involving Plaintiffs.  Indeed, admission of these facts presents a significant risk that Defendants could be found liable based upon the fact of these guilty pleas, rather than upon an assessment of Amazon's evidence.

The statements of fact are replete not only with hearsay, but factual and legal conclusions that go to the ultimate issues in this case. Admission of such conclusions is improper. It is a bedrock principle that the "jury's constitutional responsibility is not merely to determine the facts, but to apply the law to those facts . . . ." *United States v. Gaudin*, 515 U.S. 506, 514 (1995). For this reason, courts consistently exclude conclusions made by persons or entities other than the jury about how the law applies to certain facts at issue in the case, because such evidence "usurp[s] . . . the role of the jury in applying th[e] law to the facts before it." *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). Allowing Plaintiffs to introduce the plea deals and statements of fact creates a substantial risk that the jury will simply defer to the factual and legal conclusions asserted in those documents and deprive the Defendants of their right to have the jury determine the facts and apply the law.

Moreover, the Plea Agreements and Statement of Facts are inadmissible on several additional grounds. First, they are hearsay. Fed. R. Evid. 802; *see Sutro Bros. & Co. v. Indemnity Insurance Co. of North America*, 264 F. Supp. 273, 287 (S.D.N.Y. 1967) ("[A]s against a third party a plea agreement is mere hearsay and not admissible over objection unless it comes within some exception to the hearsay rule in the particular case.").  Here there is no exception, and the Plea Agreements and Statements of Fact are plainly unreliable and unacceptably prejudicial. The statements of fact are particularly problematic as they essentially mirror the allegations and

elements that Amazon must prove, yet are not linked to admissible underlying evidence. Thus, admission of these documents would allow Amazon to circumvent their burden of proof through out of court statements, not subject to cross examination. Not only do Christian and Ramstetter have an incentive to present facts which shift blame to the Defendants in this case, but also many of the allegations in the statements of facts contain information of which Mr. Ramstetter and Mr. Camenson have no personal knowledge. For example Mr. Ramstetter's statement of facts states that "RAMSTETTER understood that Company 1 would not have secured these development deals with the Victim Company without the kickback payments made to C.N. and C.H.K." Case No. 1:23-cr-27 (E.D. Va.) at Dkt. 11 ¶ 26. But Mr. Ramstetter was not, and had never been, an employee of Amazon.  He has no personal knowledge of the approval process or requirements for development partners. He has no personal knowledge on which to base this statement, it is at best his opinion and at worst self-serving conjecture.  Similarly, Christian's statement of facts alleges that Casey provided Mr. Watson with "confidential information related to competitors' bids" Case No. 1:23-cr-36 (E.D. Va.) at Dkt. 11 ¶ 19. This is again mere conjecture, as Christian never actually witnessed or saw the transmission of confidential information, and has no personal knowledge of information is confidential in the first instance. These documents contain several instances of the two individuals "understanding" something without any explanation as to how they might in fact understand that purported fact to be true. The statements are no different than any other written out of court statement that is inadmissible once the case gets to trial.  In short, the Plea Agreements and Statements of Facts are hearsay of the most troubling kind, and cannot be admitted into evidence.

Additionally, the plea agreements and statements of fact constitute unnecessary presentations of cumulative evidence given the other evidence in the case, including notably the

live testimony of Mr. Ramstetter and Christian.  Plaintiffs plan to call Mr. Ramstetter and Christian to testify, presumably because they believe they will testify to details of the alleged kickback scheme and the Defendants' alleged involvement.  The Plea Agreements and Statements of Facts therefore provide only a shortcut, but do not add anything to the development of Amazon's case.

Plaintiffs have also identified a draft Statement of Facts and Plea Agreement prepared for Mr. Kirschner. *See* Dkt. 1301-1 at P-0044; P-0045.  These draft documents are even less probative given that they were never executed, are unduly prejudicial for the reasons described above. Because they are all documents prepared by prosecutors assigned to the investigation they are also inadmissible hearsay, not falling within any exception. Moreover, to the extent they contain any statements made by any Defendant, they are inadmissible pursuant to Rule 410(a)(4) since none of the Defendants have entered guilty pleas.

## IV.    CONCLUSION

For the reasons stated above, the Defendants respectfully request the Court to issue an order excluding related to the ongoing criminal investigation of Defendants and related proceedings, prohibiting discussion of the investigation and related proceedings by counsel or witnesses or reference to it by counsel for Amazon in its arguments to the jury, and further specifically excluding the documents identified above.

March 31, 2023                     **BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)

Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

*/s/ Adam R. Smart*
Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures, LLC*

| | |
|---|---|
| Stanley L. Garnett | */s/ Jeff Hamlin* |
| Amanda K. Houseal | George R. Calhoun |
| Sara R. Bodner | Jeffrey Hamlin |
| Leah Regan-Smith | James M. Trusty |
| Rosa L. Baum | Ifrah Law, PLLC |
| Brownstein Hyatt Farber Schreck LLP | 1717 Pennsylvania Ave, N.W. Suite 650 |
| 410 Seventeenth St., Suite 2200 | Washington, DC 20006 |
| Denver, CO 80202-4432 | george@ifrahlaw.com |
| sgarnett@bhfs.com | jhamlin@ifrahlaw.com |
| jcohen@bhfs.com | jtrusty@ifrahlaw.com |
| ahouseal@bhfs.com | |

*Counsel for Defendants Brian Watson, WDC Holdings, LLC, NSIPI Administrative Manager,
Sterling NCP FF, LLC, Manassas NCP FF, LLC*

| | |
|---|---|
| *s/ John David Thomas* | */s/ Julie S. Palmer* |
| John-David H. Thomas | Julie S. Palmer |
| (Lead Attorney) (Va. Bar No. 68714) | Harman, Claytor, Corrigan & Wellman |
| Andrew F. Solinger (Pro Hac Vice) (Tenn. | P.O. Box 70280 |
| Bar No. 036943) | Richmond, VA 23255 |
| HOLLAND & KNIGHT, LLP | Tel: (804) 762-8027 |
| 511 Union St., Suite 2700 | Fax: (804) 747-6085 |
| Nashville, TN 37219 | jpalmer@hccw.com |
| Telephone: (615) 850-8596 | |
| Facsimile: (615) 244-6804 | *Counsel for Rodney Atherton* |
| JD.Thomas@hklaw.com | |
| Andrew.Solinger@hklaw.com | |

*Counsel for Casey Kirschner*