**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM and AMAZON DATA SERVICES, INC., <br> Plaintiffs, <br> v. <br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al. <br> Defendants. | Civil Action No. 1:20-CV-484-RDA-IDD |

800 HOYT LLC,

                      Intervening Interpleader
                      Plaintiff / Intervening
                      Interpleader Counter -
                      Defendant,

      v.

BRIAN WATSON; WDC HOLDINGS LLC;
BW HOLDINGS, LLC,

                      Interpleader Defendants,

    and

AMAZON.COM, et al.

                      Interpleader Defendants /
                      Interpleader Counter-Plaintiffs.

**THE WATSON DEFENDANTS' MOTION IN LIMINE TO**
**EXCLUDE EVIDENCE RELATED TO PRELIMINARY PROCEEDINGS**

Defendants Brian Watson ("Mr. Watson"); WDC Holdings LLC, dba Northstar Commercial Partners ("Northstar"); Sterling NCP FF, LLC; Manassas NCP FF, LLC; and NSIPI Administrative Manager (collectively, the "Watson Defendants") respectfully file this Motion in Limine to Exclude Evidence Related to Preliminary Proceedings (the "Motion"). In support of the Motion, the Watson Defendants state as follows:

1

## I.     BACKGROUND

Amazon filed this case in April 2020 and immediately sought an ex parte temporary restraining order and subsequently a preliminary injunction. *See* Dkts. 1, 9. The Watson Defendants were unable to pay or deposit the $22.25 million required by the preliminary injunction order, and were subsequently held to be in contempt of that order. Dkt. 413. As a result, Amazon secured the appointment of a receiver, who has had full access to and control over the Watson Defendants personal and business assets since November 11, 2021. Dkt. 433. Although the relationship with the Receiver has been at times contentious, the Receiver has repeatedly confirmed that the Watson Defendants' resources were, and remain, entirely insufficient to comply with the preliminary injunction. *See* Dkts 495, 602, 898, 1082, 1208. Additionally, in the time since the preliminary injunction was granted, many facts of the case have evolved. Defendants have had the opportunity to engage in discovery, Plaintiffs have withdrawn several of the affidavits relied upon to secure the injunction, and Plaintiffs have amended their complaint twice, withdrawing certain counts against the Watson Defendants.

Amazon has indicated an intent to introduce documents and other evidence that refer to these preliminary proceedings. In particular, its exhibit list includes the following:

- P-557 – Email exchange between Stanley Garnett and Jennifer Clampert re "Re: Injunction Bond" with attachments ("Garnett-Clampert E-mail");

- P-0628 - Declaration of Timothy Lorman in Support of Plaintiffs' Supplemental Memorandum in Support of Show Cause Order and Plaintiffs' Application for Preliminary Injunction ("Lorman Declaration").[1]

Moreover, Amazon has regularly referenced and relied upon the Court's preliminary injunction ruling, the receivership, and other preliminary rulings in connection with its efforts to argue this

---

[1] This exhibit also is inadmissible as hearsay. Amazon has listed Mr. Lorman, Northstar's former Chief Operating Officer, as a witness that Plaintiffs are "likely to call live" at trial.

case. *See, e.g.,* Amazon Opp'n to Mot. for Summ. J., Dkt. 1200 at 2-6 (relying extensively on preliminary injunction ruling). Based on Amazon's witness and exhibit lists, and its past practice of referencing the Court's preliminary orders, the Watson Defendants have a reasonable concern that Amazon will attempt to influence the jury with improper reference to the Court's pretrial injunction, contempt, and receivership orders, either through documentary evidence or witness testimony.

## II.      ARGUMENT

### A.      Legal Standard

A party may file a motion in limine seeking to exclude evidence prior to the commencement of trial. *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (recognizing that district courts have inherent authority to issue rulings "to manage the course of trials"). Motions in limine can encompass "any motion whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Id* at 40 n.2; *see also, e.g.*, *Audio MPEG, Inc. v. Dell, Inc.*, No. 2:15CV73, 2017 WL 4460759, at *9 (E.D. Va. Oct. 6, 2017) (partially granting motion in limine "in order to avoid unfair prejudice, undue delay, or needlessly presenting cumulative evidence."). The decision to grant a motion in limine is within the district court's discretion, and may be granted "when the evidence is clearly inadmissible on all potential grounds." *United States v. Verges,* No. 1:13cr222 (JCC), 2014 WL 559573, at *3 (E.D. Va. Feb. 12, 2014).

