IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM and AMAZON DATA SERVICES, INC.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS, et al.<br>　　　　Defendants. | Civil Action No. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC,<br><br>　　　Intervening Interpleader Plaintiff / Intervening Interpleader Counter - Defendant,<br><br>　v.<br><br>BRIAN WATSON; WDC HOLDINGS LLC; BW HOLDINGS, LLC,<br><br>　　　Interpleader Defendants,<br><br>　and<br><br>AMAZON.COM, et al.<br><br>　　　Interpleader Defendants / Interpleader Counter-Plaintiffs. | |

**MOTION *IN LIMINE* TO DISALLOW THE IMPUTATION
OF AN ADVERSE INFERENCE**

COME NOW Defendants Brian Watson ("Mr. Watson"); WDC Holdings LLC, dba Northstar Commercial Partners ("Northstar"); Sterling NCP FF, LLC; Manassas NCP FF, LLC; and NSIPI Administrative Manager (collectively, the "Watson Defendants") file this motion *in limine* respectfully requesting that this Court enter an order disallowing the imputation of an adverse inference to the Watson Defendants. The factors of the established test for allowing an

1

adverse inference from a third-party weigh strongly against allowing Amazon to secure an adverse inference against the Watson Defendants: none of the Witnesses has a relationship with the Watson Defendants so as to make them loyal to the Watson Defendants; none of the Witnesses was controlled by the Watson Defendants at the time they asserted their Fifth Amendment right; the Witnesses' interests do not align with those of the Watson Defendants; and the Witnesses were not so in control of the underlying developments initiating this litigation that they hold information others cannot provide. Ultimately, there is no admissible evidence to corroborate an inference that any of the Witnesses would confirm the existence of the alleged kick-back scheme if they were not asserting their Fifth Amendment right. Absent this corroboration, any such inference would be wildly speculative and would fail baseline tests for admissibility under Federal Rules of Evidence 402, 403, and 602.

      The grounds and reasons upon which the Watson Defendants seek this relief have been stated with particularity in the accompanying brief. A proposed order is submitted herewith.

Dated: March 31, 2023

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: s/ *Jeffrey R. Hamlin*
Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah Regan-Smith (*pro hac vice*)
Rosa L. Baum (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregan-smith@bhfs.com
rbaum@bhfs.com

Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian Watson, Sterling NCP FF, LLC, Manassas NCP FF, LLC, NSIPI Administrative Manager*

## **C E R T I F I C A T E**

I hereby certify that on 31st day of March, 2023, a true and correct copy of the foregoing has been served upon all parties of record via the ECF system and via email.

/s/*Jeffrey R. Hamlin*
Jeffrey R. Hamlin
