**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

AMAZON.COM and AMAZON DATA
SERVICES, INC.,
                Plaintiffs,
   v.
WDC HOLDINGS LLC dba NORTHSTAR
COMMERCIAL PARTNERS, et al.
                Defendants.

Civil Action No. 1:20-CV-484-RDA-IDD

---

800 HOYT LLC,

                Intervening Interpleader
                Plaintiff / Intervening
                Interpleader Counter -
                Defendant,

   v.

BRIAN WATSON; WDC HOLDINGS LLC;
BW HOLDINGS, LLC,

                Interpleader Defendants,

   and

AMAZON.COM, et al.

                Interpleader Defendants /
                Interpleader Counter-Plaintiffs.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO DAMAGES FROM PAYMENT OF KBC REBATES TO NORTHSTAR

Defendants Brian Watson; WDC Holdings LLC, dba Northstar Commercial Partners ("Northstar"); Sterling NCP FF, LLC; Manassas NCP FF, LLC; NSIPI Administrative Manager; Carleton Nelson; Cheshire Ventures, LLC; Casey Kirschner; and Rodney Atherton (collectively, "Defendants") hereby submit this memorandum in support of their Motion *in Limine* to preclude

1

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon" or "Plaintiffs") from introducing evidence or arguments relating to any alleged damages that Plaintiffs may have suffered as a result of the payment of rebates by KBC Advisors ("KBC") to Northstar, and in support state as follows:

## **INTRODUCTION**

Amazon amended its complaint three separate times since it first initiated the instant litigation in April 2020, with the latest iteration filed in May 2022.  In each version, Amazon alleged a widespread kickback scheme involving the Defendants.  Yet nowhere did Amazon ever allege fraud or wrongful conduct relating to certain payments that KBC, a brokerage firm, made to Northstar, nor did Amazon include such information in any of its Rule 26(a)(1) disclosures as an amount it was seeking, or in response to any of the Defendants' interrogatories which would have required disclosure of this information.  Instead,  Plaintiffs waited until the deadline for affirmative expert disclosures to disclose this information.  On that date, Plaintiffs' damages expert, Richard Lee, identified as part of his "actual economic harm" analysis to Plaintiffs through December 27, 2021 commission rebates allegedly owed to Amazon, but paid to Northstar by KBC.  This was the first time that the Defendants learned of this theory of recovery and computation of damages.

Plaintiffs should therefore be barred from introducing evidence or arguing the existence of any damages stemming from the KBC rebates not pled in any of the operative complaints, disclosed in Plaintiffs' Rule 26(a)(1) disclosures, or identified by Plaintiffs in response to any interrogatory responses.  Their failure to do so was not substantially justified or harmless.

## BACKGROUND

Todd Meldahl formed KBC in 2016. *See* Ex. A (Meldahl Dep. Excerpts, 23:11-15). KBC is a full-service real estate advisory firm. Its work includes serving as a licensed real estate broker for Amazon on data center transactions, including on land purchases. *Id.* at 43:1-6; 47:13-16. KBC purportedly has a standing agreement with Amazon pursuant to which KBC pays certain rebates to Amazon from commissions KBC receives for certain transactions where KBC served as a real estate broker for Amazon. *Id.* at 106:2-7; 212:1-6. KBC served as a broker on the IAD123/124 (Quail Ridge) and IAD 144/145 (Dulles) data center transactions. *See* Dkt. 1205 at 12-13, 23-24. In those transactions, Northstar, through its affiliates, purchased the land, and then developed data center shells for Amazon to lease as a tenant. Mr. Meldahl testified that at the land purchase stage, KBC represented the buyer and that the buyer was Northstar. Ex. A at 173:5-15. In connection with those transactions, Northstar received $761,860 from KBC relating to commission fee rebates in 2018. Mr. Meldahl testified that he paid these rebates to Northstar at the direction of defendant Casey Kirschner, who was employed by Amazon at the time. *Id*. at 215:9-13. In late 2019, Mr. Meldahl reached out to Amazon concerning the payment of rebates to Amazon from several data center transactions that he believed KBC could owe Amazon pursuant to KBC's contract with Amazon. *See* Dkt. 1205 at 12-13. Mr. Meldahl offered to pay rebates to Amazon for these transactions, including for the IAD123/124 and IAD144/145 transactions, even though rebate payments had already been made to Northstar. *Id.* Mr. Meldahl asked Amazon on numerous occasions for directions for where to send the funds to make the payments. *Id.*

