IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AMAZON.COM, INC. AND AMAZON
DATA SERVICES, INC,

  Plaintiffs,

v.       Case No. 1:20-CV-484-RDA-IDD

WDC HOLDINGS LLC D/B/A NORTHSTAR
COMMERCIAL PARTNERS, et al.

  Defendants.

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE THE TESTIMONY OF RICHARD W. PAINTER

Defendants Rodney Atherton, Casey Kirschner, Carleton Nelson and Cheshire Ventures (collectively, "Defendants") move to exclude the testimony of Plaintiffs' designated legal expert, Richard W. Painter ("Painter"). Painter's own deposition testimony confirms that his expert opinion is not needed here. Because Painter impermissibly invades the province of the jury, improperly opines on purely legal issues, and provides opinions and analyses that are inadequately supported by incomplete facts hand-selected by Plaintiffs, the Court should exercise its critical gatekeeping function and exclude his unreliable and unhelpful opinions so he cannot confuse or mislead the jury.

Under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589-94 (1993), an expert's testimony must be helpful to the trier of fact, based on sufficient facts, use reliable principles and methods, and reliably apply the principles and methods to the facts of the case. Fed. R. Evid. 702. These factors were put in place to ensure that expert testimony, which can be given special weight, is not misleading to the fact finder. Painter's opinions do not meet these standards.

Once his improper legal and ultimate-issue opinions are stripped away, Painter provides nothing but a regurgitation of the evidentiary record that fact witnesses will present directly and his own *ipse dixit*. Any analysis that would assist the trier of fact is woefully lacking. For these reasons, the Court should exclude Painter's testimony in its entirety. In fact, this Court would not be the first to reach such a conclusion regarding Painter. In an order excluding Painter's expert testimony under Fed. R. Evid. 403, the United States District Court for the Southern District of New York concluded "his proposed testimony would bring no specialized knowledge that might assist the jury" and "would be more prejudicial than probative." *In re Reserve Fund Securities & Derivative Litig.*, 2012 WL 12356742 *4 (S.D.N.Y. 2012). The court reasoned: "Painter's proffered testimony contains legal conclusions, prejudicial hearsay, and irrelevant matter about which no expert testimony is required or helpful [and] his proposed testimony presents a grave risk of jury confusion." *Id*. Painter's proffered testimony here compels a similar conclusion.

## BACKGROUND

Plaintiffs designated Painter, a Professor at the University of Minnesota Law School, to testify as an expert witness in this action. Painter's report is attached as **Exhibit A**. Painter's deposition is attached as **Exhibit B**. Plaintiffs' counsel asked Painter to review three items: (1) Atherton's deposition transcript; (2) his interrogatory responses; and (3) his engagement letter executed by his clients in connection with the business structure and loans at issue in this case. Based on his review of those three items, Plaintiffs asked Painter "to opine on whether . . . Atherton (i) "acted as a reasonable attorney in assisting his clients in forming several entities they used to transfer funds"; (ii) "conducted diligence sufficient to render competent legal advice regarding those entities and transfers of funds"; (iii) "rendered definitive advice about the lawfulness of his clients' conduct"; and (iv) "provided his clients with engagement letters

2

containing terms that are customary and consistent with norms in the legal industry." *Ex. A*, p. 3.

## ARGUMENT

The admission of expert opinion testimony is governed by Federal Rule of Evidence 702. Rule 702 reflects the Supreme Court's opinions in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). These authorities require the party seeking to admit expert testimony to bear the burden of demonstrating its admissibility by establishing "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Belville v. Ford Motor Co.*, 919 F.3d 224, 232 (4th Cir. 2019) (quoting *Daubert*, 509 U.S. at 597); *see also Limelight Networks Inc. v. XO Commc'ns, LLC*, No. 3:15-cv-720-JAG, 2018 WL 678245, at *1 (E.D. Va. Feb. 2, 2018) ("Under Federal Rule of Evidence 702, an expert must base his testimony on sufficient facts, use reliable principles and methods, and reliably apply the principles and methods to the facts of the case."). In assessing the admissibility of expert testimony, the court performs a critical "gatekeeping function," to prevent improper expert opinions from confusing or misleading the jury." *Nease v. Ford Motor Co.*, 848 F.3d 219, 231 (4th Cir. 2017).

