IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>     Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br>     Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC, <br><br>     Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>     Interpleader Defendants, <br><br>     and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>     Interpleader Defendants, <br>     Interpleader Counter-Plaintiffs. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

In accordance with the Agreed Protective Order (Dkt. 55), and for reasons further stated herein, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (together, "Plaintiffs" or "Amazon") respectfully seek leave to file under seal the unredacted versions of their Memorandum of Law in Support of Plaintiffs' Omnibus Motion in Limine ("Plaintiffs' Motion in Limine"), and Exhibit 1 to the Declaration of Claudia M. Barrett in Support of Plaintiffs' Motion in Limine ("Barrett Declaration").

Exhibit 1 to the Barrett Declaration is a copy of the transcript of the November 21, 2022 Rule 30(b)(6) deposition of the firm Brownstein Hyatt Farber Schreck LLP.  The vast majority of the unredacted version of Exhibit 1 contains testimony that describes or references documents that the Court on July 9, 2021 ordered Defendants Brian Watson and WDC Holdings LLC ("Watson Defendants") to produce "subject to counsel's eyes only," Dkt. 302, as well as documents that the Watson Defendants have designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order, Dkt. 55.  The unredacted version of Plaintiffs' Motion in Limine quotes, refers to, and describes the information contained in Exhibit 1.  In addition, the unredacted version of Plaintiffs' Motion in Limine quotes, refers to, and describes documents that this Court has previously ordered sealed, as well as documents that Defendants have designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Agreed Protective Order.  Plaintiffs' unredacted Motion in Limine also references and describes documents that non-party IPI Partners, LLC ("IPI") designated "Confidential" pursuant to the Agreed Protective Order.  Finally, Plaintiffs' unredacted Motion in Limine discusses and refers to Plaintiffs' Supplemental Response to Amazon Deposition Topic 122, Dkt. 1169-1, which Plaintiffs have designated "Confidential" under the Agreed Protective Order.

Although "the common law and the First Amendment presume a public right of access to court documents," *Malon v. Franklin Financial Corp.*, No. 3:14CV671, 2014 WL 12768782, at *2 (E.D. Va. Dec. 4, 2014) (citing *Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)), "the Fourth Circuit has nonetheless stated that a district court 'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,'" *id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). In determining whether to grant a motion to seal, the district court must engage with three requirements articulated by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*: "[I]t must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000).

Plaintiffs' request satisfies all three *Ashcroft* factors. Regarding the first factor, the public will have adequate notice of Plaintiffs' request to seal, through the instant motion and notice of motion to seal as required by Local Civil Rule 5. As to the second and third *Ashcroft* factors, sealing the above-referenced materials is appropriate, and no less drastic alternatives to sealing exist. The documents discussed throughout Exhibit 1 have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Watson Defendants and/or produced by the Watson Defendants "subject to counsel's eyes only" pursuant to an order of the Court. *See* Dkt. 302. The remaining Confidential Materials cited throughout Plaintiffs' Motion in Limine have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Defendants, non-party IPI, and, in one instance, by Amazon. To Plaintiffs' knowledge, these materials are not publicly available, nor have they been de-designated for

confidentiality. With respect to Dkt. 1169-1, Plaintiffs have designated this document as "Confidential" because the document concerns, reflects, or reveals confidential, proprietary, or otherwise nonpublic commercial information relating to Amazon's internal processes and business. Plaintiffs have redacted their Motion in Limine to narrowly target the reference, discussion, or identification of the aforementioned materials. This selective protection of information constitutes the least drastic measure of sealing confidential material. Plaintiffs therefore respectfully request that the Court grant this motion. *See Adams v. Object Innovation, Inc.*, No. 3:11cv272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) ("[The] proposal to redact only the proprietary and confidential information, rather than seal the entirety of [the document], constitutes the least drastic method of shielding the information at issue."), *report and recommendation adopted*, 2012 WL 135428 (E.D. Va. Jan. 17, 2012).

    Pursuant to Local Civil Rule 5(C) and the Protective Order, Plaintiffs respectfully request that the Court retain the unredacted version of Plaintiffs' Motion in Limine and Exhibit 1 until ninety (90) days after entry of a final order, including any appeals.

Dated:  March 31, 2023

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda J. Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

| | |
|---|---|
| CTBSRM, Inc.<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 | 2010 Irrevocable Trust<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |
| Demetrius Von Lacey<br>2845 Des Moines Dr.<br>Fort Collins, CO 80525 | Sigma Regenerative Solutions, LLC<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |

*/s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc.*
*and Amazon Data Services, Inc.*