# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS; LLC, <br><br>    Interpleader Defendants, <br>   and <br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br>    Interpleader Defendants, Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO
FILE DOCUMENTS UNDER SEAL**

Pursuant to Local Civil Rule 5(C)(2), (3), and (4), Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. ("Amazon") respectfully submit this response to Defendants' motions to seal filed in connection with their motions in limine (Dkts. 1309, 1328, 1338, 1349) and their Motion to Allow a Jury View of Data Center Sites at Issue (Dkts. 1317). *See* Dkts. 1311 (Atherton's motion to seal), 1330 (Defendants' motion to seal), 1336 (Kirschner's motion to seal), 1358 (Nelson Defendants' motion to seal). The Motions request that the Court seal documents that Plaintiffs have designated as "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" under the Protective Order entered in this case. Dkt. 55.

For the reasons stated herein, Plaintiffs submit that sealing is appropriate as to the narrowed set of documents specified below.

Although "the common law and the First Amendment presume a public right of access to court documents," *Malon v. Franklin Financial Corp.*, No. 3:14CV671, 2014 WL 12768782, at *2 (E.D. Va. Dec. 4, 2014) (citing *Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)), "the Fourth Circuit has nonetheless stated that a district court 'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,'" *id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). In determining whether to grant a motion to seal, the district court must engage with three requirements articulated by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*: "[I]t must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000).

As an initial matter, Amazon does not seek the sealing of documents sought to be sealed by Dkts. 1311 and 1330. As to Dkt. 1311, Atherton's[1] Motion to Seal documents referenced in his Motion to Exclude Evidence of Unrelated Lawsuits, Amazon withdraws the confidentiality designations at issue and does not object to the unredacted Motion to Exclude Evidence of Unrelated Lawsuits being placed on the public docket. As to Dkt. 1330, Defendants' Motion to Seal documents referenced in their Motion to Exclude the Testimony of Richard W. Painter, Amazon believes that confidentiality designations were already withdrawn, but to the extent any confidentiality designations remain as to Mr. Painter's report or his testimony, Amazon withdraws those designations and does not object to the unredacted Motion and exhibits being placed on the public docket.

As to Dkt. 1336, Kirschner's Motion to Seal Defendants' Motion in Limine for a Spoliation or 37(a) Instruction and Exhibits 1 through 7 to that Motion, Amazon is withdrawing any confidentiality designations over Exhibits 2, 4, and 7 and does not object to those exhibits being placed on the public docket. The Motion and Exhibits 1, 3, 5, and 6, however, contain confidentially, sensitive, and proprietary information about Amazon's internal processes, including its approvals processes and its investigative techniques, and thus warrants being sealed.

As to Dkt. 1358, Defendants' Motion to Seal their Motion in Limine to Exclude Evidence of Amazon's Code of Conduct and their Motion to Allow a Jury View of Data Center Sites at Issue and Exhibit A to that Motion, those Motions and Exhibit A contain sensitive business information, including information about Amazon's internal processes and details about Amazon's data centers

---

[1] Although the Court's April 6, 2023 Order (Dkt. 1376) dismissed Rodney Atherton from the case, his motions remain pending and Amazon is filing responses to those motions today, the deadline for responses, to preserve any and all rights to the issues therein.

that, if revealed, would create a security risk for those data centers, and thus these materials warrant being sealed.

All three *Ashcroft* factors are satisfied for each document Plaintiffs seek to keep sealed. Regarding the first factor, the public will have had adequate notice of these requests to seal, through Defendants' motions and notices of motion to seal and through the instant response as required by Local Civil Rule 5. As to the second and third *Ashcroft* factors, sealing the above-referenced materials is appropriate, and there are no less drastic alternatives to sealing. The above-referenced materials are not publicly available, and they contain sensitive business, proprietary, and confidential information, including confidential business information about Amazon's internal processes and non-public details about its data centers that if released, would impair Amazon's abilities to manage internal controls effectively as well as create a security risk for its data centers in Northern Virginia.

In short, these documents contain or refer to material that is not publicly available and contains or reflects sensitive confidential, business, or proprietary information that would damage Amazon's interests if publicly disclosed. Dkt. 55 at 7–8.

Plaintiffs respectfully request that the Court grant Defendants' Motions to Seal in part, maintaining under seal each of the documents identified above. *See, e.g.*, *Mars, Inc. v. J.M. Smucker Co.*, No. 1:16-CV-01451-CMH-MSN, 2017 WL 11499735 (E.D. Va. Aug. 9, 2017) (granting motion to seal where "the information sought to be filed under seal may contain data and information that [were] designated as 'Confidential,' . . . under the Amended Protective Order governing th[e] case"); *Malon v. Franklin Fin. Corp.*, No. 3:14CV671, 2014 WL 12768782, at *3 (E.D. Va. Dec. 4, 2014) (granting motion to seal where documents were marked "confidential" pursuant to a protective order).

Pursuant to Local Civil Rule 5(C), Plaintiffs also respectfully submit a proposed order concurrently with this response.

Dated: April 7, 2023

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

*/s/ Michael R. Dziuban*
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.,
Fort Collins, CO 80525

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002


*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*