IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS et al., <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC, <br><br> Intervening Interpleader Plaintiff, <br> Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON, WDC HOLDINGS, LLC, BW HOLDINGS, LLC, <br><br> Interpleader Defendants, <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br><br> Interpleader Defendants, <br> Interpleader Counter-Plaintiffs. | |

**RECEIVER'S RESPONSE IN OPPOSITION TO WATSON DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTION AND <u>APPOINTMENT OF MARK A. ROBERTS AS RECEIVER</u>**

Mark A. Roberts (the "<u>Receiver</u>"), as receiver for WDC Holdings LLC dba Northstar Commercial Partners LLC ("<u>WDC</u>"), R. Brian Watson ("<u>Mr. Watson</u>" and together with WDC, the "<u>Watson Defendants</u>"), and their assets pursuant to this Court's *Order Appointing Receiver and Ordering Turnover of Property to the Receiver* [Dkt. 433] (the "<u>Receivership Order</u>"), by counsel, submits this response opposing the Watson Defendants' *Motion to Vacate Preliminary Injunction and Appointment of Mark A. Roberts as Receiver* [Dkt. 1385] (the "<u>Motion</u>").

1

**PRELIMINARY STATEMENT**

While the Receiver takes no position regarding whether this Court's *Order Granting Plaintiffs' Motion for a Preliminary Injunction* (Dkt. 57, the "Injunction") should continue in its current form in light of the Court's summary judgment decision, the Receiver submits that the Court should deny the specific relief sought in the Motion because the Watson Defendants have not met their burden to establish the Injunction or the Receivership Order should be "vacated," a characterization of relief that likely would create substantial uncertainty and confusion regarding activities undertaken by the Receiver and third parties in reliance on such Orders. Further, the prospective relief sought in the Watson Defendants' Motion—continuation of a modified form of the receivership process on an interim basis—is unwarranted and impracticable. In light of these defects in the Motion, modification or termination of the receivership process appears premature. However, in the event the Court affords any relief to the Watson Defendants on their Motion, further proceedings regarding the specific framework for resolution of the receivership process would be warranted, and any Order that ultimately grants relief regarding such framework should address certain procedural considerations and protections identified herein to properly effectuate discharge of the Receiver and transition of the Assets.

**BACKGROUND**

After months of briefing and various hearings in connection with the Watson Defendants' failure to comply with this Court's Injunction, on October 27, 2021, this Court entered its contempt order, finding the Watson Defendants to be in civil contempt by virtue of their willful and knowing failure to comply with the Injunction. Dkt. 413 ¶ 1. In furtherance of the contempt order, on November 23, 2021, the Court entered the Receivership Order, which appointed the Receiver for the stated purpose of preventing further irreparable harm to the Amazon plaintiffs and coercing

the Watson Defendants' compliance with the Court's Injunction. Dkt. 433 ¶ C. Under the Receivership Order, the Receiver—a restructuring professional not affiliated with any party—is not an agent for Plaintiffs or the Watson Defendants, but instead serves as an officer of the Court appointed for purposes of carrying out the requirements of the Court's Receivership Order. *See BMO Harris Bank, N.A. v. Truland Sys. Corp.*, 2017 U.S. Dist. LEXIS 103682, *6 (E.D. Va. July 5, 2017) ("As an officer of the court, the receiver's powers are coextensive with his order of appointment.") (internal citations omitted).

Pursuant to and in reliance on the terms of the Receivership Order, the Receiver has exercised exclusive control over all of the Assets since his appointment in November 2021. Throughout the course of this receivership, the Receiver has managed various processes pursuant to the Receivership Order, including (i) conducting a forensic review of the Watson Defendants' cash activity during the pendency of the Injunction, which identified millions of dollars in spending by Mr. Watson personally during such period [Dkt. 702 ¶ 12-16], (ii) avoiding dissipation of assets by requiring Mr. Watson to limit ongoing personal expenses in accordance with a monthly budget, (iii) preserving and/or monetizing various assets of the Watson Defendants and entities under their control, and (iv) addressing certain liabilities and other obligations of the Watson Defendants. In accordance with Paragraphs 5(h) and 16 of the Receivership Order, the Receiver has regularly filed quarterly reports that disclose to the parties and this Court (i) the activities of the Receiver, (ii) the financial status of the Watson Defendants, and (iii) detail regarding financial transactions during the relevant preceding period. *See* Dkt. 495, 702, 898, 1082, and 1208.

