**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **AMAZON.COM, INC and AMAZON DATA SERVICES, INC.,** | )<br>)<br>) **Case No. 1:20cv484** |
| Plaintiffs, | )<br>) **Hon. Rossie D. Alston, Jr.** |
| v. | ) **Hon. Ivan D. Davis**<br>) |
| **WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, et al.,** | )<br>)<br>) |
| Defendants, | )<br>) **NELSON'S REPLY TO AMAZON'S OPPOSITION TO THE WATSON DEFENDANTS' MOTION TO VACATE INJUNCTION** |
| **800 HOYT LLC,** | ) |
| Intervening Interpleader Plaintiff, | ) |
| v. | ) |
| **BRIAN WATSON, et al.,** | ) |
| Interpleader Defendants. | ) |

COMES NOW Defendant, Carleton Nelson, and files this reply to Amazon's response to the Watson Defendants' motion to vacate the preliminary injunction. Nelson did not seek relief in the context of this motion, and takes no position on the substantive relief sought by Watson. However, because Amazon has asserted several positions of law which are erroneous, at least as to him, and which might impact Nelson in future proceedings in this case, Nelson files this reply. Specifically, Nelson challenges Amazon's assertions concerning choice of law as to him as well as the available remedies as to the remaining claims. Nelson also addresses a few limited points as

to the testimony of the supposedly third-party witnesses, Kyle Ramstetter and Christian Kirschner not specifically raised by the Watson Defendants in their reply, which may be relevant to any further filings and proceedings in this case involving claims against Nelson.

A. **Any conclusion regarding applicable law regarding the remaining claims against Watson is inapplicable to the remaining claim against Nelson.**

Amazon, without any analysis, assumes that Virginia law applies to the remaining claims. It does not, at least as to Nelson.[1] Nelson reserves all rights on this issue and will assert his substantive arguments regarding choice of law as to the claim against him—alleged conspiracy to tortiously interfere with his own employment contract—when that claim is before the Court substantively. Nelson nevertheless makes clear now that he does not agree that Virginia law controls the remaining claim against him, whatever determination may be reached on the choice of law issue, if any, as to the Watson defendants in the context of this present motion to vacate the injunction.

B. **Amazon cannot resurrect its quest for equitable remedies.**

To the extent Amazon attempts to resurrect its equitable remedies through its tortious interference claim now, and subsequently apply them against Nelson through its civil conspiracy claims at a later date, Nelson objects. First, this Court already found that Amazon had failed to

---

[1] An inquiry into the proper choice of law is only necessary if the relevant states' laws lead to conflicting results. *Velocity Micro, Inc. v. JAZ Mktg., Inc.*, No. 3:11-CV-473, 2012 WL 3948018, at *6 (E.D. Va. Sept. 10, 2012) (citing *Hilb Rogal & Hobbs Co. v. Rick Strategy Partners, Inc.*, 2006 WL 5908727, at *11 (E.D. Va. Feb. 10, 2006)). Here, the laws of Washington and Virginia do lead to conflicting results on Amazon's civil conspiracy claims based on alleged tortious interference with Nelson's employment contract. For example, Washington law does not have a civil conspiracy statute analogous to Va. Code § 18.2-499. Where the claim is governed by Washington law, the Virginia statutory civil conspiracy claim cannot survive. *Hilb Rogal & Hobbs Co.*, 2006 WL 5908727, at *1; *Palaxar Grp., LLC v. Williams*, No. 614-CV-758-ORL-28GJK, 2014 WL 5059286, at *n.16 (M.D. Fla. Oct. 2, 2014).

establish that it had an adequate remedy at law, the predicate for *any* equitable relief for its claims for damages. *See* Dkt. 1376 at 36-37, n. 31. For this reason alone, Amazon's attempt to resurrect its request for equitable relief fails.

Further, Amazon completely misstates the holding from *Preferred Systems Solutions, Inc. v. GP Consulting, LLC*, 732 S.E.2d 676 (Va. 2012), in a misguided attempt to create an alternative remedy for tortious interference claims under Virginia law where none exists. That case had three claims at issue: (1) a breach of a non-compete clause against the contracting counterparty, where issues concerning lost profit measurements were addressed; (2) a tortious interference clam against a third party for allegedly inducing the breach of the non-compete; and (3) a trade secret claim. The only place the damages issue came up was the direct breach of contract claim. *Id.* at 686. Further, when it came to injunctive relief in that case, the Virginia Supreme Court reaffirmed what this Court has already held, that a plaintiff must show that it has no adequate remedy at law before any equitable relief is available. *Id.* at 687. When the Virginia Supreme Court finally turned to the tortious interference claim, it affirmed the dismissal, never mentioning damages or remedies for that claim. *Id.* at 687-88. In sum, Amazon has misrepresented the holdings in *Preferred Systems Solutions*, which provide no support for the unique measure of damages for a tortious interference claim Amazon claims is available under Virginia law.

