IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS, LLC, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |

**CASEY KIRSCHNER'S REPLY IN OPPOSITION TO AMAZON'S RESPONSE TO THE WATSON DEFENDANTS' MOTION TO VACATE THE PRELIMINARY INJUNCTION**

COMES NOW Defendant, Casey Kirschner, and by and through his undesigned counsel, files this reply to Amazon's response to the Watson Defendants' motion to vacate the preliminary injunction (D.E. 1385) and joins the arguments set forth in the Nelson Defendants' Reply (D.E. 1399).

**A. There Has Been No Determination Regarding The Applicable Law For Amazon's Remaining Claims.**

As set forth by the Nelson Defendants in their Reply, Amazon claims that Virginia law applies to the remaining claims. D.E. 1399 at 2. But there has been no determination by this Court

as to what law applies. Mr. Kirschner notes that there remain significant choice-of-law issues that must be considered before any such determination is made as to which law applies to the remaining conspiracy claim against Mr. Kirschner.

### B. Amazon Cannot Resurrect Equitable Remedies Or Substantiate Damages.

As further set forth in the Nelson Defendants' Reply, Amazon's arguments as to what relief it may claim either relies on inapplicable cases that have not been cited by Virginia courts, or misapprehends the holdings of those which could offer this Court guidance. *Id*. at 3. The Court should foreclose any attempt by Amazon to reignite its equitable remedies—which this Court found were unavailable—through the remaining conspiracy claim against Mr. Kirschner.

### C. Recent Deposition Testimony Is Immaterial.

Amazon's assertion that the record is "even stronger" in light of the recent depositions of Christian Kirschner ("Christian") and Kyle Ramstetter is wholly unsupported. Both these individuals were cooperating with Amazon before they were deposed, and before the Court's April 6, 2023 Order on Defendant's summary judgement motions. *See* D.E. 1376. For example, Christian participated in a two-hour meeting with Amazon's counsel the week before his deposition (which occurred on April 6, 2023, the same day the Court issued its Order) and a seven-hour in-person prep session with Amazon's counsel the day before—on April 5, 2023—during which he reviewed a binder of somewhere between 80 to 100 documents given to him by Amazon's counsel. *See* Christian Depo., at 8:9–20:20. (Attached as <u>Exhibit A</u>). Mr. Ramstetter participated in similar pre-deposition meetings and prep sessions with Amazon. If Amazon learned of information that was so significant as to change the factual landscape of its case, it could have brought those new facts to the Court's attention. It did not, however. Instead, in their depositions Christian and Mr. Ramstetter exposed themselves for what they are: flawed witnesses, who openly

2

contradicted their own prior statements and demonstrated their extreme bias and utter lack of credibility.

Amazon also disputes the Watson Defendants' reliance on this Court's Summary Judgment Order. Yet there is no dispute that Amazon conducted fulsome discovery in this matter for over a year, taking plethora of depositions, and reviewing hundreds-of-thousands of pages of documents. At the eleventh hour, Amazon even secured the full cooperation of the two individuals it claims sat at the heart of the alleged scheme. There is also no dispute that Amazon is represented by extremely capable counsel, with decades of substantive experience, and backed by the resources of one of the world's largest law firms. If there were facts in the record that could give rise to a "genuine dispute as to [ ] material fact," Amazon had the resources and tools to find them. *Hantz v. Prospect Mortg.*, LLC, 11 F. Supp. 3d 612, 615 (E.D. Va. 2014) (quoting Fed. R. Civ. P. 56(a)). That Amazon failed to do so gives rise to a reasonable assumption that such facts simply do not exist.

Respectfully submitted,

*/s/ John-David Thomas*
John-David H. Thomas (*Lead Attorney*)
(Va. Bar No. 68714)
Andrew F. Solinger (*Pro Hac Vice*)
(Tenn. Bar No. 036943)
HOLLAND & KNIGHT, LLP
511 Union St., Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8596
Facsimile: (615) 244-6804
JD.Thomas@hklaw.com
Andrew.Solinger@hklaw.com

*Attorneys for Defendant Casey Kirschner*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2023, I filed the foregoing using the Court's CM/ECF system, resulting in service on all counsel of record in this matter.

                                                               */s/ John-David Thomas*
                                                               John-David H. Thomas