IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY,<br><br>    Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC,<br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant,<br><br>  v.<br><br>BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC,<br><br>    Interpleader Defendants,<br>  and<br><br>AMAZON.COM, INC., and AMAZON DATA SERVICES, INC.,<br>    Interpleader Defendants,<br>    Interpleader Counter-Plaintiffs. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
FINAL JUDGMENT ON CERTAIN CLAIMS UNDER RULE 54(b)
<u>OR LEAVE TO APPEAL UNDER 28 U.S.C. § 1292(b)</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................... 1

LEGAL STANDARDS ............................................................................................................ 2

    I.    THE COURT SHOULD CERTIFY THE RULING FOR APPEAL UNDER RULE 54(b). .............................................................................................................. 2

        A.    The Ruling Is Final for Purposes of Rule 54(b) ....................................... 3

        B.    There Is No Just Reason for Delaying Appellate Review ....................... 3

    II.    IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY THE RULING FOR APPEAL UNDER 28 U.S.C. § 1292(b). ................................................................. 7

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Advante Designs, Inc. v. McGinnis*,
    61 Va. Cir. 134 (2003) ............................................................................................................4

*Amazon.com, Inc. v. WDC Holdings LLC*,
    2021 WL 3878403 (4th Cir. Aug. 31, 2021) ........................................................................8, 9

*Cullen v. Margiotta*,
    811 F.2d 698 (2d Cir. 1987) ....................................................................................................5

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
    446 U.S. 1 (1980) .................................................................................................................2, 3

*Dickson v. Microsoft Corp.*,
    309 F.3d 193 (4th Cir. 2002) ...................................................................................................9

*Difelice v. U.S. Airways, Inc.*,
    404 F. Supp. 2d 907 (E.D. Va. 2005) ......................................................................................2

*Digital Privacy, Inc. v. RSA Sec., Inc.*,
    199 F. Supp. 2d 457 (E.D. Va. 2002) ......................................................................................5

*Donaldson v. Primary Residential Mortg., Inc.*,
    2020 WL 3184089 (D. Md. June 12, 2020) ............................................................................9

*DRFP, LLC v. Republica Bolivarina de Venezuela*,
    945 F. Supp. 2d 890 (S.D. Ohio 2013) ....................................................................................7

*Dunlap v. Cottman Transmission Sys. LLC*,
    754 S.E.2d 313 (Va. 2014) .......................................................................................................4

*Fox v. City of Baltimore Police Dep't*,
    201 F.3d 526 (4th Cir. 2000) ...............................................................................................3, 5

*Hengle v. Asner*,
    2020 WL 855970 (E.D. Va. Feb 20, 2020) .............................................................................7

*Hino Motors Mfg. USA, Inc. v. Hetman*,
    2022 WL 16709717 (E.D. Mich. Aug. 4, 2022) ......................................................................8

*State ex rel. Howes v. Peele*,
    889 F. Supp. 849 (E.D.N.C. 1995) ..........................................................................................9

*ITCO Corp. v. Michelin Tire Corp.*,
  722 F.2d 42 (4th Cir. 1983) ..................................................................................................6

*McDonald v. Robinson*,
  2020 WL 10456846 (E.D. Va. Sept. 4, 2020)........................................................................9

*MCI Constructors, LLC v. City of Greensboro*,
  610 F.3d 849 (4th Cir. 2010) ................................................................................................3

*Para-Chem S. Inc. v. M. Lowenstein Corp.*,
  715 F.2d 128 (4th Cir. 1983) ................................................................................................5

*United States ex rel. Rahman v. Oncology Assocs.*,
  198 F.3d 489 (4th Cir. 1999) ................................................................................................8

*Rash v. Hilb, Rogal & Hamilton Co. of Richmond*,
  467 S.E.2d 791 (Va. 1996)....................................................................................................4

*Schaecher v. Bouffault*,
  772 S.E.2d 589 (Va. 2015)....................................................................................................4

*Sears, Roebuck & Co. v. Mackey*,
  351 U.S. 427 (1956)..............................................................................................................2

*Thomas v. Maximus, Inc.*,
  2022 WL 1482008 (E.D. Va. May 10, 2022) ...............................................................2, 7, 9

*In re Virginia Elec. & Power Co.*,
  539 F.2d 357 (4th Cir. 1976) ................................................................................................9

*Wegner v. Mfrs. & Traders Trust Co.*,
  2015 WL 9200478 (E.D. Va. Dec. 16, 2015) .......................................................................8

*West Virginia v. Moore*,
  895 F. Supp. 864 (S.D.W. Va. 1995)....................................................................................8

