**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON, DATA SERVICES, INC., <br>     Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br>     Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) No. 1:20-cv-484-RDA-TCB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

| | |
|---|---|
| 800 HOYT LLC, <br>     Intervening Interpleader <br>     Plaintiff, Intervening <br>     Interpleader Counter- <br>     Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br>     Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>     Interpleader Defendants, <br>     Interpleader Counter-Plaintiffs. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT CASEY KIRSCHNER'S MOTION FOR LEAVE TO FILE A SECOND SUMMARY JUDGMENT MOTION

### I.       Introduction

Pursuant to Local Rule 56, Defendant Casey Kirschner respectfully moves this Court for leave to file a second summary judgment motion based on newly created, and recently discovered, facts.   As set forth below, after the summary judgment deadline in this action, and after Defendants' summary judgment motions had been fully briefed, Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively "Amazon") entered into broad releases of liability that cover Mr. Kirschner, and likely others, giving rise to a new basis for dismissal of the claims against Mr. Kirschner, and likely others.

### II.      Factual Background

On April 6, 2023, the Court granted Defendants' Motions for Summary Judgment with respect to all but two claims (D.E. 1376).   Two days prior to that, on April 4, 2023, Amazon executed settlement agreements with two individuals, Christian Kirschner ("Christian") and Kyle Ramstetter ("Ramstetter"), both of whom feature prominently in Amazon's Third Amended Complaint. Those settlement agreements are attached as Exhibit 1 and 2, respectfully.   In each Amazon agreed to broad releases of liability, as follows:

> **COMPANY RELEASES**. In consideration of the promises contained herein, and subject to Kirschner's strict and continuing compliance with this Agreement, _Company expressly waives any and all claims against Kirschner and, to the maximum extent permitted by law, releases Kirschner, his agents, heirs, attorneys, insurers, personal representatives, and anyone acting on his behalf ("Kirschner Releasees")_ from any and all actual or potential actions, claims, causes of action, and damages, known or unknown, on account of or arising out of Kirschner's involvement with the Transactions, except that such release shall not extend to any claims arising from misconduct of Kirschner related to his involvement with the Transactions reasonably considered to be entirely unrelated to matters discussed to date between counsel for the Company and Kirschner. Company agrees specifically that to the extent Company alleges or could allege claims against Kirschner (by

name or by inclusion as a "John Doe") in its currently pending lawsuit styled *Amazon.Com, Inc. et al v. WDC Holdings LLC et al.*, No. 1:20-cv-00484-LO-TCB (E .D. Va. Filed Apr. 27, 2020) ("Virginia Civil Lawsuit"), Company releases any and all such claims or prayers for relief, whether monetary or equitable, and agrees that Company will not amend its complaint in the Virginia Civil Lawsuit to name Kirschner as a defendant in the Virginia Civil Lawsuit or to pursue civil action against him in any way for such claims, except in the event of an alleged termination, breach, or rejection of this Agreement, or as provided in this Agreement.

Exhibit 1 (emphasis added).[1]

On April 6, 2023 (the same day the Court entered its order), Christian was deposed. He testified that Defendant Casey Kirschner helped him negotiate his referral agreement with the Watson Defendants, and that Casey Kirschner acted on his behalf in providing information for negotiating his referral agreement.[2] For example, when asked why he sent the specifics of the referral agreement with the Watson Defendants to Casey Kirschner, Christian testified he did so "so he could help me negotiate these fees." (Exhibit 3 at 81:19). Christian testified that he needed Casey Kirschner's help, thereby plainly establishing that Defendant Casey Kirschner acted on his behalf. Significantly, Christian further testified that he made Amazon and its counsel aware of the fact that Casey Kirschner was doing so, stating:

> Page 82:
> 2· Q· · · ·And did you need [Casey's] assistance with
> 3· negotiating those fees?
> 4· A· · · ·I did.
> 5· Q· · · ·Do you remember what specific parts of this
> 6· document you talked about with Amazon's lawyers?
> 7· · · · · · ·MR. STOKES:· Objection, work product

