IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 1:20-cv-484 (RDA/IDD) |
| WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, *et al.*, ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court on the Watson Defendants' Motion to Vacate Preliminary Injunction and Appointment of Mark A. Roberts as Receiver ("Motion"). Dkt. 1385. Having considered the Motion together with the Watson Defendants' Memorandum in Support (Dkt. 1386), Plaintiffs' Opposition (Dkt. 1395), the Receiver's Opposition (Dkt. 1394), the Watson Defendants' Replies (Dkt. Nos. 1397; 1398), Defendant Carleton Nelson's Reply, and Defendant Casey Kirschner's Reply, the Court DENIES the Motion for the reasons that follow.

On April 8, 2020, this Court granted an *ex parte* Temporary Restraining Order against the Watson Defendants, and on June 5, 2020, entered a Preliminary Injunction against the Watson Defendants. The Watson Defendants took an interlocutory appeal of a portion of the preliminary injunction, and the Fourth Circuit affirmed this Court. *Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-1743, 2021 WL 3878403, at *1 (4th Cir. Aug. 31, 2021). On April 25, 2022, the Watson Defendants filed an initial Motion to Vacate the Preliminary Injunction (Dkt. 695), which this Court rejected in an Order on October 14, 2022 (Dkt. 1075).

In the wake of this Court's Memorandum Opinion and Order ("Summary Judgment Opinion") (Dkt. 1376) granting in part and denying in part the Watson Defendant's Motion for Summary Judgment (Dkt. 1172), the Watson Defendants again move this Court to vacate the injunction. The Watson Defendants contend that "the facts and circumstances underlying the preliminary injunction have dramatically shifted, revealing that Amazon's allegations were both over-stated and factually unsupported." Dkt. 1385. The Watson Defendants point to this Court's Summary Judgment Opinion, which granted summary judgment for the Watson Defendants on five claims, including on the equitable claims for unjust enrichment (Count VII) and Conversion (Count VIII), and left only a tortious interference claim and a civil conspiracy claim. The Watson Defendants assert that the injunction issued by this Court was ancillary to Amazon's equitable claims, which are no longer pending, and thus, there is no longer a basis for the continued imposition of the injunction.

Here, Defendants seek to undo an operative injunction the Fourth Circuit has already affirmed on appeal, meaning that they bear the burden of proving equitable grounds for vacatur that satisfy Federal Rule of Civil Procedure 60(b). *Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, 404 F.3d 821, 826 (4th Cir. 2005). What is more, Defendants must satisfy the extraordinary test for revisiting issues covered by the Fourth Circuit's appellate mandate. *See Volvo Trademark Holding Akitebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007).

Here, the Watson Defendants have failed to carry their burden. The summary judgment rulings changed Amazon's likelihood of success on only *some* of its claims. Notably, the Summary Judgment Opinion did not affect Amazon's likelihood-of-success on the tortious interference and conspiracy claims. This Court held that these claims remain viable and may proceed to trial because the "record" in this case would permit "a reasonable juror [to] conclude that the Watson

Defendants interfered with Nelson's and Casey Kirschner's employment relationships by bribing them and thereby depriving Amazon of its employees' honest services." Dkt. 1376 at 24.

Moreover, the Fourth Circuit opinion affirming this Court's findings on each of the other *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) factors for issuing a preliminary injunction—irreparable harm, balance of harms, and public interest—also weighs in favor of preserving the preliminary injunction under the appellate mandate rule. *Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-1743, 2021 WL 3878403, at *8-9 (4th Cir. Aug. 31, 2021); *see also Volvo Trademark Holding Akitebolaget*, 510 F.3d at 481 (the appellate mandate rule "forecloses litigation of issues decided by the district court but [lost or] foregone on appeal or otherwise waived") (internal quotation marks omitted). The fact that this Court previously found in Amazon's favor on each of these factors, and the Fourth Circuit affirmed, has not changed as a result of the Summary Judgment Opinion.

Further, the Watson Defendants' argument that this Court's partial grant of summary judgment for them on Amazon's equitable claims forecloses the equitable relief the injunction protects is unpersuasive. If Amazon prevails at trial on the remaining tortious interference and conspiracy claims, it may still be entitled to equitable relief such as restitution in the amount of Defendants' unlawful gains and the imposition of a constructive trust. *See Advante Designs, Inc. v. McGinnis*, 61 Va. Cir. 134 (2003) (imposing "a constructive trust" on funds acquired where a party has "tortiously interfer[ed] with [a] contract"); *Preferred Sys. Sols., Inc. v. GP Consulting, LLC*, 284 Va. 382, 400 (2012) (approving of the "use of subsequent profits from the [defendant]" in determining the remedy for tortious interference claims). These remaining claims—which the Fourth Circuit has already held are likely to succeed on the merits—fully support the preliminary injunction remaining in place. *Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-1743, 2021 WL

3878403, at *8 (4th Cir. Aug. 31, 2021) (upholding this Court's finding that Amazon is likely to succeed on all its claims).

Lastly, in the event that the injunction is allowed to continue, the Watson Defendants ask this Court to order Amazon to post a bond of $50 million. Dkt. 1398 at 18. Pursuant to Federal Rule 65(c), a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. Pro. 65(c). During the April 28, 2020 *ex parte* hearing on Amazon's Motion for a Temporary Restraining Order, Judge O'Grady ordered Amazon to post a two million dollar bond. Dkt. 1398-1 (Bodner Decl.), Ex. F. Because the Summary Judgment Opinion has not affected the direction in which the *Winter* factors weigh, this Court finds that revisiting the bond amount is not necessary at this time.

For the foregoing reasons, it is hereby ORDERED that the Watson Defendants' Motion (Dkt. 1385) is DENIED; and it is

FURTHER ORDERED that the Preliminary Injunction (Dkt. 57) and the Receivership Order (Dkt. 433) shall remain in effect.

The Clerk is directed to forward copies of this Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
June 7, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge