# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON, DATA SERVICES, INC., <br>     Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br>     Defendants. <br><br> 800 HOYT LLC, <br>     Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br>     Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>     Interpleader Defendants, <br>     Interpleader Counter-Plaintiffs. | CIVIL ACTION <br> No. 1:20-cv-484-RDA-TCB |

## DEFENDANTS CASEY KIRSCHNER AND CARL NELSON'S REPLY IN SUPPORT OF KIRSCHNER'S MOTION FOR LEAVE TO FILE A SECOND SUMMARY JUDGEMENT MOTION

Amazon's Response to Casey Kirschner's ("Kirschner") Motion[1] completely fails to address the issue before the Court. Instead it attempts to distract by, among other things, quoting inapplicable Washington State law, injecting meaningless questions of Amazon's "intent" in entering into the Settlement Agreements, and arguing that an additional narrow summary judgement motion would somehow complicate an already massive record, much of which was created at Amazon's behest.  None of these arguments offer any justification for why this Court should not allow Kirschner and Nelson to raise the new narrow grounds for summary judgement prior to any trial. At base, Amazon's arguments focus on the potential merits of a dispositive motion, rather than why Kirschner and Nelson should not be afforded an opportunity to file such a motion in the first place.  Amazon's arguments in that regard are premature. The focus at this stage is whether such a motion should be permitted, not the merits of such a motion.

**I.    Amazon Citations To Washington Law Provides No Support.**

Amazon cites three cases for the proposition that Washington "Courts have squarely rejected attempts . . . to escape liability through a third party's release where the conduct is 'separate and distinct'" (Response at 8-9 (citing *Seattle Western Industries, Inc. v. David A Mowat Co.*, 750 P.2d 245, 249 (Wash. 1988)).  This argument is nonsensical for at least two reasons.

First, the claims Amazon settled with Christian and Ramstetter are not "separate and distinct" from its claims against Kirschner and Neslon. Rather they are *exactly the same*, as the "WHEREAS" clauses of the Settlement Agreements make clear:

> **WHEREAS,** Kirschner was the sole trustee of the Villanova Trust, a trust established on December 31, 2017 in the State of Tennessee;

---

[1] Defendant Carl Nelson joins in this Reply.

> **WHEREAS,** on January 8, 2018, *Kirschner entered into an "Independent Contractor Agreement" (the "Agreement"), with WDC Holdings, LLC d/b/a Northstar Commercial Partners ("Northstar");*
>
> **WHEREAS,** *pursuant to the Agreement, Northstar agreed to pay a percentage of all revenue Northstar received on certain real estate transactions with the Company* (the "Transactions") *to the Villanova Trust;*
>
> **WHEREAS,** *the Villanova Trust transferred, through intermediary entities, a portion of the funds received from Northstar to Casey Kirschner and Carleton Nelson;*
>
> **WHEREAS,** *on April 27, 2020, the Company filed a lawsuit (since amended) against certain Defendants (the "Action") in connection with the Transactions;*
>
> **WHEREAS,** Kirschner entered into a plea agreement with the U.S. Attorney's Office for the Eastern District of Virginia on March 8, 2023, and the plea agreement sets forth that at a sentencing hearing the U.S. District Court Judge may order a financial penalty and will order restitution to victims at an amount to be determined at that hearing and, separately, forfeiture of $1,737,538.84; and
>
> **WHEREAS,** *the Parties desire to end any and all disputes and claims, including potential claims, between them relating to the Action and*

D.E. 1405, Ex. 1 at 1. (emphasis added throughout). As the Agreements themselves set forth in clear and unambiguous language, Amazon settled "any and all disputes and claims" it may have had against Christian and Ramstetter "relating to this Action." *Id*. It is disingenuous of Amazon to assert that the settled claims are somehow separate and distinct from the ones it has brought against Kirschner and Nelson, particularly when the Agreements specifically identify both of them as involved in the conduct Amazon settled with Christian and Ramstetter. *Id*.

Amazon also fails to appreciate that each of the Washington decisions it cites concern the interpretation of Washington State's contributory negligence statute and whether that statute would allow a Court to find that the settlement with an *agent* releases liability against a *principal* for the same conduct. For example, *Seattle Western Industries* addresses whether 'the last sentence" of Washington's contributory negligence statute (RCW 4.22.060(2)) allowed a trial court to

"*discharge a principal* from liability *when the victim and the tortfeasor-agent have entered into a settlement.*" *Id.* at 248 (emphasis added).[2] The other cases Amazon cited also deal with the same narrow question of the interpretation of RCW 4.22.060(2) to expand settlement agreements with agents to principals. *See Porter v. Kirkendoll,* 449 P.3d 627, 632 (Wash. 2019 (*en banc*) (Holding that in some "situations . . . a plaintiff releases a vicariously liable *principal* by settling with a solvent *agent* and determining based on RCW 4.22.060(2) and Washington's timber trespass statutes, that a settlement with the agent did not release claims against the principal) (emphasis added); *Glover v. Tacoma Gen. Hosp.*, 658 P.2d 1230 (Wash. 1983) (holding that under RCW 4.22.060(2) a release between a plaintiff and an agent released the principal's vicarious liability for the agent's acts, but not the acts of the principal itself).

