**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br>         Plaintiffs, <br><br>    v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY, <br><br>         Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC, <br><br>         Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br>    v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>         Interpleader Defendants, <br>    and <br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>         Interpleader Defendants, <br>         Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS UNDER 28 U.S.C. § 1367(c)**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ............................................................................................................... 1

LEGAL STANDARD.......................................................................................................... 2

ARGUMENT ...................................................................................................................... 3

    I.    Retaining Jurisdiction Would Promote Judicial Economy. ........................................ 3

    II.   Retaining Jurisdiction Would Be Convenient And Fair To The Parties. ....................... 8

    III.  Retaining Jurisdiction Would Promote Comity. ...................................................... 9

    IV.  Several Underlying Issues Of Federal Policy Favor Retaining Jurisdiction. .............. 11

CONCLUSION .................................................................................................................. 13

## TABLE OF AUTHORITIES

CASES                                                                                    Page(s)

*17th St. Assocs., LLP v. Markel Int'l Ins. Co.*,
  373 F. Supp. 2d 584 (E.D. Va. 2005) ..................................................10

*AMBIMJB, LLC v. Strategic Armory Corps, LLC*,
  2021 WL 2042674 (D. Md. May 20, 2021) .......................................3, 10, 12

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tx.*,
  571 U.S. 49 (2013) .....................................................................9

*Bassett Seamless Guttering, Inc. v. GutterGuard, LLC*,
  2006 WL 156874 (M.D.N.C. Jan. 20, 2006) ..........................................7

*Calloway v. Cty. of Powhatan, Va., Dep't of Soc. Servs.*,
  2023 WL 2276863 (E.D. Va. Feb. 28, 2023)..........................................7

*Carnegie–Mellon Univ. v. Cohill*,
  484 U.S. 343 (1988)..................................................................3, 6

*Crosby v. City of Gastonia*,
  635 F.3d 634 (4th Cir. 2011) ....................................................1, 4, 5, 8

*Crosby v. City of Gastonia*,
  682 F. Supp. 2d 537 (W.D.N.C. 2010) ...............................................4

*Daly v. Zobel*,
  311 F. App'x. 565 (4th Cir. 2008) .................................................4, 5

*de Reyes v. Waples Mobile Home Park Ltd. P'ship*,
  251 F. Supp. 3d 1006 (E.D. Va. 2017) .............................................4, 5

*Duggin v. Adams*,
  360 S.E.2d 832 (Va. 1987)...........................................................13

*Hall v. Greystar Mgmt. Servs., L.P.*,
  179 F. Supp. 3d 534 (D. Md. 2016) ..................................................3

*Hoy v. Yamhill Cty.*,
  107 F. Supp. 3d 1078 (D. Or. 2015) ..................................................5

*Ketema v. Midwest Stamping, Inc.*,
  180 F. App'x 427 (4th Cir. 2006) ..................................................4, 5

*King v. Cardinal Health 411, Inc.*,
  2011 WL 3924158 (N.D. W. Va. Sept. 7, 2011) ...................................12

*Kratos Def. Eng'g Sols., Inc. v. NES Assocs., LLC*,
   2011 WL 13248293 (E.D. Va. Mar. 23, 2011) ...................................................................6

*L-3 Commc'ns Corp. v. Serco, Inc.*,
   926 F.3d 85 (4th Cir. 2019) .................................................................................................10

*Lee Pappas Body Shop, Inc. v. State Farm Mut. Auto. Ins. Co.*,
   2021 WL 3609296 (E.D. Va. Aug. 13, 2021) ...........................................................4, 9, 10

*Martineau v. Wier*,
   934 F.3d 385 (4th Cir. 2019) ..............................................................................................11

*Myers v. Lee*,
   2010 WL 3745632 (E.D. Va. Sept. 21, 2010) ......................................................................6

*Nelson v. Amazon.com, Inc.*,
   No. 20-2-15535-7 SEA (Wash. Sup. Ct. Mar. 3, 2021) .......................................................7

