IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:20-cv-484 (RDA/IDD) |

## ORDER

This matter comes before the Court on Defendant Casey Kirschner's ("Defendant") Motion for Leave to File Second Motion for Summary Judgment ("Motion").[1] Dkt. 1405. Having considered the Motion together with Plaintiffs Amazon.Com, Inc. and Amazon Data Services, Inc.'s ("Plaintiffs") Opposition (Dkt. 1413) and Defendants Casey Kirschner and Carleton Nelson's Reply (Dkt. 1414), the Court DENIES the Motion for the reasons that follow.

The Court briefly recounts the events that led to the instant Motion. In January 2023, Defendant moved for summary judgment on each of the claims Amazon asserts against him. Dkt. 1167. While Defendant's motion for summary judgment was pending, two of Defendant's alleged co-conspirators, Christian Kirschner (Defendant's brother) and Kyle Ramstetter, pleaded guilty to conspiracy to commit wire fraud based on their participation in the scheme Amazon alleges in the instant civil case. *See United States v. Kirschner*, No. 1:23-cr-36, Dkt. 10; *United States v.*

---

[1] On May 26, 2023, Defendant Casey Kirschner filed the instant Motion, Dkt. 1405, and subsequently, on May 30, 2023, Defendant Carleton Nelson joined in Defendant Casey Kirschner's request for leave to file a second motion for summary judgment, Dkt. 1406.

*Ramstetter*, No. 1-23-cr-27, Dkt. 10. In the aftermath of these guilty pleas, and several days before this Court issued its ruling on Defendant's motion for summary judgment, Amazon entered into settlement agreements with Christian Kirschner and Kyle Ramstetter. *See* Dkt. Nos. 1405-1; 1405-2. Through the settlement agreements, Amazon released Christian Kirschner and Ramstetter from liability for the conduct they disclosed in their criminal plea agreements and to Amazon. Specifically, the releases provide that Amazon:

> expressly waives any and all claims against [Christian] Kirschner and, to the maximum extent permitted by law, releases Kirschner, his agents, heirs, attorneys, insurers, personal representatives, and anyone acting on his behalf ("Kirschner Releasees") from any and all actual or potential actions, claims, causes of action, and damages . . . on account of or arising out of [Christian] Kirschner's involvement with the Transactions.

Dkt. 1405-1 ¶ 1; *see also* Dkt. 1405-2 ¶ 1 (parallel language as to Ramstetter).

Defendant now seeks permission to file a second summary judgment motion in order to argue that Amazon released its claims against him when it entered into settlement agreements with these third parties. According to Defendant, the broad language in Amazon's releases also releases him from liability as an individual who acted as an agent of or on behalf of Christian Kirschner or Ramstetter. Dkt. 1405 at 2-5.

At the outset, the Court notes that multiple summary judgment motions are disfavored under this Court's Local Rules. *See* E.D. Va. Loc. Civ. R. 56(C) ("Unless permitted by leave of Court, a party shall not file separate motions for summary judgment addressing separate grounds for summary judgment."). To overcome this presumption against piecemeal resolution of litigation through multiple summary judgment motions, this Court requires a showing that outweighs the interest in "preserv[ing] judicial resources." *Emami v. Bolden*, No. 2:15-cv-34, 2016 WL 8243169, at *2 (E.D. Va. Sept. 7, 2016).

2

The Court finds that Defendant has not demonstrated that departure from the default presumption against multiple summary judgment motions is warranted here. The additional summary judgment motion Defendant seeks leave to file would impose unnecessary burdens on the parties. The parties have already completed discovery and extensive summary judgment briefing. In addition, the parties have already begun preparations for trial in October of this year. Permitting a renewed round of summary judgment briefing now would merely distract the parties from the important demands of this case.

Moreover, allowing Defendant to file an additional summary judgment brief is unlikely to narrow the issues at trial. Importantly, the record reveals a factual dispute as to a key element of the new affirmative defense Defendant seeks to assert. In particular, the success of Defendant's proposed motion hinges on whether his unlawful conduct was performed within the scope of an agency relationship with or on behalf of Christian Kirschner. But Defendant himself affirmatively "dispute[s] the veracity" of Christian Kirschner's testimony purportedly establishing such a relationship between the two brothers. Dkt. 1405 at 3 n.2. That alone would preclude summary judgment. *See Sempowich v. Tactile Sys. Techs., Inc.*, 19 F.4th 643, 651 (4th Cir. 2021) (party cannot dispute veracity of evidence while simultaneously relying on it to argue that there is no genuine issue of fact). And even if Defendant did not himself dispute that fact, Amazon disputes it. Dkt. 1413 at 11. Amazon maintains that, although Defendant did provide confidential information to Christian Kirschner, he did not do so as an agent of or on behalf of Christian Kirschner. *Id.* Rather, Defendant misappropriated Amazon's information to facilitate the negotiation of a referral agreement because he intended to use that agreement to secure bribes for *himself. Id.* (citing Dkt. 1210 at 8–9 (explaining how Kirschner and Defendant Carleton Nelson negotiated specific fee and yield terms in leases and linked those expenses to terms in referral

3

agreement to fund kickbacks to themselves)).  Given this dispute of fact, the proposed summary judgment motion will likely be futile, and granting leave will not serve the interest of preserving judicial resources.

      Accordingly, it is hereby ORDERED that Defendant's Motion (Dkt. 1405) is DENIED.

      The Clerk is directed to forward copies of this Order to counsel of record.

      It is SO ORDERED.

Alexandria, Virginia
June 27, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge