IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 1:20-cv-484 (RDA/IDD) ) ) ) ) ) ) ) |

## ORDER

This matter comes before the Court on the Watson Defendants', the Nelson Defendants', and Defendant Casey Kirschner's ("Defendants") Motion to Decline Exercise of Supplemental Jurisdiction Under 28 U.S.C. 1367(c) ("Motion"). Dkt. 1410. Having considered the Motion together with Plaintiffs Amazon.Com, Inc. and Amazon Data Services, Inc.'s ("Plaintiffs") Opposition (Dkt. 1415) and Defendants' Reply (Dkt. 1416), the Court DENIES the Motion for the reasons that follow.

The Court briefly recounts the events that led to the instant Motion. The instant case was filed in April 2020, discovery is complete, and a jury trial is set to commence on October 16, 2023. In its April 6, 2023 Memorandum Opinion and Order, this Court granted summary judgment in favor of Defendants on six out of eight claims. One of the claims the Court entered summary judgment on was Amazon's federal RICO claim—the only claim falling under the Court's original jurisdiction. Defendants now urge the Court to decline to exercise supplemental jurisdiction over the two remaining state-law claims for tortious interference with contractual and/or business relations (Count IV) and civil conspiracy (Count V). Dkt. 1410.

District courts "have supplemental jurisdiction" over state-law claims that are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Although a district court "*may* decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all [federal] claims over which it has original jurisdiction," 28 U.S.C. § 1367(c) (emphasis added), it is not required to do so. Importantly, "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In *Shanaghan*, the Fourth Circuit articulated four factors that inform the decision whether to retain supplemental jurisdiction in these circumstances: "[1] convenience and fairness to the parties, [2] the existence of any underlying issues of federal policy, [3] comity, and [4] considerations of judicial economy." *Id.* (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, all four factors weigh heavily in favor of exercising supplemental jurisdiction over the two remaining state-law claims. First, retaining jurisdiction would be fair and convenient to the parties. Defendants fail to identify any reason why it would be convenient for them to start from scratch in a new court. Further, while Defendants argue that a Washington state forum would be more convenient for Amazon than this Court is, Dkt. 1410 at 5, Amazon avers that it would be more convenient for it to finish this litigation here, where the property and alleged wrongdoing at the heart of this case are located or transpired, Dkt. 1415.

Second, there is a federal interest in maintaining the preliminary rulings of this Court and the Fourth Circuit while the remaining claims are litigated. Specifically, retaining jurisdiction will preserve this Court's preliminary injunction, which the Fourth Circuit affirmed, and save the parties from the burdensome and costly process of re-litigating the injunction in state court.

Third, the interest of comity favors retaining jurisdiction. Indeed, burdening a state court with what could be years of litigation, when this Court may just be months from the resolving the instant case, would frustrate rather than promote comity. Furthermore, this is not a case where the state-law claims present novel or complex legal issues that would justify deferring to a state court. Rather, the elements of a tortious interference claim and civil conspiracy claim are well-established under Virginia law, and "[a]ll that is left for this Court is to apply that well-established framework to this case," which this Court now knows well. *AMBIMJB, LLC v. Strategic Armory Corps, LLC*, 2021 WL 2042674, at *6 (D. Md. May 20, 2021).

Fourth, retaining jurisdiction would promote judicial economy because the parties are in the final stages of trial preparation and this Court is now deeply familiar with the facts and issues. *See Crosby v. City of Gastonia*, 635 F.3d 634, 644 n.11 (4th Cir. 2011) (noting that where federal claims had not been dismissed until "the proceedings had been pending for more than three years, and the parties had already fully briefed summary judgment motions," such advanced progress "weighed heavily in favor of retaining supplemental jurisdiction over the state law claims").

Accordingly, it is hereby ORDERED that Defendants' Motion (Dkt. 1410) is DENIED.

The Clerk is directed to forward copies of this Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
July 19, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge