IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AMAZON.COM, INC. and AMAZON )
DATA SERVICES, INC., )
 )
    Plaintiffs, )
 )
    v. )    Civil Action No. 1:20-cv-484 (RDA/IDD)
 )
WDC HOLDINGS LLC d/b/a )
NORTHSTAR COMMERCIAL )
PARTNERS, *et al.*, )
 )
    Defendants. )

## ORDER

This matter comes before the Court on Plaintiffs Amazon.Com, Inc. and Amazon Data Services, Inc.'s ("Plaintiffs" or "Amazon") Motion for Entry of Judgment under Rule 54(b) or Leave to Appeal Under 28 U.S.C. § 1292(b) ("Motion"). Dkt. 1402. Having considered the Motion together with Plaintiffs' Memorandum in Support (Dkt. 1403), Defendants' Opposition (Dkt. 1407), and Plaintiffs' Reply (Dkt. 1409), the Court GRANTS the Motion for the reasons that follow.

In their Motion, Plaintiffs ask the Court to certify its April 6, 2023 Memorandum Opinion and Order (Dkt. 1376) ("the Summary Judgment Opinion") for interlocutory appeal under Federal Rule of Civil Procedure 54(b) or, alternatively, 28 U.S.C. § 1292(b). With respect to Plaintiffs' first request, Federal Rule of Civil Procedure 54(b) authorizes the Court to facilitate an immediate appeal by "direct[ing] entry of a final judgment as to one or more, but fewer than all, claims or parties." Fed. R. Civ. P. 54(b). Rule 54(b) certification is proper where a ruling presents "a decision upon a cognizable claim for relief" that is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,'" and where

there is no "just reason for delay" in seeking appellate review. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

Here, the Court finds that certification is appropriate under Rule 54(b) because (1) the Court's grant of summary judgment for Defendants on certain claims was a final disposition of those claims for purposes of Rule 54(b), and (2) there is no just reason to delay an appeal, which would present purely legal questions unrelated to Amazon's remaining claims for tortious interference and civil conspiracy.

The Fourth Circuit has recognized that a grant of summary judgment for a defendant on an entire claim is a paradigmatic example of a final resolution under Rule 54(b). *See Fox v. City of Baltimore Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000) (affirming certification of appeal of partial summary judgment under Rule 54(b)). Here, the Summary Judgment Opinion disposed of Amazon's civil RICO, fraud, detinue, breach of contract, unjust enrichment, and conversion claims in their entirety, as well as all of Amazon's claims against Defendant Rodney Atherton. Dkt. 1376 at 39. Because there is nothing remaining to resolve on those claims, the Court concludes that the summary judgment rulings for Defendants are final for purposes of Rule 54(b). *See Curtiss-Wright Corp.*, 446 U.S. at 7.

The Court next considers whether there is no "just reason for delay" in seeking appellate review. As part of this inquiry, courts consider the following factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off . . . ; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quotation marks omitted).  The relevant factors weigh in favor of certification here.

With respect to the first factor, the resolved claims are legally distinct from Amazon's remaining tortious interference and civil conspiracy claims.  The Court decided each of the resolved claims based on legal conclusions that have no bearing on Amazon's remaining claims.  And while the resolved claims and the two remaining claims "arise from the same underlying facts," that overlap is not a valid reason to delay an appeal, as "claims may be considered separable [under Rule 54(b)] even if they have arisen out of the same transaction or occurrence." *Cullen v. Margiotta*, 811 F.2d 698, 711-12 (2d Cir. 1987).  As for the second factor, mootness concerns do not "counsel against Rule 54(b) certification" when "[t]he central question raised on appeal . . . is a pure question of law." *Fox*, 201 F.3d at 531.  That is the situation presented here, where the Court entered judgment for Defendants as a matter of law and Amazon's appeal will present pure questions of law that have no relevance to the remaining claims.  Regarding the third factor, because the Fourth Circuit's review of the legal issues involved in the claims resolved on summary judgment will have no effect on Amazon's remaining claims, there is no risk that the same legal issues will need to be resolved in a later appeal.

Finally, considerations of judicial economy favor certification.  Granting Amazon's request for certification would minimize the risk of two, duplicative jury trials in which much of the same evidence and testimony would be presented.  Delaying an appeal of the resolved claims until after a jury trial on the remaining claims would necessitate a second jury trial if Amazon prevails on even one claim before the Fourth Circuit.  By contrast, certifying the summary judgment rulings for Defendants for appeal now would maximize the likelihood of a single trial, as Amazon has represented that it would request a stay of the remaining claims until the appeal is resolved.  Dkt.

1403 at 6.  Furthermore, denying certification would substantially increase the likelihood that Defendants will need to incur the cost and expense of two jury trials.

For these reasons, the Court finds that certification of its April 6, 2023 Summary Judgment Opinion for interlocutory appeal pursuant to Rule 54(b) is appropriate.  Accordingly, it is hereby ORDERED that Plaintiffs' Motion (Dkt. 1402) is GRANTED;[1] and it is

FURTHER ORDERED that if Plaintiffs wish to request a stay of the remaining claims until the appeal is resolved, they file a motion to do so within five (5) days of this Order.

The Clerk is directed to forward copies of this Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August **23**, 2023

/s/
_____
Rossie D. Alston, Jr.
United States District Judge

---

[1] Because the Court grants Plaintiffs' first request, their alternative request for the Court to certify its April 6, 2023 Summary Judgment Opinion under 28 U.S.C. § 1292(b) is moot.