# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, <br><br> Defendants. | CASE NO. 1:20-CV-484-RDA-IDD |
| 800 HOYT LLC, <br><br>    Intervening Interpleader Plaintiff, Intervening Interpleader Counter-Defendant, <br><br> v. <br><br> BRIAN WATSON; WDC HOLDINGS, LLC; BW HOLDINGS, LLC, <br><br>    Interpleader Defendants, <br><br> and <br><br> AMAZON.COM, INC., and AMAZON DATA SERVICES, INC., <br>    Interpleader Defendants, <br>    Interpleader Counter-Plaintiffs. | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR A STAY PENDING APPEAL**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively "Amazon" or "Plaintiffs") hereby respectfully move for a stay of all proceedings in this Court pending the resolution of Amazon's appeal of this Court's order and judgment granting in part and denying in part Defendants' motions for summary judgment, Dkts. 1376, 1377 ("the Summary Judgment Order").[1]

## INTRODUCTION

In light of the Court's ruling certifying the Summary Judgment Order for appeal, the Court should stay these proceedings—including by continuing the trial and all related pre-trial deadlines—until the appeal is resolved. As the Court reasoned in holding there was no just reason to delay an appeal, a stay would preserve judicial resources and reduce the burdens on all parties. By contrast, without a stay, the efficiencies and conservation of resources identified by the Court would disappear, and the risk of two trials would remain. For these reasons and others stated herein, the Court should grant this motion.

## BACKGROUND

On April 6, 2023, this Court granted summary judgment for the Defendants on several of the claims asserted by Amazon in this litigation. Dkt. 1377. Specifically, the Court granted summary judgment for all Defendants on Amazon's RICO, fraud, contract, unjust enrichment, detinue, and conversion claims (Counts I, II, III, VI, VII, VIII), and also granted summary judgment to Rodney Atherton on the civil conspiracy claim (Count V), thus resolving all of Amazon's claims against him. *Id.* The Order denied Defendants' request for summary judgment

---

[1] Amazon informed Defendants of its intent to seek a stay on August 23. Defendant Casey Kirschner takes no position on the motion. The Nelson Defendants do not plan on filing an opposition. The Watson Defendants oppose the motion.

on Amazon's tortious interference claim as well as its civil conspiracy claim against Defendants other than Atherton (Counts IV and V, the "Remaining Claims"). Dkt. 1376 at 23–24, 32–33.

The trial for the Remaining Claims is scheduled to begin October 16, 2023 and continue through October 27, 2023. Dkt. 1391. In connection with that trial, the parties face numerous deadlines in the coming weeks leading up to the final pre-trial conference, set for October 11. *See* Dkt. 1421. These include, among other things, objections to exhibits due on September 1; briefing on pretrial motions (including motions in limine) starting on September 11 and extending into early October; and statements of uncontested facts, proposed *voir dire* questions, and proposed jury instructions all due on October 2. *Id.* at 2. Amazon, and presumably Defendants as well, are preparing their trial presentations, including opening statements and witness preparation, all of which takes substantial effort.

Following entry of the Summary Judgment Order, Amazon moved the Court to certify it for interlocutory appeal or enter final judgment as to each of the dismissed claims under Federal Rule of Civil Procedure 54(b). Dkts. 1402, 1403. The Court granted that motion, finding that there is "no just reason for delay" in seeking appellate review. Dkt. 1437 at 2. The Court expressly noted that "considerations of judicial economy favor certification" because "[g]ranting Amazon's request for certification would minimize the risk of two, duplicative jury trials in which much of the same evidence and testimony would be presented." *Id.* at 3. "Delaying an appeal of the resolved claims until after a jury trial on the remaining claims would necessitate a second jury trial if Amazon prevails on even one claim before the Fourth Circuit." *Id.* The Court went on to note that "certifying the summary judgment rulings … for appeal now would maximize the likelihood of a single trial, as Amazon has represented that it would request a stay of the remaining claims until the appeal is resolved." *Id.* The Court further ordered Amazon to file the current motion by

2

August 28, 2023 if it wishes to request a stay of the Remaining Claims until the appeal is resolved. *Id.* at 4.

## ARGUMENT

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). The use of that discretion "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." *Creekmore v. Maryview Hosp.*, 2008 WL 5100110, at *5 (E.D. Va. Dec. 2, 2008). The Court should consider "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012). "In determining whether to grant the requested stay, the district court should 'balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket.'" *Buzzell v. JP Morgan Chase Bank*, 642 F. App'x 267, 268 (4th Cir. 2016) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). Each of those factors favors a stay here.

