IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-484 (RDA/IDD) |
| WDC HOLDINGS LLC d/b/a NORTHSTAR COMMERCIAL PARTNERS, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| 800 HOYT LLC, | ) ) | |
| Intervening Interpleader Plaintiff, | ) ) | |
| v. | ) ) | |
| BRIAN WATSON, WDC HOLDING LLC, BW HOLDINGS LLC, PLW CAPITAL I, LLC.AMAZON.COM, INC, and AMAZON DATA SERVICES, INC., | ) ) ) ) ) | |
| Interpleader Defendants. | ) ) | |

**<u>ORDER</u>**

This matter comes before the Court on Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.'s ("Plaintiffs" or "Amazon") Motion for a Stay Pending Appeal ("Motion"). Dkt. 1438. Having considered the Motion together with the Memorandum in Support (Dkt. 1439) and the Watson Defendants' Opposition (Dkt. 1445), it is hereby ORDERED that the Motion is GRANTED for the reasons that follow.

The Court briefly recounts the events that led to the instant Motion. On April 6, 2023, the Court issued a Memorandum Order and Opinion (the "Summary Judgment Opinion") granting

summary judgment in favor of Defendants on six out of eight claims. Dkt. 1376. Subsequently, on May 15, 2023, Amazon filed a motion requesting that this Court certify its Summary Judgment Opinion for interlocutory appeal under Federal Rule of Civil Procedure 54(b) or, alternatively, 28 U.S.C. 1292(b). Dkt. 1402. On August 23, 2023, this Court granted Amazon's motion and certified the Summary Judgment Opinion for interlocutory appeal pursuant to Rule 54(b). Dkt. 1437. In light of the Court's ruling certifying its Opinion for interlocutory appeal, Amazon now moves the Court to stay further proceedings in this matter until the appeal is resolved.

"[D]istrict court[s] ha[ve] broad discretion to stay proceedings as an incident to [their] power to control [their] own docket[s]." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). In determining whether to stay a case, courts consider "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Johnson v. DePuy Orthopaedics, Inc.*, 2012 WL 4538642, at *2 (D.S.C. Oct. 1, 2012). Each of these factors weighs in favor of a stay here.

First, a stay would promote judicial economy. The trial in the instant case is set to commence on October 16, 2023. If the trial is not stayed and Amazon prevails on even one claim before the Fourth Circuit, this Court will have to hold a second trial. Conducting two civil trials in this complicated case—each potentially lasting multiple weeks and involving many witnesses and pre-trial motions—would impose significant and unnecessary burdens on the Court, the parties, and the witnesses. As such, a stay here "will serve the interests of judicial economy and efficiency and will avoid the needless duplication of work and the possibility of inconsistent rulings." *Robinson v. DePuy Orthopaedics, Inc.*, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012).

With respect to the second and third factors, the Court finds that a stay here would ultimately benefit all parties. As noted *supra*, denying the stay would run the risk that the parties

and counsel would need to litigate claims arising from overlapping facts in two separate trials. This would impose substantial burdens of time and expense on all parties that could be avoided through a stay and a single trial following appeal. By contrast, granting the stay would streamline all claims into a single trial and thus benefit all parties by hastening the ultimate resolution of the entire action. While the Court recognizes the financial difficulties that the Watson Defendants are experiencing due to the injunction and receivership remaining in place, the balance of the equites favors a stay.

Accordingly, it is hereby ORDERED that Amazon's Motion (Dkt. 1438) is GRANTED and all further proceedings in this matter are STAYED pending resolution of Plaintiffs' appeal of this Court's Summary Judgment Opinion (Dkt. 1376); and it is

FURTHER ORDERED that the October 16, 2023 trial date and all pre-trial deadlines are VACATED; and it is

FURTHER ORDERED that the Nelson Defendants' Motion for Extension of Certain Pre-Trial Deadlines (Dkt. 1443) is DENIED as MOOT; and it is

FURTHER ORDERED that Defendants' Joint Motion in Limine to Preclude Argument, Evidence, or Testimony About Matters Contrary to the Court's Summary Judgment Opinion (Dkt. 1434) is DENIED as MOOT. After the Fourth Circuit issues a decision on Plaintiffs' appeal, this Court will include a new deadline for pre-trial motions in a trial order.

The Clerk is directed to place this matter among the inactive causes and to close this case. The Clerk is further directed to forward copies of this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August 30, 2023

/s/
Rossie D. Alston, Jr.
United States District Judge