**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., | |
| Plaintiffs, | |
| v. | |
| WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, | CASE NO. 1:20-CV-484-RDA-IDD |
| Defendants, | |
| and | |
| KYLE RAMSTETTER, | |
| Party in Interest. | |

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY WITNESS'S
EXPEDITED MOTION TO STRIKE PLAINTIFFS' MOTION TO
DISQUALIFY FOR IMPROPER VENUE, OR,
<u>IN THE ALTERNATIVE, TO TRANSFER</u>**

Non-party witness, Kyle Ramstetter, by and through undersigned counsel respectfully submit this memorandum of law in support of his Motion to Strike Plaintiff's Motion to Disqualify, Dkts. 1515, 1516.

1

INTRODUCTION

Plaintiffs' Motion to Disqualify (Dkts. 1515, 1516) is in the wrong court. It seeks an order regulating a representation that exists solely in a Rule 45 subpoena-compliance proceeding pending in the District of Colorado. The Federal Rules allocate authority over such disputes to the compliance court—here, the District of Colorado. That is the end of the inquiry under Rule 45.

The proper remedy is to strike the motion, not to transfer it. The substantive rules and case law governing Mr. Little's representation of Mr. Ramstetter are Colorado's rules and the Tenth Circuit's decisions, neither of which appears anywhere in Plaintiffs' twenty-page motion. Transferring a brief that cites the wrong body of law would not cure the defect; it would merely relocate it. Striking the motion without prejudice requires Plaintiffs to do what they should have done from the outset: file in the proper forum, under the proper law.

After Plaintiffs filed, undersigned counsel asked Plaintiffs' counsel by email to identify any basis for bringing a motion about a Colorado representation in this Court. Plaintiffs' counsel refused to withdraw their motion here.

BACKGROUND

Plaintiffs served Kyle Ramstetter, a non-party who resides in Colorado, with a document subpoena on January 26, 2026, and with a deposition subpoena on February 27, 2026. (Dkt. 1516 at 10.) Both subpoenas commanded compliance in the District of Colorado. (*Id.* at 10–11.) Consistent with Rule 45, Plaintiffs moved to compel compliance in the District of Colorado, where they obtained a compliance

order on March 31, 2026. (*Id.* at 11; Dkt. 1517-8.) When that order went unmet, Plaintiffs moved in the District of Colorado on April 8, 2026 for an order to show cause. (Dkt. 1516 at 11; Dkt. 1517-9.)

On April 10, 2026, undersigned counsel notified Plaintiffs that Litson PLLC would represent Mr. Ramstetter in connection with the Colorado subpoena for both the deposition and the document production. (Dkt. 1516 at 11.) Counsel has not entered an appearance for Mr. Ramstetter in this action, and Mr. Ramstetter has never been a party in this action. Mr. Ramstetter has no counsel or local counsel in this District. Because of this fact, undersigned counsel is making a limited appearance on behalf of Mr. Ramstetter for the sole purpose of filing this motion to strike.

Seven days after undersigned counsel's notification, on April 17, 2026, Plaintiffs filed their Motion to Disqualify in this District. (Dkt. 1516.) After the motion was filed, undersigned counsel asked Plaintiffs to identify their basis for raising their disqualification dispute in this Court rather than in the District of Colorado, where the subpoena proceeding was pending. Plaintiffs' counsel cited one Fourth Circuit case about a district court having supervisory authority over a Rule 26 protective order issued in a different district, *Lefkoe v. Jos. A. Bank Clothiers, Inc.,* 577 F.3d 240, 247 (4th Cir. 2009), which is inapposite to the provisions of Rule 45 at issue here. Plaintiffs have presented no other authority to explain why this Court should decide who represents Mr. Ramstetter in Colorado.

3

<u>ARGUMENT</u>

I.    **RULE 45 PLACES AUTHORITY OVER THE DISPUTE IN THE DISTRICT OF COLORADO.**

Rule 45(d)(2)(B)(i) requires motions to compel to be filed in "the court for the district where compliance is required." Rule 45(d)(3) provides that "the court for the district where compliance is required" must quash or modify a subpoena on specific grounds. And Rule 45(g) assigns contempt authority to "[t]he court for the district where compliance is required," with authority accruing to the issuing court only "after a motion is transferred." The architecture exists to protect non-parties from the burden of litigating in distant forums chosen by the subpoenaing party. *See* Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendment (Under Rule 45, "subpoena related motions . . . are to be made to the court where compliance is required under Rule 45(c)."). The 2013 Amendments to Rule 45 resolved any question about which court adjudicates disputes arising from a Rule 45 subpoena: the court for the district where compliance is required.

Plaintiffs' motion, though filed in *Virginia* and titled a "Motion to Disqualify," operates exclusively on the *Colorado* subpoena proceeding. It seeks to "disqualify Alex Little from representing Kyle Ramstetter"—a representation that exists only in Colorado. (Dkt. 1516 at 19.) Every consequence of the order Plaintiffs seek would run to Colorado: who appears for Mr. Ramstetter at the *Denver* deposition, who assists in responding to the *Colorado* document subpoena, and who represents Mr. Ramstetter in responding to the pending contempt motion in *Colorado*. Plaintiffs do not seek to

4

disqualify counsel from representing the EDVA Defendants, nor could they, since no conflict concerning that representation is alleged.

Rule 45's allocation of authority does not turn on the label a movant chooses. If the relief sought operates on a Rule 45 compliance matter, it is a Rule 45 matter. Plaintiffs' decision to call this a "disqualification" motion does not convert the Colorado subpoena proceeding into an EDVA matter.

Accordingly, the District of Colorado, the court already adjudicating the motions to compel and contempt in the subpoena proceeding, is the proper forum for any motion seeking to regulate representation in that proceeding. EDVA is not.

