**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| AMAZON.COM, INC. and AMAZON DATA SERVICES, INC., | |
| Plaintiffs, | |
| v. | |
| WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC, | Case No. 1:20-CV-484-RDA-IDD  Related Case in the U.S. District Court for the District of Colorado, No. 1:26-mc-00039-PAB |
| Defendants, | |
| and | |
| KYLE RAMSTETTER, | |
| Party in Interest. | |

**KYLE RAMSTETTER'S REPLY TO HIS EXPEDITED MOTION TO STRIKE PLAINTIFFS' MOTION TO DISQUALIFY FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TO TRANSFER**

Non-party witness, Kyle Ramstetter, by and through undersigned counsel respectfully submits this memorandum of law in support of his Motion to Strike or Transfer Plaintiff's Motion to Disqualify. (Dkt. 1525.)

1

## INTRODUCTION

Undersigned counsel represents Mr. Ramstetter in the Colorado subpoena proceedings, not here. Mr. Ramstetter is not a party to this case, only a party in the Colorado proceedings. Mr. Ramstetter lives in Colorado and has no counsel or local counsel in EDVA.

Amazon's response to Mr. Ramstetter's motion to strike or transfer mischaracterizes both the relief Mr. Ramstetter seeks and the reasons he seeks it. Undersigned counsel and Mr. Ramstetter have nothing to hide from this Court, and they are not trying to evade Amazon's disqualification motion. They are asking that the disqualification motion be heard in the proper forum: the District of Colorado, where Mr. Ramstetter resides, where the Rule 45 subpoena-compliance proceeding is pending, and where undersigned counsel represents Mr. Ramstetter. Instead, Amazon continues on its crusade to slander counsel in this Court, just months before trial.

If, however, this Court is inclined to reach the merits on the Colorado representation notwithstanding the venue defect, there is no conflict, and undersigned counsel is prepared to file *ex parte* the confidential client communications confirming as much. Amazon's motion does not establish a conflict; it establishes that Amazon would prefer Mr. Ramstetter not be represented by counsel of his choosing because his recorded statements—including his accusation that Amazon's lawyers suborned perjury in his deposition and belief that Mr. Nelson did nothing wrong—are devastating to Amazon's case.

2

<u>ARGUMENT</u>

I.   **RULE 45 PLACES AUTHORITY OVER THE DISPUTE IN THE DISTRICT OF COLORADO.**

Amazon repeatedly casts the strike or transfer motion as an attempt by undersigned counsel to escape scrutiny from a purported conflict. Because there is no conflict, there is nothing to escape. The strike or transfer motion seeks to put Amazon's grievance in front of the court that has authority over it in the first instance. Mr. Ramstetter is not a party to this case. He lives in Colorado. He has no local EDVA counsel because undersigned counsel only represents him in the Colorado Rule 45 proceeding. The single question Amazon's motion presents, whether Mr. Little may represent Mr. Ramstetter, is a question about a representation arising entirely out of the Colorado proceeding.

Motions related to such ancillary subpoena proceedings must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3), (g); *see* Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendment (Under Rule 45, "subpoena-related motions . . . are to be made to the court where compliance is required under Rule 45(c).").

Amazon's motion to disqualify arises from its Colorado subpoena to Mr. Ramstetter. It seeks to bar Mr. Little from *that* representation. Whatever caption Amazon affixes to its motion, the relief it seeks operates only on the Colorado proceeding: who appears for Mr. Ramstetter at the Denver deposition, who can respond to the Colorado document subpoena, and who answers the contempt motion currently pending in Colorado. Because Amazon's motion to disqualify is related to a

3

Rule 45 subpoena, Amazon must bring its motion "to the court where compliance is required under Rule 45(c)." Fed. R. Civ. P. 45 Advisory Committee's Note to 2013 Amendment

