IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AMAZON.COM, INC. AND AMAZON DATA SERVICES, INC., *et al.* | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-484 (RDA/IDD) |
| WDC HOLDINGS, *et al.*, | ) ) | |
| Defendants. | ) | |

## **ORDER**

With respect to the jury trial set to begin November 2, 2026, the Court orders as follows:[1]

I. Preliminary Matters:

On Monday, **November 2, 2026**, the trial will convene at 9:00 a.m.  The trial will begin with jury selection at that time.  This trial will take place in Courtroom 1000.

Beginning on Tuesday, November 3, 2026, and for the duration of the trial, the Court will convene at 10:00 a.m.  The parties should be present at 9:30 a.m. in the event that other matters need to be addressed outside the presence of the jury.  The parties should expect the Court to recess each day between 4:00 p.m. and 5:00 p.m.

In the event that the parties and their counsel need to engage in confidential communications, the Court will employ white noise.

II. Technology in Court:

The Court permits electronic devices to be used to aid in the presentation of the evidence at trial with the Court's prior authorization.

In order to use the Court's evidence presentation system, the parties must also obtain the Court's authorization prior to trial.

---

[1] On February 25, 2026, the Court issued an Order adopting the parties' proposed pre-trial schedule.  Dkt. 1509.  The Court now supplements that Order with additional deadlines.  To the extent that any deadline is modified, the parties are advised that this version of the pre-trial schedule is the operative schedule to which the parties should adhere.

The parties must submit the requisite forms via CM/ECF no later than one (1) week prior to trial, which is **October 26, 2026**.  Those are available via a link on the following webpage:  https://www.vaeb.uscourts.gov/content/alexandria

The parties are advised to bring the approved form(s) to the courthouse on the dates requested and to present it to the Court Security Officers (CSOs) at the entrance of the courthouse.

Orientation prior to any use of the evidence presentation system is required.  Once the parties have obtained the Court's approval to use the evidence presentation system, please email the Court Technology Administrator at courtroom_tech@vaed.uscourts.gov to schedule an orientation.  Please include the anticipated date(s) of orientation on the electronic authorization form submitted to the Court.  Orientations are solely for the purpose of learning how to use the evidence presentation system and testing the attorney's laptop computer connections.

III.    Pretrial Motions and Pretrial Motions Hearing

As previously set out in the parties' pretrial schedule and as approved by the Court, the deadline for pretrial motions was Friday, May 8, 2026.  Responses shall be due **Monday, June 22, 2026**.  Replies shall be due **Wednesday, July 22, 2026**.

A pretrial motions hearing will be held **Wednesday, August 26, 2026 at 10:00 a.m.** in Courtroom 1000.

IV.   Jury Questionnaire, *Voir Dire*, and Jury Deliberations:

To reduce the likelihood of requiring an in-person visit to our Courthouse for a juror whose service may be deferred to a later date based on current circumstances, the Court will send a questionnaire to all prospective jurors that the parties and the Court will use to excuse jurors without their physical presence.  To prepare a questionnaire for this case, the Court hereby DIRECTS the Clerk to file the attached sample questionnaire as an entry on the docket.  The Court hereby ORDERS that not later than **Friday, May 29, 2026**, the parties file any specific objections to the questions in the sample questionnaire, where necessary, and any additional questions that the party proposes.  Each party shall have until **Friday, June 5, 2026**, to file any necessary objections to the other party's proposed questions.  Should any proposed questions be filed, the Court will rule on any objections in issuing a final questionnaire to be sent to the panel of prospective jurors.  **Please be reminded that this preliminary jury questionnaire is not exhaustive of the entire *voir dire* process.  The questionnaire is simply a mechanism to allow counsel to participate in the excusal process, which the trial judge traditionally exercises independently.  Again, the purpose of the jury questionnaire is simply to reduce the likelihood of requiring an in-person visit to our courthouse for a juror whose service may be deferred to a later**

2

**date based on current circumstances.  The Court will conduct *voir dire* at the outset of the trial as described below.**

After the Court receives the responses to the jury questionnaires, copies of the responses will be provided to counsel as they are received by the Court.  **The parties shall meet and confer on or before October 23, 2026** to determine whether the parties can agree on which prospective jurors can be excused based solely upon their responses to the questionnaires.  Not later than **5:00 p.m. on Monday, October 26, 2026**, the parties shall file a joint statement setting forth which prospective jurors the parties agree should be excused based on their responses to the questionnaire.  For the prospective jurors about which the parties disagree, the parties shall identify which prospective jurors Plaintiffs move to excuse and which prospective jurors the Defendants move to excuse.  The joint statement shall identify prospective jurors by juror number only and shall identify the question from the juror questionnaire that forms the basis for the request for excusal.  The Court will rule on the matter on the papers and will issue an Order excusing those jurors appropriately excused.  Any prospective juror excused in that Order will not be required to appear for jury selection on **November 2, 2026.**

Jury selection on November 2, 2026, will proceed as follows.  The Court will summon a total of 50 individuals to the Albert V. Bryan Courthouse on November 2, 2026.  The Clerk shall provide the parties with a list of the jurors summoned no later than **October 30, 2026**.

