IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AMAZON.COM, INC., *et al.*    )
    )
    v.    )
    )    Civil Action 1:20-cv-484 (RDA)
    )
WDC HOLDINGS LLC, *et al.*    )
    )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs Amazon Data Services, Inc. and Amazon.Com, Inc.'s (collectively "Plaintiffs") Motion to Disqualify Defendants' Attorney Alex Little from Representing Third-Party Witness Kyle Ramstetter (the "Motion"). Dkt. 1515. Plaintiffs assert that counsel for Defendants Carl Nelson and Casey Kirschner "(Defendants")," Alex Little ("Little") has a conflict with respect to any representation of third-party Kyle Ramstetter ("Ramstetter"). Dkt. 1516. Considering the Motion together with the Memorandum in Support (Dkt. 1516), Plaintiffs' Declaration (Dkt. 1517), Little's Notice and Opposition (Dkts. 1525, 1596), Plaintiffs' Replies (Dkts. 1526, 1527, 1528, 1600) and Little's *Ex Parte* Under Seal Document (Dkt. 1604) as well as the argument heard during the May 20, 2026 hearing, this Court DENIES the Motion.

### I.    BACKGROUND

#### A.    Factual Background

Plaintiffs have sued Defendants, among others, under 18 U.S.C. § 1961, the Racketeer Influenced and Corrupt Organizations ("RICO") Act and allege that Defendants executed a fraud and kickback scheme to secure illicit personal financial gains from certain Amazon real property transactions in Virginia. Little represents Defendants in this matter and also purports to represent

1

third-party witness Ramstetter. Dkt. 1516 at 2. Ramstetter is a third-party witness who previously appeared as a Defendant in a criminal action in this Court where he pled guilty, under oath, to Conspiracy to Commit Honest Services Wire Fraud in relation to this matter. *United States v. Ramstetter*, 1:23-cr-27, Dkt. 9 (E.D. Va. Mar. 8, 2023). Ultimately, however, the Government dismissed the charges against Ramstetter. *Id.* at Dkt. 20. The Court granted dismissal and subsequently vacated the guilty plea. *Id.* at Dkt. 28.

Thereafter, Ramstetter entered into a settlement agreement with Plaintiffs, under which Plaintiffs released their claims against Ramstetter in exchange for his full and truthful cooperation in the instant action. Dkt. 1516 at 1. Defendants have not entered into such an agreement with Plaintiffs and deny Plaintiffs claims. *Id.*

In August 2024, Defendant Nelson produced a recording of a purported phone call between his wife and Ramstetter during which Ramstetter stated that his previous deposition testimony in this case "didn't even scratch the surface," among other information that Plaintiffs state that Ramstetter had not previously disclosed as well as statements that were in contrary to such deposition testimony. *Id.* at 10. After receiving this recording in discovery, Plaintiffs sought leave of Court to serve Ramstetter with document requests and to depose him about these developments, and the Court granted Amazon's motion. *Id.*; Dkt. 1499.

On January 26, 2026, Amazon served a document subpoena on Ramstetter, and, on February 27, 2026, Amazon served him with a subpoena for his deposition to be held on April 20, 2026, at the Denver office of Amazon's counsel. Dkt. 1516 at 10. Ramstetter did not respond to Amazon's communications regarding these subpoenas, and Amazon moved to compel his compliance with the document subpoena in the District of Colorado. *Id.* at 11. Plaintiffs, after Ramstetter failed to comply with an Order from the District of Colorado, filed a motion in the

2

District of Colorado for Ramstetter to show cause why he should not be held in contempt for his failure to comply with an Order compelling his production of documents. *Id.*

On April 10, 2026, Little, counsel for Nelson and Kirschner, informed Plaintiffs that he would be representing Ramstetter at the deposition and would be producing documents on Ramstetter's behalf. *Id.* Amazon objects to this representation and brings the matter to the Court's attention.

B.    Procedural Background

On April 23, 2026, this Court scheduled a hearing on the motion for May 20, 2026. On May 7, 2026, counsel for Ramstetter filed a Notice of motions by Ramstetter seeking: (i) a stay; and (ii) to strike the Motion to Disqualify. Dkt. 1525. On May 14, 2026, Little filed another Motion seeking to reset the hearing before this Court. Dkt. 1588. In that Motion, Little reports that the District of Colorado should decide the disqualification in the first instance and contends that it would be inefficient for this Court to proceed before the District of Colorado decides the issue in the first instance. *Id.*; Dkt. 1588-1. On May 15, 2026, the Court denied Little's request for a stay. Dkt. 1591. Little also filed an opposition to Plaintiff's Motion (Dkt. 1596), to which Plaintiffs filed a Reply Replies (Dkt. 1600). The Court heard oral argument on the issue on May 20, 2026.[1]

II.    Analysis

Plaintiffs challenge Little's representation of third-party witness Ramstetter. Dkt. 1516. In support of this representation, Little argues that he is not precluded from representing both

---

[1] At the hearing, the Court indicated that it intended to provide a prompt resolution of this matter. Unfortunately, the demands of this Court's civil and criminal dockets have intervened. Since the May hearing, this Court has presided over three criminal trials and multiple evidentiary hearings. The Court has also been required to address the continuing onslaught of habeas immigration petitioner which, by statute, must be addressed on an expedited basis.

