**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,

Plaintiffs,

v.

WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; NSIPI ADMINISTRATIVE MANAGER; NOVA WPC LLC; WHITE PEAKS CAPITAL LLC; VILLANOVA TRUST; CARLETON NELSON; CASEY KIRSCHNER; ALLCORE DEVELOPMENT LLC; FINBRIT HOLDINGS LLC; CHESHIRE VENTURES LLC; 2010 IRREVOCABLE TRUST; SIGMA REGENERATIVE SOLUTIONS LLC; CTBSRM, INC.; RODNEY ATHERTON; DEMETRIUS VON LACEY; RENRETS LLC,

Defendants.

CASE NO. 1:20-CV-484-RDA-IDD

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION IN LIMINE CONCERNING DEFENDANTS' UNFOUNDED THEORIES**
**<u>(PLAINTIFFS' MIL NO. 4)</u>**

Amazon.com, Inc. and Amazon Data Services, Inc. (collectively "Amazon") respectfully submit this Supplemental Brief in Support of their Motion in Limine Concerning Defendants' Unfounded Theories. *See* Dkt. 1567. On September 1, 2026, after briefing on motions in limine concluded, the parties re-deposed non-party witness Kyle Ramstetter. Ramstetter reaffirmed the truthfulness of his prior statements in this case and in related criminal proceedings, and he made clear that neither Amazon, its counsel, prosecutors, the FBI, nor any other party coerced him into fabricating his prior testimony. Therefore, this Court should forbid Defendants from introducing frivolous arguments that Amazon or others pressured Ramstetter to provide false statements.

Defendants also elicited from Ramstetter speculative testimony based on purported hearsay statements by his attorney that he believed Amazon and its counsel exerted influence over the U.S. Attorney's Office's investigation of Defendants and their co-conspirators, indicating that Defendants are likely to seek to introduce that same testimony at trial. The Court should prohibit Defendants from introducing that testimony on the grounds that it is irrelevant hearsay, unfounded speculation, and would be both unfairly prejudicial to Amazon and a complete waste of time.

The deposition thus confirms that the Court should grant Amazon's motion in limine and prohibit Defendants from conducting distracting and prejudicial mini-trials concerning their unsubstantiated accusations that Amazon and its counsel coerced Ramstetter to fabricate testimony or colluded with federal prosecutors.

## I. The Court Should Prohibit Defendants from Arguing that Amazon or Others Pressured Ramstetter to Fabricate His Testimony.

Defendants' baseless assertions that Amazon (or anyone else) coerced Ramstetter into giving his prior testimony would unfairly prejudice Amazon and mislead the jury. Dkt. 1567, at 20-25; *see* Fed. R. Evid. 403. Amazon accordingly moved to prohibit Defendants from introducing such spurious allegations of witness tampering at trial. Dkt. 1567, at 20-25. Defendants opposed

Amazon's request, contending it was "premature" and depended on "what [Ramstetter] says." Dkt. 1652, at 5-6. They further urged that, "[s]hould Ramstetter testify that Amazon did pressure him to fabricate evidence, that testimony" and a recording of a call between Ramstetter and Amy Nelson in which Ramstetter vaguely claimed he felt "threatened," would be admissible. *Id.*

Counsel for Ramstetter doubled down on these irresponsible arguments, repeatedly representing that Ramstetter now disavows his prior testimony and accuses Amazon of pressuring him to lie under oath. Ramstetter's counsel represented that Ramstetter had made an "accusation that Amazon's lawyers suborned perjury in his deposition" and that he was "'being told what to say' by lawyers supporting Amazon's case." Dkt. 1584, at 2, 7-8 (quoting Dkt. 1517-1, at 1). He also stated: "The 'sworn deposition testimony' Amazon characterizes as devastating to Mr. Nelson and Mr. Kirschner is testimony Mr. Ramstetter has himself disavowed in a recorded telephone call that Amazon filed on the docket," in which "Mr. Ramstetter explains that he was 'being told what to say' by lawyers supporting Amazon's case." Dkt. 1596, at 2; *id.* at 3 (claiming that the veracity of Ramstetter's "prior deposition" has "collapse[d] on this record"); *id.* at 8-9 (referring to statements in "a deposition the witness has himself disavowed"). Ramstetter's counsel claimed that Ramstetter's "present-day position is that the admissions in [his] Statement of Facts were the product of pressure and do not reflect what he believes today." *Id.* at 12.

