**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

AMAZON.COM, INC. and AMAZON DATA SERVICES, INC.,

Plaintiffs,

v.

WDC HOLDINGS LLC dba NORTHSTAR COMMERCIAL PARTNERS; BRIAN WATSON; STERLING NCP FF, LLC; MANASSAS NCP FF, LLC; and NSIPI ADMINISTRATIVE MANAGER,

Defendants.

CASE NO. 1:20-CV-484-RDA-IDD

**PLAINTIFFS' PROPOSED JURY INSTRUCTION**

Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc. (collectively, "Amazon"), pursuant to the Court's Scheduling Order (Docket Entry 1509), Rule 51(a)(1) of the Federal Rules of Civil Procedure, and Rule 51 of this Court's Local Civil Rules, ask the Court to include in its preliminary instructions to the jury at the opening of trial the following instruction, which instructs the jury not to speculate why some persons that Amazon alleges participated in the kickback scheme are not on trial. A significant amount of evidence will be introduced at trial concerning Defendants' co-conspirators, who are not parties to the case before the jury, and it is therefore appropriate to instruct the jury that it should not speculate as to why any of those individuals are not Defendants at trial.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Michael R. Dziuban*
Patrick F. Stokes (*pro hac vice*)
Jason J. Mendro (*pro hac vice*)
David W. Casazza (*pro hac vice*)
Claudia M. Barrett (*pro hac vice*)
Amanda J. Sterling (*pro hac vice*)
Michael R. Dziuban (Va. State Bar No. 89136)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
pstokes@gibsondunn.com
jmendro@gibsondunn.com
dcasazza@gibsondunn.com
cbarrett@gibsondunn.com
asterling@gibsondunn.com
mdziuban@gibsondunn.com

*Counsel for Plaintiffs Amazon.com, Inc. and Amazon Data Services, Inc.*

# Preliminary Instructions at the

# Opening of Trial

**PROPOSED JURY INSTRUCTION**

**J. Persons Not on Trial**

During this trial you may hear evidence about, and references to, individuals and entities other than the Defendants who are on trial before you, including persons who Amazon alleges participated in the misconduct at issue. You may hear the testimony of some of those individuals; others may not appear before you at all.

The fact that any such individual or entity is not a Defendant in this trial should not concern you. It is not necessary that every person who may have participated in an alleged conspiracy be sued or be tried together in a single proceeding; a conspiracy may be proven against fewer than all of its alleged members. You may not draw any inference, favorable or unfavorable to any party, from the presence or absence at this trial of any other individual or entity, and you must not speculate about why any such person is not on trial before you or about what, if anything, has become of any claim against that person.

Your task is to decide the liability of each Defendant who is on trial, based solely on the evidence, or lack of evidence, as to that Defendant and on the law as I will instruct you, and without regard to whether the liability of any other person has or has not been established.

3 Fed. Jury Prac. & Instr. § 103:15 (6th ed.); Fed. Civ. Jury Instrs. of the Seventh Circuit 1.26, 2.13 (2017); 6th Cir. Pattern Crim. Jury Instr. 3.06 (2021); Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Practice and Instructions Criminal Companion Handbook* §§ 23:1, 31:4 (2026); *In re Cotton Yarn Antitrust Litig.*, 505 F.3d 274, 284 (4th Cir. 2007); *United States v. Layne*, 259 F. App'x 183, 186 (11th Cir. 2007); *United States v. Blythe*, 2015 WL 5766464, at *6 (D. Md. Sep. 29, 2015); *Hydrolevel Corp. v. ASME*, 635 F.2d 118, 124 n.4 (2d Cir. 1980).