### B.      Evidence of Pretrial Injunctions and the Receivership Should Be Excluded

The Court should exclude all evidence concerning, or references to, the Court's pretrial orders issuing a temporary restraining order and injunction.  Similarly, the Court should preclude admission of, or any reference to, the contempt and receivership order including any reports by

or communications with the Receiver.  Such evidence is entirely inadmissible because it has no relevance to any fact of consequence in the case, is unduly prejudicial, and will likely confuse the jury.

### 1.    Evidence Concerning Prior Rulings is Irrelevant

As an initial matter, both the injunction and imposition of the receivership occurred *after* the conclusion of the wrongful acts alleged in this case and have no bearing on the alleged facts that Amazon must prove to the jury in order to prevail. The Court's pretrial rulings and the surrounding circumstances thus have no evidentiary impact and are wholly irrelevant. Irrelevant evidence is not admissible. *See* Fed. R. Evid. 402.

While certain evidence submitted in support of the preliminary injunction may be admissible, any of the Court's findings and conclusions are irrelevant to the issues to be decided by the jury, which has a duty to examine the evidence and draw its own conclusions. "[F]indings of fact and conclusions of law at the preliminary injunction stage are subject to change upon the ultimate trial on the merits," and are not binding on the trial court. *Purdue Pharma L.P. v. Boehringer Ingelheim GmbH*, 237 F.3d 1359, 1363 (Fed. Cir. 2001); *Everett v. Pitt Cty. Bd. of Educ.,* 788 F.3d 132, 142 (4th Cir. 2015) ("Once the district court took evidence on the question, it was no longer bound by the law of the case, but instead free" to make its own factual and legal determinations). Moreover, the preliminary injunction was based, in large part, on hearsay and other inadmissible evidence including affidavits that Amazon subsequently withdrew. *See G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd.*, 822 F.3d 709, 726 (4th Cir. 2016), *vacated on other grounds*, 137 S. Ct. 1239 (2017) (observing that preliminary injunctions "are governed by less strict rules of evidence[.]"). Because the mere existence of prior rulings by the Court is not

relevant to any fact to be proven or disproven at trial, the Court should not admit any evidence of those rulings or permit witnesses to reference them.[2]

Similarly, the Watson Defendants' contempt of the injunction, the existence of the receivership and the Receiver's subsequent performance have no bearing on any fact in dispute. The contempt order was issued and the Receiver appointed due to the Watson Defendants' failure to escrow funds as ordered by the Court, not due to any finding of liability to Amazon. The amount or use of the Watson Defendants' assets in November 2021 through the present has no relevance or bearing on the allegations relating to how the Watson Defendants received or dispersed funds in the period relevant to the complaint—November 2016 through April 2020. Amazon does not allege that the Watson Defendants have made payments to alleged co-defendants, engaged in a conspiracy, or committed any fraud after April 2020. Accordingly, there is no relevant use for evidence concerning the contempt order or Receiver, and no such evidence should be permitted in the trial.

---

[2] Defendants do not seek to preclude, by way of this motion, evidence submitted by Amazon in support of its preliminary injunction motion. Much of that evidence is, however, inadmissible for other reasons.

##### 2.  Evidence Concerning the Court's Prior Rulings Should Be Excluded as Unduly Prejudicial or Misleading

Even if evidence concerning the Court's injunction, contempt, or receivership order were relevant, any slight relevancy would be vastly outweighed by the undue prejudicial effect on the jury. Therefore, any such evidence should be excluded pursuant to Federal Rule of Evidence 403.[3] Courts have consistently excluded such evidence in similar circumstances. *See Judkins v. HT Window Fashions Corp.*, No. 07-0251, 2009 WL 3400989, at *1 (W.D. Pa. Oct. 20, 2009) (precluding evidence related to preliminary injunction because "findings and conclusions at the preliminary injunction stage are tentative, subject to change, and are not binding at a trial on the merits"); *Altana Pharma AG v. Teva Pharm. USA Inc.*, No. 04-2355, 2010 WL 11470982, at *1 (D.N.J. Apr. 5, 2010) (granting motion to exclude evidence of preliminary injunction); *King Pharm., Inc. v. Sandoz, Inc.*, No. 08-5974 (GEB), 2010 WL 4789950, at *1 (D.N.J. Sept. 8, 2010).