However, Amazon ultimately did not accept payments from KBC for the two transactions that they are now claiming damages from.[1] *Id.*

Amazon filed its first complaint in this case in April 2020. It subsequently amended its complaint several times, with the latest version filed over two years later in May 2022 containing over 500 paragraphs of allegations. Amazon served its initial disclosures on December 3, 2021, and then supplemented them on four occasions—January 21, 2022, May 20, 2022, September 14, 2022, and December 1, 2022. *See* Exs. B through F. Amazon also served responses to at least six sets of interrogatories served by Mr. Watson and Northstar, one set of interrogatories served by Carleton Nelson, and one set of interrogatories served by Cheshire Ventures. Yet Amazon did not plead, disclose, or raise in any way the matter of the KBC rebate payments until it served its affirmative expert disclosures on November 16, 2022. It was then that Amazon's damages expert, Mr. Lee, claimed that Amazon was entitled to $781,680 as a result of rebates that KBC sent to Northstar. *See* Dkt. 1259-1 at 44. In support of this position, Mr. Lee cites only testimony and exhibits from Mr. Meldahl's deposition. Mr. Meldahl was deposed on March 24, 2022—several months before Amazon filed its Third Amended Complaint on May 6, 2022 and three of its supplemental Rule 26 disclosures. *See* Dkt. 765; Exs. D through F.

## ARGUMENT

"[A] case may not proceed to trial on 'an unpleaded theory of recovery'" without the defendant's consent. *United States v. Cochran*, 79 F. Supp. 3d 578, 583 (E.D.N.C. 2015) (quoting *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 401 (4th Cir. 1999)); *Marmott v. Maryland Lumber*

---

[1] Why Northstar received the rebates, whether Northstar was entitled to the rebates, whether Northstar knew about KBC's standing agreement, Mr. Meldahl's offer to pay Amazon, and Amazon's failure to mitigate its damages will be contested issues at trial if Amazon is allowed to present evidence relating to the KBC rebates. These issues, however, should not preclude the Court from excluding the evidence at this stage.

*Co.*, 807 F.2d 1180, 1185 (4th Cir. 1986) (plaintiff properly precluded from asserting claim based upon concerted action where not pleaded); *see also Scotts Co. v. Cent. Garden & Pet Co.,* No. 2:00-CV-755, 2002 WL 1578791, at *1 (S.D. Ohio Apr. 4, 2002) (granting motion in limine on the issue of a "new, unpled" fraud claim).  Amazon's Third Amended Complaint contains over 500 paragraphs.  Not once does it mention any of the following names or phrases, or give notice of any fraud or wrongful conduct involving these individuals, entities, or matters:  Todd Meldahl, KBC Advisors, rebate.  Amazon's earlier iterations also fail to contain these terms.  Simply put, nowhere did Amazon ever plead any claims that set forth allegations related to the KBC rebate payments issue.  *See Am. Hot Rod Ass'n, Inc. v. Carrier*, 500 F.2d 1269, 1275-76 (4th Cir. 1974) (affirming denial of leave to amend to assert unpleaded legal theory after "almost two years of pleading, amendments, interrogatories, requests for admission, pre-trial orders and briefs").