This Court should exclude Painter's testimony because his opinions fail to meet the "exacting" requirements for admissibility of expert testimony under Rule 702. *Weisgram v. Marley Co.*, 528 U.S. 440, 442 (2000). Painter's legal conclusions invade the province of the jury, and what remains of his analysis is both unhelpful and unreliable.

### I.   PAINTER'S OPINIONS INVADE THE PROVINCE OF THE JURY.

Rule 702 requires district judges to act as gatekeepers to ensure that expert testimony is not only reliable but also relevant. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 588; *U.S. v. Barnette*, 211 F. 3d 803, 815-16 (4th Cir. 2000) (citing *Kumho Tire Co.*, 526 U.S. at 152). While an opinion is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact, such opinion must be excluded if it is not helpful to the trier of fact. Fed. R. Evid. 702; *see also U.S. v. Barile*, 286 F. 3d 749, 760 (4th Cir. 2002) (citing *Kopf v. Skyrm*, 993 F.2d 374, 377-78 (4th Cir. 1993)).

#### A.   <u>Painter's Opinions Are Not the Proper Subject of Expert Testimony</u>.

"To be admissible, expert testimony must be helpful to the trier of fact. If the facts being discussed by an expert are reasonably familiar to an average juror, then the expert testimony is not helpful." *Lowry's Reps., Inc. v. Legg Mason, Inc.*, No. WDQ-01-3898, 2003 WL 25774655, at *1 (D. Md. July 14, 2003) (internal citations and alterations omitted); *see also In re C.R. Bard, Inc.*, 948 F. Supp. 2d 589, 608 (S.D.W. Va. 2013), *on reconsideration in part* (June 14, 2013) (holding expert testimony is unnecessary on subjects "understandable to the average juror"); *Slaby v. Holder*, No. 1:12-cv-1235-AJT/IDD, 2013 WL 12147698, at *1 (E.D. Va. July 24, 2013) (excluding opinion that was a "summary of the evidence" followed by commentary "equally within the capabilities and kin of the jury").

As the Fourth Circuit stated: "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." *D'Angelo*

*v. Giant Food, Inc.*, 956 F.2d 1162, at *3 (4th Cir. 1992). Painter's own deposition testimony confirms his expert opinion is not needed here:

- "And I'm not going to say that someone who doesn't have as much expertise as I do can't render their own opinions on these matters." *Ex. B*, 33:11-13.

- "I mean, this is not something that requires a lot of detailed research . . . ." *Id*. at 44:9-10.

- "I think that a lawyer right out of law school should have been able to look at the situation. . . . You don't need 30 years of experience . . . ." *Id*. at 34:20–35:7.

- "[E]very lawyer, every second-year law student would understand, if presented with these facts and asked to answer the question . . . . And I would not put it on an exam because every student would get the answer right. You wouldn't have a grading curve. It's so obvious." *Id.* at 333:8-16.

B. **Painter Improperly Opines On Ultimate Issues.**

Legal conclusions or testimony that merely tells the jury what result to reach is not likely to assist the jury in its determination and thus should be excluded. *Barile*, 286 F.3d at 760 (citing *Woods v. Lecureux*, 110 F. 3d 1215, 1220 (6th Cir. 1997)); *Yates v. Ford Motor Co.*, No. 5:12-CV-752-FL, 2015 WL 3448905, at *6 (E.D.N.C. May 29, 2015) ("opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible").

Painter criticizes the advice Atherton gave his clients ("I'm opining on the competence of the advice and whether he did the right thing. And I don't think he did." *Ex. B*, 41:17-19). But it is for the jury, not Plaintiffs' expert witness, to determine whether Atherton's advice was reasonable, whether his clients reasonably relied on his advice, and whether the business structure and loans implemented were appropriate under the law.