## ARGUMENT

### A. The Watson Defendants Have Not Fulfilled Their Burden to Establish that Prior Orders of the Court Should be "Vacated."

In the Motion, the Watson Defendants do not ask the Court to dissolve or modify the Injunction or to terminate the receivership process. Instead, the Watson Defendants ask the Court to "vacate" the Injunction and Receivership Order, as well as other unspecified related orders, without defining the scope of that relief requested or delineating the consequences of "vacating" these orders. Seeking relief under Fed. R. Civ. P. 60(b), the Watson Defendants' request to "vacate" suggests that they may be seeking to have such orders deemed null and void. Such extraordinary relief is not warranted here, where the Receiver and various third parties have undertaken innumerable actions since the Receiver's appointment 16 months ago in furtherance of the Injunction and in reliance on the Receivership Order. "Vacating" these prior orders of the Court likely would create substantial uncertainties regarding the Receiver's prior authority for actions under the Receivership Order and the rights of third parties that have dealt with the Receiver.

In asserting changed circumstances warrant relief from the Injunction, the authorities cited in the Watson Defendants' Memorandum include Federal Rule of Civil Procedure 60(b)(5), which provides, among other forms of relief, that the Court may relieve a party from a final judgment, order, or proceeding where "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5); *see also Thompson v. U.S. Dep't of Housing & Urban Dev.*, 404 F.3d 821 (4th Cir. 2005) (affirming lower court's modification of prior consent order under Fed. R. Civ. P. 60(b)(5)). Other authority cited by the Watson Defendants references the Court's inherent power to modify an existing injunction on a going-forward basis. *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir.

1994)) (holding that modification of an existing injunction may be ordered if a party has met "its initial burden by showing either a *significant* change in factual conditions or *in law*." (emphasis in original); *U.S. v. Swift & Co.*, 286 U.S. 106, 114 (1932) ("We are not doubtful of the power of a court of equity to modify an injunction in adaption to changed conditions."); *Rockwell Graphic Sys., Inc. v. DEV Indus., Inc.,* 91 F.3d 914, 920 (7th Cir. 1996) ("[A] court may modify an injunction to adapt to changed circumstances."). Such authority does not support a request to "vacate" the Injunction or Receivership Order under the circumstances of this case.

The Receiver takes no position regarding whether the Injunction should remain in place in its current form in light of the summary judgment decision, as that is an issue between the Watson Defendants and Plaintiffs, not the Receiver. The Receiver submits, however, that the Watson Defendants have not fulfilled their burden to "vacate" and treat as null and void any prior orders of the Court, and therefore any possible relief that could be afforded to the Watson Defendants in connection with the Motion should be granted only on a prospective basis.

> **B. The Relief Regarding the Receivership Process Sought in the Motion and Delineated in the Watson Defendants' Proposed Order Is Unwarranted and Impracticable.**

The further relief requested in the Watson Defendants' Motion concerning prospective treatment of the receivership process is also unwarranted and impracticable. The proposed order provides in pertinent part that "[t]he injunction entered on June 5, 2020, and all orders related to the injunctive order are hereby vacated immediately, with the exception of the Receiver, appointed November 23, 2021." Motion, Exhibit 1, p. 2. Taken literally, the Watson Defendants' proposed language would seemingly: (1) vacate "all orders related to the injunctive order," an undefined category of orders that could be interpreted to mean almost every order entered by this Court in the above-captioned case that arguably led to or resulted from the Injunction; but (2) exempt from

the wholesale vacating of orders a vague exception for "the Receiver," a party who is expressly or impliedly referenced in dozens of orders related to the Injunction entered since this Court entered the Receivership Order sixteen months ago.