Amazon's primary basis for this argument is to claim that Judge Posner's opinion in *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 576 (7th Cir. 2004), makes it "blackletter law." Of course this opinion has not been cited in any Virginia cases. And the supposed "collection of cases" the opinion cites to are a prior Seventh Circuit opinion on fraud and a Wyoming state case which relied on a journal article by *Posner* himself to reach the conclusion. Amazon has cited

3

no Virginia case on point.[2] Further, apparently the law in Wyoming is that a party can obtain equitable relief such as restitution even if it does not show it lacks an adequate remedy at law, that merely being one factor. *See Cross v. Berg Lumber Co.*, 7 P.3d 922, 935 (Wyo. 2000) ("Thus, 'while inadequacy of the damage remedy is not a prerequisite to restitution, the fact of inadequacy strengthens the case for restitution.'"). However, as this Court already concluded, in granting summary judgment for Defendants on Amazon's other equitable claims, in Virginia it *is a prerequisite* for equitable relief such as restitution for a plaintiff to demonstrate that it lacks an adequate remedy at law, something Amazon has failed to do. Dkt. 1376 at 36. Accordingly, the Court should reject Amazon's improper effort to resurrect equitable remedies the Court has already disposed of.

**C.     The testimony of Kyle Ramstetter and Christian Kirschner.**

The Watson Defendants have addressed the issue of the settlement agreements with the supposed third-party witnesses, Kyle Ramstetter and Christian Kirschner, who Defendants sought and were given leave to depose after Amazon identified them as "will call," live witnesses for trial. Thus, Nelson will not belabor the points made by them.

However, to the extent Amazon later attempts to use the testimony of these two witnesses as a purported excuse to revisit the judgments entered against Amazon, it should be made clear that the depositions were not, as Amazon asserts, some sort of "reopening of the record" by Defendants. Rather Defendants sought these depositions because the witnesses agreed to appear

---

[2] The only other cases cited are one applying Texas law and one applying Pennsylvania law. In fact, the Court in *Ameritox, Ltd. v. Millennium Labs., Inc.*, 2014 WL 1456347, at *12 (M.D. Fla. Apr. 14, 2014), *refused* to allow for restitution for any tortious interference claim except the one under Texas law since that was the only relevant jurisdiction where it appeared such relief was even available. And, even then the district court noted they were only permitted where there was no adequate remedy at law as "damages were not readily ascertainable." *Id.*

at trial (at Amazon's expense) and testify substantively, as a result of Amazon's negotiation of a last minute deal to testify and provide complete cooperation with Amazon, in exchange for a broad release of all claims against them and a number of related and associated entities and individuals. *See* Settlement Agreements at Dkts. 1398-2, 1398-3.

Further, to demonstrate Amazon's apparent view of the now complete alignment of these witnesses with what Amazon wants, Amazon's counsel asserted work product protection over and over when these supposed third-party witnesses were asked what they discussed with Amazon's counsel during the six to seven hour meetings each had with Amazon's counsel the day before the respective depositions (of course neither of the witnesses' own counsel made any such frivolous objections). *See, e.g.,* Dkt. 1398-4 at 12:8-25, Dkt. 1398-5 at 25:21-25. Despite the requirement that these witness cooperate fully with Amazon and its counsel, when counsel for Amazon asked questions of these witnesses at the depositions, counsel proceeded with wholly improper leading questions as if these third-parties were now hostile witnesses to Amazon, as opposed to witnesses who were contractually obligated to cooperate with Amazon. *See, e.g.*, Dkt. 1396-1 at 457-460, Dkt. 1396-2 at 353-354.

| | |
|---|---|
| April 24, 2023 | **BURR & FORMAN LLP** |
| | */s/ Rachel Friedman* |
| | Rachel Friedman (VA Bar #93898) |
| | 420 North 20th Street, Suite 3400 |
| | Birmingham, AL  35203 |
| | Telephone: (205) 251-3000 |
| | Facsimile: (205) 458-5100 |
| | rfriedma@burr.com |
| | |
| | J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*) |
| | Emily H. Mack (TN Bar No. 31217) (*pro hac vice*) |
| | 222 2nd Ave. S., Suite 2000 |
| | Nashville, TN 37201 |
| | Telephone: (615) 724-3200 |

alex.little@burr.com
emack@burr.com

*/s/ Adam R. Smart*
Adam R. Smart (FL Bar No 1032572) (*pro hac vice*)
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson and Cheshire Ventures, LLC*