*Western Contracting Corp. v. Bechtel Corp.*,
  885 F.2d 1196 (4th Cir. 1989) ..............................................................................................8

*Williams Elecs. Games, Inc. v. Garrity*,
  366 F.3d 569 (7th Cir. 2004) ...........................................................................................4, 8

**STATUTES**

28 U.S.C. § 1292(b) ................................................................................................1, 2, 7, 9, 10

**RULES**

Fed. R. Civ. P. 54(b) ....................................................................................1, 2, 3, 5, 6, 7, 10

Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon") respectfully submit this Memorandum of Law in Support of their Motion for Final Judgment on Certain Claims Under Rule 54(b) or Leave to Appeal Under 28 U.S.C. § 1292(b).

## INTRODUCTION

Amazon appreciates the time and resources the Court devoted to its April 6, 2023 Opinion and Order on Defendants' summary judgment motions. Dkt. 1376 (the "Ruling" or "Op."). Out of regard for judicial economy and the rights of all parties, Amazon respectfully requests that the Court certify the Ruling for interlocutory appeal under Federal Rule of Civil Procedure 54(b) or, alternatively, 28 U.S.C. § 1292(b).

Certification is appropriate under Rule 54(b) because (i) the Court's judgment for Defendants on certain of Amazon's claims was a "final" disposition of those claims for purposes of Rule 54(b); and (ii) there is no just reason to delay an appeal, which would present purely legal questions unrelated to Amazon's remaining claims for tortious interference and civil conspiracy. Certifying the Ruling for appeal now would also reduce the likelihood of holding two jury trials in which the same witnesses and evidence are presented, which would impose a heavy and unnecessary burden on the parties and the Court.

Alternatively, certification is appropriate under Section 1292(b) because (i) the appeal involves controlling questions of law, without any need for the appellate court to review factual findings; (ii) there are conflicting authorities on each of those legal questions that create substantial ground for a difference of opinion; and (iii) an immediate appeal would save time and resources, allow the parties to resolve this action more quickly and without the need for two trials, and increase the likelihood of settlement.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 54(b) authorizes the Court to facilitate an immediate appeal by "direct[ing] entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). Rule 54(b) certification is proper where a ruling presents "a decision upon a cognizable claim for relief" that is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,'" and where there is no "just reason for delay" in seeking appellate review. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

The Court can also certify an interlocutory appeal under 28 U.S.C. § 1292(b). Section 1292(b) gives "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Thomas v. Maximus, Inc.*, 2022 WL 1482008, at *3 (E.D. Va. May 10, 2022) (quoting *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005)) (granting certification). Certification is appropriate where a ruling: "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

**ARGUMENT**

**I.     THE COURT SHOULD CERTIFY THE RULING FOR APPEAL UNDER RULE 54(b).**

The Court should certify the Ruling for appeal under Rule 54(b): (i) the Ruling is "final" for purposes of Rule 54(b) because it disposed of all Amazon's claims except tortious interference and civil conspiracy, and (ii) permitting immediate appellate review would further the interests of justice and judicial economy, and there is no just reason for delay. *Curtiss-Wright Corp.*, 446 U.S. at 7.

### A. The Ruling Is Final for Purposes of Rule 54(b).

The Fourth Circuit has recognized that a grant of summary judgment for a defendant on an entire claim is a paradigmatic example of a "final" resolution under Rule 54(b). *See Fox v. City of Baltimore Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000) (affirming certification of appeal of partial summary judgment under Rule 54(b)). Here, the Ruling disposed of Amazon's civil RICO, fraud, detinue, breach of contract, unjust enrichment, and conversion claims in their entirety, as well as all of Amazon's claims against Defendant Rodney Atherton (collectively, the "Resolved Claims"). Op. 39. Because there is nothing remaining to resolve on these claims, the Ruling is final for purposes of Rule 54(b). *See Curtiss-Wright Corp.*, 446 U.S. at 7.

### B. There Is No Just Reason for Delaying Appellate Review.

Courts in the Fourth Circuit consider the following factors when determining whether there is a just reason to delay appellate review of an order finally determining a subset of claims:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off …; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quotation marks omitted). Each of these factors favors certification here.