---

[1] Both agreements define the "Company" as Amazon.com, Inc. and Amazon Data Services, Inc., the Plaintiffs in this action. [1]

[2] Defendant Casey Kirschner, and likely other defendants, dispute the veracity of much of Christian's testimony. Regardless of the veracity, however, Christian testified that he informed Amazon of Defendant Casey Kirschner's supposed role as his agent or someone acting on his "behalf" with regard to Christian's referral fee agreement with the Watson Defendants. As such, Amazon was aware that Defendant Casey Kirschner would be covered by the broad release language in the settlement agreements.

8· privilege.· Objection.
9· · · · · · · ·THE WITNESS:· Just trying to understand
10· the fees and why we went that direction.· We also
11· discussed what the top higher yield development fee,
12· if I knew what that was.· And I said it was just
13· based off our conversation, Casey and I's
14· conversation, but I really didn't understand what
15· those -- the specifics of what those are.
16· BY MR. THOMAS:
17· Q· · · ·So you don't understand the specifics of the
18· fees?
19· A· · · ·Yeah, the higher yield, I don't really
20· understand what he meant by that, so, yes.
21· And on the document, Mr. Kirschner, you're
22· referring to what appears under the line on
23· December 11, 2017, at 10:04 a.m.,
24· Christian Kirschner wrote?
25· A· · · ·Yes.
Page 83
1· Q· · · ·And did you -- you sent that to yourself, it
2· looks like, right?
3· A· · · ·Uh-huh.
4· Q· · · ·And are those notes from a conversation that
5· you had with Casey?
6· A· · · ·Yes.
7· Q· · · ·And you don't understand what those mean?
8· A· · · ·I don't know what the yield is.· Could
9· charge a 3, 4 percent development fee, I'm not clear
10· specifically what that is.· Can charge a commission
11· and offset lease commission, I know what that is.
12· But I don't know what the other two really are.

Exhibit 3.

Amazon chose to include broad language in the releases, covering "[Christian's] agents,

heirs, attorneys, insurers, personal representatives, and *anyone acting on [Christian's] behalf*" to

the "*maximum extent permitted by law*." Exhibit 1 (emphasis added).  Christian, in turn, testified

that Defendant Casey Kirschner acted on his behalf in connection with the conduct that Amazon

released.   Given the existence of this release, Defendant Casey Kirschner has a strong new

argument that Amazon has released all of its claims against him, including the claim not disposed of by this Court's Order on Defendants' Motions for Summary Judgment. [3]

## III. Argument

Multiple summary judgment motions are disfavored under this Court's Local Rules. *See* E.D. Va Loc. Civ. R. 56(c) ("Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment."). To overcome this presumption against piecemeal resolution of litigation through multiple summary judgment motions, this Court requires a showing that outweighs the interest of "preserv[ing] judicial resources." *Emami v. Bolden*, No. 2:15-cv-34, 2016 WL 9243169, at * 2 (E.D. Va. Sept. 7, 2016). Given the circumstances present here, this Court should allow Defendant Casey Kirschner to file a second motion for summary judgement.

First, this request is not the result of delay or lack of diligence on the part of Defendant Casey Kirschner. The facts that form the basis of this argument *did not exist* until April 4, 2023 (two days before this Court's summary judgment order), when Amazon entered into the releases in question. And Defendant Casey Kirschner was unable to confirm that Christian informed Amazon of his supposed involvement until Christian was deposed on April 6 (the day this Court issued its order). Defendants have also not delayed in addressing this issue both with the Court and

---

[3] Other defendants are likely also subject to this broad release language. Most notably the releases specifically include Christian's "attorneys." As the Court is well aware, Defendant Rodney Atherton served as an attorney to Casey Kirschner, Carl Nelson, and Christian, providing advice and creating the entities owned and controlled by Christian that Amazon has placed at issue in this case. Indeed, at his deposition, Christian confirmed that Atherton acted as his "attorney." Defendant Atherton's Motion for Summary Judgment was granted in its entirety by this Court's April 6, 2023 Order, judgment has been entered in Atherton's favor, and Atherton has been terminated as a party to this litigation; however, this Court's ruling on the release defense to be raised in Casey Kirschner's second motion for summary judgment will also affect Atherton in any appeal of this matter to the Fourth Circuit Court of Appeals.