The situation here is completely different. First, there is no question of contribution or vicarious liability, only direct claims against each defendant, so RCW 4.22.060(2) does not apply. Second, Kirschner and Nelson are not principals of Christian or Ramstetter. Rather Christian and Ramstetter both claimed that Kirschner and Nelson served as their "agents" or "acted on their

---

[2]In its response, Amazon provides the following cite to *Porter*: "A plaintiff does not release a directly liable party by settling with another directly liable party." Resp. at 6. The *Porter* Court went on, however, to make it clear that this dicta applied to attempts to extend settlement agreements with *agents* to potentially liable *principals*, stating:

> In *Glover*, the plaintiff alleged that a hospital was both directly liable for breaching its "duty of care to the patient" and "vicariously liable for the negligent acts of its agents." *Id*. at 710. *The plaintiff and the hospital's agents settled*, *id*., and this court held that the *settlement with the solvent agents released the hospital from vicarious liability*, *id*. at 718-24. But the court also held that the settlement did not release the hospital from direct liability, *id*. at 722-23, and remanded for trial on that issue, *id*. at 709. *Accord Seattle W. Indus., Inc. v. David A. Mowat Co.*, 110 Wn.2d 1, 5, 750 P.2d 245 (1988) (noting that the settlement in *Glover* relieved the hospital of vicarious but not direct liability).

*Glover* at 632 (emphasis added).

behalf" in connection with the "disputes and claims, including potential claims, between them relating to [this] Action." D.E. 1405, Ex. 1 at 1. The cases cited by Amazon have no bearing on the question at hand, and they should be ignored. Even if they did, Amazon's assertions amount to substantive arguments on the merits of the impact of Amazon's decision to draft and enter into these broad releases—not reasons why Kirschner and Nelson should be denied the right to brief that issue in the first instance.

Amazon also cites Washington decisions claiming that "because they did not act as agents on behalf of Christian or Ramstetter, neither Kirschner nor Nelson is a third-party beneficiary with standing to enforce the releases." Resp. at 10. First, this is built on faulty logic, since both Christian and Ramsetter readily conceded in their depositions (which Amazon counsel attended and had the opportunity to ask questions) that both Kirschner and Nelson acted as their "agents" and "on their behalf." Second, Amazon inexplicably argues that "there is no sign 'the contracts were designed for their benefit or that the intended purpose of the parties was to bestow a benefit or gift upon' Kirschner and Nelson." Resp. at 10 (citing *Wolfe v. Morgan*, 524 P.2d 927, 930 (Wash. Ct. App. 1974)). But this contention is completely at odds with the plain language of the settlement agreements which clearly create a class of intended third-party beneficiaries—specifically Christian and Ramstetter's "agents, heirs, attorneys, insurers, personal representatives, and anyone acting on [their] behalf" and goes on to release those individuals and entities (whoever they may be) "to the maximum extent permitted by law." Kirschner and Nelson do not need to be explicitly named in the settlement agreements to be intended third party beneficiaries.[3] To argue

---

[3] Amazon completely fails to address that it could have easily included a "no third party beneficiaries" clause in the Settlement Agreement or explicitly excluded Mr. Kirschner and Mr. Nelson from any release. Both of these types of provisions are common in settlement agreements of this nature, but neither party apparently sought to include them, or explicitly bargained for their exclusion. Regardless, neither Amazon, nor this Court, can ignore the unequivocal language of

otherwise would render the cited language effectively meaningless. Third, as set forth above, all of these arguments go to the merits of a potential motion for summary judgment that Kirschner and Nelson would file if given leave to do so. They do not address why this Court should not allow such a motion to be filed in the first place.

## II.     Amazon's Claims of Intent or Dispute of Fact are Immaterial.

Amazon claims that an additional summary judgment motion would be futile because (1) Amazon did not "intend" to release Mr. Kirschner or Mr. Nelson through the Settlement Agreements, and (2) that there are disputes of fact that would foreclose summary judgement. Putting aside that neither of these arguments address the question before the Court—whether Kirchner and Nelson should be permitted to file a second motion for summary judgment—both of these assertions can be dispensed with in short order.