*New Hampshire v. Maine*,
   532 U.S. 742 (2001) ............................................................................................................11

*United States ex rel. Nicholson v. MedCom Carolinas, Inc.*,
   42 F.4th 185 (4th Cir. 2022) ................................................................................................7

*Nunes v. Fusion GPS*,
   531 F. Supp. 3d 993 (E.D. Va. 2021) ...................................................................................6

*Oliver v. Bartholomew*,
   785 F. App'x 166 (4th Cir. 2019) .................................................................................10, 11

*Peter Farrell Supercars, Inc. v. Monsen*,
   82 F. App'x 293 (4th Cir. 2003) .............................................................................4, 5, 6, 8

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ..............................................................................................................9

*In re Rolls Royce Corp.*,
   775 F.3d 671 (5th Cir. 2014) ................................................................................................9

*Shanaghan v. Cahill*,
   58 F.3d 106 (4th Cir. 1995) .............................................................................................1, 3

*Shelton v. United States*,
   2017 WL 679214 (D. Md. Feb. 21, 2017) .........................................................................4, 5

*United Mine Workers v. Gibbs*,
   383 U.S. 715 (1966) ..............................................................................................................2

*United States v. Camenson,*
    No. 1:23-cr-37 (E.D. Va. 2023) ...................................................................12

*United States v. Kirschner,*
    No. 1:23-cr-36 (E.D. Va. 2023) ...................................................................12

*United States v. Ramstetter,*
    No. 1:23-cr-27 (E.D. Va. 2023) ...................................................................12

*Volvo Trademark Holding Akitebolaget v. Clark Mach. Co.,*
    510 F.3d 474 (4th Cir. 2007) .....................................................................12

*Yin v. CTI Consultants, Inc.,*
    2018 WL 1569486 (E.D. Va. Mar. 30, 2018) .............................................6

STATUTES

28 U.S.C. § 1367 .........................................................................1, 2, 3, 6, 13

28 U.S.C. § 1404 .......................................................................................7

Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon") respectfully submit this response in opposition to Defendants' Joint Motion to Dismiss Under 28 U.S.C. § 1367(c).  *See* Dkt. 1410.

## INTRODUCTION

Unhappy with this Court's decision to allow two state-law claims to proceed to trial, Defendants now urge the Court to quit exercising jurisdiction.  This Court should reject Defendants' eleventh-hour attempt to forum shop.  Since this case was filed in April 2020, the parties have completed discovery; briefed numerous motions—including motions for summary judgment that raised no challenge to the Court's supplemental jurisdiction; and filed pre-trial disclosures.  This Court has invested substantial time and effort to become deeply familiar with this case, as reflected in its many detailed rulings.  The case is scheduled to proceed to trial on October 16.  Defendants fail to cite a single case in which any court has abandoned its authority over claims that have advanced as far as those remaining here.

All four factors that guide courts in this Circuit on whether to exercise supplemental jurisdiction weigh heavily in favor of doing so here.  *See Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995).  *First*, retaining jurisdiction would promote judicial economy because the parties are in the final stages of trial preparation and this Court is now deeply familiar with the facts and issues.  When the Fourth Circuit considered a case in which the federal claims had not been dismissed until "the proceedings had been pending for more than three years, and the parties had already fully briefed summary judgment motions," it concluded that such advanced progress "weighed heavily in favor of retaining supplemental jurisdiction over the state law claims." *Crosby v. City of Gastonia*, 635 F.3d 634, 644 n.11 (4th Cir. 2011).  *Second*, retaining jurisdiction would be fair and convenient to the parties.  After noting how long this case has "languished," Mot. 2, Defendants fail to identify any reason why it would be convenient for them to start from