### A. A Stay Would Promote Judicial Economy.

A stay is appropriate to guard against unnecessary and undue burdens on the "time and effort for [the Court], for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The scheduled trial on Amazon's Remaining Claims would demand the empaneling of a jury, the testimony of many witnesses, and the devotion of substantial time and resources by the parties and counsel. It would also consume considerable judicial resources, not only in the time necessary for the trial itself, but also in the resolution of the matters arising before and after a civil trial of this scope, including rulings on motions in limine.

This Court directed entry of an appealable judgment under Rule 54(b) flowing from the Summary Judgment Order in order to avoid such a result: *i.e.*, to "minimize the risk of two, duplicative jury trials in which much of the same evidence and testimony would be presented." Dkt. 1437 at 3 (explaining that a delayed appeal of the Summary Judgment Order "would necessitate a second jury trial if Amazon prevails on even one claim before the Fourth Circuit"). The only way to avoid that unnecessary duplication now is to stay further proceedings until Amazon's appeal is resolved. Otherwise, two courts will need to consider this case in parallel, raising a significant possibility of a second trial involving "much of the same evidence and testimony." *Id.* Conducting two civil trials in this complicated case—each lasting multiple weeks and involving many witnesses and dozens of pre-trial and trial motions—would impose significant and unnecessary burdens on the Court, the parties, and the witnesses, erasing any efficiencies presented by the certification of the Rule 54(b) appeal.

Courts in this district typically stay proceedings simultaneously with granting a Rule 54(b) motion. *See, e.g.*, *Hutchens v. Cap. One Servs., LLC*, 2020 WL 6121950, at *6 (E.D. Va. Oct. 16, 2020) ("the Court will grant Plaintiffs' Motions to Certify" and "will stay these matters until resolution by the Fourth Circuit"); *Digital Priv., Inc. v. RSA Sec., Inc.*, 199 F. Supp. 2d 457, 460–61 (E.D. Va. 2002) ("The court certifies its April 4, 2002 Opinion and Order as a 'final judgment' under Rule 54(b)" and "**STAYS** all further proceedings" pending the appeal.); *see also Armstrong v. Hutcheson*, 2022 WL 110012, at *2 (W.D. Va. Jan. 11, 2022) ("Given the court's determination that there is no just reason for delay in appealing the court's September 30, 2021 final judgment, the court will grant the unopposed motion for a stay."). As in these cases, a stay here "will serve the interests of judicial economy and efficiency and will avoid the needless duplication of work

4

and the possibility of inconsistent rulings." *Robinson v. DePuy Orthopaedics, Inc.*, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012).[2]

### B. A Stay Benefits All Parties And Prejudices No One.

For many of the same reasons, denial of a stay would prejudice Amazon, whereas granting a stay would impose no hardship on others. Denying the stay would run the risk that the parties, witnesses, and counsel—not to mention the Court—would need to litigate claims arising from common and overlapping facts in two separate trials. This would impose substantial burdens of time and expense on all parties that could be avoided through a stay and single trial following appeal.[3]

As the Court noted in granting certification of an appeal, these two trials, while not identical, would include overlapping sets of witnesses, exhibits, and factual presentations. Dkt. 1437 at 3. Nearly every witness that each party has proposed for the upcoming trial in October had also been proposed for the trial scheduled for this past spring. *Compare* Dkt. 1432 (Defendants' joint witness list) *and* Dkt. 1431-1 (Amazon's witness list) *with* Dkt. 1293 (Amazon's witness list), Dkt. 1281 (Watson Defendants' witness list) *and* Dkt. 1283 (Nelson,

---

[2] As the Supreme Court recently recognized in a related context, a stay "is desirable" when, absent the stay, "continued trial-court proceedings pending an appeal could lead to an entirely wasted trial." *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1920 (2023) (quoting 15B C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. § 3914.17 p.7 (2d ed. Supp. 2022)) (mandating stay pending appeal of order denying motion to compel arbitration). In *Coinbase*, the denial of a stay pending appeal ran the risk, if the appellate court reversed and required arbitration, of a vacated trial and a complete re-do of the proceedings before an arbitral tribunal. *Id.* at 1921. The Supreme Court rejected that result and mandated a stay pending appeal. *Id.* at 1918. Similar concerns are at play here. While the outcome on appeal would not vacate the result of the trial scheduled for October, it could impose the same wasteful *duplication* of proceedings.