## II.    STRIKING, NOT TRANSFERRING, IS THE APPROPRIATE REMEDY BECAUSE COLORADO RULES AND TENTH CIRCUIT LAW GOVERN, AND PLAINTIFFS HAVE CITED NEITHER.

When a pleading is filed in the wrong forum, the usual remedy choices are to strike or to transfer. Here, striking the motion is the right remedy, because transferring Plaintiffs' motion as filed would transfer a brief built on the wrong body of law.

Disqualification motions are governed by the professional-conduct rules of the jurisdiction where the representation at issue occurs. Plaintiffs themselves identify the governing choice-of-law principle. In a footnote of their motion, they cite Tennessee's and California's Rule of Professional Conduct 8.5(b)(1) for the proposition that "'the rules of professional conduct to be applied . . . for conduct in connection with a matter pending before a tribunal' are 'the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise.'" (Dkt. 1516 at 11–12 n.2.) Colorado's Rule 8.5(b)(1) is identical. Colo. R. Prof. Cond. 8.5(b)(1).

The tribunal in which Mr. Little represents Mr. Ramstetter is the District of Colorado. By the choice-of-law rule Plaintiffs themselves cite, the rules of professional conduct governing that representation are Colorado's. And the substantive standards for disqualification the Colorado court would apply are those developed by the Tenth Circuit and by Colorado district courts interpreting Colorado's rules.

Plaintiffs' motion relies instead on Virginia Rule of Professional Conduct 1.7, note 23 to that Rule, and Fourth Circuit and EDVA authority. (Dkt. 1516 at 11–18.) It does not cite a single Tenth Circuit decision. It does not cite a single Colorado District Court decision interpreting Colorado's rules on disqualification. The entire twenty-page brief is built on the wrong law.

Transfer would not cure that defect. If this Court transfers Plaintiffs' motion to the District of Colorado, the receiving court would be presented with a brief that analyzes the wrong rules under the wrong Circuit's authority. The Colorado court would then face a choice between deciding the motion on a record that does not address the governing law or permitting Plaintiffs to file a supplemental brief to cure the defect. Either option wastes judicial resources, and the second simply displaces to Denver the work Plaintiffs should have done before filing in the first instance.

Striking is the cleaner remedy. Striking without prejudice permits Plaintiffs to refile in the District of Colorado under the law that actually governs, on a clean record. It treats the motion as what it is—a filing in the wrong forum relying on the wrong body of law—and it places the burden of cure on the party responsible for the defect. *See* Fed. R. Civ. P. 12(f).

6

In an email to undersigned counsel, Plaintiffs' counsel cited *Lefkoe,* 577 F.3d at 247, for the proposition that EDVA has "'ultimate supervisory authority' over this litigation, including supervision over third-party discovery compelled elsewhere." Plaintiffs' counsel reliance on this case is misplaced. There, the Fourth Circuit explained that the Maryland District Court, where the underlying action was pending, rightfully exercised its "ultimate supervisory authority" in modifying a Rule 26 discovery protective order. (*Id.*) The Circuit quoted Rule 26(c)(1), which provides that "any person from whom discovery is sought may move for a protective order [1] in the court where the action is pending—or as an alternative on matters relating to a deposition, [2] in the court for the district where the deposition will be taken." (*Id.* at 246.) This Rule allowed the Maryland District Court to modify the protective order at issue. Contrary to the Plaintiffs' argument and consistent with this (Ramstetter's) motion, the Fourth Circuit explained that Rule 45, unlike Rule 26, allowed relief in the district the subpoena was issued, the District of Massachusetts.[1] (*Id.*) Plaintiffs' sole authority supports Ramstetter's argument here.

### III.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THE MOTION TO THE DISTRICT OF COLORADO.

If the Court concludes that the choice-of-law defect can be addressed adequately in the District of Colorado on a supplemental briefing schedule, and thus is not a reason to strike rather than transfer, the alternative remedy is transfer. Federal courts possess inherent authority to manage their dockets and to direct

---

[1]    *Lefkoe*, a 2009 case, was decided before the 2013 amendments to Rule 45, which require that a motion related to a Rule 45 subpoena be made to the court for the district where subpoena compliance is required.

matters to the forum with proper authority over them. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Transfer to Colorado would preserve Plaintiffs' filing, coordinate the representation question with the Rule 45 proceedings already pending there, and allow the Colorado court to address the matter under the correct governing law. Either remedy, to strike or transfer, ends the litigation of this motion in EDVA. What the Court should not do is adjudicate a motion that belongs elsewhere and that asks this Court to apply the wrong law to a representation pending in a different district.

Finally, the Court should expedite consideration of this motion and hold the briefing of and hearing on Plaintiffs' Motion to Disqualify (Dkts. 1515, 1516) in abeyance until the Court decides this (Ramstetter's) motion. This motion should be expedited because the Court's ruling on this motion may moot any briefing or hearing on Plaintiff's Motion in this District.

On April 28, 2026, undersigned counsel conferred with Plaintiffs' counsel, who stated that they oppose this motion.

## CONCLUSION

Non-party Kyle Ramstetter respectfully requests that the Court strike Plaintiffs' Motion to Disqualify for improper venue, or in the alternative transfer it to the District of Colorado.

Dated: April 29, 2026                    Respectfully submitted,

                                         */s/ J. Alex Little*
                                         J. Alex Little
                                         Litson PLLC
                                         54 Music Square East, Suite 300
                                         Nashville, TN 37203
                                         alex@litson.co

                                         *Special Appearance for Kyle Ramstetter for
                                         the Sole Purpose of this Motion to Strike*

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2026, a true and correct copy of the foregoing has been served via the Court's CM/ECF system and electronic mail upon all counsel of record.

*/s/ J. Alex Little*