Amazon misplaces its reliance on *Lefkoe v. Jos. A. Bank Clothiers, Inc.*, 577 F.3d 240 (4th Cir. 2009). (Dkt. 1527 at 7–8.) That case arose from a Rule 26(c) protective-order modification, not a Rule 45 motion. *Lefkoe*, 577 F.3d at 242. The compliance court there (Massachusetts) already had adjudicated the underlying Rule 45 issues itself: it denied the motion to quash, supervised the deposition, and entered a sealing order. (*Id.* at 243–44.) The case-pending court (Maryland) modified that sealing order because Rule 26(c)(1) expressly authorized that allocation, providing that a protective-order motion may be filed "in the court where the action is pending— or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." *Id.* at 246 (quoting Fed. R. Civ. P. 26(c)(1)) (citation modified). Rule 45 does not authorize the case-pending court to decide a motion related to a subpoena dispute. The *Lefkoe* compliance court (Massachusetts) itself invited the case-pending court's (Maryland) modification, having "expressly contemplated that the Maryland court could determine to unseal the deposition." (*Id.* at 245.) Here, by contrast, the District of Colorado has not invited EDVA to weigh in on the purported conflict—nor has Amazon even presented Colorado with an opportunity to do so. To prevent two judges from potentially issuing conflicting rulings, Mr. Ramstetter filed a motion to stay in the Colorado proceeding. Had he not done so, the Court in the District of Colorado could have proceeded with contempt

4

proceedings against Mr. Ramstetter, represented by undersigned counsel, while Amazon concurrently sought disqualification of counsel in this Court.

Courts across the country protect the rights of non-parties like Mr. Ramstetter to be heard in their home district on subpoena-related motions. *See, e.g., In re Sealed Case*, 141 F.3d 337, 342 (D.C. Cir. 1998) (reversing transfer of motion to quash from compliance court to case-pending court, explaining that the "operation of the subpoena rules in fact grants nonparty witnesses the privilege of choosing to litigate in their home districts regardless of how relief is sought"); *JMC Rest. Holdings, LLC v. Pevida*, No. 14 CIV. 6157 WFK VMS, 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015) ("The nonparty's interests are protected by having the court in which compliance is required—which, per Rule 45(c), will be a court local to the nonparty-handle disputes over compliance) (quoting Fed. R. Civ. P. 45 Notes to 2013 Amendments ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required under Rule 45(c)")). This Court should do the same and allow Mr. Ramstetter to be heard on Amazon's motion in Colorado, not EDVA.

## II.    THERE IS NO CONFLICT.

This Court should resolve the venue question and allow the District of Colorado to reach the merits on Amazon's motion to disqualify. Amazon continues to improperly assert a conflict in this District, even though no conflict exists. Amazon

does so to attempt to poison the well and baselessly accuse undersigned counsel of ethical violations months before trial in this Court.

    A.  <u>If the Court Wishes to Decide the Merits, Undersigned Counsel is Prepared to File a Response Under Seal and *Ex Parte*.</u>

Nothing about Mr. Ramstetter's representation is being hidden from this Court. If the Court determines that a merits resolution is appropriate notwithstanding the venue issue, undersigned counsel will file under seal, *ex parte*, the confidential client communications demonstrating that no concurrent conflict of interest exists. That filing would resolve the issue, though the District of Colorado should be the court to make that determination in the first instance.

    B.  <u>There is No Conflict.</u>

A concurrent conflict of interest under Rule 1.7 exists only where (i) "the representation of one client will be directly adverse to another client," or (ii) "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Col. R. Prof. Cond. 1.7(a); Vir. R. Prof. Cond. 1.7(a).