The Court will conduct *voir dire*.  As each stage of *voir dire* proceeds, the Court will strike jurors for cause, if necessary.  The individuals who are so stricken for cause will be excused.

After the Court has conducted *voir dire* of the entire *venire*, the Court will allow the parties to exercise their peremptory strikes.  Pursuant to Federal Rule of Civil Procedure 48(a), "[a] [civil] jury must begin with at least 6 and no more than 12 members. . . ."  Accordingly, this Court will empanel eight (8) jurors—consisting of six (6) jurors and two (2) alternate jurors—for this trial.  This Court "must allow the number of peremptory challenges provided by 28 U.S.C. § 1870."  Fed. R. Civ. P. 47(b).  That statute indicates that, "[i]n civil cases, each party shall be entitled to three peremptory challenges."  28 U.S.C. § 1870.  Given the number of parties involved in this litigation and the potential alignment of certain parties, the Court is willing to expand the number of peremptory challenges that might be afforded to each side of the litigation.  The parties are directed to meet and confer regarding the number of peremptory challenges on or before August 21, 2026, bearing in mind that the Court intends to call *50 individuals to make up the venire*.  The parties are further directed to submit a joint notice by all parties regarding the parties' position on the number of peremptory challenges on or before Friday, August 28, 2026.[2]

---

[2] To assist the parties in their consideration of such matters, the Court points the parties to the Court's decision regarding peremptory challenges in another multi-week, multi-defendant jury

All of the remaining members of the *venire* will then be brought back into the courtroom. At this time, the Court will select eight (8) individuals at random. Absolutely no back-striking is permitted. Stated another way, once a prospective juror is seated and is not stricken after the parties exercise their peremptory challenges, those individuals have become members of the jury and cannot be stricken. Jurors who are stricken will be excused immediately so that they may exit the Albert V. Bryan Courthouse. The following is a chart of the projected *voir dire* schedule.

| 9:00 am | *Voir Dire* and Strikes for Cause |
| 11:15 am | Parties Exercise Peremptory Strikes and Jury is Selected |

Further, the parties are directed to submit proposed *voir dire* questions via CM/ECF by **September 25, 2026**. The parties shall provide electronic versions of the file in Microsoft Word format. The parties may e-mail the electronic files to my law clerk (Tashay_Campbell@vaed.uscourts.gov).

For lunch, jurors will be taken to the jury assembly room. Each day, the Court will instruct jurors as to when they must return from lunch. The Court hereby authorizes the purchase of lunch for jurors on Tuesday, November 3, 2026, and any subsequent jury deliberation day in this case. The Court DIRECTS the Jury Section and Clerk of the Court to make necessary arrangements consistent with this Order.

V. Jury Instructions:

The parties shall exchange proposed jury instructions and the parties must meet and confer on those instructions in order to reach agreement on as many jury instructions as possible.

Plaintiffs are directed to letter its proposed jury instructions and Defendants are directed to number its proposed jury instructions.

By **August 21, 2026**, the parties shall jointly submit to the Court a set of agreed-upon instructions. At that time, the parties must also submit to the Court a set of proposed jury instructions that are disputed. For disputed instructions, the parties are permitted to file a brief containing the stated objections and argument supporting alternative instructions. These briefs are not to exceed five (5) pages.

For all submitted jury instructions, copies with and without citations shall be submitted. The parties are directed to provide electronic versions of each in

---

trial. *See B.R. v. F.C.S.B.*, No. 1:19-cv-917, Dkt. 836, Order dated March 8, 2024 (E.D. Va.) (providing for six peremptory challenges for plaintiff, three for defendants to exercise collectively, and 1 additional peremptory challenge for each defendant to exercise individually).

Microsoft Word format.  The parties may e-mail the electronic files to my law clerk (Tashay_Campbell@vaed.uscourts.gov).

As the trial commences, the parties may submit supplemental proposed instructions or withdraw previously proposed instructions based on the evidence and rulings in the case.

The Court will instruct the jury prior to closing arguments and provide copies of the final set of jury instructions to the parties and to the jury for its use during deliberations.

VI. Verdict Form:

The parties are directed to prepare, review, and submit a proposed verdict form via CM/ECF at or before the conclusion of Plaintiffs' case.  The parties are also directed to submit an electronic file of the same in Microsoft Word format.  If the parties cannot agree, each party should submit its own proposed verdict form in the same manner as described.

VII. Witness and Exhibit Lists:

On or before October 26, 2026, the parties shall file with the Clerk's Office all trial exhibits to be used in their case-in-chief, an exhibit list, and a witness list, with copies to Chambers.  The parties shall have pre-marked for use at trial all exhibits they intend to use with sufficient copies for opposing counsel and the Court.  If the number or breadth of exhibits makes providing paper copies of the exhibits inefficient or unworkable, the parties are directed to contact my law clerk and further direction will be provided.

In the event the parties anticipate significant, unresolved issues, other than those that are or will be the subject of motions, please alert the Court as soon as possible by contacting my law clerk via e-mail, Tashay_Campbell@vaed.uscourts.gov, or phone, 703-299-2117.

The Clerk is directed to forward copies of this Order to all the parties of record.

It is SO ORDERED.

Alexandria, Virginia
May 14, 2026

_____ /s/ _____
Rossie D. Alston, Jr.
United States District Judge

5