3

Ramstetter and Defendants and that this Motion should be heard in the District of Colorado. Dkt. 1596. The Court addresses these arguments below.

A.    Federal Rule of Civil Procedure 45

As a preliminary matter, the Court finds that Plaintiffs appropriately filed the Motion in this District. Plaintiffs correctly note that they have an obligation to bring conflicts to the Court's attention. Dkt. 1516 at 12; *United States v. Clarkson*, 567 F.2d 270, 273 n. 1 (4th Cir.1977) (quoting *Estates Theatres, Inc. v. Columbia Pictures Industries, Inc.*, 345 F. Supp. 93, 98, (S.D.N.Y.1972)) (finding that "any member of the bar aware of the facts justifying a disqualification of counsel is obligated to call it to the attention of the court."). Notwithstanding this obligation, Little argues that this Court is not the proper venue and that a challenge to the Ramstetter representation arises must take place only in the District where the deposition may take place. Dkt. 1525-3.

Rule 45 governs subpoenas. Fed. R. Civ. P. 45. Rule 45 gives a court issuing a subpoena full authority to enforce, quash, modify or condition the subpoena. *In re Subpoena of American Nurses Association*, 788 F. Supp. 2d, 444 445 (D. Md. 2011) (citing Fed. R. Civ. P. 45(c)(2)(B)(ii). Although Rule 45 does not expressly provide for transfer, an issuing court has the discretion to transfer a subpoena-enforcement action to the court that is handling the underlying litigation. *See United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 485 (D. Md. 2002) ("The language of Rule 45 clearly contemplates that the court enforcing a subpoena will be the court that issued that subpoena.")). "In considering whether or not to grant a request to transfer, the Court must carefully balance various factors bearing upon the relative suitability of each district as a fair and efficient forum for resolving the dispute." *In re Subpoena of American Nurses Association*, 788 F. Supp. 22 at 446. In making this determination, the Court must bear in mind

4

that transfer under Rule 45 is the exception, not the rule: it is "reserved for the extraordinary, complex case in which the transferee court is plainly better situated to resolve the discovery dispute." *Id.* (quoting *In re Sealed Case,* 141 F.3d 337, 343 (D.C. Cir. 1998)) (Henderson, J., concurring).

Little specifically relies on Rule 45(d)(2)(B)(i), (d)(3), and (g), in his assertion that motions related to discovery should be transferred to the District handling the related discovery. Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3), (g). Neither the language in Rule 45 generally nor the language in those subsections, however, specifically outline the forum for disqualification motions, and it is in this Court's discretion whether to hear the Motion or to transfer it to the District of Colorado as requested. Although the District of Colorado is overseeing a discrete discovery issue, Little's representation of Ramstetter spans both proceedings. Moreover, if there is a conflict between Little's representation of Ramstetter and Little's representation of Nelson and Kirschner, then there is not just a conflict in the District of Colorado but there is a conflict in *this District*. In short, a conflict between two parties (here Ramstetter and Nelson/Kirschner) does not only impact one side of the conflict and does not arise only in the District of Colorado. Accordingly, the Court denies the Motion to transfer. Of course, the District of Colorado *also* has jurisdiction over matters proceeding in that District and thus it may *also* address the issues addressed herein. This Court merely declines to transfer jurisdiction of the motions before it to that District.