At the hearing on Amazon's motion to disqualify him from representing Ramstetter, Ramstetter's counsel again stated that Ramstetter "believes that Amazon misled him, Amazon's counsel misled him, and they walked him into a guilty plea that he wish[es] he had never done." Dkt. 1613, at 4:12-15. He further stated that Ramstetter "disavow[ed]" what he "said under oath at [his] plea hearing" in "his recorded statement" with Amy Nelson and that "he does not believe his original testimony in this case is correct." *Id.* at 9:14-18, 10:16-18. And again counsel represented to

the Court that Ramstetter "says that these very attorneys, Mr. Stokes in particular, essentially, suborned that perjury that [Ramstetter] initially told this Court, to get that plea, to get them off [his] back, and to do what they wanted him to do." *Id.* at 17:25-18:3.

These are grave accusations of misconduct by a member of the bar. And now, Ramstetter has confirmed, in no uncertain terms, that they were ***irresponsible and baseless***. On September 1, 2026, Ramstetter testified in his deposition that his prior statements were ***true***. Ramstetter further clarified that he was ***not subjected to improper pressure of any kind***. When questioned about his meeting with FBI agents that resulted in Ramstetter signing a statement confessing his involvement in the kickback scheme, *see* Dkt. 1577-8, Ramstetter testified that the agents were "pretty even keel" and did not "shout" at him and that he never told the agents he wanted to leave. Ex. A, at 49:16-50:5.[1] He confirmed that the confession he signed at that meeting was "true," that he made it "freely and voluntarily," and that "[n]o promises" and "no threats" had been made to get him to sign the statement. *Id.* at 59:4-60:15. Ramstetter also confirmed that he "agree[d] with the terms of [his] plea agreement" when he signed it. *Id.* at 90:5-8. Walking through his signed statement of facts line-by-line, Ramstetter testified that the factual statements in it are accurate, including his statement that he learned "the purported referral fees from [Northstar] to the Villanova Trust were actually disguised kickback payments that were intended for the benefit of" Defendants Nelson and Kirschner "in exchange for those employees' roles in facilitating and steering real estate development deals in Northern Virginia to [Northstar]." *Id.* at 96:16-116:16, 162:5-7.[2] Ramstetter

---

[1] Exhibit A is attached to the Declaration of Claudia M. Barrett filed in support of this brief.

[2] Ramstetter questioned the accuracy of a handful of statements in his statement of facts, stating "I don't know that it is [accurate]" that Defendants Nelson and Kirschner "were not authorized to receive referral fees or other compensation associated with [Amazon's] real estate deals," Ex. A, at 105:3-13, and that "I just don't know" that he "knew and understood that this kickback arrangement was unlawful and that it violated the fiduciary duties and loyalties that Carl Nelson and Casey Kirschner owed to Amazon," *id.* at 111:6-9, 116:22-24.

also confirmed that he truthfully testified at his plea hearing that (1) he was "voluntarily pleading" guilty, (2) he "agreed" with his signed statement of facts, and (3) he was "satisfied with [his prior counsel's] representation" (and indeed remains "today satisfied with her representation," contrary to his new counsel's insinuations otherwise). Ex. A, at 124:22-126:1; *see* Dkt. 1596, at 11. In addition, Ramstetter testified that no one "threatened" or "forced" him into entering his guilty plea and that no one "told [him] to agree to facts that were not true." Ex. A, at 127:3-11.