First, allowing a jury to see or hear reference to the Court's previous orders on the merits of a party's claim will result in unfair prejudice, confuse the issues, mislead the jury, and waste time. A jury is likely to place undue value on a prior order by virtue of it being an order of the Court rather than based on an evaluation of the underlying evidence. Additionally, the jury is unlikely to understand the difference between the current action and the preliminary injunction. *See Park West Radiology v. CareCore Nat'l LLC,* 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (excluding from the jury references to the court's order denying preliminary injunction because it

---

[3] Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

is "likely to unduly influence the jury"); *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 2011 WL 7036048 at * 2 (E.D.Va. July 5, 2011); *Reyes v. Transamerica Life Ins. Co.*, No. CV 15-3452-DMG, 2016 WL 9137532, at *2 (C.D. Cal. June 28, 2016) (excluding evidence of prior TRO and preliminary injunction proceedings as unduly prejudicial, confusing, and likely to mislead jury); *S.E.C. v. Retail Pro, Inc.*, Case No. 08-CV-1620, 2011 WL 589828, at *4 (S.D. Cal. Feb. 10, 2011) (granting motion in limine excluding evidence of, and references to, court's summary judgment order due to the "substantial risk of jury confusion and unfair prejudice to Defendant."); *Hewlett-Packard Co. v. Mustek Sys., Inc.*, Case No. 99-CV-351, 2001 WL 36166855, at *4 (S.D. Cal. June 11, 2001) (excluding as prejudicial "reference to any statement, finding, or ruling in the Court's summary judgment orders" and "any of the Court's prior orders or rulings.").

The danger of allowing the jury to hear about the preliminary injunction is particularly high in a case such as this where the preliminary injunction was issued before the Watson Defendants had an opportunity to conduct any discovery and where the Plaintiffs have since withdrawn affidavits relied upon in securing the injunction. Explaining the purpose, standards, and subsequent history of the case to the jury in order to properly contextualize a reference to the preliminary injunction would not only be nearly impossible, but also a waste of time.

Just as with the preliminary injunction rulings, any reference to the contempt finding or subsequent receivership would be highly prejudicial and misleading. The contempt and receivership orders would likely influence the jury to see the Watson Defendants as having already been "convicted" of bad acts, even though the basis for the contempt and receivership— failure to comply with the Court's order to escrow funds—is entirely unrelated to the allegations

that Amazon must prove. Allowing references to these proceedings will taint the Watson Defendants' credibility with the jury and distract the jury from the relevant facts and evidence.

Similarly, the parties' relative wealth, spending habits, ability to pay debt, and relationship with the Receiver have no relevance to any claim or defense, and their consideration would be unfairly prejudicial. Fed. R. Evid. 401-403. *See e.g., Prassas Cap., LLC v. Blue Sphere Corp.*, No. 3:17-CV-131-RJC-DCK, 2019 WL 2881560, at *5 (W.D.N.C. July 3, 2019) ("The Court agrees that the parties' current relative wealth, ability to pay debt, or other unrelated litigation has no relevance to any claim or defense and would be unfairly prejudicial and should be excluded under Federal Rules of Evidence 401–03."). Introduction of the receivership order or evidence relating to the Receiver's actions would be unduly prejudicial to the Watson Defendants because it would inform the jury of the receivership and contempt, and potentially impugn the Watson Defendants in the jury's eyes. The jury's determination of liability should not rest on, or be influenced by, the Watson Defendants' current financial status, spending habits, or relationship with the Receiver.

### 3. The Severe Prejudice to Plaintiff Cannot Be Mitigated by a Limiting Instruction.

There is simply no way to mitigate the severe prejudice to the Watson Defendants of showing the jury the Court's preliminary injunction, contempt, or receivership orders (or of discussion of those orders by witnesses). The jury will likely be confused as to how to interpret the Court's orders, and any limiting instruction would have to be accompanied by a substantial effort to educate the jury on the differing burdens of proof, evidentiary standards, the impact of discovery, and the reality that such preliminary findings are in no way binding on the jury. No such effort could fully protect the Watson Defendants from prejudice and there is no reason to go down that road when such evidence has no bearing on the claims or defenses in the first instance.

### III.      CONCLUSION

WHEREFORE, the Watson Defendants respectfully ask that the Court enter an Order

granting the Motion and exclude from trial any evidence concerning, and references to evidence

concerning this Court's temporary restraining order, preliminary injunction, and receivership

order.

*      *      *      *      *

Dated: March 31, 2023

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By: s/ *Jeffrey R. Hamlin*

Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah Regan-Smith (*pro hac vice*)
Rosa L. Baum (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregan-smith@bhfs.com
rbaum@bhfs.com

Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian*
*Watson, Sterling NCP FF, LLC, Manassas*
*NCP FF, LLC, NSIPI Administrative*
*Manager, and BW Holdings LLC*