Amazon also failed to properly disclose that it was seeking damages relating to the KBC rebate payments to Northstar in its Rule 26 disclosures and its interrogatory responses.  *See Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 513 n.10 (4th Cir. 2002) (affirming the exclusion of testimony concerning damages where such damages had not been properly disclosed); *Advanced Training Grp. Worldwide, Inc. v. ProActive Techs. Inc.*, No. 1:19-CV-0505, 2020 WL 13605266, at *5 (E.D. Va. Dec. 4, 2020) ("Plaintiff's discovery violation, standing alone, provides a sufficient basis to exclude evidence of claimed damages because discovery closed approximately one year ago and there is no excuse for Plaintiff's discovery failure").  Fed. R. Civ. 26(a)(1) requires a party to, for each category of damages claimed, identify a computation of damages and disclose the evidence on which that computation is based.  "When a party 'fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially

justified or is harmless." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at \*2 (E.D.N.C. May 7, 2012) (quoting Fed. R. Civ. P. 37(c)(1)).    This sanction is automatic.    *See Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011).    The "basic purpose" of Rule 37(c)(1) is "preventing surprise and prejudice to the opposing party."  *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

Here, the Defendants have been unfairly surprised and prejudiced by Amazon's last-minute claim.  Amazon served initial disclosures on December 3, 2021, and amended them multiple times, most recently on December 1, 2022.  Yet Amazon never disclosed anything about its KBC rebates damages claim in its initial Rule 26 disclosures or any of its supplemental disclosures, including those served long after the March 24, 2022 deposition of Mr. Meldahl, founder and CEO of KBC. Similarly, in response to interrogatories from multiple defendants relating to damages, Amazon stated nothing about damages based on KBC's payment of rebate fees to Northstar.    *See* Exs. G (Amazon Responses to Brian Watson's Third Set of Interrogatories to Plaintiffs, at Interrogatory No. 18); H (Amazon Responses to Carleton Nelson's First Set of Interrogatories to Plaintiffs, at Interrogatory Nos. 7, 8); I (Amazon Responses to WDC Holdings' First Set of Interrogatories, at Interrogatory Nos. 2, 3); J (Amazon Responses to WDC Holdings' Second Set of Interrogatories, at Interrogatory No. 14).  Amazon is "bound by the scope" of its responses to these interrogatories. *See Lake Wright Hosp., LLC v. Holiday Hosp. Franchising, Inc.*, No. CIV.A 2:07CV530, 2009 WL 2606254, at \*33 n.9 (E.D. Va. Aug. 20, 2009); *MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1356 (Fed. Cir. 2005) (finding the district court's exclusion of patentee's non-expert damages theory was proper where patentee failed to supplement its interrogatories with its new damages theory).

Defendants pointed out this failure to articulate a theory of recovery in their motions for summary judgment.  *See* Dkt. 1205 at 23-25.  Consistent with Amazon's failure to ever plead the matter, or raise it in a single Rule 26(a)(1) disclosure or a response or supplementation to its interrogatory responses, Amazon made no effort to respond to this issue in its response to the Defendants' motions for summary judgment.  Rather, all Amazon did is claim in a footnote that it had disclosed the matter under Rule 26(a)(1)(A), *see* Dkt. 1210 n.7, which the Court can see by reviewing the disclosures attached to this motion is a complete fabrication.

Amazon cannot establish that any last-minute supplementation is substantially justified or harmless.  *See S. States Rack & Fixture, Inc.*, 318 F.3d at 596 (identifying the factors that a district court should consider when determining whether nondisclosure of evidence is substantially justified or harmless).  First, the Defendants were completely surprised to learn that Plaintiffs were claiming damages relating to the KBC rebates.  They had no notice that Plaintiffs were alleging any fraud or wrongful conduct relating to the payment of KBC rebates to Northstar, or an amount of damages from such payment, until Mr. Lee's report was served on November 16, 2022.  This was over two years into the litigation, and a month past the close of fact discovery.[2]  This surprise cannot be cured in time, as the Defendants did not have time to take fact discovery about Plaintiffs' claim.  Nor did the Defendants have a sufficient opportunity to consider whether its expert disclosures, either affirmative or rebuttal, could address Plaintiffs' claim.  Allowing the evidence would disrupt the trial, as the matter of Amazon's damages is a hotly disputed and confusing issue as is.  In addition, this evidence is very important, as damages stemming from the KBC rebates apparently comprise more than half of the "actual economic harm" from the data center lease