Generally, "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts" is inadmissible. *U.S. v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006); *see*

5

*also U.S. v. Chapman*, 209 F. App'x. 253, 269 (4th Cir. 2006) ("Generally, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it.") (internal quotations and citation omitted). Here, Painter opines that Atherton should not have advised or allowed his clients to proceed with the business structure and loans that are the subject of Amazon's claims. Although he stops short of expressly opining that the business structure and loans were unlawful, Painter opines that Atherton's advice allowing his clients to proceed was "close to the line" and "toward the end of the spectrum where we aren't necessarily absolutely sure that you committed all of the elements of the crime or something . . .." *Ex. B*, 128:3, 176:15-21. Painter also states: "Now I can't get inside Mr. Atherton's mind as to why he put that language in [the engagement letter] . . .. But it sent to me a message that there is concern about a criminal act potentially being committed." *Id*. at 182:7-12.

Experts cannot weigh the evidence in this manner. Instead, the jury alone must weigh the credibility of evidence. *Smith v. Bank of Am., N.A.*, 443 F. App'x 808, 809 (4th Cir. 2011). Expert opinion that "undertakes to tell the jury what result to reach . . . does not aid the jury;" rather such an opinion "attempts to substitute the expert's judgment for the jury's." *Chapman*, 209 F. App'x. at 269 (internal quotation marks and citation omitted). "[T]estimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored." *Sun Yung v. Zom Clarendon, L.P.*, 453 F. App'x. 270, 278 (4th Cir. 2011) (internal quotation marks and citation omitted). "The best way to determine whether opinion testimony contains legal conclusions is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular." *Barile*, 286 F.3d at 760 (internal quotation marks and citation omitted). Testimony that "involves the use of terms with considerable legal

6

baggage . . . nearly always invades the province of the jury." *U.S. v. Perkins*, 470 F.3d 150, 158 (4th Cir. 2006).

The law is clear: an expert opinion on the ultimate question of law is "irrelevant" and "not favored." *See Adell Plastics, Inc. v. Mt. Hawley Ins. Co.*, No. 17-cv-252-JKB, 2019 WL 2524916, at *3 (D. Md. June 19, 2019). "The Fourth Circuit has interpreted Rule 702 to limit legal opinions when the expert states a legal standard or draws a legal conclusion by applying law to the facts, because it supplies the jury with no information other than the witness's view of how the verdict should be read." *Buser v. Eckerd Corp.*, No. 5:12-cv-755-FL, 2015 WL 1438618, at *7 (E.D.N.C. Mar. 27, 2015) (internal citations and quotation marks omitted); *see also Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 859 (E.D. Va. 2017) (excluding expert opinion that "state[d] a legal standard or dr[ew] a legal conclusion by applying law to the facts").

Because Painter's legal conclusions will be unhelpful and invade the province of the jury, he must be excluded. *See Georges v. Dominion Payroll Servs., LLC*, No. 3:16-cv-777, 2018 WL 2088751, at *6 (E.D. Va. May 4, 2018) (excluding expert's opinions after finding that they merely drew legal conclusions about a party's conduct and were therefore "lack[ing] relevance" and "inadmissible"); *see also* 29 Arthur Alan Wright et al., *Federal Prac. & Proc. - Evid.* § 6266 (1st ed.) ("The goal of the rules regulating expert testimony is to promote the search for truth while preserving the jury's traditional powers to weigh the evidence and determine the credibility of witnesses.").

## II. PAINTER'S TESTIMONY IS NOT RELIABLE

The flaws in Painter's opinions do not end with their substance. They also lack an adequate factual foundation and are inherently unreliable. "[R]eliability is not an issue that can be delegated to a jury." *Fernaays v. Isle of Wight Cnty.*, No. 2:21-cv-99, 2022 U.S. Dist. LEXIS

7

52804, at *12 (E.D. Va. Mar. 23, 2022) (citing *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021)). "Reliability is a 'flexible' inquiry that focuses on 'the principles and methodology' employed by the expert." *Sardis*, 10 F.4th at 281 (quoting *Daubert*, 509 U.S. at 594-95). Although the inquiry is flexible, the court must ensure that an expert's opinion is based on "*knowledge* and not on belief or speculation." *Id.* (internal quotation marks and citation omitted).