The unclear and impracticable nature of the Watson Defendants' proposed relief in the Motion is further illustrated by the final paragraph of the proposed order attached to the Motion, which asks the Court to order that:

> (3) The receivership remains in force until a hearing can be held where the court can consider evidence and argument from the parties and the Receiver regarding the best process to wind down the receivership. In the interim, the Receiver will have no power to make any decisions without Mr. Watson's approval, but the stay put in place by the receivership order will remain operative. Mr. Watson will have the ultimate power to approve any disposition or use of assets during the interim period. Moreover, the Receiver will no longer take control of any insurance proceeds being used to pay the Watson Defendants' counsel, which should instead be payable directly to counsel in the ordinary course of business.

Motion, Exhibit 1, p. 2.

The Watson Defendants' proposed relief as to the receivership process is self-contradictory and unclear. The Watson Defendants propose that the receiver remains in place, so the Receiver remains an officer of the Court tasked with fulfilling the requirements of the Receivership Order. However, in the remainder of the paragraph, the Watson Defendants propose to divest the Receiver of all decision-making authority, thereby requiring the Receiver to continue to have the responsibilities of an officer of the Court without any authority to fulfill that responsibility, an untenable arrangement to which the Receiver understandably objects. Further, the Motion apparently seeks to require the Receiver to continue in place without the operative provisions of the Receivership Order, such as limitation of liability, indemnities, and payment of fees and expenses. Finally, the Watson Defendants request that "the stay put in place by the receivership order will remain operative," thus providing the Watson Defendants the creditor protection

benefits of the Receivership Order notwithstanding the request to vacate the Receivership Order. The relief requested in the Watson Defendants' Motion regarding a modified form of receivership process is unwarranted and impracticable, even for an interim period, and should be denied.

### C. If the Court Affords Any Relief to the Watson Defendants on the Motion in Connection with the Receivership Process, Such Relief Should Address Important Procedural Considerations and Protections.

The Receiver is mindful that, as this action progresses, it may become appropriate to resolve the receivership or otherwise plan for the ultimate transition and discharge of the Receiver. As noted above, the interim process requested in the Motion is not practicable or appropriate, but the Receiver agrees with the Watson Defendants that additional proceedings are warranted before the Receivership Order could be modified or terminated or the Receiver is discharged to ensure a reasonable transition can be effectuated. Thus, if the Court is inclined to grant any relief from the Injunction or Receivership Order, the Court should establish a future date on which such relief is to become effective, thereby providing an interim opportunity to formulate the appropriate framework for resolution of the receivership and discharge of the Receiver.

While the parties appear to agree future proceedings are warranted, in the event the Court concludes that an appropriate framework for termination of the receivership process and discharge of the Receiver should be decided now, in the context of the Motion and without further briefing and hearing, the Receiver respectfully requests that any such order incorporate the following:

1. Termination of the receivership shall occur as of a date specified by the Court at least ten business days after entry of such order (the "Termination Date").

2. On the Termination Date, the Receiver shall cause a transition of ownership and control of the Assets (as defined in the Receivership Order), provided, however, nothing herein shall require disclosure of the Receiver's privileged communications or work product. The Receiver shall file a final report summarizing the Receiver's material activities during the pendency of the receivership and detailing the results from collections, operations, and distributions of the Assets.

3. After the Termination Date, if further information from or action by the Receiver is reasonably necessary to effectuate the transition of the Assets, the Receiver (or his agents, attorneys, or representatives) shall provide reasonable cooperation upon written request, provided, however, that if any requested cooperation requires a material investment of time or the incurrence of out-of-pocket expense, the Receiver shall have no obligation to provide such cooperation unless the Receiver (or his agents, attorneys, or representatives, if applicable) is compensated for such services at standard rates (with advancement of out-of-pocket expenses).

4. All fees and expenses of the Receiver and his professionals incurred in connection with the receivership process through and including the Termination Date shall be payable from the Assets. If Assets are not reasonably available to satisfy all such fees and expenses as of the Termination Date, all such fees and expenses shall be paid by the Plaintiffs within ten (10) business days after the Termination Date.