*First*, the Resolved Claims are legally distinct from Amazon's remaining tortious interference and civil conspiracy claims (the "Remaining Claims"), and the factual overlap among them is not a just reason for delay. The Court decided each of the Resolved Claims based on legal conclusions that have no bearing on Amazon's Remaining Claims, which have different legal elements, remedies, and defenses. For example, Amazon's remaining claims for tortious interference and civil conspiracy require it to prove, among other things, "intentional interference" by

Defendants in a "valid contractual relationship or business expectancy." Op. 23 (quoting *Schaecher v. Bouffault*, 772 S.E.2d 589, 602 (Va. 2015)). But whether Defendants engaged in "intentional interference" (or conspired to do so) does not depend on the Court's ruling on each of the Resolved Claims. The Court granted judgment on Amazon's RICO claim based on an "enterprise" element that is specific to that claim. Op. 19-21. The Court granted judgment on Amazon's contract claim based on an interpretation of contract provisions that do not govern the Remaining Claims. Op. 25-32. The Court granted judgment on Amazon's detinue and unjust enrichment claims based on its conclusion that Amazon had an adequate remedy at law—an analysis that has no relevance to the Remaining Claims. *Id.* at 33-38. And the Court granted judgment on Amazon's RICO and fraud claims based on a legal damages standard that does not apply to the Remaining Claims. *See* Op. 19, 22-23, 24 n.20 (observing that Watson Defendants "do not cite any case law indicating that the same standard that governs damages in the context of a civil RICO or fraud claim also applies to a claim for tortious interference").[1] Because the Fourth Circuit's review of these legal issues will have no effect on the Amazon's Remaining Claims, there is no risk that the same legal issues will need to be resolved in a later appeal (factor three) and thus no just reason to delay.

---

[1] The Ruling's conclusion is well supported. Courts have consistently held that "[r]estitution is available in any intentional-tort case in which the tortfeasor has made a profit that exceeds the victim's damages." *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 576 (7th Cir. 2004) (collecting authorities). Tortious interference is just such an intentional tort. *Dunlap v. Cottman Transmission Sys. LLC*, 754 S.E.2d 313, 218 (Va. 2014); *see also Rash v. Hilb, Rogal & Hamilton Co. of Richmond*, 467 S.E.2d 791, 795 (Va. 1996) (affirming constructive trust on conspiracy and tortious interference); *Advante Designs, Inc. v. McGinnis*, 61 Va. Cir. 134 (2003) (constructive trust on tortious interference claim). Although *Rash* also included a breach of contract claim against one defendant (Mr. Rash), the constructive trust order applied only to the *other* defendants (Mrs. Rash and Rash & Associates), who were liable for tortious interference and civil conspiracy. 467 S.E.2d at 792.

4

Although the Resolved and Remaining Claims "arise from the same underlying facts," that overlap is not a valid reason to delay an appeal, as "claims may be considered separable [under Rule 54(b)] even if they have arisen out of the same transaction or occurrence." *Cullen v. Margiotta*, 811 F.2d 698, 711-12 (2d Cir. 1987). Moreover, as described below, the factual overlap between the Resolved and Remaining Claims actually weighs in favor of certification, as an interlocutory appeal could avoid the need for *two jury trials* in which much of the same evidence and testimony would be presented.

*Second*, "[f]urther trial proceedings on the [Remaining Claims] will not moot the issues involved or alter the analysis of the [appealable] question[s]." *Digital Privacy, Inc. v. RSA Sec., Inc.*, 199 F. Supp. 2d 457, 460 (E.D. Va. 2002). Mootness concerns are at their height "when new facts might come to light in those further proceedings that would 'provide a basis for questioning the soundness' of the appellate court's prior conclusions." *Fox*, 201 F.3d at 531 (quoting *Para-Chem S. Inc. v. M. Lowenstein Corp.*, 715 F.2d 128, 132 (4th Cir. 1983)). Mootness concerns do not "counsel against Rule 54(b) certification," however, when "[t]he central question raised on appeal … is a pure question of law." *Id.* That is the situation presented here, where the Court entered judgment for Defendants as a matter of law and Amazon's appeal will present pure questions of law that have no relevance to the Remaining Claims. An appeal to resolve such questions does not risk duplication and therefore does not provide a just reason for delay.

*Third*, considerations of judicial economy favor certification because an interlocutory appeal "will streamline the resolution of the remaining … claims." *Fox*, 201 F.3d at 532. Most importantly, certification would minimize the risk of two, duplicative jury trials in which much of the same evidence and testimony would be presented (as the Resolved and Remaining Claims arise from largely the same facts). Delaying an appeal of the Resolved Claims until *after* a jury trial on the Remaining Claims would necessitate a second jury trial if Amazon prevails in reviving

5

*even a single claim* on appeal.  *See ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 50-51 (4th Cir. 1983) (observing likelihood of "reversal, a remand, and a second trial in its entirety" if unresolved claim must go to trial prior to appeal of resolved claim).  For example, if Amazon revives its RICO claim, a jury trial would be necessary to, among other things, determine whether Amazon is entitled to recover treble damages and attorneys' fees.  By contrast, certifying the Ruling for appeal now would maximize the likelihood of a single trial, as the parties could request a stay of the Remaining Claims until the appeal is resolved.