Amazon. Defendants have also been forthcoming about their intent to raise this new issue. At the April 19, 2023 status conference with the Court, Defendants informed the Court that they may raise further dispositive issues, such as the one at issue here. Since that time, Defendants have raised this newly created issue of release with Amazon in a letter, and requested that Amazon dismiss the remaining claim against Mr. Kirschner because it released him in its settlement with Christian. Amazon has not responded to that letter, further necessitating this request.

Second, allowing Defendant Casey Kirschner to file a second motion for summary judgement on this newly arisen issue of release will not prejudice any of the parties and will conserve judicial resources. The question of release is narrow, and can be briefed expeditiously and well within the current pre-trial schedule. No further discovery is necessary. The parties were aware of the language of the releases prior to Christian and Ramstetter's depositions, and had the opportunity to question each deponent about this issue. If the Court determines that the releases cover Defendant Casey Kirschner, and potentially others (which by their terms they do), such a decision would be entirely dispositive. That, in turn, would reduce the parties at trial, reduce the expense to all parties, narrow the issues that would need to be presented to a jury, and shorten the length of trial or do away with the need for trial entirely.

Finally, not allowing Defendant Casey Kirschner (and perhaps other defendants) to raise this issue would prejudice them. Amazon chose to enter into these broad releases *after* discovery had closed and *after* Defendants' deadline to file summary judgment motions had passed. The releases were designed, at least in part, to secure the testimony and cooperation of these witnesses. *See* Exhibit 1 ("Kirschner understands and agrees that he will promptly, fully, and truthfully cooperate with Company in connection with any proceedings, investigations and other legal matters related to the Action and the Transactions, including, but not limited to, his involvement

in and knowledge of the events described in the Virginia Civil Lawsuit"). Precluding Defendant Casey Kirschner from filing a second motion for summary judgment on this issue would prejudice him by removing his ability to mount a legal challenge to Amazon's claims before trial, as is permitted by the Federal Rules of Civil Procedure. Doing so would also create a perverse incentive, by allowing a party to secure the cooperation of witnesses through a broad releases after Rule 56 motions had been filed, thereby preventing the issue of release to be raised in summary judgement while still gaining the benefits of a witness's cooperation.

## IV.    Conclusion

For the following reasons, Defendant Casey Kirschner respectfully requests that he, and any other Defendant who may be covered by the broad releases drafted by Amazon, be permitted to file a second summary judgment motion on the narrow issue of release created by the settlement agreements Plaintiffs entered into with Christian Kirschner and Kyle Ramstetter. Because of the narrow issue presented, and the fact that all necessary discovery has occurred, Mr. Kirschner respectfully suggests that any briefing can be set more expeditiously than a typical Rule 56 motion, and within a timeframe that would allow this Court to reach a decision on such a motion prior to the trial in the matter currently set for October 16, 2023.

Dated: May 26, 2023

Respectfully submitted,

*/s/ J.D. Thomas*
John-David Thomas
     VA Bar No. 68714
BARNES & THORNBURG, LLP
827 19th Avenue
Suite 930, Nashville, TN 37203-3447
Telephone: (615) 852-6446
JD.Thomas@btlaw.com

*Attorney for Defendant Casey Kirschner*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 26, 2023, I filed this the forgoing document using the

Court's CM/ECF system, resulting in service on all counsel of record in this matter.

*/s/ J.D. Thomas*