First, whatever Amazon now claims it "intended" when it entered into the Settlement Agreements is meaningless. "Where the language of a contract is unambiguous, the intent of the parties and meaning of the contract are to be determined from the language alone, without resort to other aids of construction." *Rydman v. Martinolich Shipbuilding Corp.*, 534 P.2d 62, 63 (Wash. App. 1975) (citing *Hastings v. Continental Food Sales, Inc.*, 376 P.2d 436 (Wash. 1962)). "A contract is not ambiguous when a reading of the contract as a whole leads to only one meaning. Where contractual language is unambiguous, courts will not read ambiguity into the contract." *Black Mt. Ranch v. Black Mt. Dev. Co.*, 627 P.2d 1006, 1009 (Wash. App. 1981) (citing *Jacoby v. Grays Harbor Chair & Mfg. Co.*, 468 P.2d 666 (Wash. 1970)). Here the language of the Settlement Agreements is unambiguous. It plainly concerns "any and all disputes and claims, including

---

the Settlement Agreements that release Amazon's claims "to the maximum extent permitted by law."

potential claims, between [Amazon and Christian/Ramsetter] relating to [this] Action" and releases all of their "agents, heirs, attorneys, insurers, personal representatives, and anyone acting on [their] behalf" "to the maximum extent permitted by law." D.E. 1405, Ex. 1 at 1. Amazon may dispute the applicability of this language, but does not (and cannot) dispute its unambiguous nature, which in turn renders Amazon's claims of intent, or lack thereof, meaningless.

Moreover, even if the Court were to ultimately determine that the language in the Settlement Agreements was ambiguous, that does not mean summary judgment is unavailable—a central premise in Amazon's argument to deny leave to file the motion in the first place. Rather, as the Fourth Circuit has explicitly instructed, even if this Court determines the Settlement Agreements are ambiguous (a determination that is premature at this procedural stage) "it may yet examine evidence extrinsic to the contract that is included in the summary judgment materials, and, if the evidence is, as a matter of law, dispositive of the interpretative issue, grant summary judgment on that basis." *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, No. 3:12CV748-HEH, 2014 WL 1281235, at *2 (E.D. Va. Mar. 27, 2014) (quoting *Goodman v. Resolution Trust Corp.*, 7 F.3d 1123, 1126 (4th Cir. 1993)).

Amazon's claims about supposed factual disputes are even more easily dismissed. First, the place to resolve any such disputes is in a properly supported motion for summary judgment and response, not in an unsupported response to a procedural motion seeking leave to file a second motion for summary judgement. Second, Amazon cites to its own arguments in its Response to Defendants' Summary Judgment Motions—arguments that this Court found lacked factual support and were improper. *See* Resp. at 11 (citing D.E. 1210, p. 8-9).[4] The Court has already determined

---

[4] Worse yet, Amazon cites to its own "Statement of Material Facts" which this Court already determined did not comply with the Local Rules and declined to consider. *See* D.E. 1376, p. 3, n. 6.

that the only claim that even has a chance of success at trial is Amazon's claim that Mr. Kirschner and Mr. Nelson conspired to tortuously interfere with their own employment contracts with Amazon. *See* D.E. 1376 at 33. At this stage, Amazon is precluded from arguing that "the record makes clear that Kirschner did provide confidential information to his brother," or that "Kirschner misappropriated Amazon's information to facilitate the negotiation of a 'referral agreement,'" or that "Kirschner and Nelson negotiated specific fee and yield terms . . . to fund kickbacks to themselves." The Court has already determined that none of these argument have merit or support in the record, and despite lengthy discovery Amazon failed to show it could even establish even a dispute of material facts as to these claims. Of course here, the question before the Court is whether there are grounds for Kirschner and Nelson to file second summary judgements motions on the narrow question of release Amazon created with these last minute settlement agreements. None of these sour-grape arguments address that issue.

### III.     An Additional Narrow Summary Judgement Motion Would Promote Judicial Efficiency

Amazon does not claim any prejudice would result from Mr. Kirschner's request, only some unidentifiable burden or inefficiency. Yet (among other things) Amazon amended its complaint three times to add multiple parties, took countless depositions, attempted to inject immaterial facts into summary judgment briefing with its own sixteen page "statement of facts," and created this new factual issue with these last minute Settlement Agreements, in turn necessitated yet more factual discovery well after summary judgment motions had been fully briefed. It is difficult to imagine how a second narrow summary judgement motion, on an issue Amazon itself created, would result in any more burden or inefficiencies than Amazon itself has already injected into this action. Obviously defendants would not be burdened, having either sought or consented to the relief requested. And it will not unduly burden the Court, since the issue

here is narrow and all necessary facts have already been discovered.