scratch in a new court.  And Defendants' purported concerns for Amazon's convenience simply are not credible where Amazon has made clear—and this Court has agreed (Dkt. 256 at 2)—that it would be most efficient to finish this litigation here, where the property and wrongdoing at the heart of this case are located or transpired.  *Third*, comity does not support dumping this complex matter on a new court at this late hour, and Defendants raise no issues of state law that are novel or beyond the competence of this Court to adjudicate.  And *fourth*, several issues of federal policy support concluding this case here.  Substantial federal claims had long been a part of this case and could be again.  This Court issued, and the Fourth Circuit affirmed, important injunctive rulings that can be maintained only if the Court retains jurisdiction.  And a parallel criminal matter, including publicly-filed plea agreements with two cooperating witnesses in this civil action, is ongoing in this District.

Defendants largely disregard the factors relevant to supplemental jurisdiction in favor of re-arguing the merits of the remaining state-law claims.  In effect, Defendants contend that this Court should relinquish its authority over this case *only if* it will not rule for them on the merits.  Unsurprisingly, courts in this Circuit do not weigh a party's desire for a favorable outcome in deciding whether to preside over state-law claims, and Defendants make no serious argument under the factors they do weigh.  This Court should exercise its discretion to deny Defendants' motion and proceed with the final adjudication of this long-pending case.

## LEGAL STANDARD

Under 28 U.S.C. § 1367(a), "district courts" "have supplemental jurisdiction" over state-law claims that are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III."  *See also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) (establishing the doctrine of "pendent jurisdiction," since codified as "supplemental jurisdiction" under 28 U.S.C. § 1367).  Although a district court "*may* decline

2

to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all [federal] claims over which it has original jurisdiction," 28 U.S.C. § 1367(c) (emphasis added), it is not required to do so.  "[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan*, 58 F.3d at 110.

In *Shanaghan v. Cahill*, the Fourth Circuit identified four factors that inform the decision whether to retain supplemental jurisdiction in these circumstances: "[1] convenience and fairness to the parties, [2] the existence of any underlying issues of federal policy, [3] comity, and [4] considerations of judicial economy." *Id.* (citing *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)).  The Fourth Circuit emphasized that "[t]he doctrine of supplemental jurisdiction . . . 'is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.'" *Id.* (quoting *Cohill*, 484 U.S. at 350).

## ARGUMENT

All four *Shanaghan* factors weigh conclusively in favor of this Court retaining supplemental jurisdiction over Amazon's state-law claims.

## I.    Retaining Jurisdiction Would Promote Judicial Economy.

Courts in this circuit place particular weight on judicial economy.  *See, e.g.*, *Hall v. Greystar Mgmt. Servs., L.P.*, 179 F. Supp. 3d 534, 537 (D. Md. 2016) ("The Court bases this determination [to exercise supplemental jurisdiction] largely on concerns for efficiency and judicial economy."); *AMBIMJB, LLC v. Strategic Armory Corps, LLC*, 2021 WL 2042674, at *6 (D. Md. May 20, 2021) ("None of the remaining factors informing the Court's exercise of supplemental jurisdiction cuts against the significant judicial economy gains achieved by retaining jurisdiction.").  As this Court has recognized, "the Fourth Circuit has repeatedly affirmed cases

[retaining supplemental jurisdiction] where judicial economy considerations *weighed heavily* in favor of retaining jurisdiction." *Lee Pappas Body Shop, Inc. v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 3609296, at *4 (E.D. Va. Aug. 13, 2021) (emphasis added) (citing *Crosby v. City of Gastonia*, 682 F. Supp. 2d 537, 545 (W.D.N.C. 2010), *aff'd*, 635 F.3d 634; *Daly v. Zobel*, 311 F. App'x. 565, 567 (4th Cir. 2008)). Such is the case here.