[3] The Defendants themselves have, in other contexts, raised concerns regarding the costs of trial and the benefits of minimizing those economic burdens to the extent possible. *See* Dkt. 1107-3, Hr'g Tr. Oct. 20, 2022 at 18:8-19:5 (noting the "economic issue" for certain Defendants caused by the cost of "long trial").

5

Kirschner, and Atherton witness list). So too, there is substantial overlap in the proposed exhibits. *Compare* Dkts. 1433 (Defendants' joint exhibit list) *and* 1431-2 (Amazon's exhibit list) *with* Dkts. 1294 (Defendants' joint exhibit list) *and* 1293-1 (Amazon's exhibit list). Thus, without a stay, a trial following a successful appeal would likely require duplicative presentation of evidence from the first trial.

Added to this inefficient duplication would be certain unnecessary anomalies. For example, the Fourth Circuit may reinstate Atherton as a Defendant following the interlocutory appeal that this Court authorized in its Rule 54(b) ruling. This would ensure that Atherton is available to testify live at the ensuing trial, as the parties planned before the Court issued its Summary Judgment Order. *See* Dkts. 1283, 1293. But without a stay, a different jury deciding the Remaining Claims based on many of the same facts will have only heard his video-taped deposition. *See* Dkts. 1431-1, 1432. Also, the jury at the post-appeal trial would be deciding the conspiracy count against all of the Defendants (on the reinstated conspiracy objects) and against Atherton (on all of the conspiracy objects), after a different jury had already issued its verdict on that same claim (count V) under a narrower theory that included all of the Defendants except Atherton.

Moreover, if no stay is granted this Court will face the need to make a series of rulings on the proper scope of evidence for a trial that is limited to the Remaining Claims. For example, the Defendants have recently moved to exclude portions of Amazon's case. Dkt. 1434. They base this argument on the rulings made in this Court's Summary Judgment Order, the very Order that will be the subject of the upcoming appeal. *See id.* & Dkt. 1435 at 2 (seeking to exclude evidence "relevant only to claims that have been dismissed by the Court's Memorandum Opinion and Order (Dkt. 1376)"). Without a stay, the Court will need to resolve these evidence-admissibility issues. But with a single trial following the appeal of the Summary Judgment Order, the Court may be

6

able to minimize or avoid altogether the need to decide evidence-admissibility issues peculiar to a trial that is limited to only some of Amazon's claims.

By contrast, no party would be injured by a stay.  All parties will have a full opportunity to present their case at trial once the appeal is concluded.[4]  Moreover, granting a stay—and thereby streamlining all claims into a single trial—would benefit all parties by hastening the ultimate resolution of the entire action.

## CONCLUSION

For the reasons stated above, Amazon respectfully requests that the Court grant this motion and stay proceedings in this Court pending resolution of Amazon's appeal from the Summary Judgment Order.

---

[4] As this Court recently found in denying the Watson Defendants' latest attempt to dissolve the injunction and receivership, the Remaining Claims provide a sufficient basis to retain the injunction in place.  Dkt. 1412 at 3-4.  Thus the grant of a stay requires no change to this Court's injunction.

| | |
|---|---|
| Dated:  August 25, 2023 | Respectfully submitted, |
| | /s/ *Michael R. Dziuban* |
| | Elizabeth P. Papez (*pro hac vice*) |
| | Patrick F. Stokes (*pro hac vice*) |
| | George J. Hazel (*pro hac vice*) |
| | Jason J. Mendro (*pro hac vice*) |
| | Claudia M. Barrett (*pro hac vice*) |
| | David W. Casazza (*pro hac vice*) |
| | Amanda Sterling (*pro hac vice*) |
| | Michael R. Dziuban (Va. State Bar No. 89136) |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, D.C. 20036-5306 |
| | Telephone:  (202) 955-8500 |
| | Facsimile:  (202) 467-0539 |
| | epapez@gibsondunn.com |
| | pstokes@gibsondunn.com |
| | ghazel@gibsondunn.com |
| | jmendro@gibsondunn.com |
| | cbarrett@gibsondunn.com |
| | dcasazza@gibsondunn.com |
| | asterling@gibsondunn.com |
| | mdziuban@gibsondunn.com |

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I will then send the document and a notification of such filing (NEF) to the following parties via U.S. mail to their last-known address and by email, where noted:

| | |
|---|---|
| CTBSRM, Inc.<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 | 2010 Irrevocable Trust<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |
| Demetrius Von Lacey<br>2845 Des Moines Dr.,<br>Fort Collins, CO 80525 | Sigma Regenerative Solutions, LLC<br>6870 W 52nd Ave., Ste. 203<br>Arvada, CO 80002 |

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*