What Amazon claims demonstrates a conflict does not stand on its own weight. Amazon's conflict theory leans heavily on a vacated guilty plea and Mr. Ramstetter's previous deposition testimony. *See* Dkt. 1527 at 1. Amazon's attempt to use the vacated plea and previous deposition testimony as the basis of the conflict is mind-boggling, considering Mr. Ramstetter's recorded explanation for his previous alignment with Amazon and current change of heart. In a recorded call (which

Amazon has a copy of), Mr. Ramstetter said "I'm being told what to say" by lawyers supporting Amazon's case. (Dkt. 1517-1 at 1.) Mr. Ramstetter told Mr. Nelson's wife "your husband did nothing wrong." (*Id.* at 8.) Toward the end of the call, Mr. Ramstetter stated: "If there's anything you need from me, I'd love to help [Mr. Nelson's] fight [against Amazon]." (*Id.* at 11.) If Mr. Ramstetter's plea had not been vacated, he had not accused Amazon of suborning perjury in his deposition testimony, and he did not believe Mr. Nelson was innocent of any wrongdoing, the conflict analysis may be different. But the recorded call demonstrates that there is no conflict between undersigned counsel's representation of Mr. Ramstetter in the Colorado proceeding and the representation of Mr. Nelson and Kirschner in this case: there is no direct adversity or significant risk of a materially limited representation.

Amazon argues that undersigned counsel's limited appearance for Mr. Ramstetter for the purpose of filing his motion to strike or to transfer serves as an acknowledgment of a conflict. (Dkt. 1527 at 11.) This argument is simply made up. Undersigned counsel only represents Mr. Ramstetter in Colorado, not in EDVA. The limited appearance served to merely allow the filing of the motion to strike or to transfer, so that undersigned counsel could respond to Amazon's motion in the proper forum: Colorado. Limited appearances by counsel to contest jurisdiction is common in federal practice and does not serve as an admission of anything. *See Nolan v. Jensen*, 272 F.2d 630, 631 (4th Cir. 1959). Amazon's assertion otherwise is consistent with their making up facts they wish were true, rather than what is actually true.

Amazon knows, or should know, that there is no conflict in undersigned counsel's representation of Mr. Ramstetter in the Colorado subpoena proceedings. Amazon is well aware of the vacated guilty plea and itself filed a transcript of Mr. Ramstetter's recorded call, Dkt. 1517-1, where he accuses Amazon of suborning perjury in his deposition, declares Mr. Nelson innocent of wrongdoing, and offers to help with Mr. Nelson's fight against Amazon. Ignoring this record, Amazon seeks to deprive Mr. Ramstetter of his chosen counsel in the Colorado subpoena proceedings and to recklessly accuse undersigned counsel of ethical violations. Amazon does so in retaliation for Mr. Ramstetter's turn against it.

<u>CONCLUSION</u>

This Court should not endorse Amazon's attempt to deprive Mr. Ramstetter of his chosen counsel. Mr. Ramstetter respectfully requests that the Court strike Plaintiffs' Motion to Disqualify (Dkts. 1515, 1516) for improper venue, without prejudice to refiling in the District of Colorado; or, in the alternative, transfer the motion to the U.S. District Court for the District of Colorado.

In the alternative, should this Court decide to hear Amazon's motion, Mr. Ramstetter requests that this Court: (1) allow counsel additional time to respond to Amazon's motion to disqualify, (2) allow all hearings on this matter to be held via Zoom so that Mr. Ramstetter does not need to travel from Colorado to EDVA, and (3) waive the requirement that Mr. Ramstetter obtain his own local counsel for these proceedings.

8

Dated: May 11, 2026                  Respectfully submitted,

**LITSON PLLC**

*/s/ J. Alex Little*
J. Alex Little (TN BPR #29858)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co

*Special Appearance for Kyle Ramstetter for the Sole Purpose of His Motion to Strike or to Transfer*

Filed by:

**SECIL LAW**

*/s/ John P. Rowley III*
John P. Rowley III (VA Bar No. 19804)
1701 Pennsylvania Ave., N.W., Ste. 200
Washington, D.C. 20006
Tel: 202-642-0679
Email: jrowley@secillaw.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2026, a true and correct copy of the foregoing has been served via the Court's CM/ECF system and electronic mail upon all counsel of record.

/s/ J. Alex Little