## B. Disqualification

Plaintiffs argue that Little's representation of Ramstetter poses an insurmountable conflict of interest and that Little should be disqualified as counsel for Ramstetter. Dkt. 1516. "In considering a disqualification motion, the Court must engage in a two-step inquiry." *United States v. Google, LLC*, 698 F. Supp. 3d 876, 884 (E.D. Va. 2023) (citing *Reese v. Va. Int'l Terminals,*

*Inc.*, 894 F. Supp. 2d 665, 673 (E.D. Va. 2012)). First, it must determine whether the lawyer or firm has violated the Virginia Rules of Professional Conduct. *Id.* Second, if there is a violation, a court must determine whether disqualification is the appropriate sanction. *Id.*

Rule 1.7 of the Virginia Rules of Professional Conduct governs concurrent conflicts of interest. Va. R. Prof. Cond. 1.7. A concurrent conflict of interest exists if the representation of one client will be directly adverse to another client; or if there is significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. Va. R. Prof. Cond. 1.7(a). The rules also provide that notwithstanding the existence of a concurrent conflict of interest, a lawyer may represent a client if each affected client consents after consultation, and (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) the consent from the client is memorialized in writing. Va. R. Prof. Cond. 1.7(b). Moreover, because a "motion seeking to disqualify counsel can be used improperly 'for purely strategic purposes,' the party seeking disqualification 'bears a 'high standard of proof.'" *Google*, 698 F. Supp. 3d citing (*Rd. King Dev., Inc. v. JTH Tax LLC*, 540 F. Supp. 3d 554, 560 (E.D. Va. 2021)).

Little has provided, *ex parte*, evidence of his written communication with the relevant clients regarding the potential for a conflict and their consent. Dkt. 1604. The first step of the conflicts analysis is therefore satisfied. Dkt. 1604.

6

The second step requires that Little reasonably believe that he will be able to provide competent and diligent representation to each affected client. As outlined in *Sanford v. Commonwealth of Virginia*, 687 F. Supp. 2d 591, 596 (E.D. Va. 2009), Note 8 to Rule 1.7(b) states that:

> "Loyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client. A possible conflict does not preclude the representation. The critical questions are the likelihood that a conflict will eventuate, and if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or courses of action that reasonably should be pursued on behalf of the client."

Further, as the *Sanford* Court recounts, Note 9 further provides that, although the "resolution of questions respecting conflict of interest is primarily the responsibility of the lawyer who is undertaking the representation," the Court may raise the question "when there is reason to infer that the lawyer has neglected the responsibility." *Id.* at 597. Moreover, the trial court is not to weigh the circumstances "with hair-splitting nicety" but, in the proper exercise of its supervising power over the members of the bar and with the view of preventing "the appearance of impropriety," it is to resolve all doubts in favor of disqualification. *Id.* at 602 (citing *United States v. Clarkson*, 567 F.2d 270, 273 n. 3 (4th Cir.1977)).

Little represents that he believes he will be able to meaningfully and effectively advocate for each of his clients and he denies that Defendants and Ramstetter are adverse to one another. Moreover, Little asserts that his representation of Ramstetter will be limited and restricted to only the subpoena and deposition arising in Denver. Dkt. 1596 at 2. Additionally, although there may be some tension between Ramstetter's testimony and that of Defendants (particularly with respect to representations that Ramstetter made in the criminal case and his settlement with Plaintiffs), Little's three clients are not diametrically opposed to one another and are not asserting claims

against one another.  The relevant clients have also evidenced their written consent to the representations in the *ex parte* submission. Dkt. 1604.

Although the Court sees the potential for a conflict and it may be that a conflict develops following Ramstetter's testimony, the Court finds that Little's representation of Ramstetter falls within the boundaries outlined by the rules (close to the line though it may be).  Individuals are entitled to representation of their choice and the Court hesitates to usurp Ramstetter's choice of Little as his counsel.  As courts recognize, "[t]wo significant interests are implicated by a disqualification motion: the client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community." *CytImmune Sciences, Inc. v. Paciotti*, 2017 WL 57213 (D. Md. 2017) (quoting *Jarallah v. Thompson*, 123 F. Supp. 3d 719, 731 (D. Md. 2015)).  "Nevertheless, the guiding principle in considering a motion to disqualify counsel is safeguarding the integrity of the court proceedings." *Id.*  In light of this balance, the movant bears "a high standard of proof," *Franklin v. Clark*, 454 F. Supp. 2d 356, 364 (D. Md. 2006), to demonstrate that the attorney has violated "a rule of professional conduct that requires disqualification," *Jarallah*, 123 F. Supp. 3d at 732.  Considering the facts and arguments presented by the parties, the Court does not find that Plaintiffs have met this burden or that there is a sufficient basis to undermine Ramstetter's choice of counsel.[2]  Therefore, the Court DENIES the Motion.

***

For the foregoing reasons, it is hereby ORDERED that the Motion (Dkt. 1515) is DENIED.

It is SO ORDERED.

Alexandria, Virginia
July 15, 2026

/s/ _____
Rossie D. Alston, Jr.
United States District Judge

---

[2] Counsel is warned, however, that the Court's decision here does not mean that an actual conflict will not develop and counsel should be mindful of his professional obligations in that regard.

8