Ramstetter similarly confirmed that counsel for Amazon "did not pressure me" to do anything in connection with his prior deposition, Ex. A, at 138:10-22, 167:15-20, contrary to his counsel's entirely false assertions that "Amazon's lawyers suborned perjury in his deposition," Dkt. 1584, at 2. Instead, Ramstetter confirmed that Amazon's counsel told him to "be truthful" and "be honest" when testifying, to do so "regardless of whether it hurt or helped Amazon," and that he need not "provide additional information that is not asked for in the question." *Id.* at 165:22-166:7, 291:16-292:13, 342:11-343:9. Contrary to the irresponsible claims of Ramstetter's counsel to this Court that Ramstetter now disavows his prior deposition testimony, Dkt. 1596, at 2, 8-9, Ramstetter testified that he told the truth during the deposition and did not testify to any facts that he believed were inaccurate. Ex. A, at 143:5-15, 157:21-158:11, 341:8-17; *see supra* n.2 (describing Ramstetter's testimony that he did not know whether certain prior statements were true).

Ramstetter consistently maintained that "[t]he facts haven't changed" from his testimony in his prior deposition, statement of facts, and plea colloquy. Ex. A, at 94:17-18. He instead suggested only that "[m]y view of them has changed." *Id.* at 95:21-96:2. His view has changed, he further explained, because he no longer believes that the "conduct is illegal," and he does not know whether Nelson and Kirschner's "fiduciary responsibility to Amazon didn't allow them to receive payments." *Id.* at 94:16-23, 117:5-14, 147:20-148:6, 159:4-160:4. But Ramstetter's

subjective view about what is unlawful or what legal duties Defendants owed to Amazon is irrelevant—on the only relevant question, the facts of what happened, Ramstetter's testimony is unchanged.

Ramstetter also stated that he understood that cooperating with Amazon would be in his interest not because Amazon exerted any improper pressure but because his counsel advised him that "being the cooperating party would have significant benefits in my sentencing" and that Amazon and prosecutors would inform the Court of his cooperation "to help with my sentencing." Ex. A, at 139:8-21. He made clear that the only "pressure" he ever experienced in connection with his prior statements was "overarching pressure from [Amazon] and the Department of Justice to cooperate" and "provid[e] information" because it would "help[] me further down the road," particularly at his sentencing in the criminal proceedings against him. *Id.* at 165:8-18, 167:8-168:11, 343:10-344:2 ("I was pressured to watch[] my answers carefully and also to cooperate."). He further stated that he felt "pressure from Amazon" to "cooperate" because of "how impactful Amazon is as a name" and because his counsel "mentioned to me" that an attorney representing Amazon had "prior history" working "in the Department of Justice" and that "it would behoove me to cooperate with Amazon and to help them out." *Id.* at 292:24-293:16, 351:25-352:20.

None of the "pressure" Ramstetter identified is in any way improper, and the Court should not permit Defendants to mischaracterize his testimony at trial to make the false and highly prejudicial argument that Amazon coerced him to fabricate his testimony, a claim that Ramstetter's testimony makes clear is false. There is nothing remotely improper about the fact that Amazon is a large and well-known company and that a member of Amazon's outside counsel previously worked in the Department of Justice. Nor is there anything inappropriate about prosecutors encouraging a defendant in a criminal case to cooperate by offering a favorable sentencing

recommendation. That kind of "pressure" is merely "an 'incidental consequence' of a legitimate governmental practice of encouraging, through leniency in sentencing, … cooperation with law enforcement authorities." *United States v. Frazier*, 971 F.2d 1076, 1084 (4th Cir. 1992). Ramstetter's testimony that his former counsel advised that cooperating could be beneficial provides no basis to permit Defendants to argue that Amazon exerted improper pressure on him.