---

[2] Fact discovery closed on October 14, 2022.  The Court recently reopened discovery for the sole purpose of conducting the depositions of two deponents who previously asserted the Fifth Amendment in response to all substantive questions at their depositions.  Dkt. 1303.

transactions at issue.  Finally, there is no justifiable reason for Amazon's delay considering how long this case had been pending when Plaintiffs made the disclosure in its expert's report (over two years), when Mr. Lee was retained (February 2022), when Mr. Meldahl was deposed (March 2022), and how many times and when Plaintiffs amended and/or supplemented the pleadings and their discovery responses in this matter.  Moreover, there is no indication that any expert calculation or analysis was necessary to raise this issue at any time prior to the close of fact discovery—the claim consists of an assertion that two payments were made to Northstar by KBC when Amazon claims they should not have been.  No expert testimony was necessary to disclose to Defendants that Amazon was making such a claim.  Thus Amazon cannot salvage its delinquency by making a claim that it needed expert testimony to raise the issue.  And regardless, "an expert report may not simply stand in the place of Plaintiff[s'] required 26(a)(1)(A)(iii) disclosures." *See Companion Prop. & Cas. Ins. Co. v. U.S. Bank Nat'l Ass'n*, No. 3:15-CV-01300-JMC, 2016 WL 3452734, at *2 (D.S.C. June 24, 2016).  After all this time, Amazon cannot now be permitted to ambush the Defendants with this new theory of fraud or wrongful conduct and computation of damages.

## CONCLUSION

WHEREFORE, the Defendants respectfully ask that the Court enter an Order granting the Motion and exclude from trial any evidence or arguments relating to any damages that Plaintiffs now claim as a result of the payment of rebates by KBC to Northstar.

Dated: March 31, 2023

**BROWNSTEIN HYATT FARBER
SCHRECK, LLP**

By: s/ *Jeffrey R. Hamlin*

Stanley L. Garnett (*pro hac vice*)
Amanda K. Houseal (*pro hac vice*)
Sara R. Bodner (*pro hac vice*)
Leah Regan-Smith (*pro hac vice*)
Rosa L. Baum (*pro hac vice*)
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: (303) 223-1100
Facsimile: (303) 223-1111
sgarnett@bhfs.com
ahouseal@bhfs.com
sbodner@bhfs.com
lregan-smith@bhfs.com
rbaum@bhfs.com

Jeffrey R. Hamlin (VA Bar No. 46932)
George R. Calhoun (*pro hac vice*)
James Trusty (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4140
Facsimile: (202) 524-4141
jhamlin@ifrahlaw.com
george@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for WDC Holdings LLC, Brian
Watson, Sterling NCP FF, LLC, Manassas
NCP FF, LLC, NSIPI Administrative
Manager*

9

**BURR & FORMAN LLP**

*s/Rachel Friedman*
Rachel Friedman (VA Bar
#93898) 420 North 20th
Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedman@burr.com

J. Alex Little, IV (TN Bar No. 29858)
(*pro hac vice*) Emily H. Mack (TN Bar
No. 31217) (*pro hac vice*) 222 2nd Ave.
S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-
3200 alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No 1032572)
(*pro hac vice)* 50 North Laura Street,
Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-
7200 asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire
Ventures, LLC*

*/s/ JD Thomas*
John-David H. Thomas (*Lead Attorney*) (Va. Bar No.
68714)
Andrew F. Solinger (*Pro Hac Vice*) (Tenn. Bar No.
036943)
HOLLAND & KNIGHT, LLP
511 Union St., Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8596
Facsimile: (615) 244-6804
JD.Thomas@hklaw.com
Andrew.Solinger@hklaw.com

*Attorneys for Casey Kirschner*

10

*s/ Julie S. Palmer*
Julie S. Palmer
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, VA 23255
Tel: (804) 762-8027
Fax: (804) 747-6085
jpalmer@hccw.com

*Counsel for Rodney Atherton*

## **C E R T I F I C A T E**

I hereby certify that on 31st day of March, 2023, a true and correct copy of the foregoing has been served upon all parties of record via the ECF system and via email.

*/s/Jeffrey R. Hamlin*
Jeffrey R. Hamlin