If, as here, the witness is relying solely or primarily on experience, he "must be able to explain [1] how [his] experience leads to the conclusion reached, [2] why that experience is a sufficient basis for the opinion, and [3] how the experience is reliably applied to the facts.'" *SAID Software, Inc. v. EMove, Inc.*, 945 F. Supp. 2d 628, 644 (E.D.N.C. 2013) (citing Fed. R. Evid. 702 Advisory Committee's Note (2000)).

### A. Painter's Expertise Is Not Relevant.

Before a district court may allow a witness to testify as an expert, the witness' expertise must also be relevant. *Daubert,* 509 U.S. at 591-92. The Court may "insist that [the] proffered expert bring to the jury more than the lawyers can offer in argument." *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992). Something more than experience in practice is needed to qualify an attorney as an expert in a given specialty. *Cicero v. Borg–Warner Automotive, Inc.,* 163 F.Supp.2d 743, 749 n.7 (E.D. Mich. 2001). Whether a proposed expert's experience is sufficient to qualify him to offer an opinion on a particular subject depends on the nature and extent of that experience. *See U.S. v. Lupton,* 620 F.3d 790, 799 (7th Cir. 2010) (noting that a proposed expert's "thirty-year distance from the day-to-day goings-on in the brokerage world and lack of experience with the statutes and contract at issue . . . call into question [his qualification] to render an opinion" on the industry standards of practices among local real-estate brokers).

"The fact that a proposed witness is an expert in one area, does not *ipso facto* qualify him to testify as an expert in all related areas." *Georges*, 2018 WL 2088751 at *2 (E.D. Va. 2018) (quoting *Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 391 (D. Md. 2001)); *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008) (noting, "[i]n *Daubert* the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony, and the Court in *Kumho* clarified that this gatekeeper function applies to all expert testimony, not just testimony based on science").

Painter opines that Atherton's engagement letter is "highly unusual and contrary to norms in the legal industry." *Ex. A*, ¶¶ 13, 24-35. But Painter is an academic. He last worked in a law firm in the early 1990s as an associate. *Ex. B*, 57:12-19, 62:22–63:5, 237:18-21. He does not write any engagement letters as a professor. *Id*. Thirty years ago, when he served as an associate for two-and-a-half years, he recalls writing "the first draft of an engagement letter and running it by a partner for approval." *Id.* at 61:13-19, 62:2-21, 232:15-16. He does not remember how many letters he may have drafted but concedes "[t]here were not a lot." *Id.* at 233:6-10; *see also id.* at 60:6–61:6, 298:15-17.

Painter was never a tax attorney. *Id.* at 58:9-14. And, for the past 30 years he has not created trusts or limited liability companies or any other entities like those formed by Atherton for his clients in this case. *Id.* at 103:2-11. Moreover, Painter is a New York attorney, has never been licensed in Colorado (where Mr. Atherton is licensed), does not recall ever offering an opinion on the ethics of a Colorado attorney, and did not specifically look at Colorado law in forming his opinions in this case. *Id.* at 64:3–65:10. He has never lectured, published articles, or written anything specifically involving Colorado Rules of Professional Conduct. *Id.* at 67:21–68:5. Nor did he examine Washington law (where Amazon is located). *Id.* at 334:2-19.

9

In short, while he may be a qualified lawyer and law professor, Painter does not possess the relevant qualifications to offer the specific opinions he seeks to offer here. His testimony should be excluded on this additional ground.

### B. Painter's Proposed Testimony Lacks Proper Foundation.

Rule 702 requires that an expert's testimony be based on sufficient facts or data. Fed. R. Evid. 702(b). An expert opinion that lacks sufficient factual foundation is inadmissible. *Cavallo v. Star Enterprise,* 100 F.3d 1150 (4th Cir. 1996). Even if the expert is qualified, his opinions will not be admissible if they are not based on an otherwise established foundation. *Id*. Expert opinion should be excluded when it is based on assumptions that are speculative and not supported by the record. *Tyger Const. Co., Inc. v. Pensacola Const. Co.,* 29 F.3d 137, 142 (4th Cir. 1994), *cert. denied,* 513 U.S. 1080 (1995).