5. All actions taken by or on behalf of the Receiver prior to the Termination Date in conjunction with the Receivership Order are approved and ratified. Effective on the Termination Date, the Receiver shall be discharged, and the Receiver, together with his employees, agents, attorneys, consultants, and representatives, including without limitation Alvarez & Marsal North America LLC (collectively with the Receiver, the "<u>Receivership Parties</u>"), are released and discharged from any and all claims, obligations, causes of action, and liabilities relating to the management of the Assets, administration of the receivership process, or otherwise in connection with the Receivership Order.[1] The Receivership Parties shall have no liability for any acts or omissions relating to the management of the Assets, administration of the receivership process, or otherwise in connection with the Receivership Order. In the event that, notwithstanding the foregoing, any claim is asserted against the Receivership Parties arising out of or in connection with any aspect of the receivership process, any and all costs, expenses, and liabilities incurred by the Receivership Parties in connection with such claim shall be advanced and indemnified by Plaintiffs. On the Termination Date, the bond posted by the Receiver pursuant to the Receivership Order shall be exonerated and returned to the Receiver without offset or reduction.

Thus, if the Court affords any relief to the Watson Defendants in connection with the Motion without contemplating further proceedings regarding the framework for termination of the

---

[1] Courts in this district have provided similar relief in connection with termination and discharge of receivers. *See, e.g.*, *United States v. Waterside Capital Corporation*, Case No. 13-CV-653-MSD-LRL (E.D. Va. June 28, 2017), *Final Order Approving and Confirming the Receiver's Final Report, Terminating the Receivership, and Discharging the Receiver* entered (Dkt. 52) (releasing receiver and its agents); *Securities and Exchange Commission v. Hitt*, Case No. 18-CV-1262-LMB-TCB (E.D. Va. September 3, 2021), *Order Granting Receiver's Motion to Terminate Receivership and Discharge Receiver* (Dkt. 167), ¶ C (releasing receiver).

receivership, the Receiver submits that any such relief should address the foregoing procedural considerations and protections to fully discharge the Receiver and effectuate the transition of Assets.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests that the Court deny the relief requested in the Motion and grant the Receiver such other and further relief as the Court deems just and proper.

Dated: April 21, 2023　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　 /s/  *Aaron G. McCollough*
　　　　　　　　　　　　　　　　　　　　　　　Aaron G. McCollough (VSB 72146)
　　　　　　　　　　　　　　　　　　　　　　　McGuireWoods LLP
　　　　　　　　　　　　　　　　　　　　　　　77 West Wacker Drive, Suite 4100
　　　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60601-1818
　　　　　　　　　　　　　　　　　　　　　　　Tel.: (312) 849-8256
　　　　　　　　　　　　　　　　　　　　　　　Fax: (312) 698-4522
　　　　　　　　　　　　　　　　　　　　　　　amccollough@mcguirewoods.com

　　　　　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　　　　Joseph S. Sheerin (VSB 47400)
　　　　　　　　　　　　　　　　　　　　　　　McGuireWoods LLP
　　　　　　　　　　　　　　　　　　　　　　　800 East Canal Street
　　　　　　　　　　　　　　　　　　　　　　　Richmond, VA 23219-3916
　　　　　　　　　　　　　　　　　　　　　　　Tel.: (804) 775-1135
　　　　　　　　　　　　　　　　　　　　　　　Fax: (804) 698-2076
　　　　　　　　　　　　　　　　　　　　　　　jsheerin@mcguirewoods.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for the Receiver*

**Certificate of Service**

I HEREBY CERTIFY that, on April 21, 2023, I caused the RECEIVER'S RESPONSE IN OPPOSITION TO WATSON DEFENDANTS' MOTION TO VACATE PRELIMINARY INJUNCTION AND APPOINTMENT OF MARK A. ROBERTS AS RECEIVER to be electronically filed and served using the CM/ECF System, which will transmit a Notice of Electronic Filing to counsel of record.

        /s/ *Aaron G. McCollough*
        Aaron G. McCollough