If the Court denies certification, however, the parties will have no choice but to proceed with the October trial, and then, if Amazon revives any of its claims on appeal, incur the significant cost and expense of holding a second jury trial.  Even if Defendants ultimately would not consent to a stay, they would suffer no prejudice from resolving these legal issues on appeal now, rather than after the October trial, because they will need to participate in the appeal either way.  An immediate appeal would also increase the possibility of a pre-trial settlement, the odds of which are currently low given the lack of clarity on important legal questions.

*Fourth*, Defendants have repeatedly raised "economic and solvency" concerns—including with respect to the court-appointed receiver and the government forfeiture proceedings—that weigh further in favor of certifying the Ruling for appeal.  Again, denying certification would substantially increase the likelihood that Defendants will need to incur the cost and expense of two jury trials, a result they surely want to avoid.  It would be more efficient and cost-effective to resolve the appealable legal questions now, rather than wait until after the first trial.

Given that each of the relevant factors weighs against any additional delay, the Court should certify the Ruling for an immediate appeal under Rule 54(b).

## II. IN THE ALTERNATIVE, THE COURT SHOULD CERTIFY THE RULING FOR APPEAL UNDER 28 U.S.C. § 1292(b).

If the Court declines to certify the Ruling under Rule 54(b), it should instead certify it for appeal under 28 U.S.C. § 1292(b). Section 1292(b) provides the Court with "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Thomas*, 2022 WL 1482008, at *3 (granting certification). Certification is appropriate here because the Ruling "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The Ruling turns *exclusively* on controlling questions of law, including: (i) whether a plaintiff with direct evidence of overpayment is required to proffer corroborating circumstantial evidence of "market value," Op. 19, 22-23; (ii) whether a plaintiff must show connections between all members of a conspiracy to satisfy RICO's "enterprise" element, Op. 20-21; (iii) the proper interpretation of Nelson and Kirschner's employment contracts, Op. at 25-32; (iv) whether disgorgement is a valid remedy for detinue under Virginia law, Op. at 33-35; and (v) whether a plaintiff is barred from trying unjust enrichment and conversion claims in the alternative to legal claims that may not provide an adequate remedy at law, Op. at 35-38. Each of these holdings was "'dispositive either as a legal or practical matter,' in the sense that it … 'materially affect[ed] the outcome' of the litigation." *Thomas*, 2022 WL 1482008, at *4 (quoting *Hengle v. Asner*, 2020 WL 855970, at *8 (E.D. Va. Feb 20, 2020)) (emphasis omitted).

Section 1292(b) review is appropriate also because the Ruling addressed "difficult" legal questions that are "not substantially guided by previous decisions." *Thomas*, 2022 WL 1482008, at *5 (quoting *DRFP, LLC v. Republica Bolivarina de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013)). Indeed, there is a substantial division of authority on at least three of the legal questions addressed in the Ruling.

One such question is whether an employer who asserts RICO and fraud claims to recover for its employees' kickback scheme must prove that it paid above-market prices to establish injury and damages. As the Court acknowledged, there are numerous conflicting authorities on that issue. Op. 18 & n.17, 23; *Compare West Virginia v. Moore*, 895 F. Supp. 864, 869 (S.D.W. Va. 1995) (state did not suffer RICO injury based on bribes paid to former governor) *with Hino Motors Mfg. USA, Inc. v. Hetman*, 2022 WL 16709717, at *3 (E.D. Mich. Aug. 4, 2022) (private employer may recover kickbacks paid to its employee "as monetary damages" in RICO action); *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1206 (4th Cir. 1989) (affirming "[t]he district court's award of the amount[]" of "secret bribes" paid to plaintiff's employees on plaintiff's common law fraud claim); *and Garrity*, 366 F.3d at 576 (in "commercial bribery" case, the "amount of the bribe paid" is "a minimum estimate of damages" and "as a first approximation, an additional expense to the person whose agent was bribed").