Addressing these questions now will also promote judicial efficiency. Should they proceed to trial, both Kirschner and Nelson will raise the affirmative defense of release. Allowing them to raise this question now, in a narrowly tailored second motion for summary judgement, could result in their dismissal, thus dramatically limiting the claims and parties at any trial in this action. This is the purpose of Rule 56 motions—to weed out factually or legal deficient claims, and avoid burdening the court, or jurors, with a lengthy trial.  Amazon Response makes it abundantly clear that *when* the question of the scope of the releases is raised it will make arguments about the application and interpretation of contractual language. "Contract interpretation is a subject particularly suited for summary judgment disposal." *Bank of Montreal v. Signet Bank*, 193 F.3d 818, 835 (4th Cir. 1999). While it is unsurprising that Amazon does not want to address this question now, doing so merely punts the issue to trial.  Allowing Kirschner and Nelson to raise it in a second motion for summary judgement promotes judicial efficiency.

Notably none of the cases Amazon cites support the notion that this request would create an additional burden or inefficacy. Indeed, all of them express a preference for resolving claims on their merits, and allowing successive Rule 56 motions where there is new evidence, like here. [5] *See Emami v. Bolden*, 2016 WL 8243169, at *1 (E.D. Va. Sept. 7, 2016) (allowing a second Rule 56 motion because the first motion had "been resolved . . . on the procedural basis that it was

---

[5] Amazon also cites *Brink v. McDonald*, 2015 WL 1731476, at *6 n.6 (E.D. Va. Apr. 14, 2015) for the proposition that Mr. Kirschner's motion should be denied.  Resp. at 14.  Had Amazon included the entirety of the quoted sentence, however, it would have been clear that *Brink* has absolutely no bearing on the issue at hand since the Court noted that the defendant *had not* sought leave to file a second Rule 56 motion, but *if he had* any denial would be based solely on the proximity to trial.  *See Brink* at * 6, n. 6 ("And Defendant has not sought to file a second summary judgment motion in accordance with Local Rule 56(C) and now, seven days prior to trial, any such motion likely would be denied.").

premature" since it came before "the completion of extensive discovery."); *Casey Indus., Inc. v. Seaboard Sur. Co.*, 2006 WL 3299932, at *5 (E.D. Va. Oct. 25, 2006)  (denying a motion for a second summary judgement motion where a plaintiff had filed  previous Rule 56 motion prior to the close of discovery and could not point to "any new evidence.").  Here neither Kirschner or Nelson failed to raise this issue in their prior motions, because the issue did not exist.  It is a new issue, created by Amazon, who chose to enter into these broad releases well after the close of discovery and after Kirschner or Nelson had an opportunity to raise it in their initial motions for summary judgement.

## IV.    Conclusion

The issue of whether Kirschner and Nelson have been released by operation of Amazon's settlements with Christian and Ramstetter is potentially dispositive.  It was created by Amazon after any of the defendants would have had any opportunity to raise it with the Court in the ordinary course.  All necessary discovery has already been taken on this question, and allowing Kirschner and Nelson to raise this narrow issue now in a second Rule 56 motion will not unduly burden the parties or this court and will promote judicial efficiency.  As such, both Kirschner and Nelson respectfully request this Court grant Mr. Kirschner's Motion for Leave to File a Second Summary Judgment Motion.

Dated: June 15, 2023

                                               Respectfully submitted,

                                                /s/ J.D. Thomas
                                               John-David H. Thomas
                                                    VA Bar No. 68714
                                               BARNES & THORNBURG, LLP
                                               827 19th Avenue
                                               Suite 930, Nashville, TN 37203-3447

Telephone: (615) 852-6446
JD.Thomas@btlaw.com

*Attorney for Defendant Casey Kirschner*

**BURR & FORMAN LLP**

*/s/ Rachel Friedman*
Rachel Friedman (VA Bar #93898)
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rfriedma@burr.com

J. Alex Little, IV (TN Bar No. 29858) (*pro hac vice*)
Emily H. Mack (TN Bar No. 31217) (*pro hac vice*)
222 2nd Ave. S., Suite 2000
Nashville, TN 37201
Telephone: (615) 724-3200
alex.little@burr.com
emack@burr.com

*/s/ Adam R. Smart*
Adam R. Smart (FL Bar No 1032572) (*pro hac vice)*
50 North Laura Street, Suite 3000
Jacksonville, Florida 32202
Telephone: (904) 232-7200
asmart@burr.com

*Attorneys for Carleton Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2023, I filed this the forgoing document using the Court's CM/ECF system, resulting in service on all counsel of record in this matter.

 */s/ J.D. Thomas*