Numerous decisions confirm that judicial economy favors retaining supplemental jurisdiction when (i) a case has been pending for a long time, (ii) the parties have completed discovery, (iii) the parties have briefed summary judgment, and (iv) the date of trial is near. *All* of these factors are present here:

(i)     The case "ha[s] been pending for more than *three years*." *Crosby*, 635 F.3d at 644 n.11 (emphasis added) (holding this this length of time weighed in favor of exercising supplemental jurisdiction); *see also Peter Farrell Supercars, Inc. v. Monsen*, 82 F. App'x 293, 297 (4th Cir. 2003) (affirming exercise of supplemental jurisdiction where federal claim was "disposed of" "almost *eight months* after the complaint was filed") (emphasis added); *Shelton v. United States*, 2017 WL 679214, at *7 (D. Md. Feb. 21, 2017) (exercising supplemental jurisdiction where "th[e] case has proceeded in this Court for more than *two and a half years*") (emphasis added).

(ii)    The parties have completed discovery. *See Ketema v. Midwest Stamping, Inc.*, 180 F. App'x 427, 428 (4th Cir. 2006) (reversing for abuse of discretion the district court's decision not to exercise supplemental jurisdiction where the case "ha[d] progressed through the discovery stage"); *de Reyes v. Waples Mobile Home Park Ltd. P'ship*, 251 F. Supp. 3d 1006, 1023 (E.D. Va. 2017), *vacated on other grounds*, 903 F.3d 415 (4th Cir. 2018) (exercising supplemental jurisdiction where

"the parties have already completed discovery"); *Shelton*, 2017 WL 679214, at *7 (exercising supplemental jurisdiction where "the parties have completed discovery").

(iii)    This Court has already ruled on summary judgment motions.  *See Crosby*, 635 F.3d at 644 n.11 (affirming exercise of supplemental jurisdiction where "the parties had already fully briefed summary judgment motions"); *Daly*, 311 F. App'x. at 567 (affirming district court's exercise of supplemental jurisdiction where "the action had progressed to the summary judgment stage").

(iv)    Amazon's remaining "claims are ripe for . . . trial," which is only a few months away.  *de Reyes*, 251 F. Supp. 3d at 1023; *see also Peter Farrell Supercars, Inc.*, 82 F. App'x at 297 (affirming exercise of supplemental jurisdiction where the "[federal] claim was not disposed of until the eve of trial").

These factors "weigh[] heavily in favor of retaining supplemental jurisdiction over the state law claims in this case." *Crosby*, 635 F.3d at 644 n.11.  Requiring Amazon to re-file the state-law claims in state court at this stage would "lead to an inefficient replication of pleadings and discovery in state court," *Hoy v. Yamhill Cty.*, 107 F. Supp. 3d 1078, 1094 (D. Or. 2015), and thus "would be a waste of judicial resources," *Daly*, 311 F. App'x at 567.  This waste would be compounded by the fact that the state court would have no familiarity with the complex factual or procedural background of this case, whereas this Court is "already familiar with the facts and issues." *Peter Farrell Supercars*, 82 F. App'x at 297.

Not only do courts typically retain supplemental jurisdiction in these circumstances, but the Fourth Circuit has reversed a district court that declined to do so.  *See Ketema*, 180 F. App'x at 428 (holding that "the district court abused its discretion in declining to exercise supplemental jurisdiction over [plaintiff's] state law claims" because, among other reasons, "it would be a waste

5

of judicial resources to require [plaintiff] to refile a suit that has been pending for a lengthy period of time and has progressed through the discovery stage").

Ignoring this extensive body of case law and the late stage of these proceedings, Defendants assert that "most courts that have considered the supplemental jurisdiction question have declined to exercise pendent jurisdiction over state claims when the federal claims have been disposed of prior to a full trial on the merits." Mot. 4.  But the Fourth Circuit certainly has not, as the above-cited cases demonstrate.  *See Peter Farrell Supercars, Inc.*, 82 F. App'x at 297 ("[T]here is no 'mandatory rule' requiring dismissal when the federal claim is disposed of before trial." (quoting *Cohill*, 484 U.S. at 350 n.7)).  Indeed, Defendants fail to cite a single case from any jurisdiction, much less the Fourth Circuit, that declined to exercise supplemental jurisdiction over state-law claims when the federal claims were dismissed at this advanced stage of the litigation.