Similarly, the Court should exclude the recorded call between Ramstetter and Amy Nelson in which Ramstetter vaguely stated that he felt "threatened." *See* Dkt. 1517-1, at 1; Dkt. 1567, at 22 (requesting that the call be excluded). Defendants argued that Amazon's request to exclude the recording was "premature and should be deferred" because the recording's admissibility as evidence of alleged witness tampering depends on "what [Ramstetter] says." Dkt. 1652, at 5-6. Ramstetter's counsel—who is also counsel for Defendants Nelson and Kirschner—has also repeatedly emphasized Ramstetter's vague statement in the recording that "I'm being told what to say" demonstrates that "lawyers supporting Amazon's case" told Ramstetter what to say in his prior deposition testimony. Dkt. 1584, at 6-7; Dkt. 1596, at 2. But Ramstetter has now testified that Amazon's counsel "did not pressure me" to give particular testimony and instead told him to "be truthful" and "be honest," "regardless of whether it hurt or helped Amazon." Ex. A, at 138:20-24, 291:16-24, 342:16-19.[3] Given that Ramstetter has now testified that he did not lie in his prior deposition and was neither pressured nor told what to say by Amazon, the Court should grant Amazon's request to prohibit Defendants from introducing the recording with Amy Nelson as purported evidence of witness tampering.

[3] Ramstetter also testified that Amazon's counsel gave him the standard and proper deposition-preparation advice that he need not "provide additional information that is not asked for in the question." Ex. A, at 342:25-343:6.

Because Ramstetter himself has made clear he was not subject to any pressure from Amazon, the government, or anyone else to provide false testimony, and has instead reaffirmed the truthfulness of his prior testimony, the Court should prohibit Defendants from arguing at trial that Amazon pressured him to fabricate testimony. Allowing Defendants to make such allegations—which Ramstetter, the purported sponsor of these accusations, has now disavowed—would create a distracting, time-consuming and unfairly prejudicial mini-trial that the Court should prohibit.

## II. The Court Should Prohibit Defendants from Making Unsubstantiated Arguments that Amazon Colluded with the Federal Government in the Criminal Proceedings Against Defendants

Amazon also moved to preclude Defendants from advancing the unsubstantiated argument that Amazon improperly colluded with the government to bring criminal charges against Defendants or their co-conspirators. Dkt. 1567, at 14-16. That argument is both baseless and irrelevant: Amazon's routine interactions with federal prosecutors as the victim in a criminal investigation is not probative of whether Defendants are liable to Amazon for engaging in an unlawful kickback scheme. Defendants have opposed this request, Dkt. 1652, at 3-4, and their questioning at Ramstetter's deposition suggests that they have every intention of using their examination of Ramstetter as an opportunity to inject into the trial distracting, irrelevant, and unfairly prejudicial arguments that Amazon colluded with the U.S. Attorney's Office to bring criminal proceedings against Defendants. The Court should prohibit Defendants from conducting such a mini-trial about the related criminal proceedings.

Defendants repeatedly asked Ramstetter to speculate about Amazon's interactions with federal prosecutors during his deposition. They asked him whether he "believe[d] that Amazon was working with prosecutors in the U.S. Attorney's [O]ffice for the Eastern District of Virginia to bring federal criminal charges against you and other individual Defendants in this case," and Ramstetter answered, "I do, yes." Ex. A, at 293:17-23. They asked him whether he "believe[d] that

Amazon had any influence with the federal prosecutors about making charging decisions as against you or anyone else related to this case." *Id.* at 293:24-294:2. Ramstetter responded, "I believe they did" because his former counsel had told him about "the background of Patrick Stokes," "had many conversations about Patrick and the government were talking," and "led me to believe of how close Amazon and the government really was." *Id.* at 294:3-15. And Defendants asked Ramstetter if his prior counsel "told you throughout this case that you needed to cooperate with Mr. Stokes and with the federal government because that would be better for you at sentencing" and "because of Mr. Stokes' long relationship with the Department of Justice, there was communication going on between them," to which Ramstetter answered "Correct" and "Yes." *Id.* at 315:7-316:4.