There are multiple key deficiencies with respect to the foundation (or lack thereof) for Painter's opinions. He admittedly relied on "excerpts" of deposition testimony deemed relevant and hand-selected by Plaintiffs' counsel. *Ex. B*, 29:16-22. He relied upon an informal transcript of a recorded conversation from Plaintiffs' counsel rather than listening to the recording itself. *Id*. at 9:9–10:14. He was not provided any complete deposition transcripts until after his report was written. *Id*. at 75:9 - 77:15. He did not receive or review any deposition testimony of Brian Watson or any representative of Northstar. *Id*. at 48:20 – 49:14. With the exception of excerpted deposition testimony of two defendants, he did not review deposition transcripts of any Amazon employees or former employees. *Id*. at 50:15. He did not review any lease or sale documents related to the underlying real estate development deals between Amazon and Northstar or any other contractor referenced in this litigation. *Id*. at 51:2-14. He did not review any "underlying contractual obligation [owed by Kirchner or Nelson] to Amazon. *Id*. at 110:18-19. He does not

know if he received all communications between Atherton and his clients. *Id*. at 151:14 – 152:5. He did not review the Answers filed by any of the Defendants. *Id*. at 158:20 – 159:3. He admits he does not know what Amazon's internal policies are, despite his acknowledgement that such internal employment policies could define what is permissible in the context of the issues on which he has opined. *Id*. at 387:9 – 389:18. Incredibly, he testified: "An expert witness cannot be expected to look through thousands of pages and – tens of thousands – hundreds of thousands of pages of documents in a case before presenting an expert opinion on a specific issue." *Id*. at 149:6-10.

Painter testified that he relied upon "allegations in the complaint" for his understanding that Defendants Kirschner and Nelson had a role in the Amazon process for approving leases. *Id*. at 171:6–173:9. Likewise, he relied upon the Complaint for information regarding the relationship between Northstar and Christian Kirschner in reaching his opinions. *Id.* at 47:14–48:4. He simply cannot do this. "[Painter] may testify to his industry expertise, but he may not simply parrot [Plaintiffs'] legal arguments and lend them the imprimatur of expert testimony." *Brittney Gobble Photography, LLC v. Sinclair Broadcast Group, Inc.*, No. 18-cv-3403-SAG, 2021 WL 5359671, at *9 (D. Md. Nov. 17, 2021).

Ironically, Painter criticizes Atherton for not conducting sufficient factual or legal research before advising his clients as to the legal permissibility of the business structure and loans at issue in this case. *Ex. A*, ¶¶ 14-23. But Painter acknowledges that he himself did not do any research and **he admits he does not know what Mr. Atherton did**. *Ex. B*, 140:16–141:13. He also admits that he did not conclude that the advice Atherton gave was wrong—he did not look at it. *Id.* at 191:2-14. Painter's methodology in this regard is grossly inappropriate. His opinions cannot be tested or replicated because he relies solely upon inadmissible *ipse dixit*.

11

"A reliable expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999) (*citing Daubert*, 509 U.S. at 592–93); *see also Hines v. Wyeth*, No. 2:04-cv-690, 2011 WL 2680842, at *5 (S.D.W. Va. July 8, 2011), *order clarified on reconsideration*, 2011 WL 2730908 (S.D.W. Va. July 13, 2011) (expert testimony that "merely regurgitates factual information that is better presented directly to the jury rather than through the testimony of an expert witness" is properly excluded); *Sanchez v. Bos. Sci. Corp.*, No. 2:12-cv-5762, 2014 WL 4851989, at *31 (S.D.W. Va. Sept. 29, 2014) (excluding opinions that were a "narrative review of corporate documents . . . riddled with improper testimony regarding [defendant's] state of mind and legal conclusions").