The second question is whether the mere possibility that legal damages are available—even under legal theories a court rejects—precludes a plaintiff from asserting equitable claims and seeking equitable remedies. Here, too, there are conflicting authorities, as this complex question implicates a large body of case law addressing damages claims that arise out of, but may not be "adequate" to remedy, conduct that is both unlawful and inequitable. *Compare Wegner v. Mfrs. & Traders Trust Co.*, 2015 WL 9200478, at *4 (E.D. Va. Dec. 16, 2015) (no equitable relief because plaintiff "demands compensatory damages") *with United States ex rel. Rahman v. Oncology Assocs.*, 198 F.3d 489, 498 (4th Cir. 1999) ("That money damages are claimed along with equitable relief does not defeat the district court's equitable powers."), *and Amazon.com, Inc. v. WDC Holdings LLC*, 2021 WL 3878403, at *6 (4th Cir. Aug. 31, 2021) (similar). This question

also implicates the Fourth Circuit's appellate mandate, and the scope of the mandate rule generally, as similar issues were resolved during the appeal of this Court's preliminary injunction. *See Amazon.com, Inc. v. WDC Holdings LLC*, 2021 WL 3878403, at *5.

The third question is whether a RICO enterprise exists when a core group of co-conspirators commit a series of frauds—all of which follow the same pattern and serve the same purpose—if they sometimes conspire with other parties who are not involved in each fraud. There are conflicting authorities regarding how to interpret and apply RICO's enterprise element, including the "rimless wheel" theory applied by the Court. *Compare McDonald v. Robinson*, 2020 WL 10456846, at *14 (E.D. Va. Sept. 4, 2020) (enterprise exists when one member acts "as the liaison" and "communications between" the two sides "were typically through the [liaison]") *with* Op. 20 ("facts merely support a 'hub and spoke' or 'rimless wheel structure' … 'in which various defendants enter into separate agreements with a common defendant'" (quoting *Donaldson v. Primary Residential Mortg., Inc.*, 2020 WL 3184089, at *26 (D. Md. June 12, 2020); *Dickson v. Microsoft Corp.*, 309 F.3d 193, 203 (4th Cir. 2002)).

As for the final element under Section 1292(b), certifying the Ruling would permit "appellate review [that] might avoid protracted and expensive litigation." *Thomas*, 2022 WL 1482008, at *6 (quoting *State ex rel. Howes v. Peele*, 889 F. Supp. 849, 852 (E.D.N.C. 1995)). As described above, if the Fourth Circuit were to revive even one of Amazon's claims, the parties would bear the burden and expense of a second jury trial. It would be far more efficient and cost-effective to resolve the controlling legal questions now, and delaying that determination until after the October trial could "needlessly waste[]" "much time, expense and effort." *In re Virginia Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976).

## CONCLUSION

For the foregoing reasons, the Court should certify the Ruling for immediate appellate review under Rule 54(b) or Section 1292(b).

Dated:  May 15, 2023                                           Respectfully submitted,

                                                               */s/ Michael R. Dziuban*

Veronica S. Moyé (*pro hac vice*)                              Elizabeth P. Papez (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP                                    Patrick F. Stokes (*pro hac vice*)
2001 Ross Avenue, Suite 2100                                   Jason J. Mendro (*pro hac vice*)
Dallas, TX 75201                                               Claudia M. Barrett (*pro hac vice*)
Telephone:  (214) 698-3100                                     David W. Casazza (*pro hac vice*)
Facsimile:  (214) 571-2900                                     Amanda Sterling (*pro hac vice*)
vmoye@gibsondunn.com                                           Michael R. Dziuban (Va. State Bar No. 89136)
                                                               GIBSON, DUNN & CRUTCHER LLP
                                                               1050 Connecticut Avenue, N.W.
                                                               Washington, D.C. 20036-5306
                                                               Telephone:  (202) 955-8500
                                                               Facsimile:  (202) 467-0539
                                                               epapez@gibsondunn.com
                                                               pstokes@gibsondunn.com
                                                               jmendro@gibsondunn.com
                                                               cbarrett@gibsondunn.com
                                                               dcasazza@gibsondunn.com
                                                               asterling@gibsondunn.com
                                                               mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on May 15, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

| | |
|---|---|
| CTBSRM, Inc.<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 | 2010 Irrevocable Trust<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |
| Demetrius Von Lacey<br>2845 Des Moines Dr.<br>Fort Collins, CO 80525 | Sigma Regenerative Solutions, LLC<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |

            *s/ Michael R. Dziuban*
            Michael R. Dziuban
            GIBSON, DUNN & CRUTCHER LLP
            1050 Connecticut Avenue, N.W.
            Washington, D.C. 20036-5306
            Telephone:  (202) 955-8500
            Facsimile:  (202) 467-0539
            mdziuban@gibsondunn.com

            *Counsel for Plaintiffs Amazon.com, Inc. and*
            *Amazon Data Services, Inc.*