The only two cases Defendants cite in which courts from this District declined to exercise supplemental jurisdiction did so at the pleadings stage, simultaneously with dismissing the federal claims under Rule 12(b)(6).  *See Myers v. Lee*, 2010 WL 3745632, at *6 (E.D. Va. Sept. 21, 2010) (dismissing, in a single order, plaintiff's federal claims under Rule 12(b)(6) and the remaining state-law claims under 28 U.S.C. § 1367); *Nunes v. Fusion GPS*, 531 F. Supp. 3d 993 (E.D. Va. 2021) (same).  These two cases, like others decided in this District, declined to exercise supplemental jurisdiction only after emphasizing that the "case remain[ed] in an early stage of litigation." *Yin v. CTI Consultants, Inc.*, 2018 WL 1569486, at *10 (E.D. Va. Mar. 30, 2018).  For example, in *Yin*—as in *Myers* and *Nunes*—the court declined to exercise supplemental jurisdiction over state-law claims at the pleadings stage and concurrently with dismissing the plaintiff's federal claims.  *Id.*  And in *Kratos Defense Engineering Solutions, Inc. v. NES Associates, LLC*, the "Defendants ha[d] not yet answered the Complaint." 2011 WL 13248293, at *12 (E.D. Va.

Mar. 23, 2011); *see also Calloway v. Cty. of Powhatan, Va., Dep't of Soc. Servs.*, 2023 WL 2276863, at *2 (E.D. Va. Feb. 28, 2023) (declining to exercise supplemental jurisdiction where "[t]he defendant has not filed an answer, and the parties have not engaged in discovery or filed dispositive motions").

Defendants contend that the Washington state court in which Nelson filed a separate action "is in the best position to make judgments concerning Washington law." Mot. 9.  As Defendants know, that court stayed its proceedings entirely pending the outcome of *this* litigation within five months of Nelson filing his complaint.  *See* Order on Dispositive Motions and Stay, *Nelson v. Amazon.com, Inc.*, No. 20-2-15535-7 SEA (Wash. Sup. Ct. Mar. 3, 2021).  Therefore, the proceedings in that case have barely progressed and certainly have not developed nearly as far as the proceedings in this case.  Moreover, in this case's current posture, there are no judgments to be made under Washington law at all; Amazon's remaining claims all turn on Virginia law, which Defendants did not dispute on summary judgment. *See infra* Section III, pp. 10–11.

In any event, Defendants' forum-shopping preferences are irrelevant because this case cannot be transferred to Washington state court.  *See Bassett Seamless Guttering, Inc. v. GutterGuard, LLC*, 2006 WL 156874, at *7 (M.D.N.C. Jan. 20, 2006) ("A federal court cannot transfer a case to a state court, so 28 U.S.C. § 1404 is inapplicable here.").  If this Court declined to retain jurisdiction, it would simply grant dismissal "without prejudice to Plaintiff[s'] right to refile in the appropriate state court." *Id.*; s*ee also United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) ("Because the district court declined to even take jurisdiction over the state-law claim, it could not have and did not adjudicate the merits of the claim, so that dismissal should have been without prejudice.").  Amazon would elect where to refile, making Defendants' preferences for another particular forum inconsequential.

**II.      Retaining Jurisdiction Would Be Convenient And Fair To The Parties.**

Retaining jurisdiction over Amazon's state-law claims would promote convenience and fairness to the parties. *See Crosby*, 635 F.3d at 644 n.11 (discussing the "factors" of "convenience and fairness to the parties" and "concerns for judicial economy" in tandem). If this Court relinquished its jurisdiction at this late stage, the parties would suffer the significant burden, cost, and delay of re-litigating this entire case from scratch in another court. That would not be fair to Defendants or Amazon, who have "already spent" a significant "length of time" "preparing for trial" in this Court, and who would have to devote significant resources to familiarizing a new state court with the facts of this case. *Peter Farrell Supercars, Inc.*, 82 F. App'x at 297.