Such testimony about Amazon's interactions with the federal government would be impermissible at trial and the Court should prohibit Defendants from introducing it for multiple reasons. Ramstetter's testimony that he believed Amazon had "influence" over federal prosecutors is based entirely on "conversations obviously with my counsel at the time … telling me." Ex. A, at 292:24-294:15. But the out-of-court statements of his former attorney are inadmissible hearsay. *See* Fed. R. Evid. 801(c). And they are irrelevant because the issue of whether Amazon had any influence over the long-ago-closed criminal investigation into Defendants does not make it any more or less likely that Defendants engaged in an illegal real-estate kickback scheme. To the extent that Defendants might claim the out-of-court statements of Ramstetter's attorney are not hearsay because they would purportedly not be introduced for the truth of the matter asserted, the mere fact that Ramstetter's counsel made the statements—regardless of their veracity—is not probative of any fact at issue and is of no "consequence in determining the action." *See* Fed. R. Evid. 401.

Moreover, Ramstetter's opinion that Amazon had "influence with the federal prosecutors," Ex. A, at 293:24-294:3, should be excluded because it is entirely speculative. A lay witness's "testimony in the form of an opinion is limited to one that is" "rationally based on the witness's perception" and is "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(a)-(b). Accordingly, "speculative opinion testimony by lay witnesses—i.e., testimony not based upon the witness's perception—is generally considered inadmissible." *United States v. Perkins*, 470 F.3d 150, 156 (4th Cir. 2006) (quoting *Washington v. Dep't of Transp.*, 8 F.3d 296, 300 (5th Cir. 1993)). Because Ramstetter's belief that Amazon had and exerted influence over federal prosecutors in the criminal proceedings is "based on second-hand accounts" from his counsel—who herself lacked any personal knowledge about the issues on which she purportedly opined—his testimony on this issue "does not satisfy Rule 701's personal knowledge requirement." *Id.* Nor would Ramstetter's "secondhand speculation … prove 'helpful' to the jury's determination of any facts in issue." *Milazzo v. Elite Contracting Grp., Inc.*, 2022 WL 479900, at *5 n.10 (E.D. Va. Jan. 14, 2022).

The nonexistent probative value of Ramstetter's speculation about Amazon's interactions with the federal government is easily outweighed by the danger of unfair prejudice, confusing the issues, and wasting time. *See* Fed. R. Evid. 403. The issue to be tried in this case is whether Defendants are liable to Amazon for engaging in an unlawful kickback scheme. Allowing Defendants to distract from the contemporaneous facts showing whether they are liable and instead put Amazon's counsel and the conduct of the related criminal proceedings on trial would set the stage for a time-consuming sideshow. Defendants seek to "show the documented fact and extent of Amazon's coordination with the Government," Dkt. 1652, at 3, which Defendants have represented "likely exceeded 80 separate contacts" and included numerous "formal presentations to the

U.S. Attorney's Office," Dkt. 1592, at 11; Dkt. 1652, at 3-4. Introducing evidence and testimony about Amazon and its counsel's communications and interactions with federal prosecutors in the criminal investigation would require devoting an extensive amount of trial time on an issue that is entirely irrelevant to the issues to be tried, undermining the Court's goal of "streamlin[ing] this case to shorten the length of trial." Dkt. 1710, at 2. Permitting Defendants to introduce evidence on this issue would also serve only to prejudice the jury with inflammatory and false accusations that Amazon leveraged its counsel's background in the U.S. Attorney's Office to launch a trumped-up criminal investigation into Defendants that they will erroneously claim was closed because they purportedly did nothing wrong. The Court should prohibit Defendants from doing so.

* * *

The Court should grant Amazon's motion in limine and prohibit Defendants from arguing that Amazon or anyone else pressured Ramstetter to fabricate his testimony and prohibit Defendants from arguing that Amazon colluded with the federal government in the related criminal proceedings.

Dated: October 5, 2026

Respectfully submitted,

*/s/ Michael R. Dziuban*
Patrick F. Stokes (*pro hac vice*)
George J. Hazel (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Amanda Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
pstokes@gibsondunn.com
ghazel@gibsondunn.com
jmendro@gibsondunn.com
dcasazza@gibsondunn.com
cbarrett@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

*s/ Michael R. Dziuban*
Michael R. Dziuban
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*