Painter is just such an expert. He does nothing more than regurgitate what he has been told, and in that way he would act as an impermissible human highlighter, emphasizing facts (that may or may not be established through direct evidence in the record) subject to no analysis. Painter's "regurgitat[ation of] factual information . . . is better presented directly to the jury rather than through the testimony of an expert witness" and this testimony should be excluded. *See Hines*, 2011 WL 2680842, at *5; *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); Fed. R. Evid. 702 Advisory Committee Notes ("The trial court's gatekeeping function requires more than simply 'taking the expert's word for it'").

### III. PAINTER'S OPINIONS CONCERNING THE REASONABLENSS OF DEFENDANTS CASEY KIRSCHNER AND CARLETON NELSON'S RELIANCE ON ATHERTON'S ADVICE MUST ALSO BE EXCLUDED.

In addition to his opinions concerning Atherton addressed above, Painter testified at his

deposition regarding the reasonableness of Kirschner's and Nelson's reliance on the legal advice they obtained from Atherton. Painter initially stated that he was *not* intending to opine as to the reasonableness of Kirschner's or Nelson's conduct or the underlying allegations against Kirschner and Nelson. *Ex. B*, 36:11-21, 37:4-36. And yet, as his deposition progressed, Painter began expressing specific opinions on the actions of Kirschner and Nelson. *See id.* at 51:16-52:20. Then, despite acknowledging that his report was silent as to the reasonableness of Kirschner's and Nelson's actions, Painter proceeded to offer an opinion on "reasonableness of referral fees, the loans, [and] Nelson and Kirschner's duty to disclose anything to Amazon." *Id.* at 54:6-55:6 ("I don't know specifically [where in my report these opinions were offered]. It may or may not be in my report. I'm offering that opinion right now."). Painter's opinions in this regard amount to no more than a general belief as to the underlying merits of Plaintiffs' claims and matters wholly outside of the scope of his expertise or proper expert testimony. Such conclusory expressions are not the proper subject of expert testimony as they remove the responsibility for decision-making from the jury. Indeed, "[e]xpert testimony is not helpful to the jury if it concerns 'a matter which obviously is within the common knowledge of jurors.'" *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986). "[T]estimony that concerns matters within the common knowledge and experience of a lay juror does not pass muster." *U.S. v. Dorsey*, 45 F.3d 809, 814 (4th Cir. 1995); *Kopf*, 993 F.2d at 377.

Beyond issues with Rule 702, expert testimony on subjects within the knowledge of ordinary people may also be inadmissible under Rule 403. *See Scott*, 789 F.2d at 1055 ("Trouble is encountered only when the evaluation of the commonplace by an expert witness might supplant a jury's independent exercise of common sense . . .. This, however, does not seem to be an inquiry under Rule 702, but rather a necessary, independent inquiry under Rule 403 to

13

exclude evidence which is prejudicial."). Relevant evidence must be helpful to the trier of fact and "fit" the case or be tied to its facts. *Daubert*, 509 U.S. at 591; *Bowers v. Norfolk S. Corp.*, 537 F. Supp. 2d 1343, 1351 (M.D. Ga. 2007).

> As the advisory committee notes to the Federal Rules of Evidence make clear,
>
>> [U]nder Rule 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day.

Fed. R. Evid. 704 advisory committee's note. As a general rule, expert opinion on the reasonableness of a client's reliance on their attorney's advice is improper and should be excluded. *See Persinger v. Norfolk & W. Railway Co.*, 920 F.2d 1185, 1188 (4th Cir. 1990) (holding Rule 702 excludes expert testimony on matters within the "common knowledge of jurors").

Central to this case, and specifically the defenses of Kirschner and Nelson, is whether they acted reasonably in relying on legal advice and actions taken by Atherton as their attorney. Circumstances surrounding referral fees received by Kirschner's brother, loans obtained by Kirschner and Nelson, and Kirschner's and Nelson's duty to disclose their outside relationships to Amazon are also central questions in this case. Each of these concepts are legal conclusions that fall well outside the scope of proper expert testimony.