It is not clear how that outcome could be convenient for Defendants. They have repeatedly professed a desire to proceed promptly and conserve litigation costs. *See, e.g.*, Dkt. 1187 at 2–3 (arguing that "to delay the schedule in any way that could impact the overall progress of the case" "would . . . prejudice [the Watson Defendants]"). Indeed, less than a week before they filed this motion, Defendants opposed Amazon's motion for a Rule 54(b) certification on the grounds that they "deserve their day in Court" and "an immediate appeal will only delay the trial process further." Dkt. 1407 at 17. But it is difficult to imagine any ruling that could foment greater delay than requiring the parties to start all over again in another court. Defendants also fail to show that Washington state would be a more convenient forum for them. None of the Defendants reside in Washington state. *See* Dkt. 815 (Watson Defendants' Answer) at ¶¶ 10, 12–13; Dkt. 817 (Kirschner's Answer) at ¶ 16; Dkt. 819 (Nelson's Answer) at ¶ 19; Dkt. 820 (Cheshire Ventures' Answer) at ¶ 28. And as this Court previously observed, "[t]he defendants who were not employees of Plaintiffs . . . clearly have an interest in litigating their case in Virginia, where the disputed events took place, rather than across the country." Dkt. 256 at 4–5.

Defendants argue that it would be more convenient for Amazon and one of its "primary employee witness[es]" to litigate the case in Washington state.  Mot. 5.  Amazon does not agree. And neither does the Court, which has already rejected a motion to transfer this case to Washington state, finding that "[t]o force Plaintiffs to litigate this matter in . . . Washington would be *seriously inconvenient*."  Dkt. 256 at 2 (emphasis added).  Because the "events and actions" underlying this case "took place in Virginia" and in this District, *id.* at 4, there is a compelling interest in having the claims challenging Defendants' misconduct resolved here.  *See id.* at 5 ("The state of Virginia itself . . . has an interest in deciding cases that involve events and land within its own border" (citing *In re Rolls Royce Corp.*, 775 F.3d 671, n.30 (5th Cir. 2014)); *cf. Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 62 n.6 (2013) (discussing "the local interest in having localized controversies decided at home" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981)).  This is even more true now that the case has progressed past summary judgment and trial is just a few months away.  Amazon has spent years preparing this case for trial in this Court, and to start from square one in a different court, having no familiarity with this matter, would be extraordinarily costly, burdensome, and inconvenient.

## III.    Retaining Jurisdiction Would Promote Comity.

The interest of comity also favors retaining jurisdiction.  Where "there has been lengthy federal litigation," as here, "it would be inconvenient" to offload the case "to [a] state court" that will lack this Court's familiarity with the parties, facts, and legal issues.  *Lee Pappas Body Shop, Inc.*, 2021 WL 3609296, at *5.  Burdening a state court with years of litigation, when this Court may just be months from the resolving the case, would frustrate rather than promote comity.

This is not a case where the state-law claims present novel or complex legal issues that would justify deferring to the state courts.  As this Court has recognized, "the remaining tortious interference claim," as well as the related civil conspiracy claim, "is often litigated in federal

courts" and "does not present any novel state law issues" that a federal court is unequipped to adjudicate. *Lee Pappas Body Shop, Inc.*, 2021 WL 3609296, at *5 (citing *L-3 Commc'ns Corp. v. Serco, Inc.*, 926 F.3d 85 (4th Cir. 2019); *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584 (E.D. Va. 2005)); *see also Oliver v. Bartholomew*, 785 F. App'x 166, 167 (4th Cir. 2019) (affirming exercise of supplemental jurisdiction where "the state law questions were not novel or complex"). Because the elements for these claims are well-established under Virginia law, "[a]ll that is left for this Court is to apply that well-established framework to this case," which this Court now knows well. *AMBIMJB, LLC*, 2021 WL 2042674, at *6.