Nothing in Painter's background or experience makes him a proper expert on the reasonableness of a client's reliance on their attorney's advice, the reasonableness of commercial real estate referral fees[1], the appropriateness of loans made by a trust[2], or the legal duties owed

---

[1] In his deposition, Painter states that "there is serious concern about the" propriety or reasonableness of the referral fees paid by Northstar to Christian Kirschner. *Ex. B*, 51:16-21. He

14

by employees to their employer[3]. Painter has no specialized knowledge that could conceivably assist the jury in "understand[ing] the evidence or . . . determin[ing] the fact in issue." Fed. R. Evid. 702. Each of these questions clearly falls within the ambit of the jury, to be determined by the jury through a careful analysis of the facts and application of those facts to the appropriate legal standard. *See* Fed. R. Evid. 702 advisory committee note ("An expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts."). Plaintiffs cannot supplant that important task with the conclusions of their expert.

## CONCLUSION

For all these reasons, Defendants respectfully submit that the Court should grant Defendants' Motion to Exclude the Testimony of Richard W. Painter and preclude him from testifying at the trial of this matter.

---

then gives his opinion "that Casey [Kirschner] really should have told Amazon" about the referral fees paid to his brother. *Id.* at 52:3-9. Later in his deposition, Painter describes these referral fees as "a kickback fee." *Id.* at 135:4-5. He additionally opines as to whether referral fees in commercial real estate transactions are "commonplace" or "completely above board," describing Defendants' arrangement as possibly creating "a situation that gets you into the honest services fraud statute." *Id.* at 170:3-14. This type of testimony implicates a host of concerns, not the least among them Rule 403 concerns in its potential to prejudice defendants.

[2] With regards to the loans taken out by Kirschner and Nelson, Painter opined, without basis or foundation, that "you [can't] take loans out of that trust without telling your employer." (*Id.* at 115:18-19).

[3] At one point in his deposition, Painter stated that "[w]hen you're an employee of a company, you have some fiduciary duty of loyalty to the company and a duty to communicate information with the principal when it's relevant to the subject matter of your agency." (*Id.* at 328:5-329:3). Aside from the fact that this statement is legally suspect, Painter was not offered as an expert on agency or fiduciary duties of duties and has no basis to offer this opinion.

                                                                  **RODNEY ATHERTON, CASEY KIRSCHNER, CARLETON NELSON and CHESHIRE VENTURES**

                                                                  By Counsel

/s/ Julie S. Palmer
Julie S. Palmer (VSB No. 65800)
Angela MacFarlane (VSB No. 87776)
Alison W. Feehan (VSB No. 35225)
Counsel for Rodney Atherton
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jpalmer@hccw.com
amacfarlane@hccw.com
afeehan@hccw.com


/s/ John-David H. Thomas
John-David H. Thomas (*Lead Attorney*) (Va. Bar No. 68714)
Andrew F. Solinger (*Pro Hac Vice*) (Tenn. Bar No. 036943)
Counsel for Casey Kirschner
HOLLAND & KNIGHT, LLP
511 Union St., Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8596
Facsimile: (615) 244-6804
JD.Thomas@hklaw.com
Andrew.Solinger@hklaw.com


/s/ Rachel Friedman
Rachel Friedman (VSB No. 93898)
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedman@burr.com

J. Alex Little, IV (TN Bar No. 29858) (*Pro Hac Vice*)
Emily H. Mack (TN Bar No. 31217) (*Pro Hac Vice*)
Burr & Forman LLP
222 2nd Avenue S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

Adam R. Smart (FL Bar No. 1032572) (*Pro Hac Vice*)
Burr & Forman LLP
50 North Laura Street, Suite 3000
Jacksonville, FL 32202
Telephone: (904) 232-7200
smart@burr.com
*Counsel for Carleton Nelson and Cheshire Ventures*

# **C E R T I F I C A T E**

    I hereby certify that on 31st day of March, 2023, a true and correct copy of the foregoing has been served upon all parties of record via the ECF system and via email.

                          /s/ Julie S. Palmer
                          Julie S. Palmer