Defendants argue that "[c]omity and judicial economy" favor dismissal because "[t]he contracts that now form the very center of this action contain a choice of forum provision mandating Washington state." Mot. 8. As discussed above, this Court has already rejected Defendants' argument that their contracts with Amazon require this case to be litigated in Washington. *See* Dkt. 256 at 3 ("Defendants' Motion ignores the competing forum selection clauses found in other relevant agreements . . . requiring the parties to the purchase agreement to litigate any dispute arising from it in Virginia."). Moreover, the parties are no longer litigating contract claims in the current posture of the case, making the applicability of Washington law to those claims even less pertinent than it was when this Court previously rejected Defendants' argument.

For the first time, Defendants imply that Amazon's tortious interference and civil conspiracy claims are governed by Washington law, instead of Virginia law. Mot. 8 n.1. This is a reversal from Defendants' summary judgment briefing, in which Defendants repeatedly relied on Virginia law. *See* Dkt. 1176 (Nelson Br.) at 25 (citing Virginia law while addressing Amazon's conspiracy claim); Dkt. 1169 (Kirschner Br.) at 4 (adopting Nelson's arguments regarding Amazon's conspiracy claim, which cite Virginia law); Dkt. 1174 (Watson Br.) at 39, 40–41 (citing Virginia law while addressing Amazon's tortious interference and conspiracy claims); Dkt. 1376

10

at 23–24, 32–33 (applying Virginia law to Amazon's tortious interference and conspiracy claims). This Court should reject Defendants' sudden about-face on which law applies. *See Martineau v. Wier*, 934 F.3d 385, 393 (4th Cir. 2019) (defendants are "'prohibit[ed] . . . from deliberately changing positions according to the exigencies of the moment'" under the doctrine of "judicial estoppel" (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). But whichever law applies, the overwhelming interests of judicial economy favor litigating this long-pending case to conclusion in this Court.

**IV.    Several Underlying Issues Of Federal Policy Favor Retaining Jurisdiction.**

This case implicates several important federal policy issues. *First*, Amazon "brought the claims in federal court in the first instance," *Oliver*, 785 F. App'x at 167, and continues to pursue its federal claims. Amazon has requested leave to take an interlocutory appeal from the summary-judgment ruling dismissing them. *See* Dkt. 1402. Even if review is not permitted now, these claims could be reinstated after appeal from the final judgment. Because Amazon had asserted substantial federal claims that it litigated in federal court for years and will continue to pursue, a material interest in completing this litigation in federal court remains. And if the federal claims are reintroduced into this case at any stage, it would prove far more efficient for this Court to have retained the state-law claims than for those related claims to have been tried separately in a largely duplicative state-court proceeding.

*Second*, there is a federal interest in maintaining the preliminary rulings of this Court and the Fourth Circuit while the remaining claims are litigated. As the Court explained, Amazon's tortious interference and conspiracy claims "fully support the preliminary injunction remaining in place." Dkt. 1412 at 3. Retaining jurisdiction will preserve this Court's injunction and save the parties from the burdensome and costly process of re-litigating the injunction in state court. Declining jurisdiction, however, would dissolve this Court's injunction, which was affirmed in

11

an order that is "covered by the Fourth Circuit's appellate mandate."  *Id.* at 2–3 (citing *Volvo Trademark Holding Akitebolaget v. Clark Mach. Co.*, 510 F.3d 474, 481 (4th Cir. 2007)).

*Third*, there is a criminal investigation in this District relating to the same conduct alleged in this civil suit.  *See* Plea Agreement, *United States v. Kirschner*, No. 1:23-cr-36 (E.D. Va. Mar. 8, 2023), Dkt. 10; Plea Agreement, *United States v. Ramstetter*, No. 1:23-cr-27 (E.D. Va. Mar. 8, 2023), Dkt. 10; *see also United States v. Camenson*, No. 1:23-cr-37 (E.D. Va. 2023).  Keeping this proceeding in the same district in which the criminal proceedings may be brought would be more efficient for the parties and the Court than splintering off this civil case to begin anew in a state court with no connection to the related matters.[1]

Defendants ignore these considerations and pivot to re-arguing the merits of Amazon's state-law claims.  Mot. 5–6.  These merits arguments reflect that Defendants do not genuinely dispute that there are strong grounds for the Court to retain supplemental jurisdiction.  Rather, Defendants hope to persuade this Court to abandon this case *only* if it will not rule for them on the merits.  This is bald forum-shopping and a thinly veiled request for reconsideration:  This Court has already heard Defendants' arguments for granting summary judgment on the tortious interference and civil conspiracy claims and rejected them.  Dkt. 1376 at 23–24, 32–33.  The Court held that "a reasonable juror could conclude that the Watson Defendants interfered with Nelson's and Casey Kirschner's employment relationships by bribing them and thereby depriving Amazon of its employees' honest services."  *Id.* at 24.  And it rejected Defendants' argument that "Amazon cannot prove the damages element of its interference claim."  *Id.* at 24 n.20.  The Court

---

[1] Even if there were "no underlying issues of federal policy," this Court could still retain jurisdiction in light of the other *Shanaghan* factors.  *King v. Cardinal Health 411, Inc.*, 2011 WL 3924158, at *4 (N.D. W. Va. Sept. 7, 2011) (retaining jurisdiction over state-law claims even though "th[e] case present[ed] no underlying issues of federal policy"); *see also AMBIMJB, LLC*, 2021 WL 2042674, at *6 (retaining jurisdiction over state-law claims where "neither party iden-tifie[d] any underlying issues of federal policy in this litigation").

has also since confirmed that its "Summary Judgment Opinion did not affect Amazon's likeli-hood-of-success on the tortious interference and conspiracy claims." Dkt. 1412 at 2; *see also id.* (stating that "these claims remain viable and may proceed to trial").  Defendants' current motion presents no occasion for revisiting those decisions.  Ultimately, their merits arguments are irrele-vant to the *Shanaghan* factors and need not even be considered to deny their motion.[2]

## CONCLUSION

The Court should deny Defendants' motion and continue to exercise supplemental juris-diction over Amazon's tortious interference and conspiracy claims pursuant to 28 U.S.C. § 1367(a).

---

[2] Defendants' new argument regarding tortious interference is also wrong.  Amazon doesn't need to prove a breach of any written or enforceable contract.  Tortious interference lies in Virginia when a third party interferes with an at-will employment relationship through "improper meth-ods," specifically including "bribery . . . fraud, misrepresentation or deceit . . . misuse of inside or confidential information, or breach of a fiduciary relationship." *Duggin v. Adams*, 360 S.E.2d 832, 836 (Va. 1987).  The record in this case is replete with evidence of all of these grossly improper methods. *See* Dkt. 1376 at 24 (denying Defendants' motion for summary judgment on the tortious interference claim).

Dated:  June 20, 2023

Veronica S. Moyé (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
vmoye@gibsondunn.com

Respectfully submitted,

/s/ Michael R. Dziuban
Elizabeth P. Papez (*pro hac vice*)
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
epapez@gibsondunn.com
pstokes@gibsondunn.com
jmendro@gibsondunn.com
cbarrett@gibsondunn.com
dcasazza@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

CTBSRM, Inc.
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Demetrius Von Lacey
2845 Des Moines Dr.
Fort Collins, CO 80525

2010 Irrevocable Trust
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

Sigma Regenerative Solutions, LLC
6870 W 52nd Ave., Ste. 203
Arvada, CO 80002

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*
